IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|         *Plaintiff*, | ) |
| | ) |
| v. | )   Civil No. 1:20-cv-00066 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|         *Defendants*. | ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM AND TO SEAL PERSONALLY IDENTIFYING INFORMATION

Plaintiff, Jane Roe, by and through her attorney, respectfully requests leave to proceed under a pseudonym and to seal related personally identifying employment history in the above-captioned action.

The Fourth Circuit has held that "under appropriate circumstances anonymity may, as a matter of discretion, be permitted." *James v. Jacobsen*, 6 F.3d 233, 239 (4th Cir. 1993). This holding recognizes that "privacy or confidentiality concerns are sometimes sufficiently critical" to justify proceeding anonymously. *Id.* In deciding whether anonymity is warranted, courts consider a variety of factors, including whether the moving party is seeking merely to avoid "annoyance and criticism" rather than preserving privacy in a sensitive matter, whether identification poses a risk of retaliation to the moving party, and whether anonymity would be unfair to the opposing party. *Id.*

1

There is good cause to grant Plaintiff's request for anonymity. As detailed in Plaintiff's Complaint, Plaintiff suffered sexual harassment, retaliation, and discrimination in her employment as an assistant federal public defender in the federal judiciary. Prior to filing this civil action, Plaintiff sought relief under the Fourth Circuit's Employment Dispute Resolution Plan, which granted her a right to confidentiality. *See, e.g.*, EDR Plan, Ch. IX; *id.* Ch. X §§ 4, 8(C)(3), 9(B)(4). Plaintiff, however, was deprived of any meaningful review or remedies through that internal complaint process, thus compelling her to seek relief in this Court. These unique circumstances justify extending the confidentiality protections Plaintiff was previously afforded to the current proceeding.

Plaintiff also reasonably fears retaliation and reprisal. The judiciary itself has recognized that victims of misconduct in the judiciary "are hesitant to report harassment and other inappropriate behavior for a variety of reasons, including . . . concerns that a complaint will subject them to retaliatory action or affect future job prospects." Report of the Federal Judiciary Workplace Conduct Working Group to the Judicial Conference of the United States 12 (2018). These concerns are especially acute in light of the "power disparit[ies]" that exist within the federal judiciary. *Id.* at 13.

Plaintiff's legitimate fear of reprisal extends to the legal community at large. As another sexual harassment victim in the judiciary recently testified to Congress, a major barrier to reporting misconduct is that "the possibility of immediate retaliation by [a] judge" will be "supplemented by the possibility of long-term retaliation by those devoted to protecting his reputation and remaining in his good graces." *Protecting Federal Judiciary Employees from Sexual Harassment, Discrimination, and Other Workplace Misconduct: Hearing before the*

*Subcomm. on Courts, Intellectual Prop., and the Internet of the H. Comm. on the Judiciary*, 116th Cong. 13 (2020) (statement of Olivia Warren, former judicial law clerk).

Plaintiff, an attorney who is struggling to establish her career following her constructive discharge, is highly vulnerable to these types of power disparities. Plaintiff legitimately fears that if her identifying information is disclosed to the general public, it will affect her professional reputation and ability to secure employment opportunities. Her concerns are especially salient given that she regularly litigates cases in federal courts within the Fourth Circuit. Additionally, as a member of the Criminal Justice Act Panel, she is subject to oversight by and financial dependence on the Fourth Circuit.

Plaintiff's concerns are not outweighed by any countervailing considerations. Crucially, there is no unfairness or prejudice to Defendants because Plaintiff's identity is being shielded only from the general public, not from Defendants. Additionally, any public interest in learning about government misconduct would not be served by disclosing Plaintiff's personally identifying information during the pre-trial stages of this proceeding.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]**

For these reasons, the Court should allow Plaintiff to proceed under a pseudonym and to seal related personally identifying employment history as set forth in the motion accompanying this memorandum. Should the Court disagree with Plaintiff, however, she requests that the Court consider more limited protections, including ordering disclosure of the identity of her former employing office and its unit executive, only, without requiring direct disclosure of her personal identity.

This the 3rd Day of March, 2020.

Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff
