## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
|       *Plaintiff*, | ) |
| v. | ) Civil No. 1:20-cv-00066 |
| UNITED STATES OF AMERICA, *et al.*, | ) |
|       *Defendants*. | ) |

## NOTICE OF PETITION FOR WRIT OF MANDAMUS

Plaintiff, Jane Roe, by and through her attorney, hereby notifies the court that she filed the attached Petition for Writ of Mandamus in the United States Court of Appeals for the Fourth Circuit on March 18, 2020.

This the 18th Day of March, 2020.

                                                                            Respectfully Submitted,

                                                                            */s/ Cooper Strickland*
                                                                            Cooper Strickland
                                                                            N.C. Bar No. 43242
                                                                            P.O. Box 92
                                                                            Lynn, NC 28750
                                                                            Tel. (828) 817-3703
                                                                            cooper.strickland@gmail.com

                                                                            Counsel for Plaintiff

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| In re SEALED, ) | |
| ) | No. 2020-_____ |
| Petitioner. ) | |
| ) | [No. 1:20-cv-00066] |
| _____) | |

## PETITION FOR A WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703

*Counsel for Petitioner*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION AND SUMMARY OF ARGUMENT ........................... 1

FACTS AND PROCEDURAL HISTORY ................................................. 1

ARGUMENT ................................................................................................ 3

CONCLUSION ........................................................................................... 11

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

## TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Baltimore Sun Co. v. Goetz*,
    886 F.2d 60 (4th Cir. 1989) ....................................................................... 7

*Cheney v. United States Dist. Court for D.C.*,
    542 U.S. 367 (2004) ....................................................................... 3, 4, 10, 11

*Co. Doe v. Pub. Citizen*,
    749 F.3d 256 (4th Cir. 2014) ............................................................... 4, 5, 6

*Globe Newspaper Co. v. Superior Court*,
    457 U.S. 596 (1982) .................................................................................... 9

*Hicklin Eng'g, L.C. v. Bartell*,
    439 F.3d 346 (7th Cir. 2006) ..................................................................... 5

*In re Knight Publ'g Co.*,
    743 F.2d 231 (4th Cir. 1984) .................................................................. 7, 8

*In re the Reporters Comm. for Freedom of the Press, et al*,
    773 F.2d 1325, 1331 (D.C. Cir. 1985) .................................................... 6, 8

*In re Wash. Post Co.*,
    807 F.2d 383 (4th Cir. 1986) .............................................................. 6, 7, 8

*Littlejohn v. Bic Corp.*,
    851 F.2d 673 (3d Cir. 1988) ....................................................................... 5

*Media Gen. Operations, Inc. v. Buchanan*,
    417 F.3d 424 (4th Cir. 2005) .............................................................. 6, 7, 8

*Mills v. Alabama*,
    384 U.S. 214 (1966) ........................................................................... 9

*Press-Enter. Co. v. Superior Court*,
    464 U.S. 501 (1984) ........................................................................... 6

*Richmond Newspapers, Inc. v. Virginia*,
    448 U.S. 555 (1980) ...................................................................... 4, 6

*Rushford v. New Yorker Magazine, Inc.*,
    846 F.2d 249 (4th Cir. 1988) ............................................................. 5

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984) ............................................................................. 9

*Stone v. Univ. of Md. Med. Sys. Corp.*,
    855 F.2d 167 (4th Cir. 1988) ............................................................. 5

**Statutes**

28 U.S.C § 1651 ............................................................................... 1, 3

**Rules**

Fed. R. App. P. 21 ................................................................................ 1

W.D.N.C. Civ. R. 6.1 ........................................................................... 6

**Other Authorities**

Andrew Kragie, *Harassment Saga Sparks Calls for Swifter Probes of Judges*, Law360 (Mar. 5, 2020) ................................................... 10

Letter from Reps. Jerrold Nadler, F. James Sensenbrenner, Jr., Henry C. 'Hank' Johnson, Jr., and Mary Gay Scanlon to James C. Duff, the Hon. Julie A. Robinson, and the Hon. Timothy M. Tymkovich (Feb. 6, 2020) ........................................ 9, 10

Letter from Sens. Dianne Feinstein, Patrick Leahy, Richard J. Durbin, Sheldon Whitehouse, Amy Klobuchar, Christopher A. Coons, Richard Blumenthal, Mazie K. Hirono, Cory A. Booker, and Kamala D. Harris to James C. Duff (Jan. 3, 2019) ............................................................................................... 10

Letter from Sens. Charles E. Grassley and Dianne Feinstein to James C. Duff (Feb. 9, 2018) .......................................................... 10

Robert Timothy Reagan, Fed. Judicial Ctr., Sealing Court Records and Proceedings: A Pocket Guide (2010) .......................................... 6

# INTRODUCTION AND SUMMARY OF ARGUMENT

Petitioner brings this action to challenge the sealing of her civil proceeding in the federal district court for the Western District of North Carolina.

Review of the sealed docket will show that the sealing of this matter is procedurally defective and violates First Amendment and common law presumptions against sealing of public judicial dockets. As a result, the sealing shrouds a case of significant public policy concern in unjustified secrecy.

Pursuant to 28 U.S.C § 1651 and Federal Rule of Appellate Procedure 21, Petitioner respectfully requests that the Court issue a writ of mandamus directing the district court to unseal this case and to consider sealing judicial records on a case-by-case basis, in accordance with the Court's procedural safeguards, the common law, and the First Amendment.

# FACTS AND PROCEDURAL HISTORY

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

1

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████.

Petitioner filed her complaint on the public docket. As of this filing, Petitioner's complaint and initial filings may still be publicly accessed on third-party PACER-monitoring websites.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

---

[1] Pursuant to Fed. R. App. P. 25, Petitioner is redacting all information taken from the sealed district court docket, including the facts and procedural history pertinent to this petition. Petitioner is including with her redacted public filing a sealed, highlighted version of the same filing and a sealed appendix that includes copies of (1) the district court docket, (2) the complaint, and ██████████████████████████████████████████████████████████████.

2



## ARGUMENT

An appellate court has the power under 28 U.S.C. § 1651(a) to issue a writ of mandamus directing the conduct of a district court where (1) the petitioner has a "clear and indisputable" right to relief; (2) there are "no other adequate means to attain the relief"; and (3) mandamus relief is otherwise "appropriate under the circumstances." *Cheney v.*

*United States Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004). Although mandamus is an extraordinary remedy reserved for exceptional circumstances, *see id.* at 380, it is evident from the sealed docket, on its face, that such a remedy is warranted here.

Most significantly, the ongoing sealing of Petitioner's case violates the "clear and indisputable" First Amendment and common law rights to open judicial proceedings. *Id.* at 381.

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Co. Doe v. Pub. Citizen*, 749 F.3d 256, 265 (4th Cir. 2014); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980). This right "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Co. Doe*, 749 F.3d at 265.

As this Court has explained, public access to court proceedings "promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary." *Id.* at 266. Such public access "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete

4

understanding of the judicial system, including a better perception of fairness." *Id.* (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). This Court has further underscored, relying on the words of Seventh Circuit Judge Easterbrook, that "[t]he political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like a fiat and requires rigorous justification." *Id.* (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)).

Given these considerations, the Court has cautioned that the public's right to open judicial proceedings "may be abrogated only in unusual circumstances." *Id.* (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 182 (4th Cir. 1988)). Under the common law, there is a presumption of public access to *all* judicial documents and records, which "can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

Under the First Amendment, the standard is even more rigorous: sealing is justified only if it is "necessitated by a compelling government

5

interest" and the denial of access is "narrowly tailored to serve that interest." *Id.* (quoting *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)); *see also Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984). This exacting standard safeguards First Amendment interests in cases that have been historically open to the press and public, and in cases that implicate the "common core purpose of assuring freedom of communication on matters relating to the functioning of government." *In re the Reporters Comm. for Freedom of the Press, et al*, 773 F.2d 1325, 1331 (D.C. Cir. 1985) (quoting *Richmond Newspapers*, 448 U.S. at 575).

Given the importance of these protected rights and traditions, courts are required to enforce certain procedural safeguards before partially, or completely, closing a judicial proceeding to the public. *See generally* Robert Timothy Reagan, Fed. Judicial Ctr., Sealing Court Records and Proceedings: A Pocket Guide 19–22 (2010); *see also* W.D.N.C. Civ. Rule 6.1. Among these safeguards, courts require the following steps prior to sealing:

1.      Absent authorization by statute or rule, permission to seal must be given by a judicial officer. *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) ("The decision to seal

6

documents must be made after independent review by a judicial officer . . . ."); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65–66 (4th Cir. 1989).

2.   Motions to seal should be publicly docketed, and members of the public and the press should be given the opportunity to be heard on the motions. *Baltimore Sun Co.*, 886 F.2d at 64; *In re Wash. Post Co.*, 807 F.2d at 390; *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984).

3.   There should be a public record of what is sealed, why it is sealed, and the specific reasons why the district rejected less restrictive alternatives to sealing, sufficient for appellate review. *Media Gen. Operations, Inc.*, 417 F.3d at 429 (noting that decision to seal must be "supported by findings and conclusions specific enough for appellate review"); *In re Wash. Post Co.*, 807 F.2d at 391 ("[I]f the district court decides to close a hearing or seal documents, 'it must state its reasons on the record, supported by specific findings.'" (quoting *In re Knight Publ'g Co.*, 743 F.2d at 234)).

4.   Sealing should be narrowly tailored to the reasons justifying sealing and should be no more extensive than necessary. *Media Gen.*

7

*Operations*, 417 F.3d at 429; *In re Wash. Post Co.*, 807 F.2d at 391; *In re Knight Pub. Co.*, 743 F.2d at 234–35.

In this case, the sealed docket speaks for itself. It is facially evident that the procedures necessary to safeguard crucial First Amendment protections were not followed ████████████ ████████████████████████████████████████ ████████████████████████████ ████████████████████████████████.

Even if those procedures were followed, sealing the entire proceeding to the public cannot be justified by any compelling governmental interest, and no such interest was articulated. ██ ████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████.

Moreover, the First Amendment interest is further implicated in situations where not just an implied right of access to the courts, but the expressly protected right of "freedom of speech," is at issue. *See*

8

*Reporters Comm. for Freedom of the Press,* 773 F.2d at 1332 n.5; *cf. Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33–34 (1984). Because the sealing of Petitioner's entire case directly implicates her First Amendment right to freedom of expression, it must be justified by compelling circumstances. As discussed above, those circumstances were not considered, and are not present here.

As a result, the sealing shrouds issues of significant public policy concern in unjustified secrecy. Underlying the right of open judicial proceedings "is the common understanding that 'a major purpose of th[e] [First] Amendment was to protect the free discussion of governmental affairs.'" *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604 (1982) (quoting *Mills v. Alabama*, 384 U.S. 214, 218 (1966)). "By offering such protection, the First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government." *Id.*

Contrary to these principles, the sealing of this case inhibits informed public discussion of issues on which members of Congress and the media have repeatedly expressed concern. *See, e.g.*, Letter from Reps. Jerrold Nadler, F. James Sensenbrenner, Jr., Henry C. 'Hank'

9

Johnson, Jr., and Mary Gay Scanlon to James C. Duff, the Hon. Julie A. Robinson, and the Hon. Timothy M. Tymkovich (Feb. 6, 2020); Letter from Sens. Dianne Feinstein, Patrick Leahy, Richard J. Durbin, Sheldon Whitehouse, Amy Klobuchar, Christopher A. Coons, Richard Blumenthal, Mazie K. Hirono, Cory A. Booker, and Kamala D. Harris to James C. Duff (Jan. 3, 2019); Letter from Sens. Charles E. Grassley and Dianne Feinstein to James C. Duff (Feb. 9, 2018); *see also* Andrew Kragie, *Harassment Saga Sparks Calls for Swifter Probes of Judges*, LAW360 (Mar. 5, 2020).

For these reasons, Petitioner's right to relief is "clear and indisputable." *Cheney*, 542 U.S. at 381.

The other factors necessary for mandamus relief are also satisfied. As for the second factor, Petitioner has "no other adequate means to attain the relief" she seeks. *Id.* at 380. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thus, Petitioner's sole path to relief lies in this Court through a writ of mandamus.

10

Finally, mandamus relief is "appropriate under the circumstances." *Id.* at 381. Relief is appropriate because the actions taken in sealing Petitioner's case fall outside of accepted judicial norms. Moreover, the constitutional violations resulting from sealing are especially egregious given the nature of the public policy concerns implicated in the substance of the proceeding.

For these reasons, mandamus relief is warranted here.

## CONCLUSION

Petitioner respectfully requests that this Court issue a writ of mandamus directing the district court to unseal the docket and to consider the sealing of judicial records on a case-by-case basis, in accordance with this Court's procedural safeguards, the common law, and the First Amendment.

                                                Respectfully Submitted,

                                                */s/ Cooper Strickland*

                                                Cooper Strickland
                                                P.O. Box 92
                                                Lynn, NC 28750
                                                Tel. (828) 817-3703
                                                cooper.strickland@gmail.com

                                                *Counsel for Petitioner*

March 18, 2020

## CERTIFICATE OF SERVICE

      I, Cooper Strickland, hereby certify that on this 18th day of March, 2020, a copy of this Petition for a Writ of Mandamus to the United States District Court for the Western District of North Carolina and a copy of the district court docket were served on respondents by USPS First Class Mail. Respondents were previously served by certified mail with copies of Petitioner's initial filings.

                                              <u>/s/ Cooper Strickland</u>
                                              Cooper Strickland

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitations of Fed. R. App. P. 21(d)(1) because it contains 2,068 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) & (6) because it has been prepared in a 14-point, proportionally spaced typeface.

/s/ Cooper Strickland
Cooper Strickland
