IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | | |
|---|---|---|
| JANE ROE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil No. 1:20-cv-00066 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**PLAINTIFF'S NOTICE OF PARTIAL WITHDRAWAL OF MOTION
TO PROCEED UNDER PSEUDONYM AND TO
SEAL PERSONALLY IDENTIFYING INFORMATION**

Plaintiff Jane Roe, by and through her attorney, respectfully notifies the Court that she is partially withdrawing "Plaintiff's *Ex Parte* Motion to Proceed Under Pseudonym and to Seal Personally Identifying Information" ("Motion"), ECF No. 2. Plaintiff continues to respectfully request that the Court grant the Motion, in part, by providing her leave to proceed under the pseudonym Jane Roe to protect her personal identity. In light of events after her Motion was filed, however, Plaintiff respectfully withdraws the portion of her Motion that requests sealing of the identity of her former employing office and its unit executive.

On March 3, 2020, Plaintiff filed a Complaint asserting constitutional claims against her former employing office, its unit executive, and other government officials and entities. ECF No. 1. That same day, Plaintiff filed an *ex parte* Motion requesting "leave to proceed under a pseudonym and to seal related personally identifying employment history during the pre-trial stages of this proceeding." ECF No. 2, at 1. Plaintiff contended that "the public disclosure of Plaintiff's identity or personally identifying employment history—specifically, the identity of her

1

employing office and its unit executive—is unwarranted. If disclosed, the identification of Plaintiff's employing office, its unit executive, and any other related identifying information would likely result in the incidental disclosure of Plaintiff's identity, negating any opportunity for anonymity." *Id.* at 1–2.

While Plaintiff continues to believe that the disclosure of her personally identifying employment history may result in the incidental disclosure of her identity, Plaintiff's sealing request has inadvertently generated complications that she did not originally anticipate when she filed the Motion. In short, Plaintiff filed her Complaint with limited redactions (i.e., redaction of her employing office, its unit executive, a supervisor, and her name) pending a ruling on her Motion, *see* ECF No. 1. Plaintiff believed, in good faith, that the Defendants could ascertain the redacted information in the context of her allegations. To disclose to the Court the information Plaintiff redacted from the Complaint, Plaintiff prepared a reference list identifying those redactions. Plaintiff attempted to submit the reference list to the Court for *in camera* review, *see* ECF No. 2 at 2, but was unsuccessful, *see* ECF No. 23. As an alternative, Plaintiff submitted the reference list to the Court under seal. *See* ECF No. 24.

This course of events has prompted questions from Defendants' counsel regarding the reference list and the scope of Plaintiff's sealing request. Plaintiff is unable to answer these questions at this time without disclosing information intended only for *in camera* review. In an attempt to resolve these issues, Plaintiff requests that the Court consider the alternative approach identified in the supporting memorandum to her Motion, and require the disclosure of "her former employing office and its unit executive, only, without requiring direct disclosure of her personal identity." ECF No. 2-1, at 4.

For these reasons, Plaintiff respectfully notifies the Court that she is withdrawing the portion of her Motion requesting the sealing of the identity of her former employing office and its unit executive. For the reasons stated in her Motion, Plaintiff continues to request leave to proceed under a pseudonym. If the Court grants Plaintiff's partially withdrawn Motion, Plaintiff requests that the reference list associated with her original Motion, ECF No. 24, which contains her name, remain under seal so long as she proceeds under a pseudonym.

As a courtesy, the undersigned has consulted with represented Defendants' Counsel before filing this Notice. Represented Defendants take no position on Plaintiff's *ex parte* Motion or on Plaintiff's withdrawal of part of that Motion.

This the 6th Day of May, 2020.    Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gill P. Beck at Gill.Beck@usdoj.gov

    Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

    Shannon Sumerall Spainhour at mss@dhwlegal.com

And I hereby certify that I will mail the document by U.S. mail to the following:

    John Doe(s)
    c/o Office of General Counsel
    One Columbus Circle NE
    Washington, DC 20544

                                                      */s/ Cooper Strickland*
                                                      Cooper Strickland
                                                      N.C. Bar No. 43242
                                                      P.O. Box 92
                                                      Lynn, NC 28750
                                                      Tel. (828) 817-3703
                                                      cooper.strickland@gmail.com