IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

JANE ROE,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER PROVIDING LEAVE TO TAKE EARLY WRITTEN DISCOVERY FOR THE LIMITED PURPOSE OF IDENTIFYING DEFENDANT(S) JOHN DOE(S) TO AMEND COMPLAINT AND EFFECT SERVICE**

NOW COME Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, Federal Public Defenders' Office, Roslynn R. Mauskopf and James C. Duff, in their official capacities, General Counsel Sheryl L. Walter, Chief Judge Roger L. Gregory, James N. Ishida, and the Federal Public Defender named in the complaint (the "FPD"),[1] in their individual and official capacities, (collectively, "Defendants"), and oppose Plaintiff's Motion for an Order Providing Leave To Take Early Written Discovery For the Limited Purpose of Identifying Defendant(s) John Doe(s) To Amend Complaint and Effect Service (Doc. 29).

---

[1] The name of the FPD and the office of the FPD are currently redacted from Plaintiff's complaint.

# ARGUMENT

## I. The law requires that threshold questions of *Bivens* availability and qualified and/or absolute immunity be decided *before* any discovery commences.

In addition to suing the United States and several federal agencies, Plaintiff has sued four federal officials in their official and individual capacities—General Counsel for the Administrative Office of the Courts Sheryl L. Walter, Chief Judge of the Fourth Circuit Court of Appeals Roger L. Gregory, Circuit Executive James Ishida, and the FPD— hereinafter "Individual Federal Defendants." Complaint, Doc. 1. The claims against the Individual Federal Defendants in their individual capacities purport to allege constitutional tort claims first recognized by the Supreme Court in *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). The Individual Federal Defendants intend to file motions to dismiss that include a number of grounds, including that Plaintiff has failed to state a *Bivens* claim because (1) Plaintiff's lawsuit is a "new context" previously never recognized by the Supreme Court, and (2) special factors counsel against extending the *Bivens* remedy into this novel context. *See Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). The Individual Federal Defendants also intend to assert the defenses of qualified immunity and, as applicable, absolute immunity. These defenses raise purely legal issues that can and should be decided on the pleadings. Delaying their resolution for factual development through discovery would compromise the important federal interests underlying the doctrines of qualified and absolute immunity and the "new context" and "special factors" analysis set forth in *Abbasi*.

The Supreme Court has declared repeatedly, and in no uncertain terms, that qualified immunity is not merely a defense to liability but rather "an entitlement not to stand trial *or face the other burdens of litigation*" prior to "the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009)

2

(same). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (emphasis added). The "basic thrust" of qualified immunity "is to free officials from the concerns of litigation[.]" *Iqbal*, 556 U.S. at 685. Indeed, this entitlement is so paramount that denials of qualified immunity at the motion-to-dismiss stage are among the small category of pretrial rulings that are immediately appealable as a matter of right. *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) ("Whether or not a later summary judgment motion is granted, denial of a motion to dismiss [on qualified immunity grounds] is conclusive as to this right," which "is important enough to support an immediate appeal.").

Furthermore, before the qualified and/or absolute immunity issue can be addressed, the Supreme Court has held that courts must consider the "antecedent" question of whether a *Bivens* remedy is even available. *Hernandez v. Meza*, 137 S.Ct. 2003, 2006 (2017) (observing that "[t]he . . . *Bivens* question . . .is 'antecedent' to the other questions presented . . ." in a case involving a cross-border shooting where defendants raised qualified immunity and the availability of a *Bivens* remedy). Thus, it would be inappropriate as a matter of law to move forward with discovery or any other pretrial matters prior to a ruling on Defendants' Rule 12(b)(6) motions because the "concerns of litigation"—including, but not limited to the burden of discovery—must *follow* a resolution of the absolute/qualified-immunity question, which itself cannot precede a determination as to whether the circumstances of the case warrant implication of a *Bivens* remedy. *See Harlow v. Fitzgerald*, 457 U.S. at 818 ("[U]ntil th[e] threshold immunity question is resolved, discovery should not be allowed."); *Hernandez v. Mesa*, No. 12-50217, 2018 WL 1391730, at *2 (5th Cir. March 20, 2018) (explaining that the Supreme Court's remand in a case "heard . . . in

3

conjunction with" *Abbasi*, instructed the Court of Appeals to "consider the propriety of allowing *Bivens* claims to proceed" before addressing qualified immunity).

In addition to the foregoing, the prohibition on discovery at the 12(b)(6) phase applies equally in *Bivens* cases involving special-factors defenses, because "the *Bivens* question . . . is 'antecedent' to the other questions presented." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (quoting *Wood v. Moss*, 572 U.S. 744, 757 (2014)); *see Abbasi*, 137 S. Ct. at 1860 (discussing the centrality of any potential "burden and demand" of a proposed new category of *Bivens* litigation to the special factors analysis). In this case, where early dispositive motions will determine whether *Bivens* is an available remedy, whether qualified and/or absolute immunity applies, and whether special factors counsel against extending *Bivens* into a novel context, early discovery is particularly inappropriate and unwarranted.

Requiring Defendants to participate in discovery prior to disposition of dispositive motions that raise qualified immunity defenses would subject them to the very "concerns of litigation" the Supreme Court has specifically held they are entitled to avoid. *See Iqbal*, 556 U.S. at 685 ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.') (quoting *Siegert v. Gilley,* 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998) ("[T]he trial court … must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings."). Bare allegations of malice are insufficient to subject government officials to the burdens of broad-reaching discovery prior to the resolution of fundamental threshold legal questions such as the applicability of qualified immunity. *See Harlow*, 457 U.S. at 817-18.

4

### II. Plaintiff's request for early discovery is overly burdensome, inefficient, and an inappropriate attempt to seek discovery to which Plaintiff would not otherwise be entitled.

Imposing discovery burdens on Defendants at this early stage would also invite significant inefficiencies into the litigation. Depending on the outcome of the Rule 12 motions practice, discovery and responsive pleadings may prove ultimately unnecessary. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) (Rule 12(b)(6) motions allow courts to "dismiss a claim on the basis of a dispositive issue of law" and so "streamline[] litigation by dispensing with needless discovery and factfinding."). And, discovery efforts undertaken without the benefit of the guidance of a Rule 12 ruling will almost certainly be overbroad and unduly burdensome. On the other hand, postponing these matters until threshold legal issues are resolved will permit the parties to appropriately tailor their filings and discovery, minimizing the burdens of litigation on the parties, their counsel, the Defendants, the witnesses, and this Court.

While the Individual Defendants are entitled to have the qualified and absolute immunity issues determined as a matter of law prior to discovery proceeding, discovery should likewise not proceed against the remaining Defendants. The Supreme Court has explained that in *Bivens* litigation, even "discovery as to other parties" is problematic because "it would prove necessary for [individual federal defendants] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Iqbal*, 556 U.S. at 685. The Supreme Court's guidance makes practical sense; it would be inefficient and unduly burdensome to the parties and the Court to move forward with discovery—and associated disputes over scope, relevance, privilege and other matters—without the benefit of a ruling clarifying which claims may proceed against which defendants, if any. Indeed, it is "well settled that discovery is generally considered inappropriate while a motion that would be thoroughly

5

dispositive of the claims in the Complaint is pending." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016); *see also Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Plaintiff's reliance on *Schiff v. Kennedy*, 691 F.2d 196 (4th Cir. 1982) is misplaced. Most notably, *Schiff* does not provide authority for allowing discovery in a *Bivens* case where the entitlement to a *Bivens* remedy and absolute and qualified immunity are being raised. *Schiff* is also distinguishable on several other grounds. First, in *Schiff,* the Fourth Circuit addressed the propriety of the dismissal of a John Doe Defendant, not whether a Plaintiff can use conclusory allegations against John Doe(s) Defendant(s) to obtain discovery prior to resolution of motions to dismiss. Second, *Schiff* was a case between private parties (a husband against his former wife, trying to identify a person who assisted his former wife in illegally wiretapping the family's telephone), and not a case involving a former federal employee suing other federal officials for actions taken where those federal officials are raising the defenses of absolute and qualified immunity and the availability of a *Bivens* remedy. Third, in *Schiff*, the Fourth Circuit dealt with a situation where the John Doe Defendant was a specific person[2], not as here, where the John Doe(s) is/are generally alleged to be one or more "attorney(s) employed in OGC" at the Administrative Office of United States Courts. Compl. ¶ 29.

The differences between *Schiff* and the instant case highlight the fact that Plaintiff is attempting to use early discovery to obtain discovery to which she is otherwise not entitled. Plaintiff's early discovery request is no more than an attempt to delve into the inner workings of

---

[2] In *Schiff*, the John Doe was the person who assisted the Plaintiff's former wife place a wiretap on the family telephone. The Defendant Former Wife in that case admitted in a deposition that a person assisted her in placing the wiretap. She, however, refused to disclose the identity of the person who assisted in placing the wiretap by invoking her Fifth Amendment privilege against self-incrimination. *Schiff*, 691 F.2d at 197.

the General Counsel Office, which is headed by a named, Individual Defendant, to seek the substance of the legal guidance that may have been provided to another named, Individual Defendant. Thus, the discovery requested by Plaintiff is inextricably intertwined with the allegations against the Individual Defendants, who are entitled, as a matter of law, to have threshold questions of law decided before discovery proceeds in this case.

Here, the allegations concerning the General Counsel's office in Plaintiff's complaint are unspecific and conclusory. Plaintiff asserts in her Motion and alleges in her Complaint that Defendant Doe(s) conspired to (1) shut down efforts to take immediate and effective action on Plaintiff's harassment complaints, Complaint ¶¶ 227– 35, (2) block Plaintiff from exercising her protected rights, *id.*, (3) retaliate against Plaintiff by denying her a promotion, *id.* ¶¶ 227–28, 236– 51, (4) refuse to disclose, or take timely action on, the findings of the investigation into Plaintiff's claims, *id.* ¶¶ 398–99, (5) force Plaintiff to negotiate directly with an alleged violator of her rights, *id.* ¶ 407, (6) disclose Plaintiff's confidential narrative directly to an alleged violator of her rights, *id.* ¶ 451, and (7) refuse to disclose any information to Plaintiff about the disciplinary proceeding on her complaint or the nature of any corrective actions taken, *id.* ¶ 474. These are the type of broad, conclusory allegations that are characteristic of a discovery fishing expedition, not specific factual averments regarding a specific person. The discovery Plaintiff seeks would be far more extensive and intrusive than merely identifying a specific person (as in *Schiff*), and is unwarranted at this early stage.[3]

Plaintiff asserts that she needs early discovery in order to serve the Complaint on the John Doe(s), but she is actually seeking to engage in impermissible discovery to bolster her complaint

---

[3] Plaintiff has not stated specifically what discovery she intends to serve other than to describe it as "written discovery," Mot. at 1, which could include burdensome document requests, interrogatories, requests for admission, or deposition by written question.

7

prior to a decision regarding the motion to dismiss. Her request for discovery essentially concedes that her Complaint merely speculates that other federal employees personally did something wrong. *See Haight v. O'Bannon*, 102 F. Supp. 3d 179, 182 (D.D.C. 2015) (rejecting request for discovery into "which, *if any*, policies permitted [defendant] to violate Plaintiff's constitutional rights" because such allegation "concedes that Haight's complaint merely speculates that some MPD policy or custom *might* have been the moving force behind her injuries"); *see also Patrick v. District of Columbia*, 179 F. Supp. 3d 82, 89 (D.D.C. 2016) ("[B]y arguing that he requires discovery at the motion-to-dismiss stage, Mr. Patrick essentially concedes that his allegations against the District are based on speculation."). If early discovery were appropriate under these circumstances, a plaintiff could *always* obtain early discovery simply by naming a John Doe defendant based on the mere possibility that another person may have been involved in the facts giving rise to the claim, and then assert the need for early discovery to identify that person. But early discovery is the disfavored exception, not the rule, and is especially inappropriate here, where threshold questions of law must be decided before Plaintiff proceeds with the litigation.

## CONCLUSION

Plaintiff's motion for discovery evinces a fundamental misunderstanding of the state of the law as to Rule 12 when the defenses of the availability of a *Bivens* remedy and qualified immunity are raised. As the Supreme Court has emphasized, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions[.]" *Iqbal,* 556 U.S. at 678–79). Moreover, "[a] plaintiff may not . . . use discovery to obtain the facts necessary to establish a claim that is plausible on its face . . . even when those facts 'are only within the head or hands of the defendant[].'" *Felder v. WMATA*, 105 F. Supp. 3d 52, 59 (D.D.C. 2015) (quoting *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051 (6th Cir. 2011)); *see also Kaylor v.*

*Fields,* 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). An individual-capacity defendant who demonstrates an entitlement to qualified immunity is *entitled* to dismissal before the commencement of discovery. *Mitchell*, 472 U.S. at 526) (emphasis added). The answer to insufficient pleading is dismissal, not discovery.

Plaintiff will suffer no prejudice if the Court denies her Motion. Plaintiff will still have an opportunity to engage in discovery if her Complaint withstands Defendants' motion to dismiss, and she could move to amend her Complaint to add a new defendant, if warranted, following such discovery.

WHEREFORE Defendants jointly oppose Plaintiff's Motion for an Order Providing Leave To Take Early Written Discovery For the Limited Purpose of Identifying Defendant(s) John Doe(s) To Amend Complaint and Effect Service (Doc. 29) and request that it be denied.

This the 11th day of May, 2020.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

s/*Joshua Kolsky*
JOSHUA M. KOLSKY
Trial Attorney
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

R. ANDREW MURRAY
UNITED STATES ATTORNEY

s/Gill P. Beck
GILL P. BECK
Assistant United States Attorney
N.C. State Bar No. 13175
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Phone: (828) 271-4661
Fax: (828) 271-4327
Email: Gill.Beck@usdoj.gov

Counsel for Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, the Federal Public Defenders Office, Roslynn R. Mauskopf, James C. Duff, and the FPD, in their official capacities, and General Counsel Sheryl L. Walter, Chief Judge Roger L. Gregory, and James N. Ishida, in their individual and official capacities.

s/Shannon Sumerell Spainhour
SHANNON SUMERELL SPAINHOUR
N.C. State Bar No. 28108
DAVIS HARTMAN WRIGHT PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
Phone: 828-771-0833
Fax: 252-514-9878
Email: mss@dhwlegal.com

Counsel for the FPD in the FPD's individual capacity