IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Civil No. 1:20-cv-00666 |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| *Defendants*. | ) ) ) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER PROVIDING LEAVE TO TAKE EARLY DISCOVERY FOR THE LIMITED PURPOSE OF IDENTIFYING DEFENDANT(S) JOHN DOE(S) TO AMEND COMPLAINT AND EFFECT SERVICE**

Defendants' response misinterprets Plaintiff's motion. Defendants characterize Plaintiff's motion as subjecting them "to the burdens of broad-reaching discovery," ECF No. 31 at 4, but that is not the case. All Plaintiff wants is to serve John Doe(s) to make them a part of this case and subject to this Court's jurisdiction. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

To underscore the point, Plaintiff does not necessarily need to know the names of John Doe(s) at this time. She only needs John Doe(s) to accept service, like Defendant Sheryl L. Walter, the General Counsel. If the Court ultimately concludes that early discovery is not necessary, then Plaintiff would also be satisfied with an order from the Court directing John Doe(s), or any legally authorized agent, to accept service, just as the district court did in the

1

original *Bivens* litigation.  *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 390 n.2 (1971) ("The agents were not named in petitioner's complaint, and the District Court ordered that the complaint be served upon those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the (petitioner).' Five agents were ultimately served." (internal citation omitted)).

Defendants' arguments about *Bivens* liability, absolute immunity, and individual immunity are premature and should be addressed after any motion to dismiss is filed.  If John Doe(s) are not properly served or represented at that time, then John Doe(s) will not have the opportunity to assert the same, *or different*, arguments on their own behalf.  Moreover, Defendants do not discuss how their *Bivens* arguments are relevant to Plaintiffs' claims against the individual defendants under 42 U.S.C. § 1985(3) and § 1986.

In sum, Plaintiff seeks only to ensure that John Doe(s) are served and properly part of this litigation.  Plaintiff does not intend to seek discovery to which she is not entitled at this stage, nor does she "attempt to delve into the inner workings of the General Counsel Office," as Defendants allege.  ECF No. 31, at 6–7.

Plaintiff's motion should be granted.

Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

May 11, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gill P. Beck at Gill.Beck@usdoj.gov

    Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

    Shannon Sumerall Spainhour at mss@dhwlegal.com

And I hereby certify that I will mail the document by U.S. mail to the following:

    John Doe(s)
    c/o Office of General Counsel
    One Columbus Circle NE
    Washington, DC 20544

    */s/ Cooper Strickland*
    Cooper Strickland
    N.C. Bar No. 43242
    P.O. Box 92
    Lynn, NC 28750
    Tel. (828) 817-3703
    cooper.strickland@gmail.com