IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
|        *Plaintiff*, | ) |
| v. | ) Civil No. 1:20-cv-00666 |
| UNITED STATES OF AMERICA, *et al.*, | ) |
|        *Defendants*. | ) |

**JOINT STATEMENT AND PROPOSED CASE MANAGEMENT SCHEDULE**

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), and the Court's May 11, 2020 Order, the parties submit the following joint statement and proposed case management schedule. Counsel for the parties conferred concerning the matters herein on May 20, 2020.

The parties present their respective positions below regarding a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

**I.  Timing of Discovery.**

    A.  <u>Defendants' Statement Regarding Discovery</u>: Defendants strongly disagree that there should be any discovery in this case prior to a ruling on Defendants' motions to dismiss. In addition to suing the United States, several federal entities and officials in their official capacities, Plaintiff has also sued various federal officials in their individual capacities pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). In their motions to dismiss, those individuals will raise the defense of qualified immunity and, where applicable, absolute immunity, among other

1

defenses. Qualified immunity is not merely a defense to liability but rather "an entitlement not to stand trial *or face the other burdens of litigation*" prior to "the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added). Accordingly, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*." *Id*. This prohibition on early discovery extends to "discovery as to other parties" because "it would prove necessary for [individual defendants] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

Even in cases not involving *Bivens* claims, "it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016); *see also See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). This principle is incorporated directly into the local rules of the U.S. District Court for the Western District of North Carolina, which state that "[c]ourt-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered[.]" LCvR 16.1(f); *see also* LCvR 16(d) ("Where Rule 12 motions are filed and briefed, issues will not join until the Court resolves such motions."). Staying discovery pending the outcome of a motion to dismiss is especially appropriate where, as here, that motion will contain threshold

2

challenges to the Court's subject matter jurisdiction. These issues are discussed in further detail in Defendants' Response to Plaintiffs' Motion for an Order Providing Leave to Take Early Written Discovery for the Limited Purpose of Identifying Defendant(s) John Doe(s) to Amend Complaint and Effect Service, ECF No. 31. Defendants are prepared to more fully brief these issues at the Court's request.

    B.    <u>Plaintiff's Statement Regarding Discovery</u>: Plaintiff opposes any delay in discovery. Absent the filing of a motion to stay or a motion to dismiss, Defendants' arguments that discovery should be delayed are premature. In addition, delaying discovery to some unknown date after any ruling—and potential appeal—on a yet-to-be filed motion to dismiss would inevitably require moving the trial date that was already ordered by the Court without any objection. Plaintiff has already served her Rule 26(a)(1) initial disclosures, and she will be prejudiced by any further delay.

## II. Schedule for Discovery.

The parties propose the following discovery and motions schedule:

    A.    *Defendants' Fed. R. Civ. P. 26(a)(1) initial disclosures.*

(Plaintiff served her initial disclosures on **May 20, 2020**.)

<u>Plaintiff's Proposal</u>: Defendants' initial disclosures by **June 3, 2020**.

<u>Defendants' Proposal</u>: Defendants' initial disclosures by **14 days** following the Court's ruling on Defendants' motions to dismiss, if those motions are denied in full or in part, and the resolution of any subsequent appeal.

    B.    *Amendment of pleadings or joinder of parties.*

3

Case 1:20-cv-00066-WGY   Document 34   Filed 05/25/20   Page 3 of 8

Plaintiff's Proposal: Except for good cause shown, amendment of pleadings or joinder of parties completed by **August 1, 2020**.

Defendants' Proposal: Except for good cause shown, amendment of pleadings or joinder of parties completed by **21 days** following the Court's ruling on Defendants' motions to dismiss, if those motions are denied in full or in part, and the resolution of any subsequent appeal.

C. *Completion of all non-expert discovery.*

Parties' Joint Proposal: **September 1, 2020**.

D. *Dispositive motions pursuant to Fed. R. Civ. P. 56.*

Parties' Joint Proposal: **October 1, 2020**.

E. *Expert Disclosures.*

Plaintiff's Proposal: If expert testimony is required, Plaintiff's trial experts designated and information required by Fed. R. Civ. P. 26(a)(2) by **September 1, 2020;** Defendant's trial experts designated and information required by Fed. R. Civ. P. 26(a)(2) by **October 1, 2020**. All experts deposed by **November 1, 2020**.

Defendants' Proposal: If expert testimony is required, Plaintiff's trial experts designated and information required by Fed. R. Civ. P. 26(a)(2) by **September 1, 2020;** Defendant's trial experts designated and information required by Fed. R. Civ. P. 26(a)(2) by **November 2, 2020**. All experts deposed by **December 1, 2020**.

**III. Pretrial Conferences and Trial.**

Parties' Joint Proposal:

A. Joint pretrial memorandum due on or before **December 1, 2020**.

B.  Pretrial conference to be held in **December 2020**.

C.  Trial date **January 2021**.

IV. **Terms of Discovery.**

A.  *Phased Discovery.* The parties agree that there is no need for phased discovery at this time.

B.  *Discovery Event Limitations.* The parties agree that for purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory. The parties agree that depositions may be conducted telephonically or virtually as determined by the parties. The parties agree that discovery may be served by email. The parties also agree that Plaintiff should be permitted to serve up to 25 interrogatories and up to 25 requests for admission, and that Defendants collectively be permitted to serve up to 25 interrogatories and up to 25 requests for admission.

The parties disagree on the number of depositions.

Plaintiff's Proposal: Plaintiff proposes to limit the number of depositions (up to 10) for each side.

Defendants' Proposal: Defendants propose that the 12 defendants represented by counsel at the Department of Justice collectively be allowed to take 10 depositions, that Federal Public Defender Anthony Martinez in his individual capacity (represented by private counsel) be permitted to take 6 depositions, and that Plaintiff be permitted to take 8 depositions.

5

C. *Electronic Discovery.* The parties shall retain all relevant electronically stored information ("ESI").

The parties disagree about the terms of ESI discovery.

<u>Plaintiff's Proposal</u>: Plaintiff proposes that, absent a request for a specific method of production, the producing party may produce ESI in any reasonable manner. The producing party must preserve the integrity of each electronic document's contents, *i.e.* its original formatting, metadata, and, where applicable, revision history.

<u>Defendants' Proposal</u>: Defendants propose that, absent an agreement on an alternative method of production, the parties agree to submit electronic documents in a TIF image, Bates stamped format to the extent possible. Where feasible, the producing party must preserve the integrity of each electronic document's contents, *i.e.* its original formatting, metadata, and, where applicable, revision history.

D. *Protective and Confidentiality Orders.* The parties anticipate proposing a protective order to the Court at an appropriate time.

## V. Settlement.

The parties agree to engage in good faith efforts to resolve this dispute. Pursuant to Local Rule 16.3, the parties agree that settlement may be enhanced by use of informal settlement discussions and a mediated settlement conference. The parties agree that a mediated settlement conference would be most useful if conducted no later than the close of non-expert discovery.

## VI. Consent to Magistrate Judge.

The parties do not consent to exercise of jurisdiction by a United States Magistrate Judge.

Respectfully submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*


JOSEPH H. HUNT
Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

s/*Joshua Kolsky*
JOSHUA M. KOLSKY
Trial Attorney
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

R. ANDREW MURRAY
UNITED STATES ATTORNEY

s/Gill P. Beck
GILL P. BECK
Assistant United States Attorney
N.C. State Bar No. 13175
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801

7

Phone: (828) 271-4661
Fax: (828) 271-4327
Email: Gill.Beck@usdoj.gov

Counsel for Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, the Federal Public Defenders Office, Roslynn R. Mauskopf, James C. Duff, and the FPD, in their official capacities, and General Counsel Sheryl L. Walter, Chief Judge Roger L. Gregory, and James N. Ishida, in their individual and official capacities.

s/Shannon Sumerell Spainhour
SHANNON SUMERELL SPAINHOUR
N.C. State Bar No. 28108
DAVIS HARTMAN WRIGHT PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
Phone: 828-771-0833
Fax: 252-514-9878
Email: mss@dhwlegal.com

Counsel for the FPD in the FPD's individual capacity