# EXHIBIT B

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 16-5308

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| PHILLEATRA GAYLOR, ) | **FILED** |
| ) | Feb 28, 2017 |
| Plaintiff-Appellant, ) | DEBORAH S. HUNT, Clerk |
| ) | |
| v. ) | |
| ) | |
| OWEN SMITH, Circuit Librarian, U.S. Court of ) | ON APPEAL FROM THE UNITED |
| Appeals for the Sixth Circuit, et al., ) | STATES DISTRICT COURT FOR |
| ) | THE EASTERN DISTRICT OF |
| Defendants-Appellees, ) | TENNESSEE |
| ) | |
| and ) | |
| ) | |
| CLIFFORD L. MOSLEY, Representative, ) | |
| Environmental Health Services, ) | |
| ) | |
| Defendant. ) | |

O R D E R

Before: CLAY, KETHLEDGE, and STRANCH, Circuit Judges.

Philleatra Gaylor, a Georgia citizen, appeals pro se a district court judgment dismissing her complaint of employment discrimination. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Gaylor filed a complaint against the Circuit Librarian for the Sixth Circuit Court of Appeals, Owen Smith, the Circuit Executive, Clarence Maddox, an employee of the General Services Administration, Megan Lyness, and a contractor, Clifford Mosley. Gaylor sought relief

under Title VII of the Civil Rights Act of 1964, the Sixth Circuit's Employment Dispute Resolution policy, and the Due Process Clause. The complaint alleged that Gaylor had been hired as a satellite librarian for the Sixth Circuit in Chattanooga in 2010. In 2012, she filed a grievance alleging that her supervisor, Smith, was bullying her based on her race. That grievance was mediated. However, later that year, Smith terminated Gaylor's employment. She filed a complaint under the Sixth Circuit's Employment Dispute Resolution process and was reinstated. Next, Gaylor complained that the number of judges she worked for was reduced. In 2013, she complained of mold in the library and was denied permission to telework. She filed a complaint with the Occupational Safety and Health Administration, and several inspections were performed. Although some problems were noted, no major remediation was recommended. In November of 2013, Gaylor's employment was again terminated, based on her insubordination in communicating with defendant Smith. She appealed the termination, and it was upheld. Finally, Gaylor alleged that defendant Maddox cancelled her long-term disability insurance policy without her permission after she filed a claim, even though premiums continued to be withheld from her paychecks.

Defendants moved to dismiss, and Gaylor conceded to voluntary dismissal of defendant Mosley. The district court dismissed the complaint, noting that Gaylor had conceded that she could not file suit under Title VII, that the Employment Dispute Resolution procedure was not a law of the United States or an Act of Congress that could be the basis for jurisdiction under 28 U.S.C. §§ 1331 and 1343, and that Gaylor could not state a claim under the Due Process Clause because there was an established procedure for challenging the decision to terminate her employment. This appeal followed.

The district court properly dismissed this complaint for lack of jurisdiction because Gaylor's excepted service position is outside the protection of Title VII, *see* 42 U.S.C. § 2000e-16(a), and the Civil Service Reform Act ("CSRA") bars her from bringing a due process challenge due to the established procedure for challenging her termination provided by the court, *see Semper v. Gomez*, 747 F.3d 229, 234-35 (3d Cir. 2014) (holding that the CSRA barred due

process claims against federal district court within adequate remedial policy). Additionally, the district court lacked jurisdiction to consider a claim under the Employment Dispute Resolution procedure because it is not a law of the United States or an Act of Congress protecting civil rights. *See* 28 U.S.C. §§ 1331 and 1343. Gaylor relies on *In re Golinski*, 587 F.3d 956, 960 (9th Cir. 2009), but that case was decided within the Ninth Circuit's Employment Dispute Resolution procedure, which provides for review by the Ninth Circuit's Chief Judge. The Sixth Circuit's procedure does not provide for an action in federal court.

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk