IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAORLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' JOINT MOTION TO SET DEADLINE TO RESPOND TO EARLY DISCOVERY REQUESTS

On behalf of Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, Federal Public Defenders' Office, Roslynn R. Mauskopf and James C. Duff, in their official capacities, General Counsel Sheryl L. Walter, Chief Judge Roger L. Gregory, James N. Ishida, and Federal Public Defender Anthony Martinez, in their individual and official capacities, (collectively, "Defendants"), the undersigned counsel hereby move the Court to set the deadline for Defendants to respond to discovery requests that Plaintiff has served prior to the timeframe for discovery set by the local rules and by Supreme Court authority.

This Court has already determined that "[t]he local rules for the Western District of North Carolina will apply" to this case. *See* May 13, 2020 Minute Order. Those rules are clear that "Court-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered, with the exception that early Rule 34 requests may be used pursuant to Fed. R. Civ. P. 26(d)(2)." LCvR 16.1(f). "'[J]oinder of the issues' occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to a counterclaim has been filed, or the time for doing so has expired." LCvR 16.1(d). The Scheduling Order referenced in the local rules is "a Scheduling Order as provided by Fed. R. Civ. P. 16(b)." LCvR 16.1(b). Accordingly, discovery is not yet authorized in this case because joinder of the issues has not occurred and because the Court has not yet issued a Rule 16(b) scheduling order.[1]

Nevertheless, on June 5, 2020, Plaintiff served broad Rule 34 requests for the production of documents, containing 46 separate requests, on Defendants. *See* Exhibit A. On June 12, 2020, Plaintiff served 13 interrogatories on Defendants. *See* Exhibit B. On June 17, 2020, Defendants' counsel sent letters to Plaintiff's counsel objecting to the discovery requests as premature under the local rules. *See* Exhibits C and D. Those letters also explained that any discovery prior to a ruling on the

---

[1] On May 25, 2020, the parties set forth their positions regarding discovery in a Joint Statement and Proposed Case Management Schedule. *See* ECF No. 34. The Court has not yet set a schedule for discovery.

2

qualified immunity defenses in this case would be improper because qualified immunity is "an entitlement not to stand trial *or face the other burdens of litigation*" prior to "the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added). Accordingly, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*." *Id.* (emphasis added).

Notwithstanding the clear prohibition on early discovery reflected in the local rules and the Supreme Court authority prohibiting discovery prior to a ruling on the qualified immunity defenses, Plaintiff insists that she may force Defendants to engage in discovery at this early stage in the litigation. Plaintiff's position ignores the local rules and is contrary to the well-established principles discussed above.[2]

Given the parties' disagreement on this issue, Defendants respectfully seek an order expressly setting the deadline for Defendants to further respond to Plaintiff's discovery requests based on the timeframe specified by the local rules, consistent with the Court's prior determination "[t]he local rules for the Western District of North Carolina will apply" to this case. *See* May 13, 2020 Minute Order.

---

[2] Furthermore, additional time is necessary to respond to the requests given their voluminous nature.

3

Specifically, Defendants respectfully request the Court set the deadline for Defendants to respond to the discovery requests as 30 days following the date on which issues have joined and a Rule 16(b) scheduling order has been entered. *See* LCvR 16.1(f).[3]

Pursuant to Local Civil Rule 7.1(b)(2), the undersigned has consulted with Plaintiff's counsel before filing this Motion. Plaintiff's counsel stated that Plaintiff opposes the relief sought herein.

WHEREFORE the undersigned hereby move the Court to set the deadline for Defendants to respond to Plaintiffs' discovery requests as 30 days following the date on which issues have joined and a Rule 16(b) scheduling order has been entered.

This the 6th day of July, 2020.

                          Respectfully submitted,

                          ETHAN P. DAVIS
                          Acting Assistant Attorney General

                          CARLOTTA P. WELLS
                          Assistant Branch Director

                          s/*Joshua Kolsky*
                          JOSHUA M. KOLSKY
                          Trial Attorney
                          D.C. Bar No. 993430
                          United States Department of Justice
                          Civil Division, Federal Programs Branch

---

[3] Defendants propose the deadline above for their written responses to the requests, but Defendants reserve their rights under the Federal Rules of Civil Procedure to "specif[y]" a "reasonable time" for production in their responses. Fed. R. Civ. P. 34(b)(2)(B)).

1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov


R. ANDREW MURRAY
UNITED STATES ATTORNEY

s/Gill P. Beck
GILL P. BECK
Assistant United States Attorney
N.C. State Bar No. 13175
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Phone: (828) 271-4661
Fax: (828) 271-4327
Email: Gill.Beck@usdoj.gov

Counsel for Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, the Federal Public Defenders Office, Chief Judge Roslynn R. Mauskopf, James C. Duff, and Anthony Martinez in their official capacities, and General Counsel Sheryl L. Walter, Chief Judge Roger L. Gregory, James N. Ishida, in their individual and official capacities.

s/Shannon Sumerell Spainhour
SHANNON SUMERELL SPAINHOUR
N.C. State Bar No. 28108
DAVIS HARTMAN WRIGHT PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
Phone: 828-771-0833
Fax: 252-514-9878
Email: mss@dhwlegal.com

Counsel for Federal Public Defender Anthony Martinez in his individual capacity