IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|        *Plaintiff*, | ) |
| | ) |
| v. | )   Civil No. 1:20-cv-00066 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|        *Defendants*. | ) |
| | ) |
| | ) |

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, by and through her attorney, requests that Defendants produce or make available for inspection and copying the following documents and electronically stored information ("ESI") at a time and place agreed upon by the parties' counsel, in accordance with the following Definitions and Instructions, within thirty (30) days of service of this request.

### *DEFINITIONS*

1.     ***And/or.*** The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

2.     ***Communication.*** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3.     ***Complaint.*** The term "civil complaint" means the complaint filed in the United States District Court for the Western District of North Carolina on March 3, 2020 (Docket No. 1:20-cv-00066). The term "EDR complaint" means the request for counseling and report of wrongful conduct submitted by Plaintiff to the Fourth Circuit Court of Appeals on September 10, 2018.

4.     ***Concern or Concerning (or Relate or Relating).*** The terms "concern" or "concerning" (or "relate" or "relating") mean, in addition to their usual and customary meanings, referring to, pertaining to, addressing, discussing, describing, regarding, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

5. ***Control.*** The term "control" is defined to refer to a parties' possession, custody, or control of a document at any time. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

6. ***Document (or Information).*** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

7. ***Identify (With Respect to Persons).*** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. ***Identify (With Respect to Documents).*** When referring to documents, "to identify" means to give, to the extent known, the

> (A) type of document;
> (B) general subject matter;
> (C) date of the document; and
> (D) author(s), addressee(s), and recipient(s).

9. ***Number.*** The use of singular form includes plural, and vice versa.

10. ***Parties.*** The terms "plaintiff" and "defendant" (or "defendants"), as well as a party's full or abbreviated name (*e.g.*, Federal Public Defender Office) or a pronoun referring to a party, mean the party (or defendants collectively) and, where applicable, its officers, agents, representatives, employees, governing/policy making bodies, or political/legal subdivisions, including, but not limited to, former employees and predecessor entities.

11. ***Person.*** The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

12. ***Tense.*** The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

1. ***Applicable time frame.*** Unless otherwise stated herein, all documents requested are for the period from the date that Anthony Martinez was selected or announced as the Federal Public Defender for the Western District of North Carolina (on or about December 1, 2016) **through and including the present**.

2.      ***The scope of the requests.***  Requests for production should be read so as to encompass any and all items responsive to the request. If there are no documents in response to any particular request the party shall state so in writing.

3.      ***Objections, including privileged documents.***  If a party objects to any document request, in whole or in part, including on the grounds of privilege, the document shall be identified and each objection and the all grounds therefor shall be stated separately.  No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.  Any non-objectionable or non-privileged part of a document subject to an objection shall be produced.  All objections shall be made in writing and delivered to the requesting party's counsel within thirty (30) days of service of this request.

4.      ***Redactions, alterations.***  If a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

5.      ***Form of electronically stored information (ESI).***  Absent a request for a specific method of production, the producing party may produce ESI in any reasonable manner that does not impose an undue burden or expense on the requesting party.  The producing party must preserve the integrity of each electronic document's contents (*i.e.*, its original formatting, metadata, and, where applicable, revision history).

6.      ***Organizing the document production.***  Each answer, statement, or objection shall be preceded by the request to which it responds.  All documents shall be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.

7.      ***Producing documents in their entirety.***  Each request contemplates production of all documents in their entirety, including all attachments and enclosures.  If any document is duplicative of a previous request for which the document has already been produced, then the duplicative document does not need to be produced again, but the producing party is requested to identify the duplicative document and respond that such document is among those already produced.

8.      ***Identifying documents that are lost, destroyed, or otherwise is no longer under the party's control.***  If any responsive document has been lost, destroyed, or otherwise is no longer in possession, custody, or control of a party, then the party shall identify the document, state the reason for unavailability, and identify any person who may have knowledge or information relating to the document.

9.      ***Ambiguities.***  If, in responding to this request, a party encounters any ambiguities when construing a request, definition, or instruction, the response shall set forth the matter deemed ambiguous and the construction used in responding.

10. ***The continuing duty to supplement.*** These requests are continuing, and a party's response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## *DOCUMENT REQUESTS*

Document Request No. 1: Documents concerning facts or information that support Plaintiff's contentions in, or that Defendants contend refutes, paragraphs 63–256, 338–54 of the Plaintiff's civil complaint that the Federal Public Defender Office for the Western District of North Carolina ("Federal Public Defender Office"), including but not limited to its employees, engaged in discriminatory, harassing, or retaliatory conduct and communications concerning Plaintiff.

    RESPONSE:

Document Request No. 2: Documents concerning facts or information that support Plaintiff's contentions in, or that Defendants contend refutes, paragraphs 97, 124–26, 133, 135–47, 151, 163, 195–212 of the Plaintiff's civil complaint that the Federal Defender (*i.e.*, Anthony Martinez) was on notice of the First Assistant's (*i.e.*, J.P. Davis) harassing conduct and communications concerning Plaintiff prior to August 10, 2018 (*see* Civil Complaint ¶ 217).

    RESPONSE:

Document Request No. 3: Documents concerning facts or information that support Plaintiff's contentions in, or that Defendants contend refutes, paragraphs 117, 119, 154–55, 160, 175–76 of the Plaintiff's civil complaint that Plaintiff contemporaneously notified co-workers or other judiciary employees of the First Assistant's harassing conduct and communications concerning Plaintiff prior to her filing of her EDR complaint.

    RESPONSE:

Document Request No. 4: Documents concerning facts or information that support Plaintiff's contentions in, or that Defendants contend refutes, paragraphs 187–94 of the Plaintiff's civil complaint that persons within the judiciary were on notice of the First Assistant's harassing conduct and communication concerning Plaintiff prior to her filing of her EDR complaint.

RESPONSE:

Document Request No. 5: Documents concerning facts or information that support Plaintiff's contentions in, or that Defendants contend refutes, paragraphs 39–41, 43, and 264 of the Plaintiff's civil complaint relating to the Federal Public Defender Office.

RESPONSE:

Document Request No. 6: Documents **in native format** concerning the joint Chapter IX and X investigation related to Plaintiff's EDR complaint, including, but not limited to, all versions of draft or final reports, recommendations, witness statements, oaths administered, or evidentiary materials. *See, e.g.*, Fourth Circuit EDR Plan (Jan. 2013), Ch. IX ("The Chief Judge and/or unit executive shall ensure that the allegations in the report are appropriately investigated, either by the human resources manager or other persons.").

RESPONSE:

Document Request No. 7: Documents **in native format** concerning any disqualification issues related to Plaintiff's EDR complaint, including, but not limited to, the Federal Defender. *See, e.g.*, Fourth Circuit EDR Plan (Jan. 2013), Ch. X, § 7 ("A party may seek disqualification of a judicial officer, employee or other person involved in a dispute by written request to the Chief Judge.").

RESPONSE:

Document Request No. 8: Documents **in native format** concerning corrective or disciplinary action related to Plaintiff's EDR complaint, including, but not limited to, action related to the Federal Defender, First Assistant, Appellate Chief (*i.e.*, Josh Carpenter), and any other employees of the Federal Public Defender Office. *See, e.g.*, Fourth Circuit EDR Plan (Jan. 2013), Ch. IX ("Employees found by the Chief Judge and/or unit executive to have engaged in wrongful conduct, as defined in this Plan, may be subject to disciplinary action.").

    RESPONSE:

Document Request No. 9: Documents **in native format** filed with the EDR Coordinator related to Plaintiff's EDR complaint. *See, e.g.*, Fourth Circuit EDR Plan (Jan. 2013), Ch. X, § 5.G ("At the conclusion of formal and informal proceedings under this Plan, all papers, files, and reports will be filed with the Court's EDR Coordinator.").

    RESPONSE:

Document Request No. 10: Documents concerning whether a federal defender can be disqualified from an EDR proceeding, as relevant to Plaintiff's EDR complaint (*see* Civil Complaint ¶ 371).

    RESPONSE:

Document Request No. 11: Documents concerning whether EDR documents must be disclosed to a unit executive, even if that person is the subject of a complaint, as relevant to Plaintiff's EDR complaint (*see* Civil Complaint ¶ 436).

    RESPONSE:

Document Request No. 12: Documents concerning whether an EDR complainant's claims are only "allegations" until they are proved at a final hearing, as relevant to Plaintiff's EDR complaint (*see* Civil Complaint ¶ 432).

    RESPONSE:

Document Request No. 13: Documents concerning whether an EDR presiding officer has the independent legal authority to order remedies against a federal defender office, as relevant to Plaintiff's EDR complaint (*see* Civil Complaint ¶¶ 8, 439, 444–45, and 468).

    RESPONSE:

Document Request No. 14: Documents supporting Plaintiff's allegations in, or that Defendants contend refutes, paragraph 446 of the Plaintiff's civil complaint.

    RESPONSE:

Document Request No. 15: Documents concerning whether constitutional rights, including, but not limited to, due process, exist in an EDR proceeding, as relevant to Plaintiff's EDR complaint (*see* Civil Complaint ¶¶ 428–30).

    RESPONSE:

Document Request No. 16: Documents concerning why the Fourth Circuit EDR Plan, unlike the Model EDR Plan, gives accused violators the right to cross-examine an EDR complainant in a final hearing (*see* Civil Complaint ¶ 448).

    RESPONSE:

Document Request No. 17: Documents concerning whether the chief judge of the Fourth Circuit is a federal defender's "supervisor" in addressing reports of wrongful conduct, as relevant to Plaintiff's EDR complaint (*see* Civil Complaint ¶¶ 287 and 320).

    RESPONSE:

Document Request No. 18: Documents concerning whether the parties to an EDR proceeding are not legally entitled to receive an investigation report because it is an internal document only, as relevant to Plaintiff's EDR complaint (*see* Civil Complaint ¶¶ 398 and 433).

    RESPONSE:

Document Request No. 19: Documents concerning whether decisions on disciplinary action related to a report of wrongful conduct can be made after an EDR proceeding is over, as relevant to Plaintiff's EDR complaint (*see* Civil Complaint ¶ 400).

    RESPONSE:

Document Request No. 20: Documents that support Plaintiff's allegations in, or that Defendants contend refutes, paragraphs 222–34 and 398 of the civil complaint that individuals in the AO's Office of General Counsel provided administrative guidance to her employing office <u>and</u> the Fourth Circuit concerning Plaintiff's EDR complaint, including, but not limited to, any procedures for addressing conflicts of interest.

    RESPONSE:

Document Request No. 21: Documents concerning the mission, role, and legal obligations of the AO's Fair Employment Opportunity Office and the AO's Office of Judicial Integrity, including, but not limited to, its policies, procedures, and guidance for addressing sexual harassment complaints.

    RESPONSE:

Document Request No. 22: Documents concerning whether an employee who reports wrongful conduct has a right to learn any information about a disciplinary proceeding and whether or what corrective action was taken on the employee's complaint (*see* Civil Complaint ¶ 474).

    RESPONSE:

Document Request No. 23: Documents concerning a circuit chief judge's or EDR presiding officer's legal obligation, if any, to order a federal defender office to take prompt and effective remedial action in response to a sexual harassment complaint.

    RESPONSE:

Document Request No. 24: Documents concerning the procedures, policies, and guidance for investigating reports of wrongful conduct and processing EDR complaints within the Fourth Circuit (*e.g.*, excerpt from EDR Benchbook disclosed by Heather Beam to Plaintiff during wrongful conduct investigation).

    RESPONSE:

Document Request No. 25: Documents concerning the procedures, policies, and guidance, relevant to the Fourth Circuit, for determining whether a federal public defender should be removed for incompetency, misconduct in office, or neglect of duty. *See* 18 U.S.C. § 3006A(g)(2)(A) ("The Federal Public Defender shall be appointed for a term of four years, unless sooner removed by the court of appeals of the circuit for incompetency, misconduct in office, or neglect of duty.").

    RESPONSE:

Document Request No. 26: Documents concerning any communications regarding whether Anthony Martinez was subject to removal pursuant to 18 U.S.C. § 3006A(g)(2)(A), as relevant to Plaintiff's EDR complaint.

    RESPONSE:

Document Request No. 27: Documents concerning a Fourth Circuit chief judge's or EDR presiding officer's legal obligation, if any, to provide timely rulings with a written statement of reasons in an EDR proceeding.

    RESPONSE:

Document Request No. 28: Documents concerning Plaintiff's allegations relating to communications described in paragraphs 234, 398–99, 451, 474 of Plaintiff's civil complaint.

    RESPONSE:

Document Request No. 29: Documents concerning Defendants' communications related to Plaintiff's EDR complaint, including, but not limited to, the initiation, investigation, processing, and closure of Plaintiff's EDR complaint.

    RESPONSE:

Document Request No. 30: Documents concerning EDR-specific training requirements for Fourth Circuit EDR presiding officers, EDR Coordinators, unit executives, investigators, and mediators.

    RESPONSE:

Document Request No. 31: Documents concerning EDR-specific training received by Roger Gregory (EDR presiding officer), James Ishida (EDR Coordinator), Anthony Martinez (Unit Executive), Ed Smith (Mediator), and Heather Beam (Investigator).

    RESPONSE:

Document Request No. 32: Documents concerning Defendants' communications to the Federal Public Defender Office, including but not limited to its employees, that further harassment, discrimination, or retaliation would not be tolerated following the submission of Plaintiff's EDR complaint (*see, e.g.*, Civil Complaint ¶¶ 338-54).

RESPONSE:

Document Request No. 33: Documents concerning Plaintiff's personnel record with the Federal Public Defender Office and the Fourth Circuit Court of Appeals, including, but not limited to, personnel files, records pertaining to the job duties for each position held, salary, bonuses, promotions, evaluations, discipline, benefits, demotions, and discharge.

RESPONSE:

Document Request No. 34: Documents concerning Plaintiff's application for an appellate position with the Federal Public Defender Office and any related selection process for that position. *See, e.g.*, Civil Complaint ¶¶ 152, 169–71, 236–38.

RESPONSE:

Document Request No. 35: Documents concerning Plaintiff's request for a transfer within the Fourth Circuit Court of Appeals. *See, e.g.*, Civil Complaint ¶¶ 355–61, 405–10, 454.

RESPONSE:

Document Request No. 36:  Documents concerning the current known, estimated, and projected value of total compensation packages for the individuals employed in attorney positions at the Federal Public Defender Office, including any applicable calculation or estimate of compensation and benefits value produced by the federal government (*e.g.*, U.S. Office of Personnel Management), or otherwise available to Defendants, for similarly compensated federal employees, including employees on the General Schedule or analogous compensation plans. *See, e.g.*, https://www.opm.gov/policy-data-oversight/pay-leave/pay-administration/fact-sheets/federal-employee-compensation-package/ (summary of available employee benefits).

RESPONSE:

Document Request No. 37:  Documents concerning Defendants' calculation or assessment of Plaintiff's damages, including, but not limited to, any data relied upon to determine the calculation or assessment.

RESPONSE:

Document Request No. 38:  Documents supporting Plaintiff's contention that she tried, but failed, to secure other comparable employment within the Fourth Circuit or concerning Defendants' position, if any, that Plaintiff has failed to mitigate her damages, including witness statements, any records related to Plaintiff's job search activities (*e.g.*, Plaintiff's efforts to obtain employment within the federal judiciary), or communications with Plaintiff's prospective employers.  *See, e.g.*, Civil Complaint ¶¶ 487, 491.

RESPONSE:

Document Request No. 39:  Documents concerning work measurement data (*e.g.*, annual caseload) for assistant federal public defenders employed by the Federal Public Defender Office.

RESPONSE:

Document Request No. 40: Documents concerning the Federal Public Defender Office's affirmative action, diversity, non-discrimination or equal opportunity policies, statements, guidelines, practices, plans, training programs, and/or related reports and surveys produced in connection with such policies and programs.

    RESPONSE:

Document Request No. 41: Documents concerning any formal or informal complaints or reports of discrimination, harassment, or retaliation that any federal defender employee or other judiciary employee, including Plaintiff, or judicial officer has made to or about the Federal Public Defender Office <u>and</u> any documents concerning settlement agreements, disciplinary or corrective action.

    RESPONSE:

Document Request No. 42: Documents concerning any formal or informal complaints or reports of discrimination, harassment, or retaliation, or any other professional misconduct that any federal defender employee, other judiciary employee, or judicial officer has <u>ever</u> made about the Federal Defender, the First Assistant, the Appellate Chief, and the Team Leader (*i.e.*, Peter Adolf) during their employment by the federal government, <u>and</u> any documents concerning settlement agreements, disciplinary or corrective action.

    RESPONSE:

Document Request No. 43: Documents concerning any discriminatory, harassing, or retaliatory conduct or communications (*e.g.*, sexist epithet) by the Federal Public Defender Office, including but not limited to its employees. *See, e.g.*, Civil Complaint ¶¶ 49–50, 54, 57–59.

RESPONSE:




Document Request No. 44: Documents concerning applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy all or part of any judgment.

    RESPONSE:




Document Request No. 45: Documents concerning any document retention or destruction policy applicable to documents or communications related to Plaintiff's EDR complaint.

    RESPONSE:




Document Request No. 46: Documents concerning any document retention or destruction policy applicable to documents or communications of the Federal Public Defender Office.

    RESPONSE:




    This the 5th day of June, 2020

                                                  */s/ Cooper Strickland*
                                                  Cooper Strickland
                                                  N.C. Bar No. 43242
                                                 P.O. Box 92
                                                 Lynn, NC 28750
                                                 Tel. (828) 817-3703

cooper.strickland@gmail.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

      I certify that on this 5th day of June, 2020, I have served this document by email on the following counsel for the opposing parties:

Joshua M. Kolsky
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 2005
Joshua.kolsky@usdoj.gov

Gill P. Beck
Caroline B. McLean
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Gill.Beck@usdoj.gov
Caroline.McLean@usdoj.gov

Shannon Sumerell Spainhour
Davis Hartman Wright PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
mss@dhwlegal.com


This the 5th day of June, 2020

                                                  */s/ Cooper Strickland*
                                                  Cooper Strickland
                                                  N.C. Bar No. 43242
                                                  P.O. Box 92
                                                  Lynn, NC 28750
                                                  Tel. (828) 817-3703
                                                  cooper.strickland@gmail.com

                                                  Counsel for Plaintiff