IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|       *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|       *Defendants*. | ) |
| | ) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, by and through her attorney, requests that Defendants serve upon the undersigned attorney (by mail or email) answers under oath to each of the following interrogatories within thirty (30) days of service of these interrogatories.

### *DEFINITIONS*

1.     ***And/or.***  The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of each interrogatory all responses that might otherwise fall outside the scope of an interrogatory.

2.     ***Communication.***  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3.     ***Complaint.***  The term "civil complaint" means the complaint filed in the United States District Court for the Western District of North Carolina on March 3, 2020 (Docket No. 1:20-cv-00066).  The term "EDR complaint" means the request for counseling and report of wrongful conduct submitted by Plaintiff to the Fourth Circuit Court of Appeals on September 10, 2018.

4.     ***Concern or Concerning (or Relate or Relating).***  The terms "concern" or "concerning" (or "relate" or "relating") mean, in addition to their usual and customary meanings, referring to, pertaining to, addressing, discussing, describing, regarding, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

5. ***Control.*** The term "control" is defined to refer to a party's possession, custody, or control of information that is responsive to an interrogatory ("responsive information") at any time. A person is deemed in control of responsive information if the person has any ownership, possession, or custody of the responsive information, or the right to secure the responsive information from any person or public or private entity.

6. ***Document (or Information).*** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

7. ***Identify (With Respect to Persons).*** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. ***Identify (With Respect to Documents).*** When referring to documents, "to identify" means to give, to the extent known, the

  (A) type of document;
  (B) general subject matter;
  (C) date of the document; and
  (D) author(s), addressee(s), and recipient(s).

9. ***Identify (With Respect to Communications).*** When referring to communications, "to identify" means to give, to the extent known,

  (A) a description of the substance of the communication;
  (B) the form of the communication (*e.g.*, telephone, facsimile, email, etc.);
  (C) the identity of all parties to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person;
  (D) the identity of the person who initiated the communication; and
  (E) the time, date, and place of the communication.

10. ***Number.*** The use of singular form includes plural, and vice versa.

11. ***Parties.*** The terms "plaintiff" and "defendant" (or "defendants"), as well as a party's full or abbreviated name (*e.g.*, "Federal Public Defender Office") or a pronoun referring to a party, mean the party (or defendants collectively) and, where applicable, its officers, agents, representatives, employees, governing/policy making bodies, or political/legal subdivisions, including, but not limited to, former employees and predecessor entities.

12. ***Person.*** The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

2

13. ***State the Basis.*** When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

    (A) identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
    (B) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
    (C) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and
    (D) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

14. ***Tense.*** The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

1. ***Applicable time frame.*** Unless otherwise stated herein, all interrogatories are for the period from the date that Anthony Martinez was selected or announced as the Federal Public Defender for the Western District of North Carolina (on or about December 1, 2016) **through and including the present**.

2. ***The scope of the interrogatories.*** Each interrogatory is to be answered fully based on information in your control. Interrogatories should be read so as to encompass any and all information responsive to the interrogatory. If there is no information in response to any particular interrogatory the party shall state so in writing.

3. ***Objections, including privileged information.*** If a party objects to any interrogatory, in whole or in part, including on the grounds of privilege, the information subject to the objection shall be identified and each objection and the all grounds therefor shall be stated separately. No part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory. Any non-objectionable or non-privileged information shall be produced. All objections shall be made in writing and delivered to the requesting party's counsel within thirty (30) days of service of these interrogatories.

4. ***Organizing the interrogatory responses.*** Each interrogatory response shall be preceded by the interrogatory to which it responds.

5. ***Identifying responsive information that is lost, destroyed, or otherwise is no longer under the party's control.*** If any responsive information has been lost, destroyed, or otherwise is no longer in possession, custody, or control of a party, then the party shall identify the

information, state the reason for unavailability, and identify any person who may have knowledge or information relating to the responsive information.

6. **Ambiguities.** If, in responding to these interrogatories, a party encounters any ambiguities when construing an interrogatory, definition, or instruction, the response shall set forth the matter deemed ambiguous and the construction used in responding.

7. **The continuing duty to supplement.** These interrogatories are continuing, and a party's response to these interrogatories must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## *INTERROGATORIES*

Interrogatory No. 1: Identify all persons with knowledge or information relating to the allegations in the civil complaint, including any related denials or defenses asserted in any answer to the civil complaint.

    RESPONSE:

Interrogatory No. 2: Identify all persons whom Defendants (organize response by Defendant) have communicated (exclusive of counsel in the instant action) concerning the allegations in the civil complaint, including any related denials or defenses asserted in any answer to the civil complaint, and identify those communications.

    RESPONSE:

Interrogatory No. 3: Identify all documents or communications of which Defendants (organize response by Defendant) are aware concerning the allegations in the civil complaint, including any related denials or defenses asserted in any answer to the civil complaint.

    RESPONSE:

Interrogatory No. 4: Identify all persons whom Defendants (organize response by Defendant) intend to call as witnesses at trial, including any expert(s), and give a summary of their anticipated testimony.

    RESPONSE:

Interrogatory No. 5: *During the existence of the Federal Public Defender Office for the Western District of North Carolina ("Federal Public Defender Office"), or any predecessor entity*, identify all persons who have made complaints of employment-based harassment, discrimination, hostile work environment, or retaliation against the Federal Public Defender Office. Provide the allegations of the complaint in detail and describe any action proposed or taken by or against the Federal Public Defender Office in response to each complaint. Complaints include verbal complaints, written complaints, lawsuits, and any other means by which employees have complained about employment-based harassment, discrimination, hostile work environment, or retaliation.

    RESPONSE:

Interrogatory No. 6: Set forth in detail which allegations in the civil complaint the Defendants (organize response by Defendant) were aware prior to the service of the civil complaint in the lawsuit. Identify the persons aware of such facts, the source of their information, the facts of which each person was aware, and the Defendants' response to such facts, if any.

    RESPONSE:

Interrogatory No. 7: Identify all persons from whom Defendants (organize response by Defendant) have received statements (oral or written) relating to the allegations set forth in the civil complaint, including any related denials or defenses asserted in any answer to the civil complaint, and give a summary of each statement.

5

RESPONSE:

Interrogatory No. 8: Identify all persons who participated in any investigation initiated by Defendants in response to the EDR complaint.

RESPONSE:

Interrogatory No. 9: Describe, in detail, all training, if any, provided to employees of the Federal Public Defender Office regarding the prevention of employment discrimination, harassment, hostile work environment, retaliation, and complaint procedures (including notice of any applicable EDR plan), including the date and place of each training session. Identify each person who conducted each training session and the persons who attended, and state whether attendance was mandatory.

RESPONSE:

Interrogatory No. 10: Describe, in detail, all steps or actions, if any, Defendants (organize response by Defendant) took to address or respond to the allegations of harassment, discrimination, hostile work environment, and retaliation described in Plaintiff's EDR complaint, both before and after the filing of her EDR complaint.

RESPONSE:

Interrogatory No. 11: Describe, in detail, all steps or actions, if any, Defendants (organize response by Defendant) took to prevent harassment, discrimination, hostile work environment,

and retaliation against Plaintiff after she notified Defendants of the information and conduct described in Plaintiff's EDR complaint, both before and after the filing of her EDR complaint.

RESPONSE:

Interrogatory No. 12: State the basis for any denial of any allegation contained in the civil complaint or any assertion of an affirmative defense set forth in any answer to the civil complaint.

RESPONSE:

Interrogatory No. 13: Identify all persons who provided information used, and all documents reviewed or referenced, in responding to these interrogatories.

RESPONSE:

This the 12th day of June, 2020

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on this 12th day of June, 2020, I have served this document by email on the following counsel for the opposing parties:

Joshua M. Kolsky
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 2005
Joshua.kolsky@usdoj.gov

Gill P. Beck
Caroline B. McLean
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Gill.Beck@usdoj.gov
Caroline.McLean@usdoj.gov

Shannon Sumerell Spainhour
Davis Hartman Wright PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
mss@dhwlegal.com


This the 12th day of June, 2020

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff