

U.S. Department of Justice    Exhibit C
Civil Division, Federal Programs Branch

---

Joshua Kolsky                                                  Tel.: (202) 305-7664
Trial Attorney                                             E-mail: Joshua.kolsky@usdoj.gov

June 17, 2020

**BY E-MAIL**
Cooper Strickland
P.O. Box 92
Lynn, NC 28750
cooper.strickland@gmail.com

       Re:     *Roe v. United States, et al.*, No. 20-66 (W.D.N.C.)

Dear Mr. Strickland:

       I write on behalf of the DOJ-represented defendants in response to Plaintiff's First Set of Document Requests and First Set of Interrogatories in the above-referenced action. You served those on June 5 and June 12, respectively. The local rules of the U.S. District Court for the Western District of North Carolina clearly state that "[s]ubject to the exception for Rule 34 requests as set forth in Fed. R. Civ. P. 26(d)(2), official Court-enforceable discovery does not commence until issuance of the Scheduling Order." LCvR 26.1; *see also* LCvR 16.1(f) (same). Here, the Court has not yet issued a scheduling order in this case. And although the local rules permit a "party seeking early Court-enforceable discovery" to "file a motion for leave to take early discovery stating the reasons therefor," LCvR 16.1(f), Plaintiff has not filed any such motion, other than her motion for John Doe discovery, which has not been granted. Therefore, Plaintiff's discovery requests are premature and not in compliance with the local rules. Defendants are not obligated to respond further or to produce documents or information pursuant to the requests.

       I note further that, as we have explained previously, any discovery prior to a ruling on the qualified immunity defenses in this case would be improper. Qualified immunity is not merely a defense to liability but rather "an entitlement not to stand trial *or face the other burdens of litigation*" prior to "the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added). Accordingly, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*." *Id*. This prohibition on early discovery extends to "discovery as to other parties" because "it would prove necessary for [individual defendants] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

   For these reasons, we respectfully request that Plaintiff promptly withdraw her discovery requests and refrain from serving new discovery requests until permitted under the local rules or by order of the Court.  We ask that you please respond no later than close of business on June 19, 2020.

               Sincerely,

               /s/

               Josh Kolsky


CC: All counsel of record