# DAVIS HARTMAN WRIGHT PLLC
## ATTORNEYS AT LAW

ASHEVILLE     NEW BERN     RALEIGH     WILMINGTON

MICHAEL SCOTT DAVIS                                                           28 SCHENCK PARKWAY
MARK SPENCE HARTMAN                                                                 SUITE 200
SHANNON S. ("MISSY") SPAINHOUR                                      ASHEVILLE, NC 28803
I. CLARK WRIGHT, JR.                                                                 PHONE 828-333-4918
                                                                                                            MOBILE 704-904-0506

SENDER'S E-MAIL: MSS@DHWLEGAL.COM

June 17, 2020

**VIA ELECTRONIC MAIL**

Cooper Strickland, Esq.
P.O. Box 92
Lynn, NC 28750
cooper.strickland@gmail.com

         Re:       Discovery Requests: *Roe v. United States, et al.,* Case No. 1:20-CV-66

Dear Mr. Strickland:

Like the DOJ-represented defendants, Mr. Martinez, in his individual capacity, objects to the service and timing of Plaintiff's First Set of Document Requests and First Set of Interrogatories in this matter. You served those by e-mail on June 5 and June 12, respectively. The local rules of the U.S. District Court for the Western District of North Carolina state that "[s]ubject to the exception for Rule 34 requests as set forth in Fed. R. Civ. P. 26(d)(2), official Court-enforceable discovery does not commence until issuance of the Scheduling Order." LCvR 26.1; *see also* LCvR 16.1(f) (same). The Court has not yet issued a scheduling order in this case. And, although the local rules permit a "party seeking early Court-enforceable discovery" to "file a motion for leave to take early discovery stating the reasons therefor," LCvR 16.1(f), Plaintiff has not filed any such motion, other than her motion for John Doe discovery, which has not been granted. Therefore, Plaintiff's discovery requests are premature and not in compliance with the local rules. Mr. Martinez is not obligated to respond further or to produce documents or information pursuant to the requests.

Additionally, as Defendants have explained previously, any discovery prior to a ruling on the qualified immunity defenses in this case would be improper. Qualified immunity is not merely a defense to liability but rather "an entitlement not to stand trial or face the other burdens of litigation" prior to "the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added). Accordingly, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id*.

For these reasons, and like the other defendants, we respectfully request that Plaintiff promptly withdraw her discovery requests to Mr. Martinez and refrain from serving new discovery requests

Mr. Cooper Strickland
June 17, 2020
Page 2

until permitted under the local rules or by order of the Court. We ask that you please respond no later than 5:00 p.m. on June 19, 2020.

                    Sincerely,
                    FOR THE FIRM

                    *s/ Missy Spainhour*

                    Shannon ("Missy") Spainhour

cc: Josh Kolsky, Esq.
     Gill Beck, Esq.