## EMPLOYMENT DISPUTE RESOLUTION

On recommendation of the Committee, the Conference adopted the following policy statement regarding a judge's role when presiding in an employment dispute resolution (EDR) proceeding:

a. EDR proceedings are strictly administrative and are not "cases and controversies" under Article III of the Constitution;

b. Judges presiding in EDR matters are functioning in an administrative rather than judicial capacity;

c. Judges' decisions in EDR matters must be in conformance with all statutes and regulations that apply to the judiciary, and judges in the EDR context have no authority to declare such statutes or regulations unconstitutional or invalid; and

d. Judges presiding in EDR matters may not compel the participation of or impose remedies upon agencies or entities other than the employing office which is the respondent in such matters.

## COMMITTEE ACTIVITIES

The Committee on Judicial Resources reported that it submitted to the Committee on the Budget a fiscal year 2012 budget request that represents a 5.4 percent increase over the fiscal year 2011 assumed appropriations. In order to stay within the guidelines recommended by the Budget Committee for 2012, the request was based on a re-computation of the staffing formulas using only the fastest 70 percent of the work measurement data at the category level of work (e.g., civil cases, Chapter 7 bankruptcy cases). The Committee also established as Committee policy its intent to use category-level formula adjustments as a cost-containment mechanism for developing its budget request each year when budget guidance establishes a ceiling lower than would be derived using the work measurement formulas at 100 percent of requirements. The Committee asked the Administrative Office to conduct studies on the alternative dispute resolution program, death penalty law clerks, and court sizing formulas, and present the results to the Committee at its June 2011 meeting.