

**From:** ▮▮▮▮▮
**Sent:** Tuesday, January 22, 2019 2:09 PM
**To:** RLG@ca4.uscourts.gov <RLG@ca4.uscourts.gov>; James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Subject:** Proposed Resolution for Chapter X EDR Claim

Dear Chief Judge Gregory and Circuit Executive Ishida,

Although it was my dream since law school to be a federal defender, I do not believe it is possible to reach a resolution with my current office that will protect me from further harassment and allow me to advance in my career. Therefore, I respectfully ask for the Fourth Circuit's assistance in transitioning to another position. In the short term, I am willing to consider solutions such as temporary administrative leave or a judicial clerkship. As a permanent solution, I am interested in a transfer to the Federal Defender Office for the Western District of Virginia, ▮▮▮▮▮.

I filed a formal EDR claim, in part, to ensure that the scope of the investigation into sexual harassment by the First Assistant would be expanded to include my allegations of retaliation against the Federal Defender. Now that the final investigative report is complete, I understand that the Office of General Counsel (OGC) has recommended against distributing the report to me or to the employing office. At the same time, OGC has recommended denying my request to disqualify the Federal Defender. OGC's guidance would require me to negotiate directly with an alleged violator without knowing the report's findings and recommendations. While I disagree with OGC's guidance, I respect the Fourth Circuit's decision to follow it.

I am concerned, however, that a successful negotiation is unlikely. For example, after the First Assistant made me feel so threatened that I stopped coming into the office, he joked to an attorney colleague who was leaving the office that he should attend the next office retreat to give sexual harassment training. Worse yet, the Federal Defender ignored my concerns, mishandled and escalated the situation, and only initiated a wrongful conduct report after I followed up on his promises to finally address the situation. Similarly, when I expressed interest in a recently-posted "appellate" attorney position, Appellate Chief Josh Carpenter openly discouraged me from applying. When I applied anyway, I was not selected for an interview. I have been told it is no secret that the new appellate attorney was chosen to be my replacement.

Under these circumstances, I do not see any path forward that would allow me to continue working in my office. But I am also concerned that I will be subjected to rumors and reputational damage. For example, years after attorney Robert Carlin took time off following his wife's ▮▮▮ to care for his ▮▮▮ son (and was subsequently fired), I personally heard the First Assistant and others insinuate that Mr. Carlin killed his wife, which they claimed to know because office investigator Jim Allard "looked into it." After attorney ▮▮▮, who is gay, was fired, office rumors began circulating that Mr. ▮▮▮ was exchanging sexual favors with prison guards. Similar incivility extends to our clients, such as at a recent all-staff meeting when,

in front of the entire office and the Federal Defender, Trial Team Leader Peter Adolf repeatedly referred to his intellectually-disabled client as a "retard." So far, I am aware of the First Assistant implying that I looked good on paper but didn't work out; I am concerned it will not end there.

My objective now is to move on in a way that preserves my professional reputation and career options. I graduated with high honors from the ▇▇▇ School of Law, where I served on the editorial board of the ▇▇▇ Journal. Prior to my current position, I was a ▇▇▇ Fellow at the Administrative Office of the U.S. Courts. Previously, I served as a judicial law clerk for Judge ▇▇▇ of the U.S. Court of Appeals for the ▇▇▇ Circuit, Judge ▇▇▇ of the U.S. District Court for the ▇▇▇ District of ▇▇▇, and Chief Justice ▇▇▇ of the ▇▇▇ Supreme Court. I believe these experiences make me well-qualified for a position in a federal defender office, a judicial clerkship, or a combination of both.

A transfer to another federal defender office with flexible working conditions, specifically in the Western District of Virginia, would resolve my Chapter X claim. In 2017, I received a similar offer for the ▇▇▇ division from Federal Defender ▇▇▇ that was revoked solely because Mr. ▇▇▇ had miscalculated the number of available positions under the office's work measurement formula. In the short term, I would be willing to consider other options, such as temporary administrative leave or a temporary judicial clerkship. If possible, we can further discuss the details of any potential solution.

Thank you for your time and consideration.

Respectfully,

▇▇▇