IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAORLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

JANE ROE,                          )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )
                                   )
UNITED STATES OF AMERICA, et al.,  )
                                   )
    Defendants.                    )

**REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO SET DEADLINE TO RESPOND TO EARLY DISCOVERY REQUESTS**

Defendants' three-and-one-half page Motion to Set Deadline to Respond to Early Discovery Requests, ECF No. 51, raised the narrow issue of whether the Local Rules control the timing of discovery in this case. Plaintiffs' 25-page response primarily focuses on arguments concerning Defendants' motions to dismiss, and thus constitutes a back-door attempt to file a sur-reply regarding those motions under the guise of an opposition to Defendants' discovery motion. Of course, Plaintiff is required to obtain leave of Court before filing a sur-reply, which she has not obtained. LCvR 7.1(e). The Court should strike or disregard Plaintiff's irrelevant arguments.

As to the issues actually addressed in Defendants' discovery motion, Plaintiff has relatively little to say. She presents no credible basis to deny that the Local Rules

of this district prohibit discovery while a motion to dismiss is pending. Instead, she suggests that the Local Rules are invalid or should not be followed here, but those arguments are meritless. Likewise, her argument that the Court should permit discovery prior to a ruling on the qualified immunity defenses directly conflicts with on-point Supreme Court authority. For these reasons, the Court should grant Defendants' motion and confirm, in accordance with its May 11, 2020 Minute Entry, "the local rules for the Western District of North Carolina will apply." This clear directive includes that the Local Rules govern the timing of discovery in this case.

## I. Defendants Have Not Waived Their Right to Oppose Early Discovery

At the outset, Defendants plainly have not "waived any objection to proceeding with discovery," as Plaintiff contends. Resp. in Opp'n to Defs' Joint Mot. to Set Deadline to Respond to Early Discovery Requests ("Opp'n"), ECF No. 55, at 3. This purported waiver arises from the fact that Defendants agreed to a trial date and summary judgment deadline and Defendants proposed a deadline for the end of discovery in the parties' Joint Statement and Proposed Case Management Schedule. In that filing, however, Defendants expressly stated that they "strongly disagree that there should be any discovery in this case prior to a ruling on Defendants' motions to dismiss." ECF No. 34, at 1. Defendants also specifically explained that discovery was improper prior to a ruling on the absolute and qualified immunity defenses, that discovery is generally inappropriate until resolution of a

2

motion to dismiss, and that the Local Rules of this District prohibit discovery until issues have joined and a scheduling order has been entered. *Id*. at 1-3. Accordingly, Defendants have not waived an objection to beginning discovery but instead have maintained a consistent position regarding the timing of discovery in this case – discovery should occur, if at all, on the timeline provided by the Local Rules and no sooner.[1]

## II. Plaintiff's Premature Discovery is Contrary to the Local Rules

Plaintiff does not dispute the critical point that Local Civil Rule 16.1(f) generally prohibits discovery "until issues have joined and a Scheduling Order has been entered," LCvR 16.1(f), neither of which have occurred. Under LCvR 16.1(d), "[w]here Rule 12 motions are filed and briefed, issues will not join until the Court resolves such issues." Accordingly, there is no serious dispute that the local rules prohibit discovery at this point in the litigation. Nevertheless, Plaintiff argues that the local rules should not be applied here, but none of her arguments are persuasive.[2]

---

[1] Indeed, if there has been any waiver, it would be by *Plaintiff* because Plaintiff failed to raise, in the Joint Statement and Proposed Case Management Schedule, many of the arguments she now raises in opposition to Defendants' Motion. *See id*. at 3 (opposing delay of discovery because Defendants' arguments were "premature," a delay would require moving the trial date, Plaintiff had already served initial disclosures, and Plaintiff allegedly would be prejudiced by delay).

[2] The reference in LCvR 16.1(f) to early Rule 34 production requests, which allows early *service* of such requests, does not suggest a party would be obligated to *respond* to such requests before issues have joined and a Scheduling Order has been issued.

3

In fact, as Plaintiff disregards, this Court has already ordered that the Local Rules do apply in this case, both during the initial hearing on this matter on May 11, 2020 and in its Minute Entry of the same date. ECF Minute Entry May 11, 2020. ("The local rules for the Western District of North Carolina will apply."). Plaintiff did not object to this ruling at the time, nor did she request any special or different considerations then or at any time since then. She should not be permitted now to circumvent this Court's directive and the Local Rules.

First, Plaintiff suggests that Local Civil Rule 16.1 is invalid because it allegedly conflicts with various Federal Rules of Civil Procedure regarding the timing of discovery. Opp'n at 3-4. But there is no conflict. Rule 26(d)(1) does not *require* courts to permit discovery after a Rule 26(f) conference. Rather, it provides that, with certain exceptions such as a "court order," "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). Likewise, there is no conflict between Local Civil Rule 16.1 and the Federal Rules governing early document requests, as those Rules do not prohibit courts from determining the timing of discovery.³ As for the Rules

---

On the contrary, LCvR 16.1(d) provides that court-enforceable discovery does not commence until those steps have occurred.

³ In any event, Plaintiff's discovery requests are not early Rule 34 requests. Early Rule 34 requests are served before the parties' Rule 26(f) conference, not after as here. *See* Fed. R. Civ. P. 26(d)(2). And Plaintiff's interrogatories are obviously not Rule 34 requests at all. Most importantly, under LCivR 16.1(d), "Court-enforceable

4

regarding the timing of initial disclosures, those Rules specifically provide that they apply "[e]xcept as . . . ordered by the court," Fed. R. Civ. P. 26(a)(1)(A), thereby permitting local rules to establish different timelines. *See Johnson v. Lafayette Fire Fighters Ass'n Local 472*, 51 F.3d 726, 729 (7th Cir. 1995) ("local rules are, in effect, 'standing orders,'" that "should be viewed as an order of the court" and the "Supreme Court and Congress have frequently used the federal rules to adopt default rules of procedure that are modifiable by the districts through the adoption of local rules"). Lastly, Rule 56(b)'s provision concerning the timing of discovery says nothing about when discovery may begin.[4]

Next, contrary to Plaintiff's suggestion, Defendants do not contend that this Court lacks "discretion to apply the Local Civil Rules in a manner consistent with the demands of the case." Opp'n at 4. This Court may, of course, issue its own orders regarding the timing of discovery, but in the absence of such an order, the Local Rules control. Plaintiff also baldly asserts that Local Civil Rule 16.1 "is not applicable to, cases where the court has already ordered an Initial Attorney's

---

discovery does not commence until issues have joined and a Scheduling Order has been entered," two events which have not occurred.

[4] Notably, if Plaintiff were correct that a local rule may not prohibit discovery prior to a ruling on a motion to dismiss, that would mean that a court could not do so either. But it is firmly established that district courts "enjoy nearly unfettered discretion to control the timing and scope of discovery." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996).

5

Conference and set summary judgment motion and trial dates." Opp'n at 4. Plaintiff cites nothing to support this conclusion; she has simply invented an exception to the local rule. The language of Local Civil Rule 16.1(f) is unqualified and suggests no exception. Plaintiff also observes that the Local Rules reference early Rule 34 requests under Federal Rule of Civil Procedure 26(d)(2), but as discussed above, Plaintiff has not served Rule 26(d)(2) requests. Rather, she has served ordinary Rule 34 requests before permitted by the Local Rules.

Accordingly, there is no serious dispute that Local Civil Rule 16.1(f) applies here and that it prohibits Plaintiff's early discovery requests.

### III. Defendants' Absolute and Qualified Immunity Defenses Preclude Early Discovery

Plaintiff argues that "defendants are not entitled to a ruling on their immunity defenses prior to discovery;" however, the Supreme Court has held "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").

Plaintiff cites *Crawford-El v. Britton*, 523 U.S. 574 (1998) and argues that "limited discovery" is necessary. Opp'n at 19. Although Plaintiff argues that she is seeking "limited discovery," her Production Requests and Interrogatories reveal that

6

Plaintiff is seeking broad reaching discovery. For example, Plaintiff's First Set of Document Requests includes forty-six separate requests for production (ECF No. 51, Exhibit A), and her thirteen interrogatories (ECF No. 51, Exhibit B) are certainly not limited. Moreover, Plaintiff's Opposition underscores the breadth of discovery she is seeking. Specifically, she asserts that she needs "the opportunity to obtain discovery on performance issues and ineffective assistance of counsel by other attorneys in the FDO," and she "anticipates that ***discovery would be abundant in this area***." Opp'n at 13 & n.6 (emphasis added). Additionally, Plaintiff's Initial Disclosures, attached as Exhibit E, reveal that she believes discoverable witnesses include three Fourth Circuit Judges, a law clerk to Chief Judge Gregory, three District Court Judges for the Western District of North Carolina, a Counselor to the Chief Justice, two Special Assistants in the Office of the Counselor to the Chief Justice, and numerous other witnesses.

*Crawford-El* is also distinguishable in that it dealt with whether the D.C. Circuit could impose a heightened pleading standard, which required proof by clear and convincing evidence. The Supreme Court rejected the D.C. Circuit's proposed "clear and convincing" heightened standard of proof. Contrary to Plaintiff's assertion that limited discovery should be allowed, *Crawford-El* supports Defendants' position that the immunity defenses should be resolved before discovery is allowed. Specifically, *Crawford-El* emphasizes "if the defendant does

7

plead the immunity defense, the district court should resolve that threshold question before permitting discovery." *Crawford-El*, 523 U.S. at 598. "To do so, the court must determine whether, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law." *Crawford-El*, 523 U.S. at 598. As the *Crawford-El* Court stressed, "a firm application of the Federal Rules of Civil Procedure is fully warranted," and a court must act "in a way that protects the substance of the qualified immunity defense." *Crawford-El*, 523 U.S. at 597. "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Iqbal v. Ashcroft*, 556 U.S. 662, 685 (2009).

Plaintiff argues that she is being "prejudiced" (Opp'n at 22) by the Defendants' insistence that Local Rules and Supreme Court precedent be followed and their motions to dismiss raising immunity, subject matter jurisdiction, and sovereign immunity be decided before discovery. However, the Supreme Court has struck the balance differently than Plaintiff's "prejudice-based" claim to discovery. "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Iqbal*, 556 U.S. at 685. The Supreme Court's "concerns of litigation, including avoidance of disruptive discovery, are especially prominent in a case like this where Plaintiff is making allegations of invidious, intentional discrimination by the Circuit Chief

8

Justice and other high-level officials and seeks $5.3 million in front pay, $62,137.16 in back pay, compensatory damages, and punitive damages from Chief Judge Gregory, Circuit Executive Ishida, General Counsel Walter, and Defender Martinez[5] in their individual capacities. "If a Government official is to devote time to his or her duties . . . it is counterproductive to require the substantial diversion that is attendant to participating in litigation[.]" *Iqbal*, 56 U.S. at 685. "Litigation, though necessary to ensure that officials comply with the law, exact heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Iqbal*, 56 U.S. at 685. The "concerns of litigation, including disruptive discovery" divert high level

---

[5] Plaintiff has conceded that she has no claim for compensatory or punitive damages against the official capacity and entity defendants. ECF No. 49 at 16 ("Roe is not seeking compensatory or punitive damages against the official capacity and entity defendants."). Consequentially, she *is* seeking all of her claimed compensatory and punitive damages from Chief Judge Gregory, Circuit Executive Ishida, General Counsel Walter, and Defender Martinez in their individual capacities. Plaintiff's representation that she is seeking "limited discovery" is "especially cold comfort in this pleading context, where [courts] are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of duties." *Iqbal*, 556 U.S. at 686. "It is no answer . . . to say that discovery . . . can be deferred while pretrial proceedings continue for other defendants. . . . [I]t would provide necessary for [individual defendants] to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if [the individual defendants] are not yet the subject to discovery orders, they would not be free from the burdens of discovery." *Iqbal*, 556 U.S. at 685-86.

judicial officials from their important work, and support the Supreme Court's insistence that the immunity defense be decided before discovery.

Plaintiff cites *Al Shimari v. CACI Int'l, Inc*., 679 F.3d 205 (4th Cir. 2012) (en banc); however, that case is distinguishable because it dealt with a private contractor seeking to invoke the government's immunity in accordance with *Mangold v. Analytic Services, Inc.*, 77 F.3d 1442 (4th Cir. 1996). In *Al Shimari*, the plaintiff alleged that private contractors at Abu Graib tortured detainees by depriving them of basic human necessities, beating them, running electric current through their bodies, subjecting them to sexual abuse, and traumatizing them with mock executions and other sadistic acts. The defendants sought to invoke governmental immunity, but the Fourth Circuit observed that the contractor had not established entitlement to invoke official immunity by failing to establish that in performing these alleged actions the private contractor was acting in accordance with the contract with the United States. In *Al Shimari*, the Fourth Circuit did not reach the issue of whether the plaintiff had sufficiently pled that each defendant had personally violated clearly established constitutional rights because the plaintiff had not established that they were entitled to the government's immunity. By contrast, in the case before this Court, there is no question that Defendants are entitled to invoke qualified immunity and to have the Court determine whether Plaintiff's Complaint

10

has alleged that each Defendant personally violated a clearly established constitutional right of Plaintiff.

Plaintiff also cites *Iqbal*, regarding the distinction between fact-based and abstract issues of law; however, *Iqbal* only further demonstrates that Defendants are entitled to have the Court determine the issue of law regarding whether Plaintiff has with the appropriate level of specificity alleged a violation of clearly established constitutional rights. As the *Iqbal* Court observed, "the Court of Appeals considered only the allegations contained within the four corners of respondent's complaint . . . [and] evaluating the sufficiency of a complaint is not a 'fact-based' question of law[.]" *Iqbal*, 556 U.S. at 673. Similarly, evaluating the "four corners" of Plaintiff's Complaint to determine if Plaintiff has properly pled that each Defendant personally violated Plaintiff's constitutional rights is an issue of law.

Plaintiff argues that "whether defendants retaliated or consciously failed to act on harassment are questions of fact that cannot be resolved on a motion to dismiss," but this argument essentially concedes that Plaintiff's complaint merely speculates that the Defendants personally violated Plaintiff's constitutional rights. *See Haight v. O'Bannon*, 102 F. Supp. 3d 179, 182 (D.D.C. 2015) (rejecting request for discovery into "which, if any, policies permitted [defendant] to violate Plaintiff's constitutional rights"); *see also Patrick v. District of Columbia*, 179 F. Supp. 3d 82, 89 (D.D.C. 2016) ("[B]y arguing that he requires discovery at the motion-to-dismiss

11

stage, Mr. Patrick essentially concedes that his allegations against the District are based on speculation.").

Plaintiff evinces a fundamental misunderstanding of the state of the law as to both Rule 8, Rule 12, and qualified immunity. "A plaintiff may not . . . use discovery to obtain the facts necessary to establish a claim that is plausible on its face[.]'" *Felder v. WMATA*, 105 F. Supp. 3d 52, 59 (D.D.C. 2015) (citing *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) ("The language of *Iqbal*, 'not entitled to discovery,' is binding on the lower federal courts.")); *see also Iqbal*, 556 U.S. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions[.]"); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). And an individual-capacity defendant who demonstrates an entitlement to qualified immunity "is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526) (emphasis added). The answer to insufficient pleading is dismissal, not discovery. *See Iqbal*, 556 U.S. at 686 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

12

## IV. Plaintiff's Additional Arguments Do Not Justify Early Discovery

Plaintiff also argues "Defendants have not shown good cause for a stay." Opp'n at 22. But, obviously, Defendants do not have to establish good cause to follow the Local Rules and Supreme Court precedent. It is *Plaintiff* who is seeking a deviation from these authorities and who therefore bears the burden to establish a basis to do so. In any event, there is plainly good cause to defer discovery given the various defenses, including absolute and qualified immunity, raised in Defendants' motions which are dispositive of Plaintiff's claims. *See Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").

Also, Plaintiff has failed to establish any legal prejudice from having to follow the ordinary litigation schedule for cases proceeding in this district. Plaintiff desires early discovery to determine which witnesses to depose, to engage in settlement discussions, and to begin her summary judgment motion, Opp'n at 23, but any plaintiff in any case could say the same thing. Likewise, every plaintiff desires a "speedy resolution" of his or her case. *Id.* If these arguments were enough to justify early discovery, early discovery would be the norm in this district and Local Rule 16.1(f) would be rendered null. Furthermore, Plaintiff has not shown that abiding by the Local Rules would materially delay the resolution of her case, particularly

13

given that Defendants' motions to dismiss are already fully briefed and ripe for decision. In sum, Plaintiff has no credible basis to claim prejudice.

Finally, Plaintiff mischaracterizes the circumstances when she accuses Defendants of "ongoing delay tactics" and a "refusal to cooperate in discovery[.]" Opp'n at 22. As discussed, Defendants' position is simply that the parties must follow the Local Rules of this district unless and until the Court orders otherwise. Abiding by the Local Rules is not a "delay tactic" or otherwise improper. Indeed, *Plaintiff* is the party who has proceeded contrary to the legal obligations imposed by the Local Rules. Plaintiff chose to serve broad discovery requests notwithstanding the clear prohibition against early discovery in the Local Rules and without first seeking leave of Court as contemplated by those rules. *See* LCvR 16.1(f) ("A party seeking early Court-enforceable discovery may file a motion for leave to take early discovery stating the reasons therefor."). Even after Defendants informed Plaintiff that her discovery requests were in violation of the Local Rules, *see* Exhibits C & D, Plaintiff has persisted in demanding responses to those improper requests.

Relatedly, it is unfortunate that Plaintiff has accused Defendants of making "unprofessional and disparaging remarks." Opp'n at 25. What Plaintiff relies upon as the basis for such weighty allegations is nothing more than Defendants' accurate statements about the allegations in her Complaint and the unsupported legal theories she has advanced in her briefs. Plaintiff should not be surprised to learn that

14

Defendants strongly disagree with her as to the legal sufficiency of her causes of action and supporting allegations. That disagreement, however, does not reflect any views about Plaintiff personally, and does not mean that Defendants have been "antagonistic" or "inappropriate," as Plaintiff insists.

### V. The Court Should Strike or Disregard Irrelevant Arguments in Plaintiff's Opposition

Although the purpose of Plaintiff's Opposition was ostensibly to respond to arguments in Defendants' motion regarding the timing of discovery, Plaintiff has devoted 16 pages of her opposition to address arguments in Defendants' replies in support of Defendants' motions to dismiss. Opp'n at 4-19, 21. None of those arguments has even the slightest relevance to the instant motion. Rather, Plaintiff has taken it upon herself to file, without leave of Court, what is effectively a sur-reply as to Defendants' motions to dismiss.

Plaintiff argues that she is "entitled to discovery on the defenses raised in the motions to dismiss, which (1) are intertwined with the merits of her claims and (2) raise disputes of fact that cannot be resolved on a motion to dismiss." Opp'n at 4. Plaintiff is incorrect in contending that factual issues preclude dismissal of her complaint, but that argument pertains to the motions to dismiss, not the instant motion. Plaintiff should not be permitted to inject arguments about the motions to dismiss into briefing on an unrelated motion. The only issue raised in Defendants' Motion to Set Deadline to Respond to Early Discovery Requests is whether

discovery is proper at this stage of the litigation. The fact that Plaintiff believes factual issues preclude dismissal does not show any entitlement to early discovery. Likewise, Plaintiff's contention that Defendants "have invited conversion of the motion to dismiss to one for summary judgment" is an argument relevant to Defendants' motions to dismiss, not the discovery motion. In fact, Plaintiff raised that same argument during the motion to dismiss briefing. *See* Resp. in Opp'n to the Official Capacity and Entity Defs' Mot. to Dismiss. *See* ECF No. 49 at 22 n.20. That argument is wholly separate from whether Plaintiff should be permitted to take early discovery.

Accordingly, Plaintiff's arguments on pages 4 through 19 and page 21 of her opposition are irrelevant to the narrow issue raised in Defendants' motion, and the Court should strike or disregard those pages.

This the 27th day of July, 2020.

        Respectfully submitted,

        ETHAN P. DAVIS
        Acting Assistant Attorney General

        CARLOTTA P. WELLS
        Assistant Branch Director

        s/*Joshua Kolsky*
        JOSHUA M. KOLSKY
        Trial Attorney
        D.C. Bar No. 993430
        United States Department of Justice

Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov


R. ANDREW MURRAY
UNITED STATES ATTORNEY

s/Gill P. Beck
GILL P. BECK
Assistant United States Attorney
N.C. State Bar No. 13175
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Phone: (828) 271-4661
Fax: (828) 271-4327
Email: Gill.Beck@usdoj.gov

Counsel for Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, the Federal Public Defenders Office, Chief Judge Roslynn R. Mauskopf, James C. Duff, and Anthony Martinez in their official capacities, and General Counsel Sheryl L. Walter, Chief Judge Roger L. Gregory, James N. Ishida, in their individual and official capacities.

s/Shannon Sumerell Spainhour
SHANNON SUMERELL SPAINHOUR
N.C. State Bar No. 28108
DAVIS HARTMAN WRIGHT PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
Phone: 828-771-0833
Fax: 252-514-9878
Email: mss@dhwlegal.com


Counsel for Federal Public Defender Anthony Martinez in his individual capacity