IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

JANE ROE,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

**REPLY IN SUPPORT OF REQUEST TO STRIKE AND
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

# INTRODUCTION

Defendants have moved to dismiss Plaintiff's complaint alleging constitutional and statutory claims against numerous judicial branch defendants. Defendants' motions to dismiss were fully briefed by July 17, 2020. Separately, on July 6, 2020, Defendants filed a Joint Motion to Set Deadline to Respond to Early Discovery Requests ("Discovery Motion"). ECF No. 51. The Discovery Motion posed a narrow question for the Court, namely, whether the Local Rules govern the timing of discovery in this case. Plaintiff filed her opposition to the Discovery Motion on July 20, 2020. ECF No. 55. As Defendants' replies in support of their motions to dismiss had been filed three days prior, Plaintiff took the opportunity to include several pages of argument pertaining to Defendants' motions to dismiss in her opposition to the Discovery Motion, even though briefing on Defendants' motions to dismiss was closed. In their reply in support of the Discovery Motion, Defendants requested the Court strike or disregard those pages because Plaintiff had effectively filed a surreply without obtaining leave of Court.

Plaintiff has now filed an opposition to that request or, in the alternative, a motion for leave to file a surreply regarding Defendants' motions to dismiss. ECF No. 58. Plaintiff's motion is a classic example of a non-movant wrongly insisting on having the last word. Plaintiff asserts, but then utterly fails to show, that Defendants raised new matters in their replies. As even a cursory glance indicates, Defendants' replies did not raise new matters, but appropriately responded to arguments in Plaintiff's opposition. Plaintiff has not identified any truly new arguments presented in Defendants' replies; she instead seeks to improperly and belatedly supplement her opposition to Defendants' motions to dismiss with arguments that she could have presented when she filed her opposition. In effect, she seeks to expand the page limitation applicable to her opposition brief.

1

*See* LCvR 7.1(d). These are not proper purposes for a surreply; thus, the Court should deny Plaintiff's motion.

## LEGAL STANDARD

"[S]urreplies are generally disfavored," *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012), and there is no automatic right to file a surreply to be found in the Federal Rules of Civil Procedure or the Local Rules of this Court. *See* LCvR 7.1(e). "Generally, courts allow a party to file a surreply only when fairness dictates based on new arguments raised in the previous reply." *Sociedad Espanola De Electromedicina Y Calidad, S.A. v. Blue Ridge X-Ray Co.*, No. 10-cv-00159, 2016 U.S. Dist. LEXIS 139842, at *2-3 (W.D.N.C. Oct. 7, 2016).

## ARGUMENT

### I. The Court Should Strike the Irrelevant Arguments in Plaintiffs' Opposition

Plaintiff concedes that her "brief opposing a stay of discovery" "discussed" "arguments that Defendants . . . raised . . . in their reply briefs" in support of Defendants' motions to dismiss. Pls' Opp'n to Defs' Request to Strike or, in the Alternative, Mot. to File a Surreply ("Pl's Opp'n"), ECF No. 58, at 2. Of course, the briefing on Defendants' motion relating to the timing of discovery was no place for Plaintiff to inject extensive argument regarding Defendants' motions to dismiss. Indeed, as Plaintiff effectively concedes by belatedly seeking leave to file a surreply, her arguments were, in substance, a surreply that she filed without obtaining leave of Court as required by the Local Rules. *See* LCvR 7.1(e) ("Surreplies are neither anticipated nor allowed by this Rule, but leave of Court may be sought to file a surreply when warranted.").

Nevertheless, Plaintiff contends that her arguments were properly included in her opposition to Defendants' Discovery Motion. "In those pages," she argues, "Roe explained that defendants are required to comply with discovery, in part, because the arguments raised in their

2

motions to dismiss cannot be resolved in their favor without 'a proper record, sufficiently developed through discovery proceedings.'" Pl's Opp'n at 1. But that is an argument about whether the Court should grant or deny Defendants' motions to dismiss. It is not relevant to whether the Local Rules permit discovery to occur at this stage in the proceeding, which is the issue raised by Defendants' Discovery Motion.[1] Likewise, Plaintiff's belief that Defendants have "invited discovery" by allegedly "raising factual issues" and referencing documents that are integral to Plaintiff's complaint, Pl's Opp'n at 1, does not pertain to whether the Local Rules permit or prohibit discovery here.

Accordingly, the Court should strike or disregard pages 4-19 and 21 of Plaintiffs' Response in Opposition to Joint Motion to Set Deadline to Respond to Early Discovery Requests, ECF No. 55.

## II. The Court Should Deny Plaintiff's Request to File a Surreply

In arguing for leave to file a surreply, Plaintiff contends that Defendants raised three new arguments in their replies that were not raised in Defendant's initial motions, specifically, (1) an allegedly new qualified immunity argument; (2) an argument that Defendants were not Plaintiff's employer or the primary tortfeasor; and (3) that Plaintiff's claims under 42 U.S.C. § 1985(3) and § 1986 fail to allege with specificity various elements of those claims. *See* Pl's Opp'n at 2.

---

[1] In any event, there is no basis to Plaintiff's remarkable claim that her purported need for discovery should preclude dismissal of her complaint. On the contrary, a "plaintiff may not . . . use discovery to obtain the facts necessary to establish a claim that is plausible on its face[.]'" *Felder v. WMATA*, 105 F. Supp. 3d 52, 59 (D.D.C. 2015); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). In other words, Plaintiff's belief that she needs discovery to defeat Defendants' motions to dismiss is an acknowledgement that her complaint fails to meet applicable pleadings standards.

3

The premise of Plaintiff's request for leave, however, is incorrect. Plaintiff has not identified any truly "new arguments" that Defendants supposedly raised, but instead points to arguments contained in Defendants' replies that were directly responsive to arguments in Plaintiff's opposition. "When arguments raised for the first time in reply fall 'within the scope of matters [the opposing party] raised in opposition,' and the reply 'does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.'" *Banner Health*, 905 F. Supp. 2d at 186-88; *see also FDIC v. Cashion*, 2012 U.S. Dist. LEXIS 45843, at *9 (W.D.N.C. Apr. 2, 2012) (denying leave to file a surreply where the "so-called 'new arguments' cited by the Defendant are actually responses by the FDIC to the issues . . . raised in the Defendant's Response"); *Crummey v. SSA*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011) (leave to file surreply denied where "arguments in the [defendant's] reply fall within the scope of the matters [plaintiff] raised in opposition"). Put simply, this is not one of the rare instances in which a surreply is appropriate.

First, Defendants plainly did not make a "new qualified immunity argument," as Plaintiff contends. Pl's Opp'n at 2 (citing ECF No. 55 at 20). That supposedly new argument appears to be that Plaintiff did not cite any controlling authority or consensus of cases finding a constitutional violation in circumstances similar to here. *See* ECF No. 55 at 20; Defs' Reply Br. ("MTD Reply"), ECF No. 53, at 16-17, 21-22. Yet that argument was the very thrust of Defendants' motions to dismiss, to which Plaintiff had a full opportunity to respond in her opposition, and to which arguments Defendants appropriately replied. Defendants have argued all along that "[f]or an official to lose the protections of qualified immunity, 'existing precedent must have placed the statutory or constitutional question beyond debate'" and that "[a] plaintiff must 'identify a case where an [official] acting under similar circumstances . . . was held to have violated [the Constitution].'" Def. C.J. Roger L. Gregory's Mem. in Supp. of Mot. to Dismiss Individual

4

Capacity Claims ("C.J. Gregory MTD"), ECF No. 41, at 25.[2] Plaintiff addressed the point in her opposition. *See* Pl's Resp. in Opp'n to the Individual Capacity Defs' Mots. To Dismiss ("MTD Opp'n"), ECF No. 48, at 22 ("Apparently, they believe that without a specific case telling them so, they could not have reasonably known that sex discrimination violates the law."). Defendants' replies appropriately responded to that argument, explaining that Plaintiff "mischaracterizes Defendants' position and Plaintiff's argument directly contradicts the Fourth Circuit direction, which requires that in conducting the clearly established analysis for qualified immunity, the court first examine cases of controlling authority in the Fourth Circuit or a consensus of persuasive authority." MTD Reply at 16. Defendants' arguments therefore "constitute appropriate rebuttal arguments, not 'new' matters raised for the first time in the Reply." *FDIC*, 2012 U.S. Dist. LEXIS 45843, at *9.

Likewise, Defendants' argument that Defendants were not Plaintiffs' employer was part and parcel of Defendants' argument that Plaintiff's claims present a new *Bivens* context, MTD Reply at 2-4, and directly responsive to the point, raised in Plaintiff's opposition, that this case does not differ in a "constitutionally meaningful" way from *Davis v. Passman*, 442 U.S. 228 (1979), which involved an employee-employer relationship. *See* MTD Opp'n at 13. Thus, Defendants' argument in their replies is directly responsive to Plaintiff's position espoused in her opposition and is supportive of arguments in Defendants' motions that this case presents a new *Bivens* context. For example, Defendants' motions argued that this case differs from *Davis* because, for example, Defendants did not take any "employment action" against Plaintiff and

---

[2] *See also* Def. Circuit Exec. James N. Ishida's Mem. in Supp. of Mot. to Dismiss Individual Capacity Claims ("Ishida MTD"), ECF No. 39, at 25; Def. General Counsel Sheryl L. Walter's Mem. in Supp. of Mot. to Dismiss Individual Capacity Claims ("Walter MTD"), ECF No. 37, at 25; Def. Fed. Defender for the W.D.N.C.'s Mem. in Supp. of Mot. to Dismiss Pl's Individual Capacity Claims Against Him ("Martinez MTD"), ECF No. 45, at 25.

5

because "*Davis* dealt with congressional employment practices, whereas Plaintiff's allegations deal with federal judiciary policies[.]" C.J. Gregory MTD at 12.[3]

Plaintiff also contends that Defendants' argument that Plaintiff's claims under 42 U.S.C. §§ 1985(3) and 1986 "fail to allege with any specificity the persons who agreed to the alleged conspiracy, the specific communications amongst the conspirators, or the manner in which any such communications were made," is new. Pl's Opp'n at 2 (quoting MTD Reply at 19). Again, that is simply incorrect. Defendants' motions argued that "Plaintiff's claims under these statutes fail to allege all elements of the causes of action[.]" C.J. Gregory MTD at 24.[4] Plaintiff addressed that argument in her Opposition, MTD Opp'n at 25, and Defendants appropriately responded in their replies.

Plaintiff's position seems to be that, if a defendant's reply does more than merely parrot what it has already said in its motion, a surreply is warranted. If that were the case, either reply briefs would always be superfluous or surreplies would be the rule, instead of the disfavored exception. "It is axiomatic that Reply Briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." *CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 645 n.21 (D.N.J. 2004) (declining to disregard argument in reply brief where the moving party "did not make a newly minted argument, but rather merely explained a position in the initial brief that the respondent had refuted").

Accordingly, there is no basis for a surreply. The issues relating to Defendants' motions to dismiss have been "exhaustively briefed, and the Court is more than capable of discerning the

---

[3] *See also* Ishida's MTD at 12-13; Walter MTD at 12; Martinez MTD at 14-15.

[4] *See also* Ishida's MTD at 24; Walter MTD at 24; Martinez MTD at 24.

6

positions of the parties from the briefs that have already filed." *Sociedad Espanola*, 2016 U.S. Dist. LEXIS 139842, at *2-3.

## CONCLUSION

For the foregoing reasons, the Court should disregard or strike pages 4-19 and 21 of Plaintiff's opposition to Defendants' Discovery Motion and deny Plaintiff's motion for leave to file a surreply.

This the 12th day of August, 2020.

    Respectfully submitted,

    ETHAN P. DAVIS
    Acting Assistant Attorney General

    CARLOTTA P. WELLS
    Assistant Branch Director

    s/*Joshua Kolsky*
    JOSHUA M. KOLSKY
    Trial Attorney
    D.C. Bar No. 993430
    United States Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street NW Washington, DC 20005
    Tel.: (202) 305-7664
    Fax: (202) 616-8470
    E-mail: joshua.kolsky@usdoj.gov

    R. ANDREW MURRAY
    UNITED STATES ATTORNEY

    s/Gill P. Beck
    GILL P. BECK
    Assistant United States Attorney
    N.C. State Bar No. 13175
    Room 233, U.S. Courthouse
    100 Otis Street
    Asheville, North Carolina 28801
    Phone: (828) 271-4661

Fax: (828) 271-4327
Email: Gill.Beck@usdoj.gov

Counsel for Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, the Federal Public Defenders Office, Chief Judge Roslynn R. Mauskopf, James C. Duff, and Anthony Martinez in their official capacities, and General Counsel Sheryl L. Walter, Chief Judge Roger L. Gregory, James N. Ishida, in their individual and official capacities.

s/Shannon Sumerell Spainhour
SHANNON SUMERELL SPAINHOUR
N.C. State Bar No. 28108
DAVIS HARTMAN WRIGHT PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
Phone: 828-771-0833
Fax: 252-514-9878
Email: mss@dhwlegal.com

Counsel for Federal Public Defender Anthony Martinez in his individual capacity