# EXHIBIT C

**RE: 7/9 email from tony**



████████ ████████ <████████████@ao.uscourts.gov>

Tue 8/7/2018 4:17 PM

**To:** ████████████████████

I let the Deputy Director know about what ████ is going to do. Just got done with that meeting--will drop ████ a note now.

-----Original Message-----
From: ████████████████████████
Sent: Tuesday, August 07, 2018 4:59 PM
To: ████████████ <████████████@ao.uscourts.gov>
Subject: Re: 7/9 email from tony

████████ just wondering if you have any updates? I haven't heard anything. Thanks, ████

Sent from my iPhone

> On Aug 7, 2018, at 9:14 AM, ████████████ <████████████@ao.uscourts.gov> wrote:
>
> ████
>
> Thank you for letting me know.
>
> Best,
>
> ████
>
> -----Original Message-----
> From: ████████████████████████
> Sent: Tuesday, August 07, 2018 8:34 AM
> To: ████████████ <████████████@ao.uscourts.gov>
> Subject: Re: 7/9 email from tony
>
> ████
>
> I submitted my application for the appellate afd position and I am ready for the call at any time.
>
> Thank you so much. I will keep you posted on what happens.
>
> ████
>
> Sent from my iPhone
>
>> On Aug 6, 2018, at 5:11 PM, ████████ ████████ <████████████@ao.uscourts.gov> wrote:
>>

>> Hi ████

>>

>> Please call me when you have a few minutes. ████████. Thank you.

>>

>> ████

>>

>> -----Original Message-----

>> From: ████████████████████████

>> Sent: Monday, August 06, 2018 3:44 PM

>> To: ████████ < ████████ @ao.uscourts.gov>

>> Subject: Re: 7/9 email from tony

>>

>> Ok, thank you ████ ████

>>

>> Sent from my iPhone

>>

>>> On Aug 6, 2018, at 3:38 PM, ████ ████ < ████ @ao.uscourts.gov> wrote:

>>>

>>> Thank you for sending me all of these documents.

>>>

>>> I am meeting with ████████ today to generally make her aware of the situation. No decisions, just discussing possibilities, and I will report back to you.

>>>

>>> -----Original Message-----

>>> From: ████████████████

>>> Sent: Monday, August 06, 2018 9:53 AM

>>> To: ████ ████ < ████ @ao.uscourts.gov>

>>> Subject: 7/9 email from tony

>>>

>>> This email is after I reported the first assistant's conduct to Tony and he acknowledged he did not want me to feel uncomfortable or unsafe. However, on July 20, he put me back on the first assistant's team and under his immediate supervision.

>>>

## Re: Confidential



Tue 8/21/2018 6:38 AM

To: ████ ████ < ████ @ao.uscourts.gov>

████ thanks so much and yes I will call you at 11:15. I spoke to ████ yesterday and she did not think ogc had any legal basis for recommending that you not have a role. I think she may call you today as well to discuss.

Talk soon, ████

Sent from my iPhone

On Aug 21, 2018, at 6:48 AM, ████ ████ < ████ ████ @ao.uscourts.gov> wrote:

> ████ I made some progress last evening toward staying involved and having a role. Hold on—I know it is not easy. Can you call me at 11:15 am? ████
>
> Get Outlook for iOS

## Re: Request for Counseling and Report of Wrongful Conduct

James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>

Tue 10/9/2018 6:31 PM

To: 

Cc: James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>; Heather_Beam@ncwp.uscourts.gov <Heather_Beam@ncwp.uscourts.gov>

Dear █████,

I would be happy to agree to a 30-day extension of the counseling period. The counseling session will now end on Thursday, November 29, 2018.

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

From: ████████████████████

To: "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov>

Date: 10/09/2018 11:32 AM

Subject: Re: Request for Counseling and Report of Wrongful Conduct

Dear James,

I hope you had a nice long weekend. I am writing to request an additional 30 days for counseling. I met with Heather for the first time this past Friday, and she indicated that the process would go beyond October 10.

Thank you for your consideration. Please let me know if you have any questions.

Best regards,

███████

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 5 of 76

**From:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Sent:** Friday, September 28, 2018 3:57 PM
**To:** ▮▮▮▮▮▮
**Cc:** Heather_Beam@ncwp.uscourts.gov; James_Ishida@ca4.uscourts.gov
**Subject:** Re: Request for Counseling and Report of Wrongful Conduct

Dear ▮▮▮

One more thing.

With respect to your question about how we proceed with counseling, we have already achieved many of the objectives of counseling under the Fourth Circuit's EDR Plan. For example, under Chapter X, section 8.C.2, the purposes of counseling are:

- Discuss the employee's concerns and elicit information surrounding the alleged violation,
- Advise the employee of her rights and responsibilities, and procedures of the Court, under the EDR process,
- Evaluate the matter, and
- Assist the employee in an early resolution of the matter, if possible.

At this point, we are working on the last bullet -- attempted resolution. This is why I had suggested that you draft a list of specific demands that I can present to Mr. Martinez for his consideration. Practically speaking, if Mr. Martinez is disqualified or is otherwise unavailable, then it will be very difficult, if not impossible, to resolve your concerns at this juncture.

So, my suggestion is to send me your list of specific, articulable demands at your earliest convenience. Under Chapter X, section 8.D, the initial counseling period is 30 days from the date I received your request for counseling, or September 10, 2018. This 30-day period may be extended by mutual agreement for an additional thirty days, however, the counseling period must end after this 60-day period.

Pls let me know if you have any questions.

Best,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617

Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

| From: | James Ishida/CE04/04/USCOURTS |
|---|---|
| To: | ███████████████████████ |
| Cc: | Heather Beam/NCWP/04/USCOURTS@USCOURTS |
| Date: | 09/28/2018 04:06 PM |
| Subject: | Re: Request for Counseling and Report of Wrongful Conduct |

Dear ██████

Thank you very much for your responses below. I am copying Heather on this email, which will let her know that we can proceed with one, unified investigation into the Chapter IX report of wrongful conduct (allegation of sexual harassment by JP Davis), and the alleged subsequent, related conduct by Anthony Martinez. Those allegations are contained in your grievance and request for counseling, which I will forward to Heather.

I understand that Heather will be reaching out soon to reschedule your meeting with her. Again, at the conclusion of her investigation, Heather will be submitting her report to me, not Mr. Martinez.

Please let me know if you have any questions or need anything.

Best regards,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

| From: | ███████████████████████ |
|---|---|
| To: | "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov> |

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 7 of 76

Date:     09/27/2018 12:50 PM

Subject:   Re: Request for Counseling and Report of Wrongful Conduct

Dear James,

I hope you are doing well. I am following up after our meeting last week. After considering the situation further, I am comfortable sharing my grievance with Heather and expanding the scope of the investigation to include my allegations against the Federal Defender, as we discussed tentatively last week. If the Federal Defender is not involved with the administration of the investigation and does not receive information except as necessary to investigate my allegations, I am comfortable proceeding with one, unified wrongful conduct investigation at this time.

With respect to counseling, I appreciated your suggestion of a career plan and I am thinking about terms that would provide a framework to begin rectifying the harm done to my career and reputation. Although I am eager to proceed with counseling, I am not comfortable negotiating with the Federal Defender because he is a subject of my complaint, which is the basis for my disqualification request. However, I still think it would be worthwhile to proceed with counseling and respectfully ask for an alternative approach, even if my request to disqualify the Federal Defender is essentially stayed and not yet formally considered.

I sincerely appreciate the attention you and Chief Judge Gregory are giving this matter. I look forward to hearing back from you about how to proceed next.

Best regards,

███████

**From:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Sent:** Wednesday, September 19, 2018 7:24 AM
**To:** ███████
**Subject:** Re: Request for Counseling and Report of Wrongful Conduct

███████

Of course. I had actually pondered this and concluded, for privacy reasons, that you'd rather not expose your personal email address to others. But I will going forward use your personal address.

Take your time, think carefully, and let me know when you're ready. When I get back, I'll work with Chief Judge Gregory on an order granting an extension of time in the EDR matter.

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Sep 19, 2018, at 8:20 AM, ███████████████████████████ wrote:

James, I got your email to Heather yesterday. I appreciate it and just wanted to ask if you could please use this personal email address instead of work for privacy reasons going forward. Thank you, I will be in touch next week. Best, ███████

Sent from my iPhone

On Sep 18, 2018, at 1:34 PM, ███████████████████████ wrote:

Dear James,

Thank you for taking the time to meet with me and Cooper today and for your attention to these issues. I appreciate, and am comfortable with, your suggestion of delaying my meeting with Heather this week. In the meantime, I am actively considering the options we discussed. I will be in touch with you again next week to continue our conversation.

Thank you again for your time.

Best regards,

███████

On Sep 17, 2018, at 8:21 AM, "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov> wrote:

Hi ████ Thanks for reaching out. I'm leaving this morning for meetings in Winston-Salem. My plan is to head to Charlotte after that. Fingers crossed.

I'll let you know if anything changes. Otherwise, I'll see you tomorrow at 9

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Sep 17, 2018, at 8:09 AM, ███████████████████████████ wrote:

Dear James,

With the inclement weather, I am touching base to see if you will still be here tomorrow. I hope your travels are safe.

Best,



On Sep 14, 2018, at 12:27 PM, "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov> wrote:



Here are the directions to our meeting room.  Looking forward to meeting you.

Stay safe and see you next week.

James

You may use the jury deliberation room off Courtroom 1-1 on the first floor.  This is the Mint Street side of the building which is also now the same side of the main entrance to the courthouse.  After your visitor clears CSO security station, have them take an immediate left down the hallway and have them a seat right outside the deliberation room so you can come out of the room and greet them.  I am putting a reserved sign for Circuit Executive on the door.

James N. Ishida
Circuit Executive

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 10 of 76

U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

From:
To: "James_ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov>
Date: 09/11/2018 08:57 AM
Subject: Re: Request for Counseling and Report of Wrongful Conduct

James,

Sure, I will see you then.

Best,

> On Sep 10, 2018, at 6:01 PM, "James_Ishida@ca4.uscourts.gov"
<James_Ishida@ca4.uscourts.gov> wrote:
>
> Dear
>
> Thank you very much for your request for counseling and report of wrongful conduct,
both made under the Fourth Circuit's EDR Plan.
>
> As I had previously mentioned, I will be in Charlotte on Tuesday, September 18.
Could you meet with me at 9:00am to discuss both your request and report? If you're
available, I'll make arrangements for an office in the courthouse.
>
> Many thanks. I'll be in touch.
>
> James
>
>

> James N. Ishida
> Circuit Executive
> U.S. Court of Appeals for the Fourth Circuit
> 1100 East Main Street, Suite 617
> Richmond, VA 23217-3517
> 804-916-2184
> james_ishida@ca4.uscourts.gov
>
>
>
> From: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
> To: "James Ishida@ca4.uscourts.gov" <James Ishida@ca4.uscourts.gov>
> Date: 09/10/2018 01:48 PM
> Subject: Request for Counseling and Report of Wrongful Conduct
>
>
>
> James,
>
> I am requesting counseling and making a report of wrongful conduct under the Fourth
Circuit EDR Plan. Please see the attached Request for Counseling form and official
grievance.
>
> Best regards,
>
> ▮▮▮▮▮
>
>
>
> ▮ Official Grievance.pdf>
> ▮ Request for Counseling.pdf>

## Re: EDR documentation part 1

Heather_Beam@ncwp.uscourts.gov <Heather_Beam@ncwp.uscourts.gov>
Tue 10/9/2018 1:34 PM

**To:** ██████████████████████████

Hey ██████

I did receive the six file and the audio. Thank you very much!

Heather Beam
Human Resources
Western District of North Carolina
704-350-7601

From: ████████████████████████████
To:    "Heather_Beam@ncwp.uscourts.gov"
       <Heather_Beam@ncwp.uscourts.gov>
Date:  10/09/2018 11:13 AM
Subject:   Re: EDR documentation part 1

Heather,

Thanks for the update, I appreciate it. Just to confirm, in addition to the
email yesterday, I sent you a 6 part PDF in separate emails. I also just
sent you the audio recording via Dropbox. You will need to fast forward
because the audio doesn't actually start until around the 24:20 mark.
Please let me know if anything didn't send or if you encounter any other
issues.

Thanks again so much and please let me know if there's anything else you
need.

Best regards,

████████

From: Heather_Beam@ncwp.uscourts.gov <Heather_Beam@ncwp.uscourts.gov>
Sent: Tuesday, October 9, 2018 9:33 AM
To: ██████████████
Subject: Re: EDR documentation part 1

Good morning █████

Thank you for the file information, this will be helpful for the investigation. I appreciate you and Cooper coming to meet with me on Friday and your willingness to stay late as well. Since we are proceeding down the path of a Wrongful Conduct claim, there is not a time constraint as there would be under the Employee Dispute Resolution Plan. I do have a meeting set up with JP tomorrow morning and will be scheduling my meeting with Tony to happen either this week or next depending on his schedule. My goal is to have this investigation wrapped up no later than by the end of the month if not sooner.

I hope you enjoyed the long weekend!

Sincerely,

Heather Beam
Human Resources
Western District of North Carolina
704-350-7601

From: ███████████████████████████████
To:    "Heather_Beam@ncwp.uscourts.gov"
        <Heather_Beam@ncwp.uscourts.gov>
Date:  10/09/2018 09:31 AM
Subject:    Re: EDR documentation part 1

Dear Heather,

I am attaching the longer scanned binder version of documents, including my contemporaneous notes. It is split into 6 PDF files. Part 1 is attached and each part will be attached in a separate email. Sorry this is so clumsy but it is the best way I could figure out with the file size.

Thanks,

████████

From: ▮▮▮▮▮▮▮
Sent: Monday, October 8, 2018 4:01 PM
To: Heather_Beam@ncwp.uscourts.gov
Subject: EDR documentation

Dear Heather,

I wanted to thank you again for taking the time to meet with me and Cooper
last Friday and for even staying after work hours to continue our meeting.
Your time and attention are very much appreciated.

To follow up on our meeting, I have the notes/documentation scanned from my
binder and I attached a shorter version with just the highlights - the most
egregious emails, texts, etc. I will attach the full version to a separate
email - it is split into several different PDFs due to file size. I have
taken care to redact all client or sensitive information so please let me
know ASAP if you see any info that needs to be redacted. In addition, I
have attached a copy of the personnel manual and appendices, as well as a
witness list/timeline.

I am still working on compressing the recording to a size that can be
emailed. If not, I may need to use a cloud service or bring you a thumb
drive (there are no case sensitive discussions on recording).

Finally, you had mentioned that you may move to extend counseling since the
30 day period ends on October 10. Are you planning to reach out to James
about this or would you prefer that I do so?

Thank you again and please let me know if there's anything else I can do to
be helpful.

Best regards,

▮▮▮▮[attachment "▮▮▮▮▮▮EDR documentation
10.8.2018_redactedFINAL_Part1.pdf" deleted by Heather
Beam/NCWP/04/USCOURTS]

## Re: Update and questions

███████████████████████████████

Tue 10/16/2018 4:56 PM

To: ████████████████ @ao.uscourts.gov>
Cc: ████████████████ @ao.uscourts.gov>

Thank you both so much for taking my call and for your helpful perspective. I will let you know if I hear of any more updates. Best ██████

Sent from my iPhone

On Oct 16, 2018, at 5:00 PM, ██████████ <██████████████████> wrote:

███████ and ██████ my apologies for my terrible phone service! Is there a good time for me to call you back tomorrow? Best, ██████

Sent from my iPhone

On Oct 16, 2018, at 9:48 AM, ██████████ <██████████████████> wrote:

Ok that sounds great, I look forward to hearing from you then. Best, ██████████

Sent from my iPhone

On Oct 16, 2018, at 9:42 AM, ███████████ <████ ██████ @ao.uscourts.gov> wrote:

███████ We will aim for about 4 to 4:30 pm EST—should be done with meetings by then. ██████

From: ████████████████████████
Sent: Monday, October 15, 2018 8:39 PM
To: ██████████████ @ao.uscourts.gov>
Subject: Re: Update and questions

Ok, the best time would be anytime after 230, but if that doesn't work then sometime between 11-12 would probably work as well. Thanks, ██████

Sent from my iPhone

On Oct 15, 2018, at 8:37 PM, ████████████████ @ao.uscourts.gov> wrote:

██████ If you have a sense of a good time to call, send me some times and we will try to get through to you. ██████

Get Outlook for iOS

**From:** ████████████████████████████

**Sent:** Monday, October 15, 2018 8:34 PM

**To:** ████████

**Subject:** Re: Update and questions

Thank you so much, that is very helpful and I appreciate it. As an FYI, I will be traveling to ████████ tomorrow to be on a panel about the fellows program for the ████████ circuit, but I will have some free time and I will try my very best to take your call. My cell is ████████ in case you need it. Thank you, ████████

Sent from my iPhone

On Oct 15, 2018, at 8:22 PM, ████ ██████ <████ ████ @ao.uscourts.gov> wrote:

> ██████ ████ and I will call you tomorrow to discuss your questions.
> Best, ████

Get Outlook for iOS

**From:** ████████████████████████████

**Sent:** Monday, October 15, 2018 11:39 AM

**To:** ████ ██████

**Subject:** Re: Update and questions

As a follow up, I understand these questions may be better for ████ or even Heather, I'm just not sure. Just let me know. Best, ████

Sent from my iPhone

> On Oct 15, 2018, at 11:21 AM, ████████████ 
> <████████████████████ wrote:
>
> Dear ████
>
> I hope you're doing well. I wanted to let you know that the investigation is proceeding in my case and I have met with Heather Beam. However, a couple of issues have come up that concern me. First, I found out a little over a week ago that I will be contacted as a witness for the EDR complaint of ████████ the attorney who was fired in June. But this past Friday, the appellate chief, Josh, assigned me as an "appellate attorney" to the trial team of Peter Adolf, one of the chief subjects of ████ complaint. Although I cannot know their subjective intentions, I am concerned that I may be retaliated against further for cooperating with ████ EDR matter.
>
> Second, I received an email this morning from bill Moormann saying that they will be moving me to an office in ████████ and that he is prepared to move my things, but that he would prefer that I do so for privacy reasons. Again, this is concerning because I believed I was put

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 17 of 76

on telework so that I do not have to into the office while the
investigation is proceeding, and it also appears they have prejudged
the outcome of the investigation by requiring me to remain in

███████

>
> I am at a bit of a loss and i am just wondering if there is a way to
protect myself in this situation without disobeying orders. Any
thoughts you have would be helpful in this regard.
>
> Best,
>
> ███████
>
>
>
> Sent from my iPhone

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 18 of 76

## Re: follow up on EDR claim

Heather_Beam@ncwp.uscourts.gov <Heather_Beam@ncwp.uscourts.gov>
Tue 11/13/2018 1:35 PM

**To:** ███████████████████

Thank you for the information ██████ I hope you had a nice long weekend.
Heather Beam
Human Resources
Western District of North Carolina
704-350-7601

From: ████████████████████████████
To:    "Heather_Beam@ncwp.uscourts.gov"
       <Heather_Beam@ncwp.uscourts.gov>
Date:  11/12/2018 05:24 PM
Subject:    follow up on EDR claim

Dear Heather,

I wanted to follow up on our conversation on Friday. I'm sorry because I'm
not sure I was clear enough when answering your questions about the First
Assistant's unwanted advances towards me.

The First Assistant sent me a quid pro quo in writing. He told me he had a
plan to raise my pay but stated that he dealt in "pay for stay." In
context, I understood this to mean that he was making future raises and job
opportunities contingent on submitting to his advances. Around the same
time, he repeatedly asked me to meet him outside of the office. On one
occasion, he offered me a drink and an ear to listen; on another, he asked
me to a "celebratory" drink; on another, he waited for me after work when I
had already said no to a ride home and he texted me "last chance for a
ride, tough girl"; on another, he asked me to schedule another "mentoring
session," suggesting "distance from work," and then, when I had to
reschedule after requesting a time during the work day, he suggested early
morning, lunch, and evening times.

In the context of his quid pro quo "pay for stay" email, I understood these
behaviors to be a form of sexual harassment. The quid pro quo was also
reinforced when, among other similar incidents, the First Assistant berated
me, reported me, and threatened disciplinary action over a contrived

"shadowing" activity in order to force me to spend more time with him at work. In the context of his "pay for stay" email, and his pattern of berating me and threatening disciplinary action after I rejected his behaviors, I understood him to be using his supervisory authority to manipulate and control my job duties to force me to comply.

For these reasons, I approached the Federal Defender and told him I would be drawing boundaries with the First Assistant. I also told the First Assistant directly that he had spoken to me inappropriately and that I was drawing boundaries with him. In response, I was legally retaliated against by office management, including the Federal Defender, the First Assistant, and the Appellate Chief. I was berated, subjected to hostile comments, blocked from being considered for a promotion or a raise, and my concerns were not just ignored, but I was assigned to work for the very person I had just reported. The situation escalated to a point where I no longer felt safe in the office and, on the advice of a fair employment officer, I stopped coming into work.

Please let me know if you have any further questions.

Respectfully,

### Re: Request for an Extension of Time

James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
Mon 11/26/2018 8:38 AM

To: ███████████████

Cc: RLG@ca4.uscourts.gov <RLG@ca4.uscourts.gov>; James_Ishida@ca4.uscourts.gov
<James_Ishida@ca4.uscourts.gov>

Dear ████,

As I mentioned in a previous email, the Fourth Circuit EDR Plan does not allow for a second
extension of the counseling period. Since you and I had already agreed on an earlier
extension, the counseling period must end on Thursday, November 29, 2018.

However, should the counseling period end unsuccessfully, you do have the right under our
EDR Plan to request mediation.

Best regards,

James


James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Nov 26, 2018, at 8:23 AM, ████████████████████████ wrote:

> Dear Chief Judge Gregory,
>
> I respectfully request a 30-day extension of the counseling period under Chapter X of the
> Fourth Circuit EDR Plan. Currently, the counseling period is set to expire on November 29,
> 2018.
>
> Mr. Ishida has offered to assist me with looking for a placement elsewhere in the Fourth
> Circuit, and we plan to discuss possible resolutions this week. I believe an extension of time
> would allow us to continue our efforts to resolve this matter at the lowest level possible.
>
> I hope you had a nice Thanksgiving. Thank you for your time and attention to this matter.
>
> Respectfully,

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 22 of 76

## Re: Send me a copy of your resume....

███████████████████████████

Mon 11/26/2018 9:44 AM

**To:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>

Thank you, James. I will call you between 4 and 4:30 tomorrow.

Thank you for the offer to have ███ participate. I appreciate it, but I don't believe we are ready to have that conversation yet and I would like to have a conversation with you in confidence.

I look forward to speaking with you tomorrow.

Best,

███████

Sent from my iPhone

On Nov 26, 2018, at 9:38 AM, "James_Ishida@ca4.uscourts.gov"
<James_Ishida@ca4.uscourts.gov> wrote:

> Ok, I'll stand down until we chat. You can call me at my office number, 804-916-2184.
>
> So can I invite ███ to join the call?
>
> James N. Ishida
> Circuit Executive
> U.S. Court of Appeals for the Fourth Circuit
> 1100 East Main Street, Suite 617
> Richmond, VA 23217-3517
> 804-916-2184
> james_ishida@ca4.uscourts.gov
>
> On Nov 26, 2018, at 9:15 AM, ████████████████████████ wrote:
>
>> James,
>>
>> Tomorrow after 4pm will work for me. I would ask that you please hold off on distributing my resume until after we talk.
>>
>> Please let me know the best number to reach you and when I should call.

Thank You,

█████

**From:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Sent:** Monday, November 26, 2018 8:33 AM
**To:** █████
**Cc:** James_Ishida@ca4.uscourts.gov
**Subject:** Re: Send me a copy of your resume....

Dear █████

Thank you for your attached resume. I'd be happy to circulate it to other FPD Offices in the Circuit, but I'll leave it to you to circulate it to other judges, as you see fit. Since confidentiality must still be observed, I'll simply ask if the FPD is interested and has availability to place you in their respective offices. If so, then I'll direct them to reach out to you for further discussions.

I'd also suggest that you consider the AO as well, where I understand you still have strong connections.

Unfortunately, the rules only provide for one extension of the counseling period, which ends on November 29. You do have the right to request mediation, however, should the counseling period end unsuccessfully.

The best days for a post-4:00pm call would be tomorrow or Wednesday, November 27-28. Since you're now contemplating leaving the NC-WD FPD Office, is like to invite my HR Administrator, █████ to join the call, should HR questions or issues arise.

Pls let me know when you'd like to schedule the call.

Best,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Nov 26, 2018, at 8:19 AM, ███████████████████ wrote:

Dear James,

Thank you for your offer to inquire with other FPD offices within the Fourth Circuit. I have attached my resume, which you may distribute to other FPD offices, as well as Article III judges, within the Fourth Circuit. In addition, I intend to request an extension of counseling in order to provide time to look for placements elsewhere in the Fourth Circuit. I will include you on the email to Chief Judge Gregory.

Do you have time for a phone call any day this week after 4pm?

I hope you will continue to keep this information in confidence as we discuss these options. I appreciate your assistance and look forward to speaking with you soon.

Respectfully,

████

---

**From:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Sent:** Sunday, November 25, 2018 9:15 AM
**To:** ████████████
**Subject:** Send me a copy of your resume....

....I'll make inquires around the Circuit in other FPD offices, if you're interested and will authorize it.

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

< ████ Resume Nov 2018.pdf>

## Re: status of EDR claim

James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
Wed 11/28/2018 10:41 AM

**To:** 

**Cc:** RL_Gregory@ca4.uscourts.gov <RL_Gregory@ca4.uscourts.gov>; James_Ishida@ca4.uscourts.gov
<James_Ishida@ca4.uscourts.gov>

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 26 of 76

Dear ▮▮▮

Thanks again for our discussion yesterday on the status of your EDR case. I thought it was helpful and informative. I also have more information on those two outstanding matters.

First, with respect to continuing the counseling period, I contacted the AO's Office of General Counsel. While the attorney agreed that the intend of the EDR Plan is to limit the counseling period to 60 days, the attorney also conceded that there is nothing in the Plan that would prevent the chief judge from granting an extension of time under the general provision allowing the chief judge to extend any time period under the Plan. Therefore, if you wish to extend the counseling period, you will need to send me such a request before Thursday, November 29, when the current counseling period is set to expire.

Second, I had a conversation this morning with Heather Beam to make sure that she includes in her investigatory report your allegation that the FPD Office retaliated again you for raising your claims. Heather assured me that that will be included in her report.

Pls let me know if you have any other questions.

Best regards,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

From: ▮▮▮▮▮▮▮▮▮▮▮▮▮
To:       "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov>
Cc:       "RL_Gregory@ca4.uscourts.gov" <RL_Gregory@ca4.uscourts.gov>
Date:     11/21/2018 02:05 PM
Subject:  Re: status of EDR claim

Dear James,

Thank you for your email and for your offer to meet via teleconference. I would be willing to drive to Richmond to meet with you in person, if that is considered work travel.

I have been reflecting on this situation and discussing potential next steps with my family. This situation has irreparably damaged my relationships with the Federal Defender and my colleagues, and I believe I am no longer welcome in that environment. I would appreciate the Fourth Circuit's assistance in transitioning me out of Mr. Martinez's office. I will continue to think about potential solutions and I hope to discuss them with you next week.

I appreciate your time and efforts, and I hope you have a happy Thanksgiving.

Sincerely,

█████

---

**From:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Sent:** Monday, November 19, 2018 9:14 AM
**To:** █████
**Cc:** RL_Gregory@ca4.uscourts.gov
**Subject:** Re: status of EDR claim

Dear █████,

While I'd be happy to return to Charlotte to meet with you again, I don't have any time between now and the expiration of the counseling period on November 29. I've got two work trips planned between now and then, and we do have the Thanksgiving holiday, which I had planned to spend in New York. Finally, I still haven't received the investigatory report, but I do expect it any day now.

So let me suggest this. If you'd still like to meet, we can set up a conference telephone or Skype call for November 27-28. I'll be in Richmond, and I would have had the chance to study the report. To make the call fruitful, I'll again suggest that you consider specifically what it is that you want. For example, reiterating that you want a safe workplace free from harassment isn't helpful because Mr. Martinez already believes that he's done and is doing all he can to provide such a workplace for you.

Please let me know how you'd like to proceed.

Best regards,

James

James N. Ishida
Circuit Executive

U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Nov 16, 2018, at 11:31 AM, ██████████████████████ wrote:

Dear James,

I agree that we should meet in person to discuss these issues.  What is your availability?

Respectfully,

████████

---

**From:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Sent:** Wednesday, November 14, 2018 4:01 PM
**To:** ████████
**Cc:** RLG@ca4.uscourts.gov; James_Ishida@ca4.uscourts.gov
**Subject:** Re: status of EDR claim

Dear ████████,

This is probably a better discussion in person rather than by email. Suffice it to say, I am aware that Mr Martinez has allowed you to telework, removed you from the chain of command so that you have no reporting obligations with the person in question, and taken other steps to avoid contact with the accused. I'm also aware that Mr Martinez attempted to accommodate your relocation to ████████ but I understand that there literally is no space in that office. So, as I understand, there have been a number of measures that have been taken to ensure your safety.

But again if you still feel that you are not in a safe environment, then we need to know that and precisely what you would like to see to feel safe so that we can present that to Mr Martinez for consideration.

As for your career advancement, Heather has been tasked with investigating your allegations that your rights were violated by alleged discriminatory actions by the FPD Office. But in order to help facilitate a possible settlement, it would be helpful to understand what career advancements you feel that you're entitled to but were denied.

Finally, I am the counselor in the Chapter X proceeding, as specified in the Circuit's EDR

Plan. Ms Beam's investigatory report will be submitted to me. My intent going forward, and the purpose of the counseling phase, is "to assist the employee in achieving an early resolution of the matter, if possible." However, in order to facilitate a possible settlement, I need to know what you specifically want and hope to gain from this process.

I expect to receive the investigatory report sometime this week. I will be studying Heather's findings and recommendations and will be considering them and appropriate next steps, including distribution of the report.

Pls let me know if you have any other questions.

Best regards,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Nov 13, 2018, at 1:55 PM, █████████████████████ wrote:

Dear James,

Thank you for clarifying the current conditions for counseling under Chapter X and that Ms. Heather Beam's investigation is serving as a joint investigation for Chapters IX and X.

To help me better understand your positions, can you identify the steps taken by the Federal Defender to protect me from further harassment and to ensure my safety in the office as they have been described to you? I am only familiar with his rejection of a transfer from the First Assistant's duty station and his asserted authority to require me to return to that work environment at the impending conclusion of the Chapter IX process. Similarly, can you identify the steps taken by the Federal Defender to address my concerns about career advancement? I am familiar with the administrative reclassification of my job title with no consideration for a raise in total salary or formal progression of duties, the elimination of my locality adjustment, and the failure to interview me for a newly created "Appellate" AFD position that I was discouraged from applying for, among other events described in my official grievance. Without more information regarding the steps taken by the Federal Defender since our last conversations, can you understand why I do not view these measures as an attempt at resolution, but instead as evidence of actionable retaliation by the Federal Defender and support for my disqualification request? In this context, can you tell me how to renew the consideration of my disqualification request prior to the end of the counseling period?

Can you also inform me of which individuals will receive the Chapter IX investigator's factual report, including who will

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 30 of 76

2/7/2020, 4:51 PM

receive the report for the purpose of making recommendations based on its content? Similarly, who will make final decisions based on that individual's recommendations and how will I be informed of those decisions? Finally, can you please clarify and confirm that you, not Heather, are the counselor for purposes of Chapter X?

Thank You,

████

---

**From:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Sent:** Monday, November 12, 2018 9:01 PM
**To:** ████
**Cc:** RLG@ca4.uscourts.gov; James_Ishida@ca4.uscourts.gov
**Subject:** Re: status of EDR claim

Dear ████

Thank you for your message. Let me address the issues you raise separately.

First, you are correct in that the two proceedings — the Complaint for Wrongful Conduct under Chapter IX and Request for Counseling under Chapter X — are separate proceedings. The link between the two is the investigation that is being conducted by Heather Beam. Because both proceedings share essentially the same set of facts, I ordered a joint investigation for both. But you are correct, the Chapter IX report of wrongful conduct and Chapter X request for counseling are two separate, distinct proceedings.

Second, you are correct in that the counseling period ends on November 29. Since we had agreed earlier to an extension of the counseling period, this is the last extension that can be granted. In other words, counseling ends on November 29.

Third, I think you've correctly identified the difficulties in resolving this matter. As we'd discussed earlier, I had asked that you articulate precisely what it is that you're looking for in terms of your numbers 1 and 2 below. As you know, Tony Martinez has taken numerous steps to protect your safety in the office. He has also proposed a number of career moves that he had hoped would address your concerns about career advancements. But he's also not sure what other things you have in mind, and he's also not sure if you still have safety concerns. So that's why I had encouraged you to think about what is it that you want and to identify what things are still deficient because we need those to have further discussions with Mr Martinez.

So, for example, you had asked for "the ability to work in an environment free of harassment and retaliation[.]" Mr Martinez has implemented a number of safety

measures designed to protect you from further harassment. There have been discussions between you and Mr Martinez, which have been helpful and productive, but there still seems to be lingering issues. And I'm not sure Mr Martinez is aware of them. So unless he and I know specifically your concerns about the current work environment, we're not in a position to help address the deficiencies.

So, again, ▮▮▮▮ I would encourage you to think about and let me know what is it that you want and what are your present concerns with the current workplace so that I can present them to Mr Martinez for his response.

The counseling period is coming to an end. I'm more than happy to raise your concerns with Mr Martinez, but I do need to know what you want so that I can present them to him to start the discussion.

I'll be in South Carolina this week attending several Fourth Circuit conferences, but I can make myself available if you have any questions.

Many thanks,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Nov 12, 2018, at 5:18 PM, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ wrote:

Dear James,

I have questions about the status of my request for counseling under Chapter X. At this point, my request for counseling under Chapter X appears to be temporally and procedurally linked to the ongoing wrongful conduct investigation under Chapter IX, but I believed that those were separate proceedings under the EDR Plan? My concern is that it seems possible, if not likely, that the counseling period will expire before the wrongful conduct investigation and subsequent actions on Heather's factual report are concluded and shared with me? Stated differently, have we been unable to pursue a resolution of this matter at the most informal level available because the wrongful conduct investigation under Chapter IX is now serving as precondition to counseling under Chapter X?

Under these circumstances, what is the status of counseling? My understanding is that the counseling period ends on November 29. In my request for counseling, I identified the following remedies: (1) the ability to work in an environment free of harassment and retaliation and (2) professional advancement based on merit. I have put pen to paper too many times to count since our last meeting, but I am unable to come up with a proposed solution on my own that would achieve these goals. The problem I keep encountering is, how can these remedies be achieved without

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 32 of 76

action by others, outside of my control? In other words, if I initiate the formulation of the ultimate remedy about how I can do my job, safely and effectively, as a precondition to counseling, then this dilemma seems inextricably linked to my request for disqualification. Put simply, I do not see how I can negotiate a remedy with an individual who retaliated against me for raising concerns of sexual harassment?

Thank you for considering these questions.

Best regards,





## Request for an Extension of Time (EDR Claim)

**To:** RLG@ca4.uscourts.gov <RLG@ca4.uscourts.gov>
**Cc:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>

Dear Chief Judge Gregory,

I respectfully request an extension of the counseling period under Chapter X of the EDR Plan. *See* EDR Plan, Ch. X, Sec. 5(E) (providing that the Chief Judge "may extend any of the deadlines set forth in this Chapter for good cause"). Currently, the counseling period is set to expire on November 29, 2018.

Following a conversation with Mr. Ishida, my understanding is that the preliminary investigation and subsequent report under Chapter X have not yet been completed. My understanding is that the findings in the report will help determine the next steps in the wrongful conduct investigation under Chapter IX, including whether it is appropriate for the Federal Defender to make any decisions regarding disciplinary action. A similar dynamic exists with the parallel Chapter X request for counseling. Without more information regarding the report's findings and recommendations, it is difficult to assess the procedures or possible options for resolving the claims under Chapter X.

Under these circumstances, I believe there is good cause to extend counseling for 30 days from the date the final investigatory report is accepted by the EDR Coordinator. An extension of counseling would allow the parties to address these outstanding procedural issues and to continue their efforts to resolve this matter at the lowest level possible.

Thank you for considering my request.

Respectfully,

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | |
|---|---|
| In the Matter of a Request Filed | * |
| Under Employment Dispute Resolution | * |
| Plan of the United States Courts | * |
| of the Fourth Circuit | * |

ORDER

Upon consideration of the request for extending the Counseling period under the *Consolidated Equal Employment Opportunity and Employment Dispute Resolution Plan of the United States Court of Appeals for the Fourth Circuit (November 2018)*,

IT IS HEREBY ORDERED that the request is granted in part, and the Counseling period is extended an additional 45 days, expiring on Monday, January 14, 2019.

Honorable Roger L. Gregory
Chief Judge

Date: November 29, 2018

## Re: Resolution Requests

████████████████████████████████

Thu 11/29/2018 2:03 PM

**To:** Heather_Beam@ncwp.uscourts.gov <Heather_Beam@ncwp.uscourts.gov>

📎 3 attachments (217 KB)

2019 Summer Intern - Website Posting.pdf; Appellate moot email.pdf; Paralegal ad.pdf;

Dear Heather,

I hope you are doing well. I understand from James Ishida that you are including as part of the report an investigation into retaliation by the Federal Defender Office. I would like to give you an update regarding the retaliation I have experienced since filing my complaint, particularly as it relates to the steps taken that you cited below.

Following my reports of the First Assistant's misconduct, the Federal Defender mishandled and escalated the situation by ignoring my complaints, forcing me to meet with the person I had just reported and then assigning me to work for him directly, and repeatedly making hostile comments - for example, comparing my relationship with the First Assistant with a marriage and asking me to "compromise," making comments in essence that at least I wasn't touched, accusing me of going to an "outside party" by asking the AO about my civil rights as a judiciary employee, and saying that he was being "blamed" for something that wasn't his fault. The Federal Defender's mishandling of the situation interfered with my working conditions and contributed to a hostile environment where, among other issues, I resorted to calling in sick because I did not feel I could return to work safely (which started in July, as the Federal Defender knows, well before the period of August 10-17 for which he granted administrative leave).

In response to a phone call from the head of Defender Services regarding his mishandling of the situation, the Federal Defender met with me, and I asserted four simple terms in an attempt to resolve this situation at the lowest level possible: (1) promotion to an Assistant Federal Defender position, as promised in my job offer letter; (2) exclusively in appeals; (3) taken out of the First Assistant's chain of command; and (4) transfer from the First Assistant's duty station. Of these terms, the transfer from the First Assistant's duty station was the most critical, as I explained to the Federal Defender. I felt physically threatened by the First Assistant's behavior, and I had told the Federal Defender directly and on multiple occasions that I felt threatened. I told the Federal Defender that the First Assistant berated me, spoke to me in an intimidating and aggressive manner, sent me a quid pro quo email and asked me repeatedly to meet him outside of the office, and waited for me at night after work when I was leaving the building alone and had already said I did not want a ride home, among other concerns.

Unfortunately, the Federal Defender did not implement the terms of our agreement in good faith, and I have continued to be subjected to retaliation by office management, including the Appellate Chief, the First Assistant, and the Federal Defender, including the following examples:

- **"Reclassification"**: Despite my "reclassification" to an AFD position - which the Federal Defender repeatedly stated was for office work measurement purposes - I was denied any consideration for a raise in total salary or formal progression of job duties, or even any assurance that these might be forthcoming

based on my work performance. My locality adjustment was also taken away. When I applied for an advertised Appellate Assistant Federal Defender position, the Appellate Chief, Josh Carpenter, told me that I did not "need" to apply and that I was better off as a Research & Writing Attorney. I was not even selected for an interview, and another individual was hired for the Appellate Assistant Federal Defender position. The Appellate Chief is not only still treating me as a Research & Writing Attorney who merely briefs cases for other lead attorneys, but my job duties have actually regressed since I filed my complaint. For example, he has stopped inviting me to participate in moots in his cases, a required activity for the appellate team. The denial of consideration for a promotion is especially troubling in the context of the quid pro quo harassment I experienced. When I told the First Assistant that I would be asking for a raise and promotion, he said I was "shooting high" with the raise I planned to ask for (even though it was the next grade based on years of experience) and he stated, in writing, that he had a plan to raise my pay but that he dealt in "pay for stay." Understanding this quid pro quo to mean, in context, that he was making pay and a future promotion contingent on submitting to his advances, I was deprived of the opportunity to advance based on my excellent work performance. This quid pro quo harassment has been subsequently reinforced by further retaliation from office management.

- **Separation from First Assistant's Chain of Command:** Despite promising repeatedly to separate me from the First Assistant, the Federal Defender has failed to implement this promise. He is continuing to require me to do trial work, even though the First Assistant remains in charge of the entire trial unit, in both Charlotte and Asheville. For example, the Appellate Chief assigned me to the trial team of Assistant Federal Defender Peter Adolf (who reports directly to the First Assistant) very soon after I was named as a witness in another employee's complaint against Mr. Adolf. The Federal Defender has also formalized my obligation to do trial work by making me a subordinate of another Research & Writing Attorney (also "reclassified" as an AFD), who is now responsible for assigning me trial case assignments. Further, the First Assistant continues to fail to respect my boundaries or separate himself from me, showing he is not deterred even by a pending harassment complaint. For example, even after the wrongful conduct complaint was opened, the First Assistant copied me on an email to a client regarding a court hearing date that he filled with obvious references to my academic paper ▉▉▉▉▉▉ - references that were completely nonsensical and inappropriate in that context and intended solely to continue harassing me. Further, even though the First Assistant is not in the appellate unit, he has begun participating in every appellate moot - even repeat sessions for the same case, as seen in the attached email. This signals that nothing has changed and the First Assistant will continue to harass me and interfere with my ability to do my job - and that the Federal Defender will continue failing to take my complaints seriously.

- **Remote work/transfer:** The Federal Defender has not worked with me in good faith to protect me from further harassment, including consideration of a transfer, permanent telework, or a combination of both. Although the Federal Defender claims there is no office space in ▉▉▉▉ he has advertised two positions requiring work in the ▉▉▉▉ office since I filed my complaint - a paralegal position requiring regular travel to the ▉▉▉▉ office, and a full-time summer intern position based in ▉▉▉▉ I have attached the ads for both positions. The Federal Defender's continued insistence that he reserves the right to require me to report to the First Assistant's duty station once the investigation concludes, and his refusal to work with me to consider other possible options, demonstrates that he has prejudged the outcome of the investigation and that he has never intended to work with me in good faith to ensure I can continue to work in an environment free of harassment and retaliation.

Please let me know if you have any further questions.

Best regards,

■

**From:** Heather_Beam@ncwp.uscourts.gov <Heather_Beam@ncwp.uscourts.gov>
**Sent:** Monday, November 19, 2018 10:37 AM
**To:** ▮
**Cc:** James_Ishida@ca4.uscourts.gov
**Subject:** Resolution Requests

Good morning ▮,

I am finishing up my report of counseling and will be submitting this
report to James as soon as possible. The deadline for this investigation is
December 9, 2018 (A 90 day extension was granted on September 10, 2018). I
would like to get this concluded prior to then, On September 28 he asked
you for a specific list of demands you feel would bring this situation to
an agreeable resolution. When we spoke on this subject at our last meeting
I understood this to be the following:

1. An environment free from harassment and intimidation
2. Advancement based on merit

These requests are general in nature and if you have any specific, tangible
requests based on the above items please provide them to me so I can
include them in my report as possible resolutions to this Workplace Conduct
and CH. X EDR Claim.

To date the following steps have been taken based on your previous requests
which were:

1. Reclassification to Assistant Public Defender
2. Taken out of the chain of command for JP Davis and reporting to Josh
Carpenter (Chief, Appellate division)
3. Temporary Full-Time telework pending the resolution of this
investigation
4. The return of any sick leave used between August 10 through August 17

I understand returning to the ▮ office is a difficult issue for you
and would appreciate any ideas you may have on facilitating this to ensure
you feel safe and are in an environment free from harassment and
intimidation and where advancement is based on merit. I will need concrete
specific requests to bring forth in my report as a requirement in
attempting to bring this Wrongful Conduct Claim to a resolution.

I will also need from you specific requests that can bring your Chapter X
EDR Claim to a resolution. If The Chapter X EDR Claim cannot be resolved
(Your claim of retaliation against the Federal Defender for the Western
District of North Carolina) then you have the option of exercising your
rights for mediation under the Chapter X Employment Dispute Resolution Plan
for the Fourth Circuit.

Heather Beam
Human Resources
Western District of North Carolina
704-350-7601

## Re: EDR Counselor's Report

Heather_Beam@ncwp.uscourts.gov <Heather_Beam@ncwp.uscourts.gov>
Wed 12/19/2018 3:48 PM

**To:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Thank you ▮▮▮▮▮

I appreciate the update. I hope you have a wonderful holiday as well!!

Heather

Sent from my iPhone

On Dec 19, 2018, at 2:53 PM, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ > wrote:

Hi Heather,

I hope you are doing well. I wanted to follow up on your email about confidentiality. I spoke to ▮▮▮▮▮▮ recently and he asked about my EDR case, which I have never told him about. I asked him how he knew about my case and, as he put it, because "people like to talk." He also said it is "super obvious to everyone" that they hired a temporary appellate attorney with the intention of replacing me. In light of this, I believe that my case has not been kept confidential. It also appears that the retaliation against me by office management is common knowledge within the office.

Please let me know if you have any questions. I hope you have a happy and safe holiday.

Thanks,

▮▮▮▮▮▮

---

**From:** Heather_Beam@ncwp.uscourts.gov <Heather_Beam@ncwp.uscourts.gov>
**Sent:** Tuesday, November 27, 2018 2:24 PM
**To:** ▮▮▮▮▮▮▮▮▮
**Subject:** Re: EDR Counselor's Report

Hey ▮▮▮▮▮,

Okay - I did not have anyone in mind specifically I just wanted to make sure you were not directly aware of anything and if you were I would add that to my report. I appreciate your response and I am hoping to have the more detailed report to James by Monday at the latest of next week.
Heather Beam

Human Resources
Western District of North Carolina
704-350-7601

From: ███████████████████████████
To: "Heather_Beam@ncwp.uscourts.gov"
       <Heather_Beam@ncwp.uscourts.gov>
Date: 11/27/2018 02:21 PM
Subject: Re: EDR Counselor's Report

Dear Heather,

I had a good Thanksgiving and I hope you did too. Thank you for the update
on the report.

To answer your question, almost no one in the office speaks to me anymore
so I am not really in a position to know about that. It doesn't surprise
me, though, given that I know people are talking about me. It also would
explain some of the odd and hostile behaviors of my colleagues towards me.
If there is someone in particular you are referring to, I am comfortable
with you reaching out to him or her.

Thank you for your assistance and please let me know if you have any
further questions.

Thank you,

███████

From: Heather_Beam@ncwp.uscourts.gov <Heather_Beam@ncwp.uscourts.gov>
Sent: Tuesday, November 27, 2018 1:22 PM
To: ███████████
Subject: Re: EDR Counselor's Report

Hey ████,

I submitted my report to James Ishida and he would like more detail so I am
working on that. I did have one question for you, Are you aware of Tony
speaking about your claim to anyone that should not be involved in this
case such as staff? If so, would you be comfortable with me talking with

this person or persons? Thank you and I hope you had a wonderful Thanksgiving!

Heather Beam
Human Resources
Western District of North Carolina
704-350-7601

From: █████████████████████████

To:    "Heather_Beam@ncwp.uscourts.gov"
       <Heather_Beam@ncwp.uscourts.gov>

Date:   11/21/2018 02:09 PM

Subject:    Re: EDR Counselor's Report

Dear Heather,

Thank you for your email about potential resolutions and for keeping me updated on the status of the report.

I have been reflecting on this situation and discussing potential next steps with my family. This situation has irreparably damaged my relationships with the Federal Defender and my colleagues, and I believe I am no longer welcome in that environment. At this time. I am hopeful that the Fourth Circuit will assist me in transitioning out of Tony's office. I will continue to think about potential solutions and I hope to discuss them further next week.

Please let me know if you have any further questions. I hope you have a nice Thanksgiving.

Sincerely,

████████

From: Heather_Beam@ncwp.uscourts.gov <Heather_Beam@ncwp.uscourts.gov>
Sent: Monday, November 19, 2018 5:00 PM
To: █████████████████████
Subject: EDR Counselor's Report

I wanted to let you know I have submitted my report to Mr. Ishida and let him know I am still waiting on your specific request(s) to bring this to a resolution. You have until December 9 to share your requests with me so I can add them to the Counselor's Report and advise Mr. Ishida. Please let me know if you have any questions. I hope you have a nice Thanksgiving!

Heather Beam
Human Resources
Western District of North Carolina
704-350-7601

## Re: Your Request for Counseling

James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>

Thu 12/20/2018 11:51 AM

To: ███████████████████

Cc: James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>

Dear ████

I'm just following up on my suggestion to appoint a mediator in the EDR portion of the proceedings. I'll be out of the office for one week, and I didn't want this to delay progress on moving forward.

Thanks and happy holidays.

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

| From: | James Ishida/CE04/04/USCOURTS |
|-------|-------------------------------|
| To: | ███████████████████ |
| Cc: | James Ishida/CE04/04/USCOURTS@USCOURTS |
| Date: | 12/17/2018 02:37 PM |
| Subject: | Re: Your Request for Counseling |

Dear ████

If he's available, I would consider appointing Edward Smith, the Circuit's chief mediator. Ed is very good and I have tremendous confidence in him.

I don't know precisely how Ed would handle the actual mediation, but I imagine that he would assist both sides in formulating their positions and helping both sides in resolving any outstanding issues.

If you're interested, we could arrange a conference call with Ed to see how this would work. We won't be able to resolve the Chapter IX proceeding because we still don't have the investigation report. But it may be possible to make inroads on the Chapter X EDR case. In any event, pls let me know if you'd like to explore

the mediation option.

Thanks.

James


James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov



From: ████████████████████████
To: "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov>
Date: 12/17/2018 09:15 AM
Subject: Re: Your Request for Counseling


Dear James,

Thank you for your email. Who would the mediator be? Who would be involved in the negotiations and how would the process work?

I would be happy to discuss this by phone as well, if that would be easier.

Respectfully,

████████


From: James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
Sent: Friday, December 14, 2018 8:48 AM
To: ████████████
Subject: Re: Your Request for Counseling

Dear ████████

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 45 of 76

While we wait for the final report, I wanted to ask if you'd consider involving a mediator during the counseling period? I know this is a little unconventional, but I think a mediator, used strategically, may be helpful here.

Still, much depends on the findings and recommendations of the investigation report. I'll be in touch when I receive it.

Best,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Dec 13, 2018, at 1:05 PM, James Ishida <James_Ishida@ca4.uscourts.gov> wrote:

Dear ▮▮▮▮,

I have still not yet received the supplemental investigation report from Heather. And nothing has materially changed. My earlier email simply corrected an oversight that I had not shared your Request for Counseling with the chief judge and unit executive, as required under the Fourth Circuit's EDR Plan. We still have open Chapter IX and Chapter X proceedings, and we are still waiting for the final joint investigatory report for both proceedings. The investigation has not been or is expected to be reopened.

I'll keep you posted on further developments.

Best regards,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517

804-916-2184

james_ishida@ca4.uscourts.gov

█████████████ --12/13/2018 09:38:19 AM---Dear James, I hope you are doing well. I would appreciate an update on the status of the investigati

From: █████████████████████

To: "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov>

Date: 12/13/2018 09:38 AM

Subject: Re: Your Request for Counseling

Dear James,

I hope you are doing well. I would appreciate an update on the status of the investigation under Chapters IX and X and Heather's report. I believe Heather was adding recommendations and findings to the report and addressing the retaliation claim raised in my grievance and request for counseling. In light of your email below, has this changed? Specifically, has the investigation been reopened?

Thank You,

████████

From: James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>

Sent: Wednesday, December 5, 2018 11:40 AM

To: █████████████████████

Cc: RL_Gregory@ca4.uscourts.gov; Anthony_Martinez@fd.org; James_Ishida@ca4.uscourts.gov

Subject: Your Request for Counseling

Dear █████

In reviewing the record, I discovered that I had not delivered a copy of your request for counseling to Anthony Martinez. I believe that I had delivered your request to Chief Judge Gregory. However, in an abundance of caution, I am delivering a copy to both Judge Gregory and Mr. Martinez. See Fourth Circuit EDR Plan Chapter X, section 8, C.1.

I have not yet received the final investigation report, but I will keep you posted on

further developments.

Best regards,

James



James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

## Request for Extension of Time (EDR Claim)

████████████████████████████

Mon 1/14/2019 4:55 PM

**To:** RLG@ca4.uscourts.gov <RLG@ca4.uscourts.gov>
**Cc:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>

Dear Chief Judge Gregory,

I respectfully request an extension of the counseling period under Chapter X of the EDR Plan. *See* EDR Plan, Ch. X, Sec. 5(E) (providing that the Chief Judge "may extend any of the deadlines set forth in this Chapter for good cause").

Previously, I requested an extension of time because the preliminary investigation and subsequent report under Chapter X were not completed before the counseling period expired on November 28, 2018. *See* Email Request for an Extension of Time (EDR Claim), November 28, 2018. In response to my request, this Court granted an extension of 45 days. *See* Confidential Order, dated November 29, 2018.

On Friday, January 11, 2019, Mr. Ishida informed me that he received a copy of the revised investigatory report under Chapters IX and X. Currently, the counseling period is set to expire on January 14, 2019. Under these circumstances, I believe there is good cause to extend counseling. My understanding is that the findings in the report will help determine the next steps in the wrongful conduct investigation under Chapter IX, including whether it is appropriate for the Federal Defender to make any decisions regarding disciplinary action. A similar dynamic exists with the parallel Chapter X request for counseling. An extension would allow the parties time to evaluate the report's findings and recommendations and to resolve any outstanding procedural issues.

Thank you for considering my request.

Respectfully,

████████████████████

## Re: In on another call. Will call you immediately thereafter

James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
Wed 1/16/2019 4:38 PM

**To:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Cc:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

OK, we'll call you at this number tomorrow at 3:00pm.

We'll talk about the report, among other things, tomorrow . . . .

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

---

**From:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**To:** "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov>
**Cc:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Date:** 01/16/2019 03.20 PM
**Subject:** Re: In on another call. Will call you immediately thereafter

---

Dear James,

You can reach me on my cell, ▓▓▓▓▓▓ Before tomorrow, would you please
forward me the report?

Respectfully,



On Jan 16, 2019, at 2:52 PM, "James_Ishida@ca4.uscourts.gov"
<James_Ishida@ca4.uscourts.gov> wrote:

Dear ▓▓▓▓▓

How about 3:00pm tomorrow? Let me know how I can reach you.

James


James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA  23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov


| From: | ███████████████████████ |
|---|---|
| To: | "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov> |
| Cc: | ██████████████████████████████ |
| Date: | 01/16/2019 01:12 PM |
| Subject: | Re: In on another call. Will call you immediately thereafter |


Dear James,

Thank you for your email. I agree it is necessary to talk tomorrow and I am available at either time you suggested. Please let me know when I should call you tomorrow.

Respectfully,

███████

On Jan 16, 2019, at 12:43 PM, "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov> wrote:

Dear ███████

My apologies for the delay in getting back to you.  The government shutdown is having a serious effect on our office.

Notwithstanding your pending request to Chief Judge Gregory for an extension of the counseling period, I am preparing a notice to you announcing the end of the counseling period and your right to file a request for mediation.  I expect to transmit that shortly. ███ and I also spoke to Chief Judge Gregory the other day,

where he informed me that he intends to deny your request to disqualify Tony Martinez. We are preparing an order to that effect.

I'd like to see if we can arrange a conference call to discuss where things stand. Tomorrow is tough but I can make 2:00pm or 3:00pm work. Otherwise, we'll have to wait until next week because ███ is unavailable this Friday. Tuesday, January 22 is another option.

Pls let me know your preference. Many thanks,

James


James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov


From: ████████████████████████

To:      "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov>

Date:    01/14/2019 02:24 PM

Subject:  Re: In on another call. Will call you immediately thereafter


Dear James,

I hope you are doing well. I was hoping that we would still be able to talk today. Right now, I'm leaning towards requesting another extension of counseling but I would like to have a conversation first, if possible.

Thanks,

████

On Jan 11, 2019, at 5:27 PM, "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov> wrote:

I just received the report. I'll be in touch.

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Jan 11, 2019, at 2:57 PM, ███████████████████████████ wrote:

James,

That sounds good, thanks. If you don't mind, can you please email me and let me know
if you do receive the report from her today?

Thank you,

███████

On Jan 11, 2019, at 2:51 PM, "James_Ishida@ca4.uscourts.gov"
<James_Ishida@ca4.uscourts.gov> wrote:

███████

I still haven't received the report yet, and without it I don't think there's much we can
accomplish today. Let's try again on Monday. Monday, again, is the end of the
counseling period so you should be prepared.

Many thanks. Best regards.

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 53 of 76

On Jan 11, 2019, at 2:44 PM, ███████████████████████ wrote:

Dear James,

I am just following up on our conversation the other day - do you still anticipate wanting to speak briefly by telephone today?

Thank you,

███████

On Jan 9, 2019, at 5:42 PM, "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov> wrote:

Dear ████

I wanted to let you know that I spoke to Heather Beam this afternoon, and she said that she expects to finish her report and have it to me by the end of the week. Heather confirmed that her report will address your allegation of retaliation by Tony Martinez.

Thanks again for participating in this morning's call. I thought it was very productive, and it helped move the ball forward in resolving the pending matters.

I'll be in touch. Best regards.

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

| From: | James Ishida/CE04/04/USCOURTS |
| To: | ████████████████ |
| Date: | 01/09/2019 10:01 AM |
| Subject: | In on another call. Will call you immediately thereafter |

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

## Re: Proposed Resolution for Chapter X EDR Claim

████████████████████████████

Wed 1/30/2019 2:35 PM
**To:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>

Dear James,

Thank you for keeping me updated.

Best,

██████████

On Jan 30, 2019, at 11:24 AM, "James_Ishida@ca4.uscourts.gov"
<James_Ishida@ca4.uscourts.gov> wrote:

Dear ██████

Thank you for your response. I've reached out to the federal defender in the Western District of Virginia. I haven't heard back yet, but I'll keep you posted.

Best,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Jan 28, 2019, at 8:12 AM, ███████████████████████████ wrote:

Dear James,

Thank you for your email. I appreciate the Fourth Circuit's assistance in finding me a position in another federal defender office.

To answer your questions, my first choice for another federal defender office is in the ████████ division of the Western District of Virginia. This is because (1) ████████████████████████████

███████████████████████████████ and (2) the office is reasonably close to my family in western North Carolina. I would really like to try to make ███████ work, and then discuss other options if necessary.

By "flexible working conditions," I mean that I am willing to be flexible in order to make the transfer work. In fact, I would strongly prefer some flexibility in order to heal and to help my family with this transition. For example, I am willing to start with a reduced caseload, so long as I will be given the option of resuming full-time work when space becomes available. If office space is an issue, I am willing to telework. If necessary, I am also willing to work on a temporary basis so long as I am assured a permanent position when space becomes available. And if there is a delay in the start date, I am willing to take temporary administrative leave.

I give you permission to contact the Federal Defender for the Western District of Virginia about a possible position. I am also willing to waive confidentiality regarding my EDR Claim, if it is helpful in securing a transfer.

I have attached a resume for your review. Please let me know if you have any other questions or if you need any other materials from me.

Thank you again very much for your assistance.

Respectfully,

███████████

---

**From:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Sent:** Thursday, January 24, 2019 11:05 AM
**To:** ███████████
**Cc:** RLG@ca4.uscourts.gov; ███████████████████████ James_Ishida@ca4.uscourts.gov
**Subject:** Re: Proposed Resolution for Chapter X EDR Claim

Dear ███████

Thank you for your email. I'm sorry to hear about your experiences, and your decision to leave your office. I have spoken to Chief Judge Gregory, and he has directed me to lend appropriate assistance in finding you another position. We can, of course, make no assurances, but we will do what we can to help.

So, in order to explore possibilities, I need to know the following:

1) You had mentioned that "[a] transfer to another federal defender office with flexible working conditions, specifically in the Western District of Virginia, would resolve my Chapter X claim." I need to know what you mean by "flexible working conditions"?

2) I will approach the federal defender in the Western District of Virginia to see if she is interested. But

I need to know if you are willing to consider other FPD offices in the Circuit.

3) I need your permission to approach unit executives about a possible vacancy in their offices. I will not mention the EDR matter -- I am still bound by the confidentiality requirements under the Fourth Circuit's EDR Plan. But I'm assuming that I have your permission to make these inquiries.

4) I will need a copy of your resume.

I also need to advise you that this does not toll the time to request mediation in your EDR case. Under the Fourth Circuit's EDR Plan, if you wish to pursue the matter, you must file a request for mediation within 15 days from when you were notified that the counseling period ended, or January 31, 2019.

I look forward to your responses.

Best regards,

James


James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov


From: ████████████████████████
To: "RLG@ca4.uscourts.gov" <RLG@ca4.uscourts.gov>, "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov>
Date: 01/22/2019 02.09 PM
Subject: Proposed Resolution for Chapter X EDR Claim


Dear Chief Judge Gregory and Circuit Executive Ishida,

Although it was my dream since law school to be a federal defender, I do not believe it is possible to reach a resolution with my current office that will protect me from further harassment and allow me to advance in my career. Therefore, I respectfully ask for the Fourth Circuit's assistance in transitioning to another position. In the short term, I am willing to consider solutions such as temporary administrative leave or a judicial clerkship. As a permanent solution, I am interested in a transfer to the Federal Defender Office for the

Western District of Virginia, ██████████████████████████████████

I filed a formal EDR claim, in part, to ensure that the scope of the investigation into sexual harassment by the First Assistant would be expanded to include my allegations of retaliation against the Federal Defender. Now that the final investigative report is complete, I understand that the Office of General Counsel (OGC) has recommended against distributing the report to me or to the employing office. At the same time, OGC has recommended denying my request to disqualify the Federal Defender. OGC's guidance would require me to negotiate directly with an alleged violator without knowing the report's findings and recommendations. While I disagree with OGC's guidance, I respect the Fourth Circuit's decision to follow it.

I am concerned, however, that a successful negotiation is unlikely. For example, after the First Assistant made me feel so threatened that I stopped coming into the office, he joked to an attorney colleague who was leaving the office that he should attend the next office retreat to give sexual harassment training. Worse yet, the Federal Defender ignored my concerns, mishandled and escalated the situation, and only initiated a wrongful conduct report after I followed up on his promises to finally address the situation. Similarly, when I expressed interest in a recently-posted "appellate" attorney position, Appellate Chief Josh Carpenter openly discouraged me from applying. When I applied anyway, I was not selected for an interview. I have been told it is no secret that the new appellate attorney was chosen to be my replacement.

Under these circumstances, I do not see any path forward that would allow me to continue working in my office. But I am also concerned that I will be subjected to rumors and reputational damage. For example, years after attorney ███████ took time off following his wife's ██████ to care for his ████ son (and was subsequently fired), I personally heard the First Assistant and others insinuate that ████████ killed his wife, which they claimed to know because office investigator Jim Allard "looked into it." After attorney ███████ who was gay, was fired, office rumors began circulating that ████████ was exchanging sexual favors with prison guards. Similar incivility extends to our clients, such as at a recent all-staff meeting when, in front of the entire office and the Federal Defender, Trial Team Leader Peter Adolf repeatedly referred to his intellectually-disabled client as a "retard." So far, I am aware of the First Assistant implying that I looked good on paper but didn't work out; I am concerned it will not end there.

My objective now is to move on in a way that preserves my professional reputation and career options. I graduated with high honors from the ████████ School of Law, where I served on the editorial board of the ██████ Journal. Prior to my current position, I was a ████████ Fellow at the Administrative Office of the U.S. Courts. Previously, I served as a judicial law clerk for Judge ███████ of the U.S. Court of Appeals for the ████ Circuit, Judge ███████ of the U.S. District Court for the ████ District of ████ and Chief Justice ███████ of the ██████ Supreme Court. I believe these experiences make me well-qualified for a position in a federal defender office, a judicial clerkship, or a combination of both.

A transfer to another federal defender office with flexible working conditions, specifically in the Western District of Virginia, would resolve my Chapter X claim. In 2017, I received a similar offer for the ████████ division from Federal Defender ████████ that was revoked solely because ████████ had miscalculated the number of available positions under the office's work measurement formula. In the short term, I would be willing to consider other options, such as temporary administrative leave or a temporary judicial clerkship. If possible, we can further discuss the details of any potential solution.

Thank you for your time and consideration.

Respectfully,

████████

< ████ Resume Jan 2019.pdf>

## Re: Request for Mediation (EDR Claim)

████████████████████████

Fri 2/1/2019 12:13 PM

**To:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Cc:** ████████████████████████

Dear James,

Thank you for your response. That is reassuring to me. I look forward to hearing from the mediator.

Have a nice weekend.

Best,

████████

On Feb 1, 2019, at 10:42 AM, "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov> wrote:

Dear ████

At this point, to my knowledge, the only things that have been disclosed to the Employing Office are your Request for Counseling and your Request for Mediation, which I am required to disclose under the Fourth Circuit EDR Plan. I did not disclose any documents to the Employing Office that you had submitted with your request for disqualification. And, as I mentioned before, I did not disclose the investigator's report or its attachments to the Employing Office.

I can't speak to the investigation itself because I had specifically separated myself from that to ensure a fair and impartial investigation. But Heather Beam knows full well the confidentiality and limited-disclosure requirements in our EDR Plan.

As for the mediation process, Ed Smith is a seasoned and skilled mediator whose only interest will be to attempt to resolve your EDR case. I'm sure he would not act in any way that would jeopardize that objective. But I will relay your concerns and request to him.

Btw, that's also one of the reasons why I did not want to release the investigator's report to the parties at this time. As you mentioned, I'm sure that would have sparked satellite litigation over the accuracy of the report, and that's not helpful. What would be helpful is to focus on the outstanding issues, and resolve them in the most mutually satisfactory manner. I'm confident that Ed will do an excellent job.

James N. Ishida

Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Feb 1, 2019, at 10:20 AM, ████████████████████████ wrote:

Dear James,

Thank you for your response.

The only document I submitted with my request for counseling was a five-page grievance containing a factual narrative, along with my request to disqualify the Federal Defender. It is my impression that the employing office has not received a copy of the grievance narrative, the source materials (e.g., emails, contemporaneous notes, etc.) I provided for the investigation, or my disqualification request. I am concerned that the materials I provided in confidence for purposes of cooperating with the investigation could be disclosed to the employing office through the mediation process. I am concerned, in part, that under current circumstances disclosure of these materials would result in relitigating my allegations during the mediation process.

Can you please confirm that no materials other than my request for counseling (2 pages) and my request for mediation (2 pages) have been, or will be, provided to the employing office during the mediation process absent my waiver of confidentiality by consent to the mediator?

Respectfully,

████████

---

**From:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Sent:** Thursday, January 31, 2019 4:19 PM
**To:** ████████████████
**Cc:** ████████████████ James_Ishida@ca4.uscourts.gov
**Subject:** Re: Request for Mediation (EDR Claim)

Dear ████████

I do not believe that we had a discussion about releasing documents that you had filed with your Request for Counseling to the mediator. I did say that I would not release the investigator's report to the parties. I'm also inclined to withhold it from the mediator as well.

Under the Fourth Circuit's EDR Plan, "information about allegations filed under this Plan shall be shared on a need-to-know basis." I need to consider whether the mediator needs to know the information filed in your request. The mediator is also bound by this directive, as well as his confidentiality obligations under the Plan.

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Jan 31, 2019, at 3:48 PM, ██████████████████████ wrote:

Dear James,

Thank you for your email. I wanted to confirm from our last discussion that my mediation request is the only documentation that will be provided to the mediator and Tony Martinez - specifically, that documents I provided for purposes of the investigation and subsequent report, including my initial narrative submitted with my request for counseling, will not be shared.

Respectfully,

████

On Jan 31, 2019, at 3:23 PM, "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov> wrote:

Dear ████

Thank you for your attached request for mediation. In accord with the Fourth Circuit's EDR Plan, I am notifying Chief Judge Gregory and Anthony Martinez of your request.

I am also designating Chief Fourth Circuit Mediator Edward G. Smith as mediator in this proceeding.

Receipt of your mediation request initiates the start of the 30-day mediation period, which expires on March 2, 2019.

Mr. Smith will reach out to the parties shortly.

Best regards,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

Begin forwarded message:

**From:** ███████████████████████
**Date:** January 31, 2019 at 2:16:28 PM EST
**To:** "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov>
**Cc:** "RLG@ca4.uscourts.gov" <RLG@ca4.uscourts.gov>
**Subject: Request for Mediation (EDR Claim)**

Dear Circuit Executive Ishida,

Please find attached my request for mediation under the Fourth Circuit EDR Plan.

Respectfully,

███████████████████

<███████████ Mediation Request.pdf>

## Fwd: Supplement to Mediation Request (EDR Claim)

James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
Sun 2/24/2019 4:01 PM

**To:** cooper.strickland@gmail.com <cooper.strickland@gmail.com>
**Cc:** RL_Gregory@ca4.uscourts.gov <RL_Gregory@ca4.uscourts.gov>; Anthony_Martinez@fd.org
<Anthony_Martinez@fd.org>; ████████████████████████
Edward_Smith@ca4.uscourts.gov <Edward_Smith@ca4.uscourts.gov>;
████████████████████ ; James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>

📎 2 attachments (2 MB)
Supplement to Mediation Request (EDR Claim ██████ pdf; ATT00001.htm;

Dear Mr. Strickland,

Thank you for the attached supplement to ██████ original Request for Mediation. Under the
Fourth Circuit's EEO/EDR Plan, Chapter X, section 9A, I am obligated to provide a copy of the
supplemental request to Chief Judge Gregory and Anthony Martinez, the unit executive. I am
also providing a copy to the mediator, Edward Smith.

As for your request to redact the document, I reached out to the Administrative Office's Office
of General Counsel for guidance. The Office advised that the supplemental request is not
subject to redaction. However, the General Counsel's Office also noted that Mr. Martinez is
"prohibited from retaliating against any employees for their participation in, or opposition to,
EDR matters."

Best regards,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

Begin forwarded message:

> **From:** "Cooper Strickland" <cooper.strickland@gmail.com>
> **Date:** February 22, 2019 at 6:00:17 PM EST
> **To:** James_Ishida@ca4.uscourts.gov
> **Cc:** RLG@ca4.uscourts.gov, ████████████████████
> **Subject: Supplement to Mediation Request (EDR Claim)**

Dear Mr. Ishida:

The following document is a supplement to Complainant ████████████ ███████████ request for mediation under the Consolidated Equal Employment Opportunity and Employment Dispute Resolution Plan of the United States Court of Appeals for the Fourth Circuit.

If this document is shared with the Federal Defender Office, at any time, it should be subject to redaction to protect the identity of employees referenced in this document.

If you have any questions, please feel free to contact me. I may be reached by email or by phone at ████████████

Respectfully,

Cooper Strickland
Representative for Claimant

## Renewed Request for Disqualification (EDR Claim)

Cooper Strickland <cooper.strickland@gmail.com>
Sun 2/24/2019 5:26 PM

**To:** RLG@ca4.uscourts.gov <RLG@ca4.uscourts.gov>
**Cc:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>; ███████████████████

📎 1 attachments (5 MB)
Renewed Request for Disqualification (EDR Claim ██████ pdf;

Dear Chief Judge Gregory:

The following document is a renewed request by Complainant █████████████
████████ to disqualify Mr. Anthony Martinez under the Consolidated Equal
Employment Opportunity and Employment Dispute Resolution Plan of the United
States Court of Appeals for the Fourth Circuit.

If you have any questions, please feel free to contact me. I may be reached by email
or by phone at ██████████████

Respectfully,

Cooper Strickland
Representative for Claimant

Re: ▮▮▮▮ EDR Claim (Chapter X)

James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
Mon 3/11/2019 8:57 AM

To: ▮▮▮▮▮▮▮▮▮▮▮▮

Dear ▮▮▮

Thank you for your decision and for your update. I was delighted to hear about Judge ▮▮▮
offer and your acceptance. I'm also delighted to pursue opportunities with Judge ▮▮▮ But
I'm most gratified by the closure that this hopefully has brought you.

Please accept my congratulations and best wishes going forward. And please let me know if I
can be of service in the future.

Best regards,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov

On Mar 11, 2019, at 9:11 AM, ▮▮▮▮▮▮▮▮▮▮▮▮ wrote:

Dear James,

I hope you are doing well. I wanted to let you know that I have accepted a clerkship with
Judge ▮▮▮ Although I am saddened to no longer be a federal defender, I am honored for this
opportunity and I very much appreciate the Fourth Circuit's assistance in helping me reach
the best possible outcome under the circumstances. I am also extremely grateful for the
Fourth Circuit's support in being considered for a potential placement in Judge ▮▮▮
chambers. These opportunities will allow me a fresh start while saving my reputation and the
hard work I have put into building my career. Given these circumstances, I no longer wish to
pursue the Chapter X portion of my EDR claim.

Thank you again for your time and attention to this matter. I would appreciate it if you would
also forward my appreciation and thanks to Chief Judge Gregory.

Respectfully,

▮▮▮

## RE: checking in

Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
Mon 3/11/2019 1:56 PM

To: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dear ▮▮▮▮

I am so glad to hear about your new opportunity – that's just wonderful! It was such a pleasure to meet you and an honor to be of any help to you in this matter. I'm sorry for the many months of difficulties that you had with EDR. Every EDR case I hear about helps me help courts do better next time, so what you went through will be useful in the long run, as it will help me make the EDR process better for everyone. But most of all, I am sorry for you experienced to even need the EDR process in the first place.

I hope you have a wonderful career, and that you come by and say hello if you're ever at the AO again!

With very best wishes,

Jill

**From:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Monday, March 11, 2019 2:36 PM
**To:** Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
**Subject:** Re: checking in

Dear Jill,

I wanted to let you know that on Friday, I accepted a clerkship offer with Judge ▮▮▮▮▮▮ of the Fourth Circuit Court of Appeals. We had been using Judge ▮▮▮▮ law library for our EDR mediation meetings and, as it turns out, one of his law clerks left early and he needed a replacement. So it was a fortuitous coincidence that worked out well for everyone.

Although I saddened to no longer be a federal defender, I believe this is the best possible outcome under the circumstances. This opportunity will allow me a fresh start while preserving my reputation and the hard work I have put into building my career. The Fourth Circuit was also very supportive of this outcome and is continuing to assist me with other possible opportunities.

I learned a lot from this experience about the EDR process, and I hope we can continue to discuss "lessons learned." I also believe your advice to write out a more detailed factual summary and legal arguments for my claims may have been an important factor in moving things in the right direction.

Thank you again for your time and assistance.

Best regards,

■

■

**From:** Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
**Sent:** Friday, March 1, 2019 5:50 PM
**To:** ■
**Subject:** RE: checking in

Thanks ■

Thank you for following up with me. I am interested in your situation, and I do care about having this
EDR process work better for you going forward. Do keep me in the loop and don't hesitate to call me
whenever you want.

Warmest regards,

Jill

**From:** ■
**Sent:** Thursday, February 28, 2019 10:20 AM
**To:** Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
**Subject:** Re: checking in

Dear Jill,

I hope you are doing well. I thought I would send you a copy of the latest filings in my EDR case,
including a Supplement to Mediation Request and Renewed Request for Disqualification.

Best regards,

■

**From:** Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
**Sent:** Tuesday, February 19, 2019 9:16 AM
**To:** ■
**Subject:** RE: checking in

Don't hesitate to contact me again. At least, do let me know how this is ultimately resolved. Every
matter can be a "lesson learned." For example, your experience has taught me that I/we need to provide
EDR interpretive guidelines to courts, to flesh out what I/we think should happen in EDR proceedings.
I've trained EDR Coordinators in the Tenth Circuit, but I think that needs to be nationalized. And I'd like
to better understand if FPDs are adequately protected by EDR remedies.

I wish you well, and remain here if you want.

Jill

**From:** ■
**Sent:** Tuesday, February 19, 2019 9:11 AM
**To:** Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
**Subject:** Re: checking in

Dear Jill,

Thank you for your warm email and for taking so much of your time to meet with me in person. I really appreciated your advice to supplement my original narrative with more detail in writing and I am currently working on that now.

I appreciate your offer to speak to James, but I would like to let things play out more first and see if my filings move things in a different direction. I will certainly let you know if that changes though.

Thanks again and I wish you the best in your new judicial integrity officer role.

Best regards,



On Feb 17, 2019, at 3:59 PM, Jill Langley <Jill_B_Langley@ca10.uscourts.gov> wrote:



I hope Friday wasn't completely overwhelming. I felt a little overwhelmed , so I suspect you did as well. I want EDR to work; that is such a passion of mine. I can't address the whys of what has transpired in your cast to date, and I know this has been an arduous path for you, but I think it would be helpful to remember that you are still at the start of the EDR process. All of the due process rights in the EDR complaint process are still there for you to use.

If you were to let me speak to James, I could at least offer myself to him as a guide for how I train and expect EDR to work. I would not want to intervene, but just to offer him a sounding board for how I think the EDR process needs to work, so that everyone believes that the ultimate EDR result was fairly and transparently arrived at. It would involve me letting him know you reached out to me, which is entirely within your rights to do, but if that concerns you, I will not ever reveal our conversation or my knowledge of your claim.

I am also passionate that employees not fear retaliation for coming forward and for using EDR. You can and should report any retaliatory actions that you experience, and that includes letting me know.

With warmest regards,

Jill

Jill B. Langley
Judicial Integrity Officer
Office of Judicial Integrity
Administrative Office of the United States
Office: 202-502-3957
Gov't Cell: 202.531.4026

## Re: Status of Chapter 9 report

████████████████████████████

Thu 5/2/2019 9:53 AM

**To:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>

James,

Thank you for letting me know.

Best,

████████

> On May 1, 2019, at 12:36 PM, "James_Ishida@ca4.uscourts.gov"
<James_Ishida@ca4.uscourts.gov> wrote:
>
>
> Dear ████████
>
> Thanks for reaching out. The Chapter IX proceeding is still open and
> ongoing.
>
> Hope things are going well.
>
> Best regards,
>
> James
>
> James N. Ishida
> Circuit Executive
> U.S. Court of Appeals for the Fourth Circuit
> 1100 East Main Street, Suite 617
> Richmond, VA 23217-3517
> 804-916-2184
> james_ishida@ca4.uscourts.gov
>
>> On May 1, 2019, at 12:31 PM, ████████████████████████
> wrote:
>>
>> Dear James,
>>
>> I hope you are doing well. I am requesting a status update on my Chapter
> 9 report of wrongful conduct. Specifically, is this proceeding still open

> or closed?
>>
>> Best regards,
>>
>> ███████
>

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 73 of 76

## Re: INFORMATION - Actions Taken on Your Report of Wrongful Conduct

████████████████████████

Tue 6/4/2019 1:24 PM

**To**: James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Cc**: RL_Gregory@ca4.uscourts.gov <RL_Gregory@ca4.uscourts.gov>

Dear James,

Thank you for letting me know.

Best regards,

████

On Jun 3, 2019, at 4:29 PM, "James_Ishida@ca4.uscourts.gov"
<James_Ishida@ca4.uscourts.gov> wrote:

Dear ████

I wanted to let you know that disciplinary action was taken last week as a result of your report of wrongful conduct. As we had discussed previously, I cannot reveal the nature of the action because it is a disciplinary matter. But I wanted to let you know that action was taken, and I wanted to re-emphasize that: (1) the Fourth Circuit took your report very seriously, (2) Chief Judge Gregory ordered a painstaking and exhaustive investigation into your allegations, and (3) actions were taken based on careful consideration of the investigation report.

The Fourth Circuit deeply appreciates your time and effort in this process.

Best regards,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov



## Re: Not sure what your plans are . . . .

██████████████████████████████████████████

Tue 9/24/2019 8:27 AM

**To:** James Ishida <James_Ishida@ca4.uscourts.gov>

Dear James,

Thank you for your email and sorry for my delayed response. I followed up on your emails connecting me with Ms. Scott during the EDR process, and I spoke with her by telephone on March 27, 2019 for about ten minutes. She was openly hostile and pointedly asked me why I left my former office if I was so interested in the work. I was surprised and discouraged that she would ask such an inappropriate question, considering that you had contacted her at Chief Judge Gregory's direction about potentially transferring me to her office. Because I felt uncomfortable telling her that I was forced to leave my office after being subjected to sexual harassment and retaliation, I told her only that I ran into personnel issues there. She did not seem impressed that I had clerked for ████████ and that, at the time of the conversation, I was clerking for ████████ She asked me if I had tried any cases and I responded that, unfortunately, my office did not give me that opportunity. She made a comment to the effect that when a trial comes up, everyone is clamoring for it to get the experience. I discussed the experience I do have and asked her to please keep me in mind if she ever has an opening. She said that someone will be retiring in 2020 and the job will be "posted." Based on her tone, I did not get the impression that it would be worth it for me it to apply, even though I had previously received a job offer for that same office from prior Federal Defender ████████ ████████.

Given Ms. Scott's statement that a job would become available in 2020, I was surprised to see a posting for an AFPD position in her office shortly after our conversation, in June 2019. Despite my negative interaction with Ms. Scott, I submitted an application on June 10, 2019. On June 19, 2019, after submitting my application materials for the AFPD position, I accepted a temporary (that is, 6-12 month)████████ with ████████ ████████ After I accepted the ████████, I received an offer for a first-round Skype interview for the AFPD position on June 24, 2019. The interview letter stated that "we understand it will take time for the selected candidate to transition from their current position," and "the ideal person will not be disadvantaged for needing extended time to handle affairs." Accordingly, I responded to the interview letter that I had already accepted a ████████ requiring up to a 12-month commitment, but that I would be happy to interview if a start date would be possible after the ████████ ends. In response, Ms. Scott stated that she would not hold the position open for me but would "encourage" me to apply for other future openings.

Before accepting another federal defender job, I would need to make sure the office is a positive working environment. Based on the totality of my experiences, I am unlikely to apply for another position in Ms. Scott's office.

Although the ████████ resulted in a large pay and benefits cut, I took it, in part, because I had not been able to find a job within the judiciary, and because I did not want to subject myself to further questioning or hostility regarding my departure from Tony's office. My

Case 1:20-cv-00066-WGY   Document 60-4   Filed 08/17/20   Page 75 of 76

current employer is the only one I interviewed with, formally or informally, that did not directly question my departure from Tony's office, ask to speak with someone from that office about me, or treat me differently from other applicants. From these experiences including my conversation with Ms. Scott, I had come to believe that my professional future realistically would depend on getting a positive reference from the very people who engaged in misconduct against me and that, accordingly, I would have difficulty securing any kind of meaningful employment. Under the circumstances, I am very grateful for my current position. At this time, I don't have a job lined up for when the ████████ is over.

**From:** James Ishida <James_Ishida@ca4.uscourts.gov>
**Sent:** Friday, August 16, 2019 9:05 AM
**To:**
**Subject:** Not sure what your plans are . . . .

https://www.roanoke.com/news/local/federal-public-defender-in-roanoke-acknowledges-office-vacancies/article_6cd2295a-adfb-5b85-8b6d-4b8af46b8069.html

James N. Ishida
Circuit Executive
US Court of Appeals for the Fourth Circuit
Richmond, VA 23219
804-916-2184