IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )   Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |
| | ) |

### PLAINTIFF'S REPLY IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' REQUEST TO STRIKE OR, IN THE ALTERNATIVE, MOTION TO FILE A SURREPLY

In this case involving sexual harassment, discrimination, and retaliation in the federal judiciary, defendants moved to postpone discovery, arguing that no discovery can take place prior to a ruling on their motions to dismiss. *See* ECF No. 51. In her opposition to defendants' motion, Plaintiff Jane Roe ("Roe") asserted that discovery is both proper and ongoing at this time. ECF No. 55. In reply, defendants requested that the Court "strike or disregard" portions of Roe's opposition brief because, they contend, her arguments were an improper attempt to file a "surreply" to their motions to dismiss. ECF No. 57, at 1, 15–16. To ensure that these issues are adequately briefed for the Court's consideration, Roe opposed defendants' request to strike or, in the alternative, moved for leave to file a surreply. ECF No. 58. However, defendants maintain that Roe's arguments should be stricken and disregarded and that she should not be granted leave to file a surreply. ECF No. 59.

1

Defendants' request to strike should be rejected as an improper attempt to prevent Roe from presenting relevant arguments to the Court. Though defendants characterize their discovery motion as presenting only the "narrow question" of "whether the Local Rules govern the timing of discovery in this case," *id.* at 1, their motion broadly requested a halt to all discovery and relied on other grounds, such as qualified immunity. *See* ECF No. 51, at 3. Roe was entitled to respond to defendants' arguments by explaining, for example, that their qualified immunity defenses and other arguments in favor of dismissal raised factual issues that could not be resolved in their favor without discovery. Thus, Roe has not filed a "surreply" to defendants' motions to dismiss, as defendants contend, but rather presented arguments directly responsive to their motion to postpone discovery.

Defendants also fail to mention that their consent motion for extension of time to file a reply, ECF No. 50, was not granted, and, therefore, their replies in support of their motions to dismiss, ECF Nos. 52, 53, 54, were not timely under the Local Rules. *See* LCvR 7.1(e) ("A reply to the response to a motion, if any, must be filed within seven (7) days of the date on which the response is served."). It would be unfair to strike Roe's arguments based on defendants' characterization of her opposition response as a "surreply," while also accepting their untimely replies. At a minimum, if Roe's opposition arguments are treated as a "surreply" and stricken on that basis, *then defendants' untimely reply briefs in support of their motions to dismiss should also be stricken or disregarded, pursuant to the Local Rules.*

This the 18th day of August, 2020.

Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92

2

Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gill P. Beck at Gill.Beck@usdoj.gov

    Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

    Shannon Sumerall Spainhour at mss@dhwlegal.com

    */s/ Cooper Strickland*
    Cooper Strickland
    N.C. Bar No. 43242
    P.O. Box 92
    Lynn, NC 28750
    Tel. (828) 817-3703
    cooper.strickland@gmail.com