IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|         *Plaintiff*, | ) |
| | ) |
| v. | )   Civil No. 1:20-cv-00066 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|         *Defendants.* | ) |
| | ) |
| | ) |

**PLAINTIFF'S SECOND SET OF DOCUMENT REQUESTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, by and through her attorney, requests that Defendants produce or make available for inspection and copying the following documents and electronically stored information ("ESI") at a time and place agreed upon by the parties' counsel, in accordance with the following Definitions and Instructions, within thirty (30) days of service of this request.

*DEFINITIONS*

1.    ***And/or.***  The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of the request.

2.    ***Communication.***  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3.    ***Complaint.***  The term "civil complaint" means the complaint filed in the United States District Court for the Western District of North Carolina on March 3, 2020 (Docket No. 1:20-cv-00066). The term "EDR complaint" means the request for counseling and report of wrongful conduct submitted by Plaintiff to the Fourth Circuit Court of Appeals on September 10, 2018.

4.    ***Concern or Concerning (or Relate or Relating).***  The terms "concern" or "concerning" (or "relate" or "relating") mean, in addition to their usual and customary meanings, referring to, pertaining to, addressing, discussing, describing, regarding, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

5.  ***Control.***  The term "control" is defined to refer to a parties' possession, custody, or control of a document at any time.  A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

6.  ***Document (or Information).***  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

7.  ***Identify (With Respect to Persons).***  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8.  ***Identify (With Respect to Documents).***  When referring to documents, "to identify" means to give, to the extent known, the

   (A) type of document;
   (B) general subject matter;
   (C) date of the document; and
   (D) author(s), addressee(s), and recipient(s).

9.  ***Number.***  The use of singular form includes plural, and vice versa.

10.  ***Parties.***  The terms "plaintiff" and "defendant" (or "defendants"), as well as a party's full or abbreviated name (*e.g.*, Federal Public Defender Office) or a pronoun referring to a party, mean the party (or defendants collectively) and, where applicable, its officers, agents, representatives, employees, governing/policy making bodies, or political/legal subdivisions, including, but not limited to, former employees and predecessor entities.

11.  ***Person.***  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

12.  ***Tense.***  The use of present tense includes past tense, and vice versa.

## *INSTRUCTIONS*

1.  ***Applicable time frame.***  Unless otherwise stated herein, all documents requested are for the period from the date that Anthony Martinez was selected or announced as the Federal Public Defender for the Western District of North Carolina (on or about December 1, 2016) **through and including the present**.

2.     ***The scope of the requests.***  Requests for production should be read so as to encompass any and all items responsive to the request. If there are no documents in response to any particular request the party shall state so in writing.

3.     ***Objections, including privileged documents.***  If a party objects to any document request, in whole or in part, including on the grounds of privilege, the document shall be identified and each objection and the all grounds therefor shall be stated separately.  No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.  Any non-objectionable or non-privileged part of a document subject to an objection shall be produced.  All objections shall be made in writing and delivered to the requesting party's counsel within thirty (30) days of service of this request.

4.     ***Redactions, alterations.***  If a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

5.     ***Form of electronically stored information (ESI).***  Absent a request for a specific method of production, the producing party may produce ESI in any reasonable manner that does not impose an undue burden or expense on the requesting party.  The producing party must preserve the integrity of each electronic document's contents (*i.e.*, its original formatting, metadata, and, where applicable, revision history).

6.     ***Organizing the document production.***  Each answer, statement, or objection shall be preceded by the request to which it responds.  All documents shall be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.

7.     ***Producing documents in their entirety.***  Each request contemplates production of all documents in their entirety, including all attachments and enclosures.  If any document is duplicative of a previous request for which the document has already been produced, then the duplicative document does not need to be produced again, but the producing party is requested to identify the duplicative document and respond that such document is among those already produced.

8.     ***Identifying documents that are lost, destroyed, or otherwise is no longer under the party's control.***  If any responsive document has been lost, destroyed, or otherwise is no longer in possession, custody, or control of a party, then the party shall identify the document, state the reason for unavailability, and identify any person who may have knowledge or information relating to the document.

9.     ***Ambiguities.***  If, in responding to this request, a party encounters any ambiguities when construing a request, definition, or instruction, the response shall set forth the matter deemed ambiguous and the construction used in responding.

10. ***The continuing duty to supplement.*** These requests are continuing, and a party's response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## *DOCUMENT REQUESTS*

Document Request No. 47: Documents that support, or undermine, any defenses, including any affirmative or factual defenses, that defendants have raised, or intend to raise, in response to the civil complaint.

    RESPONSE:

Document Request No. 48: Documents concerning any actual or potential conflicts of interest on the part of the Federal Defender, the Circuit Executive/EDR Coordinator, the Chief Judge, or any other individuals in relation to Plaintiff's EDR complaint.

    RESPONSE:

Document Request No. 49: Documents concerning the personal involvement of the Federal Defender, the Circuit Executive/EDR Coordinator, and the Chief Judge in establishing a Capital Habeas Unit in the Western District of North Carolina.

    RESPONSE:

Document Request No. 50: Documents concerning the involvement of the Federal Defender, the Circuit Executive/EDR Coordinator, and the Chief Judge in other factually related EDR complaints regarding the FDO.

    RESPONSE:

Document Request No. 51: Documents identifying the members of the Fourth Circuit Judicial Council.

    RESPONSE:

Document Request No. 52: All final hearing decisions in the Fourth Circuit and Western District of North Carolina, at <u>any</u> time, pursuant to Fourth Circuit EDR Plan Ch. X, § 13.

    RESPONSE:

Document Request No. 53: Documents concerning the judiciary's policies, practices, and procedures regarding nondisclosure agreements in EDR proceedings within the Fourth Circuit, including but not limited to copies of any nondisclosure language that would have been requested of Plaintiff had she entered a written settlement agreement, or any similar agreements that have been requested of other FDO employees (*see* Complaint ¶ 185).

    RESPONSE:

Document Request No. 54: Documents concerning the judiciary's guidance, policies, and practices, as applicable to the Fourth Circuit, regarding protocols for "appropriate" investigations and prompt and effective remedial action on sexual harassment complaints (*see* EDR Plan Ch. IX).

    RESPONSE:

Document Request No. 55: Documents concerning the FDO's communications to its employees that further harassment, discrimination, or retaliation would not be tolerated following the submission of Plaintiff's EDR complaint (*see, e.g.*, Civil Complaint ¶¶ 338–54).

RESPONSE:

Document Request No. 56: Documents concerning the judiciary's guidance, policies, and practices, as applicable to the Fourth Circuit, regarding monetary relief available in EDR proceedings (*see, e.g, Confronting Sexual Harassment and Other Workplace Misconduct in the Federal Judiciary, Questions for the Record from Chairman Grassley*, *Sen. Comm. on the Judiciary*, 115th Cong. 16–17 (June 20, 2018)).

RESPONSE:

Document Request No. 57: Documents concerning why federal defender offices are covered by circuit, not district, EDR plans.

RESPONSE:

Document Request No. 58: Documents concerning the Federal Defender's involvement in Plaintiff's hiring by the FDO.

RESPONSE:

Document Request No. 59: Documents concerning work-issued communication devices or technology for FDO employees, including but not limited to policies and practices, whether formal or informal, regarding the use of personal cell phones or email accounts for work-related communications.

RESPONSE:

6

Document Request No. 60: All text messages, emails, or other communications, including but not limited to work and personal devices, concerning the allegations in the civil complaint.

    RESPONSE:

Document Request No. 61: Documents concerning whether Federal Public Defenders' personnel decisions with respect to their employees, including decisions regarding disciplinary action, can be imposed, modified, reversed, or otherwise influenced, by the Court of Appeals, the Administrative Office of the U.S. Courts, or any other judiciary entity.

    RESPONSE:

Document Request No. 62: Documents and judiciary guidance, created at <u>any</u> time, regarding the judiciary's legal obligations or liability under the Fifth Amendment, the *Davis v. Passman* decision, or other antidiscrimination laws.

    RESPONSE:

Document Request No. 63: All versions of FDO organizational charts, **<u>in native format</u>**.

    RESPONSE:

Document Request No. 64: Documents concerning Roe's "reclassification," **<u>in native format</u>** (*see, e.g.*, Complaint ¶¶ 240–50).

    RESPONSE:

Document Request No. 65: Documents concerning Roe's locality pay, including but not limited to any documents, policies, protocols, or guidance the Federal Defender relied upon in requesting that Plaintiff be denied locality pay and her total salary cut by nearly 15% (*see* Complaint ¶ 246).

RESPONSE:

Document Request No. 66: Documents concerning the basis for the EDR Coordinator's statement that there were "serious issues" in the FDO, that Roe's concerns were "well-founded," and the judges were "mindful" of the need to change the office culture (*see* Complaint ¶ 264).

RESPONSE:

Document Request No. 67: Documents concerning the remedies available for breach of an EDR settlement (*see* Complaint ¶ 423).

RESPONSE:

Document Request No. 68: Documents concerning whether a settlement agreement with a Federal Defender is binding on the next Federal Defender (*see* Complaint ¶ 424).

RESPONSE:

Document Request No. 69: Documents concerning any judiciary guidance regarding due process, equal protection, or <u>any</u> procedural rights that are created by EDR plans or procedures, as relevant to Plaintiff's EDR complaint.

RESPONSE:

8

Case 1:20-cv-00066-WGY   Document 64-1   Filed 08/29/20   Page 8 of 12

Document Request No. 70: Documents concerning inherent conflicts of interest existing in EDR proceedings, including but not limited to conflicts of interest by accused unit executives and by unit executives serving as EDR coordinators (*see, e.g.,* Complaint ¶ 429).

    RESPONSE:

Document Request No. 71: Documents concerning whether EDR complainants waive their claims if they do not submit the entire factual basis for their claims in writing to their employing office, as relevant to Plaintiff's EDR complaint (*see* Complaint ¶ 431).

    RESPONSE:

Document Request No. 72: Documents concerning any inquiries, and the results of any inquiries, related to whether federal defender employees are adequately protected by EDR remedies (*see* Complaint ¶ 444).

    RESPONSE:

Document Request No. 73: Documents concerning questions about, or problems with, the adequacy of EDR remedies, as applicable to federal defender employees, at <u>any</u> time (*see* Complaint ¶ 446).

    RESPONSE:

Document Request No. 74: Documents concerning the judiciary's investigation of problems with employment dispute resolution in federal defender offices, questions raised about enforcement of remedies or jurisdiction, and any actions the judiciary took in response, at <u>any</u> time.

RESPONSE:




Document Request No. 75: Documents concerning the communication of Plaintiff's Supplement to Mediation to her employing office, including but not limited to documents showing who received or had access to the report via email or other communication methods used by the FDO, such as relevant email chains (*see* Complaint ¶ 449).

RESPONSE:




Document Request No. 76: Documents concerning the delays in, and deliberations on, the disciplinary proceeding on Plaintiff's Chapter IX report of wrongful conduct, at <u>any</u> time (*see* Complaint ¶ 472).

RESPONSE:




Document Request No. 77: Documents concerning the legal basis for any disciplinary action taken on Plaintiff's Chapter IX report of wrongful conduct (*see* Complaint ¶ 484).

RESPONSE:




Document Request No. 78: Documents concerning the FDO's formal or informal policies and practices regarding employee professional and continuing educational training and records concerning such training received by any attorneys and staff members during Plaintiff's employment, including the cost of those trainings and syllabi and other materials.

RESPONSE:

Document Request No. 79: Documents concerning the selection process, annual caseload, and annual compensation for Criminal Justice Act panel members in the Western District of North Carolina <u>and</u> the Fourth Circuit, **<u>in native format</u>**.

    RESPONSE:


This the 31st day of July, 2020

                                              */s/ Cooper Strickland*
                                              Cooper Strickland
                                              N.C. Bar No. 43242
                                              P.O. Box 92
                                              Lynn, NC 28750
                                              Tel. (828) 817-3703
                                              cooper.strickland@gmail.com

                                              Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on this 31st day of July, 2020, I have served this document by email on the following counsel for the opposing parties:

Joshua M. Kolsky
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 2005
Joshua.kolsky@usdoj.gov

Gill P. Beck
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Gill.Beck@usdoj.gov

Shannon Sumerell Spainhour
Davis Hartman Wright PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
mss@dhwlegal.com


This the 31st day of July, 2020

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff