Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|    *Plaintiff*, | ) |
| | ) |
| v. | )  Civil No. 1:20-cv-00066 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|    *Defendants*. | ) |
| | ) |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff, by and through her attorney, requests that Defendants admit the following requests in writing, and serve their responses upon the undersigned attorney (by mail or email) within thirty (30) days of service of these Requests for Admission.

*DEFINITIONS*

1. Plaintiff incorporates by reference the definitions set forth in the Plaintiff's First Set of Document Requests (ECF No. 51-1) and First Set of Interrogatories (ECF No. 51-2).

*INSTRUCTIONS*

1. Unless otherwise stated herein, all requests for admission are for the period from the date that Anthony Martinez was selected or announced as the Federal Public Defender for the Western District of North Carolina (on or about December 1, 2016) **through and including the present**.

2. Parties shall specifically admit or deny each Request for Admission.

3. The answer to any Request for Admission shall fairly meet the substance of the requested admission.

4. When good faith requires that a party qualify an answer or deny only a part of the matter for which an admission is requested, the party must specify the portions of the Request for Admission to which it admits and then deny or qualify its answer as to the remainder. Wherever

1

a denial or partial denial is made, the party shall state the basis for the denial or partial denial, and shall identify all documents that support or tend to refute its denial or partial denial.

5. A party shall not give lack of information or knowledge as a reason for failure to admit or deny, unless the party indicates that it has made a reasonable inquiry and indicates that the information known or readily obtainable by the party is insufficient to enable it to admit or deny the matter for which an admission is requested.

6. A party may not object to a Request for Admission solely on the ground that the matter inquired into presents a genuine issue for trial.

7. If a party objects to any Request for Admission, in whole or in part, including on the grounds of privilege, the information subject to the objection shall be identified and each objection and all grounds therefor shall be stated separately. No Request for Admission shall be left unanswered merely because an objection applies in part—any non-objectionable or non-privileged information shall be used to respond to the request for admission. All objections shall be made in writing and delivered to the requesting party's counsel within thirty (30) days of service of these requests for admission.

8. If, in responding to any of these Requests for Admissions, a party encounters any ambiguity in construing either the Request, a definition, or an instruction, state with specificity the matter deemed ambiguous and identify the construction chosen or used in responding to the Request. Civil complaint citations referenced in any Request for Admission are provided for illustrative purposes and in a good faith effort to provide context and avoid ambiguities, and should not be construed to limit the scope of the Request.

9. Each Request for Admission is to be answered fully based on information in your control.

10. Each Request for Admission response shall be preceded by the Request for Admission to which it responds.

11. These Requests for Admission are continuing, and a party's response to these Requests for Admission must be promptly supplemented when appropriate or necessary in accordance with the Federal Rules of Civil Procedure.

## *REQUESTS FOR ADMISSION*

Request for Admission No. 1: Admit that during the term of Plaintiff's employment with the FDO, the First Assistant (J.P. Davis) served, at <u>any</u> time, as the Federal Defender's principal deputy and alter ego (*i.e.*, with the authority to assist in the management of all phases of the FDO and to take actions that affect the basic content and character of the FDO's administrative and legal operations), and Plaintiff's supervisor (*i.e.*, with the authority to initiate employment actions such as hiring, firing, promotion, demotion, and disciplinary action).

    RESPONSE:

2

Request for Admission No. 2: Admit that the Chief of Defender Services contacted the Federal Defender, with the Deputy Director's approval, to discuss addressing Roe's report of sexual harassment by transferring her duty station, considering her for an open appellate attorney position, and allowing her to work in the appeals unit away from the First Assistant's direct supervision (*see* Complaint ¶ 188).

    RESPONSE:


Request for Admission No. 3: Admit that the Federal Defender engaged in communications with judiciary officials, including the Circuit Executive and members of OGC, regarding his opposition to the Chief of Defender Services' suggested steps concerning immediate and effective action on Roe's complaints (*see* Complaint ¶ 225).

    RESPONSE:


Request for Admission No. 4: Admit that judiciary officials prohibited, restricted, or conditioned communication between the FEOO and Roe, at <u>any</u> time (*see* Complaint ¶ 231).

    RESPONSE:


Request for Admission No. 5: Admit that Roe was subjected to adverse employment actions following her EDR complaint, including a "reclassification" that resulted in a locality pay of zero and made Roe ineligible for a within-grade step increase associated with an approaching work anniversary, denial of consideration for a promotion, diminished job duties, "telework" for more than six months, continued assignments for the trial unit supervised by her harasser, and a continued hostile working environment (*see* Complaint ¶¶ 338–54).

    RESPONSE:

Request for Admission No. 6: Admit that while the EDR complaint was pending the Federal Defender and Fourth Circuit officials, including the Chief Judge and Circuit Executive, were working together to establish the Fourth Circuit's first Capital Habeas Unit (*see* Complaint ¶¶ 282, 481).

    RESPONSE:

Request for Admission No. 7: Admit that, as of November 9, 2018, the HR Specialist did not understand Roe's allegations of retaliation by the Federal Defender to be within the scope of the investigation she conducted (*see* Complaint ¶ 318).

    RESPONSE:

Request for Admission No. 8: Admit that the HR Specialist did not communicate with any witnesses identified by Roe for purposes of the investigation (*see* Complaint ¶¶ 301, 317).

    RESPONSE:

Request for Admission No. 9: Admit that the HR Specialist stated that she would not be comfortable making, and did not think it was appropriate for her to make, recommendations regarding her investigation (*see* Complaint ¶ 320).

    RESPONSE:

Request for Admission No. 10: Admit that the Chief Judge and other judiciary officials expressed concern regarding the length of time the EDR complaint was pending (*see* Complaint ¶ 392).

    RESPONSE:

Request for Admission No. 11: Admit that attorney staff members of the AO's Office of General Counsel, other than Sheryl L. Walter, were involved in any way in the events related to the EDR proceeding or wrongful conduct reports, not including this civil lawsuit.

    RESPONSE:

Request for Admission No. 12: Admit that the decision to deny Roe's request to disqualify the Federal Defender—verbally communicated by the Circuit Executive—was influenced by his status as a federal defender or unit executive (*see* Complaint ¶ 397).

    RESPONSE:

Request for Admission No. 13: Admit that the Mediator, as an agent of the judiciary, stated that no hearing officer would micromanage the Federal Defender within the context of an EDR proceeding (*see* Complaint ¶ 415).

    RESPONSE:

Request for Admission No. 14: Admit that the Judicial Integrity Officer, as an agent of the judiciary, stated that a Circuit Executive should never be an EDR Coordinator because of inherent conflicts of interest (*see* Complaint ¶ 429).

    RESPONSE:

Request for Admission No. 15: Admit that the Judicial Integrity Officer, as an agent of the judiciary, stated that she had never seen an investigation report support an employee's sexual harassment allegations (*see* Complaint ¶ 434).

      RESPONSE:

Request for Admission No. 16: Admit that the Judicial Integrity Officer, as an agent of the judiciary, stated that Article III judges do not have authority to manage a federal defender office within the context of an EDR proceeding, which she described as a jurisdictional issue (*see* Complaint ¶ 439).

      RESPONSE:

Request for Admission No. 17: Admit that defendants failed to take appropriate prompt and effective remedial action on Roe's complaints of sexual harassment, discrimination, and retaliation, including by failing to take appropriate interim remedial measures and immediate corrective action on the investigation report.

      RESPONSE:

Request for Admission No. 18: Admit that defendants violated Roe's rights under the EDR Plan, including by subjecting her to sexual harassment, retaliation, and discrimination and by failing to disqualify the Federal Defender, to conduct an appropriate investigation, to share information on a need-to-know basis (*i.e.*, the investigation report), and to provide appropriate remedies.

      RESPONSE:

Request for Admission No. 19:  Admit that defendants failed to provide Roe meaningful remedies under the EDR Plan because a presiding EDR officer lacks independent legal authority to order remedies against an FDO, and if that authority existed, it was not used.

    RESPONSE:

Request for Admission No. 20:  Admit that Roe's resignation from the FDO was involuntary and causally linked to her EDR complaint, constituting a constructive discharge.

    RESPONSE:

Request for Admission No. 21:  Admit that the First Assistant was disciplined for wrongful conduct as a result of the EDR complaint and wrongful conduct reports (*see* Complaint ¶ 484).

    RESPONSE:

Request for Admission No. 22:  Admit that the Federal Defender was disciplined for wrongful conduct as a result of the EDR complaint and wrongful conduct reports (*see* Complaint ¶ 484).

    RESPONSE:

Request for Admission No. 23:  Admit that FDO employees other than the First Assistant and Federal Defender (*e.g.*, Team Leader, Appellate Chief, or Administrative Officer) were disciplined for wrongful conduct as a result of the EDR complaint and wrongful conduct reports (*see* Complaint ¶ 484).

    RESPONSE:

Request for Admission No. 24: Admit that the loss of Roe's federal employment has resulted in her suffering significant and ongoing financial harm, including lost earnings in the amount as calculated in her initial disclosures (ECF No. 57-1, at 11).

    RESPONSE:

Request for Admission No. 25: Admit that prior to the filing of the EDR complaint, the FDO did not disseminate the applicable EDR Plan to Roe or provide her with training regarding sexual harassment reporting and procedures.

    RESPONSE:

This the 31st day of July, 2020

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on this 31st day of July, 2020, I have served this document by email on the following counsel for the opposing parties:

Joshua M. Kolsky
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 2005
Joshua.kolsky@usdoj.gov

Gill P. Beck
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Gill.Beck@usdoj.gov

Shannon Sumerell Spainhour
Davis Hartman Wright PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
mss@dhwlegal.com


This the 31st day of July, 2020

/s/ Cooper Strickland
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

9