


**U.S. Department of Justice**
Civil Division, Federal Programs Branch

---

Joshua Kolsky　　　　　　　　　　　　　　　　　　　　　Tel.: (202) 305-7664
Trial Attorney　　　　　　　　　　　　　　　　　　　　　E-mail: Joshua.kolsky@usdoj.gov

August 29, 2020

**BY E-MAIL**
Cooper Strickland
P.O. Box 92
Lynn, NC 28750
cooper.strickland@gmail.com

　　　　Re:　*Roe v. United States, et al.*, No. 20-66 (W.D.N.C.)

Dear Mr. Strickland:

　　　　I write on behalf of the defendants in response to Plaintiff's Second Set of Document Requests, Second Set of Interrogatories, and First Set of Requests for Admission in the above-referenced action, which you served on July 31, 2020.[1] As we have explained multiple times previously, the local rules of the U.S. District Court for the Western District of North Carolina clearly state that "Court-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered, with the exception that early Rule 34 requests may be used pursuant to Fed. R. Civ. P. 26(d)(2)." LCvR 16.1(f). "'[J]oinder of the issues' occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to a counterclaim has been filed, or the time for doing so has expired." LCvR 16.1(d). And where, as here, "Rule 12 motions are filed and briefed, issues will not join until the Court resolves such issues." *Id*.

　　　　Here, the Court has not yet issued a scheduling order in this case and has not yet resolved Defendants' Rule 12 motions, and joinder of the issues has not occurred. And although the local rules permit a "party seeking early Court-enforceable discovery" to "file a motion for leave to take early discovery stating the reasons therefor," LCvR 16.1(f), Plaintiff has not filed any such motion, other than her motion for John Doe discovery, which has not been granted. Therefore, Defendants hereby object that all of Plaintiff's discovery requests are premature and in clear violation of the local rules. Defendants are not obligated to respond further or to produce documents or information pursuant to the requests, respond to interrogatories, respond to any requests for admission, or respond to any other discovery requests that Plaintiff may serve before she is authorized to do so.

---

[1] Missy Spainhour, on behalf of Defendant Anthony Martinez in his individual capacity, joins in this letter.

I note further that, as we have explained multiple times previously, any discovery prior to a ruling on the qualified immunity defenses in this case would be improper. Qualified immunity is not merely a defense to liability but rather "an entitlement not to stand trial *or face the other burdens of litigation*" prior to "the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added). Accordingly, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*." *Id.* This prohibition on early discovery extends to "discovery as to other parties" because "it would prove necessary for [individual defendants] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

As is apparent from Plaintiff's Opposition to Defendant's Joint Motion to Set Deadline to Respond to Early Discovery Requests, ECF No. 55, Plaintiff lacks any plausible argument that discovery is permitted by the local rules at this phase of the case. Rather, Plaintiff's position is essentially that she should be granted an exception to the local rules' prohibition on early discovery. But Plaintiff has neither sought nor obtained any relief from the Court that would allow her to avoid application of the local rules. If Plaintiff believes she has a good faith basis to take early discovery, she should move the Court for leave to do so—not flout the local rules because Plaintiff believes those rules are inconvenient or inconsistent with her preferred litigation strategy.

For these reasons, we respectfully request that Plaintiff promptly withdraw her discovery requests and refrain from serving new discovery requests until permitted under the local rules or by order of the Court. Defendants reserve all rights regarding Plaintiff's continued violations of the local rules.

Sincerely,

/s/

Josh Kolsky

CC: All counsel of record