IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |
| | ) |

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

On August 26, 2020, the official capacity and entity defendants moved for an extension of time to file their opposition to Roe's motion for partial summary judgment. ECF No. 63. Specifically, defendants requested an extra 28 days to "gather relevant documents and obtain declarations from various witnesses." *Id.* at 2. In response to defendants' extension request, Roe's counsel stated that he "does not oppose a reasonable extension of time for the purpose of drafting a response brief; however, Plaintiff's counsel does oppose any extension for the purpose of creating an evidentiary record in support of Defendants' response brief, which has not been produced in response to Plaintiff's discovery requests." *Id.* at 2–3.

Roe partially opposes defendants' requested extension because defendants should not be permitted to selectively present a one-sided factual narrative at the summary judgment stage after not engaging in discovery. As of the time of this filing, defendants have not served their initial disclosures or provided any discovery responsive to Roe's requests. Though defendants stated in their extension request that they intend to present "declarations from various witnesses" in

1

opposition to Roe's partial summary judgment motion, ECF No. 63, at 2, they did not previously identify these witnesses through initial disclosures as required by Fed. R. Civ. P. 26(a)(1)(A)(i). That rule requires disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." *Id.* Similarly, though defendants stated that the "process is underway" to "gather relevant documents" to oppose Roe's partial summary judgment motion, ECF No. 63, at 2, those documents were not produced in response to her discovery requests. Moreover, defendants did not disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things . . . in [their] possession, custody, or control" that they "may use to support [their] claims or defenses" through initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(ii). Defendants' non-disclosure of their witnesses and documents has prejudiced Roe by, for example, preventing her from making informed decisions regarding depositions prior to the summary judgment phase of litigation.

From defendants' extension request, it appears they intend to present a one-sided narrative of the facts to the Court, based on "evidence" including "documents" and "declarations" that they choose to selectively produce. ECF No. 63, at 2. Defendants' approach runs contrary to the fundamental principle that "a court is entitled to have before it a proper record, sufficiently developed through discovery proceedings, to accurately assess any claim, including one of immunity." *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 220 (4th Cir. 2012) (en banc). Moreover, their approach prejudices Roe by depriving her of a fair opportunity to "present facts essential to justify [her] opposition" to their factual assertions. Fed. R. Civ. P. 56(d).

For these reasons and others which will be explained in a forthcoming motion for case management conference,[1] Roe partially opposes defendants' requested extension of time to respond to her partial summary judgment motion.

This the 31st day of August, 2020.

Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

---

[1] Roe's counsel intends to file a motion for case management conference and any other appropriate relief after conferring with defendants pursuant to Local Rule 7.1.

# CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

 Gill P. Beck at Gill.Beck@usdoj.gov

 Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

 Shannon Sumerall Spainhour at mss@dhwlegal.com

                */s/ Cooper Strickland*
                Cooper Strickland
                N.C. Bar No. 43242
                P.O. Box 92
                Lynn, NC 28750
                Tel. (828) 817-3703
                cooper.strickland@gmail.com