IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )   Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |
| | ) |

**PLAINTIFF'S MOTION FOR A CASE MANAGEMENT CONFERENCE
AND ANY OTHER APPROPRIATE RELIEF**

Plaintiff Jane Roe ("Roe"), by and through her attorney, respectfully requests a case management conference and any other appropriate relief. In support of this motion, Roe states the following:

1. On March 3, 2020, Plaintiff Jane Roe ("Roe") filed a civil lawsuit asserting constitutional and civil rights claims against her prior Federal Defender Office ("FDO"), and government officials and entities within the Fourth Circuit and the federal judiciary. ECF No. 1.

2. On May 11, 2020, the Court held a telephonic hearing in which it set the case for trial in January 2021, a date to which counsel for all parties consented. *See* Minute Entry Order, May 13, 2020. Based on this trial date, the Court ordered that any motions for summary judgment "shall be filed on or before October 1, 2020," that a "joint pretrial memorandum is due on or before December 1, 2020," and that a "final pretrial conference will be held in December 2020." *Id.* The Court further ordered the parties to submit a "joint proposed case management schedule within two weeks" of the hearing date. *Id.*

1

3.     On May 20, 2020, the parties held an initial attorneys' conference to confer regarding the topics required in Federal Rule of Civil Procedure 26(f) and Local Rule 16.1. On the same day, Roe served her initial disclosures on defendants pursuant to Fed. R. Civ. P. 26(a)(1). *See* ECF No. 57-1.

4.     On May 25, 2020, the parties filed a joint statement and proposed case management schedule, in which they agreed on various proposed deadlines for the case. ECF No. 34. For example, the parties jointly proposed completion of <u>all</u> non-expert discovery by September 1, 2020, ECF No. 34, at 4, and to require Roe's expert disclosures under Fed. R. Civ. P. 26(a)(2) on the same date, *id*. The parties also agreed to engage in "good faith efforts" to resolve the case through a mediated settlement conference, which "would be most useful if conducted no later than the close of non-expert discovery." ECF No. 34, at 6.

5.     Despite having agreed to these dates, defendants disagreed with engaging in any discovery prior to a ruling on their <u>yet-to-be</u> filed motions to dismiss. *Id.* at 1–3. Roe opposed any delay in discovery. *Id.* at 3. She explained that defendants' arguments were premature absent a motion to stay, and that delaying discovery to some later undefined date "would inevitably require moving the trial date that was already ordered by the Court without any objection." *Id*. Further, Roe had already served her initial disclosures and would be prejudiced by any further delay. *Id.*

6.     To obtain written discovery prior to taking depositions, and to prepare for the court-ordered summary judgment motion and trial dates, Roe served initial written requests for production and interrogatories on June 5 and 12, 2020. ECF Nos. 51-1, 51-2. These requests were tailored to obtain discovery "relevant" to her "claim[s]" and "proportional to the needs of the case" as required under Fed. R. Civ. P. 26(b)(1). *See*, *e.g.*, ECF No. 48, at 1–13 (describing

2

claims for due process and equal protection violations); ECF No. 49, at 22–25 (same). However, defendants' counsel informed Roe's counsel that they believed they were not required to produce discovery in response to her requests. *See* ECF Nos. 51-3, 51-4. On the due date for the requests for production, defendants filed a motion seeking to postpone all discovery until after a ruling on their motions to dismiss. ECF No. 51.

7. In her opposition to defendants' motion, Roe asserted that discovery was both proper and ongoing. ECF No. 55. She argued that defendants' motion should be denied because (1) defendants have waived any objection to proceeding with discovery by agreeing to court-ordered summary judgment and trial dates, *id.* at 3, (2) the Federal Rules of Civil Procedure require defendants to produce discovery in the period following the initial attorneys' conference and before the summary judgment deadline, *id.* at 3–4, (3) Roe is entitled to discovery on the factual defenses raised in defendants' motions to dismiss, which raise disputes that cannot be resolved in their favor without discovery, *id.* at 4–21, (4) defendants have invited conversion to summary judgment (or denial of their motions to dismiss) by selectively relying on facts outside of the complaint and documents from the EDR administrative record, which they have not turned over in discovery, *id.* at 21, (5) defendants have not shown good cause for a stay of discovery or that Roe's discovery requests were oppressive or improper, *id.* at 22, and (6) Roe is being prejudiced by defendants' failure to respond to her discovery requests, *id.* at 23–25.

8. Consistent with her opposition to defendants' efforts to delay discovery, Roe's counsel served a second set of requests for production, a second set of interrogatories, and an initial set of requests for admission on July 31, 2020. *See* ECF Nos. 64-1, 64-2, 64-3.

9. In another attempt to confer with defendants and narrow the contested issues, on August 11, 2020, Roe's counsel provided the official capacity and entity defendants' counsel the

3

opportunity to state whether their clients disputed her statement of material facts prior to filing a motion for summary judgment. *See* ECF No. 60-15, at ¶ 3. Defendants' counsel responded, in relevant part, that "[t]he Defendants believe it is premature to stipulate to any facts prior to the ruling(s) on the Motions to Dismiss. At the appropriate time in the litigation, stipulations may be warranted, but not at this time." *Id.*

10. On August 17, 2020, Roe moved for partial summary judgment against the official capacity and entity defendants on the issue of liability. ECF No. 60. Roe explained that, though her case "likely will be even stronger with discovery, the evidence submitted with this motion shows that her constitutional rights were violated and entitles her to summary judgment on defendants' liability. But if defendants contend that genuine material disputes of fact exist, and the Court finds that the current record is insufficient, then, at a minimum, defendants should be compelled to respond to Roe's discovery requests." ECF No. 60-1, at 25.

11. On August 26, 2020, the official capacity and entity defendants moved for an extension of time to file their opposition to Roe's motion for partial summary judgment. ECF No. 63. Defendants requested an extra 28 days—which would give them, in total, approximately three times the two-week period ordinarily allowed to file a response—to "gather relevant documents and obtain declarations from various witnesses." *Id.* at 2. In response to defendants' extension request, Roe's counsel stated that he "does not oppose a reasonable extension of time for the purpose of drafting a response brief; however, Plaintiff's counsel does oppose any extension for the purpose of creating an evidentiary record in support of Defendants' response brief, which has not been produced in response to Plaintiff's discovery requests." *Id.* at 2–3.

12. On August 29, 2020, defendants' counsel informed Roe's counsel that they believed they were not required to produce any discovery in response to her discovery requests

4

served on July 31, 2020. ECF No. 64-4. In addition, defendants filed a notice with the Court in which they contended that the arguments stated in their prior motion to postpone discovery, *see* ECF No. 51, "apply equally to Plaintiff's new discovery requests." ECF No. 64, at 1.

13. By August 31, 2020, at the latest, defendants were required to file a response to Roe's partial summary judgment motion. LCvR 7.1(e) ("Responses to motions must be filed within fourteen (14) days of the date on which the motion is served."). Defendants' requested extension was not granted, ECF No. 63, and defendants did not respond to Roe's motion for partial summary judgment, ECF No. 60.

14. On September 1, 2020, the discovery period to which the parties agreed in their case management order will expire. *See* ECF No. 34, at 4.

15. As of the time of this filing, defendants have not served their initial disclosures or provided any discovery responsive to Roe's requests. Without written discovery, Roe cannot make informed decisions regarding the most reasonable and expeditious use of judicial time and resources on matters such as depositions and expert testimony. For example, though defendants stated in their latest extension request that they intend to present "declarations from various witnesses" in opposition to Roe's partial summary judgment motion, ECF No. 63, at 2, they did not previously identify these witnesses through initial disclosures as required by Fed. R. Civ. P. 26(a)(1)(A)(i). That rule requires disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." *Id.* Defendants' non-disclosure of their witnesses has prejudiced Roe by, for example, preventing her from making informed decisions regarding depositions of those individuals prior to the summary judgment phase of litigation. A similar issue arises with respect to written

discovery. Specifically, Roe tailored the timing and content of her initial discovery requests to obtain information regarding defendants' positions on issues such as their defenses and damages. *See* ECF Nos. 51-1, 51-2, ECF Nos. 64-1, 64-2, 64-3. Without knowing, for example, whether defendants dispute Roe's lost earnings, Roe cannot make informed decisions regarding the expeditious use of expert funds. Though defendants have stated that the "process is underway" to "gather relevant documents" to oppose Roe's partial summary judgment motion, ECF No. 63, at 2, those documents were not produced in response to her discovery requests. Moreover, defendants did not disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things . . . in [their] possession, custody, or control" that they "may use to support [their] claims or defenses" through initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(ii). Once Roe learns the identity of defendants' witnesses and receives their initial disclosures and written discovery, she anticipates requesting limited leave of court, to the extent warranted, to serve deposition notices and notice expert witnesses as needed to ensure she is prepared for trial in January 2021.

16. Moreover, from defendants' latest extension request, it appears they intend to present a one-sided narrative of the facts to the Court, based on "evidence" including "documents" and "declarations" that they choose to selectively produce. ECF No. 63, at 2. Defendants' approach is consistent with their previous selective reliance in their motions to dismiss on documents from the EDR administrative record, without producing the full record and other relevant discovery. *See* ECF No. 55, at 21 (explaining that defendants "cannot use discovery as both a sword and a shield by selectively including portions of the administrative record and refusing to disclose other portions that are equally 'integral' to the complaint"). Defendants' approach runs contrary to the fundamental principle that "a court is entitled to have

before it a proper record, sufficiently developed through discovery proceedings, to accurately assess any claim, including one of immunity." *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 220 (4th Cir. 2012) (en banc). Moreover, their approach prejudices Roe by depriving her of a fair opportunity to "present facts essential to justify [her] opposition" to their factual assertions. Fed. R. Civ. P. 56(d).

17. Defendants' improper approach to discovery has also impeded Roe's efforts to resolve this dispute promptly. An important purpose of the civil rules governing discovery, such as the requirement to serve initial disclosures, is to facilitate settlement of disputes. *See* 1993 Amendment, Advisory Committee Notes to Fed. R. Civ. P. 26(a). In addition, the parties agreed to engage in settlement discussions in "good faith" and that a mediated settlement conference would be most useful before non-expert discovery closes on September 1, 2020. *See* ECF No. 34, at 6. However, defendants' counsel stated in a July 27, 2020 email to Roe's counsel that a mediated settlement conference would be "premature" and "burdensome" and that "[a]t this point in the litigation . . . it would be most productive to wait until the close of discovery for that to occur." Defendants' counsel proposed that "mediation be held between the close of discovery and the deadline for summary judgment, whenever those ultimately may be." Roe's counsel disagreed with postponing mediation until an undefined date when a dispositive motions date has been set for October 1, 2020. As an alternative, Roe's counsel proposed that the parties request a judicial settlement conference pursuant to Local Rule 16.3(d), which would likely address the logistical concerns raised by defendants' counsel regarding their clients' physical attendance at a

mediated settlement conference.[1] Defendants' counsel responded that they did not view a judicial settlement conference as "being beneficial or likely to facilitate resolution of the case."

18. Under these circumstances, Roe respectfully requests a case management conference and any other appropriate relief the Court may order. Under Fed. R. Civ. P. 16, the Court may consider and take any appropriate action to "facilitat[e] . . . the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(P). The Court's broad discretion includes the authority to order actions regarding discovery, summary adjudication, and settlement, and to "issue any just orders" when a party fails to obey a pretrial order. Fed. R. Civ. P. 16(c), (f).

19. First and foremost, Roe requests appropriate relief regarding defendants' failure to respond to her partial summary judgment motion. *See* Fed. R. Civ. P. 56(e). Specifically, the Court may "consider the fact[s] undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3). Roe's partial summary judgment motion should be granted on the additional ground—aside from her argument that the material facts are not <u>subject</u> to any genuine dispute, *see* ECF No. 60-1, at 1, 24—that defendants <u>have not disputed</u> any of the material facts pursuant to Rule 56(e). Accordingly, "there is no

---

[1] Local Rule 16.3(b)(1), regarding mediation, requires the physical attendance of all parties at a mediated settlement conference, absent an exception, pursuant to Rule 4.A(1)–(2) of the *North Carolina Rules Implementing Statewide Mediated Settlement Conferences in Superior Court Civil Actions*. By comparison, Local Rule 16.3(d)(2), regarding judicial settlement conferences, only requires participation by "a person with full authority to settle all pending claims," *an individual who may be permitted by the Court to participate telephonically*. Additional flexibility is provided for governmental entities by requiring governmental attorneys for entities that may not be able to comply with the participation requirement to "bring as much binding authority to settle as is feasible under the circumstances." *Id.*

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

20. However, if the Court finds that the current record is insufficient to grant partial summary judgment in Roe's favor, then defendants should not be permitted to selectively present a one-sided factual narrative at the summary judgment stage after not engaging in discovery. Whether Roe's position on this issue is construed as (1) a motion for limited extension of the discovery period to receive responses to her previously served discovery requests, notice depositions, and disclose experts, (2) a motion for early discovery, or (3) a motion to compel, her requested relief is functionally the same—defendants should either be required to produce discovery and be subject to any appropriate sanctions, or they should be held to their waiver of any right to rely on evidence that should have been produced in discovery.

21. Counsel certifies that he has in good faith conferred or attempted to confer with defendants in an effort to resolve these disputes without court action. Prior to filing this motion, counsel requested defendants' position pursuant to Local Rule 7.1. Defendants' counsel stated: "The Defendants do not oppose a status/case management conference but do oppose Plaintiff's request for other relief, with the suggested alternatives as set forth in the motion. The Defendants will file a response."

This the 1st day of September, 2020.

Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Gill P. Beck at Gill.Beck@usdoj.gov

Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

Shannon Sumerall Spainhour at mss@dhwlegal.com

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com