IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAORLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

JANE ROE,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

**PARTIAL OPPOSITION TO PLAINTIFF'S MOTION
FOR A CASE MANAGEMENT CONFERENCE AND ANY
OTHER APPROPRIATE RELIEF**

Plaintiff filed a motion seeking "a case management conference and any other appropriate relief." Motion, ECF No. 66, at 1. Defendants do not oppose Plaintiff's request for a case management conference but Defendants do oppose Plaintiff's request for "other appropriate relief."

At the outset, it is unclear precisely what "other appropriate relief" Plaintiff seeks. Plaintiff's motion references the Court's "authority to order actions regarding discovery, summary adjudication, and settlement, and to 'issue any just orders' when a party fails to obey a pretrial order." Mot. ¶ 18. And the motion elsewhere states that "defendants should either be required to produce discovery and be subject to any appropriate sanctions, or they should be held to their waiver of any right to rely

on evidence that should have been produced in discovery." *Id.* ¶ 20; *see also id.* ¶ 19 (requesting "appropriate relief"). Plaintiff's vague request for "other appropriate relief" and her mention of various potential remedies is insufficient to identify the relief sought "with particularity" as required by the local rules. *See* LCvR 7.1(a) ("all motions . . . must state with particularity the grounds for the motion and the relief or order sought").

Whatever "appropriate relief" Plaintiff may be seeking, her motion fails to demonstrate any entitlement to it. First, Plaintiff's contention that Defendants were required to respond to her premature discovery requests is meritless, for reasons Defendants have explained several times previously. *See* Defs' Jt. Mot. to Set Deadline to Respond to Early Discovery Requests, ECF No. 51; Reply in Supp. of Defs' Jt. Mot. to Set Deadline to Respond to Early Discovery Requests, ECF No. 57; Jt. Notice Re: Early Discovery Requests, Ex. D, ECF No. 64-4. Specifically, Local Civil Rule 16.1(f) generally prohibits discovery "until issues have joined and a Scheduling Order has been entered," LCvR 16.1(f), neither of which have occurred here. Moreover, under LCvR 16.1(d), "[w]here," as here, "Rule 12 motions are filed and briefed, issues will not join until the Court resolves such motions." Accordingly, there is no serious dispute that the local rules prohibit discovery at this point in the litigation. Indeed, Plaintiff does not even attempt to argue in her motion that her discovery requests are permissible under the local rules.

2

Notably, the local rules do provide an option to a party desiring early discovery. Under those rules, a "party seeking early Court-enforceable discovery may file a motion for leave to take early discovery stating the reasons therefor." LCvR 16.1(f). Instead of filing such a motion, however, Plaintiff bypassed the court and unilaterally decided for herself that, notwithstanding the express prohibition in the rules, she could serve voluminous[1] discovery on Defendants. Even worse, Plaintiff now ironically blames *Defendants* for a supposed "improper approach to discovery," Mot. ¶ 17, based on nothing more than Defendants' appropriate refusal to accede to Plaintiff's unauthorized discovery demands.

Defendants' position regarding the timing of discovery is justified, not only by the local rules, but by Supreme Court authority holding that in a *Bivens* case, "discovery should not be allowed" "[u]ntil th[e qualified] immunity question is resolved[.]" *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). Indeed, the "basic thrust of the qualified-immunity doctrine is to free officials from the concerns of

---

[1] Plaintiff's description of her discovery requests as "tailored," Mot. ¶ 6, is demonstrably false. Plaintiff served two sets of Rule 34 requests for the production of documents containing no less than 79 separate document requests, as well as 25 interrogatories and 25 requests for admission.

3

litigation, including avoidance of disruptive discovery." *Iqbal v. Ashcroft*, 556 U.S. 662, 685 (2009). Accordingly, discovery is not permitted at this stage of the litigation and Defendants appropriately declined Plaintiff's premature requests for discovery. Plaintiff is not entitled to any relief based on these facts.

Next, Plaintiff complains that Defendants intend to offer evidence in opposition to Plaintiff's summary judgment motion. Mot. ¶¶ 16, 20 ("defendants should not be permitted to selectively present a one-sided factual narrative at the summary judgment stage after not engaging in discovery"). Plaintiff's position is inexplicable and meritless. Plaintiff made the strategic choice to file an early summary judgment motion, prior to the start of discovery. Having made that decision, Plaintiff should not now be heard to complain that Defendants will present evidence in opposition to her motion. As noted, Plaintiff was free to ask the Court for leave to take early discovery if she believed there were grounds to support such a request, but Plaintiff failed to do so, except for her motion for John Doe discovery, which has not been granted. Accordingly, the circumstances about which Plaintiff complains are the consequence of *her decision* to move for summary judgment prior to the start of discovery and *her decision* not to seek early discovery from the Court. Under Rule 56, Defendants have every right to present their evidence in response to Plaintiff's motion.

Finally, Plaintiff asks the Court to grant her motion for summary judgment because, she insists, Defendants failed to respond to that motion. Mot. ¶ 19. But as Plaintiff herself acknowledges, "the official capacity and entity defendants moved for an extension of time to file their opposition to Roe's motion for partial summary judgment." *Id*. ¶ 11. That motion sought an extension of time until September 28, and the motion remains pending. ECF No. 63. Moreover, there is no merit to Plaintiff's suggestion that Defendants' requested extension is excessive. Mot. ¶ 11. The extension, if granted, would give Defendants a total of 42 days to respond to Plaintiff's motion. That amount of time would be appropriate and reasonable under normal circumstances, and it is especially so here, where Plaintiff moved for summary judgment in the early stages of the lawsuit, thus requiring Defendants to interview witnesses and gather evidence to oppose Plaintiff's motion, in addition to drafting Defendants' opposition brief.

Accordingly, Defendants' forthcoming opposition is not untimely. But even if it were, that would not support granting summary judgment. The Advisory Committee notes to the 2010 amendments to Rule 56 explain that the rule prohibits the grant of summary judgment "by default even if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56 Advisory Committee Notes (2010). Indeed, special rules apply when a party seeks a default judgment against the United States, *see* Fed. R. Civ. P. 55(d), and Plaintiff has entirely failed to show any basis

5

for such extraordinary relief here.  *See McClure v. Life Time Fitness, Inc.*, No. H-13-1794, 2014 U.S. Dist. LEXIS 167483, at *15-16 (S.D. Tex. Dec. 3, 2014) (holding in case not involving the United States that "[d]efault judgment is a drastic remedy that should be granted only in extreme situations"); *see also Goldbelt Wolf, LLC v. Operational Wear Armor, LLC*, No. 15-1269, 2016 U.S. Dist. LEXIS 22801, at *19 (E.D. Va. Feb. 22, 2016) (discussing "the Fourth Circuit's strong preference that cases be adjudicated on their merits rather than resolved through default").

For these reasons, Plaintiff has neither identified particular relief sought through her motion (other than a case management conference which Defendants do not oppose) nor established any basis for relief.  The Court should deny Plaintiff's motion to the extent it seeks "other appropriate relief."

This the 15th day of September, 2020.

    Respectfully submitted,

    JEFFREY BOSSERT CLARK
    Acting Assistant Attorney General

    CARLOTTA P. WELLS
    Assistant Branch Director

    s/*Joshua Kolsky*
    JOSHUA M. KOLSKY
    Trial Attorney
    D.C. Bar No. 993430
    United States Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street NW Washington, DC 20005

Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

R. ANDREW MURRAY
UNITED STATES ATTORNEY

s/Gill P. Beck
GILL P. BECK
Assistant United States Attorney
N.C. State Bar No. 13175
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Phone: (828) 271-4661
Fax: (828) 271-4327
Email: Gill.Beck@usdoj.gov

Counsel for Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, the Federal Public Defenders Office, Chief Judge Roslynn R. Mauskopf, James C. Duff, and Anthony Martinez in their official capacities, and General Counsel Sheryl L. Walter, Chief Judge Roger L. Gregory, James N. Ishida, in their individual and official capacities.

s/Shannon Sumerell Spainhour
SHANNON SUMERELL SPAINHOUR
N.C. State Bar No. 28108
DAVIS HARTMAN WRIGHT PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
Phone: 828-771-0833
Fax: 252-514-9878
Email: mss@dhwlegal.com

Counsel for Federal Public Defender Anthony Martinez in his individual capacity

7