IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )   Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT NOTICE
OF SUPPLEMENTAL AUTHORITY**

On September 11, 2020, defendants filed a "Joint Notice of Supplemental Authority" citing the Fourth Circuit's recent decision in *Wilcox v. Lyons*, No. 19-1005, 2020 WL 4664794 (4th Cir. Aug. 11, 2020). ECF No. 68, at 1. Defendants, *including the Fourth Circuit and associated entities and individuals*, contend that the *Fourth Circuit* held in *Wilcox* that a "pure retaliation claim is not cognizable under the Equal Protection Clause of the Fourteenth Amendment," which "is relevant to defendants' . . . Motions to Dismiss." *Id.*

Defendants' reliance on *Wilcox* fails for the following reasons.[1] First, defendants have waived this argument because they did not argue in their motions to dismiss that Roe has asserted a "pure retaliation claim." *See, e.g.*, ECF No. 37 at 22–25; ECF No. 39 at 21–25; ECF No. 41 at 22–25; ECF No. 43 at 14–22; ECF No. 45 at 22–25. Defendants had ample

---

[1] If useful to the Court, Roe requests leave to file a more detailed response, in excess of the two-page limit imposed by Local Rule 7.1(j), regarding the applicability of *Wilcox* and other issues potentially raised by Defendants' notice.

1

opportunity to raise this argument in a timely manner, because it had already been considered by at least seven other circuits and "a host of district courts," including within the Fourth Circuit, prior to the *Wilcox* decision. *Wilcox*, 2020 WL 4664794, at *6. By failing to raise this argument, defendants prejudiced Roe by depriving her of the opportunity to fully contest defendants' argument and brief an issue, which, *at the time of defendants' motions to dismiss, including the Fourth Circuit's*, was a question of first impression in the Fourth Circuit and subject to a circuit split. *See id.* At this time, defendants should be barred from asserting a "pure retaliation" argument not raised in their motions to dismiss. *See* LCvR 7.1(j) (prohibiting "any further argument").

Second, *Wilcox* is distinguishable, because it involved a claim of "pure retaliation," *i.e.*, a claim that the plaintiff was fired because she made a sex discrimination complaint. *Wilcox*, 2020 WL 4664794, at *1, 4–5. By contrast, Roe's retaliation, harassment, and discrimination claims are inextricably intertwined. *See id.* at *5 (applying *Beardsley v. Webb*, 30 F.3d 524 (4th Cir. 1994)). For example, Roe alleged that she was denied a promotion as both retaliation and as part of the continuing course of quid pro sexual harassment by her supervisor. *See*, *e.g.*, Complaint ¶¶ 79, 82–83, 146, 250. Moreover, Roe's job duties were diminished and she was subjected to a hostile working environment because defendants failed to take prompt and effective remedial action on her complaints. *See*, *e.g.*, *id.* ¶¶ 338–54. Defendants also ignore that Roe raises due process claims based on violations of the EDR Plan, which explicitly prohibits retaliation, whereas *Wilcox* only involved an equal protection claim.[2]

---

[2] Even if *Wilcox* applies here, that decision by no means shows that defendants' conduct was lawful or that dismissal, in whole or part, is warranted. Rather, Roe should be granted leave to amend her complaint to assert her retaliation claims under the First Amendment instead of the Equal Protection Clause. *See Wilcox*, 2020 WL 4664794, at *6.

2

This the 16th day of September, 2020.

                                            Respectfully Submitted,

                                            */s/ Cooper Strickland*
                                            Cooper Strickland
                                            N.C. Bar No. 43242
                                            P.O. Box 92
                                            Lynn, NC 28750
                                            Tel. (828) 817-3703
                                            cooper.strickland@gmail.com

                                            Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gill P. Beck at Gill.Beck@usdoj.gov

    Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

    Shannon Sumerall Spainhour at mss@dhwlegal.com

    */s/ Cooper Strickland*
    Cooper Strickland
    N.C. Bar No. 43242
    P.O. Box 92
    Lynn, NC 28750
    Tel. (828) 817-3703
    cooper.strickland@gmail.com

4

Case 1:20-cv-00066-WGY   Document 71   Filed 09/16/20   Page 4 of 4