IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| *Defendants*. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR A
CASE MANAGEMENT CONFERENCE AND OTHER APPROPRIATE RELIEF**

Defendants do not oppose Roe's request for a case management conference, but they do oppose her request for any "other appropriate relief" that the Court, in its discretion, may order. ECF No. 70, at 1. In response to defendants' arguments, Roe offers the following points.

*First*, defendants' argument that this case is in the "early stages," ECF No. 70, at 5, and that any discovery would be "premature," *id.* at 2, is contradicted by the Court's orders and defendants' own actions. During a May 11, 2020 hearing, the Court ordered a summary judgment motion deadline of October 1, 2020 and a trial date in January 2021, and *defendants did not object*. The Court then memorialized its order in a published docket entry. Minute Entry Order Dated May 13, 2020. To claim that this case is in a stage "prior to the start of discovery," ECF No. 70, at 4, is to ignore the imminent summary judgment and trial dates *to which defendants did not object and the Court ordered*.

Defendants' contention that Roe should have moved for "early discovery," *id.* at 3, is therefore mistaken, because this case is not in "early discovery" but rather on the doorstep of

1

summary judgment and trial. Defendants made a tactical choice not to engage in discovery during the window authorized by the Court prior to the summary judgment deadline, and instead chose to rely entirely on their arguments for dismissal. In fact, during the same hearing that defendants did not object to a summary judgment deadline of October 1, 2020, they stated their intent to move for dismissal on June 8, 2020, following a retroactive extension of the filing deadline.[1] *See* Minute Entry Order Dated May 13, 2020. And though defendants' replies in support of their dismissal motions were due on July 10, 2020, *see* LCvR 7.1(e), they did not file their replies until July 16 and 17, 2020, ECF Nos. 52, 53, 54. Despite delaying their dismissal filings with full notice of the impending summary judgment deadline, defendants did not move to expedite the Court's ruling on their motions to dismiss.[2] *See* Fed. R. Civ. P. 6(c)(1)(C) (allowing court to "set[] a different time" for motion hearings). Nor did they move to continue the trial date or to stay discovery, or even request reconsideration of the Court's prior order

---

[1] Plaintiff's Motion for Discovery of John Doe(s), ECF No. 29, was also a subject of the hearing and was "taken under advisement." Minute Entry Order Dated May 13, 2020. In her Motion, Roe requested early discovery to (1) amend the complaint to name identified Doe(s) as defendants and (2) effect service upon those individuals. ECF No. 29, at 1. At the hearing, the Court instructed the parties to work out the issues associated with Doe(s). However, defendants have not identified Doe(s) through discovery, and Roe has been unable to effect service upon Doe(s). Ordinarily, if a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). That the Court has *not* dismissed Doe(s) as defendants indicates that good cause exists for not serving Doe(s), *i.e.*, defendants' nondisclosure of those individuals through discovery, and further supports Roe's position.

[2] Absent a motion to expedite setting forth good cause, it would be unrealistic to expect the Court to decide five separate motions to dismiss, generating hundreds of pages of briefing, in the brief period of less than six weeks that elapsed between defendants' filing of their replies and the close of discovery. *See, e.g.*, INSTITUTE FOR THE ADVANCEMENT OF THE AMERICAN LEGAL SYSTEM, CIVIL CASE PROCESSING IN THE FEDERAL DISTRICT COURTS at 54, Tbl. 13 (2009) (finding that the mean number of days to rule on Rule 12 motion was 78.76 days with telephone hearing, 117.74 days with an open court hearing, and 132.77 days with no hearing). Moreover, as defendants should recognize, they have "no right to demand" that a judge rule on their motions "according to [their] timetable." ECF No. 53, at 12.

setting the case management deadlines.  *See* Fed. R. Civ. P. 6(b)(1) (allowing extensions of time "for good cause").  Defendants should be held to the consequences of their tactical choices and have waived any basis for delay.

Defendants' argument that the case is in an "early" stage is further undermined by their own actions at the summary judgment stage.  By even asserting the need to "interview witnesses," "gather evidence," and "gather relevant documents and obtain declarations from various witnesses" to oppose Roe's summary judgment motion, ECF No. 70, at 5; ECF No. 63, at 2, defendants are conceding that Roe's complaint is not subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6).  If defendants' dismissal arguments had merit, then there would be no need for them to "offer evidence," ECF No. 70, at 4, because Roe's complaint would fail as a matter of law.  *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017) (motion to dismiss tests the "legal sufficiency" of a complaint).  But once the case moved beyond the dismissal stage, defendants had no authority to selectively pick and choose how and when it did so.  Rather, to engage on the facts, defendants were required to participate in discovery during the authorized period and otherwise comply with the Federal Rules of Civil Procedure.[3]  *See*, *e.g.*, *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) ("[W]hen the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery . . . .").

*Second*, defendants' contention that Roe "does not even attempt to argue in her motion that her discovery requests are permissible under the local rules," *id.* at 2, is wrong.  As Roe has

---

[3] Once again, defendants call Roe's discovery requests "voluminous," ECF No. 70, at 3, but do not provide any specific reason why those requests are not "relevant" and "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), or why they cause "annoyance, embarrassment, oppression, or undue burden or expense" sufficient to support a protective order, Fed. R. Civ. P. 26(c)(1).

3

Case 1:20-cv-00066-WGY   Document 72   Filed 09/21/20   Page 3 of 7

previously explained, discovery was both proper and ongoing prior to September 1, 2020, and defendants provided no legitimate basis to delay discovery. *See* ECF No. 55. For example, though defendants rely on the local rules, the Federal Rules of Civil Procedure and the Court's orders take precedence over any local rules regarding joinder of issues. *See* LCvR 1.1 (the local rules provide "procedures that supplement the Federal Rules of Civil Procedure," and are "not intended to bind any judicial officer to any particular course of action or result"); *see also* Fed. R. Civ. P. 83(a)(1) (local rules "must be consistent with . . . federal statutes and rules"). Here, the Court already ordered the parties to hold an initial attorneys' conference, set the summary judgment deadline, and ordered a trial date in January 2021, all without objection. Minute Entry Order Dated May 13, 2020. Based on the Court's order, *id.*, the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 56(b), and the parties' proposed case management schedule, ECF No. 34, at 4, the discovery period closed on September 1, 2020. The local rules cannot "bind" the Court to a course of action contrary to the federal rules, the parties' agreed-upon schedule, and its own orders. LCvR 1.1.

Likewise, defendants rely on qualified immunity, but merely raising qualified immunity does not create a shield against all discovery—especially where defendants did not object to summary judgment and trial dates for which discovery is required. *See Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (though "[d]iscovery involving public officials is indeed one of the evils that *Harlow* aimed to address . . . neither that opinion nor subsequent decisions create an immunity from *all* discovery" (quotation omitted)). Qualified immunity is not a defense for violations of clearly established constitutional rights, as happened here. *See* ECF No. 55, at 19–21. Even if it could be a defense, it would turn on fact questions that cannot be resolved in defendants' favor without discovery. *See id.*; *see also Crawford-El*, 523 U.S. at 595 (dismissal

4

on qualified immunity grounds is not proper where motion raises "questions of evidentiary sufficiency"). And finally, qualified immunity is not relevant at all to Roe's claims against the official capacity and entity defendants. *See Morse v. Frederick*, 551 U.S. 393, 400 n.1 (2007) (qualified immunity is not a defense to claims for equitable relief); *Mendia v. Garcia*, No. 10-CV-03910-MEJ, 2016 WL 3249485, at *3 (N.D. Cal. June 14, 2016) (regardless of the individual capacity defendants' assertions of qualified immunity, they "are still subject to discovery as witnesses related to the claims against the United States").

*Third*, defendants' argument that their requested extension to respond to Roe's partial summary judgment motion is "appropriate and reasonable," ECF No. 70, at 5, is foreclosed by the fact that the Court did not grant their motion and their response deadline already passed. Contrary to defendants' assertion that their extension motion remains "pending," *id.*, the local rules state that "[r]esponses to motions *must* be filed within fourteen (14) days of the date on which the motion was served." LCvR 7.1(e) (emphasis added). Thus, defendants' "forthcoming" opposition brief, ECF No. 70, at 5, which they apparently intend to file four weeks after the August 31, 2020 deadline without court permission, will not be timely. Defendants are also wrong to suggest that Roe is seeking "default judgment," *id.*, based on their failure to file a timely response brief. Rather, Roe is relying on Fed. R. Civ. P. 56(e), which states the possible consequences when "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)."

*Finally*, Roe's requested relief is not "vague," ECF No. 70, at 2, but instead recognizes the Court's discretion to determine how defendants should be held to the consequences of their tactical decisions not to engage in discovery during the authorized period or timely respond to Roe's partial summary judgment motion. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 56(e);

5

Fed. R. Civ. P. 37(b)(2); *cf. Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (district court has "wide discretion to impose sanctions for a party's failure to comply with its discovery orders").  First and foremost, because defendants failed to timely respond to Roe's partial summary judgment motion, her motion "should be granted on the additional ground—aside from her argument that the material facts are not <u>subject</u> to any genuine dispute, *see* ECF No. 60-1, at 1, 24—that defendants <u>have not disputed</u> any of the material facts pursuant to Rule 56(e)." ECF No. 66, at 8.  In addition, now that the discovery window has closed, defendants should be prohibited from filing a summary judgment motion, or opposing Roe's partial summary judgment motion, based on evidence that they did not turn over in discovery, thereby depriving Roe of the opportunity to "present facts essential to justify [her] opposition." Fed. R. Civ. P. 56(d).  Finally, at a minimum, "defendants should either be required to produce discovery and be subject to any appropriate sanctions, or they should be held to their waiver of any right to rely on evidence that should have been produced in discovery." ECF No. 66, at 9.

    This the 21st day of September, 2020.

                                                           Respectfully Submitted,

                                                           */s/ Cooper Strickland*
                                                           Cooper Strickland
                                                           N.C. Bar No. 43242
                                                           P.O. Box 92
                                                           Lynn, NC 28750
                                                           Tel. (828) 817-3703
                                                           cooper.strickland@gmail.com

                                                           Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of September, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gill P. Beck at Gill.Beck@usdoj.gov

    Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

    Shannon Sumerall Spainhour at mss@dhwlegal.com

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
