IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER EXTENSION OF TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

On August 17, 2020, Roe filed a partial motion for summary judgment against the official capacity and entity defendants.[1] ECF No. 60. Pursuant to Local Rule 7.1(e), the official capacity and entity defendants' response to Roe's motion was due on August 31, 2020. LCvR 7.1(e) ("Responses to motions *must* be filed within fourteen (14) days of the date on which the motion is served." (emphasis added)); *see also* ECF No. 73, at 2.

On August 26, 2020, the official capacity and entity defendants moved for their first extension of time to file an opposition response to Roe's motion for partial summary judgment. ECF No. 63. Specifically, defendants requested an extension to September 28, 2020, in part, to "gather relevant documents and obtain declarations from various witnesses." *Id.* at 2. In

---

[1] Defendants' first and second extension requests stated that they were being made on behalf of General Counsel Sheryl Walter in her official capacity. *See* ECF No. 63, at 1; ECF No. 73, at 1; *see also* ECF No. 43, at 1 (referring to Walter as an official capacity defendant in motion to dismiss). Defendant Walter, however, is only being sued in her individual capacity. *See, e.g.*, ECF No. 1, at 1; ECF No. 48 at 5 n.7.

1

response to defendants' first extension request, Roe's counsel stated that he "does not oppose a reasonable extension of time for the purpose of drafting a response brief; however, Plaintiff's counsel does oppose any extension for the purpose of creating an evidentiary record in support of Defendants' response brief, which has not been produced in response to Plaintiff's discovery requests." *Id.* at 2–3. To date, the Court has not granted defendants' first extension request.

On September 25, 2020, the official capacity and entity defendants moved for a second extension of time to file their opposition to Roe's motion for partial summary judgment. ECF No. 73. Defendants requested an extension to October 2, 2020, ECF No. 73, at 2, which is after the court ordered summary judgment deadline of October 1, 2020, Minute Entry Order Dated May 13, 2020. In response to defendants' second extension request, Roe's counsel stated that "under the circumstances, Plaintiff's counsel opposes Defendants' extension request." ECF No. 73, at 3. To date, the Court has not granted Defendants' second extension request.

For the following reasons, defendants' second extension request should not be granted. First, Roe incorporates by reference, pursuant to Fed. R. Civ. P. 10(c), the arguments set forth in "Plaintiff's Partial Opposition to Defendants' Motion for Extension of Time to File Opposition to Plaintiff's Motion for Partial Summary Judgment," ECF No. 65, and in "Plaintiff's Reply in Support of Her Motion for a Case Management Conference and Other Appropriate Relief," ECF No. 72. In those filings, Roe set forth the reasons why she would be prejudiced if the defendants were permitted to selectively present a one-sided factual narrative at the summary judgment stage after not engaging in discovery. ECF No. 65, at 1–2; ECF No. 72, at 3. Those reasons also apply to defendants' second extension request.

Second, Roe will be prejudiced by the timing of defendants' forthcoming response, which will occur after the court ordered summary judgment deadline of October 1, 2020. The timing of

2

defendants' one-sided factual narrative, *see, e.g.,* ECF No. 73, at 2 ("[S]ome of the declarations are lengthy . . . ."), will prevent Roe from having the opportunity to address their "factual representations," *see id.* at 3, prior to the court ordered summary judgment deadline. Defendants' timing compounds the prejudice Roe has experienced as a result of the defendants' tactical decision to not engage in discovery. *See, e.g.*, ECF No. 65, at 1–2.

Third, defendants' forthcoming opposition response is not timely under the Local Rules or the Federal Rules of Civil Procedure. *See* ECF No. 72, at 5. As previously stated, Local Rule 7.1(e) requires any response to Roe's partial summary judgment motion to be filed within fourteen days, which did not occur. Defendants requested extensions, ECF No. 63; ECF No. 73, but the Court has not granted either extension, making any response untimely. *See* Fed. R. Civ. P. 6(b)(1). Moreover, though a "court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires," defendants' second extension request did not satisfy either of these timing requirements. Fed. R. Civ. P. 6(b)(1)(A). Specifically, defendants' second extension request was untimely because it was not filed prior to the original deadline, *see* LCvR 7.1(e), or the expiration of a granted extension, *see* Fed. R. Civ. P. 6(b)(1)(A). Absent a showing of "excusable neglect," which defendants have not made, their forthcoming response is not timely under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(b)(1)(B); *Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013) ( "Whether neglect is 'excusable' has been described by the Supreme Court as 'at bottom an equitable [inquiry], taking account of all relevant circumstances,' including the following: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant

acted in good faith." (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  It is unlikely that defendants could show excusable neglect due to their own "strategic decision[s]" that caused the delay.  *Id.* (noting that the "reason for the delay" is the "most important" factor).

For these reasons, Roe opposes defendants' second requested extension of time to respond to her partial summary judgment motion.

This the 29th day of September, 2020.

>Respectfully Submitted,
>
>*/s/ Cooper Strickland*
>Cooper Strickland
>N.C. Bar No. 43242
>P.O. Box 92
>Lynn, NC 28750
>Tel. (828) 817-3703
>cooper.strickland@gmail.com
>
>Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gill P. Beck at Gill.Beck@usdoj.gov

    Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

    Shannon Sumerall Spainhour at mss@dhwlegal.com

                                                                        */s/ Cooper Strickland*
                                                                        Cooper Strickland
                                                                        N.C. Bar No. 43242
                                                                        P.O. Box 92
                                                                        Lynn, NC 28750
                                                                        Tel. (828) 817-3703
                                                                        cooper.strickland@gmail.com