IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

JANE ROE,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

## DEFENDANTS' JOINT MOTION TO EXTEND TIME FOR FILING MOTIONS FOR SUMMARY JUDGMENT

On behalf of Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, Federal Public Defenders' Office, Roslynn R. Mauskopf and James C. Duff, in their official capacities, General Counsel Sheryl L. Walter, Chief Judge Roger L. Gregory, James N. Ishida, and Federal Public Defender Anthony Martinez, in their individual and official capacities, (collectively, "Defendants"), the undersigned counsel hereby move the Court to set the deadline for Defendants to file dispositive motions in this matter to the timeframe set by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of North Carolina, and other supporting legal authorities.

On June 5, 2020 and June 8, 2020, Defendants timely filed motions to dismiss raising issues of subject matter jurisdiction, *Bivens* claims, and sovereign and qualified immunity defenses. ECF 36-45. Those motions seek dismissal of all of Plaintiff's claims against all the Defendants. Dismissal would thus fully dispose of the case, making discovery, summary judgment, trial, and any other litigation obligations moot. *See Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.")[1]

In its May 13, 2020 Minute Entry, this Court set a deadline of October 1, 2020 for filing summary judgment motions in this matter. ECF May 11, 2020 Minute Entry. However, given the posture of the case at this time and the pending fully dispositive motions to dismiss, Defendants respectfully seek an extension of time to file summary judgment motions and supporting materials until 30 days following the close of discovery in this matter, should the matter proceed to discovery at all.

This Court has already determined that "[t]he local rules for the Western District of North Carolina will apply" to this case. Pursuant to the Local Rules,

---

[1] Defendants have raised these issues directly since the very beginning of their substantive involvement in this litigation. *See, e.g.* ECF 34 (May 25, 2020 Joint Statement and Proposed Case Management Schedule); ECF 51 and 57 (Defendants' Joint Motion to Set Deadlines and Reply in support thereof).

discovery is not yet authorized in this case because joinder of the issues has not occurred and because the Court has not yet issued a Rule 16(b) scheduling order. *See* LCvR 16.1; *see also* ECF 51 (Defendants' July 6, 2020 Joint Motion to Set Deadline). As set forth in Fed. R. Civ. Pro. 56(b), "unless a different time is set by a local rule or the court orders otherwise, a party may file a motion for summary judgment at any time **until 30 days after the close of all discovery**." (emphasis added). Since Fed. R. Civ. Pro. 56(b) sets forth the general rule that parties may file motions for summary judgment at any time until 30 days after the close of discovery, summary judgment should be postponed until 30 days after the close of discovery in this matter as well.

Additionally, because qualified immunity, in particular, is "an entitlement not to stand trial *or face the other burdens of litigation*" prior to "the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added). Accordingly, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*." *Id*. (emphasis added). It logically follows that, if *discovery* is improper prior to a ruling on the Defendants' motions to dismiss, a joinder of the issues, and a Scheduling Order pursuant to LCvR 16, then summary judgment is improper as well. If discovery is a "burden of

3

litigation," then so is preparing and filing summary judgment motions, legal research and briefing, acquisition of witness declarations, review of and identification of other supporting materials, and other burdensome and time-consuming tasks which would take time away from the Defendants' governmental duties.

Accordingly, Defendants respectfully seek an order from the Court setting the deadline for Defendants to file their motion(s) for summary judgment until 30 days following the close of discovery. *See Fed. R. Civ. Pro.* 56(b); *see also* LCvR 16.1(f).

Pursuant to Local Civil Rule 7.1(b)(2), the undersigned has consulted with Plaintiff's counsel before filing this Motion. Plaintiff's counsel stated that Plaintiff opposes the motion.

WHEREFORE, the undersigned hereby move the Court to set the deadline for Defendants to file motion(s) for summary judgment until 30 days following the date discovery closes in this matter and for such other relief as the Court deems just and proper.

This the 30th day of September, 2020.

                        Respectfully submitted,

                        JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

s/*Joshua Kolsky*
JOSHUA M. KOLSKY
Trial Attorney
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov


R. ANDREW MURRAY
UNITED STATES ATTORNEY

s/Gill P. Beck
GILL P. BECK
Assistant United States Attorney
N.C. State Bar No. 13175
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Phone: (828) 271-4661
Fax: (828) 271-4327
Email: Gill.Beck@usdoj.gov

Counsel for Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, the Federal Public Defenders Office, Chief Judge Roslynn R. Mauskopf, James C. Duff, and Anthony Martinez in their official capacities, and General Counsel Sheryl L. Walter,

5

Chief Judge Roger L. Gregory, James N. Ishida, in their individual and official capacities.

                                      s/Shannon Sumerell Spainhour
SHANNON SUMERELL SPAINHOUR
N.C. State Bar No. 28108
DAVIS HARTMAN WRIGHT PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
Phone: 828-771-0833
Fax: 252-514-9878
Email: mss@dhwlegal.com

Counsel for Federal Public Defender Anthony Martinez in his individual capacity