# EXHIBIT A

# FOURTH CIRCUIT
# EMPLOYMENT DISPUTE RESOLUTION PLAN

## I.  PREAMBLE

The Federal Judiciary is committed to a workplace of respect, civility, fairness, tolerance and dignity, free of discrimination and harassment. These values are essential to the Judiciary, which holds its Judges and Employees to the highest standards. All Judges and Employees are expected to treat each other accordingly.

The Fourth Circuit is committed to the practice of equal employment opportunity and will not tolerate intimidation or retaliation against employees, law clerks, interns/externs, or applicants because they have engaged in or may engage in filing a complaint of discrimination, harassment, or retaliation; assisting or participating in an investigation; opposing any act or practice made unlawful by any applicable law; or for exercising any other legally protected right.

This Employment Dispute Resolution (EDR) Plan is intended to provide a means for addressing wrongful conduct. It is not intended to adjudicate employee discipline. As such, the process or decisions determined within the EDR Plan must not be used as the basis to take disciplinary action against an employee who is the subject of an allegation of wrongful conduct. It is the responsibility of the appointing official to assess, in accordance with applicable policies and procedures, whether further action in a separate process is necessary to correct and prevent wrongful conduct. Additional guidance for the Presiding Judicial Officer is provided in Section V. The goal of the EDR Plan is to promote and facilitate a positive workplace.

Regardless of its form or motive, bullying, harassment, or inappropriate conduct does not align with treating colleagues with respect and will not be tolerated as it undermines the Court's ability to do its job for the public. As expressed in the Code of Conduct for Judges and for Judicial Employees, an honorable and independent judiciary is indispensable to justice in our society. All Judges and Judicial Employees should maintain and enforce high standards of conduct and should personally observe those standards to create an exemplary workplace and to preserve the integrity of the Judiciary.

## II.  INTRODUCTION

This Plan provides options for the reporting and resolution of allegations of wrongful conduct (discrimination; sexual, racial, or other discriminatory harassment; abusive conduct; and retaliation) in the workplace. Early action is the best way to maintain a safe work environment. All Judges, Employing Offices, and Employees have a responsibility to promote workplace civility, prevent harassment or abusive conduct, and to take appropriate action upon receipt of reliable information indicating a likelihood of wrongful

conduct under this Plan. *See* Code of Conduct for Judicial Employees, Canon 3(C).

This Plan applies to all:

- Article III judges of the United States Court of Appeals for the Fourth Circuit
- Current and former Employees
- Chambers staff of circuit judges
- Law clerks
- Paid or unpaid interns, externs and other volunteers
- Applicants for employment who have been interviewed.

The unit executive and staff of the following Court units:
- Office of the Circuit Executive
- Clerk of the Court of Appeals for the Fourth Circuit
- Office of Staff Counsel
- Office of the Circuit Librarian, including satellite offices
- Office of Circuit Mediation
- Bankruptcy Administrators within the Fourth Circuit
- Federal Public Defenders within the Fourth Circuit

The following persons cannot seek relief under this Plan:  Judges, applicants for judicial appointment, Criminal Justice Act panel attorneys and applicants, investigators and service providers, community defender employees, volunteer mediators, and any other non-Employees not specified above. *See* Appendix 1 for full definitions of Judges and Employees.

## III. WRONGFUL CONDUCT

A.  This Plan prohibits wrongful conduct that occurs during the period of employment or the interview process (for an applicant). Wrongful conduct includes:

- discrimination;
- sexual, racial, and other discriminatory harassment;
- abusive conduct; and
- retaliation (including retaliation as described in the Whistleblower Protection Provision in *Guide to Judiciary Policy*, Vol. 12, § 220.10.20(c)).

Wrongful conduct can be verbal, non-verbal, physical, or non-physical.

Wrongful conduct also includes conduct that would violate the following employment laws and policy, as applied to the Judiciary by Judicial Conference policy:

- Title VII, Civil Rights Act of 1964;

2

- Age Discrimination in Employment Act of 1967;
- Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973;
- Family and Medical Leave Act of 1993;
- Uniformed Services Employment and Reemployment Rights Act of 1994;
- Whistleblower Protection Provision (*Guide*, Vol. 12, § 220.10.20(c));
- Worker Adjustment and Retraining Notification Act;
- Occupational Safety and Health Act; and
- The Employee Polygraph Protection Act of 1988.

*See* *Guide*, Vol. 12, Ch. 2.

B. **Discrimination** is an adverse employment action that materially affects the terms, conditions, or privileges of employment (such as hiring, firing, failing to promote, or a significant change in benefits) based on the following Protected Categories: race, color, sex, gender, gender identity, pregnancy, sexual orientation, religion, national origin, age (40 years and over), or disability.

C. **Discriminatory harassment** occurs when a workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the employment and create an abusive working environment. Discriminatory harassment includes sexual harassment.

*Examples of conduct that may give rise to discriminatory harassment*: racial slurs; derogatory comments about a person's ethnicity, culture, or foreign accent; or jokes about a person's age, disability, or sexual orientation.

*Examples of conduct that may give rise to sexual harassment*: suggestive or obscene notes, emails, text messages, or other types of communications; sexually degrading comments; display of sexually suggestive objects or images; unwelcome or inappropriate touching or physical contact; unwelcome sexual advances or propositions; inappropriate remarks of a sexual nature or about physical appearance; or employment action affected by submission to, or rejection of, sexual advances.

D. **Abusive Conduct** is a pattern of demonstrably egregious and hostile conduct *not* based on a Protected Category that unreasonably interferes with an Employee's work and creates an abusive working environment. Abusive conduct is threatening, oppressive, or intimidating.

Abusive conduct does not include communications and actions reasonably related to performance management, including but not limited to: instruction, corrective criticism, and evaluation; performance improvement plans; duty assignments and changes to duty assignments; office organization; progressive discipline; and adverse action.

Performance management discussions should be handled in a professional and respectful manner.

E. This plan is intended to provide a means for addressing wrongful conduct regardless

of whether it meets the legal standard for discrimination, discriminatory harassment, or abusive conduct. The objective is to address workplace conflicts at the lowest and most direct level to create a safe, positive, and productive work environment. An employee concerned about workplace conflict should consider seeking Informal Advice pursuant to Section V. C.1.

**F.** **Retaliation** is a materially adverse action taken against an Employee for reporting wrongful conduct; for assisting in the defense of rights protected by this Plan; or for opposing wrongful conduct. Retaliation against a person who reveals or reports wrongful conduct is itself wrongful conduct.

## IV. REPORTING WRONGFUL CONDUCT

The Judiciary encourages early reporting and action on wrongful conduct. Employees who experience, observe, or learn of reliable information regarding sexual, racial, or other discriminatory harassment or abusive conduct are strongly encouraged to take appropriate action, including, reporting it to a supervisor, human resources professional, Unit Executive, Employment Dispute Resolution ("EDR") Coordinator, Chief Circuit Judge, Circuit Director of Workplace Relations, or to the national Office of Judicial Integrity. *See* Code of Conduct for Judicial Employees, Canon 3(C). Prompt reporting allows the Employing Office to respond expeditiously and could prevent the behavior from escalating. Prompt reporting also allows the Employing Office to take appropriate action to minimize harm to individuals affected and to minimize disruption to the work environment. Employees are also encouraged to report wrongful conduct in the workplace by non-Employees. Court and chambers' confidentiality requirements do not prevent any Employee—including law clerks—from revealing or reporting wrongful conduct by any person.

The Employing Office will investigate promptly and effectively a report of discrimination or conduct inconsistent with this Plan. Reports and investigations will be handled in a confidential manner in accordance with Section V.B.1. Parties involved in the situation, including the reporting party and subject of the complaint, will be offered an opportunity to be interviewed. The Employing Office will take further appropriate action once the matter has been investigated in accord with this Plan.

## V. OPTIONS FOR RESOLUTION

The Judiciary's goal is to address wrongful conduct as soon as possible and to provide multiple, flexible options for doing so. An Employee is always free and is encouraged to address a conduct issue directly with the person who allegedly committed wrongful conduct. If an employee is unable or would feel uncomfortable in addressing a matter directly with the subject of a complaint, the employee may contact a colleague, supervisor, Unit Executive, the EDR Coordinator, the Circuit Director of Workplace Relations, a Judge, Chief Judge, or other individual to discuss or address the situation. This Plan provides the following additional options, and Employees may choose the option(s) in

4

accordance with these provisions that best fit their needs and comfort level.

If multiple reports of wrongful conduct that fall within the scope of an EDR Plan exist, such matters may be consolidated if the complaining employee(s) and the Unit Executive, EDR Coordinator, Circuit Director of Workplace Relations, or Chief Judge agree that such consolidation would promote the efficient and just resolution of the pending matters.

A. **Plan Options.** This Plan provides three options to address wrongful conduct, as explained in detail below:

    1.    **Informal Advice**

    2.    **Assisted Resolution**

    3.    **Formal Complaint**

B. **General Rights.** All options for resolution are intended to respect the rights and privacy of all involved to the greatest extent possible, and to protect the fairness and thoroughness of the process by which allegations of wrongful conduct are initiated, investigated, and ultimately resolved.

    1.    **Confidentiality.** All individuals involved in the processes under this Plan must protect the confidentiality of the allegations of wrongful conduct. Information will be shared only to the extent necessary and only with those whose involvement is necessary to address the situation in accord with this Plan. An assurance of confidentiality must yield when there is reliable information of wrongful conduct that threatens the safety or security of any person or that is serious or egregious such that it threatens the integrity of the Judiciary; however such shall be only in accord with the provisions of this Plan or with the express authorization of the Chief Judge. The Office of the Circuit Mediator and the Office of the Circuit Director of Workplace Relations may share information on EDR matters with each other and with the Chief Judge.

        Confidentiality obligations of this Plan and in the Code of Conduct for Judicial Employees concerning use or disclosure of confidential information received in the course of official duties do not prevent nor should they discourage Employees from reporting or disclosing wrongful conduct, including sexual, racial, or other forms of discriminatory harassment by a Judge, supervisor, or other person in accord with this Plan.

        Supervisors, Unit Executives, and Judges must take appropriate action when they learn of reliable information of wrongful conduct, such as sexual, racial, or other discriminatory harassment, which may include informing the Chief Judge. In addition, if an investigation, hearing, or other process under this Plan involves confidential client information or information that is otherwise protected from disclosure by attorney-client, work-product, or other privilege, individuals involved in the processes under this Plan must take

appropriate action to protect and maintain the privilege and confidentiality afforded to that information.

2. **Impartiality.** All investigations, hearings, and other processes under this Plan must be conducted in a thorough, fair, and impartial manner. The EDR Coordinator, the Circuit Director of Workplace Relations, and the Presiding Judicial Officer must be impartial and may not act as an advocate for any person or Party. The EDR Coordinator, Circuit Director of Workplace Relations, or Presiding Judicial Officer must recuse if he or she participated in, witnessed, or was otherwise involved with the conduct or employment action giving rise to the claim. Recusal of these individuals is also required if the matter creates an actual conflict or the appearance of a conflict.

3. **Right to Representation.** Both the Employee and the Employing Office responsible for providing any remedy have the right to be represented by an attorney or other person of their choice at their own expense. Another Employee may assist the Employee or Employing Office if doing so will not constitute a conflict of interest or unduly interfere with his or her duties, as determined by the assisting Employee's appointing officer. Nothing in this provision precludes any other involved person from consulting or obtaining representation by an attorney, but such attorney may not participate in the proceeding.

4. **Interim Relief.** An Employee, including a law clerk or other chambers employee, who pursues any of the options under this Plan may request transfer, an alternative work arrangement, or administrative leave sufficient to address any immediate workplace concerns and consistent with the Guide to Judiciary Policy if the Employee alleges egregious conduct by a supervisor, Unit Executive, or Judge that makes it untenable to continue working for that person. Any such request must be made to the Unit Executive or Chief Judge, as appropriate, to determine appropriate interim relief, if any, taking into consideration the impact on any Employing Office.

5. **Allegations Regarding a Judge.** An Employee alleging that a Judge has engaged in wrongful conduct is encouraged to contact their Unit Executive, the Chief Judge, the EDR Coordinator, or the Circuit Director of Workplace Relations, and may use any of the options for resolution as set forth in Section C. An Employee may also file a complaint under the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364.

C. **Specific Options**

1. **Informal Advice.** An Employee may contact an EDR Coordinator, Circuit Director of Workplace Relations, or the national Office of Judicial Integrity for confidential advice and guidance about a range of topics including:

- the rights and protections afforded under this Plan, the Judicial

6

Conduct and Disability Act, and any other processes;

- ways to respond to wrongful conduct as it is happening; and/or
- options for addressing the conduct, such as informal resolution, participating in Assisted Resolution, or pursuing a Formal Complaint under this Plan, the Judicial Conduct and Disability Act, or any other processes.

2.  **Assisted Resolution.** Assisted Resolution is an interactive, flexible process that may include:

- discussing the matter with the person whose behavior is of concern;
- conducting a preliminary investigation, including interviewing persons alleged to have violated rights under this Plan and witnesses to the conduct;
- engaging in voluntary mediation between the persons involved; and/or
- resolving the matter by agreement.

a.  To pursue this option, an Employee must contact an EDR Coordinator or Circuit Director of Workplace Relations and complete a "Request for Assisted Resolution" (Appendix 2). An Employee asserting any claim of abusive conduct must first use Assisted Resolution before filing a Formal Complaint. Filing a Request for Assisted Resolution does not toll (extend) the time for filing a Formal Complaint under § V.C.3 unless one of the Parties requests, and the Chief Judge or Presiding Judicial Officer grants, an extension of time for good cause, as permitted in § V.C.3.a.

b.  If the allegations concern the conduct of a Judge, the Chief Judge must be notified and will be responsible for coordinating any Assisted Resolution and/or taking any other action required or appropriate under the circumstances. *See, e.g.*, Rules for Judicial-Conduct and Judicial-Disability Proceedings.

c.  If the allegations concern the conduct of an Employee, the EDR Coordinator or Circuit Director of Workplace Relations will coordinate Assisted Resolution and must notify the appropriate Unit Executive(s). The Unit Executive is responsible for assessing the allegation(s) and taking appropriate steps, including but not limited to those set forth in C.2 above, to resolve the matter. If the allegations concern the conduct of a Unit Executive, the EDR Coordinator must notify the Chief Judge, who is responsible for assessing the allegation(s) and addressing the matter as appropriate. In determining what steps are appropriate, the Unit Executive and/or the Chief Judge are encouraged, if practicable, to afford the subject of a complaint an opportunity to be heard.

7

**d.** The Unit Executive or Chief Judge responsible for assessing the allegations, as indicated in (b) and (c) above, may deny the Request for Assisted Resolution at any time if he or she concludes it is frivolous; it does not allege violations of the rights or protections in this Plan; the alleged conduct arises out of the same facts and circumstances, and was resolved by, a previous EDR Complaint or other claim process or procedure; or on other appropriate grounds. Such a denial does not preclude an Employee from filing a Formal Complaint pursuant to the provisions set forth in section 3 below.

**e.** If Assisted Resolution is successful in resolving the matter, the Parties will so acknowledge in writing.

**f.** The Parties by mutual assent, or the EDR Coordinator or Circuit Director of Workplace Relations in his or her discretion, will determine when to conclude the Assisted Resolution process. If Assisted Resolution is not successful in resolving the matter, the EDR Coordinator or Circuit Director of Workplace Relations will advise the Employee of his or her rights to file a Formal Complaint and/or pursue action under the Judicial Conduct and Disability Act, if applicable, or any other processes.

**g.** Participants in the mediation process must sign an Agreement to Mediate Form that outlines confidentiality of the mediation process at the beginning of mediation. (See Appendix 3). Any person or party involved in assisted resolution under V.C.2 of the EDR Plan shall not disclose any information or records obtained through assisted resolution except:

- As necessary to consult with the parties or their representatives, and then only with notice to all the parties; or
- As the information or records are otherwise discoverable in a Formal EDR Hearing.

**3.** **Filing a Formal Complaint**. An Employee may file a Formal Complaint ("Complaint") with any of the Court's EDR Coordinators to address a claim of wrongful conduct.

**a.** To file a Complaint, an Employee must submit a "Formal Complaint" (Appendix 4) to any of the Court's EDR Coordinators within 180 days of the alleged wrongful conduct or within 180 days of the time the Employee becomes aware or reasonably should have become aware of such wrongful conduct. Use of the Informal Advice or Assisted Resolution options does not toll (extend) this 180-day deadline unless the Chief Judge of the Court or the Presiding Judicial Officer grants an extension of time for good cause.

**b.** An Employee asserting any claim of abusive conduct must first use Assisted Resolution before filing a Formal Complaint.

**c.** The Employee filing the Complaint is called the Complainant. The Party responding to the Complaint is the Employing Office that is responsible for providing any appropriate remedy and is called the Respondent. The individual alleged to have violated rights under this Plan is called the subject of the complaint. The Complaint is filed against the Employing Office, and not against any specific individual.

**d.** If the Complainant and the Subject of the Complaint are both chambers staff, the EDR Coordinator who receives the Complaint shall forward the Complaint to the Chief Judge, who shall designate a Judge, Unit Executive, or another Court official to respond to the Complaint and to otherwise act on behalf of the Employing Office.

**e.** **Complaint Regarding a Judge.** An Employee alleging that a Judge has engaged in wrongful conduct may file a Complaint under this Plan. The EDR Coordinator must immediately provide a copy of the Complaint to the Chief Circuit Judge (or the next most-senior active Circuit Judge, if the allegation is against the Chief Circuit Judge), who will oversee the EDR Complaint process, and who may appoint a Presiding Judicial Officer to preside over the formal Complaint proceedings.

If a Judge becomes the subject of both a Complaint under this Plan and a complaint under the Judicial Conduct and Disability Act, the Chief Circuit Judge will determine the appropriate procedure for addressing both, which may include holding the EDR claim or the Judicial Conduct and Disability Act complaint in abeyance and determining how best to find any common issues of fact, subject to all requirements of the Judicial Conduct and Disability Act, the Rules for Judicial-Conduct and Judicial-Disability Proceedings, and, as practicable, this EDR Plan. Regardless of whether there is a formal complaint under the Judicial Conduct and Disability Act, the Chief Circuit Judge should consider the need for any necessary or appropriate interim relief.

**f.** **Formal Complaint Procedures and Procedural Rights**

    i. *Appointment of Presiding Judicial Officer.* Upon receipt of a Complaint, the EDR Coordinator will immediately send a copy of the Complaint to the Chief Judge of the Court, who will appoint a Presiding Judicial Officer. The Presiding Judicial Officer will be a Judge in the Court or, when appropriate, a Judge from another Court (with the consent of the respective Chief Judge of that Court).

ii.   *Presiding Judicial Officer.* The Presiding Judicial Officer oversees the Complaint proceeding. The Presiding Judicial Officer will provide a copy of the Complaint to the head of the Employing Office against which the Complaint has been filed (Respondent), except when the Presiding Judicial Officer determines for good cause that the circumstances dictate otherwise. The Presiding Judicial Officer must provide the subject of the complaint notice that a Complaint has been filed and the nature and substance of the Complaint allegations.

Upon written application from a Unit Executive to the Presiding Judicial Officer and for good cause shown, a stay of formal proceedings may be granted for a time period not to exceed 30 days, in order to allow the Unit Executive to address the alleged wrongful conduct. The Unit Executive must certify in the application that the (1) Complaint does not involve the Unit Executive or a Judge; and (2) the Unit Executive did not have knowledge of the alleged wrongful conduct at the time the formal Complaint was filed. At or before the conclusion of the stay, the Unit Executive shall inform the Presiding Judicial Officer that the Complaint was resolved through written settlement or was not resolved. Any stay granted by the Presiding Judicial Officer shall be excluded from any relevant time period calculations contained in this Plan.

The Presiding Judicial Officer will provide for appropriate investigation and discovery, allow for settlement discussions, may discuss the possibility of mediating the matter, identify any written submissions to be provided by the Parties and direct production of those submissions, determine if a hearing is needed, determine the time, date, and place of the hearing, issue a written decision, and, if warranted, order remedies.

iii.   *Limited Role of the Presiding Judicial Officer.* The "Presiding Judicial Officer" performs a crucial but limited role when they adjudicate employee disputes under the Fourth Circuit EDR Plan. This guidance seeks to assist Presiding Judicial Officers in identifying the boundaries of their roles and authorities, particularly when the accused person is the subject of a parallel Judicial Conduct and Disability ("JC&D") proceeding. While it may be preferable that EDR proceedings that have ripened into formal complaints be stayed until the completion of parallel JC&D proceedings, circumstances can make such stays impractical. In those instances, it is particularly important that the Presiding Judicial Officers respect the different missions of

the two proceedings.

Presiding Judicial Officers serve in an administrative capacity with limited, non-Article III authority, even if they otherwise serve as Article III judges. Accordingly, consistent with the advice given in the "Employment Dispute Resolution Interpretive Guide & Handbook," Presiding Judicial Officers should take care to ensure that they confine their findings and rulings to the matters strictly before them. For instance, Presiding Judicial Officers are not assigned the task of determining whether the accused person should be held accountable for any alleged misconduct but are instead asked to determine whether the complainant has asserted a cognizable cause of action under the EDR Plan and is entitled to an EDR Plan-authorized remedy from the employing office. When the accused person is a judicial officer, Presiding Judicial Officers must respect clear distinctions between the EDR process, in which they are assigned an adjudicative role, and the often-parallel JC&D process, in which they are not. In resolving an EDR matter, Presiding Judicial Officers should refrain (to the extent feasible) from making findings or reaching conclusions about any alleged misconduct by an accused judicial officer, remembering that such officer is not before them as a party and, under the Plan, has no rights to appear, be heard, or otherwise defend him/herself. Culpability of an accused judicial officer is to be measured and determined through the JC&D process.

More general guidance for Presiding Judicial Officers is set out in the "Employment Dispute Resolution Interpretive Guide & Handbook."

iv. *Disqualification and Replacement*. Either Party may seek disqualification of the EDR Coordinator or the Presiding Judicial Officer by written request to the Chief Judge, explaining why the individual should be disqualified.

If the Presiding Judicial Officer is disqualified, the Chief Judge will designate another Judge to serve as Presiding Judicial Officer. If the EDR Coordinator is disqualified, the Chief Judge will appoint one of the alternate EDR Coordinators or, if available, an EDR Coordinator from another Court (with the consent of the respective Chief Judge of that Court).

v. *Response.* The Respondent may file a Response to the Complaint with the EDR Coordinator within **30 days** of receiving the Complaint. The EDR Coordinator must immediately send the

Response to the Presiding Judicial Officer and to the Complainant.

vi. *Investigation and Discovery.* The Presiding Judicial Officer will ensure that the allegations are thoroughly, impartially, and fairly investigated, and may use outside trained investigators if warranted. The investigation may include interviews with the subject(s) of the complaint and witnesses, review of relevant records, and collecting documents or other records. The Presiding Judicial Officer will provide for such discovery to the Complainant and Respondent as is necessary and appropriate. The Presiding Judicial Officer will also determine what evidence and written arguments, if any, are necessary for a fair and complete assessment of the allegations and response.

vii. *Case preparation.* The Complainant may use official time to prepare his or her case, so long as it does not unduly interfere with the performance of duties.

viii. *Extensions of time.* Any request for an extension of time must be in writing. The Presiding Judicial Officer may extend any of the deadlines set forth in this EDR Plan for good cause, except for the deadline to issue a written decision, which may only be extended by the Chief Judge.

ix. *Established Precedent.* In reaching a decision, the Presiding Judicial Officer should be guided by judicial and administrative decisions under relevant rules and statutes, as appropriate. The Federal Rules of Evidence and any federal procedural rules do not apply.

x. *Notice of Written Decision.* The EDR Coordinator or Presiding Judicial Officer will immediately send a copy of the written decision to the Parties, the Chief Judge of the Court, and to the subject of the complaint. The EDR Coordinator will inform the Parties of appeal rights, procedures, and deadlines.

g. **Resolution of Complaint Without a Hearing.** After notifying the Parties and giving them an opportunity to respond, the Presiding Judicial Officer may resolve the matter without a hearing.

i. The Presiding Judicial Officer may dismiss a Complaint and issue a written decision at any time in the proceedings on the grounds that: it is untimely filed, is frivolous, fails to state a claim, or does not allege violations of the rights or protections in this Plan; the alleged conduct arises out of the same facts and circumstances, and was resolved by, a previous EDR Complaint or other claim

process or procedure; or on other appropriate grounds.

ii. After completion of investigation and discovery, the Presiding Judicial Officer may, on his or her own initiative or at the request of either Party, issue a written decision if the Presiding Judicial Officer determines that no relevant facts are in dispute and that one of the Parties is entitled to a favorable decision on the undisputed facts.

iii. The Parties may enter into an agreed written settlement if approved in writing by the Presiding Judicial Officer and the Chief Judge.

**h.**   **Resolution of Complaint With a Hearing.** If the Complaint is not resolved in its entirety by dismissal, Assisted Resolution, decision without a hearing, or settlement, the Presiding Judicial Officer will order a hearing on the merits of the Complaint.

i. *Hearing*. The hearing will be held no later than **90** days after the filing of the Complaint unless the Presiding Judicial Officer extends the deadline for good cause. The Presiding Judicial Officer will determine the place and manner of the hearing.

ii. *Notice*. The Presiding Judicial Officer must provide reasonable notice of the hearing date, time, and place to the Complainant, the Respondent, and any subject(s) of the complaint.

iii. *Right to Present Evidence*. The Complainant and Respondent have the right to present witnesses and documentary evidence and to examine adverse witnesses. The Presiding Judicial Officer, in his or her discretion, may solicit evidence from the Subject of the Complaint if such evidence is necessary to secure a just result.

iv. *Record of Proceedings*. A verbatim record of the hearing must be made and will be the official record of the proceeding. This may be a digital recording or a transcript.

v. *Written Decision*. The Presiding Judicial Officer will make findings of fact and conclusions of law and issue a final written decision no later than **60** days after the conclusion of the hearing, unless an extension for good cause is granted by the Chief Judge.

**i.**   **Remedies.** If the Presiding Judicial Officer finds that the Complainant has established by a preponderance of the evidence (more likely than not) that a substantive right protected by this Plan has been violated, the Presiding Judicial Officer may direct the Employing Office to provide remedies for the Complainant. The remedies are limited to providing relief to the Complainant, should be tailored as closely as

possible to the specific violation(s) found, and take into consideration the impact on any Employing Office. The Chief Judge and Employing Office (Respondent) must take appropriate action to carry out the remedies ordered in the final written decision, subject to any applicable policies or procedures.

i. *Allowable Remedies* may include:

- placement of the Complainant in a position previously denied;
- placement of the Complainant in a comparable alternative position;
- reinstatement to a position from which the Complainant was previously removed;
- prospective promotion of the Complainant;
- priority consideration of the Complainant for a future promotion or position;
- an order recommending back pay and associated benefits, when the statutory criteria of the Back Pay Act are satisfied[1];
- records modification and/or expungement;
- granting of family and medical leave;
- any reasonable accommodation(s);
- other equitable relief, such as temporary stays of adverse actions; and
- any other appropriate remedy to address the wrongful conduct.

ii. *Unavailable Remedies.* Other than under the Back Pay Act, monetary damages are not available. The Presiding Judicial Officer may award attorney's fees only if the statutory requirements under the Back Pay Act are satisfied.

iii. The issue in an EDR Complaint is whether the Employing Office is responsible for the alleged conduct; it is not an action against any individual. The Presiding Judicial Officer lacks authority to impose disciplinary or similar action against an individual. An appointing official, or official with delegated authority, should separately assess whether further action, in accordance with any

---

[1] *Back Pay Act.* Remedies under the Back Pay Act, including attorney's fees, may be ordered only when the statutory criteria of the Back Pay Act are satisfied, which include: (1) a finding of an unjustified or unwarranted personnel action; (2) by an appropriate authority; (3) which resulted in the withdrawal or reduction of all or part of the Employee's pay, allowances, or differentials. An order of back pay is subject to review and approval by the Director of the Administrative Office of the United States Courts. *See* 5 U.S.C. § 5596(b)(1) and *Guide*, Vol. 12, § 690.

applicable policies and procedures, is necessary to correct and prevent wrongful conduct and promote appropriate workplace behavior, and may not utilize or rely upon the Presiding Judicial Officer's findings in making that assessment.

**j.** **Review of Decision (Appeal).** The Complainant and/or the Respondent may appeal the decision to the judicial council of the circuit by submitting in writing a Request for Review of Decision setting forth the grounds for appeal within **30 days** of the date of the decision under procedures established by that judicial council (Appendix 5). The EDR Coordinator will inform the Parties of the procedures for seeking review. The decision will be reviewed based on the record created by the Presiding Judicial Officer and will be affirmed if supported by substantial evidence and the proper application of legal principles.

## VI. COURT AND EMPLOYING OFFICE OBLIGATIONS

To ensure that Employees are aware of the options provided by this Plan, and that the Plan is effectively implemented, the Court and Employing Offices must adhere to the following:

**A.** **Records.** At the conclusion of informal or formal proceedings under this Plan, all papers, files, and reports will be filed with the EDR Coordinator. Records made of mediation discussions, including notes and documents produced in preparation for mediation are strictly confidential and will not be filed with the EDR Coordinator. Final written settlement agreements and the mediator's Notice of Conclusion of Mediation or Assisted Resolution will be filed with the EDR Coordinator or Director of Workplace Relations. Final settlement agreements are not subject to public disclosure. No papers, files, or reports relating to an EDR matter will be filed in any Employee's personnel folder, except as necessary to implement an official personnel action.

Mediators will dispose of all EDR materials in accordance with the Office of the Circuit Mediator retention policy. A mediator's file will not be re-opened for anyone, including the parties, after the mediation is completed.

Final decisions under this Plan will be made available to the public, appropriately redacted, in accordance with procedures established by the judicial council of the circuit.

Upon receipt of EDR-related files and documents from any source, the Director of Workplace Relations will retain such materials in accordance with the retention policy of the Office of the Director of Workplace Relations.

**B.** **EDR Coordinators**. The Chief Judge will designate both a primary EDR Coordinator and at least one alternate EDR Coordinator for the Court. The Court

may use an EDR Coordinator from another Court, or may use the Circuit Director of Workplace Relations as an alternate EDR Coordinator, if necessary, with the approval of the Chief Judge. An Employee may choose the EDR Coordinator with whom he or she wishes to seek Informal Advice, request Assisted Resolution, or file a Complaint under this EDR Plan.

An EDR Coordinator must be an Employee who is not a Unit Executive. A Judge may not be an EDR Coordinator. All EDR Coordinators must be trained and certified as set forth in the EDR Interpretive Guide and Handbook.

C. **Advising Employees of their Rights.** The Court and Employing Offices must:

1. **prominently post** on their internal and external main homepages a direct link, labeled "Your Employee Rights and How to Report Wrongful Conduct," to:

   - the entire EDR Plan with all Appendices and relevant contact information;
   - the Judicial Conduct and Disability Act, the Rules for Judicial-Conduct and Judicial-Disability Proceedings, and the Judicial Conduct and Disability Complaint form; and
   - contact information for all of the Court's EDR Coordinators, Circuit Director of Workplace Relations, and the national Office of Judicial Integrity.

2. **prominently display** in the workplace:

   - the posters set forth in Appendix 6; and
   - an Anti-Discrimination and Harassment Notice that: (a) states that discrimination or harassment based on race, color, sex, gender, gender identity, pregnancy, sexual orientation, religion, national origin, age (40 years and over), or disability is prohibited; (b) explains that Employees can report, resolve, and seek remedies for discrimination, harassment, or other wrongful conduct under the EDR Plan by contacting any of the Court's EDR Coordinators and/or the Circuit Director of Workplace Relations, and/or the national Office of Judicial Integrity; (c) identifies the names and contact information of all Court EDR Coordinators, the Circuit Director of Workplace Relations, and the national Office of Judicial Integrity; and (d) states where the EDR Plan can be located on the Court's website.

3. ensure that each new Employee receive an electronic or paper copy of the EDR Plan and acknowledge in writing that he or she has read the Plan; and

4. conduct training annually for all Judges and Employees, including chambers staff, to ensure that they are aware of the rights and obligations under the EDR Plan and the options available for reporting wrongful conduct and

seeking relief.

**D.**   **Reporting.** The Court and Employing Offices will provide annually, to the Administrative Office of the United States Courts, data on: (1) the number and types of alleged violations for which Assisted Resolution was requested, and for each matter, whether it was resolved or was also the subject of a Complaint under this Plan or other complaint; (2) the number and type of alleged violations for which Complaints under this Plan were filed; (3) the resolution of each Complaint under this Plan (dismissed or settled prior to a decision, or decided with or without a hearing); and (4) the rights under this Plan that were found by decision to have been violated. The Court and Employing Offices should also provide any information that may be helpful in identifying the conditions that may have enabled wrongful conduct or prevented its discovery, and what precautionary or curative steps should be undertaken to prevent its recurrence.

**E.**   **Appendices Attached**:

    1.    Definitions
    2.    Request for Assisted Resolution
    3.    Agreement to Mediate
    4.    Formal Complaint Form
    5.    Request for Review of Decision (Appeal)
    6.    Posters

    This Plan supersedes all prior Fourth Circuit Equal Employment Opportunity and Employment Dispute Resolution Plans.

    Effective date:

# APPENDIX 1
# DEFINITIONS

**Chief Judge:** The Chief Judge of the United States Court of Appeals for the Fourth Circuit. However, in any situation where the Chief Judge is a subject of an allegation addressed by this Plan, the responsibilities of the "Chief Judge" as set forth herein shall devolve upon the most senior active (i.e., not senior status) Judge of the Court who is not also a subject of such allegation.

**Circuit Director of Workplace Relations:** A circuit Employee who coordinates workplace conduct issues and the implementation of all Court EDR Plans within the circuit. The scope of duties may vary by circuit, but generally, a Circuit Director of Workplace Relations may: provide Informal Advice and Assisted Resolution under any EDR Plan within the circuit; assist in training the EDR Coordinators within the circuit; provide or arrange for training throughout the circuit on workplace conduct, discrimination, and sexual harassment; and collect and analyze statistical data and other information relevant to workplace conduct matters.

**Court:** The Court (Court of Appeals) in which the Employing Office that would be responsible for ordering redress, correction, or abatement of a violation of rights under this EDR Plan is located. In the case of disputes involving employees of the federal public defender, "Court" refers to the Court of Appeals.

**EDR Coordinator:** A Court Employee, other than a Judge or Unit Executive, designated by the Chief Judge to coordinate all of the Options for Resolution provided for in this Plan. The EDR Coordinator provides confidential advice and guidance (*see* § V.B.1.) if an Employee seeks Informal Advice; coordinates the Assisted Resolution process, including any necessary investigation; accepts Complaints under this Plan for filing; and assists the Presiding Judicial Officer in the Complaint proceeding, as directed. The EDR Coordinator maintains and preserves all Court files pertaining to matters initiated and processed under this EDR Plan. The EDR Coordinator assists the Court in meeting its obligations under this Plan to train and advise employees of their rights under this Plan, and to post the Plan as directed. Additional information on the EDR Coordinator's responsibilities may be found in the EDR Interpretive Guide and Handbook.

**Employee:** All employees of the Court. This includes Unit Executives and their staffs; judicial assistants and other chambers employees; law clerks; federal public defenders; court reporters appointed by the Court; and paid and unpaid interns, externs, and other volunteer employees.

**Employing Office/Respondent:** The office of the Court, or Federal Public Defender Office, that is responsible for providing any appropriate remedy. The Court is the Employing Office of Judges and chambers employees.

**Judge:** A judge of the United States Court of Appeals for the Fourth Circuit.

**Office of Judicial Integrity:** The office of the Administrative Office of the United States

1

Courts staffed to provide advice and guidance to Employees nationwide about workplace conduct issues, including sexual, racial, and other discriminatory harassment, abusive conduct and other wrongful conduct. Contact information for the Office of Judicial Integrity can be found on JNet and on uscourts.gov.

**Parties:** The Employing Office and the Employee who has filed a request for Assisted Resolution or a Formal Complaint.

**Protected Category:** Race, color, sex, gender, gender identity, pregnancy, sexual orientation, religion, national origin, age (40 years and over), or disability.

**Unit Executive:** Circuit executive, clerk of court, federal public defender, bankruptcy administrator, senior staff attorney, chief preargument/conference attorney/circuit mediator, or circuit librarian.

**APPENDIX 2**
**REQUEST FOR ASSISTED RESOLUTION**

<span style="color:red">USE OF ASSISTED RESOLUTION DOES NOT EXTEND THE 180-DAY DEADLINE TO FILE A FORMAL COMPLAINT UNLESS THE DEADLINE IS EXTENDED UNDER EDR PLAN § V.C.3.a</span>

Submitted in accordance with the Procedures of the Fourth Circuit's Employment Dispute Resolution Plan.

Full name of person submitting the form: _____

Your mailing address: _____

Your phone number(s): _____

Your email address: _____

Are you: ☐ a current employee   ☐ a former employee   ☐ an interviewed applicant?

Court and office in which you are employed or to which you applied:
_____

Your job title or job title of the position to which you applied: _____

Date of interview (*for interviewed applicants only*): _____

Name and address of Employing Office from which you seek assistance (*if the matter involves a judge or chambers employee, the Employing Office is the Court*):
_____

Alleged Wrongful Conduct for which you seek Assisted Resolution (check all that apply):

☐ Discrimination based on (check all that apply):
    ☐ Race
    ☐ Color
    ☐ Sex
    ☐ Gender
    ☐ Gender identity
    ☐ Pregnancy
    ☐ Sexual orientation

☐ Harassment based on (check all that apply):
    ☐ Race
    ☐ Color
    ☐ Sex
    ☐ Gender
    ☐ Gender identity
    ☐ Pregnancy
    ☐ Sexual Orientation

☐ Religion                                ☐ Religion

☐ National origin                   ☐ National origin

☐ Age                                     ☐ Age

☐ Disability                             ☐ Disability

☐ Other based on (check all that apply):

     ☐ Abusive Conduct

     ☐ Retaliation

     ☐ Whistleblower Protection

     ☐ Family and Medical Leave

     ☐ Uniform Services Employment and Reemployment Rights

     ☐ Worker Adjustment and Retraining

     ☐ Occupational Safety and Health

     ☐ Polygraph Protection

     ☐ Other (describe): _____

Date(s) of alleged incident(s) for which you seek Assisted Resolution:

_____

Summary of the actions or occurrences for which you seek Assisted Resolution (attach additional pages as needed):

_____

_____

_____

_____

Names and contact information of any witnesses to the actions or occurrences for which you seek Assisted Resolution:

_____

_____

Do you have a preference as to which EDR Coordinator you want to assist you in resolving this issue? (Names of EDR Coordinators are listed in Chapter V of this Plan and on the How to Address Wrongful Conduct in the Workplace poster in Appendix 6.) ☐ Yes ☐ No

Name of the EDR Coordinator with whom you prefer to assist you in resolving this issue:

_____

Describe the assistance or corrective action you seek: _____

_____

_____

Have you filed a complaint involving same or similar facts under a separate administrative process or another court's/unit's EDR Plan?  ☐ Yes  ☐ No

If yes, what was the name of the EDR Coordinator that assisted you, and what was the outcome?
_____

_____

Do you have an attorney or other person who represents you?  ☐ Yes  ☐ No

If yes, please provide the attorney's name, mailing address, email address, and phone number(s):

_____

_____

**I acknowledge** that this Request will be kept confidential to the extent possible, but information may be shared to the extent necessary and with those whose involvement is necessary to resolve this matter, as explained in the EDR Plan (*see* EDR Plan § V.B.1).

Your signature: _____

Date submitted: _____

-----------------------------------------------------------------------------------------------------------

**Agency Use Only**

Request for Assisted Resolution reviewed by EDR Coordinator on _____.

EDR Coordinator/Circuit Director of Workplace Relations name:

_____

EDR Coordinator/Circuit Director of Workplace Relations signature:

_____

Local Court Claim ID (Court Initials-AR-YY-Sequential Number): _____

# APPENDIX 3
## AGREEMENT TO MEDIATE

We, the undersigned participants, voluntarily agree to engage in good faith in the mediation process to resolve the issues in dispute. We understand and consent to the following ground rules:

1. **Definition of Mediation**: Mediation is a process in which a Mediator facilitates communication between the participants and, without deciding the issues or imposing a solution on the parties, enables them to understand and to reach a mutually agreeable resolution to their dispute.

2. **Role of the Mediator**: The Mediator acts as a facilitator, not as an advocate, advisor, counselor, fact-finder, or judge. The Mediator has no authority to decide the case and is not acting as a representative of the participants or the Employing Office. The Mediator assists the participants in identifying issues, reducing obstacles to communication, maximizing the exploration of alternatives, and helping participants reach voluntary agreements.

3. **The Mediation Process**: Mediation is an informal process and will include at a minimum, an opportunity for all participants to be heard, the identification of issues to be resolved, the generation of alternatives for resolution, and if the participants agree, the development of a Memorandum of Understanding or Settlement Agreement. The mediation process is voluntary and may be terminated by any participant at any time.

4. **Caucus Sessions**: The Mediator reserves the opportunity to meet with the participants individually in private sessions to gather more information and explore options. Information shared in these private caucus sessions will remain confidential unless the participant gives the Mediator permission to share it with the other participant(s).

5. **Confidentiality**: Confidentiality is essential to effective mediation as it allows the parties to have a full and candid exchange of information. A successful mediation requires that participants be able to speak with complete candor, acknowledge risks and weaknesses, and look for common ground, without fear that if a settlement is not reached, their words will be used against them in an EDR hearing or otherwise.

As per the EDR Plan, the proceedings of the mediation, including any written submissions, positions taken by the participants, views expressed, and admissions or suggestions made by the participants or the Mediator in the course of the mediation, shall be strictly confidential. Positions taken by the participants during any stage of the mediation process shall also be strictly confidential and may not be disclosed or used for any other purposes, including an EDR Complaint Hearing.

The participants, any attorneys or representatives, or anyone involved in the settlement or mediation discussions may not disclose information or records obtained through or prepared

specifically for the mediation process, except:

1) As necessary to consult with the participants or their counsel or representatives, and then only with notice to all participants;

2) If the information or records are otherwise properly discoverable in an EDR Formal Complaint proceeding;

3) When a participant needs to share the contents of the Mediation Agreement for purposes of its enforcement or implementation; or

4) When there appears to be imminent risk to safety or security of any person. Whether this risk exists is a determination to be made by the Mediator.

Any written settlement or mediation agreement will be filed with the EDR Coordinator and/or Director of Workplace Relations.

The Mediator may not act as a witness in any other EDR Formal Complaint proceeding in relation to the mediated claim.

6. **Participation**: The Mediator does not provide legal or other advice. Participants are encouraged to seek the advice or representation at any time if needed to make informed decisions. If all the participants and the Mediator agree, a representative from a Unit's human resource office, a subject matter expert, or other third party may participate in the mediation.

7. **Time Limits**: Discretion to extend the applicable time limits for mediation rests with the Chief Judge of the Court or other Presiding Judicial Officer.

8. **Agreements**: Any final agreement will be voluntary and bind the participants to make a good faith effort to implement it. The Mediator may memorialize the agreement; however, the participants are responsible for consulting with others regarding rights and policies and, if needed, to involve individuals whose concurrence may be needed to ratify or implement any agreement (i.e. Chief Judge, Circuit Executive, etc.). Before the Mediation Memorandum of Understanding can be concluded, the Employing Office's delegate must confirm its approval on behalf of the Court or Unit.

9. **Good Faith**: Mediation is a good faith attempt at informally resolving the issues. It is a violation of the Mediation Rules to retaliate against any person for using mediation services or for participating in mediation and may be grounds for a finding of misconduct.

By signing below, we acknowledge that we have read, understand, and agree to the terms and conditions of this agreement.

_____  _____
Participant Name                           Date

_____  _____
Participant Name                           Date

_____  _____
Participant Name                           Date

_____
Participant Name                           Date

_____
Mediator                                   Date

**APPENDIX 4**
**FORMAL COMPLAINT FORM**


Submitted in accordance with the Procedures of the Fourth Circuit's Employment Dispute Resolution Plan.


Full name of person submitting the form (Complainant):
_____

Your mailing address: _____

Your phone number(s): _____

Your email address: _____


Are you: ☐ a current employee ☐ a former employee ☐ an interviewed applicant?

Court and office in which you are employed or to which you applied:

_____

Your job title or job title of the position to which you applied: _____


Date of interview (*for interviewed applicants only*): _____

Name and address of Employing Office from which you seek assistance (*if the matter involves a judge or chambers employee, the Employing Office is the Court*):

_____


Identify the Wrongful Conduct that you believe occurred (check all that apply):

☐ Discrimination based on (check all that apply):
    ☐ Race
    ☐ Color
    ☐ Sex
    ☐ Gender
    ☐ Gender identity
    ☐ Pregnancy
    ☐ Sexual orientation
    ☐ Religion

☐ Harassment based on (check all that apply):
    ☐ Race
    ☐ Color
    ☐ Sex
    ☐ Gender
    ☐ Gender identity
    ☐ Pregnancy
    ☐ Sexual Orientation
    ☐ Religion

- ☐ National origin          ☐ National origin
- ☐ Age                      ☐ Age
- ☐ Disability               ☐ Disability
- ☐ Other based on (check all that apply):
  - ☐ Abusive Conduct
  - ☐ Retaliation
  - ☐ Whistleblower Protection
  - ☐ Family and Medical Leave
  - ☐ Uniform Services Employment and Reemployment Rights
  - ☐ Worker Adjustment and Retraining
  - ☐ Occupational Safety and Health
  - ☐ Polygraph Protection
  - ☐ Other (describe): _____

Date(s) of alleged incident(s) for which you seek a remedy:

_____

Summary of the actions or occurrences giving rise to the Complaint (attach additional pages as needed):

_____

_____

_____

_____

Identify, and provide contact information for, any persons who were involved in this matter, who were witnesses to the actions or occurrences, or who can provide relevant information concerning the Complaint (*attach additional pages as needed*):

_____

_____

Describe the assistance or corrective action you seek: _____

_____

_____

Have you already sought Assisted Resolution for this Abusive Conduct Claim?  ☐ Yes   ☐ No

If yes, please provide the following information:

- Date Request for Assisted Resolution was submitted: _____

- Date it concluded: _____

- Name of the EDR Coordinator that assisted you: _____

- Describe the resolution, if any: _____

_____

_____

_____

Have you filed a complaint involving same or similar facts under a separate administrative process or another court's/unit's EDR Plan?  ☐ Yes  ☐ No

If yes, what was the name of the EDR Coordinator that assisted you, and what was the outcome?

_____
_____

Do you have an attorney or other person who represents you?  ☐ Yes  ☐ No

If yes, please provide the attorney's name, mailing address, email address, and phone number(s):

_____

_____

☐ I have attached a copy of documents that relate to my Complaint (such as emails, notices or discipline or termination, job application, etc.)

**I acknowledge** that this Complaint will be kept confidential to the extent possible, but information may be shared to the extent necessary and with those whose involvement is necessary to resolve this matter, as explained in the EDR Plan (*see* EDR Plan § V.B.1).

**I affirm** that the information provided in this Complaint is true and correct to the best of my knowledge:

Complainant signature: _____

Date submitted: _____

----------------------------------------------------------------------------------------------------------------

**Agency Use Only**

Complaint reviewed by EDR Coordinator on: _____

EDR Coordinator name: _____

EDR Coordinator signature: _____

Local Court Claim ID (Court Initials-AR-YY-Sequential Number): _____

**APPENDIX 5**
**REQUEST FOR REVIEW OF DECISION (APPEAL)**

Submitted in accordance with the Procedures of the Fourth Circuit's Employment Dispute Resolution Plan.

Name of Requesting Party: _____

Address: _____

Phone Number(s): _____

Email Address: _____

Parties involved in the Complaint:

_____, Requesting Party v.

_____, Responding Party

Name of Presiding Judicial Officer: _____

Name of Court in which Presiding Judicial Officer's decision was issued:

_____

**Request for Review of Decision on Formal Complaint**

Notice is hereby given that _____

(Requesting Party) in the above named case, hereby requests review by the Judicial Council for

the Fourth Circuit from the decision by Judge _____

entered in this matter on the _____ day of _____, 20_____.

☐ Attached to this request is a copy of the Presiding Judicial Officer's decision.

Please state the reason(s) you contend that the Presiding Judicial Officer's decision was in error (**attach additional pages if necessary**):
_____

_____

_____

Submitted this _____ day of _____, 20_____.

Signature of Requesting Party: _____

Signature of Counsel, if any:_____

--------------------------------------------------------------------------------------------------------

**Agency Use Only**

Received by the Fourth Circuit Judicial Council on _____.

**APPENDIX 6**
**POSTERS**

(Remainder of page intentionally left blank.)