IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |
| | ) |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

On September 14, 2020, the Fourth Circuit adopted a new Employment Dispute Resolution ("EDR") Plan. ECF No. 76-2. The Plan states that "Presiding Judicial Officers serve in an administrative capacity with limited, non-Article III authority, even if they otherwise serve as Article III judges." EDR Plan § V(C)(3)(f)(iii) (Sept. 2020). The Plan is a "pertinent and significant authorit[y]" that supports Roe's arguments. LCvR 7.1(j).

*First*, the Plan supports Roe's argument that the Civil Service Reform Act ("CSRA") does not bar her claims. ECF No. 49, at 10–16. Specifically, Roe argued that defendants' reading of the CSRA would raise serious constitutional questions by "deny[ing] any judicial forum over a constitutional claim." *Id.* at 10. Such an "extraordinary" result is not supported by any "heightened showing of congressional intent" in the CSRA's text. *Id.* at 12–13. Moreover, Congress has not delegated judiciary employees' constitutional claims to administrative EDR forums, nor could it, because such forums do not provide, and are not capable of providing, meaningful judicial review. *Id.* at 13–16. Defendants' response—that the EDR process provides "judicial review" including "meaningful review by a judicial officer," ECF No. 54, at 12–13—is

1

contradicted by the Plan, which confirms that EDR presiding officers serve in an "administrative," not judicial, role. Notably, the Plan no longer states that it is the "exclusive remedy" for rights enumerated under the Plan. EDR Plan Ch. I, § 1 (2013).

*Second*, the Plan undermines defendants' arguments against Roe's *Bivens* claims. Though defendants claimed that Roe had access to a "comprehensive alternative process," ECF No. 45, at 20, with "the authority to grant full relief," ECF No. 37 at 9 n.6, the Plan confirms that, in fact, "no alternative form of judicial relief was available" for the unlawful discrimination. ECF No. 48, at 19 (citing *Bush v. Lucas*, 462 U.S. 367, 377 (1983)); *see also Davis v. Passman*, 442 U.S. 228, 245 (1979) (recognizing *Bivens* claim where there were "no alternative forms of judicial relief" and it was "damages or nothing"). The Plan also confirms that defendants are not entitled to qualified immunity because, at a minimum, they knew the limitations of the EDR process but continued to represent that it provided meaningful remedies. *See* JCUS at 25.

*Finally*, the Plan supports Roe's argument that she was constructively discharged because she had no meaningful review or remedies. ECF No. 48, at 10–12; ECF No. 49, at 24; ECF No. 60-1, at 18–20; ECF No. 76-1, at 9–10. Specifically, the Plan confirms that judges in the EDR context are not acting in a "judicial" capacity and can only order remedies authorized by statute. But no statute gives an EDR presiding officer authority to order remedies against a federal defender office, and the Criminal Justice Act strictly limits the court of appeals' authority in this context. *See id.* (citing 18 U.S.C. § 3006A(g)(2)(A)). Given the lack of meaningful remedies, Roe was not required to exhaust a process that was incapable of granting effective relief and resulted in her constructive discharge. ECF No. 49, at 20–21; *see also* ECF No. 55, at 6–8 (noting that defendants' argument that Roe voluntarily resigned and withdrew her EDR complaint is necessary to each of their arguments for dismissal).

2

This the 2nd day of October, 2020.

                                                Respectfully Submitted,

                                                */s/ Cooper Strickland*
                                                Cooper Strickland
                                                N.C. Bar No. 43242
                                                P.O. Box 92
                                                Lynn, NC 28750
                                                Tel. (828) 817-3703
                                                cooper.strickland@gmail.com

                                                Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gill P. Beck at Gill.Beck@usdoj.gov

    Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

    Shannon Sumerall Spainhour at mss@dhwlegal.com

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com