IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |
| | ) |

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 82)**

On October 7, 2020, the individual capacity defendants moved for an extension of time to file their opposition to Roe's motion for partial summary judgment against the individual capacity defendants. ECF No. 82. Specifically, defendants requested an extension of eleven (11) days, in part, to "gather relevant documents and obtain declarations from additional witnesses." *Id.* at 2. Defendants state that they "have already gathered some of the declarations and exhibits in response to Plaintiff's first summary judgment motion," but also that "additional declarations will be required." *Id.* In response to defendants' extension request, Roe's counsel stated that he would consent to an eleven-day extension "if the individual defendants do not intend to create an evidentiary record (including further declarations and exhibits) in support of their motion." *Id.* at 2. However, he "does oppose any extension for the purpose of creating an evidentiary record in support of Defendants' response brief which has not been produced in response to Plaintiff's discovery requests." *Id.* at 2–3.

1

As with defendants' earlier extension request to respond to Roe's summary judgment motion against the official capacity and entity defendants, ECF No. 63, Roe partially opposes their requested extension for the purpose of gathering additional "declarations" and "exhibits." For reasons Roe has previously explained, defendants cannot selectively present a one-sided factual narrative at the summary judgment stage after not engaging in discovery. *See*, *e.g.*, ECF No. 55, at 22–25; ECF No. 65, at 1–2; ECF No. 72, at 3; ECF No. 74, at 2–3. The same reasons, which Roe incorporates here, apply to the individual capacity defendants' extension request.

Specifically, as of the time of this filing, defendants have not served their initial disclosures or provided any discovery responsive to Roe's requests. Though defendants stated in their extension request that they intend to present "additional declarations," ECF No. 82, at 2— that is, presumably *in addition* to the declarations and exhibits already filed on behalf of the official capacity and entity defendants, *see* ECF No. 78—they did not previously identify these witnesses through initial disclosures as required by Fed. R. Civ. P. 26(a)(1)(A)(i). That rule requires disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." *Id.* Similarly, though defendants state that they need time to "gather relevant documents," to oppose Roe's partial summary judgment motion, ECF No. 82, at 2, those documents were not produced in response to her discovery requests. Moreover, defendants did not disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things . . . in [their] possession, custody, or control" that they "may use to support [their] claims or defenses" through initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(ii). Defendants' non-disclosure of their witnesses and documents has prejudiced Roe by, for example, preventing her

from making informed decisions regarding depositions prior to the summary judgment phase of litigation or providing her the opportunity to address their factual representations prior to the court ordered summary judgment deadline.

Defendants' opposition response for the official capacity and entity defendants, *see* ECF No. 78, further demonstrates the prejudice to Roe.  As Roe predicted, defendants presented a one-sided narrative of the facts to the Court, based on "evidence" including "documents" and "declarations" that they chose to selectively produce.  Defendants' approach runs contrary to the fundamental principle that "a court is entitled to have before it a proper record, sufficiently developed through discovery proceedings, to accurately assess any claim, including one of immunity."  *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 220 (4th Cir. 2012) (en banc).  Their approach prejudices Roe by depriving her of a fair opportunity to "present facts essential to justify [her] opposition" to their factual assertions.  Fed. R. Civ. P. 56(d).  With respect to the individual capacity opposition response, it appears that defendants intend to double down on this prejudicial approach by presenting further "declarations" and "evidence" as part of their evolving factual defenses.  Defendants' improper use of selectively produced "evidence" as a sword and shield, without engaging in discovery, does not justify an extension of time.

This the 12th day of October, 2020.

    Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gill P. Beck at Gill.Beck@usdoj.gov

    Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

    Shannon Sumerall Spainhour at mss@dhwlegal.com

    */s/ Cooper Strickland*
    Cooper Strickland
    N.C. Bar No. 43242
    P.O. Box 92
    Lynn, NC 28750
    Tel. (828) 817-3703
    cooper.strickland@gmail.com