IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
|           *Plaintiff*, | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| UNITED STATES OF AMERICA, *et al.*, | ) |
|           *Defendants*. | ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO EXTEND TIME FOR FILING MOTIONS FOR SUMMARY JUDGMENT

On September 30, 2020, the official capacity, entity, and individual capacity defendants moved for an extension of time to file motions for summary judgment. ECF No. 75. Specifically, they requested an order "setting the deadline for Defendants to file their motion(s) for summary judgment until 30 days following the close of discovery." *Id.* at 4. Roe opposes defendants' requested extension because defendants have waived any right to file a motion for summary judgment after the Court-ordered deadline. Their arguments are contradicted by the Local Rules, the Court's orders, and their own actions.

To begin with, defendants erroneously assert that this case is in a pre-discovery stage because (1) "joinder of the issues has not yet occurred" and (2) the "Court has not yet issued a Rule 16(b) scheduling order." *Id.* at 3. Neither of those assertions is correct. Under the Local Rules, which defendants have repeatedly recognized apply to this case, *id.* at 2, "'joinder of the issues' occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to a counterclaim has been filed, *or the time for doing so has expired.*" LCvR 16.1(d)

1

(emphasis added).  As defendants themselves have recognized, their "deadline to answer or otherwise respond to the Complaint [was] May 8, 2020, i.e., 60 days from the date upon which the United States Attorney and United States Attorney General were served."  ECF No. 26, at 2.  Defendants moved for an extension of time to answer or otherwise respond to the complaint, *see id.*, but they did not receive any extension of time before their "time for doing so . . . expired" on May 8, 2020, nor did they file a motion to dismiss or other responsive pleading by that date.  LCvR 16.1(d).  Thus, joinder of the issues occurred on May 8, 2020, the date that defendants' time for responding to the complaint expired.

It makes no difference that on May 11, 2020, the Court granted defendants additional time to file a responsive pleading, because by that time, joinder of the issues had already occurred.  *See* Minute Entry Order Dated May 13, 2020.  Once joinder of the issues occurred, defendants' "filing of a subsequent Motion to Dismiss and a supporting brief did not 'unjoin' issues."  *Hyatt v. Prudential Ins. Co.*, No. 2:07CV12, 2008 WL 141907, at *1 (W.D.N.C. Jan. 11, 2008).  Though defendants *did* move for an extension of time to respond to Roe's complaint, ECF No. 26, that motion, by itself, was not enough to prevent joinder of issues.  Under the Local Rules, a motion to dismiss and supporting brief must be filed to prevent joinder of issues, neither of which defendants filed before their time to do so expired.  *See Hyatt*, 2008 WL 141907, at *1; *see also* LCvR 16.1(d) ("Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders and do not prevent joinder of the issues.").  Thus, while it was "entirely appropriate" for defendants to file motions to dismiss on June 5 and 8, 2020, pursuant to the Court's grant of additional time, those filings did not stop the "court's clock [from] begin[ning] to run for disposition of the case."  *Hyatt*, 2008 WL 141907, at *1.

Defendants' assertion that the Court has "not yet issued a Rule 16(b) scheduling order," ECF No. 75, at 3, is also incorrect.  The Court issued a scheduling order pursuant to a telephonic conference on May 11, 2020, in which it ordered summary judgment motions to be filed by October 1, 2020, a joint pretrial memorandum to be filed by December 1, 2020, a final pretrial conference to be held in December 2020, and placed the case on the running trial list for January 2021.  Minute Entry Order Dated May 13, 2020.  These dates met the "[r]equired contents" of a scheduling order, which include "the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A); *see also Bylin v. Billings*, 568 F.3d 1224, 1231 n.8 (10th Cir. 2009) (noting that where court did not specifically set a deadline for amending pleadings, the deadline for dispositive motions was sufficient).  Specifically, the order set the summary judgment, pretrial conference, and trial dates, and any other required dates were set by default under the Federal Rules of Civil Procedure.  *See, e.g.*, Fed. R. Civ. 56(b) (requiring that any motion for summary judgment must be filed, at the latest, "30 days after the close of all discovery"); Fed. R. Civ. P. 15(a)(1), (2) (allowing parties to amend their pleadings "once as a matter of course" within 21 days after service of a responsive pleading or Rule 12 motion, and otherwise only with the opposing party's written consent or leave of court); Fed. R. Civ. P. 16(e) (providing for final pretrial conference "to formulate a trial plan, including a plan to facilitate the admission of evidence").

The Court's issuance of the scheduling order was consistent with, and required by, the Local Rules.[1]  Once the issues joined on May 8, 2020, the "court's clock began to run," and the

---

[1] Defendants' argument also contravenes Federal Rule 16(b), which instructs that, "unless the judge finds good cause for delay, the judge *must* issue [the scheduling order] within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2) (emphasis added).  Those dates passed months ago, making any future scheduling order untimely under the Federal Rules.  Moreover, there was

parties were "require[d]" to conduct an Initial Attorneys' Conference within two weeks. *Hyatt*, 2008 WL 141907, at *1. Moreover, under Fed. R. Civ. P. 16(b), the Court "must" issue a scheduling order "after receiving the parties' report under Rule 26(f)" *or* "after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference." Fed. R. Civ. P. 16(b)(1)(A), (B); *see also* LCvR 16.1(g) (providing discretion to schedule the initial pretrial conference as the "judicial officer conducting the conference deems . . . appropriate").

In this case, the Court consulted with the parties' attorneys at a scheduling conference on May 11, 2020, after which it issued the scheduling order. *See* Minute Entry Order Dated May 13, 2020. During that May 11, 2020 hearing, the Court ordered a summary judgment motion deadline of October 1, 2020 and a trial date in January 2021, and *defendants did not object*. The Court then memorialized its order in a published docket entry. Minute Entry Order Dated May 13, 2020. To claim that this case is in a stage prior to discovery is to ignore the summary judgment and trial dates *to which defendants did not object and the Court ordered*. Once the scheduling order issued and the Initial Attorneys' Conference occurred, discovery "commence[d]" under the Local Rules. LCvR 26.1.

Defendants' contention that "discovery is not yet authorized," ECF No. 75, at 3, is therefore mistaken, because this case is not in early discovery but rather past the summary judgment stage and on the doorstep of trial. Defendants made a tactical choice not to engage in discovery during the window authorized by the Court prior to the summary judgment deadline, and instead chose to rely entirely on their arguments for dismissal. In fact, during the same hearing that defendants did not object to a summary judgment deadline of October 1, 2020, they

---

no "good cause" to delay the scheduling order because joinder of issues had already occurred, and the case was not otherwise "exempted" from a scheduling order under the local rules. Fed. R. Civ. P. 16(b)(1).

4

stated their intent to move for dismissal on June 8, 2020. *See* Minute Entry Order Dated May 13, 2020. And though defendants' replies in support of their dismissal motions were due on July 10, 2020, *see* LCvR 7.1(e), they did not file their replies until July 16 and 17, 2020, ECF Nos. 52, 53, 54. Despite delaying their dismissal filings with full notice of the impending summary judgment deadline, defendants did not move to expedite the Court's ruling on their motions to dismiss.[2] *See* Fed. R. Civ. P. 6(c)(1)(C) (allowing court to "set[] a different time" for motion hearings). Nor did they move to continue the trial date or to stay discovery. *See* Fed. R. Civ. P. 6(b)(1) (allowing extensions of time "for good cause"); Fed. R. Civ. P. 26(a) (providing protective order from discovery where there is "good cause").

Only long after the discovery period had expired, and the *day before* summary judgment motions were due, did defendants move to extend the summary judgment deadline. ECF No. 75. Their erroneous assertion that this case was somehow never in discovery does not show diligence or good cause to modify court-ordered deadlines at this late date. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also BPP Illinois, LLC v. Royal Bank of Scotland Group PLC*, 859 F.3d 188, 195 (2d Cir. 2017) ("[W]hether good cause [to modify a scheduling order] exists turns on the diligence of the moving party."). Indeed, defendants could not make a showing of good cause even if they attempted to do so, because they agreed to the scheduling order issued months ago but chose not

---

[2] Absent a motion to expedite setting forth good cause, it would be unrealistic to expect the Court to decide five separate motions to dismiss, generating hundreds of pages of briefing, in the brief period of less than six weeks that elapsed between defendants' filing of their replies and the close of discovery. *See*, *e.g.*, INSTITUTE FOR THE ADVANCEMENT OF THE AMERICAN LEGAL SYSTEM, CIVIL CASE PROCESSING IN THE FEDERAL DISTRICT COURTS at 54, Tbl. 13 (2009) (finding that the mean number of days to rule on Rule 12 motion was 78.76 days with telephone hearing, 117.74 days with an open court hearing, and 132.77 days with no hearing). Moreover, as defendants should recognize, they have "no right to demand" that a judge rule on their motions "according to [their] timetable." ECF No. 53, at 12.

to engage in discovery.  *See BPP Illinois, LLC*, 859 F.3d at 195 (parties did not show good cause to modify scheduling order where they agreed to the deadlines in the "joint proposed scheduling stipulation signed by both parties").  Defendants should be held to the consequences of their tactical choices and have waived any basis for delay.

Defendants' argument that the case is in a pre-discovery stage is further undermined by their own actions at the summary judgment stage.  By even asserting the need to "interview witnesses," "gather evidence," and "gather relevant documents and obtain declarations from various witnesses" to oppose Roe's summary judgment motions, *see*, *e.g.*, ECF No. 82, at 2; ECF No. 70, at 5; ECF No. 63, at 2, defendants have conceded that Roe's complaint is not subject to dismissal based on the pleadings.  *See* Fed. R. Civ. P. 12(b)(1), (b)(6).  If defendants' dismissal arguments had merit, then there would be no need for them to offer evidence, because Roe's complaint would fail as a matter of law.  *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017) (motion to dismiss tests the "legal sufficiency" of a complaint).  But once the issues joined and the case moved beyond the dismissal stage, defendants had no authority to selectively pick and choose how and when it did so.  Rather, to engage on the facts, defendants were required to participate in discovery during the authorized period and otherwise comply with the rules of civil procedure.  *See e.g.*, *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) ("[W]hen the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery . . . .").

Defendants' opposition response for the official capacity and entity defendants, *see* ECF No. 78, further undermines their arguments for an extension of the summary judgment deadline.  As Roe predicted, defendants presented a one-sided narrative of the facts to the Court, based on "evidence" including "documents" and "declarations" that they chose to selectively produce.

*See* ECF No. 78. Indeed, though defendants contend that it would be improper to require "preparing and filing summary judgment motions, legal research and briefing, acquisition of witness declarations, review of and identification of other supporting materials, and other burdensome and time-consuming tasks," ECF No. 75, at 4, those burdens did not stop them from attaching five declarations and nearly 400 pages of exhibits to their opposition to Roe's partial summary judgment motion. *See* ECF No. 78. Notably, however, defendants did not file a declaration demonstrating any "specified reasons" why they "cannot present facts essential to justify [their] opposition" pursuant to Fed. R. Civ. P. 56(d). *See* ECF No. 84, at 24. In other words, defendants have not asserted the need for any discovery, and the factual record is fully developed and ripe for decision on Roe's summary judgment motion. Thus, defendants' argument that they should not be required to move for summary judgment until after the "close" of discovery, ECF No. 75, at 3, is contradicted by the fact that they have not asserted the need for *any* discovery at all.

With respect to the individual capacity defendants, it appears that defendants intend to double down on their improper approach by presenting further "declarations" and "evidence" as part of their evolving factual defenses. *See* ECF No. 82. Though defendants have stated that they intend to present "additional declarations," ECF No. 82, at 2—that is, presumably *in addition* to the declarations and exhibits already filed on behalf of the official capacity and entity defendants, *see* ECF No. 78—they did not previously identify any of these witnesses through initial disclosures as required by Fed. R. Civ. P. 26(a)(1)(A)(i). That rule requires disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." *Id.* Similarly, defendants did not disclose "a copy—

7

or a description by category and location—of all documents, electronically stored information, and tangible things . . . in [their] possession, custody, or control" that they "may use to support [their] claims or defenses" through initial disclosures.  Fed. R. Civ. P. 26(a)(1)(A)(ii).  Defendants' non-disclosure of their witnesses and documents prejudiced Roe by, for example, preventing her from making informed decisions regarding depositions prior to the summary judgment phase of litigation or providing her the opportunity to address their factual representations prior to the court ordered summary judgment deadline.  Defendants' approach runs contrary to the fundamental principle that "a court is entitled to have before it a proper record, sufficiently developed through discovery proceedings, to accurately assess any claim, including one of immunity."  *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 220 (4th Cir. 2012) (en banc).  Their approach prejudices Roe by depriving her of a fair opportunity to "present facts essential to justify [her] opposition" to their factual assertions.  Fed. R. Civ. P. 56(d).

Likewise, defendants rely on qualified immunity, but merely raising qualified immunity does not create a shield against all discovery—especially where defendants did not object to summary judgment and trial dates for which discovery is required.  *See Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (though "[d]iscovery involving public officials is indeed one of the evils that *Harlow* aimed to address . . . neither that opinion nor subsequent decisions create an immunity from *all* discovery" (quotation omitted)).  Qualified immunity is not a defense for violations of clearly established constitutional rights, as happened here.  *See* ECF No. 55, at 19–21.  Even if it could be a defense, it would turn on fact questions that cannot be resolved in defendants' favor without discovery.  *See id.*; *see also Crawford-El*, 523 U.S. at 595 (dismissal on qualified immunity grounds is not proper where motion raises "questions of evidentiary sufficiency").  And finally, qualified immunity is not relevant at all to Roe's claims against the

official capacity and entity defendants. *See Morse v. Frederick*, 551 U.S. 393, 400 n.1 (2007) (qualified immunity is not a defense to claims for equitable relief); *Mendia v. Garcia*, No. 10-CV-03910-MEJ, 2016 WL 3249485, at *3 (N.D. Cal. June 14, 2016) (regardless of the individual capacity defendants' assertions of qualified immunity, they "are still subject to discovery as witnesses related to the claims against the United States").

In sum, now that the discovery window has closed, defendants should be held to the consequences of their tactical decisions not to engage in discovery during the authorized period or timely file summary judgment motions. Defendants' improper approach to discovery and their repeated attempts to avoid Court-ordered deadlines to which they did not object do not justify an extension of time.

This the 14th day of October, 2020.

Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gill P. Beck at Gill.Beck@usdoj.gov

    Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

    Shannon Sumerall Spainhour at mss@dhwlegal.com

                                                   */s/ Cooper Strickland*
                                                   Cooper Strickland
                                                   N.C. Bar No. 43242
                                                 P.O. Box 92
                                                 Lynn, NC 28750
                                                 Tel. (828) 817-3703
                                                 cooper.strickland@gmail.com