**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

**ASHEVILLE DIVISION**

| | | |
|---|---|---|
| **JANE ROE,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:20-cv-00066-WGY** |
| | ) | |
| **UNITED STATES OF AMERICA,** *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION TO STRIKE DEFENDANTS' SUMMARY JUDGMENT RESPONSES**

Plaintiff Jane Roe ("Roe"), by and through her attorney, respectfully requests that the

Court strike or disregard defendants' responses in opposition to her motions for partial summary

judgment, including their memoranda of law, declarations, and exhibits. Defendants' responses

(including the individual capacity defendants' forthcoming response) should be disregarded

because defendants failed to properly address Roe's factual assertions, or support their own

factual assertions, as required under Fed. R. Civ. P. 56(e).

**BACKGROUND**

A summary of the procedural history pertinent to this Motion is set forth as follows. On

March 3, 2020, Roe filed a civil lawsuit asserting constitutional and civil rights claims against

her prior Federal Defender Office ("FDO"), and government officials and entities within the

Fourth Circuit and the federal judiciary. ECF No. 1.

On April 22, 2020, defendants moved for an extension of time to answer or otherwise

respond to the complaint. ECF No. 26. As defendants recognized, their "deadline to answer or

1

otherwise respond to the Complaint [was] May 8, 2020, i.e., 60 days from the date upon which the United States Attorney and United States Attorney General were served." *Id.* at 2.

On May 8, 2020, defendants' time to file an answer or otherwise respond to Roe's complaint expired without a grant of additional time. Defendants did not file an answer, a motion to dismiss and supporting memoranda, or any other responsive pleading by that date. That same day, the Court noticed a telephonic hearing. Minute Entry Order Dated May 8, 2020.

On May 11, 2020, the Court held a telephonic hearing in which it set the case for trial in January 2021, a date to which counsel for all parties consented. *See* Minute Entry Order, May 13, 2020. Based on this trial date, the Court ordered that any motions for summary judgment "shall be filed on or before October 1, 2020," that a "joint pretrial memorandum is due on or before December 1, 2020," and that a "final pretrial conference will be held in December 2020." *Id.* The Court further ordered the parties to submit a "joint proposed case management schedule within two weeks" of the hearing date. *Id.* Finally, the Court allowed defendants' motion for extension of time to file a responsive pleading until on or before June 8, 2020. *Id.*

On May 20, 2020, the parties held an initial attorneys' conference to confer regarding the topics required in Federal Rule of Civil Procedure 26(f) and Local Rule 16.1. On the same day, Roe served her Rule 26(a) initial disclosures on defendants. ECF No. 57-1.

On May 25, 2020, the parties filed a joint statement and proposed case management schedule, in which they agreed on various proposed deadlines for the case. ECF No. 34. For example, the parties jointly proposed completion of <u>all</u> non-expert discovery by September 1, 2020, ECF No. 34, at 4, and to require Roe's expert disclosures under Fed. R. Civ. P. 26(a)(2) on the same date, *id.* The parties also agreed to engage in "good faith efforts" to resolve the case

through a mediated settlement conference, which "would be most useful if conducted no later than the close of non-expert discovery." ECF No. 34, at 6.

Despite having agreed to these dates, defendants disagreed with engaging in any discovery prior to a ruling on their yet-to-be filed motions to dismiss. *Id.* at 1–3. Roe opposed any delay in discovery. *Id.* at 3. She explained that defendants' arguments were premature absent a motion to stay, and that delaying discovery to some later undefined date "would inevitably require moving the trial date that was already ordered by the Court without any objection." *Id.* Further, Roe had already served her initial disclosures and would be prejudiced by any further delay. *Id.* The Court did not adopt any proposed modifications to its prior scheduling order.

On June 5 and 8, 2020, defendants moved to dismiss Roe's claims. In support of their dismissal arguments, defendants relied on facts outside of the complaint and selective portions of the EDR administrative record. For example, defendants argued that Roe "voluntarily" resigned based on an email in which Roe expressed her gratitude to the Chief Judge and EDR Coordinator for supporting her clerkship application. ECF No. 43, at 4. In addition, defendants disclosed for the first time that the Chief Judge had taken disciplinary action on Roe's complaints. ECF No. 37, at 1, 5; ECF No. 39, at 1, 5; ECF No. 41, at 1, 5.

After the initial attorneys' conference and before the discovery end date of September 1, 2020, Roe served requests for production, interrogatories, and requests for admission. *See* ECF Nos. 51-1, 51-2, 64-1, 64-2, 64-3. These requests were tailored to obtain discovery "relevant" to her "claim[s]" and "proportional to the needs of the case" as required under Fed. R. Civ. P. 26(b)(1). *See, e.g.*, ECF No. 48, at 1–13 (describing claims for due process and equal protection violations); ECF No. 49, at 22–25 (same). For example, Roe requested documents and

communications, such as the EDR administrative record, that defendants selectively referenced in their dismissal filings.  *E.g.*, ECF No. 51-1, at 5–6, 11; ECF No. 51-2, at 4–7; ECF No. 64-1, at 5, 10; ECF No. 64-2, at 4–5.  She requested that defendants identify any documents and witnesses that they contended refuted Roe's allegations and provide a summary of their witnesses' anticipated testimony.  *E.g.*, ECF No. 51-1, at 4, 9, ECF No. 51-2, at 4–5; ECF No. 64-1, at 4; ECF No. 64-2, at 4–6.  And she requested admissions on the facts supporting her constitutional claims, her mitigation efforts, and her lost earnings.  *E.g.*, ECF No. 64-3; *see also* ECF No. 64-2, at 4–6 (interrogatories regarding mitigation efforts and lost earnings); ECF No. 51-1, at 13 (requests for production regarding same).

However, defendants' counsel informed Roe's counsel that they believed they were not required to produce any discovery in response to her requests.  *See* ECF Nos. 51-3, 51-4; ECF No. 64-4.  Defendants asserted that discovery was not "authorized" because "joinder of the issues" had not occurred, and the Court had not "issued" a scheduling order.  ECF No. 51, at 2; *see also* ECF No. 64, at 1.

On August 17, 2020, Roe moved for partial summary judgment against the official capacity and entity defendants on the issue of liability.  ECF No. 60.

On August 26, 2020, the official capacity and entity defendants moved for an extension of time to file their opposition to Roe's motion for partial summary judgment.  ECF No. 63.  Defendants requested an extra 28 days—which would give them, in total, approximately three times the two-week period ordinarily allowed to file a response—to "gather relevant documents and obtain declarations from various witnesses."  *Id.* at 2.  Roe opposed defendants' requested extension for this purpose.  She explained that defendants "ha[d] not served their initial disclosures or provided any discovery responsive to Roe's requests."  ECF No. 65, at 1.

Therefore, defendants "should not be permitted to selectively present a one-sided factual narrative . . . after not engaging in discovery." *Id.*

By August 31, 2020, at the latest, defendants were required to file a response to Roe's partial summary judgment motion. LCvR 7.1(e) ("Responses to motions must be filed within fourteen (14) days of the date on which the motion is served."). Defendants' requested extension was not granted, ECF No. 63, and defendants did not respond to Roe's motion for partial summary judgment by the deadline, ECF No. 60.

On September 1, 2020, the discovery period to which the parties agreed in their case management order, and which was required under Fed. R. Civ. P. 56(b), expired. *See* ECF No. 34, at 4. Defendants did not serve their initial disclosures or provide any discovery responsive to Roe's requests, nor did they serve any of their own discovery requests.

That same day, Roe moved for a case management conference and any other appropriate relief. ECF No. 66. In her motion, she explained that although defendants intended to "gather relevant documents" and present "declarations from various witnesses" in opposition to her partial summary judgment motion, defendants did not disclose their witnesses and documents through initial disclosures or in response to her discovery requests. *Id.* at 5–6. Roe requested any appropriate relief, including that (1) her "partial summary judgment motion should be granted on the additional ground—aside from her argument that the material facts are not <u>subject</u> to any genuine dispute, *see* ECF No. 60-1, at 1, 24—that defendants <u>have not disputed</u> any of the material facts pursuant to Rule 56(e)," or (2) "defendants should either be required to produce discovery and be subject to any appropriate sanctions, or they should be held to their waiver of any right to rely on evidence that should have been produced in discovery." *Id.* at 9–10.

On September 25, 2020, the official capacity and entity defendants moved for a <u>second</u> extension of time to file their opposition to Roe's motion for partial summary judgment, even though their first extension request had not been granted. ECF No. 73. In their request, defendants stated that "some of the declarations are lengthy," and that they were coordinating with "high-level judicial branch officials" on "the factual representations and legal positions" taken in their opposition. *Id.* at 2–3. Defendants requested an extension to October 2, 2020, *id.* at 2, which was after the court ordered summary judgment deadline of October 1, 2020, Minute Entry Order Dated May 13, 2020.

Roe opposed defendants' second extension request. ECF No. 74. She explained that "she would be prejudiced if the defendants were permitted to selectively present a one-sided factual narrative at the summary judgment stage after not engaging in discovery," as she had argued in prior filings. *See* ECF No. 74, at 2. The timing of defendants' second extension request compounded the prejudice because it prevented her from having an opportunity to address their factual representations prior to the court ordered summary judgment deadline. *Id.* at 2–3. Finally, defendants' second extension request violated Fed. R. Civ. P. 6(b) because it was not filed prior to the original deadline or the expiration of a granted extension. *Id.* at 3.

On September 30, 2020, the day before the court ordered summary judgment deadline, the official capacity, entity, and individual capacity defendants moved for an extension of time to file motions for summary judgment. ECF No. 75. Specifically, they requested an order "setting the deadline for Defendants to file their motion(s) for summary judgment until 30 days following the close of discovery." *Id.* at 4. Roe opposed defendants' requested extension because defendants "waived any right to file a motion for summary judgment after the Court-ordered deadline." ECF No. 85, at 1. Defendants' "improper approach to discovery and their repeated

attempts to avoid Court-ordered deadlines to which they did not object do not justify an extension of time." *Id.* at 9.

On October 1, 2020, Roe filed a motion for partial summary judgment against the individual capacity defendants on the issue of liability. ECF No. 76.

On October 2, 2020, over one month after the August 31, 2020 deadline, the official capacity and entity defendants filed an untimely response in opposition to Roe's motion for partial summary judgment. ECF No. 78. Defendants' opposition response relied extensively on five declarations and almost 400 pages of material that was not previously disclosed by defendants or produced in response to Roe's discovery requests. *See id*. In addition, two of the three FDO employee declarations disclosed Roe's true name and all three declarations revealed her personally identifying information, which resulted in defendants' summary judgment opposition materials being sealed at defense counsel's request.[1] *See* ECF No. 83.

On October 5, 2020, Roe requested an extension of time of ten days to file a reply in support of her partial summary judgment motion against the official capacity and entity defendants. ECF No. 81. In support of her motion, Roe cited defendants' decision to attach five declarations and nearly 400 pages of exhibits to their untimely opposition brief, none of which had been previously disclosed. *Id.* at 2. Roe did not receive an extension before she timely filed a reply brief on October 9, 2020. ECF No. 84.

On October 7, 2020, the individual capacity defendants moved for an extension of time to file their opposition to Roe's motion for partial summary judgment. ECF No. 82. Defendants

---

[1] Roe's counsel is working with defendants' counsel to address the pseudonym issues. It is counsel's understanding that defendants intend to refile publicly summary judgment opposition materials that properly redact Roe's name and personally identifying information. Once those documents are refiled publicly, Roe intends to refile her reply brief publicly.

7

requested an extension of eleven days, in part, to "gather relevant documents and obtain declarations from additional witnesses." *Id.* at 2. Roe opposed defendants' requested extension for the purpose of gathering additional "declarations" and "exhibits," for the reasons she had previously stated, ECF No. 85, at 2 (citing prior arguments), and specifically because their "improper use of selectively produced 'evidence' as a sword and a shield, without engaging in discovery, does not justify an extension of time." *Id.* at 3.

By October 15, 2020, at the latest, the individual capacity defendants were required to file a response to Roe's partial summary judgment motion. *See* LCvR 7.1(e). Defendants' requested extension was not granted, ECF No. 82, and defendants did not respond to Roe's motion for partial summary judgment by the deadline, ECF No. 76. To date, defendants have not filed a response.

## ARGUMENT

Defendants' summary judgment responses should be disregarded because they "fail[ed] to properly support" their factual assertions and "fail[ed] to properly address" Roe's factual assertions. Fed. R. Civ. P. 56(e). Specifically, defendants' summary judgment responses (1) rely on materials they did not disclose in discovery, (2) are untimely, and (3) result in prejudice to Roe. For these reasons, the Court should strike defendants' responses,[2] deem Roe's statement of material facts admitted, and grant her summary judgment because her "motion[s] and supporting materials—including the facts considered undisputed—show that [she] is entitled to it." *Id.*

---

[2] This motion expands on Roe's prior argument that "[d]efendants' opposition brief should be disregarded in its entirety because (1) their brief was untimely and does not satisfy the requirements of Fed. R. Civ. P. 6(b)(1), LCvR 7.1(e), and (2) defendants did not produce the names of their witnesses or documents relied upon in their initial disclosures, requiring exclusion of the evidence under Fed. R. Civ. P. 37(c)(1)." ECF No. 84, at 24 n.8.

8

## I. Defendants Cannot Rely On "Evidence" They Did Not Produce In Discovery.

Defendants did not disclose their witnesses and documents as required during the authorized discovery period, and so their evidence is inadmissible at the summary judgment stage. *See* Fed. R. Civ. P. 56(c)(3), (4) (facts used on summary judgment must "be admissible in evidence"). Moreover, defendants' failure to engage in discovery was not "substantially justified." Fed. R. Civ. P. 37(c)(1). Their arguments that they were not required to engage in discovery contradict the Local Rules, court orders, and their own actions.

It is well established that, early in litigation, a party must disclose the information and witnesses that it "may use to support its claims or defenses." Fed. R. Civ. 26(a)(1)(A)(i). "The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for the trial and avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). Moreover, Fed. R. Civ. P. 37(c) provides "strong inducement" for following the disclosure requirements of Rule 26. Fed. R. Civ. P. 37(c) Advisory Comm. Notes (1993). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Under Rules 26 and 37, defendants' summary judgment responses must be excluded because they did not produce their supporting materials in discovery. For example, though the official capacity and entity defendants attached five declarations to their opposition brief, ECF No. 78, and the individual capacity defendants plan to present "additional" declarations, ECF No. 82, at 2, defendants did not previously identify these witnesses through initial disclosures as required by Fed. R. Civ. P. 26(a)(1)(A)(i). That rule requires disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable

9

information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." *Id*.

A similar issue arises with respect to written discovery. Though the official capacity and entity defendants attached almost 400 pages of exhibits to their response, ECF No. 78, and the individual capacity defendants intend to present "additional" exhibits, ECF No. 82, at 2, those documents were not produced in response to Roe's discovery requests. Moreover, defendants did not disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things . . . in [their] possession, custody, or control" that they "may use to support [their] claims or defenses" through initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(ii).

To avoid their discovery obligations, defendants have asserted that this case is in a pre-discovery stage because (1) "joinder of the issues has not yet occurred" and (2) the "Court has not yet issued a Rule 16(b) scheduling order." *E.g.*, ECF No. 51, at 2. Neither of those assertions is correct. Under the Local Rules, which defendants have repeatedly recognized apply to this case, *id.*, "'joinder of the issues' occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to a counterclaim has been filed, *or the time for doing so has expired*." LCvR 16.1(d) (emphasis added). As defendants themselves have recognized, their "deadline to answer or otherwise respond to the Complaint [was] May 8, 2020, i.e., 60 days from the date upon which the United States Attorney and United States Attorney General were served." ECF No. 26, at 2. Defendants moved for an extension of time to answer or otherwise respond to the complaint, *see id*., but they did not receive any extension of time before their "time for doing so . . . expired" on May 8, 2020, nor did they file a motion to dismiss or other

responsive pleading by that date.  LCvR 16.1(d).  Thus, joinder of the issues occurred on May 8, 2020, the date that defendants' time for responding to the complaint expired.

It makes no difference that on May 11, 2020, the Court granted defendants additional time to file a responsive pleading, because by that time, joinder of the issues had already occurred.  *See* Minute Entry Order Dated May 13, 2020.  Once joinder of the issues occurred, defendants' "filing of a subsequent Motion to Dismiss and a supporting brief did not 'unjoin' issues."  *Hyatt v. Prudential Ins. Co.*, No. 2:07CV12, 2008 WL 141907, at *1 (W.D.N.C. Jan. 11, 2008).  Though defendants *did* move for an extension of time to respond to Roe's complaint, ECF No. 26, that motion, by itself, was not enough to prevent joinder of issues.  Under the Local Rules, a motion to dismiss and supporting brief must be filed to prevent joinder of issues, neither of which defendants filed before their time to do so expired.  *See Hyatt*, 2008 WL 141907, at *1; *see also* LCvR 16.1(d) ("Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders and do not prevent joinder of the issues.").  Thus, while it was "entirely appropriate" for defendants to file motions to dismiss on June 5 and 8, 2020, pursuant to the Court's grant of additional time, those filings did not stop the "court's clock [from] begin[ning] to run for disposition of the case."  *Hyatt*, 2008 WL 141907, at *1.

Defendants' assertion that the Court has "not yet issued a Rule 16(b) scheduling order," ECF No. 75, at 3, is also incorrect.  The Court issued a scheduling order pursuant to a telephonic conference on May 11, 2020, in which it ordered summary judgment motions to be filed by October 1, 2020, a joint pretrial memorandum to be filed by December 1, 2020, a final pretrial conference to be held in December 2020, and placed the case on the running trial list for January 2021.  Minute Entry Order Dated May 13, 2020.  These dates met the "[r]equired contents" of a scheduling order, which include "the time to join other parties, amend the pleadings, complete

discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A); *see also Bylin v. Billings*, 568 F.3d 1224, 1231 n.8 (10th Cir. 2009) (noting that where court did not specifically set a deadline for amending pleadings, the deadline for dispositive motions was sufficient). Specifically, the order set the summary judgment, pretrial conference, and trial dates, and any other required dates were set by default under the Federal Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. 56(b) (requiring that any motion for summary judgment must be filed, at the latest, "30 days after the close of all discovery"); Fed. R. Civ. P. 15(a)(1), (2) (allowing parties to amend their pleadings "once as a matter of course" within 21 days after service of a responsive pleading or Rule 12 motion, and otherwise only with the opposing party's written consent or leave of court); Fed. R. Civ. P. 16(e) (providing for final pretrial conference "to formulate a trial plan, including a plan to facilitate the admission of evidence").

The Court's issuance of the scheduling order was consistent with, and required by, the Local Rules.[3] Once the issues joined on May 8, 2020, the "court's clock began to run," and the parties were "require[d]" to conduct an Initial Attorneys' Conference within two weeks. *Hyatt*, 2008 WL 141907, at *1. Moreover, under Fed. R. Civ. P. 16(b), the Court "must" issue a scheduling order "after receiving the parties' report under Rule 26(f)" *or* "after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference." Fed. R. Civ. P.

---

[3] Defendants' argument also contravenes Federal Rule 16(b), which instructs that, "unless the judge finds good cause for delay, the judge *must* issue [the scheduling order] within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2) (emphasis added). Those dates passed months ago, making any future initial scheduling order untimely under the Federal Rules. Moreover, there was no "good cause" to delay the scheduling order because joinder of issues had already occurred, and the case was not otherwise "exempted" from a scheduling order under the local rules. Fed. R. Civ. P. 16(b)(1).

12

16(b)(1)(A), (B); *see also* LCvR 16.1(g) (providing discretion to schedule the initial pretrial conference as the "judicial officer conducting the conference deems . . . appropriate").

In this case, the Court consulted with the parties' attorneys at a scheduling conference on May 11, 2020, after which it issued the scheduling order. *See* Minute Entry Order Dated May 13, 2020. During that May 11, 2020 hearing, the Court ordered a summary judgment motion deadline of October 1, 2020 and a trial date in January 2021, and *defendants did not object*. The Court then memorialized its order in a published docket entry. Minute Entry Order Dated May 13, 2020. To claim that this case is in a stage prior to discovery is to ignore the summary judgment and trial dates *to which defendants did not object and the Court ordered*. Once the scheduling order issued and the Initial Attorneys' Conference occurred, discovery "commence[d]" under the Local Rules. LCvR 26.1.

Defendants' contention that "discovery is not yet authorized," ECF No. 51, at 2, is wrong, because this case is not in early discovery but rather past the summary judgment stage and on the doorstep of trial. Defendants made a tactical choice not to engage in discovery during the window authorized by the Court prior to the summary judgment deadline, and instead chose to rely entirely on their arguments for dismissal. In fact, during the same hearing that defendants did not object to a summary judgment deadline of October 1, 2020, they stated their intent to move for dismissal on June 8, 2020. *See* Minute Entry Order Dated May 13, 2020. And though defendants' replies in support of their dismissal motions were due on July 10, 2020, *see* LCvR 7.1(e), they did not file their replies until July 16 and 17, 2020, ECF Nos. 52, 53, 54. Despite having filed untimely dismissal replies with full notice of the impending summary judgment

13

deadline, defendants did not move to expedite the Court's ruling on their motions to dismiss.[4]
*See* Fed. R. Civ. P. 6(c)(1)(C) (allowing court to "set[] a different time" for motion hearings).
Nor did they move to continue the trial date or to stay discovery. *See* Fed. R. Civ. P. 6(b)(1)
(allowing extensions of time "for good cause"); Fed. R. Civ. P. 26(a) (providing protective order
from discovery where there is "good cause").  Defendants therefore waived any basis for delay.

Defendants' argument that the case is in a pre-discovery stage is further undermined by
their own actions at the summary judgment stage.  By even asserting the need to "interview
witnesses," "gather evidence," and "gather relevant documents and obtain declarations from
various witnesses" to oppose Roe's summary judgment motions, *see, e.g.*, ECF No. 82, at 2; ECF
No. 70, at 5; ECF No. 63, at 2, defendants conceded that Roe's complaint is not subject to
dismissal based on the pleadings.  *See* Fed. R. Civ. P. 12(b)(1), (b)(6).  If defendants' dismissal
arguments had merit, then there would be no need for them to offer evidence, because Roe's
complaint would fail as a matter of law.  *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017)
(motion to dismiss tests the "legal sufficiency" of a complaint).  But once the issues joined and
the case moved beyond the dismissal stage, defendants had no authority to selectively pick and
choose how and when it did so.  Rather, to engage on the facts, defendants were required to
participate in discovery during the authorized period and otherwise comply with the rules of civil
procedure.  *See e.g.*, *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) ("[W]hen the

---

[4] Absent a motion to expedite setting forth good cause, it would be unrealistic to expect
the Court to decide five separate motions to dismiss, generating hundreds of pages of briefing, in
the brief period of less than six weeks that elapsed between defendants' filing of their replies and
the close of discovery.  *See, e.g.*, Institute for the Advancement of the American Legal
System, Civil Case Processing in the Federal District Courts at 54, Tbl. 13 (2009)
(finding that the mean number of days to rule on Rule 12 motion was 78.76 days with telephone
hearing, 117.74 days with an open court hearing, and 132.77 days with no hearing).  Moreover,
as defendants should recognize, they have "no right to demand" that a judge rule on their
motions "according to [their] timetable."  ECF No. 53, at 12.

14

jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery . . . .").

Defendants' summary judgment opposition responses further undermine their arguments that this case is pre-discovery. As Roe predicted, the official capacity and entity defendants presented a one-sided narrative of the facts to the Court, based on "evidence" including "documents" and "declarations" that they chose to selectively produce. *See* ECF No. 78. Indeed, though defendants argued that it would be improper to require "preparing and filing summary judgment motions, legal research and briefing, acquisition of witness declarations, review of and identification of other supporting materials, and other burdensome and time-consuming tasks," ECF No. 75, at 4, those burdens did not stop them from attaching five declarations and nearly 400 pages of exhibits to their opposition to Roe's partial summary judgment motion. *See* ECF No. 78. With respect to the individual capacity defendants, it appears that defendants intend to double down on their improper approach by selectively presenting further "declarations" and "evidence" that they did not produce in discovery. *See* ECF No. 82.

Finally, defendants have relied on qualified immunity, ECF No. 51, at 2–3, but merely raising qualified immunity does not create a shield against all discovery—especially where defendants did not object to summary judgment and trial dates for which discovery is required. *See Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (though "[d]iscovery involving public officials is indeed one of the evils that *Harlow* aimed to address . . . neither that opinion nor subsequent decisions create an immunity from *all* discovery" (quotation omitted)). Qualified immunity is not a defense for violations of clearly established constitutional rights, as happened here. *See* ECF No. 55, at 19–21. Even if it could be a defense, it would turn on fact questions

15

that cannot be resolved in defendants' favor without discovery. *See id.*; *see also Crawford-El*, 523 U.S. at 595 (dismissal on qualified immunity grounds is not proper where motion raises "questions of evidentiary sufficiency"). And finally, qualified immunity is not relevant at all to Roe's claims against the official capacity and entity defendants and does not justify defendants' failure to engage in discovery. *See Morse v. Frederick*, 551 U.S. 393, 400 n.1 (2007) (qualified immunity is not a defense to claims for equitable relief); *Mendia v. Garcia*, No. 10-CV-03910-MEJ, 2016 WL 3249485, at *3 (N.D. Cal. June 14, 2016) (regardless of the individual capacity defendants' assertions of qualified immunity, they "are still subject to discovery as witnesses related to the claims against the United States").

In sum, now that the discovery window has closed, defendants should be held to the consequences of their tactical decisions not to engage in discovery during the authorized period. Defendants' erroneous assertion that this case was somehow never in discovery does not show diligence or that their "failure was substantially justified." Fed. R. Civ. P. 37(c)(1). And their improper approach was not "harmless" and prejudiced Roe, as will be explained below. *Id.*

## II.  Defendants' Summary Judgment Responses Are Untimely.

Defendants' summary judgment responses should also be disregarded for the independent reason that their responses are untimely, and they cannot show excusable neglect because their own tactical decisions caused the delay.

Starting with the official capacity and entity defendants, their opposition response was filed *more than a full month late*. Pursuant to Local Rule 7.1(e), the official capacity and entity defendants' response to Roe's motion was due on August 31, 2020. LCvR 7.1(e) ("Responses to motions *must* be filed within fourteen (14) days of the date on which the motion is served." (emphasis added)); *see also* ECF No. 73, at 2. However, defendants did not file a response until

16

October 2, 2020. ECF No. 78. Defendants requested an extension on August 26, 2020, ECF No. 63, and a second extension on September 26, 2020, ECF No. 73, but the Court did not grant either extension, making any response untimely. *See* Fed. R. Civ. P. 6(b)(1).

Moreover, defendants' decision to unilaterally provide themselves a second extension of time, even though their first extension request was not granted, violated the plain terms of Fed. R. Civ. P. 6(b). That rule provides that a "court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, *before the original time or its extension expires*." Fed. R. Civ. P. 6(b)(1)(A) (emphasis added). Defendants' second extension request did not satisfy either of these timing requirements. Specifically, defendants did not make their second extension request "before the original time" their response was due, *id.*, that is, August 31, 2020, *see* LCvR 7.1(e). Nor did they make their second extension request before an "extension expire[d]," their first extension request was not granted. Fed. R. Civ. P. 6(b)(1)(A). Because defendants' second extension request did not satisfy the timing requirements of Rule 6(b), their extension requests cannot be granted, and their response must be considered untimely.

For similar impermissible reasons, the individual capacity defendants have also deliberately delayed filing their responses to Roe's partial summary judgment motion. Defendants unilaterally provided themselves a eleven-day extension to "gather relevant documents and obtain declarations from additional witnesses," ECF No. 82, at 2—that is, presumably *in addition* to the numerous declarations and exhibits already filed on behalf of the official capacity and entity defendants, *see* ECF No. 78. However, defendants' requested extension was not granted, and their deadline of October 15, 2020 has passed. *See* LCvR 7.1(e).

17

Absent a showing of "excusable neglect," which defendants have not made, defendants' responses are untimely and cannot be considered. *See* Fed. R. Civ. P. 6(b)(1)(B); *Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013) ("Whether neglect is 'excusable' has been described by the Supreme Court as 'at bottom an equitable [inquiry], taking account of all relevant circumstances,' including the following: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith." (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Defendants could not show excusable neglect, even if they attempted to do so, because their own "strategic decision[s]" caused the delay. *Id.* (noting that the "reason for the delay" is the "most important" factor). Defendants delayed their filing for tactical reasons because they sought to selectively present a one-sided factual narrative at the summary judgment stage after not engaging in discovery. Though defendants asserted that they needed "additional time to gather relevant documents and obtain declarations from various witnesses," ECF No. 73, at 2, that reason is not a legitimate basis for the delay. As explained above, the issues joined in this case on May 8, 2020, and defendants did not object to a summary judgment deadline of October 1, 2020 and a trial date in January 2021. And defendants had already selectively relied on documents from the EDR administrative record at the dismissal stage, showing their familiarity with the facts and the issues in this case. *See supra*, at 3.

There is no justification for defendants' failure to prepare their case based on a schedule to which they did not object and circumstances that were fully within their control. *Fernandes*, 538 F. App'x at 276 (courts consider whether reason for delay was within party's "reasonable

control").  Defendants' position is especially unjustifiable considering that Roe timely filed a reply brief just *one week* after defendants' filing of over 400 pages of materials that they had never previously disclosed.  Defendants' attempt to gain a tactical advantage by deliberately delaying their filings is plainly not "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).

## III.    Defendants' Improper Approach Has Prejudiced Roe.

Defendants' summary judgment responses should be excluded because their improper approach has prejudiced Roe.  In considering whether a party's nondisclosure of evidence in discovery was "substantially justified or harmless," courts consider factors such as the "(1) surprise to the party against whom the evidence would be offered; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence."  *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).  Courts also consider similar factors in deciding whether a party has shown "excusable neglect" for a late filing, as discussed above.

From the start, defendants' improper approach to discovery and summary judgment prejudiced Roe.  Defendants' non-participation in discovery was akin to forcing Roe "into a fencing match without a sword or mask."  *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014).  Indeed, while defendants have not engaged in discovery or provided information responsive to her specific requests, they have continually evolved their factual defenses as a moving target in response to Roe's filings.

For example, though Roe served her initial disclosures on May 25, 2020, she never received defendants' initial disclosures.  Thus, Roe specifically tailored the timing and content of her discovery requests to overcome the informational disadvantages caused by defendants'

failure to cooperate. She served requests for production, interrogatories, and requests for admission to obtain information regarding defendants' positions on basic issues such as their defenses and remedies. *See* ECF Nos. 51-1, 51-2, 64-1, 64-2, 64-3. Without written discovery, Roe could not make informed decisions regarding the most reasonable and expeditious use of judicial time and resources on matters such as depositions and expert testimony.

In addition, defendants' non-disclosure of their witnesses and documents prevented Roe from addressing their factual representations prior to the summary judgment deadline. The official capacity and entity defendants' conduct, thus far, was especially egregious because they delayed their late response until *after* the court ordered summary judgment deadline of October 1, 2020. Defendants' timing prevented Roe from having the opportunity to address their "evidence" prior to her own summary judgment deadline. Their timing compounded the prejudice she experienced because of defendants' tactical decision to not engage in discovery.

Moreover, after not engaging in discovery, defendants decided to present a one-sided narrative of the facts to the Court, based on "evidence" including "documents" and "declarations" that they choose to selectively produce. Defendants have consistently taken this approach since the dismissal stage, in which they selectively relied on documents from the EDR administrative record without producing the full record and other relevant discovery. *See* ECF No. 55, at 21 (explaining that defendants "cannot use discovery as both a sword and a shield by selectively including portions of the administrative record and refusing to disclose other portions that are equally 'integral' to the complaint"). Defendants' approach runs contrary to the fundamental principle that "a court is entitled to have before it a proper record, sufficiently developed through discovery proceedings, to accurately assess any claim, including one of immunity." *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 220 (4th Cir. 2012) (en banc).

Moreover, their approach prejudices Roe by depriving her of a fair opportunity to "present facts essential to justify [her] opposition" to their factual assertions. Fed. R. Civ. P. 56(d).

Finally, though defendants are attempting to litigate by sabotage to distract from the merits of Roe's constitutional claims, their approach has been unsuccessful. *See S. States Rack & Fixture, Inc*, 318 F.3d at 596 (courts consider the "surprise" and "disrupt[ion]" caused by failure to disclose evidence in discovery). On the contrary, defendants' response materials show that Roe was subjected to unlawful discrimination and her complaints were not appropriately investigated. *See* ECF No. 84. Accordingly, if defendants' summary judgment responses are considered at all, they should be considered for the purpose of showing that Roe's constitutional rights were violated and that these violations resulted from official judiciary policies and practices. *See S. States Rack & Fixture, Inc*, 318 F.3d at 596.

## CONCLUSION

For these reasons, defendants' summary judgment responses should be disregarded.

This the 16th day of October, 2020.

Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

21

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2020, I will electronically file the foregoing with

the Clerk of Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to the following:

      Gill P. Beck at Gill.Beck@usdoj.gov

      Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

      Shannon Sumerall Spainhour at mss@dhwlegal.com

                                     */s/ Cooper Strickland*
                                       Cooper Strickland
                                       N.C. Bar No. 43242
                                       P.O. Box 92
                                       Lynn, NC 28750
                                       Tel. (828) 817-3703
                                       cooper.strickland@gmail.com