IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| JANE ROE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) |
|     Defendants. | ) |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF SUMMARY JUDGMENT FILING DEADLINE

On September 30, 2020, Defendants filed a Motion to Extend Time for Filing Summary Judgment ("Motion"). On October 14, 2020, Plaintiff filed her Opposition to Defendants' Motion to Extend Time for Filing Summary Judgment Motions ("Opposition" or "Opp."). As set forth in Defendants' Motion and on countless prior occasions, discovery in this case has not yet begun, according to the Local Rules for the U.S. District Court for the Western District of North Carolina, and controlling authority, including on-point Supreme Court precedent. Accordingly, summary judgment filings by Defendants would be premature now and at any time prior to 30 days following the conclusion of an appropriate discovery period in this matter. None of the arguments in Plaintiff's Opposition suggest otherwise.

**1. Issues Have Not Joined Under the Local Rules**

The Local Rules are clear that discovery does not begin until issues have joined. *See* LCvR 16.1(d). Plaintiff, however, now argues for the first time in this litigation that because this Court did not issue a ruling on the Defendants' timely filed motion for extension of time to answer or

otherwise respond to the complaint (to which Plaintiff consented) until one business day following the original response deadline, the issues in this case were "joined" under the Local Rules on May 8 and discovery began on that date. Opp. at 2. According to Plaintiff, this is because, under the Local Rules, "'joinder of the issues' occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to a counterclaim has been filed, *or the time for doing so has expired*." LCvR 16.1(d) (emphasis added). Plaintiff's argument renders meaningless the Court's subsequent extension of the deadline for Defendants to respond to the complaint. *See* May 11, 2020 Minute Entry (extending answer deadline to June 8, 2020). The Court's extension of the deadline meant that the time for Defendants to file their answer or other responsive pleading did not expire. Moreover, Plaintiff ignores the fact that the Local Rules expressly provide that "[w]here Rule 12 motions are filed and briefed, issues will not join until the Court resolves such motions." LCvR 16.1(d). There is no dispute that Rule 12 motions were filed and briefed (and are still pending). Thus, issues have not joined.

Plaintiff relies heavily upon *Hyatt v. Prudential Ins. Co.*, 2008 WL 141907 (W.D.N.C. Jan. 11, 2008) (attached as Exhibit A), but that decision does not support her theory. In *Hyatt*, the defendant filed an answer and counterclaim in response to the plaintiff's complaint. *Id*. The plaintiff, in turn, filed a reply to the counterclaim. *Id*. The plaintiff's reply to the counterclaim included a motion to dismiss, but that motion was not contemporaneously briefed. *Id*. Under the Local Rules, contemporaneous briefing is mandatory whenever a party seeks to have the court to consider motions to dismiss. *See* LCvR 7.1(c) ("Motions to dismiss in answers to complaints, replies to counterclaims, or answers in crossclaims are deemed to be made merely to preserve the issue and will not be addressed by the Court. A party seeking a decision on any preserved motion must file a separate motion and supporting brief."). The court in *Hyatt* determined that there was

2

joinder of the issues at the time of the filing of the plaintiff's reply to the defendant's counterclaim only because there was no contemporaneous brief filed with the motion to dismiss contained in the plaintiff's reply to the counterclaim.  By contrast, Defendants here did file contemporaneous briefs in support of their Rule 12 Motions to Dismiss.[1]

Because joinder of the issues has not occurred here, the discovery period has not begun, and summary judgment motions are premature.  Plaintiff's decision to ignore the Local Rules and move forward with, for example, serial filings and service of burdensome, prolific discovery requests should not be rewarded by denying Defendants' requested extension.

2. **Plaintiff misunderstands the status of the case and misrepresents Defendants' efforts to address pertinent issues.**

Plaintiff next suggests that discovery is authorized because the Court issued an order setting deadlines for summary judgment motions and the parties' joint pretrial statement, which Plaintiff considers a "Scheduling Order."  Opp. at 3-4.  Plaintiff is referring to a provision in the Local Rules stating that "Court-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered[.]" LCvR 16.1(f).  Even if Plaintiff were correct that the Court had issued a Scheduling Order – and she is not correct about that – that still would not justify discovery because issues must have joined before discovery is permitted, which has not yet occurred.

In any event, the Court has not yet issued a Scheduling Order, which the Local Rules explain is an order "as provided by Fed. R. Civ. P. 16(b)." LCvR 16.1(b).  A Rule 16(b) scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file

---

[1] Plaintiff's belief that Defendants should have filed a motion to expedite the hearing on their Motions to Dismiss in this civil case during a worldwide pandemic, simultaneously stating that Defendants "have 'no right to demand' that a judge rule on their motions 'according to [their] timetable,'" is meritless. Opp., at 5, n.2. Defendants had no obligation to request an expedited hearing and they have not demanded that the Court rule on their motions by any particular date.

3

motions." Fed. R. Civ. P. 16(b). The Court's May 13, 2020 order setting forth certain deadlines thus did not constitute a Rule 16(b) scheduling order. Indeed, as Plaintiff is well aware, during the May 11 hearing, the Court directed that the parties file proposed scheduling submissions. The Court instructed that it would typically select one of the parties' proposals and then enter an order adopting a scheduling proposal. The parties submitted their proposals on May 25, 2020, ECF No. 34, and the Court has not yet adopted either proposal.

Plaintiff also asserts that Defendants have not shown "diligence or good cause to modify court-ordered deadlines at this late date." Opp. at 5. Plaintiff fails to recognize that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). So, if, as here, discovery cannot begin until after Defendants' Motions to Dismiss are resolved, there is necessarily good cause to adjust deadlines based on the timing of that discovery. In any event, beginning in May of 2020, Defendants repeatedly informed Plaintiff and the Court that discovery was premature, which necessarily impacts summary judgment deadlines. *See, e.g.*, ECF No. 51, 64, 78.

### 3. Defendants Are Entitled to Respond to Plaintiff's Motions for Summary Judgment.

Plaintiff next remarkably faults Defendants for nothing more than responding to the motions for summary judgment that she filed. Specifically, Plaintiff argues that, because Defendants responded to her first motion for summary judgment and intend to respond to her second such motion, they have conceded that their Motions to Dismiss have no merit. Opp. at 6. Of course, had Defendants not responded to Plaintiff's Motion for Summary Judgment, Plaintiff would have argued that Defendants agree with the facts Plaintiff alleged, and she would have asserted an automatic entitlement to summary judgment. Anyway, in their opposition to Plaintiff's first Motion for Summary Judgment, Defendants at the outset explained that their Motions to

4

Dismiss should be decided before the summary judgment motion and that the same legal arguments raised in the Motions to Dismiss justify denial of the summary judgment motion too. ECF No. 78. Thus, Defendants did not concede that their Motions to Dismiss lack merit – they merely responded to the motion that Plaintiff chose to file.

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion for Extension of Time to File Motions for Summary Judgment.

Respectfully submitted this the 20th day of October, 2020.

        JEFFREY BOSSERT CLARK
        Acting Assistant Attorney General

        CARLOTTA P. WELLS
        Assistant Branch Director

        **s/Joshua Kolsky**
        JOSHUA M. KOLSKY
        Trial Attorney
        D.C. Bar No. 993430
        United States Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street NW Washington, DC 20005
        Tel.: (202) 305-7664
        Fax: (202) 616-8470
        E-mail: joshua.kolsky@usdoj.gov

        R. ANDREW MURRAY
        UNITED STATES ATTORNEY

        **s/Gill P. Beck**
        GILL P. BECK
        Assistant United States Attorney
        N.C. State Bar No. 13175
        Room 233, U.S. Courthouse
        100 Otis Street
        Asheville, North Carolina 28801
        Phone: (828) 271-4661
        Fax: (828) 271-4327
        Email: Gill.Beck@usdoj.gov

Counsel for Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, the Federal Public Defenders Office, Chief Judge Roslynn R. Mauskopf, James C. Duff, and Anthony Martinez in their official capacities, and General Counsel Sheryl L. Walter, Chief Judge Roger L. Gregory, James N. Ishida, in their individual and official capacities.

        **s/Shannon Sumerell Spainhour**
        SHANNON SUMERELL SPAINHOUR
        N.C. State Bar No. 28108
        DAVIS HARTMAN WRIGHT PLLC
        28 Schenck Parkway, Suite 200
        Asheville, NC 28803
        Phone: 828-771-0833
        Mobile: 704-904-0506
        Fax: 252-514-9878
        Email: mss@dhwlegal.com

Counsel for Federal Public Defender Anthony Martinez in his individual capacity

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 20, 2020, I electronically filed the foregoing *Defendants' Reply in Support of Motion for Extension of Time to File Motions for Summary Judgment* using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including:

Cooper J. Strickland at cooper.strickland@gmail.com

Gill P. Beck at Gill.Beck@usdoj.gov

Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

                         **s/Shannon Sumerell Spainhour**

                         SHANNON SUMERELL SPAINHOUR
                         N.C. State Bar No. 28108
                         DAVIS HARTMAN WRIGHT PLLC
                         28 Schenck Parkway, Suite 200
                         Asheville, NC 28803
                         Phone: 828-771-0833
                         Mobile: 704-904-0506
                         Fax: 252-514-9878
                         Email: mss@dhwlegal.com