2008 WL 141907
Only the Westlaw citation is currently available.
United States District Court, W.D. North Carolina,
Bryson City Division.

Sloane Jane HYATT, Plaintiff,
v.
The PRUDENTIAL INSURANCE COMPANY of America; Automatic Data Processing, Inc.; Automatic Data Processing, Inc. Employee Welfare Benefit Plan; and Automatic Data Processing, Inc. Flex 2000 Plan, Defendants.

No. 2:07cv12.
|
Jan. 11, 2008.

**Attorneys and Law Firms**

Norris Arden Adams, II, Essex Richards, P.A., Charlotte, NC, for Plaintiff.

Stephen A. Dunn, Emanuel & Dunn, Raleigh, NC, for Defendants.

**ORDER**

DENNIS L. HOWELL, United States Magistrate Judge.

*1 **THIS MATTER** is before the court on a number of now ripe dispositive motions. Before reaching such motions, however, the court has reviewed the docket for compliance with the Local Rules. Local Rule 16.1(A) requires that the parties conduct an Initial Attorneys Conference within 14 days of joinder of the issues. Joinder of the issues occurs under Local Rule 16.1(D) as follows:

> **(D)** *Joinder of the Issues.* For the limited purpose of these Local Civil Rules, "joinder of the issues" occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to counterclaim has been filed, or the time for doing so has expired. Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders and do not prevent joinder of the issues. Where Rule 12 motions are filed and briefed, issues will not join until such motions are resolved by the court, unless otherwise ordered by the Court.

LCvR 16.1(D).[1] In this case, plaintiff included a motion to dismiss in her Reply to defendants' Counterclaim. Docket Entry 18. Inasmuch as such motion was not supported by a contemporaneously filed brief, issues joined at such point, and the parties were required to conduct an Initial Attorneys Conference ("IAC") by October 24, 2007. Plaintiff's filing of a subsequent Motion to Dismiss (# 19) and a supporting brief (# 20) did not "unjoin" issues. Because the parties have not filed a Certificate of Initial Attorneys Conference, the court has not been able to enter a Pretrial Order; thus, the parties are in violation of the Local Rules at this point.

[1] LCvR 16.1(D) was not in effect when such Reply was filed; however, this court was operating under a nearly identical Standing Civil Order at that time, which provided for the same result.

Presently before the court are two dispositive motions: first, plaintiff's Motion to Dismiss defendants' Counterclaim; and second, defendants' Motion for Partial Summary Judgment as to their Counterclaim.[2] These motions simply involve the issue of whether defendants may recover in this action alleged overpayments of benefits to plaintiff. While these motions are entirely appropriate,[3] they come after joinder of the issues, but before the entry of a Pretrial Order which *may* have allowed for discovery and *would* have required mediation. This court is one of limited resources, and the Local Rules are in place to budget those resources. While this court would certainly dispose of a briefed motion to dismiss that was filed before joinder of issues, once issues join the court's clock begins to run for disposition of the case.

[2] Defendants are advised that docket entry 30 is unreadable and could not be considered in any event.

[3] The parties have done an excellent job in briefing the issues.

What is at issue in the pending motions-alleged partial overpayment during a covered period-is a matter that could be resolved by experienced counsel through the process of mediation, and is not at the heart of this action, which is whether plaintiff's LTD benefits were improperly terminated. As it now stands, the second tier issue has completely prevented this court from moving forward on the first tier issue, which is termination of LTD benefits. Had the parties filed the Certificate of Initial Attorneys Conference

("CIAC"), the court could have proceeded as to all issues. Thus far, the parties are 72 days late in filing the CIAC.

**\*2** The court will, therefore, deny all dispositive motions without prejudice as to refiling,[4] direct the parties to immediately conduct the IAC, and require the filing of the CIAC not later than January 18, 2008. On January 22, 2008, at 11:00am, the court will convene an Initial Pretrial Conference at which entry of a Pretrial Order will be discussed. Counsel should come prepared to name an appropriate mediator.

[4] The parties may simply refile the materials previously submitted at an appropriate time if they are unable to resolve the issue.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the plaintiff's Motion to Dismiss Defendants' Counterclaim (# 19) and defendants' Motion for Partial Summary Judgment (# 29) are **DENIED** without prejudice as to refiling at an appropriate time *after* the Pretrial Order has been entered but before the dispositive motions deadline therein provided;

(2) the parties are respectfully instructed to immediately conduct the IAC, and to file with the court the CIAC and a proposed discovery plan not later than January 18, 2008; and

(3) an Initial Pretrial Conference is calendared for Tuesday, January 22, 2008, at 1100am in Courtroom No. 2 in the United States Courthouse in Asheville, N.C. at which time the parties should be prepared to name a mediator and to discuss the Pretrial Order and Case Management Plan.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 141907

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.