IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

JANE ROE,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

## **DECLARATION OF JAMES ISHIDA**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am James Ishida, Circuit Executive for the United States Court of Appeals for the Fourth Circuit. I am a graduate of the University of Hawaii William S. Richardson School of Law. As Circuit Executive my duties include those defined by 28 USC § 332(e).

2. As a collateral duty, I served as the EDR Coordinator for the Fourth Circuit Court of Appeals during the time of Plaintiff's EDR proceeding and report of wrongful conduct.

3. As an EDR Coordinator, my role and responsibilities in the Employment Dispute Resolution (EDR) process are prescribed by Chapter X, §§ 6 and 8.C.2 of the Fourth Circuit's Consolidated Equal Employment Opportunity and Employment Dispute Resolution Plan (Nov. 2018) (EDR Plan): generally, I serve as a neutral, independent judiciary employee who facilitates in processing any EDR matters. I assist in ensuring the EDR process is fair for both the employee and the employing office. I also help employees, to the extent possible, achieve an early resolution of the matter. As an EDR Coordinator, I am not an advocate for either party, I cannot offer legal advice, and I do not have the authority to unilaterally resolve any EDR disputes. Rather, I act as a guide to both parties about the EDR Plan and perform EDR administrative tasks. I am also responsible for providing employees with information about his/her substantive employment and procedural rights under the EDR Plan and inform the employing office about its rights and obligations under the EDR Plan. I did not suppress, deter, or discourage Plaintiff from taking any action that she was entitled to take under the EDR Plan. I also did not criticize or critique any decision that Plaintiff made in this EDR matter. Finally, I did not make any conclusory, speculative, disparaging, or judgmental comments about a party or entity involved in the EDR matter.

4. On September 10, 2018, Plaintiff Jane Roe submitted both a report of wrongful conduct under Chapter IX, and a request for counseling under Chapter X of the EDR Plan alleging violations of the EDR Plan by the First Assistant J.P. Davis and Defender Anthony Martinez. GE D-2.[1]

5. In accordance with the applicable EDR Plan, the report of wrongful conduct was processed under Chapter IX of the EDR Plan.

6. Under Chapter IX of the EDR Plan, the wrongful conduct provisions are intended to encourage employees to report discrimination, harassment, or retaliation in the workplace. The wrongful conduct reporting process is intended to be informal and has no formal procedures or time frames. A report of wrongful conduct is not the same as filing an EDR claim, is not an employment action, and does not entitle the employee to corrective action. It is simply filing a report of misconduct, which then prompts the appropriate unit executive or chief judge to investigate whether the alleged individual(s) engaged in misconduct and determine whether a personnel or disciplinary action is warranted.

7. As the titular head of the Fourth Circuit Court of Appeals, and thus, the "appropriate chief judge" under Chapter IX of the EDR Plan, Chief Judge Gregory directed an investigation to assess whether there had been misconduct and whether an employment personnel action was necessary to address any findings of misconduct.

8. The investigative report was eventually shared with Mr. Martinez in his capacity as the "appropriate unit executive" and as the First Assistant's employer so that Mr. Martinez could determine whether the First Assistant had engaged in any misconduct and whether an employment personnel action was necessary to address any findings of misconduct or workplace concerns against the First Assistant.

9. The investigative report was shared with Chief Judge Gregory in his capacity as the titular head of the Fourth Circuit Court of Appeals and appointing authority to determine whether Mr. Martinez had engaged in any misconduct and whether any action was necessary to address any findings of misconduct or workplace concerns against Mr. Martinez.

10. Because the purpose of the investigation was to determine if, and what, employment personnel actions were necessary to address any findings of misconduct or other workplace concerns, personnel or disciplinary matters are confidential, and the reporting employee is neither entitled to corrective action, nor information surrounding the results of misconduct investigations, I did not provide Plaintiff with a copy of the wrongful conduct investigative report.

---

[1] In November 2018, the Fourth Circuit Judicial Council adopted a revised EDR Plan, which expressly provided that the November 2018 EDR Plan superseded the 2013 Plan. The November 2018 Plan did not negatively impact Plaintiff. The primary change was to extend the deadline for an employee to file a claim.

2

11. As a result of the investigation, in his role as the titular head of the Fourth Circuit Court of Appeals, Chief Judge Gregory took appropriate action under Chapter IX of the EDR Plan.

12. In accordance with the EDR Plan, Plaintiff's request for counseling was separately processed under Chapter X of the EDR Plan. However, to the extent that the underlying facts surrounding the report of wrongful conduct under Chapter IX of the EDR Plan and Plaintiff's EDR complaint overlapped, the investigation was utilized to assess the report of wrongful conduct and to understand preliminary facts surrounding Plaintiff's EDR claim under Chapter X of the EDR Plan.

13. Under the counseling provisions of the EDR Plan, Chapter X, § 8.C.2, the responsibilities of the EDR Coordinator are to obtain preliminary information from the aggrieved employee about his/her allegations, requested relief, and any jurisdictional matters. The purpose of the counseling stage is for the parties to discuss the employee's concerns and elicit information regarding the matter which the employee believes constitutes a violation, to evaluate the matter, and assist the employee achieve an early resolution of the matter. An investigation, such as the type of investigation conducted under Chapter IX of the EDR Plan, is not mandated at the counseling phase. The counseling phase of the EDR process is informal and not adversarial.

14. Plaintiff requested a copy of the investigative report in her capacity as an aggrieved party during the counseling stage of her Chapter X EDR claim. The investigative report was not provided to Plaintiff during the counseling stage of her Chapter X EDR claim because the EDR Plan does not provide an aggrieved party the right to an investigative report, the investigative report contained confidential personnel information, and concerns that providing Plaintiff with a copy of the investigative report would subvert the purpose of the counseling phase, which is to allow the employee and the employing office to engage in open dialogue and assess the potential for early resolution. The counseling and mediation phases are not intended to be an adversarial process or the litigation of legal claims.

15. If Plaintiff had not withdrawn her request for mediation under Chapter X, and if she had filed a formal complaint under Chapter X, § 10 of the EDR Plan, and if Chief Judge Gregory or the assigned presiding judicial officer determined that some or all of the investigative report was germane to the adjudication of Plaintiff's EDR formal complaint, then she could have requested production of the investigative report accordingly.

16. I had several conversations with Plaintiff while trying to assist her in my capacity as the EDR Coordinator. At one point, Plaintiff's primary demand was to be transferred to the Defender's office in Asheville. The Defender informed me that he was not able to do that due to lack of space to accommodate her. In the counseling phase, because it is not an adversarial process, the purpose is to allow the parties to agree to an appropriate resolution of the EDR claim(s). In contrast, once a formal EDR complaint is filed, the Chief Judge or designated judicial officer has broad authority to order "make-whole" remedies. EDR Plan §12.

17. On November 28, 2018, Plaintiff requested a continuation of the counseling period, which Chief Judge Gregory granted in part setting the end of the counseling period for January 14, 2019.

18. Plaintiff made a request that the Defender be disqualified from representing the employing office as a respondent in her EDR matter. The Chief Judge denied Plaintiff's request to disqualify, which was orally communicated to Plaintiff on January 16, 2019. Chapter X, § 7 of the EDR Plan governs disqualification; that provision vests discretionary authority with the Chief Judge to grant or deny a request to disqualify a judicial officer, employee, or other person involved in this dispute. The movant must support the request by producing facts justifying the disqualification. There is no right to appeal the Chief Judge's disqualification decision under the EDR Plan. Plaintiff failed to come up with a cognizable basis for disqualifying the Defender. Nothing in the EDR Plan requires the respondent to be a neutral party. To the contrary, the respondent, by the very nature of the fact that an EDR claim is a claim by an employee against their employer, is not a neutral party.

19. On January 31, 2019, Plaintiff filed a request for mediation.

20. On February 22, 2019, Plaintiff filed a supplement to her request for mediation. Complaint ¶ 449. I served a copy of the supplement, unredacted, on the Chief Judge Gregory, Federal Defender Martinez, and the Mediator. Complaint ¶ 451.

21. Mediation was conducted. Everyone involved in resolving the matter worked hard and conscientiously to foster an acceptable resolution to Plaintiff and Federal Defender Martinez. Chief Judge Gregory instructed me to do whatever I could do to facilitate finding Plaintiff an appointment outside of the Western District of North Carolina's Federal Public Defender's Office. As a result of mediation, Plaintiff obtained a clerkship with a Fourth Circuit Judge.

22. On March 11, 2019, Plaintiff sent an email withdrawing her Chapter X claim. GE D- 1. In her email, Plaintiff stated that she is "honored for this [clerkship] opportunity and I very much appreciate the Fourth Circuit's assistance in helping me reach the best possible outcome under the circumstances."

23. I am not, and have never been, Plaintiff's supervisor or have had an employment relationship with Plaintiff. My involvement with Plaintiff has been limited to the EDR process and my role as the EDR Coordinator.

24. I exercised my obligations under the EDR Plan without prejudice or bias to Plaintiff. Where the EDR Plan was vague, ambiguous, or silent, I exercised due diligence by relying on available resources, such as the Administrative Office of the United States Court's Office of the General Counsel, in assisting me interpret and administer the EDR Plan in a fair and consistent manner.

25. I never suppressed, deterred, or discouraged Plaintiff from taking any action that she was entitled to take under the EDR Plan. I also did not criticize or critique any decision that Plaintiff made in this EDR matter. Finally, I did not make any conclusory, speculative, disparaging, or judgmental comments about a party or entity involved in the EDR matter.

26. I understand that Plaintiff has alleged that I somehow violated her constitutional and statutory rights. I reject those allegations in the strongest terms. I have never taken any action against Plaintiff that could reasonably be considered harassment. I have never taken any action against Plaintiff due to her gender or in retaliation for her participation in the EDR process.

*James N. Ishida*
James Ishida



**Redacted** EDR Claim (Chapter X)
Jane Roe  to: James_Ishida@ca4.uscourts.gov    03/11/2019 09:11 AM

From: Jane Roe
To: "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov>
History: This message has been replied to and forwarded.

Dear James,

I hope you are doing well. I wanted to let you know that I have accepted a clerkship with Judge Redacted. Although I am saddened to no longer be a federal defender, I am honored for this opportunity and I very much appreciate the Fourth Circuit's assistance in helping me reach the best possible outcome under the circumstances. I am also extremely grateful for the Fourth Circuit's support in being considered for a potential placement in Judge Redacted chambers. These opportunities will allow me a fresh start while saving my reputation and the hard work I have put into building my career. Given these circumstances, I no longer wish to pursue the Chapter X portion of my EDR claim.

Thank you again for your time and attention to this matter. I would appreciate it if you would also forward my appreciation and thanks to Chief Judge Gregory.

Respectfully,
Jane Roe

GOVERNMENT EXHIBIT D-1