# PLAINTIFF'S ALLEGATIONS
## Chief Judge Gregory

| Complaint | Allegation | Inadequacy |
|---|---|---|
| ¶ 32 | Responsible for "duties under the EDR Plan" | (1) Fails to plausibly allege Chief Judge Gregory personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity<br>(3) Conclusory allegation<br>(4) Impermissible respondeat superior theory that is inapplicable to *Bivens* claims |
| ¶¶ 217, 229, 285, 287, 322, 325, 355, 330, 405, 451, 483 | Copied on emails or otherwise provided information | (1) Fails to plausibly allege Chief Judge Gregory personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity<br>(3) Fails to allege Chief Judge Gregory personally acted in violation of Plaintiff's constitutional rights.<br>(4) Impermissibly relies on respondeat superior theory that is inapplicable in *Bivens* cases.<br>(5) Conclusory allegation |
| ¶¶ 287, 387, 388, 392 | Granted, in part, Plaintiff's request to extend the counseling period | (1) Fails to plausibly allege Chief Judge Gregory personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by absolute immunity<br>(3) Barred by qualified immunity |
| ¶ 410 | Directed EDR Coordinator to assist Plaintiff with a transfer to an adjacent office | (1) Fails to plausibly allege Chief Judge Gregory personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity |
| ¶ 370, 395, 396, 453 | Plaintiff's disqualification request/motion | (1) Fails to plausibly allege Chief Judge Gregory personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by absolute immunity<br>(3) Barred by qualified immunity |
| ¶ 484 | Ordered an investigation | (1) Fails to plausibly allege Chief Judge Gregory personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity |

GOVERNMENT EXHIBIT I-1

## General Counsel (GC) Walter

| Complaint | Allegation | Inadequacy |
|---|---|---|
| ¶ 28 | General Counsel being sued in her individual capacity | (1) Fails to plausibly allege GC Walter personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity |
| ¶ 29 | Supervised attorneys in OGC | (1) Fails to plausibly allege GC Walter personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity<br>(3) Impermissibly relies on respondeat superior theory that is inapplicable in *Bivens* cases |
| ¶ 229 | "on information and belief" GC Walter was aware of what certain Judiciary Branch officials were doing | (1) Fails to plausibly allege GC Walter personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity |
| ¶ 234 | GC reversed a decision of an OGC attorney and authorized FEOO to talk with Plaintiff | (1) Fails to plausibly allege GC Walter personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity. |
| ¶ 265 | GC had suggested EDR Coordinator receive the report rather than Federal Defender | (1) Fails to plausibly allege GC Walter personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity |

GOVERNMENT EXHIBIT

## Circuit Executive (CE) Ishida

| Complaint | Allegation | Inadequacy |
|---|---|---|
| ¶ 33 | Circuit Executive and EDR Coordinator performed duties under the EDR Plan | (1) Fails to plausibly allege CE Ishida personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity<br>(3) Conclusory allegation |
| ¶¶ 227-228 | "on information and belief" OGC and Circuit Executive agreed on procedures for handling Plaintiff's complaint | (1) Fails to plausibly allege CE Ishida personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity<br>(3) Conclusory allegation |
| ¶¶ 243; 405-409 | CE Ishida provided information or copied on e-mails | (1) Fails to plausibly allege CE Ishida personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity |
| ¶¶ 257-273; 284-299; 322-332; 342; 355-404; 410; 412; 448-452; 471-478; 483-485 | Plaintiff communicated with CE Ishida | (1) Fails to plausibly allege CE Ishida personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity. |
| ¶¶ 297, 299 | Sent Plaintiff's report of wrongful conduct and request for counseling to Investigator | (1) Fails to plausibly allege CE Ishida personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity. |
| ¶¶ 357, 359 | CE Ishida offered to make inquiries in federal defenders offices to which Plaintiff could transfer | (1) Fails to plausibly allege CE Ishida personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity. |
| ¶ 389 | CE Ishida asked Plaintiff if she would consider mediation | (1) Fails to plausibly allege CE Ishida personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity. |
| ¶¶ 398-399 | CE Ishida told Plaintiff he would not provide her with the investigative report before mediation | (1) Fails to plausibly allege CE Ishida personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity |
| ¶¶ 451-452 | CE Ishida provided Plaintiff's narrative to Mediator, Chief Judge, and Defender | (1) Fails to plausibly allege CE Ishida personally violated Plaintiff's clearly established constitutional right<br>(2) Barred by qualified immunity |

GOVERNMENT EXHIBIT 1-3