IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

JANE ROE,                                   )
                                            )
    Plaintiff,                            )
                                            )
v.                                          )
                                            )
UNITED STATES OF AMERICA, et al.,           )
                                            )
    Defendants.                           )

## **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Plaintiff has moved to strike Defendants' oppositions to Plaintiff's early summary judgment motions in this matter. *See* ECF Nos. 87, 90. Plaintiff contends that Defendants were not permitted to present evidence in opposition to her motions because Defendants did not produce that evidence "during the authorized discovery period." But discovery has not yet begun in this case, and Defendants were not obligated to respond to Plaintiff's premature discovery requests. When Plaintiff proceeded to file early summary judgment motions, Defendants had every right to present their evidence in response to those motions. Plaintiff may regret her strategic decision to move for summary judgment prior to discovery, but that is no reason to strike Defendants' oppositions. Plaintiff also contends that Defendants' oppositions are untimely, but that is incorrect because the Court has extended the deadline for Defendants to file one opposition, and another timely filed extension motion remains pending. For these reasons, as discussed further below, the Court should deny Plaintiff's motion.

### I.     Defendants Were Not Obligated to Substantively Respond to Plaintiff's Premature Discovery Requests

Plaintiff first argues that "Defendants did not disclose their witnesses and documents as required during the authorized discovery period, and so their evidence is inadmissible at the

summary judgment stage." Mot. at 9. But as Defendants have repeatedly explained to Plaintiff, Plaintiff's discovery requests were premature because the local rules expressly prohibit discovery prior to a ruling on Defendants' motions to dismiss. *See* ECF Nos. 51, 57, 64, 67, 70. The Court recently confirmed that point by granting Defendants' Motion to Set Deadline to Respond to Early Discovery Requests. *See* Oct. 23, 2020 Minute Order. That motion sought confirmation that the local rules governing the timing of discovery apply to this case and that, accordingly, Defendants were not obligated to respond to Plaintiffs' discovery requests until the timeframe set forth by the local rules. *See* ECF No. 51.

Under the clear language of Local Civil Rule 16.1(f), "Court-enforced discovery does not commence until issues have joined and a Scheduling Order has been entered[.]" LCvR 16.1(f). Neither of those conditions – joinder of issues or a Scheduling Order – has occurred. Under Local Rule 16.1(d), "[w]here Rule 12 motions are filed and briefed, issues will not join until the Court resolves such motions." LCvR 16.1(d). Here, Rule 12 motions have been filed, briefed, and are set for hearing on November 23, 2020; accordingly, the issues have not joined and discovery has not begun. LCvR 16.1(d).

Plaintiff, however, argues that because this Court did not issue a ruling on the Defendants' timely filed motion for extension of time to answer or otherwise respond to the complaint (*to which Plaintiff consented*) until one business day following the original response deadline, the issues in this case were "joined" under the Local Rules on May 8 and discovery began on that date. Mot. at 10-11. According to Plaintiff, this is because, under the Local Rules, "'joinder of the issues' occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to a counterclaim has been filed, *or the time for doing so has expired*." LCvR 16.1(d) (emphasis added). Plaintiff's argument renders meaningless the Court's subsequent extension of the deadline

2

for Defendants to respond to the complaint. *See* May 11, 2020 Minute Entry (extending answer deadline to June 8, 2020). The Court's extension of the deadline meant that the time for Defendants to file their answer or other responsive pleading did not expire. Moreover, Plaintiff ignores the fact that the Local Rules expressly provide that "[w]here Rule 12 motions are filed and briefed, issues will not join until the Court resolves such motions." LCvR 16.1(d). There is no dispute that Rule 12 motions were filed and briefed (and are still pending). Thus, issues have not joined.

Plaintiff relies upon *Hyatt v. Prudential Ins. Co*., 2008 WL 141907 (W.D.N.C. Jan. 11, 2008), but that decision does not support her theory. In *Hyatt*, the defendant filed an answer and counterclaim in response to the plaintiff's complaint. *Id*. The plaintiff, in turn, filed a reply to the counterclaim. *Id*. The plaintiff's reply to the counterclaim included a motion to dismiss, *but that motion was not contemporaneously briefed*. *Id*. Under the Local Rules, contemporaneous briefing is mandatory whenever a party seeks to have the court to consider motions to dismiss. *See* LCvR 7.1(c) ("Motions to dismiss in answers to complaints, replies to counterclaims, or answers in crossclaims are deemed to be made merely to preserve the issue and will not be addressed by the Court. A party seeking a decision on any preserved motion must file a separate motion and supporting brief."). *Hyatt* determined that there was joinder of the issues at the time of the filing of the plaintiff's reply to the defendant's counterclaim only because there was no contemporaneous brief filed with the motion to dismiss contained in the plaintiff's reply to the counterclaim. By contrast, Defendants here *did* file contemporaneous briefs in support of their Rule 12 Motions to Dismiss.

Another reason why joinder has not occurred is that the Court has not yet issued a Scheduling Order, which the Local Rules explain is an order "as provided by Fed. R. Civ. P.

3

16(b)." LCvR 16.1(b). A Rule 16(b) scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." The Court's May 13, 2020 order setting forth certain deadlines thus did not constitute a Rule 16(b) scheduling order. Indeed, as Plaintiff is well aware, during the May 11 hearing, the Court directed that the parties file proposed scheduling submissions. The Court instructed that it would typically select one of the parties' proposals and then enter an order adopting a scheduling proposal. The parties submitted their proposals on May 25, 2020, ECF No. 34, and, as the Court recently explained, "a case management schedule will be set" at the November 23, 2020 motion hearing. *See* Oct. 23, 2020 Minute Order. Because joinder of the issues has not occurred here, the discovery period has not begun and Defendants were not obligated to respond to Plaintiff's premature discovery requests.

Next, Plaintiff faults Defendants for responding to the motions for summary judgment that she filed. Mot. at 14. Specifically, Plaintiff argues that, by responding to her motions for summary judgment, Defendants have conceded that their motions to dismiss have no merit. Of course, had Defendants not responded to Plaintiff's motions, Plaintiff would have argued that Defendants agree with the facts Plaintiff alleged, and she would have asserted an automatic entitlement to summary judgment. Anyway, in their opposition to Plaintiff's motions for summary judgment, Defendants at the outset explained that their motions to dismiss should be decided before the summary judgment motions and that the same legal arguments raised in the motions to dismiss justify denial of the summary judgment motions too. ECF Nos. 78, 94, 95. Thus, Defendants did not concede that their motions to dismiss lack merit – they merely responded to the motions that Plaintiff chose to file.

Plaintiff also complains that she has been "prejudiced" by Defendants' supposed "improper approach" to discovery, Mot. at 19-21, but Plaintiff has no one but herself to blame for the

4

consequences of her own aggressive litigation decisions. As discussed above, over the past several months, Defendants repeatedly explained to Plaintiff that her discovery requests were premature under the local rules. Plaintiff could have accepted that reality and sought an order from the Court permitting early discovery (as contemplated by Local Civil Rule 16.1(f)), or she could have deferred her summary judgment motions until after discovery. She did neither. Instead, she continued to serve premature discovery requests on Defendants, in violation of the local rules, and then filed early summary judgment motions. Having made those strategic choices, Plaintiff should not now be heard to complain that Defendants presented evidence in opposition to her motions. Accordingly, the circumstances about which Plaintiff complains are the consequence of her decision to move for summary judgment prior to the start of discovery and her decision not to seek early discovery from the Court.

## II. Defendants' Summary Judgment Opposition Briefs Were Timely

In yet another attempt to win this case on a procedural basis, instead of on the merits, Plaintiff argues that the Court should disregard Defendants' summary judgment oppositions because they allegedly are untimely. Mot. at 16-19. But the Court recently granted the official-capacity and entity defendants' motions for extensions of time to file their summary judgment opposition, *see* Oct. 23, 2020, Minute Order. Thus, that opposition is timely. As to the individual-capacity defendants, a timely filed motion for extension of time to file their summary judgment oppositions remains pending, ECF No. 82, so Plaintiff's timeliness arguments are premature.

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion to Strike.

Respectfully submitted this the 30th day of October, 2020.

        JEFFREY BOSSERT CLARK
        Acting Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

**s/Joshua Kolsky**
JOSHUA M. KOLSKY
Trial Attorney
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov


R. ANDREW MURRAY
UNITED STATES ATTORNEY

**s/Gill P. Beck**
GILL P. BECK
Assistant United States Attorney
N.C. State Bar No. 13175
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Phone: (828) 271-4661
Fax: (828) 271-4327
Email: Gill.Beck@usdoj.gov

Counsel for Defendants United States of America, Judicial Conference of the United States, Administrative Office of the United States Courts, United States Court of Appeals for the Fourth Circuit, Judicial Council of the Fourth Circuit, the Federal Public Defenders Office, Chief Judge Roslynn R. Mauskopf, James C. Duff, and Anthony Martinez in their official capacities, and General Counsel Sheryl L. Walter, Chief Judge Roger L. Gregory, James N. Ishida, in their individual and official capacities.

**s/Shannon Sumerell Spainhour**
SHANNON SUMERELL SPAINHOUR
N.C. State Bar No. 28108
DAVIS HARTMAN WRIGHT PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
Phone: 828-771-0833
Mobile: 704-904-0506
Fax: 252-514-9878
Email: mss@dhwlegal.com

Counsel for Federal Public Defender Anthony Martinez in his individual capacity