IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| *Defendants*. | ) ) ) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1(j), Plaintiff Jane Roe provides notice of the Employment Dispute Resolution Interpretative Guide & Handbook (Jan. 1, 2020) ("Handbook") (Ex. A). The Handbook supports Roe's constitutional claims, ECF No. 48, at 1–13; ECF No. 49, at 22–25; ECF No. 60-1, at 12–21; ECF No. 76-1, at 1–13, and contradicts defendants' briefing and declarations, *e.g.*, Langley Decl. (Ex. B); Walter Decl. (Ex. C); Ishida Decl. (Ex. D).

Due Process Rights: EDR provides "employment protections and rights," including by "prohibit[ing] conduct . . . that would violate" Title VII of the Civil Rights Act. Handbook at 5; *contra* ECF No. 53, at 1–2 (arguing against "import[ing]" Title VII concepts); ECF No. 52, at 14–18 (Title VII principles "do[] not apply"). EDR also provides "procedural rights" to confidentiality, impartiality, and other protections. *Id.* at 18–28; *contra* ECF No. 43, at 17 (employee has "no due process right to [EDR] procedures").

Duty to Act on Harassment: "[A]n employer is always liable for harassment by a supervisor that results in a 'tangible' employment action" or if "it knew or should have known about the harassment and failed to take prompt and appropriate corrective action." Handbook at

1

91–92. "Thus, if a Unit Executive learns of sexual or other harassment and fails to take corrective action, the Employing Office or Court may be found responsible for failing to respond to the harassment." *Id.* at 24; *contra*, *e.g.*, Langley Decl., ¶ 5 (a wrongful conduct report "does not entitle the employee to corrective action"); Walter Decl., ¶ 8 (same); Ishida Decl., ¶ 6 (same).

<u>Duty to Investigate Appropriately</u>: An EDR Investigation must be "prompt," and "thorough and fair." Handbook at 95–96; *contra* Langley Decl., ¶ 5 (investigation has no "formal procedures or timelines"). "**Investigators should not make credibility assessments, recommendations of personnel or disciplinary action, or any legal conclusions**." Handbook at 96 (emphasis in original); *contra* ECF No. 78, at 15 (describing Investigator's "findings"). The Investigator "must" give the written report to the parties and the Presiding Judicial Officer. Handbook at 100; *contra* Walter Decl., ¶ 10 (employee has no "right to the investigative report").

<u>Disqualification of Accused Defender</u>: "[I]f the Complainant alleges that the Unit Executive sexually harassed her, the personal interests of the Unit Executive likely conflict with the Employing Office's interests, and someone other than the Unit Executive should likely act on behalf of the Respondent Employing Office." Handbook at 67; *contra* Langley Decl., ¶ 8 (accused unit executive is an "opposing or differing party"); Ishida Decl., ¶ 18 (accused unit executive is the "employer" and is not "a neutral party"); Walter Decl., ¶ 14 (disqualifying accused unit executive would be "unfair" to the Employing Office).

<u>Responsibility of Chief Judge</u>: Chief Judges "typically advise, even direct, actions by an Employing Office." Handbook at 66 (discussing conflicts of interest); *id.* at 11 (Chief Judge decides the "appropriate response" during Assisted Resolution when the "alleged violator" is a Unit Executive); *contra*, *e.g.*, ECF No. 53, at 17 (Chief Judge is not "employer"); ECF No. 94, at 21–22 (Chief Judge has no "authority" to correct and prevent harassment).

2

This the 18th day of December, 2020.

                                            Respectfully Submitted,

                                            */s/ Cooper Strickland*
                                            Cooper Strickland
                                            N.C. Bar No. 43242
                                            P.O. Box 92
                                            Lynn, NC 28750
                                            Tel. (828) 817-3703
                                            cooper.strickland@gmail.com

                                            Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gill P. Beck at Gill.Beck@usdoj.gov

    Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

    Rachael Westmoreland at rachael.westmoreland@usdoj.gov

    Shannon Sumerall Spainhour at mss@dhwlegal.com

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com