**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

JANE ROE,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

## **DECLARATION OF JILL B. LANGLEY**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am Jill B. Langley, the Administrative Office of the United States Courts' Judicial Integrity Officer (JIO).

2. Prior to my role as JIO, I worked for the Tenth Circuit for 23 years, the last 13 focused on Employment Dispute Resolution (EDR). I provided leadership and training in EDR and conflict resolution for employees and judges within the Tenth Circuit. I developed a nationally recognized training program on EDR laws, designed for court employees, judges, court executives, and EDR coordinators. I also served on a national working group that was responsible for developing the 2019 Model EDR Plan.

3. I served on a national working group with judges in 2008 when the wrongful conduct reporting provisions were added to the Model EDR Plan. I contributed significantly to drafting the wrongful conduct reporting provisions in the Model EDR Plan.

4. I am considered a primary resource for the entire judiciary on the Model Employment Dispute Resolution Plan, its coverage, and processes.

5. Under the Model EDR Plan in effect in 2018, the wrongful conduct provisions were intended to encourage employees to report discrimination, harassment, or retaliation in the workplace. The wrongful conduct reporting process is intended to be informal and has no formal procedures or time frames. The Model EDR Plan expressly states that a report of wrongful conduct is not the same as initiating or filing an EDR claim. The provision encourages employees to report wrongful conduct, but it is not an employment action, and does not entitle the employee to corrective action. It is simply filing a report of misconduct, which then prompts

the appropriate unit executive or chief judge to appropriately investigate whether the alleged individual(s) engaged in misconduct and determine whether a personnel or disciplinary action is warranted.

6. Under the Model EDR Plan in effect in 2018, EDR Coordinators and/or the chief judges did not reveal the results of a wrongful conduct investigation to the parties because it is considered an internal investigation into confidential personnel matters. The Chief Judge is obligated to take appropriate action based on that investigation, but no EDR plan obligated the court to disclose the actual investigation report.

7. A complainant could request an investigative report in discovery under the EDR Formal Complaint process, if she completed the Counseling and Mediation prerequisite stages of EDR and then filed a formal EDR complaint. Specifically, Section X, Paragraph B, subparagraph 2 under the Model EDR Plan that was in effect during the relevant time period states: "The presiding judicial officer may provide for such discovery and investigation as is necessary." *See* September 2018 Model Employment Dispute Resolution Plan.

8. The disqualification provision under the Model EDR Plan in effect in 2018 was designed to ensure that the EDR Coordinator, Mediator, and presiding judicial officer were impartial, not that the defending party was impartial. This is because the EDR Coordinator, Mediator and presiding judicial judge are involved in the processing of the EDR matter and must, therefore, be fair and impartial to both parties. But the defending Respondent employing office, acting through its unit executive, is the opposing or differing party to an EDR disputed matter, entitled to act and respond on behalf of the Respondent employing office.

9. While serving on a national working group that was responsible for developing the 2019 Model EDR Plan, I ensured that the 2019 Model EDR Plan explicitly limited disqualifications for a conflict of interest to the EDR Coordinator, mediator, and presiding judicial officer.

10. Under the Model EDR Plan in effect in 2018, during the counseling stage, only the parties can mutually agree to a resolution. A presiding judicial officer may not make a determination of liability or order a resolution during the counseling stage.

11. Under the Model EDR Plan in effect in 2018, after adjudication of a formal complaint, a chief judge or designated judicial officer could order any "make-whole" remedies contemplated under the Model EDR Plan against any employing office, including a Federal Public Defender organization.

12. My interpretation of a chief judge or designated judicial officer's authority for remedies under the Model EDR Plan is consistent with the Judicial Conference of the United States' September 2010 policy statement that a presiding judicial officer in an EDR matter has the authority to "compel the participation of or impose remedies upon . . . the employing office which is the respondent in such matters." GE E-1.

13. The Employment Dispute Resolution Guide – Bench Book for Judges, which serves as an interpretive guide for the relevant Model EDR Plan also provides that a presiding judicial officer retains jurisdiction over the EDR complaint until the ordered resolution or relief has been implemented and a presiding judicial officer or judicial council officer reviewing a final decision may impose sanctions for failure to implement an ordered resolution or relief. *See* GE E-2, §§ 12.24(A)(2)(c), 14.04(B)(2).

14. While each circuit had the authority to adopt and administer their own Employment Dispute Resolution Plan, I am not aware of any Employment Dispute Resolution Plans that did not largely track the 2018 Model EDR Plan's "Dispute Resolution Procedures" set forth under Chapter X of the 2018 Model EDR Plan.

15. I have reviewed the Fourth Circuit's Employment Dispute Resolution Plans that were in effect at the time Plaintiff filed a request for counseling under the Fourth Circuit's Employment Dispute Resolution Plan. The provisions that I discuss under paragraphs 5-10 of this declaration are identical to the provisions under the Model EDR Plan in effect in 2018.

16. I am not aware of any EDR matter where a respondent-employing office, including a Federal Public Defender organization, refused to comply with an EDR Order.

Date: September 23, 2020

_____
Jill B. Langley
Administrative Office of the United States Courts
Office of Judicial Integrity
Judicial Integrity Officer