1          UNITED STATES DISTRICT COURT

2          WESTERN DISTRICT OF NORTH CAROLINA (Asheville)

3                    No. 1:20-cv-00066-WGY

4                                        FILED
                                    ASHEVILLE DIVISION
5     JANE ROE,
              Plaintiff,                Jan 25 2021

6                                   U.S. District Court
7     vs.                        Western District of N.C.

8

9     UNITED STATES OF AMERICA, et al,
              Defendants
10

11
                         * * * * * * * *
12

13              For Telephone Hearing Before:
                 Judge William G. Young
14

15                 Status Conference

16
                 United States District Court
17               District of Massachusetts (Boston)
                 One Courthouse Way
18               Boston, Massachusetts 02210
                 Monday, May 11, 2020
19

20                       * * * * * * *

21
              REPORTER: RICHARD H. ROMANOW, RPR
22                Official Court Reporter
               United States District Court
23     One Courthouse Way, Room 5510, Boston, MA 02210
                 bulldog@richromanow.com
24

25

```
1                    A P P E A R A N C E S

2

3    COOPER J. STRICKLAND, ESQ.
        Law Office of Cooper Strickland
4       P.O. Box 92
        Lynn, NC 28750
5       (828) 817-3703
        Email: Cooper.strickland@gmail.com
6       For Plaintiff

7

8    GILL PAUL BECK, ESQ.
        U.S. Department of Justice
9       1100 L. Street, NW
        Washington, DC 20005
10      (202) 514-1280
        Email: Rachael.westmoreland@usdoj.gov
11      For the United States of America

12

13   SHANNON SUMERELL SPAINHOUR, ESQ.
        Davis, Hartman, Wright, PLLC
14      28 Schenck Parkway, Suite 200
        Asheville, NC 28715
15      (828) 771-0833
        Email: Mss@dhwlegal.com
16      For the Federal Defender, in his individual capacity

17

18

19

20

21

22

23

24

25
```

```
 1        P R O C E E D I N G S
 2        (Begins, 2:00 p.m.)
 3        THE CLERK:  Now hearing Civil Matter 20-00066, Roe
 4   versus the United States of America, et al.
 5        THE COURT:  Good afternoon counsel, welcome to
 6   this telephone conference.  Let me just sketch this out
 7   for a moment.  This conference is hosted by my Courtroom
 8   Deputy Clerk, Jennifer Gaudet.  On the line with us is
 9   our Official Court Reporter, Rich Romanow, and I'm
10   having the conference taken down.  This is akin to
11   holding a conference in the lobby rather than in the
12   public courtroom, but we'll make a record of everything
13   that is said here.
14        So with that said, let's have counsel identify
15   themselves and who they represent, starting with the
16   plaintiff.
17        MR. STRICKLAND:  Yes, good afternoon, your Honor,
18   my name is Cooper Strickland and I represent the
19   plaintiffs.
20        THE COURT:  Good afternoon.
21        MR. BECK:  Good afternoon, your Honor, this is
22   Gill Beck, I am an Assistant United States Attorney and
23   the Civil Chief in the Western District of North
24   Carolina, and I, along with Caroline McLean and
25   Assistant U.S. Attorney Josh Kolsky and Carlotta Wells
```

1  represent the 11 defendants other than the Federal

2  Public Defender in his official capacity.

3        THE COURT:  And do we have the --

4        Yes, go ahead.

5        MS. SPAINHOUR:  Yes, your Honor.  This is Missy

6  Spainhour, um, I'm also in the Western District of North

7  Carolina and I'm representing the Federal Defender in

8  its individual capacity.

9        THE COURT:  Thank you.  Well I thank you all.

10        Is there anyone else to identify themselves?

11        MR. KOLSKY:  Good afternoon, your Honor, this is

12  Joshua Kolsky from the Department of Justice, Mr. Beck

13  mentioned me a moment ago.

14        THE COURT:  Fine.

15        MS. WELLS:  And, your Honor, good afternoon,

16  Carlotta Wells, also with the Civil Division at the DOJ,

17  representing the United States and the federal

18  defendants.

19        THE COURT:  All right.  Well thank you all.

20        Let me sketch out what -- well what I'm doing here

21  and what I intend to do.

22        Given the nature of this suit and the various

23  defendants, judicial officers, under the Committee for

24  Intercircuit Assignments the Chief Justice has

25  designated me a visiting judge in the Western District

1    of North Carolina specifically for the purpose of

2    handling this case, and, um, I now am so authorized and

3    I called you all together to see if we can't get a

4    handle on this case and where we're going.

5         You should -- throughout our working together and

6    I do look forward to working with you, you should have

7    no hesitancy in calling Ms. Gaudet, she is the Courtroom

8    Deputy Clerk for this case, and we have established our

9    liaison with the Clerk's office in the Western District

10   of North Carolina, and she will get any communications

11   to me so that I can take prompt action if it's

12   necessary.  She's the one really to look to as the Clerk

13   with respect to this case.

14        Now I wanted to get us all together at this early

15   stage to, um, make some comments and see if I can't get

16   my arms around this case in what seems to me an

17   intelligent fashion.

18        So I turn first to the plaintiff's counsel,

19   Mr. Strickland.  Mr. Strickland, you have a very -- and

20   I don't mean this critically, but you've got a very

21   prolix, very detailed, very long complaint, and you've

22   sued a whole bunch of entities, and, um, that's not a

23   normative statement, it's simply an observation.  And

24   I'm familiar with such complaints and in this day of

25   fact pleading I can hardly quarrel with it.  But you

filed it under seal.  And, um, I will tell you I fully
understand the reason why your client desires to proceed
under a pseudonym, I have no problem with that, she can
proceed as Jane Roe, but I can't leave that -- well if
that's going to be the complaint, I can't leave it under
seal.  You raise far-reaching and profound issues,
issues which must be adjudicated on the record.  So I've
got a proposal for you and here's what I propose going
in.

I propose to treat your lengthy complaint really
as an affidavit.  I'd like an affidavit from your client
with her own name saying that she does swear that the
things in the complaint are true to the best of her
knowledge, information and belief, and where it's on
information and belief, she believes them to be true,
and that affidavit can be filed under seal and the --
we'll call it the initial filing, that will remain under
seal, and the affidavit will remain under seal.  Then
I'll give you a couple of weeks to file a complaint,
which won't be under seal, in which you can make all the
claims you're making now, but you can make them in a
more conclusory and general fashion, and you can make
reference -- and we'll call it the "affidavit," to the
sealed affidavit.  You can aver things generally, let's
say three paragraphs whatever in the sealed affidavit.

1    Then we'll get the defense to respond to the

2    public complaint publicly and we'll -- we'll go forward

3    with everything on the record.  If anything has to be

4    sealed, it's going to have to be in an individual

5    pleading and then an individual part of that individual

6    pleading.  But that's downstream.

7    So for starters, what do you think about that as a

8    way for getting this case going?

9    MR. STRICKLAND:  Thank you, your Honor for the

10   opportunity.

11   Just to make sure we're all on the same page.  ECF

12   Number 1, the complaint, should not be under seal at

13   this time.  It is subject to limited redactions and

14   those are identified in a reference list that's under

15   seal, but they're really kind of limited.  It's about a

16   page, the reference list.  My client doesn't want the

17   complaint sealed.  We're kind of in the position now to

18   understand that as long as the pseudonym is granted, um,

19   putting the name on the, um -- it is warranted at this

20   point and will help answer some questions for the

21   defendants and the general public.

22   You know it --

23   THE COURT:  Let me interrupt.  Let me interrupt.

24   And I'm following what you say.  And so we're clear, I

25   have no problem with her proceeding under a pseudonym.

1    But I'm not redacting anything else.  You've got like

2    the name of the defender office redacted.  We can't do

3    that.

4         MR. STRICKLAND:  Yes, your Honor, and we're there

5    now, that's the notice of withdrawal.  We're willing to,

6    um, submit a complaint now that will identify that

7    information.

8         THE COURT:  Well are you --

9         MR. STRICKLAND:  Now as far as --

10        THE COURT:  Wait a minute.  I -- in response to my

11   suggestion, you say you'll withdraw the redactions

12   except for her name.  Well I'm alright with that.  If

13   that's how you want to leave it, that's alright and

14   we'll go from there.  But if you'd like the opportunity

15   to file a -- again if this sounds pejorative, I don't

16   mean it pejoratively at all, you must understanding

17   that, but a cleaned-up complaint within a couple of

18   weeks, or within 2 weeks, I'll let you do that.

19        How do you want to proceed?  Do you want to

20   proceed on the complaint you have except she goes

21   forward under a pseudonym?

22        MR. STRICKLAND:  Well I'd have to discuss that

23   with my client, but, um, right now I'm leaning towards,

24   um, we'll fill in the redaction, with the exception of

25   her name, and we'll go forward with a more detailed

1 complaint. That was part of the whole effort of seeking

2 indictments when the Clerk of Court sealed the entire

3 case. There's no desire here for this to be done in

4 private.

5   THE COURT: All right. All right. Well that's

6 fine. Then, um, let me take, as a first step, this

7 order and see if you understand it and are agreed with

8 it.

9   The complaint, save for the complainant's name,

10 shall be unsealed, and the complainant may proceed under

11 the pseudonym "Jane Roe."

12   Is that satisfactory?

13   MR. STRICKLAND: Yes, your Honor. The only thing

14 I want to make clear is that Docket Entry Number 24,

15 which is the reference list, which was intended for

16 in-camera review, it would need to remain sealed because

17 it contains her name.

18   THE COURT: Document Number 24 may remain sealed.

19   Okay, so with that taken care of, the -- I know

20 the defense wants some time to respond and I don't think

21 I have any problem with that, but let's use our time

22 effectively here to get a handle on where this case is

23 going generally.

24   Again we'll stick with the plaintiff, because I

25 want to use our time together this afternoon to work out

1  a case management plan.

2      When do you think you're going to be ready for

3  trial here, Mr. Strickland?

4      MR. STRICKLAND:  Um, as soon as possible.  As

5  quickly as we can go through this and get the trial

6  date, that's what we would like to do.

7      THE COURT:  Well what does that mean?  Does that

8  mean September?

9      MR. STRICKLAND:  That may be a -- that may depend

10 on how cooperative the defendants are in discovery.

11     THE COURT:  Well, you know, we'll listen to the

12 defendants when we get to the defendants, but do you

13 really think you -- I'm specially assigned to this case,

14 my duty is to get this case ready for trial and

15 adjudicate it.  Now there may be some weigh stations

16 along the way and my duty is to deal with those as they

17 come up.  But this is not a case where, um, we're

18 concerned with a lengthy civil docket or the like, I'm

19 specially assigned, so I've got duties, with all

20 reasonable speed, to address this case.

21     So I'm asking you, how about December?

22     MR. STRICKLAND:  I think it's -- I think it's

23 entirely possible.  Again, you know from where I'm

24 sitting right now, to -- well September hopefully, but

25 December, absolutely.  There really is no desire on the

part of the plaintiff here to have this linger. It's
had enough of a negative effect as it is.

THE COURT: Well no one suggests she wants it to
linger. All right, let's turn to the defense.

When do you think the case, in its -- again I'm
not judging the case in any way, but in its limited --
if I take a limited view of this case, the interactions
that happened in that particular defender office, this
is not that complex a case and it's a case similar to
other cases with which I've had experience. The
complaint goes far beyond that into the mechanisms of
the court, the circuit, the judicial conference of the
United States. Those present more profound issues, but
those probably are issues of law. So -- as I have been
saying, it's my duty to confront these matters, though
this is our initial sitdown together.

What does the defense say about a reasonable trial
date? I work everything back from the trial date.

MR. BECK: Your Honor, this is Gill Beck, the
Civil Chief in the Western District. Obviously we're
coordinating with the Federal Programs branch and DOJ
and you're moving very fast for us and, um, we
appreciate that from the defense's perspective because
we want to see the case dismissed.

So to answer your question, December, I would say

1 yes, but before that we want the opportunity to present

2 dispositive motions to the Court because we feel very

3 strongly on behalf of the defendants that the legal

4 issues, as you've pointed out, the issues of law, are

5 ones that the Court can address and that it would be in

6 the interest of all to address those at the earliest

7 opportunity.

8 　　　　THE COURT:  Well, Mr. Beck, of course you feel

9 very strongly, lawyers always feel very strongly, but

10 I'm not doing you out of our motion to dismiss and if

11 you lose that, I'm not doing you out of your motion for

12 summary judgment, we'll do those things.  But wrap your

13 mind around the fact that, um, if not your client,

14 somebody's client here remains standing when all those

15 motions are done and we're going to need a jury.  So I

16 work back because all the interim dates I can move

17 around.

18 　　　　But when do you want a trial, does December make

19 sense?

20 　　　　MR. BECK:  Your Honor, this is Gill Beck again

21 from the U.S. Attorney's Office.  I would say yes, but I

22 would like the opportunity for Federal Programs to weigh

23 in because we have not specifically talked about a trial

24 date.

25 　　　　THE COURT:  Well I always talk about trial dates

1    early on.  When you say "Federal Programs," I'm not so
2    sure exactly what you mean.  Who speaks for Federal
3    Programs?
4           MR. KOLSKY:  That would be --
5           MR. BECK:  Yes, Josh, please go ahead.
6           MR. KOLSKY:  Your Honor, this is Josh Kolsky from
7    the Federal Programs branch.  I am actually going to be
8    -- I expect to be out on paternity leave in December, so
9    I think January would be better from my perspective.
10          THE COURT:  Well January is fine.  I'm placing
11   it -- so let's say I'm placing it on my running trial
12   list for January, 2020.
13          Now my practice is not to continue that date,
14   people come to court to have a trial, and, um, my job,
15   where there are triable cases, is to provide that trial.
16   So let's work back from there.
17          If the trial is going to be sometime in January,
18   then by the 1st of December, um -- I misspoke, January
19   2021 is the trial.  A final pretrial memorandum on
20   December 1, 2020.  I would expect that the latest date
21   for dispositive motions would be the 1st of October, and
22   I say that because I treat those with great care, assign
23   law clerks, give them an oral hearing, and you don't
24   want to crowd them right up to the trial because then
25   you've wasted your money.  So dispositive motions must

1    be filed no later than October 1, 2020.  I'll give

2    you -- and that's really that all I need to set down

3    now.

4         I -- the defense wants some time to respond.  I

5    have no objection to that, but you're all going to find

6    that a January 2021 trial date is -- will come upon us

7    pretty rapidly.

8         So when does the defense want -- what time do you

9    want to respond?

10        MR. BECK:  Your Honor, in our motion for extension

11   of time, we, the defendants jointly put the 8th of June.

12   Now as I understand it, the plaintiff will be filing a

13   complaint that is not redacted and we would like 30 days

14   from the filing of that document.  You mentioned two

15   weeks and maybe another date, but we would like 30 days

16   to answer our complaint or otherwise move to dismiss.

17   We plan to move to dismiss from the filing of the

18   complaint you described earlier in the conversation, the

19   unredacted complaint, except for the plaintiff

20   proceeding with a pseudonym.

21        THE COURT:  Well wait a minute.  The plaintiff

22   doesn't have to file anything else, he's just

23   withdrawing his, um, chance or his effort to redact

24   things other than the pseudonym.  You know what the

25   complaint is, you've known it for days now.  So it seems

1 to me June 8th makes perfect sense.  And you're to

2 respond, however you do respond, by the 8th of June.

3   MR. STRICKLAND:  Thank you, your Honor.

4   THE COURT:  And what you do have is, all of you,

5 you've got two weeks from today's date to sit down and

6 work out a joint proposed case management schedule.

7   Now wrap your minds around the possibility that

8 the motion to dismiss is denied either in whole or in

9 part, just theoretically.  It may not be, but

10 theoretically it could be.  So I want you to work out

11 what it is that you want to discover and from whom you

12 want discovery and all those things.

13   Now I do not require that you agree to this, but

14 within two weeks time I want a joint, that means all of

15 you, plaintiffs and all the defense counsel, proposal,

16 and where you disagree I want the plaintiff to set

17 forth, um, her position and I want the defense to set

18 forth their position.  And I want you all to be

19 reasonable.  And you can disagree about any point, you

20 can disagree about how many depositions, about what

21 discovery, about where discovery takes place.  I urge

22 you to agree.  But you may disagree.  I'm not forcing

23 it.

24   And then I learned this from the great judge,

25 Robert Keeton, and I'm going to take that and like a

baseball arbitrator, I'm going to pick the most
reasonable proposal.  I'm not going to middle it or
impose my own views, I'm just going to read it all over
and pick which proposal is most reasonable.  So if one
of you wants 50 depositions and one of you wants 3 and
that's all that we're -- that's the only choice I have,
it's either going to be 50 or 3.  So what you want to do
is truly be reasonable.  It's been my experience that if
you ask lawyers to be reasonable and you give them an
incentive to be reasonable, they are.  And that
satisfies the rules of civil procedure now as to
proportionality, because you people are the masters of
your own case and you know what's proportional in the
circumstances.

A word about this handling of the case remotely.
It's remotely now because of the pandemic, but God
willing -- and the pandemic has hit hard in
Massachusetts, so I am on this conference, for instance,
from a remote location, and some of you may be in your
offices.  God willing in the months ahead, I will be
back in court.  But wherever I am, when I am specially
assigned as a visiting judge, I make a true effort not
to make the proceeding more costly than proceeding in
federal court or in any event.

So wherever you would get an oral hearing, I will

```
1    give you an oral hearing.  It will either be by video
2    conference -- if we're not in the courtroom, we'll do it
3    by zoom, and if I am in the courtroom, I can do it by
4    video conference, and you can go to your local
5    courthouse and that's where we'll confer.
6         Those things that I handle on the papers, I will
7    normally handle on the papers.  Discovery motions are an
8    example.  I handle -- I don't refer things to a
9    magistrate, I have great respect for them, but I like to
10   use them for trials.  So I'll handle all the discovery,
11   all aspects of the case, and I'll handle them on the
12   papers.
13        Let's see.  I think I've done everything I need to
14   do, but let me go around and see if there are any
15   questions, because I'd like to get your questions both
16   about the procedure and then about the substance of this
17   case, if I've left any questions unanswered.  And again
18   we'll start with Mr. Strickland for the plaintiff.
19        MR. STRICKLAND:  I think one of the remaining
20   questions I have is with respect to the John Doe
21   defendants and whether they're actually going to be
22   parties to this case or not, because I think that's
23   going to affect the timeline in the near term.
24        THE COURT:  Well why don't you be more specific,
25   to whom are you referring?
```

1      MR. STRICKLAND:  We filed a motion for early

2  discovery, but that's not necessarily needed, the Court

3  could just order that the defendants accept service.

4      THE COURT:  Well who are they?

5      MR. STRICKLAND:  They're the individuals described

6  in the complaint.  For example, in our motion for early

7  discovery there's an Exhibit A, which was an e-mail

8  between the defendant Ishida and its receiver and it's

9  quoting advice from the Office of General Council with

10  respect to this proceeding.

11      THE COURT:  And so you're suing someone in the

12  Office of General Council?

13      MR. STRICKLAND:  Yeah, just like Sheryl Walter,

14  who's the General Counsel herself, she was a defendant,

15  she accepted service.  But I believe the position of

16  defendants' counsel is they don't know who the John Doe

17  defendants are.

18      THE COURT:  Well I'll tell you what.  Look, if

19  that's a deposition, that's a matter to be worked out in

20  your joint proposed case management schedule.  You work

21  that out.  I think counsel would be able to work that

22  out.

23      Any other questions?

24      (Silence.)

25      THE COURT:  I hear none.

 1        How about the defense, any questions how we're
 2    going to proceed?
 3        MR. BECK:  Your Honor, this is Gill Beck from the
 4    U.S. Attorney's Office.  In the, um -- in the Western
 5    District under our local rules, which I assume we'll be
 6    proceeding under, the district judge who handles that,
 7    um, can always have standing orders.  If, for example,
 8    on the page limit for briefs, the Western District rule
 9    is 25 pages, and I looked at the Massachusetts website
10    and Massachusetts Rule 7.1 says 20 pages, which it
11    appears is that's what you followed.  Would we be
12    following the Western District rule of 25 pages on a
13    motion?
14        THE COURT:  Well since I'm the visiting judge --
15    and that's a good question, and the answer is "Yes."
16        MR. BECK:  Thank you, your Honor.
17        THE COURT:  Your local rules obtain unless I find
18    it hard to get my mind around it.  In -- I'm a visiting
19    judge in Puerto Rico too, not that you're interested in
20    this story, but in Puerto Rico, if you decide to strike
21    a brief because it's overly long, then the other side
22    immediately takes the position that the other side
23    hasn't opposed the motion and they move that the motion
24    be allowed if it's unopposed, and that has created some
25    confusion on my part.  But so long as I can understand

1    your local rules, you should conform to your local rules

2    and I will accept them.  That's a very good question.

3           THE COURT:  Other questions?  Yes.

4           MR. BECK:  Yes, your Honor, this is Gill Beck

5    again from the U.S. Attorney's Office.  So under our

6    local practice, say for example a motion for extension

7    of time, we do not submit a proposed order, the Court

8    enters a text order on routine things such as a motion

9    for an extension of time.  Do you want us to submit

10   proposed orders?

11          THE COURT:  No.  My practice is to enter what I

12   call "margin orders" or "minute orders."  You make a

13   motion, I'll act on it.

14          Good questions.  How about any of the rest of you,

15   any questions?

16          MR. KOLSKY:  Nothing from me, your Honor, and this

17   is Joshua Kolsky.

18          THE COURT:  Sure.

19          Well hearing you, I really do look forward to

20   working with all of you and, um, don't hesitate to call

21   Ms. Gaudet.

22          And one other thing.  Should this case settle, and

23   I devoutly hope that it does, um, a settlement -- if you

24   communicate with Ms. Gaudet that the case is settled,

25   then don't spend any more money, we'll put the case on

1    ice, you can decide when and what you want to put on the

2    public record, if anything.  But don't ever make the

3    call because she knows what to do and we will close the

4    case down.  And then if it becomes unwound, you'll find

5    me a very sticky wicket indeed, it will be very hard to

6    get back on the trial list then.

7          So with that, if there are no other questions, I

8    do thank you for your time this afternoon, I look

9    forward to working with you, and we'll wait for the

10   filing of the joint proposed case management schedule

11   and the other motions, answers, will come in due course.

12   I thank you very much.  We'll stand in recess.

13          (Ends, 2:30 p.m.)

14

15

16

17

18

19

20

21

22

23

24

25

1          C E R T I F I C A T E

2

3          I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

4     do hereby certify that the foregoing record is a true

5     and accurate transcription of my stenographic notes

6     before Judge William G. Young, on Monday, May 11, 2020,

7     to the best of my skill and ability.

8

9

10

11    /s/ Richard H. Romanow 01-22-21
      _____
12    RICHARD H. ROMANOW    Date

13

14

15

16

17

18

19

20

21

22

23

24

25