IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| *Defendants*. | ) ) ) |

**PLAINTIFF'S UNOPPOSED MOTION TO CORRECT THE RECORD**

Plaintiff Jane Roe ("Roe"), by and through her attorney, respectfully requests that the record be corrected to give the parties access to missing entries from the district court's docket in this case. *See* Fed. R. App. P. 10(e). In support of this Motion, Roe states the following:

1. This case is currently being appealed to the Fourth Circuit Court of Appeals. *See* ECF No. 107 (notice of appeal).

2. The district court docket in this case has missing entry numbers between numbers 78 and 81 and between numbers 90 and 92. *Cf.* Fed. R. Civ. P. 79(a)(1)–(2) (civil docket must have "consecutive file numbers" including "all papers filed with the clerk"). These entries are not available to Roe's counsel.

3. In accordance with Fourth Circuit rules, upon filing the notice of appeal Roe's counsel contacted the district clerk to ask whether these entries will be included in the record on appeal, because counsel currently does not have access to them. *See* Fourth Circuit Loc. R. 10(b) (parties "should check with the clerk of the lower court to determine whether everything relevant to the issues on appeal will be included initially in the record on appeal").

1

4. As of this filing, the district clerk had not responded to Roe's counsel's inquiry.

5. Accordingly, Roe now respectfully requests that the district court correct the record to provide the parties access to the missing docket entries. *See* Fourth Cir. Loc. R. 10(b) ("[A]ny questions concerning form or content [of the record] should be addressed to the trial forum in the first instance.").

6. There is no basis to deny Roe access to the docket entries generated in her own case. As the Fourth Circuit has explained, docket entries are judicial records, which memorialize "the procedures the district court utilized to adjudicate the claims before it and to the materials it relied upon in reaching its determinations." *Doe v. Public Citizen*, 749 F.3d 246, 268 (4th Cir. 2014). Accordingly, federal rules require the district clerk to maintain a complete and accurate docket of judicial proceedings. *See* Fed. R. Civ. P. 79(a)(2)(a) (requiring the clerk to keep a "civil docket" with consecutively numbered entries including "all papers filed with the clerk"); *see generally* 28 U.S.C. § 457 (requiring "[t]he records of district courts" to be kept "where court is held"). The requirement to keep a civil docket "fulfills a public recordkeeping function." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384 n.4 (1978); *United States v. Osborne*, 452 F. App'x 294, 296 (4th Cir. 2011) ("[T]he keeping of a docket fulfills a public record-keeping function over and above the giving of notice to a party.").

7. A complete and accurate docket is also a crucial component of the record on appeal, as the appellate rules expressly recognize. The rules define the "record on appeal" to include "a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a)(3); *see also* Fed. R. App. P. 30(a)(1)(A) (requiring the appellant to include "the relevant docket entries in the proceedings below" in the appendix to the briefs). The rules impose a "duty" on the appellant to do whatever "is necessary to enable the clerk to assemble and forward

the record," Fed. R. App. P. 11(a), and provide a procedure for "correction or modification" of the record "[i]f any difference arises about whether the record truly discloses what occurred in the district court," Fed. R. App. P. 10(e).

8. Under these rules, Roe must have access to all the judicial records created in her case, including the entire docket, to prepare her appeal. Without having access to these records, Roe cannot complete the tasks required to prepare the record on appeal, which is a prerequisite to completing the briefing and appendix under the Fourth Circuit's rules. *See* Fourth Cir. Loc. R. 31(b) ("A formal briefing schedule shall be sent to the parties upon receipt of the record or determination by the Clerk that the record is complete -- whichever occurs first.").

9. In sum, because access to the entire docket is an indispensable step in initiating and preparing her appeal in this case, Roe respectfully requests that the district court correct the record to provide the parties with access to the missing docket entries.

10. Prior to filing this motion, Roe's counsel conferred with defendants' counsel. Defendants' counsel stated that they do not oppose a motion on this issue. Defendants' counsel also stated that they did not receive ECF notifications for the docket entries and "do not have access to those entries (if, in fact, there are any associated filings)." Because defendants' counsel do not have access to the docket entries, this motion requests access for all parties.

This the 30th day of March, 2021.

Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Gill P. Beck at Gill.Beck@usdoj.gov

    Joshua M. Kolsky at Joshua.kolsky@usdoj.gov

    Rachael Westmoreland at rachael.westmoreland@usdoj.gov

    Shannon Sumerall Spainhour at mss@dhwlegal.com

 

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com