IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE OFFICIAL CAPACITY DEFENDANTS (ECF No. 60)**

In this case, the Fourth Circuit ordered judgment in favor of Plaintiff Caryn Devins Strickland on the merits of her due process and equal protection claims, reversing the dismissal of her complaint and allowing her claims for equitable and declaratory relief to proceed in district court. *Strickland v. United States*, 32 F.4th 311, 321 (4th Cir. 2022). Strickland's motion for partial summary judgment against the Official Capacity Defendants ("Defendants") (ECF No. 60), filed on August 17, 2020, is pending before this court, and is fully briefed and ripe for decision. In its ruling, the Fourth Circuit identified certain facts as being dispositive of Strickland's claims. Because those facts are not subject to any reasonable dispute, this court should grant Strickland's motion for summary

1

judgment. This court should find that Defendants violated Strickland's due process and equal protection rights, and enter judgment in her favor on the merits of her claims.

## PROCEDURAL HISTORY

On March 3, 2020, Strickland filed suit alleging constitutional and civil rights violations by officials in the federal judiciary. ECF No. 1. Strickland, a former assistant federal public defender, alleged that Defendants violated her equal protection rights by subjecting her to sex discrimination, including deliberate indifference to sexual harassment. *See id.* ¶¶ 497–99. She further alleged that Defendants violated her due process rights by subjecting her to a fundamentally unfair process for resolving her workplace discrimination claims. *Id.* ¶¶ 494–96. Strickland sought equitable and declaratory relief against federal officials in their official capacities, as well as damages. *Id.* at 84–85 (requested relief).

On May 11, 2020, the court held a telephonic scheduling conference. Based on the parties' agreement, the court ordered that "any motions for summary judgment shall be filed on or before October 1, 2020." Minute Entry Order Dated May 11, 2020. The court further ordered the parties to hold an Initial Attorney's Conference and to submit a joint proposed case management schedule. *Id.* In their joint proposed case management schedule, the parties agreed that discovery would

be completed by September 1, 2020, and that summary judgment motions would be filed on or before October 1, 2020. ECF No. 34, at 4.

In accordance with the Court's scheduling order and Fed. R. Civ. P. 26(a), Strickland provided her initial disclosures on May 20, 2020. *See id*. at 3. Defendants filed motions to dismiss on June 8, 2020. Defendants did not provide Strickland with initial disclosures, nor did they participate in discovery.

On August 17, 2020, Strickland timely moved for partial summary judgment against the official capacity defendants. ECF No. 60. Strickland argued that the facts of her case were not subject to any meaningful dispute, and so she was entitled to judgment as a matter of law on her due process and equal protection claims. *Id.* She requested that the court enter judgment in her favor on the issue of liability, and set an equitable hearing to determine remedies. *Id.*

Defendants did not move for summary judgment. But on October 2, 2020, more than four weeks after the deadline to file a response to Strickland's motion for partial summary judgment, Defendants filed their response to her motion.[1]

---

[1] Per Local Rule 7.1(e), Defendants' response brief was due on August 31, 2020. Defendants moved for an extension of time of 28 days on August 26, 2020, which was not granted before the time expired. ECF No. 63. Defendants then moved for a second extension of time on September 25, 2020, even though their first extension request had not been granted and their time to file a response had already expired. ECF No. 73. On October 23, 2020, this court granted both of Defendants' extension requests without explanation, in a text-only order. *See* Entry Order Dated October 23, 2020. The court was not authorized to grant Defendants' extension requests in this manner. Specifically, Defendants' second

3

ECF No. 78. Defendants' response included declarations from five witnesses and nearly 400 pages of exhibits, none of which they had provided in discovery. Defendants neither asserted that discovery was needed to oppose Strickland's motion nor filed a declaration under Fed. R. Civ. P. 56(d).

On December 30, 2020, this court dismissed Strickland's complaint in its entirety, without ruling on her summary judgment motion. ECF No. 103. On April 26, 2022, the Fourth Circuit reversed this court's dismissal order. *Strickland*, 32 F.4th at 321 (ruling that Strickland's due process and equal protection claims are "sufficient to survive the motions to dismiss"). The Fourth Circuit allowed Strickland's claims for prospective equitable relief to proceed against all of the official capacity defendants, including the Director of the Administrative Office of the U.S. Courts, the Chair of the Judicial Conference Committee on Judicial

---

extension request did not comply with Fed. R. Civ. P. 6(b)(1)(A), which allows an extension for good cause if the request is made "before the original time or its extension expires." Defendants' request was not made before the original deadline, that is, August 31, 2020, or before an extension of time had expired, because none had been granted. Defendants' request thus fell under Fed. R. Civ. P. 6(b)(1)(B), which requires a showing of "excusable neglect" for extension requests made "after the time has expired." But Defendants did not make any showing of excusable neglect, and the court did not make any findings of excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (describing excusable neglect factors). Thus, in addition to all the other reasons why Strickland should prevail on summary judgment, Defendants' response should be stricken in its entirety because it is untimely. *See* Plaintiff's Mot. to Strike Defendants' Summary Judgment Responses at 16–19, ECF No. 87-1 (arguing that Defendants' response should be stricken as untimely).

4

Resources, the Chief Judge of the Fourth Circuit, the Circuit Executive of the Fourth Circuit, and the Federal Public Defender for the Western District of North Carolina. *Id.*

## ARGUMENT

The Fourth Circuit's decision makes this an easy case. The Fourth Circuit ruled that Strickland's due process and equal protection claims survived the motions to dismiss, and it provided specific guidance as to the factual showing needed to prove her claims. *Id.* at 355–56 (due process); *id.* at 358–60 (equal protection). In light of this specific guidance, no reasonable factfinder could find in favor of Defendants on the due process and equal protection claims, and Strickland is entitled to summary judgment.

First, Strickland is entitled to summary judgment on her due process claim. The Fourth Circuit held that judiciary employees have a property interest in the protections granted by the EDR Plan. *Id.* at 348–52. The Plan affords judiciary employees "substantive rights" to be free from discrimination, harassment, and retaliation, and it "creates a clear and specific set of procedures that are to be followed in the event that an employee claims that his or her substantive rights afforded under the EDR Plan have been violated." *Id.* at 349–50.

The Fourth Circuit held that Strickland could proceed with as an-applied challenge to the Plan "because the refusal to disqualify the [Federal Public

Defender] from the investigation and the alleged coercing of Strickland to end the investigation stated a plausible violation of her due process rights. The refusal to disqualify the FPD created a conflict of interest that infected the entire investigation when Strickland was led to believe that the FPD would be the final decisionmaker in the case." *Id.* at 355. Thus, "Strickland's due process rights were violated if she can prove that the FPD, an accused party, was not disqualified from the EDR process, and if Strickland was led to believe that the FPD would be the final decisionmaker in her case." *Id.* at 356. "Under these circumstances, a reasonable factfinder could conclude that continuing with the EDR process would be futile and that Strickland had reason to believe that the more suitable alternative was to drop her complaint and accept the Fourth Circuit clerkship. Such findings would lead to the conclusion that Strickland was deprived, without due process, of her property right to a remedy for the injuries that she allegedly suffered from harassment by the First Assistant and from retaliation by the FPD." *Id.*

This showing is easily met based on Defendants' own sworn declarations in this litigation. Defendants plainly stated that the Defender, who was an accused party, was not disqualified from exercising authority in the EDR process. *See* Declaration of James Ishida ("Ishida Decl."), ¶ 18, ECF No. 78-4 ("The Chief Judge denied Plaintiff's request to disqualify, which was orally communicated to Plaintiff . . . ."). The AO's General Counsel further stated that disqualifying the

accused unit executive "would be unfair to the Respondent-employing office." Declaration of Sheryl Walter, ¶ 14, ECF No. 94-7; *see also* Declaration of Jill Langley, ¶¶ 8–9, ECF No. 78-5. Defendants themselves acknowledged that the Defender exercised decision-making authority over the EDR process, including by appointing the Investigator for Strickland's claims against him. Declaration of Anthony Martinez ("Martinez Decl."), ¶ 81, ECF No. 78-3; *id.* at 43. And Defendants did not refute Strickland's testimony that she was led to believe that the accused Defender would be the decisionmaker in her case. Indeed, the Fourth Circuit's Chief Circuit Mediator told Strickland that the Defender was the "decision maker," and no hearing officer would "micromanage" him. *See* Mem. in Support of Mot. for Partial Summary Judgment at 7, ECF No. 60-1 (quoting Complaint ¶ 415).[2] The Judicial Integrity Officer told Strickland that no remedies would be ordered in a final hearing, even if she prevailed, because Article III judges do not have authority to "manage" federal defender offices. *Id.* (quoting Complaint ¶ 439); *see also* Declaration of Jane Roe ("Roe Decl."), Ex. C., at 69, ECF No. 60-2 (email from Judicial Integrity Officer stating that she would like "to better understand if FPDs are adequately protected by EDR remedies"). Under these circumstances, Strickland reasonably concluded that proceeding with the

---

[2] Strickland verified the complaint's allegations as her sworn testimony. *See* Roe Decl. at 1, Ex. A.

EDR process would be futile; indeed, no reasonable factfinder would conclude otherwise.

Likewise, Strickland is entitled to summary judgment on her equal protection claim. The Fourth Circuit held that "federal judiciary employees who occupy supervisory roles and/or who are charged with enforcing an EDR plan can . . . be held liable under the Fifth Amendment for their deliberate indifference to sexual harassment committed by a federal judiciary employee or supervisor against another federal judiciary employee." *Strickland*, 32 F.4th at 359 (citing *Feminist Majority Foundation v. Hurley*, 911 F.3d 674, 702–03 (4th Cir. 2018)). "This conclusion is based on the principle that the Fifth Amendment's Equal Protection Clause secures a federal judiciary employee's right to be free from sexual harassment in the workplace. It thus both guards against sexual harassment perpetrated by other federal judiciary employees and protects federal judiciary employees from deliberate indifference on the part of federal judicial employees charged with preventing sexual harassment and investigating complaints of sexual harassment." *Id.* The Fourth Circuit held that Strickland's complaint alleged each of the elements of a deliberate indifference claim, including that (1) she "was subjected to sexual harassment by the First Assistant"; (2) she "reported the sexual harassment to various judiciary employees, some of whom alerted the FPD to the harassment"; (3) Defendants "'fail[ed] to take immediate and effective action on

her complaints,' and also 'fail[ed] to provide her with meaningful review or remedies'" (quoting Complaint ¶ 498); and (4) Defendants' "failure to take proper corrective action was intentional and motivated by their intent to discriminate against her because of her gender." *Id.* at 360.

These facts cannot be meaningfully disputed. To begin with, Strickland was subjected to sexual harassment, sex discrimination, and retaliation. Defendants themselves acknowledge that "disciplinary action" was taken based on Strickland's report of wrongful conduct under the EDR Plan. *See* Roe Decl., Ex. C, at 73; *see also* Martinez Decl., ¶¶ 99, 101–03 (stating that he "personally counseled" the First Assistant and that he "received counseling" under Chapter IX of the Fourth Circuit EDR Plan); Ishida Decl., ¶ 11 (stating that Chief Judge "took appropriate action under Chapter IX of the EDR Plan"). The taking of disciplinary action against the Defender and the First Assistant after investigation of Strickland's EDR claim necessarily required findings of violations of Strickland's rights under the EDR Plan. *See* EDR Plan Ch. IX ("Employees found by the Chief Judge and/or unit executive to have engaged in wrongful conduct, as defined in this Plan, may be subject to disciplinary action."). Defendants' self-serving assertion in their summary judgment response that Strickland was not subjected to discrimination is "blatantly contradicted" by the record, including Defendants' own decision to take disciplinary action against the Defender and the First Assistant, and should not be

9

adopted for summary judgment purposes. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Defendants also cannot reasonably dispute that they were deliberately indifferent to the harassment. In response to Strickland's summary judgment motion, Defendants largely did not dispute the facts surrounding their handling of her report of sexual harassment, sex discrimination, and retaliation. Instead, Defendants claimed that their actions were reasonable and that they properly administered the EDR Plan. *See* ECF No. 78, at 16–24. The Fourth Circuit disagreed, holding that Strickland's allegations clearly stated a claim of deliberate indifference. *Strickland*, 32 F.4th at 359. Defendants also asserted that they conducted an appropriate investigation, but they did not produce any admissible evidence to support that claim. *See* Fed. R. Civ. P. 56(c)(4) (facts used on summary judgment must "be admissible in evidence"). Defendants instead relied on hearsay quotations from an investigation report that they refused to provide to Strickland or to this court, but that is plainly not admissible evidence. *United States Dept. of Housing and Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc.*, 64 F.3d 920, 926 (4th Cir. 1995) ("[H]earsay, like other evidence inadmissible at trial, is ordinarily an inadequate basis for summary judgment."). Because Defendants failed to produce any competent, admissible evidence to refute Strickland's showing of deliberate indifference, no reasonable factfinder

10

Case 1:20-cv-00066-WGY   Document 116-1   Filed 06/21/22   Page 10 of 16

could find in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." (internal quotation marks and citation omitted)).

Strickland's summary judgment motion, timely filed on August 17, 2020, remains pending before this court, and is fully briefed and ripe for decision. Rule 56 expressly authorizes a summary judgment motion at any time prior to the close of discovery. Fed. R. Civ. P. 56(b). If a party opposes summary judgment as premature, it bears the burden of demonstrating via declaration the "specified reasons" why it "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). As the Fourth Circuit has explained, a "nonmoving party cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the district court ruled." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). A party's mere belief that the case was in a pre-summary judgment phase and that discovery would come later is not enough to meet Rule 56(d)'s requirement. *See Jeffries v. Barr*, 965 F.3d 843, 855 (D.C. Cir. 2020) (Rule 56(d) motion must be resolved based on "the specific facts and

circumstances presented in the request, rather than on the basis of presumptions about a given stage of litigation" (quotation omitted)). Here, Defendants did not file a declaration pursuant to Rule 56(d) with "specified reasons" why they would need discovery to oppose Strickland's summary judgment motion. Accordingly, Defendants have provided no basis to delay decision on Strickland's summary judgment motion.

Finally, Strickland's motion for summary judgment should be granted on the alternative ground that Defendants "fail[ed] to properly support an assertion of fact" and "fail[ed] to properly address [Strickland's] assertion[s] of fact." Fed. R. Civ. P. 56(e). Strickland previously raised this argument in her motion to strike defendants' summary judgment responses (ECF No. 90), which she incorporates by reference here. This court ordered a summary judgment deadline of October 1, 2020 with the consent of all parties. Entry Order Dated May 11, 2020; ECF No. 34, at 4. That order clearly permitted the parties to take discovery, given that the purpose of a summary judgment motion is to evaluate the evidence *after* "the plaintiff has had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257; *id.* at 250 n.5 (court assumes at the summary judgment stage "that both parties have had ample opportunity for discovery"). Indeed, the parties recognized this when they agreed that discovery would end on September 1, 2020, thirty days before the summary judgment deadline. ECF No. 34, at 4; *see also* Fed. R. Civ. P.

12

Case 1:20-cv-00066-WGY   Document 116-1   Filed 06/21/22   Page 12 of 16

56(b) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").

Despite this court's crystal-clear order, Defendants failed to participate in discovery, and then proceeded to oppose Strickland's summary judgment motion with five witnesses and hundreds of pages of exhibits that they never disclosed in discovery. ECF No. 78. Defendants did not move to stay discovery. *See United States v. Any & All Assets of That Certain Bus. Known as Shane Co.*, 147 F.R.D. 99, 101 (M.D.N.C. 1992) ("The motion to stay, in reality, seeks a protective order pursuant to Fed. R. Civ. P. 26(c) and thus the petitioner must show good cause for such an order."); *see also Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) ("[a] motion to dismiss does not automatically stay discovery," and so "[t]he moving party bears the burden of demonstrating good cause under Fed. R. Civ. P. 26(c)" (citation omitted)). Defendants instead asserted that discovery was not authorized based on their interpretation of a local rule regarding "joinder of issues." Def.'s Joint Mot. to Set Deadline to Respond to Early Discovery Requests, ECF No. 51, at 2. That position is frivolous and nonsensical. It is well-established that a local rule is not binding on this court and does not override a court order setting a specific filing deadline. *See* LCvR 1.1 ("The Local Civil Rules which follow are intended to provide case participants with procedures that supplement the Federal Rules of Civil Procedure. They are not intended to

bind any judicial officer to any particular course of action or result."). Nor can a local rule override the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 83 ("A local rule must be consistent with . . . federal statutes and rules . . . ."). Defendants' citation of a local rule is thus totally unresponsive to this court's pretrial order of May 11, 2020, and attempts to sidestep the applicable Federal Rules of Civil Procedure.[3] Defendants' failure to participate in discovery was plainly unjustified, and it prejudiced Strickland by depriving her of the ability to receive any discovery before the summary judgment deadline. Because Defendants failed to participate in discovery, they should be precluded at the summary judgment stage from relying on evidence they should have produced in discovery. *See* Fed. R. Civ. P. 56(e)(3) (when a party fails to properly support their assertions of fact, the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it").

## CONCLUSION

For all these reasons, Strickland's motion for partial summary judgment against the official capacity defendants (ECF No. 60), should be granted.

This the 21st day of June, 2022.

---

[3] Moreover, even if the local rule were relevant, Defendants' interpretation of the rule is incorrect because joinder of issues did occur here, as Strickland explained in her motion to strike. *See* ECF No. 87-1, at 10–11.

14

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

 Gill P. Beck at Gill.Beck@usdoj.gov

 Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

 Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

              */s/ Cooper Strickland*
              Cooper Strickland
              N.C. Bar No. 43242
              P.O. Box 92
              Lynn, NC 28750
              Tel. (828) 817-3703
              cooper.strickland@gmail.com