IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST
THE OFFICAL CAPACITY DEFENDANTS**

Defendants respectfully submit this response to Plaintiff's Motion for Leave to File a Supplemental Memorandum in Support of Her Motion for Partial Summary Judgment Against the Official Capacity Defendants. ECF No. 116. Defendants take no position on Plaintiff's request to supplement her summary judgment motion, but for the reasons discussed below, Defendants submit that the appropriate next step in this case is for the parties to confer about a proposed schedule to govern the timing of discovery and other relevant events in this litigation. Defendants further note that early summary judgment motions are generally disfavored.

**PROCEDURAL HISTORY**

Plaintiff filed her complaint in this matter on March 3, 2020, and Defendants filed motions to dismiss on June 5, 2020. *See* ECF Nos. 1, 36-45. While those motions to dismiss were pending, Plaintiff filed a Motion for Partial Summary Judgment Against the Official Capacity and Entity Defendants, ECF No. 60, and later filed a Motion for Partial Summary Judgment Against the Individual-Capacity Defendants, ECF No. 76.

1

The Court granted Defendants' motions to dismiss on December 30, 2020, ECF No. 102, and Plaintiff appealed. On April 26, 2022, the Fourth Circuit issued an opinion affirming in part and reversing in part this Court's judgment. *See Strickland v. United States*, 32 F.4th 311 (4th Cir. 2022). The Fourth Circuit also denied Plaintiff's motion to vacate this Court's judgment and to disqualify/recuse this Court and the panel assembled to hear the appeal. *Id*. at 377.

The Fourth Circuit's mandate issued on June 21, 2022. That same day, Plaintiff filed her Motion for Leave to File a Supplemental Memorandum in Support of Her Motion for Partial Summary Judgment Against the Official Capacity Defendants.

## **ARGUMENT**

Defendants see little benefit to litigating Plaintiff's summary judgment motion at this phase of the case as it appears the parties and the Court would benefit from the development of a more complete factual record. For this reason, Defendants respectfully submit that the next appropriate step is for the parties to confer about a proposed schedule to govern the timing of discovery and other relevant events in this litigation.[1] Although Plaintiff's pursuit of summary judgment before the commencement of discovery suggests Plaintiff believes discovery is unnecessary to her case, Defendants intend to serve discovery requests on Plaintiff and potentially on various third parties as well. Accordingly, the Court should order the parties to confer and submit a joint proposed scheduling order within 21 days after Defendants file their answer.[2]

Despite their request that the parties should be ordered to submit a schedule allowing for discovery, Defendants take no position on whether Plaintiff should be allowed to file a supplement

---

[1] Early in the case, the parties submitted a Joint Statement and Proposed Case Management Schedule, ECF No. 34, but that filing did not result in entry of a scheduling order, and the proposals in that filing have been overtaken by events.

[2] Defendants recently moved for an order setting July 29, 2022 as the deadline for Defendants to file their answer.

2

Case 1:20-cv-00066-WGY   Document 121   Filed 07/03/22   Page 2 of 4

to her summary judgment motion at this time. Defendants observe, however, that early summary judgment motions are generally disfavored as an inefficient use of the parties' and the courts' resources. *See Matini v. Reliance Standard Life Ins. Co.*, 2005 U.S. Dist. LEXIS 25629, at *7 (E.D. Va. Oct. 24, 2005) (courts approach pre-answer summary judgment motions "with extreme caution"); *Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) ("[C]ourts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete."); *Kuperman v. ICF Int'l*, 2008 U.S. Dist. LEXIS 17290, at *3–*4 (E.D. La. Mar. 5, 2008) (pre-answer motion for summary judgment "denied without prejudice as premature"). Care is required when a party files an early summary judgment motion because such motions can be "used to harass or inconvenience the nonmovant." 11 Moore's Federal Practice - Civil § 56.60 (2022).

Finally, if the Court grants Plaintiff leave to file a supplemental memorandum in support of her summary judgment motion, it should likewise allow Defendants to file their own supplemental memorandum and supporting evidence to respond to the arguments in Plaintiff's supplemental brief. Plaintiff should not be permitted to expand on the arguments raised in her summary judgment motion unless Defendants have a similar opportunity regarding their opposition. Plaintiff's proposed supplemental memorandum contains new arguments and analysis to which Defendants have not had the opportunity to respond. *See* ECF No. 116-1. Accordingly, if the Court grants Plaintiff's motion for leave, it should order that Defendants may file a supplemental memorandum and supporting evidence within 28 days of the issuance of the Court's order granting Plaintiff's motion for leave.

Respectfully submitted,

BRIAN D. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

s/*Joshua Kolsky*
JOSHUA M. KOLSKY
RACHAEL L. WESTMORELAND
Trial Attorneys
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Counsel for Defendants*