IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| **CARYN DEVINS STRICKLAND,** | ) |
| *Plaintiff*, | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| **UNITED STATES,** *et al.*, | ) |
| *Defendants*. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR DEFAULT JUDGMENT

Plaintiff Caryn Devins Strickland respectfully requests that this court enter default judgment against Defendants under Federal Rules of Civil Procedure 16(f), 37(b), and 55(b), (d). Defendants have repeatedly failed to comply with this court's pretrial order, which states as follows:

> Th[is] case is placed on the running trial list for January 2021. A joint pretrial memorandum is due on or before December 1, 2020. A final pretrial conference will be held in December 2020. Any motions for summary judgment shall be filed on or before October 1, 2020. Counsel shall filed a joint proposed case management schedule within two weeks. . . . .

Entry Order Dated May 11, 2020.

By setting a summary judgment motions date of October 1, 2020, this court's order required the parties to begin discovery. The parties therefore had

1

their Rule 26(f) conference on May 20, 2020. ECF No. 34, at 1. Strickland served her initial disclosures that day in compliance with Federal Rule of Civil Procedure 26(a)(1). *See id.* at 3; Fed. R. Civ. P. 26(a)(1)(A) (stating that "a party must, without awaiting a discovery request, provide to the other parties" a list of witnesses and information they may use to support their claims or defenses). On May 25, 2020, the parties stipulated in their joint statement and proposed case management schedule that discovery would end on September 1, 2020. ECF No. 34, at 4 ("Completion of all non-expert discovery. <u>Parties' Joint Proposal</u>: **September 1, 2020.**"). That stipulation was consistent with the court's pretrial order and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").

Contrary to this court's order and the parties' stipulation regarding discovery, Defendants failed to participate in discovery. Defendants did not move this court to stay discovery or to reset the dispositive motions deadlines. Strickland timely served her initial disclosures on May 20, 2020, but Defendants disregarded their deadline of June 3, 2020 to serve initial disclosures, and never served them. Nor was there any stipulation or court order setting a different deadline for serving initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(C) (providing that initial disclosures are due "within 14 days after the parties' Rule 26(f)

2

conference unless a different time is set by stipulation or court order"); *see also* ECF No. 34, at 3 (parties' proposals for initial disclosures). Defendants also failed to provide discovery in response to Strickland's interrogatories, requests for production, and requests for admission. *See* Fed. R. Civ. P. 33(b)(2) (party must respond "within 30 days after being served with the interrogatories"); Fed. R. Civ. P. 34(b)(2) (party must respond "in writing within 30 days after being served" with requests for production); Fed. R. Civ. P. 36(a)(3) (party has 30 days to respond to request for admission, or else the "matter is admitted").

Strickland then timely filed her motion for summary judgment, in compliance with this court's order setting October 1, 2020 as the deadline. ECF No. 60. Having refused to participate in discovery, having missed their deadline for filing initial disclosures, and having failed to move to stay discovery or reset deadlines provided by this court and the Rules, Defendants then proceeded to present, in their opposition to Strickland's summary judgment motion, a litany of witness declarations and exhibits that Defendants never disclosed in discovery. *See* ECF No. 78; *see also* ECF No. 94. Defendants' latest filings signal that they intend to continue with these lawless gambits by providing further "supporting evidence" that they never disclosed in discovery. ECF No. 121, at 3.

Defendants' conduct is sanctionable under Federal Rule of Civil Procedure 16(f)(1), which applies when a party "fails to obey a scheduling or other pretrial

3

order" or "does not participate in good faith" in a scheduling conference, as well as under Federal Rule of Civil Procedure 37(b)(2)(A), which applies when a party "fails to obey an order to provide or permit discovery." Defendants did not participate in good faith in the scheduling conference that resulted in the September 1, 2020 deadline for discovery. While refusing to participate in discovery, they still stipulated in the parties' joint statement as to when discovery would end. Defendants also failed to obey this court's pretrial order to provide or permit discovery. Rule 37 provides for a variety of sanctions for this conduct, including "default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi); *see* Fed. R. Civ. P. 16(f)(1).

Following remand from the Court of Appeals, Defendants are continuing their pattern of ignoring this court's orders and attempting to sidestep the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 12(a)(4)(A), because the Court of Appeals' mandate was entered on June 21, 2022, Defendants' answer was due on or before July 5, 2022. *See Norton v. Rosier*, No. 7:14-CV-260-BO, 2016 WL11662177, at *1 (E.D.N.C. June 28, 2016) (deadline to file an answer is "fourteen days from the date of entry of the order of th[e] Court effecting the mandate of the court of appeals"); *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977) ("defendants had [14] days from notification of [the reversal on appeal] in which to file their answer"). Defendants neither filed an answer on

4

Case 1:20-cv-00066-WGY    Document 122-1    Filed 07/06/22    Page 4 of 12

or before July 5, 2022, nor sought an extension of time to file their answer under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(b)(1) (providing that the court "may, for good cause, extend the time"). Instead, on Sunday, July 3, 2022, during the holiday weekend and on the eve of the answer deadline, Defendants filed a motion to "set" their answer deadline for July 29, 2022. ECF No. 120. Defendants claimed that it is unclear whether their answer is due within 14 days under Federal Rule Civil Procedure 12(a)(4)(A), which governs answers filed after the denial of a motion to dismiss, or within 60 days under Federal Rule Civil Procedure 12(a)(2), which governs answers filed after federal officials are served with a lawsuit. *See id.* at 1–2. They claimed that this purported ambiguity entitled them to "set" a new deadline of their own that gives them more time than Rule 12(a)(4)(A) allows. *Id.* What is clear from their eleventh-hour motion is that instead of seeking timely clarification from this court within the parameters set by the Federal Rules of Civil Procedure, Defendants instead undertook to decide for themselves not to comply with the July 5, 2022 deadline. They instead sought to buy more time from this court using an "ask for forgiveness, not permission" approach.

     Moreover, Defendants missed the deadline to serve their initial disclosures for the second time on July 5, 2022. Under Federal Rule of Civil Procedure 26(a), "a party must, without awaiting a discovery request, provide to the other parties" a

5

list of witnesses and information they may use to support their claims or defenses. Fed. R. Civ. P. 26(a)(1)(A). The initial disclosures are due "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). The purpose of this rule "is to allow the parties to adequately prepare their cases for the trial and avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). Thus, a party who fails to provide information or identify a witness in their initial disclosures "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This sanction is "automatic" and "self-executing." Fed. R. Civ. P. 37(c), Advisory Comm. Notes (1993).

In this case, the parties had their Rule 26(f) conference on May 20, 2020. ECF No. 34, at 1. Strickland timely served her initial disclosures, *see id.* at 3, but Defendants failed to serve their initial disclosures by the deadline of June 3, 2020, *see id.* Instead, Defendants proposed to provide them "by **14 days** following the Court's ruling on Defendants' motions to dismiss . . . and the resolution of any subsequent appeal." ECF No. 34, at 3. That more generous deadline proposed by Defendants has also now come and gone without excuse.

Defendants have made no argument that their failure to comply with the deadline for discovery is substantially justified or harmless, as they are required to

6

show under Rule 37(c)(1). To the contrary, Defendants' failure to comply with their discovery obligations is neither substantially justified nor harmless. The Fourth Circuit held that Strickland may not recover any back pay directly in federal district court. *Strickland v. United States*, 32 F.4th 311, 369–71 (4th Cir. 2022). Thus, at a minimum, Defendants' delays have caused Strickland irreparable harm in the form of lost earnings she may never recover. Defendants' failure to serve their initial disclosures is not substantially justified or harmless, and they are subject to Rule 37's "automatic" and "self-executing" sanction, which prevents them from using the information and witnesses they failed to provide in their initial disclosures on a motion, at a hearing, or at trial. Fed. R. Civ. P. 37(c), Advisory Comm. Notes (1993).

Defendants' failure to serve their initial disclosures also thwarted the possibility of an early settlement in this case. A major purpose of Rule 26(a)'s "duty to disclose" information is so that the parties can "make an informed decision about settlement." Fed. R. Civ. P. 26(a), Advisory Comm. Notes (1993). Defendants also agreed "to engage in good faith efforts to resolve this dispute," and agreed that a mediated settlement conference "would be most useful if conducted no later than the close of non-expert discovery." ECF No. 34, at 6. Contrary to this agreement, Defendants rebuffed Strickland's repeated attempts to initiate settlement discussions. On one instance, Defendants' counsel responded to

7

Strickland's counsel's mediation inquiry by stating, in part, that "requir[ing] Chief Judge Gregory, Mr. Ishida, Ms. Walter, and the Federal Defender, in particular, to suspend their schedules for a full day—if not days—would involve them taking their time away from their official duties and would impose a burden on the judicial system not only at the local level, but at the Fourth Circuit and national levels."

Under these circumstances, the Federal Rules of Civil Procedure require that default judgment be entered against Defendants. Defendants have failed to answer the complaint, and "[t]he effect of failing to deny the allegations of the Complaint is that all allegations, other than the amount of damages, are deemed admitted by failure to deny." *United States v. Flynn*, No. 5:10-CV-2, 2011 WL 2173705, at *2 (W.D.N.C. June 2, 2011). Defendants have also failed to comply with their discovery obligations or to engage in the pretrial process in good faith. *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (holding that default judgment may be imposed "as a sanction for the defendants' failure to participate in discovery"); *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (upholding $8.9 million dollar default judgment award as a sanction for discovery violations); *Young Again Products, Inc. v. Acord*, 459 Fed. Appx. 294, 300-303 (4th Cir. 2011) (unpublished) (upholding $3.8 million default judgment award for discovery violations and abuse of the pretrial process).

Indeed, as noted above, Defendants are automatically barred from presenting any evidence in a motion, in a hearing, or at trial under Rule 37(c). This, alone, makes default judgment inevitable. *See Karum Holdings LLC v. Lowe's Companies, Inc.*, 895 F.3d 944, 953 (7th Cir. 2018) (holding that Rule 37(c) sanctions may be "case-determinative").

Strickland also meets the requirements for default judgment against the United States, because the evidence in the record "establishes [her] claim or right to relief." Fed. R. Civ. P. 55(d). Strickland's allegations are supported by her verified complaint and the evidence submitted in support of her summary judgment motion. *See* ECF No. 60. As Strickland explained in her supplemental memorandum in support of summary judgment, ECF No. 116, the Fourth Circuit ruled in her favor on the merits of her due process and equal protection claims. *Strickland*, 32 F.4th at 321. In its ruling, the Fourth Circuit identified certain facts as being dispositive of Strickland's claims. *Id.* at 355–56 (due process); *id.* at 358–60 (equal protection). In light of this specific guidance, no reasonable factfinder could find in favor of Defendants on the due process and equal protection claims, and Strickland is entitled to judgment in her favor. ECF No. 116-1, at 5–14.

As for the remedy, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In this case, Strickland "seeks a declaration that the actions that the Official Capacity

9

Defendants took were unconstitutional" and "she expressly requests in her complaint that she be awarded front pay in lieu of reinstatement." *Strickland*, 32 F.4th at 366; *see* Complaint at 84. The Fourth Circuit held that front pay in lieu of reinstatement is an "equitable remedy" that is not barred by sovereign immunity. *Strickland*, 32 F.4th at 366. Accordingly, this court should enter an order declaring that Defendants violated Strickland's constitutional rights and award her front pay in lieu of reinstatement.

Strickland's front pay calculations are part of the factual record courtesy of Defendants, who filed them in this court. *See* Ex. A (Plaintiff's Initial Disclosures). In her requests for admission, Strickland also requested that Defendants admit that the amount of front pay calculated in her initial disclosures is correct. *See* Ex. B (Plaintiff's First Requests for Admission). Defendants did not deny that amount, and so it is admitted. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). Strickland's front pay amount is supported by the evidence, including Defendants' own admissions, and the record contains no other contrary evidence.

In sum, this court should enter default judgment against Defendants. The court should enter an order declaring that Defendants violated Strickland's constitutional rights and award her front pay in lieu of reinstatement.

This the 6th day of July, 2022.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com