# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )   Civil No. 1:20-cv-00666 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |
| | ) |

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Jane Roe hereby submits her initial disclosures. These initial disclosures are based on the information reasonably available to Plaintiff at this time, and are made without waiving any objections as to relevance, materiality or admissibility of evidence in the action. Plaintiff reserves the right to revise, correct, supplement or clarify the disclosures at any time, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

1. The following individuals are likely to have discoverable information that Plaintiff may use to support her claims and defenses in this action:

| Name | Title and Organization | Contact Information | Subject Matter |
|---|---|---|---|
| ▓▓▓▓▓▓ | Counselor to the Chief Justice, Office of the Counselor to the Chief Justice | ▓▓▓▓▓▓ Washington DC 20543 | Knowledge of events alleged in complaint and mitigation efforts |
| ▓▓▓▓▓▓ | Special Assistant, Office of the Counselor to the Chief Justice | ▓▓▓▓▓▓ Washington DC 20543 ▓▓▓▓▓▓ | Knowledge of events alleged in complaint |

1

| | Special Assistant, Office of the Counselor to the Chief Justice | ▮▮▮▮▮<br>Washington DC 20543<br>▮▮▮▮▮ | Knowledge of events alleged in complaint and mitigation efforts |
|---|---|---|---|
| James Duff | Director, Administrative Office of the U.S. Courts | ▮▮▮▮▮<br>Washington, D.C. 20544<br><br>Unknown Phone Number | Knowledge of events alleged in complaint and mitigation efforts |
| ▮▮▮▮▮ | Deputy Director, Administrative Office of the U.S. Courts | ▮▮▮▮▮<br>Washington, D.C. 20544<br><br>Unknown Phone Number | Knowledge of events alleged in complaint |
| ▮▮▮▮▮ | Judicial Integrity Officer, Administrative Office of the U.S. Courts | ▮▮▮▮▮<br>Washington, D.C. 20544<br><br>▮▮▮▮▮ | Knowledge of events alleged in complaint |
| ▮▮▮▮▮ | Associate Director (Ret.), Administrative Office of the U.S. Courts | Unknown Address<br><br>▮▮▮▮▮ | Knowledge of events alleged in complaint |
| ▮▮▮▮▮ | Fair Employment Opportunity Officer (Ret.), Administrative Office of the U.S. Courts | Unknown | Knowledge of events alleged in complaint |
| ▮▮▮▮▮ | Attorney, Fair Employment Opportunity Office, Administrative Office of the U.S. Courts | ▮▮▮▮▮<br>Washington, D.C. 20544<br><br>▮▮▮▮▮ | Knowledge of events alleged in complaint |
| ▮▮▮▮▮ | Chief, Defender Services Office, Administrative Office of the U.S. Courts | ▮▮▮▮▮<br>Washington, D.C. 20544<br><br>Unknown Phone Number | Knowledge of events alleged in complaint |

| Sheryl Walter | General Counsel, Office of the General Counsel, Administrative Office of the U.S. Courts | Washington, D.C. 20544 <br><br> Unknown Phone Number | Knowledge of events alleged in complaint |
| --- | --- | --- | --- |
| Roger Gregory | Chief Circuit Judge, United States Court of Appeals for the Fourth Circuit | ███ <br> Richmond, VA 23219 <br> ███ | Knowledge of events alleged in complaint and Plaintiff's mitigation efforts |
| ███ | Circuit Judge, United States Court of Appeals for the Fourth Circuit | ███ <br> ███ | Knowledge of events alleged in complaint and Plaintiff's mitigation efforts |
| ███ | Circuit Judge, United States Court of Appeals for the Fourth Circuit | ███ <br> Phone Number Unknown | Knowledge of events related to Plaintiff's mitigation efforts |
| ███ | District Judge, United States District Court for the Western District of North Carolina | ███ <br> ███ | Knowledge of, and public testimony regarding, misconduct in federal defender office; knowledge of Plaintiff's mitigation efforts |
| ███ | Chief District Judge, United States District Court for the Western District of North Carolina | ███ <br> ███ | Knowledge of misconduct in federal defender office |
| ███ | District Judge, United States District Court for the Western District of North Carolina | ███ <br> ███ | Knowledge of events alleged in complaint and Plaintiff's mitigation efforts |
| ███ | Magistrate Judge, United States District Court for the Western District of North Carolina | ███ <br> ███ | Knowledge of Plaintiff's mitigation efforts |

| Name | Title | Address | Knowledge |
|---|---|---|---|
| James Ishida | Circuit Executive, United States Court of Appeals for the Fourth Circuit | ███ Richmond, VA 23219 ███ | Knowledge of events alleged in complaint and Plaintiff's mitigation efforts |
| ███ | Chief Circuit Mediator, United States Court of Appeals for the Fourth Circuit | ███ | Knowledge of events alleged in complaint and Plaintiff's mitigation efforts |
| ███ | Human Resources Administrator, United States Court of Appeals for the Fourth Circuit | ███ | Knowledge of events alleged in complaint |
| ███ | Law Clerk to Chief Judge Gregory, United States Court of Appeals for the Fourth Circuit | ███ | Knowledge of events alleged in complaint |
| ███ | Human Resources Specialist, United States District Court for the Western District of North Carolina | ███ | Knowledge of events alleged in complaint and Plaintiff's mitigation efforts |
| ███ | Of Counsel, ███ Law | ███ | Knowledge of events alleged in complaint through investigation of ███ EDR complaint |
| ███ | Federal Public Defender, Office of the Federal Public Defender for the Western District of Virginia | ███ | Knowledge of events related to Plaintiff's mitigation efforts |

| | Appellate Chief, Office of the Federal Public Defender for the Western District of North Carolina | | Knowledge of events alleged in complaint |
|---|---|---|---|
| | Assistant Federal Public Defender, Office of the Federal Public Defender for the Western District of North Carolina | | Knowledge of events alleged in complaint |
| | Assistant Federal Public Defender, Office of the Federal Public Defender for the Western District of North Carolina | | Knowledge of events alleged in complaint |
| | Paralegal, Office of the Federal Public Defender for the Western District of North Carolina | | Knowledge of events alleged in complaint |
| | Investigator, Office of the Federal Public Defender for the Western District of North Carolina | | Knowledge of events alleged in complaint |
| Anthony Martinez | Federal Public Defender, Office of the Federal Public Defender for the | Charlotte, NC 28202 | Knowledge of events alleged in complaint |

| | | | |
|---|---|---|---|
| | Western District of North Carolina | | |
| ▓ | First Assistant, Office of the Federal Public Defender for the Western District of North Carolina | ▓ | Knowledge of events alleged in complaint |
| ▓ | Administrative Officer, Office of the Federal Public Defender for the Western District of North Carolina | ▓ | Knowledge of events alleged in complaint |
| ▓ | Assistant Federal Public Defender, Office of the Federal Public Defender for the Western District of North Carolina | ▓ | Knowledge of events alleged in complaint |
| ▓ | Assistant Federal Public Defender, Office of the Federal Public Defender for the Western District of North Carolina | ▓ | Knowledge of events alleged in complaint |
| ▓ | Assistant Federal Public Defender, Office of the Federal Public Defender for the Western District of North Carolina | ▓ | Knowledge of events alleged in complaint |
| ▓ | Assistant Federal Public Defender, Office of the Federal Public Defender for the Western District of North Carolina | ▓ | Knowledge of events alleged in complaint and Plaintiff's mitigation efforts |

| | Assistant Federal Public Defender, Office of the Federal Public Defender for the Western District of North Carolina | | Knowledge of events alleged in complaint |
|---|---|---|---|
| | Paralegal, Office of the Federal Public Defender for the Western District of North Carolina | | Knowledge of events alleged in complaint |
| | Senior Legal Assistant, Office of the Federal Public Defender for the Western District of North Carolina | | Knowledge of events alleged in complaint |
| | Assistant Computer Systems Administrator, Office of the Federal Public Defender for the Western District of North Carolina | | Knowledge of events alleged in complaint |
| | Computer Systems Administrator, Office of the Federal Public Defender for the Western District of North Carolina | | Knowledge of events alleged in complaint |
| | Assistant Federal Public Defender (former), Office of the Federal Public Defender for the Western District of North Carolina | Unknown Address | Knowledge of events alleged in complaint |
| | Investigator (former), Office of the Federal Public Defender for the Western District of North Carolina | Unknown | Knowledge of events alleged in complaint |

| | | | |
|---|---|---|---|
| ▆▆▆ | Assistant Federal Public Defender (former), Office of the Federal Public Defender for the Western District of North Carolina | Unknown Address ▆▆▆ | Knowledge of events alleged in complaint and Plaintiff's mitigation efforts |
| ▆▆▆ | Investigator (former), Office of the Federal Public Defender for the Western District of North Carolina | Unknown Address ▆▆▆ | Knowledge of events alleged in complaint |
| ▆▆▆ | Research & Writing Attorney (former), Office of the Federal Public Defender for the Western District of North Carolina | Unknown Address ▆▆▆ | Knowledge of events alleged in complaint and Plaintiff's mitigation efforts |
| ▆▆▆ | Assistant Federal Public Defender (former), Community Defender Office for the Western District of North Carolina | Unknown Address ▆▆▆ | Knowledge of misconduct by federal defender office |
| ▆▆▆ | Assistant Federal Public Defender (former), Community Defender Office for the Western District of North Carolina | ▆▆▆ | Knowledge of events alleged in complaint; knowledge of misconduct by federal defender office |
| ▆▆▆ | ▆▆▆ | ▆▆▆ | Knowledge of events alleged in complaint; knowledge of Plaintiff's psychological harm, emotional distress, humiliation, and embarrassment |

| | Wellness Professional | | Knowledge of Plaintiff's psychological harm, emotional distress, humiliation, and embarrassment |
|---|---|---|---|
| | | | Knowledge of Plaintiff's job performance and Plaintiff's mitigation efforts |

2. Plaintiff submits the following description of documents, electronically stored information or tangible things that she may use to support her claims or defenses, by category:

| **Category** | **Location** |
|---|---|
| **EDR Complaint**—including but not limited to filings, supporting documentation, correspondence, notes, recordings. | Office of Plaintiff's Counsel |
| **Documents related to Plaintiff's EDR Complaint in Defendants' possession**—including but not limited to AO guidance and communications, investigation report, disqualification, disciplinary action, correspondence between defendants, and EDR Complaint file maintained by EDR Coordinator. | Federal Defender Office/Fourth Circuit Court of Appeals and/or Administrative Office of the U.S. Courts |
| **Correspondence to Defendants**—various correspondence to Defendants concerning the claims and issues in the instant suit, including but not limited to claims of harassment, discrimination, and retaliation, efforts to transfer, and mitigation efforts. | Office of Plaintiff's Counsel |
| **Correspondence between Defendants**—various correspondence between Defendants concerning the claims and issues in the instant suit, including but not limited to Plaintiff's complaints of harassment, retaliation, and discrimination and any actions taken on those complaints. | Federal Defender Office/Fourth Circuit Court of Appeals/Administrative Office of the U.S. Courts |

9

| | |
|---|---|
| **Administrative Records**—various documents relating to personnel policies and procedures in FDO, anti-discrimination policies and procedures, Plaintiff's personnel record and job applications, and employee discrimination complaints. | Federal Defender Office/Fourth Circuit Court of Appeals/Administrative Office of the U.S. Courts |
| **Documents relating to Plaintiff's damages and mitigation efforts**—including but not limited to resumes, job applications, pay stubs, personal notes, and correspondence. | Office of Plaintiff's Counsel |

3. Plaintiff has not yet fully computed her damages, nor can she do so absent discovery, as various documents and information required for Plaintiff's computation are in the possession and control of Defendants or third parties. Below is set forth a preliminary estimate of damages based on the documents now available to Plaintiff:

    a. *Future pecuniary loss/lost future earnings*:

Before and after her constructive discharge, Plaintiff made diligent efforts to find employment with comparable pay and benefits but was unsuccessful. Plaintiff is currently employed ███████████████████████████████████████–the only employer she interviewed with, formally or informally, that did not directly question her departure from Martinez's office, ask to speak with someone from that office about her, or treat her differently from other applicants. Plaintiff has also been ostracized from practicing federal indigent criminal defense in the Western District of North Carolina.

Given the manner in which Plaintiff's departure from the FDO has damaged her professional reputation, her professional references, and future job prospects, Plaintiff's next best employment in her calling for indigent defense is state court-appointed work, which pays substantially less than Plaintiff's job with the FDO and offers no benefits. *See*

10

http://www.ncids.org/FY19%20Effective%20Pay%20Rate%20Overhead%20Report.pdf
(effective pay rate study for court-appointed counsel in North Carolina). Plaintiff intends to pursue this work ████████████████████████

Therefore, Plaintiff's estimate of lost future earnings is calculated as follows. Prior to discovery, and based on the assumptions that (1) Plaintiff would have received a grade increase to JSP-15 in accordance with Defender Services policy, and periodic step increases thereafter in accordance with federal government policy,[1] (2) Plaintiff's total benefits would have been worth approximately 39% of her salary, *see* https://www.cbo.gov/sites/default/files/112th-congress-2011-2012/workingpaper/2012-04fedbenefitswp0.pdf ("Benefits account[] for about 39 percent of total compensation (the sum of wages and benefits) in the federal sector."), (3) ████████ ████████████████████████████████████████████████████████ and (4) Plaintiff's next best employment is practicing as a court-appointed indigent defense attorney, Plaintiff estimates lost earnings of approximately **$ 5.3 million**.

This calculation does not account for the difference in out-of-pocket costs that Plaintiff will incur as a result of disparities in health insurance coverage and other lost federal government benefits. *See* https://www.opm.gov/policy-data-oversight/pay-leave/pay-administration/fact-sheets/federal-employee-compensation-package/ (describing federal government benefits including alternative work schedules, vacation, personal, and sick time, paid holidays, child care subsidies and flexibilities, continuing education and professional development, dental and vision insurance, elder care workplace flexibilities, employee assistance and referral, flexible spending accounts, health insurance, leave to care for family members, life insurance, long-term care

---

[1] This assumption is conservative because it assumes that Plaintiff would have never been promoted (other than step increases within grade).

11

insurance, pay and leave flexibilities, reasonable accommodations, and retirement benefits). Pursuant to Rule 26(e), Plaintiff will supplement these disclosures as she receives more information and documents pertinent to the calculation.

b. *Injury to plaintiff's professional standing, character, and reputation:*

Before the events giving rise to this complaint, Plaintiff had a promising legal career. Immediately before Plaintiff started her position at the Federal Public Defender Office, she served as the



The course of events giving rise to this lawsuit has significantly harmed Plaintiff's legal career and, in the process, damaged her professional reputation and standing within the Fourth Circuit and the federal judiciary. These impacts are long-lasting and are likely to negatively affect the remainder of Plaintiff's career. Plaintiff's damages for the harm to her reputation and standing are unliquidated and will be determined by the trier of fact after all evidence is presented.

c. *Emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life:*

Plaintiff's emotional suffering, humiliation, and mental anguish are especially acute given her history of superlative service to the federal judiciary and the professional connections

12

she developed that will be forever tarnished by the injustice she suffered and the alienation she continues to experience.

For example, Plaintiff was a respected ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Plaintiff relied on the relationships developed through this opportunity and spoke to both AO Director ▮▮▮▮▮ and Counselor to the Chief Justice ▮▮▮▮▮▮▮ about her EDR complaint while it was pending in a plea for help. It is her understanding that they were genuinely troubled by her experience.

Similarly, the employing office's failure to take the most basic remedial actions that are required of any employer under Title VII—punishing Plaintiff by putting her on telework for six months while her harasser continued in his supervisory role and job duties, failing to investigate appropriately, and refusing to take *any* action on Plaintiff's complaints until after she was forced out of her job, to name a few examples—unequivocally signaled to Plaintiff that the career she worked so hard for was worthless.

Plaintiff was a valued employee at the highest levels of the judiciary and given the opportunity to advance based on her recognized merit—until she made a complaint. Then, she was alienated and treated as a liability. Plaintiff was discarded and disadvantaged based solely on her gender, while the men who committed misconduct kept their job titles and supervisory roles.

Beyond the shame, humiliation, and emotional anguish this betrayal has caused, these events have forever shaken Plaintiff's belief in herself, her ambition, and her ability to progress in a male-dominated legal profession. They have caused her trauma and fear that she will be harassed and victimized by other employers—a significant factor in her decision to ▮▮▮▮▮

13

████████ They have shattered her faith in the federal judiciary, the institution to which Plaintiff wanted to devote her career, as a beacon of equality and progress.

The pain, emotional anguish, and humiliation Plaintiff has suffered are unliquidated damages and will be determined by the trier of fact after all evidence is presented.

      d.    *Punitive Damages*:

The Federal Public Defender Office has a long history of discrimination and other misconduct, which was known to Defendants prior to Plaintiff's filing of her EDR complaint. Although the office was recently converted from a Community Defender Office, this change has not deterred employees from engaging in discrimination and other misconduct. Given the evidence of malicious and purposeful discrimination against Plaintiff and the lack of any deterrence value of another prior lawsuit, the office conversion, and multiple other discrimination complaints, punitive damages are warranted in this case as punishment and to deter future misconduct. These damages are unliquidated and will be determined by the trier of fact after all evidence is presented.

      e.    *Back Pay:*

From ████████████████ Plaintiff was employed in a Fourth Circuit clerkship, where she fully mitigated her damages. Since ████████████ Plaintiff has been temporarily employed in an hourly position with no benefits except for a high-deductible health insurance plan. Plaintiff's total compensation in this position, as of her May 1, 2020 pay check, is ██████ Plaintiff's total compensation at the FDO over this period of time would have

14

been $114,261.86 (see subsection (a) for assumptions).[2] Her total back pay over this time period is ███████, and is still accruing.

      f.    *Interest on Back Pay*:

Interest at the highest lawful legal rate allowed by law.

      g.    *Front Pay in lieu of reinstatement*:

Plaintiff's dream job was to be a federal defender, and she was planning to spend the rest of her career in the FDO but for the harassment, discrimination, and retaliation she suffered. ███████████████████████████████████████████████████████████████████████████ However, reinstatement would not be appropriate in this case because (1) no position is available, (2) a subsequent working relationship between the parties would be antagonistic, and (3) the FDO has a record of long-term resistance to anti-discrimination efforts.

For the front pay calculation, Plaintiff refers the parties to subsection (a) above.

      h.    *Court Costs*

These costs will be the actual court costs incurred—amounts continue to accrue.

      i.    *Reasonable Attorney's Fees*

Amount decided by trier of facts after all evidence presented—amounts continue to accrue.

      j.    *Reasonable Expert Fees*

If warranted, amount decided by trier of facts after all evidence presented.

---

[2] While approximate, this number is an underestimate because it relies on the 2019 JSP pay scale.

4. ████████████████████████████

This the 20th Day of May, 2020.

Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Counsel for Plaintiff

# CERTIFICATE OF SERVICE

  I certify that on this 20th day of May, 2020, I have served this document by email on the following counsel for the opposing parties:

Gill P. Beck
Caroline B. McLean
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Gill.Beck@usdoj.gov
Caroline.McLean@usdoj.gov

Joshua M. Kolsky
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 2005
Joshua.kolsky@usdoj.gov

Shannon Sumerell Spainhour
Davis Hartman Wright PLLC
28 Schenck Parkway, Suite 200
Asheville, NC 28803
mss@dhwlegal.com


This the 20th day of May, 2020.

                */s/ Cooper Strickland*
                Cooper Strickland
                N.C. Bar No. 43242
                P.O. Box 92
                Lynn, NC 28750
                Tel. (828) 817-3703
                cooper.strickland@gmail.com

                Counsel for Plaintiff