IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

Strickland's summary judgment motion was timely filed in accordance with this court's pretrial order, and is fully briefed and ripe for decision. To defeat her motion, Defendants must "set forth specific facts showing that there is a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted), or demonstrate via declaration the "specified reasons" why they "cannot present facts essential to justify [their] opposition," Fed. R. Civ. P. 56(d). Defendants have made neither showing. Defendants cannot show that there is a genuine issue for trial because their own sworn declarations largely confirm the truth of Strickland's allegations. *See* ECF No. 116-1, at 5–11. Defendants have

1

also not provided any reason why they need discovery to oppose Strickland's motion, as they are required to do under Rule 56(d). *See id.* at 11–12.

Defendants vaguely assert that they "intend to serve discovery" on Strickland and "potentially" on third parties, ECF No. 121, at 2, but that is precisely the type of assertion that the Fourth Circuit has repeatedly found insufficient under Rule 56(d). *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (citing cases). As the Fourth Circuit has explained, "[w]e, like other reviewing courts, place great weight on the Rule 56[d] affidavit, believing that '[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56[d] to set out reasons for the need for discovery in an affidavit.'" *Id.* (quoting *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995)). Accordingly, if a party was "genuinely concerned" that summary judgment was premature because it had inadequate opportunity for discovery, then it "should have sought relief" under Rule 56(d). *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 972 n. 3 (4th Cir. 1990). Other courts, as well, have held that a bare reference "to the need for additional discovery . . . is not an adequate substitute for a Rule 56[d] affidavit," and that "the failure to file an affidavit under Rule 56[d] is itself sufficient grounds to reject a claim that the opportunity for discovery was

inadequate." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) (citations omitted).

Moreover, even if Defendants could show that they needed discovery, they would not be entitled to it. Defendants failed to participate in discovery during the period authorized under the court's pretrial order and the Federal Rules of Civil Procedure. *See* Entry Order Dated May 11, 2020; *see also* ECF No. 34, at 4 (parties' stipulation to September 1, 2020 as the discovery end date). Defendants also failed to provide their initial disclosures, and so they are automatically barred from putting on any evidence to support their case. *See* Fed. R. Civ. P. 37(c)(1). Under these circumstances, discovery is not allowed, and would serve no purpose.

Defendants' contention that the parties should "confer about a proposed schedule to govern the timing of discovery," ECF No. 121, at 2, is therefore mystifying. Defendants have not provided any reason why they need discovery, let alone why the court should reopen discovery, and there is accordingly nothing for the parties to confer about. The only appropriate course for this court is to rule on Strickland's pending motions, which, if granted, would be entirely dispositive of her claims. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and

effort of all concerned, and to make the most efficient use of judicial resources." (quotation marks and citation omitted)).

The fact that Defendants have not filed an answer changes none of this. An answer is merely a responsive pleading, and cannot be used to raise a dispute of material fact. *See* Fed. R. Civ. P. 8(b); *Pine Ridge Coal Co. v. United Mine Workers of Am.*, 187 F.3d 415, 421 (4th Cir. 1999) (per curiam) (when a summary judgment motion is filed, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading" (citation omitted)). An answer cannot be used to defeat a summary judgment motion, particularly where, as here, the defendants submitted a litany of sworn declarations and exhibits, failed to participate in discovery, and never asserted a need for discovery. *See* ECF No. 78. Moreover, there is no requirement that an answer must be filed before the court can grant plaintiff summary judgment. *See Golinski v. U.S. Office of Pers. Mgmt.*, 824 F. Supp. 2d 968, 1002 (N.D. Cal. 2012) (granting summary judgment in favor of plaintiff in case where no answer was filed).

Defendants cite cases where a summary judgment motion was filed at the outset of litigation, but those cases are not instructive here. ECF No. 121, at 3. In one case, summary judgment was denied because another person had "asserted a competing claim" to the insurance proceeds the plaintiff claimed, and this, alone, was enough to create a genuine issue of material fact. *Matini v. Reliance Standard*

4

*Life Ins. Co.*, No. 1:05CV944 (JCC), 2005 WL 2739030, at *2 (E.D. Va. Oct. 24, 2005). In another case, summary judgment was denied because the plaintiff might have received a "double recovery" if judgment were granted in his favor. *Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016). And in a third case, the *Plaintiffs* moved to continue the hearing on summary judgment until after an answer was filed, seemingly recognizing themselves that their motion was premature. *Kuperman v. ICF Int'l*, No. CIV.A. 08-565, 2008 WL 647557, at *1 (E.D. La. Mar. 5, 2008). In each of those cases, summary judgment was improper because the facts had not yet been developed, and the defendants had not yet had a chance to mount a defense. By contrast, here, Defendants have had ample opportunity to explain why they have not yet been able to muster the facts to oppose Strickland's motion, but have failed to do so.

Apparently recognizing the weakness of their prior summary judgment opposition, Defendants also ask the court to give them a do-over by allowing them to submit another memorandum with further "supporting evidence." ECF No. 121, at 3. That request is not remotely justified by Strickland's motion to file a supplemental memorandum, as Defendants suggest. *Id.* Strickland's supplemental memorandum only provides "further analysis" of her prior motion for summary judgment "in light of the Fourth Circuit's ruling." ECF No. 116. It neither makes "new" arguments nor relies on evidence not already in the record, contrary to

Defendants' assertion. ECF No. 121, at 3. Defendants were provided an opportunity to assert their own take on the Fourth Circuit's ruling in their response to Strickland's motion, but they declined. ECF No. 121, at 2–3. Defendants' suggestion that they should now get a redo to submit "further evidence" is antithetical to the court's pretrial order and the rules of civil procedure, given that they never disclosed any such evidence in discovery or even in their summary judgment opposition. Their continued attempts to defy the court's pretrial order and the rules of civil procedure should be rejected.

This the 11th day of July, 2022.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
