IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
|       *Plaintiff*, | ) |
| | ) |
| v. | )   Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
|       *Defendants*. | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' "MOTION TO SET DEADLINE TO FILE ANSWER"

On July 3, 2022, Defendants filed a "motion to set deadline to file answer" to the complaint. Plaintiff stated at that time that she intended to file a response to Defendants' motion, and that response was due on July 18, 2022. *See* ECF No. 120. Nonetheless, at the July 14, 2022 status conference, without waiting for Plaintiff to file her response, this court set Defendants' answer deadline for July 29, 2022, over Plaintiff's objection. The court's decision ratifying Defendants' lawless proposal was without any apparent regard to the applicable rules of procedure. To preserve her objection on this issue, Plaintiff provides her response stating the basis for her position.

Under Federal Rule of Civil Procedure 12(a)(4)(A), because the Court of Appeals' mandate was entered on June 21, 2022, Defendants' answer was due on

1

or before July 5, 2022.  *See Norton v. Rosier*, No. 7:14-CV-260-BO, 2016 WL11662177, at *1 (E.D.N.C. June 28, 2016) (deadline to file an answer is "fourteen days from the date of entry of the order of th[e] Court effecting the mandate of the court of appeals"); *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977) ("defendants had [14] days from notification of [the reversal on appeal] in which to file their answer").  Defendants neither filed an answer on or before July 5, 2022, nor sought an extension of time to file their answer under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 6(b)(1) (providing that the court "may, for good cause, extend the time").  Instead, on Sunday, July 3, 2022, during the holiday weekend and on the eve of the answer deadline, Defendants filed a motion to "set" their answer deadline for July 29, 2022.  ECF No. 120. Defendants claimed that it is unclear whether their answer is due within 14 days under Federal Rule of Civil Procedure 12(a)(4)(A), which governs answers filed after the denial of a motion to dismiss, or within 60 days under Federal Rule of Civil Procedure 12(a)(2), which governs answers filed after federal officials are served with a lawsuit.  *See id.* at 1–2.  They claimed that this purported ambiguity entitled them to "set" a new deadline of their own that gives them more time than Rule 12(a)(4)(A) allows.  *Id.*  What is clear from their eleventh-hour motion is that instead of seeking timely clarification from this court within the parameters set by the Federal Rules of Civil Procedure, Defendants instead undertook to decide for

themselves not to comply with the July 5, 2022 deadline. They instead sought to buy more time from this court using an "ask for forgiveness, not permission" approach, thus requiring the court to grant their last-minute extension request or bring about default.

Defendants' asserted confusion over the deadline makes little sense. The 60-day deadline under Rule 12(a)(2) exists mainly to provide time to ensure that federal officials are properly served with the complaint, *see* Fed. R. Civ. P. 4(i) (providing special requirements to serve the United States and its officers or employees), and to allow the government to make decisions regarding the representation of federal officials, *see* Fed. R. Civ. P. 12, Advisory Comm. Notes (2000). Those concerns are wholly inapplicable here, because Defendants were served with Strickland's lawsuit more than two years ago, the DOJ determined at that time to provide representation to Defendants, and Defendants have been continuously represented by DOJ counsel since then. Defendants also do not cite a single case holding that a government official has 60 days, rather than 14 days, to answer a complaint after an appellate court reverses a dismissal order. In the out-of-circuit decision they cite, the Eleventh Circuit found the 14-day deadline in Rule 12(a)(4)(A) to be most "analogous," but was understandably reluctant to find a defendant in default who had filed its answer under the 21-day deadline in Rule 12(a)(1) instead. *Greenberg v. Nat'l Geographic Soc*, 488 F.3d 1331, 1341 n.12

(11th Cir. 2007). That reasoning hardly supports the idea that federal officials can take 60 days to file an answer after reversal on appeal, without even having to request court permission.

    This the 18th day of July, 2022.

                                            Respectfully Submitted,

                                            */s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com