UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA (Asheville)

No. 1:20-cv-00066-WGY

CARYN DEVINS STRICKLAND, formerly known as JANE ROE,
      Plaintiff

vs.

UNITED STATES OF AMERICA, et al,
      Defendants

**FILED**
**ASHEVILLE DIVISION**
Aug 03 2022
**U.S. District Court**
**Western District of N.C.**

*********

    For Zoom Hearing Before:
    Judge William G. Young

    Status Conference

    United States District Court
    District of Massachusetts (Boston)
    One Courthouse Way
    Boston, Massachusetts 02210
    Thursday, July 14, 2022

********

    REPORTER: RICHARD H. ROMANOW, RPR
      Official Court Reporter
     United States District Court
One Courthouse Way, Room 5510, Boston, MA 02210
      bulldog@richromanow.com

```
 1                   A P P E A R A N C E S

 2


 3   COOPER J. STRICKLAND, ESQ.
     PROFESSOR JEANNIE SUK GERSEN, ESQ.
 4      Law Office of Cooper Strickland
        P.O. Box 92
 5      Lynn, NC 28750
        (828) 817-3703
 6      Email: Cooper.strickland@gmail.com
        For the plaintiff
 7


 8   JOSHUA MICHAEL KOLSKY, ESQ.
        U.S. Department of Justice
 9      1100 L Street NW
        Washington, DC 20005
10      (202) 305-7664
        Email: Joshua.kolsky@usdoj.gov
11      For defendants
```

```
 1          P R O C E E D I N G S
 2          (Begins, 11:00 a.m.)
 3          THE CLERK:  This is Civil Action 20-00066, Roe
 4   versus United States, et al.  The Court is in session.
 5          THE COURT:  Good morning counsel.  This is a
 6   status conference following remand from the United
 7   States Court of Appeals for the Fourth Circuit.  We are
 8   conducting it on our zoom platform.  Our host for this
 9   conference is my law clerk, Dan Hohler.  I have other
10   law clerks on the line.  The proceedings are taken down
11   by our Official Court Reporter, Rich Romanow.
12          These proceedings are open to the public.  If any
13   members of the public are present, you are of course
14   welcome.  I must remind you to keep your microphones
15   muted and that the rules of court remain in full force
16   and effect and that is to say that there is no taping,
17   streaming, rebroadcast, screen shots, or other
18   transcription of these proceedings.
19          With that taken care of, would counsel identify
20   themselves, starting with the plaintiff.
21          MR. STRICKLAND:  Yes, good morning, your Honor, my
22   name is Cooper Strickland and I represent the plaintiff,
23   Caryn Strickland.  Just for the Court's information,
24   she's present with me.  And I also want to introduce
25   Professor Gersen, um, she has not yet been admitted, but
```

```
 1  that's pending.
 2          THE COURT:  And good morning again to you,
 3  Mr. Strickland, and of course Ms. Strickland is welcome.
 4  And, Professor, you likewise are welcome.  I see you've
 5  signed pleadings here and, um, I accept that you -- I'm
 6  pleased to have you in the proceeding and, um, expect
 7  that you will be admitted pro hac vice in the Western
 8  District of North Carolina.
 9          And for the defendants?
10          MR. KOLSKY:  Good morning, your Honor, Joshua
11  Kolsky on behalf of the defendants.
12          THE COURT:  And, Mr. Kolsky, good morning to you,
13  sir.
14          Well my reason for calling this conference is to
15  get the case back on track and, um, I see that there are
16  various pending matters, certain of them I can rule on,
17  um, others I cannot or I choose not to, or I don't think
18  I should.  But my major goal here is to set out a
19  timeline for resolution, um, final resolution and
20  judgment in this case.  Let's deal with the matters on
21  which I can rule.
22          There is a motion made by the plaintiffs for
23  default.  That motion is denied without prejudice.  Now
24  my reasoning is as follows.
25          I entertained this case substantively on the
```

<sub>1</sub>

```
 1    motion to dismiss.  I granted the motion to dismiss.  As
 2    I understand the rules, that mooted all other orders
 3    which had been entered provisionally on the theory that
 4    I would deny the motion to dismiss.  Properly an appeal
 5    has been taken.  That appeal has resulted in the Court
 6    being affirmed in various respects and reversed in some
 7    and the case remanded under a mandate from the Court of
 8    Appeals.  I fully accept that and so we're going
 9    forward.
10         The next matter is the defendants' motion to have
11    a date set for their answer.  They propose the 29th of
12    July.  That's acceptable.  That motion is allowed.
13         It's suggested in those papers that the case ought
14    not proceed as against the defendants in their official
15    capacities.  Um, there may be merit to that, but I am
16    not so ruling at this point and my reason again, here's
17    -- the way I read the Fourth Circuit's decision, it's at
18    least possible that, um, this Court might conclude that
19    the present, um, guidance, standards, plans, of the --
20    to remedy the act complained of here are inadequate, and
21    in that case it would be my duty to enter an order
22    against the offending parties in their official
23    capacities.  If --
24         Mr. Kolsky, if you really do want to challenge and
25    get certain of the defendants or in particular
```

<sub>5</sub>

```
 1   capacities get them out of the case, I suggest now, in
 2   this procedural posture, answer and then move for
 3   judgment on the pleadings because under the mandate rule
 4   of course I'm going to fully comply with the mandate of
 5   the Fourth Circuit.
 6          Now the third thing is the plaintiff's motion for
 7   summary judgment.  I take no action on the plaintiff's
 8   motion for summary judgment though we can discuss a
 9   briefing on that.  But in fairness I don't really see it
10   going anywhere.  Not to express any opinion at all on
11   the merits, but it depends in large measure on the fact
12   that certain requests for admission were not answered.
13   And again, I think when I granted the motion to dismiss,
14   in part erroneously, um, that mooted those matters and
15   there was no longer any obligation to respond to it.
16          So, um, I take no action with respect to the
17   motion for summary judgment.  It's pending.  We can
18   discuss how we're going to deal with it.
19          But where I'd like to start is when are we going
20   to get the case to trial?  There are matters to be tried
21   here now.  The defense will answer.  I think there's
22   much to the plaintiff's moving papers on default and the
23   summary judgment, there isn't too much to discover here
24   I wouldn't think.
25          So let me ask the plaintiff, Mr. Strickland,
```

```
 1    Professor Gersen, when do you want to go to trial on
 2    this matter?
 3         MR. STRICKLAND:  Yes, your Honor, thank you for
 4    the opportunity.  I want to just cover a couple of
 5    points that you raise first, if I can.  Something you
 6    said about Professor Gersen's admission made it sound
 7    like maybe the District Court is going to do that here.
 8    I think they're probably waiting on you to do that.  If
 9    I understand their practice correctly, it would be the
10    judge that she's appearing before.  And that's --
11         THE COURT:  I stand corrected and, um, to the
12    extent I'm familiar -- I'm not familiar with pro hac
13    vice practice in the Western District of North Carolina,
14    but analogizing it to our practice here in
15    Massachusetts, I have utterly no objection to her
16    admission.  Here in Massachusetts we charge a fee.  So,
17    um, may I say that assuming that the procedural
18    requirements of the district in which I'm visiting are
19    met, I do admit Professor Gersen with pleasure.
20         Is that satisfactory to you?
21         MR. STRICKLAND:  Oh, yes, thank you, your Honor.
22         The other point I want to make is that, um, before
23    I guess proceeding with selecting trial dates, I just
24    want to note an objection to revising the pretrial --
25    our pretrial order or scheduling order prior to a ruling
```

```
 1  on dispositive motions.  You indicated that -- it
 2  sounded like what you had entered as a text entry in May
 3  you considered to be a provisional order.  I did not see
 4  any evidence of that in what you entered.
 5       More importantly, there was never a stay of
 6  discovery in which that initiated and there was no, um,
 7  no movement out of the defendants to move the
 8  dispositive motions date or the trial date.  And I
 9  thought it was crystal clear during your May hearing in
10  2020 that we were moving forward.  And so one of the
11  points --
12       THE COURT:  Wait a minute.  Wait a minute.  Your
13  objection is noted, your rights are saved.
14       In that order, when were we going to trial?
15       MR. STRICKLAND:  Um, well given what we've
16  experienced so far, I can see a whole host of problems
17  with the discovery process involving the defendant, so I
18  think it's going to take a long time.
19       What's the latest date you can provide?
20       THE COURT:  Well if, um -- the latest date, um --
21  it seems to me there's a great public interest in
22  resolving the matter.  But if I were to treat this
23  normally, the latest date that I could provide is
24  September of 2023.
25       I would have thought that you wanted a trial much
```

```
 1    faster than that?
 2         MR. STRICKLAND:  Um, not given the prior problems
 3    we had.
 4         THE COURT:  Well let me turn to the defense.
 5         How does a September 2023 trial date suit?
 6         MR. KOLSKY:  Your Honor, I think that's acceptable
 7    to the defendants.  I, um, expect that we will need a
 8    significant amount of time for discovery based on the
 9    voluminous nature of the discovery requests that
10    plaintiff served previously.  So I think we're going to
11    need probably around 6 months for discovery, that's
12    nonexpert discovery, then probably a few months for
13    expert discovery, and then time to brief summary
14    judgment.
15         THE COURT:  Well here's what we're going to do.
16    The case is placed on this court's -- I mean I'm a
17    visiting judge in the District of North Carolina, but
18    the case now is equitable and it's my responsibility, so
19    I will handle the trial through to judgment.  The case
20    is placed on the running trial list for September 2023.
21    By August 15th of this year, the parties will meet and
22    confer and supply a revised case management schedule.
23         The, um -- you are to agree on everything on which
24    you can agree.  You need not agree as to everything.
25    But on the same documents, if there is a plaintiff's
```

```
 1    position and a defendants' position, you will set forth
 2    those separate provisions.  Then, like a baseball
 3    arbitrator -- and I was taught this by the distinguished
 4    Judge Robert Keeton, Professor Gersen, one of your
 5    former colleagues, he taught me that like a baseball
 6    arbitrator I will choose the most reasonable proposal.
 7    I am not going to middle it or micromanage the case.
 8         So I've given you now both the opportunity and the
 9    incentive to be reasonable.  It's my judgment that when
10    you do that to lawyers, competent lawyers will be
11    reasonable, and I can pretty much sign the proposal.
12    Where there are differences, I will choose the most
13    reasonable approach.
14         I do require that the latest date -- if we're
15    going to go to trial in September 2023, the latest date
16    for filing dispositive motions, motions for summary
17    judgment, is June 1, 2023.  The reason for that is I
18    treat them very seriously, I staff them up, I give them
19    an oral hearing.
20         Now let's see.  One other, um -- and I might as
21    well state it now.  If it's thought that we will have
22    experts here, I require -- well the rules require that
23    the experts be disclosed obviously and their reports be
24    furnished.  I have the added requirement that no expert
25    will testify to anything that's not in the expert's
```

```
 1   report, that is to say it's an evidentiary objection if
 2   the expert gets on the stand and starts wandering from
 3   the report.  I expect the reports to be passed up to me
 4   at the time the expert testifies and either side can
 5   simply say "Well, I object, it's not in the report," and
 6   if it's not, I will not hear it.  Everything, diagrams,
 7   spreadsheets, anything to which the expert is going to
 8   testify must be in the report.
 9            Now I think really that's everything I have to
10   say.  I am open for questions.  And, Mr. Strickland, you
11   had the floor and why don't you continue.
12            MR. STRICKLAND:  Yes, your Honor.
13            One of the points I think you made on summary
14   judgment was that it relies on a request for admission,
15   um, that is not the main point of why it is appropriate
16   to rule on the dispositive motions now.  I think it's
17   pretty clear that, um, in the defendant's response, um,
18   and the materials to be provided in support of that,
19   there is no genuine disputed material facts.  For
20   example, one of the very clear points that the Fourth
21   Circuit made was that there would be a due process
22   violation if Mr. Martinez, the Federal Defender, was not
23   disqualified and that it was communicated to the
24   plaintiff that he was the decision-maker.  Those things
25   are satisfied very clearly by things that are already in
```

```
 1    the record, declarations.
 2          For example, James Ishida, Circuit Executive, he
 3    made very clear that Judge Gregory did not disqualify
 4    the Federal Defender.
 5          THE COURT:  Wait.  Wait a minute.  You may be
 6    right, you may be absolutely right, but remember that
 7    both this Court and the Fourth Circuit, um, were acting
 8    with respect to your complaint on a motion to dismiss.
 9    On that motion to dismiss I had to take everything in
10    your favor and I did that.  And as I read the opinion of
11    the Fourth Circuit, it takes every factual matter, um,
12    giving all intendments in your favor as they were
13    well-pleaded in your complaint.
14          I -- while I am absolutely governed by the mandate
15    of the Court of Appeals and I accept it, I accept it
16    capaciously, I want you to know, I -- I don't think that
17    this is like a remand after a trial, it's not, it's a
18    remand where the Court of Appeals said, "Well you were
19    right to dismiss on this and that ground and you were
20    wrong in the following respect," and the mandate is
21    "further proceedings in accordance with this order."
22    And that's precisely what I'm going to give.
23          MR. STRICKLAND:  Okay.
24          THE COURT:  So, wait a minute, this is not the
25    time to argue it, but if you want to be heard on your
```

```
 1   motion for summary judgment, let's figure out an
 2   appropriate time for hearing, and here's what I propose.
 3          They're going to answer by the 29th.  We'll give
 4   them until, um, the end of August to respond to your
 5   motion for summary judgment and I will schedule a
 6   hearing promptly in December -- in September, excuse me,
 7   of this year.
 8          How does that suit?
 9          MR. STRICKLAND:  They have already filed their
10   response.  The motions are fully briefed.  They don't --
11   they should not be allowed a redo before the hearing.
12          THE COURT:  All right.
13          Mr. Kolsky --
14          MR. STRICKLAND:  I just want to make one point --
15          THE COURT:  -- how about a hearing date in
16   September?
17          MR. KOLSKY:  Your Honor, um, I plan to be out of
18   the office at the end of August, so if we could have,
19   um, maybe until the middle of September for our
20   response?
21          THE COURT:  Well it would not be a response, he
22   says everything is fully briefed.
23          MR. KOLSKY:  Um, we did file an opposition to
24   their summary judgment motion two years ago, but
25   plaintiffs have now sought leave to supplement their
```

```
 1    summary judgment motion.  If they are permitted to file
 2    a supplemental brief addressing the Fourth Circuit's
 3    opinion, I think we should be allowed likewise to
 4    address the Fourth Circuit's opinion and to submit in
 5    any evidence in light of the plaintiff's new argument.
 6            THE COURT:  I think that's right.
 7         Mr. Strickland --
 8            MR. STRICKLAND:  May I be heard on that point,
 9    your Honor?
10            THE COURT:  You may.
11            MR. STRICKLAND:  Okay.  The supplemental
12    memorandum, it does not present any new evidence, it
13    does not present any new legal argument, what it did is
14    apply the prior summary judgment filing to the Fourth
15    Circuit's ruling.
16         In response to that the defendants had an
17    opportunity to do the same, they said something along
18    the line that they do not see that it's beneficial to do
19    so, they had an opportunity and they refused it.  And,
20    no, they should not be allowed to present new evidence,
21    they already had an opportunity to do that with their
22    prior response in 2020.
23            THE COURT:  Well I've already spoken to how I
24    conceive of the orders earlier entered before the
25    appeal, but we will give them a chance further to
```

```
 1   respond.  You filed the supplementary memorandum, we'll
 2   give them until -- what is it?  We'll give them until
 3   the 22nd of August to respond and then we'll set a
 4   hearing date in September, um, after the 15th, having in
 5   mind Mr. Kolsky's schedule.
 6        Is that satisfactory to you, Mr. Strickland?
 7        MR. STRICKLAND:  Um, I don't think so, no, I
 8   believe I object to that.
 9        THE COURT:  Well when do you want to do it?
10        MR. STRICKLAND:  Again they should not be allowed
11   to file a response.
12        THE COURT:  Well I'm letting them file a response,
13   and you object to it, and your rights are saved.
14        When do you want the hearing?  You want a hearing,
15   I take it?
16        MR. STRICKLAND:  Um, I don't believe they have any
17   evidence that they can present at a hearing.
18        THE COURT:  No, no, a summary judgment hearing is
19   not a place to present evidence.  You can argue whether
20   I ought consider whatever they say.
21        When do you want this hearing?  I'm suggesting
22   September.
23        MR. STRICKLAND:  I assume that will have to work.
24   And with Professor Gersen weighing in on that though, if
25   she has an opinion.
```

```
 1          THE COURT:  Yeah.
 2          Professor, if I set it sometime between the 15th
 3   and 30th of September?
 4          PROFESSOR GERSEN:  I don't have an objection to
 5   those dates.
 6          THE COURT:  That's fine.  And my practice is fully
 7   to prepare for such a hearing and argument probably
 8   won't last more than 15 minutes a side.
 9          So are there other matters that we should deal
10   with on -- at this status conference?
11          Mr. Strickland?
12          MR. KOLSKY:  Your Honor, I have a couple issues --
13          THE COURT:  Well, wait, wait, Mr. Kolsky, we'll
14   start with Mr. Strickland.
15          Mr. Strickland, anything more?
16          MR. STRICKLAND:  Um, yes.
17          Does the Court intend to rule on the bill of costs
18   that was entered without objection?
19          THE COURT:  Not at this time.  But you've raised
20   it and I'll consider that.
21          MR. STRICKLAND:  Um, that may be the only other
22   point I had.  But again I would defer to Professor
23   Gersen if she had anything that she'd like to bring up.
24          THE COURT:  Yes, Professor?
25          PROFESSOR GERSEN:  Nope.
```

17

THE COURT: All right, thank you.

And, Mr. Kolsky?

MR. KOLSKY: Thank you, your Honor, I have a couple of issues I wanted to raise. The first relates both to the answer and to the supplemental summary judgment brief that we would be filing.

The issue is that the complaint contains many allegations about the mediation that Ms. Strickland participated in as part of the EDR process, and there are specific allegations about statements that she alleged she was told by the Fourth Circuit mediator.

We -- now normally statements made during a mediation are confidential. We think it's pretty clear that because Ms. Strickland has made allegations about what was allegedly said in mediation, she can't claim confidentiality now, and we should be permitted to speak with the mediator and he should be permitted to tell us whether it's correct or not.

THE COURT: Wait. Wait. Wait. I'm not entering substantive orders. If you want to get that relief, if that's what you seek, you must file a motion. You're under an obligation to answer and surely you can answer. If you think you need to speak with a mediator before filing this brief on the 22nd, there's plenty of time for you to make a motion and I'll deal with it.

```
 1          MR. KOLSKY:  Thank you, your Honor.
 2          The other issue is that, um -- and I just want to
 3   make sure I understand the Court's ruling with respect
 4   to the discovery requests that were served by plaintiffs
 5   back in 2020, my understanding is we're not obligated to
 6   respond to those?
 7          THE COURT:  That is my ruling, you're not, they
 8   all were mooted by this Court's partially correct and
 9   partially erroneous grant of the motion to dismiss.
10   That's the Court's ruling.
11          MR. KOLSKY:  Thank you, your Honor.  We have
12   nothing further.
13          THE COURT:  Again I want to save money.  They can
14   be renewed simply by a statement -- once you've
15   answered, simply by a statement saying "We renew the
16   following requests earlier made."  It's silly to force
17   them to do something a second time.  I will accept that.
18   The docket makes clear what they were.
19          All right.  Is there anything else that we should
20   do today?  I hear nothing.
21          MR. STRICKLAND:  I have one more question, your
22   Honor, in light of Mr. Kolsky.
23          THE COURT:  Go ahead, Mr. Strickland.
24          MR. STRICKLAND:  So when we had this, um, I assume
25   it's going to be an initial attorneys conference again,
```

```
 1    that's forthcoming, correct?
 2         THE COURT:  I expect it.  I expect it.  But work
 3    it out in discovery, yes.
 4         MR. STRICKLAND:  So the initial disclosures are
 5    going to have to be provided within 14 days of that
 6    meeting, the rules of civil procedure are going to bind
 7    that, there's nothing the defendants can say, "We're not
 8    going to provide those again"?
 9         THE COURT:  Well I make my rulings and I've made
10    them, so I think that's sufficient guidance to go
11    forward.
12         MR. STRICKLAND:  All right.  Okay.  So another
13    "for example" is that we could provide requests for
14    production at the initial attorneys conference and they
15    would have to respond to that?  We are in discovery now,
16    it's not provisional, we're in discovery, um, once we
17    meet certain milestones?
18         THE COURT:  Well once they've answered we are.
19         MR. STRICKLAND:  Yeah, okay.
20         THE COURT:  Once they've answered.
21         All right.  I look forward to working with you
22    all.  And thank you very much.  Have a good summer.  I
23    will deal with the matters as they come up and we will
24    surely meet via zoom to entertain the motion for summary
25    judgment.  We'll recess.
```

```
 1          (Ends 11:20 a.m.)

 2

 3                C E R T I F I C A T E

 4

 5          I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

 6     do hereby certify that the foregoing record is a true

 7     and accurate transcription of my stenographic notes

 8     before Judge William G. Young, on Thursday, July 14,

 9     2022, to the best of my skill and ability.

10

11

12

13     /s/ Richard H. Romanow 08-02-22
       _____
14     RICHARD H. ROMANOW     Date
```