IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil No. 1:20-cv-00666 |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| *Defendants*. | ) |

**REVISED JOINT STATEMENT AND PROPOSED CASE MANAGEMENT SCHEDULE**

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), and the Court's May 11, 2020 Order, the parties conferred on May 20, 2020 and submitted a joint statement and proposed case management schedule on May 25, 2020. ECF No. 34. During a status conference on July 14, 2022, the Court instructed the parties to conduct a second initial attorneys' conference and submit a revised case management schedule. Counsel for the parties conferred concerning the matters herein on August 10, 2022.

The parties present their respective positions below regarding a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

**I.    Timing of Discovery.**

Plaintiff's Statement Regarding Discovery: Plaintiff strongly objects to allowing Defendants to conduct any discovery in this case. Defendants failed to participate in discovery during the period authorized under the court's May 11, 2020 pretrial order and the Federal Rules of Civil Procedure. *See* Entry Order Dated May 11, 2020; *see also* ECF No. 34, at 4 (parties'

1

stipulation to September 1, 2020 as the discovery end date). Defendants also failed to provide their initial disclosures within 14 days of the parties' Rule 26(f) conference on May 20, 2020, as required under Fed. R. Civ. P. 26(a), and they even missed their own more generous proposed deadline to serve initial disclosures within 14 days of the Fourth Circuit's mandate. *See* ECF No. 34, at 3. Because Defendants failed to provide their initial disclosures within the time required by Rule 26(a), they are subject to Federal Rule of Civil Procedure 37's "automatic" and "self-executing" sanction that bars them from putting on any evidence to support their case. Fed. R. Civ. P. 37(c), Advisory Comm. Notes (1993). While Defendants state that they now intend to serve their initial disclosures on August 19, 2022, those exceedingly untimely disclosures prejudice Strickland given that they will come nearly two years after her summary judgment motion was fully briefed, and only one business day before their supplemental "evidence" will be filed. The belated disclosures fail to comply with the purpose of Rule 26(a), which "is to allow the parties to adequately prepare their cases" and "avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014).

Moreover, in response to Strickland's summary judgment motion, Defendants failed to provide any reason why they would need discovery to oppose the motion, as they were required to do under Fed. R. Civ. P. 56(d). Defendants vaguely asserted that they "intend to serve discovery" on Strickland and "potentially" on third parties, ECF No. 121, at 2, but that is precisely the type of assertion that the Fourth Circuit has repeatedly found insufficient under Rule 56(d). *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (citing cases). Under these circumstances, discovery by Defendants prior to a ruling on Strickland's pending dispositive motion would serve no purpose, and it would severely prejudice her by unnecessarily prolonging this litigation.

Strickland thus strenuously objects to allowing Defendants to take any discovery. Strickland preserves the objections she has made in her prior filings, and she consents to the deadlines in this revised joint proposed case management schedule only to the extent that her objections are denied and those denials are upheld on appeal.

Defendants assert below that there are "serious concerns" about Plaintiff's "conduct" and that she is "imposing a significant and unnecessary burden" on them merely because she is preserving her objection based on their failure to comply with court orders and the rules of civil procedure, which have severely prejudiced her. The fact that this court has resolved an issue in Defendants' favor at a certain stage of litigation does not mean that the issue can never be appealed, or that there should be "concerns" about Plaintiff's "conduct" if she does so.

Defendants also continue to assert frivolous and nonsensical arguments, including that the court was required to enter a specific "discovery schedule" in order to put them on notice of their obligation to participate in discovery, even though there is no requirement to enter a "discovery schedule" under local or federal rules, *see* Fed. R. Civ. P. 16(b)(3)(A), and the time to initiate and complete discovery in this case were set by default by virtue of the court-ordered initial attorneys' conference and summary-judgment deadline. *See* Fed. R. Civ. P. 26(d)(2) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."); Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Further, Defendants' contention that this court "resolved" these issues in their favor in a one-word text-only entry order on October 23, 2020 is baseless. As Defendants themselves emphasize, their motion requested only that the court "confirm" that "[t]he local rules for the Western District of North Carolina will apply to this case," and that discovery would commence as provided in the local rules. ECF No. 51, at 3–

3

4. Obviously, the local rules cannot override the terms of a pretrial order, *see* LCvR 1.1, and in any event, this court clearly determined that discovery was authorized under the local rules when it issued its pretrial order requiring the parties to conduct discovery. Indeed, in the same October 23, 2020 text-entry order, the court granted Plaintiff's motion requesting a case management conference based on Defendants' failure to participate in discovery during the period authorized by its pretrial order. ECF No. 66, at 9. Notably, this court did not adopt Defendants' reasoning at the July 14, 2022 status conference when it instead determined that its grant of dismissal "mooted" its pretrial order and all other events in the case. *See* Transcript of Status Conference ("Tr."), ECF No. 129, at 5.

   B.  <u>Defendants' Statement Regarding Discovery</u>: Plaintiff is objecting to Defendants conducting any discovery on the grounds that Defendants allegedly "failed to participate in discovery." Plaintiff has made that accusation numerous times previously, *see* ECF No. 55, at 22-23; ECF No. 60-1 at 24; ECF No. 66; ECF No. 85; ECF No. 86; ECF No. 87-1; ECF No. 98; ECF No. 116-1, at 12-14; ECF No. 122-1; ECF No. 125-1, at 3-4, but the Court has already ruled that Defendants were not required to respond to Plaintiff's premature discovery requests. *See* Oct. 23, 2020 Minute Order. That Plaintiff continues to press her meritless argument after it has been rejected by the Court raises serious concerns about Plaintiff's conduct in this litigation.

As the Court will recall, on May 11, 2020, in the early stages of this case, the Court issued a minute order stating in part:

> The case is placed on the running trial list for January 2021. A joint pretrial memorandum is due on or before December 1, 2020. A final pretrial conference will be held in December 2020. Any motions for summary judgment shall be filed on or before October 1, 2020. Counsel shall file a joint proposed case management schedule within two weeks.

*See* May 11, 2020 Minute Order.

4

Case 1:20-cv-00066-WGY    Document 132    Filed 08/15/22    Page 4 of 10

Plaintiff insists that that order authorized a period of discovery. That is incorrect. The minute order did not even mention discovery, much less set a schedule for it. Instead, the minute order required the parties to "file a joint proposed case management schedule within two weeks"—which necessarily means there was no discovery schedule in place at the time. *Id*. The parties thereafter filed their joint proposed case management schedule, in which they presented "their respective positions . . . regarding a reasonable timetable for discovery and motion practice[.]" ECF No. 34, at 1. Defendants took the position therein that there should be no discovery prior to a ruling on Defendants' motions to dismiss because (1) Defendants' qualified immunity defenses entitled Defendants to dismissal before the commencement of discovery and (2) the local rules expressly provide that discovery does not begin until Rule 12 motions are resolved. *Id*. at 1-3. *No discovery schedule was ever entered*, and the Court instead proceeded to rule on Defendants' motions to dismiss.

Even though the Court had not authorized discovery, Plaintiff proceeded to serve discovery requests on Defendants. Defendants objected to those requests and explained to Plaintiff that her requests were premature under the local rules. *See* ECF No. 51-3. Plaintiff nevertheless served additional discovery requests, and Defendants again objected and again informed Plaintiff that the requests were premature. ECF No. 64-4. At no time did Plaintiff seek an order from the Court permitting her to serve those discovery requests before the time specified in the local rules.

The issue was resolved—or so Defendants thought—when, on October 23, 2020, the Court granted Defendants' Motion to Set Deadline to Respond to Early Discovery Requests. *See* Oct. 23, 2020 Minute Order. That motion sought confirmation that the local rules governing the timing of discovery apply to this case and that, accordingly, Defendants were not obligated to

5

respond to Plaintiffs' discovery requests until the timeframe set forth by the local rules. *See* ECF No. 51. Thus, any question Plaintiff may have had about whether Defendants were obligated to respond to Plaintiff's early discovery requests was eliminated by the Court's October 23, 2020 order—an order that Plaintiff did not appeal or seek reconsideration of.

Unfortunately, the Court's ruling did not resolve this issue for Plaintiff. Plaintiff and her counsel continue to press her baseless argument that "Defendants failed to participate in discovery," notwithstanding this Court's October 23, 2020 order. By continuing to argue issues that the Court has already resolved in Defendants' favor, Plaintiff is imposing a significant and unnecessary burden on the Court and Defendants.

**II.     Schedule for Discovery.**

The parties propose the following discovery and motions schedule:

A.  *Defendants' Fed. R. Civ. P. 26(a)(1) initial disclosures.*

Plaintiff served her initial disclosures on **May 20, 2020**. ECF No. 34, at 3.

Parties' Joint Proposal: Defendants' initial disclosures by **August 19, 2022**.

B.  *Amendment of pleadings or joinder of parties.*

Parties' Joint Proposal: Except for good cause shown, amendment of pleadings or joinder of parties completed by **September 6, 2022**.

C.  *Completion of all non-expert discovery.*

Parties' Joint Proposal: **March 1, 2023**.

D.  *Dispositive motions pursuant to Fed. R. Civ. P. 56.*

Parties' Joint Proposal: **June 1, 2023** (set by the Court at July 14, 2022 status conference).

E.  *Expert Disclosures.*

6

Parties' Joint Proposal: If expert testimony is required, Plaintiff's experts designated and information required by Fed. R. Civ. P. 26(a)(2) by **March 1, 2023;** Defendant's experts designated and information required by Fed. R. Civ. P. 26(a)(2) by **April 17, 2023**. All experts deposed by **May 25, 2023**.

III. **Pretrial Conferences and Trial.**

Parties' Joint Proposal:

A. Joint pretrial memorandum due on or before **August 1, 2023**.

B. Pretrial conference to be held in **August 2023**.

C. Trial date **September 2023** (set by the Court at July 14, 2022 status conference).

IV. **Terms of Discovery.**

A. *Phased Discovery.* The parties agree that there is no need for phased discovery at this time.

B. *Discovery Event Limitations.* The parties agree that for purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory. The parties agree that depositions may be conducted telephonically or virtually as determined by the parties. The parties agree that discovery requests and responses may be served electronically, unless electronic service of specific requests or responses is shown to be impracticable. The parties also agree that each side (*i.e.*, Defendants collectively) should be permitted to serve up to 25 interrogatories and up to 25

7

Case 1:20-cv-00066-WGY   Document 132   Filed 08/15/22   Page 7 of 10

requests for admission.  The parties agree that each side should be allowed to take 10 depositions.

C. *Electronic Discovery.*  The parties shall retain all relevant electronically stored information ("ESI").

The parties disagree on whether they will agree to reasonable ESI terms at an appropriate time.

Plaintiff's Statement:  The parties will agree on reasonable ESI terms at an appropriate time.

Defendants' Statement:  The parties will attempt to agree on reasonable ESI terms at an appropriate time.

D. *Protective and Confidentiality Orders.*  The parties anticipate proposing a protective order to the Court at an appropriate time.

V. **Settlement.**

Plaintiff's Statement: Plaintiff agrees to engage in good faith efforts to resolve this dispute.  Pursuant to Local Rule 16.3, Plaintiff agrees that settlement may be enhanced by use of informal settlement discussions and a mediated settlement conference.  Plaintiff agrees that a mediated settlement conference would be most useful if conducted no later than the close of non-expert discovery.  Moreover, Plaintiff believes it is unreasonable to precondition mediation on Defendants' demand for a settlement offer, which Defendants themselves have not provided, particularly given that Defendants' counsel would not provide any assurances to Plaintiff's counsel that Defendants would keep any offer from Plaintiff confidential and not file it with the Court.

*See* Local Rule 16.3(a) ("If the parties fail to submit, or cannot agree on, a proposed ADR method, a mediated settlement conference will be selected as the default.")

Defendants' Statement: Defendants agree to engage in good faith efforts to resolve this dispute. Defendants are willing to consider any reasonable settlement offer Plaintiff may wish to make, but prior to receipt of a settlement offer, Defendants cannot predict whether settlement may be enhanced by a mediated settlement conference.

VI. **Consent to Magistrate Judge.**

The parties do not consent to exercise of jurisdiction by a United States Magistrate Judge.

Respectfully submitted,

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Philip Andonian
D.C. Bar No. 490792
CALEB ANDONIAN PLLC
1156 Fifteenth Street, N.W., Ste. 510
Washington, D.C. 20005
Tel: (202) 787-5792
Email: phil@calebandonian.com

*Counsel for Plaintiff*

BRIAN D. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

s/*Joshua Kolsky*
JOSHUA M. KOLSKY
RACHAEL L. WESTMORELAND
Trial Attorneys
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Counsel for Defendants*