IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 1:20-cv-00066-WGY ) |
| UNITED STATES, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO STRIKE DEFENSES UNDER FED. R. CIV. P. 12(f)

Plaintiff Caryn Devins Strickland respectfully requests that this court strike all defenses (*i.e.*, Defenses One through Eight) raised in Defendant's answer. *See* ECF No. 127. These defenses should be stricken in their entirety because they are not properly stated as affirmative or factual defenses and because they are unavailable as a matter of law.

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure authorizes a court to strike from a pleading an insufficient defense on motion by a party. Fed. R. Civ. P. 12(f). The purpose of a motion to strike is to eliminate meritless defenses that "result in increased time and expense of trial, including the possibility of extensive and burdensome discovery." *Staton v. N. State Acceptance, LLC*, No. 1:13-CV-

1

277, 2013 WL 3910153, at *2 (M.D.N.C. July 29, 2013). A motion to strike defenses is proper "if the legal issues" raised by the motion "are clear and dispositive, so that under no set of circumstances could the defenses succeed." *Soc'y of Lloyd's v. Siemon-Netto*, No. CIV.A. 03-1524 (JR), 2004 WL 5580208, at *2 (D.D.C. Aug. 20, 2004) (citation omitted).

## ARGUMENT

The defenses raised in Defendants' answer should be stricken in their entirety. ECF No. 127, at 1–2. Most of the asserted defenses attempt to relitigate issues that are squarely foreclosed by the Fourth Circuit's ruling reversing the dismissal order, or raise issues that are waived because they were not raised on appeal. *Edd Potter Coal Co., Inc. v. Dir., Office of Workers' Comp. Programs, United States Dep't of Labor*, 39 F.4th 202, 210 (4th Cir. 2022) ("[T]he mandate rule means that any issue that could have been but was not raised on appeal is waived and thus not remanded." (internal quotation marks and citation omitted)). The rest of the defenses are either not properly pleaded, or are factually or legally barred. Allowing Defendants to pursue these meritless defenses would result in unnecessary and time-consuming litigation that would prejudice the Plaintiff.

**"First Defense: Plaintiffs fail to state a claim for which relief can be granted."** This defense is foreclosed by the Fourth Circuit's ruling that Strickland's due process and equal protection claims are "sufficient to survive the

2

motions to dismiss." *Strickland v. United States*, 32 F.4th 311, 321 (4th Cir. 2022). Defendants did not seek to challenge the Fourth Circuit's ruling through a petition for rehearing before the Fourth Circuit or a petition for a writ of certiorari before the Supreme Court. The Fourth Circuit's ruling is both final and binding on this court, and Defendants' apparent assertion to the contrary is frivolous and fails as a matter of law.

**"Second Defense: Plaintiff's alleged damages must be set off by any amounts earned in mitigation."** This is not a defense; rather, it is a statement of the law. Plaintiff has already offset her lost earnings by any amounts earned in mitigation, as reflected in her motion for a preliminary injunction. *See, e.g.*, ECF No. 125-1, at 23 (describing Strickland's current earnings and requesting "that the court enter a preliminary injunction ordering Defendants to pay her a salary commensurate with what she would have received had she not been forced to resign from the FDO, *offset by her current earnings*" (emphasis added)).

**"Third Defense: This Court lacks jurisdiction to the extent that Plaintiff failed to exhaust her administrative remedies."** This defense is foreclosed by the Fourth Circuit's ruling. The Fourth Circuit explicitly acknowledged that "it appears to be undisputed that, as defendants assert in their appellate response brief, Strickland failed to exhaust her remedies under the EDR Plan." *Strickland*, 32 F.4th at 370. Nevertheless, the Fourth Circuit held that Strickland stated a claim

3

that Defendants violated her due process rights, in part, because "a reasonable factfinder could conclude that continuing with the EDR process would be futile and that Strickland had reason to believe that the more suitable alternative was to drop her complaint and accept the Fourth Circuit clerkship." *Id.* at 356. The Fourth Circuit further held that Strickland had stated a claim that "the supervisory officials and/or officials responsible for overseeing the court's EDR plan responded to [her] allegations with deliberate indifference." *Id.* at 359. These holdings foreclose any defense based on failure to exhaust remedies before the very government officials who violated Strickland's constitutional rights.

**"Fourth Defense: All actions taken by Defendants with respect to Plaintiff were for legitimate, nondiscriminatory, non-retaliatory reasons, were based on good faith and were not in violation of any federal law."** This defense fails to meet the pleading requirements of Fed. R. Civ. P. 8, because it is wholly conclusory and fails to put Plaintiff on notice of the factual basis for Defendants' assertion. While the Fourth Circuit has not determined what pleading standard applies to defenses raised in an answer, "the majority of district courts have concluded that the particularity and plausibility standard from *Iqbal/Twombly* does apply to the pleading of affirmative defenses." *Staton v. N. State Acceptance, LLC*, No. 1:13-CV-277, 2013 WL 3910153, at *2 (M.D.N.C. July 29, 2013). Defendants' Fourth Defense fails to satisfy the *Iqbal/Twombly* standard because it

4

fails to plead any factual allegations, let alone allegations with particularity and plausibility. Moreover, the defense fails to satisfy even the minimal requirement under Rule 8 that defenses "be stated in 'short and plain' terms, a standard which requires 'more than conclusions.'" *Id.* at 3 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

**"Fifth Defense: This Court lacks jurisdiction to the extent that Plaintiff's claims are barred by sovereign immunity."** This defense is squarely foreclosed by the Fourth Circuit's ruling. *See Strickland*, 32 F.4th at 366 ("The Official Capacity Defendants are not shielded by sovereign immunity from [Strickland's] nonstatutory review claims.").

**"Sixth Defense: Plaintiff's claims are barred in full or in part by the doctrine of absolute judicial immunity."** This defense is barred for several reasons. First, judicial immunity clearly does not apply because Strickland's claims are for declaratory and prospective equitable relief. *See Pulliam v. Allen*, 466 U.S. 522, 536 (1984) ("We never have had a rule of absolute judicial immunity from prospective relief, and there is no evidence that the absence of that immunity has had a chilling effect on judicial independence."); *Foster v. Fisher*, 694 Fed. App'x. 887, 889 (4th Cir. 2017) ("[J]udicial immunity does not apply to claims for equitable relief." (citing *Timmerman v. Brown*, 528 F.2d 811, 814 (4th Cir. 1975)); *see also Strickland*, 32 F.4th at 320 ("Strickland's potential recovery

5

on [her] claims against the Official Capacity Defendants is limited to prospective equitable relief."). Second, and unsurprisingly considering binding Supreme Court and Fourth Circuit precedent on this issue, Defendants never asserted judicial immunity on behalf of any of the official capacity defendants on dismissal or appeal, and have thus waived any such defense. *See Edd Potter Coal Co., Inc.*, 39 F.4th at 210 ("[T]he mandate rule means that any issue that could have been but was not raised on appeal is waived and thus not remanded."). Third, Defendants have already conceded that judicial immunity does not apply. Throughout this litigation, including in their motions to dismiss and summary judgment filings, Defendants asserted a defense of judicial immunity on behalf of the Chief Judge in his individual capacity only, and even then, they conceded that he did not have judicial immunity for his decisions about the investigation or his personnel decisions. ECF No. 94, at 6 n.3. That concession was clearly correct, as the Chief Judge's performance of "administrative" functions that were neither judicial nor undertaken during an "adjudication" make absolute judicial immunity inapplicable here. *See Forrester v. White*, 484 U.S. 219, 227 (1988).

**"Seventh Defense: Plaintiff's claims are barred in full or in part by the Civil Service Reform Act of 1978."** This defense is squarely foreclosed by the Fourth Circuit's ruling. *Strickland*, 32 F.4th at 374 ("Defendants also argue that

Strickland's claims are all barred by the Civil Service Reform Act, 5 U.S.C. § 1101 et seq. (CSRA). We reject that argument.").

**"Eighth Defense: During the course of this litigation, Defendants may discover facts that support one or more of the affirmative or additional defenses set forth in Federal Rule of Civil Procedure 8(c), and in order to avoid waiving said defenses, Defendant hereby incorporates them by reference."** Courts within this circuit "consistently strike" reserved defenses like this one. *Courtland Co., Inc. v. Union Carbide Corp.*, No. 2:19-CV-00894, 2021 WL 1868313, at *3 (S.D.W. Va. May 10, 2021) (citing cases). "A reservation of potential future defenses is inappropriate primarily because it is not really an assertion of any affirmative defense." *Id.* Moreover, "permitting the defendant to reserve defenses in this manner prejudices the plaintiff because doing so risks litigation over defenses that the defendant might not ultimately assert." *Id.*

## CONCLUSION

This Court should strike all defenses raised in Defendants' answer. Plaintiff does not purport to describe here all the reasons why Defendants' asserted defenses fail and should be rejected, but the reasons provided are sufficient to conclude that the defenses fail as a matter of law and should be stricken.

This the 15th day of August, 2022.

Respectfully Submitted,

7

Case 1:20-cv-00066-WGY   Document 133-1   Filed 08/15/22   Page 7 of 9

*/s/ Cooper Strickland*

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Philip Andonian
D.C. Bar No. 490792
CALEB ANDONIAN PLLC
1156 Fifteenth Street, N.W.,
Ste. 510
Washington, D.C. 20005
Tel: (202) 787-5792
phil@calebandonian.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
