IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,    )
                            )
    Plaintiff,              )
                            )
v.                          )
                            )
UNITED STATES OF AMERICA, et al., )
                            )
    Defendants.             )

## DECLARATION OF JILL B. LANGLEY

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am Jill B. Langley, the Director of Workplace Relations for the Tenth and Eighth Circuits.

2. From December 2018 to February 2021, I served as the Administrative Office of the United States Courts' Judicial Integrity Officer (JIO).

3. Prior to my role as JIO, I worked for the Tenth Circuit for 23 years as an attorney, the last 13 years also serving as the primary Employment Dispute Resolution (EDR) Coordinator. I provided leadership and training in EDR and conflict resolution for employees and judges within the Tenth Circuit. I developed a nationally recognized training program on EDR laws, designed for court employees, judges, court executives, and EDR coordinators. I also served on the national working group that was responsible for developing the 2010 and 2019 amendments to Model EDR Plan, and I provided substantial assistance in drafting the 2013 amendment to the Model EDR Plan.

4. I am considered a primary resource for the entire federal judiciary on the Model Employment Dispute Resolution Plan, its coverage, and processes.

5. During the week of February 13, 2019, I met with Plaintiff in Washington, D.C.

6. During the meeting with Plaintiff, she asked me if Chief Circuit Judge Gregory could order the Defender to move her to a different duty station or terminate the employee who allegedly harassed her in order to resolve the mediation. I told her the Chief Circuit Judge did not have authority under the EDR Plan to order the Defender's office to do anything *in*

*Mediation* because it was a pre-Complaint stage of the EDR process involving only the complaining employee and the employing office. I explained to Plaintiff that under the EDR Plan that applied to her matter (and the then-current Model EDR Plan), there are two pre-Complaint stages: A 30-day Counseling stage between the employee and the EDR Coordinator, intended to educate the employee about the EDR process, and a 30-day Mediation stage between the employee and the employing office, designed to see if the employee and employing office can reach a mutually agreeable settlement of the matter. I explained to Plaintiff that, under the applicable EDR Plan, if Mediation is not successful, and the employee files an EDR Complaint, the Chief Circuit Judge would then appoint an EDR Judge (a Presiding Judicial Officer, or PJO) to oversee the Complaint, and the PJO would have authority to order remedies.

7. I explained to Plaintiff that she was currently in the Mediation stage, and because no EDR Complaint had yet been filed, no PJO had been designated with any authority to order any EDR remedy. I explained during the Mediation stage, only the parties can mutually agree to a resolution. Thus, she could request that her duty station be moved, or make any other request, to the employing office in an attempt to settle the matter, but that request would be to the employing office – there was no PJO designated during Mediation who can dictate or order a Mediation resolution or who can make a determination of liability or order a resolution during the Mediation stage.

8. During the meeting with Plaintiff, I also explained to her that under the EDR Plan that applied to her (and the Model EDR Plan in effect in 2018), after adjudication of a formal EDR Complaint, the designated PJO could order remedies contemplated under the EDR Plan against any employing office, including a Federal Public Defender organization, designed to make her "whole," which could include moving Plaintiff to another duty station, but that even in a formal Complaint, the PJO does not have authority under the EDR Plan to order an employing office to terminate another employee. Under Chapter X of the applicable EDR Plan, remedies are designed to provide a remedy to the complaining employee, not to punish a non-party employee.

9. At no time have I told Plaintiff that a designated EDR Presiding Judicial Officer had no jurisdiction to order a remedy against a Federal Public Defender organization.

Date: August 16, 2022

_____
Jill B. Langley
Director of Workplace Relations,
Tenth and Eighth Circuits