| | |
|---|---|
| **From:** | Cooper Strickland |
| **To:** | Beck, Gill (USANCW) |
| **Cc:** | Kolsky, Joshua (CIV); Missy Spainhour |
| **Subject:** | Re: Roe V. USA -- Re-Submitting of MSJ Opposition and Exhibits |
| **Date:** | Wednesday, October 21, 2020 2:34:08 PM |

Mr. Beck,

Thank you for your efforts on this matter. My understanding is that defendants will further redact my client's photos and geographic location information in their forthcoming amended summary judgment response.

More generally, if I understand your email correctly, defendants' current position is that the scope of the Court's pseudonym order is limited to the use of a "fictitious name," but does not include redacting identifying information in public filings. I do not believe that defendants' position is consistent with the common meaning of a pseudonym order granting my client anonymity. Nor is it consistent with the parties' conduct throughout the litigation, such as defendants' redaction of judges' names and other information that tends to identify my client from their public filings. *See, e.g.*, ECF No. 43-3.

Though my client continues to believe strongly that this case needs to be litigated publicly, she contends that the pseudonym order protects personal details that could easily be used to identify her and are not necessary to adjudicating the issues currently before the Court. If defendants contend that the Court's pseudonym order only applies to the case caption and does not authorize redacting any identifying information in public filings, then they should file a motion with the Court to clarify that understanding prior to disclosing my client's location, physical appearance, or other similar, personally identifying information in future filings.

Thank You,

Cooper Strickland

Counsel for Plaintiff


On Tue, Oct 20, 2020 at 4:13 PM Beck, Gill (USANCW) <Gill.Beck@usdoj.gov> wrote:

> Cooper,
>
> Thank you for reviewing the proposed redactions. Your efforts are appreciated. Our plan is to re-submit the documents to the Court on Thursday

October 22.

While we are more than willing to try and accommodate Plaintiff's expanded view of what it means to file under a pseudonym, we wanted to address your point about there being a "general understanding" of what information should be redacted and point out our disagreement with your apparent position that Defendants are obligated to redact from our filings any information that Plaintiff believes should be redacted, but for which Plaintiff has never sought to be sealed or even identified for Defendants. As you know, Plaintiff has not sought, and the Court has not ordered, any information to be sealed in this case. The Court granted Plaintiff's motion to proceed under a pseudonym, which merely allows Plaintiff to use a fictitious name as an exception to the general rule that the case caption must name the parties to the suit. Fed. R. Civ. P. 10(a).

An order permitting a plaintiff to proceed under a pseudonym does not imply that all information relating to the plaintiff must be sealed. To the extent that Plaintiff wishes to seal certain information, she must seek a ruling from the Court specifying ***precisely*** the information that she believes is entitled to protection. *See, e.g.*, *Doe v. Evans*, 202 F.R.D. 173, 175 (E.D. Pa. 2001) (plaintiff sought "permission to proceed under a pseudonym *and also requests a broad protective order* preventing the parties from referencing her true name during depositions or otherwise disclosing her identity") (emphasis added) (allowing plaintiff to proceed under a pseudonym but not allowing a protective order that would prevent her true name during proceedings or otherwise disclosing her identity); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 470-71 (E.D. Pa. 1997) (court permitted plaintiff to proceed under pseudonym and entered protective order specifying information that was protected from disclosure); *Patton v. Entercom Kan. City, LLC*, No. 13-2186-KHV, 2013 WL 3524157, at *3, 2013 U.S. Dist. LEXIS 96635, at *7 (D. Kan. July 11, 2013) (separately addressing motion to proceed under pseudonym and motion to seal).

The Fourth Circuit has carefully delineated the different standards and procedures associated with filing documents under seal and proceeding under

a pseudonym. *Doe v. Public Citizen, 749 F.3d 246* (4th Cir. 2014) (separately addressing motion to proceed under pseudonym and motion to seal). As the Fourth Circuit has stated, '[i]t is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil . . . proceedings." *Doe*, 749 F.3d at 265. "The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Doe*, 749 F.3d at 265. Plaintiff has not met the standard for sealing – specifically, 'articulating a compelling interest that outweighs the strong presumption of public access" -- and has not followed the procedures to seal information. *See Doe*, 749 F.3d at 266-274. In fact at the telephonic hearing, Plaintiff asked and the Court ordered everything in the Complaint unsealed but allowed Plaintiff to process under a pseudonym. Allowing a Plaintiff to proceed under a pseudonym involves a different standard and procedure. *See Doe*, 749 F.3d at 273-274

Accordingly, absent a protective order Defendants are not obligated at this time to redact information from filings. Nevertheless, as a courtesy, Defendants have taken pains to redact information from their filings that you believe potentially could be used to determine Plaintiff's identity and to provide you with the opportunity to review our proposed MSJ opposition and exhibits. In response, you assert that there is a "general understanding" of what that information may be, but this non-specific, conclusory statement is not sufficient to put Defendants on notice of the precise information Plaintiff wants redacted. For example, it is unclear why the information to which you object (e.g., the city of Plaintiff's residence) should be considered any more revealing than the information Plaintiff herself has elected to disclose, such as various employment information. On October 22, we intend to re-file the MSJ opposition and exhibits unless you identify additional information to redact before 5pm on Wednesday, October 21, 2020. If you need additional time to propose redactions, please let us know.

We are happy to discuss if that would be helpful.

**Gill P. Beck | Civil Chief** Assistant United States Attorney
United States Attorney's Office Western District of North Carolina (Asheville)

U.S. Courthouse, Room 233 | 100 Otis Street | Asheville, NC 28801

☎ Tel 828-259-0645 | Fax 828-271-4327 | ✉Email: Gill.Beck@usdoj.gov

**From:** Cooper Strickland <cooper.strickland@gmail.com>
**Sent:** Thursday, October 15, 2020 1:08 PM
**To:** Beck, Gill (USANCW) <GBeck@usa.doj.gov>
**Cc:** Kolsky, Joshua (CIV) <jkolsky@CIV.USDOJ.GOV>
**Subject:** Re: Roe V. USA -- Declaration of Administrative Officer Moorman

Mr. Beck,

I began a review of your emails and attachments, but I stopped after looking at the "Telework Agreement" (Moormann at 89), the "Health Benefits Election Form" (Moormann at 95), and wedding photos (Davis at 16-18). The first references "Tryon," the second references "Lynn" (*see* October 5, 2020 Letter referencing page 95), and the third appears the same as the initial filing (i.e., disclosing appearance, including race).

I believe we have reached a general understanding of what should be redacted, but I do not believe it is productive for me to review the FDO declarations any further at this time.

Thank You,

Cooper Strickland

Counsel for Plaintiff

On Wed, Oct 14, 2020 at 10:51 AM Beck, Gill (USANCW) <Gill.Beck@usdoj.gov> wrote:

> Cooper,
>
> I understand completely. We want to make sure that all of the redactions meet your

satisfaction.

Again, once you are satisfied, then our plan is to file the redacted opposition brief and redacted exhibits to your first SJ motion as **public** documents. Also, we will be filing the redacted exhibits and opposition to your second SJ motion as **public** documents.

Thank you again. Hope you have a great day.

**Gill P. Beck | Civil Chief** Assistant United States Attorney

United States Attorney's Office Western District of North Carolina (Asheville)

U.S. Courthouse, Room 233 **|** 100 Otis Street **|** Asheville, NC 28801

☏ Tel 828-259-0645 **|** Fax 828-271-4327 **|** ✉Email: Gill.Beck@usdoj.gov

**From:** Cooper Strickland <cooper.strickland@gmail.com>
**Sent:** Wednesday, October 14, 2020 9:34 AM
**To:** Beck, Gill (USANCW) <GBeck@usa.doj.gov>
**Cc:** Kolsky, Joshua (CIV) <jkolsky@CIV.USDOJ.GOV>
**Subject:** Re: Roe V. USA -- Declaration of Administrative Officer Moorman

Mr. Beck,

Thank you for your emails. I can't review the attachments at this time, but I will be in touch as soon as possible.

Cooper

On Tue, Oct 13, 2020 at 10:08 PM Beck, Gill (USANCW) <Gill.Beck@usdoj.gov> wrote:

> Cooper,

Following up on the three emails I sent. If the redactions are satisfactory, I plan to refile them as **public** documents. I meant and should have said that I plan to keep as restrictive viewing while we discuss this so you have time to review the redactions.

My mistake -- long day – and still working to meet deadlines.

Again, I plan to keep everything under restrictive viewing until you have a chance to review and we can discuss the next steps. Ultimately, the plan, after you have had a chance to review, would be public filing of the opposition brief and supporting documents.

**Gill P. Beck | Civil Chief** Assistant United States Attorney
United States Attorney's Office Western District of North Carolina (Asheville)

U.S. Courthouse, Room 233 | 100 Otis Street | Asheville, NC 28801

☎ Tel 828-259-0645 | Fax 828-271-4327 | ✉Email: Gill.Beck@usdoj.gov

---

**From:** Beck, Gill (USANCW)
**Sent:** Tuesday, October 13, 2020 9:41 PM
**To:** Cooper Strickland (cooper.strickland@gmail.com) <cooper.strickland@gmail.com>
**Cc:** Joshua Kolsky (CIV) (jkolsky@CIV.USDOJ.GOV) <jkolsky@CIV.USDOJ.GOV>
**Subject:** FW: Roe V. USA -- Declaration of Administrative Officer Moorman

Cooper,

I hope you are doing well.

While Josh and I do not agree that including "Tryon" in the declarations and briefs discloses the Plaintiff's identity, we recognize and respect your concern and propose filing the following Declaration of Administrative Officer Moorman in place of the one we filed in support of our response to your first motion for partial summary judgment.

We also plan to file this in support of Defendants' response to your second motion for partial summary judgment.

We have checked and it looks like all redactions are not stripable, but we wanted to give you the opportunity to review as well.

In addition to removing "Tryon" we have also removed "Lynn" believing that you would also want that removed from the declaration. Again, we do not think that this is required but recognize and respect your concerns.

Our plan is to still file these under a restrictive viewing – available only to the Court and parties. Before we do that we wanted to give you a chance to review.

I will follow this email with other emails regarding the other exhibits so that you will have a chance to review before the previously filed exhibits before we re-file them – again under restrictive viewing.

We hope you are doing well.

**Gill P. Beck | Civil Chief** Assistant United States Attorney
United States Attorney's Office Western District of North Carolina (Asheville)

U.S. Courthouse, Room 233 | 100 Otis Street | Asheville, NC 28801

☎ Tel 828-259-0645 | Fax 828-271-4327 | ✉Email: Gill.Beck@usdoj.gov

--

Cooper