IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND, )
  )
    Plaintiff, )
  )
v. )
  )
UNITED STATES OF AMERICA, et al., )
  )
    Defendants. )

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENSES UNDER FED. R. CIV. P. 12(f)**

Defendants hereby oppose Plaintiff's Motion to Strike Defenses Under Fed. R. Civ. P. 12(f), ECF No. 133.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f)(2) allows the court to strike from a pleading any "insufficient defense" on a party's motion filed within 21 days of being served with the relevant pleading. However, "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation omitted); *see also Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 247 (4th Cir. 2007) ("[Rule 12(f)] motions are to be granted infrequently."). "In a motion to strike, the burden is high and rests with the movant." *Hinkle v. Experian Informations Solutions, Inc.*, Case No. 1:18-cv-7, 2018 WL 1511177 at *1 (W.D.N.C. Mar. 27, 2018) (internal quotation omitted). "The court must view the pleading under attack in a light most favorable to the pleader." *U.S. v. Godley*, 3:19-cv-202, 2020 WL 4507324 at *1 (W.D.N.C. Aug. 5, 2020) (internal

1

quotation omitted). "In evaluating a motion to strike defenses, a Court must determine whether the challenged allegations are so unrelated to Plaintiffs claims as to be unworthy of consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Hinkle*, 2018 WL 1511177 at *1 (internal quotation omitted).

"Even where technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in [the] absence of showing of prejudice to the moving party." *Courtland Company, Inc. v. Union Carbide Corporation*, 2021 WL 1868313 at *2 (S.D.W.Va. May 10, 2021) (cleaned up); *Nexus Technologies, Inc. v. Unlimited Power, Inc.*, 1:19-cv-9, 2020 WL 5723756 at *1 (W.D.N.C. Sept. 24, 2020) (internal quotation omitted) ("Courts generally refrain from striking affirmative defenses absent a showing that not doing so would unfairly prejudice the movant."). "Prejudice may exist, for instance, where an irrelevant affirmative defense results in increased time and expense of trial, including the possibility of expensive and burdensome discovery." *Courtland Company, Inc.*, 2021 WL 1868313 at *2.

## ARGUMENT

Plaintiff's motion to strike Defendants' eight affirmative defenses is meritless, and rests on a reading of the Fourth Circuit's opinion in this case that is often incompatible with the text of the opinion. Plaintiff also fails to explain how any of Defendants' affirmative defenses would be prejudicial to Plaintiff, independently dooming Plaintiff's motion. Defendants respectfully ask this Court to reject Plaintiff's "dilatory tactic" in bringing this motion and refrain from imposing the "drastic remedy" of striking Defendants' affirmative defenses. *See Waste Mgmt. Holdings, Inc.*, 252 F.3d at 347.

**First Defense: "Plaintiff fails to state a claim for which relief can be granted."** Plaintiff's Complaint raised both facial and as applied due process and equal protection claims

regarding the EDR Plan against Defendants in both their individual and official capacities. Compl. ¶¶ 494–99, ECF No. 1. Plaintiff further raised claims under 42 U.S.C. § 1985 and 42 U.S.C. § 1986. Compl. ¶¶ 500–05. This Court granted individual and official capacity Defendants' motions to dismiss all of Plaintiff's claims, Mem. & Order (Dec. 30, 2020), ECF No. 102, and the Fourth Circuit affirmed the dismissal in part, and reversed in part. *Strickland v. U.S.*, 32 F.4th 311, 377 (4th Cir. 2022). The Fourth Circuit was clear that Plaintiff's Fifth Amendment due process claim was properly dismissed to the extent that it alleged violation of a liberty interest, Plaintiff's claim for back pay was barred by sovereign immunity, Plaintiff did not state any cause of action against the individual defendants, and Plaintiff did not properly plead § 1985 or § 1986 claims. *Id*. In other words, those claims did, in fact, "fail to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6). Plaintiff did not amend her Complaint following appeal, and those claims remain in her Complaint. Out of an abundance of caution, Defendants sought to preserve the defense that those claims, as the Fourth Circuit held, fail to state a claim for which relief can be granted. *Strickland*, 32 F. 4th at 377. As Plaintiff acknowledges, "the Fourth Circuit's ruling is both final and binding on this Court." Mem. of Law in Support of Mtn. to Strike Defenses under Fed. R. Civ. P. 12(f) ("Pl.'s Mtn. to Strike") 3, ECF No. 133-1. While Defendants certainly agree that they are bound by the Fourth Circuit's ruling that certain of Plaintiff's claims may proceed in this litigation, Plaintiff is equally bound to accept that some of her claims may not proceed. Defendants' effort to preserve the Fourth Circuit's ruling in their answer is reasonable, and Plaintiff's baseless suggestion that Defendants' effort is "frivolous" should be rejected. *Id*.

**Second Defense: "Plaintiff's alleged damages must be set off by any amounts earned in mitigation."** Defendants are permitted to set forth affirmative defenses to the relief sought by Plaintiff. *See, e.g.*, *U.S. ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1, 6–7 (D.D.C. 2015)

3

(denying motion to strike defenses that Plaintiff's "damages are speculative, uncertain" and that Plaintiff "failed to mitigate its alleged damages"); *Hinkle*, 2018 WL 1511177 at *2 (denying motion to strike defense of failure to mitigate damages). Mitigation is a valid defense to an award of front-pay. *See Hunter v. Town of Mocksville, North Carolina*, 897 F.3d 538, 563 (4th Cir. 2018) (acknowledging that factors to be considered in calculating award of front pay include "plaintiff's effort to mitigate damages" and "the length of time it would take plaintiff to secure reasonable employment using reasonable efforts"). Accordingly, Defendants have set forth a "defense" to Plaintiff's request for relief, not just a "statement of the law". Pl.'s Mot. to Strike, *see also* Compl., Requested Relief (asking court to "[a]ward Plaintiff appropriate front pay as equitable relief in lieu of reinstatement"). Indeed, Plaintiff's reliance on her motion for preliminary injunction to allegedly prove that she has mitigated her damages only underscores the relevance of Defendants' affirmative defense. *See* Pl.'s Mot. to Strike 3. Defendants have put Plaintiff on notice that Plaintiff's mitigation efforts will be at issue in this litigation, and Plaintiff cannot possibly be prejudiced by Defendants' intention to defend themselves against Plaintiff's claim for relief.

**Third Defense: "This Court lacks jurisdiction to the extent that Plaintiff failed to exhaust her administrative remedies."** Although the Fourth Circuit acknowledged that it is undisputed that "Strickland failed to exhaust her remedies under the EDR Plan," *Strickland,* 32 F.4th at 370, the Fourth Circuit did not hold, as Plaintiff suggests, that exhaustion of administrative remedies would be futile. The Fourth Circuit held, instead, that "a reasonable factfinder *could* conclude that continuing with the EDR process would be futile" only "*if [Strickland] can prove*" certain prerequisite facts. *Id.* at 356 (emphasis added). Similarly, the Fourth Circuit held only that Plaintiff's complaint *alleged* a claim of deliberate indifference, not that Plaintiff proved that officials had acted unlawfully. Plaintiff thus conflates the Fourth Circuit's holding that Plaintiff

4

*may* be able to her prove her claim with a holding that she *has* definitively done so, which the Fourth Circuit could not determine on appeal from a motion to dismiss before factual development of the case. Under these circumstances, Defendants are well within their rights to maintain that failure to exhaust bars some or all of Plaintiff's claims and seek to dispel the notion that such exhaustion would be futile based on facts revealed in discovery.

**Fourth Defense: "All actions taken by Defendants with respect to Plaintiff were for legitimate, nondiscriminatory, non-retaliatory reasons, were based on good faith and were not in violation of any federal law."** Rather than argue this defense is frivolous or somehow foreclosed by the Fourth Circuit's opinion in this case, Plaintiff seeks to prevent Defendants from arguing that actions taken with respect to Plaintiff were legitimate because Defendants have not put Plaintiff on notice of the defense. As Plaintiff correctly points out, "[n]either the Supreme Court nor the Fourth Circuit has decided whether *Twombly* or *Iqbal* applies to affirmative defenses." *Nexus Technologies, Inc. v. Unlimited Power, Ltd.*, 2020 WL 5723756 at *2 (W.D.N.C. Sept. 24, 2020) (citing *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 700 n.5 (4th Cir. 2018)). But, contrary to Plaintiff's suggestion that most courts apply the *Twombly* and *Iqbal* standard to affirmative defenses, courts in the Western District of North Carolina have "consistently held that *Twombly* and *Iqbal's* heightened pleading standards do not apply to affirmative defenses." *Id.* Plaintiff further suggests that this affirmative defense does not meet the pleading requirements of Rule 8. But, as at least one court in this circuit has recognized, a plain statement that actions "were taken for legitimate nondiscriminatory reasons," such as Defendants' statement here, satisfies Rule 8 because it "gives Plaintiff fair notice of the nature of its affirmative defenses." *Barrett v. Americast, Inc.*, No. 3:13-cv-163, 2014 WL 1689737 at *3 (N.D.W.Va. Apr. 29, 2014).

**Fifth Defense: "This court lacks jurisdiction to the extent that Plaintiff's claims are barred by sovereign immunity."** Regarding Defendants' fifth affirmative defense, Plaintiff willfully ignores the full text of the Fourth Circuit's opinion in this case. Rather than being "squarely foreclosed," by the opinion, Pl.'s Mot. to Strike 5, the Fourth Circuit expressly held that "[t]he Official Capacity Defendants are entitled to sovereign immunity from the Fifth Amendment due process and equal protection claims . . . to the extent those claims seek back pay." *Strickland*, 34 F. 4th at 477. As Plaintiff's Complaint includes a request for back pay, Defendants' assertion of sovereign immunity is clearly both relevant and valid with respect to that request.

**Sixth Defense: "Plaintiff's claims are barred in full or in part by the doctrine of absolute judicial immunity."** Although Plaintiff says that her claims are for declaratory and prospective equitable relief, Plaintiff's Complaint still contains a request for past damages and appears to include Defendants both in their individual and official capacities. Accordingly, even under Plaintiff's limited view of the role judicial immunity may play in this case, *but see Edwards v. Wilkinson*, 233 F. Supp. 2d 34, 37 (D.D.C. 2002) ("Judicial immunity applies regardless of whether the plaintiff is suing the judge in her individual or official capacity."), judicial immunity is a valid defense against Plaintiff's claims for monetary relief against Chief Judge Gregory. Defendants have certainly not "conceded that judicial immunity does not apply" in this litigation, Pl.'s Mot. to Strike 6, by confirming that Chief Judge Gregory was "not asserting that absolute immunity applies to his decisions to order and investigation," or "to direct the EDR Coordinator to assist Plaintiff with a transfer." Defs.' Opp'n to Pl.'s Mot. for Partial Summ. J. 6 n.3 (Oct. 26, 2020) ECF No. 94. Defendants have consistently taken the position that Chief Judge Gregory is entitled to absolute judicial immunity with respect to his decisions to "deny, in part, Plaintiff's motion for a continuance and defer ruling on her motion for disqualification." *Id.* at 6.

6

**Seventh Defense: "Plaintiff's claims are barred in full or in part by the Civil Service Reform Act of 1978."**

Although the Fourth Circuit did determine that the Civil Service Reform Act does not bar Plaintiff's claims, *Strickland*, 32 F.4th at 374, Plaintiff has failed to identify any prejudice resulting from inclusion of this defense. There is no suggestion that this defense would result in any "increased time and expense of trial" or lead to the "possibility of expensive and burdensome discovery." *Courtland Company, Inc.*, 2021 WL 1868313 at *2. For that reason, Plaintiff has not met the high burden required for Rule 12(f) motions. *See Viper Publishing, LLC*, No. 3:17-cv-314, 2018 WL 3114536 at **5–6 (W.D.N.C. June 25, 2018) (denying motion to strike when party had "not shown any unfair prejudice that would result from a denial of their motion to strike this affirmative defense").

**Eighth Defense: "During the course of this litigation, Defendants may discover facts that support one or more of the affirmative or additional defenses set forth in Federal Rule of Civil Procedure 8(c), and in order to avoid waiving said defenses, Defendants hereby incorporate them by reference."**

Plaintiff similarly shows no prejudice from Defendants' reservation of defenses. Although some courts do not recognize the reservation of defenses as an affirmative defense, courts may still deny the extraordinary relief of striking such a defense because there is no prejudice to the Plaintiff. *See Francisco v. Verizon South*, No. 3:09-cv-737, 2010 WL 2990159 at *8 (E.D. Va. July 29, 2010) (denying motion to strike "reservation of unpled defenses" because "the court perceives no prejudice to [the plaintiff] resulting from this pleading").

7

Case 1:20-cv-00066-WGY   Document 137   Filed 08/29/22   Page 7 of 8

## CONCLUSION

For these reasons, Defendants respectfully ask the Court to deny Plaintiff's Motion to Strike Defenses Under Fed. R. Civ. P. 12(f). If the Court is inclined to grant any part of Plaintiff's motion, however, Defendants ask the Court to grant Defendants leave to amend their answer. *See Hanzlik v. Biach*, No. 1:09-cv-221, 2009 WL 2147845 at *2 (E.D. Va. July 14, 2009) (citing 5C Wright & Miller § 1381 (3d ed. 2004) ("When a court strikes a defense, the general practice is to grant defendant leave to amend.").

Dated: August 29, 2022

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

  /s/ Rachael L. Westmoreland
JOSHUA M. KOLSKY
RACHAEL L. WESTMORELAND (GA Bar No. 539498)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-1280
E-mail: rachael.westmoreland@usdoj.gov

*Counsel for Defendants*