# EXHIBIT A

## RE: checking in

Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
Mon 3/11/2019 1:56 PM

To: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Dear ▓▓▓▓▓

I am so glad to hear about your new opportunity – that's just wonderful! It was such a pleasure to meet you and an honor to be of any help to you in this matter. I'm sorry for the many months of difficulties that you had with EDR. Every EDR case I hear about helps me help courts do better next time, so what you went through will be useful in the long run, as it will help me make the EDR process better for everyone. But most of all, I am sorry for you experienced to even need the EDR process in the first place.

I hope you have a wonderful career, and that you come by and say hello if you're ever at the AO again!

With very best wishes,

Jill

---

**From:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Sent:** Monday, March 11, 2019 2:36 PM
**To:** Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
**Subject:** Re: checking in

Dear Jill,

I wanted to let you know that on Friday, I accepted a clerkship offer with Judge ▓▓▓▓▓▓▓▓ of the Fourth Circuit Court of Appeals. We had been using Judge ▓▓▓▓▓ law library for our EDR mediation meetings and, as it turns out, one of his law clerks left early and he needed a replacement. So it was a fortuitous coincidence that worked out well for everyone.

Although I saddened to no longer be a federal defender, I believe this is the best possible outcome under the circumstances. This opportunity will allow me a fresh start while preserving my reputation and the hard work I have put into building my career. The Fourth Circuit was also very supportive of this outcome and is continuing to assist me with other possible opportunities.

I learned a lot from this experience about the EDR process, and I hope we can continue to discuss "lessons learned." I also believe your advice to write out a more detailed factual summary and legal arguments for my claims may have been an important factor in moving things in the right direction.

Thank you again for your time and assistance.

Best regards,



**From:** Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
**Sent:** Friday, March 1, 2019 5:50 PM
**To:**
**Subject:** RE: checking in

Thanks

Thank you for following up with me. I am interested in your situation, and I do care about having this EDR process work better for you going forward. Do keep me in the loop and don't hesitate to call me whenever you want.

Warmest regards,

Jill

**From:**
**Sent:** Thursday, February 28, 2019 10:20 AM
**To:** Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
**Subject:** Re: checking in

Dear Jill,

I hope you are doing well. I thought I would send you a copy of the latest filings in my EDR case, including a Supplement to Mediation Request and Renewed Request for Disqualification.

Best regards,



**From:** Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
**Sent:** Tuesday, February 19, 2019 9:16 AM
**To:**
**Subject:** RE: checking in

Don't hesitate to contact me again. At least, do let me know how this is ultimately resolved. Every matter can be a "lesson learned." For example, your experience has taught me that I/we need to provide EDR interpretive guidelines to courts, to flesh out what I/we think should happen in EDR proceedings. I've trained EDR Coordinators in the Tenth Circuit, but I think that needs to be nationalized. And I'd like to better understand if FPDs are adequately protected by EDR remedies.

I wish you well, and remain here if you want.

Jill

**From:**
**Sent:** Tuesday, February 19, 2019 9:11 AM
**To:** Jill Langley <Jill_B_Langley@ca10.uscourts.gov>
**Subject:** Re: checking in

Dear Jill,

Thank you for your warm email and for taking so much of your time to meet with me in person. I really appreciated your advice to supplement my original narrative with more detail in writing and I am currently working on that now.

I appreciate your offer to speak to James, but I would like to let things play out more first and see if my filings move things in a different direction. I will certainly let you know if that changes though.

Thanks again and I wish you the best in your new judicial integrity officer role.

Best regards,



> On Feb 17, 2019, at 3:59 PM, Jill Langley <Jill_B_Langley@ca10.uscourts.gov> wrote:
>
> 
>
> I hope Friday wasn't completely overwhelming. I felt a little overwhelmed, so I suspect you did as well. I want EDR to work; that is such a passion of mine. I can't address the whys of what has transpired in your cast to date, and I know this has been an arduous path for you, but I think it would be helpful to remember that you are still at the <u>start</u> of the EDR process. All of the due process rights in the EDR complaint process are still there for you to use.
>
> If you were to let me speak to James, I could at least offer myself to him as a guide for how I train and expect EDR to work. I would not want to intervene, but just to offer him a sounding board for how I think the EDR process needs to work, so that everyone believes that the ultimate EDR result was fairly and transparently arrived at. It would involve me letting him know you reached out to me, which is entirely within your rights to do, but if that concerns you, I will not ever reveal our conversation or my knowledge of your claim.
>
> I am also passionate that employees not fear retaliation for coming forward and for using EDR. You can and should report any retaliatory actions that you experience, and that includes letting me know.
>
> With warmest regards,
>
> Jill
>
> _____
> Jill B. Langley
> Judicial Integrity Officer
> Office of Judicial Integrity
> Administrative Office of the United States
> Office: 202-502-3957
> Gov't Cell: 202.531.4026