IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| UNITED STATES, *et al.*, | ) ) ) |
| *Defendants*. | ) ) ) |

## NOTICE OF WAIVER OF PRELIMINARY INJUNCTION HEARING

Plaintiff Caryn Devins Strickland hereby notifies this court that she will waive the preliminary injunction hearing that is scheduled for September 8, 2022. As discussed in Strickland's motion for a preliminary injunction, the undisputed facts of this case strongly support her right to a preliminary injunction, and so an evidentiary hearing is unnecessary. ECF No. 125-1, at 24–25; *see G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 725 (4th Cir. 2016) ("[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits."); *Elrod v. Burns*, 427 U.S. 347, 350 n.1 (1976) ("For purposes of our review, all of the well-pleaded allegations of [the] complaint and uncontroverted affidavits filed in support of the motion for a preliminary injunction are taken as true."). Further,

1

Strickland does not request oral argument. This court should order relief as soon as possible based on her fully briefed motion, and certainly no later than September 8; any further delay is unnecessary and would only prejudice her.

Moreover, Strickland has been severely prejudiced by this court's ongoing failure to act on Strickland's pending motions for *pro hac vice* admission of Jeannie Suk Gersen and Philip Andonian, and its failure to act on Strickland's motion to clarify whether it will allow her choice of counsel, Professor Gersen and Mr. Andonian, to appear on her behalf in this proceeding. *See* ECF Nos. 115, 128. Courts have recognized the right of litigants "freely to choose their counsel," *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992), as well as the "serious and immediate adverse effect" of "denying the client his choice of counsel," *Soc'y for Good Will to Retarded Children, Inc. v. Carey*, 466 F. Supp. 722, 724 (E.D.N.Y. 1979). While the court has discretion over *pro hac vice* admission, the Fourth Circuit has recognized that *pro hac vice* admission is proper where a party has "complied with" the local rules "governing the admittance of an attorney pro hac vice." *See Scott v. Health Net Fed. Servs.*, LLC, 463 Fed. Appx. 206, 209 (4th Cir. 2012).

Professor Gersen and Mr. Andonian have complied with the local rules for *pro hac vice* admission, and no basis has been provided to deny their applications for admission. Professor Gersen's application has been pending for nearly two-

and-a-half months, since it was filed on June 21, 2022, with no order from the court. ECF No. 115. During the status conference on July 14, 2022, this court stated that it had "utterly no objection" to her admission and that "assuming that the procedural requirements of the district in which I'm visiting are met, I do admit Professor Gersen with pleasure." Transcript of Status Conference ("Tr."), at 7, ECF No. 129. Professor Gersen's June 21, 2022 application did meet the procedural requirements for the U.S. District Court for the Western District of North Carolina. *See* Attorney Admissions, https://www.ncwd.uscourts.gov/attorney-admissions. Her motion for special appearance *pro hac vice* was submitted to the court upon the form prescribed by the court; it was filed electronically by local counsel, who was registered to file electronically; the motion included the email address of the attorney seeking admission; and the motion was accompanied by the $288.00 fee, which is reflected in the docket entry text for the motion. *See* ECF No 115 ("MOTION for Leave to Appear Pro Hac Vice as to Jeannie Suk Gersen Filing fee $288, receipt number ANCWDC-5623514, by *Caryn Devins Strickland (Strickland, Cooper)"). Strickland has not been notified of any procedural deficiencies in the application for Professor Gersen's *pro hac vice* admission. But no written order has been entered on her application for admission. As a result, Professor Gersen has been unable to receive ECF notices or register for a CM/ECF account in this case. On

3

Case 1:20-cv-00066-WGY    Document 140    Filed 09/02/22    Page 3 of 8

July 28, 2022, Professor Gersen's request to register for a CM/ECF account in the Western District of North Carolina was rejected. She was informed that "[y]our ECF filing request cannot be granted until your application to appear pro hac vice has been approved. Please resubmit your request for ECF filing access upon entry of an order allowing your appearance via pro hac vice." As of the date of this filing, no order has been entered allowing Professor Gersen's appearance *pro hac vice*, and she remains unable to access CM/ECF in this case. Similarly, Mr. Andonian's application for admission has been pending since August 2, 2022, with no order from the court. *Id.* at 2. Like the application for Professor Gersen's *pro hac vice* admission, the application for Mr. Andonian's *pro hac vice* admission complied with the local rules for the Western District of North Carolina, as reflected in the docket entry text for the motion. *See* ECF No. 128 ("MOTION for Leave to Appear Pro Hac Vice as to Philip Andonian Filing Fee $ 288, receipt number ANCWDC-5680750, by Caryn Devins Strickland (Strickland, Cooper)"). The day after Strickland filed Mr. Andonian's application for admission, this court set a hearing on her motion for a preliminary injunction, but it still did not act on her pending motions for the admission of Professor Gersen and Mr. Andonian. *See* Entry Order Dated August 3, 2022.

On August 8, 2022, Strickland filed an unopposed "Motion to Clarify Status of Pro Hac Vice Admission," which "respectfully request[ed] that the court clarify

4

whether it will allow her chosen counsel, Jeannie Suk Gersen and Philip Andonian, to appear *pro hac vice* on her behalf in this proceeding." ECF No. 130, at 1. The motion explained that, without an order from the court on her pending motions for admission, "it is unclear whether Mr. Andonian and Professor Gersen will be allowed to represent Strickland during important upcoming events in this case," including "the preliminary injunction hearing on September 6." *Id.* at 2.

Later that day, on August 8, 2022, this court granted Defendants' request for an extension of time to respond to Strickland's motion for a preliminary injunction, but it did not act on her motion to clarify or her pending motions for admission. *See* Entry Order Dated August 8, 2022. On August 9, 2022, Defendants moved to reschedule the preliminary injunction hearing in order to accommodate the annual leave schedules of Defendants' counsel. *See* ECF No. 131. This court granted Defendants' request and rescheduled the hearing for September 8, 2022, but it still did not act on Strickland's motion to clarify or her pending motions for admission. *See* Entry Order Dated August 11, 2022.

On August 22, 2022, Defendants filed their opposition to Strickland's motion for a preliminary injunction, as well as a supplemental memorandum in opposition to her motion for summary judgment. ECF Nos. 134, 135. On August 23, 2022, Strickland requested a four-day extension to respond to both filings, until September 2, 2022. ECF No. 136. She explained that an extension would "serve

5

the interests of basic fairness," in part, because "no order has been entered on [her] requests for *pro hac vice* admission, which has impeded her counsel from receiving ECF notices for the past eight weeks." *Id.* at 2. This court granted Strickland's extension request on August 24, 2022, but it still did not act on her motion to clarify or her pending motions for admission.

As of the date of this filing, no written order has been entered on Professor Gersen's June 21, 2022 motion for *pro hac vice* admission, ECF No. 115, or on Mr. Andonian's August 2, 2022 motion for *pro hac vice* admission, ECF No. 128. Therefore, Strickland does not know whether Professor Gersen or Mr. Andonian will be allowed to appear on her behalf in this proceeding. Given that the preliminary injunction hearing is less than one week away, it would be untenable for Professor Gersen or Mr. Andonian to present argument on Strickland's behalf at the September 8 hearing under these uncertain circumstances, even if the court ultimately grants their *pro hac vice* admissions.

Accordingly, Strickland hereby notifies the court that she will waive the preliminary injunction hearing on September 8 because she does not request oral argument, an evidentiary hearing is unnecessary, and proceeding to a hearing without knowing who will be allowed to appear on her behalf would be severely prejudicial. Strickland respectfully requests that, if the court determines that there are disputes of fact and an evidentiary hearing is necessary for her to obtain

preliminary injunctive relief, the court provide her notice of its intent to hold an evidentiary hearing and an opportunity to respond.

This the 2nd day of September, 2022.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com