IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| CARYN DEVINS STRICKLAND, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | Civil No. 1:20-cv-00066-WGY |
| UNITED STATES, *et al.*, | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO STRIKE DEFENSES UNDER FED. R. CIV. P. 12(f)**

Based on their response to the motion to strike, Defendants either do not understand the mandate rule, or they are engaging in dilatory tactics to waste the time and resources of both Strickland and this court. Either way, their conduct is severely prejudicial, because it is forcing Strickland and her counsel to waste time and resources responding to arguments that the Fourth Circuit's "mandate has laid to rest." *Invention Submission Corp. v. Dudas*, 413 F.3d 411, 415 (4th Cir. 2005). Strickland respectfully requests that this court grant her motion to strike, and caution Defendants to refrain from raising these frivolous arguments before she is compelled to move for sanctions against them.

The mandate rule is a "more powerful version of the law of the case doctrine." *Doe v. Chao*, 511 F.3d 461, 464 (4th Cir. 2007). "Few legal precepts

1

are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'" *Id.* at 465 (citation omitted). This "rule serves two key interests, those of hierarchy and finality." *Id.* "The principle of hierarchy is no empty shell. It protects the very value and essential nature of an appeal, namely the chance afforded litigants for review of a judgment and for correction, generally by a larger judicial body, of errors that may have serious consequences or work significant injustice." *Id.* Likewise, there is a "need for appropriate review to be final," because "[r]epetitive hearings, followed by additional appeals, waste judicial resources and place additional burdens on . . . hardworking district and appellate judges." *Id.* at 465–66.

The mandate rule thus "restricts the district court's authority on remand from the court of appeals." *Id.* at 465. It does so in two ways: "First, any issue conclusively decided by this court on the first appeal is not remanded, and second, any issue that could have been but was not raised on appeal is waived and thus not remanded." *Id.* (internal citation and quotation marks omitted). Further, "a district court must, except in rare circumstances, implement both the letter and the spirit of the . . . mandate, taking into account [the appellate] opinion and the circumstances it embraces." *S. Atl. Ltd. P'ship of Tennessee, LP v. Riese*, 356 F.3d 576, 584 (4th Cir. 2004) (internal quotation marks and citations omitted). The mandate rule thus

2

"forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Id.* (citation omitted).

"[T]he mandate consists of [the appellate court's] instructions to the district court at the conclusion of the opinion, and the entire opinion that preceded those instructions." *United States v. Dutch*, 978 F.3d 1341, 1345 (10th Cir. 2020). In this case, the Fourth Circuit "AFFIRMED in part and REVERSED in part," and it "REMANDED to the district court for further proceedings consistent with this opinion." *Strickland v. United States*, 32 F.4th 311, 377 (4th Cir. 2022). The Fourth Circuit further provided, at both the beginning and the end of its opinion, an exacting description of "[t]he effect of [its] rulings." *Id.* at 320, 377. And in its 118-page opinion, the Fourth Circuit exhaustively explained the basis for those rulings. *See id.* at 320–77. In sum, the Fourth Circuit allowed Strickland's as-applied due process claim alleging a deprivation of her property rights to proceed against the official capacity defendants; it allowed her equal protection claim to proceed against the official capacity defendants; and it limited her recovery to "prospective equitable relief." *Id.* at 377. The Fourth Circuit affirmed the district court's dismissal of her claims against the individual capacity defendants. *Id.*; *see* ECF Nos. 102, 103 (district court opinion and judgment of dismissal).

Despite the Fourth Circuit's crystal-clear mandate, five out of the eight defenses raised in Defendants' answer are squarely foreclosed by the mandate rule.

3

Defendants raised their defenses of failure to state a claim, sovereign immunity, and the CSRA on appeal, and the Fourth Circuit explicitly rejected them. *Strickland*, 32 F.4th at 321 (ruling that her due process and equal protection claims are "sufficient to survive the motions to dismiss"); *id.* at 366 ("The Official Capacity Defendants are not shielded by sovereign immunity from [Strickland's] nonstatutory review claims."); *id.* at 374 ("Defendants also argue that Strickland's claims are all barred by the Civil Service Reform Act, 5 U.S.C. § 1101 et seq. (CSRA). We reject that argument."). As for absolute immunity, Defendants *never raised* absolute immunity on behalf of any of the official capacity defendants in district court or on appeal, and are foreclosed from doing so now. *Doe*, 511 F.3d at 465 ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded."). Defendants clearly knew that absolute immunity existed as a defense, as they asserted it on behalf of the Chief Judge in his individual capacity, but they did not assert it on behalf of any of the official capacity defendants. *Compare* ECF No. 41, at 20–22 (individual capacity), *with* ECF No. 43, at 5–22 (official capacity). As for exhaustion, Defendants contend that the Fourth Circuit "did not hold" that "exhaustion of administrative remedies would be futile," ECF No. 137, at 4, but Defendants did not raise that issue for the Fourth Circuit's consideration. Defendants raised exhaustion as a defense in their motion to dismiss, ECF No. 43, at 11–14, but they did not raise exhaustion on appeal, as

4

Strickland explained in her appellate reply brief. *See Strickland v. United States*, No. 21-1346, Doc. 95, at 7 ("Appellees do not argue that Roe was obligated to exhaust administrative remedies . . . ."). Because exhaustion was not raised on appeal, the issue "is waived and thus not remanded." *Doe*, 511 F.3d at 465.

Defendants contend that they are asserting these baseless defenses, in part, because Strickland "did not amend her Complaint following appeal" and her Complaint "still contains a request for past damages and appears to include Defendants both in their individual and official capacities." ECF No. 137, at 3, 6. Defendants therefore contend that they are "preserv[ing] the Fourth Circuit's ruling in their answer." *Id.* at 3. This argument is legally and factually baseless. This court *dismissed* Strickland's claims against the individual capacity defendants, as well as her claims for past damages. ECF Nos. 102, 103. On appeal, the Fourth Circuit *affirmed the dismissal* of those claims. *Strickland*, 32 F.4th at 377. Because those claims are dismissed from this case, Strickland would need to seek leave to amend her complaint to reassert them. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (plaintiff must seek leave to amend the complaint after "a judgment of dismissal"). There is no need to "preserve" defenses regarding claims and parties that have been dismissed from this case.

Further, while Defendants claim that they are merely "preserv[ing]" arguments in their answer "[o]ut of an abundance of caution," that is not true. ECF

5

No. 137, at 3. In fact, Defendants are relying on their assertion of frivolous defenses to "increase[] [the] time and expense of trial, including the possibility of extensive and burdensome discovery." *Staton v. N. State Acceptance, LLC*, No. 1:13-CV-277, 2013 WL 3910153, at *2 (M.D.N.C. July 29, 2013). In Defendants' first requests for production, which were served on Strickland on September 2, 2022, Defendants made broad-ranging, intrusive, and highly personal requests for information related to her claims for "damages":

> 9. All documents referring to, describing, or otherwise reflecting physical injuries for which Plaintiff seeks damages in the instant action, including but not limited to documents relating to assistance Plaintiff has sought from medical providers.
>
> 10. All documents referring to, describing, or otherwise reflecting emotional or miscellaneous injuries for which Plaintiff seeks damages in the instant action.
>
> 11. All documents referring to, describing, or otherwise reflecting Plaintiff's attempts to mitigate any injuries (economic, physical, emotional, or otherwise) for which Plaintiff seeks damages in the instant action . . . .

There is no plausible reason for Defendants to request intrusive discovery related to Strickland's "damages" claims, *which have been dismissed*, except to harass her and "increase[] [the] time and expense of trial, including the possibility of extensive and burdensome discovery." *Staton*, 2013 WL 3910153, at *2. Therefore, Strickland has "clearly show[n]" that Defendants' assertion of baseless and frivolous defenses in their answer "will prejudice" her. *Courtland Co., Inc. v.*

6

*Union Carbide Corp.*, No. 2:19-CV-00894, 2021 WL 1868313, at *2 (S.D.W. Va. May 10, 2021) (citation omitted).

Defendants' remaining defenses must also be stricken because they are not properly pleaded. With respect to their Second Defense, Defendants claim that they have asserted a "valid defense" of "failure to mitigate damages," but they plainly have not. ECF No. 137, at 4. Rather, Defendants' Second Defense states that Strickland's "alleged damages must be set off by *any amounts earned <u>in mitigation</u>*," which concedes that she did earn amounts "in mitigation." Answer at 1, ECF No. 127 (emphasis added). Contrary to Defendants' assertion, Strickland is not "on notice" that her "mitigation efforts will be at issue in this litigation," ECF No. 137, at 4, because Defendants' Second Defense states the opposite: it alleges that she earned amounts "in mitigation," and states that her lost earnings must be "set off" by those amounts, Answer at 1. Defendants' allegation that Strickland earned amounts "in mitigation" cannot reasonably be construed as an allegation that she failed to mitigate.

With respect to the Fourth Defense, "the majority of district courts" in this circuit "have concluded that the particularity and plausibility standard from Iqbal/Twombly does apply to the pleading of affirmative defenses." *Staton*, 2013 WL 3910153, at *2. These courts reason that "it makes neither sense nor is it fair" to hold a plaintiff to higher pleading standards than a defendant, especially because

7

"[a]ll pleading requirements exist to ensure that the opposing party receives fair notice of the nature of a claim or defense." *Barry v. EMC Mortgage*, No. CIV.A. DKC 10-3120, 2011 WL 4352104, at *3–4 (D. Md. Sept. 15, 2011) (citation omitted). Moreover, boilerplate defenses "serve only to 'clutter the docket and . . . create unnecessary work' by requiring opposing counsel to conduct unnecessary discovery." *Id.* at 3 (citation omitted). Defendants' Fourth Defense provides a good example of why this court should reject the "small minority of courts" that take a contrary view,[1] *id.*, but in any event, Defendants' Fourth Defense also fails to satisfy the requirements of Rule 8. Strickland has been provided no notice of the basis for Defendants' assertion that "[a]ll actions taken by Defendants with respect to Plaintiff were for legitimate, nondiscriminatory, non-retaliatory reasons, were based on good faith and were not in violation of any federal law." Courts have stricken similarly conclusory "good faith" defenses. *See Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 464 (D. Md. 2014) (citing cases); *see also McCoy v. Transdev Servs., Inc.*, No. CV DKC 19-2137, 2022 WL 951996, at *30 (D. Md. Mar. 30, 2022) (striking "defense of good faith [that] does not identify any facts that make [the] assertion of good faith plausible").

---

[1] Defendants cite cases from this district taking the minority view, but it is well established that decisions of a district court judge are not binding on other district court judges, even within the same district. *See, e.g.*, *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 430 n. 10 (1996) (stating that each district court judge "sits alone and renders decisions not binding on the others").

Finally, Defendants appear to concede that their Eighth Defense's reservation of defenses is not proper, but they contend that it should not be stricken "because there is no prejudice" to Strickland. ECF No. 137, at 7. Because Defendants have already shown that they are willing to make improper discovery requests based on frivolous and baseless defenses, this court should strike their Eighth Defense to avoid "risk[ing] litigation over defenses that the defendant might not ultimately assert." *Courtland Co., Inc.*, 2021 WL 1868313, at *3.

This the 6th day of September, 2022.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Philip Andonian
D.C. Bar No. 490792
CALEB ANDONIAN PLLC
1156 Fifteenth Street, N.W.,
Ste. 510
Washington, D.C. 20005

Tel: (202) 787-5792
phil@calebandonian.com

*Counsel for Plaintiff*

10

Case 1:20-cv-00066-WGY    Document 142    Filed 09/06/22    Page 10 of 11

Tel: (202) 787-5792
phil@calebandonian.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
