# EXHIBIT A

No. 22-1963

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CARYN DEVINS STRICKLAND,

*Plaintiff-Appellant*,

v.

UNITED STATES, ET AL.,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

## PLAINTIFF-APPELLANT'S EMERGENCY MOTION
## FOR STAY PENDING APPEAL

Strickland respectfully requests that this Court order a stay of proceedings

below.  The district court lacks jurisdiction over all of the matters that are involved in

the appeal to this Court, including the district court's "Hobson's choice" order

consolidating her preliminary injunction hearing with trial on the merits.  But even if

these issues were not jurisdictional, a discretionary stay would plainly be warranted

for the same reasons identified in Strickland's motion for emergency injunction, *see*

Mot. for Emergency Injunction Pending Appeal (Doc. 3), and because it would be

highly prejudicial to Strickland for the district court to continue proceeding on the

same matters that are being appealed to this Court.  Because the district court appears

to be proceeding on the same matters that are under review, including by holding a

1

scheduling hearing for expedited trial on the merits on September 28, 2022, *see infra* at 3–4, this Court should order an immediate stay.

      1.      In this appeal before the Fourth Circuit, Strickland has challenged the district court's order of September 8, 2022, which "consolidated" her preliminary injunction motion with trial on the merits on the basis that her showing was "woefully inadequate" and that the court would not grant a preliminary injunction based on "affidavits" because it wanted to receive "evidence" through a "trial." *See* Preliminary Injunction Hearing Tr. ("PH Tr."), at 6, 8; *see also id.* 4 ("I'm not giving preliminary injunction today and I'm not deciding it on affidavits.").  The district court's order is appealable because the district court effectively denied the injunction, stating that her showing on the merits was "woefully inadequate."  PH Tr. 8; *see I.A.M. Nat. Pension Fund Benefit Plan A v. Cooper Indus., Inc.*, 789 F.2d 21, 24 n. 3 (D.C. Cir. 1986) ("district court orders which have the practical effect of granting or denying an injunction" are "immediately appealable" "if such orders go to the merits of a case").  Further, the district court's refusal to grant the preliminary injunction, and instead postponing consideration of the relief requested until some indefinite future date, is appealable because it has the effect of denying her requested relief.  *See* 28 U.S.C. § 1292(a)(1) (courts of appeal have "jurisdiction" over orders "denying" and "refusing" injunctions); *Cedar Coal Co. v. United Mine Workers*, 560

2

F.2d 1153, 1161 (4th Cir. 1977) (an "indefinite continuance amounted to the refusing of an injunction and is appealable").

2.    After Strickland filed notice of appeal on September 9, 2022, and filed in the Fourth Circuit a motion for emergency injunction pending appeal, *see* Mot. for Emergency Injunction Pending Appeal, the district court issued written orders in the docket on September 15 and 16, 2022.  *See* Entry Order Dated September 15, 2022 (orders regarding July 14, 2022 status conference and September 8, 2022 preliminary injunction hearing); Entry Order Dated September 16, 2022 (notice of hearing on summary judgment motion).  Strickland assumes that the district court entered these orders to comply with Federal Rule of Civil Procedure 79's requirement that the court reduce its orders to writing, thereby aiding the jurisdiction of this Court in its review of the appeal.  *See* Fed. R. Civ. P. 79(a) (stating that "orders" and "judgments" "must be . . . entered chronologically in the docket"); *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (district court "retain[s] jurisdiction to memorialize its oral opinions" after an appeal is filed).  Strickland assumed that the district court had been divested of jurisdiction over this matter, in part, because Defendants also objected to the court's order expediting trial on the merits, *see* PH Tr. 8, and because Defendants never responded to Strickland's requests for production that were due on September 9, 2022, ECF No. 141 (Defendants' pending extension request).

3

3.     The district court's orders indicate, however, that it intends to proceed in the district court with the same matters that are currently pending before this Court on appeal.  On Friday, September 16, 2022, the court entered a "notice of hearing" for September 28, 2022 on Strickland's motion for partial summary judgment, even though the issues involved in the summary judgment motion are identical to the preliminary injunction motion that is currently being appealed.  *See* Entry Order Dated September 16, 2022.  Indeed, Defendants have stated that both motions "raise[] many of the same arguments" and have "substantial overlap" and should therefore be briefed together, ECF No. 136, and the district court granted them an extension, presumably on that basis, Entry Order Dated August 8, 2022.

4.     Moreover, at the preliminary injunction hearing, the district court ordered the parties to be prepared at the summary judgment hearing to "further discuss the scheduling of the case" for consolidated trial on the merits.  PH Tr. 13; *see also* PH Tr. 14; Entry Order Dated September 15, 2022 ("The Court will review all outstanding pending motions.").  Because the parties already have a trial date scheduled for September 2023, the only possible purpose of holding an additional scheduling hearing at this time would be to expedite a trial on the merits, within a matter of weeks, without discovery—the very procedure that is currently being challenged before this Court.  The court's order issuing a "notice of hearing" for the scheduling hearing on September 28, 2022, thus provides further indication that

4

Judge Young intends to proceed on the consolidated trial order even though an appeal of that order is now pending.  Further, on September 19, 2022, the date of this filing, Judge Young confirmed through his clerk to all parties that he intends to proceed with the hearing on September 28, 2022 even though he is aware of this appeal.  Because it would exceed the district court's jurisdiction to proceed on matters that are involved in the appeal, Strickland respectfully requests that this Court enter an order staying the district court proceeding over the matters involved in the appeal until the Fourth Circuit rules on her appeal.  An order formally recognizing that the district court is divested of jurisdiction over these matters would properly recognize the district court's limited authority vis-à-vis the Court of Appeals.[1]  *Doe*, 749 F.3d at 259.

5.    Like Strickland's motion for emergency injunction pending appeal, Doc. 3, the present motion is made in this Court in the first instance because "moving first in the district court would be impracticable."  Fed. R. App. P. 8(a)(1)–(2).  Indeed, only after this appeal was filed did Judge Young enter an order belatedly granting Strickland's motions for *pro hac vice* admission of Jeannie Suk Gersen and Phil Andonian.  Entry Order Dated September 15, 2022.  Judge Young's excessively

---

[1] Such an order would not affect the district court's jurisdiction to act on matters not involved in the appeal, including Strickland's motion for bill of costs, which is discussed below.  *See Doe*, 749 F.3d at 258 (district court may act "on matters that are collateral to the appeal").

5

belated order—which came only after his failure to rule on the motions for nearly three months was raised with this Court—highlights the arbitrariness, unfairness, and absurdity of his months-long failure to admit Professor Gersen and Mr. Andonian, who are eminently qualified to represent Strickland and had complied with the local rules for *pro hac vice* admission.  It also highlights the unfairness of Judge Young forcing Strickland to proceed to the preliminary injunction hearing without her choice of counsel, over her objection, and at that hearing, issuing his order collapsing the proceedings and expediting trial so that no discovery could be had before trial.  ECF No. 140 (waiver of hearing).  Strickland has been and continues to be severely prejudiced by the district court's months-long delay in granting her motions for *pro hac vice* admission.  The district court has now ordered Strickland to proceed with a hearing on summary judgment and scheduling of the consolidated trial on the merits, on September 28, 2022, even though it only granted the *pro hac vice* admissions on September 15, 2022, a week after forcing her to proceed without her choice of counsel in a hearing involving the same arguments as the summary judgment hearing.  This Court's immediate intervention is needed to halt the improper and coercive behavior of the district court.

6.    The imminence of the September 28 hearing on summary judgment/consolidated trial scheduling is yet another reason why moving in the district court in the first instance is impracticable, because it would be impossible to

complete briefing in both the district court and this Court before the hearing date if

the district court denies the stay. Judge Young has also had a pattern of ignoring or

excessively delaying decisions on motions, and it is reasonably foreseeable that the

pattern will continue to prejudice Strickland. *See*, *e.g.*, ECF Nos. 115, 128 (motions

for *pro hac vice* admission); ECF No. 117 (bill of costs); ECF No. 130 (motion to

clarify status of pro hac vice admission); ECF No. 140 (waiver of preliminary

injunction hearing); *see also* Transcript of Status Conference 7, 16 ("Status Conf.

Tr."), ECF No. 129 (raising *pro hac vice* admissions and bill of costs during July 14,

2022 status conference, with no order from the court); PH Tr. 7, 11 (again raising *pro*

*hac vice* admissions and bill of costs during September 8, 2022 preliminary

injunction hearing, again with no order from the court).[2]

---

[2] The district court's ongoing failure to act on the bill of costs is especially egregious because it is in direct violation of this Court's mandate, which awarded Strickland her full costs as the prevailing party in the appeal. *See Strickland v. United States*, No. 21-1346, Doc. 140-1 (award of costs). The Supreme Court has held that a district court lacks authority to deny costs, or alter the allocation of costs, once they have been awarded by the court of appeals. *See City of San Antonio, Texas v. Hotels.com, L.P.*, 141 S. Ct. 1628, 1636 (2021). In defiance of this binding precedent, Judge Young has refused to rule on the bill of costs, even though he has no discretion to deny costs. Status Conf. Tr. 16 (district court did not "intend to rule on the bill of costs that was entered without objection"); PH Tr. 11 (district court would "look into" bill of costs). The district court's ongoing failure to act on the bill of costs, like its months-long failure to act on the *pro hac vice* admissions, is part of a pattern of ignoring or refusing to grant motions that are favorable to Strickland.

7

7.     Indeed, Strickland's summary judgment motion, which was filed more than two years ago, in August 2020, was pending for more than two months in the district court on remand without being scheduled for a hearing despite Strickland's repeated attempts to raise the motion with the court.  Initially, Judge Young stated that he would take "no action" on the summary judgment motion.  Status Conf. Tr. 6.  He then stated that he would set the motion for a hearing sometime in the latter half of September 2022, but without providing a date, and only after giving Defendants an extra five-and-half weeks to file further supporting evidence.  Status Conf. Tr. 15.  Only during the preliminary injunction hearing on September 8, 2022, *after* Judge Young had informed the parties that he would not decide her preliminary injunction motion based on "affidavits" because he wanted a "trial," did he set a date for the summary judgment hearing.  In stating that "the requirements for equitable relief here are an evidentiary hearing beyond affidavits," PH Tr. 9, Judge Young also constructively denied her motion for summary judgment which, by definition, is based on affidavits.  *See* Fed. R. Civ. P. 56(c)(1)(A).  Judge Young's refusal to apply binding Fourth Circuit precedent, which has explicitly rejected the requirement of an evidentiary hearing beyond affidavits for a preliminary injunction, *G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 725 (4th Cir. 2016), coupled with his decision to impose a coercive and unfair "Hobson's choice" procedure under Rule 65(a), *Nwaubani v. Grossman*, 806 F.3d 677, 681 n.7 (1st Cir. 2015), is causing

8

Strickland ongoing irreparable harm in the form of lost earnings that she will never recover absent this Court's immediate intervention.

It is well-established that "a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe*, 749 F.3d at 258. Adherence to that "rule fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." *Id*. With respect to interlocutory appeals, "[t]he divestiture of jurisdiction occasioned by the . . . filing of a notice of appeal is especially significant," because "[it] disrupts ongoing proceedings in the district court." *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990); *see also Lytle v. Griffith*, 240 F.3d 404, 408 n.2 (4th Cir. 2001) (holding that interlocutory appeal of preliminary injunction order "immediately transfer[red] jurisdiction of all matters relating to the appeal from the district court to the court of appeals," but that the district court permissibly "aided in the appeal" by correcting imprecise wording in its order); *In re Murphy-Brown, LLC*, 907 F.3d 788, 793 (4th Cir. 2018) (applying similar principle to mandamus petition). While there are narrow exceptions to this rule, "these exceptions are confined to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate courts." *Doe*, 749 F.3d at 258. For instance, a district court may exercise jurisdiction to enter orders that aid in the

appeal, including orders memorializing its rulings from the bench in writing. *See id.* The district court's order granting *pro hac vice* admission of Professor Gersen and Mr. Andonian, which it issued after this appeal was filed, falls within the "aid of appeal" exception, because Professor Gersen and Mr. Andonian need access to CM/ECF in the district court to receive ECF notices that are related to the appeal, just as they needed (but were not granted) access to CM/ECF to receive ECF notices during the district court proceeding. *See*, *e.g.*, ECF Nos. 146, 147 (Fourth Circuit filings added to the district court docket). If the district court were to finally award Strickland her costs from the prior appeal, as ordered by the Fourth Circuit as part of its mandate, that would also be proper because it would not affect the matters now pending before this Court. *See Doe*, 749 F.3d at 258. But importantly, a district court "does not act in aid of the appeal when it 'alter[s] the status of the case as it rests before the court of appeals.'" *Id.* (quotation omitted). A district court order "cannot be considered in furtherance of the appeal" when "two courts would be exercising jurisdiction over the same matter at the same time." *Id.* at 259.

As the Fourth Circuit has recognized, a contrary rule would not only "risk[] a duplication of resources through simultaneous consideration of the very same order by two courts," but it would also invite "mischief" from district courts. *In re Murphy-Brown*, *LLC*, 907 F.3d at 794. Specifically, allowing district courts to proceed on matters that are simultaneously pending on appeal would "invite" those

10

judges "to track cases on the appellate court's docket, and when a reversal seemed possible or imminent, to pull the rug out from under the appellate court and the parties." *Id.* This approach would "set[] up an endless game of cat and mouse," which would be "ill-advised" and inappropriate." *Id.* at 793–94. The Fourth Circuit has strongly disapproved of such actions because they "so plainly undercut the court of appeals in the orderly exercise of its own jurisdiction." *Id.* at 794.

Applying these principles here, the district court lacks jurisdiction over "any matters involved in the appeal" before the Fourth Circuit. *Doe*, 749 F.3d at 258. These matters include the district court's "Hobson's choice" order refusing to grant Strickland's preliminary injunction motion and instead consolidating her motion with trial on merits, which is the subject of the pending appeal. *See* ECF No. 143; *see also* Mot. for Emergency Injunction Pending Appeal at 2 (appealing district court's order that "'unfairly' and 'inappropriately' used Rule 65(a) to coerce Strickland to forgo discovery," conduct for which the district court has been "admonished" by the First Circuit in the past (quoting *Nwaubani*, 806 F.3d at 681 n.7)). "The interruption of the trial proceedings" in this case—including halting the district court's imposition of a "Hobson's choice" on Strickland to either go to trial on expedited basis, without discovery, or else forgo the possibility of preliminary relief—is her "central reason and justification" for bringing an interlocutory appeal; thus, "the divestiture of jurisdiction brought about by the filing of a notice of appeal

11

is virtually complete, leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right." *Stewart*, 915 F.2d at 576.

Moreover, the matters on appeal necessarily encompass Strickland's summary judgment motion, which was explicitly incorporated by reference into her preliminary injunction motion, ECF No. 125-1, at 6; ECF No. 139, at 2, and raises identical questions. *See, e.g.*, ECF No. 139, at 2 ("The factual record in this case clearly demonstrates that Strickland is likely to succeed on the merits of her constitutional claims. Indeed, the factual record is so strongly one-sided in Strickland's favor that she should prevail *on summary judgment.*"); *cf. Nationsbank Corp. v. Herman*, 174 F.3d 424, 427 (4th Cir. 1999) (exercising jurisdiction over denial of summary judgment that was "intimately bound up with" grant of preliminary injunction). Though a district court may "proceed with matters outside the 'interlocutory order' on appeal," Strickland's summary judgment motion raises the same issues that "were specifically addressed in the proceedings leading to, and in the content of, the interlocutory order now on appeal." *Int'l Refugee Assistance Project v. Trump*, No. CV TDC-17-0361, 2017 WL 1315538, at *1 (D. Md. Apr. 10, 2017); *see also District 2, Marine Eng. Beneficial Ass'n v. Falcon Carriers, Inc.*, 374 F. Supp. 1342, 1345 (S.D.N.Y. 1974) ("[A]n interlocutory appeal from the denial of preliminary injunctive relief divests the court . . . of jurisdiction with regard to questions raised and decided upon the interlocutory order appealed from."). Further,

12

the district court's reasons for denying Strickland's motion for a preliminary injunction—that her showing was "woefully inadequate" and that the court would not decide her motion based on affidavits because it wanted to receive "evidence" through a "trial," PH Tr. 6, 8—apply equally to her motion for summary judgment, which relies on the same showing and is based on the same affidavits. As with her preliminary injunction motion, the district court stated that Strickland's summary judgment motion is not "going anywhere." Status Conf. Tr. 6; *see also* PH Tr. 4 ("I'm not deciding it on affidavits, I want a trial."). By adopting the reasoning that Strickland's showing was "woefully inadequate" and that her affidavits are not "evidence," the district court has constructively denied her summary judgment motion. *Doe*, 749 F.3d at 259 (recognizing "constructive denial" of motion). And by ordering a scheduling hearing for expedited trial on the merits on September 28, 2022, the district court confirmed that it has denied her summary judgment motion, because presumably, no expedited trial would be needed if summary judgment were to be granted in her favor. The district court's ruling necessarily will be within the scope of the appeal. *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1411–12 (9th Cir. 1990) (district court lacked jurisdiction to enter a "modified order [that] reflected a change in the result of the very issue on appeal," because "if allowed to stand, the appeals court would be dealing with a moving target if it ruled on the revised order or, alternatively, its ruling would be obsolete if it ruled on the 'old'

13

order"); *Int'l Refugee Assistance Project*, 2017 WL 1315538, at *2 (district court lacked jurisdiction to enter orders that would "run the risk of simultaneous, incompatible rulings"). Accordingly, the "issues on appeal" plainly "encompass" the issues in Strickland's summary judgment motion as well as her preliminary injunction motion, and the district court lacks jurisdiction over both motions. *Cf. In re Taylor*, 198 B.R. 142, 154 (Bankr. D.S.C. 1996) (bankruptcy court was not divested of jurisdiction over motion when the "issues on appeal" did not "encompass" and were not "the subject of" the motion); *Int'l Refugee Assistance Project*, 2017 WL 1315538, at *2 (district court lacks jurisdiction over order that is "in fact, a subject of the pending appeal").

Allowing the district court to proceed on these matters now, even though they are the subject of a pending appeal, would "alter[] the status of the case" before the court of appeals. *Doe*, 749 F.3d at 259. It would create "confusion and inefficiency" as two different courts "simultaneously . . . consider[] the same issues." *Id*. at 258. And it would invite "mischief" from a district court's possible attempts to "undercut the court of appeals in the orderly exercise of its own jurisdiction." *In re Murphy-Brown*, *LLC*, 907 F.3d at 794. Accordingly, the district court lacks jurisdiction to proceed to trial on the merits or to rule on Strickland's summary judgment motions while her appeal before the Fourth Circuit on those same issues is pending.

14

Moreover, while the immediate basis for this interlocutory appeal is the district court's order denying the motion for preliminary injunction, *see* 28 U.S.C. § 1292(a)(1), the appeal also raises broader questions implicating the entire proceeding following remand from the Fourth Circuit. For example, the district court's failure to admit Strickland's chosen counsel to represent her in the proceeding for nearly three months, which culminated in Strickland being forced to proceed to the preliminary injunction hearing without her choice of counsel, over her objection, Emergency Mot. 1, along with numerous other irregularities throughout the proceeding that have favored Defendants and prejudiced Strickland,[3] raise serious questions about whether a different district judge should be assigned to this case, 28 U.S.C. § 2106. The district court cannot moot these questions or prevent this Court from reviewing them merely by belatedly granting the motions for *pro hac vice* admission after an appeal was filed. *In re Murphy-Brown, LLC*, 907 F.3d at 793 (district court's decision to "rescind" an order did not moot the mandamus petition

---

[3] For example, from the outset of this case, a judicial officer ordered the sealing of the *entire* case *sua sponte*, even though all judges within the Fourth Circuit had recused themselves, and no judicial officer had been assigned to the case. *See* Entry Order Dated Mar. 4, 2020. The sealing was a clear First Amendment violation, seemingly aimed at protecting Defendants by preventing disclosure of embarrassing information. *Doe*, 749 F.3d at 268. The case was unsealed, without explanation, only after Strickland filed a petition for a writ of mandamus in the Fourth Circuit. *See* Entry Order Dated Mar. 20, 2020. To this day, Judge Young has never disclosed how or why the case was sealed, in defiance of Fourth Circuit precedent requiring disclosure of such information, *Doe* 749 F.3d at 268, and even though such information obviously affects the fairness and integrity of this proceeding.

15

challenging that order, in part, because the district court "exceeded [its] authority vis-à-vis the court of appeals").

Finally, even if these issues were not jurisdictional, a stay would be appropriate for the same reasons articulated in Strickland's emergency motion, *see Nken v. Holder*, 556 U.S. 418, 434 (2009) (identifying factors for a stay), as well as the general principles that govern stays of federal court proceedings, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Quite simply, it would be highly prejudicial to Strickland, and would make little sense, for the district court to proceed with the unfair and coercive "Hobson's choice" procedure that is currently the subject of a pending appeal, *see Nwaubani*, 806 F.3d at 681 n.7 (describing similar order from district court as "unfair" and "inappropriate"), or to issue new orders on the "very issues" that are currently pending on appeal, thus "creating a moving target" for the Fourth Circuit, *Britton*, 916 F.2d at 1411.

For these reasons, Strickland respectfully requests that this Court enter an order staying this proceeding until her appeal is ruled on by the Fourth Circuit. It should be unnecessary to move for a stay of these proceedings, because the notice of appeal "automatically divest[ed]" this court of jurisdiction over the matters being

16

appealed. *James v. RPS Holdings, LLC*, No. 1:20CV134, 2022 WL 594986, at *3 (M.D.N.C. Feb. 28, 2022). But because the district court is continuing to proceed on matters that are involved in the appeal, in excess of its jurisdiction, Strickland requests a stay out of an abundance of caution. Further, Strickland requests that the court rule on this motion on expedited basis, and, at a minimum, before the summary judgment/scheduling hearing scheduled on September 28, 2022.[4]

Prior to filing this motion, Strickland's counsel sought to clarify with Defendants-Appellees' counsel their understanding of whether the district court proceeding is currently on hold because the district court has been divested of jurisdiction over the matters being appealed while the appeal is pending. Appellees' counsel did not respond. Strickland's counsel then requested Appellees' position on this anticipated motion to stay. Appellees were not able to provide a position on the motion as of the time of this filing.

This the 19th day of September, 2022.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510

---

[4] This motion is time sensitive, in part, because if the proceeding is not stayed, Strickland should be provided an opportunity to preserve her rights, including by possibly filing motions to compel and/or renewed default judgment due to Defendants' ongoing failure to participate in discovery, *see* ECF No. 122, or to request her own extension to respond to Defendants' requests for production.

17

1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Philip Andonian*
D.C. Bar No. 490792
CALEB ANDONIAN PLLC
1156 Fifteenth Street, N.W.,
Ste. 510
Washington, D.C. 20005
Tel: (202) 787-5792
phil@calebandonian.com

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff-Appellant*

---

* Pending forthcoming application for admission in the Fourth Circuit.

18

## CERTIFICATE OF COMPLIANCE

I certify that this Motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 4,328 words, excluding the parts exempted by Fed. R. App. P. 27(d)(2).  This Motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in a 14-point, proportionally spaced typeface.

/s/ Cooper Strickland
Cooper Strickland

19

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2022, I electronically filed the foregoing Motion with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the Court's appellate CM/ECF system, which accomplished service on counsel of record through CM/ECF.

/s/ Cooper Strickland
Cooper Strickland
