UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

FILED
Asheville, NC
Sep 21 2022
U.S. District Court
Western District of N.C.

COOPER STRICKLAND, )
Plaintiff ) Civil Action
) No. 20-00066-WGY
vs. )
UNITED STATES OF AMERICA, )
Defendant )

BEFORE: JUDGE WILLIAM G. YOUNG

MOTION FOR PRELIMINARY INJUNCTION

CONDUCTED BY ZOOM

John Joseph Moakley United States Courthouse
Courtroom No. 10
1 Courthouse Way
Boston, MA 02210

September 8, 2022
10:09 a.m.

Valerie A. O'Hara, FCRR, RPR
Official Court Reporter
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210
E-mail: vaohara@gmail.com

APPEARANCES VIA ZOOM:

For The Plaintiff:

    COOPER STRICKLAND, pro se;

For the Defendant:

    U.S. Department of Justice, Civil Division, by JOSH KOLSKY, ASSISTANT UNITED STATES ATTORNEY, Civil Division, 1100 L Street NW, Washington, D.C. 20005.

PROCEEDINGS

THE CLERK: Now hearing Civil Matter 20-00066, Strickland vs. the United States, et al.

THE COURT: Good morning, counsel. This is a hearing on the plaintiff's motion for a preliminary injunction. The hearing is held on our Zoom platform. Our host for the hearing is courtroom deputy clerk, Jennifer Gaudet, the proceedings are taken down by official court reporter, Valerie O'Hara, and I have law clerks on the line.

10:09AM These proceedings are open to the public. If any members of the public are present, you are, of course, welcome, but I must remind you that the rules of court remain in full force and effect, and so you must keep your microphone mooted and that there is no rebroadcasts, taping, streaming, screen shots, or other transcription of these proceedings.

With that said, would counsel identify themselves and who they represent starting with the plaintiff.

MR. STRICKLAND: Yes, good morning, your Honor, Cooper Strickland for the plaintiff.

10:10AM THE COURT: Good morning, Mr. Strickland.

And for the defense?

MR. KOLSKY: Yes, good morning, your Honor, Joshua Kolsky on behalf of the defendants.

THE COURT: And, Mr. Kolsky, good morning to you. All right. After due consideration, the motion for preliminary

injunction is pursuant to the Federal Rules of Civil Procedure 65 combined with trial on the merits, so, Mr. Strickland, when really do you want to go to trial here now? I understand why you want a prompt resolution, and I'm prepared to give it to you, but we're going to have to have a trial to get there, so when?

MR. STRICKLAND: I believe we have one scheduled for September 2023. Everybody agreed to that at the status conference.

10:10AM THE COURT: Everybody did, yes, but you're saying -- you see, I'm prepared to revisit that and give you a much more rapid trial subject to what Mr. Kolsky says. That is what we agreed.

What I just did was collapse further consideration of the preliminary injunction with trial on the merits, so I'm asking you now since I'm not giving preliminary injunction today and I'm not deciding it on affidavits, I want a trial, so when is the earliest we can get to a trial that gets you the relief that you seek?

10:11AM MR. STRICKLAND: You know, partly this is a very difficult question to answer because it's just me here right now. The other counsel for the plaintiff have not been admitted, and I'm going to try the best I can, but I understand that that's your practice that you use, you collapse it down to the merits. I would have appreciated some notice of that so we

could have discussed this with Professor Gersen and try to figure out an answer for that. I don't know. To be honest, does the Court still intend to hold a summary judgment hearing this month?

THE COURT: Well, I really hoped we could get to a prompt trial, but...

MR. STRICKLAND: I understand that, but I don't want to prejudice my client if discovery is -- if six months of discovery is required, as the defendant said during the status conference, I can't commit to something that would prejudice her rights just because you want to expedite the trial on the merits.

10:12AM

THE COURT: Wait a minute. This is your case.

MR. STRICKLAND: I understand.

THE COURT: You've asked to expedite a resolution. That's what Mr. Kolsky tells me. I'm trying to accommodate you.

MR. STRICKLAND: I haven't asked that, we asked for a preliminary injunction.

10:13AM

THE COURT: I really am. You know, once the decision of the Fourth Circuit came down, we all knew what the parameters of this case are, there's no surprise here. The Fourth Circuit's mandate tells us the work we have to do, and nothing has changed. Candidly, I was surprised when you said that you didn't want the trial until next September and the

reason was I fully understood that prospective relief is all that I am permitted to award here.

Now you've changed course and said, well, now we want it in essence right away. Well, I'm not going to do it on affidavits, I want evidence.

MR. STRICKLAND: Yes.

THE COURT: But, believe me, my mind is really open to receiving that evidence. Now --

MR. STRICKLAND: Can I just --

10:14AM THE COURT: Wait a minute. You say you would have liked some notice. All you have to do is check with the clerk because it's my standard practice. If you had some issue about it, you could have raised it prior to this hearing. I'm not going to pin you to a date, but that's how we're going to proceed. Now maybe the way to handle this -- but I do want to hear Mr. Kolsky -- is for you -- Professor Gersen I'm sure can be admitted. You contemplate she's going to be with you in trying the case?

MR. STRICKLAND: We've had two other attorneys.

10:15AM THE COURT: All right, fine.

MR. STRICKLAND: No, it's not actually fine because we filed Professor Gerson's back in June, and we have repeatedly brought it up even within the context of this preliminary injunction hearing, and she's never been formally admitted on the docket, the same with Phil as well. We've hamstrung right

now because these issues have been going on for weeks, if not months, trying to get counsel admitted here.

THE COURT: Let's take care of it. They're all admitted so long as they comply with the local rules of the Western District of North Carolina. If they've submitted the materials. I see your problem that I have to actually act, they're admitted, so now they're admitted.

MR. STRICKLAND: I brought this up at the July status conference, and you said the same thing, and it never happened, 10:15AM and since that point in time, and we've informed the Court of this in filings that Ms. Gersen has not --

THE COURT: I will follow it up, I will follow it up. Now, Mr. Strickland, maybe we ought to do this. I've made my order. I do want to hear from Mr. Kolsky, but why don't you and he confer, and why don't I set it down for a further hearing to schedule a prompt trial, what would you say a week, two weeks?

MR. STRICKLAND: No, I cannot agree to that. More importantly, I think we're entitled to the preliminary 10:16AM injunction now. What it sounds like is that you're going to set off a decision of that, and that's not allowed under Fourth Circuit precedent. You can do not an indefinite suspension of this. We are entitled to a ruling on the preliminary injunction now.

THE COURT: Mr. Strickland, I haven't done any

indefinite suspension. If you want me to put you to trial without telling you, there won't be any indefinite suspension, I'll set a prompt trial date. Let me turn to Mr. Kolsky.

MR. STRICKLAND: How do we get our discovery in this context?

THE COURT: You know, this idea about discovery. You know, you have subpoenas here. There isn't a constitutional right to discovery. This is an important case. It requires careful attention. You say you want prompt action. I'll give it to you.

10:17AM

Now, Mr. Kolsky, from your perspective, understanding my practice, when can you be ready to try this case?

MR. KOLSKY: Your Honor, we would prefer to stick with the September 2023 trial date.

THE COURT: He wants much faster action, and actually I don't see a need to wait that long.

MR. STRICKLAND: I don't, I don't. I don't want it to be framed that way. That's not what I said.

THE COURT: Well, I will tell you your proposal for a preliminary injunction is woefully inadequate because, for example, we don't know anything about the damages here. Let's say there was, just for the purpose of discussion, a reasonable likelihood of success on the merits. I wouldn't know how to frame an order, and there has been none of these things have been subject to cross-examination. I'm entitled to actually

10:18AM

take evidence.

MR. STRICKLAND: Yes.

THE COURT: And I propose to take it and I propose then to make a proper ruling on a proper evidentiary record. Now, you can't tell me that I can't get to the merits. If you want to wait till September, then I will wait, and that's when I will determine the matter, but that's not indefinite. That's what you're telling me. I'm telling you the requirements for equitable relief here are an evidentiary hearing beyond affidavits, however we frame it. Now let me put it that way, if you want to call it a preliminary injunction, when do you want this evidentiary hearing?

MR. STRICKLAND: This is such a difficult position for me to be in. Last week I contacted your courtroom deputy and asked whether this was an evidentiary hearing or an oral argument. She told me it was an oral argument. We, therefore, filed a notice on Friday waiving the oral argument, reiterating yet again that we did not believe an evidentiary hearing was necessary but if the court disagreed, to provide us notice of that so we could provide a position. I feel I've been brought in here and sand bagged with this a little bit.

THE COURT: Well, I'm sorry you feel that way. I really don't accept that. The truth is I'm trying very hard to accommodate you and safeguard the rights of all parties.

MR. STRICKLAND: See, but what's curious to me is at

the status conference in July, you were so reluctant to do anything with summary judgment motion. I think you said you didn't believe it would go anywhere, and that resulted in this situation where if it's not going to go anywhere, it sounds like we need discovery.

Everybody, even the defendants, Josh Kolsky just confirmed it, he prefers the September 2023 trial date. It sounds like you're trying to do everybody out of their discovery. The preliminary injunction should be in place to allow the parties to perform discovery and get to the trial date in September 2023.

THE COURT: Well, Mr. Strickland, here's my problem. The procedural posture of this case is that the government defendants filed a motion to dismiss on which I erroneously allowed. That set you up for an appeal, and the Fourth Circuit has now pointed out the manner in which the motion to dismiss is -- was improperly allowed, so now you tell me for the first time that you want a preliminary injunction.

You know as soon as that opinion came down and they said you could only get prospective relief, you knew that you were going to have to some proceeding on the merits to get to a resolution.

Now, if you're saying to me that you are dependent on your motion for summary judgment, I'll set that down for hearings subject to hearing from Mr. Kolsky, I'll set that down

for hearing.

MR. STRICKLAND: You already have.

THE COURT: And we'll see where we stand on that.

MR. STRICKLAND: You already have. You said it was going to occur this month, the end of this month, the last two weeks of this month, you just haven't set a specific date yet. Even the defendants here have linked up preliminary injunction with the summary judgment.

THE COURT: All right. Let's accommodate you on that. I'll turn to the clerk. When can we hear the motion for summary judgment?

THE CLERK: Judge, we can hear that on Wednesday, September 28th at 2 p.m.

THE COURT: How does that suit, Mr. Strickland?

MR. STRICKLAND: Give me a moment to look at my calendar. That appears to work for me, but, again, I can't state for Professor Gersen.

THE COURT: Well, we have to proceed, and I will look into assuring that she is admitted.

MR. STRICKLAND: Can you look into the bill of costs as well whenever you do that because there seems to be some back and forth between chambers and the clerk's office in terms of bill of costs?

THE COURT: I do not accept that, but I said I will look into it. I will. Mr. Kolsky, how does that work?

MR. KOLSKY: September 28th works for me, thank you, your Honor.

THE COURT: All right. It's set down for hearing on that date at that time. My order collapsing preliminary injunction with trial on the merits stand. We'll see where we are after we've heard the motion for summary judgment, and we'll further discuss the matter at that time. Is there anything else we should do today?

MR. KOLSKY: No, your Honor, thank you.

10:24AM THE COURT: Mr. Strickland, anything else?

MR. STRICKLAND: Just that I'm extremely uncomfortable with what just happened. Again, I think this is so unfair on so many levels because we have not had all counsel admitted into this case. It seems to be sometimes you say that there's no need for discovery, and other times you indicate that there are.

To me, I agree there are no disputes of fact here, but I don't understand why you have not acted on the summary judgment motions before now. That was part of, to be honest, 10:24AM what triggered the preliminary injunction is when you came into the status conference in July and said it wasn't going anywhere, and I kind of had to keep pushing and even for you to consider it and put it on the calendar, and then you reset all the deadlines after the mandate voided your dismissal order, and I don't understand how any of this has happened. It seems

like this case has become so procedurally complicated and messed up in so many ways.

THE COURT: No one wants to make it uncomplicated, Mr. Strickland, more than I. I must say I don't accept your characterization of events, but be that as it may, we will hear the motion for summary judgment on the 28th. We will further discuss the scheduling of the case at that time, and I will assure myself that your proposed associates and Professor Gersen are admitted assuming that they have submitted the materials that the Western District of North Carolina requires.

MR. STRICKLAND: Those have been in the docket for months.

THE COURT: All right. I don't question it. I will check into it.

Anything else we should do today?

MR. STRICKLAND: I need to consult with other counsel and talk about this evidentiary hearing. Is there some way to report back to the court what that discussion -- I mean, we may be open to the evidentiary hearing, I don't know, I cannot answer for everyone at that time.

THE COURT: I said we'd discuss it on the 28th. You want to report back earlier than that?

MR. STRICKLAND: I think we want to report back earlier than that. I want to keep all options open. I don't

want to be bound by anything. I can't bind our side.

THE COURT: A Judge's job is to make orders to move the case along, so I'll make orders.

MR. STRICKLAND: And I agree with that. For example --

THE COURT: You may feel free to with notice to the other side, and I suggest that you do well to talk with Mr. Kolsky, but once you've talked with your colleagues, feel free to make such written report to the court as you may wish.

10:27AM

Believe me, I will read it the day it is filed.

For now, further hearing, the motion for summary judgment and a further hearing on scheduling anyway is scheduled anyway for the 28th. All right, we'll recess.

(Whereupon, the hearing was adjourned at 10:26 a.m.)

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
WESTERN DISTRICT OF NORTH CAROLINA )

I do hereby certify that the foregoing transcript, Pages 1 through 15 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 20-00066-WGY, COOPER STRICKLAND vs. UNITED STATES OF AMERICA and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

Dated September 16, 2022.

s/s Valerie A. O'Hara

_________________________

VALERIE A. O'HARA
OFFICIAL COURT REPORTER