FILED: October 18, 2022

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-1963
(1:20-cv-00066-WGY)

_____

CARYN DEVINS STRICKLAND

      Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; JUDICIAL CONFERENCE OF THE UNITED STATES; BRIAN STACY MILLER, The Hon., in his official capacity as Chair of the Judicial Conference Committee on Judicial Resources; ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS; ROSLYNN R. MAUSKOPF, The Hon., in her official capacity as Director of the Administrative Office of the United States Courts; SHERYL L. WALTER, in her individual capacity; JOHN DOE(S), c/o Office of the General Counsel for the Administrative Office of the United States Courts; UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT; JUDICIAL COUNCIL OF THE FOURTH CIRCUIT; ROGER L. GREGORY, The Hon., in his individual capacity and his official capacity a Chief Judge of the Fourth Circuit and as Chair of the Judicial Council of the Fourth Circuit; JAMES N. ISHIDA, in his individual capacity and his official capacity as Circuit Executive of the Fourth Circuit and as Secretary of the Judicial Council of the Fourth Circuit; JOHN G. BAKER, Federal Public Defender, in his official capacity as Federal Public Defender of the Federal Public Defender for the Western District of North Carolina; FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF NORTH CAROLINA; ANTHONY MARTINEZ, in his individual capacity

      Defendants – Appellees

## O R D E R

Plaintiff Caryn Devins Strickland has filed a notice of interlocutory appeal. Defendants have moved to dismiss Strickland's appeal for lack of jurisdiction. For the reasons that follow, we grant defendants' motion and deny all other pending motions as moot.

### I

On July 27, 2022, Strickland filed a motion asking the district court to "enter a preliminary injunction ordering Defendants to compensate her for her lost earnings while this litigation is pending." ECF No. 125 at 1. On August 3, 2022, the district court held a status conference in the case and scheduled a hearing on Strickland's preliminary injunction motion for September 6, 2022. On August 11, 2022, the district court, acting pursuant to a motion by defendants, rescheduled the hearing on Strickland's preliminary injunction motion to September 8, 2022.

On September 2, 2022, Strickland filed a pleading entitled "Notice of Waiver of Preliminary Injunction Hearing." ECF No. 140. In that pleading, Strickland "notifie[d] th[e] [district] court that she w[ould] waive the preliminary injunction hearing . . . scheduled for September 8, 2022." *Id*. at 1. Strickland asserted that "the undisputed facts of th[e] case strongly support[ed] her right to a preliminary injunction, and so an evidentiary hearing [wa]s unnecessary." *Id*.

2

Notwithstanding Strickland's notice of waiver, the district court proceeded with the scheduled September 8, 2022 hearing on her motion for preliminary injunction. In a minute order entered on its docket following the hearing, the district court noted that it was "collaps[ing] the . . . Motion for Preliminary Injunction with trial on the merits in accordance with Rule 65(a)."

The following day, September 9, 2022, Strickland filed a notice of interlocutory appeal, therein asserting that she was appealing the district court's "refusal to grant and/or denial of her motion for preliminary injunction entered on September 8, 2022." ECF No. 143 at 1.

Defendants have since filed a motion to dismiss Strickland's appeal for lack of jurisdiction. Defendants assert in their motion that "the district court has not denied Strickland's motion for a preliminary injunction" or otherwise effectively "den[ied] injunctive relief to which she might be entitled." Mot. at 2.

II

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949). It is undisputed that no final order has been issued by the district court in this case. Thus, we lack jurisdiction over this appeal under § 1291. That leaves only the possibility of jurisdiction pursuant to § 1292. As noted, Strickland alleges in her notice of appeal that she is appealing from the district court's denial of (or refusal to grant) her motion for preliminary injunction. To be sure, § 1292(a)(1) affords us with jurisdiction over "interlocutory orders . . . refusing . . .

3

injunctions." 28 U.S.C. § 1292(a)(1). But a review of the district court record reveals that the district court has not yet ruled on Strickland's motion for preliminary injunction. More specifically, the record indicates that the district court declined Strickland's request to rule on her preliminary injunction motion solely on the basis of affidavits, and instead "desires a prompt evidentiary hearing" in order to resolve the motion for preliminary injunction. ECF No. 150 at 1. To the extent that Strickland contends the district court's refusal to grant her motion for preliminary injunction solely on the basis of submitted affidavits "in effect" constitutes a denial of her motion, we disagree. As the defendants point out, the district court has stated that it was not prepared to issue such a ruling without the benefit of a more fully developed evidentiary record, but that it is open to further discussing the matter with the parties. Notably, the Federal Rules of Civil Procedure do not require a district court to forego an evidentiary hearing before ruling on the merits of a motion for preliminary injunction. Further, Rule 65(a)(2) expressly authorizes a district court, as occurred here, to "advance the trial on the merits and consolidate it with the hearing" on the motion for preliminary injunction. Fed. R. Civ. P. 65(a)(2). Nothing about this procedural choice amounts to an effective denial of Strickland's motion for preliminary injunction. Therefore, we lack jurisdiction over this appeal pursuant to § 1292.

### III

Defendants' motion to dismiss the appeal for lack of jurisdiction is GRANTED. All other pending motions are DENIED as moot.

Entered at the direction of the panel: Judge Briscoe, Judge Gilman, and Judge Melloy.

For the Court

/s/ Patricia S. Connor, Clerk