IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## MOTION FOR PROMPT EVIDENTIARY HEARING

Plaintiff Caryn Strickland respectfully requests that this Court set a prompt evidentiary hearing on her pending motion for preliminary injunction (PI). At the hearing on the PI motion on September 8, 2022, this Court stated that it would not grant the PI based on the parties' briefing and supporting evidence, including numerous sworn declarations. *See* Tr. PI Hearing, at 4 (PH Tr.) ("I'm not giving PI today and I'm not deciding it on affidavits."); *id.* at 8 ("[Y]our proposal for a preliminary injunction is woefully inadequate."). Strickland construed this Court's order as a denial, or refusal to grant, the PI. 28 U.S.C. § 1292(a)(1) (providing right of interlocutory appeal for orders "refusing" preliminary injunctions). Additionally, because this Court's courtroom deputy communicated to the parties one week before the PI hearing that it "will not be an evidentiary hearing," No. 22-1963, Doc. 3, Ex. B, and because this Court used the term "trial on the merits" to

1

describe what was needed in order for the Court to grant injunctive relief, PH Tr. 4, Strickland understood this Court to have denied, without an evidentiary hearing, *preliminary* injunctive relief on September 8, 2022. *See* PH Tr. 8 (calling her showing "woefully inadequate"). Strickland further understood this Court to have ruled that she would have to forego the possibility of injunctive relief if she did not agree to an expedited "trial on the merits," in weeks, without discovery. Entry Order Dated September 15, 2022 (order "collaps[ing]" preliminary injunction with "trial on the merits"); PH Tr. 4 ("We're going to have to have a trial."); PH Tr. 7 ("Why don't I set it down for a further hearing to schedule a prompt trial, what would you say a week, two weeks?"); PH Tr. 8 ("You know, this idea about discovery. You know, you have subpoenas here. There isn't a constitutional right to discovery."); PH Tr. 9 ("If you want to wait till September [2023], then I will wait, and that's when I will determine the matter, but that's not indefinite.").

When Strickland appealed, the Fourth Circuit ruled that this Court had *not* denied her PI motion. The Fourth Circuit instead understood this Court to have stated its intent to hold a "prompt evidentiary hearing" before granting or denying the PI. *See* 22-1963, Doc. 42, at 4. Defendants also emphasized that this Court expressed its "desire" to hold a "prompt evidentiary hearing" on Strickland's motion "prior to trial." Doc. 37 at 1, 3; *see id.* at 2 ("[T]he district court's scheduling order did not deny Strickland's claim for injunctive relief and instead

2

deferred resolution of the motion until the court can either hold a trial or hold an evidentiary hearing."). The Fourth Circuit agreed with Defendants that this Court was "open" to holding a pretrial "evidentiary hearing" on the PI motion instead of a consolidated trial on the merits. Doc. 42, at 4. Based on the Fourth Circuit's ruling that this Court has not yet ruled on her PI motion, and intends to hold a "prompt evidentiary hearing" before it does so, Strickland moves this Court to schedule a prompt evidentiary hearing so that it may rule expeditiously on her PI motion prior to trial.

This Court has made inconsistent statements about whether it intends to hold a pretrial evidentiary hearing on Strickland's PI motion or a consolidated trial on the merits. At the PI hearing, this Court stated that "the requirements for equitable relief here are an evidentiary hearing beyond affidavits, however we frame it. Now let me put it that way, if you want to call it a preliminary injunction, when do you want this evidentiary hearing." PH Tr. 9. But at the PI hearing and afterward, this Court also ordered a "collapsing" of such an evidentiary hearing with "trial on the merits" pursuant to Rule 65(a)(2). Entry Order Dated September 15, 2022 (order "collaps[ing]" preliminary injunction with "trial on the merits"); PH Tr. 3–4 ("[T]he motion for preliminary injunction is pursuant to the Federal Rules of Civil Procedure 65 combined with trial on the merits."); *id.* 12 ("My order collapsing preliminary injunction with trial on the merits stand[s]."). On September 15, 2022,
3

after Strickland filed a notice of appeal, this Court stated its desire to hold a "prompt evidentiary hearing." ECF No. 150, at 1. As noted above, both Defendants and the Fourth Circuit construed this order as stating that the Court intends to hold a prompt evidentiary hearing so that it can promptly rule on her PI motion. Following the dismissal of Strickland's appeal, however, this Court issued yet another order, on October 18, 2022, reiterating that (contrary to scheduling a prompt pretrial evidentiary hearing) the Court in fact "combined" the hearing on the PI with "trial on the merits" under Fed. R. Civ. P. 65(a). ECF No. 155.

This Court previously scheduled the trial on the merits for September 2023, and both parties have expressed that they wish to retain this trial date. *See* Entry Order Dated September 15, 2022 ("The case is placed on the running trial list for September 2023."); PH Tr. 4 (plaintiff's statement that "I believe we have [a trial] scheduled for September 2023"); PH Tr. 8 (defendants' statement that "we would prefer to stick with a September 2023 trial date"). A trial on the merits in this case cannot occur on an expedited basis without forcing the parties to forgo their right to discovery and to adequately prepare for trial, which would be unlawful. *See Gellman v. State of Md.*, 538 F.2d 603, 606 (4th Cir. 1976) (holding that an order granting "premature" judgment under Rule 65(a) without "permitting any discovery" "comes perilously close to a violation of due process"); *Nwaubani v. Grossman*, 806 F.3d 677, 681 n.7 (1st Cir. 2015) (calling such an order an

"inappropriate" and "unfair" "Hobson's choice"). Indeed, Defendants themselves stated that they believe "we're going to need probably around 6 months for [nonexpert] discovery" and "a few months for expert discovery." Tr. Status Conference at 9, ECF No. 129; *see also* ECF No. 132, at 6 (parties' joint proposal to end non-expert discovery by "March 1, 2023"). This time estimate has proven, if anything, optimistic. For example, Defendants' requests for production, which were served on August 10, 2022, were due on October 10, 2022, after Defendants were granted an extension of time. *See* ECF No. 151. But Defendants informed Strickland that they do not intend to produce any documents—not even the EDR investigation report and record of disciplinary action on which they relied in their filings—until sometime between November 18, 2022 and December 16, 2022. Thus, until mid-December (a delay of more than four months), Strickland will not even know whether Defendants have produced adequate responsive documents, let alone had any opportunity to cure deficiencies in their discovery responses. Based on this timetable, an expedited trial on the merits plainly is not feasible without prejudicing Strickland's rights, under the law and the rules of civil procedure, to discovery before trial.

At the same time, requiring Strickland to wait for a ruling on her PI motion until September 2023 at a "consolidated trial" on the merits plainly would not be "prompt" as required by the Fourth Circuit. Doc. 42, at 4 (referencing "prompt

5

evidentiary hearing"). Indeed, a "consolidated trial" in September 2023 cannot accurately be described as a consolidated trial pursuant to Rule 65(a) at all. Rather, it would simply be a trial on the merits held after a year-long refusal to grant or deny a PI. The law is crystal clear that a PI motion must be ruled on promptly. *See* 28 U.S.C. § 1657(a) ("[T]he court shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief."). Indeed, the very purpose of a PI is to provide *preliminary* relief *before* a trial is held. *G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 725 (4th Cir. 2016) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (citation omitted)). Thus, Rule 65(a) clearly prohibits misuse of the consolidation procedure to delay decision on a PI motion. *See* Fed. R. Civ. P. 65(a), Advisory Comm. Notes (1966) ("The fact that the proceedings have been consolidated should cause no delay in the disposition of the application for the preliminary injunction . . . .").

Strickland does not waive any of her rights under statutes and the rules of civil procedure, including her right to discovery prior to trial and her right to a prompt ruling on her PI motion pending litigation. Neither party wishes to go to trial before September 2023, the date that this Court previously set. Waiting until then for a "consolidated trial" to rule on Strickland's PI motion would be a misuse of the consolidation procedure of Rule 65(a)(2). Consistent with the Fourth

6

Circuit's decision, Strickland requests that this Court set a prompt *pretrial* evidentiary hearing and promptly rule on her PI motion. This Court can then promptly grant *preliminary* injunctive relief while this litigation is pending, or clearly deny the PI motion so that Strickland may appeal the denial. Strickland also requests immediate notification of the date and time of the evidentiary hearing so that she may serve subpoenas on the named Defendants and individuals identified in the parties' initial disclosures whom she intends to call as witnesses.

Strickland requested Defendants' position prior to filing this motion. Defendants stated that they would file a response.

This the 21st day of October, 2022.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Philip Andonian
D.C. Bar No. 490792
CALEB ANDONIAN PLLC
1156 Fifteenth Street, N.W.,
Ste. 510
Washington, D.C. 20005
Tel: (202) 787-5792
phil@calebandonian.com

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com