IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,      )
                              )
    Plaintiff,                )
                              )
v.                            )
                              )
UNITED STATES OF AMERICA, et al., )
                              )
    Defendants.               )

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR PROMPT EVIDENTIARY HEARING

Plaintiff requests the Court to "schedule a prompt evidentiary hearing so that it may rule expeditiously on her [preliminary injunction] motion prior to trial." Mot. for Prompt Evidentiary Hearing ("Motion"), ECF No. 157, at 3. The Court has already appropriately consolidated the hearing on Plaintiff's preliminary injunction motion with the trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). Although Plaintiff offers no persuasive reason for the Court to deviate from that ruling, to the extent Plaintiff desires a speedier resolution, that request can be addressed by advancing the date of the consolidated hearing and trial by three months, which Defendants do not oppose. Accordingly, the Court should deny Plaintiff's Motion, though it may wish to consider the related relief of advancing the trial date.

## BACKGROUND

On July 27, 2022—over two years after filing this lawsuit—Plaintiff moved for a preliminary injunction. ECF No. 125. On September 8, 2022, the Court consolidated Plaintiff's Motion with a trial on the merits, set for September 2023. *See* Sept. 8, 2022 Hr'g Tr. 4. But considering Plaintiff's desire for "a prompt resolution," the Court stated that it was "prepared to

1

revisit" the trial date "and give [Plaintiff] a much more rapid trial." *Id*. 4. Accordingly, the Court asked Plaintiff's counsel "when is the earliest we can get to a trial that gets you the relief that you seek?" *Id*. 4. In the alternative, the Court offered to hold a "further hearing to schedule a prompt trial" after the parties could confer on a new trial date. *Id*. 7. Plaintiff's counsel denied that Plaintiff wanted "faster action" and declined the Court's offer to advance the trial date. *Id*. 5, 8.

The Court then asked Plaintiff's counsel when the Court could hold an evidentiary hearing. Hr'g Tr. 9. Plaintiff's counsel explained that in Plaintiff's view, "an evidentiary hearing was [not] necessary" but that Plaintiff "may be open to the evidentiary hearing," pending discussion with co-counsel. *Id*. 13. The Court set Plaintiff's summary judgment motion for a hearing on September 28 and stated that its "order collapsing preliminary injunction with trial on the merits stand[s]," but offered to "further discuss the matter" at the September 28 hearing. *Id*. 12. The Court has since stated that it "desires a prompt evidentiary hearing" on Plaintiff's motion for a preliminary injunction. Sept. 22 Order, ECF No. 150.

On September 9, Plaintiff filed a notice of appeal as to the Court's ruling. ECF No. 143. On October 18, the Fourth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. *Strickland v. United States*, 2022 U.S. App. LEXIS 28846 (4th Cir. Oct. 18, 2022). The Fourth Circuit disagreed with Plaintiff's contention that this Court's refusal to grant her motion for preliminary injunction solely on the basis of submitted affidavits "in effect" constituted a denial of her motion. *Id*. at *5. The Fourth Circuit also explained that "Rule 65(a)(2) expressly authorizes a district court, as occurred here, to 'advance the trial on the merits and consolidate it with the hearing' on the motion for preliminary injunction." *Id*. (quoting Fed. R. Civ. P. 65(a)(2)). Furthermore, "[n]othing about this procedural choice amounts to an effective denial of Strickland's motion for preliminary injunction." *Id*.

2

## ARGUMENT

The Court should maintain its ruling consolidating the evidentiary hearing with the trial on the merits—though Defendants do not object to advancing the date for that consolidated hearing by three months as an appropriate mechanism for affording Plaintiff a prompt evidentiary hearing. Consolidation here makes good sense and is consistent with the purposes underlying Rule 65(a)(2). "Consolidation is meant to avoid the same evidence being presented twice, first at the preliminary injunction stage and later at trial at the permanent injunction stage." *Alfwear, Inc. v. Mast-Jägermeister, Inc.*, No. 17-936, 2020 U.S. Dist. LEXIS 186990, at *4 (D. Utah Oct. 7, 2020). Here, similar testimony would be provided at the preliminary injunction hearing and at the trial. Indeed, Plaintiff acknowledges that she intends to "serve subpoenas on the named Defendants" along with various other "individuals identified in the parties' initial disclosures" to testify at a preliminary injunction hearing. Motion at 7. Forcing numerous witnesses – including government officials serving in mission-critical roles – to testify at a preliminary injunction hearing and then testify *again* at a trial just months later, would be an inefficient use of public resources and unnecessarily burden federal government operations. It would also undermine the Court's strong interest in judicial economy.[1]

Aside from concerns over inefficiency, it makes little sense to hold an evidentiary hearing now when the parties have not yet had an opportunity to develop the evidentiary record. Although the parties have served discovery requests, no party has yet produced discovery in response to

---

[1] Defendants reiterate that Plaintiff's preliminary injunction motion could be resolved without any evidentiary hearing. As explained in Defendants' opposition to that motion, the relief Plaintiff is seeking – the recovery of back pay accruing during the litigation – is squarely foreclosed by sovereign immunity. *See* Defs' Opp'n to Pl's Mot. for Prelim. Inj., ECF No. 135, at 10-11. The Court could deny Plaintiff's preliminary injunction motion on that purely legal basis, which requires no factual development. If the Court were to agree, Plaintiff's current request for an evidentiary hearing would become moot.

3

those requests, and the parties have not yet taken depositions. The better course—and one that will allow for a more meaningful presentation of evidence—is to hold a consolidated hearing and trial after the parties have conducted discovery.

In these circumstances, consolidation under Rule 65(a)(2) is reasonable and appropriate. *See Alfwear*, 2020 U.S. Dist. LEXIS 186990, at *5 ("because both proceedings involve the same evidence, consolidating the proceedings will be a more effective use of time and resources"); *C.P. v. N.J. Dep't of Educ.*, No. 19-12807, 2020 U.S. Dist. LEXIS 220089, at *8 (D.N.J. Nov. 24, 2020) (finding consolidation "appropriate . . . and in the interests of judicial efficiency and expediency" where, *inter alia*, "the parties here are expected to present the same types of facts and arguments in support and opposition to Plaintiffs' motion for a preliminary injunction as they would at a full trial on the merits"); *Curtis v. Alcoa, Inc.*, No. 06-448, 2007 U.S. Dist. LEXIS 77334, at *18-19 (E.D. Tenn. Oct. 17, 2007) (ordering consolidation where "[v]irtually the same proof would be submitted at the preliminary hearing stage as at the trial on the merits"). As the Fourth Circuit noted, the approach this Court has already adopted is "expressly authorize[d]" by Rule 65(a)(2). *Strickland v. United States*, 2022 U.S. App. LEXIS 28846, at *5 (4th Cir. Oct. 18, 2022).

Although Defendants therefore oppose Plaintiff's request to decouple any evidentiary hearing from the trial, Defendants would not object to advancing that trial date by three months. Specifically, Plaintiff's desire for a prompt ruling on her preliminary injunction motion can be accommodated by advancing the trial date from September 2023 to June 2023. This can be accomplished by bifurcating the trial into a liability phase and a damages phase and deferring expert discovery until after the liability phase, should further proceedings remain necessary at that point. The parties previously proposed reserving almost three months for expert discovery. *See* Rev. Jt. Statement and Case Mgmt. Schedule, ECF No. 132, at 6-7. However, any experts will be

4

relevant only to the question of remedies (*e.g.*, the amount of any front pay award), not to liability. It therefore makes sense to defer any expert discovery until after any liability determination has been made. *See* Fed. R. Civ. P. 42(a) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues[.]"); *Tucker v. United States ex rel. VA*, No. 18-02255, 2020 U.S. Dist. LEXIS 155387, at *8 (D. Nev. Aug. 26, 2020) (bifurcating liability and damages and noting that "[b]ifurcation could therefore save the parties significant funds in retaining experts on damages"). The Court could also shorten the time to brief summary judgment motions (while adding a period of time after the close of fact discovery to prepare such motions), and adjust the deadline for the joint pretrial memorandum.

The following schedule would allow the consolidated hearing on the preliminary injunction motion and trial on the merits to occur in June 2023, three months before the currently scheduled date:

Close of Fact Discovery: **March 1, 2023**

Summary Judgment Motions Due: **March 22, 2023**

Joint Pretrial Memorandum Due: **May 14, 2023**

Pretrial Conference to be Held in: **June 2023**

Consolidated Evidentiary Hearing and Trial (Liability Phase): **June 2023**

Expert Discovery followed by Trial (Damages Phase): **To occur, if at all, after liability trial on the merits**

The above schedule represents a reasonable compromise that will avoid duplicative hearings while ensuring a prompt resolution of this action in approximately seven months. *See Alfwear*, 2020 U.S. Dist. LEXIS 186990, at *5 (consolidating preliminary injunction hearing and

5

Case 1:20-cv-00066-WGY   Document 158   Filed 10/31/22   Page 5 of 6

trial where trial was "scheduled to take place in five months"). There is no need to decouple the preliminary injunction hearing and the trial in order to provide Plaintiff a prompt resolution.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion, though it may wish to consider the related relief of advancing the trial date.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA M. KOLSKY
RACHAEL L. WESTMORELAND
Trial Attorneys
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Counsel for Defendants*