IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| UNITED STATES, *et al.*, | ) |
| *Defendants*. | ) |

## NOTICE THAT PLAINTIFF WILL NOT FILE A REPLY IN SUPPORT OF MOTION FOR PROMPT EVIDENTIARY HEARING

On October 21, 2022, Strickland moved this Court to set a pretrial evidentiary hearing and promptly rule on her preliminary injunction ("PI") motion. *See* ECF No. 157. On October 31, 2022, Defendants filed their response opposing her request. ECF No. 158. That same day, on October 31, 2022, this Court orally denied her motion for a prompt pretrial evidentiary hearing from the bench, without giving Strickland the opportunity to file a reply in support of her motion. The Court stated that a pretrial evidentiary hearing was "not going to happen," that the Court was not going to rule on the PI motion before trial, and that it was not going to decouple its consideration of the PI motion with trial on the merits. As of the date of this filing, the Court has not reduced its oral order denying her motion to writing, as has often been the Court's practice. Because the Court did not give

1

Strickland an opportunity to file a reply in support of her motion before denying it, this filing is intended to preserve her objection to the Court's denial.

Strickland has objected to the Court's refusal to promptly rule on her PI. The Court has ordered a "consolidated" trial over her objection. She reiterates that she should not be required to go to trial on an expedited basis without adequate discovery, over her objection, or else go to trial at a date that allows time for adequate discovery but forgo a PI. That procedure is unlawful under Fourth Circuit precedent. *Gellman v. State of Md.*, 538 F.2d 603, 604 (4th Cir. 1976) ("A litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial." (citation omitted)). Consolidation may be appropriate, at times, "if the parties consent, if discovery has been concluded or if it is manifest that there is no occasion for discovery." *Pughsley v. 3750 Lake Shore Drive Co-op. Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972). But none of those circumstances are present here. Plaintiff does not consent to the consolidation, discovery still has not begun, and the parties agree that discovery is necessary. *See* ECF No. 160 (joint statement). Moreover, the law is clear that "the parties should be given a clear opportunity to object, or to suggest special procedures, if a consolidation is to be ordered." *Id.* Here, the Court has improperly ordered consolidation over Plaintiff's clear objection.

Further, delaying a ruling on Strickland's PI motion until September 2023 at a "consolidated trial" on the merits violates the statutory requirement to "expedite the consideration" of her PI motion. 28 U.S.C. § 1657(a). Strickland does not waive any of her rights under the law and the Federal Rules of Civil Procedure. She objects to this Court's abuse of Rule 65(a)'s consolidation procedure. *Nwaubani v. Grossman*, 806 F.3d 677, 681 n.7 (1st Cir. 2015) (calling such an order an "inappropriate" and "unfair" "Hobson's choice"); *Victim Rights Law Ctr. v. Cardona*, 552 F. Supp. 3d 104, 115 (D. Mass. 2021) (J. Young) (recognizing the First Circuit's "cautioning against overuse of [the Rule 65 consolidation] procedural device").

This the 7th day of November, 2022.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Philip Andonian
D.C. Bar No. 490792
CALEB ANDONIAN PLLC
1100 H Street., N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
phil@calebandonian.com

3

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

<i>/s/ Cooper Strickland</i><br>
Cooper Strickland<br>
N.C. Bar No. 43242<br>
P.O. Box 92<br>
Lynn, NC 28750<br>
Tel. (828) 817-3703<br>
cooper.strickland@gmail.com