IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| UNITED STATES, *et al.*, | ) |
| *Defendants*. | ) |

## MOTION TO PROMPTLY RULE ON PRELIMINARY INJUNCTION MOTION

Plaintiff Caryn Devins Strickland respectfully requests that this Court promptly rule on her motion for preliminary injunction ("PI"). ECF No. 125. Strickland filed her PI motion on July 27, 2022, and a hearing on her PI motion was held more than two months ago, on September 8, 2022. Because each day that passes without relief is causing Strickland irreparable harm, she requests a ruling *immediately*.

On October 18, 2022, the Fourth Circuit ruled that this Court "has not yet ruled" on the PI motion, and that it "'desires a prompt evidentiary hearing' in order to resolve the motion for [PI]." Dismissal Order, at 4 (quoting ECF No. 150, at 1). This Court orally denied Strickland's motion for a prompt pretrial evidentiary hearing on her PI motion, during the October 31, 2022 hearing on her motion for

1

summary judgment ("SJ"). The Court stated that a pretrial evidentiary hearing was "not going to happen" and that it was not going to hear evidence "twice." As of the date of this filing, the Court has not reduced its order denying the pretrial evidentiary hearing to writing. *See* Entry Order Dated Nov. 10, 2022 (reducing to writing the court's order denying SJ, but not its order denying pretrial evidentiary hearing).

This Court is required to "expedite the consideration" of Strickland's PI motion. 28 U.S.C. § 1657(a). This Court indicated that it would prefer to hold a "consolidated" trial on an expedited basis without meaningful discovery, but the parties have jointly notified the court of their agreement to maintain its previously ordered September 2023 trial date to ensure that they can "adequately conduct discovery and prepare for trial." ECF No. 160, at 1. Because an expedited trial on the merits without adequate discovery, over both parties' objections, would be unlawful, the Court must "expedite the consideration" of the PI motion as required by statute rather than waiting until trial in September 2023. Strickland thus requests that the Court immediately rule on the PI motion.

Importantly, the Fourth Circuit's understanding in dismissing Strickland's PI appeal was that this Court "has not yet ruled" on the PI motion, and that it "'desires a prompt evidentiary hearing' in order to resolve the motion for [PI]." Order, at 4 (quoting ECF No. 150, at 1). Adopting the Fourth Circuit's view of this Court's

2

intent, Strickland requested a prompt pretrial evidentiary hearing on her PI motion, *see* ECF No. 157, but this Court denied her motion. The other option for prompt resolution of the PI motion, as identified by the Fourth Circuit, is to "advance the trial on the merits and consolidate it with the hearing" on the PI. Order, at 4 (quoting Fed. R. Civ. P. 65(a)(2)). But that option is not possible here without violating the parties' procedural rights. Both parties will engage in discovery before trial, ECF No. 160, as this Court previously ordered, and both parties agree that trial should be in September 2023, also as this Court previously ordered. It would be unlawful to force them to go to an expedited trial without time for meaningful discovery, over their objections. *See Gellman v. State of Md.*, 538 F.2d 603, 604, 606 (4th Cir. 1976); *accord Nwaubani v. Grossman*, 806 F.3d 677, 681 n.7 (1st Cir. 2015). A "consolidated" trial in September 2023 plainly is not a "prompt evidentiary hearing" as contemplated by the Fourth Circuit, Order at 4, and it violates the statutory requirement to "expedite the consideration" of the PI, 28 U.S.C. § 1657(a).

    In sum, the only way for this Court to comply with the Fourth Circuit's Order and applicable statute is to immediately rule on the PI motion. Strickland requests in any event that this Court observe its duty under Fed. R. Civ. P. 79 to reduce its decision to writing. Prior to filing this motion, Strickland conferred with

Defendants pursuant to Local Rule 7.1. Defendants take no position on this motion.

This the 17th day of November, 2022.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Philip Andonian
D.C. Bar No. 490792
CALEB ANDONIAN PLLC
1100 H Street., N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
phil@calebandonian.com

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

>  */s/ Cooper Strickland*
>  Cooper Strickland
>  N.C. Bar No. 43242
>  P.O. Box 92
>  Lynn, NC 28750
>  Tel. (828) 817-3703
>  cooper.strickland@gmail.com