IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,            )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )
                                    )
UNITED STATES OF AMERICA, et al.,   )
                                    )
    Defendants.                     )

## MOTION FOR LEAVE TO FILE AMENDED ANSWER

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendants respectfully move for leave to file an Amended Answer, which is attached as Exhibit A.[1] On motion of Plaintiff, the Court struck the affirmative defenses contained in Defendants' Answer without explanation. *See* Minute Order dated Sept. 21, 2022. Defendants now seek leave to file an Amended Answer that includes one affirmative defense while reserving all rights with respect to the defenses that were struck. The Amended Answer also revises Defendants' response to one paragraph of Plaintiff's Complaint. Consistent with the permission courts should freely provide under Rule 15—particularly after striking affirmative defenses—Defendants respectfully request that the Court grant leave to amend the answer. Defendants' counsel asked Plaintiff's counsel for Plaintiff's position on the relief sought herein, but Plaintiff's counsel have not yet provided a position.

## BACKGROUND

Defendants filed their answer in this case on July 29, 2022. ECF No. 127. That answer contained eight affirmative defenses. *See id*. at 1-2. On August 15, 2022, Plaintiff filed a Motion

---

[1] A redlined draft showing all revisions to the initial Answer is attached as Exhibit B.

to Strike Defenses Under Fed. R. Civ. P. 12(f), seeking to strike each of Defendants' affirmative defenses. ECF No. 133. On September 21, 2022, the Court granted Plaintiff's Motion without providing an oral or written explanation. *See* Minute Order dated Sept. 21, 2022.

Defendants respectfully note their objection to the Order striking affirmative defenses because the absence of any explanation prevents Defendants from understanding the basis for the ruling and its impact on the litigation. Defendants, however, do not interpret the Order as precluding them from raising factual and legal issues necessary to providing a full and complete defense to Plaintiff's claims.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 permits courts to grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion for leave to amend is confined to the discretion of the Court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *McCall-Scovens v. Blanchard*, No. 15-3433, 2016 U.S. Dist. LEXIS 148750, at *10 (D. Md. Oct. 27, 2016). "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

## ARGUMENT

This case presents none of the circumstances that would justify denial of a motion for leave to amend. First, there is no bad faith on the part of Defendants. After the Court struck Defendants' affirmative defenses, Defendants have moved for leave to amend the answer to include a revised version of one affirmative defense. In the proposed amended answer, Defendants have attempted to address the concerns Plaintiff raised regarding that defense. Also, although there is no

2

Case 1:20-cv-00066-WGY   Document 166   Filed 11/22/22   Page 2 of 5

continuing obligation to amend an answer when new facts come to light, Defendant are taking this opportunity to revise their response to the allegations in paragraph 140 of the Complaint based on their review of additional evidence in this matter. *See* Exhibit A at 21. Thus, Defendants' Motion is brought in good faith and without any improper purpose. Courts routinely authorize leave to amend in similar circumstances. *See McGinity v. USAA Fed. Sav. Bank*, No. 19-560, 2020 U.S. Dist. LEXIS 65133, at *3 (E.D.N.C. Apr. 14, 2020) ("[W]hen affirmative defenses are stricken, the defendant should normally be granted leave to amend.") (quoting *Haley Paint Co. v. E.I Du Pont De Nemours & Co.*, 279 F.R.D. 331, 336 (D. Md. 2012)); *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 232 (E.D.N.C. 2010) ("Given the disfavored status of Rule 12 (f) motions to strike defenses, however, a defendant normally is allowed leave to amend the answer."); *Banks v. Realty Mgmt. Serv.*, No. 10-14, 2010 U.S. Dist. LEXIS 7501, at *3 (E.D. Va. Jan. 29, 2010) ("When a court strikes a defense, the general practice is to grant the defendant leave to amend.").

Second, Plaintiff would not suffer any unfair prejudice from the proposed amendment. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *see also Hatteras/Cabo Yachts, LLC v. M/Y EPIC*, 2020 U.S. Dist. LEXIS 59044, at *9 (E.D.N.C. 2020) (holding that undue prejudice justifies denying a motion to amend "if the amendment would require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, or would significantly delay the resolution of the dispute" (internal quotation marks and citations omitted)). Defendants are moving for leave to amend early in the discovery process, with sufficient time for Plaintiff to conduct any additional discovery she may determine is necessary by the amendment. In short, there is no indication that granting Defendants' motion would cause any unfair prejudice to Plaintiff.

3

Finally, the proposed amendment is not futile. The affirmative defense pled in the amended answer fully meets the requirements of Rule 8 and renders moot the concerns raised by Plaintiff in her Motion to Strike. In that motion, Plaintiff argued that Defendants' prior mitigation defense – "Plaintiff's alleged damages must be set off by any amounts earned in mitigation," Answer, ECF No. 127, at 1 – "is not a defense; rather, it is a statement of the law." Mot. to Strike, ECF No. 133-1, at 3. Defendants' proposed amended answer, however, makes clear that it pleads Plaintiff's failure to mitigate as an affirmative defense:

> Plaintiff's request for front pay is barred in whole, or in part, by her failure to mitigate her alleged losses. Specifically, Plaintiff voluntarily departed from the Federal Defender's Office and thereby relinquished the pay and benefits associated with her position. In addition, although there were and are positions available that are substantially equivalent to Plaintiff's federal employment, Plaintiff has failed to make a reasonable attempt to secure replacement employment. Instead, Plaintiff has pursued work as a solo practitioner specializing in state court-appointed criminal appeals when higher-paying positions were and are available. Plaintiff thereby failed to take advantage of positions that would have allowed her to maintain a salary and benefits commensurate with her prior federal government position.

*See* Exhibit A at 1.

Accordingly, the proposed amended answer satisfies applicable pleading requirements. Leave to amend is not futile and should be granted.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Motion and authorize Defendants to file the proposed amended answer.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

/s/ Joshua Kolsky
JOSHUA M. KOLSKY
RACHAEL L. WESTMORELAND
Trial Attorneys
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Counsel for Defendants*