IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,    )
       )
    Plaintiff,    )
       )
v.    )
       )
UNITED STATES OF AMERICA, et al.,    )
       )
    Defendants.    )

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION TO DISCLOSE INTERCIRCUIT ASSIGNMENT RECORDS

Plaintiff has filed a four-paragraph Motion seeking "disclosure of all intercircuit assignment records for the district court proceeding in this case, including the certificates of necessity." Mot. to Disclose Intercircuit Assignment Records ("Motion"), ECF No. 168, at 1. Plaintiff's Motion is meritless and should be denied. Plaintiff makes no serious attempt to explain why she believes she is entitled to the records she seeks. Nor does she contend that the records fall within the scope of civil discovery, which they clearly do not. And she fails to identify any authority that would require disclosure here. Because Plaintiff's request merely stems from her curiosity about the intercircuit assignment and is neither warranted nor related to the litigation, she is not entitled to the disclosure of the internal Judiciary records.

## ARGUMENT

Plaintiff fails to identify *any* authority that would require disclosure of the records sought. Federal Rule of Civil Procedure 26(b), which governs the scope of discovery in a civil matter such as this, permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b).

1

Here, Plaintiff does not even argue, much less demonstrate, that the documents she seeks are relevant to "any party's claim or defense" in this case. Nor could she. The documents relate to the process by which the Court was assigned to this matter in 2020 and have nothing at all to do with Plaintiff's claims, which arise from her employment at the Federal Defender's Office years earlier, or with Defendants' defenses to those claims.

Moreover, there is no public right of access to internal records of the Judiciary concerning administration of the courts. The Freedom of Information Act does not apply to the Judiciary, *see* 5 U.S.C. § 551(1), nor does any other statute require the disclosure of Judiciary records. And Plaintiff cites no other provision of law that would compel disclosure here.[1]

Plaintiff suggests that disclosure is required by 28 U.S.C. § 455(e), but nothing in that statute mandates disclosure of Judiciary records here. Rather, Section 455(e) concerns a situation in which a judge's "impartiality might reasonably be questioned," and the parties agree to waive the ground for disqualification. 28 U.S.C. § 455(e). In that situation, the "waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." *Id*. Such a situation has not occurred here. And contrary to Plaintiff's suggestion, Section 455(e) does not authorize discovery of Judiciary records based solely on a party's baseless allegation that the records "bear on the fairness and integrity of th[e] proceeding." Mot. at 1.

In any event, Plaintiff already tried – during her first appeal in this case – to demonstrate an appearance of impropriety, and the Fourth Circuit rejected Plaintiff's arguments. Plaintiff filed a barrage of motions in the Fourth Circuit aimed at casting doubt on the fairness of both the District

---

[1] 28 U.S.C. § 295 provides in relevant part that "[a]ll designations and assignments of justices and judges shall be filed with the clerks and entered on the minutes of the courts from and to which made." The Chief Justice's designation and assignment for this District Court proceeding was filed on the docket on April 17, 2020. *See* ECF No. 28.

2

Court and Circuit Court assignments in this litigation. Without evidence, Plaintiff falsely accused Defendants of attempting to influence the outcome of her case through the assignment process, and she baselessly claimed that "a reasonable observer could conclude that the District Court judge manipulated proceedings to protect Defendants from embarrassment or sanctions, and was actually biased in their favor." Pl-Appellant's Reply in Supp. of Her Mot. to Vacate or Disqualify, *Strickland v. U.S.*, No. 21-1346, Dkt. No. 126 (4th Cir. Feb. 23, 2022). Asserting that there were "blatant conflicts of interest" and a "severe appearance of impropriety," Plaintiff insisted that this Court's judgment be vacated or that the circuit panel be disqualified. Mot. to Vacate or Disqualify, *Strickland v. U.S.*, No. 21-1346, Dkt. No. 117 (4th Cir. Feb. 4, 2022).

The Fourth Circuit rejected each of Plaintiff's meritless arguments. The appellate panel was not "persuaded that the involvement of AO and Judicial Conference officials in the designation and assignment process resulted in the deprivation of Strickland's due process right to a fair tribunal, either in the district court or in this appeal." *Strickland v. U.S.*, 32 F.4th 311, 343 (4th Cir. 2022). Additionally, "the district judge and the panel members in this case each had an independent duty and responsibility to satisfy themselves that they were not required to recuse before they agreed to serve in this case." *Id*. at 345. The Fourth Circuit therefore denied Plaintiff's motion to vacate this Court's judgment or to disqualify the circuit panel. *Id*. at 345-47. Accordingly, the propriety of the District Court assignment process has already been litigated and resolved in Defendants' favor. Plaintiff offers no basis to revisit these issues again in this forum, much less any authority that would permit her to conduct discovery in support of her misguided theories and imagined conflicts of interest.

Finally, Plaintiff notes that this case was temporarily sealed shortly after it was filed, which Plaintiff believes "creates an unfortunate appearance that the case was sealed by officials of the

3

Case 1:20-cv-00066-WGY   Document 174   Filed 12/16/22   Page 3 of 5

federal judiciary in order to protect Defendants, officials of the federal judiciary, from embarrassment." Mot. at 1-2. The docket states that the case was "sealed at the direction of Clerk pending assignment of Judge." *See* March 4, 2020 docket entry. Defendants are not privy to the Clerk's reason for sealing the case, but note that one day prior, Plaintiff had filed a motion seeking, among other things, to seal information. *See* Mot. to Proceed Under Pseudonym and to Seal Personally Identifying Information, ECF No. 2. That motion did not clearly explain the scope of the information Plaintiff wanted sealed. Therefore, it is entirely plausible that, faced with Plaintiff's confusing motion to seal, the Clerk took the action that would be most protective of Plaintiff's asserted rights and temporarily sealed the entire case until a District Court Judge could be assigned to rule on Plaintiff's motion. Plaintiff's assertion that the sealing of the case reflects a Judicial Branch effort to "protect Defendants . . . from embarrassment," Mot. at 2, is just an example of Plaintiff's speculation and perception of conspiracies where none exist.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion.

    Respectfully submitted,

    BRIAN D. BOYNTON
    Principal Deputy Assistant Attorney General

    CARLOTTA P. WELLS
    Assistant Branch Director

    */s/ Joshua Kolsky*
    JOSHUA M. KOLSKY
    RACHAEL L. WESTMORELAND
    Trial Attorneys
    D.C. Bar No. 993430
    United States Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street NW Washington, DC 20005
    Tel.: (202) 305-7664
    Fax: (202) 616-8470
    E-mail: joshua.kolsky@usdoj.gov

*Counsel for Defendants*