IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| **CARYN DEVINS STRICKLAND,** | ) |
| *Plaintiff*, | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| **UNITED STATES,** *et al.*, | ) |
| *Defendants*. | ) |

## REPLY IN SUPPORT OF MOTION TO DISCLOSE INTERCIRCUIT ASSIGNMENT RECORDS

Defendants' response confirms the need for this Court's intervention to dispel the public perception of judicial impropriety arising from their selective refusal to disclose intercircuit assignment records for this judicial proceeding. While continuing to withhold the relevant intercircuit assignment records, Defendants attempt to portray the unlawful—and still unexplained—sealing of Strickland's entire case as innocuous by contending that it was ordered by the Clerk of Court, without the direction of a judicial officer. This purported explanation only compounds the appearance of impropriety. A clerk of court is not a judicial officer and does not have authority to seal an entire case *sua sponte*. And in this case, the attached exhibit indicates that the Clerk of Court did not seal the entire case. Rather, it appears that the entire case was sealed by an unknown

1

judicial officer whose identity was withheld from the docket, without any public order or explanation for the sealing.

Disclosure of the intercircuit assignment records will show whether a judicial officer who was recused or not assigned to the case sealed the case without lawful authority to do so. Because Defendants, who possess the records by virtue of their roles in selecting the district court judge for this proceeding, will not disclose the records voluntarily, this Court must disclose the records itself to ensure both the appearance and effect of impartiality in this proceeding.

## I. Defendants' response suggests that this case was unlawfully sealed.

Defendants accuse Strickland of "speculation and perception of conspiracies," while themselves engaging in speculation about how Strickland's case was mysteriously sealed at the outset while no judicial officer was assigned to the case. ECF No. 174, at 3; *see also* Docket Entry Dated March 3, 2020 (entered April 8, 2020) ("Case assigned to Unassigned Judge as of date of case opening. Awaiting designation of out of circuit judge to this case."). Defendants contend that it is "plausible" that this entire case was sealed *sua sponte* by the Clerk of Court. ECF No. 174, at 4. But a clerk of court cannot seal a case absent a lawful order from a judicial officer. *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) ("The decision to seal documents must be made after independent review by a judicial officer . . . ."). The Clerk of Court in this case

would have been aware that he needed an order from a judicial officer to seal the case. *See* Ex. A. Defendants' explanation for the sealing thus accuses the Clerk of Court of unlawful conduct. Moreover, Defendants' speculation about the sealing confirms the need for disclosure of the intercircuit assignment records. The parties and the public should not have to speculate on who sealed the case and why. The need for transparency on these questions goes directly to the integrity of this judicial proceeding.

Furthermore, the First Amendment requires that court proceedings be "presumptively open to public scrutiny." *Co. Doe v. Pub. Citizen*, 749 F.3d 256, 265 (4th Cir. 2014). Given the importance of First Amendment and common law rights of access to court proceedings, courts are required to enforce certain procedural safeguards before partially, or completely, closing a judicial proceeding to the public. *See generally* Robert Timothy Reagan, Fed. Judicial Ctr., Sealing Court Records and Proceedings: A Pocket Guide 19–22 (2010); *see also* W.D.N.C. Civ. Rule 6.1. Among these safeguards, courts require the following steps prior to sealing:

1. Absent authorization by statute or rule, permission to seal must be given by a judicial officer. *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65–66 (4th Cir. 1989).

3

Case 1:20-cv-00066-WGY   Document 175   Filed 12/23/22   Page 3 of 16

2. Motions to seal should be publicly docketed, and members of the public and the press should be given the opportunity to be heard on the motions. *Baltimore Sun Co.*, 886 F.2d at 64; *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986); *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984).

3. There should be a public record of what is sealed, why it is sealed, and the specific reasons why the district court rejected less restrictive alternatives to sealing, sufficient for appellate review. *Media Gen. Operations, Inc.*, 417 F.3d at 429 (noting that decision to seal must be "supported by findings and conclusions specific enough for appellate review"); *In re Wash. Post Co.*, 807 F.2d at 391 ("[I]f the district court decides to close a hearing or seal documents, 'it must state its reasons on the record, supported by specific findings.'" (quoting *In re Knight Publ'g Co.*, 743 F.2d at 234)).

4. Sealing should be narrowly tailored to the reasons justifying sealing and should be no more extensive than necessary. *Media Gen. Operations*, 417 F.3d at 429; *In re Wash. Post Co.*, 807 F.2d at 391; *In re Knight Pub. Co.*, 743 F.2d at 234–35.

Defendants' argument that it is "plausible" and innocuous that the Clerk of Court sealed this entire case *sua sponte*, without a judicial order or explanation for doing so, offends binding Fourth Circuit and Supreme Court precedent, which

4

Case 1:20-cv-00066-WGY   Document 175   Filed 12/23/22   Page 4 of 16

prohibit such actions. If the Clerk of Court did seal this case, that would have been unlawful, regardless of the motivation.

But Plaintiff's counsel's email exchanges with the Clerk of Court, Frank Johns, reveal that Mr. Johns understood that he needed an order from a judicial officer before sealing any information in this case. Ex. A. When Strickland filed her complaint on March 3, 2020, she requested to proceed under a pseudonym and to redact certain identifying information from her complaint that could expose her identity, including the name of her employing office and its unit executive.[1] ECF No. 2. Mr. Johns knew that he could not order even a limited sealing without an

---

[1] Defendants assert that Strickland's motion to proceed under pseudonym was "confusing," ECF No. 174, at 4, but her motion and proposed order requested limited redactions of identifying information that are routinely requested by plaintiffs seeking to proceed under pseudonym. *See, e.g.*, *Jane Doe v. Proskauer Rose LLP*, ECF No. 4, No. 1:17-cv-00901 (D.D.C. May 17, 2017) (ordering "that Plaintiff is authorized to redact from the public record all personally identifying information when making submissions to this Court, that Defendant shall not publicly disclose Plaintiff's name or any information from which her name could be deduced, and that Defendant shall redact from the public record all personally identifying information regarding Plaintiff when making submissions to this Court"). Defendants fail to identify any precedent where a clerk of court, or any judicial officer for that matter, sealed an entire case to "protect" a plaintiff's rights when such sealing was not requested. Contrary to protecting Strickland, the unlawful sealing had the effect of denying her counsel access to the docket, *see* Docket Entry Dated March 3, 2020 ("At the direction of the Clerk Plaintiff's Attorney Cooper J. Strickland is provided with ECF access to this Sealed Case pending assignment of Judge."), and undermining her First Amendment rights by preventing her from speaking publicly about her case, *see* ECF No. 8 (mandamus petition asserting First Amendment objections to sealing).

5

order by a judicial officer, and therefore he requested that Strickland provide a proposed order for Chief Judge Frank Whitney to review. *See* Ex. A. Strickland promptly provided the proposed order. *Id.* Chief Judge Whitney, however, along with all judges within the Fourth Circuit, was recused from the case. *See* Docket Entry Dated March 3, 2020 (entered April 8, 2020) ("Case assigned to Unassigned Judge as of date of case opening. Awaiting designation of out of circuit judge to this case."). On March 4, 2020, the entire case was sealed *sua sponte*, even though there appeared to be no judicial officer assigned to the case who could lawfully take action to seal the case. The presiding judge for this case appears not to have been designated and assigned by the Chief Justice until April 6, 2020. ECF No. 28.

## II. Strickland and the public are entitled to know who sealed her case and why.

If the reasons for the sealing were innocuous as Defendants suggest, then one would expect that they would simply disclose the district court records in the interest of transparency. It appears that no judicial officer had lawful authority to take official action to seal the case on March 4, 2020, before the intercircuit assignment was completed, and the reasons for the action were never disclosed. *See* Guidelines for the Intercircuit Assignment of Article III Judges, at 2 (2012) ("It is stressed, however, that no judge should take any official action in a case in another circuit in the absence of a completed intercircuit assignment, *i.e.*, until the

6

assignment has been approved by the Chief Justice and that approval has been filed in the borrowing court."); *Wrenn v. D.C.*, 808 F.3d 81, 84 (D.C. Cir. 2015) ("[A] judge acting beyond his designation acts without jurisdiction."). The intercircuit assignment records are critical to answering these questions.

The purpose of requiring transparency in judicial proceedings is to protect the integrity of the judiciary. That is because a court's power and prerogative "rest, in the end, upon the respect accorded to its judgments." *Caperton*, 556 U.S. at 889 (quoting *Republican Party of Minn. v. White*, 536 U.S. 765, 793 (2002) (Kennedy, J., concurring)). Because the public's trust is integral to the judicial process, "[j]udicial integrity is . . . a state interest of the highest order." *Id.* (quoting *White*, 536 U.S. at 793).

As the Fourth Circuit has observed, public confidence in the courts "cannot long be maintained where important judicial decisions are made behind closed doors." *Doe*, 749 F.3d at 263 (quoting *United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978)). Indeed, the public entrusts Article III judges with lifetime tenure because the public "underwrites the judicial system," *id.* (quoting *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) (Easterbrook, J., in chambers), and has the "ability to oversee and monitor the workings of the Judicial Branch," *id*. In return, the public expects a fair tribunal that "serve[s] to maintain the integrity of the judiciary and the rule of law." *Caperton*, 556 U.S. at 889.

A lack of transparency about the sealing of this case undermines the appearance of a fair tribunal. In this case about the fairness of procedures to address allegations of workplace misconduct in the judiciary, public confidence in the judiciary's ability to follow rules and to use fair and lawful procedures in hearing such a case is paramount. Irregularities such as the unexplained sealing of this case create a reasonable perception that Strickland is unfairly being treated differently from other litigants because she is a plaintiff alleging misconduct in the judiciary. That perception undermines public confidence in the integrity of this judicial proceeding.

Because disclosure of the intercircuit assignment records would shed light on who took the official action of sealing this case, which bears directly on the fairness and integrity of this proceeding, they must be disclosed. Defendants dodge by raising irrelevant questions regarding whether the records fall within the scope of civil discovery or the Freedom of Information Act. Strickland is requesting the records from this Court—not from Defendants—because the records bear on whether judicial officials acted with lawful authority in this proceeding.

During the prior appeal, Appellees' disclosure of certain intercircuit assignment records revealed that Defendants had participated in selecting the judges for their own case, and that certain Defendants, including the Chief Judge and the Circuit Executive, knew the appellate panel's identity for six months

before it was disclosed to Strickland and the public. Upon public disclosure of these facts, the Fourth Circuit "agree[d] with Strickland that, from a public perception standpoint, it would have been preferable had no AO or Judicial Conference officials participated in the designation and assignment process, and that none of the defendants received notice of the panel's identity prior to the remaining parties, the attorneys, and the public," but it concluded that the circumstances did not rise to the level of requiring disqualification. *Strickland v. United States*, 32 F.4th 311, 346 (4th Cir. 2022). Defendants' assertion that Strickland's arguments were "baseless[]" and "[w]ithout evidence," ECF No. 174, at 3, ignores the Fourth Circuit's conclusion that Defendants' actions did indeed create a "public perception" problem regarding the integrity of the proceeding.

The unfortunate public perception that currently exists in this case is that of judicial officials acting to seal a case without following required procedures, while they were recused or not assigned to this case. Disclosure of the intercircuit assignment records is needed in order to shed light on whether the judiciary in this proceeding followed procedures prescribed by law.

## CONCLUSION

This Court should disclose all intercircuit assignment records for this district court proceeding.

This the 23rd day of December, 2022.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Philip Andonian
D.C. Bar No. 490792
CALEB ANDONIAN PLLC
1100 H Street., N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
phil@calebandonian.com

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

<div style="text-align:right">

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

</div>

# EXHIBIT A



## 1:20-cv-00066, Roe v. United States of America et al

**Frank Johns** &lt;Frank_Johns@ncwd.uscourts.gov&gt;     Wed, Mar 4, 2020 at 1:41 PM
To: Cooper Strickland &lt;cooper.strickland@gmail.com&gt;

Got them Cooper, thank you.

**From:** Cooper Strickland &lt;cooper.strickland@gmail.com&gt;
**Sent:** Wednesday, March 4, 2020 1:41 PM
**To:** Frank Johns &lt;Frank_Johns@ncwd.uscourts.gov&gt;
**Subject:** Re: 1:20-cv-00066, Roe v. United States of America et al

Mr. Johns,

Attached is the proposed order requested by Ms. Barton regarding Docket Entry No. 2 (Proposed Sealed Reference List and Two Summonses).

Respectfully,

Cooper Strickland

(828) 817-3703

On Wed, Mar 4, 2020 at 9:35 AM Elizabeth Barton &lt;Elizabeth_Barton@ncwd.uscourts.gov&gt; wrote:

> Mr. Strickland,
>
> At your request I am sending you this email and copying *Chief Judge Frank D. Whitney* and *Clerk Frank G. Johns*. As you stated in our phone conversation a few minutes ago, because of the sensitivity of this case you will send the proposed *Summonses and Reference List*, and any proposed *Order(s)* directly to them.
>
> **Chief Judge Frank D. Whitney**
> frank_whitney@ncwd.uscourts.gov
>
> **Clerk Frank G. Johns**
> frank_johns@ncwd.uscourts.gov

If you need anything further, please let me know.

Sincerely,

*Elizabeth J. Barton*

Elizabeth J. Barton
U.S. District Court, NCWD
Case Management Specialist
828-771-7205
elizabeth_barton@ncwd.uscourts.gov

   Cooper Strickland <cooper.strickland@gmail.com>

## 1:20-cv-00066, Roe v. United States of America et al

**Cooper Strickland** <cooper.strickland@gmail.com>   Wed, Mar 4, 2020 at 1:40 PM
To: Frank Johns <Frank_Johns@ncwd.uscourts.gov>

Mr. Johns,

Attached is the proposed order requested by Ms. Barton regarding Docket Entry No. 2 (Proposed Sealed Reference List and Two Summonses).

Respectfully,

Cooper Strickland
(828) 817-3703

On Wed, Mar 4, 2020 at 9:35 AM Elizabeth Barton <Elizabeth_Barton@ncwd.uscourts.gov> wrote:
[Quoted text hidden]

**2 attachments**

 **PROPOSED ORDER Plaintiff's Motion to Proceed under Pseudonym.docx**
28K

 **PROPOSED ORDER Plaintiff's Motion to Proceed under Pseudonym (To File).pdf**
82K

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| JANE ROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:20-cv-00066 |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM AND TO SEAL PERSONALLY IDENTIFYING INFORMATION

For good cause shown in the "Plaintiff's *Ex Parte* Motion to Proceed Under Pseudonym and to Seal Personally Identifying Information" (Doc. No. 2), it is hereby ORDERED that Plaintiff, Jane Roe, is GRANTED leave to proceed under a pseudonym and to seal personally identifying employment information. The Clerk is ORDERED to docket, ***under seal***, the (1) redacted complaint reference list and (2) employing office and unit executive summonses submitted for in camera review in conjunction with the Plaintiff's motion ("Sealed Documents"). The Clerk is ORDERED to restrict access to the Sealed Documents to the parties to this proceeding. It is ORDERED that the identity of the defendants referenced in the sealed summonses shall not be publicly disclosed in CM/ECF.

IT IS SO ORDERED.

Signed: _____

_____
Frank D. Whitney
Chief United States District Judge