IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,         )
                                 )
    Plaintiff,                   )
                                 )
v.                               )
                                 )
UNITED STATES OF AMERICA, et al.,)
                                 )
    Defendants.                  )

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE AMENDED ANSWER**

Although discovery is ongoing in this case and nine months remain until trial, Plaintiff seeks to preclude Defendants from including a single affirmative defense in their answer.[1] Plaintiff relies largely on inapplicable legal standards, and she fails to notify the Court of binding Fourth Circuit precedent that contradicts her arguments. Plaintiff also fails to demonstrate any cognizable prejudice from Defendants' proposed amendment, and her attempt to demonstrate bad faith relies on her mischaracterization of events. Moreover, Defendants' proposed affirmative defense is not futile, and leave to amend is warranted at this stage of the case.

---

[1] Defendants respectfully note their objection to the Order striking affirmative defenses because the absence of any explanation prevents Defendants from understanding the basis for the ruling and its impact on the litigation. Defendants, however, do not interpret the Order as precluding them from raising factual and legal issues necessary to providing a full and complete defense to Plaintiff's claims.

1

# ARGUMENT

## I. The Requirements of Rule 15(a)(2) Are Met

As explained in Defendants' Motion, courts routinely find Rule 15(a)(2) satisfied where, as here, a defendant moves to amend an answer after affirmative defenses are struck. *See* ECF No. 166, at 3. Given the current posture of this case, Plaintiff's arguments against amendment largely turn on its head the well-settled principle that leave to amend should be freely given. No basis exists to deny leave to amend under the well-settled criteria governing amendments.

### A. The Proposed Amendment Is Not Unduly Delayed

Plaintiff's principal argument is that Defendants' motion should be denied because of supposed undue delay in moving for leave to amend. Pl's Resp. to Defs' Mot. to Amend ("Opp'n"), ECF No. 170, at 13. But there was no undue delay here. Defendants did not have any reason to amend their answer before the Court struck Defendants' affirmative defenses on September 21, 2022. Moreover, counsel for Defendants contacted Plaintiff's counsel on October 27, 2022 requesting Plaintiff's position on Defendants' forthcoming Motion, and Plaintiff's counsel never responded. *See* Ex. A.

In any event, Fourth Circuit precedent holds that "[d]elay alone is an insufficient reason to deny leave to amend." *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 420 (4th Cir. 2000). "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999); *see also Nat'l Bank of Wash. v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988) ("delay alone is not a sufficient reason to

2

deny a party leave to amend its pleading."). Accordingly, even if Plaintiff had demonstrated undue delay here (she has not), that would not provide sufficient basis to deny Defendants' Motion.[2]

### B. The Proposed Amendment Is Not Futile

Next, contrary to Plaintiff's argument, Defendants' proposed amendment is not futile. "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (emphasis added). Here, the proffered amendment is neither. Importantly, the "futility inquiry should not become a full-blown motion to dismiss analysis." *Bonumose Biochem LLC v. Yi-Heng Percival Zhang*, No. 17-00033, 2018 U.S. Dist. LEXIS 231068, at *5-6 (W.D. Va. Sep. 4, 2018).

Plaintiff takes issue with Defendants' allegation that Plaintiff "voluntarily departed from the Federal Defender's Office and thereby relinquished the pay and benefits associated with her position." Opp'n at 16 (quoting ECF No. 166, at 4). Plaintiff argues that that allegation "is not properly asserted as the basis for a defense of failure to mitigate." *Id*. But Defendants' position is well supported by authority from this district. In *Triplett v. North Carolina Department of Public Safety*, No. 15-75, 2018 U.S. Dist. LEXIS 150991 (W.D.N.C. Sep. 5, 2018), the plaintiff resigned from a position after she allegedly was subjected to harassment. The court held that the plaintiff's "resignation constitutes a failure to mitigate." *Id*. at *7. Thus, a voluntary resignation

---

[2] Plaintiff relies on out-of-circuit authority that appears to apply a different formulation than the one stated in Fourth Circuit law. *See* Opp'n at 13 (citing *Calderón–Serra v. Wilmington Trust Co.*, 715 F.3d 14, 20 (1st Cir. 2013) ("Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend.")). But Fourth Circuit precedent is binding in this case, and in any event Plaintiff's out-of-circuit authority does not advance her argument because there was no undue delay here for the reasons stated above.

3

can constitute a failure to mitigate damages. In light of this authority, Defendants' proffered defense is certainly not "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

Plaintiff also argues that the mitigation defense is "conclusory." Opp'n at 17. But the cases she cites only demonstrate why Defendants' defense is adequately pled. Plaintiff cites cases in which there was "no factual basis" and "no accompanying facts" to support the defense pled. *Id*. Here, in contrast, the proposed Amended Answer describes in detail the factual basis of the defense, as follows:

> Plaintiff's request for front pay is barred in whole, or in part, by her failure to mitigate her alleged losses. Specifically, Plaintiff voluntarily departed from the Federal Defender's Office and thereby relinquished the pay and benefits associated with her position. In addition, although there were and are positions available that are substantially equivalent to Plaintiff's federal employment, Plaintiff has failed to make a reasonable attempt to secure replacement employment. Instead, Plaintiff has pursued work as a solo practitioner specializing in state court-appointed criminal appeals when higher-paying positions were and are available. Plaintiff thereby failed to take advantage of positions that would have allowed her to maintain a salary and benefits commensurate with her prior federal government position.

ECF No. 166-1, at 1.

Plaintiff complains that the Amended Answer does not specifically identify the substantially equivalent positions that were and are available. Opp'n at 17. But Plaintiff cites no authority suggesting Defendants were required to plead that information. The *Twombly-Iqbal* pleading standard[3] "does not 'necessarily require the assertion of underlying evidentiary facts." *Francisco v. Verizon S. Inc.*, No. 09-737, 2010 U.S. Dist. LEXIS 77083, at *22 (E.D. Va. July 29, 2010). It requires only that "some statement of the ultimate facts underlying the defense must be set forth, and both its non-conclusory factual content and the reasonable inferences from that

---

[3] Defendants assume for purposes of argument, but do not concede, that the *Twombly-Iqbal* pleading standard applies to affirmative defenses.

4

content, must plausibly suggest a cognizable defense available to the defendant." *Id*. That standard is met here. Based on the facts alleged in the proposed Amended Answer, it is at least plausible that Plaintiff failed to mitigate her alleged losses.

Finally, the fact that there is only one federal defender office in this district does not make Defendant's mitigation defense implausible, as Plaintiff claims. Opp'n at 19. The duty to mitigate damages requires that the plaintiff be reasonably diligent in seeking new employment that is substantially equivalent – even if not identical – to her prior position. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 232 (1982). Accordingly, certain private sector lawyer jobs would offer Plaintiff employment on comparable terms as her position at the Federal Defender's Office and would therefore be considered substantially equivalent. *See Junaid v. McHugh*, No. 11-00226, 2013 U.S. Dist. LEXIS 10833, at *9 (S.D. Tex. Jan. 28, 2013) ("[I]n terms of compensation and benefits, it appears that private sector jobs for engineers and other professionals should be considered substantially equivalent to federal jobs in the same field."). Although Plaintiff suggests that only a position at a federal defender's office would be an appropriate replacement for the job from which she resigned, "[t]he law does not allow Plaintiff to redefine what is substantially equivalent employment such that it eliminates all other possible employment." *Bell v. VF Jeanswear LP*, No. 14-01916, 2018 U.S. Dist. LEXIS 29493, at *21 (D. Ariz. Feb. 23, 2018).

### C. Plaintiff Would Suffer No Undue Prejudice From the Proposed Amendment

Plaintiff also tries, but fails, to show that she would suffer undue prejudice from the proposed amendment. The only prejudice that Plaintiff claims is that she would have to spend time and resources in discovery "to understand the basis of the defense." Opp'n at 20. The mere fact of having to conduct discovery does not establish undue prejudice. The Fourth Circuit has explained that "although prejudice can result where a new legal theory is alleged if it would entail

5

additional discovery and evidentiary burdens on the part of the opposing party, this 'basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.'" *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118-19 (4th Cir. 2013).  Where, as here, the parties are "still in discovery, and many steps removed from trial, the purported undue prejudice . . . is overstated." *Id*. at 119; *see also Bonumose Biochem LLC v. Yi-Heng Percival Zhang*, No. 17-00033, 2018 U.S. Dist. LEXIS 231068, at *4-5 (W.D. Va. Sep. 4, 2018) (no legally cognizable prejudice from amended complaint where discovery remained open for at least another six weeks and trial was over six months away).

In any event, Plaintiff exaggerates the extent to which she requires discovery on the mitigation defense.  The duty to mitigate damages involves consideration of whether the plaintiff used "reasonable diligence in finding other suitable employment." *Ford Motor Co*., 458 U.S. at 231.  Therefore, evidence relevant to that defense is largely within Plaintiff's possession, not Defendants'.[4]

### D.  There Is No Bad Faith on Defendants' Part

Finally, Plaintiff points to certain responses in Defendants' Amended Answer denying certain allegations in Plaintiff's complaint and argues that those responses "show bad faith." Opp'n at 21.  Those responses relate to conversations that occurred between Plaintiff and other individuals years ago.  *Id*. at 22-25.  Plaintiff argues that Defendants' denials are inconsistent with recordings of the conversations that Plaintiff apparently made.  She therefore accuses Defendants

---

[4] Plaintiff claims that Defendants have shown "resistance to discovery thus far" because they have not yet produced "the EDR investigation report and record of disciplinary action[.]" Opp'n at 21. The investigation report contains confidential information but Defendants offered to file it under seal over two years ago.  *See* ECF No. 78 at 15 n.3.  Defendants have also explained to Plaintiff that they cannot produce confidential documents until the Court enters the parties' proposed protective order.

6

of "fail[ing] to correct misrepresentations that are disproven by the record already before the Court." *Id*. at 2.

The fact that Plaintiff (a licensed attorney) secretly recorded conversations with individuals without their knowledge or consent raises serious concerns. Putting those concerns aside for the moment, however, Plaintiff's secret recordings cannot show any bad faith on the part of Defendants. Plaintiff neglects to mention that Defendants did not have access to the recordings referenced in her Opposition when they drafted their Amended Answer. Indeed, almost four months ago, Defendants served Plaintiff with Rule 34 requests for various recordings, but Plaintiff never produced them.[5] Defendants plainly cannot be faulted for not considering evidence that Plaintiff failed to produce. Therefore, Plaintiff's contention that responses in Defendants' Answer are "disproven by the record already before the Court," *id*. at 2, is inexplicable as anything other than an effort to mislead by suggesting that Defendants had access to Plaintiff's surreptitious recordings when, in fact, Plaintiff has not produced those materials and discovery is ongoing.

Because Defendants did not have access to Plaintiff's recordings when they drafted their Answer and Amended Answer, Defendants instead relied primarily on the recollections of witnesses to determine whether to admit, deny, or otherwise respond to the Complaint's allegations regarding conversations with Plaintiff.[6] That those witnesses' recollections differ in some respects from Plaintiff's recordings is neither surprising nor indicative of bad faith.

---

[5] On December 22, 2022, Defendants served an additional Rule 34 request seeking all audio recordings that document conversations or events alleged in the Complaint or that document conversations with any person who was employed by the Judiciary at the time the recording was made.

[6] Defendants did obtain one recording that Plaintiff secretly made and provided during the investigation into her employment dispute resolution claims, and Defendants carefully considered that recording when drafting their Answer.

7

Far from demonstrating bad faith, Defendants' actions in seeking to amend their answer show their good faith efforts to conform their responses to the evidence as it developed. Specifically, Defendants revised one of their responses in their Amended Answer—changing a denial to an admission—based on their review of new information. ECF No. 166-2, ¶ 140. As Plaintiff has now brought into question various other responses in the proposed Amended Answer, Defendants respectfully request leave to revise the Amended Answer, as necessary, if the Court grants Defendants' Motion. Specifically, the Court should permit Defendants 14 days from the date of the Court's ruling on the Motion to make any revisions to the responses in Defendants' Amended Answer, should Defendants' determine that responses should be revised in light of Defendants' review of the new information Plaintiff has identified.

## II. The Rule 16(b) Good Cause Standard Does Not Apply Here But It Is Met Nevertheless

### A. Rule 16(b) Does Not Apply In the Absence of a Scheduling Order

Plaintiff contends that Defendants must satisfy Rule 16(b)'s good cause standard (in addition to Rule 15(a)(2)) in order to amend their Answer. Opp'n at 5. But Rule 16(b)'s good cause standard does not apply unless the court has entered a scheduling order and the motion to amend is filed after the time set by that scheduling order. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."); *Cole v. Sandel Med. Indus., L.L.C.*, 413 F. App'x 683, 688 (5th Cir. 2011) ("When there is no scheduling order, a motion to amend is evaluated under [Rule] 15[.]"); *Kostenko v. Ranavaya*, No. 07-00462, 2008 U.S. Dist. LEXIS 19549, at *7 (S.D.W. Va. March 12, 2008) ("There is currently no scheduling order setting a firm deadline for the amendment of pleadings, therefore, Rule 16(b)'s good cause requirement is not applicable."). Here, the Court has not entered any deadline for

8

Case 1:20-cv-00066-WGY   Document 176   Filed 12/23/22   Page 8 of 11

amended pleadings in this case. Accordingly, Rule 16(b)'s standard does not apply to Defendants' Motion.

Plaintiff concedes that Rule 16(b) applies only "[w]hen a party files a motion to amend pleadings 'outside the period prescribed by the Court's Scheduling Order[.]'" *See* Opp'n at 5. And she concedes that "the Court did not set a specific deadline for amendments to pleadings[.]" *See id*. at 5. Despite these concessions, Plaintiff nevertheless repeatedly insists that Rule 16(b) supplies the appropriate standard here. The basis for Plaintiff's argument appears to be the fact that the parties previously *proposed* a September 6, 2022 deadline for amendments of pleadings in their Revised Joint Statement and Proposed Case Management Schedule. ECF No. 132, at 6. But the Court never adopted the parties' proposed deadline, nor did it set any other deadline. Courts routinely reject the view that a mere proposed deadline for amended pleadings is sufficient to bring Rule 16(b)'s good cause standard into play. *See, e.g., McKinley v. Kaplan*, 177 F.3d 1253, 1257 (11th Cir. 1999) (Rule 16(b) did not apply where the parties' "joint scheduling order apparently never was entered and therefore never became binding as necessary to trigger the operation of Rule 16(b)"); *De La Rosa Martinez v. Harbor Express, LLC*, No. 15-07458, 2020 U.S. Dist. LEXIS 235813, at *17 (S.D.N.Y. Oct. 19, 2020) ("Rule 16(b)(4) . . . does not apply to deadlines voluntarily agreed by the parties, but not set out in a scheduling order."). Accordingly, Rule 16(b) does not govern Defendants' Motion.

### B. If the Good Cause Standard Were Applicable Here, It Would Be Satisfied

Even if the parties' proposed deadline for amending pleadings were considered a Court-ordered schedule under Rule 16(b), there would be good cause to modify it. It would be particularly unwarranted to rely on the parties' previously proposed deadline in this case because that deadline was overtaken by later developments. Specifically, the deadline proposed by the

9

Case 1:20-cv-00066-WGY    Document 176    Filed 12/23/22    Page 9 of 11

parties was September 6, 2022, but it was not until after that deadline had passed that the Court struck Defendants' affirmative defenses. *See* Minute Order dated Sept. 21, 2022. Accordingly, Defendants did not have a reason to amend their answer before the Court's September 21, 2022 Order.

Plaintiff argues that Defendants should have asserted the failure-to-mitigate defense in their initial Answer. Opp'n at 7. But Defendants did assert as a defense that "Plaintiff's alleged damages must be set off by any amounts earned in mitigation." Answer, ECF No. 127, at 1. That defense encompassed the defense of failure-to-mitigate damages. *Cf. Edwards v. Aaron Rents, Inc.*, 482 F. Supp. 2d 803, 816 (W.D. Tex. 2006) ("pleading mitigation as an affirmative defense may be broad enough to encompass the notion of offset"). In other words, because Plaintiff's alleged damages are offset by amounts she actually earned in mitigation, it follows that amounts she reasonably *could have earned* also reduce her alleged damages. *Cf. Johnson v. Spencer Press of Me., Inc.*, 364 F.3d 368, 379 (1st Cir. 2004) ("awards of back pay are offset by any wages that could have been earned with reasonable diligence after the illegal discharge, regardless of whether they were actually earned"). Accordingly, Defendants did plead a mitigation defense in their Answer and there was no need to amend that defense until the Court struck the affirmative defenses on September 21, 2022.[7]

## **CONCLUSION**

Accordingly, Defendants respectfully request that the Court grant their Motion for leave to file an Amended Answer. If the Court grants the Motion, the Court should permit Defendants 14 days (from the date of the Court's ruling on the Motion) to file a version of the Amended Answer

---

[7] Defendants' proffered Amended Answer resolves any ambiguity in the previously asserted mitigation defense, as it makes clear that Defendants are asserting the defense of failure-to-mitigate damages.

10

that includes revisions that Defendants determine are necessary in light of Defendants' review of the new information Plaintiff has identified.

                                        Respectfully submitted,

                                        BRIAN D. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        CARLOTTA P. WELLS
                                        Assistant Branch Director

                                        */s/ Joshua Kolsky*
                                        JOSHUA M. KOLSKY
                                        RACHAEL L. WESTMORELAND
                                        Trial Attorneys
                                        D.C. Bar No. 993430
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street NW Washington, DC 20005
                                        Tel.: (202) 305-7664
                                        Fax: (202) 616-8470
                                        E-mail: joshua.kolsky@usdoj.gov

                                        *Counsel for Defendants*