IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,         )
                                 )
    Plaintiff,                   )
                                 )
v.                               )
                                 )
UNITED STATES OF AMERICA, et al.,)
                                 )
    Defendants.                  )

**REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER**

Defendants moved for a modest 10-day extension of time to file their Reply in support of their Motion for Leave to File Amended Answer ("Reply") in this case. Plaintiff has opposed that Motion but she fails to provide any persuasive reason for the Court to deny the reasonable extension of time requested here. *See* ECF No. 177.

Federal Rule of Civil Procedure 6(b)(1)(A) authorizes courts to extend deadlines based on a showing of good cause. Plaintiff does not meaningfully dispute that Defendants have established good cause. As Defendants' Motion explained, Defendants' counsel were facing numerous other upcoming litigation deadlines in this and other federal court matters, and the undersigned counsel had been out of the office due to illness. Motion, ECF No. 172, at 1. As it turned out, the undersigned had developed the COVID-19 illness and ended up being out of the office for almost the entire week of December 12. These circumstances easily establish good cause for the modest extension of time sought.

Rather than address the good cause standard, Plaintiff argues that Defendants' Motion should be denied, first, because it is "well in excess of the deadline allowed under the local rules[.]"

Opp'n at 1. Of course, every extension of time – by definition – exceeds the default deadline set by the local rules, and Plaintiff cites no authority suggesting that a mere 10-day extension of time should be considered unreasonable in this situation. Plaintiff also states that the extension would "prejudice Strickland with further uncertainty and delay," Opp'n at 1, but she fails to articulate any specific prejudice that would arise from the minor delay associated with the requested extension. In any event, Defendants' Reply has now been filed, *see* ECF No. 176, so any concerns about prejudice are moot.

Plaintiff also claims that Defendants' Reply is untimely and should be "stricken or disregarded" because the Court has not yet ruled on Defendants' Motion to extend the deadline to file that Reply. Opp'n at 2. However, under Rule 6(b)(1)(A), a court may, for good cause, extend the time to meet a deadline if a request is made "before the original time or its extension expires." Defendants moved for an extension before the applicable deadline had passed. *See* ECF No. 172. Accordingly, Defendants' Motion was timely filed, and the Court may grant the Motion and thereby extend the deadline for Defendants' Reply *nunc pro tunc*. *See, e.g.*, *Harris v. Smith*, No. 17-cv-663-pp, 2018 U.S. Dist. LEXIS 49321, at *21-23 (E.D. Wis. Mar. 26, 2018) (granting *nunc pro tunc* motion for extension of time that was filed before the applicable deadline).

Lastly, Defendants have not shown a "pattern of disregarding deadlines," as Plaintiff claims. Opp'n at 2. Defendants filed their summary judgment opposition and answer on the deadlines ordered by the Court. *See* Oct. 23, 2020 Minute Order; Tr. of Status Conf., July 14, 2022, at 5. In claiming that Defendants missed "their initial disclosures deadline twice," Plaintiff cites a proposed discovery schedule that was never adopted and was overtaken when this case was dismissed. Opp'n at 2 (citing ECF No. 34). Similarly, the "applicable deadline" to amend pleadings that Plaintiff claims Defendants missed is simply the parties' proposal that has not been

2

entered by the Court. *Id.*; *see also* ECF No. 132. And as Defendants have explained elsewhere, there was no reason for Defendants to amend their answer until the Court struck Defendants' affirmative defenses, which occurred *after* the proposed deadline to amend pleadings. Reply, ECF No. 176, at 9-10.

For these reasons, the Court should grant Defendants' Motion and extend the deadline to file Defendants' Reply.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA M. KOLSKY
MADELINE M. MCMAHON
RACHAEL L. WESTMORELAND
Trial Attorneys
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Counsel for Defendants*
