```
                    UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF NORTH CAROLINA

                          ASHEVILLE DIVISION
```

|                                |   |                      |
|--------------------------------|---|----------------------|
| CARYN DEVINS STRICKLAND,       | ) |                      |
|                                | ) |                      |
|     Plaintiff, | ) |                  |
|                                | ) |                      |
|     v.     | ) | CIVIL ACTION         |
|                                | ) | NO. 1:20-00066-WGY   |
| UNITED STATES, ET AL.,         | ) |                      |
|                                | ) |                      |
|     Defendants. | ) |                 |

YOUNG, D.J.[1]                                       January 26, 2023

**MEMORANDUM**

After a somewhat contentious hearing, the parties appear to have settled down and are apparently engaged in preparing for a September 2023 trial – the date they all agree the case will be trial ready.

Upon reflection, the Court realizes that it has not formally ruled on the Plaintiff's "Motion For Prompt Evidentiary Hearing" (ECF No. 157). As was evident at the hearing, the Court thought the Plaintiff wanted her trial but she actually envisioned some sort of hybrid proceeding.

The Court has already combined further hearing on preliminary relief with trial on the merits as authorized by

---

[1] Of the District of Massachusetts, sitting by designation.

[1]

Fed. R. Civ. P. 65(a)(2), a course of action expressly confirmed here by the Fourth Circuit as within this Court's discretion. United States v. Strickland, 2022 U.S. App. Lexis 28846 (4th Cir. Oct. 18, 2022). The Court adheres to that position.

Still, the Court fully recognizes the Plaintiff's interest in prompt relief should she prevail on the merits. A decent respect for her concerns causes the Court briefly to outline its insistence upon a full trial.

Over a half century ago, I was privileged to serve as law clerk to a truly formidable and brilliant jurist, the Honorable Raymond S. Wilkins, Chief Justice of the Massachusetts Supreme Judicial Court. "Facts are like flint," Chief Justice Wilkins would say, and he taught me 1. that only a trial court could establish those facts, and 2. "their proper ascertainment is the entire goal of our adversary system." See Berthoff v. United States, 140 F. Supp. 2d 50, 91 (D. Mass. 2001) (emphasizing the vital role of judicial fact finding); In re Nexium (Esomeprazole) Antitrust Litigation, 297 F.R.D. 168, 176 (D. Mass. 2013) (same). Over the now forty-four years of my judicial service, the value of fair, thorough, and scrupulously independent **fact finding** has only increased in importance in a world where unfiltered instant information crowds the marketplace of ideas. The best way to ascertain the facts is, and always has been, at a **trial**, with live witnesses, thoughtful

[2]

cross-examination, and adherence to the rules of evidence. Indeed, I've become skeptical of short cuts. See e.g. United States v. Massachusetts, 781 F. Supp. 2d 1, 22n. 25 (D. Mass. 2011) ("Affidavits are the Potemkin Villages of today's litigation landscape… all lawyer painted facade and no interior architecture").

> [F]act-finding is difficult. Exacting and time consuming, it inevitably falls short of absolute certainty. More than any society in history, the United States entrusts fact-finding to the collective wisdom of the community. Our insistence on procedural safeguards, application of evidence rules, and our willingness to innovate are all designed to enhance impartial fact-finding.
> Judicial fact-finding is equally rigorous. Necessarily detailed, judicial fact-finding must draw logical inferences from the record, and, after lucidly presenting the subsidiary facts, must apply the legal frame-work in a transparent written or oral analysis that leads to a relevant conclusion. Such fact-finding is among the most difficult of judicial tasks. It is tedious and demanding, requiring the entirety of the judge's attention, all her powers of observation, organization, and recall, and every ounce of analytic common sense he possesses. Moreover, fact finding is the one judicial duty that may never be delegated to law clerks or court staff. Indeed, unlike legal analysis, many judges will not even discuss fact-finding with staff, lest the resulting conclusions morph into judgment by committee rather than the personal judgment of the duly constituted judicial officer.

William G. Young, A Lament For What Was Once and Yet Can Be, 32 B.C. Int. & Comp. L. Rev. 312-313 (2009) (footnotes omitted)

I do not for an instant claim it is easy. But it is just.

Thus, the Court reiterates that it is the parties, not the Court, who insist that they need until September 2023 to be ready for trial. Consistent only with its established calendar

[3]

of actual trials, the Court stands ready to afford these litigants a full and fair trial just as soon as they are ready to go,[2] and will advance the trial date accordingly.

                                             /s/ William G. Young
                                               WILLIAM G. YOUNG
                                                       JUDGE
                                                    of the
                                              UNITED STATES[3]

---

[2] I am reminded of a story told to me recently by my longtime colleague and friend, Judge George O'Toole. Like me, he served as a Justice of the Massachusetts Superior Court. Once, during a call of the lengthy civil list, counsel responded, "We'll be ready when reached, your Honor."
    "You have been reached," the Judge responded.
    So here.

[3] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 44 years.

[4]