IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,  )
    Plaintiff,  )
v.  )
UNITED STATES OF AMERICA, et al.,  )
    Defendants.  )

*Handwritten annotation:* March 21, 2023, The defendant having answered, this motion is denied as moot. William G. Young, District Judge

## MOTION TO SET DEADLINE TO FILE ANSWER

Defendants respectfully move the Court to set the deadline for Defendants to file their answer in this matter. Defendants propose to file their answer by July 29, 2022.

As the Court will recall, Defendants previously filed motions to dismiss Plaintiff's complaint in this matter. *See* ECF Nos. 1, 36-45. The Court granted those motions, ECF No. 102, and Plaintiff appealed. On April 26, 2022, the Fourth Circuit issued an opinion affirming in part and reversing in part this Court's judgment. *See Strickland v. United States*, 32 F.4th 311, 377 (4th Cir. 2022). The Fourth Circuit's mandate issued on June 21, 2022.

"[N]o time period is specified in the Federal Rules for filing an answer where a district court grants a pre-answer dispositive motion but an appellate court subsequently reverses." *Greenberg v. Nat'l Geographic Soc.*, 488 F.3d 1331, 1340 (11th Cir. 2007), vacated on other grounds, 533 F.3d 1244 (11th Cir. 2008). In *Greenberg*, the Eleventh Circuit held that an answer was timely where it was filed within the time-period specified in Rule 12(a)(1) following issuance of the appellate court mandate. *Id.* Here, the analogous rule is 12(a)(2), which provides sixty days to file an answer in a case against the United States, a United States agency, or a United States

Office or employee sued in an official capacity. Other courts have suggested that the answer deadline in these circumstances is controlled by Rule 12(a)(4)(A), which defers the deadline to answer while a motion to dismiss is pending. *See Norton v. Rosier*, No. 14-cv-260, 2016 U.S. Dist. LEXIS 83804, at *2 (E.D.N.C. June 28, 2016); *but see Greenberg*, 488 F.3d at 1340 n.12 (noting that "the applicability of Rule 12(a)(4)(A) to an appellate court's reversal of a district court's grant of a Rule 12 motion is unclear").

Here, Defendants respectfully propose an answer deadline of July 29, 2022. That date falls in between the deadlines that would be set by the *Norton* rule (July 5) and by the *Greenberg* rule (August 22). The July 29 date is particularly reasonable considering the extraordinary length of Plaintiff's complaint, which contains 505 paragraphs of allegations. Defendants are already working on the answer, but additional time is necessary to gather information required to respond to the hundreds of factual allegations in Plaintiff's prolix complaint.

Accordingly, Defendants respectfully request the Court set July 29 as the deadline for Defendants to file their answer.

Pursuant to Local Civil Rule 7.1(b)(2), the undersigned has consulted with Plaintiff's counsel before filing this Motion. Plaintiff's counsel requested Defendants include the following language in this Motion:

> Defendants' answer to Plaintiff's complaint is due on July 5, 2022 under Federal Rule of Civil Procedure 12(a)(4)(A). *See Norton v. Rosier*, No. 7:14-CV-260-BO, 2016 WL 11662177, at *1 (E.D.N.C. June 28, 2016) ("Although this Court dismissed plaintiff's complaint in its entirety on a motion by defendants, when that order was reversed in part and remanded by the Fourth Circuit so that plaintiff's claims against Rosier might proceed, the rule relating to the time for filing a responsive pleading following a motion to dismiss was revived, and Rosier had fourteen days from the date of entry of the order of this Court effecting the mandate of the court of appeals."); *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977) ("However, when on appeal the Fourth Circuit reversed [the district court's] decision, thereby denying the motion to dismiss, Rule 12(a)(1) was revived, and defendants had [14] days from notification of that action in which to file their answer."). On the eve of this deadline, Defendants now request that this court intervene

2

Case 1:20-cv-00066-WGY   Document 120   Filed 07/03/22   Page 2 of 3
Case 1:20-cv-00066-WGY   Document 188   Filed 03/23/23   Page 2 of 3

and "set" their answer deadline for July 29, 2022. Though Defendants style their motion as one to "set" the answer deadline, in reality they seek an extension of time from the deadline set by the Federal Rules of Civil Procedure. Plaintiff opposes their extension request. Defendants have been in possession of the complaint since March 2020; they have defended the complaint on the merits, including with a litany of sworn declarations and exhibits in opposition to Plaintiff's motion for summary judgment; and, by virtue of their position as federal officials, they have had the benefit of 45 days, rather than the 14 days that would be afforded any other defendant, to prepare for the return of this case to the district court following the Fourth Circuit's opinion. More importantly, the Fourth Circuit plainly stated in its opinion that Plaintiff may not recover any back pay directly in federal district court. Accordingly, any further delay will cause Plaintiff irreparable harm in the form of lost earnings she may never recover. Plaintiff intends to file a response to Defendants' motion.

Respectfully submitted,

BRIAN D. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

s/*Joshua Kolsky*
JOSHUA M. KOLSKY
RACHAEL L. WESTMORELAND
Trial Attorneys
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Counsel for Defendants*

3

Case 1:20-cv-00066-WGY   Document 120   Filed 07/03/22   Page 3 of 3
Case 1:20-cv-00066-WGY   Document 188   Filed 03/23/23   Page 3 of 3