# EXHIBIT B

| From: | Kolsky, Joshua (CIV) |
|---|---|
| To: | Olivia Warren; Westmoreland, Rachael (CIV); McMahon, Madeline M (CIV) |
| Cc: | Jeannie Suk Gersen; Phil Andonian; Cooper Strickland |
| Subject: | RE: Strickland v. United States - Scheduling Depositions |
| Date: | Monday, March 27, 2023 10:10:38 AM |

Liv,

Thank you for explaining Plaintiff's position regarding a deposition of Chief Judge Gregory. However, we disagree with your suggestion that Fourth Circuit law is more permissive regarding depositions of high-ranking government officials than the law of other circuits. As the Fourth Circuit has explained, "[i]t is well established that high-ranking government officials may not be deposed or called to testify about their reasons for taking official actions absent 'extraordinary circumstances.'" *In re McCarthy*, 636 F. App'x 142, 143 (4th Cir. 2015) (granting mandamus petition to block deposition of head of federal agency). Plaintiff has not established that extraordinary circumstances exist here. To depose a senior government official, "the information sought in the deposition must be essential to the case." *In re U.S. Dep't of Educ.*, 25 F.4th 692, 703 (9th Cir. 2022) (information must be "absolutely needed" for the case). Here, the information Plaintiff seeks – the reasons why Chief Judge Gregory denied Plaintiff's request to disqualify the Federal Defender – is not essential to her case. This is particularly true given that Plaintiff has already repeatedly claimed that the existing record is sufficient to prove her claims. *See* Pl's Mem. of Law in Supp. of Her Mot. for Partial Summ. J. Against the Official Capacity and Entity Defs., ECF No. 60-1, at 1 ("the material facts showing these constitutional violations are not subject to genuine dispute"); Pl's Supp. Mem. in Supp. of Her Mot. for Partial Summ. J. Against the Official Capacity and Entity Defs., ECF No. 116-1, at 5 ("The Fourth Circuit's decision makes this an easy case . . . Strickland is entitled to summary judgment"); Mem. of Law in Supp. of Mot. for a Prelim. Inj., ECF No. 125-1, at 5 ("no reasonable factfinder could find in favor of Defendants on the due process and equal protection claims"). Especially in the light of those assertions, Plaintiff cannot now credibly contend that she requires a deposition of Chief Judge Gregory in order to establish her claims. *See In re U.S. Dep't of Educ.*, 25 F.4th at 704 (granting mandamus relief to the government where plaintiff's "[c]ounsel even acknowledged that plaintiffs likely could win relief on the existing record"). For these and other reasons, Defendants continue to oppose a deposition of Chief Judge Gregory in this matter.

Best regards,
Josh

---

**From:** Olivia Warren <warren@tfblawyers.com>
**Sent:** Wednesday, March 22, 2023 3:11 PM
**To:** Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; Westmoreland, Rachael (CIV) <Rachael.Westmoreland@usdoj.gov>; McMahon, Madeline M (CIV) <Madeline.M.McMahon@usdoj.gov>
**Cc:** Jeannie Suk Gersen <jeannie.gersen@gersengroup.com>; Phil Andonian <phil@calebandonian.com>; Cooper Strickland <cooper.strickland@gmail.com>
**Subject:** [EXTERNAL] Re: Strickland v. United States - Scheduling Depositions

Dear Josh,

I am attaching notices for three depositions: James Ishida (4/13, Richmond); Heather Beam (4/14, Charlotte); and Ed Smith (4/20, Myrtle Beach). **Please let me know if you consent to email service; if not I will serve by mail. Please also advise if you consent to Rule 30 notice for all deponents, or if we should subpoena Mr. Smith and Ms. Beam.**

I am also writing in response to your stated objections to our request to depose Chief Judge Gregory. You cited cases from the D.C. Circuit regarding the apex deposition doctrine. The Fourth Circuit has never adopted the apex doctrine or set a specific test for applying it, much less endorsed the test applied by the D.C. Circuit. *See Page v. Bragg Communities, LLC*, No. 5:20-CV-336-D, 2022 WL 17724407 at *3 (E.D.N.C. Dec. 15, 2022) (citing *Blankenship v. Fox News Network, LLC*, No. 2:19-CV-00236, 2021 WL 2345972, at *3 n.5 (S.D. W. Va. June 8, 2021) (citing *Rosinbaum v. Flowers Foods, Inc.*, 238 F. Supp. 3d 738, 748–50 (E.D.N.C. 2017)); *Paice, LLC v. Hyundai Motor Co.*, No. WDQ-12-0499, 2014 U.S. Dist. LEXIS 95045, at *3-4 (D. Md. June 27, 2014) (citing *Minter v. Wells Fargo Bank*, 258 F.R.D. 118, 125 (D. Md. 2009)). Even if the apex doctrine were recognized in the Fourth Circuit, the doctrine "is bottomed on the apex executive lacking <u>any</u> knowledge of the relevant facts. The rule is aimed to prevent the high level official deposition that is sought simply because he is the CEO or agency head—the top official, not because of any special knowledge of, or involvement in, the matter in dispute." *Paice,* 2014 U.S. Dist. LEXIS 95045, at *3-4 (citation omitted). "Clearly," Chief Judge Gregory "does not lack <u>any</u> personal knowledge relevant to the subject matter of the requested deposition." *Id.* at *4. Thus, the apex doctrine does not apply.

Plaintiff has met the showing required to take Chief Judge Gregory's deposition, whether under the apex doctrine or the ordinary Rule 26(b) "good cause" test for a protective order. Judge Gregory possesses unique knowledge about critical issues in this case, which cannot be obtained by less intrusive means. Specifically, the question of whether Chief Judge Gregory refused to disqualify the Federal Defender, a person with a clear conflict of interest, is central to Plaintiff's claim that the EDR process for addressing her workplace complaint violated due process. Only Chief Judge Gregory can answer why he, personally, denied her request to disqualify the Federal Defender. Chief Judge Gregory thus possesses unique, personal knowledge that cannot be obtained by other means. Less intrusive means of discovery, like deposing other staff, would not get at the heart of the issue: his refusal to disqualify.

This case is similar to *Smith v. City of Stockton*, in which the district court held that the plaintiff was entitled to depose a high-ranking official who was a named party with personal involvement in the case. *Smith v. City of Stockton*, No. 2:15-cv-0363 KJM AC, 2017 U.S. Dist. LEXIS 44767, at *10 (E.D. Cal. Mar. 24, 2017). In *Smith*, the court described how the plaintiff's allegations addressed the official's "personal knowledge of serious problems – problems of constitutional dimension," including his "own failure to address and remedy the alleged constitutional violations." *Id.* The court emphasized that the allegations were "central" to the plaintiff's case. *Id.* Plaintiff was "entitled to find out why [the official] decided not to discipline the officers involved." *Id.* And the plaintiff had shown that the official has "unique information, since he is the only person who can provide admissible evidence of what he was thinking." *Id.* While "[d]efendants are presumably correct that other witnesses can provide information" about policies, training sessions, and so on, "critical information exists only inside [the official's] head, and no exhaustion of other witnesses is likely to get at that information." *Id.* As in *Smith*, Plaintiff alleges that Chief Judge Gregory had "personal

knowledge" of "problems of constitutional dimension," and his failure to address and remedy those problems are "central" to Plaintiff's case. Because critical information regarding the allegations "exists only inside [his] head," no exhaustion of other witnesses will suffice.

You also cited judicial immunity as a basis to preclude Chief Judge Gregory's deposition. The district court granted Plaintiff's Motion to Strike all of Defendants' affirmative defenses, including the defense of absolute judicial immunity, and so judicial immunity cannot bar Chief Judge Gregory's deposition. *See* Entry Order Dated Sept. 21, 2022 (granting Plaintiff's Motion to Strike, ECF No. 133). A judicial immunity defense also fails under binding Fourth Circuit precedent, which holds that "[j]udicial immunity does not apply to claims for equitable relief." *Foster v. Fisher*, 694 Fed. App'x. 887, 889 (4th Cir. 2017) (citing *Timmerman v. Brown*, 528 F.2d 811, 814 (4th Cir. 1975)); *see generally Pulliam v. Allen*, 466 U.S. 522, 536 (1984) ("We never have had a rule of absolute judicial immunity from prospective relief, and there is no evidence that the absence of that immunity has had a chilling effect on judicial independence."). Because Plaintiff's remaining claims are for declaratory and equitable relief, judicial immunity is not a defense to those claims.

**We would appreciate if you would provide Chief Judge Gregory's availability on April 21, 24, 26, and 27. Weekend dates of April 15, 22, and 29 are also possible for us, if preferred by Chief Judge Gregory.**

As always, we are happy to make ourselves available to confer by phone if that would be easiest.

Thank you,
Liv


Olivia Warren (she/her)
Thomas, Ferguson & Beskind, LLP
119 East Main Street
Durham, North Carolina 27701
(919) 682-5648
warren@tfblawyers.com
www.tfblawyers.com

**NOTICE:** This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by reply or telephone (919-682-5648) and immediately delete this message and all of its attachments. **If you are the intended recipient, do not forward the transmittal as it may result in waiver of any privilege or confidentiality.** Thank you.

---

**From:** Olivia Warren <warren@tfblawyers.com>
**Date:** Monday, March 20, 2023 at 2:47 PM
**To:** Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>, Westmoreland, Rachael (CIV)

**To:** Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; Westmoreland, Rachael (CIV) <Rachael.Westmoreland@usdoj.gov>; McMahon, Madeline M (CIV) <Madeline.M.McMahon@usdoj.gov>
**Cc:** Jeannie Suk Gersen <jeannie.gersen@gersengroup.com>; Phil Andonian <phil@calebandonian.com>; Cooper Strickland <cooper.strickland@gmail.com>
**Subject:** [EXTERNAL] Re: Strickland v. United States - Scheduling Depositions

Josh –

Thank you for this information. We will consider your objections regarding Judge Gregory, and formally notice depositions as quickly as possible.

We would also like to depose Anthony Martinez and Nancy Dunham. It is our understanding that Mr. Martinez is in Charlotte; we are happy to depose him in person there or anywhere else convenient. We are willing to depose Ms. Dunham virtually if she is substantially far from Ms. Strickland's counsel, who are located in North Carolina, Washington DC, and Boston. Would you please advise Mr. Martinez and Ms. Dunham's availability on April 20 and 21? We could do one of them each day (in addition to Mr. Smith on April 20).

Best,
Liv


Olivia Warren (she/her)
Thomas, Ferguson & Beskind, LLP
119 East Main Street
Durham, North Carolina 27701
(919) 682-5648
warren@tfblawyers.com
www.tfblawyers.com

**NOTICE:** This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by reply or telephone (919-682-5648) and immediately delete this message and all of its attachments. **If you are the intended recipient, do not forward the transmittal as it may result in waiver of any privilege or confidentiality.** Thank you.

---

**From:** Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>
**Date:** Wednesday, March 15, 2023 at 3:32 PM
**To:** Olivia Warren <warren@tfblawyers.com>, Westmoreland, Rachael (CIV) <Rachael.Westmoreland@usdoj.gov>, McMahon, Madeline M (CIV) <Madeline.M.McMahon@usdoj.gov>

**Cc:** Jeannie Suk Gersen <jeannie.gersen@gersengroup.com>, Phil Andonian <phil@calebandonian.com>, Cooper Strickland <cooper.strickland@gmail.com>
**Subject:** RE: Strickland v. United States - Scheduling Depositions

Liv,

Thank you for your patience as we conferred with our clients about depositions. James Ishida is available to be deposed on April 13 in Richmond; Heather Beam is available to be deposed on April 14 in Charlotte; and Ed Smith is available to be deposed on April 20 in North Myrtle Beach, South Carolina. Defendants object to the depositions of Mr. Ishida and Mr. Smith taking place in Charlotte or Durham, which are distant from their residences in Richmond and North Myrtle Beach, respectively. It is well settled that "an individual defendant's preference for a situs for his or her deposition near his or her place of residence--as opposed to the judicial district in which the action is being litigated--is typically respected." *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) ("courts have held that defendant-deponents located outside the forum district's subpoena power should ordinarily be deposed near their place of residence absent 'exceptional or unusual circumstances'").

Defendants also object to a deposition of Chief Judge Gregory in this matter. "[A] party attempting to depose a high-ranking government official must demonstrate 'extraordinary circumstances' requiring such a deposition." *United States v. Newman*, 531 F. Supp. 3d 181, 188 (D.D.C. 2021); *see also In re United States*, 2014 U.S. App. LEXIS 14134, at *1 (D.C. Cir. July 24, 2014) ("It is well-established that 'top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions.'"). As the Chief Judge of a U.S. Court of Appeals, Chief Judge Gregory has important judicial responsibilities that would be disrupted by a deposition. Chief Judge Gregory, moreover, had at most only minimal involvement in the events giving rise to this litigation, and Ms. Strickland has not shown why it is necessary to take his deposition. Indeed, Chief Judge Gregory is barely mentioned in Ms. Strickland's complaint, and Ms. Strickland has so far refused to describe in detail the actions that she contends give rise to liability by Chief Judge Gregory. *See* Pl's Objs. & Answers to Defs' First Set of Interrogatories, at 32. Ms. Strickland also has not made any effort to exhaust alternative sources of discovery before seeking to depose Chief Judge Gregory. Finally, judicial immunity protects Chief Judge Gregory from sitting for a deposition in this matter. Accordingly, we urge you to reconsider your request to depose Chief Judge Gregory, and we are available to discuss if that would be helpful.

Best regards,
Josh

---

**From:** Olivia Warren <warren@tfblawyers.com>
**Sent:** Thursday, March 9, 2023 3:11 PM
**To:** Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; Westmoreland, Rachael (CIV) <Rachael.Westmoreland@usdoj.gov>; McMahon, Madeline M (CIV) <Madeline.M.McMahon@usdoj.gov>
**Cc:** Jeannie Suk Gersen <jeannie.gersen@gersengroup.com>; Phil Andonian <phil@calebandonian.com>; Cooper Strickland <cooper.strickland@gmail.com>

**Subject:** [EXTERNAL] Strickland v. United States - Scheduling Depositions

Good afternoon, counsel –

Although we are waiting on your final production to finalize our deposition list, we would like to move forward with scheduling at least the following four witnesses for depositions: Heather Beam, Hon. Roger Gregory, James Ishida, and Ed Smith.

We would like to take the depositions in person, and we can be available at witness's convenience in Durham or Charlotte. We would appreciate it if you would discuss availability with these four witnesses for the following dates: 4/13, 4/14, 4/18, 4/19, 4/20.

We are happy to discuss any questions at your convenience, and we will properly notice depositions and obtain appropriate reporting services after conferring with you regarding scheduling.

Best,
Liv

Olivia Warren (she/her)
Thomas, Ferguson & Beskind, LLP
119 East Main Street
Durham, North Carolina 27701
(919) 682-5648
warren@tfblawyers.com
www.tfblawyers.com

**NOTICE:** This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by reply or telephone (919-682-5648) and immediately delete this message and all of its attachments. **If you are the intended recipient, do not forward the transmittal as it may result in waiver of any privilege or confidentiality.** Thank you.