# EXHIBIT D

affirmative defense that was stricken and/or not raised. *See, e.g.*, *Bridges v. Murray*, No. 1:08-CV-13-MU, 2009 WL 1405519, at *2 (W.D.N.C. May 18, 2009) (rejecting discovery related to "potential claim" and noting that the discovery rules have been substantially narrowed to "focus[] discovery on the actual claims and defenses at issue in the case"); *Buchanan v. Cochran*, No. 2:09CV19-RJC, 2011 WL 810037, at *5 (W.D.N.C. Mar. 2, 2011) (citing *Bridges* and rejecting discovery that is "irrelevant to the claims or defenses that are now before the Court"); *accord Jones-El v. Godert*, No. 2:18 CV 65 JMB, 2021 WL 633760, at *2 (E.D. Mo. Feb. 18, 2021) ("as with other affirmative defenses, failure to plead mitigation of damages as an affirmative defense results in a waiver of that defense and its exclusion from the case"). Nevertheless, Plaintiff has provided emails, handwritten notes, and other documents that contain information relevant to Defendants' request.

*Income related information*: As stated above, Plaintiff has provided income information from 2014 to the present. Moreover, Plaintiff previously responded to Interrogatory 17 that she has not received unemployment compensation or non-salary benefits, which is confirmed by her wage and income transcripts.

*"Psychological harm"*: The Fourth Circuit held that Plaintiff cannot recover damages in this action, which would include damages for psychological harm. *Strickland v. United States*, 321 F.4th 311, 321 (4th Cir. 2022).

*Interrogatories 3, 4, 5, 8, 9, 13 (and 6, 7, 12)*: Defendants requested that Plaintiff answer various contention interrogatories, while objecting to providing the basis for their own factual defenses. *See* Def's Response to Plaintiff's Interrogatory No. 3. Plaintiff's filings in this litigation clearly state the facts and evidence on which she is relying for her claims. To the extent Defendants request additional detail based on discovery that remains ongoing, that is not required by the Federal Rules of Civil Procedure. *See e.g.*, *Dalmatia Imp. Grp., Inc. v. Foodmatch, Inc.*, No. CV 16-2767, 2016 WL 5721161, at *1 (E.D. Pa. Oct. 3, 2016) ("[T]here is considerable support for deferring contention interrogatories until the end of the discovery period."). Plaintiff has already made clear that her claims depend, in part, on documents that remain exclusively in the possession of Defendants. *See, e.g.*, Def's Confidential Response to Interrogatory No. 6 (Defendants' statement that they will provide EDR complaint alleging gender discrimination and retaliation). Plaintiff will supplement her responses as appropriate, in accordance with the Rules of Civil Procedure.

<u>Letter of February 14, 2023</u>

*Information related to recordings*: Plaintiff has produced all recordings relevant to this litigation. The recordings have not been edited, other than redactions to remove client identifying and privileged information. As used here, "redaction" means that the audio is silenced (rather than trimmed) so as to indicate precisely the amount of time any audio has been redacted. The name of each file is preserved according to the original format provided by the device, with the exception of any relevant identifiers of "redacted" or "confidential" provided by Plaintiff. Each file name contains the date and time of the recording as created by the device (for