# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

# ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| UNITED STATES, *et al.*, | ) |
| *Defendants*. | ) |

## PLAINTIFF'S MOTION TO UNSEAL ALL ORDERS AND DIRECTIONS SEALING THIS CASE

On March 4, 2020, the day after Plaintiff filed her complaint in the district court, and before Plaintiff knew the identity of the judge assigned to the case, the entire case was sealed without any explanation. *See* ECF Nos. 168, 175. A public docket entry stating only that the case was "sealed at direction of Clerk pending assignment of judge" did not identify a judicial officer who sealed the case or state any reasons for the blanket sealing. Entry Order Dated Mar. 4, 2020. The Clerk lacks legal authority to seal a case on his own, which suggests that a judicial officer must have given authorization to seal without placing that sealing order on the public docket. *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) ("The decision to seal documents must be made after

1

independent review by a judicial officer."); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989) ("[T]he decision to seal the papers must be made by the judicial officer; he cannot abdicate this function."). After Plaintiff filed a petition for a writ of mandamus in the Fourth Circuit, the case was unsealed, again without explanation. *See* ECF Nos. 6, 9.

On December 2, 2022, Plaintiff moved this Court to disclose all intercircuit assignment records for the district court proceeding. ECF No. 168. Those records may shed light on the still-unexplained blanket sealing of her entire case, including whether the sealing was ordered by a judge of the Western District of North Carolina despite recusal for conflict of interest, *see* Docket Entry Dated March 3, 2020 (entered April 8, 2020) ("Case assigned to Unassigned Judge as of date of case opening. Awaiting designation of out of circuit judge to this case."). On March 23, 2023, this Court denied Plaintiff's motion. Entry Order Dated March 23, 2023. The Court's entry order stated: "While the propriety of the assignment of judicial officers (district and circuit) to handle this case has been decided by the Fourth Circuit, the propriety of any initial sealing orders has not." *Id.* The Court stated that Plaintiff may "renew her motion to compel discovery of any records within the Western District of North Carolina evidencing orders or directions to seal any portion of the case filings in this case" within 14 days of its order. *Id.*

Plaintiff respectfully moves this Court to publicly docket all past sealing orders or directions to seal, or any court records "evidencing orders or directions to seal any portion of the case filings," *id.*, pursuant to the Court's duties under the First Amendment, the common law, and Fourth Circuit precedent. *See In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("[I]f the district court decides to close a hearing or seal documents, it must state its reasons on the record, supported by specific findings." (citation omitted)); *Doe v. Pub. Citizen*, 749 F.3d 246, 268 (4th Cir. 2014) ("But there is a more repugnant aspect to depriving the public and press access to docket sheets: no one can challenge closure of a document or proceeding that is itself a secret.").

The Court is required to provide the public and the press access to the reasons for the March 2020 decision to seal the entire case, "supported by specific findings," on the record. *In re Washington Post Co.*, 807 F.2d at 391. Maintaining secrecy about a sealing order and its reasons is "repugnant" in that it disables parties from challenging decisions that may themselves violate the Constitution or reveal bias. *Doe*, 749 F.3d at 268. Compliance with legal requirements of public access to court records is especially important in this case because it is the rare lawsuit alleging that judiciary officials violated the Constitution, one that the Fourth Circuit unanimously held to survive dismissal. *Strickland v. United States*, 32 F.4th 311, 321 (4th Cir. 2022). Placing a sealing order on the public docket —

and enabling the parties and the public to know whether the decision was legally justified — is one such basic requirement of transparency that allows trust in the judiciary's ability to be impartial even in a case where judicial officers are defendants.

Moreover, discovery in this case has revealed that the Clerk of Court at whose "direction" the entire case was sealed, Entry Order Dated Mar. 4, 2020, Frank Johns, is not a neutral, detached observer who potentially directed sealing the case to protect Plaintiff, as Defendants previously contended. *See* ECF No. 174, at 4 (arguing that Clerk of Court likely "took the action that would be most protective of Plaintiff's asserted rights," and that Plaintiff's assertion that the sealing was done to prevent embarrassment "is just an example of Plaintiff's speculation and perception of conspiracies where none exist"). Before Plaintiff's EDR proceeding, Plaintiff was familiar with Mr. Johns because he was the Clerk of Court in the district where she practiced law as a federal public defender, and because he was a primary point of contact with the federal judges before whom she practiced. Additionally, Plaintiff had previously met Mr. Johns when she was a Supreme Court Fellow conducting research that she later presented to committees of the Judicial Conference of the United States. As the Clerk of Court and unit executive for the district's judges, Mr. Johns is an important person with whom

4

any attorney in the district would wish to maintain a respectful and cordial working relationship, as Plaintiff thought she had with Mr. Johns.

As discovery has revealed, following Plaintiff's EDR proceeding, Mr. Johns exchanged emails with Plaintiff's EDR Investigator, Heather Beam, mocking and disparaging Plaintiff after she applied for other employment in the District Court for the Western District of North Carolina. *See* Exhibit A (email from Mr. Johns stating, "**YEA! That is one more off the chess board!**" in reference to Plaintiff withdrawing her application to be a *pro se* law clerk, and response from Ms. Beam stating, "**Yep - I think she would have been a true pain in the you know what :)**" (emphasis added)).

These emails demonstrate that Mr. Johns and Ms. Beam engaged in the sort of hostile and retaliatory behavior in relation to job prospects that the judiciary's Workplace Conduct Working Group has identified as a serious barrier to reporting workplace misconduct, and that is prohibited by the judiciary's employee code of conduct. *See* Report of the Federal Judiciary Workplace Conduct Working Group to the Judicial Conference of the United States at 14 (June 1, 2018) ("Victims are hesitant to report harassment and other inappropriate behavior for a variety of reasons, including lack of confidence that they will be believed, fear that no action will be taken, and concerns that a complaint will subject them to retaliatory action or affect future job prospects."); Code of Conduct for Judicial Employees Canon

5

3(C)(1)–(2) ("A judicial employee should be patient, dignified, respectful, and courteous to all persons with whom the judicial employee deals in an official capacity," should not "retaliate against those who report misconduct," and "should diligently discharge the responsibilities of the office in a prompt, efficient, nondiscriminatory, fair, and professional manner").

Mr. Johns and Ms. Beam also likely violated Plaintiff's confidentiality rights under the EDR Plan, as it is difficult to see any "need-to-know" basis for the Clerk of Court to share his views that Plaintiff was "one more off the chess board!," or the EDR Investigator to share her views that Plaintiff was a "true pain in the you know what :)." Ex. A; *see* Fourth Circuit EDR Plan Ch. X, § 4 (2013) (protecting employee's right to confidentiality and stating that "information about allegations filed under this Plan shall be shared on a need-to-know basis"); Fourth Circuit EDR Plan § V(B)(1) (2020) ("All individuals involved in the processes under this Plan must protect the confidentiality of the allegations of wrongful conduct.").

Far from being "speculation and perception of conspiracies," ECF No. 174, at 4, this evidence raises a well-grounded, and highly troubling, perception in a reasonable person that Mr. Johns may have participated in unlawfully sealing this case because he was biased against Plaintiff, having been personally involved in the allegations at issue in her lawsuit, and in order to protect himself, his co-workers, or subordinates from embarrassment. The Court's failure to publicly

6

docket a judicial sealing order or state any reasons for the sealing raises further reasonable questions as to whether the judicial officer who authorized the sealing may have acquiesced in or shared an unlawful motivation. This troubling public perception underscores the need for transparency and compliance with established legal requirements regarding the sealing of court records in this case.

Prior to filing this motion, Plaintiff's counsel conferred with Defendants' counsel regarding their position on the motion, as required by Local Rule 7.1. Defendants take no position on Plaintiff's request to "publicly docket all past sealing orders or directions to seal," to the extent the Court is aware of such orders or directions, but Defendants oppose any interpretation of Plaintiff's request that would compel discovery of any records from Defendants in this case.

This the 6th day of April, 2023.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Olivia Warren
N.C. Bar No. 54525
Thomas, Ferguson & Beskind, LLP
119 East Main Street
Durham, North Carolina 27701

Tel: (919) 682-5648
E-mail: warren@tfblawyers.com

Philip Andonian
D.C. Bar No. 490792
Caleb Andonian PLLC
1100 H Street., N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
E-mail: phil@calebandonian.com

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline McMahon at madeline.m.mcmahon@usdoj.gov

>	*/s/ Cooper Strickland*
>	Cooper Strickland
>	N.C. Bar No. 43242
>	P.O. Box 92
>	Lynn, NC 28750
>	Tel. (828) 817-3703
>	cooper.strickland@gmail.com