# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND, )
)
      Plaintiff, )
)
v. )
)
UNITED STATES OF AMERICA, et al. )
)
      Defendants. )

## DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, by and through undersigned counsel, hereby answer Plaintiff's Complaint as follows:

### First Defense

Plaintiff's request for front pay is barred in whole, or in part, by her failure to mitigate her alleged losses. Specifically, Plaintiff voluntarily departed from the Federal Defender's Office and thereby relinquished the pay and benefits associated with her position. In addition, although there were and are positions available that are substantially equivalent to Plaintiff's federal employment, Plaintiff has failed to make a reasonable attempt to secure replacement employment. Instead, Plaintiff has pursued work as a solo practitioner specializing in state court-appointed criminal appeals when higher-paying positions were and are available. Plaintiff thereby failed to take advantage of positions that would have allowed her to maintain a salary and benefits commensurate with her prior federal government position.

1

In answer to the individually numbered paragraphs of the Complaint, Defendants state as follows:

1.      This paragraph consists of Plaintiff's characterization of her lawsuit to which no answer is required.  To the extent a response is deemed necessary, Defendants admit that Plaintiff's Complaint purports to plead constitutional claims but deny that such claims have merit.

2.      The first and second sentences of this paragraph consist of legal conclusions to which no answer is required.  As to the third sentence, Defendants admit that the quoted statement appears in the June 1, 2018, Report of the Federal Judiciary Workplace Conduct Working Group to the Judicial Conference of the United States ("Working Group Report").

3.      Admitted.

4.      As to the first sentence of this paragraph, Defendants admit that a now former federal judge made the statement quoted in that sentence.  As to the second and third sentences, Defendants admit that the Working Group Report contains the statements quoted in those sentences.

5.      Defendants admit that Plaintiff contacted the Administrative Office of the U.S. Courts ("AO") and that she filed a request for counseling and a report of wrongful conduct, but otherwise deny the allegations contained in this paragraph.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

2

10.     This paragraph consists of Plaintiff's characterization of her lawsuit to which no answer is required.  To the extent a response is deemed necessary, Defendants admit that Plaintiff's Complaint purports to plead constitutional claims but deny that Plaintiff's claims have merit.

11.     This paragraph consists of Plaintiff's characterization of her lawsuit to which no answer is required.  To the extent a response is deemed necessary, Defendants admit that Plaintiff's Complaint purports to plead constitutional and statutory claims but deny that Plaintiff's claims have merit.

12.     This paragraph consists of legal conclusions to which no answer is required.  To the extent a response is deemed necessary, denied.

13.     This paragraph consists of legal conclusions to which no answer is required.  To the extent a response is deemed necessary, admitted.

14.     This paragraph consists of Plaintiff's demand for a jury trial to which no answer is required.  To the extent a response is deemed necessary, Defendants admit that Plaintiff demands a jury trial.

15.     Admitted.

16.     Defendants admit that Plaintiff's resume indicates that she graduated summa cum laude and Phi Beta Kappa from the University of Vermont.

17.     Defendants admit that Plaintiff's resume indicates that she graduated from Duke University Law School where she served on the law review and was elected to Order of the Coif.

18.     Defendants admit that Plaintiff's resume indicates that she clerked for Chief Justice Paul Reiber of the Vermont Supreme Court.

19.     Defendants admit that Plaintiff's resume indicates that she clerked for Judge James P. Jones of the U.S. District Court for the Western District of Virginia.

3

20. Defendants admit that Plaintiff's resume indicates that she clerked for Judge Peter W. Hall of the U.S. Court of Appeals for the Second Circuit.

21. Defendants admit the allegations contained in the first three sentences of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the fourth sentence of this paragraph.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

23. This paragraph consists of legal conclusions to which no answer is required, but to the extent a response is deemed necessary, denied.

24. Defendants admit the allegations contained in the first sentence of this paragraph. The second sentence of this paragraph consists of legal conclusions to which no answer is required, but to the extent a response is deemed necessary, admitted.

25. Defendants admit that the Honorable Roslynn R. Mauskopf served as the Chair of the Judicial Conference Committee on Judicial Resources at the time the Complaint was filed, but deny that she currently serves in that role. Defendants further admit that the Judicial Conference Committee on Judicial Resources is responsible for making judicial policy on issues of human resource administration in the judiciary. The second sentence in this paragraph consists of Plaintiff's characterization of her lawsuit to which no answer is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff's Complaint purports to sue the Honorable Roslynn R. Mauskopf in her official capacity.

26. Admitted.

27. Defendants admit that James C. Duff served as the Director of the AO at the time the Complaint was filed, but deny that he currently serves in that role. The second sentence in this

4

paragraph consists of Plaintiff's characterization of her lawsuit to which no answer is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff's Complaint purports to sue James C. Duff in his official capacity.

28. Defendants admit that Sheryl L. Walter served as the General Counsel of the AO at the time the Complaint was filed, but deny that she currently serves in that role. The second sentence in this paragraph consists of Plaintiff's characterization of her lawsuit to which no answer is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff's Complaint purports to sue Ms. Walter in her individual capacity.

29. This paragraph consists of Plaintiff's characterization of her lawsuit to which no answer is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff's Complaint purports to sue various John Doe defendants.

30. This paragraph consists of legal conclusions to which no answer is required, but to the extent a response is deemed necessary, admitted.

31. Defendants admit the allegations contained in the first sentence of this paragraph. The second sentence of this paragraph consists of a legal conclusion to which no answer is required, but to the extent a response is deemed necessary, admitted.

32. Defendants admit the allegations contained in the first sentence of this paragraph, except that Defendants deny that the Chief Judge's duties under the EDR Plan are "administrative." The second sentence in this paragraph consists of Plaintiff's characterization of her lawsuit to which no answer is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff's Complaint purports to sue the Chief Judge in his individual and official capacities.

33. Defendants admit the allegations contained in the first two sentences of this paragraph. The third sentence in this paragraph consists of Plaintiff's characterization of her

5

lawsuit to which no answer is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff's Complaint purports to sue Mr. Ishida in his individual and official capacities.

34.     This paragraph contains redactions that obscure a portion of the text. Because Defendants are not aware of all of the allegations in this paragraph, no answer is required. To the extent a response is deemed necessary, denied.

35.     This paragraph contains redactions that obscure a portion of the text. Because Defendants are not aware of all of the allegations in this paragraph, no answer is required. To the extent a response is deemed necessary, denied.

36.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

38.     Admitted.

39.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

40.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

41.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, which purport to describe Plaintiff's "understanding."

42.     Defendants lack knowledge or information sufficient to admit or deny the allegation that Plaintiff had "concerns," but admit that Plaintiff accepted a job offer with the Federal Defender's Office for the Western District of North Carolina.

6

43.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, which purport to describe Plaintiff's "belie[f]."

44.     Defendants admit that Plaintiff's offer letter offered a position as a "Research and Writing Specialist Attorney with the expectation that you will transition to an Assistant Defender position," but otherwise deny the allegations.  Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second sentence of this paragraph, which purport to describe Plaintiff's "understanding."  Defendants deny the allegations in the third sentence of this paragraph.

45.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, which purport to describe Plaintiff's "understanding."

46.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

47.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of this paragraph.  Defendants deny the allegations contained in the second and third sentences of this paragraph.

48.     Denied.

49.     Defendants deny the allegations contained in the first and second sentences of this paragraph.  As to the third sentence, Defendants admit that the First Assistant told Plaintiff that the First Assistant had been told about a complaint that went through the EDR process and was dismissed, but otherwise deny the allegations.

50.     Defendants deny the allegations contained in the first four sentences of this paragraph.  Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the fifth sentence of this paragraph.

7

51.     Defendants admit the First Assistant remained in his position during the relevant time period but deny that the First Assistant's "behavior" was inconsistent with him remaining in that position.

52.     Defendants admit that for part of the time that Plaintiff worked at the FDO, the First Assistant had some supervisory responsibilities over the trial units in the FDO.  Defendants otherwise deny the allegations in this paragraph.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Defendants deny the allegations contained in this paragraph, except that Defendants admit that the FDO's management team was predominantly male at the time of relevant events in this case.

61.     Defendants deny the allegations contained in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second sentence of this paragraph.

62.     Denied.

63.     Defendants admit that the First Assistant created a document titled "New Attorney Shadowing Checklist" to be used to train Plaintiff, that the document listed nicknames, that the First Assistant and Plaintiff attended four mentoring lunches together, and that the First Assistant,

as Plaintiff's mentor, paid for the lunches, but Defendants otherwise deny the allegations in this paragraph.

64.     Defendants admit that Plaintiff sent an email to the Defender, copying the First Assistant, on December 5, 2017, asking to "meet sometime soon to discuss what the transition to an AFPD position will look like." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

65.     Defendants deny the allegations in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second sentence of this paragraph, which purport to describe Plaintiff's understanding.

66.     Defendants admit that the FDO had to create a training program for Plaintiff because the FDO had never previously hired an attorney with Plaintiff's limited practice experience to a permanent position, and that Plaintiff was the only attorney being mentored through that program. Defendants otherwise deny the allegations in this paragraph.

67.     Denied.

68.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, which purport to describe what Plaintiff "believed," except that Defendants deny that the First Assistant "took a keen personal interest" in Plaintiff.

69.     Defendants admit that Plaintiff lived near the First Assistant and that, on multiple occasions, the First Assistant gave Plaintiff a ride home when she was unable to ride her bike in inclement weather or for other reasons. Defendants further aver that Plaintiff asked the First Assistant for a ride home on multiple occasions.

70.     Denied.

71.     Defendants admit that Plaintiff and the First Assistant discussed topics of mutual interest.  Defendants further admit that Plaintiff recommended a music store to the First Assistant during a discussion about guitars, and that the First Assistant purchased a guitar from that store.  Defendants otherwise deny the allegations in this paragraph.

72.     Denied.

73.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

74.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

75.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

76.     Admitted that Plaintiff and the First Assistant had their fourth and final mentoring lunch on May 18, 2018.  Defendants otherwise deny the allegations in this paragraph.

77.     Defendants deny the allegations contained in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second sentence of this paragraph, which purport to describe what Plaintiff' "believed."

78.     Defendants deny the allegations contained in the first four sentences of this paragraph.  Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the last sentence of this paragraph.

79.     Denied.

80.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

81. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

82. Admitted.

83. Denied.

84. Denied.

85. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, except that Defendants deny that the First Assistant applied "persistent pressure after being rejected." Defendants further aver that the First Assistant did not pursue a romantic or sexual relationship with Plaintiff and did not engage in any acts of harassment, discrimination, or retaliation towards Plaintiff.

86. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of this paragraph, except that Defendants deny that the First Assistant was obsessive. Defendants deny the allegations contained in the second sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the third, fourth, and fifth sentences of this paragraph, which purport to describe what Plaintiff "assumed," "suspected," and "found."

87. Defendants admit that Plaintiff was the only attorney in the FDO that was required to participate in shadowing training activities because the FDO did not employ any other attorneys in a permanent position with as limited practice experience as Plaintiff. Defendants otherwise deny the allegations in this paragraph.

88. Denied.

89. Defendants admit the allegations in the first sentence of this paragraph. As to the second sentence, Defendants deny the allegation that Plaintiff had "repeatedly requested

courtroom experience opportunities from the Defender[.]" Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in the second sentence.

90. Defendants admit that, on June 5, 2018, Plaintiff emailed the First Assistant to cancel a shadowing activity. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

91. Defendants deny that the First Assistant had always told Plaintiff the shadowing activities were optional. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, which purport to describe that Plaintiff considered something "self-evident."

92. Defendants admit that the First Assistant's response stated, "That's really not okay with me," that Plaintiff asked if the response was "sarcasm or for real," and that the First Assistant responded it was "real." Defendants lack knowledge or information sufficient to admit or deny the allegations that Plaintiff was "surprised" and "stunned" by the First Assistant's response.

93. Defendants admit that the First Assistant sent an email to Plaintiff at 6:03 am on June 6, 2018, regarding Plaintiff's claim to have an offer letter stating that she would transition to an Assistant Federal Public Defender position within "a few months" of starting at the FDO. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants admit that Plaintiff responded at 10:25 a.m. Defendants lack knowledge or information sufficient to admit or deny the allegations that Plaintiff was "uncomfortable" with the First Assistant's email.

94. As to the first sentence in this paragraph, Defendants admit that Plaintiff and the First Assistant met on the morning of June 6, 2018 during business hours in the First Assistant's

office, but otherwise denies the allegations. Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph, which purport to describe Plaintiff's "belie[f]."

95. Denied.

96. Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph, except that Defendants deny that the First Assistant acted aggressively towards Plaintiff. Defendants deny the allegations in the second sentence in this paragraph.

97. Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph. Defendants further aver that Plaintiff did not claim to the Defender, on or around June 5, 2018, that the First Assistant had engaged in sexual harassment, and that the Defender was never dismissive of Plaintiff's concerns.

98. As to the first sentence in this paragraph, Defendants admit that Plaintiff sent an email to the First Assistant on June 6, 2018, stating, among other things, that "the FBI meeting time is set and I cannot change it at this point" and that Plaintiff "will not be able to attend the PSI meeting tomorrow." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the allegations in the second sentence of this paragraph.

99. Defendants admit that, on June 6, 2018, the First Assistant sent an email responding to Plaintiff, copying the Defender and Peter Adolf, directing Plaintiff to attend the presentence interview and stating in part, "If you choose to disobey a direct order, that is an action that I as a supervisor cannot ignore." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents.

13

100.     Defendants admit that Plaintiff attended the presentence interview on June 7, 2018. Defendants deny that the First Assistant engaged in any "abusive behavior" towards Plaintiff. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, which purport to describe Plaintiff's reason for attending the presentence interview and her thoughts regarding the First Assistant.

101.     Defendants admit that the First Assistant told Plaintiff that his understanding was that she was seeking to serve as second chair on the trial so Plaintiff could demonstrate her importance to the FDO and use that as leverage to force the office to transfer her to Asheville. Defendants otherwise deny the allegations of this paragraph.

102.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph, which purport to describe Plaintiff's reaction to alleged statements by the First Assistant. Defendants deny the allegations in the second sentence of this paragraph.

103.     Defendants admit that the First Assistant noted the inconsistency between the statements in Plaintiff's emails, but otherwise deny the allegations of this paragraph.

104.     Denied.

105.     Denied.

106.     Denied.

107.     Defendants deny that the First Assistant confronted Plaintiff, harmed her professional reputation, interfered with her job, or engaged in sexual harassment, discrimination, or retaliation. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, which purport to describe how Plaintiff "felt" and what she "belie[ved.]"

14

108.    Defendants deny that the First Assistant engaged in any inappropriate or unprofessional behaviors towards Plaintiff.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

109.    Defendants admit that in the late Spring of 2018, the Defender removed Plaintiff from the second chair trial role and reassured Plaintiff that the decision had nothing to do with her personally or her job performance, but otherwise deny the allegations in this paragraph.

110.    Defendants admit that Plaintiff sent an email to the First Assistant on June 11, 2018, asking if there was an "issue" in a certain criminal case, and the First Assistant responded explaining why there was no ethical issue.  Defendants respectfully refer the Court to the emails for a complete and accurate statement of their contents.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, which purport to describe how Plaintiff "felt" around the First Assistant.

111.    Defendants admit that, on June 21, 2018, Plaintiff requested to meet the First Assistant at approximately 5:00 p.m. and that meeting continued until after business hours, in large part due to Plaintiff seeking the First Assistant's advice about a case on which she was working.  Defendants admit that at the end of the meeting, the First Assistant noted that a storm was blowing in and offered to give Plaintiff a ride so she would not have to bike home in the rain.  Defendants admit that Plaintiff stated she did not think it would actually rain and joked that if she was wrong, it would be okay, because she was "tough."  Defendants admit that Plaintiff then went to her office while the First Assistant prepared to leave the office.  Defendants otherwise deny the allegations in this paragraph.

112.    Defendants admit that the First Assistant was in the lobby of the FDO building when Plaintiff was leaving the building, that the First Assistant asked Plaintiff if she was sure she

did not want a ride home, and that Plaintiff said she was sure. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, which purport to describe how Plaintiff "felt."

113.    Defendants admit that the First Assistant sent Plaintiff the text messages quoted in this paragraph, but Defendants lack knowledge or information sufficient to admit or deny when Plaintiff saw the text messages.

114.    Defendants deny that the First Assistant engaged in any threatening behavior towards Plaintiff and that he had a "pattern of pushing her to see him after hours." Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, which purport to describe how Plaintiff "felt" and her opinions about alleged conduct.

115.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

116.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

117.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

118.    Defendants admit that on June 27, 2018, the First Assistant sent an email to Plaintiff suggesting they have another mentoring session. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents.

119.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

120.    Defendants admit that, on June 29, 2018, Plaintiff sent a text message to the First Assistant stating, "JP, I am feeling sick today. I will not be making it in but will try to finish my

16

appeal brief from home."  Defendants respectfully refer the Court to the text message for a complete and accurate statement of its contents.

121.    Defendants admit that, on June 29, 2018, the First Assistant respond to Plaintiff's text message, stating, "OK.  Can we reschedule our meeting for Monday?" and later stating, "I am free all day, including early morning, lunch and evening.  I'm hoping this will be helpful for you, please don't be over-anxious about it."  Defendants respectfully refer the Court to the text message exchange for a complete and accurate statement of its contents.  Defendants otherwise deny the allegations in this paragraph.

122.    Defendants deny that the First Assistant "continu[ously] insiste[d] on meeting outside of the office and outside of business hours."  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, which purport to describe Plaintiff's mental state.

123.    Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph.  As to the second sentence, Defendants admit that Plaintiff asked to speak with the Defender but lack information sufficient to admit or deny the remaining allegations.

124.    Defendants admit that Plaintiff made statements substantially similar to those alleged in this paragraph.

125.    Defendants admit the allegations in the first sentence of this paragraph.  Defendants deny the allegations in the second sentence of this paragraph.  As to the third sentence, Defendants admit that Plaintiff said the First Assistant had been angry at her but lack knowledge or information sufficient to admit or deny the remaining allegations.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the fourth sentence of this paragraph.

126. Denied.

127. Defendants admit that Plaintiff and the First Assistant met on July 2, 2018, in the FDO's primary conference room, which is interior and does not have windows, and that the First Assistant followed the standard FDO practice of shutting the conference room's doors during meetings. Defendants admit that the First Assistant used the words "struggling," "frustrated," and "comfort zone." Defendants otherwise deny the allegations in this paragraph.

128. Defendants deny the allegations in the first two sentences of this paragraph. As to the third sentence in this paragraph, Defendants admit that the First Assistant had consistently praised the quality of Plaintiff's work product, but otherwise deny the allegations in the third sentence.

129. Defendants admit that Plaintiff told the First Assistant he had "crossed a boundary" when he directed her to attend the presentence interview, and that she was offended by his "tone," but otherwise deny the allegations in this sentence.

130. Defendants admit that the First Assistant stated that he did not want the meeting to be an "airing of the grievances," but otherwise deny the allegations in this sentence.

131. Defendants deny the allegations in the first three sentences of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations in the fourth sentence of this paragraph, which purport to describe how Plaintiff "felt."

132. Defendants admit that in response to the First Assistant saying, "Caryn, you lied to me repeatedly. That's not okay," Plaintiff stood up and said "we" should talk with the Defender and walked out of the conference room. Defendants admit that the First Assistant agreed and accompanied her out of the room to talk to the Defender. Defendants admit that Plaintiff ultimately walked away to her office. Defendants otherwise deny the allegations in this paragraph.

18

133.     Defendants admit that, on or about July 2, 2018, Plaintiff called the Defender and made statements substantially similar to those alleged in the second sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

134.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, which purport to describe what Plaintiff "decided" and "planned" to do.     Defendants aver that Plaintiff never provided the Defender with copies of allegedly inappropriate emails or text messages.

135.     Defendants admit that on July 5, 2018, the Defender called Plaintiff and the First Assistant into his office to see if he could help them work through their issues.  Defendants deny the remaining allegations in this paragraph.

136.     Defendants admit that, at the July 5, 2018 meeting, the Defender asked both Plaintiff and the First Assistant to put their notepads away and just have a discussion with the Defender.  Defendants admit that Plaintiff indicated that she first wanted to speak with the Defender without the First Assistant present, so the Defender asked the First Assistant to leave his office.  Defendants otherwise deny the allegations in this paragraph.

137.     Defendants admit the allegations in the first and second sentences of this paragraph. As to the third sentence, Defendants admit that the Defender told Plaintiff that he understood where the First Assistant, as a supervisor, was coming from, but otherwise deny the allegations.

138.     Defendants admit that Plaintiff said the First Assistant had been angry.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

139.     Defendants deny the allegations in the first sentence of this paragraph.  As to the second sentence, Defendants admit that the Defender told Plaintiff that, as her supervisor, the First Assistant had the right to meet with her, or words to that effect.

140.     As to the first sentence of this paragraph, Defendants admit that the Defender used a marriage metaphor when discussing the relationship between Plaintiff and the First Assistant. As to the second sentence, Defendants admit that the Defender told Plaintiff that she and the First Assistant needed to "compromise" and "meet in the middle."  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

141.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

142.     Defendants deny the allegations in the first sentence of this paragraph.  Defendants admit the allegations in the second sentence of this paragraph.

143.     Defendants deny the allegations in the first and second sentences of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.  As to the fourth sentence, Defendants deny except to admit that Plaintiff advised the Defender that Plaintiff and the First Assistant stayed late working one night, the First Assistant offered to give her a ride home, Plaintiff told the First Assistant that she had her bike and did not need a ride, and that on her way out the First Assistant was waiting for Plaintiff in the lobby and asked if she needed a ride.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the fifth sentence of this paragraph

144.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph, except that Defendants admit that the Defender told Plaintiff that he wanted to make sure that Plaintiff was able to work in an environment where

Plaintiff felt comfortable. As to the second sentence, Defendants admit that the Defender said he would bring the First Assistant back into the room and that Plaintiff did not object but otherwise deny the allegations in this sentence. Defendants deny the allegations in the third sentence of this paragraph. As to the fourth sentence, Defendants admit that the First Assistant and Defender remarked on Plaintiff's excellent job performance but otherwise deny the allegations.

145.    Defendants admit that the First Assistant explained to Plaintiff that the New Attorney Shadowing Checklist was intended to ensure that Plaintiff got the experience she needed to be qualified to be an Assistant Federal Public Defender. Defendants admit that the First Assistant suggested that Plaintiff choose a different mentor. Defendants otherwise deny the allegations in this paragraph.

146.    Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph, which purport to describe how Plaintiff felt. Defendants deny the allegations in the second sentence of this paragraph.

147.    Denied.

148.    Defendants admit that on July 9, 2018, Plaintiff sent an email to the Defender stating in part, "my understanding is that there is no performance issue with my work, but that this is a matter of receiving the right mentoring. Based on this, I am planning to ask for a new mentor." Defendants admit that the Defender responded the same day confirming that Plaintiff's performance is not an issue and that Plaintiff would be assigned a new mentor. Defendants respectfully refer the Court to the emails for a complete and accurate statement of their contents.

149.    Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph.

150. Defendants deny the allegations in the first sentence of this paragraph. As to the second sentence, Defendants admit that on July 20, 2018, the Defender sent an email to FDO staff in which he listed Plaintiff as assigned to Peter Adolf's team and the First Assistant's team, but otherwise deny the allegations. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants aver that the Defender quickly reassigned Plaintiff to the appellate unit. Defendants deny the allegations in the third sentence of this paragraph.

151. Defendants deny the allegations in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph, which purport to describe how Plaintiff "felt."

152. Defendants admit that, on or about July 20, 2018, the Appellate Chief spoke with Plaintiff about a proposed restructuring regarding the FDO's research and writing attorneys, and that Plaintiff had expressed interest in gaining appellate experience, but otherwise deny the allegations in this paragraph.

153. Admitted.

154. Defendants admit that Plaintiff complained to the Appellate Chief about certain case-related staffing decisions by supervisors in the FDO and about what she perceived as micromanagement by the First Assistant, and that the Appellate Chief asked Plaintiff if her concerns were limited to a particular case or if she had experienced problems on other cases, but otherwise deny the allegations in this paragraph. Defendants aver that Plaintiff did not inform the Appellate Chief that she had any concerns relating to sexual harassment, discrimination, or retaliation.

155.	Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, except that Defendants deny that the Appellate Chief was pressuring her to drop her complaints.  Defendants aver that the Appellate Chief did not know of any complaints relating to sexual harassment, discrimination, or retaliation by Plaintiff.

156.	As to the first sentence in this paragraph, Defendants admit that on July 22, 2018, at 7:23 PM, the First Assistant sent an email to Plaintiff stating that the First Assistant would like to meet the next day "to discuss the R&W role on my team," but otherwise deny the allegations. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents.  As to the second sentence, Defendants deny that trial teams always met as groups and that the First Assistant knew Plaintiff was not comfortable being alone with him.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, which purport to describe Plaintiff's mental state.

157.	Defendants lack knowledge or information sufficient to admit or deny the allegation in the first sentence of this paragraph, which purport to describe how Plaintiff "felt."  As to the second sentence, Defendants admit that Plaintiff took leave on July 23, 2018, but lack knowledge or information sufficient to admit or deny the allegation regarding Plaintiff's reason for taking leave that day.

158.	Defendants lack knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph.  Defendants admit the allegations in the third sentence of this paragraph.

159.	Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph.  Defendants deny the allegations in the second sentence of this paragraph.

23

160.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

161.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph.

162.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph.

163.     As to the first and second sentences, Defendants admit that the Defender called Plaintiff on or about July 24, 2018, that the Defender explained his mistake about the reporting hierarchy and the immediate action he would be taking to correct it, and that the Defender apologized to Plaintiff for the oversight, but otherwise deny the allegations.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences of this paragraph.

164.     Defendants lack knowledge or information sufficient to admit or deny the allegation in the first sentence of this paragraph.  As to the second and third sentences, Defendants admit that Plaintiff sent a text message to the Defender requesting to review any email to the office before it was sent, and that the Defender responded in part, "I'll show it to you before I send it out." Defendants respectfully refer the Court to the text messages for a complete and accurate statement of their contents.

165.     As to the first sentence, Defendants admit that on July 26, 2018, the Defender sent an email to FDO staff and that the Defender did not provide a draft of the email to Plaintiff to review in advance, but otherwise deny the allegations.  Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents.  Defendants admit the allegations in the second sentence of this paragraph.  As to the third sentence, Defendants admit that the email

24

stated in part, "all requests for R&W support should be sent to Jared, who will then distribute the work amongst himself and Caryn based on their current workload capacity and any particular interest or expertise that an R&W may have on the relevant issue," but otherwise deny the allegations.

166.    Defendants lack knowledge or information sufficient to admit or deny the allegation of how Plaintiff "viewed" the Defender's action, and otherwise denies the allegations in this paragraph.

167.    Defendants admit that the Defender distributed an employee manual in late July 2018, but otherwise deny the allegations in the first sentence of this paragraph. As to the second sentence, Defendants admit that the manual included an organizational chart showing the research and writing attorneys reporting to the First Assistant, but otherwise deny the allegations.

168.    Denied.

169.    Defendants admit the allegation in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegation in the second sentence of this paragraph. As to the third sentence, Defendants deny that Plaintiff had previously received "her own trial cases," and Defendants lack knowledge or information sufficient to admit or deny the allegation concerning what Plaintiff was seeking when she applied to the appellate position.

170.    As to the first sentence, Defendants admit that on or about July 27, 2018, Plaintiff spoke with the Appellate Chief about the new appellate attorney position. As to the second and third sentences, Defendants admit that the Appellate Chief told Plaintiff that she need not apply for the new appellate position, which was functionally equivalent to Plaintiff's position, and that it may be financially advantageous for Plaintiff to remain in her position, but otherwise deny.

Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the fourth sentence of this paragraph.

171.    Defendants admit that Plaintiff submitted an application for the appellate position on or about August 7, 2018.

172.    Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph, which purport to describe Plaintiff's mental state. Defendants deny the allegations in the second sentence of this paragraph.

173.    Defendants admit that Plaintiff worked certain days in early August 2018, but deny that Plaintiff could not have continued taking leave.

174.    Defendants deny the allegation in the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to admit or deny the allegation in the second sentence of this paragraph.

175.    Defendants admit that another attorney worked in the office space utilized by Plaintiff and that that attorney's contract with the FDO was ending.  Defendants otherwise deny the allegations in this paragraph.

176.    Defendants lack knowledge or information sufficient to admit or deny the allegation in this paragraph.

177.    Defendants lack knowledge or information sufficient to admit or deny the allegation in this paragraph.

178.    Defendants lack knowledge or information sufficient to admit or deny the allegation in this paragraph.

179.    Denied.

180.    Defendants lack knowledge or information sufficient to admit or deny the allegation in this paragraph.

181.    Defendants lack knowledge or information sufficient to admit or deny the allegation that Plaintiff was "shocked and mortified" and deny the remaining allegations in this paragraph.

182.    Denied.

183.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

184.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

185.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

186.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

187.    Defendants admit that the FEOO shared copies of some of the First Assistant's text messages and emails with the Chief of Defender Services. Defendants further admit that the FEOO and the Chief of Defender Services contacted the Deputy Director to discuss Plaintiff's complaints. Defendants deny the remaining allegations in this paragraph.

188.    Admitted.

189.    Denied.

190.    Defendants admit that the Chief of Defender Services called the Defender in August 2018. Defendants deny that the Chief of Defender Services told the Defender he was on notice of sexual harassment by the First Assistant.

191.    Denied.

27

192.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

193.    Defendants admit that the Chief of Defender Services suggested that the Defender consider transferring Plaintiff to another office, among other options, but otherwise deny the allegations in this paragraph.

194.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

195.    Admitted.

196.    Defendants admit that Plaintiff and the Defender met on August 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

197.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

198.    As to the first two sentences of this paragraph, Defendants admit that Plaintiff and the Defender met on August 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

199.    Defendants admit that Plaintiff and the Defender met on August 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

200.    Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph.  Defendants deny the allegations in the second sentence of this paragraph.

201.    Defendants admit that Plaintiff and the Defender met on August 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

202.    Defendants admit that Plaintiff and the Defender met on August 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

203.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

204.    Defendants admit that Plaintiff and the Defender met on August 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

205.    As to the first, third, fourth, and fifth sentences, Defendants admit that Plaintiff and the Defender met on August 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.  Defendants deny the allegations in the second sentence of this paragraph.

206.    Defendants admit that Plaintiff and the Defender met on August 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

207.    Defendants admit that Plaintiff and the Defender met on August 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

208.    Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph.  As to the remaining allegations in this paragraph,

29

Defendants admit that Plaintiff and the Defender met on August 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

209.   Defendants admit that Plaintiff and the Defender met on August 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

210.   Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph.  Defendants admit the allegations in the second sentence of this paragraph.

211.   Defendants admit that Plaintiff sent an email to the Defender on August 10, 2018, in which she purported to describe an agreement reached with the Defender.  Defendants further admit that the email requested to work remotely "until the duty station issue is resolved" and referred to "sexually harassing and threatening behaviors."  Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents.  Defendants otherwise deny the allegations in this paragraph.

212.   Defendants deny the allegation in the first sentence of this paragraph.  As to the second sentence, Defendants admit that Plaintiff took sick leave on August 10 and August 13-17, and that the Defender later authorized the sick leave to be converted to administrative leave to avoid depleting Plaintiff's sick leave balance, but otherwise deny the allegations.

213.   Admitted.

214.   Denied.

215.   Defendants admit that the Defender's August 17, 2018, email to Plaintiff stated in part: "I have instructed our Administrative Officer William Moorman to start the process to make you an Assistant Federal Defender. As I indicated to you at our meeting, Josh and Bill spoke with

Todd Watson, who advised that it was to the office's advantage to reclassify Research & Writing Specialists to AFD positions for purposes of case weight measurement." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

216. Defendants admit that the Defender's August 17, 2018 email to Plaintiff stated in part: "At our meeting I never agreed to allow you to work exclusively on appeals. I advised you I personally had no problem with it but had to clear it through Appellate Chief Josh Carpenter. If I were to allow you to only work on appeals, it would leave me with only one Research & Writing Specialist to support nine trial attorneys. After discussion with Josh about this request, we determined this is not doable and l will not agree to have you do appeals exclusively." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

217. Admitted.

218. Admitted.

219. Defendants admit that the Defender's August 17, 2018, email to Plaintiff stated in part: "I will allow you to telework temporarily during the pendency of this investigation. This is not a permanent solution. I am reserving the right to request your return to your duty station in Charlotte subject to and upon completion of this investigation." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

220. Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, except that Defendants deny the allegation that the Defender had retaliated against Plaintiff and subjected her to a hostile working environment.

221.    Denied.

222.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

223.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

224.    Defendants deny that the Defender contacted the Office of General Counsel ("OGC") at the AO during the week following August 10, 2018.  Defendants admit that the Defender contacted the Circuit Executive during the week following August 10, 2018.

225.    Denied.

226.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of this paragraph, except that Defendants deny that Roe "reasonably perceived" actions "as a form of institutionalized retaliation and an intimidation tactic." Defendants deny the allegations in the second sentence of this paragraph.

233.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

234.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in first and second sentences in this paragraph.  As to the third sentence, Defendants admit that the Fair Employment Opportunity Officer has retired from the AO, but otherwise deny the allegations.

235.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence in this paragraph, except that Defendants deny the allegation that "the damage had been done."  As to the second sentence, Defendants admit that Plaintiff had not filed a formal complaint but otherwise deny the allegations in the second sentence. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the third sentence in this paragraph.

236.     Admitted.

237.     Denied.

238.     Denied.

239.     Defendants admit that Plaintiff's position was reclassified, at her request, to an Assistant Federal Public Defender, but otherwise deny the allegations in this paragraph.

240.     Defendants admit that the Form AO 52 used in connection with the reclassification of Plaintiff's position stated in part, "This request is submitted with the approval of the court[.]" Defendants respectfully refer the Court to the document for a full and accurate statement of its contents.  Defendants otherwise deny the allegations in this paragraph.

241.     Denied.

242.     Defendants deny the allegation in the first sentence of this paragraph.  As to the second sentence, Defendants admit that Plaintiff was not eligible for an increase in salary or job responsibilities at the time and therefore was not considered for such an increase, but otherwise

33

deny the allegations. As to the third sentence, Defendants admit that Plaintiff did not receive a formal performance evaluation or a performance plan with benchmarks for advancement, but otherwise deny the allegations. Defendants admit the allegation in the fourth sentence of this paragraph.

243. As to the first and second sentences of this paragraph, Defendants admit that the Defender's August 17, 2018, email to Plaintiff stated in part: "I have instructed our Administrative Officer William Moorman to start the process to make you an Assistant Federal Defender. As I indicated to you at our meeting, Josh and Bill spoke with Todd Watson, who advised that it was to the office's advantage to reclassify Research & Writing Specialists to AFD positions for purposes of case weight measurement." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in the first and second sentences of this paragraph. Defendants admit the allegations in the third sentence of this paragraph.

244. As to the first sentence of this paragraph, Defendants admit that Plaintiff was an Assistant Federal Public Defender but otherwise deny. Defendants deny the allegations contained in the second and third sentences of this paragraph. As to the fourth sentence, Defendants admit that Plaintiff provided support to attorneys in the office generally, which included attorneys in the trial unit headed by the First Assistant, but otherwise deny.

245. Denied.

246. Denied.

247. Denied.

248. Denied.

249. Denied.

34

250.    Defendants lack knowledge or information sufficient to admit or deny the allegation in the first sentence of this paragraph, except that Defendants deny that the First Assistant sent a "quid pro quo email" or engaged in any "quid pro quo sexual harassment." Defendants deny the allegations in the second sentence of this paragraph.

251.    Denied.

252.    Denied. Defendants further aver that the First Assistant never harassed Plaintiff or interfered with her work duties.

253.    As to the first sentence in this paragraph, Defendants deny except to admit that on August 31, 2018, the First Assistant used the reply-all function and thereby copied Plaintiff on an email to a client. Defendants deny the allegations in the second, third, and fourth sentences of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the fifth sentence of this paragraph.

254.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

255.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

256.    Defendants lack knowledge or information sufficient to admit or deny the specific allegations contained in this paragraph.

257.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

258.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

259.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

260.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

261.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

262.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

263.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

264.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

265.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

266.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

267.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

268.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

269.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

270.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

271.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, but lack knowledge or information sufficient to admit or deny the specific allegations contained in this paragraph.

272.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

273.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, but lack knowledge or information sufficient to admit or deny the specific allegations contained in this paragraph.

274.    Admitted.

275.    Defendants admit that Plaintiff requested corrective action as follows: "[Plaintiff] request[s] to work in an environment free of harassment and retaliation. [Plaintiff] request[s] the opportunity for merit-based advancement, and any other appropriate relief." Defendants respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants deny the remainder of allegations in this paragraph.

276.    As to the first paragraph, Defendants admit that Plaintiff requested to disqualify the Defender and respectfully refer the Court to Plaintiff's written request for a full and accurate statement of its contents. Defendants further admit that Chapter X, Section 7 of the Plan provides that, "[a] party may seek disqualification of a judicial officer, employee or other person involved in a dispute by written request to the Chief Judge." Defendants further admit that the definition of "employee" in Chapter I, Section 3 of the Plan includes the "unit executive and staff" of "Federal Public Defenders within the Fourth Circuit." Defendants deny the remainder of allegations in this paragraph.

277.    Defendants admit that Plaintiff requested to disqualify the Defender and respectfully refer the Court to Plaintiff's written request for a full and accurate statement of its contents.

38

278.     Defendants admit that Plaintiff requested a stay of the wrongful conduct investigation and respectfully refer the Court to Plaintiff's written request for a full and accurate statement of its contents.

279.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

280.     Defendants admit that Plaintiff never met the Chief Judge. Defendants lack knowledge or information sufficient to admit or deny the remainder of allegations contained in this paragraph.

281.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

282.     Defendants admit that the Chief Judge was working to establish a Capital Habeas Unit that would be managed by the FDO. Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in this paragraph.

283.     Defendants deny the allegations contained in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in the remainder of the allegations in this paragraph.

284.     Admitted.

285.     Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

286.     Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

39

287.    Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

288.    Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

289.    Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

290.    Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

291.    Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

292.    Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

293.    Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

294.    Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

295.    As to the first sentence, Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made. Defendants deny the second sentence except to admit that Plaintiff applied and was not interviewed for an appellate position. Defendants deny the allegations contained in the third sentence of this paragraph.

296.    Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

297.    Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

298.    Defendants admit that Plaintiff and the EDR Coordinator met on September 18, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

299.    Admitted.

300.    Defendants admit that Plaintiff met with the HR Specialist on October 5, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

301.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of this paragraph.  Defendants admit that Plaintiff

41

provided copies of text messages and emails from the First Assistant and notes about the First Assistant's behavior to the HR specialist at the October 5, 2018 meeting and that she provided a witness list to the HR Specialist by email on October 8, 2018. Defendants deny the remaining allegations in this paragraph.

302. Defendants admit that Plaintiff met with the HR Specialist on October 5, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

303. Defendants admit that Plaintiff met with the HR Specialist on October 5, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

304. Defendants admit that Plaintiff met with the HR Specialist on October 5, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

305. Defendants admit that Plaintiff met with the HR Specialist on October 5, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

306. Defendants admit that Plaintiff did not hear from the HR Specialist about the investigation for three weeks after the October 8 interview. Defendants deny the remaining allegations contained in this paragraph.

307. Admitted.

308. Admitted.

309.     Defendants admit that Plaintiff met with the HR Specialist on November 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

310.     Denied.

311.     Defendants admit that Plaintiff met with the HR Specialist on November 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

312.     Defendants admit that Plaintiff met with the HR Specialist on November 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

313.     Defendants admit that Plaintiff met with the HR Specialist on November 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

314.     Defendants admit that Plaintiff met with the HR Specialist on November 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

315.     Defendants admit that Plaintiff met with the HR Specialist on November 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

316.     Defendants lack knowledge or information sufficient to admit or deny what "[Plaintiff] understood." Defendants deny the remaining allegations in this paragraph.

317.     As to the first sentence in this paragraph, Defendants admit that Plaintiff met with the HR Specialist on November 9, 2018 and respectfully refer the Court to Plaintiff's audio

recording of that meeting for a record of the statements made. As to the second sentence in this paragraph, Defendants admit that the HR Specialist did not contact the individuals listed on Plaintiff's witness list

318. Defendants admit that Plaintiff met with the HR Specialist on November 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

319. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of this paragraph. As to the remaining allegations in this paragraph, Defendants admit that Plaintiff met with the HR Specialist on November 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

320. Defendants admit that Plaintiff met with the HR Specialist on November 9, 2018 and respectfully refer the Court to Plaintiff's audio recording of that meeting for a record of the statements made.

321. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first two sentences of this paragraph. Defendants admit that Plaintiff sent the HR specialist an email on November 12, 2018 detailing what Plaintiff alleged to be "quid pro quo harassment." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

322. Defendants admit the allegations contained in the first sentence of this paragraph. Defendants further admit that Plaintiff's report of wrongful conduct under Chapter IX, and request for counseling under Chapter X of the Plan had been pending since September 10, 2018 as of November 12, 2018. Defendants further admit that no decision on Plaintiff's motion to disqualify

44

Anthony Martinez had been made as of November 12, 2018. Defendants deny the remaining allegations in this paragraph.

323.     Defendants admit the allegations contained in the first sentence of this paragraph. Defendants further admit that Plaintiff's email to James Ishida dated November 12, 2018 stated: "My concern is that it seems possible, if not likely, that the counseling period will expire before the wrongful conduct investigation and subsequent actions on Heather's factual report are concluded and shared with me?" Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

324.     Defendants admit that Plaintiff's email to James Ishida dated November 12, 2018 stated: "In my request for counseling, I identified the following remedies: (1) the ability to work in an environment free of harassment and retaliation and (2) professional advancement based on merit. I have put pen to paper too many times to count since our last meeting, but I am unable to come up with a proposed solution on my own that would achieve these goals. The problem I keep encountering is, how can these remedies be achieved without action by others, outside of my control? In other words, if I initiate the formulation of the ultimate remedy about how I can do my job, safely and effectively, as a precondition to counseling, then this dilemma seems inextricably linked to my request for disqualification. Put simply, I do not see how I can negotiate a remedy with an individual who retaliated against me for raising concerns of sexual harassment?" Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

325.     Defendants admit that Mr. Ishida's response to Plaintiff's email dated November 12, 2018 copied Chief Judge Gregory and stated that, while "the Complaint for Wrongful Conduct

45

under Chapter IX and Request for Counseling under Chapter X" were "separate proceedings," Mr. Ishida "ordered a joint investigation for both" because "both proceedings share essentially the same set of facts." Defendants further admit that Mr. Ishida's response stated that "the counseling period ends on November 29" and, "[s]ince [Mr. Ishida and Plaintiff] had agreed earlier to an extension of the counseling period, this is the last extension that can be granted." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

326. Admitted.

327. Defendants admit that Plaintiff sent an email to Mr. Ishida dated November 13, 2018, which stated: "To help me better understand your positions, can you identify the steps taken by the Federal Defender to protect me from further harassment and to ensure my safety in the office as they have been described to you? I am only familiar with his rejection of a transfer from the First Assistant's duty station and his asserted authority to require me to return to that work environment at the impending conclusion of the Chapter IX process." Defendants further admit that Plaintiff's email stated: "I am familiar with the administrative reclassification of my job title with no consideration for a raise in total salary or formal progression of duties, the elimination of my locality adjustment, and the failure to interview me for a newly created 'Appellate' AFD position that I was discouraged from applying for, among other events described in my official grievance." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

328. Admitted.

329. Defendants admit that Plaintiff's email to Mr. Ishida dated November 13, 2018 stated: "Can you also inform me of which individuals will receive the Chapter IX investigator's

factual report, including who will receive the report for the purpose of making recommendations based on its content? Similarly, who will make final decisions based on that individual's recommendations and how will I be informed of those decisions?" Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

330.    Defendants admit that Mr. Ishida responded to Plaintiff's November 13, 2018 email on November 14, 2018, copying the Chief Judge. Defendants further admit that Mr. Ishida's response stated: "I am aware that Mr Martinez has allowed you to telework, removed you from the chain of command so that you have no reporting obligations with the person in question, and taken other steps to avoid contact with the accused." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

331.    Defendants admit that Mr. Ishida's November 14, 2018 response to Plaintiff stated: "[W]e need to know . . .  precisely what you would like to see to feel safe so that we can present that to Mr Martinez for consideration." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

332.    Defendants admit that Ishida emailed Plaintiff on November 19, 2018 and that the email stated: "To make the call fruitful, I'll again suggest that you consider specifically what it is that you want. For example, reiterating that you want a safe workplace free from harassment isn't helpful because Mr. Martinez already believes that he's done and is doing all he can to provide such a workplace for you." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

47

333.    Admitted.

334.    Admitted.

335.    Defendants deny the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the second and third sentences of this paragraph. Defendants deny the fourth sentence to the extent that Plaintiff characterizes her allegations and legal arguments as "facts." Defendants deny the fifth sentence of this paragraph.

336.    Defendants admit that the HR Specialist's November 19, 2018 email to Plaintiff stated: "I understand returning to the Charlotte office is a difficult issue for you and would appreciate any ideas you may have on facilitating this to ensure you feel safe and are in an environment free from harassment and intimidation and where advancement is based on merit. I will need concrete specific requests to bring forth in my report as a requirement in attempting to bring this Wrongful Conduct Claim to a resolution." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

337.    Defendants admit that Plaintiff did not immediately respond to the HR Specialist's email. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

338.    Denied.

339.    Defendants deny the allegations in this paragraph except to admit that the Defender's office advertised for a summer intern in the Asheville office in November 2018, as well as for a Charlotte paralegal position that would require occasional travel to Asheville and that the Defender stated there was no office space for a full-time attorney at the Asheville office.

340.    Denied.

341.     Defendants admit that the First Assistant often participated in moots for the Appellate Division by request of the appellate attorneys, and that he served as counsel of record in one of his cases that was on appeal. Defendants deny the remainder of allegations in this paragraph.

342.     Defendants admit that participation in appellate moots were a required part of Plaintiff's job duties. Defendants lack knowledge or information sufficient to form a belief about why Plaintiff stopped participating in such moots. Defendants deny the allegations contained in the second and third sentences of this paragraph.

343.     Denied.

344.     Defendants deny the allegations contained in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

345.     Denied.

346.     Admitted.

347.     Denied.

348.     Defendants deny the allegations contained in the first sentence of this paragraph. As to the remaining allegations contained in this paragraph, Defendants admit that the FDO held all-staff meetings and respectfully refer the Court to Plaintiff's audio recording of the meeting referenced in this paragraph for a record of the statements made.

349.     Defendants admit that the FDO held all-staff meetings and respectfully refer the Court to Plaintiff's audio recording of the meeting referenced in this paragraph for a record of the statements made.

49

350.    Defendants admit that the FDO held all-staff meetings and respectfully refer the Court to Plaintiff's audio recording of the meeting referenced in this paragraph for a record of the statements made.

351.    Defendants admit that the FDO held all-staff meetings and respectfully refer the Court to Plaintiff's audio recording of the meeting referenced in this paragraph for a record of the statements made.

352.    Defendants admit that the FDO held all-staff meetings and respectfully refer the Court to Plaintiff's audio recording of the meeting referenced in this paragraph for a record of the statements made.

353.    Defendants admit that the FDO held all-staff meetings and respectfully refer the Court to Plaintiff's audio recording of the meeting referenced in this paragraph for a record of the statements made.

354.    Defendants admit that the FDO held all-staff meetings and respectfully refer the Court to Plaintiff's audio recording of the meeting referenced in this paragraph for a record of the statements made.

355.    Admitted.

356.    Defendants admit that Plaintiff sent the HR Specialist an email on November 29, 2018. Defendants deny the remaining allegations in this paragraph.

357.    Defendants admit that the EDR Coordinator emailed Plaintiff on November 25, 2018 and respectfully refer the Court to that email for a full and accurate statement of its contents..

358.    Defendants admit that Plaintiff emailed the EDR Coordinator on November 25, 2018 and respectfully refer the Court to that email for a full and accurate statement of its contents..

359.    Defendants admit that the EDR Coordinator emailed a response to Plaintiff on November 26, 2018 and respectfully refer the Court to that email for a full and accurate statement of its contents.

360.    Defendants admit that the EDR Coordinator emailed a response to Plaintiff on November 26, 2018 and respectfully refer the Court to that email for a full and accurate statement of its contents.

361.    As to the first sentence, Defendants admit that Plaintiff emailed a response to the EDR Coordinator on November 26, 2018 and respectfully refer the Court to that email for a full and accurate statement of its contents. Defendants deny the allegations contained in the second sentence of this paragraph.

362.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

363.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

364.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

365.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

366. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

367. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

368. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

369. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

370. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

371. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

372. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

373.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

374.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

375.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

376.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

377.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

378.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

379.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

380.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

381.    Defendants deny that the Appellate Chief retaliated against Plaintiff. Defendants lack knowledge or information sufficient to admit or deny the remainder of allegations contained in the first two sentences of this paragraph.  As to the third sentence, Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made

382.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

383.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff and respectfully refer the Court to Plaintiff's audio recording of the conversation referenced in this paragraph for a record of the statements made.

384.    Defendants deny the allegations contained in this paragraph except that Defendants lack knowledge and information sufficient to form a belief about the timing between updates about the investigation.

385.    Defendants admit that the EDR Coordinator emailed Plaintiff on November 28, 2018 and respectfully refer the Court to that email for a full and accurate statement of its contents.

386.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of this paragraph.  Defendants admit that Plaintiff sent the HR Specialist an email on November 29, 2018 purporting to detail what Plaintiff alleged as

54

retaliation by the Federal Defender Office. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

387.    Defendants deny the first sentence except to admit that Plaintiff requested a continuation of the counseling period on November 28, 2018.  Defendants deny the second sentence except to admit that Plaintiff's request stated: "My understanding is that the findings in the report will help determine the next steps in the wrongful conduct investigation under Chapter IX" and "[w]ithout more information regarding the report's findings and recommendations, it is difficult to assess the procedures or possible options for resolving the claims under Chapter X." Defendants respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants admit the allegations contained in the third sentence of this paragraph.

388.    Defendants admit that, on November 30, 2018, the Chief Judge issued a written order granting Plaintiff's request for a continuation of the counseling period in part and denying it in part.  Defendants further admit that the Chief Judge extended the counseling period until January 14, 2019 and deny that he extended it until January 16, 2019.  Defendants respectfully refer the Court to the order for a complete and accurate statement of its contents.

389.    Defendants admit that the EDR Coordinator emailed Plaintiff on December 14, 2018 and Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

390.    Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made.

391. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made.

392. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made.

393. Defendants admit the allegations contained in the first sentence of this paragraph. Defendants further admit that January 11, 2019 was just over four months after September 10, 2018, when Plaintiff filed her request for counseling. Defendants lack knowledge or information sufficient to admit or deny the remainder of allegations in this paragraph.

394. Admitted.

395. Admitted.

396. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made.

397. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made.

398. Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made.

399.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made.

400.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made.

401.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made.

402.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made.

403.     As to the first sentence of this paragraph, Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made. Defendants deny the allegations contained in the remainder of this paragraph.

404.     Defendants admit that the EDR Coordinator had multiple conversations with Plaintiff, and respectfully refer the Court to Plaintiff's recording of the conversation referenced in this paragraph for a record of the statements made.

405.     Defendants admit that Plaintiff sent an email to the Chief Judge and the EDR Coordinator on January 22, 2019 stating: "A transfer to another federal defender office with flexible working conditions, specifically in the Western District of Virginia, would resolve my Chapter X claim." Defendants respectfully refer the Court to the email for a complete and accurate

57

statement of its contents. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

406.     Admitted. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents.

407.     Defendants admit that Plaintiff's January 22, 2019 email stated: "OGC's guidance would require me to negotiate directly with an alleged violator without knowing the report's findings and recommendations." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

408.     Defendants admit that Plaintiff's January 22, 2019 email stated: "I am concerned, however, that a successful negotiation is unlikely. For example, after the First Assistant made me feel so threatened that I stopped coming into the office, he joked to an attorney colleague who was leaving the office that he should attend the next office retreat to give sexual harassment training. Worse yet, the Federal Defender ignored my concerns, mishandled and escalated the situation, and only initiated a wrongful conduct report after I followed up on his promises to finally address the situation. Similarly, when I expressed interest in a recently-posted 'appellate' attorney position, Appellate Chief Josh Carpenter openly discouraged me from applying. When I applied anyway, I was not selected for an interview. I have been told it is no secret that the new appellate attorney was chosen to be my replacement. Under these circumstances, I do not see any path forward that would allow me to continue working in my office. But I am also concerned that I will be subjected to rumors and reputational damage. For example, years after attorney Robert Carlin took time off following his wife's suicide to care for his autistic son (and was subsequently fired), I personally heard the First Assistant and others insinuate that Mr. Carlin killed his wife, which they claimed

to know because office investigator Jim Allard 'looked into it.' After attorney Jeffrey King, who is gay, was fired, office rumors began circulating that Mr. King was exchanging sexual favors with prison guards. Similar incivility extends to our clients, such as at a recent all-staff meeting when, in front of the entire office and the Federal Defender, Trial Team Leader Peter Adolf repeatedly referred to his intellectually-disabled client as a 'retard.' So far, I am aware of the First Assistant implying that I looked good on paper but didn't work out; I am concerned it will not end there." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

409. Admitted.

410. Defendants admit that the EDR Coordinator emailed Plaintiff on January 24, 2019, stating, in part: "I'm sorry to hear about your experiences, and your decision to leave your office. I have spoken to Chief Judge Gregory, and he has directed me to lend appropriate assistance in finding you another position. We can, of course, make no assurances, but we will do what we can to help." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remaining allegations in this paragraph.

411. Admitted.

412. Defendants admit that the EDR Coordinator and Plaintiff exchanged emails on January 31, 2019 and February 1, 2019 and respectfully refer the Court to those emails for a full and accurate statement of their contents.

413. Defendants admit that Plaintiff met with Circuit Mediator Edward Smith and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

414. Defendants admit that Plaintiff met with Circuit Mediator Edward Smith and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

415. Defendants admit that Plaintiff met with Circuit Mediator Edward Smith and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

416. Defendants admit that Plaintiff met with Circuit Mediator Edward Smith and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

417. Defendants admit that Plaintiff met with Circuit Mediator Edward Smith and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

418. Defendants admit that Plaintiff spoke with Circuit Mediator Edward Smith by phone and respectfully refer the Court to Plaintiff's recording of that telephone conversation for a record of the statements made.

419. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of this paragraph. Defendants deny the allegations contained in the second sentence of this paragraph.

420. Defendants admit that Plaintiff spoke with Circuit Mediator Edward Smith by phone and respectfully refer the Court to Plaintiff's recording of that telephone conversation for a record of the statements made.

421. Defendants admit that Plaintiff spoke with Circuit Mediator Edward Smith by phone and respectfully refer the Court to Plaintiff's recording of that telephone conversation for a record of the statements made.

422. Defendants admit that Plaintiff spoke with Circuit Mediator Edward Smith by phone and respectfully refer the Court to Plaintiff's recording of that telephone conversation for a record of the statements made.

423. Defendants admit that Plaintiff spoke with Circuit Mediator Edward Smith by phone and respectfully refer the Court to Plaintiff's recording of that telephone conversation for a record of the statements made.

424. Defendants admit that Plaintiff spoke with Circuit Mediator Edward Smith by phone and respectfully refer the Court to Plaintiff's recording of that telephone conversation for a record of the statements made.

425. Defendants admit that Plaintiff spoke with Circuit Mediator Edward Smith by phone and respectfully refer the Court to Plaintiff's recording of that telephone conversation for a record of the statements made.

426. Defendants admit that Plaintiff spoke with Circuit Mediator Edward Smith by phone and respectfully refer the Court to Plaintiff's recording of that telephone conversation for a record of the statements made.

427. Defendants admit that Plaintiff met with the JIO during the week of February 13, 2019 in Washington, D.C. Defendants deny the remainder of allegations in this paragraph.

428. Admitted.

429. Denied.

430. Defendants admit the allegations contained in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second and third sentences of this paragraph. Defendants deny the allegations contained in the last sentence of this paragraph.

431. Defendants admit that the JIO referenced the EDR Plan's provision stating that "[f]ailure to pursue mediation will preclude further processing of the employee's claim under any other provisions of this Chapter." Defendants deny the remainder of allegations in this paragraph.

432. Defendants admit that the JIO told Plaintiff that she could pursue "motions" and "discovery" to prove her claims after filing a formal complaint following the close of counseling and mediation. Defendants deny the remainder of allegations contained in this paragraph.

433. Defendants admit the allegations contained in the first sentence of this paragraph. Defendants deny the remainder of allegations contained in this paragraph.

434. Denied.

435. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

436. Defendants admit that the JIO told Plaintiff that disqualifying the Defender at the mediation stage was unusual because he was the head of the responding office. Defendants deny the remainder of allegations contained in this paragraph.

437. Defendants admit the allegations contained in the first sentence of this paragraph, but deny the allegations contained in the second sentence of this paragraph.

438. Denied.

439. Defendants admit that the JIO told Plaintiff that the EDR Plan allows for the presiding officer over a formal complaint to award equitable remedies to the complainant. Defendants deny the remainder of allegations contained in this paragraph.

440. Denied.

441. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of this paragraph. Defendants deny the allegations in the last two sentences of this paragraph.

442. Admitted.

443. Admitted.

444. Admitted.

445. Denied.

446. Denied.

447. Denied.

448. Defendants admit the allegations contained in the first two sentences of this paragraph, except to deny that the EDR Coordinator told her that disciplinary action against the Defender would not be at issue in a final hearing. Defendants deny the allegations contained in the final sentence of this paragraph.

449. Defendants admit that Plaintiff's representative submitted a supplemental narrative to the EDR coordinator on February 22, 2019. Defendants lack knowledge or information sufficient to admit or deny the allegations concerning Plaintiff's motive for submitting the supplement and whether or not Plaintiff would have made such disclosure outside of the mediation process. Defendants deny the remainder of allegations in this paragraph.

450.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of this paragraph.  Defendants admit that Ch. X, § 9(B)(4) provides: "Any person or party involved in the mediation process shall not disclose, in whole or in part, any information or records obtained through, or prepared specifically for, the mediation process, except as necessary to consult with the parties or their representatives, and then only with notice to all parties."  Defendants further admit that Plaintiff's representative stated in his email transmitting the supplement: "If this document is shared with the Federal Defender Office, at any time, it should be subject to redaction to protect the identity of employees referenced in this document." Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents. Defendants deny the remainder of allegations contained in this paragraph.

451.    Defendants deny except to admit that the EDR Coordinator shared the supplement with the Chief Judge, the Defender, and the Mediator with simultaneous notice to Plaintiff and her representative. Defendants further admit the allegations contained in the second and third sentences of this paragraph.

452.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

453.    Defendants admit the allegations contained in the first sentence of this paragraph. Defendants further admit that Plaintiff did not receive a written ruling on her request to disqualify the Defender, but deny the remainder of allegations contained in this paragraph.

454.    Defendants admit that Plaintiff met with Circuit Mediator Edward Smith and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

455.     Defendants admit that Plaintiff met with Circuit Mediator Edward Smith and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

456.     Defendants admit that Plaintiff met with Circuit Mediator Edward Smith and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

457.     Defendants admit that after their meeting, Circuit Mediator Edward Smith went to Richmond, Virginia to discuss the possibility of a clerkship for Plaintiff but deny the remainder of the allegations in this paragraph.

458.     Admitted.

459.     Admitted.

460.     Defendants admit that Circuit Mediator Edward Smith had a discussion with Cooper Strickland during Plaintiff's interview and respectfully refer the Court to Plaintiff's recording of that conversation for a record of the statements made.

461.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

462.     Defendants admit that Plaintiff had a conversation with Circuit Mediator Edward Smith and respectfully refer the Court to Plaintiff's recording of that conversation for a record of the statements made.

463.     Defendants admit that Plaintiff had a conversation with Circuit Mediator Edward Smith and respectfully refer the Court to Plaintiff's recording of that conversation for a record of the statements made.

464.     Denied.

65

465.    Admitted.

466.    Admitted.

467.    Defendants admit the allegations contained in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second sentence of this paragraph.

468.    Defendants admit that the quoted language appears in Plaintiff's comments, but denies any remaining allegations contained in this paragraph.

469.    Defendants admit that the quoted language appears in Plaintiff's comments, but denies any remaining allegations contained in this paragraph.

470.    Denied.

471.    As to the first sentence of this paragraph, Defendants admit that Plaintiff emailed the EDR Coordinator on May 1, 2019, stating, "I am requesting a status update on my Chapter 9 report of wrongful conduct.  Specifically, is this proceeding still open or closed?"  Defendants respectfully refer the Court to the email for a full and accurate statement of its contents. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second sentence of this paragraph.

472.    Admitted.

473.    Admitted.

474.    Defendants admit that Plaintiff met with the EDR Coordinator and HR Administrator in Richmond, Virginia and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

475.    Defendants admit that Plaintiff met with the EDR Coordinator and HR Administrator in Richmond, Virginia and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

476.    Defendants admit that Plaintiff met with the EDR Coordinator and HR Administrator in Richmond, Virginia and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

477.    Defendants admit that Plaintiff met with the EDR Coordinator and HR Administrator in Richmond, Virginia and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

478.    Defendants admit that Plaintiff met with the EDR Coordinator and HR Administrator in Richmond, Virginia and respectfully refer the Court to Plaintiff's recording of that meeting for a record of the statements made.

479.    Defendants admit that on May 16, 2019 the EDR Coordinator, in his capacity as Circuit Executive, formally notified the Defender by letter that the judges of the Fourth Circuit approved the Defender's request to establish a Capital Habeas Unit ("CHU") in his office. Defendants further admit that the CHU would represent individuals in capital habeas cases throughout the Fourth Circuit. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

480.    Admitted.

481.    Defendants admit the that the Fourth Circuit was working with the Federal Defender's Office to establish a CHU. Defendants deny the remainder of allegations contained in this paragraph.

67

482.     Defendants admit that the EDR Coordinator's May 16, 2019 letter to the Defender said that the Defender had "stated that [he] plan[ned] to open the CHU in FY2021, pending appropriate funding from Defender Services." Defendants respectfully refer the Court to the letter for a complete and accurate statement of its contents. Defendants lack knowledge or information sufficient to admit or deny the remainder of allegations contained in this paragraph.

483.     Admitted.

484.     Admitted.

485.     Denied.

486.     Defendants admit that Plaintiff was not informed about the content of the investigation report, or the disciplinary action taken under Chapter IX of the EDR Plan. Defendants deny the remaining allegations in this paragraph.

487.     Defendants deny the allegations contained in the first two sentences of this paragraph.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

488.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

489.     Denied.

490.     Defendants deny the allegations contained in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second sentence of this paragraph.

491.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

492.     Denied.

493.    This paragraph consists of legal conclusions to which no answer is required, but to the extent a response is deemed necessary, denied.

494.    Defendants incorporate by reference their response to the foregoing paragraphs as if fully set forth herein.

495.    This paragraph consists of legal conclusions to which no answer is required, but to the extent a response is deemed necessary, denied.

496.    Denied.

497.    Defendants incorporate by reference their response to the foregoing paragraphs as if fully set forth herein.

498.    This paragraph consists of legal conclusions to which no answer is required, but to the extent a response is deemed necessary, denied.

499.    Denied.

500.    Defendants incorporate by reference their response to the foregoing paragraphs as if fully set forth herein.

501.    This paragraph consists of legal conclusions to which no answer is required, but to the extent a response is deemed necessary, denied.

502.    Denied.

503.    Defendants incorporate by reference their response to the foregoing paragraphs as if fully set forth herein.

504.    This paragraph consists of legal conclusions to which no answer is required, but to the extent a response is deemed necessary, denied.

505.    Denied.

The remaining subparagraphs, numbered 1-9, constitute a prayer for relief to which no answer is required, but to the extent a response is deemed necessary, denied. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendants hereby deny all allegations in Plaintiff's Complaint not expressly admitted or denied.

Dated: April 6, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA WELLS
Assistant Branch Director

*/s/ Joshua M. Kolsky*
JOSHUA M. KOLSKY (D.C. Bar No. 993430)
Senior Trial Counsel
RACHAEL L. WESTMORELAND (GA Bar No. 539498)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov