# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### ASHEVILLE DIVISION

| | | |
|---|---|---|
| **CARYN DEVINS STRICKLAND,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:20-cv-00066-WGY** |
| | ) | |
| **UNITED STATES, *et al.*,** | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EMERGENCY PROTECTIVE ORDER

Defendants have moved for an "emergency protective order" to prevent the deposition of Hon. Chief Judge Roger L. Gregory. Chief Judge Gregory is a named defendant in this lawsuit, which alleges that judiciary officials denied Plaintiff her constitutional right as a judiciary employee to a fundamentally fair process for redressing workplace misconduct and were deliberately indifferent to her complaints of sexual harassment and discrimination. *See* ECF No. 1. The Fourth Circuit unanimously held that Plaintiff's complaint stated a claim that Chief Judge Gregory violated Plaintiff's due process and equal protection rights. *See Strickland v. United States*, 32 F.4th 311, 321 (4th Cir. 2022).

1

Defendants' argument that Chief Judge Gregory should not be deposed about Plaintiff's allegations in this lawsuit is meritless. Defendants have acknowledged that Chief Judge Gregory has personal, material knowledge of the allegations in this case. *See* Def's Response to Plaintiff's Interrogatory No. 1 (Ex. A) (verifying, under penalty of perjury, that Chief Judge Gregory has "material knowledge or information relating to the allegations of sexual harassment, discrimination and/or retaliation in the civil complaint"). Chief Judge Gregory's personal knowledge is crucial to proving Plaintiff's claims of equal protection and due process violations. Discovery confirms that Chief Judge Gregory personally participated in the actions giving rise to the alleged constitutional violations. Because only Chief Judge Gregory can testify to his own motives for these actions, no other discovery alternatives will suffice.

## LEGAL STANDARD

"Generally speaking, '[a] party is entitled to depose a witness on all relevant issues to which the witness has knowledge.'" *Alexander v. FBI*, 186 F.R.D. 1, 3 (D.D.C. 1998) (citing *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y. 1984)); *see also* Fed. R. Civ. P. 30(a)(1). A protective order that completely prohibits a deposition should be granted only as an "extraordinary measure which should be resorted to only in rare occasions." *Byrd v. District of Columbia*, 259 F.R.D. 1, 7 (D.D.C. 2009). A protective order for a government official should be granted

only if the court determines that (1) the individual is high ranking and (2) applying a balancing test, the movant's concern of harm to the official outweighs "the adversary's significant interest in preparing for trial." *Id.* at 6. Applying this test, "[c]ourts have time and again allowed the deposition of current and former high-ranking government officials upon a showing that the official has personal involvement or knowledge relevant to the case." *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 322 (D.N.J. 2009) (collecting cases). Unless the movant can show that the need for the protective order is "sufficient to overcome plaintiffs' legitimate and important interests in trial preparation," high-ranking officials are subject to deposition. *Byrd*, 259 F.R.D. at 7 (citing *Alexander*, 186 F.R.D. at 1).

## ARGUMENT

**I. Defendants' argument is contrary to the Fourth Circuit's recognition that Plaintiff stated claims against Chief Judge Gregory based on his involvement in her case.**

The Fourth Circuit held that Plaintiff stated a claim that Defendants, including Chief Judge Gregory, violated her due process rights by refusing to disqualify the Federal Public Defender, an accused party in her EDR complaint, from acting as a decisionmaker in her EDR process and by coercing her to withdraw from the EDR process and give up her career as a federal public defender. *Strickland*, 32 F.4th at 355–56. The Fourth Circuit further held that Plaintiff stated a claim that Defendants, including Chief Judge Gregory, violated

3

her equal protection rights by responding with deliberate indifference to her complaints of sexual harassment, sex discrimination, and retaliation, including by "'fail[ing] to take immediate and effective action on her complaints,' and 'fail[ing] to provide her with meaningful review or remedies.'" *Id.* at 360 (quoting Complaint ¶ 498).

### A. The *Morgan* doctrine applies only in situations where high-level officials lack personal knowledge of or involvement in a complaint's allegations of wrongdoing.

 In seeking to prevent Chief Judge Gregory's deposition, Defendants rely on the doctrine established by *United States v. Morgan*, 313 U.S. 409, 421–22 (1941). The *Morgan* doctrine exists to prevent the harassment of high-level officials who lack any special knowledge of, or involvement in, the matter in dispute, and to prevent second-guessing of the reasons for an official's legitimate actions. *See Alexander*, 186 F.R.D. at 4 (stating that concern underlying the doctrine is the "likelihood that depositions would significantly interfere with [officials'] ability to perform their governmental duties").

As legions of cases have recognized, the *Morgan* doctrine does not apply in cases like this one, where high-level government officials are personally involved in allegations of wrongdoing or misconduct, including deliberate indifference to sexual harassment. *See Byrd*, 259 F.R.D. at 8 (allowing depositions "seek[ing] to establish Defendants' neglect of and deliberate indifference to [plaintiffs'] sexual

harassment claims" and explaining that "[t]he testimony of those Directors who may have had first-hand knowledge of the asserted harassment claims might serve to bolster Plaintiffs' claims of deliberate indifference"); *see also Holt v. Pennsylvania*, No. 1:18-CV-01272, 2020 WL 435752, at *4 (M.D. Pa. 2020) (officials "participated in adverse actions" against plaintiff and were aware of "complaints of discrimination and retaliation"); *Smith v. City of Stockton*, No. 2:15-CV-0363 KJM AC, 2017 WL 11435161, at *4 (E.D. Cal. 2017) (official was personally aware of "serious problems" of "constitutional dimension"); *Sherrod v. Breitbart*, 304 F.R.D. 73, 76 (D.D.C. 2014) (allowing deposition of Secretary of Agriculture because the "Secretary alone has precise knowledge" of his reasons for employee's termination); *Payne v. District of Columbia*, 279 F.R.D. 1, 7 (D.D.C. 2011) (official personally participated in conversations related to plaintiff's allegations of wrongful termination and retaliation).

By contrast, Defendants do not cite cases involving plausible allegations, sufficient to survive dismissal, that a high-level official personally engaged in employment discrimination or constitutional violations. *See, e.g.*, *Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd*., 31 F.4th 238, 254 (4th Cir. 2022) (official lacked personal responsibility for decisions); *In re McCarthy*, 636 F. App'x 142, 143–45 (4th Cir. 2015) (court denied protective order where companies argued that they needed to depose agency head because of

5

alleged discrepancy between the agency's stated position before Congress and its litigation position, which did not rise to level of misconduct or wrongdoing); *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 212 (4th Cir. 1991) ("no contention of any misconduct or wrongdoing"); *U.S. Bd. of Parole v. Merhige*, 487 F.2d 25, 28 (4th Cir. 1973) (broad challenge to procedure as a whole, with no allegations of personal wrongdoing or questions of fact); *In re United States (Holder)*, 197 F.3d 310, 315–16 (8th Cir. 1999) (there, party seeking deposition failed to make sufficient showing of substantive or procedural rights enforceable against officials; here, by contrast, the Fourth Circuit held that Plaintiff stated a claim that Chief Judge Gregory personally violated her constitutional rights, *Strickland*, 32 F.4th at 355–56); *Sweeney v. Bond*, 669 F.2d 542, 546 (8th Cir. 1982), *abrogated on other grounds by O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712 (1996) (plaintiffs failed to show Governor possessed information essential to their case).

Allowing the *Morgan* doctrine to prevent a deposition of an official who is alleged to be responsible for constitutional violations would be tantamount to holding that such an official is above the law because of his high-ranking status. That is not the law. *Cf. Clinton v. Jones*, 520 U.S. 681, 704 (1997) (explaining that even "[s]itting Presidents have responded to court orders to provide testimony and other information," including depositions).

6

**B.      Chief Judge Gregory possesses relevant information that is unavailable from other sources.**

Discovery confirms that Chief Judge Gregory, whom the EDR Plan designated to decide whether to disqualify an individual, was centrally involved in actions giving rise to potential constitutional liability, namely his refusal to disqualify an accused individual from having a decision-making role in the Plaintiff's EDR process.[1]  Plaintiff is entitled to depose Chief Judge Gregory regarding his official involvement in her allegations of a fundamentally unfair application of the EDR process and deliberate indifference to her complaint of sexual harassment, sex discrimination, and retaliation.  *See generally Basta v. Novant Health Inc.*, 56 F.4th 307, 316–17 (4th Cir. 2023) (adopting majority view "that intentional discrimination can be proven via deliberate indifference").

**1.      Refusal to disqualify**

The EDR Plan gives the Chief Judge the authority to disqualify "an employee or other person involved in a dispute."  Fourth Circuit EDR Plan Ch. X, § 7 (2013).  Plaintiff therefore requested that Chief Judge Gregory disqualify the Defender from exercising authority in the EDR process.  Defendants' document

---

[1]      Defendants designated many of the documents discussed in this section as confidential pursuant to the parties' protective order.  *See* ECF No. 183.  The public and press have a First Amendment right to review these documents, which are highly relevant to the claims in this litigation.

production shows that Chief Judge Gregory refused to disqualify the Defender

████████████████████████████ the Defender had engaged in conduct that

warranted "disciplinary action" that was eventually taken "as a result of

[Plaintiff's] report of wrongful conduct."  Email from James Ishida to Caryn

Strickland Dated June 3, 2019 (Ex. B).  Deposition is necessary to ascertain

whether he was, in fact, aware of the Defender's conduct, the reasons for the

request to disqualify the Defender, ██████████████████████████

███████████████████████████████, and the Circuit

Executive's view that the Defender should announce his "recusal."  *See* Email

from James Ishida to Anthony Martinez Dated August 14, 2018 (Ex. C) ("I might

say that because of your earlier involvement in the matter that you are recusing and

appointing Heather as your designee to investigate the allegations."). ████████

█████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████████

8



(Ex. D). ██████████████████████████████████ the EDR

Coordinator announced to Ms. Strickland that the Chief Judge had denied her

request to disqualify the Defender. ECF No. 78-4, ¶ 18 ("The Chief Judge denied

Plaintiff's request to disqualify, which was orally communicated to Plaintiff on

January 16, 2019.").

This sequence of events leaves open questions that make information about

Chief Judge Gregory's understanding and knowledge of the facts unique and

essential. ████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

9

██████████████████ ██████████████████ ██ Defender "say that

because of [his] earlier involvement in the matter that" he was "recusing."  Ex. C.



████████████████████████████████ Only Chief Judge Gregory himself

can explain how and why he made the decision not to disqualify the Defender.

This information is essential to both the due process violation and the claim of

deliberate indifference.[2]  This question of what information Chief Judge Gregory

---

[2]     Defendants' assertion that the failure to disqualify is only relevant to Plaintiff's due process claim is perplexing.  ECF No. 193, at 7.  The Fourth Circuit held that Plaintiff stated an equal protection claim, in part, by alleging that defendants "fail[ed] to take immediate and effective action on her complaints" and also "fail[ed] to provide her with meaningful review or remedies."  *Strickland*, 32 F.4th at 360.  The failure to take effective corrective action or provide meaningful remedies obviously includes allowing the Defender, an accused party who engaged in conduct warranting disciplinary action, to make determinations regarding disciplinary action and remedies.

himself possessed regarding bias and conflicts, and how it informed his own refusal to disqualify the Defender in Plaintiff's EDR matter, goes to the heart of the question of fundamental fairness in the EDR process. Plaintiff can obtain that information only by deposing Chief Judge Gregory.

### 2. Deliberate indifference

While the failure to disqualify is an important example of Chief Judge Gregory's personal involvement, Plaintiff's allegations include other acts of deliberate indifference to sexual harassment, discrimination, and retaliation. Chief Judge Gregory was the official responsible for ensuring an appropriate investigation into Plaintiff's allegations of wrongful conduct under the EDR Plan. *See* Fourth Circuit EDR Plan Ch. IX (2013) ("The Chief Judge and/or unit executive shall ensure that the allegations in the report are appropriately investigated . . . ."). Following the investigation, Chief Judge Gregory took disciplinary action against the Defender. ECF No. 78-4, ¶ 18 (Chief Judge "determine[d] whether Mr. Martinez had engaged in any misconduct and whether any action was necessary to address any findings of misconduct or workplace concerns against Mr. Martinez").

███████████████████████████████████████

███████████████████████████████

11



███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████ Chief Judge Gregory did not

take disciplinary action for nearly a full year after Plaintiff raised her complaints,

and several months after she was forced to resign from the FDO. *See id.* The

Chief Judge's refusal to disqualify the Defender from continuing the EDR process,

███████████████████████████████████████, warrants exploration

through deposition questioning. *Cf. Detoy v. City and Cnty. of San Francisco*, 196

F.R.D. 362, 370 (N.D. Cal. 2000) (allowing deposition of official who "took

personal action to withdraw charges" of misconduct).

Additionally, as the Circuit's chief judge, Chief Judge Gregory was

responsible for overseeing all EDR complaints within the Circuit during Plaintiff's

employment at the FDO. *Cf. Basta*, 56 F.4th at 317 ("[A] history of violations is

relevant evidence to proving deliberate indifference . . . ."). Thus, Chief Judge

Gregory has unique knowledge regarding the Circuit's response to harassment and

discrimination that no other official would have. ███████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

[redacted]

Under these circumstances, Plaintiff is entitled to depose Chief Judge Gregory because he possesses personal knowledge of facts important to this case that cannot be obtained from other sources. Not only does Chief Judge Gregory "have first-hand knowledge of the sexual harassment issues" in Plaintiff's case, [redacted]

[redacted] Only by taking Chief Judge Gregory's deposition can Plaintiff find out "at what time [he] took any actions," "what corrective action if any [he] implemented," and "why any such actions were taken and why others were not." *Id.*; *see also Stockton*, 2017 WL 11435161, at *5 (plaintiff had shown that high-level official has "unique information, since he is the only person who can provide admissible evidence of what he was thinking," and plaintiff was "entitled to find out why [the official] decided not to discipline the officers involved" in constitutional violations).

## C. Other means of discovery would be insufficient.

In cases like this one, where a high-level official uniquely possesses information that is highly relevant to an employment discrimination case, courts

14

have routinely allowed the official's deposition.  *See supra*, at 4–5.  Those courts

conclude that "written testimonies may not allow for the same in-depth probing

that deposition testimony and examination can provide."  *Byrd*, 259 F.R.D. at 8;

*see also Sherrod*, 304 F.R.D. at 76 ("Put simply, written questions lack the

flexibility of oral examination, the latter of which allows the questioner to adjust

on the fly and confine his questions to the relevant ones while still satisfying

himself and his client that a particular line of inquiry has been exhausted.").

Relying on *In re U.S. Dep't of Education*, 25 F.4th 692, 704 (9th Cir. 2022),

Defendants argue that deposing Chief Judge Gregory is unnecessary because

Plaintiff has "repeatedly claimed that the existing record is sufficient to prove her

claims."  ECF No. 193, at 8.  In *In re U.S. Dep't of Education*, the Ninth Circuit

held that deposing the Secretary of Education was unnecessary because the

plaintiffs had already established the Education Department's "bad faith" and

"likely could win relief on the existing record."  *See In re U.S. Dep't of Educ.*, 25

F.4th at 704 ("At oral argument, plaintiffs' counsel admitted to the court that they

have already established that the Department's reasons do not withstand scrutiny,

saying 'if there were a lawful reason for the delay in processing borrower defense

claims, I think the Department of Education would have given it to us already.  But

right now what we have is a lot of smoke and fog.'").  If Defendants are conceding,

as in *In re U.S. Dep't of Education*, that Plaintiff has already established her due

process and equal protection claims and "likely could win relief on the existing record," *id.*, then Plaintiff would welcome such an admission and agree that there is no need to depose Chief Judge Gregory.

Previously, however, this Court denied Plaintiff's motion for summary judgment and declined to narrow the disputed issues in any respect. *See* Entry Order Dated Nov. 10, 2022. This Court has emphasized that it will not decide this case based on affidavits, but only through live testimony of officials at trial. *See* ECF No. 185, at 2 ("The best way to ascertain the facts is, and always has been, at a **trial**, with live witnesses, thoughtful cross-examination, and adherence to the rules of evidence.").

Defendants contend that deposing James Ishida, the EDR Coordinator, is an adequate substitute for deposing Chief Judge Gregory, but that is not the case. Chief Judge Gregory has unique first-hand information that no one else possesses because he alone can testify to his own recollection of conversations and offer a non-hearsay account of what he thought and said. Only he knows what factors he considered in denying Plaintiff's request for disqualification and how he weighed them. *See Stockton*, 2017 WL 11435161, at *6 ("[C]ritical information exists only inside [the official's] head, and no exhaustion of other witnesses is likely to get at that information."); *Payne*, 279 F.R.D. at 8 ("In theory, Plaintiff could ask other participants in the conversations among members of the Council and members of

16

the executive branch what Council Chair Gray said; however, in reality, it is only Gray who can testify about his recollection of the conversations, and offer a non-hearsay account of what he said."); *Sherrod*, 304 F.R.D. at 76 ("The Secretary alone has precise knowledge of what factors he considered and how they influenced his ultimate decision, so that information must come from him, not from third parties."). Thus, no alternative means of discovery can yield the unique and essential information that Chief Judge Gregory possesses.

## II. *Morgan*'s protection of judicial deliberations does not apply to allegations of a fundamentally unfair process for addressing workplace misconduct and of deliberate indifference to sexual harassment.

Defendants also argue that Chief Judge Gregory's "ruling on Plaintiff's motion to disqualify is a decision committed to his discretion under Chapter X § 7 of the EDR Plan," and that he was "performing a judicial function" in denying the motion to disqualify. ECF No. 193, at 9, 11. Defendants then contend that Chief Judge Gregory is entitled to protection under *Morgan*'s principles of protection for judges and quasi-judicial officers from compelled testimony about their mental processes in the performance of official duties. ECF No. 193, at 119. But overseeing an administrative matter is not a judicial or quasi-judicial act. *See Forrester v. White*, 484 U.S. 219 (1988); *Brown v. Reinhart*, 760 F. App'x 175 (4th Cir. 2019).

17

Chief Judge Gregory obviously does not enjoy absolute judicial immunity because the Fourth Circuit held him capable of suit in his official capacity. *Strickland*, 32 F.4th at 321. Nor does *Morgan*'s limited protection against probing the mental processes of high-level government officials apply. Moreover, as Defendants point out, *Morgan*'s warning against the probing of mental processes, *Morgan*, 313 U.S. at 422, does not apply where there is a "showing of bad faith or improper behavior" by a high-level official. ECF No. 193, at 11 (citing *United States v. Roebuck*, 271 F. Supp. 2d 712, 718 (D.V.I. 2003)); *see also Singer Sewing Machine Co. v. NLRB*, 329 F.2d 200, 208 (4th Cir. 1964) ("[W]here a prima facie case of misconduct is shown, justice requires that the mental process rule be held inapplicable."). The Fourth Circuit held that Chief Judge Gregory's refusal to disqualify the accused Defender "created a conflict of interest that infected the entire investigation" when the Defender was allowed to be a decisionmaker. *Strickland*, 32 F.4th at 355. A refusal to disqualify that violated Plaintiff's due process right to a fair process for redressing workplace misconduct is clearly not one that is "committed" to the Chief Judge's "discretion," as Defendants contend. ECF No. 193, at 11. The Fourth Circuit also held that judiciary employees "who are charged with enforcing an EDR plan" as the Chief Judge is here, can "be held liable under the Fifth Amendment for their deliberate indifference to sexual

18

harassment." *Strickland*, 32 F.4th at 359.  To hold that such officials cannot be questioned about their unconstitutional conduct would render that holding vacuous.

## CONCLUSION

This Court should deny Defendants' motion for a protective order.

This 14th day of April, 2023.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Olivia Warren
N.C. Bar No. 54525
Thomas, Ferguson & Beskind, LLP
119 East Main Street
Durham, North Carolina 27701
Tel: (919) 682-5648
E-mail: warren@tfblawyers.com

Philip Andonian
D.C. Bar No. 490792
Caleb Andonian PLLC
1100 H Street., N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
E-mail: phil@calebandonian.com

Cooper Strickland

19

N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2023, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send

a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline McMahon at madeline.m.mcmahon@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
