IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | | |
|---|---|---|
| CARYN DEVINS STRICKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:20-cv-00066-WGY |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO PARTIALLY UNSEAL

Plaintiff Caryn Devins Strickland, by and through her undersigned counsel, respectfully moves for leave to file her unredacted "Response to Defendants' Motion For Emergency Protective Order" on the public docket. Plaintiff also moves to unseal Exhibits D–F, with one exception discussed below.

Plaintiff filed the documents under seal pursuant to the terms of the parties' Protective Order. *See* ECF No. 183, at 12 ("Unless the Designating Party gives written permission, all Confidential Information that is filed with the Court must be filed under seal or *in camera* in accordance with Court's Local Rules and procedures."). The Protective Order does not authorize the blanket sealing of any information designated as confidential. *Id.* at 5 ("The Parties acknowledge . . . that this Order does not entitle them to file Confidential Information under seal.").

1

Moreover, the terms of a protective order cannot override the court's independent duty to assess whether documents should be sealed. *See In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) ("In such proceedings to which a First Amendment right of access attaches, a court must assess whether sealing documents is 'necessitated by a compelling government interest, and . . . narrowly tailored to serve that interest.'" (citation omitted)).

The First Amendment attaches to the pretrial motions filed in this case. *See id.* The documents filed under seal are relevant to the issues in this litigation, and Defendants have not shown any compelling interest in sealing them. *See id.* The only exception is Exhibit F, because it contains identifying information of non-parties that implicates legitimate privacy interests and should be redacted. *See Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *9 (E.D.N.C. Dec. 11, 2014) (recognizing "the privacy interests in a non-party's personnel file").

Prior to filing this motion, Plaintiff's counsel conferred with Defendants' counsel as required by Local Rule 7.1. Defendants oppose Plaintiff's motion to unseal.

This the 14th day of April, 2023.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Olivia Warren
N.C. Bar No. 54525
Thomas, Ferguson & Beskind, LLP
119 East Main Street
Durham, North Carolina 27701
Tel: (919) 682-5648
E-mail: warren@tfblawyers.com

Philip Andonian
D.C. Bar No. 490792
Caleb Andonian PLLC
1100 H Street., N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
E-mail: phil@calebandonian.com

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline McMahon at madeline.m.mcmahon@usdoj.gov

> */s/ Cooper Strickland*
> Cooper Strickland
> N.C. Bar No. 43242
> P.O. Box 92
> Lynn, NC 28750
> Tel. (828) 817-3703
> cooper.strickland@gmail.com