UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

|  |  |
|---|---|
| CARYN DEVINS STRICKLAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, ET AL., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 1:20-00066-WGY |

YOUNG, D.J.[1]                                                                 April 19, 2023

**ORDER**

The emergency motion of the government for a protective order (ECF No. 193) is DENIED upon certain terms. The Court concludes Chief Judge Gregory has relevant, first hand knowledge of discoverable facts, viz. his reasoning for refusing to disqualify the Federal Public Defender upon challenge, that only he can provide. This conclusion carries with it no intimation of improper conduct, bad purpose, or deliberate indifference and this Court intends none. The government is incorrect, however, to claim that United States v. Morgan, 313 U.S. 409, 421-22 (1941) prevents discovery of the deponent's reasoning. In fact, the reverse is true as the Fourth Circuit's decision in this

---

[1] Of the District of Massachusetts, sitting by designation.

[1]

very case makes clear. <u>Strickland</u> v. <u>United States</u> 311, 321 355-59 (4th Cir. 2022).

Nevertheless, sensitive to the concerns explored in <u>Morgan</u>, the deposition shall be taken on the following terms:

There shall be one deposition no more than three hours in length taken at a reasonable time and place of the deponent's choosing, given his other significant responsibilities. The May 1, 2023 deadline for completion of discovery is suspended for the **sole** purpose of the taking of this deposition. The deposition is limited to the decision not to disqualify the Federal Public Defender after challenge including, without limitation, the information presented to the Chief Judge, the discussion that went on in his presence, his decision, and the reasons therefor.

The Plaintiff's motion to partially unseal (ECF No. 201) is DENIED as moot. This Court has entered no sealing order and has consulted only the redacted filings before it in arriving at its conclusion. Should any papers have found their way to the Clerks Office purportedly under seal, such papers are to be returned to the sender. **Nothing** is to be filed in court under seal unless and until this Court upon motion expressly so orders. The parties' protective order as to confidentiality is not to be cited as a ground for sealing.

[2]

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE