IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' "RENEWED MOTION FOR LEAVE TO FILE AMENDED ANSWER"

On April 6, 2023, Defendants renewed their motion to amend their Answer to assert an "affirmative defense" of "failure to mitigate her alleged losses," which Defendants failed to assert when they filed their Answer nearly ten months ago in July 2022. *See* ECF No. 196. A defense of "failure to mitigate" is facially implausible because there is no other position with comparable terms and compensation to the one Plaintiff lost as a federal public defender. Defendants' motion comes near the end of discovery, which is approaching on May 1, 2023, *see* ECF No. 187, well after Plaintiff substantially completed her document production and served discovery requests based on the claims and defenses in the case. Defendants should not be permitted to assert a new affirmative defense at this late

1

stage of litigation. Defendants have not shown good cause to amend, the amendment would prejudice Plaintiff, and their proposed defense is futile.

Additionally, Defendants flatly denied many of the Complaint's allegations in their Answer, and now propose to change many of their denials to admissions, in light of recordings that plainly reveal those previous denials to be false and render them untenable. *See* ECF No. 196-2 (red-line version); *see* Ex. A, at 23–25. Plaintiff does not oppose allowing Defendants to amend their Answer to admit allegations that they previously denied, but notes that she has suffered prejudice in discovery and dispositive motions as a result of their prior misstatements.

## ARGUMENT

Plaintiff incorporates by reference the arguments she made in response to Defendants' previous attempt to belatedly assert a "failure to mitigate defense," in November 2022, nearly four months after Defendants' Answer was due (on July 29, 2022), and nearly three months after the parties' agreed-upon deadline to amend their Answer had passed (on September 6, 2022). ECF No. 132, at 6. For the Court's convenience, Plaintiff has attached her prior response as Exhibit A to this filing. Plaintiff supplements her arguments as follows.

I. **Defendants' motion is untimely under Rule 16.**

Defendants' renewed motion to amend is untimely because it comes a full seven months after the parties' agreed-upon deadline of September 6, 2022 for

amending pleadings. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). Defendants have not demonstrated good cause for the delay.

Defendants previously claimed that they were not bound by the agreed-upon pleadings amendment deadline because the Court did not formally "enter" it. *See* ECF No. 176, at 8–9. This Court did not need to "enter" a pleadings amendment deadline, because it had already ordered the parties to agree on all deadlines required by the civil rules. During a status conference in July 2022, this Court set the dates for dispositive motions and trial and ordered the parties "to agree on everything on which you can agree" for the other dates. Tr. Status Conf. 9–10 (July 14, 2022), ECF No. 129. The Court stated that if the parties disagreed, it would "choose the most reasonable proposal." *Id.* Because the parties agreed on the deadline for amending pleadings, there was no need for the Court to choose between their proposals. *Id.* The parties' joint agreement was thus binding. *Cf.* ECF No. 187 (order adopting parties' revised case management schedule). Holding otherwise would contradict the Court's prior orders and prejudice Plaintiff, who reasonably relied on the Court's orders and the parties' agreement.

3

**II.     Defendants have not met the Rule 15 requirements for amendment.**

Rule 15 considerations also counsel strongly against Defendants' motion. Courts in this Circuit routinely deny motions submitted near the close of discovery, like this one, because "[t]o require plaintiff to prepare to oppose such defenses at this point in time would be unduly prejudicial." *Simmons v. Justice*, 196 F.R.D. 296, 297 (W.D.N.C. 2000); *Macsherry v. Sparrows Point, LLC*, Civ. Action No. ELH-15-22, 2016 WL 8669914, at *9 (D. Md. Oct. 28, 2016) ("Courts have been reluctant to allow amendment at late stages of litigation, where the moving party seeks to add claims that are not intimately related to the existing claims."). The deadline for the completion of discovery in this case is in eleven days, on May 1, 2023. *See* ECF No. 187.

The prejudice would be compounded by the fact that Defendants' proposed amendment "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party." *Macsherry*, 2016 WL 8669914 at *9; *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439 (4th Cir. 2011) ("The further the case progressed before judgment was entered, the more likely it is that the amendment will [be] prejudic[ial] . . . ."). Plaintiff has not performed an exhaustive search for documents relevant to mitigation efforts, nor has she served comprehensive mitigation-related discovery requests on Defendants, including attempts to secure other judiciary employment.

4

Such discovery could be revealing as to whether Defendants retaliated against Plaintiff, or otherwise damaged her reputation, by treating her with hostility when she applied for other judiciary employment. *See* Ex. B (emphasis added) (email from Frank Johns, the Clerk of Court for the WDNC, stating, "**YEA! That is one more off the chess board!**" in reference to Plaintiff withdrawing her application to be a *pro se* law clerk and response from Heather Beam, the EDR Investigator, stating, "**Yep — I think she would have been a true pain in the you know what :)**").

Moreover, Defendants' proposed amendment is futile. *See Nourison Rug Corp.*, 535 F.3d at 298 (motion to amend "should be denied" where the "amendment would be futile"). Defendants have not articulated what employment they believe Plaintiff should have pursued in her chosen field that would offer compensation comparable to what she would have received at the Federal Public Defender office. Indigent criminal defense is a highly specialized workforce for individuals, like Plaintiff, who demonstrate a commitment to this type of work. Outside of the Federal Public Defender office, there are no comparably compensated opportunities in this field. State public defenders are not highly compensated, and North Carolina, like many states, relies heavily on court-appointed attorneys to represent indigent criminal defendants. *See* Off. of Indigent Def. Servs., N.C. Gen. Assembly, Ann. Rep. of the Comm. on Indigent Def.

5

Servs., July 1, 2020 – June 30, 2021 (2022), https://webservices.ncleg.gov/ViewDocSiteFile/24319.  Thus, it is not unusual for attorneys, like Plaintiff, to make a career consisting of court-appointed indigent criminal defense work.

Defendants previously asserted that Plaintiff could pursue "certain private sector lawyer jobs," which they did not identify.  ECF No. 176, at 5.  But there is no "private sector" work in the indigent criminal defense field, by definition, because such work requires an appointment by the court.  Moreover, Plaintiff would have significant difficulty practicing in federal court in North Carolina.  The ethics department of the North Carolina Bar has advised that because she brought a legal complaint against the Fourth Circuit as her former employer, she cannot appear before the Fourth Circuit unless "all the parties and the court" — including the U.S. Attorney's Office and Defendant the Fourth Circuit — consent.  Ex. C. Defendants' assertion, that Plaintiff's continued efforts to pursue comparable work in her chosen field based on the opportunities available to her is a "failure to mitigate," is unreasonable and fails on its face.

## CONCLUSION

This Court should deny Defendants' motion to amend.

This the 20th day of April, 2023.

6

Case 1:20-cv-00066-WGY   Document 204   Filed 04/20/23   Page 6 of 8

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Olivia Warren
N.C. Bar No. 54525
Thomas, Ferguson & Beskind, LLP
119 East Main Street
Durham, North Carolina 27701
Tel: (919) 682-5648
E-mail: warren@tfblawyers.com

Philip Andonian
D.C. Bar No. 490792
CALEB ANDONIAN PLLC
1100 H Street., N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
phil@calebandonian.com

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

 Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

 Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

 Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

 Danielle Young at Danielle.young2@usdoj.gov

              */s/ Cooper Strickland*
              Cooper Strickland
              N.C. Bar No. 43242
              P.O. Box 92
              Lynn, NC 28750
              Tel. (828) 817-3703
              cooper.strickland@gmail.com

8

Case 1:20-cv-00066-WGY   Document 204   Filed 04/20/23   Page 8 of 8