IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MOTION TO EXCLUDE BELATEDLY DISCLOSED WITNESSES OR, IN THE ALTERNATIVE, TO PERMIT DEFENDANTS TO TAKE THEIR DEPOSITIONS

On the very last day of discovery, after the close of business, Plaintiff served a supplemental interrogatory response that disclosed four additional trial witnesses, each of whom had been known to Plaintiff for years. More than six months earlier, Defendants had served an interrogatory asking Plaintiff to identify the witnesses she expected to call at trial, yet Plaintiff waited until the final hours of the discovery period to supplement her interrogatory response with these witnesses. The Federal Rules do not permit such gamesmanship. The Court should exclude the testimony of these belatedly disclosed witnesses from summary judgment and trial. In the alternative, the Court should permit Defendants to take their depositions. On May 4, 2023 and May 5, 2023, Defendants' counsel asked Plaintiff's counsel for Plaintiff's position on this Motion. On May 5, 2023, Plaintiff's counsel stated that Plaintiff was still considering her position.

## BACKGROUND

Plaintiff's initial disclosures in this case listed 52 persons likely to have discoverable information. *See* Ex. A. Given the very large number of witnesses identified by Plaintiff,

1

Defendants served an interrogatory asking Plaintiff to identify the witnesses she expected to call at trial, so that Defendants would know which witnesses to depose. Specifically, Defendants' Interrogatory Two, served on October 18, 2022, reads as follows:

> State the name, address, and telephone number of each person you expect to call as a witness at trial in this case; the nature and substance of the witness's expected testimony; and the witness's relationship or connection to you (e.g., friend, relative, employer, co-worker).

Ex. B at 3.

Plaintiff served her response to Interrogatory Two on December 19, 2022. Ex. C. That response identified 22 potential trial witnesses. Ex. C at 12-19. Defendants relied on Plaintiff's response when deciding which witnesses to depose.

Fact discovery closed on May 1, 2023. ECF No. 187. At 5:03 pm that day, Plaintiff's counsel served an amended response to Interrogatory Two, listing four additional witnesses: Rahwa Gebre-Egziabher, Jeffrey King, Cecilia Oseguera, and Fredilyn Sison. Ex. D. The response did not include any information about the nature and substance of the witness's expected testimony, as requested by Interrogatory Two. *Id*.

## ARGUMENT

The Court should exclude the testimony of these four witnesses at summary judgment and trial for untimely disclosure. Plaintiff's disclosure of these witnesses in the final hours of discovery has made it impossible for Defendants to depose or otherwise conduct discovery on these witnesses. Plaintiff has known about these individuals for years, and her eleventh-hour disclosure of them as trial witnesses is unreasonable and inconsistent with the Federal Rules.

Pursuant to Rule 26(e)(1), a party "who has responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional

or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack and Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Here, these factors favor a finding that Plaintiff's untimely disclosure was not substantially justified or harmless. First, Defendants were surprised by Plaintiff's last-minute disclosure of these witnesses. Although the witnesses were among the 52 individuals listed in Plaintiff's initial disclosures, the entire purpose of Defendants' Interrogatory Two was to avoid surprise by seeking the identity of the witnesses that Plaintiff actually anticipated calling at trial. Because these witnesses were not included in Plaintiff's initial response to Interrogatory Two, Defendants reasonably determined it was unnecessary to depose them. Moreover, because Plaintiff disclosed these witnesses on the last day of discovery, Defendants lack the ability to cure the surprise by deposing them. *See Mass Probiotics, Inc. v. Asceptic Tech., LLC*, 2017 U.S. Dist. LEXIS 223447, at *14 (C.D. Cal. Dec. 21, 2017) ("[L]ate disclosure of information required by Rule 26(a) is not harmless where it requires discovery to be reopened and a new schedule to be created.").

3

Case 1:20-cv-00066-WGY   Document 211   Filed 05/05/23   Page 3 of 5

Next, the "importance of the evidence" to Plaintiff's case is minimal. *See Southern States*, 318 F.3d at 597; *see also Wiseman v. Wal-Mart Stores, Inc.*, No. 2017 U.S. Dist. LEXIS 152563, at *13-14 (D. Md. Sep. 19, 2017) (decreased importance of witness testimony supported excluding the testimony under Rule 37(c)(1)). Indeed, Plaintiff did not cite these witnesses' testimony in the summary judgment motions that Plaintiff has previously filed in this case, or in Plaintiff's preliminary injunction motion. *See* ECF Nos. 60-1, 76-1, 84, 97, 116-1, 125-1, 138, 139. Thus, Plaintiff cannot now credibly contend that the testimony is actually important to her case. Finally, there is no legitimate explanation for Plaintiff's untimely supplementation and identification of these witnesses. On the contrary, the fact that Plaintiff waited until the final hours of discovery to disclose them as trial witnesses raises serious questions about whether the timing of the disclosure was a strategic decision intended to block Defendants from conducting appropriate discovery.

Courts have excluded witnesses in similar situations. For example, in *Dykes v. Cleveland Nursing & Rehab. Ctr.*, 2018 U.S. Dist. LEXIS 103130 (N.D. Miss. June 20, 2018), the defendant served an interrogatory seeking a list of the plaintiff's "'may call' witnesses and a summary of each witness' proposed testimony." *Id*. at *3. Months later, after the close of discovery, the plaintiff identified additional witnesses in response to the interrogatory. *Id*. at *4-5. The court found that supplementation of the interrogatory response was untimely because it was not made "as soon as possible," *id*. at *10, and the court excluded the witnesses, *id.* at *15; *see also Garcia v. Fickling Mgmt. Servs.*, 2016 U.S. Dist. LEXIS 204909, at *5 (S.D. Miss. Dec. 13, 2016) (excluding witnesses because the identification of them on the last day of discovery kept the opposing party from being able to depose them). Accordingly, the Court should exclude Plaintiff's belatedly disclosed witnesses in this case as well.

4

If the Court does not exclude these witnesses, at minimum, it should permit Defendants to take their depositions and serve subpoenas on them, prior to trial. "The basic purpose of the federal rules, particularly those concerning discovery and disclosure, is to eliminate trial by ambush[.]" *Ginns v. Towle*, 361 F.2d 798, 801 (2d Cir. 1966). Plaintiff should not be rewarded for her last-minute disclosure of these trial witnesses, and basic fairness requires Defendants be given an opportunity to conduct discovery about them before trial.

## **CONCLUSION**

For the foregoing reasons, the Court should exclude the testimony of Rahwa Gebre-Egziabher, Jeffrey King, Cecilia Oseguera, and Fredilyn Sison from summary judgment and trial. In the alternative, the Court should allow Defendants to take their depositions and serve subpoenas on them, prior to trial.

Dated: May 5, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
MADELINE MCMAHON
RACHAEL WESTMORELAND
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*