# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants direct the following Requests for Interrogatories to Plaintiff. A written response shall be served on counsel for Defendants within thirty (30) days from the date of service of these Interrogatories in accordance with that Rule.

## DEFINITIONS

1. "Any" or "Each" shall be understood to include "all"; "or" shall be understood to include "and"; and "and" shall be understood to include "or."

2. The connectives "and" and "or" shall be understood either conjunctively or disjunctively as necessary to bring within the scope of the Document Request all responses that might otherwise be construed to be outside of its scope.

3. The singular shall be understood to include the plural and vice versa.

4. The terms and phrases "constituting," "reflecting," "evidencing," "concerning," "relating to," and "regarding" mean in whole or in any part alluding to, responding to, concerning, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing,

1

reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, or tending to support or discredit.

5. The term "Complaint" means the Complaint filed in the above-captioned case on March 3, 2020, and any amendments thereto.

6. The terms "Plaintiff" and "you" (and their possessive variations) mean Caryn Devins Strickland, as well as her counsel, agents, representatives, consultants, and/or any other person or entity in possession of the information sought to which Ms. Strickland has a right or that she may obtain as a matter of course.

7. The term "Defendants" means the official-capacity defendants identified in the Complaint.

## INSTRUCTIONS

1. If you claim a privilege or other form of legal protection from discovery as a basis for not responding to any of these Interrogatories in full or in part, provide a separate privilege log with each entry providing sufficient detail to permit Defendants to evaluate the merits of the assertion of privilege.

2. If you assert an objection to any Interrogatory, or to any part thereof, and information is not provided on the basis of such assertion, please describe the basis of the objection in sufficient detail to permit Defendant to evaluate its merits.

3. If, in responding to these Interrogatories, you encounter what you deem to be an ambiguity when construing any Interrogatory, instruction, or definition, please set forth the matter deemed ambiguous and the construction used in answering. An ambiguity shall not be a basis for withholding information responsive to an Interrogatory as constructed.

2

4. If you contend that any part or subpart of an Interrogatory constitutes a discrete subpart as that term is used in Federal Rule of Civil Procedure 33(a)(1), answer the Interrogatory in full with the exception of the purported discrete subpart, identify in your answer the part or subpart not answered, and explain the basis of your contention that it constitutes a discrete subpart.

5. Supplement your responses to these Interrogatories as required by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1. Identify by name, address, and telephone number all unnamed individuals referenced in the Complaint, including but not limited to the "Team Leader" referenced in paragraph 53, the "administrative officer" referenced in paragraph 57, the "employee" referenced in paragraph 58, the "coworkers" referenced in paragraph 73, the "coworker" referenced in paragraph 74, the "attorney" referenced in paragraph 117, the "mentor" referenced in paragraph 123, the "Fair Employment Opportunity Officer" referenced in paragraph 158, the "Appellate Chief" referenced in paragraph 170, the "attorney" referenced in paragraph 175, the "attorney" referenced in paragraph 179, the "employees" referenced in paragraph 179, the "other female employees" referenced in paragraph 180, the "Chief of Defender Services" referenced in paragraph 187, the "Deputy Director" referenced in paragraph 187, the "Human Resources Specialist" referenced in paragraph 213, the "[o]ther employees" referenced in paragraph 255, the "[o]ther employees" referenced in paragraph 347, the "Mediator" referenced in paragraph 413, and the "Judicial Integrity Officer" referenced in paragraph 427.

2. State the name, address, and telephone number of each person you expect to call as a witness at trial in this case; the nature and substance of the witness's expected testimony; and the witness's relationship or connection to you (*e.g.*, friend, relative, employer, co-worker).

3. State all facts supporting your contention that Defendants violated your constitutional right to due process.

4. State all facts supporting your contention that Defendants violated your constitutional right to equal protection.

5. State all facts supporting your contention that you were constructively discharged from employment with the Federal Defender's Office for the Western District of North Carolina.

6. State all facts supporting your contention that one or more conflicts of interest existed in connection with the processing of your Employment Dispute Resolution claims.

7. State all facts supporting your contention that the investigation into your Employment Dispute Resolution claims was inadequate.

8. Describe in detail all acts by any Defendant that you contend constituted harassment, discrimination, retaliation, or deliberate indifference toward you.

9. List each of the Defendants. Then, for each Defendant, describe in detail the actions that you contend give rise to liability for that particular Defendant in this case.

10. Describe in detail all interactions, if any, you had with J.P. Davis between August 10, 2018 and March 15, 2019.

11. State all facts supporting your contention that "Roe's understanding was that she would transition to an assistant federal public defender position within a few months of her start date," as alleged in paragraph 44 of the Complaint.

12. State all facts supporting your contention that "the Defender condoned, encouraged, and participated in a toxic workplace culture of discrimination, harassment, and retaliation," as alleged in paragraph 47 of the Complaint.

13. State all facts supporting your contentions that "[f]emale employees were treated in a sexist and discriminatory manner" and "[f]emale employees were also targeted for bullying and abusive behavior," as alleged in paragraphs 60 and 61 of the Complaint.

14. State all facts supporting your contentions that "On August 20, 2018, Roe was informed she would be prohibited from seeking any further guidance about her rights from the FEOO" and "Roe was told that the Defender was furious at her for reporting the harassment to the AO," as alleged in paragraphs 222 and 223 of the Complaint.

15. Describe any attempts you have made to mitigate any alleged harm for which you seek relief in this action. If you have sought to obtain other employment as part of your mitigation efforts, state the name, address, and telephone number of each person or entity with whom you have applied or interviewed for employment, specifying the dates of such application, the job title of the position sought, and the rate of pay for the position.

16. List all sources of income you have received since leaving employment with the Federal Defender's Office for the Western District of North Carolina, and the amounts received.

17. If you have received any non-salary benefits or payments after March 15, 2019, including but not limited to social security disability benefits, retirement benefits, severance payments, workers' compensation time loss payments, and unemployment benefits, please state the source, the date, and the amount.

18. If you contend that you sustained a physical or mental injury, condition, or disability as a result of Defendants' actions alleged in the Complaint, state the nature of the injury, condition, or disability, the dates on which the injury, condition, or disability began and ended, the nature and duration of any treatment for the injury, condition, or disability, and the name, address,

and telephone number of any other person involved or any healthcare provider whom you consulted or who examined or treated you for the injury, condition, or disability.

19. State whether you have ever filed any claims (administrative or judicial) relating to your employment with any employer, including, but not limited to, claims before the Equal Employment Opportunity Commission or Merit Systems Protection Board, other than the claims at issue in this case. For each complaint, identify the agency and/or employer against which the claim was filed, the individual named in the complaint as responsible for adversely affecting you, the date of the filing, the nature of the complaint, and its current status or disposition.

Dated: October 18, 2022 

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

 /s/ Joshua M. Kolsky
JOSHUA M. KOLSKY
RACHAEL L. WESTMORELAND
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-7664
E-mail: joshua.kolsky@usdoj.gov

*Counsel for Defendants*

6

Case 1:20-cv-00066-WGY   Document 211-2   Filed 05/05/23   Page 6 of 6