IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,     )
                             )
    Plaintiff,               )
                             )
v.                           )
                             )
UNITED STATES OF AMERICA, et al., )
                             )
    Defendants.              )

## MOTION TO STRIKE PRIVILEGE ASSERTION
## AND TO COMPEL DEPOSITION TESTIMONY

At Plaintiff's recent deposition in this matter, Plaintiff testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ Plaintiff then proceeded to answer additional questions on that topic. Later in the deposition, however, Plaintiff's counsel asserted an unspecified privilege over additional questions on the topic and instructed Plaintiff not to answer them. Pursuant to the Court's recent order providing additional time for the parties to resolve this privilege issue, Plaintiff is now taking the position that responses to the entire line of questioning on this subject—including the testimony she already provided—are protected by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Plaintiff, however, has entirely failed to justify her assertion of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Moreover, Plaintiff waived those privileges—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—by voluntarily testifying about the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, the Court should strike Plaintiff's

1

privilege assertion and order her to respond to the questions that she refused to answer at her deposition.

Defendants' counsel asked Plaintiff's counsel for Plaintiff's position on this motion. Plaintiff's position is as follows: "Based on the information currently available to Plaintiff, she opposes Defendants' motion and intends to file a response after reviewing the motion."

## BACKGROUND

Defendants' counsel deposed Plaintiff in this matter on April 25, 2023. During that deposition, Defendants' counsel asked Plaintiff about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and Plaintiff responded to those questions. Ex. A at 131:18-133:17. Defendants' counsel then asked Plaintiff ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



[REDACTED]

*Id*. at 134:4-20.

Later in the deposition, Defendants' counsel asked Plaintiff additional questions on this topic. *Id*. at 166:24-167:1. [REDACTED]

*Id.* at 167:16-20.

Defendants' counsel then asked additional questions regarding [REDACTED]

On May 1, 2023, the parties jointly moved for a limited extension of the discovery period to resolve the outstanding privilege issue. ECF No. 208. The parties requested that Plaintiff be given until May 8, 2023 to determine whether to assert privilege, what privilege to assert, and the scope of the privilege, and that Defendants have until May 15, 2023, to challenge any privilege assertion made by Plaintiff with respect to this issue. *Id*. at 3. The parties further proposed that if no privilege assertion is made, or if the Court grants Defendants' challenge to any privilege assertion made with respect to this issue, that Plaintiff's deposition be re-opened for a time period not to exceed one hour for the limited purpose of obtaining answers to questions on this topic; or,

3

in the alternative, that Plaintiff be ordered to respond under oath to written questions with respect to this matter. *Id.* The Court granted the parties' Motion on May 5, 2023. ECF No. 209.

On May 8, 2023, Plaintiff's counsel sent a letter to Defendants' counsel regarding the privilege issue. Ex. B. The letter asserts ███████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

## LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure provides that, where a deponent fails to answer a question asked during a deposition, "[a] party seeking discovery may move for an order compelling an answer." Fed. R. Civ. P. 37(B)(i). "A motion to compel discovery is addressed to the sound discretion of the district court." *LaRouche v. Nat'l Broadcasting Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986).

## ARGUMENT

I. **Plaintiff Has Failed to Establish a Basis to Apply** ███████████████
█████████████████████████████████████████████

Plaintiff has failed to meet her burden to establish a basis for the ████████████

███████████████████████████████████████████████████████████████████

████████████ When a party withholds information from discovery on the basis of privilege, the party is required to: (1) "expressly make the claim," and (2) "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). "A party's conclusory assertion that a document is

4

privileged is inadequate to meet the burden imposed by Rule 26(b)(5)(A)." *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232 (S.D. W. Va. 2015).

Here, Plaintiff has not provided a privilege log or otherwise described the basis for the privileges she asserts. Instead, her letter merely invokes the privileges without explaining what facts might support the application of those privileges.[1] Indeed, the entirety of the letter's discussion of the ███████████████████████████████████████████████

███████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████

Ex. B.

Plaintiff's counsel's two-sentence listing of these privileges is plainly insufficient to demonstrate their applicability to the discovery at issue. Plaintiff has not even attempted to do what the Federal Rules require—"describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Her "conclusory assertion" that the testimony is privileged "is inadequate to meet the burden imposed by Rule 26(b)(5)(A)." *Johnson*, 309 F.R.D. at 232.

This is particularly true given that there is no apparent basis for the assertion of the ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[1] ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████

5



Accordingly, Plaintiff has entirely failed to justify her assertion of the ███████ ████████████████████████████████████████. The Court should strike Plaintiff's assertion of those privileges.

II. **Plaintiff Has Waived Any Potentially Applicable Privilege**

To the extent that any privileges ████████████████████████ might apply here, those privileges were waived when Plaintiff voluntarily testified about the ████████

---

2 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

6

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

Here, Plaintiff—an experienced attorney—voluntarily testified that ████████████ ████████████████████████████████ and then responded to additional questions on that topic, including questions about ████████████████ ████████████████████████████████ Ex. A at 134:4-20. Her counsel did not object to those questions and Plaintiff willingly provided testimony in response to them. Plaintiff cannot decide now—*after* she provided the testimony—that her testimony was actually protected by privilege. Accordingly, the Court should strike Plaintiff's assertion of privilege over the testimony that Plaintiff already voluntarily provided. *See id.*

Moreover, Plaintiff's waiver extends not only to the testimony she provided, but to the questions she declined to answer at the deposition. *See id*. at 168:17-169:12. ████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

7

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████

Here, too, Plaintiff cannot pick and choose which aspects of the ███████████ ████████ she will disclose and which she will refuse to answer. By voluntarily testifying about the matter, she has waived any applicable privileges.

Accordingly, the Court should strike Plaintiff's privilege assertion and order Plaintiff to respond to the questions on pages 168-169 of the deposition transcript. The testimony is not privileged, and it is highly relevant to the litigation because it relates to ████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████

8

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████

## **CONCLUSION**

For the foregoing reasons, the Court should strike Plaintiff's assertion of privilege and permit Defendants to reopen her deposition for the limited purpose of obtaining answers to questions on this topic; or, in the alternative, order Plaintiff to respond under oath to written questions with respect to this matter.

Dated: May 15, 2023	Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
MADELINE MCMAHON
RACHAEL WESTMORELAND
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*