IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**CONSENT MOTION TO SEAL**

Defendants respectfully move pursuant to Local Civil Rule 6.1 and Federal Rule of Civil Procedure 26(b)(5)(B) seeking authorization to file under seal an unredacted copy of Defendants' Motion to Strike Privilege Assertion and to Compel Deposition Testimony. A redacted version of that Motion was filed today at ECF No. 212. Defendants' counsel asked Plaintiff's counsel for Plaintiff's position on this motion. Plaintiff's counsel responded that Plaintiff consents to Defendants' request to seal.

For motions to seal, the Fourth Circuit requires the court to (1) determine the source of the public right of access to the documents to be sealed; (2) give the public notice of a request to seal and a reasonable opportunity to challenge it and consider less drastic alternatives to sealing; and (3) provide specific reasons and factual findings supporting its decision to seal the documents. *See, e.g., Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 179-80 (4th Cir. 1988).

The Fourth Circuit has held that the public enjoys a qualified right of access under the First Amendment to court opinions on summary judgment, the materials a court relies on in adjudicating summary judgment motions, and documents filed in connection with plea and sentencing hearings.

1

*Doe v. Pub. Citizen*, 749 F.3d 246, 267, 269 (4th Cir. 2014). In contrast, the public does not necessarily have a First Amendment right of access to every document filed with the Court. *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 252-3 (4th Cir. 1988) (noting instances in which certain nonsubstantive filings like discovery materials should be kept under seal); *In re Policy Mgt. Sys. Corp.*, 67 F.3d 296 (4th Cir. 1995) (per curiam) (reversing decision to unseal documents and noting that documents become "judicial documents" warranting common law and First Amendment rights of access when a document is used in determining litigants' "substantive rights") (emphasis added); *Kinetic Concepts, Inc. v. Convatec Inc.*, 2010 U.S. Dist. LEXIS 32940, at *37 (M.D.N.C. Apr. 2, 2010) (analyzing Fourth Circuit authority to find that no public right of access attaches to items attached in support of discovery motion even under common law standard).

In order to seal a document in this District, Local Rule 6.1(c) provides that a motion to seal must set forth:

> (1) A non-confidential description of the material sought to be sealed;
>
> (2) A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>
> (3) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material under seal and how the matter is to be handled upon unsealing; and
>
> (4) Supporting statutes, case law, or other authority.

LCvR 6.1(c).

In this matter, each of LCvR 6.1(c)'s four requirements supports sealing Defendants' Motion:

**(1) Non-Confidential Description of the Material Sought to be Sealed**

The Motion sought to be sealed challenges Plaintiff's privilege assertion regarding testimony provided and questions asked during her deposition in this matter on April 25, 2023. At that deposition, Defendants' counsel asked Plaintiff a series of questions regarding a particular topic. Plaintiff responded to some of those questions, but Plaintiff's counsel instructed Plaintiff not to answer others on the basis of privilege until the privilege determination, including the scope of the privilege, could be made.

On May 1, 2023, the parties jointly moved for a limited extension of the discovery period to resolve the outstanding privilege issue. ECF No. 208. The parties requested that Plaintiff be given until May 8, 2023 to determine whether to assert privilege, what privilege to assert, and the scope of the privilege and that Defendants have until May 15, 2023, to challenge any privilege assertion made by Plaintiff with respect to this issue. *Id*. at 3. The Court granted the parties' Motion on May 5, 2023. ECF No. 209.

On May 8, 2023, Plaintiff's counsel sent a letter to Defendants' counsel asserting privilege over certain testimony Plaintiff provided at the deposition and over related questions that Plaintiff declined to answer pursuant to her counsel's objection and instruction not to answer. Today, Defendants filed a redacted motion challenging that privilege assertion. ECF No. 212. The information redacted in the Motion includes the testimony that Plaintiff provided and the related questions she declined to answer, as well as discussions of that information.

**(2) Why Sealing is Necessary**

Filing the Motion under seal is necessary to protect against disclosure of the information over which Plaintiff has asserted privilege. Although Defendants dispute that the information is privileged, the information should not be publicly disclosed until the Court has resolved the dispute

and determined whether the information is or is not privileged. There is no alternative to filing the Motion under seal because the Court cannot rule on the privilege assertion without seeing the unredacted copy of the Motion.

**(3) Permanent Sealing is Requested**

Defendants request that the Motion be sealed at least until the Court has ruled on the Motion. If the Court grants the Motion in full or in part and strikes Plaintiff's privilege assertion, Defendants propose that the Motion be unsealed at that time. If the Court denies the Motion and upholds Plaintiff's privilege assertion in full, Defendants propose that the Motion remain permanently sealed.

**(4) Supporting Statutes, Case Law, or Other Authority**

This Motion to Seal is based on Federal Rule of Civil Procedure 26(b)(5)(B), which states:

> Information Produced. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Accordingly, the Federal Rules expressly permit a party who has received information that is subject to a claim of privilege to "present the information to the court *under seal* for a determination of the claim." *Id*. (emphasis added). Sealing Defendants' Motion therefore would be consistent with the Federal Rules.

## **CONCLUSION**

For the foregoing reasons, the Court should permit Defendants to file an unredacted copy of their Motion to Strike Privilege Assertion and to Compel Deposition Testimony under seal.

Dated: May 15, 2023                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
MADELINE MCMAHON
RACHAEL WESTMORELAND
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*