IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE BELATEDLY DISCLOSED WITNESSES OR, IN THE ALTERNATIVE, TO PERMIT DEFENDANTS TO TAKE THEIR DEPOSITIONS**

In response to Defendants' Motion to Exclude Belatedly Disclosed Witnesses, or, in the Alternative, to Permit Defendants to Take Their Depositions, ECF No. 211, Plaintiff Caryn Devins Strickland hereby states the following:

Defendants have failed to disclose material information to this Court regarding the basis for their motion. Specifically, Defendants did not produce critical information relevant to this motion, which Plaintiff requested in discovery beginning on August 10, 2022, until within one month of the Court-ordered extended discovery deadline of May 1, 2023. Defendants did not fully respond to the relevant interrogatory and production request until March 30, 2023 and April 19, 2023, respectively. Prior to receiving their responses, Plaintiff could not make an informed decision on whether to call the listed individuals as witnesses at trial.

1

Indeed, at this time, Plaintiff is still unsure whether she will call these individuals as witnesses, but she supplemented her interrogatory response out of an abundance of caution and in the interest of full transparency. *See* Fed. R. Civ. P. 26(e)(1)(A) (requiring timely supplement to interrogatory response). Given that all four of these individuals are current or former employees of the Federal Defender Office, and Defendants themselves possess all relevant information regarding these individuals for purposes of this litigation, Defendants cannot reasonably claim unfair surprise by Plaintiff's prompt disclosure of the individuals as potential witnesses in response to Defendants' belated discovery disclosures.

Plaintiff has complied with all requirements for disclosure of witnesses, including in her initial disclosures. *See* ECF No. 211, at 2 (acknowledging that the individuals were "listed in Plaintiff's initial disclosures"). The Federal Rules of Civil Procedure do not require disclosure of the witnesses "the party expects to present" or that the party "may call if the need arises" until 30 days before trial. Fed. R. Civ. P. 26(a)(3)(A)–(B). Indeed, Defendants' demand for Plaintiff's witnesses at this stage is completely hypocritical, as Defendants themselves refused to respond to the same interrogatory from Plaintiff, claiming that it was "premature" to disclose their witnesses during ongoing discovery. To date, Defendants have never supplemented their interrogatory response to disclose *any* trial witnesses, even though discovery is over. *See* Ex. A (Defendants'

2

Interrogatory Response). Based on their own reasoning, Defendants should now be excluded from presenting any witnesses at summary judgment or trial, since they did not disclose any witnesses in response to Plaintiff's interrogatory. *See* ECF No. 211, at 2 ("The Court should exclude the testimony of these four witnesses at summary judgment and trial for untimely disclosure. . . . . Plaintiff has known about these individuals for years, and her eleventh-hour disclosure of them as trial witnesses is unreasonable and inconsistent with the Federal Rules."). Defendants instead stated that they would disclose witnesses "in the time frames provided" by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable court orders. Ex. A. At a minimum, Plaintiff should be held to the same standard regarding the timeliness of disclosure of her trial witnesses.

In short, contrary to being "gamesmanship," Plaintiff's timely supplementation of interrogatory responses in the interest of full disclosure evinces an effort to go above and beyond what the rules require. ECF No. 211, at 1. If Defendants are unsatisfied with the timing of Plaintiff's supplemental interrogatory response, their own dilatory conduct during discovery is the cause.

Defendants' motion should be denied.

This the 19th day of May, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Wolfson Young at danielle.young2@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com