# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

### REPLY IN SUPPORT OF MOTION TO EXCLUDE BELATEDLY DISCLOSED WITNESSES OR, IN THE ALTERNATIVE, TO PERMIT DEFENDANTS TO TAKE THEIR DEPOSITIONS

Defendants moved to exclude four of Plaintiff's witnesses, or to allow Defendants to depose them, after Plaintiff served a supplemental interrogatory response that identified them as trial witnesses in the final hours of discovery on May 1, 2023. ECF No. 211. Plaintiff's cursory opposition fails to offer any persuasive justification for denying Defendants' Motion. ECF No. 220. Accordingly, the Court should grant the Motion and exclude the testimony of the four witnesses from summary judgment and trial. In the alternative, the Court should allow Defendants to take their depositions and serve subpoenas on them, prior to trial.

Plaintiff first contends that "Defendants did not produce critical information relevant to this motion, which Plaintiff requested in discovery beginning on August 10, 2022, until within one month of the Court-ordered extended discovery deadline of May 1, 2023." Opp'n at 1. Plaintiff does not specify what "critical information" she is referring to, but Defendants presume that it is

███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████

1



Next, Plaintiff argues that she was not required to respond to Defendants' interrogatory because the Federal Rules specify a timeline for the disclosure of trial witnesses. Opp'n at 2. But Plaintiff did not object to the interrogatory on that basis. *See* Motion, Ex. C at 11-12 (ECF No. 211-3). Plaintiff cannot defend her untimely interrogatory response on the basis of an objection she never raised. Any such objection, moreover, would have been unsustainable. Given that Plaintiff listed an excessive number of potential witnesses in her initial disclosures, it was entirely reasonable for Defendants to inquire through an interrogatory about which witnesses Plaintiff actually expected to call at trial, so that Defendants could make decisions about which witnesses to depose. In contrast to Plaintiff, Defendants *did* object to Plaintiff's interrogatory seeking Defendants' trial witnesses, on the basis of the timeframe for disclosure in the Federal Rules. Opp'n Ex. A (ECF No. 220-1). Defendants had identified nine witnesses in their initial disclosures (in contrast to the 52 witnesses disclosed in Plaintiff's initial disclosures), so it was unnecessary

---

1
2

for Defendants to indicate during discovery which of those witnesses Defendants expected to call at trial.

Finally, Plaintiff fails to dispute Defendants' argument that the four witnesses Plaintiff disclosed on the final day of discovery have minimal importance to Plaintiff's case. Mot. at 4. That, too, supports granting Defendants' Motion. *See Wiseman v. Wal-Mart Stores, Inc.*, No. 2017 U.S. Dist. LEXIS 152563, at *13-14 (D. Md. Sep. 19, 2017) (decreased importance of witness testimony supported excluding the testimony under Rule 37(c)(1)).

Accordingly, the Court should exclude the four witnesses in question. At minimum, Defendants should be allowed to take their depositions and serve subpoenas on them, prior to trial.

Dated: May 26, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
MADELINE MCMAHON
RACHAEL WESTMORELAND
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*