IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MOTION TO SEAL

Defendants respectfully move pursuant to Local Civil Rule 6.1 and Federal Rule of Civil Procedure 26(b)(5)(B) seeking authorization to file under seal an unredacted copy of Defendants' Reply in Support of Motion to Exclude Belatedly Disclosed Witnesses Or, in the Alternative, to Permit Defendants to Take Their Depositions, and supporting exhibits. A redacted version was filed today at ECF No. 222. Defendants' counsel asked Plaintiff's counsel for Plaintiff's position on this motion. Plaintiff's counsel responded that based on Plaintiff's understanding of the Motion, "Plaintiff does not oppose the motion to seal at this time, but reserves the right to file a response to Defendants' motion, if necessary, after reviewing the filing."

For motions to seal, the Fourth Circuit requires the court to (1) determine the source of the public right of access to the documents to be sealed; (2) give the public notice of a request to seal and a reasonable opportunity to challenge it and consider less drastic alternatives to sealing; and (3) provide specific reasons and factual findings supporting its decision to seal the documents. *See, e.g., Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 179-80 (4th Cir. 1988).

1

The Fourth Circuit has held that the public enjoys a qualified right of access under the First Amendment to court opinions on summary judgment, the materials a court relies on in adjudicating summary judgment motions, and documents filed in connection with plea and sentencing hearings. *Doe v. Pub. Citizen*, 749 F.3d 246, 267, 269 (4th Cir. 2014). In contrast, the public does not necessarily have a First Amendment right of access to every document filed with the Court. *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 252-3 (4th Cir. 1988) (noting instances in which certain nonsubstantive filings like discovery materials should be kept under seal); *In re Policy Mgt. Sys. Corp.*, 67 F.3d 296 (4th Cir. 1995) (per curiam) (reversing decision to unseal documents and noting that documents become "judicial documents" warranting common law and First Amendment rights of access when a document is used in determining litigants' "substantive rights") (emphasis added); *Kinetic Concepts, Inc. v. Convatec Inc.*, 2010 U.S. Dist. LEXIS 32940, at *37 (M.D.N.C. Apr. 2, 2010) (analyzing Fourth Circuit authority to find that no public right of access attaches to items attached in support of discovery motion even under common law standard).

In order to seal a document in this District, Local Rule 6.1(c) provides that a motion to seal must set forth:

> (1) A non-confidential description of the material sought to be sealed;
>
> (2) A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>
> (3) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material under seal and how the matter is to be handled upon unsealing; and
>
> (4) Supporting statutes, case law, or other authority.

LCvR 6.1(c).

2

Case 1:20-cv-00066-WGY    Document 223    Filed 05/26/23    Page 2 of 5

In this matter, each of LCvR 6.1(c)'s four requirements supports sealing the materials:

**(1) Non-Confidential Description of the Material Sought to be Sealed**

The material sought to be sealed is an unredacted copy of Defendants' reply in support of their Motion to Exclude Belatedly Disclosed Witnesses Or, in the Alternative, to Permit Defendants to Take Their Depositions, and supporting exhibits. Defendants' Motion seeks to exclude four of Plaintiff's witnesses, or to allow Defendants to depose them, after Plaintiff served a supplemental interrogatory response that identified them as trial witnesses in the final hours of discovery. ECF No. 211. The information redacted in Defendants' Reply and exhibits includes a discussion of claims filed under the Fourth Circuit's Employment Dispute Resolution ("EDR") process by individuals who are not parties to this case.

**(2) Why Sealing is Necessary**

Filing the Reply and exhibits under seal is necessary to protect against disclosure of certain information about non-parties' participation in the EDR process. Employees have a right to confidentiality under the EDR Plan. *See* Fourth Circuit EDR Plan § V(B)(1) (2020) ("All individuals involved in the processes under this Plan must protect the confidentiality of the allegations of wrongful conduct.").[1] There is no alternative to filing the materials under seal.

**(3) Permanent Sealing is Requested**

Defendants request that the Motion be sealed permanently because the EDR Plan's confidentiality provision does not contain time limitation.

**(4) Supporting Statutes, Case Law, or Other Authority**

This Motion to Seal is based on the Fourth Circuit EDR Plan, which states in part:

---

[1] *See* https://www.ca4.uscourts.gov/docs/pdfs/fourthcircuitfinaledrplanwithorder2020.pdf?sfvrsn=ac2fba09_2.

3

Confidentiality. All individuals involved in the processes under this Plan must protect the confidentiality of the allegations of wrongful conduct. Information will be shared only to the extent necessary and only with those whose involvement is necessary to address the situation in accord with this Plan. An assurance of confidentiality must yield when there is reliable information of wrongful conduct that threatens the safety or security of any person or that is serious or egregious such that it threatens the integrity of the Judiciary; however such shall be only in accord with the provisions of this Plan or with the express authorization of the Chief Judge. The Office of the Circuit Mediator and the Office of the Circuit Director of Workplace Relations may share information on EDR matters with each other and with the Chief Judge.

Confidentiality obligations of this Plan and in the Code of Conduct for Judicial Employees concerning use or disclosure of confidential information received in the course of official duties do not prevent nor should they discourage Employees from reporting or disclosing wrongful conduct, including sexual, racial, or other forms of discriminatory harassment by a Judge, supervisor, or other person in accord with this Plan.

Supervisors, Unit Executives, and Judges must take appropriate action when they learn of reliable information of wrongful conduct, such as sexual, racial, or other discriminatory harassment, which may include informing the Chief Judge. In addition, if an investigation, hearing, or other process under this Plan involves confidential client information or information that is otherwise protected from disclosure by attorney-client, work-product, or other privilege, individuals involved in the processes under this Plan must take appropriate action to protect and maintain the privilege and confidentiality afforded to that information.

Fourth Circuit EDR Plan § V(B)(1) (2020).

## **CONCLUSION**

For the foregoing reasons, the Court should permit Defendants to file an unredacted copy of their Reply brief and supporting exhibits under seal.

Dated: May 26, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

4

Case 1:20-cv-00066-WGY   Document 223   Filed 05/26/23   Page 4 of 5

/s/ Joshua Kolsky
JOSHUA KOLSKY
Senior Trial Counsel
MADELINE MCMAHON
RACHAEL WESTMORELAND
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*