IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY

Pursuant to Local Rule 7.1(e), Plaintiff respectfully requests leave to file the following surreply in opposition to Defendants' "Motion to Exclude Belatedly Disclosed Witnesses or, in the Alternative, to Permit Defendants to Take Their Depositions," ECF Nos. 211, 222.

Although the purpose of Defendants' Reply is ostensibly to address arguments in Plaintiff's Response to Defendants' "Motion to Exclude Belatedly Disclosed Witnesses or, in the Alternative, to Permit Defendants to Take Their Depositions," ECF No. 220, it appears from their redacted filing that Defendants have improperly expanded the scope of their Motion to assert a substantive argument regarding the potential testimony of these witnesses at trial. This discussion is not within the scope of Defendants' original motion or Plaintiff's Response, which were both limited to procedural arguments regarding the timing of Plaintiff's supplemental interrogatory response. Complicating the matter further is the fact that Defendants did not serve Plaintiff with an unredacted copy of their Reply, leaving her to speculate about its content.

Defendants' expansion of the scope of their original Motion provides grounds to file a surreply. Under Local Rule 7.1, a movant "must state with particularity the grounds for the motion and the relief or order sought." LCvR 7.1(a). In turn, "[a] reply brief should be limited

1

to a discussion of matters newly raised in the response." LCvR 7.1(e).  Here, Defendants' original motion was based exclusively on a procedural timeliness argument regarding Plaintiff's supplementation of her prior interrogatory response before the close of discovery.  ECF No. 211, at 2 ("The Court should exclude the testimony of these four witnesses at summary judgment and trial for untimely disclosure.").  Defendants argued that the "untimely" disclosure was not "substantially justified" or "harmless" because they were purportedly "surprised" by the witnesses' disclosure.  *Id.* (citing Fed. R. Civ. P. 37(c)(1)).  Defendants claimed that the witnesses were only of "minimal importance," but the only basis for their assertion was that Plaintiff did not previously cite their testimony in her prior motions for summary judgment and preliminary injunction.  *Id.* at 4.  Defendants' argument was thus exclusively based on the timing of the disclosure of witnesses and did not address the substance of their testimony.

In her Response, Plaintiff concisely and directly addressed Defendants' arguments in a manner consistent with the conclusory nature of their Motion.  Specifically, she explained that "Defendants have failed to disclose material information to this Court regarding the basis for their motion," namely that Defendants' own delay in responding to Plaintiff's discovery requests was the reason for the timing of her supplemental interrogatory response.  ECF 220, at 1.  In alleging untimeliness, Defendants failed to disclose that they did not respond to the relevant discovery requests until March 30, 2023 and April 19, 2023, respectively, within one month of the discovery deadline of May 1, 2023.  Without this discovery, Plaintiff could not determine whether she would call the listed individuals as witnesses at trial, and so obtaining the discovery was crucial to Plaintiff's decision whether to list them as potential witnesses.  Accordingly, Defendants could not be surprised by their own dilatory conduct during discovery or claim an inability to cure a situation that their own delay created.  *Southern States Rack and Fixture, Inc.*

*v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Because Plaintiff's supplemental interrogatory response was timely, Plaintiff did not have to show that the timing of her disclosure was "substantially justified" or "harmless" under Fed. R. Civ. P. 37(c). But in any event, Defendants could not have been harmed by the timing of Plaintiff's disclosure because they were plainly aware of the relevancy of this subject matter, since it pertains to their own employees and the relevant discovery responses came directly from them. *See id.* Similarly, any alleged delay was "substantially justified" because it was caused by Defendants' delay in disclosing highly relevant discovery. *Id.* Finally, Defendants' argument that the testimony was irrelevant because Plaintiff did not reference these witnesses in her prior summary judgment filings or her motion for a preliminary injunction was nonsensical. *See* ECF No. 211, at 4 (citing Plaintiff's filings at ECF Nos. 60-1, 76-1, 84, 97, 116-1, 125-1, 138, 139). Discovery responses that Defendants did not provide until March 30, 2023 and April 19, 2023 could not have been referenced in Plaintiff's filings submitted months or years earlier. *See* ECF Nos. 60, 139.

In their Reply, it appears that Defendants have gone beyond the scope of their original timeliness argument and discussed the substance of the potential witnesses' testimony, indicating that Defendants do, in fact, understand the relevancy of the testimony to this case. █████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████

3





Thus, the employees' testimony is highly relevant and should not be excluded. Further, because Defendants themselves are the cause of the delayed disclosure of information during discovery, their request to depose these individuals after the discovery deadline should be denied.

Prior to filing this motion, Plaintiff conferred with Defendants as required by Local Rule 7.1. Defendants oppose the motion for leave to file a surreply.

This the 30th day of May, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Wolfson Young at danielle.young2@usdoj.gov

/s/ Cooper Strickland
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com