```
                    UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF NORTH CAROLINA

                          ASHEVILLE DIVISION
```

| | |
|---|---|
| CARYN DEVINS STRICKLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 1:20-00066-WGY |
| UNITED STATES, ET AL., ) | |
| ) | |
| Defendants. ) | |

YOUNG, D.J.[1]                                              June 1, 2023

**ORDER**

1. The motion to exclude witnesses (ECF No. 211) is DENIED in part and ALLOWED in part. The four witnesses recently disclosed as trial witnesses are not stricken but each may be deposed by the government notwithstanding the close of discovery. The Court observes that each of these witnesses seems somewhat peripheral and the Court is not disposed to allow cumulative testimony.

2. The motion to strike assertions of privilege (ECF No. 212) is ALLOWED in part and DENIED in part. Any assertion of the work-product doctrine, spousal privilege[2] or

---

[1] Of the District of Massachusetts, sitting by designation.
[2] It is possible that, since the plaintiff's sole attorney is her husband, certain prospective questions may trench on the spousal privilege. This ruling cannot and does not seek

[1]

litigation privilege is misplaced in these premises and is overruled and stricken. It is possible certain of the deposition questions touched on the attorney client privilege but that privilege was waived, at least as to the topic of recordings, when the plaintiff (an attorney) continued to testify as to that subject matter. There was no general waiver of the attorney client privilege; the waiver is limited to the subject of the recordings about which inquiry was being made. The Fifth Amendment privilege has not been waived and may be asserted during any further discovery or trial proceedings.

3. The motion to compel deposition testimony is ALLOWED on the following terms: the deposition of the plaintiff may be reopened for a period not to exceed two hours. Unless the plaintiff shall interpose Fifth Amendment objections to particular questions (no blanket assertion of the privilege is permissible), she shall answer the questions posed on pages 168-169 of her deposition and such appropriate follow-up questions and requests for production as may be devoted to this particular topic.

---

prospectively to forbid such objections. Should any be made, however, they must be directed to specific questions and must assert the time, place, and circumstances of privacy that give rise to the objection.

[2]

4. The discovery authorized herein and earlier from Chief Judge Gregory shall be completed by August 31, 2023. The pendency of such discovery shall not be raised by any party as a ground for delay in hearing the motion for partial summary judgment, scheduling a final pre-trial conference (in July), or scheduling the trial (in September).

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE