# EXHIBIT L

```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                  CASE NUMBER 1:20CV66
```

CARYN DEVINS STRICKLAND,

      Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

      Defendants.
_____

- - - - - - - - - - - - - - - - - -

Videotaped Deposition

of

CARYN DEVINS STRICKLAND

- - - - - - - - - - - - - - - - - -

The videotaped deposition of CARYN DEVINS STRICKLAND was taken by the Defendants on Tuesday, the 25th day of April, 2023, commencing at 9:15 a.m., at the United States Attorney's Office, located at 150 Fayetteville Street, Raleigh, North Carolina.

PATRICIA C. ELLIOTT
Verbatim Reporter

```
                        APPEARANCES OF COUNSEL

FOR THE PLAINTIFF:

OLIVIA WARREN
Thomas Ferguson & Beskind, LLP
119 East Main Street
Durham, NC   27701
(919) 682-5648
warren@tfblawyers.com

JEANNIE SUK GERSEN
1563 Massachusetts Avenue
Cambridge, MA   02138
(917) 749-5059
jeannie.gersen@gersen.com

JACOB EZRA GERSEN
1563 Massachusetts Avenue
Cambridge, MA   02138
(859) 288--9151
jacob.gersen@gersen.com
(Via Phone)


FOR THE DEFENDANTS:

JOSHUA M. KOLSKY
RACHAEL L. WESTMORELAND
DANIELLE YOUNG
MADELINE M. McMAHON
KRISTIN MANNHERZ
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC   20005
(202) 305-7664
joshua.kolsky@usdoj.gov


ALSO PRESENT:

Matt Walters, Videographer
```

TABLE OF CONTENTS

|  | PAGE |
|---|---|
| STIPULATIONS | |
| EXAMINATION | |
|     BY MR. KOLSKY............................. | 7 |
|     BY MS. WARREN............................. | 171 |
| ADJOURN....................................... | 172 |
| REPORTER CERTIFICATE .......................... | 173 |

- - - - - - - - -

E X H I B I T S

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Consolidated Equal Employment Opportunity and Employment Dispute Resolution Plan of the United States Court of Appeals for the Fourth Circuit | 15 |
| 2 | Letter to Gregory from Strickland (9/10/2018) (US00000467) | 24 |
| 3 | Handwritten Notes (6/6/2018) (000688-000690) | 45 |
| 4 | Letter to Ishida from Cooper Strickland (2/22/2019) (US00000064-00000109) | 47 |
| 5 | Text Messages (US00002891-00002926) | 54 |
| 6 | E-mail to Dunham from Devins (8/6/2018) (US00001074-00001078) | 61 |
| 7 | E-mails to Davis from Devins (8/22/2017 and 12/5/2017) (US00004719 and US00003037) | 68 |
| 8 | E-mail to Davis from Devins (6/6/2018) (US00006403) | 72 |

1  sort of personnel actions to resolve the claim.
2      Q.   And if you had proceeded to a formal complaint and
3  hearing, is it your understanding that the presiding judicial
4  officer could not order any remedies against the Federal
5  Defender's Office?
6      A.   I think my understanding was that either the presiding
7  officer could not or would not, as a practical matter, do
8  anything that Tony would not agree to or accept,
9      Q.   And that was based on the statements by Ed Smith and
10 Jill Langley that you referred to earlier?
11     A.   Yes.
12     Q.   Was there any other basis for -- for that
13 understanding?
14     A.   Yes.
15     Q.   And what was that?
16     A.   Well, what they were saying did not seem unreasonable
17 to me given -- or an unreasonable interpretation, I should say,
18 of the plan given the unique role that federal defender offices
19 play.
20          At this time, there was a big report called the Cardone
21 Committee Report that had just come out and was discussing the
22 recommendation that federal defender offices be taken out of the
23 judiciary entirely.  And there were a lot of concerns about
24 judges and the judiciary in general infringing on the
25 independence of federal defender offices.

So it did not strike me as unreasonable at all that they would suggest that -- regardless of what the plan said on paper, that because of the unique role of the federal public defender office, a presiding officer would not order anything because it would be perceived as micromanaging or meddling in a federal public defender's business.

Q. So when you developed that understanding after speaking with Mr. Smith and Ms. Langley, why didn't you go to James Ishida or contact Chief Judge Gregory and just tell them, "Hey, I've been told these things. I've been told that a remedy won't be ordered. I'm confused. Can you help clarify the -- the process?"

A. So the -- the question was why?

Q. Why didn't you seek clarification from Mr. Ishida, Ms. Scroggins, Chief Judge Gregory or anyone else?

A. Because I thought it was very clear.

Q. Even though the EDR plan itself states that remedies could be ordered?

A. Yes, I thought it was very clear what they were saying.

Q. So it was unnecessary to seek clarification on that?

A. Correct.

Q. Did you -- did you expect that Tony Martinez would be selected as the presiding judicial officer at the formal hearing?

A. I did not expect that, no.

**MR. KOLSKY:** Why don't we take a short break?

STATE OF NORTH CAROLINA

COUNTY OF FRANKLIN

## CERTIFICATE

I, PATRICIA C. ELLIOTT, VERBATIM REPORTER AND NOTARY PUBLIC, DO HEREBY CERTIFY THAT THE FOREGOING WITNESS WAS DULY SWORN AND THAT THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPTION OF MY VOICE WRITER NOTES AND IS A TRUE RECORD OF THE TESTIMONY GIVEN BY THE FOREGOING WITNESS.

I FURTHER CERTIFY THAT I AM NOT EMPLOYED BY OR RELATED TO ANY PARTY TO THIS ACTION BY BLOOD OR MARRIAGE AND THAT I AM IN NO WAY INTERESTED IN THE OUTCOME OF THIS MATTER.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS 27th DAY OF APRIL, 2023.

/S/ *Patricia C. Elliott*

_____
PATRICIA C. ELLIOTT
VERBATIM REPORTER
NOTARY PUBLIC