## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### ASHEVILLE DIVISION

| | | |
|---|---|---|
| CARYN DEVINS STRICKLAND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **Civil No. 1:20-cv-00066-WGY** |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| _____ | ) | |

### PLAINTIFF'S MOTION TO SEAL

Pursuant to Local Rule 6.1, Plaintiff Caryn Devins Strickland, by and through her attorney, hereby moves to seal the following materials in connection with her renewed motion for summary judgment. Prior to filing this motion, Plaintiff's counsel conferred with Defendants' counsel as required by Local Rule 7.1 and explained her position on sealing as set forth below. Defendants' counsel stated that Defendants do not oppose Plaintiff's motion to seal.

### MOTION TO SEAL EXHIBIT P

Plaintiff moves to seal Exhibit P filed with her renewed motion for summary judgment, and to file a redacted version of Exhibit P as well as redacted portions of her memorandum in support of summary judgment that references Exhibit P. The basis for sealing is that Exhibit P contains sensitive personnel information pertaining to non-parties in which they have a legitimate privacy interest. *See Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *9 (E.D.N.C. Dec. 11, 2014) (recognizing "the privacy interests in a non-party's personnel file"). Courts within the Fourth Circuit have allowed the sealing of this type of private personnel information at the summary judgment stage. *See id.* Moreover, the individuals

1

referenced in Exhibit P have not waived their right to confidentiality in their personnel information.  Thus, sealing of the information is appropriate at this stage of litigation.

## MOTION TO TEMPORARILY SEAL EXHIBITS DESIGNATED BY DEFENDANTS AS CONFIDENTIAL SOLELY TO EVALUATE WHETHER SEALING IS PROPER

Defendants have designated many materials as "confidential," thus requiring Plaintiff to redact much of her summary judgment memorandum and supporting exhibits.  While Plaintiff cannot discern any legitimate basis for sealing these materials, out of an abundance of caution, she is moving to seal the materials temporarily for the purpose of allowing the Court to evaluate whether the materials should, in fact, be sealed.  Alternatively, if the Court determines that the materials should not be sealed, then Plaintiff requests permission to file unredacted versions of these materials on the public docket without first filing them under seal.  At a minimum, she respectfully requests that the Court allow her to file the unredacted memorandum and accompanying exhibits under seal for purposes of preserving the record.

Defendants have previously stated that materials relating to the EDR investigation, including the EDR investigation report, are "confidential" and should be "filed under seal."  ECF No. 78, at 15 n.3.  Moreover, Plaintiff's understanding is that Defendants intend to file a motion to seal materials in connection with their own motion for summary judgment, of which they informed Plaintiff's counsel on May 31, 2023.  Plaintiff believes that Defendants' position is inconsistent with the Court's directive that the protective order is not a basis for sealing.  *See* ECF No. 203 at 2.  Without knowing the basis for Defendants' confidentiality designation at this stage of the litigation, Plaintiff is left to speculate that their designation may be based on some undefined assertion of judiciary policy, which would not be an adequate basis for sealing in this context.  *See, e.g.*, ECF No. 183 at 1–2.  Plaintiff feels obligated to request the temporary sealing

2

of these materials solely for the purpose of evaluating the basis for sealing, even though she strongly disagrees that the materials should be sealed.

For the Court's convenience, Plaintiff has provided the following index of materials from her summary judgment filings that Defendants have designated as "confidential":

- Exhibit D (EDR investigation materials) – pages 2–8, 10–83

- Exhibit E (Defender deposition transcript) – pages 271–72, 275

- Exhibit H (Mediator deposition transcript) – pages 38–40, 44–46, 67–69

- Exhibit I (FEOO deposition transcript) – pages 183–84

- Exhibit J (EDR Investigator deposition transcript) – pages 100–02, 107, 109–11, 114–118

- Exhibit K (EDR Coordinator deposition transcript) – pages 179–186:18; 188:24–189:20

- Exhibit F (JIO deposition transcript)

- Exhibit G (Chief Judge deposition transcript)

- Exhibit N - pages 1, 2

- Exhibit M (emails, text messages, notes related to EDR claims)

- Exhibit Q - Plaintiff has redacted certain portions of her workplace investigations expert report because they refer to materials designated as confidential.

These materials are protected by the First Amendment right of access to judicial proceedings, and Defendants bear the burden of proving that a "compelling interest" outweighs this First Amendment interest. *See Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014). In moving to temporarily seal these materials, Plaintiff notes that all of the designated materials are directly related to her EDR claims against the Federal Defender and First Assistant, as well as the constitutional adequacy of her EDR proceeding. The Defender and First Assistant, the accused parties in Plaintiff's EDR complaint, cannot claim any legitimate privacy interest in

these materials because their actions are "extremely relevant" to Plaintiff's claims and "form the very basis of the lawsuit." *Johnson*, 2014 WL 7151147, at *9.  Courts have rejected the notion that materials that are highly to a defendant's wrongdoing are "confidential" simply because they are in that employee's personnel file.  *See id.* ("[t]he sole basis proffered for the sealing of many documents is that they refer to 'confidential' documents and matters in the [defendant's] personnel file," and "this does not suffice to justify sealing").  Moreover, the Defender was a party to this litigation until he was not reappointed to a second term as Federal Defender, and the Defender and First Assistant both waived any right to confidentiality by submitting declarations extensively discussing the allegations on the public docket.  *See* ECF Nos. 78-2, 78-3.

Additionally, Defendants have publicly discussed the EDR investigation report's findings and subsequent disciplinary action taken against the Defender and First Assistant, including quoting these documents in their public filings.  *See, e.g.*, ECF No. 78, at 15.  Defendants' selective quotations of these materials were highly misleading about the EDR investigation and its findings, and the public is entitled to see the underlying materials that Defendants selectively quoted in order to evaluate the entirety of these documents.  Moreover, with regard to Plaintiff's summary judgment materials, Defendants' designation of certain materials as confidential appears to be entirely arbitrary, given that other materials which are extremely similar were not designated as confidential.  *Compare* Ex. M *with* Ex. N.  Defendants also designated some materials as confidential even though they have already been filed on the public docket.  Defendants' inconsistent and arbitrary conduct with regard to designations further undermines any basis for sealing these materials.  For these reasons, the materials should not be sealed.

This the 1st day of June, 2023.

Respectfully Submitted,

4

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of June, 2023, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to the following:

     Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

     Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

     Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

     Danielle Young at Danielle.young2@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

6