Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|       Defendants. | ) |

## **DECLARATION OF JOHN PARKE DAVIS**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.     I am J. P. Davis, First Assistant for the Federal Defender's office for the Western District of North Carolina (FDO-WDNC). I am a 2005 graduate of Duke University School of Law. Prior to the creation of the Federal Public Defender's Office, I served as the Interim Executive Director and First Assistant for the Federal Defenders of North Carolina, Inc.; as a partner at James, McElroy & Diehl, P.A.; and as a federal law clerk to the Hon. Graham C. Mullen in the Western District of North Carolina.

2.     As First Assistant, my duties include consulting with and advising the Federal Defender on policy matters; directly supervising attorney and non-attorney staff; performing duties as delegated by the Federal Defender; and carrying a caseload of my own cases. Though I am frequently consulted regarding staffing matters, I do not have any authority to hire or fire, to promote or demote, or reassign positions.

3.     I am familiar with Plaintiff and her time at FDO-WDNC. I was part of the management team that originally interviewed Plaintiff, I designed a training program for Plaintiff prior to her start of work, and I took primary responsibility for administering that program, including serving as Plaintiff's first office mentor. I directly supervised Plaintiff for approximately three to four months after her arrival in the office, and indirectly supervised Plaintiff until removed from her chain of command pending an investigation of her allegations against me in late July/early August 2018.

4.     I had a positive working relationship with Plaintiff from her hiring until approximately May 18, 2018. On that day, as discussed in more detail below, Plaintiff informed me that she planned to threaten to quit in order to induce the office to transfer her duty station or

1

to "at least" give her a substantial raise. To further that plan, Plaintiff wished to be assigned as counsel of record on a difficult trial that she had insufficient experience to handle, in the apparent belief that this trial experience would increase the perception of her value and therefore the effectiveness of her threat. After I explained the issues with this plan—and specifically the potential liability to the office of staffing inexperienced attorneys on a difficult trial—Plaintiff engaged in several acts in pursuit of that plan that I considered to be willfully deceptive.

5.     In one such episode, Plaintiff lied to me in order to avoid a previously scheduled client obligation, then flatly refused to comply with my directive that she attend it, requiring me to raise the potential for disciplinary action. Plaintiff's concerns with me have always expressly related back to this incident.

6.     In May 2019, Defender Martinez informed me that he had reviewed the findings from the investigation and determined that Plaintiff's allegations of sexual harassment, discrimination and retaliation had been unsubstantiated.

## PLAINTIFF'S CLAIMS REGARDING FDO-WDNC

7.     FDO-WDNC is a proudly diverse office, as was the previous non-profit Community Defender Organization that existed prior to its organization. In Fiscal Year 2018, during Plaintiff's employment, approximately 65% of FDO-WDNC's staff was female, and approximately 42% of responding staff were people of color. These numbers are similar when limited solely to legal professionals. While federal offices have not historically tracked LGBTQ+ staff members, FDO-WDNC has had LGBTQ+ attorneys on staff from its inception. In my experience both at FDO-WDNC and at its private non-profit predecessor, both management and staff have always treated the office's diversity as the strength that it is, and have endeavored to maintain it.

8.     I have never seen nor heard Defender Martinez nor anyone else in the organization speak about women using crude or derogatory language, belittle them, or otherwise treat any employee differently based on their sex. I have not seen nor heard Team Leader Peter Adolf—or anyone else—refer to Black or other clients as "dogs" or use similar terms. While I have heard staff members struggle with understanding that the term "retarded" is no longer culturally appropriate, I have never heard anyone mock clients with disabilities or otherwise belittle disability. I have never experienced any homophobic commentary or attitude from any FDO-WDNC employees, whether in management or otherwise.

9.     I am familiar with the background of many, though not all, of the specific examples Plaintiff cites to in support of her claim of a toxic work environment. The examples I am familiar with have all been falsely constructed and presented in a misleading way to create a false impression. Three examples are listed below, but similar issues exist for Plaintiff's other claims:

      a.     Plaintiff's reference to a homophobic slur references an incident I am aware of where a homophobic slur was allegedly used *against* an FDO-WDNC

staff member *by* an employee *of a different federal agency*. Upon being informed of this incident, Defender Martinez responded strongly, eliciting an apology and remedial action from the acting head of that agency.

      b.     Similarly, I am familiar with two of the three supposed "homophobic rumors" Plaintiff cites, and both of these were claims *made by a criminal defendant* who was the former client of a terminated employee. To my knowledge, they were only ever raised in context of the need to address the client's inappropriate behavior, and they were always treated as false and offensive.

      c.     Likewise, Plaintiff's claim that employees "joked about a [B]lack federal prosecutor *rapping* to a jury" is a distortion of a real discussion about a specific prosecutor *actually quoting lyrics from a hip-hop song* during a closing argument. I was present during this meeting, and the discussion centered on the fact that the quotation was bizarre in that it had no relation to the case and was out of context. At no point did anyone ever raise the concept that the prosecutor himself was "rapping," nor did they employ any racial stereotypes.

10.     I have never "gloated" about inadequacies of the sexual harassment review process in the federal judiciary. Plaintiff and I did discuss the #MeToo movement and its implications for the judiciary at one point, but our views at that time were generally in accord.

## PLAINTIFF'S TENURE AT FDO-WDNC

11.     I first met Plaintiff on March 13, 2017, when she interviewed for an attorney position in the FDO-WDNC. This resulted in her being offered a Research and Writing Specialist ("R&W") position, with the anticipation that she would transition into an Assistant Federal Defender ("AFD") position once she obtained sufficient experience. At that time, I understood this transition would take several years, which I consider to be quite rapid.

12.     During the interview, Plaintiff expressed a desire to work in our Asheville office, as her then-boyfriend lived near Tryon, North Carolina. She was told the position was for Charlotte only. Plaintiff stated she would not have a problem working from Charlotte and would be willing to take the position regardless.

13.     Plaintiff's hiring was unusual, because while she had completed several years of clerkships and a prestigious fellowship, she had never actually practiced law. Due to the high-level nature of the work involved, the FDO-WDNC, like most Federal Defender offices, typically only hires attorneys with substantial practice experience for long-term positions.

14.     Because our office had never previously hired an attorney with so little experience, I designed a training program for Plaintiff prior to her arrival. This program was adapted from

materials from another Defender office that more regularly hires inexperienced attorneys, and was principally embodied in a checklist of various hearings and experiences that Plaintiff needed to be a part of and familiar with prior to becoming an AFD.

15.     On August 21, 2017, Plaintiff began working in the FDO-WDNC. As the Charlotte office's only first-level attorney supervisor at that time, I took primary responsibility for Plaintiff's training. This ultimately transitioned into a mentorship after Defender Martinez reorganized the office into trial teams. Under the trial team structure, I acted less as Plaintiff's direct supervisor and more as a mentor/resource for her.

16.     In December 2017, as part of the transition from supervisor to mentor, I arranged to have semi-regular lunch meetings with Plaintiff outside of the office. As I explained to Plaintiff at the time, this was a practice my own mentor employed with me when I was a new lawyer, and I considered it to have been highly effective. Plaintiff and I had four of these mentoring lunches, roughly once every six weeks.

17.     During the period of August 21, 2017 until mid-May, 2018, Plaintiff appeared to be enjoying her work, her training was progressing on schedule, and all seemed well. During this time, I developed what I believed to be a positive working relationship with Plaintiff. For example, Plaintiff, who lived within a mile of my house and generally biked to work, would occasionally solicit me for rides home, including, on at least two occasions, after work-related social events where she had been drinking.

18.     Some emails and text exchanges reflecting the positive working relationship include:

     a.     On April 6, 2018, in response to my covering a bond hearing for her, Plaintiff sent me an email stating "Jp, you are an angel." Government Exhibit (GE) B-1, Email Chain w/ Plaintiff dated 4/06/18.

     b.     On April 27, 2018, Plaintiff texted me while on Annual Leave to share personal anecdotes about running into two federal judges and introducing them to her mother. GE B-2 Texts from Plaintiff to JPD, April 27, 2018 at 11:52 AM.

     c.     On April 30, 2018, Plaintiff texted her wedding photos to Defender Martinez and myself. GE B-3, Texts from Plaintiff to JPD and AM, April 30, 2018 at 2:51 PM.

19.     Plaintiff and her current husband got engaged at some point after she began working for the office, and were married in late April of 2018.

20.     On May 18, 2018, I had a mentoring lunch with Plaintiff for the fourth and final time. Several significant events occurred during this lunch:

a.    During lunch, Plaintiff told me she really wanted to be on a trial "this summer." She was specifically fixated on second-chairing an upcoming trial in a particularly difficult case carrying a potential Life sentence (the "Life trial"), which was already staffed with one of the office's most junior trial attorneys. I advised Plaintiff to focus on more suitable trial opportunities, but Plaintiff remained fixated on this case in particular because, according to her, she felt certain it would actually be tried in the summer, whereas other trials would likely be moved to the fall.

b.    At the end of this discussion, I explained to Plaintiff that she should not be on the Life trial because putting our two least experienced attorneys as the trial team on such a serious case would be something the office could not defend on a future claim for ineffective assistance of counsel. By this, I meant that placing inexperienced attorneys on such a serious case would not only be abdicating the office's mission to provide effective assistance to the specific client involved, but would also damage the integrity and credibility of the office in the eyes of the Court, thereby jeopardizing our mission to effectively represent *future* clients. Plaintiff acknowledged the validity of this issue, but stated she would still "run it by Tony [Martinez]" and get his thoughts.

c.    After lunch, on the drive back to office, Plaintiff raised that she was not happy living in a separate city from her husband. When I asked if she and her husband had discussed how they would address this, Plaintiff stated "If I don't get moved to Asheville, I'm going to have to quit." I told Plaintiff I was sorry to hear that, because there were no spaces available in the Asheville office. Plaintiff then stated she would be open to "alternative arrangements" to moving to Asheville, and specifically raised the idea that she could telework from Tryon doing only appeals.

d.    Plaintiff told me more than once during this conversation that she hadn't meant to raise the issue with me at this time, but had been planning to make the demand to move to Asheville or quit at her annual review in August. She said that was why she had "been working [her] butt off this year," then added "Why do you think I wanted a trial this summer so badly?"

e.    I reiterated that there were no open positions in Asheville, and that I could not guarantee when one would become open. Plaintiff then stated that if she couldn't be guaranteed a move to Asheville, she at least wanted more money. Specifically, she demanded to be moved up to an AFD position, or to a Grade 15 on the government grade/step pay scale. Plaintiff claimed to have a signed original offer letter from FDO-WDNC stating that the anticipated transition to an AFD position would occur "within a few months," which I believed to be inaccurate. According to Plaintiff, she had

5

discussed with her husband how she would "wave [the offer letter] around" if the office didn't agree to promote her.

      f.     Both at the beginning and end of the lunch, I told Plaintiff that I expected this would likely be the last regular mentoring lunch she would need other than one close to her annual review/ anniversary in August. Plaintiff said something to the effect that it didn't have to be the last time, and she was always up for me buying her lunch or for cutting out early for a drink (something we had done earlier in the week at Plaintiff's request to celebrate the occasion of her first in-court witness examination).

21.    I was surprised and taken aback by Plaintiff's demands. Nevertheless, because I thought highly of her performance and considered her a valuable employee who I did not want to leave the FDO-WDNC, I reviewed salary tables to see if we could meet her request for a raise (a duty station transfer being unavailable). I determined that she did not meet the technical requirements for increase to the G15 level she had requested, but that a transition to AFD position could, at least theoretically, be combined with certain performance-based pay increases to get her to the same general salary range. This alternative method was in line with what I had already tentatively been considering recommending to Defender Martinez independently.

22.    Based on this, I e-mailed Plaintiff that she was "shooting high" with her demand to be boosted to a G15, but told her I had "a plan." I did not enunciate this further because doing so would have been premature, given that several months still remained in her annual review period. Because our earlier conversation had ended on a friendly tone, I ended my email with a pun, "pay-for-stay," as a joking reference to Plaintiff's own demand for an increase in *pay* in order to *stay* an employee of the FDO-WDNC in the absence of a duty-station transfer. It is still unclear to me how the word "stay" could be interpreted in a sexual manner. I never intended that phrase nor anything else about this email to have any kind of sexual, romantic, or otherwise inappropriate meaning or connotation.

23.    I was out of the office the following week, but learned from a colleague that Plaintiff had approached Defender Martinez in my absence and convinced him to add her to the Life trial. After my return, I learned that she did so without raising the issues we had discussed. This greatly disturbed me, as the office's mission to provide effective representation to both current and future clients is why it exists, and the prime motivating principle for all FDO-WDNC staff. Plaintiff gave me no reason to believe that she disagreed with my assessment of the risks, but even if she had, candor required her to raise those potential issues to Defender Martinez so that *he* could make a fully informed decision as the Defender. The fact that she did not indicated a lack of candor and concerned me that Plaintiff was pursuing her own agenda at the expense of the organization, its mission, and, most importantly, our clients.

24.    I returned to the office on May 29th, 2018. On that day, Plaintiff's demeanor toward me initially seemed unchanged, even inviting me to take a walk with her outside when we ran into each other on the street on my way back from court. Though this walk was ostensibly to

6

catch up on a different case we were working together, Plaintiff spent most of 45 minutes expressing frustrations with how the other attorney on the Life trial was handling it and seeking my advice about how to deal with those issues. Her attitude toward me seemed to change at the end of this conversation, however, after I again counseled her against pursuing her course of action on the Life trial. From that point on, Plaintiff stopped engaging with me as a mentor, began devoting her near-exclusive attention to the Life trial against my advice, and appeared completely uninterested in other clients.

25. These issues came to a head on June 5, 2018, when Plaintiff sent me an email containing false statements about the need to cancel a pre-existing client obligation in order to work on the Life trial. I later learned that Plaintiff had falsely blamed the conflict on others when in fact she alone had created it for her personal convenience.

26. At this point, I determined that corrective action was needed. After discussing my concerns with Defender Martinez, I met with Plaintiff, directed her to attend the client obligation per her prior commitment, and explained to her the rationale for my actions.

27. Plaintiff stated she understood and would comply, but later that day sent me an email refusing to do so. I responded to Plaintiff that this was wrong way to handle the situation and directed her to attend the client obligation as planned.

28. The following morning, June 7, 2018, Plaintiff appeared as directed for the client obligation, and I had a meeting with her en route to that obligation. Upon returning to the office, I documented this conversation contemporaneously in an email to Defender Martinez. I have reviewed this email, which is incorporated herein by reference, and it is a true and accurate account of my conversation with Plaintiff that morning. GE B-4, Email from JPD to Defender Martinez dated 6/7/18.

29. Not long after my confrontation with Plaintiff memorialized above, Defender Martinez removed Plaintiff as counsel from the Life trial. While I agreed with this action, it was not done at my initiation.

30. Over the course of the next few weeks, my relationship with Plaintiff remained tense, but appeared to be settling back toward friendly. Then, on June 21, 2018, Plaintiff failed to show up for a meeting regarding a legal issue on a mutual case that was scheduled for sentencing days later. This resulted in the following chain of events:

     a.    Late in the afternoon of June 21, Plaintiff contacted me to apologize, and asked if I still needed research assistance. I stated that I did and listed topics. I did *not* ask to meet with Plaintiff. Plaintiff, however, asked if I would be in the office at 5:00 PM.

     b.    I told her I would be, and she came to my office at 5:00 PM to meet with me. This meeting lasted for approximately an hour and a half, addressed

topics in our mutual case and unrelated legal topics that she wanted my opinion on. Overall, this conversation was friendly and light-natured.

    c.    At the end of the meeting, a thunderstorm was blowing in. As we had done in the past, I offered to give Plaintiff, who had biked to work, a ride home. Plaintiff stated she did not think it would rain. She stated she would be okay if it did, though, because, in her words, she was "tough."

    d.    We parted, and several minutes later, as I was preparing to leave, it began to rain heavily. Plaintiff was in an interior office at the time and would not have seen this, so I texted her "it is currently raining. Last chance for a ride tough girl…"

    e.    Shortly thereafter, I left the office and headed down to the lobby. Plaintiff had not responded to my text and it was still raining heavily, so I waited a moment before leaving to give her a chance to see the text and take me up on the offer. At that moment, Plaintiff came down the elevator. I asked if she was sure she didn't want a ride, and she said she was. We then both left, using exits on opposite sides of the lobby from each other.

    f.    During the time we were in the lobby, I was never closer than roughly ten yards away from her, in the opposite direction from her path to the exit, and I never moved toward her in any way. Additionally, a kick-boxing class with numerous participants was being conducted within 20 to 30 feet of where I was standing, with floor-to-ceiling glass windows separating the class from the lobby hall.

31.    Several days later, as part of redistributing caseload following another attorney's termination, Plaintiff was assigned to handle several routine supervised release violation matters and two to three uncontested sentencings in illegal reentry cases. These matters should have been well within Plaintiff's ability to handle. In response, however, Plaintiff emailed Defender Martinez directly to complain. See GE B-5, Email Chain w/ Defender Martinez dated 6/24/18.

32.    As shown in the email chain, Defender Martinez was frustrated by Plaintiff's reaction, which he viewed as an effort by Plaintiff to "pick and choose" the cases she wanted to work on. Defender Martinez therefore initially planned to confront Plaintiff about her poor attitude. I agreed with Defender Martinez's interpretation, but had begun to think that Plaintiff's recent issues might be caused by inexperience in dealing with the high stress levels associated with our profession. I therefore proposed to meet with Plaintiff directly instead, in order to help her develop better stress coping skills and to try and create more structure for her. In the email chain, I referenced my belief that my mentoring relationship with Plaintiff had broken down, but noted that I wanted to attempt this course of action in part out of a feeling of obligation to that relationship, as it had never formally ended. Defender Martinez independently decided not to confront Plaintiff directly, but requested that I go forward with this "Coping Skills Meeting."

33.     On July 2, 2018, I met with Plaintiff to attempt to have the Coping Skills meeting. I created an outline for the meeting, which I had with me at the time and attempted to follow.  See GE B-6, Outline for Coping Skills Meeting.  I did not get far into it, however, when Plaintiff redirected the meeting to be about her continued belief that I had spoken too harshly toward her earlier in the month in regards to the client obligation.  I documented the events of this meeting contemporaneously in an email that I sent to myself, per my standard practice.  I have reviewed this email, which is incorporated herein by reference, and it is a true and accurate account of my conversation with Plaintiff that morning.  GE B-7, Email to Self dated 7/2/18.

34.     On July 5, 2018, Defender Martinez set up a meeting prompted by the breakdown of the Coping Skills Meeting.  The purpose of the meeting was to resolve issues between Plaintiff and me.

      a.     Plaintiff almost immediately asked for me to leave the meeting, which I did.

      b.     After roughly an hour, I was brought back in.  As with the Coping Skills Meeting, Plaintiff's focus was entirely on my ordering her to attend the client obligation in early June.  She did not raise any other issues while I was present.

      c.     During the course of this meeting, I formally resigned as Plaintiff's mentor and suggested she use another AFD as a mentor instead.  This was something I had already planned to do but had not reached during the Coping Skills Meeting.

35.     Following the July 5 meeting, I had very little contact with Plaintiff.  Our interactions were limited to a small number of case-related emails in early July, three or four extremely brief encounters in passing which involved no substantive communication, and the interactions outlined in the next two paragraphs.

36.     On July 20, 2018, the FDO-WDNC Management Team met to discuss various issues, principal among them how to fill vacant positions and how to reorganize the office to provide research and writing support to all trial teams in light of the fact that one of the three existing R&Ws, who was assigned to cover my trial team, was leaving the office to enter private practice.

      a.     As a result of this meeting, the Management Team determined to hire a new attorney to cover research and writing duties, with a larger focus on appellate work than our current R&Ws (the "Appellate AFD position").  To cover the short term, the Management Team decided that Plaintiff would be assigned to cover my trial team in addition to her own.  This decision was made because the only other remaining R&W was already effectively covering two trial teams.  I did *not* request it.

9

b. In order to give Plaintiff more capacity for the increased work-load of covering a second trial team, the Management Team determined that she should be taken out of duty rotation and not be assigned as counsel of record on any additional trial cases for the time being. Based on Plaintiff's previous poor reaction to receiving new case assignments, the Management Team anticipated that she would welcome this development.

37. In light of our earlier conflict, I determined to meet with Plaintiff in order to mutually design a workflow that would facilitate a productive working environment for her and my team members. I drafted a conversation outline for this meeting and emailed Plaintiff on July 22, 2018, asking to meet with her the next day to discuss it. She did not respond. This was the last substantive interaction I had with Plaintiff.

38. On July 24, 2018, I learned for the first time that Plaintiff had alleged that she felt "uncomfortable" with me, though I understood at the time that Plaintiff had explicitly denied making any claim of sexual harassment.

39. I was not involved in any employment decisions related to Plaintiff after July 24, 2018.

40. On August 7, 2018, Assistant to the Defender Holly Dixon emailed me and others regarding interview questions for Appellate AFD position interviews. That same day, Administrative Officer Bill Moormann mentioned to me in passing that Plaintiff had applied for the position. Upon learning this, I communicated to Defender Martinez, Bill Moormann and Holly Dixon that I wanted to recuse myself entirely from the hiring process. Because of my self-initiated recusal, I took no part in any further consideration related to the Appellate AFD position. I was not on the "hiring committee" and I provided no input regarding the hiring decision.

41. Other than general discussions in late July about the utility of phasing out the Research & Writing Specialist position as a matter of office policy, I was not consulted and had no role of any kind in the reclassification of Plaintiff's position into an AFD position. I had no involvement in any adjustments to her pay, and to this day I have no knowledge or understanding of what adjustments were or were not made and why.

42. I had no contact with Plaintiff after she began teleworking in mid-August, 2018. I did not give her assignments, review her work, talk with her, or see her in person after that point.

## PLAINTIFF'S SPECIFIC ALLEGATIONS

43.     I did not learn what Plaintiff's specific allegations actually were until February, 2019, when Plaintiff filed her Mediation Supplement.  At that point, Defender Martinez shared with me select portions of Plaintiff's Mediation Supplement for the limited purpose of providing him factual information necessary for him to properly understand and respond to Plaintiff's claims.

44.     Plaintiff's claims that I solicited her repeatedly during the month of June, 2018, to meet with me outside of the office and/or after hours are false.  The documents Plaintiff cites as support speak for themselves, and do not support her allegation.  Indeed, based on a review of all of our text and email correspondence during the relevant time period, Plaintiff initiated or requested more meetings outside of the office or after hours than I did.

45.     Plaintiff's claim that I would "often appear" at the end of the work day and walk her out of the building is verifiably false.

      a.     The FDO-WDNC utilizes a virtual In/Out Board, and employees are required to sign out when leaving the office at the end of the day.  This system is used to help employees find each other during the workday and is not used to monitor or track employees.  It does, however, keep records as a matter of inherent functionality.

      b.     In February, 2019, upon learning of this allegation, I pulled Plaintiff's records and my own records from In/Out Board for the relevant time period, specifically May through July, 2020. See GE B-8**,** Time History Report for JP Davis (5/18/18 – 8/10/18); GE B-9, Time History Report for Plaintiff (5/18/18 – 8/10/18).  Comparing these records shows every time that Plaintiff and I signed out at or near the same time during this time period.

      c.     Review of the In/Out Board records shows that I signed out at the same time as Plaintiff on only two occasions during the relevant time period:  June 1, 2018, and June 18, 2018.  The latter of these is a date when Plaintiff and I both stayed late at the office working on the same Sentencing Memorandum, and therefore it made sense that we would leave at the same time.  I do not recall the events of June 1, 2018, but it may have been a coincidence.

      d.     The In/Out Board records reflect one other occasion where I signed out within 5 minutes of Plaintiff, on June 5, 2018.  I have no recollection of this date and do not recall whether Plaintiff and I saw each other at that time or not.

      e.     Finally, there are three other occasions where one or the other of us did not sign out and was logged out automatically by the system.  One of these was

11

June 21, 2018, the date of the ride offer. For each of the other two, I was able to locate email correspondence between us indicating one of us was still in the office after the other one had already left, i.e. that we did *not* leave the office at the same time.

46. The hearsay claim that after Plaintiff's harassment claim, I was seen "lurking around the county jail … for long periods of time" can be rebutted using a similar methodology. In/Out Board records also reflect when an employee logs out to the county jail and when they return to the office. In preparing this declaration, I ran a report for myself for the time period when this complaint supposedly took place—approximately August 1 through November 30, 2018. See GE B-10, Jail Time History Report for JP Davis (8/1/18 – 11/30/18). Then, to establish a meaningful comparison, I pulled the same report for myself for the preceding three months, from April through July, 2018. See GE B-11, Jail Time History Report for JP Davis (4/1/18 – 8/1/18). These reports reflect a moderate *decrease* in my jail visitation following Planitiff's allegations. The average time of each visit appears unchanged.

47. Plaintiff is also verifiably wrong in her accusations about my involvement in appeals.

    a. Though I am primarily a trial attorney, I have routinely participated in moot oral arguments, by specific request of the appellate team, since I began working at the FDO-WDNC's predecessor entity in 2012. I did so throughout 2017 and 2018 as usual, including participating *with Plaintiff* on moot arguments long before Plaintiff raised any concerns about me. See, e.g., GE B-12, Email from J. Carpenter dated 3/2/18.

    b. I did not volunteer to moot the same case twice, whether to harass Plaintiff or otherwise. This was an error that was changed after I questioned it. See GE B-13, Email Chain w/ A. Hester dated 11/7/18 (responding to list of proposed times with "I can do any of those"); GE B-14, Email Chain w/ A. Hester dated 11/26/18 (responding to being listed twice with "Did you want me on both? I can be, just not sure if that was intentional.")

    c. Plaintiff's claim that my job "was a trial lawyer only, with no job duties pertaining to appeals," is incorrect. As First Assistant, except for the August 2018 to March 2019 period when the Appellate Chief reported directly to the Defender in order to fully remove Plaintiff from my chain of command, I have and have always had supervisory authority over the appellate unit within the office. In that role, I have routinely been involved in appellate matters.

    d. I determined to handle an appeal of one of my own trial cases in 2017, based on a suppression hearing that occurred several weeks before Plaintiff started at the FDO-WDNC. While this case only became ripe for appeal *shortly*

before Plaintiff's complaints about me, it was still *before* Plaintiff's complaints about me. GE B-15, *United States v. Brinkley,* App. Case 18-4455 [Doc. 6] (Appearance of Counsel form filed July 2, 2018).

48.     I have never recruited any employee of FDO-WDNC—or anyone else, for that matter—to "eavesdrop" on Plaintiff, to "monitor" her "and report back" to me, to "spy" on her, or to otherwise conduct any other form of surveillance on her.

49.     Plaintiff references an email I wrote dated August 31, 2018, replying to a client's email to me. I sent this in order to respond to the client, and Plaintiff was only copied because the *client* had copied her on his original email (along with several other staff members) and I used the "reply all" function as a matter of regular practice. The email speaks for itself, but it was not sent or worded for the purpose of harassing Plaintiff, and neither the client nor any of the other staff members copied on it ever expressed any confusion about its wording, meaning, or intent.

50.     I have reviewed Plaintiff's complaint, her Mediation Supplement, and other documents that she filed as attachments to her Motion for Partial Summary Judgement. Plaintiff has made numerous allegations in these documents, some of which are internally inconsistent. To the extent they are within my personal knowledge, the vast majority of these are misleading, incomplete, inaccurate, or just flat false. This declaration attempts to address many of these allegations, but is not by any means comprehensive. My failure to address any specific allegation should not be interpreted as an admission that the allegation is true as written, because it likely is not.

51.     I never intended any of my actions toward Plaintiff to be discriminatory or harassing in any manner, sexual or otherwise. I never intended to retaliate against Plaintiff, nor did I take any actions against Plaintiff for the purpose of retaliation.

Executed this 30th Day of September, 2020.

_____
John Parke Davis

 

**Re: US v. ▇PLAINTIFF▇ : Monday SRV bond hearing coverage for ▇PLAINTIFF▇**

▇PLAINTIFF▇   to: JP Davis                                    04/06/2018 04:25 PM

From:   ▇PLAINTIFF▇ /NCWF/04/FDO

To:     JP Davis/NCWF/04/FDO@FDO

Jp, you are an angel, thanks so much for doing this. I probably shouldn't have taken this case from CC with so much going on this week into next, but I appreciate you for taking the time and helping him out. I will follow up with him next week and perhaps even more importantly, with his PO. Have good weekend and enjoy perusing guitars. ▇PLAINTIFF▇

Sent from my iPhone using IBM Verse

On Apr 6, 2018, 4:02:40 PM, JP_Davis@fd.org wrote:

From: JP_Davis@fd.org
To: ▇PLAINTIFF▇
Cc:
Date: Apr 6, 2018, 4:02:40 PM
Subject: Re: US v. ▇▇▇ : Monday SRV bond hearing coverage for ▇PLAINTIFF▇

I went ahead and dropped in on Mr. ▇▇▇ . ▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Sent from IBM Verse

**Redacted** --- Re: US v. Ollie Pullium: Monday SRV bond hearing coverage for ▇Redacted▇ ---

From:   ▇PLAINTIFF▇

To:     "Peter Adolf" <Peter_Adolf@fd.org>

Cc:     "Ivette Arroyo-Becker" <Ivette_Arroyo-Becker@fd.org>, "Cecilia Oseguera" <Cecilia_Oseguera@fd.org>, "Lisa Ottens" <Lisa_Ottens@fd.org>, "Kevin Tate" <Kevin_Tate@fd.org>, "Brian Wise" <Brian_Wise@fd.org>, "Erin Taylor" <Erin_Taylor@fd.org>, "JP Davis" <JP_Davis@fd.org>

Date:   Fri, Apr 6, 2018 11:41 AM

Subject: Re: US v. Ollie Pullium: Monday SRV bond hearing coverage for ▇PLAINTIFF▇

Thanks peter. As a follow up, I heard from William miller that he thinks something can be worked out but he needs time to talk to the PO. In any event, there is no reason for a PH and zero percent chance of bond. So if someone would be willing to let the client know he will most likely

GOVERNMENT EXHIBIT
B-1


Fri, Apr 27, 11:52 AM

In eating lunch at zen with my family and judge Mullen is here. Lol

Also my mom and I ran into judge cayer the other day. I think she is very impressed ahah

That's awesome. You're a Charlotte fixture now. Did DSC tell her you're kicking ass?

He said I was doing a great job and she should be proud. It was sweet

Also his car flooded so that sucks



GOVERNMENT EXHIBIT B-2

He is correct. You can tell your mom that we agree.

iMessage



.ıl AT&T 📶  8:41 PM  ✳ 🔋

< TM
Tony

Mon, Apr 30, 2:51 PM





GOVERNMENT
EXHIBIT
B-3

  iMessage 

     




Feel free to pass along pics. It was a beautiful day, the best of our lives!

Tony Martinez

Very nice! Love it

Awesome! Glad to hear it. Congrats, and here's to many more to come.

Pics are great— you guys are adorable. Thanks for sharing! Now don't let us hear from you again until next week ;)

iMessage

PLAINTIFF



TM

Tony

ⓘ



Feel free to pass along pics. It was a beautiful day, the best of our lives!

PLAINTIFF

Tony Martinez

Very nice! Love it

Awesome! Glad to hear it. Congrats, and here's to many more to come.

Pics are great— you guys are adorable. Thanks for sharing! Now don't let us hear from you again until next week ;)

iMessage


Tony,

I wanted to write up briefly my conversation with Redacted this morning as I expect it could be important. This is mostly for the record. All of this occurred as we walked down to the jail, and the most important parts to me are in bold.

First I said I expected she was angry about me forcing her to come and she denied it. She was clearly shut down. I told her we needed to talk about this at some point and asked if she understood why I had ordered her to come. She said she really didn't.

I cited the end of our conversation yesterday, when I had told her the issue was communication and that if she would be open and honest with me, I would bend over backward to help her achieve her goals. She had said she understood. I noted that then rather than talk to me about the issues, she went to you and tried to get you to override my decision. She denied knowing what I was talking about. I allowed her to and rephrased.

I pointed out that yesterday I had told her that she needed to go to the PSI, and had explained the reasons why (the importance of honoring her commitments and being mindful of all our clients). At that time, she had said she understood. Then later in the day she sent me that email stating flat out that she wasn't going. I told her that put me in a very difficult position.

I stressed to her that she could and should have handled the situation differently. I pointed out that I had told her how to address her issues: be open and honest, and I would help her. I told her that if she had come to me honestly asking for help and explained where she was coming from, I probably would have relented. But instead she chose to dictate how she was going to work over my directive. I explained to her that an organization cannot function properly if the lowest people on the totem pole just declare what they will and will not do, against the direct command of a supervisor.

**I told her directly that from my conversations with others , it appears that she did literally nothing whatsoever to try and accomodate *both* her obligations, either at the time of scheduling or after our meeting yesterday morning . She did not deny this .**

I then told her that her actions had resulted in a breach of trust with me, and other members of the team. I told her that it had also resulted in needless reshuffling of schedules for ▮▮▮ as she could have handled the scheduling issue up front, and that it had taken significant management time and resources responding to her actions. These are all things that put her own personal goals over the interests of the organization and our clients.

**I told** Redacted **it was important for her to repair the broken trust between us and laid out exactly the actions that she needed to take to accomplish that : 1) sit down with me and talk about what was going on ; 2) be open and honest then and in the future about what she was doing and what was going on with her ; and 3) not try to manipulate situations and people to achieve her goals .**

She scoffed at the idea of manipulating and said that what she was trying to do was "look out for the best interests of our client." I told her that I was absolutely confident that was one of the things that she was doing and I believed that. I asked her again just to be open and honest and not hide things. She asked what I thought she was hiding. I said I did not really know, but I wanted her to be open and honest about what she was doing.

She said "what she was doing" was "I told you I really wanted a trial this summer and ▮▮▮ is the only case going to trial. I asked Tony about it, and he said I could..." **I asked her if she had told you about the reservations I had raised to her previously (which she had acknowledged as valid ). I asked whether or**



**GOVERNMENT EXHIBIT**
B-4

not she had asked for your thoughts and advice on how they could be addressed .

She claimed not to recall , and even said she thought maybe she had talked to you *before* I had told her those things. I told her that it had not , and that I had talked to you and knew she had *not* told you those things. She again claimed not to recall .

I told her that I understood why she wanted the trial , which was so she could show how important she was so that she could use that as leverage to force us to move her to Asheville . She cursed under her breath, but did not deny it.

I told her that was putting her own self interest ahead of the organization and the client. I said, perhaps rashly, that the irony was that if she had just come to me and said "JP, I really want to be in Asheville in a few years, how do you think we can make that happen," I probably would have sat down with her and helped her come up with a plan. She said nothing.

I stated that regardless of her motivation , she handled the situation with the PSI and the discovery review poorly. I believe I made clear that the reason I ordered her to go to the PSI was because of that , not because of my belief that she is acting out of self -interest.

I again repeated that the right way to resolve this was to sit down with me, be open and honest, and work to repair the broken trust. I told her this was in her hands. She did not respond. We did not discuss it further. After we returned to the office, I told her that if she wanted to talk, my door was open. I told her that she did not have to do it, but it would be wise if she did. She acknowledged that and thanked me but her body language made clear she would not be taking me up on the offer.

At no point in our conversation did ███████ acknowledge any fault or error of  any kind. There seems to be a complete absence of accountability that is frankly mystifying to me. I fully anticipate that her attempts to manipulate are going to get worse before they get better.

J.P. Davis
First Assistant Federal Defender
Federal Public Defender
Western District of North Carolina
129 W. Trade Street, Suite 300
Charlotte, NC 28202
Phone: 704-374-0720
Fax: 704-374-0722

 **Re: Fw: Jeff King cases to** <span style="background:black">▮▮▮▮▮▮</span> 📄

<span style="color:red">Anthony Martinez</span>  to: JP Davis                                      06/26/2018 04:44 PM

I'd rather she'd not know I shared the email. This way I keep the channel of communication open with her. Please do sit down with her though.

 **Anthony Martinez**
**Federal Public Defender**

**Western District of North Carolina**
**129 West Trade Street, Suite 300**
**Charlotte, NC 28202**
**Tel: (704) 374-0720**
**Fax: (704) 374-0722**
**E-mail:** <u>Anthony_Martinez@fd.org</u>

\*This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us by reply e-mail.

| JP Davis | I just got done talking with Erin and Peter. I've ca... | 06/26/2018 04:28:07 PM |
|---|---|---|

From:     JP Davis/NCWF/04/FDO
To:        Anthony Martinez/NCWF/04/FDO@FDO
Date:     06/26/2018 04:28 PM
Subject:   Re: Fw: Jeff King cases to <span style="background:black">▮▮▮▮</span>

Good. That is likely the better approach. I may still try to sit down with her.... if I so, do you care if I refernce her email? I don't need to if you'd rather she not know you shared it.

Sent from IBM Verse

<span style="color:#1a3fa0">Anthony Martinez --- Re: Fw: Jeff King cases to</span>  ---

From:     "Anthony Martinez" <Anthony_Martinez@fd.org>
To:        "JP Davis" <JP_Davis@fd.org>
Date:     Tue, Jun 26, 2018 3:55 PM
Subject:   Re: Fw: Jeff King cases to <span style="background:black">▮▮▮</span>

I just got done talking with Erin and Peter. I've calmed down substantially and I've decided to change my approach. I'm going to be very encouraging in my approach. I'll tell her the same thing I told her when she called me the night before the cross examination of the cop. That is, " I have complete confidence in you that you can do

**GOVERNMENT**
**EXHIBIT**
**B-5**

this....." She's not going to pick and choose what cases she's going to work on. So, I'm going to stop worrying about it.

Thanks



**Anthony Martinez**
Federal Public Defender

Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Fax: (704) 374-0722
E-mail: Anthony_Martinez@fd.org

*This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us by reply e-mail.

JP Davis---06/26/2018 03:33:30 PM---Good question. I don't know if she raised her concerns to Peter. I will venture to guess not.

From: JP Davis/NCWF/04/FDO
To: Anthony Martinez/NCWF/04/FDO@FDO
Date: 06/26/2018 03:33 PM
Subject: Re: Fw: Jeff King cases to ▇▇▇▇

Tony,

Didn't get a chance to check in with you on this before I had to leave. I may regret it, but I think I'd like to try talking to her 1-on-1 before we have a come-to-Jesus. In part, I'd like to try a different approach based on what we discussed earlier; in part I feel some sense of obligation being that I have never formally retired from being her mentor, even if that relationship is effectively over. What do you think? We can discuss in the AM if that's easier.

JP

Sent from IBM Verse

Anthony Martinez --- Re: Fw: Jeff King cases to ▇▇▇▇ ---

From:          "Anthony Martinez" <Anthony_Martinez@fd.org>
To:            "JP Davis" <JP_Davis@fd.org>

Good question. I don't know if she raised her concerns to Peter. I will venture to guess not.

Thanks



**Anthony Martinez**
Federal Public Defender

Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Fax: (704) 374-0722
E-mail: Anthony_Martinez@fd.org

*This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us by reply e-mail.

JP Davis---06/26/2018 12:29:44 PM---Tony, I believe ███ has told me she has started the drafting on ███. Recollect that she

From: JP Davis/NCWF/04/FDO
To: Joshua B Carpenter/NCWF/04/FDO@FDO
Cc: Anthony Martinez/NCWF/04/FDO@FDO
Date: 06/26/2018 12:29 PM
Subject: Re: Fw: Jeff King cases to ███

Tony,

I believe ███ has told me she has started the drafting on ███. Recollect that she took a day of TEL a few weeks ago to work on it. If I recall correctly, she was at the drafting stage then. I could be misremembering, but hopefully, that means she has made significant progress. Regardless, I know that as of last week, she felt she had to put in more time on it..

I would also add that during our meeting last week to divvy up cases, when the idea of ███ handling the uncontested time-served illegal reentry sentencings came up, I texted her to ask how she would feel about handling something like that. Shortly thereafter, I sent her an email pointing her to my text. She has never responded to either.

Do we know if she raised these issues to Peter? I am concerned she is developing a habit of not expressing her real concerns up front and then complaining up the chain.

J.P. Davis
First Assistant Federal Defender

Federal Public Defender
Western District of North Carolina
129 W. Trade Street, Suite 300
Charlotte, NC 28202
Phone: 704-374-0720
Fax: 704-374-0722

Joshua B Carpenter---06/26/2018 11:58:11 AM---For ███████████, she owes me a draft of the opening brief at some point soon, preferably by the end

From: Joshua B Carpenter/NCWF/04/FDO
To: Anthony Martinez/NCWF/04/FDO@FDO
Cc: JP Davis/NCWF/04/FDO@FDO
Date: 06/26/2018 11:58 AM
Subject: Re: Fw: Jeff King cases to ██████

For ██████████, she owes me a draft of the opening brief at some point soon, preferably by the end of next week, but I've not given her a precise internal deadline. The filing deadline in the Fourth Circuit is now July 18, so I need it a good while in advance of that so that I can review and give her an opportunity to make any needed revisions. She's already reviewed the trial transcripts and we've talked through the two issues we'll be raising in the brief. So I believe all that's left is for her to write it up. The appeal is from a trial, though, so the writing process will take some time. If she's not started drafting yet, I would anticipate that she'll need something like 2-3 full days (16-24 hours) of effort to draft and revise it into good shape for my review.

For ██████, she is right that we'll be filing a motion for a new briefing schedule, which will likely put our amended opening brief due in mid-to-late July. But I will not need much work from her in that regard. At this point, I suspect that her time commitment for that case will be less than one full day (8 hours) over the course of the next month. We had not discussed this yet, though, so it wasn't unreasonable for her to expect that more would be required. The reply brief won't be an issue until the government files its reply, likely in September.

Joshua B. Carpenter
Appellate Chief
Federal Public Defender
Western District of North Carolina

One Page Ave., Suite 210
Asheville, NC 28801
(828) 232-9992

Anthony Martinez---06/26/2018 11:12:10 AM---Josh, What exactly does ▮PLAINTIFF▮ have to do on the ▮▮▮▮▮ and the ▮▮▮▮▮▮▮▮ cases? I need

From: Anthony Martinez/NCWF/04/FDO
To: Joshua B Carpenter/NCWF/04/FDO@FDO
Cc: JP Davis/NCWF/04/FDO@FDO
Date: 06/26/2018 11:12 AM
Subject: Fw: Jeff King cases to ▮▮▮▮

Josh,

What exactly does ▮PLAINTIFF▮ have to do on the ▮▮▮▮▮▮▮▮ and the ▮▮▮▮▮▮▮ cases? I need to nip this whining in the bud. She has 1 case in Defender Data and the other cases she mentions there is nothing pending at the moment.

Thanks,
Tony



**Anthony Martinez**
Federal Public Defender

Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Fax: (704) 374-0722
E-mail: Anthony_Martinez@fd.org

*This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us by reply e-mail.

----- Forwarded by Anthony Martinez/NCWF/04/FDO on 06/26/2018 11:08 AM -----

From: PLAINTIFF ▮▮▮▮▮▮▮
To: Anthony Martinez/NCWF/04/FDO@FDO
Date: 06/26/2018 10:46 AM
Subject: Fw: Jeff King cases to ▮▮▮▮

Dear Tony,

I wanted to give you a status update on my workload in light of the new case assignments below.

1. I have a preexisting commitment to Josh to work on an appeal in ██████████████. We have already gotten one extension (due to other pressing R&W commitments in trial cases) and I am on a hard deadline to finish the brief shortly.

2. I have another commitment to work with Josh on an appeal in ████████████████████ ████████████████████████████████ We filed an opening brief in March. The Fourth Circuit just reversed the district court and granted us a certificate of appealability last week. I anticipate that we will ask for a formal briefing schedule, which will require further briefing and, in any event, I will be required to draft a reply brief.

3. Kevin has a trial coming up on ████████ and I will be providing R&W support. The docket call is set July 16.

4. I am also working on ████████████ and ████████████, among other trial cases. As you know, both of those cases involve difficult issues and substantial R&W support.

In light of these preexisting commitments and others, I do not have the capacity to work on any of these newly-assigned cases until after I finish the appeals briefs and help Kevin with the ████████ trial later this month, at a minimum. I wanted to be upfront with you with my scheduled commitments. I do not want to be ineffective simply by being assigned more cases than I can handle.

In addition, I am concerned that I have not received any training in handling these these types of cases. For example, I have never worked on an illegal reentry case. I was assured that these particular cases are straightforward, but in similar situations in the past, I have sometimes found that not to be the case.

I am happy to talk with you in person about this further, and I am of course happy to do what needs to be done to help with the office, but I have concerns about this situation and felt I needed to express them to you directly.

Thanks,



**PLAINTIFF**
Research & Writing Attorney
Federal Public Defender for the Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, North Carolina 28202
Main - 704-374-0720
Fax - 704-374-0722

CONFIDENTIALITY NOTE

This e-mail, and any attachments accompanying this e-mail, contain information from the Federal Public Defender's Office which is confidential or privileged. The information is intended only for the use of the individual(s) or entity(s) named in this e-mail. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited. If you have received this e-mail in error, please notify us immediately by reply e-mail.

----- Forwarded by **PLAINTIFF**/NCWF/04/FDO on 06/26/2018 10:16 AM -----





Ivette Arroyo-Becker
Senior Legal Assistant
Federal Public Defenders
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte NC 28202
Main: 704-374-0720
Fax: 704-374-0722
Direct: 704-688-6920
E-mail: Ivette_Arroyo-Becker@fd.org

CONFIDENTIALITY NOTE
This email, and any attachments accompanying this e-mail, contain information from the Federal
Defenders of Western North Carolina which is confidential or privileged. The information is intended only
for the use of the individual(s) or entity(s) named in this e-mail. If you are not the intended recipient, be
aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If
you have received this e-mail in error, please notify us immediately by reply e-mail.d[attachment
"Arroyo-Becker_Ivette.vcf" deleted by Joshua B Carpenter/NCWF/04/FDO]

Talk

I-    **Clear Statement of Issue**
   a. Stress/Anxiety
      i. Physical reaction, other acts below
      ii. Pre-wedding

   b. Prioritizing & Managing Workload
      i. ▮▮▮▮ issues
      ii. ▮▮▮▮
      iii. New post-Jeff assignments
      iv. Past statements

   c. Avoidance/Forgetting/Missing
      i. Last wkend text and email
      ii. Detention & Discovery Projects
      iii. ▮▮ forfeiture mtg
      iv. Absenteeism

   d. Difficulty Handling Change
      i. ▮▮ brief reaction
      ii. Pre-wedding anxiety
      iii. Cross examination call to Tony
      iv. Own statements

   e. Reacting Poorly to Anxiety & Frustration
      i. Cross exam
      ii. Time entries
      iii. Recent assignments

II-   **Reassurance**
   a. Y? b/c we like U!

III-  **Obstacles and Issues**
   a. What causes you the most trouble?
      i. Time Management?
      ii. Prioritizing?
      iii. Keeping up with multiple obligations?
      iv. Rearranging plans?

   b. What are your stressors?
      i. Environmental?
      ii. Interpersonal?

GOVERNMENT
EXHIBIT
D-6

        iii.   Work flow?

        iv.   Office space?

        v.   Distractions?

  c.   What helps?

  d.   How do you …. ?
        i.   Approach tasks?
            1.   Plow through a single task excluding all others?

        ii.   How do you schedule your workload?

        iii.   Keep track of assignments, due dates?

        iv.   Communicate?

**IV-**   **Setting Goals**
  a.   Short Term

  b.   Long Term

**V-**   **Exploring Solutions**
  a.   Assistant/Staff usage?

  b.   New office space?

  c.   Regular help structuring workload and prioritizing?

  d.   Structured work flow and clear chain of authority?

  e.   Specific person to ask questions?

**VI-**   **Expectations of** ▓Redacted▓

  a.   Do work as instructed by team leader or other supervisor.

  b.   Ask for help if you are overwhelmed or otherwise having difficulty prioritizing and balancing your workload. Do not attempt to dictate what assignments you will or won't do.
        i.   Your team leader is your first source for help prioritizing and balancing your workload.

c.  Try to meet *all* your obligations wherever possible. When a conflict arises, ask for permission *before* cancelling a pre-existing commitment.

d.  Respond to legitimate work-related emails or texts asking you for feedback.

e.  Ask for specific instructions where you need them, including asking your team leader to establish general practices or procedures that you need.

    i.  Try to identify when you are requesting something that you would prefer or would make you more comfortable vs. when what you are requesting is something you actually *need*. Be as clear about the distinction as possible, bearing in mind that your team leader/supervisor may have good reasons for pushing you outside your comfort zone.

f.  Communicate concerns as clearly as possible to the appropriate person.

    i.  If it is unclear who the appropriate person is, the default is your team leader, except for general office administrative concerns, or any HR-related concerns, which should be communicated to a member of the management team (Bill, Tony or JP), generally Bill.

    ii. If an issue arises involving more than one team leader/supervisor, request a meeting with both or that they speak to each other to clarify priority. Do not try to get one to override the other.

    iii. Respect your team leader or supervisor's decisions and follow their directions if possible.

    iv. Absent a compelling reason not to, let the team leader/first-level supervisor involved know if you feel you must elevate an issue to a higher level supervisor.

g.  Work on identifying when your reactions are based on emotion or stress rather than logic or legitimate concern.

h.  Find a mentor whose opinion and judgment you respect, and seek their advice when you are stressed or need advice.

i.  If you are unsure how to meet these expectations and you cannot or do not feel comfortable asking your team leader or an informal mentor, ask JP or Tony.

**VII-    Expectations of Us?**



**Documenting Conversation with** <span style="background:black;color:white">Redacted</span>

**JP Davis**   to: JP Davis

07/02/2018 05:45 PM

I met today with <span style="background:black;color:white">Redacted</span> to attempt to have a mentoring meeting to help her cope with stress and manage goals and expectations. I began by saying that June had been a rough month, and she was clearly having some trouble and struggling with balancing workload and managing priorities, and I wanted to help her with that, because this job is difficult to manage.

I I told her up front several times that this was not a meeting to say she did something wrong or be critical of her, that it was a mentoring meeting designed to help her deal with her stresses, and that anything I said should be viewed in context of that. I believe I did say something about how I had been frustrated by some of her conduct, but that wasn't what the meeting was about-- my sole purpose was try to help her deal with things for her own benefit. I believe -- though I can't say for sure-- that she accepted that premise, and the later blow up was because she wanted the chance to confront me.

I recounted how she had asked in the past for clear goals and expectations and more structure, and how I had intentionally not provided that to push her outside of her comfort zone. I told her that I didn't think that strategy had accomplished it's intended purpose and that I wanted to work with her to give her what she needed. I said I wanted to start with short term and long term goals, and asked her what they were. She seemed confused that I was asking her to do so right then, and I encouraged her, clarifying that I meant professionally.

<span style="background:black;color:white">Redacted</span> immediately redirected the conversation to the <span style="background:black;color:white">▮</span> PSI/<span style="background:black;color:white">▮</span> discovery cancellation three weeks ago. At this point, she became confrontational, though voices were never raised. I intentionally kept my tone as even as possible and tried to redirect the conversation away from the topic, but <span style="background:black;color:white">Redacted</span> stated that she felt like it needed to be discussed. Thereafter, I tried to keep the conversation from becoming argumentative while simultaneously not giving ground on the fact that her behavior was unacceptable.

<span style="background:black;color:white">Redacted</span> position was that she was grateful for how much I had tried to help her over the last year, but I had "crossed a boundary" when I spoke to her on 6/6 and 6/7. She acknowledged that as her supervisor I had the authority to disapprove of her actions, but she was offended by my "tone." She stated repeatedly that it "cannot happen again." At one point, she stated that she had been working for four years and no one had ever spoken to her like that. She later clarified that she was referring to our entire course of interactions over 6/6 and 6/7.

I responded that for as long as I had been attorney directing support staff and as a supervisor, I had never had to tell anyone that I was giving them an order.

She brought up the email she had forwarded me as evidence of how she didn't have to go to anything shadowing related (a mischaracterization of that email). I raised that she had not even attempted to satisfy both her obligations. Among other things, I raised that the time for the review had not been confirmed when I first told her that she had to go to the PSI. At first she denied this, but she backed off when I insisted that it was true. I had evidence with me but did not have to present it.

I then brought up that she had told me the discovery review was set at the only time when everyone could go, when I now knew from others that the actual time wasn't important. She launched into a long explanation of how she had decided to set the discovery review at 9AM because she knew that there would be a large amount of evidence and she wanted to be sure she had all day to go through it.... she added some detail about the FBI office being far away and not knowing how far, and Brian Wise "sometimes" going home at 4:30, and stated she did not want to go back to the FBI office twice. In short, she affirmed that she had personally decided to set the review at 9 AM for her own reasons.

I pointed out that she had told *me* the reason it was set at 9AM was because it was the only time that everyone could go. She claimed that she was only referring to the *day*, which was the only day the agents could do it, and even claimed to have *said* "day" and not "time," which is false. The email she sent is plain


GOVERNMENT EXHIBIT
B-7

on its face, and also because if she had said that to me, I would have asked why they couldn't start later. I pointed this out, she claimed not to recall.

She returned to the idea that I had crossed a boundary with the "tone" of how I had spoken to her. Without admitting that there was anything improper about my tone on 6/6 or 6.7, I told her I would try to keep from using a similar tone in the future but her actions were unacceptable and I had to respond to them. She said something about how speaking to her like that could never happen again, and I said, in as unconfrontational a tone as possible, "Redacted, you lied to me repeatedly. That's not okay."

She responded that if that was the case we should go talk to Tony and got up and left the room. I came out with her and said that it was fine, we could go and talk to Tony. She said "now?" I said yes, either that or we could cool down first and try to talk to each other again. She said something that comported with that but was ambiguous as to whether she meant she would later want to meet with me or with Tony. I asked, and she said "Let me go... deal with this and I'll get back to you very soon." Then she walked away into her office.

She left for the day 10 to 20 minutes later.

J.P. Davis
First Assistant Federal Defender
Federal Public Defender
Western District of North Carolina
129 W. Trade Street, Suite 300
Charlotte, NC 28202
Phone: 704-374-0720
Fax: 704-374-0722

# Time History Report
**Federal Public Defender Western District of North Carolina**
**JP Davis**
**Charlotte**
**5/15/18 through 8/10/2018**

| Name | Changed By | IP Address | Start | End | Status | Type | Hours | Comments |
|---|---|---|---|---|---|---|---|---|
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/15/2018 7:44 AM | 5/15/2018 9:05 AM | .In the Office | In | 1.34 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/15/2018 9:05 AM | 5/15/2018 1:28 PM | Court | In | 4.39 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/15/2018 1:28 PM | 5/15/2018 3:44 PM | Lunch | In | 2.28 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/15/2018 3:44 PM | 5/15/2018 5:35 PM | .In the Office | In | 1.84 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/15/2018 5:35 PM | 5/16/2018 8:46 AM | .Out for the Day | Out | 15.18 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/16/2018 8:46 AM | 5/16/2018 2:31 PM | .In the Office | In | 5.75 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/16/2018 2:31 PM | 5/17/2018 8:39 AM | Flex | In | 18.14 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/17/2018 8:39 AM | 5/17/2018 1:47 PM | .In the Office | In | 5.14 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/17/2018 1:47 PM | 5/17/2018 4:37 PM | Jail | In | 2.84 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/17/2018 4:37 PM | 5/17/2018 5:51 PM | .In the Office | In | 1.22 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/17/2018 5:51 PM | 5/18/2018 8:29 AM | .Out for the Day | Out | 14.64 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/18/2018 8:29 AM | 5/18/2018 10:07 AM | .In the Office | In | 1.63 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/18/2018 10:07 AM | 5/18/2018 10:51 AM | Court | In | 0.74 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/18/2018 10:51 AM | 5/18/2018 12:16 PM | .In the Office | In | 1.41 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/18/2018 12:16 PM | 5/18/2018 2:45 PM | Lunch | In | 2.49 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/18/2018 2:45 PM | 5/18/2018 5:50 PM | .In the Office | In | 3.08 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/18/2018 5:50 PM | 5/29/2018 8:46 AM | .Out for the Day | Out | 254.94 | |
| Davis, JP | Imelda Garcia | 97.95.243.120 | 5/29/2018 8:46 AM | 5/29/2018 1:11 PM | .In the Office | In | 4.42 | |
| Davis, JP | zFDWNC zAdmin | 206.16.244.12 | 5/29/2018 1:11 PM | 5/29/2018 3:05 PM | Jail | In | 1.90 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/29/2018 3:05 PM | 5/29/2018 6:09 PM | .In the Office | In | 3.06 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/29/2018 6:09 PM | 5/30/2018 9:00 AM | .Out for the Day | Out | 14.85 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/30/2018 9:00 AM | 5/30/2018 9:17 AM | .In the Office | In | 0.28 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/30/2018 9:17 AM | 5/30/2018 12:07 PM | Court | In | 2.83 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/30/2018 12:07 PM | 5/30/2018 2:40 PM | .In the Office | In | 2.57 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/30/2018 2:40 PM | 5/31/2018 8:43 AM | Sick Leave | PTO | 18.04 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/31/2018 8:43 AM | 5/31/2018 9:04 AM | .In the Office | In | 0.35 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/31/2018 9:04 AM | 5/31/2018 10:50 AM | Court | In | 1.77 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/31/2018 10:50 AM | 5/31/2018 5:48 PM | .In the Office | In | 6.97 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/31/2018 5:48 PM | 6/1/2018 8:32 AM | .Out for the Day | Out | 14.74 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 6/1/2018 8:32 AM | 6/1/2018 9:00 AM | .In the Office | In | 0.46 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 6/1/2018 9:00 AM | 6/1/2018 11:57 AM | Jail | In | 2.95 | Mcjc |
| Davis, JP | JP Davis | 216.136.72.6 | 6/1/2018 11:57 AM | 6/1/2018 12:16 PM | .In the Office | In | 0.32 | |
| Davis, JP | zFDWNC zAdmin | 174.193.138.153 | 6/1/2018 12:16 PM | 6/1/2018 1:54 PM | Working in Charlotte | In | 1.63 | CLE at Meck PD's office |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/1/2018 1:54 PM | 6/1/2018 5:24 PM | .In the Office | In | 3.49 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/1/2018 5:24 PM | 6/4/2018 8:48 AM | .Out for the Day | Out | 63.41 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/4/2018 8:48 AM | 6/4/2018 9:54 AM | .In the Office | In | 1.09 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/4/2018 9:54 AM | 6/4/2018 11:23 AM | 15 min Break | In | 1.47 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/4/2018 11:23 AM | 6/4/2018 2:20 PM | .In the Office | In | 2.96 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/4/2018 2:20 PM | 6/4/2018 3:51 PM | Court | In | 1.51 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/4/2018 3:51 PM | 6/4/2018 6:33 PM | .In the Office | In | 2.71 | |



GOVERNMENT
EXHIBIT
15-8

Time History Report

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Davis, JP | Imelda Garcia | 216.136.72.6 | 6/4/2018 6:33 PM | 6/5/2018 8:50 AM | .Out for the Day | Out | 14.28 | |
| Davis, JP | zFDWNC zAdmin | 206.16.244.12 | 6/5/2018 8:50 AM | 6/5/2018 9:07 AM | .In the Office | In | 0.29 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/5/2018 9:07 AM | 6/5/2018 11:39 AM | Court | In | 2.55 | |
| Davis, JP | System Account | 216.136.72.6 | 6/5/2018 11:39 AM | 6/5/2018 10:00 PM | .In the Office | In | 10.34 | |
| Davis, JP | zFDWNC zAdmin | | 6/5/2018 10:00 PM | 6/6/2018 8:14 AM | .Out for the Day | Out | 10.23 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 8:14 AM | 6/6/2018 12:49 PM | .In the Office | In | 4.59 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 12:49 PM | 6/6/2018 2:15 PM | Jail | In | 1.43 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 2:15 PM | 6/6/2018 2:57 PM | .In the Office | In | 0.70 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 2:57 PM | 6/6/2018 2:57 PM | .Out for the Day | Out | 0.00 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 2:57 PM | 6/7/2018 7:29 AM | Sick Leave | PTO | 16.54 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/7/2018 7:29 AM | 6/7/2018 8:15 AM | .In the Office | In | 0.76 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/7/2018 8:15 AM | 6/7/2018 9:51 AM | Jail | In | 1.60 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/7/2018 9:51 AM | 6/7/2018 3:14 PM | .In the Office | In | 5.39 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/7/2018 3:14 PM | 6/8/2018 8:49 AM | Flex | In | 17.57 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/8/2018 8:49 AM | 6/8/2018 1:39 PM | .In the Office | In | 4.83 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/8/2018 1:39 PM | 6/8/2018 2:03 PM | 15 min Break | In | 0.40 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/8/2018 2:03 PM | 6/8/2018 4:49 PM | .In the Office | In | 2.77 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/8/2018 4:49 PM | 6/11/2018 8:47 AM | .Out for the Day | Out | 63.97 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/11/2018 8:47 AM | 6/11/2018 9:19 AM | .In the Office | In | 0.53 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/11/2018 9:19 AM | 6/11/2018 9:48 AM | Court | In | 0.48 | |
| Davis, JP | System Account | 216.136.72.6 | 6/11/2018 9:48 AM | 6/11/2018 10:00 PM | .In the Office | In | 12.20 | |
| Davis, JP | zFDWNC zAdmin | | 6/11/2018 10:00 PM | 6/12/2018 8:43 AM | .Out for the Day | Out | 10.72 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/12/2018 8:43 AM | 6/12/2018 9:17 AM | .In the Office | In | 0.56 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/12/2018 9:17 AM | 6/12/2018 10:20 AM | Jail | In | 1.04 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/12/2018 10:20 AM | 6/12/2018 1:23 PM | .In the Office | In | 3.05 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/12/2018 1:23 PM | 6/12/2018 1:54 PM | Court | In | 0.53 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/12/2018 1:54 PM | 6/12/2018 6:42 PM | .In the Office | In | 4.79 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/12/2018 6:42 PM | 6/13/2018 8:47 AM | .Out for the Day | Out | 14.09 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/13/2018 8:47 AM | 6/13/2018 5:57 PM | .In the Office | In | 9.16 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/13/2018 5:57 PM | 6/14/2018 8:35 AM | .Out for the Day | Out | 14.64 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/14/2018 8:35 AM | 6/14/2018 12:46 PM | .In the Office | In | 4.18 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/14/2018 12:46 PM | 6/14/2018 2:17 PM | Lunch | In | 1.52 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/14/2018 2:17 PM | 6/14/2018 6:22 PM | .In the Office | In | 4.08 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/14/2018 6:22 PM | 6/15/2018 8:30 AM | .Out for the Day | Out | 14.14 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/15/2018 8:30 AM | 6/15/2018 2:33 PM | .In the Office | In | 6.05 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/15/2018 2:33 PM | 6/15/2018 4:56 PM | Jail | In | 2.38 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/15/2018 4:56 PM | 6/15/2018 7:17 PM | .In the Office | In | 2.35 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/15/2018 7:17 PM | 6/18/2018 8:48 AM | .Out for the Day | Out | 61.52 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/18/2018 8:48 AM | 6/18/2018 9:53 AM | .In the Office | In | 1.08 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/18/2018 9:53 AM | 6/18/2018 3:17 PM | Working Out of Office | In | 5.40 | USAO |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/18/2018 3:17 PM | 6/18/2018 5:23 PM | .In the Office | In | 2.11 | |
| Davis, JP | JP Davis | 216.136.72.10 | 6/18/2018 5:23 PM | 6/18/2018 7:49 PM | Jail | In | 2.44 | |
| Davis, JP | zFDWNC zAdmin | 206.16.244.12 | 6/18/2018 7:49 PM | 6/18/2018 8:09 PM | .In the Office | In | 0.33 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/18/2018 8:09 PM | 6/19/2018 1:25 PM | .Out for the Day | Out | 17.26 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/19/2018 1:25 PM | 6/19/2018 6:55 PM | .In the Office | In | 5.50 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/19/2018 6:55 PM | 6/20/2018 8:44 AM | .Out for the Day | Out | 13.82 | |

Case 1:20-cv-00066-WGY Document 245-23 Filed 06/02/23 Page 35 of 53

| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/20/2018 8:44 AM | 6/20/2018 9:56 AM | .In the Office | In | 1.19 | |
|-----------|---------------|---------------|-------------------|------------------|---------------|-----|-------|----|
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/20/2018 9:56 AM | 6/20/2018 12:03 PM | Jail | In | 2.13 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/20/2018 12:03 PM | 6/20/2018 4:25 PM | .In the Office | In | 4.37 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/20/2018 4:25 PM | 6/21/2018 8:43 AM | .Out for the Day | Out | 16.30 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/21/2018 8:43 AM | 6/21/2018 9:29 AM | .In the Office | In | 0.75 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/21/2018 9:29 AM | 6/21/2018 11:01 AM | Jail | In | 1.54 | |
| Davis, JP | System Account | 216.136.72.10 | 6/21/2018 11:01 AM | 6/21/2018 10:00 PM | .In the Office | In | 10.99 | |
| Davis, JP | zFDWNC zAdmin | | 6/21/2018 10:00 PM | 6/22/2018 8:41 AM | .Out for the Day | Out | 10.68 | |
| Davis, JP | System Account | 216.136.72.10 | 6/22/2018 8:41 AM | 6/22/2018 10:00 PM | .In the Office | In | 13.31 | |
| Davis, JP | zFDWNC zAdmin | | 6/22/2018 10:00 PM | 6/25/2018 8:21 AM | .Out for the Day | Out | 58.35 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/25/2018 8:21 AM | 6/25/2018 8:56 AM | .In the Office | In | 0.59 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/25/2018 8:56 AM | 6/25/2018 11:05 AM | Court | In | 2.15 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/25/2018 11:05 AM | 6/25/2018 12:47 PM | .In the Office | In | 1.70 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/25/2018 12:47 PM | 6/25/2018 1:03 PM | Lunch | In | 0.27 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/25/2018 1:03 PM | 6/25/2018 2:51 PM | .In the Office | In | 1.80 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/25/2018 2:51 PM | 6/25/2018 4:37 PM | Jail | In | 1.77 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/25/2018 4:37 PM | 6/25/2018 5:07 PM | .In the Office | In | 0.50 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/25/2018 5:07 PM | 6/26/2018 8:41 AM | .Out for the Day | Out | 15.57 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/26/2018 8:41 AM | 6/26/2018 9:21 AM | .In the Office | In | 0.65 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/26/2018 9:21 AM | 6/26/2018 12:08 PM | Working Out of Office | In | 2.79 | HSI |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/26/2018 12:08 PM | 6/26/2018 12:59 PM | .In the Office | In | 0.84 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/26/2018 12:59 PM | 6/26/2018 2:37 PM | Jail | In | 1.64 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/26/2018 2:37 PM | 6/26/2018 3:17 PM | .In the Office | In | 0.66 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/26/2018 3:17 PM | 6/27/2018 8:49 AM | Flex | In | 17.53 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/27/2018 8:49 AM | 6/27/2018 10:15 AM | .In the Office | In | 1.44 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/27/2018 10:15 AM | 6/27/2018 11:54 AM | Jail | In | 1.64 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/27/2018 11:54 AM | 6/27/2018 12:16 PM | .In the Office | In | 0.37 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/27/2018 12:16 PM | 6/27/2018 4:12 PM | Working Out of Office | In | 3.93 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/27/2018 4:12 PM | 6/27/2018 7:08 PM | .In the Office | In | 2.93 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/27/2018 7:08 PM | 6/28/2018 9:29 AM | .Out for the Day | Out | 14.36 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/28/2018 9:29 AM | 6/28/2018 10:27 AM | .In the Office | In | 0.97 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/28/2018 10:27 AM | 6/28/2018 11:41 AM | Jail | In | 1.22 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/28/2018 11:41 AM | 6/28/2018 1:13 PM | .In the Office | In | 1.53 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/28/2018 1:13 PM | 6/28/2018 3:29 PM | Jail | In | 2.27 | |
| Davis, JP | System Account | 216.136.72.6 | 6/28/2018 3:29 PM | 6/28/2018 10:00 PM | .In the Office | In | 6.53 | |
| Davis, JP | zFDWNC zAdmin | | 6/28/2018 10:00 PM | 6/29/2018 8:39 AM | .Out for the Day | Out | 10.64 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/29/2018 8:39 AM | 6/29/2018 6:26 PM | .In the Office | In | 9.78 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/29/2018 6:26 PM | 7/2/2018 8:47 AM | .Out for the Day | Out | 62.35 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/2/2018 8:47 AM | 7/2/2018 8:54 AM | .In the Office | In | 0.12 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/2/2018 8:54 AM | 7/2/2018 11:15 AM | Court | In | 2.34 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/2/2018 11:15 AM | 7/2/2018 1:00 PM | .In the Office | In | 1.76 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/2/2018 1:00 PM | 7/2/2018 2:26 PM | Jail | In | 1.42 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/2/2018 2:26 PM | 7/2/2018 5:52 PM | .In the Office | In | 3.45 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/2/2018 5:52 PM | 7/3/2018 8:34 AM | .Out for the Day | Out | 14.70 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/3/2018 8:34 AM | 7/3/2018 8:47 AM | .In the Office | In | 0.20 | |

Case 1:20-cv-00066-WGY   Document 245-23   Filed 06/02/23   Page 36 of 53

Time History Report

| Name | User | IP | Start | End | Status | Type | Hours | Note |
|---|---|---|---|---|---|---|---|---|
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/3/2018 8:47 AM | 7/3/2018 11:21 AM | Jail | In | 2.57 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/3/2018 11:21 AM | 7/3/2018 4:17 PM | .In the Office | In | 4.94 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/3/2018 4:17 PM | 7/5/2018 8:45 AM | .Out for the Day | Out | 40.46 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/5/2018 8:45 AM | 7/5/2018 9:15 AM | .In the Office | In | 0.51 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/5/2018 9:15 AM | 7/5/2018 11:07 AM | Working Out of Office | In | 1.86 | LEC |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/5/2018 11:07 AM | 7/5/2018 2:35 PM | .In the Office | In | 3.47 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/5/2018 2:35 PM | 7/5/2018 4:29 PM | Jail | In | 1.90 | |
| Davis, JP | System Account | 216.136.72.6 | 7/5/2018 4:29 PM | 7/5/2018 10:00 PM | .In the Office | Out | 5.51 | |
| Davis, JP | zFDWNC zAdmin | | 7/5/2018 10:00 PM | 7/6/2018 8:57 AM | .Out for the Day | Out | 10.96 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 8:57 AM | 7/6/2018 10:25 AM | .In the Office | In | 1.46 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 10:25 AM | 7/6/2018 11:01 AM | Court | In | 0.60 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 11:01 AM | 7/6/2018 12:22 PM | .In the Office | In | 1.36 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 12:22 PM | 7/6/2018 1:52 PM | Lunch | In | 1.50 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 1:52 PM | 7/6/2018 4:33 PM | Jail | In | 2.67 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 4:33 PM | 7/6/2018 5:22 PM | .In the Office | Out | 0.83 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 5:22 PM | 7/16/2018 9:14 AM | .Out for the Day | Out | 231.87 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 7/16/2018 9:14 AM | 7/16/2018 1:18 PM | .In the Office | In | 4.06 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 7/16/2018 1:18 PM | 7/16/2018 1:36 PM | Lunch | In | 0.30 | |
| Davis, JP | JP Davis | 216.136.72.10 | 7/16/2018 1:36 PM | 7/16/2018 4:30 PM | .In the Office | In | 2.90 | |
| Davis, JP | zFDWNC zAdmin | 174.193.149.163 | 7/16/2018 4:30 PM | 7/17/2018 8:46 AM | Flex | In | 16.27 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 7/17/2018 8:46 AM | 7/17/2018 3:17 PM | .In the Office | In | 6.52 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 7/17/2018 3:17 PM | 7/18/2018 8:53 AM | Sick Leave | PTO | 17.60 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 7/18/2018 8:53 AM | 7/18/2018 9:27 AM | .In the Office | In | 0.56 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 7/18/2018 9:27 AM | 7/18/2018 10:05 AM | Court | In | 0.64 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 7/18/2018 10:05 AM | 7/18/2018 10:36 AM | .In the Office | In | 0.52 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 7/18/2018 10:36 AM | 7/18/2018 2:06 PM | Court | In | 3.51 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/18/2018 2:06 PM | 7/18/2018 2:19 PM | .In the Office | In | 0.21 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/18/2018 2:19 PM | 7/18/2018 4:29 PM | Working Out of Office | In | 2.18 | Mock crtrm |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/18/2018 4:29 PM | 7/18/2018 5:53 PM | .In the Office | In | 1.40 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/18/2018 5:53 PM | 7/19/2018 8:43 AM | .Out for the Day | Out | 14.84 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/19/2018 8:43 AM | 7/19/2018 9:23 AM | .In the Office | In | 0.66 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/19/2018 9:23 AM | 7/19/2018 12:01 PM | Jail | In | 2.63 | |
| Davis, JP | System Account | 216.136.72.6 | 7/19/2018 12:01 PM | 7/19/2018 10:00 PM | .In the Office | In | 9.99 | |
| Davis, JP | zFDWNC zAdmin | | 7/19/2018 10:00 PM | 7/20/2018 8:18 AM | .Out for the Day | Out | 10.30 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/20/2018 8:18 AM | 7/20/2018 5:33 PM | .In the Office | In | 9.26 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/20/2018 5:33 PM | 7/23/2018 8:52 AM | .Out for the Day | Out | 63.31 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/23/2018 8:52 AM | 7/23/2018 9:42 AM | .In the Office | In | 0.83 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/23/2018 9:42 AM | 7/23/2018 11:47 AM | Jail | In | 2.09 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/23/2018 11:47 AM | 7/23/2018 5:40 PM | .In the Office | In | 5.88 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/23/2018 5:40 PM | 7/24/2018 9:31 AM | .Out for the Day | Out | 15.85 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/24/2018 9:31 AM | 7/24/2018 5:33 PM | .In the Office | In | 8.03 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/24/2018 5:33 PM | 7/25/2018 8:36 AM | .Out for the Day | Out | 15.04 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/25/2018 8:36 AM | 7/25/2018 9:35 AM | .In the Office | In | 0.99 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/25/2018 9:35 AM | 7/25/2018 5:07 PM | Court | In | 7.52 | |
| Davis, JP | System Account | 216.136.72.6 | 7/25/2018 5:07 PM | 7/25/2018 10:00 PM | .In the Office | In | 4.89 | |

| Name | Account | IP | Start | End | Status | Type | Hours | Note |
|---|---|---|---|---|---|---|---|---|
| Davis, JP | zFDWNC zAdmin | | 7/25/2018 10:00 PM | 7/26/2018 8:40 AM | .Out for the Day | Out | 10.67 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/26/2018 8:40 AM | 7/26/2018 10:02 AM | .In the Office | In | 1.37 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/26/2018 10:02 AM | 7/26/2018 11:37 AM | Jail | In | 1.58 | |
| Davis, JP | System Account | 216.136.72.6 | 7/26/2018 11:37 AM | 7/26/2018 10:00 PM | .In the Office | In | 10.38 | |
| Davis, JP | zFDWNC zAdmin | | 7/26/2018 10:00 PM | 7/27/2018 8:36 AM | .Out for the Day | Out | 10.61 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/27/2018 8:36 AM | 7/27/2018 9:47 AM | .In the Office | In | 1.18 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/27/2018 9:47 AM | 7/27/2018 10:48 AM | Working in Charlotte | In | 1.01 | USAO |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/27/2018 10:48 AM | 7/27/2018 12:38 PM | .In the Office | In | 1.83 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/27/2018 12:38 PM | 7/27/2018 12:55 PM | Lunch | In | 0.29 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/27/2018 12:55 PM | 7/27/2018 5:50 PM | .In the Office | In | 4.91 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/27/2018 5:50 PM | 7/30/2018 8:51 AM | .Out for the Day | Out | 63.02 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/30/2018 8:51 AM | 7/30/2018 10:08 AM | .In the Office | In | 1.29 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/30/2018 10:08 AM | 7/30/2018 11:16 AM | Court | In | 1.12 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/30/2018 11:16 AM | 7/30/2018 12:32 PM | .In the Office | In | 1.27 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/30/2018 12:32 PM | 7/30/2018 1:39 PM | Lunch | In | 1.12 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/30/2018 1:39 PM | 7/30/2018 3:08 PM | Jail | In | 1.48 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/30/2018 3:08 PM | 7/30/2018 4:05 PM | .In the Office | In | 0.96 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/30/2018 4:05 PM | 7/31/2018 1:17 PM | Sick Leave | PTO | 21.20 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/31/2018 1:17 PM | 7/31/2018 1:39 PM | .In the Office | In | 0.36 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/31/2018 1:39 PM | 7/31/2018 4:27 PM | Jail | In | 2.79 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/31/2018 4:27 PM | 7/31/2018 5:40 PM | .In the Office | In | 1.23 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/31/2018 5:40 PM | 8/1/2018 8:42 AM | .Out for the Day | Out | 15.03 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/1/2018 8:42 AM | 8/1/2018 10:08 AM | .In the Office | In | 1.43 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/1/2018 10:08 AM | 8/1/2018 1:01 PM | Court | In | 2.89 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/1/2018 1:01 PM | 8/1/2018 3:40 PM | .In the Office | In | 2.65 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/1/2018 3:40 PM | 8/1/2018 3:58 PM | 15 min Break | In | 0.31 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/1/2018 3:58 PM | 8/1/2018 5:59 PM | .In the Office | In | 2.00 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/1/2018 5:59 PM | 8/2/2018 8:46 AM | .Out for the Day | Out | 14.78 | |
| Davis, JP | System Account | 216.136.72.6 | 8/2/2018 8:46 AM | 8/2/2018 10:00 PM | .In the Office | In | 13.24 | |
| Davis, JP | zFDWNC zAdmin | | 8/2/2018 10:00 PM | 8/3/2018 10:27 AM | .Out for the Day | Out | 12.45 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/3/2018 10:27 AM | 8/3/2018 2:05 PM | .In the Office | In | 3.64 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/3/2018 2:05 PM | 8/3/2018 3:35 PM | Jail | In | 1.49 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/3/2018 3:35 PM | 8/3/2018 6:30 PM | .In the Office | In | 2.93 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/3/2018 6:30 PM | 8/6/2018 8:51 AM | .Out for the Day | Out | 62.34 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/6/2018 8:51 AM | 8/6/2018 9:34 AM | .In the Office | In | 0.73 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/6/2018 9:34 AM | 8/6/2018 10:31 AM | Court | In | 0.95 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/6/2018 10:31 AM | 8/6/2018 1:33 PM | .In the Office | In | 3.03 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/6/2018 1:33 PM | 8/6/2018 3:03 PM | Jail | In | 1.50 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/6/2018 3:03 PM | 8/6/2018 5:31 PM | .In the Office | In | 2.47 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/6/2018 5:31 PM | 8/7/2018 8:42 AM | .Out for the Day | Out | 15.19 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/7/2018 8:42 AM | 8/7/2018 9:14 AM | .In the Office | In | 0.53 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/7/2018 9:14 AM | 8/7/2018 10:17 AM | Working in Charlotte | In | 1.05 | Lec |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/7/2018 10:17 AM | 8/7/2018 3:58 PM | .In the Office | In | 5.69 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/7/2018 3:58 PM | 8/8/2018 8:46 AM | Flex | In | 16.80 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/8/2018 8:46 AM | 8/8/2018 6:10 PM | .In the Office | In | 9.40 | |

Case 1:20-cv-00066-WGY Document 245-23 Filed 06/02/23 Page 38 of 53

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/8/2018 6:10 PM | 8/9/2018 8:43 AM | .Out for the Day | Out | 14.55 |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/9/2018 8:43 AM | 8/9/2018 12:42 PM | .In the Office | In | 3.98 |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/9/2018 12:42 PM | 8/9/2018 1:08 PM | Lunch | In | 0.44 |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/9/2018 1:08 PM | 8/9/2018 6:05 PM | .In the Office | In | 4.94 |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/9/2018 6:05 PM | 8/10/2018 8:47 AM | .Out for the Day | Out | 14.71 |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/10/2018 8:47 AM | 8/10/2018 1:30 PM | .In the Office | In | 4.71 |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/10/2018 1:30 PM | 8/10/2018 3:25 PM | Jail | In | 1.93 |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/10/2018 3:25 PM | 8/10/2018 6:56 PM | .In the Office | In | 3.51 |
| | | | | | | | **2,099.19** |

**Total Hours IN**      574.46
**Total Hours OUT**   1,451.36
**Total Hours PTO**     73.37

# Time History Report

**Federal Public Defender Western District of North Carolina**

Redacted

Charlotte

**5/15/18 through 8/10/2018**

| Name | Changed By | IP Address | Start | End | Status | Type | Hours | Comments |
|---|---|---|---|---|---|---|---|---|
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/15/2018 7:16 AM | 5/15/2018 9:05 AM | .In the Office | In | 1.82 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/15/2018 9:05 AM | 5/15/2018 1:28 PM | Court | In | 4.38 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/15/2018 1:28 PM | 5/15/2018 3:44 PM | Lunch | In | 2.28 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/15/2018 3:44 PM | 5/15/2018 4:24 PM | .In the Office | In | 0.66 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/15/2018 4:24 PM | 5/16/2018 9:14 AM | .Out for the Day | Out | 16.83 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/16/2018 9:14 AM | 5/16/2018 12:47 PM | .In the Office | In | 3.56 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/16/2018 12:47 PM | 5/16/2018 1:15 PM | Lunch | In | 0.46 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/16/2018 1:15 PM | 5/16/2018 5:04 PM | .In the Office | In | 3.82 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/16/2018 5:04 PM | 5/17/2018 8:24 AM | .Out for the Day | Out | 15.33 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/17/2018 8:24 AM | 5/17/2018 5:17 PM | .In the Office | In | 8.88 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/17/2018 5:17 PM | 5/18/2018 8:20 AM | .Out for the Day | Out | 15.05 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/18/2018 8:20 AM | 5/18/2018 12:16 PM | .In the Office | In | 3.93 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/18/2018 12:16 PM | 5/18/2018 2:45 PM | Lunch | In | 2.48 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/18/2018 2:45 PM | 5/18/2018 4:19 PM | .In the Office | In | 1.56 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/18/2018 4:19 PM | 5/21/2018 8:07 AM | Flex | In | 63.81 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/21/2018 8:07 AM | 5/21/2018 3:24 PM | .In the Office | In | 7.28 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/21/2018 3:24 PM | 5/21/2018 3:53 PM | 15 min Break | In | 0.49 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/21/2018 3:53 PM | 5/21/2018 5:13 PM | .In the Office | In | 1.32 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/21/2018 5:13 PM | 5/22/2018 8:09 AM | .Out for the Day | Out | 14.95 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/22/2018 8:09 AM | 5/22/2018 10:47 AM | .In the Office | In | 2.63 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/22/2018 10:47 AM | 5/22/2018 11:24 AM | 15 min Break | In | 0.62 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/22/2018 11:24 AM | 5/22/2018 1:40 PM | .In the Office | In | 2.27 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/22/2018 1:40 PM | 5/22/2018 1:55 PM | Lunch | In | 0.25 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/22/2018 1:55 PM | 5/22/2018 5:57 PM | .In the Office | In | 4.03 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/22/2018 5:57 PM | 5/23/2018 9:19 AM | .Out for the Day | Out | 15.37 | |
| Redacted | System Account | 97.95.243.120 | 5/23/2018 9:19 AM | 5/23/2018 10:00 PM | .In the Office | In | 12.68 | |
| Redacted | zFDWNC zAdmin | | 5/23/2018 10:00 PM | 5/24/2018 8:20 AM | .Out for the Day | Out | 10.33 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/24/2018 8:20 AM | 5/24/2018 12:28 PM | .In the Office | In | 4.14 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/24/2018 12:28 PM | 5/24/2018 12:50 PM | Lunch | In | 0.37 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/24/2018 12:50 PM | 5/24/2018 6:12 PM | .In the Office | In | 5.35 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/24/2018 6:12 PM | 5/29/2018 7:59 AM | .Out for the Day | Out | 109.80 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/29/2018 7:59 AM | 5/29/2018 5:09 PM | .In the Office | In | 9.17 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/29/2018 5:09 PM | 5/30/2018 8:14 AM | .Out for the Day | Out | 15.08 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/30/2018 8:14 AM | 5/30/2018 9:03 AM | .In the Office | In | 0.82 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/30/2018 9:03 AM | 5/30/2018 10:18 AM | Court | In | 1.25 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/30/2018 10:18 AM | 5/30/2018 5:40 PM | .In the Office | In | 7.37 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/30/2018 5:40 PM | 5/31/2018 8:07 AM | .Out for the Day | Out | 14.44 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/31/2018 8:07 AM | 5/31/2018 12:31 PM | .In the Office | In | 4.41 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/31/2018 12:31 PM | 5/31/2018 12:59 PM | Lunch | In | 0.46 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/31/2018 12:59 PM | 5/31/2018 6:04 PM | .In the Office | In | 5.08 | |
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 5/31/2018 6:04 PM | 6/1/2018 8:21 AM | .Out for the Day | Out | 14.28 | |



Case 1:20-cv-00066-WGY   Document 245-3   Filed 06/02/23   Page 40 of 53

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Redacted | zFDWNC zAdmin | 97.95.243.120 | 6/1/2018 8:21 AM | 6/1/2018 5:23 PM | .In the Office | In | 9.04 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/1/2018 5:23 PM | 6/4/2018 8:22 AM | .Out for the Day | Out | 62.98 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/4/2018 8:22 AM | 6/4/2018 1:05 PM | .In the Office | In | 4.71 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/4/2018 1:05 PM | 6/4/2018 1:21 PM | Lunch | In | 0.27 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/4/2018 1:21 PM | 6/4/2018 6:27 PM | .In the Office | In | 5.10 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/4/2018 6:27 PM | 6/5/2018 8:07 AM | .Out for the Day | Out | 13.67 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/5/2018 8:07 AM | 6/5/2018 12:44 PM | .In the Office | In | 4.62 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/5/2018 12:44 PM | 6/5/2018 1:13 PM | Lunch | In | 0.48 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/5/2018 1:13 PM | 6/5/2018 6:06 PM | .In the Office | In | 4.89 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/5/2018 6:06 PM | 6/6/2018 7:43 AM | .Out for the Day | Out | 13.61 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 7:43 AM | 6/6/2018 10:08 AM | .In the Office | In | 2.42 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 10:08 AM | 6/6/2018 10:46 AM | 15 min Break | In | 0.63 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 10:46 AM | 6/6/2018 12:12 PM | .In the Office | In | 1.43 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 12:12 PM | 6/6/2018 12:32 PM | Lunch | In | 0.34 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 12:32 PM | 6/6/2018 12:47 PM | .In the Office | In | 0.25 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 12:47 PM | 6/6/2018 3:28 PM | Working in Charlotte | | 2.68 | Usao |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 3:28 PM | 6/6/2018 5:29 PM | .In the Office | In | 2.02 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 5:29 PM | 6/7/2018 7:53 AM | .Out for the Day | Out | 14.41 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/7/2018 7:53 AM | 6/7/2018 8:15 AM | .In the Office | In | 0.36 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/7/2018 8:15 AM | 6/7/2018 9:51 AM | Jail | In | 1.60 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/7/2018 9:51 AM | 6/7/2018 12:23 PM | .In the Office | In | 2.53 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/7/2018 12:23 PM | 6/7/2018 1:13 PM | Lunch | In | 0.83 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/7/2018 1:13 PM | 6/7/2018 5:13 PM | .In the Office | In | 4.00 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/7/2018 5:13 PM | 6/8/2018 10:06 AM | .Out for the Day | Out | 16.88 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/8/2018 10:06 AM | 6/8/2018 3:37 PM | .In the Office | In | 5.52 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/8/2018 3:37 PM | 6/12/2018 8:20 AM | Flex | In | 88.72 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/12/2018 8:20 AM | 6/12/2018 12:28 PM | .In the Office | In | 4.14 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/12/2018 12:28 PM | 6/12/2018 12:55 PM | Lunch | In | 0.44 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/12/2018 12:55 PM | 6/12/2018 6:27 PM | .In the Office | In | 5.54 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/12/2018 6:27 PM | 6/13/2018 8:06 AM | .Out for the Day | Out | 13.66 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/13/2018 8:06 AM | 6/13/2018 12:47 PM | .In the Office | In | 4.68 | |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/13/2018 12:47 PM | 6/13/2018 1:17 PM | Lunch | In | 0.50 | |
| Redacted | System Account | 216.136.72.6 | 6/13/2018 1:17 PM | 6/13/2018 10:00 PM | .In the Office | In | 8.70 | |
| Redacted | zFDWNC zAdmin | | 6/13/2018 10:00 PM | 6/14/2018 8:18 AM | .Out for the Day | Out | 10.31 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/14/2018 8:18 AM | 6/14/2018 8:45 AM | .In the Office | In | 0.44 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/14/2018 8:45 AM | 6/14/2018 9:04 AM | 15 min Break | In | 0.33 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/14/2018 9:04 AM | 6/14/2018 12:54 PM | .In the Office | In | 3.84 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/14/2018 12:54 PM | 6/14/2018 2:08 PM | Lunch | In | 1.22 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/14/2018 2:08 PM | 6/14/2018 5:16 PM | .In the Office | In | 3.14 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/14/2018 5:16 PM | 6/15/2018 8:18 AM | .Out for the Day | Out | 15.04 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/15/2018 8:18 AM | 6/15/2018 4:16 PM | .In the Office | In | 7.97 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/15/2018 4:16 PM | 6/18/2018 1:09 PM | Flex | In | 68.88 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/18/2018 1:09 PM | 6/18/2018 8:09 PM | .In the Office | In | 7.01 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/18/2018 8:09 PM | 6/19/2018 8:00 AM | .Out for the Day | Out | 11.85 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/19/2018 8:00 AM | 6/19/2018 5:31 PM | .In the Office | In | 9.51 | |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/19/2018 5:31 PM | 6/20/2018 7:44 AM | .Out for the Day | Out | 14.22 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/20/2018 7:44 AM | 6/20/2018 5:39 PM | .In the Office | In | 9.91 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/20/2018 5:39 PM | 6/21/2018 7:44 AM | .Out for the Day | Out | 14.09 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/21/2018 7:44 AM | 6/21/2018 1:05 PM | .In the Office | In | 5.35 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/21/2018 1:05 PM | 6/21/2018 1:16 PM | 15 min Break | In | 0.18 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/21/2018 1:16 PM | 6/21/2018 6:46 PM | .In the Office | In | 5.50 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 6/21/2018 6:46 PM | 6/25/2018 8:56 AM | .Out for the Day | Out | 86.17 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/25/2018 8:56 AM | 6/25/2018 12:43 PM | Court | In | 3.77 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/25/2018 12:43 PM | 6/26/2018 8:11 AM | Working Out of Office | In | 19.47 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/26/2018 8:11 AM | 6/26/2018 12:08 PM | .In the Office | In | 3.96 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/26/2018 12:08 PM | 6/26/2018 5:02 PM | Lunch | In | 4.89 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/26/2018 5:02 PM | 6/27/2018 7:55 AM | .Out for the Day | Out | 14.88 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/27/2018 7:55 AM | 6/27/2018 12:27 PM | .In the Office | In | 4.54 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/27/2018 12:27 PM | 6/27/2018 1:03 PM | Lunch | In | 0.60 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/27/2018 1:03 PM | 6/27/2018 4:33 PM | .In the Office | In | 3.50 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 6/27/2018 4:33 PM | 7/2/2018 8:01 AM | Working Out of Office | In | 111.46 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/2/2018 8:01 AM | 7/2/2018 12:22 PM | .In the Office | In | 4.35 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/2/2018 12:22 PM | 7/2/2018 3:23 PM | Lunch | In | 3.02 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/2/2018 3:23 PM | 7/3/2018 7:55 AM | .Out for the Day | Out | 16.53 |
| Redacted | System Account | 216.136.72.6 | 7/3/2018 7:55 AM | 7/3/2018 10:00 PM | .In the Office | In | 14.08 |
| Redacted | zFDWNC zAdmin | | 7/3/2018 10:00 PM | 7/5/2018 8:03 AM | .Out for the Day | Out | 34.05 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/5/2018 8:03 AM | 7/5/2018 12:49 PM | .In the Office | In | 4.77 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/5/2018 12:49 PM | 7/5/2018 4:20 PM | Jail | In | 3.52 |
| Redacted | System Account | 216.136.72.6 | 7/5/2018 4:20 PM | 7/5/2018 10:00 PM | .In the Office | In | 5.66 |
| Redacted | zFDWNC zAdmin | | 7/5/2018 10:00 PM | 7/6/2018 8:17 AM | .Out for the Day | Out | 10.29 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 8:17 AM | 7/6/2018 9:49 AM | .In the Office | In | 1.53 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 9:49 AM | 7/6/2018 11:00 AM | 15 min Break | In | 1.19 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 11:00 AM | 7/6/2018 12:19 PM | .In the Office | In | 1.32 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 12:19 PM | 7/6/2018 1:10 PM | Lunch | In | 0.84 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 1:10 PM | 7/6/2018 3:02 PM | .In the Office | In | 1.87 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 3:02 PM | 7/9/2018 8:30 AM | Flex | In | 65.47 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/9/2018 8:30 AM | 7/9/2018 5:18 PM | .In the Office | In | 8.81 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/9/2018 5:18 PM | 7/10/2018 7:59 AM | .Out for the Day | Out | 14.68 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/10/2018 7:59 AM | 7/10/2018 8:59 AM | .In the Office | In | 1.00 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/10/2018 8:59 AM | 7/10/2018 10:44 AM | Jail | In | 1.74 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/10/2018 10:44 AM | 7/10/2018 11:38 AM | .In the Office | In | 0.90 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/10/2018 11:38 AM | 7/10/2018 12:01 PM | Lunch | In | 0.38 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/10/2018 12:01 PM | 7/10/2018 5:59 PM | .In the Office | In | 5.97 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/10/2018 5:59 PM | 7/12/2018 7:53 AM | .Out for the Day | Out | 37.91 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/12/2018 7:53 AM | 7/12/2018 12:11 PM | .In the Office | In | 4.30 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/12/2018 12:11 PM | 7/12/2018 1:19 PM | Lunch | In | 1.14 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/12/2018 1:19 PM | 7/12/2018 5:43 PM | .In the Office | In | 4.40 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/12/2018 5:43 PM | 7/13/2018 8:13 AM | .Out for the Day | Out | 14.49 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/13/2018 8:13 AM | 7/13/2018 8:54 AM | .In the Office | In | 0.69 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/13/2018 8:54 AM | 7/13/2018 10:14 AM | Court | In | 1.34 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/13/2018 10:14 AM | 7/13/2018 12:15 PM | .In the Office | In | 2.02 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/13/2018 12:15 PM | 7/13/2018 12:26 PM | Lunch | In | 0.17 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/13/2018 12:26 PM | 7/13/2018 3:35 PM | .In the Office | In | 3.16 |
| Redacted | Kathy Phillips | 216.136.72.10 | 7/13/2018 3:35 PM | 7/16/2018 7:28 AM | Flex | In | 63.89 |
| Redacted | zFDWNC zAdmin | 206.16.244.12 | 7/16/2018 7:28 AM | 7/16/2018 8:01 AM | .Out for the Day | Out | 0.53 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/16/2018 8:01 AM | 7/16/2018 1:46 PM | .In the Office | In | 5.76 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/16/2018 1:46 PM | 7/16/2018 2:06 PM | Lunch | In | 0.32 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/16/2018 2:06 PM | 7/16/2018 5:43 PM | .In the Office | In | 3.62 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/16/2018 5:43 PM | 7/17/2018 8:07 AM | .Out for the Day | Out | 14.40 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/17/2018 8:07 AM | 7/17/2018 11:37 AM | .In the Office | In | 3.50 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/17/2018 11:37 AM | 7/17/2018 2:29 PM | Lunch | In | 2.87 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/17/2018 2:29 PM | 7/17/2018 5:28 PM | .In the Office | In | 2.99 |
| Redacted | zFDWNC zAdmin | 216.136.72.10 | 7/17/2018 5:28 PM | 7/18/2018 8:11 AM | .Out for the Day | Out | 14.70 |
| Redacted | System Account | 216.136.72.10 | 7/18/2018 8:11 AM | 7/18/2018 10:00 PM | .In the Office | In | 13.83 |
| Redacted | zFDWNC zAdmin | | 7/18/2018 10:00 PM | 7/19/2018 8:15 AM | .Out for the Day | Out | 10.25 |
| Redacted | System Account | 216.136.72.6 | 7/19/2018 8:15 AM | 7/19/2018 10:00 PM | .In the Office | In | 13.74 |
| Redacted | zFDWNC zAdmin | | 7/19/2018 10:00 PM | 7/20/2018 8:05 AM | .Out for the Day | Out | 10.09 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/20/2018 8:05 AM | 7/20/2018 8:07 AM | .In the Office | In | 0.03 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/20/2018 8:07 AM | 7/20/2018 8:24 AM | 15 min Break | In | 0.28 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 7/20/2018 8:24 AM | 7/20/2018 4:11 PM | .In the Office | In | 7.78 |
| Redacted | Lisa Ottens | 216.136.72.6 | 7/20/2018 4:11 PM | 7/25/2018 8:18 AM | Flex | In | 112.12 |
| Redacted | Amanda Buckner | 206.16.244.12 | 7/25/2018 8:18 AM | 7/30/2018 11:29 AM | Sick Leave | PTO | 123.18 |
| Redacted | zFDWNC zAdmin | 206.16.244.12 | 7/30/2018 11:29 AM | 8/2/2018 8:33 AM | Annual Leave | PTO | 69.06 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/2/2018 8:33 AM | 8/2/2018 9:07 AM | .In the Office | In | 0.57 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/2/2018 9:07 AM | 8/2/2018 11:40 AM | Court | In | 2.55 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/2/2018 11:40 AM | 8/2/2018 4:58 PM | .In the Office | In | 5.30 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/2/2018 4:58 PM | 8/3/2018 12:48 PM | .Out for the Day | Out | 19.83 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/3/2018 12:48 PM | 8/3/2018 1:27 PM | Lunch | In | 0.65 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/3/2018 1:27 PM | 8/3/2018 2:03 PM | .In the Office | In | 0.60 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/3/2018 2:03 PM | 8/3/2018 2:56 PM | Court | In | 0.88 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/3/2018 2:56 PM | 8/3/2018 4:59 PM | .In the Office | In | 2.06 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/3/2018 4:59 PM | 8/6/2018 8:11 AM | .Out for the Day | Out | 63.20 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/6/2018 8:11 AM | 8/6/2018 5:08 PM | .In the Office | In | 8.95 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/6/2018 5:08 PM | 8/7/2018 8:06 AM | .Out for the Day | Out | 14.98 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/7/2018 8:06 AM | 8/7/2018 8:54 AM | .In the Office | In | 0.80 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/7/2018 8:54 AM | 8/7/2018 9:33 AM | 15 min Break | In | 0.64 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/7/2018 9:33 AM | 8/7/2018 12:03 PM | .In the Office | In | 2.50 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/7/2018 12:03 PM | 8/7/2018 12:24 PM | Lunch | In | 0.36 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/7/2018 12:24 PM | 8/7/2018 4:56 PM | .In the Office | In | 4.52 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/7/2018 4:56 PM | 8/8/2018 8:10 AM | .Out for the Day | Out | 15.24 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/8/2018 8:10 AM | 8/8/2018 10:43 AM | .In the Office | In | 2.55 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/8/2018 10:43 AM | 8/8/2018 11:02 AM | 15 min Break | In | 0.31 |
| Redacted | System Account | 216.136.72.6 | 8/8/2018 11:02 AM | 8/8/2018 10:00 PM | .In the Office | In | 10.96 |
| Redacted | zFDWNC zAdmin | | 8/8/2018 10:00 PM | 8/9/2018 8:08 AM | .Out for the Day | Out | 10.15 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/9/2018 8:08 AM | 8/9/2018 12:24 PM | .In the Office | In | 4.27 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/9/2018 12:24 PM | 8/9/2018 12:43 PM | Lunch | In | 0.30 |
| Redacted | zFDWNC zAdmin | 216.136.72.6 | 8/9/2018 12:43 PM | 8/9/2018 4:01 PM | .In the Office | In | 3.30 |

**Total Hours IN**     1,035.97
**Total Hours OUT**    844.54
**Total Hours PTO**    192.25

# Time History Report

## Federal Public Defender Western District of North Carolina

JP Davis
Jail
8/1/2018 through 11/30/2018

| Name | Changed By | IP Address | Start | End | Status | Type | Hours | Comments |
|------|-----------|-----------|-------|-----|--------|------|-------|----------|
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/3/2018 2:05 PM | 8/3/2018 3:35 PM | Jail | In | 1.49 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/6/2018 1:33 PM | 8/6/2018 3:03 PM | Jail | In | 1.50 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/10/2018 1:30 PM | 8/10/2018 3:25 PM | Jail | In | 1.93 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/16/2018 9:14 AM | 8/16/2018 11:16 AM | Jail | In | 2.04 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/22/2018 9:43 AM | 8/22/2018 11:23 AM | Jail | In | 1.67 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/27/2018 9:32 AM | 8/27/2018 11:13 AM | Jail | In | 1.68 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/28/2018 9:42 AM | 8/28/2018 10:58 AM | Jail | In | 1.27 | PSRI at MCJC |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 8/31/2018 1:50 PM | 8/31/2018 3:22 PM | Jail | In | 1.54 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 9/4/2018 1:20 PM | 9/4/2018 2:37 PM | Jail | In | 1.29 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 9/10/2018 10:21 AM | 9/10/2018 11:44 AM | Jail | In | 1.39 | |
| Davis, JP | System Account | 216.136.72.6 | 9/12/2018 1:27 PM | 9/12/2018 10:00 PM | Jail | In | 8.55 | Mcjc then flex |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 9/13/2018 9:02 AM | 9/13/2018 11:42 AM | Jail | In | 2.66 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 9/19/2018 3:03 PM | 9/19/2018 4:10 PM | Jail | In | 1.11 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 9/20/2018 10:01 AM | 9/20/2018 11:27 AM | Jail | In | 1.43 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 9/26/2018 12:59 PM | 9/26/2018 3:48 PM | Jail | In | 2.82 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 9/28/2018 3:08 PM | 9/28/2018 4:41 PM | Jail | In | 1.54 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 10/2/2018 9:40 AM | 10/2/2018 11:54 AM | Jail | In | 2.24 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 10/2/2018 1:44 PM | 10/2/2018 4:22 PM | Jail | In | 2.63 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 10/4/2018 10:19 AM | 10/4/2018 11:11 AM | Jail | In | 0.87 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 10/17/2018 9:41 AM | 10/17/2018 10:54 AM | Jail | In | 1.21 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 10/17/2018 1:32 PM | 10/17/2018 3:24 PM | Jail | In | 1.86 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.5 | 10/22/2018 1:28 PM | 10/22/2018 3:01 PM | Jail | In | 1.54 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 216.136.72.5 | 10/23/2018 1:54 PM | 10/23/2018 2:52 PM | Jail | In | 0.97 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 10/31/2018 9:23 AM | 10/31/2018 11:33 AM | Jail | In | 2.17 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 10/31/2018 1:11 PM | 10/31/2018 4:25 PM | Jail | In | 3.23 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 11/1/2018 1:36 PM | 11/1/2018 3:07 PM | Jail | In | 1.52 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 11/2/2018 1:31 PM | 11/2/2018 2:33 PM | Jail | In | 1.04 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 11/14/2018 9:28 AM | 11/14/2018 11:47 AM | Jail | In | 2.30 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 11/20/2018 1:54 PM | 11/20/2018 4:19 PM | Jail | In | 2.40 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 11/26/2018 1:51 PM | 11/26/2018 3:38 PM | Jail | In | 1.79 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 11/28/2018 9:43 AM | 11/28/2018 11:57 AM | Jail | In | 2.23 | |

61.91

**Total Hours IN** 61.91

**Total Hours OUT** 0.00

**Total Hours PTO** 0.00



GOVERNMENT EXHIBIT

# Time History Report
## Federal Public Defender Western District of North Carolina

**JP Davis**
**Jail**
**4/1/2018 through 8/1/2018**

| Name | Changed By | IP Address | Start | End | Status | Type | Hours | Comments |
|------|-----------|-----------|-------|-----|--------|------|-------|----------|
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 4/2/2018 8:39 AM | 4/2/2018 11:57 AM | Jail | In | 3.30 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 4/4/2018 8:50 AM | 4/4/2018 10:46 AM | Jail | In | 1.94 | Mcjc |
| Davis, JP | System Account | 97.95.243.120 | 4/6/2018 3:18 PM | 4/6/2018 10:00 PM | Jail | In | 6.69 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 4/9/2018 2:20 PM | 4/9/2018 3:53 PM | Jail | In | 1.55 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 4/11/2018 9:26 AM | 4/11/2018 11:32 AM | Jail | In | 2.09 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 4/12/2018 1:53 PM | 4/12/2018 3:02 PM | Jail | In | 1.14 | |
| Davis, JP | zFDWNC zAdmin | 104.186.20.122 | 4/16/2018 1:02 PM | 4/16/2018 2:51 PM | Jail | In | 1.82 | |
| Davis, JP | zFDWNC zAdmin | 104.186.20.122 | 4/17/2018 2:14 PM | 4/17/2018 3:21 PM | Jail | In | 1.11 | |
| Davis, JP | zFDWNC zAdmin | 104.186.20.122 | 4/23/2018 10:01 AM | 4/23/2018 11:41 AM | Jail | In | 1.67 | |
| Davis, JP | zFDWNC zAdmin | 104.186.20.122 | 4/30/2018 9:33 AM | 4/30/2018 11:23 AM | Jail | In | 1.84 | MCJC |
| Davis, JP | zFDWNC zAdmin | 104.186.20.122 | 5/2/2018 2:39 PM | 5/2/2018 3:45 PM | Jail | In | 1.10 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 104.186.20.122 | 5/7/2018 2:26 PM | 5/7/2018 4:26 PM | Jail | In | 1.99 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/8/2018 2:30 PM | 5/8/2018 4:14 PM | Jail | In | 1.73 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/10/2018 9:24 AM | 5/10/2018 11:56 AM | Jail | In | 2.54 | MCJC |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/11/2018 2:01 PM | 5/11/2018 3:40 PM | Jail | In | 1.65 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/14/2018 1:17 PM | 5/14/2018 4:03 PM | Jail | In | 2.76 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 5/17/2018 1:47 PM | 5/17/2018 4:37 PM | Jail | In | 2.84 | |
| Davis, JP | zFDWNC zAdmin | 206.16.244.12 | 5/29/2018 1:11 PM | 5/29/2018 3:05 PM | Jail | In | 1.90 | |
| Davis, JP | zFDWNC zAdmin | 97.95.243.120 | 6/1/2018 9:00 AM | 6/1/2018 11:57 AM | Jail | In | 2.95 | Mcjc |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/6/2018 12:49 PM | 6/6/2018 2:15 PM | Jail | In | 1.43 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/7/2018 8:15 AM | 6/7/2018 9:51 AM | Jail | In | 1.60 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/12/2018 9:17 AM | 6/12/2018 10:20 AM | Jail | In | 1.04 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/15/2018 2:33 PM | 6/15/2018 4:56 PM | Jail | In | 2.38 | |
| Davis, JP | JP Davis | 216.136.72.10 | 6/18/2018 5:23 PM | 6/18/2018 7:49 PM | Jail | In | 2.44 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/20/2018 9:56 AM | 6/20/2018 12:03 PM | Jail | In | 2.13 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.10 | 6/21/2018 9:29 AM | 6/21/2018 11:01 AM | Jail | In | 1.54 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/25/2018 2:51 PM | 6/25/2018 4:37 PM | Jail | In | 1.77 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/26/2018 12:59 PM | 6/26/2018 2:37 PM | Jail | In | 1.64 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/27/2018 10:15 AM | 6/27/2018 11:54 AM | Jail | In | 1.64 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/28/2018 10:27 AM | 6/28/2018 11:41 AM | Jail | In | 1.22 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 6/28/2018 1:13 PM | 6/28/2018 3:29 PM | Jail | In | 2.27 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/2/2018 1:00 PM | 7/2/2018 2:26 PM | Jail | In | 1.42 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/3/2018 8:47 AM | 7/3/2018 11:21 AM | Jail | In | 2.57 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/5/2018 2:35 PM | 7/5/2018 4:29 PM | Jail | In | 1.90 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/6/2018 1:52 PM | 7/6/2018 4:33 PM | Jail | In | 2.67 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/19/2018 9:23 AM | 7/19/2018 12:01 PM | Jail | In | 2.63 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/23/2018 9:42 AM | 7/23/2018 11:47 AM | Jail | In | 2.09 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/26/2018 10:02 AM | 7/26/2018 11:37 AM | Jail | In | 1.58 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/30/2018 1:39 PM | 7/30/2018 3:08 PM | Jail | In | 1.48 | |
| Davis, JP | zFDWNC zAdmin | 216.136.72.6 | 7/31/2018 1:39 PM | 7/31/2018 4:27 PM | Jail | In | 2.79 | Mcjc |
| | | | | | | | **82.85** | |

**Total Hours IN**    82.85

**Total Hours OUT**    0.00

**Total Hours PTO**    0.00



GOVERNMENT
EXHIBIT
B

| | |
|---|---|
| **From:** | Joshua B Carpenter |
| **To:** | Ann Hester; JP Davis; PLAINTIFF; ██████████████████ |
| **Subject:** | ██ Moot |
| **Date:** | Friday, March 2, 2018 2:19:00 PM |
| **Attachments:** | (36) Reply Brief.pdf |
| | (12) Opening Brief.pdf |
| | (31) Gov't Brief.pdf |

Hi, all,

I've talked to several of you about this already, but I wanted to send an e-mail to confirm that I'm planning a moot for ████████████ on March 14, probably at 11 a.m. The time is flexible if we need to move it around.  Let me know if you're not available. PLAINTIFF, I know you're on duty – hopefully you can swap with somebody, but if not we can maybe adjust the time to accommodate.

Briefs attached.

Thanks,

Josh


*(See attached file: (12) Opening Brief.pdf)(See attached file: (31) Gov't Brief.pdf)(See attached file: (36) Reply Brief.pdf)*


Joshua B. Carpenter
Appellate Chief
Federal Public Defender
Western District of North Carolina
One Page Ave., Suite 210
Asheville, NC 28801
(828) 232-9992

GOVERNMENT
EXHIBIT
B-12

**From:** JP Davis
**To:** Ann Hester
**Subject:** Re: Need help with December moots
**Date:** Wednesday, November 7, 2018 10:33:48 AM

I can do any of those. Good for Taylor!

Get Outlook for Android

On Wed, Nov 7, 2018 at 10:00 AM -0500, "Ann Hester" <Ann_Hester@fd.org> wrote:

All,

In December, we're helping a young panel lawyer who's arguing her first appeal, as well as a lawyer from the EDNC, with three moots. Please let me know if you can help. We'll do all 3 of these moots in the Charlotte office.

On Dec. 6 at 11 a.m.:
Taylor Goodnight – US v. Louis Samuels. It's an SRV appeal, and we think she got oral argument because it raises a due process issue regarding what fact findings the judge is required to make when he finds a violation.

On Dec. 11 at 10 a.m.:

Jenny Leisten (EDNC) – US v. William Evans. **The appeal challenges 2 sentencing enhancements—(1) firearms trafficking enhancement under 2K2.1(b)(5) and (2) "in connection with another felony offense" enhancement under 2K2.1(b)(6)(B).**

On Dec. 11 at 11:30 a.m.:

A second moot in Taylor's case.

Please help if you can. We're trying to help develop appellate talent on the panel, and we've also been working to collaborate with the EDNC office. They've helped us quite a bit as well.

---

Ann L. Hester
Assistant Federal Public Defender
Appellate Division
Federal Public Defender
Western District of North Carolina
129 West Trade Street Suite 300
Charlotte, NC 28202
Ann_Hester@fd.org
Main - 704-374-0720
Fax - 704-374-0722



GOVERNMENT
EXHIBIT
B-13

*This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us by reply e-mail.

Did you want me on both? I can be, just not sure if that was intentional.

**From:** Ann Hester <Ann_Hester@fd.org>
**Sent:** Monday, November 26, 2018 1:11 PM
**To:** JP Davis <JP_Davis@fd.org>; W Kelly Johnson <W_Kelly_Johnson@fd.org>; Melissa Baldwin
<Melissa_Baldwin@fd.org>; Joshua B Carpenter <Joshua_Carpenter@fd.org>; PLAINTIFF
; Jared P Martin <Jared_P_Martin@fd.org>
**Subject:** FW: Briefs for Moot

Everyone, here are Taylor's briefs for the moots on 12/6 at 11 am and 12/11 at 11:30 am.

Here's the signup list for the two moots. We have three lawyers from Robinson Bradshaw
participating:

12/6 11 a.m.
Ann
JP
Kelly
Cheyenne Chambers
Melissa
Erik Zimmeran
Mark Hiller

12/11 11:30 a.m.
JP
Josh

Jared
Melissa
Travis Hinman
Chris Fialko

Ann L. Hester
Assistant Federal Public Defender
Appellate Division
Federal Public Defender
Western District of North Carolina
129 West Trade Street Suite 300
Charlotte, NC 28202
Ann_Hester@fd.org
Main - 704-374-0720
Fax - 704-374-0722

GOVERNMENT
EXHIBIT
B-14

*This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited.  If you have received this e-mail in error, please notify us by reply e-mail.

---

**From:** Taylor.goodnight_fialko-law.com <Taylor.goodnight@fialko-law.com>
**Sent:** Monday, November 26, 2018 11:21 AM
**To:** Ann Hester <Ann_Hester@fd.org>
**Subject:** RE: Briefs

Ann,

Here are the briefs. Please excuse my typos. ☺. I'll send to Cheyenne and the Robinson Bradshaw attorneys.

Thank you!

Taylor

_____
Taylor Goodnight Flores
Attorney
Fialko Law PLLC
227 West 4th Street, Suite 229
Charlotte, NC 28202
(704) 879-3147

taylor.goodnight@fialko-law.com

---

**From:** Ann Hester <Ann_Hester@fd.org>
**Sent:** Monday, November 26, 2018 9:41 AM
**To:** Taylor Goodnight <taylor.goodnight@fialko-law.com>
**Subject:** Briefs

Taylor, can you send me the briefs in your case so I can circulate to the moot judges? Thanks.

_____
Ann L. Hester
Assistant Federal Public Defender
Appellate Division
Federal Public Defender
Western District of North Carolina
129 West Trade Street Suite 300
Charlotte, NC 28202
Ann_Hester@fd.org
Main - 704-374-0720

Fax - 704-374-0722

*This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited.  If you have received this e-mail in error, please notify us by reply e-mail.

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## APPEARANCE OF COUNSEL FORM

**BAR ADMISSION & ECF REGISTRATION:** If you have not been admitted to practice before the Fourth Circuit, you must complete and return an Application for Admission before filing this form.  If you were admitted to practice under a different name than you are now using, you must include your former name when completing this form so that we can locate you on the attorney roll.  Electronic filing by counsel is required in all Fourth Circuit cases.  If you have not registered as a Fourth Circuit ECF Filer, please complete the required steps at www.ca4.uscourts.gov/cmecftop.htm.

THE CLERK WILL ENTER MY APPEARANCE IN APPEAL NO. 18-4455 _____ as

☐Retained ☐Court-appointed(CJA) ☐Court-assigned(non-CJA) ☑Federal Defender ☐Pro Bono ☐Government

COUNSEL FOR: Kendrick Brinkley _____

_____ as the
(party name)

☑appellant(s) ☐appellee(s) ☐petitioner(s) ☐respondent(s) ☐amicus curiae ☐intervenor(s)

s/J.P. Davis _____
       (signature)

J.P. Davis _____          704-374-0720 _____
Name (printed or typed)                  Voice Phone

Federal Public Defender, NCWD _____          704-374-0722 _____
Firm Name (if applicable)                Fax Number

129 West Trade Street, Suite 300 _____

Charlotte, NC 28202 _____          jp_davis@fd.org _____
Address                                  E-mail address (print or type)

### CERTIFICATE OF SERVICE

I certify that on 7/2/18 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

s/J.P. Davis _____                    7/2/18 _____
       Signature                                       Date

11/17/2011
SCC

GOVERNMENT EXHIBIT B-15