# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,           )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )
                                   )
UNITED STATES OF AMERICA, et al.,  )
                                   )
    Defendants.                    )

## SECOND DECLARATION OF JOHN PARKE DAVIS

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am J. P. Davis, Assistant Federal Public Defender with the Federal Defender's office for the Western District of North Carolina (FDO-WDNC). This Second Declaration supplements the Declaration I have previously submitted in this matter, dated September 30, 2020 (the "First Declaration").

2. I understand that Ms. Strickland has alleged that I sexually harassed her by, among other things, sending her three emails during the month of June, 2018, containing references to having a drink with her. These emails were dated June 1, June 19, and June 26, respectively.

3. At the time I sent those emails, I did not know nor have reason to know that an offer to have a drink together would make Ms. Strickland uncomfortable. To the contrary, Ms. Strickland and I had previously had a friendly relationship that involved drinking alcohol together on multiple occasions. For example:

   a. In late October or early November, 2017, Ms. Strickland and I had alcoholic drinks together on two consecutive nights during a work trip to Little Rock, Arkansas. FDO-WDNC investigator Terra Parrish was with us on both occasions.

   b. At her suggestion, Ms. Strickland and I had cocktails together at Stoke, a bar across the street from the FDO-WDNC, on May 15, 2018. This occasion is referenced in Paragraph 20.f. of my First Declaration. Ms. Strickland raised the suggestion of getting drinks at the end of a lunch following an evidentiary hearing in the *Mobley* case. Ms. Strickland examined a witness in court for the

1

first time during that hearing, and wanted to have an alcoholic drink to celebrate. Ms. Parrish was at lunch with us and was invited to join us for drinks, but declined.

c. Ms. Strickland and I attended several office "happy hours" together during her tenure in the office. I drove Ms. Strickland home after some of these events at her request, as she did not wish to ride her bike home after she had been drinking.

d. Similarly, in March of 2018, Ms. Strickland and I attended a groundbreaking ceremony for the new annex to the federal courthouse in Charlotte, North Carolina, where alcohol was served. I drove Ms. Strickland home at her request following this event as well, again because she had been drinking.

4. At no point did Ms. Strickland ever express to me that she had become or would be uncomfortable having a drink together. To the contrary, at the end of our mentoring lunch on May 18, 2018, Ms. Strickland had suggested that she would always be happy to get a drink together as we had following the *Mobley* hearing earlier that week. This statement is reflected in Paragraph 20.f. of my First Declaration.

5. I understand that Ms. Strickland has further alleged that I sexually harassed her by texting her on June 29, 2018 to reschedule a meeting she had cancelled due to illness. This was the Coping Skills Meeting, which I discussed in Paragraphs 32 and 33 of my First Declaration.

6. At the time I scheduled the Coping Skills Meeting—including when I first scheduled it via email on June 26, 2018 and when I rescheduled it via text on June 29—I did not know, nor did I have any reason to know, that Ms. Strickland believed she was being sexually harassed. To the contrary, any issues Ms. Strickland had with me appeared to be directly related to her being upset with me over being informally reprimanded earlier in the month. Ms. Strickland had never stated or implied that she believed there was anything about that reprimand suggesting sexual harassment, and she made clear during the Coping Skills Meeting itself that her issues were entirely about how overly harsh she felt I had been in the way I had spoken to her.

7. On review, my First Declaration contained a typographical error in Paragraph 45.d. That Paragraph stated that In/Out Board records showed that I signed out within 5 minutes of Plaintiff on June 5, 2018. This was a scrivener's error, as this paragraph actually refers to record entries for June *4*, 2018. The true date is accurately reflected in the records themselves, which were attached to my First Declaration as GE B-8 and GE B-9. This paragraph is otherwise true and accurate to the best of my knowledge.

Executed this 30th Day of May, 2023.

2

_____
John Parke Davis