# Exhibit 26

**From:** Caryn Devins
**Sent:** Monday, November 26, 2018 9:33 AM
**To:** Amaal Scroggins
**CC:** Nancy Dunham
**Subject:** Fw: status of EDR claim

Good morning Amaal and Nancy,

I hope you had a nice holiday weekend. I have concerns about the EDR process in my case that I am hoping we might be able to discuss by phone?

I have not been able to get James Ishida as EDR Coordinator to answer basic procedural questions, such as when my request to disqualify the Federal Defender will be decided, or who is responsible for making recommendations and decisions based on the investigative report. and I have repeatedly been given inconsistent deadlines and information about the status of my EDR claim.

From the beginning, I asked James for another option to pursue counseling because I was not comfortable negotiating directly with the Federal Defender, the subject of my complaint. James did not give me any option except to send a list of "demands," as he called them, so that he could give them to the Federal Defender. I believe this situation could have been resolved at an earlier stage if, for example, James had offered to negotiate a transfer from the Charlotte office on my behalf. However, he refused to work with me to engage in counseling as I understand it, that is, attempting to resolve the situation at the lowest level possible. This is not to mention his demonstrated bias and apparent predisposition to reject my retaliation claims (see emails below).

It appeared that James was not willing to consider a different approach until the wrongful conduct investigation (which, I only recently learned, was also apparently serving as a preliminary investigation under Chapter X), was concluded. However, even though Heather did not finish her report until last week and there has still been no ruling on my disqualification request, counseling is set to expire on November 29, 2018, and James refuses to allow an extension. James has repeatedly told me that counseling cannot be extended a second time, which I cannot find a textual basis for anywhere in the EDR Plan. To the contrary, my reading of the Plan is that the Chief Judge may extend *any* of the deadlines for good cause. This morning, I requested an extension directly from Chief Judge Gregory, and I copied James as a courtesy. In response, James interjected and asserted, once again, that counseling cannot be extended under the Fourth Circuit EDR Plan. Thus, it appears that counseling has been forfeited because the preliminary investigation has consumed nearly the entire counseling period.

In addition, it appears that the scope of the wrongful conduct investigation never changed from its initial scope, which was limited to sexual harassment. When I last spoke with Heather, after her interviews and investigation had already concluded, she stated that she was not investigating any retaliation claims against the Federal Defender. She said she believed she was supposed to investigate Tony's "mishandling" of the situation only (I'm not sure what that means) and that a separate investigation would need to be opened into any claims of retaliation.

In the meantime, I have informed James, Chief Judge Gregory, and Heather that I would like the Fourth Circuit to assist me in finding a placement elsewhere in the Fourth Circuit because my relationships with the Federal Defender and my colleagues have been irreparably damaged and I no longer feel welcome in that environment. I did not want to leave my position at the Federal Defender Office, which I considered my dream

job, but at this point I have been constructively discharged. I consider James' lack of engagement as EDR Coordinator to be a major contributing factor in this decision. Although he has now offered to send my resume to other Federal Defender offices in the Fourth Circuit to ask their hiring availability, it is exceedingly unlikely that anything will be resolved before Thursday, when counseling expires.

I do not intend to resign my position until I have obtained a satisfactory resolution, and it appears that I will be forced to file for mediation. At this point, I believe the process has failed completely

---

**From:** James_Ishida@ca4.uscourts.gov <James_Ishida@ca4.uscourts.gov>
**Sent:** Wednesday, November 21, 2018 4:59 PM
**To:** Caryn Devins
**Cc:** RL_Gregory@ca4.uscourts.gov
**Subject:** Re: status of EDR claim

Dear Caryn,

I'd be happy to meet with you in Richmond on either November 27 or 28. (I have a mild preference for and more time on Wednesday, November 28.) I, however, cannot authorize your travel. You'll have to seek authorization from Tony Martinez, and perhaps others in the District.

I'm sorry that circumstances have you contemplating leaving the FPD Office in NC-WD. We will do what we can to facilitate a resolution in the EDR matter.

Let me know your travel plans. In the interim, best wishes on a safe and happy Thanksgiving.

James


James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
804-916-2184
james_ishida@ca4.uscourts.gov


| | |
|---|---|
| From: | Caryn Devins <caryn.devins@hotmail.com> |
| To: | "James_Ishida@ca4.uscourts.gov" <James_Ishida@ca4.uscourts.gov> |
| Cc: | "RL_Gregory@ca4.uscourts.gov" <RL_Gregory@ca4.uscourts.gov> |
| Date: | 11/21/2018 02:05 PM |
| Subject: | Re: status of EDR claim |

---

Dear James,

Thank you for your email and for your offer to meet via teleconference. I would be willing to drive to