# Exhibit 37

| | |
|---|---|
| **Sent**: | 6/12/2019 1:12:28 PM |
| **To**: | Anthony Martinez |
| **CC**: | Judge Roger L Gregory ███@ca4.uscourts.gov] |
| **BCC**: | Kim Llewellyn [kim_llewellyn@ca4.uscourts.gov]; James Ishida ███████ca4.uscourts.gov] |

Dear Tony,

Thank you very much for forwarding the below email from Caryn Devins, your Research and Writing Attorney, who has accused your First Assistant of sexual harassment.

Under Chapter IX of the *Consolidated Equal Employment Opportunity and Employment Dispute Resolution Plan of the United States Court of Appeals for the Fourth Circuit* (January 2013) ("the Plan"), I as the EDR Coordinator am required to inform Chief Judge Gregory of any report of wrongful conduct, which includes allegations of sexual harassment. Chapter IX also directs "[t]he Chief Judge and/or unit executive [to] ensure that the allegations in the report are appropriately investigated either by the human resources manager or other person."

I understand that arrangements are currently being made for you to appoint someone outside your office to investigate the allegations contained in the below email. At the conclusion of the investigation, under the Plan, any employee found to have engaged in wrongful conduct may be subject to appropriate disciplinary action.

As a reminder, Chapter IX imposes an obligation on everyone involved in the investigation to "protect the confidentiality of the allegations of wrongful conduct to the extent possible," which includes limiting the dissemination of information and records on a need-to-know basis.

Please let me know if you have any questions. I'll be in touch with additional information.

James


James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517

█████@ca4.uscourts.gov

▼ Anthony Martinez—08/14/2018 10:56:10 AM—James, Here it is.

From: Anthony Martinez/NCWF/04/FDO@FDO
To: James Ishida/CE04/04/USCOURTS@USCOURTS
Date: 08/14/2018 10:56 AM
Subject: Fw: Agreement from yesterday's meeting

---

James,

Here it is.

Thanks

Case 1:20-cv-00066-WGY   Document 245-38   Filed 06/01/23   Page 2 of 3

US00000621



**Anthony Martinez**
Federal Public Defender

Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Fax: (704) 374-0722
E-mail: Anthony_Martinez@fd.org

*This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us by reply e-mail.

----- Forwarded by Anthony Martinez/NCWF/04/FDO on 08/14/2018 10:54 AM -----

From: Caryn Devins/NCWF/04/FDO
To: Anthony Martinez/NCWF/04/FDO@FDO
Date: 08/10/2018 11:12 AM
Subject: Agreement from yesterday's meeting

Tony,

I am confirming what we discussed yesterday. We agreed to the following:

1. I will be an Assistant Federal Defender;
2. I will work exclusively in appeals;
3. The First Assistant will not be in my chain of command or have any supervisory authority over me. I will report to the Appellate Chief, who will report to the Federal Defender. The organizational chart will be modified to reflect this.

As we discussed, these steps are necessary to protect myself from further sexual harassment by the First Assistant, and to allow me to do my job effectively going forward.

In addition, as I told you, I am not safe working in the Charlotte office. The First Assistant has already crossed many lines with me by engaging in sexually harassing and threatening behaviors, such as cornering me in the lobby after hours when he knew I was alone. I have already curtailed my working hours to avoid being alone in the building and this situation is not tenable moving forward. The First Assistant is likely to be very angry when he finds out about these changes, which puts me at further risk.

You indicated that there was an issue with office space in Asheville and that it might take up to two weeks to resolve the issue, but that you would report back to me in a week. In order to prevent further threats to my safety, I am requesting to work remotely until the duty station issue is resolved. A long-term resolution that allows me to work remotely and report to the Appellate Chief in Asheville is fine with me. An exception to the telework policy can be justified by the lack of office space in Asheville.

Caryn

Sent from Mail for Windows 10