# Exhibit 39

**From:** Caryn Devins
**To:** ██████████@ca4.uscourts.gov
**Cc:** ████████@ca4.uscourts.gov; Kim_Llewellyn@ca4.uscourts.gov
**Subject:** Re: Proposed Resolution for Chapter X EDR Claim
**Date:** Monday, January 28, 2019 8:12:00 AM
**Attachments:** Strickland Resume Jan 2019.pdf

Dear James,

Thank you for your email. I appreciate the Fourth Circuit's assistance in finding me a position in another federal defender office.

To answer your questions, my first choice for another federal defender office is in the Abingdon division of the Western District of Virginia. This is because (1) I clerked for Judge Jones and I have an established relationship with the court employees there and (2) the office is reasonably close to my family in western North Carolina. I would really like to try to make Abingdon work, and then discuss other options if necessary.

By "flexible working conditions," I mean that I am willing to be flexible in order to make the transfer work. In fact, I would strongly prefer some flexibility in order to heal and to help my family with this transition. For example, I am willing to start with a reduced caseload, so long as I will be given the option of resuming full-time work when space becomes available. If office space is an issue, I am willing to telework. If necessary, I am also willing to work on a temporary basis so long as I am assured a permanent position when space becomes available. And if there is a delay in the start date, I am willing to take temporary administrative leave.

I give you permission to contact the Federal Defender for the Western District of Virginia about a possible position. I am also willing to waive confidentiality regarding my EDR Claim, if it is helpful in securing a transfer.

I have attached a resume for your review. Please let me know if you have any other questions or if you need any other materials from me.

Thank you again very much for your assistance.

Respectfully,

Caryn

---

**From** ████████@ca4.uscourts.gov ████████@ca4.uscourts.gov>
**Sent:** Thursday, January 24, 2019 11:05 AM
**To:** Caryn Devins
**Cc:** ████@ca4.uscourts.gov; Kim_Llewellyn@ca4.uscourts.gov; ████████@ca4.uscourts.gov
**Subject:** Re: Proposed Resolution for Chapter X EDR Claim

Dear Caryn,

Thank you for your email. I'm sorry to hear about your experiences, and your decision to leave your office. I have spoken to Chief Judge Gregory, and he has directed me to lend appropriate assistance in finding you another position. We can, of course, make no assurances, but we will do what we can to help.

US00003380

So, in order to explore possibilities, I need to know the following:

1)  You had mentioned that "[a] transfer to another federal defender office with flexible working conditions, specifically in the Western District of Virginia, would resolve my Chapter X claim."  I need to know what you mean by "flexible working conditions"?

2) I will approach the federal defender in the Western District of Virginia to see if she is interested.  But I need to know if you are willing to consider other FPD offices in the Circuit.

3) I need your permission to approach unit executives about a possible vacancy in their offices.  I will not mention the EDR matter -- I am still bound by the confidentiality requirements under the Fourth Circuit's EDR Plan.  But I'm assuming that I have your permission to make these inquiries.

4) I will need a copy of your resume.

I also need to advise you that this does not toll the time to request mediation in your EDR case.  Under the Fourth Circuit's EDR Plan, if you wish to pursue the matter, you must file a request for mediation within 15 days from when you were notified that the counseling period ended, or January 31, 2019.

I look forward to your responses.

Best regards,

James


James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA  23217-3517
███████████@ca4.uscourts.gov


| | |
|---|---|
| From: | Caryn Devins <caryn.devins@hotmail.com> |
| To: | ████@ca4.uscourts.gov" ████@ca4.uscourts.gov>, ████@ca4.uscourts.gov" ████@ca4.uscourts.gov> |
| Date: | 01/22/2019 02:09 PM |
| Subject: | Proposed Resolution for Chapter X EDR Claim |


Dear Chief Judge Gregory and Circuit Executive Ishida,

Although it was my dream since law school to be a federal defender, I do not believe it is possible to reach a resolution with my current office that will protect me from further harassment and allow me to advance in my career. Therefore, I respectfully ask for the Fourth Circuit's assistance in transitioning to another position. In the short term, I am willing to

US00003381

consider solutions such as temporary administrative leave or a judicial clerkship. As a permanent solution, I am interested in a transfer to the Federal Defender Office for the Western District of Virginia, where I previously served as a judicial law clerk.

I filed a formal EDR claim, in part, to ensure that the scope of the investigation into sexual harassment by the First Assistant would be expanded to include my allegations of retaliation against the Federal Defender. Now that the final investigative report is complete, I understand that the Office of General Counsel (OGC) has recommended against distributing the report to me or to the employing office. At the same time, OGC has recommended denying my request to disqualify the Federal Defender. OGC's guidance would require me to negotiate directly with an alleged violator without knowing the report's findings and recommendations. While I disagree with OGC's guidance, I respect the Fourth Circuit's decision to follow it.

I am concerned, however, that a successful negotiation is unlikely. For example, after the First Assistant made me feel so threatened that I stopped coming into the office, he joked to an attorney colleague who was leaving the office that he should attend the next office retreat to give sexual harassment training. Worse yet, the Federal Defender ignored my concerns, mishandled and escalated the situation, and only initiated a wrongful conduct report after I followed up on his promises to finally address the situation. Similarly, when I expressed interest in a recently-posted "appellate" attorney position, Appellate Chief Josh Carpenter openly discouraged me from applying. When I applied anyway, I was not selected for an interview. I have been told it is no secret that the new appellate attorney was chosen to be my replacement.

Under these circumstances, I do not see any path forward that would allow me to continue working in my office. But I am also concerned that I will be subjected to rumors and reputational damage. For example, years after attorney Robert Carlin took time off following his wife's suicide to care for his autistic son (and was subsequently fired), I personally heard the First Assistant and others insinuate that Mr. Carlin killed his wife, which they claimed to know because office investigator Jim Allard "looked into it." After attorney Jeffrey King, who is gay, was fired, office rumors began circulating that Mr. King was exchanging sexual favors with prison guards. Similar incivility extends to our clients, such as at a recent all-staff meeting when, in front of the entire office and the Federal Defender, Trial Team Leader Peter Adolf repeatedly referred to his intellectually-disabled client as a "retard." So far, I am aware of the First Assistant implying that I looked good on paper but didn't work out; I am concerned it will not end there.

My objective now is to move on in a way that preserves my professional reputation and career options. I graduated with high honors from the Duke University School of Law, where I served on the editorial board of the Duke Law Journal. Prior to my current position, I was a Supreme Court Fellow at the Administrative Office of the U.S. Courts. Previously, I served as a judicial law clerk for Judge Peter Hall of the U.S. Court of Appeals for the Second Circuit, Judge James

US00003382

Jones of the U.S. District Court for the Western District of Virginia, and Chief Justice Paul Reiber of the Vermont Supreme Court. I believe these experiences make me well-qualified for a position in a federal defender office, a judicial clerkship, or a combination of both.

A transfer to another federal defender office with flexible working conditions, specifically in the Western District of Virginia, would resolve my Chapter X claim. In 2017, I received a similar offer for the Abingdon division from Federal Defender Larry Shelton that was revoked solely because Mr. Shelton had miscalculated the number of available positions under the office's work measurement formula. In the short term, I would be willing to consider other options, such as temporary administrative leave or a temporary judicial clerkship. If possible, we can further discuss the details of any potential solution.

Thank you for your time and consideration.

Respectfully,

Caryn Devins Strickland

US00003383