# EXHIBIT B

**Consolidated Equal
Employment Opportunity**

*and*

**Employment Dispute Resolution Plan**

*of the*

**United States Court of Appeals
for the Fourth Circuit**

**January 2013**

Case 1:20-cv-00066-WGY   Document 248-3   Filed 06/07/23   Page 2 of 30

US00004536

**Table of Contents**

CHAPTER I. GENERAL PROVISIONS ........................................................................................1
    § 1    Preamble .......................................................................................................1
    § 2    Scope of Coverage .......................................................................................1
    § 3    Definitions ....................................................................................................2

CHAPTER II. EQUAL EMPLOYMENT OPPORTUNITYAND ANTI-DISCRIMINATION
    RIGHTS ......................................................................................................................2
    § 1    General .........................................................................................................2
    § 2    Definition .....................................................................................................3
    § 3    Organization.................................................................................................3
    § 4    Personnel Practices ......................................................................................3

CHAPTER III. FAMILY AND MEDICAL LEAVE RIGHTS ....................................................4
    § 1    General .........................................................................................................4

CHAPTER IV. WORKER ADJUSTMENTAND RETRAINING NOTIFICATION RIGHTS .....4
    § 1    General .........................................................................................................4
    § 2    Definitions....................................................................................................4

CHAPTER V. EMPLOYMENT AND REEMPLOYMENT RIGHTSOF MEMBERS OF THE
    UNIFORMED SERVICES .........................................................................................5
    § 1    General .........................................................................................................5

CHAPTER VI. OCCUPATIONAL SAFETYAND HEALTH PROTECTIONS...........................5
    § 1    General .........................................................................................................5
    § 2    Court Program Requirements .......................................................................5

CHAPTER VII. POLYGRAPH TESTS .......................................................................................6
    § 1    General .........................................................................................................6

CHAPTER VIII. WHISTLEBLOWER PROTECTION.................................................................6
    § 1    General .........................................................................................................6
    § 2    Definitions....................................................................................................6

CHAPTER IX. REPORTS OF WRONGFUL CONDUCT............................................................7

CHAPTER X. DISPUTE RESOLUTION PROCEDURES ...........................................................7
    § 1    General Procedure for Consideration of Alleged Violations ..................................7
    § 2    Alleged Violation by Employee...................................................................7
    § 3    Alleged Violation by Judge..........................................................................8

US00004537

§ 4    Confidentiality ....................................................................................8

§ 5    General Provisions and Protections ....................................................8

§ 6    Designation of Duties of Employment Dispute Resolution Coordinator .............10

§ 7    General Disqualification Provision....................................................10

§ 8    Counseling ........................................................................................10

§ 9    Mediation ..........................................................................................12

§ 10    Complaint Hearing............................................................................13

§ 11    Review of Decision..........................................................................15

§ 12    Remedies ...........................................................................................17

§ 13    Record of Final Decisions ................................................................18


CHAPTER XI. REPORTS.....................................................................................18

§ 1    Court Unit Reports............................................................................18

§ 2    Objectives .........................................................................................18

§ 3    Annual Report ...................................................................................18


CHAPTER XII. DISTRIBUTION AND PUBLIC NOTICE ...............................19


APPENDIX..............................................................................................20

1    Request for Counseling.....................................................................20

2    Request for Mediation.......................................................................22

3    Complaint Form ................................................................................24

US00004538

# CHAPTER I.  GENERAL PROVISIONS

**§ 1      Preamble**

This Plan shall be known as the Consolidated Equal Employment Opportunity and Employment Dispute Resolution Plan of the United States Court of Appeals for the Fourth Circuit ("Plan").  This Plan supersedes the Court's Consolidated Equal Employment Opportunity and Dispute Resolution Plan adopted June 2010.

 A copy of this Plan will be posted on the Court's internal and external websites.  A copy of this Plan and any subsequent modifications will be filed with the Administrative Office, and the Court shall annually submit a report on the implementation of its plan to the Administrative Office for inclusion in the Director's Annual Report to the Judicial Conference.

Policies adopted by individual offices pertaining to adverse action or general grievance proceedings that do not invoke the rights and protections afforded under the Plan are not affected by the Plan.  Further, local policies relating to rights enumerated under the Plan that are not inconsistent with the rights and procedures established herein will not be affected by the Plan.

This Plan is not intended to duplicate the protections provided for the resolution of complaints of judicial officer misconduct or disability under 28 U.S.C. § § 351, et seq. and otherwise is intended to be the exclusive remedy of the employee relating to rights enumerated under the Plan.

**§ 2      Scope of coverage**

This Plan applies to:

- Article III judges of the United States Court of Appeals for the Fourth Circuit
- Chambers staff of circuit judges

The unit executive and staff of the following Court units:

- Office of the Circuit Executive
- Federal Public Defenders within the Fourth Circuit
- Bankruptcy Administrators within the Fourth Circuit
- Clerk of the Court of Appeals for the Fourth Circuit
- Office of Staff Counsel
- Office of the Circuit Librarian, including satellite offices
- Office of the Conference Attorney

1

US00004539

## § 3    Definitions

For purposes of this Plan:

A.      The term "claim" means the filing of a request for counseling as set forth in Chapter X, which may be further pursued by the filing of a request for mediation and a request for hearing.

B.      The term "employee" includes all individuals listed in § 2 of this Chapter, as well as all applicants for employment and former employees, except the following individuals are *specifically excluded and are not covered* under this Plan: interns or externs providing gratuitous service, applicants for bankruptcy judge or magistrate judge positions, private attorneys who apply to represent indigent defendants under the Criminal Justice Act, criminal defense investigators not employed by federal public defenders, volunteer counselors or mediators, or other individuals who are not employees of an "employing office" as that term is defined below.

C.      The term "employing office" includes all offices of the United States Court of Appeals for the Fourth Circuit, including the Offices of the Circuit Executive, Federal Public Defenders within the Fourth Circuit, Bankruptcy Administrators within the Fourth Circuit, Clerk of the Court of Appeals,  Staff Counsel, Librarian, and Circuit Mediator. The Court is the employing office of a judge's chambers staff.

D.      The term "judicial officer" means a Circuit Judge (including Senior Circuit Judge) of the United States Court of Appeals for the Fourth Circuit appointed pursuant to Article III of the United States Constitution.

E.      The term "court" or "Court" refers to the United States Court of Appeals for the Fourth Circuit.

## CHAPTER II.  EQUAL EMPLOYMENT OPPORTUNITY
## AND ANTI-DISCRIMINATION RIGHTS

## § 1    General

Discrimination against employees based on race, color, religion, sex (including pregnancy and sexual harassment), national origin, age (at least 40 years of age at the time of the alleged discrimination), and disability is prohibited.  Harassment against an employee based upon any of these protected categories or retaliation for engaging in any protected activity is prohibited.  All of the above constitute "wrongful conduct."  The rights and protections of Sections I through VII of the Plan shall also apply to employees.

2

US00004540

## § 2    Definition

For purposes of this Plan, the term "disability" means:

A.      a physical or mental impairment that substantially limits one or more of the major life activities of an employee;

B.      a record of such an impairment; or

C.      being regarded as having such an impairment.  *See* 42 U.S.C. § 12102(2).

## § 3    Organization

A.      Unit Executives

The Circuit Executive, Federal Public Defenders, Bankruptcy Administrators, Clerk, Senior Staff Counsel, Librarian, and Senior Conference Attorney must ensure that all vacancies are publicly announced to attract candidates who represent the make-up of persons available in the qualified labor market and all hiring decisions are based solely on job-related factors.  They should make reasonable efforts to see that the skills, abilities, and potential of each employee are identified and developed and that all employees are given equal opportunities for promotions by being offered, when the work of the Court permits and within the limits of available resources, cross-training, reassignments, job restructuring, special assignments, and outside job-related training.

B.      Judges, Court Managers, and Supervisors

Judges, Court managers, and supervisors must apply equal employment opportunity practices and policies in their work units.  This includes giving each employee a fair and equal opportunity to demonstrate his or her skills and, where those abilities exceed general performance standards, to be recommended for personnel actions and awards recognizing such achievements.  As resources permit, it also requires providing training programs which enable employees to develop their job skills fully.

## § 4    Personnel Practices

A.      Recruitment

Each Court unit will seek qualified applicants who reflect the make-up of all such persons in the relevant labor market.  Each unit will publicize all vacancies.

3

US00004541

B.    Hiring

Each Court unit will make its hiring decisions strictly upon an evaluation of a person's qualifications and ability to perform the duties of the position satisfactorily. Hiring decisions shall be made without regard to race, color, religion, sex, national origin, age, or disability.

C.    Promotion

Each Court unit will promote employees according to their experience, training, and demonstrated ability to perform duties of a higher level. Promotion decisions shall be made without regard to race, color, religion, sex, national origin, age, or disability.

D.    Advancement

Each Court unit will seek insofar as reasonably practicable to improve the skills and abilities of its employees through cross-training, job restructuring, assignments, details, and outside training.

## CHAPTER III.  FAMILY AND MEDICAL LEAVE RIGHTS

**§ 1    General**

Title II of the Family and Medical Leave Act of 1993, 5 U.S.C. §§ 6381 et. Seq., applies to Court employees in the manner prescribed in Volume 12, Chapter 9, Section 920.20.35 the *Guide to Judiciary Policy.*

## CHAPTER IV.  WORKER ADJUSTMENT
## AND RETRAINING NOTIFICATION RIGHTS

**§ 1    General**

No "employing office closing" or "mass layoff" (as defined in Section 2 of this Chapter) may occur until the end of a 60-day period after the employing office serves written notice of such prospective closing or layoff to employees who will be affected. This provision shall not apply to an employing office closing or mass layoff which results from the absence of appropriated funds.

**§ 2    Definitions**

A.    The term "employing office closing" means the permanent or temporary shutdown of a single site of employment if the shutdown results in an employment loss at the single

4

US00004542

site of employment during any 30-day period for 50 or more employees excluding any part-time employees.

B.     The term "mass layoff" means a reduction in force which--

1.     is not the result of an employing office closing; and

2.     results in an employment loss at the single site of employment during any 30-day period for

a.     (1)     at least 33 percent of the employees (excluding any part-time employees); and

(2)     at least 50 employees (excluding any part-time employees); or

b.     at least 500 employees (excluding any part-time employees).  *See* 29 U.S.C. § 2101.

## CHAPTER V.  EMPLOYMENT AND REEMPLOYMENT RIGHTS OF MEMBERS OF THE UNIFORMED SERVICES

**§ 1     General**

An employing office shall not discriminate against an eligible employee or deny an eligible employee reemployment rights or benefits under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301 *et seq.*

## CHAPTER VI.  OCCUPATIONAL SAFETY AND HEALTH PROTECTIONS

**§ 1     General**

Each employing office shall provide to its employees a place of employment which is free from recognized hazards that cause or are likely to cause death or serious physical harm to employees.  Claims that seek a remedy that is exclusively within the jurisdiction of the General Services Administration ("GSA") or the United States Postal Service ("USPS") to provide are not cognizable under this Plan; such requests should be filed directly with GSA or the USPS as appropriate.

**§ 2     Court Program Requirements**

The Court will implement a program to achieve the protections set forth in § 1 of this Chapter.

5

US00004543

# CHAPTER VII.  POLYGRAPH TESTS

## § 1     General

Unless required for access to classified information, or otherwise required by law, no employee may be required to take a polygraph test.

# CHAPTER VIII.  WHISTLEBLOWER PROTECTION

## § 1     General

Any employee who has authority to take, direct others to take, recommend, or approve any personnel action shall not, with respect to such authority, take or threaten to take an adverse employment action with respect to any employee (excluding applicants for employment) because of any disclosure of information to—

    A.     the appropriate federal law enforcement authority, or

    B.     a supervisor or managerial official of the employing office, a judicial officer of the court, or the Administrative Office of the United States Courts, by the latter employee, which that employee reasonably and in good faith believes evidences a violation of any law, rule, or regulation, or other conduct that constitutes gross mismanagement, a gross waste of funds, or a substantial and specific danger to public health or safety, provided that such disclosure of information—

        1.     is not specifically prohibited by law,

        2.     does not reveal case-sensitive information, sealed material, or the deliberative processes of the federal judiciary (as outlined in the *Guide to Judiciary Policy*, Vol. 20, Ch. 8), and

        3.     does not reveal information that would endanger the security of any federal judicial officer.

## § 2     Definition

For purposes of this Chapter, an "adverse employment action" means a termination, demotion, transfer, or reassignment; loss of pay, benefits, or awards; or any other employment action that is materially adverse to the employee's job status, compensation, terms, or responsibilities, or the employee's working conditions.

Case 1:20-cv-00066-WGY   Document 248-3   Filed 06/07/23   Page 10 of 30

US00004544

# CHAPTER IX.  REPORTS OF WRONGFUL CONDUCT

A report of wrongful conduct is not the same as initiating or filing a claim under this Plan; thus, employees who wish to file an EDR claim relating to any alleged wrongful conduct as defined in Chapter II, §1 must follow the procedures set forth in Chapter X of this Plan.

Judges and employees are encouraged to report wrongful conduct to the Court's EDR Coordinator, the Chief Judge, unit executive, human resources manager, or their supervisor as soon as possible, before it becomes a severe or pervasive.  Retaliation against any employee making a report of wrongful conduct is prohibited.  The person receiving such a report has the responsibility to notify the EDR Coordinator as soon as possible.

The EDR Coordinator shall promptly inform the Chief Judge and unit executive of any report.  The Chief Judge and/or unit executive shall ensure that the allegations in the report are appropriately investigated, either by the human resources manager or other person.

All individuals involved in the investigation shall protect the confidentiality of the allegations of wrongful conduct to the extent possible.  Information and records about the allegations shall be shared on a need-to-know basis.

Employees found by the Chief Judge and/or unit executive to have engaged in wrongful conduct, as defined in this Plan, may be subject to disciplinary action.

# CHAPTER X.  DISPUTE RESOLUTION PROCEDURES

## § 1    General Procedure for Consideration of Alleged Violations

An employee who claims a denial of the rights granted under Chapters II through VIII of this Plan shall seek resolution of such claims through the procedures of this Chapter.  Generally, the procedural process consists of:

A.    Counseling and mediation;

B.    Hearing before the Chief Judge of the United States Court of Appeals for the Fourth Circuit  (or a designated hearing officer); and

C.    Review of the hearing decision under procedures established by the Judicial Council of the Circuit.

## § 2    Alleged Violation by Employee

Before invoking a request for counseling an employee (to the extent feasible) is encouraged to bring his or her concerns to his or her supervisor or unit executive, unless the

7

US00004545

supervisor or unit executive is the alleged violator. In such a situation, the employee is encouraged to discuss the matter with the EDR Coordinator. An employee alleging that any of the rights granted under this Plan have been violated, and who seeks relief under this Plan, must file a request for counseling with the Court's EDR Coordinator in accordance with Section 8 of this Chapter.

## § 3    Alleged Violation by Judge

Any employee alleging that a judge violated any rights granted under this Plan may file an EDR claim in accordance with this Plan. In such an instance, however, all the claims procedures of this Chapter shall be performed by the Fourth Circuit Judicial Council ("Judicial Council"), either by members of the Judicial Council directly or by persons designated to act on its behalf, which may include the Chief Circuit Judge. If a judge becomes the subject of both an EDR claim and a judicial misconduct complaint under the Judicial Conduct and Disability Act, §§351-364, the Judicial Council or its designee, which may include the Chief Circuit Judge, will craft a procedure for determining any common issues of fact and processing both complaints, subject to all requirements of the Act, the Rules for Judicial-Conduct and Judicial-Disability Proceedings, and, as practicable, this Plan. In so doing, the Judicial Council or its designee, which may include the Chief Circuit Judge, may determine that all or part of the EDR claim must be abated until action is taken on the judicial misconduct complaint.

## § 4    Confidentiality

The Court or employing office shall protect the confidentiality of allegations filed under this Plan to the extent possible. However, information about allegations filed under this Plan shall be shared on a need-to-know basis. Records relating to violations under this Plan shall be kept confidential on the same basis.

## § 5    General Provisions and Protections

A.    Prohibition Against Retaliation

Claimants under this Plan have the right to be free from retaliation because of filing a claim pursuant to this Plan. Likewise, any person who participates in the filing or processing of a claim, such as an EDR Coordinator, mediator, witness, representative, or co-worker, is also entitled to freedom from retaliation.

B.    Right to Representation

Every individual invoking the dispute resolution procedures of this Plan has the right to be represented by a person of his or her choice if such person is available and consents to be a representative. A Court employee may accept the responsibilities of representation if it will not unduly interfere with his or her Court duties or constitute a

8

US00004546

conflict of interest, as determined by the representative's appointing officer.

C.     Case Preparation

To the extent feasible, every individual invoking the dispute resolution procedures of this Plan may use a reasonable amount of official time to prepare his or her case, so long as it does not unduly interfere with the performance of his or her Court duties.

D.     Determining Time Periods

The word "days" in all filing and other time periods specified in this Consolidated Plan shall mean calendar days, except that if the deadline date falls on a Saturday, Sunday or holiday, the deadline shall be extended to the following Court business day.

E.     Extensions of Time

The Chief Judge of the Court, or other presiding judicial officer, may extend any of the deadlines set forth in this Chapter for good cause.  The time periods for counseling and mediation may also be extended as provided in §§ 8 and 9 of this Chapter.

F.     Dismissal of Claim

On his or her own initiative or at the request of any part, the Chief Judge of the Court or presiding judicial officer may at any time in the proceedings, dismiss a claim on the grounds that it does not invoke violations of the rights or protections granted under this Plan, is untimely, is unduly repetitive of a previous claim, adverse action, or grievance, is frivolous, or fails to state a claim upon which relief may be granted.

G.     Records

At the conclusion of formal and informal proceedings under this Plan, all papers, files, and reports will be filed with the Court's EDR Coordinator.  No papers, files or reports relating to a dispute will be filed in any employee's personnel folder, except as necessary to implement an official personnel action.

H.     Election of Remedies

If an employee files an appeal of an adverse action or grievance in addition to a claim under this Plan concerning the same or substantially the same subject matter, the employee must elect either (a) the Plan or (b) the grievance/adverse action appeal procedures under which the claim is to be processed.  An employee may not utilize both (a) and (b).  Similarly, if a claim has already been processed under one of these procedures, it may not be the subject of a claim under the other.

9

US00004547

**§ 6    Designation of Duties of Employment Dispute Resolution Coordinator**

The Court designates the Circuit Executive to serve as its Employment Dispute Resolution Coordinator ("EDR Coordinator"), whose duties shall include the following:

A.    To provide information to the Court and employees regarding the rights and protections afforded under this Plan;

B.    To coordinate and organize the procedures and establish and maintain official files of the Court pertaining to claims and other matters initiated and processed under this Plan;

C.    To coordinate the counseling of individuals in the initial stages of the claims process, in accordance with Section 8 of this Chapter; and,

D.    To collect, analyze, and consolidate statistical data and other information pertaining to the Court's employment dispute resolution process.

**§ 7    General Disqualification Provision**

A party may seek disqualification of a judicial officer, employee or other person involved in a dispute by written request to the Chief Judge. Such written request shall contain facts regarding why the individual should be disqualified. If the Chief Judge is named as being involved in a dispute, the Chief Judge will ask the next most senior judge of the Court of Appeals in regular active service who is available and qualified to serve to decide the disqualification request.

**§ 8    Counseling**

A.    Initiating a Proceeding; Formal Request for Counseling

An employee who believes that his or her rights under Chapters II through VIII of this Plan have been violated must first request counseling.

B.    Form, Manner, and Timing of Requests
Requests for counseling:

1.    are to be submitted to the Court's EDR Coordinator;

2.    must be made in writing and contain all the violations asserted by the claimaint (*copy of approved form is contained in Appendix*); and

10

US00004548

3.      must be made within 30 days of the alleged violation or within 30 days of the time the employee becomes aware of the alleged violation.

C.      Procedures

1.      Who May Serve as Counselor

The counseling shall be conducted by the Court's EDR Coordinator, unless the EDR Coordinator is disqualified from serving as counselor under § 7 of this Chapter, or is otherwise unavailable. If the EDR Coordinator is unavailable, the EDR Coordinator shall designate another qualified individual to perform the counseling function. If the EDR Coordinator is disqualified, the Chief Judge of the Court shall designate another qualified individual to perform the counseling function. The EDR Coordinator shall promptly provide a copy of the request for counseling to the unit executive and the Chief Judge of the Court.

2.      Purposes of Counseling

The purposes of the counseling shall be to discuss the employee's concerns and elicit information regarding the matter which the employee believes constitutes a violation; to advise the employee of his or her rights and responsibilities and the procedures of the Court applicable to the employment dispute resolution process; to evaluate the matter; and to assist the employee in achieving an early resolution of the matter, if possible.

3.      Confidentiality

Unless waived by the employee, the Court or employing office shall protect the confidentiality of allegations filed under this Plan to the extent possible. However, information about allegations filed under this Plan shall be shared on a need-to-know basis. Records relating to violations under this Plan shall be kept confidential.

4.      Form of Settlement

The EDR Coordinator shall reduce to writing any settlement achieved during the counseling process and secure the signatures of the employee, his or her representative, if any, and the member of the employing office who is authorized to enter into settlement on the employing office's behalf.

D.      Duration of Counseling Period

The counseling period shall be 30 days (or a shorter period if counseling is

11

concluded at an earlier date), beginning on the date the request for counseling is received by the EDR Coordinator. The counseling period may be extended by the mutual agreement of the counselor and the employee for an additional 30 day period.

E.     Conclusion of the Counseling Period and Notice

The EDR Coordinator shall notify the employee in writing of the end of the counseling period. As part of the notice, the EDR Coordinator shall inform the employee of the right and obligation, should the employee choose to pursue his or her claim, to file with the EDR Coordinator a request for mediation in accordance with § 9 of this Chapter.

## § 9     Mediation

A.     Initiation

Within 15 days after receipt by the employee of the notice of the conclusion of the counseling period, the employee may file a request for mediation with the EDR Coordinator. The request must be made in writing and must state the claim(s) presented (*copy of approved form is contained in Appendix*). The EDR Coordinator shall promptly provide a copy of the request for mediation to the unit executive and the Chief Judge of the Court. Failure to pursue mediation will preclude further processing of the employee's claim under any other provisions of this Chapter.

B.     Procedures

1.     Designation of Mediator

As soon as possible after receiving the request for mediation, the Chief Judge or EDR Coordinator shall designate a mediator and provide written notice of such designation.

2.     Who May Serve as Mediator

Any person with the skills to assist in resolving disputes, except the Court's EDR Coordinator, may serve as a mediator under this Plan. The EDR Coordinator has discretion to nominate a Circuit Mediator, another employee of the Court, or someone from outside the Court as mediator.

3.     Purpose of Mediation

The mediator shall consult separately and/or jointly with the employee and his or her representative, if any, and the employing office to discuss alternatives for resolving a dispute, including any and all possibilities of reaching a voluntary,

12

US00004550

mutually satisfactory resolution.

4.    Confidentiality

Any person or party involved in the mediation process shall not disclose, in whole or in part, any information or records obtained through, or prepared specifically for, the mediation process, except as necessary to consult with the parties or their representatives, and then only with notice to all parties.

5.    Form of Settlement

The mediator shall reduce to writing any settlement achieved during the mediation process and secure the signature of the employee, his or her representative, if any, and the member of the employing office who is authorized to enter into settlement on the employing office's behalf.

C.    Duration of Mediation Period

The mediation period shall be 30 days (or a shorter period if mediation is concluded at an earlier date), beginning on the date the request for mediation is received. The employee is required to attend at least one mediation session. Thereafter, he or she may proceed to file a request for hearing. The mediation period may be extended by the mutual agreement of the mediator and the employee for an additional 30-day period.

D.    Conclusion of Mediation Period and Notice

If, at the end of the mediation period, the parties have not resolved the matter that forms the basis of the request for mediation, the EDR Coordinator shall provide the employee, the employee's representative, if any, and the employing office with written notice that the mediation period has concluded.  The notice shall also inform the employee of his or her right to file a complaint under § 10 of this Chapter.

**§ 10   Complaint and Hearing**

A.    Complaint

Not later than 15 days after receiving written notice of the end of the mediation period, an employee may file a complaint with the EDR Coordinator, who will transmit the complaint to the Chief Judge and to the respondent.  The complaint must be in the form approved by the Court (*copy of approved form is contained in Appendix*).  Claims that were not presented in §9(A) may not be pursued. The respondent shall be the employing office which would be responsible for redressing, correcting or abating the violation(s) alleged in the complaint.  No individual shall be named as a respondent in the

13

complaint.

B.     Hearing Procedures

1.     Presiding Judicial Officer

If the Chief Judge or designee ("judicial officer") does not dismiss the complaint under the preceding subsection, the presiding judicial officer shall hold a hearing on the merits of the complaint unless he or she determines that no material factual dispute exists.

2.     Specific Provisions

The presiding judicial officer may provide for such discovery and investigation as is necessary.  In general, the presiding judicial officer shall determine the time, place, and manner of conducting the hearing.  However, the following specific provisions shall apply to hearings conducted under this Section:

a.     the hearing shall be commenced no later than 60 days after the filing of the complaint;

b.     the complainant and the head of the office against which the complaint has been filed must receive written notice of the hearing; such notice shall also be provided to the individual alleged to have violated rights protected by this Plan;

c.     at the hearing, the complainant will have the right to representation, to present evidence on his or her behalf, and to cross-examine adverse witnesses; the employing office will have the right to representation, to present evidence on its behalf and to cross-examine adverse witnesses; the individual who is the subject of the complaint will have the right to representation, to present evidence on his or her behalf, and to cross-examine adverse witnesses;

d.     a verbatim record of the hearing must be kept and shall be the sole official record of the proceeding;

e.     in reaching a decision, the presiding judicial officer  shall be guided by judicial and administrative decisions under the laws related to Chapters II through VIII of this Plan and by decisions of the Judicial Council of the Circuit under § 11 of this Chapter;

f.     remedies may be provided in accordance with § 12 of this Chapter

14

US00004552

where the presiding judicial officer finds that the complainant has established by a preponderance of the evidence that a substantive right protected by this Plan has been violated;

g.      the final decision of the presiding judicial officer must be issued in writing not later than 60 days after the conclusion of the hearing; and

h.      all parties, or any aggrieved individual, shall have the right to written notice of any action taken as a result of a hearing.

## § 11    Review of Decision

A.      Notice of Procedures for Review

A party or individual aggrieved by a final decision of the presiding judicial officer, or by a summary dismissal of the complaint, may petition for review of that decision under procedures established by the Judicial Council of the Circuit.  The EDR Coordinator shall inform all persons served with notice of the final decision of the presiding judicial officer of the procedures for seeking review by the Judicial Council.

B.      Timing and Form of Petition for Review

A petition for review must be received by the EDR Coordinator within 30 days of the date of the letter to the parties transmitting the order. The petition should be in the form of a letter, addressed to the EDR Coordinator, beginning "I hereby petition the judicial council for review of the presiding judicial officer's order under the Consolidated Equal Employment Opportunity and Employee Dispute Resolution Plan of the United States Court of Appeals for the Fourth Circuit.  .  .  . "There is no need to enclose a copy of the original complaint. Only one copy of the petition is required.  The letter should set forth a brief statement of the reasons why the petitioner believes that the presiding judicial officer's determinations were in error. The letter must be signed.

C.      Receipt of Timely Petition in Proper Form

Upon receipt of a petition for review of the order of the presiding judicial officer within the time allowed and in proper form, the EDR Coordinator will acknowledge receipt of the petition and promptly send to each member of the Judicial Council, except for any member disqualified under Chapter X § 7, copies of:

1.      the complaint and any statement of facts;
2.      any response filed;
3.      any record of information received by the  presiding judicial officer in connection with consideration of the complaint;

15

US00004553

4. any findings and recommendations made in the case by the presiding judicial officer;

5. any objections to the presiding judicial officer's findings and recommendations;

6. the presiding judicial officer's order disposing of the complaint;

7. any memorandum in support of the order;

8. the petition for review;

9. any other documents that appear to be relevant and material to the petition; and

10. a ballot.

D. Receipt of Untimely Petition

The EDR Coordinator will dismiss a petition that is not received within 30 days of the date of the letter transmitting the presiding judicial officer's order.

E. Receipt of Timely Petition Not In Proper Form

Upon receipt of a petition filed within the time allowed but not in proper form (including a document that is ambiguous about whether a petition for review is intended), the EDR Coordinator will acknowledge receipt of the petition, call the petitioner's attention to the deficiencies, and give the petitioner the opportunity to correct the deficiencies within 15 days of the date of the letter. If the deficiencies are not corrected within the time allowed, the EDR Coordinator will dismiss the petition.

F. Consideration of Petition

Each member of the Judicial Council to whom a ballot was sent will return a signed ballot, or otherwise communicate the member's vote, to the EDR Coordinator. The ballot form will provide opportunities to vote to (1) affirm the presiding judicial officer's disposition, or (2) place the petition on the agenda of a meeting of the Judicial Council. The form will also provide an opportunity for members to indicate that they have disqualified themselves from participating in consideration of the petition. The Chief Judge, or any other judge who acted on the complaint, will not participate in the Council's consideration of the petition for review.

Review will be based on the record created before the presiding judicial officer, and the order shall be affirmed if supported by substantial evidence.

If a majority of the votes cast should be for affirmance, the presiding judicial officer's order will be affirmed, and the EDR Coordinator will prepare an appropriate order to that effect, but if any of the members vote to place the petition on the agenda of a Council meeting, that will be done. If a petition is placed on the agenda of a meeting of

16

the Judicial Council, Council action may be taken by a majority of the members present and voting.

G.     Timing and Notice of Decision

If the petition is in proper form, the Judicial Council shall render its decision within 30 days after receipt of the petition for review unless the deadline is extended by the Council for good cause.  The original of the order shall be filed with the EDR Coordinator, and the EDR Coordinator will promptly transmit copies of the order to the parties and their representatives.

H.     Finality

Decisions of the Judicial Council are final and conclusive and shall not be judicially reviewable on appeal or otherwise.

## § 12   Remedies

A.     Where judicial officers acting pursuant to § 10 or § 11 of this Plan find that a substantive right protected by this Plan has been violated, they may order a necessary and appropriate remedy.  A remedy may be directed at correcting a past violation, prospectively ensuring compliance with the rights protected by this Plan, or both.  A remedy shall be tailored as closely as possible to the specific violation involved.

B.     Remedies which may be provided to successful complainants under this Plan include, but are not limited to:

    1.     placement of an employee in a position previously denied;

    2.     placement in a comparable alternative position;

    3.     reinstatement to a position from which previously removed;

    4.     prospective promotion to a position;

    5.     priority consideration for a future promotion or position;

    6.     back pay and associated benefits, including attorneys' fees, where the statutory criteria of the Back Pay Act, 5 U.S.C. § 5596, are satisfied;

    7.     records modification and/or expungement;

    8.     "equitable" relief, such as temporary stays of adverse actions;

17

US00004555

9.      granting of family and medical leave; and

10.     accommodation of disabilities through the purchase of specialized equipment or the restructuring of duties and work hours, or other appropriate means.

C.      Remedies which are *not* legally available include:

1.      payment of attorneys' fees (except as authorized under the Back Pay Act);

2.      compensatory damages; and

3.      punitive damages.

## § 13    Record of Final Decisions

Final decisions of the presiding judicial officer and of the Judicial Council shall not name the complainant or individual respondents. In addition, the presiding judicial officer has the discretion to remove sensitive information contained in the final decision that may inadvertently identify the parties. Once final action on a complaint has been taken and is no longer subject to review, the final decision of the presiding judicial officer and of the Judicial Council shall be available to the public free of charge by written request to the EDR Coordinator.

## CHAPTER XI.  REPORTS

## § 1    Court Unit Reports

Each Court unit will prepare a brief report for the EDR Coordinator describing its efforts to provide equal employment opportunities under Chapter II of this Plan. This report will also provide the information required by the Administrative Office for personnel actions occurring in the previous year and will be submitted to the EDR Coordinator in time to meet the due date prescribed by the Administrative Office.

## § 2    Objectives

Each Court unit will develop annually its own objectives which reflect those improvements needed in recruitment, hiring, promotions, and advancement.

## § 3    Annual Report

The EDR Coordinator will prepare for the Chief Judge's approval an annual report for the year ending September 30, consolidating the data and statements received from each Court unit. The report will include tables to be provided by the Administrative Office of the United States Courts

18

US00004556

consolidating the information provided by each Court unit. It will also describe instances where significant achievements were made in providing equal employment opportunities, will identify areas where improvements are needed, and will explain factors inhibiting achievement of equal employment opportunity objectives. Upon approval by the Chief Judge, this report will be submitted by the EDR Coordinator to the Administrative Office of the United States Courts by the due date.

In addition, the annual report submitted by the EDR Coordinator will indicate:

A.    The number and type of alleged violations for which counseling was conducted;

B.    The number and type of alleged violations for which mediation was conducted;

C.    The number and type of complaints filed;

D.    The number and type of complaints resolved without a hearing;

E.    The number and type of complaints resolved with a hearing; and

F.    The number and type of complaints for which Judicial Council review was sought.

The type of violation or complaint shall be reported according to the Chapter(s) of the Plan involved and, with respect to allegations under Chapter II, according to the type(s) of discrimination alleged. The report will not identify the names of the parties involved.

## CHAPTER XII.  DISTRIBUTION AND PUBLIC NOTICE

Copies of this Plan shall be given to all employees and, upon request, to members of the public.

19

US00004557

**REQUEST FOR COUNSELING
UNDER THE CONSOLIDATED
EQUAL EMPLOYMENT OPPORTUNITY
*and*
EMPLOYMENT DISPUTE RESOLUTION PLAN OF THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

       Prior to completing this form, please refer to the Consolidated Equal Employment Opportunity and Employment Dispute Resolution Plan (" Plan"). Please complete this form legibly. If there is insufficient space you may attach additional pages.

1.     Name of Person Requesting Counseling: _____

2.     Address: _____

      _____

3.     Home Phone: _____ Work: _____

4.     If you are a Court employee, state the following:

      Court Unit in which employed: _____

      Job Title: _____

5.     Name and address of the Employing Office from which you seek resolution of your dispute:

      _____

      _____

      _____

6.     Date(s) of incident or decision giving rise to dispute: _____

7.     Please summarize the actions or occurrences giving rise to this dispute.

      _____

      _____

20

US00004558

_____

_____

_____

_____

_____

8.     What corrective action do you seek in this matter?

_____

_____

_____

_____

_____

9.     Are you willing to waive confidentiality in order to permit the counselor to contact the
       Employing Office or to attempt a resolution of the disputed matter?

       ❏  Yes        ❏  No

This request for counseling is submitted by:


_____          _____
Signature                                  Date


_____          _____
Recipient's Signature                      Date of Receipt


21

US00004559

**REQUEST FOR MEDIATION**
**UNDER THE CONSOLIDATED**
**EQUAL EMPLOYMENT OPPORTUNITY**
*and*
**EMPLOYMENT DISPUTE RESOLUTION PLAN OF THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

      Prior to completing this form, please refer to the Consolidated Equal Employment Opportunity and Employment Dispute Resolution Plan ("Plan"). Please complete this form legibly. If there is insufficient space you may attach additional pages.

1.    Name of Person Requesting Mediation: _____

2.    Address: _____

_____

3.    Home Phone: _____ Work: _____

4.    If you are a Court employee, state the following:

Court Unit in which employed: _____

Job Title: _____

5.    Name and address of the Employing Office from which you seek resolution of your dispute:

_____

_____

_____

6.    Date(s) of incident or decision giving rise to dispute: _____

7.    Please summarize the actions or occurrences giving rise to this dispute.

_____

_____

22

US00004560

_____

_____

_____

8.     List below all claims you wish to raise in mediation.  Any claims not advanced in mediation may not be pursued in a complaint filed under this Consolidated Plan.

_____

_____

_____

_____

_____

9.     What corrective action do you seek in this matter?

_____

_____

_____

_____

10.    Date counseling was initiated: _____

11.    Date of receipt of notice of conclusion of counseling: _____

12.    Name of person providing counseling: _____

This request for mediation is submitted by:

_____      _____
Signature                             Date

_____      _____
Recipient's Signature               Date of Receipt

23

US00004561

**COMPLAINT OF DISCRIMINATION
UNDER THE CONSOLIDATED
EQUAL EMPLOYMENT OPPORTUNITY
*and*
EMPLOYMENT DISPUTE RESOLUTION PLAN OF THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

Prior to completing this form, please refer to the Consolidated Equal Employment Opportunity and Employment Dispute Resolution Plan ("Plan"). Please complete this form legibly.

1.    Full Name of Person Filing Complaint: _____

2.    Address: _____

      _____

3.    Home Phone: _____    Work: _____

4.    If you are a Court employee, state the following:

      Court Unit in which employed: _____

      Job Title: _____

5.    Name and address of the Employing Office against whom this complaint is filed (under the terms of the Consolidated Equal Employment Opportunity and Employment Dispute Resolution Plan of the United States Court of Appeals for the Fourth Circuit, all complaints must be against the Employing Office, *not an individual*):

      _____

      _____

      _____

6.    Identify the Chapter(s) of the Consolidated Plan under which your complaint is being filed.

      ❑ Chapter II - Equal Employment Opportunity and Anti-Discrimination Rights
              ❑ Race

24

☐ Color

☐ Religion

☐ Sex (includes Sexual Harassment)

☐ National Origin

☐ Age (at least 40 years old at the time of the alleged discrimination)

☐ Disability

☐ Chapter III - Family and Medical Leave Rights

☐ Chapter IV - Worker Adjustment and Retraining Notification Rights

☐ Chapter V - Employment and Reemployment Rights of Members of the Uniformed Services

☐ Chapter VI - Occupational Safety and Health Protections

☐ Chapter VII - Polygraph Tests

☐ Chapter VIII - Whistleblower Protection

7.  Date(s) of alleged violation _____

8.  Date on which counseling was requested _____

    Date on which counseling was completed _____

    Date on which mediation was requested _____

    Date on which mediation was completed _____

9.  Name of person who served as Counselor on this matter _____

10. Name of person who served as Mediator on this matter _____

11. Please summarize the actions or occurrences giving rise to your complaint. Explain in what way you believe your rights under the Consolidated Plan were violated. Identify all persons who participated in this matter or who can provide relevant information concerning your complaint. (If there is insufficient space below, you may attach additional pages.)

_____

_____

_____

25

US00004563

_____

_____

_____

_____

_____

[Please attach a copy of any documents that relate to your complaint, such as an application form, resume, letters of discipline or termination, etc.]

12.     What corrective action do you seek from your complaint?

_____

_____

_____

_____

_____

13.     Do you have an attorney or any other person who represents you in this matter?

❑ Yes    ❑ No

If yes, please provide the following information concerning that person:

Name _____

Address _____

Work Phone _____ Fax _____

I affirm that the information provided in this complaint is true and correct to the best of my knowledge.

_____    _____
Signature                                                   Date

26

US00004564