# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36 and the Local Rules of the United States District Court for the Western District of North Carolina, Defendants hereby respond to Plaintiff's Second Set of Requests for Admission, which were propounded on November 17, 2022, as follows:

**OBJECTIONS AS TO DEFINITIONS AND INSTRUCTIONS, AND OTHER
OBJECTIONS WHICH APPLY TO ALL REQUESTS FOR ADMISSION**

1.      The following General Objections apply to and are incorporated in each individual response.

2.      Defendants object to the Definitions in Plaintiff's Second Set of Requests for Admission ("Requests for Admission") to the extent that they conflict with or purport to expand upon Defendant's obligations under the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Western District of North Carolina.

10.     Defendants reserve the right to amend, supplement, or alter these objections at any time.

### OBJECTIONS AS TO DEFINITIONS

Defendants hereby incorporate by reference their objections to the definitions set forth in their objections as to definitions and instructions in their response to Plaintiff's Third Set of Interrogatories.

### RESERVATION OF RIGHTS AND OBJECTIONS

The foregoing objections to General Instructions and Definitions and the following specific objections are based upon: (a) Defendants' interpretation of the Requests for Admission served by Plaintiff; and (b) information reasonably available to Defendants as of the date of this document. Defendants reserve the right to supplement these objections and/or responses based upon: (a) information that Plaintiff purports to interpret the Requests for Admission differently than Defendants; and/or (b) the discovery of new information supporting additional objections and/or responses.

### SPECIFIC OBJECTIONS AND RESPONSES

Each of the foregoing statements and/or objections is incorporated by reference into each and every specific response set forth below, and Defendants' response below is not a waiver of any of its General Objections.

**Request No. 1:** Admit that during the term of Plaintiff's employment with the FDO, the First Assistant (J.P. Davis) served, at any time, as the Federal Defender's principal deputy and alter ego (e.g., with the authority to assist in the management of all phases of the FDO and to take actions that affect the basic content and character of the FDO's administrative and legal operations), and Plaintiff's supervisor (e.g., with the authority to initiate employment actions such as hiring, firing, promotion, demotion, and disciplinary action).

Specific Objection(s): Defendant objects to this request because the terms "alter ego," "assist in the management of all phases of the FDO," and "basic content and character of the FDO's administrative and legal operations" are vague, ambiguous, and undefined.

Response: Subject to and without waiving the foregoing objections, Defendants deny that J.P. Davis served as the Federal Defendant's "alter ego," but admit that Davis served as the FDO's "principal deputy" and that he had some supervisory responsibilities over the trial units in the FDO. Defendants admit that the First Assistant may assist in the management of all phases of the FDO and take actions that affect the basic content and character of the FDO's administrative and legal operations. Defendants admit that, from August 2017 until December 2017 and from July 2018 to August 2018, J.P. Davis served in a supervisory role over Plaintiff. Defendants deny that J.P. Davis had the ability to initiate employment actions such as hiring, firing, promotion, demotion, and disciplinary action.

**Request No. 2:** Admit that judiciary officials prohibited, restricted, or conditioned communication between the FEOO and Plaintiff, at any time (*see* Complaint ¶ 231).

Specific Objection(s): Defendant objects to this request because the terms "restricted" and "conditioned" are vague, ambiguous, and undefined.

Response: Subject to and without waiving the foregoing objections, Defendants deny Request No. 2.

**Request No. 3:** Admit that Plaintiff was subjected to adverse employment actions following her EDR complaint, including a "reclassification" that resulted in a locality pay of zero and made Plaintiff ineligible for a within-grade step increase associated with an approaching work anniversary, denial of consideration for a promotion, diminished job duties, "telework" for more than six months, continued assignments for the trial unit supervised by her harasser, and a continued hostile working environment (*see* Complaint ¶¶ 338–54).

**Request No. 5:** Admit that the HR Specialist stated that she would not be comfortable making, and did not think it was appropriate for her to make, recommendations regarding her investigation (*see* Complaint ¶ 320).

    <u>Specific Objection(s):</u> Defendants object to this request because it appears to derive from a recording in Plaintiff's possession, the entirety of which has yet to be produced to Defendants, and therefore Defendants cannot verify the accuracy of the out-of-context statements that form the basis of Request No. 5.

    <u>Response:</u> Subject to and without waiving the foregoing objections, Defendants admit that the HR Specialist stated that she would not be comfortable making, and did not think it was appropriate for her to make, recommendations on the complaint because she is not an "attorney" and not trained on the "legal" side, but deny to the extent that Request No. 5 asserts that the HR Specialist never made recommendations regarding her investigation.

**Request No. 6:** Admit that the Mediator, as an agent of the judiciary, stated that no hearing officer would micromanage the Federal Defender within the context of an EDR proceeding (see Complaint ¶ 415).

    <u>Specific Objection(s):</u> Defendants object to this request because the terms "micromanage" and "agent of the judiciary" are vague, ambiguous, and undefined. Defendants further object to this request because it appears to derive from a recording in Plaintiff's possession, the entirety of which has yet to be produced to Defendants, and therefore Defendants cannot verify the accuracy of the out-of-context statements that form the basis of Request No. 6.

    <u>Response:</u> Subject to and without waiving the foregoing objections, Defendants deny that the Mediator was an agent of the judiciary, but admit that the Mediator stated that "I don't think a judge is going to micromanage this office and tell a federal defender how to do his job and run this office."

Response: Subject to and without waiving the foregoing objections, Defendants deny Request No. 9.

Respectfully submitted,

BRIAN D. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

s/ *Madeline M. McMahon*
MADELINE M. MCMAHON
JOSHUA M. KOLSKY
RACHAEL L. WESTMORELAND
Trial Attorneys
D.C. Bar No. 1720813
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 415-7722
Fax: (202) 616-8470
E-mail: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36 and the Local Rules of the United States District Court for the Western District of North Carolina, Defendants hereby respond to Plaintiff's Third Set of Requests for Admission, which were propounded on March 31, 2023, as follows:

**OBJECTIONS AS TO DEFINITIONS AND INSTRUCTIONS, AND OTHER
OBJECTIONS WHICH APPLY TO ALL REQUESTS FOR ADMISSION**

1.      The following General Objections apply to and are incorporated in each individual response.

2.      Defendants object to the Definitions in Plaintiff's Third Set of Requests for Admission ("Requests for Admission") to the extent that they conflict with or purport to expand upon Defendant's obligations under the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Western District of North Carolina.

Response: Subject to and without waiving the foregoing objections, Defendants admit that dating back to the Fall of 2017, before Plaintiff's EDR process began, the Fourth Circuit was exploring the possibility of adding a Capital Habeas Unit, but Defendants note that the process required getting the approval of Defender Services and the Defender Services Committee to obtain the approval and funding for it. Defendants also admit that the Federal Defender, EDR Coordinator, and Chief Judge played a role in the multi-year exploratory process, but deny any connection between the establishment of the Capital Habeas Unit and Plaintiff's EDR process.

**Request No. 11:** Admit that the Office of General Counsel provided legal advice regarding Plaintiff's workplace misconduct allegations and EDR proceeding to the respondent Federal Public Defender Office, including Anthony Martinez, and Fourth Circuit officials (*e.g.*, James Ishida) administering the EDR plan. *See, e.g.*, ECF 94-7 at ¶¶ 3, 16.

Response: Defendants admit that the Office of General Counsel for the Administrative Office of the United States Courts provided legal advice directly to the EDR Coordinator on these topics. Defendants deny that any other Fourth Circuit officials directly received any advice from that office regarding the topics mentioned in Request No. 11. Defendants also deny that anyone from the Federal Public Defender Office directly received legal advice from the Office of General Counsel regarding the topics mentioned in Request No. 11.

**Request No. 12:** Admit that the foundational requirements for the admission of all audio recordings provided by Plaintiff have been satisfied.

Response: Subject to and without waiving the foregoing objections, Defendants deny Request No. 12.

**Request No. 13:** Admit that Hon. Roger Gregory denied Plaintiff's request to disqualify Anthony Martinez from her EDR proceeding.

Specific Objection(s): Defendant objects to this request because the term "EDR proceeding" is vague, ambiguous, and undefined.

Response: Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff's request for disqualification of the Federal Defender was denied.

**Request No. 14:** Admit that Anthony Martinez (Federal Defender) appointed Heather Beam (EDR Investigator) as the investigator for Plaintiff's EDR proceeding.

Specific Objection(s): Defendant objects to this request because the terms "appointed" and "EDR proceeding" are vague, ambiguous, and undefined.

Response: Subject to and without waiving the foregoing objections, Defendants admit that the Federal Defender sent the EDR Investigator an email on August 14, 2018 saying, "I have just been advised by Circuit Executive James Ishida that you are willing and able to assist us in investigating allegations of misconduct by an employee in my office. Pursuant to our office's EDR plan I am appointing you as my designee to conduct the investigation into the allegations," but otherwise deny.

**Request No. 15:** Admit that Plaintiff waived confidentiality for the purpose of allowing the EDR investigator to interview witnesses for purposes of her investigation.

Response: Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff signed a written waiver of confidentiality on September 10, 2018, in which she expressly stated that she gave the EDR Investigator permission to speak with JP Davis and Anthony Martinez as part of the investigation.

**Request No. 16:** Admit that Plaintiff provided a witness list to the EDR investigator.

Coordinator during Plaintiff's EDR process and further indicated that non-compliance with that instruction could result in disciplinary action.

**Request No. 20:** Admit that James Ishida (EDR Coordinator) disciplined or counseled Anthony Martinez (Federal Defender) pursuant to Heather Beam's EDR investigation report.

Specific Objection(s): Defendants object to this request because the phrase "pursuant to" is vague, ambiguous, and undefined.

Response: Subject to and without waiving the foregoing objections, Defendants admit that the EDR Coordinator delivered the Federal Defender a letter of counseling dated May 28, 2019, signed by Chief Judge Gregory, based on facts uncovered during the investigation, but deny the remaining allegations.

**Request No. 21:** Admit that Anthony Martinez (Federal Defender) disciplined or counseled J.P. Davis (First Assistant) pursuant to Heather Beam's EDR investigation report.

Response: Subject to and without waiving the foregoing objections, Defendants admit that the Federal Defender counseled the First Assistant on May 8, 2019 based on facts uncovered during the investigation, but deny the remaining allegations.

**Request No. 22:** Admit that Plaintiff would have been eligible or qualified for a grade-level promotion to JSP-15 on or about August 21, 2018 but for her conversion to an AFD position effective August 20, 2018.

Specific Objection(s): Defendants object to this request because the phrase "eligible or qualified" is vague, ambiguous, and undefined.

Response: Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff would have been eligible for a grade-level promotion to FD-15 on or about August 21,

2018, but note that all grade-level promotions are awarded at the discretion of the Federal Defender

and deny the remaining allegations.

**Request No. 23:** Admit that Plaintiff requested confidentiality regarding her conversation with Jill Langley (Judicial Integrity Officer) on February 15, 2019 and rejected the JIO's offer to discuss her EDR proceeding with James Ishida (EDR Coordinator).

Response: Subject to and without waiving the foregoing objections, Defendants lack

sufficient information to admit or deny the statement that Plaintiff requested confidentiality

regarding her conversation with the Judicial Integrity Officer on February 15, 2019, but admit that

Plaintiff declined the Judicial Integrity Officer's offer to discuss her claims with the EDR

Coordinator.

**Request No. 24:** Admit that EDR proceedings are strictly administrative and that judges presiding in EDR matters are not functioning in a judicial capacity. *See* Report of the Proceedings of the Judicial Conference of the United States at 25 (Sept. 2010).

Specific Objection(s): Defendants object to this request because the terms "strictly

administrative" and "judicial capacity" are vague, ambiguous, and undefined.

Response: Subject to and without waiving the foregoing objections, Defendants admit that

the Report of the Proceedings of the Judicial Conference of the United States (Sept. 2010)

(hereinafter "the Report") states that: "EDR proceedings are strictly administrative and are not

'cases and controversies' under Article III of the Constitution." Defendants further admit that the

Report states that "Judges presiding in EDR matters are functioning in an administrative rather

than judicial capacity" for purposes of Article III only. Defendants deny to the extent Request

Number 24 is asserting that judges who have any involvement in EDR proceedings are never

operating in a quasi-judicial capacity nor performing judicial functions.

**Request No. 25:** Admit that decisions in EDR matters regarding federal defender offices must be in conformance with the Criminal Justice Act. *See* Report of the Proceedings of the Judicial Conference of the United States at 25 (Sept. 2010).

Specific Objection(s): Defendants object to this request because it is vague and confusing because there is no reference to the Criminal Justice Act on page 25 of the Report. The Report mentions the Criminal Justice Act in two other places, and it is not clear from this request to which reference Plaintiff is referring.

Response: Subject to and without waiving the foregoing objections, Defendants admit that Judges' decisions in EDR matters must be in conformance with all statutes and regulations that apply to the judiciary, including the Criminal Justice Act, where applicable.

Respectfully submitted,

BRIAN D. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA M. KOLSKY
Senior Trial Counsel

s/ *Madeline M. McMahon*
MADELINE M. MCMAHON
RACHAEL L. WESTMORELAND
DANIELLE W. YOUNG
Trial Attorneys
D.C. Bar No. 1720813
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 415-7722
Fax: (202) 616-8470
E-mail: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**FOURTH SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through

undersigned counsel, hereby respond to Plaintiff's Fourth Set of Interrogatories:

Defendants' objections and responses are based on information known to Defendants at

this time and are made without prejudice to additional objections should Defendants subsequently

identify additional grounds for objection. The information submitted herewith is being provided

in accordance with the Federal Rules of Civil Procedure, which generally permit the discovery of

matters not privileged that are relevant to the claims or defenses in this civil action, and that are

proportional to the reasonable needs of this case. Fed. R. Civ. P. 26(b)(1). Accordingly,

Defendants do not, by providing such information, waive any objection to its admissibility on the

grounds of relevance, proportionality, accessibility, materiality, or any other appropriate ground.

Defendants reserve the right to supplement or revise any of these specific objections and responses.

**OBJECTIONS AS TO DEFINITIONS AND INSTRUCTIONS, AND OTHER**
**OBJECTIONS THAT APPLY TO ALL INTERROGATORIES**

1.      The following General Objections apply to and are incorporated in each individual

response.

9.     Defendants object to Instruction 1 as overly broad, unduly burdensome, and because it seeks information not relevant to any claim or defense. Unless otherwise stated, Defendants will limit their responses to information available from July 21, 2017 through September 9, 2019 (hereinafter referred to as "the relevant time period").

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 10**: Describe, in detail, all training, if any, provided to employees of the Federal Public Defender Office regarding the prevention of employment discrimination, harassment, hostile work environment, retaliation, and complaint procedures (including notice of any applicable EDR plan), including the date and place of each training session (organize response by employee). Identify each person who conducted each training session, materials provided, and the persons who attended, and state whether attendance was mandatory.

**Objections and Response to Interrogatory No. 10**:

Defendants object to this interrogatory as seeking irrelevant information, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information about trainings provided to each and every employee of the Federal Defender's Office and to the extent that it requests Defendants to identify "each person who conducted each training session, materials provided, and the persons who attended, and state whether attendance was mandatory." Defendants will limit their response to office-wide trainings on the identified topics during the relevant time period.

Subject to and without waiving the foregoing objections, Defendants provide the following response:

The Federal Defender's Office participated in a district-wide training in March 2019 called "Preventing Workplace Harassment." The Federal Judicial Center conducted the training. The training was mandatory for all staff and managers at the Federal Defender's Office.

**Interrogatory No. 11**: Describe, in detail, all training, if any, provided to Hon. Roger Gregory (EDR chief judge/presiding officer), James Ishida (EDR Coordinator), Jill Langley (Judicial Integrity Officer), Anthony Martinez (Unit Executive), J.P. Davis (First Assistant), Josh Carpenter (Appellate Chief), Peter Adolf (Team Leader), Bill Moormann (Administrative Officer), Ed Smith (Mediator), and Heather Beam (Investigator) regarding the prevention of employment discrimination, harassment, hostile work environment, retaliation, and complaint procedures (including workplace misconduct investigations and EDR proceedings), including the date and place of each training session (organize response by individual). Identify each person who conducted each training session, materials provided, and the persons who attended, and state whether attendance was mandatory.

**Objections and Response to Interrogatory No. 11**:

Defendants object to this interrogatory as seeking irrelevant information, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information about trainings provided to Joshua Carpenter, Peter Adolf, and Bill Moormann, and to the extent that it requests Defendants to identify "each person who conducted each training session, materials provided, and the persons who attended, and state whether attendance was mandatory." The interrogatory is also unduly burdensome because Defendants do not necessarily have records reflecting every training received by the listed individuals on the identified topics.

Subject to and without waiving the foregoing objections, Defendants provide the following response:

Chief Judge Gregory's training on the identified subjects during the relevant time period includes but is not necessarily limited to attending the Fourth Circuit Workplace Conduct Conference in May 2019 and a workshop for judges of the Fourth Circuit in June 2019, which included a session on "Creating and Maintaining an Exemplary Workplace."

James Ishida's training on the identified subjects during the relevant time period includes but is not necessarily limited to attending the Fourth Circuit Workplace Conduct Conference in May 2019.

Jill Langley's training on the identified subjects during the relevant time period includes but is not necessarily limited to the following:

- Workshop for Ninth Circuit EDR Coordinators (September 2019)

- ABA Book: The Shield of Silence: How Power Perpetuates a Culture of Harassment and Bullying in the Workplace (May 2019)

- ABA Book: Zero Tolerance: Best Practices for Combating Sex-Based Harassment (December 2018)

- Tenth Circuit Court of Appeals Training by an Employment Lawyer on Workplace Respect (October 2018)

- FJC: Ethics for Federal Judicial Law Clerks and Employees (September 2018)

- FJC's Preventing Workplace Harassment (Summer and Fall of 2018)

Anthony Martinez's training on the identified subjects during the relevant time period includes but is not necessarily limited to a March 2019 training called "Preventing Workplace Harassment" conducted by the Federal Judicial Center, and the Fourth Circuit Workplace Conduct Conference in May 2019.

J.P. Davis's training on the identified subjects during the relevant time period includes but is not necessarily limited to an online CLE training on or about January 1, 2019 titled "'Time's Up' and #MeToo: Considerations of the Benefits and Ethics of an Early Private Settlement," a March 2019 training called "Preventing Workplace Harassment" conducted by the Federal Judicial Center, and the Fourth Circuit Workplace Conduct Conference in May 2019.

Heather Beam's training on the identified subjects during the relevant time period includes but is not necessarily limited to attending human resources academies, including one involving a session on preventing workplace harassment in August 2018. Ms. Beam also attended a training on "Preventing Workplace Harassment" conducted by the Federal Judicial Center in March 2019.


**Interrogatory No. 12**: Describe, in detail, the qualifications (e.g., experience, education, and/or training) of Heather Beam (EDR Investigator) to perform workplace misconduct investigations and make associated recommendations, including for purposes of EDR proceedings.

**Objections and Response to Interrogatory No. 12**:

Defendants object to the word "qualifications" as ambiguous and vague.

Subject to and notwithstanding the forgoing objection, Defendants offer the following response: Heather Beam served as a human resources specialist for the U.S. District Court and probation office of the Western District of North Carolina since 2015. She worked as a human resources specialist at the U.S. Bankruptcy Court for the Northern District of Indiana from 2008-2015. She has a Master of Business Administration in Human Resources Management from the Indiana Institute of Technology. She has received training at HR academies covering various aspects of human resources, including discrimination, harassment, and retaliation.

6

Defendants further object to this request as overly burdensome and disproportionate to the needs to the case to the extent it asks Defendants to calculate the appellate caseload percentage of any attorney performing appellate work (e.g., .75). Such calculations would have little, if any, relevance, to Plaintiff's claims and would impose an unnecessary burden on Defendants to look at every case that each assistant federal defender worked on to calculate the percentage of their appellate versus trial work.

Defendants further object to this request as providing an ambiguous time frame for the requested information. Defendants interpret this request as seeking information between August 1, 2017 and March 31, 2019.

Subject to and notwithstanding the forgoing objections, Defendants provide the following response: All appellate assistant federal defenders (AFDs) employed between August 1, 2017 – March 31, 2019 were required to undertake at least some trial litigation support work in addition to their appellate caseload. Each appellate AFD divided their time between three workstreams (direct appeals, trial support, and post-conviction). The percentage of each work stream assigned to each appellate AFD has varied over time depending upon the needs of the office, but all appellate AFDs have been expected to carry some load in each workstream.

Between August 1, 2017 – March 31, 2019, Ann Hester was the only part time employee of the FDO. Ann Hester is classified as a .75 FTE employee.


**Interrogatory No. 22**: Describe, in detail, the basis for not disqualifying Anthony Martinez (Federal Defender) from Plaintiff's EDR proceeding.

**Objections and Response to Interrogatory No. 22**:

Defendants object to this interrogatory because the phrases "in detail" and "EDR proceeding" are vague, ambiguous, and undefined. Defendants further object to this request on the basis that the scope of the request is vague and ambiguous as Ms. Strickland filed both an initial disqualification request and a renewed request, and it is not clear which request Plaintiff is referring to.

Subject to and without waiving the foregoing objections, Defendants provide the following response: Ms. Strickland's September 10, 2018 request to disqualify Mr. Martinez from her EDR proceeding was, at best, unclear. At the time of the initial request, Ms. Strickland's request did not precisely state what she was seeking Mr. Martinez to be disqualified from. Nevertheless, Chief Judge Gregory evaluated Ms. Strickland's request to disqualify Mr. Martinez from each step of an EDR proceeding under Chapter X and found that, on the basis of the facts presented in Ms. Strickland's letter, disqualification was not warranted at that time.

Specifically, with respect to the counseling and mediation stages, disqualification was not appropriate on the basis of the facts presented. As the basis for disqualification, Ms. Strickland's letter states that Mr. Martinez is "a subject of [Ms. Strickland's] wrongful conduct report" and is "named in [her] request for counseling". *See* US00000467. However, given the responsibility of a unit executive for approving personnel actions within his or her employing office, it is not unusual for the unit executive to be named in reports complaining about personnel actions. This fact itself is not a sufficient basis for disqualification. During the counseling period, James Ishida, the EDR Coordinator, conducted Ms. Strickland's counseling, not Mr. Martinez, and during the mediation period, Ed Smith served as the mediator. Mr. Martinez represented the named respondent employing office, which is an interested, and not neutral, party to an EDR matter. Further, if Mr. Martinez were to be disqualified during the counseling and mediation processes, it was unclear

who would have had the authority to take the employment actions Ms. Strickland might seek from her employing office as resolution.

In addition, the investigation under the EDR plan was initiated at the direction of Chief Judge Gregory. Further, the investigation was being performed by an independent investigator, Heather Beam. Disqualification of Mr. Martinez from the investigation process was thus unnecessary because he was participating only as a witness.

Finally, even though Ms. Strickland did not file a formal complaint under Chapter X, to the extent she sought to disqualify Mr. Martinez from the formal hearing stage, Ms. Strickland had not presented facts demonstrating that he should be disqualified from any formal hearing. Under the EDR plan, the presiding judicial officer would have been the final decisionmaker with regard to the hearing and any remedies. Mr. Martinez could not have served as the presiding judicial officer. Consequently, there would have been no need to disqualify Mr. Martinez from the hearing stage because Mr. Martinez's role at that point would have been as a witness and to represent the employing office.

For all these reasons, Ms. Strickland's September 10, 2018 request for disqualification was denied without prejudice to consider whether disqualification might be appropriate at a later date in the proceedings.

As for Ms. Strickland's renewed motion for disqualification dated February 24, 2019, like her initial request, it did not state facts that warranted disqualification of Mr. Martinez from the EDR proceeding. The EDR proceeding ended on March 11, 2019, when Ms. Strickland emailed James Ishida stating that she "no longer wish[ed] to pursue the Chapter X portion of [her] EDR claim." *See* US00003300.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,                    )
                                            )
   Plaintiff,               )
                                            )
v.                                          )
                                            )
UNITED STATES OF AMERICA, et al.,           )
                                            )
   Defendants.               )

## **VERIFICATION OF INTERROGATORIES**

  Based on information that I obtained in the course of my official duties, I declare under

penalty of perjury that the response to Interrogatories 10, 11, 13, 14, 24, and 25 are true and correct

to the best of my knowledge and belief.


Dated: May 8, 2023    SIGNED: _Colleen M Papson_

          Colleen Papson
          Paralegal Specialist
          Office of the General Counsel
          Administrative Office of the U.S. Courts

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,  )
                          )
    Plaintiff,           )
                          )
v.                        )
                          )
UNITED STATES OF AMERICA, et al.,  )
                          )
    Defendants.          )

## VERIFICATION OF INTERROGATORY 12

    Based on information that I obtained in the course of my official duties, I declare under penalty of perjury that the responses to Interrogatory 12 is true and correct to the best of my knowledge and belief.

DATED:  05-05-2023      SIGNED:   *Heather Beam*

                             Heather Beam
                             Human Resources Specialist
                             Western District of North Carolina

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## VERIFICATION OF INTERROGATORY 22

Based on my personal knowledge and information that I obtained in the course of my official duties, I declare under penalty of perjury that the response to Interrogatory 22 is true and correct to the best of my knowledge and belief.

DATED: May 8, 2023        SIGNED _____

Chief Judge Roger L. Gregory
U.S. Court of Appeals, Fourth Circuit