# Exhibit 49



# Transcript of Conversation 180913 1633

**Case:** Caryn Devins Strickland -v- United States of America, et al.

**Planet Depos**
**Phone:** 888-433-3767
**Fax:** 888-503-3767
**Email:** transcripts@planetdepos.com
www.planetdepos.com

```
 1
 2
 3
 4
 5
 6
 7                       CONVERSATION
 8                      "180913_1633"
 9    IN RE: CARYN DEVINS STRICKLAND V. UNITED STATES OF
10                      AMERICA, ET AL.
11
12
13
14
15
16
17
18
19
20   Job No.: 484966
21   Pages: 1 - 66
22   Transcribed by: Christian Naaden
```

1         MS. DEVINS: Okay.

2         FEMALE 1: I've never [inaudible] and I once
3 asked, and it was a former court I clerked on which I
4 actually adore, if I would be their EDR coordinator for
5 something because they were having some difficulties.
6 And it was a very touchy situation that the Chief Judge
7 didn't want everyone on the court involved in.

8         And it really was something I would've wanted
9 to for the sake of that court. Again, I love them
10 dearly. But I even was like, no. I can't. That's not
11 going to be possible. We typically, at the AO, don't
12 step into your shoe. Now, this is a situation where we
13 are definitely trying to help, if I step into your
14 shoes -- not yours, but step into the shoes of the
15 employing office.

16         MS. DEVINS: So I guess then what does
17 disqualification mean then? Because that's what I
18 would've thought that disqualifying somebody would do.
19 So like I mean, I'm not trying to -- I'm just confused
20 like what is -- what am I disqualifying him from?

21         FEMALE 1: But you don't know what he was
22 disqualify- -- you don't know. So I have no idea what -

1  - if Judge Gregory's going to allow it or not. So
2  remember the situation I just explained to you earlier
3  that was handled last year, in that instance, the
4  individual was disqualified.
5          Just -- but they were disqualified with very
6  specific -- and very specific times in the processing
7  of it. I've seen -- and so I'm going to use this as a
8  bad example, but I'll use it. Let's say that in the
9  matter where you had the allegation against Judge
10 Kazinski, let's say that it proceeded in an EDR claim.
11         It did not, but let's say that it proceeded in
12 an EDR claim or it was initiated from an EDR claim. You
13 wouldn't have had Judge Kazinski be involved in the
14 matter. And so you wouldn't have Tony be the EDR
15 coordinator. You wouldn't have Tony be the mediator.
16 You wouldn't have Tony be the hearings officer.
17         But just like you have an opportunity just to
18 present your side, he has an opportunity to actually
19 defend his position. That's a lot different. So I -- I
20 don't want to give the impression that -- and I don't
21 know what Judge Gregory is going to do with it, but I
22 really do feel this part is either way.

1         Even if Judge Gregory doesn't disqualify him
2    from being able to be at the negotiating table for
3    mediation, that is not a [inaudible] thing. He's not --
4    so he's not going to have the authority to decide your
5    case.
6         He's not going to have the authority to render
7    a decision. He is simply having the opportunity to give
8    his position. He has the opportunity to be at the table
9    and negotiate. And so I do understand -- I understand
10   completely sort of where you're coming from.
11        But I don't want to give him more authority
12   than he has in the process if Judge Gregory happens to
13   disqualify him from everything but mediation. Because
14   what, in this matter, I was describing to you, they --
15   this individual is completely removed from it but they
16   did allow the individual to at least have their
17   interests heard at mediation.
18        MS. DEVINS:  Sure.
19        FEMALE 1:  And -- and it really wasn't for the
20   benefit -- I'm going to use Tony again. It really isn't
21   for the benefit of Tony. It's because no settlement
22   that you reached is going to be able to stick for the

1 whole office without someone who is a higher-up in that
2 office being the signatory.
3 　　　　MS. DEVINS: Right. Right. Okay. That makes --
4 okay.
5 　　　　FEMALE 1: For that reason. But I don't want
6 you to think he's going to be like, oh, well, no. I
7 don't want to give her that because of -- and then
8 people are going to be like, oh, exactly. [inaudible]
9 so right.
10 　　　　MS. DEVINS: Ri- -- yeah. I guess that's what
11 I'm afraid of because already, you know, he -- like,
12 when I kind of thought that we came to this agreement,
13 he agreed to all of these terms except, you know, he's
14 been like, I'm reserving the right to force you to work
15 in Charlotte after this.
16 　　　　And I'm like, well, how can you say that when
17 you acknowledge that there was harassment? You know,
18 you conceded that you knew of my concerns. You said you
19 tried to address them and yet you're putting your foot
20 down and you're saying, yeah.
21 　　　　But I'm going to force you to work in the same
22 building as your harass- -- I mean, to me, it just