# Exhibit 50

Defendants further object to this request as overly burdensome and disproportionate to the needs to the case to the extent it asks Defendants to calculate the appellate caseload percentage of any attorney performing appellate work (e.g., .75). Such calculations would have little, if any, relevance, to Plaintiff's claims and would impose an unnecessary burden on Defendants to look at every case that each assistant federal defender worked on to calculate the percentage of their appellate versus trial work.

Defendants further object to this request as providing an ambiguous time frame for the requested information. Defendants interpret this request as seeking information between August 1, 2017 and March 31, 2019.

Subject to and notwithstanding the forgoing objections, Defendants provide the following response: All appellate assistant federal defenders (AFDs) employed between August 1, 2017 – March 31, 2019 were required to undertake at least some trial litigation support work in addition to their appellate caseload. Each appellate AFD divided their time between three workstreams (direct appeals, trial support, and post-conviction). The percentage of each work stream assigned to each appellate AFD has varied over time depending upon the needs of the office, but all appellate AFDs have been expected to carry some load in each workstream.

Between August 1, 2017 – March 31, 2019, Ann Hester was the only part time employee of the FDO. Ann Hester is classified as a .75 FTE employee.


**Interrogatory No. 22**: Describe, in detail, the basis for not disqualifying Anthony Martinez (Federal Defender) from Plaintiff's EDR proceeding.

**Objections and Response to Interrogatory No. 22**:

Defendants object to this interrogatory because the phrases "in detail" and "EDR proceeding" are vague, ambiguous, and undefined. Defendants further object to this request on the basis that the scope of the request is vague and ambiguous as Ms. Strickland filed both an initial disqualification request and a renewed request, and it is not clear which request Plaintiff is referring to.

Subject to and without waiving the foregoing objections, Defendants provide the following response: Ms. Strickland's September 10, 2018 request to disqualify Mr. Martinez from her EDR proceeding was, at best, unclear. At the time of the initial request, Ms. Strickland's request did not precisely state what she was seeking Mr. Martinez to be disqualified from. Nevertheless, Chief Judge Gregory evaluated Ms. Strickland's request to disqualify Mr. Martinez from each step of an EDR proceeding under Chapter X and found that, on the basis of the facts presented in Ms. Strickland's letter, disqualification was not warranted at that time.

Specifically, with respect to the counseling and mediation stages, disqualification was not appropriate on the basis of the facts presented. As the basis for disqualification, Ms. Strickland's letter states that Mr. Martinez is "a subject of [Ms. Strickland's] wrongful conduct report" and is "named in [her] request for counseling". *See* US00000467. However, given the responsibility of a unit executive for approving personnel actions within his or her employing office, it is not unusual for the unit executive to be named in reports complaining about personnel actions. This fact itself is not a sufficient basis for disqualification. During the counseling period, James Ishida, the EDR Coordinator, conducted Ms. Strickland's counseling, not Mr. Martinez, and during the mediation period, Ed Smith served as the mediator. Mr. Martinez represented the named respondent employing office, which is an interested, and not neutral, party to an EDR matter. Further, if Mr. Martinez were to be disqualified during the counseling and mediation processes, it was unclear

18

who would have had the authority to take the employment actions Ms. Strickland might seek from her employing office as resolution.

In addition, the investigation under the EDR plan was initiated at the direction of Chief Judge Gregory. Further, the investigation was being performed by an independent investigator, Heather Beam. Disqualification of Mr. Martinez from the investigation process was thus unnecessary because he was participating only as a witness.

Finally, even though Ms. Strickland did not file a formal complaint under Chapter X, to the extent she sought to disqualify Mr. Martinez from the formal hearing stage, Ms. Strickland had not presented facts demonstrating that he should be disqualified from any formal hearing. Under the EDR plan, the presiding judicial officer would have been the final decisionmaker with regard to the hearing and any remedies. Mr. Martinez could not have served as the presiding judicial officer. Consequently, there would have been no need to disqualify Mr. Martinez from the hearing stage because Mr. Martinez's role at that point would have been as a witness and to represent the employing office.

For all these reasons, Ms. Strickland's September 10, 2018 request for disqualification was denied without prejudice to consider whether disqualification might be appropriate at a later date in the proceedings.

As for Ms. Strickland's renewed motion for disqualification dated February 24, 2019, like her initial request, it did not state facts that warranted disqualification of Mr. Martinez from the EDR proceeding. The EDR proceeding ended on March 11, 2019, when Ms. Strickland emailed James Ishida stating that she "no longer wish[ed] to pursue the Chapter X portion of [her] EDR claim." *See* US00003300.