# EXHIBIT U

# Guide to Judiciary Policy

Vol. 2: Ethics and Judicial Conduct
Pt. A: Codes of Conduct

## Ch. 4: Code of Conduct for Federal Public Defender Employees

[§ 410 Overview](#)
    [§ 410.10 Scope](#)
    [§ 410.20 History](#)
    [§ 410.30 Definitions](#)
    [§ 410.40 Further Guidance](#)

[§ 420 Text of the Code](#)
    [Canon 1: A Federal Public Defender Employee Should Uphold the Integrity and Independence of the Office](#)
    [Canon 2: A Federal Public Defender Employee Should Avoid Impropriety and the Appearance of Impropriety in All Activities](#)
    [Canon 3: A Federal Public Defender Employee Should Adhere to Appropriate Standards in Performing the Duties of the Office](#)
    [Canon 4: A Federal Public Defender Employee May Engage in Activities to Improve the Law, the Legal System, and the Administration of Justice](#)
    [Canon 5: A Federal Public Defender Employee Should Regulate Extra-official Activities to Minimize the Risk of Conflict with Official Duties](#)
    [Canon 6: A Federal Public Defender Employee Should Regularly File Reports of Compensation Received for All Extra-official Activities](#)
    [Canon 7: A Federal Public Defender Employee Should Refrain from Inappropriate Political Activity](#)

---

# § 410 Overview

## § 410.10 Scope

(a) This Code of Conduct applies to all federal public defender employees (When Actually Employed (WAE) employees are subject to canons 1, 2, and 3 and such other provisions of this code as may be determined by the appointing authority).

(b) This Code of Conduct does not apply to private counsel appointed under the Criminal Justice Act, or to attorneys provided by a bar association or legal aid agency or by a community defender organization established in accordance with the provisions of the Criminal Justice Act (18 U.S.C.

*Last revised (Transmittal 02-052) March 17, 2020*

      § 3006A(g)(2)(B)).  (For the Model Code of Conduct for Federal Community Defender Employees, *see* Guide, Vol. 7A, Appx. 4B.)

    (c)    Nothing contained in these canons is intended to limit or modify the primary responsibility of public defenders, as appointed counsel, to render effective legal representation to clients as required by the Constitution and laws of the United States and by applicable rules governing professional conduct, including the codes of professional responsibility applicable in the jurisdiction in which the public defender practices.

## § 410.20 History

    (a)    This Code of Conduct for Federal Public Defender Employees was adopted September 19, 1995 by the Judicial Conference of the United States and became effective January 1, 1996. With the adoption of the Code of Conduct for Federal Public Defender Employees on September 19, 1995, the Judicial Conference repealed the Code of the Conduct for Federal Public Defenders.

    (b)    Canon 6 was revised at the September 1998 Judicial Conference.

    (c)    The Conference revised Canon 3C and Canon 3D in March 2020.

## § 410.30 Definitions

    (a)    Federal Public Defender Employees, or Defender Employees

            As used in this code, "federal public defender employees" (or "defender employees") means federal public defenders, assistant federal public defenders, and all other staff employees of the federal public defender office.

    (b)    Public Defenders

            "Public defenders" means only the federal public defenders and assistant federal public defenders.

## § 410.40 Further Guidance

    (a)    The Judicial Conference has authorized its Committee on Codes of Conduct to render advisory opinions concerning the application and interpretation of this code.  Defender employees (other than the federal public defender) should consult with the federal public defender, and the federal public defender may consult with the court of appeals, for guidance on questions concerning this code and its applicability before a request for an advisory opinion is made to the Committee on Codes of Conduct.

    (b)    In assessing the propriety of one's proposed conduct, a defender employee should take care to consider all relevant canons in this code, the Ethics Reform Act, and other applicable statutes and regulations (e.g., receipt of a gift may implicate canon 2 as well as canon 5C(2) and the Ethics Reform Act gift regulations).

    (c)    Should a question remain after this consultation, the affected defender employee may request an advisory opinion from the Committee. Requests for advisory opinions may be addressed to the chair of the Committee on Codes of Conduct by email or as follows:

> Chair of the Committee on Codes of Conduct
> c/o Office of the General Counsel
> Administrative Office of the United States Courts
> One Columbus Circle, N.E.
> Washington, D.C. 20544

## § 420 Text of the Code

### Canon 1: A Federal Public Defender Employee Should Uphold the Integrity and Independence of the Office

An independent and honorable defender system is indispensable to justice in our society. A defender employee should personally observe high standards of conduct so that the integrity and independence of the office are preserved and so that the defender office reflects a devotion to serving the public defender's clients and the principle of equal justice under law. Defender employees should require adherence to such standards by personnel subject to their direction and control. The provisions of this code should be construed and applied to further these objectives. The standards of this code will not affect or preclude other more stringent standards required by law, by applicable codes of professional responsibility, by court order, or by the federal public defender.

### Canon 2: A Federal Public Defender Employee Should Avoid Impropriety and the Appearance of Impropriety in All Activities

A defender employee should not engage in any activities that would put into question the propriety of the defender employee's conduct in carrying out the duties of the office. A defender employee should not use public office for private gain.

## Canon 3:  A Federal Public Defender Employee Should Adhere to Appropriate Standards in Performing the Duties of the Office

In performing the duties prescribed by law, by resolution of the Judicial Conference of the United States, by court order, or by the federal public defender, the following standards apply:

   A.   A defender employee should respect and comply with the law and these canons.  A defender employee should report to the appropriate supervising authority any attempt to induce the defender employee to violate these canons.

   **Note:**  A number of criminal statutes of general applicability govern defender employees' performance of official duties.  These include:

   - [18 U.S.C. § 201](#) (bribery of public officials and witnesses);
   - [18 U.S.C. § 211](#) (acceptance or solicitation to obtain appointive public office);
   - [18 U.S.C. § 285](#) (taking or using papers relating to government claims);
   - [18 U.S.C. § 287](#) (false, fictitious, or fraudulent claims against the government);
   - [18 U.S.C. § 508](#) (counterfeiting or forging transportation requests);
   - [18 U.S.C. § 641](#) (embezzlement or conversion of government money, property, or records);
   - [18 U.S.C. § 643](#) (failing to account for public money);
   - [18 U.S.C. § 798](#) and [50 U.S.C. § 783](#) (disclosure of classified information);
   - [18 U.S.C. § 1001](#) (fraud or false statements in a government matter);
   - [18 U.S.C. § 1719](#) (misuse of franking privilege);
   - [18 U.S.C. § 2071](#) (concealing, removing, or mutilating a public record);
   - [31 U.S.C. § 1344](#) (misuse of government vehicle);

- 31 U.S.C. § 3729 (false claims against the government).

This is not a comprehensive listing but sets forth some of the more significant provisions with which defender employees should be familiar.

B. A defender employee should be faithful to professional standards and maintain competence in the defender employee's profession.

C. A defender employee should be patient, dignified, respectful, and courteous to all persons with whom the defender employee deals in an official capacity, including other employees and the general public. A defender employee should not engage in sexual or other forms of harassment of other employees or retaliate against those who report misconduct. A defender employee should hold personnel under the defender employee's direction to similar standards. A defender employee should take appropriate action upon receipt of reliable information indicating a likelihood of conduct contravening this Code. Appropriate action depends on the circumstances and may include, for example, reporting such conduct to a supervisor, court executive, or chief judge. For relevant elaboration, see Code of Conduct for United States Judges, Commentary to Canons 3B(4) and 3B(6). A defender employee should diligently discharge the responsibilities of the office in a nondiscriminatory fashion.

D. (1) A defender employee should not solicit or accept a payment of money or anything of value from a client, except that a defender employee may accept an appropriate memento or token that is neither money nor of commercial value.

(2) A defender employee should not use for personal gain any confidential information received in the course of official duties.

(3) A defender employee should never disclose any confidential communications from a client, or any other confidential information received in the course of official duties, except as authorized by law. A former defender employee should observe the same restrictions on disclosure of confidential information that apply to a current defender employee. This general restriction on use or disclosure of confidential information does not prevent, nor should it discourage, an employee or former employee from reporting or disclosing misconduct, including sexual or other forms of harassment, by a judge, supervisor, or other person.

E. A defender employee should not engage in nepotism prohibited by law.

> **Note:** *See also* 5 U.S.C. § 3110 (employment of relatives); 28 U.S.C. § 458 (employment of judges' relatives).

    F.    Conflicts of Interest

        (1)    In providing legal representation to clients, a public defender should observe applicable rules of professional conduct governing the disclosure and avoidance of conflicts of interest.

        (2)    In the performance of administrative duties, a defender employee should avoid conflicts of interest. A conflict of interest arises when a defender employee knows that he or she (or the spouse, minor child residing in the defender employee's household, or other close relative of the defender employee) might be so personally or financially affected by a matter that a reasonable person with knowledge of the relevant facts would question the defender employee's ability properly to perform administrative duties.

        (3)    When a defender employee knows that a conflict of interest may be presented in the performance of duties, the defender employee should promptly inform the federal public defender. The federal public defender, after determining that a conflict or the appearance of a conflict of interest exists, should take appropriate steps to restrict the defender employee's performance of duties in such a matter so as to avoid a conflict or the appearance of a conflict of interest. If the conflict involves a conflict between or among clients, the federal public defender should consider withdrawal from one or more representations, or other appropriate remedial actions, as necessary to comply with applicable rules of professional conduct. A defender employee should observe any restrictions imposed by the federal public defender in this regard.

### Canon 4: A Federal Public Defender Employee May Engage in Activities to Improve the Law, the Legal System, and the Administration of Justice

A defender employee, subject to the proper performance of official duties, may engage in the law-related activities enumerated below.

    A.    A defender employee may speak, write, lecture, teach, and participate in other activities concerning defender services, the legal system, and the administration of justice.

    B.    A defender employee may serve as a member, officer, or director of an organization or governmental agency devoted to the improvement of the law, the legal system, or the administration of justice. A defender

employee may assist such an organization in raising funds and may participate in the management and investment of such funds. A defender employee may make recommendations to public and private fund-granting agencies on projects and programs concerning the law, the legal profession, and the administration of justice. A defender employee may solicit funds for law-related activities, subject to the following limitations:

(1) A defender employee should not use or permit the use of the prestige of the office in the solicitation of funds.

(2) A defender employee should not solicit subordinates to contribute funds to any such activity but may provide information to them about a general fund-raising campaign.

(3) A defender employee should not solicit or accept funds from lawyers, clients, or other persons likely to have official business with the federal public defender office, except as an incident to a general fund-raising activity.

C. A defender employee may promote the development of professional organizations and foster the interchange of information and experience with others in the profession. A defender employee may make himself or herself available to the public at large for speaking engagements and public appearances designed to enhance the public's knowledge of the operation of defender services and the criminal justice system.

## Canon 5: A Federal Public Defender Employee Should Regulate Extra-official Activities to Minimize the Risk of Conflict with Official Duties

A. Avocational Activities

A defender employee may write, lecture, teach, and speak on subjects unrelated to the profession, and may engage in the arts, sports, and other social and recreational activities, if such avocational activities do not detract from the dignity of the office, interfere with the performance of official duties, or adversely reflect on the public defender's role as an advocate. A defender employee may solicit funds for avocational activities, subject to the limitations set forth in canon 4B.

B. Civic and Charitable Activities

A defender employee may participate in civic and charitable activities that do not detract from the dignity of the office, interfere with the performance of official duties, or adversely reflect on the public defender's role as an advocate. A defender employee may serve as an officer, director, trustee or advisor of an educational, religious, charitable, fraternal, or civic

      organization, and may solicit funds for any such organization subject to the limitations set forth in canon 4B.

C. Financial Activities

    (1) A defender employee should refrain from financial and business dealings that tend to detract from the dignity of the office or interfere with the performance of official duties.

    (2) A defender employee should not solicit or accept a gift from anyone seeking official action from or doing business with the federal public defender office, or from anyone whose interests may be substantially affected by the performance or nonperformance of official duties; except that a defender employee may accept a gift as permitted by the Ethics Reform Act of 1989 and the Judicial Conference regulations thereunder. A defender employee should endeavor to prevent a member of a defender employee's family residing in the household from soliciting or accepting any such gift except to the extent that a defender employee would be permitted to do so by the Ethics Reform Act of 1989 and the Judicial Conference regulations thereunder.

        **Note:** *See* 5 U.S.C. § 7353 (gifts to federal employees). *See also* 5 U.S.C. § 7342 (foreign gifts); 5 U.S.C. § 7351 (gifts to superiors).

    (3) A defender employee should report the value of gifts to the extent a report is required by the Ethics Reform Act, other applicable law, or the Judicial Conference of the United States.

        **Note:** *See* 5 U.S.C. App. § § 101 to 111 (Ethics Reform Act financial disclosure provisions).

D. Practice of Law

A defender employee should not engage in the private practice of law. Notwithstanding this prohibition, a defender employee may act pro se and may, without compensation, give legal advice to and draft or review documents for a member of the defender employee's family, so long as such work does not present an appearance of impropriety and does not interfere with the defender employee's primary responsibility to the defender office.

**Note:** *See* 18 U.S.C. § 3006A(g)(2)(A) (prohibiting public defenders from engaging in the private practice of law). *See also* 18 U.S.C. § 203 (representation in matters involving the United States); 18 U.S.C. § 205 (claims against the United States).

## Canon 6:  A Federal Public Defender Employee Should Regularly File Reports of Compensation Received for All Extra-official Activities

A defender employee may receive compensation and reimbursement of expenses for outside activities provided that receipt of such compensation or reimbursement is not prohibited or restricted by this code, the Ethics Reform Act, and other applicable law, and provided that the source or amount of such payments does not influence or give the appearance of influencing the defender employee in the performance of official duties or otherwise give the appearance of impropriety.  Expense reimbursement should be limited to the actual cost of travel, food, and lodging reasonably incurred by a defender employee and, where appropriate to the occasion, by the defender employee's spouse or relative.  Any payment in excess of such an amount is compensation.  A defender employee should make and file reports of compensation and reimbursement for outside activities to the extent prescribed by the Ethics Reform Act, other applicable law, or the Judicial Conference of the United States.

Notwithstanding the above, a defender employee (other than a defender employee serving without compensation) should not receive any salary, or any supplementation of salary, as compensation for official government services from any source other than the United States.

**Note:**  See 5 U.S.C. App. § § 101 to 111 (Ethics Reform Act financial disclosure provisions).  See also 5 U.S.C. App. § § 501 to 505 (outside earned income and employment).

## Canon 7:  A Federal Public Defender Employee Should Refrain from Inappropriate Political Activity

   A.   A defender employee should not be a candidate for or hold partisan elective office and should not solicit partisan political contributions.  A defender employee should not engage in any political activity while on duty or in the defender employee's workplace and may not utilize any federal resources in any such activity.  Political activity includes, but is not limited to, displaying campaign literature, badges, stickers, signs or other items of political advertising on behalf of any party, political committee, or candidate for political office and soliciting signatures for political candidacy or membership in a political party.

   B.   A defender employee may engage in political activity not otherwise prohibited, provided that such activity does not detract from the dignity of the office or interfere with the proper performance of official duties.  A defender employee who participates in political activity should not use his or her position or title in connection with such activity.

      **Note:**  See also 18 U.S.C. chapter 29 (elections and political activities).