# EXHIBIT CC

5.  **Control.**  The term "control" is defined to refer to a parties' possession, custody, or control of a document at any time.  A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

6.  **Document (or Information).**  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

7.  **Identify (With Respect to Persons).**  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8.  **Identify (With Respect to Documents).**  When referring to documents, "to identify" means to give, to the extent known, the

   (A) type of document;
   (B) general subject matter;
   (C) date of the document; and
   (D) author(s), addressee(s), and recipient(s).

9.  **Misconduct.**  The term "misconduct" means any conduct that would violate the EDR Plan; Title VII of the Civil Rights Act or other antidiscrimination laws; the Codes of Conduct for judges, judiciary employees, or federal defender employees; any applicable whistleblower protections; the Guide to Judiciary Policy or any other applicable judiciary policy; ethical duties under any applicable state or federal rules of professional conduct; employer policies of the FDO or the judiciary; or any applicable federal law, rule, or regulation.  Misconduct also means any conduct that results, or could result, in disciplinary or adverse action taken against the employee.

10. **Number.**  The use of singular form includes plural, and vice versa.

11. **Parties.**  The terms "plaintiff" and "defendant" (or "defendants"), as well as a party's full or abbreviated name (*e.g.*, Federal Public Defender Office) or a pronoun referring to a party, mean the party (or defendants collectively) and, where applicable, its officers, agents, representatives, employees, governing/policy making bodies, or political/legal subdivisions, including, but not limited to, former employees and predecessor entities (*e.g.*, the community defender organization).

12. **Person.**  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

13. **Tense.**  The use of present tense includes past tense, and vice versa.

**Document Request No. 20**: Documents concerning the communication of Plaintiff's Supplement to Mediation to her employing office or other entities or individuals, including, but not limited to, documents showing who received or had access to the report via email or other communication methods, such as relevant email chains (*see, e.g.*, Civil Complaint ¶ 449).

**Objections and Response to Document Request No. 20**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Subject to and without waiving the foregoing objections, Defendants will produce non-privileged documents or the non-privileged portions of documents responsive to this request identified after a reasonable search for documents.

**Document Request No. 21**: Documents concerning facts or information regarding mismanagement or misconduct, including any allegations thereof, in the FDO, at any time, both prior to and after its conversion from a community defender organization (*see, e.g.*, Civil Complaint ¶¶ 39–41, 43, 50, 264), including, but not limited to, any audits or law enforcement investigations.

**Objections and Response to Document Request No. 21**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this request as overbroad, and not proportional to the needs of the case because it asks for all documents "concerning" a broad class of allegations over an unlimited time. This request could be construed to require the production of any documents touching on perceived "mismanagement or misconduct," regardless of whether those documents have any relation to the subjects at issue in this litigation. To the extent Plaintiff is attempting to show that the individuals she alleges discrimination and retaliation against have a pattern of doing so, Defendants have agreed to a more limited search in responsive to Document Request 27.

Defendants object to this request in its entirety.

**Document Request No. 22**: Documents concerning the Federal Defender's request for reappointment and the Fourth Circuit's processing of his request, including, but not limited to, any comments or reports. *See* https://www.ca4.uscourts.gov/news-announcements/2021/04/19/reappointment-of-FPD-wdnc-comments-by-05-19-21.

**Objections and Response to Document Request No. 22**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this request as overbroad, irrelevant, and not proportional to the needs of this case, to the extent it asks for all documents "concerning" the request for reappointment, including comments or reports that have nothing to do with the allegations of Plaintiff's discrimination and retaliation claims.

Subject to and without waiving the foregoing objections, Defendants will produce public comments submitted in accordance with the reappointment concerning the Federal Defender's request for reappointment and the Fourth Circuit's processing of his request to the extent that those public comments mention the allegations in Plaintiff's Complaint.

**Document Request No. 23**: Documents concerning **appellate** (*i.e.*, only proceedings before the Fourth Circuit or Supreme Court) work measurement data (*e.g.*, annual caseload and recorded hours) for attorneys employed by the FDO.

**Objections and Response to Document Request No. 23**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this request as irrelevant, and not proportional to the needs of this case because documents concerning appellate work measurement data not relevant to

Plaintiff's claims or defenses. Requiring Defendants to search for documents that are not relevant to Plaintiff's claims would impose a burden on Defendants that is not proportional to the needs of the case.

Defendants object to this request in its entirety.

**Document Request No. 24**: Documents concerning the FDO's affirmative action, diversity, non-discrimination or equal opportunity policies, statements, guidelines, practices, plans, training programs, and/or related reports and surveys produced in connection with such policies and programs, at any time, both prior to and after its conversion from a community defender organization.

**Objections and Response to Document Request No. 24**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this request as irrelevant, and not proportional to the needs of this case because the requested documents are not relevant to any claim or defense to the extent the request seeks documents other than the EDR Plan in place at the time of Plaintiff's employment.

Defendants further object to this request as vague and ambiguous, including at to the phrase "statements, guidelines, practices, plans, training programs, and/or related reports and surveys[.]"

Subject to and without waiving the foregoing objections, Defendants will produce the EDR Plan in place at the time of Plaintiff's employment, and other non-privileged documents or the non-privileged portions of documents responsive to this request identified after a reasonable search for documents.

**Document Request No. 25**: Documents concerning any misconduct, including, but not limited to, allegations of discriminatory, harassing, or retaliatory conduct or communications (*e.g.*, sexist epithet), by the FDO or its employees, at any time, both prior to and after its conversion from a community defender organization. *See, e.g.*, Civil Complaint ¶¶ 49–50, 54, 57–59.

19

**Objections and Response to Document Request No. 25**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this request as overbroad, and not proportional to the needs of the case because it asks for documents "concerning" a topic for all employees of the FDO at any time, regardless of the relevance to Plaintiff's claims.

Defendants further object to this request as repetitive to the extent it seeks documents covered by Document Request 27.

Defendants further object to this request to the extent it seeks confidential information protected from disclosure in the absence of a protective order.

Defendants object to this request in its entirety.

**Document Request No. 26**: Documents concerning any formal or informal complaints or reports (*e.g.*, EDR complaints or employee grievances) of misconduct, including, but not limited to, discrimination, harassment, or retaliation, or other ethical or professional misconduct that any federal defender employee or other judiciary employee, judicial officer, or third-party has made to or about the FDO or its employees and any associated documents concerning investigations, settlement agreements, and disciplinary or corrective action, at any time, both prior to and after its conversion from a community defender organization.

**Objections and Response to Document Request No. 26**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this request as overbroad, and not proportional to the needs of the case because it asks for documents "concerning" a topic for all employees of the FDO at any time, regardless of the relevance to Plaintiff's claims..

20

Defendants further object to this request as repetitive to the extent it seeks documents covered by Document Request 27.

Defendants further object to this request to the extent it seeks confidential information protected from disclosure in the absence of a protective order.

Defendants object to this request in its entirety.

**Document Request No. 27**: Documents concerning any formal or informal complaints or reports (*e.g.*, EDR complaints or employee grievances) of misconduct, including, but not limited to, discrimination, harassment, or retaliation, or other ethical or professional misconduct that any federal defender employee, other judiciary employee, judicial officer, or third-party has ever made about the Federal Defender (Anthony Martinez), the First Assistant (J.P. Davis), the Appellate Chief (Josh Carpenter), the Team Leader (Peter Adolf), and the Administrative Officer (Bill Moormann) and any associated documents concerning investigations, settlement agreements, and disciplinary or corrective action, at any time.

**Objections and Response to Document Request No. 27**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this request as overbroad, and not proportional to the needs of the case because it asks for documents "concerning" complaints or reports of misconduct against employees of the FDO for whom Plaintiff has not alleged harassment or retaliation. Such documents are not relevant to Plaintiff's claims or defenses.

Defendants further object to this request as vague, ambiguous, and overbroad to the extent it seeks "informal complaints or reports," which could include, for example, insignificant comments about a colleague made in an email.

Defendants further object to this request as vague, ambiguous, and overbroad to the extent it seeks documents regarding "other ethical or professional misconduct[.]"

Defendants further object to this request to the extent it seeks confidential information protected from disclosure in the absence of a protective order.

Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of formal complaints or reports made pursuant to the EDR Plan against Anthony Martinez and J.P. Davis alleging, harassment, gender discrimination, or retaliation. If any non-privileged and responsive documents contain confidential information that can be produced pursuant to a protective order, Defendants will produce those documents after the entry of a protective order.

**Document Request No. 28**: All versions of FDO employee manuals and organizational charts.

**Objections and Response to Document Request No. 28**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this request as overbroad, and not proportional to the needs of the case, to the extent Plaintiff seeks FDO employee manuals and organizational charts from periods other than those when Plaintiff was employed by the FDO. Such documents are not likely to be relevant to Plaintiff's claims, and thus would impose and unnecessary burden on Defendants to collect and review over the unlimited time period provided by Plaintiff.

Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of FDO employee manuals and organizational charts in place during the time Plaintiff was employed by the FDO.

**Document Request No. 29**: Documents that support, or undermine, any defenses, including any affirmative or factual defenses, that Defendants have raised, or intend to raise, in response to the civil complaint.

Defendants further object to this request as overbroad, and not proportional to the needs of the case because it would require Defendants to search for documents that are not relevant to any claim or defense in the litigation. Plaintiff has stated that she is not on the Criminal Justice Act panel for the Fourth Circuit.

Defendants object to this request in its entirety.

**Document Request No. 57**: Documents concerning the contact information, including physical address, email address, and phone number, of any witnesses identified in the parties' initial disclosures.

**Objections and Response to Document Request No. 57**:

Defendants object to this request as seeking information already provided by Defendants in their initial disclosures, which included a physical address and phone number for each witness identified in Defendants' initial disclosures. Defendants object to providing other contact information for Defendants' witnesses given that Plaintiff has sufficient information to contact these witnesses and the witnesses' email addresses are not relevant to Plaintiff's claims.

Defendants further object to this request as unduly burdensome, overbroad, and not proportional to the needs of the case because it seeks all documents concerning the contact information of witnesses, but Plaintiff has no need for multiple documents providing the same contact information.

Defendants object to this request in its entirety.

**Document Request No. 58**: Documents concerning any formal or informal complaints about the representation of clients by attorneys employed by the FDO, including, but not limited to, complaints of ineffective assistance of counsel, bar complaints, civil actions, and court filings, at any time.

**Objections and Response to Document Request No. 58**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this request as overbroad, and not proportional to the needs of the case because it asks for all documents regarding every complaint about the representation of clients by every attorney at the FDO. This request is likely to cover a large number of documents, as ineffective assistance claims are common in the indigent defense community and there have been numerous "attorneys employed by the FDO" to whom this request might apply. At the same time, complaints about the performance of attorneys at the FDO is not relevant to Plaintiff's claims for alleged due process and equal protection violations. Defendants further object to this request to the extent it seeks confidential information protected from disclosure in the absence of a protective order.

Defendants object to this request in its entirety.

**Document Request No. 59**: Documents concerning any expert witness whom Defendants expect to call at trial, including, but not limited to, all written reports and drafts of reports, all documents which the expert reviewed to form any opinions, the most recent resume or curriculum vitae of the expert, any list of cases in which the expert has testified as an expert at trial or deposition, any correspondence, including emails, etc., exchanged between representatives for Defendants and the expert, the current fee schedule for the expert, and any bills or invoices generated by the expert in performing expert witness services for Defendants in this case.

**Objections and Response to Document Request No. 59**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Defendants further object to this request as premature, particularly in that discovery has just begun in this case, and it is thus too soon for any determinations about expert witnesses to be called at trial. Defendants further

40

Defendants object to this request in its entirety.

**Document Request No. 62**: All documents contained in J.P. Davis's FDO personnel file, including all documents relating to promotions or demotions, disciplinary proceedings, work performance reviews and evaluations, and complaints about conduct or performance.

**Objections and Response to Document Request No. 62**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this request as seeking irrelevant documents and because it is overbroad, unduly burdensome, and not proportional to the needs of the case. All or virtually all of the documents contained in Mr. Davis's personnel file would have no relevance to this case. To the extent the personnel file contains documents relating to discipline, Defendants already agreed to produce certain documents responsive to Plaintiff's document request 10. To the extent this request seeks documents related to complaints about conduct, Defendants already agreed to produce certain documents related to complaints or reports made pursuant to the EDR Plan against Mr. Davis alleging, harassment, gender discrimination, or retaliation, to the extent such documents exist. *See* Obj. & Resp. to Pl's Third Set of Doc. Requests, at 21-22. Accordingly, this request is in part duplicative of earlier document requests, to which Defendants have already responded.

Defendants object to this request in its entirety.

**Document Request No. 63**: Documents concerning the basis for Jill Langley's termination or resignation from her position as Judicial Integrity Officer.

**Objections and Response to Document Request No. 63**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

4