# EXHIBIT OO

Case 1:20-cv-00066-WGY   Document 255-6   Filed 06/29/23   Page 1 of 7

| | |
|---|---|
| From: | JP Davis [/O=FDO/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=B9C46112FA5F696A0060B28685257A80] |
| Sent: | 2/6/2019 4:18:39 PM |
| To: | William Moormann [William_Moormann@fd.org] |
| Subject: | RE: HR Request |

Hey Bill,

Wanted to make sure you got this and see if there might be a time this week to talk? I'm really sorry I have to raise this with you, but I don't know who else I can talk to and I really need to have some guidance from someone in HR at this point.

JP

**From:** JP Davis <jp_davis@fd.org>
**Sent:** Friday, February 1, 2019 12:40 PM
**To:** William Moormann <William_Moormann@fd.org>
**Subject:** HR Request

Bill,

I'm directing this to you because you are the only person I can raise it to without risking my job or worse. As of this month, it will be six months since Caryn Devins falsely accused me of harassment, four months since I was informally told that the investigation had found that no harassment occurred, and three months since I was told the investigator's report was sent back for "findings and recommendations" that were supposed to take only a few days to complete.

As you'll recall, two months ago, Tony threatened to fire me on the spot if I had any future contact with Heather Beam or the Circuit's designated Employee Dispute Resolution Coordinator, and he insinuated that any further interest in my own HR matter might trigger retaliatory adverse findings against me on the merits. I believe these threats violate judiciary policy, but I have honored his directives since then anyway, frankly mainly out of fear. I have kept to myself and worked hard to further the mission of our office and our clients. I put in over 300 hours of work in January on a grueling trial, and I believe our performance earned respect and promoted the image of our entire office. Despite that, to this day, I have not received a single further word about the status of the matter. And I don't even know how to ask without putting my job at risk.

Right now, as an employee and a person, I feel harassed, devalued, dismissed and intimidated. I am constantly on edge because I feel my job, position, and reputation are all being treated as pawns in a political game that only treats me this way because I am male and my accuser is female. Every day, I am frankly terrified that my job could to be yanked away at any minute if I say the wrong thing. Or worse, just because it's politically expedient to make me the scapegoat so no one has to formally acknowledge what everyone already agrees on: that Caryn brought these claims in bad faith, knowing full well that they were false.

Bill, you've always been a good friend, and you know I value your input highly even if we don't always agree strategically. I hope you'll be able to tell me how I can get some sense of what's happening and if there's an end in sight without putting myself in jeopardy. I really don't want to lose my job or leave it, but I've reached the limit of my ability to work in this environment.

JP

Get Outlook for Android

| | |
|---|---|
| **From:** | JP Davis [/O=FDO/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=B9C46112FA5F696A0060B28685257A80] |
| **Sent:** | 2/12/2019 12:04:38 PM |
| **To:** | ▮ |
| **Subject:** | FW: Investigation Resolution/Procedure |

**From:** JP Davis
**Sent:** Tuesday, December 4, 2018 10:26 AM
**To:** ▮a@ca4.uscourts.gov' <▮@ca4.uscourts.gov>
**Subject:** RE: Investigation Resolution/Procedure

James,

I really have a single question that is likely to become multipart upon discussion, which is why I thought direct conversation would be most expedient. I'll explain below and hopefully you'll see what I mean. That said, after some thought, I'd like to hold off until next week on my request to speak, for a couple of reasons.

First, it was never my intent to unduly intrude on your schedule, which I know is filled with far more important issues than mine. I certainly never intended for you to have to try and wedge me in when the Executive Office is closed in honor of former President Bush, and I appreciate the time you have already put into responding to me. Second, I share your goal of respecting and preserving the integrity of the investigation, whatever its results may be. I am therefore asking to delay in hopes we have more to discuss by mid-next week. I wish I could agree to continue to wait as I have for the last four months--this is not where I want to spend my capital, believe me--but as someone whose has dedicated his career to principles of due process for the accused, I believe uncertainty of process and length of time also impact the integrity of a proceeding, and must be addressed at some point.

In the meantime, I would simply request that you consider imposing a deadline for the Supplement. After all this time, I don't see how doing so could lead anyone to a conclude that the investigation was rushed or prejudged, particularly as I know you would grant any reasonable request for extension. I think you have shown as much sympathy for me--and for everyone involved, including Caryn-- as someone in your position possibly could, and I am grateful for that. Nevertheless, it is difficult to express or understand how difficult a situation like this really is, the toll it takes on person and family, or how deeply it impacts one day to day.

I am not expecting a response to this request, I am merely asking that you consider it. I recognize that there is currently no knowing when the Supplement will be in, and I do not expect to be told until after it has happened. I also want to be clear that I do not cast any negativity on Heather by asking, as I respect her greatly and I know she is doing the best with a whole lot on her plate.

Finally, returning to the question I had for you: fundamentally, it is now obvious there are procedures in place that I cannot find or figure out, and I would just like to know what they are. Currently, all I have to go on is Chapter IX itself, and as you know, its requirements are minimal: that "the allegations in the report are appropriately investigated" and no elaboration. Those facial requirements seem satisfied: the investigation is complete, and Heather has produced a written recitation of facts sufficient, to my understanding, for a decision-maker to immediately conclude there was no sexual harassment (which, from what Heather told me, is the only allegation that fits into the Plan's definition of "wrongful conduct").

Obviously, it's not that simple: as you told me, there needed to be Findings & Recommendations in the report, and Tony told me a couple weeks back that you would have two weeks after receiving the report to take some action on it. You've also given me some examples of different procedures in different scenarios. All of this shows me that there *are* established procedures—whether formal or informal—that go beyond what's written in the Plan. On the flipside, I know Caryn filed a Chapter X Request for Counseling some time back. Section 8.C.2 of Chapter X requires a copy of that to be "promptly" provided to the unit executive, but Tony does not have it, or at least did not as of last week. I fully recognize that Chapter X is not my concern except insofar as Tony deems me necessary as either witness or management team member, and I am not trying to interfere in that; I raise it only to point out that here, too, there is clearly an established procedure, and apparently it can *override* what is written in the Plan in certain circumstances. My question is simply what those established procedures are, at least in regard to Chapter IX, and where they come from.

Just to avoid any possible misimpression, I want to be clear that I am not in any way trying to state or imply that anyone is misapplying any rules. You and Heather have consistently impressed me with your integrity and professionalism, and Tony has shown his strong moral compass and dedication to seeing this done right from day one. I believe that everyone involved is doing their best to achieve a correct, just and fair result within the established framework. My concern is with the process itself, and I feel it is incumbent on me to try and find out what I don't know rather than complaining about it not being presented to me.

I hope that all makes sense. Thanks for bearing with me through this lengthy email. At a minimum, perhaps the length of this will give you a good feeling for why I thought it would be easier to talk on the phone! As I said above, I will hold tight for now. If it makes sense to you, if I haven't heard anything by Monday, I will plan on reaching out to you then to schedule something for mid-week.

JP

---

**From:** ▮▮▮▮▮▮▮@ca4.uscourts.gov <▮▮▮▮▮▮▮@ca4.uscourts.gov>
**Sent:** Monday, December 3, 2018 9:28 PM
**To:** JP Davis <JP_Davis@fd.org>
**Subject:** Re: Investigation Resolution/Procedure

Ok JP. My tomorrow is booked solid and I'm traveling on Wednesday. I may be able to call you on Wednesday. But so there's no delay when we do speak, and to assure myself that I can respond to your questions, tell me what you plan to ask me. My concern is that I can be helpful and safeguard the process.

Many thanks,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
▮▮▮▮▮▮▮ca4.uscourts.gov

On Dec 3, 2018, at 9:20 PM, JP Davis <JP_Davis@fd.org> wrote:

Thanks again, James. I would still like to speak.
I do understand where you're coming from, and what you just told me is vastly more information than I have ever gotten about this process, but that just shows me there are basic structural facts that you may take for granted but are completely mysterious to me. I will not ask you to engage in speculation and I will be brief.

Get Outlook for Android

From: ██████@ca4.uscourts.gov
Sent: Monday, December 3, 8:59 PM
Subject: Re: Investigation Resolution/Procedure
To: JP Davis

Dear JP,

I can appreciate your interest and sense of urgency, but I really don't know when Heather will finish the report, and it's hard to say how things will proceed because it all depends on Heather's findings and recommendations. For example, under the Chapter IX proceeding, let's say that Heather finds wrongful conduct and recommends some form of discipline. That recommendation would most likely be shared with the unit executive for his consideration.

However, let's suppose that Heather's recommendation also includes a finding questioning the unit executive's impartiality. If that's the case, then I could envision a scenario where the recommendation would instead be submitted to the chief judge for his consideration.

Part of the difficulty here, JP, is all of this is pure speculation because I don't know what the report will find and recommend. And until the report is complete, I really can't tell you much more, with any degree of certainty, what the next steps will be.

So, again, while I'm happy to talk to you, I'm afraid that there's really nothing more that I can say, with reasonable certainty, on how things will move forward. And I would prefer not getting into a discussion about possible scenarios because that's just pure speculation, and it could open me and the process up to accusations of prejudging the case.

So, again, while I'm sympathetic, I would urge you to be patient and let the process play out. The only thing that I can offer is we'll know more once I receive the report from Heather.

Best regards,

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
██████@ca4.uscourts.gov

On Dec 3, 2018, at 8:14 PM, JP Davis < JP_Davis@fd.org> wrote:

Thank you, James. Just knowing a little more about where things stand helps greatly. I see the wisdom in your words and would greatly prefer to have this conversation after the supplement is finalized. If we could say that would be a matter of days and I would be informed a few days thereafter, I would much prefer to defer until then.

That said, it sounds like we don't know if it will be days or weeks before the next step, and that being the case, I do feel that I would benefit from a better understanding of the process. For example, will I hear anything once

the supplement is completed, or should I expect there to be more steps that take more weeks, or months, even? Am I one of the appropriate parties you mention who will be notifies, or am I several steps down the road? Who is making the final decision and will that decision be limited to whether wrongful conduct occurred, or could it sweep more broadly, for example to Caryn's conduct or to matters that do not rise to the level of "wrongful conduct" under the Plan?

I raise all these simply to give you an idea of what I am talking about -- really just to know the basics. As much as I would prefer not to bother you with these questions, as I said above, having some understanding of where things are is a great help. Of course, if I am misunderstanding and we can expect to have the supplement and I can expect to hear something within a week, I can and absolutely would prefer to hold off.

JP

Get Outlook for Android


On Mon, Dec 3, 2018 at 7:21 PM -0500, "█████@ca4.uscourts.gov" <█████@ca4.uscourts.gov> wrote:


Dear JP,

I'd be happy to talk to you, but let me tell you where things stand at the moment. I've asked Heather to submit a supplemental report that contains her findings and recommendations. Her initial report did not contain them. I'm not sure when Heather will do so, but until then the proceedings are at a stand still.

So, as difficult as this must be for you and everyone involved, I'm counseling patience. We need to let the process play out and allow the investigator to complete her work. Once Heather submits her supplemental report, the path forward should be much clearer.

I don't have anything more to add. But if you still wish to talk, pls let me know. Otherwise, I will inform the appropriate parties at the appropriate time.

Thank you for your patience and understanding.

James

James N. Ishida
Circuit Executive
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 617
Richmond, VA 23217-3517
█████@ca4.uscourts.gov

On Dec 3, 2018, at 6:58 PM, JP Davis < JP_Davis@fd.org> wrote:

Hi James,

Hope you're doing well. Can we schedule a time to speak about the on-going investigation? This would be mainly to help me get a better understanding of what the procedure is at this point. It's been 4 months since Caryn made her false harassment claims, and with the facts now reported, I believe everyone now recognizes that no harassment or physical threats ever occurred. I don't want to rush anything, but as the victim of Caryn's malicious conduct, the harm to me is serious and on-going every day, not just historical. I am just hoping to get a better understanding of what to expect going forward, and what remedies I will have at the end of it.

Thanks, James. I appreciate the value of your time, and will do my best not to take too much of it.

J.P. Davis
First Assistant Federal Defender
Federal Public Defender
Western District of North Carolina
129 W. Trade Street, Suite 300
Charlotte, NC 28202
Phone: 704-374-0720
Fax: 704-374-0722

US00003024