# EXHIBIT YY



# Transcript of 181109_1540_Redacted_Limited Confidentiality

**Case:** Caryn Devins Strickland -v- United States of America, et al.

**Planet Depos**
**Phone:** 888-433-3767
**Fax:** 888-503-3767
**Email:** transcripts@planetdepos.com
www.planetdepos.com

```
 1
 2
 3
 4
 5
 6
 7                        CONVERSATION
 8       "181109_1540_Redacted_Limited Confidentiality"
 9     IN RE: CARYN DEVINS STRICKLAND V. UNITED STATES OF
10                        AMERICA, ET AL.
11
12
13
14
15
16
17
18
19
20   Job No.: 479402
21   Pages: 1 - 33
22   Transcribed by: Christian Naaden
```

```
1    - I mean, I think what would at least help me a little
2    bit is to like what -- when am I going to hear some
3    kind of substantive update that will provide me
4    information that I can make some kind of decision about
5    what to do and kind of where this is going.
6              And the -- the counseling thing really
7    confuses me too because I don't understand -- so on
8    November -- I think it was the end of the month.
9    November 29th. Do - are we just going into mediation
10   then? Is that what happens next?
11             MS. BEAM:  No.
12             MS. STRICKLAND:  Okay.
13             MS. BEAM:  Because as -- as I explained, the
14   counseling period is really kind of in this leading
15   portion -- that term shouldn't even be used because --
16   because what you're -- you filed is a complaint under
17   Chapter 9, which is the work place conduct complaint so
18   there really are no timelines or deadlines like there
19   are in the employment dispute resolution process in
20   chapter x.
21             MS. STRICKLAND:  But I did Chapter 10 too. I
22   basically did both.
```

1       MS. BEAM:  Okay. Well, my email from James
2  said that you had agreed to one, unified complaint
3  under chapter ix of the work place conduct.
4       MS. STRICKLAND:  Okay. I think -- so --
5       MS. BEAM:  So, that's what we're going off of.
6       MS. STRICKLAND:  I see what you're saying.
7  Okay. I think -- yeah. I don't know because I could be
8  putting words in James's mouth. I think there may have
9  been miscommunication by -- just based on what I talked
10 about with him -- the unified complaint thing was that
11 -- you know, initially what happened is that Tony had
12 brought this up and the scope was limited to
13 investigating JP.
14      And my concern about that was that I felt I
15 had claims of retaliation against Tony and I had a
16 serious problem with Tony being in charge or overseeing
17 an investigation into his own conduct.
18      MS. BEAM:  Yeah. Sure.
19      MS. STRICKLAND:  So, I think what the unified
20 investigation was was basically unifying the prior
21 report against JP with my later report against JP and
22 Tony if that makes sense.

1    MR. STRICKLAND: Yes. Something's gone wrong
2    because Tony triggered nine --Caryn triggered nine and
3    10 -- thought the nines were unified.
4    MS. BEAM: Right.
5    MR. STRICKLAND: Counseling ends on the 29th
6    of November and there's no renewal of it based off of
7    what James has said.
8    MS. BEAM: Right. Right
9    MR. STRICKLAND: So, it seems at that point
10   it's going to mediation.
11   MS. STRICKLAND: Right. And I'm --- I'm just -
12   - you know, I mean, I -- I haven't heard anything from
13   James in like six weeks.
14   MS. BEAM: Yeah. Well, there may have to be a
15   separate investigation done then under Tony's conduct
16   because I mean, I'd really, you know, been focusing on
17   the sexual harassment and intimidation claim with JP as
18   well as how Tony handled it.
19   MS. STRICKLAND: Mm-hmm.
20   MS. BEAM: Okay? So, that's what I've been
21   focused on. So, if there's a true feeling of
22   retaliation, then I think that might be investigated

```
 1   separately. I'll have to talk to James about that
 2           MS. STRICKLAND:  Mm-hmm. I mean, the -- yeah.
 3   And it would be -- it would basically be based on the -
 4   - the same facts. I had -- and everything that I've
 5   given you. Do you have a copy of both the grievance and
 6   the -- you do? Okay.
 7           MS. BEAM:  Yep.
 8           MS. STRICKLAND:  That's good. That'll help.
 9   Yeah.
10           MR. STRICKLAND:  That's it?
11           MS. STRICKLAND:  Yeah. So, yeah. I'm glad that
12   we clarified that because I kept thinking of like, you
13   know -- because, you know, like I said, basically the
14   last substantive communication I have with James,
15   except for getting this one extension, is he basically
16   said, you know, if you want to do counseling, all we
17   can really do for you at this point is, you know, you
18   send the list of demands to Tony, basically, and --
19           MR. STRICKLAND:  Well, hold on.
20           MS. STRICKLAND: Yeah.
21           MR. STRICKLAND:  But you -- you're pretty
22   certain you're not the chapter x counselor?
```

LIMITED CONFIDENTIALITY

```
1              CERTIFICATE OF TRANSCRIBER
2         I, Chris Naaden, a transcriber, hereby declare
3    under penalty of perjury that to the best of my ability
4    from the audio recordings and supporting information;
5    and that I am neither counsel for, related to, nor
6    employed by any of the parties to this case and have no
7    interest, financial or otherwise, in its outcome, the
8    above 32 pages contain a full, true and correct
9    transcription of the tape-recording that I received
10   regarding the event listed on the caption on page 1.
11
12            I further declare that I have no interest in
13   the event of the action.
14
15
16
17            February 10, 2023
18            Chris Naaden
19
20
21
22
```