**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil No. 1:20-cv-00066-WGY**

| | |
|---|---|
| **CARYN DEVINS STRICKLAND,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES,** *et al.,* | ) |
| | ) |
| *Defendants.* | ) |

## MOTION FOR CLARIFICATION

In the Court's July 25, 2023 "Memorandum and Order" (Doc. 258), this court ruled that Plaintiff "did not provide any plausible evidence of discriminatory intent on behalf of any supervisory defendant EXCEPT Anthony Martinez ("Martinez") **in his individual capacity** and his official capacity as Federal Public Defender for the Western District of North Carolina[1]." (Doc. 258, p. 3) (emphasis added). Martinez, in his individual capacity, seeks clarification on this ruling.

---

[1] Mr. Martinez retired from his position as the Federal Defender effective March 25, 2022. Accordingly, the current Federal Defender, John G. Baker, was substituted for the Official Capacity claims. *See Strickland,* 32 F.4th at 320, FN 2 ("Defendant Martinez has … been replaced by John G. Baker as the Federal Public Defender for the Western District of North Carolina. Consequently, Baker now appears in his official capacity only and Martinez now appears in his individual capacity only.") Of course, Martinez does not dispute that he remains a fact witness in the case, though no longer a party to the case.

Specifically, this court dismissed all claims against Martinez in his individual capacity in its ruling on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on December 30, 2020. In a published opinion, the United States Court of Appeals for the Fourth Circuit affirmed as to the individual capacity claims against Martinez (and others), though on alternate grounds, on April 26, 2022. *See Strickland v. United States et. al.* 32 F.4th 311, 320; 377 (2022). The case was then remanded as to claims unrelated to the dismissed individual capacity claims against Martinez and the other individual defendants.

These decisions constitute the 'law of the case', such that it would be improper to revive the individual capacity claims against Martinez, particularly at this very late stage. The Supreme Court defines the law of the case as a rule "posit[ing] that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (citing *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983), and citing 1B JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.404[1], p. 118 (1984)).

According to the Supreme Court, "This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues." *Id.* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Here, the Fourth Circuit unequivocally issued a final ruling that the individual capacity claims against Martinez and

the other Defendants who were sued in their individual capacities were dismissed. That ruling is the law of this case, and the "settled issues" should not now be "agitated".

Moreover, Martinez did not have the benefit of representation as to individual capacity claims at any point following his dismissal, including for the summary judgment hearing, during the summary judgment briefing, or during any of the discovery period in this case, nor did he have any reason to continue to retain counsel following his dismissal.[2] In other words, Martinez was not able to serve written discovery, to depose witnesses, or otherwise engage in the discovery process, nor did he have any reason to or ability to participate in discovery once he was dismissed from the case and his counsel's representation was properly "Terminated" by the court on June 21, 2022 shortly after the remand. To now force Martinez to defend himself (and protect his own personal assets) at the quickly approaching trial would result in significant, if not potentially devastating, prejudice against him.

Finally, all of the conduct alleged against Martinez was made in Martinez's official capacity as the Federal Defender, not in his individual capacity.

For these reasons, Martinez requests that the Court clarify its Order as to the individual capacity claims against him, and that the Court recognize the law of the case;

---

[2] The undersigned attended Martinez's deposition taken by Plaintiff as his personal counsel on April 30, 2023, the final business day of discovery in this case, but did not otherwise participate in any discovery or proceeding since the individual claims against him were dismissed and he was no longer a party.

namely, that the individual capacity claims against Martinez were dismissed on December 30, 2020, that the dismissal was affirmed by the United States Court for the 4th Circuit on April 26, 2022, and that no individual claims against Martinez are or can be before this court.

Alternatively, if the court did intend to revive the dismissed individual capacity claims against Martinez in its July 25, 2023 Order, Martinez respectfully requests that (1) the summary judgment ruling and any other ruling in the case that could relate to him be vacated; (2) that the discovery process reconvene to permit Martinez to engage in all discovery to the same extent the parties engaged in it under the same timeline that applied to the parties; and (3) that Martinez be permitted to defend himself as otherwise permitted by the Federal and Appellate Rules of Civil Procedure, and any other applicable law, as to the dismissed individual capacity claims.

Respectfully Submitted this 7th day of August, 2023.

*/s/Shannon Sumerell Spainhour*
N.C. State Bar No. 28108
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
84 Peachtree Road, Suite 230
Asheville, NC 28803
Telephone: 828-575-5818
Facsimile: 828-277-5138
Email: mspainhour@constangy.com

***Attorney for Defendant Anthony Martinez in his individual capacity only***

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2023, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Wolfson Young at danielle.young2@usdoj.gov

Cooper Strickland at cooper.strickland@gmail.com

Caryn Devins Strickland at caryn.strickland@outlook.com

/s/Shannon Sumerell Spainhour
N.C. State Bar No. 28108
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
84 Peachtree Road, Suite 230
Asheville, NC 28803
Telephone: 828-575-5818
Facsimile: 828-277-5138
Email: mspainhour@constangy.com

*Attorney for Defendant Anthony Martinez in his individual capacity only*

5