# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE IN AGREEMENT WITH MOTION FOR CLARIFICATION

Defendants hereby file this response to notice their agreement with Mr. Anthony Martinez's Motion for Clarification (ECF No. 263), which was filed on August 7, 2023.

As Mr. Martinez's motion points out, the Court's July 25, 2023 Memorandum and Order on the Parties' cross motions for summary judgment states that, as a matter of law with respect to Plaintiff's equal protection claim, Plaintiff "did not provide any plausible evidence of discriminatory intent on behalf of any supervisory defendant EXCEPT Anthony Martinez ("Martinez") **in his individual capacity** and his official capacity as Federal Public Defender for the Western District of North Carolina." ECF No. 258 at 3 (emphasis added). Defendants do not understand this statement as resurrecting the individual capacity claim against Mr. Martinez, which was dismissed by this Court on December 30, 2020 (ECF No. 102), and then affirmed by the Fourth Circuit on alternate grounds, on April 26, 2022. *See Strickland v. United States et. al.*, 32 F.4th 311, 320-21, 377 (2022). Rather, Defendants understand the order as concluding that Plaintiff failed to raise a triable issue of fact on the discriminatory intent element of the official capacity equal protection claim as to any individual other than Mr. Martinez. Defendants thus agree with Mr. Martinez's request that the Court enter a further order clarifying that no individual-capacity claims remain at issue in the case in light of the Fourth Circuit's decision affirming the dismissal of all such claims, that this Court has granted in part

1

Defendants' summary judgment motion based on the Court's conclusion that the only triable issue of fact Plaintiff has raised with respect to her supervisory liability official-capacity equal protection claim concerns the conduct of Mr. Martinez, and that the effect of this ruling is that the only proper remaining Defendants with respect to Plaintiff's equal protection claim are the United States, the Office of the Federal Public Defender for the Western District of North Carolina, and John G. Baker in his official capacity as Federal Public Defender for the Western District of North Carolina. *See id.* at 320 n.2; Fed. R. Civ. P. 25(d).[1]

Dated: August 8, 2023

Respectfully Submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Danielle Young*
DANIELLE YOUNG (TX Bar 24098649)
MADELINE MCMAHON (DC Bar 1720813)
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20001
Tel.: (202) 616-2035
Email: Danielle.young2@usdoj.gov
*Counsel for Defendants*

---

[1] If the Court enters an order clarifying its summary judgment rulings, Defendants note that this may also provide occasion for the Court to clarify that the Court denied Plaintiff's motion for summary judgment in its entirety. The Court's Minute Order dated July 10 states that during the hearing the Court entered "an order granting in part/denying in part and taking under advisement" Plaintiff's motion for summary judgment (ECF No. 243) and "denying" Defendants motion for summary judgment (ECF No. 245). Defendants understand the Court to have determined, however, that it is Plaintiff's summary judgment motion (not Defendants') that was denied in its entirety.