IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil No. 1:20-cv-00066-WGY |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST AND OTHER PRETRIAL STATEMENT SUBMISSIONS

Plaintiff, by and through undersigned counsel, pursuant to the parties' joint pretrial statement, the Court's pretrial order, and Federal Rule Civil Procedure 26(a)(3), submits the following objections to Defendants' Exhibit List, and additional objections to their pretrial statement submissions as set forth below. The parties exchanged their exhibit lists and other disclosures as part of their joint pretrial statement filed on July 25, 2023, as ordered by the Court prior to the final pretrial conference, which was held on July 27, 2023. *See, e.g.*, ECF No. 259, at 111–15 (Plaintiff's exhibit list), *id.* Ex. 1 (Defendants' exhibit list); Entry Order Dated July 25, 2023 (order setting final pretrial conference). Plaintiff reserves the right to amend, modify, or withdraw any of the below objections based on any stipulation entered into by the parties or other relevant developments in the case. Plaintiff's listing of objections is intended to preserve her right to make the objection when and as appropriate during motions practice and trial. *See* Fed. R. Civ. P. 26, Advisory Comm. Notes (1993). Plaintiff objects to the introduction of Defendants' exhibits that are not properly authenticated, but is willing to confer with Defendants regarding means to resolve authenticity objections in advance of trial. Even when a stipulation

1

as to authenticity may be reached, and unless otherwise noted, Plaintiff reserves all other objections to admissibility including, but not limited to, objections based on lack of foundation, hearsay and relevance.

Plaintiff sets forth the following objections to Defendants' pretrial submissions:

### A. Renewed Objection Based on Defendants' Failure to Engage in Discovery

Plaintiff renews her prior objection based on Defendants' failure to provide their initial disclosures or participate in discovery after the Court's scheduling order issued on May 11, 2020. *See, e.g.*, ECF No. 116, 122, 132; Entry Order Dated May 11, 2020 (setting deadlines for summary judgment, pretrial submissions, and trial). Because Defendants failed to provide their initial disclosures and discovery responses within the time required by Rules 26(a) and (e), they are subject to Fed. R. Civ. P. 37's "automatic" and "self-executing" sanction that bars them from putting on any witnesses or evidence to support their case. Fed. R. Civ. P. 37(c), Advisory Comm. Notes (1993). Plaintiff incorporates her prior arguments by reference and notes the severe prejudice she has suffered because of Defendants' failure to comply with binding court orders and rules of civil procedure.

### B. Objection to Deposition Designations

Defendants did not designate any depositions in the parties' joint pretrial statement. *Compare* ECF No. 259, at 116 (Plaintiff's deposition designations), *with id.* at 107–117 (containing no deposition designations for Defendants). Defendants were required to designate any witnesses they intend to present by deposition. *See* Fed. R. Civ. P. 26(a)(3)(B) (as part of "pretrial disclosures," a party must provide "the designation of those witnesses whose testimony the party expects to present by deposition"); *id.* Advisory Comm. Notes (1993) ("Subparagraph (B) requires the party to indicate *which of these potential witnesses* will be presented by

deposition at trial." (emphasis added)).  Therefore, Plaintiff objects to the admission of any deposition designations that Defendants did not designate in the joint pretrial statement.

        **C.**      **<u>Objections to Defendants' Witness List</u>**

Defendants' witness list is defective in several respects.  Plaintiff objects to Defendants' witness list in its entirety on the following grounds:

        1.      Defendants' witness list does not comply with the requirements of Federal Rule Civil Procedure 26(a)(3)(A)(i), which requires a list of witnesses "separately identifying those the party expects to present and those it may call if the need arises."  Defendants' final pretrial submission lists 13 witnesses without identifying which witnesses they expect to present at trial and which are "may call" witnesses, in violation of Rule 26.  Defendants' filing states: "Defendants may call the following witnesses identified in the table below, without conceding the propriety of such witnesses testifying.  Defendants also reserve the right to call any witness identified by Plaintiff and the right to call witnesses who are not listed to rebut Plaintiff's evidence."  ECF No. 259, at 107.  This statement is plainly insufficient to comply with Rule 26 and fails to provide Plaintiff with adequate notice of Defendants' trial witnesses.  Plaintiff is entitled to know which witnesses will be called by Defendants and which "may" be called.

        2.      Plaintiff objects to Defendants' witness list for failure to comply with disclosure requirements in discovery.  Some of the witnesses listed on Defendants' trial list were not disclosed in their initial disclosures, including, but not limited to, Ed Smith and Erin Taylor.  This non-disclosure plainly violates Rule 26(a).  *See Benavidez v. Burger Bros. Rest. Grp., Inc.*, No. CV 17-200 (DRH) (AKT), 2019 U.S. Dist. LEXIS 56579, at *16-18 (E.D.N.Y. Mar. 29, 2019) ("The case law makes clear that, even if Plaintiffs were aware that these individuals existed, that awareness did not absolve Defendants of their Rule 26(a)(1)(A) disclosure

3

obligation."). Further, Erin Taylor was not disclosed in response to Plaintiff's interrogatory requesting that Defendants identify "persons with knowledge or information relating to the allegations in the civil complaint" until April 17, 2023, only two weeks before discovery closed. Defendants' inclusion of these witnesses on their trial witness list despite their failure to comply with discovery rules is unjustifiable, given that they were well-aware of these witnesses during discovery and there was no excuse for not including them in discovery responses. *See Edwards v. City of N.Y.*, No. 08-CV-2199 (FB) (JO), 2009 U.S. Dist. LEXIS 61797, at *6-9 (E.D.N.Y. July 20, 2009) (precluding witnesses that a party did not disclose on initial disclosures and failed to disclose until late in discovery). Defendants' failure to timely disclose these witnesses is highly prejudicial. Given the large number of witnesses identified by Defendants—and their failure to identify which witnesses they will present at trial and which they "may" call—Plaintiff does not have any reasonable notice of the witnesses Defendants will call at trial. Indeed, Defendants identified 22 witnesses in response to Plaintiff's interrogatory requesting all "persons with knowledge or information relating to the allegations in the civil complaint," which underscores the prejudice and lack of notice to Plaintiff regarding Defendants' witnesses. The mere fact that Plaintiff was "aware that these individuals existed" does not excuse Defendants' failure to comply with disclosure requirements or lessen the unfair surprise to Plaintiff.

3. Defendants should also be precluded, at a minimum, from calling any non-party witnesses because Defendants did not disclose those witnesses (or, in fact, *any* witnesses) in response to Plaintiff's interrogatory requesting that Defendants "[i]dentify all persons whom Defendants intend to call as witnesses at trial." *See* ECF No. 220-1. Defendants refused to disclose any witnesses in response to this interrogatory, claiming that such disclosure would be "premature" while discovery was "ongoing." ECF No. 220, at 2–3. Defendants further

4

represented in their interrogatory response that they would disclose "information required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the applicable local rules." *Id.* Those rules plainly require that Defendants provide information in response to Plaintiff's interrogatory. *See* Fed. R. Civ. P. 33(b)(1)(A) (stating that "interrogatories *must* be answered by the party to whom they are directed"); Fed. R. Civ. P. 26(e) (establishing a duty to "supplement or correct" a discovery disclosure or response). Thus, ignoring Plaintiff's interrogatory by characterizing it as "premature," without supplementing the interrogatory during discovery when information became available, is not an option allowed under the applicable rules. *See Lotz v. Steak N Shake, Inc.*, Civil Action No. 5:19-277-DCR, 2021 U.S. Dist. LEXIS 104356, at *6 (E.D. Ky. June 3, 2021) ("A party's failure to fully investigate its case is not an acceptable excuse for failure to comply with the rule."). That is particularly true because Plaintiff timely responded to a similar interrogatory requesting trial witnesses that was served by Defendants. *See* ECF No. 211.

Indeed, it is particularly absurd for Defendants to contend that Plaintiff would not be unfairly surprised by Defendants' belated disclosure of witnesses when their excuse for failing to respond to her interrogatory during discovery was that doing so would be "premature" and that it is "too soon for any determinations about witnesses to be called at trial." ECF No. 220-1. If providing a timely response to Plaintiff's interrogatory was "premature" because it was "too soon" for Defendants to make determinations about their trial witnesses, then Plaintiff could not reasonably be expected to make predictions about trial witnesses whom Defendants themselves could not determine. By failing to respond to Plaintiff's interrogatory without any justification, Defendants forfeited their right to present witnesses they failed to disclose during discovery. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required

by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . . .").

This conclusion is bolstered by Defendants' subsequent objections to Plaintiff's trial witnesses, which were timely disclosed during discovery as required by the rules. On May 5, 2023, after discovery had closed, Defendants moved to exclude witnesses that Plaintiff had properly disclosed *during the discovery period* in response to their interrogatory requesting her trial witnesses. ECF No. 211. These witnesses were not only disclosed in Plaintiff's interrogatory response, but also in her initial disclosures served in May 2020. *See* ECF No. 220, at 2. Even though Plaintiff complied with all applicable disclosure requirements, unlike Defendants, Defendants objected and requested that the Court move to exclude the witnesses or, in the alternative, extend discovery to allow their depositions. This Court granted the motion in part on June 1, 2023, by allowing Defendants' alternative request to depose the witnesses. ECF No. 233, at 1. This Court must apply the same rule to Defendants that it applied to Plaintiff because it is the law of the case. *See United States v. Moussaoui*, 483 F.3d 220, 232 (4th Cir. 2007) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). After all, under principles of judicial estoppel, Defendants must be held to the same standard that they advocated to this Court in their filings and benefitted from in obtaining a favorable ruling. *See* ECF No. 211. To conclude otherwise would require granting Defendants preferential treatment and allowing them to "capitalize on [their] noncompliance" with obligations under Rule 26. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 279 (4th Cir. 2005). Because Defendants failed to disclose any trial witnesses in response to Plaintiff's interrogatory, they should, at a minimum, be barred from presenting any non-party witnesses at trial. At this late date, and given the large number of

potential witnesses on Defendants' trial list, it would be impracticable and prejudicial to grant the alternative of allowing depositions prior to trial, especially because Defendants still have not even disclosed which witnesses they will present and which are "may" call witnesses. *Cf. Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996) (explaining that a "continuance would have resulted only in additional delay and would have unnecessarily increased the expense of defending the lawsuit," and "a continuance does not, in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders'" (citation omitted)). Thus, the witnesses should be excluded in their entirety.

In the parties' joint pretrial statement, Defendants suggested that Plaintiff was obligated to file a "motion to compel" to cure Defendants' failure to name their trial witnesses in response to Plaintiff's properly served interrogatory. ECF No. 259, at 103–104. This assertion gets the burden precisely backwards. "The burden is on the party facing sanctions to prove that its failure to comply with Rule 26(a) was 'substantially justified or harmless.'" *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013). While a party "may move to compel" disclosures or discovery responses, nothing in the rules requires the party to do so. Fed. R. Civ. P. 37(a)(3)(B). Instead, Rule 37 specifically places the burden on the party responsible for responses and disclosures to "provide information or identify a witness" as required by Rule 26(a), and to "supplement an earlier response" as required by Rule 26(e). Fed. R. Civ. P. 37(c)(1). "The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs.*, 763 F.3d 385, 396 (4th Cir. 2014). Therefore, "[u]nder Rule 26(e), a party who has made a Rule 26(a) disclosure or responded to discovery must provide timely supplementation 'if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the

7

additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *Id.* (quoting Fed. R. Civ. P. 26(e)(1)(A)). "Pursuant to Federal Rule of Civil Procedure 37, a party who fails to comply with the disclosure requirements of Rule 26(a) or the supplementation requirement of Rule 26(e) 'is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Id.* (quoting Fed. R. Civ. P. 37(c)(1)). As the commentary to Rule 37 explains, "[t]his automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion." Fed. R. Civ. P. 37(c), Advisory Comm. Notes (1993). Indeed, this sanction is both "automatic" and "self-executing." *Id.* Accordingly, it was not Plaintiff's obligation to file a motion to compel to force Defendants to comply with the discovery rules because those rules place an "automatic" and "self-executing" sanction for failure to comply. To conclude otherwise would allow a party to "capitalize on his noncompliance with the court's rules." *Saudi*, 427 F.3d at 279. When Defendants failed to name any trial witnesses in response to Plaintiff's interrogatory—in contrast to Plaintiff, who provided a complete list of trial witnesses during discovery, which she later supplemented pursuant to Rule 26(e)—they subjected themselves to the "automatic" and "self-executing" sanction that all witnesses who they failed to disclose during discovery would be excluded at trial.

4. Plaintiff objects to Defendants' expert witnesses on relevancy grounds. This Court granted Plaintiff's motion to strike all of Defendants' affirmative defenses and denied Defendants' motion for leave to amend their Answer to assert a defense of failure to mitigate. *See* Entry Order Dated September 21, 2022 (order striking Defendants' affirmative defenses); ECF No. 206 (order denying motion to assert affirmative defense of failure to mitigate losses);

8

ECF No. 210 (Defendants' First Amended Answer with no affirmative defenses); ECF No. 259, at 99 (Parties' Joint Pretrial Statement) ("<u>Any requested amendments to the pleadings</u>. None."). Defendants are therefore barred from presenting any evidence relating to an affirmative defense that they did not raise in their pleadings. *See Jones-El v. Godert*, No. 2:18 CV 65 JMB, 2021 WL 633760, at *2 (E.D. Mo. Feb. 18, 2021) ("[A]s with other affirmative defenses, failure to plead mitigation of damages as an affirmative defense results in a waiver of that defense and its exclusion from the case . . . ."). Based on Defendants' expert disclosures, Dr. Robert W. Jackson's report and testimony relate exclusively to a defense of failure to mitigate that is not part of this case and should be excluded. Further, Dr. Paul F. White's report and testimony should be excluded to the extent that it relates to mitigation, and his testimony should be limited to the front pay calculation issue that is properly before the Court.

Pursuant to the Court's pretrial order, Plaintiff reserves the right to file motions *in limine* to exclude Defendants' improper witnesses and testimony. *See* Entry Order Dated September 19, 2023 ("Any motions in limine may be filed up until the Friday prior to trial.").

        D.        **<u>Plaintiff's Objections to Defendants' Exhibits</u>**

Defendants' exhibit list contains several defects, and Plaintiff objects to the list on the grounds set forth below. In compliance with Fed. R. Civ. P. 26(a)(3)(A)(iii), Plaintiff also submits herewith all of her specific objections (except as to relevance), as to each of the exhibits identified by Defendants, to the extent such a determination could be reasonably made. Plaintiff's objections to Defendants' exhibit list are set forth in Exhibit A. Notwithstanding the referenced objections, Plaintiff expressly reserves the right to object to any exhibit on grounds of relevance under Fed. R. Civ. P. 402 or 403 at the appropriate time. Fed. R. Civ. P. 26(a)(3).

Plaintiff's general objections to Defendants' exhibit list are as follows:

9

1. As with Defendants' witness list, their exhibit list fails to comply with Fed. R. Civ. P. 26(a)(3)(A)(iii), which requires the identification of exhibits "separately identifying those items the party expects to offer and those it may offer if the need arises." Because of Defendants' failure to comply with this rule, Plaintiff lacks reasonable notice of which of the nearly 150 exhibits listed will be offered and which may be offered if the need arises.

2. Many of Defendants' exhibits include personal identifying information of clients of the Federal Defender Office and some include privileged information, including case-related discussions, which is unredacted. It is in violation of judiciary policy, which requires redaction of all client-related material (including personal identifying information), for Defendants to file FDO client information on the public docket. *See, e.g.*, Model FDO Employment Dispute Resolution Plan §§ IV(C)(2)(d), § IV(C)(3)(e); *see also id.* § V(B), (E). Defendants' failure to protect client information is especially concerning because the Department of Justice, which prosecutes cases against the FDO's clients, is representing the FDO in this case. DOJ attorneys' access to unredacted FDO client information, and their copious use of that information in their trial exhibits, raises concerns about an appearance of impropriety and conflicts of interest.

3. Many of Defendants' exhibits are incomplete, selective, and misleading because of their failure to include the full document, text message or email chain, exhibits, or similar portions of documents. *See* Fed. R. Civ. P. 106. For example, Defendants included several text message exchanges between J.P. Davis and Erin Taylor, but omitted portions of those text message exchanges where Mr. Davis stated that Plaintiff "needs to get slapped" and "may need to get smacked a bunch," among other inappropriate statements. *See, e.g.*, Def's Ex. 132 (text message chain not including Bates number 6388 with Mr. Davis's statement that Plaintiff "needs to get slapped"). Mr. Davis's threats of physical violence against Plaintiff are obviously relevant

to the claims in this case, and it would be unfair and misleading to exclude them. Defendants' failure to include complete documents is not only misleading, but it also undermines judicial efficiency by preventing the parties from agreeing to a common set of joint exhibits.

4. Some of Defendants' exhibits include Plaintiff's personal information, including her social security number, that must be redacted pursuant to Federal Rule Civil Procedure 5.2.

5. Some of Defendants' exhibits appear to be mislabeled, and others are based on documents that are inauthentic or otherwise violate the best evidence rule. Plaintiff reserves the right to amend her objections for any applicable exhibit.

6. Plaintiff objects to Defendants' Exhibits 138–145 because they purport to identify entire audio files without designating the specific portion(s) of the file that Defendants intend to admit as an exhibit. Because Defendants failed to identify the portion(s) of the file they intend to admit, Plaintiff lacks reasonable notice of these exhibits.

7. Plaintiff expressly reserves the right to object to Defendants' use of her designated exhibits, *see* ECF No. 259, at 111–15 (Plaintiff's exhibit list), for purposes that are not permitted by the Federal Rules of Evidence. Plaintiff has set forth her objections to Defendants' exhibits in Exhibit A, and has set forth objections to Defendants' potential use of her designated exhibits in Exhibit B.[1]

Unless otherwise noted, the list below provides a key for Plaintiff's objections:

| CODE | OBJECTION |
|------|-----------|
| 106 | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106). |
| 402 | Relevance (Fed. R. Evid. 402). |

---

[1] Minor typographical errors are noted in Exhibit B.

| | |
|---|---|
| 403 | Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). |
| 404/405 | Inadmissible character evidence (Fed. R. Evid. 404, 405). |
| 602 | Personal knowledge; lack of foundation (Fed. R. Evid. 602). |
| 608/609 | Inadmissible evidence relating to reputation or conduct (Fed. R. Evid. 608, 609). |
| 611 | Evidence lacks independent relevance and is being used for an improper purpose such as harassment or undue embarrassment (Fed. R. Evid. 611). |
| 701 | Lay opinion or legal conclusion; the exhibit contains an impermissible opinion by a lay witness that is not reasonably based on perception or helpful to a clear understanding of the witness' testimony or to the determination of a fact in dispute (Fed. R. Evid. 701). |
| 702-704 | Improper expert opinion (Fed. R. Evid. 702, 703, 704). |
| 801/802 | Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). |
| 901 | Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). |
| 1001-1004 | Best evidence; the exhibit is objectionable because it is vague and ambiguous as to whether the witness is summarizing his or her own independent understanding of the contents of the document (Fed. R. Evid. 1001-1004). |
| E | Exhibit is objectionable because it constitutes attempted expert testimony from a person who was not designated as an expert (Fed. R. Civ. P. 26). |
| F | Exhibit lacks foundation. |
| UT | Untimely; exhibit not provided during the discovery process. |

| | |
|---|---|
| Cond. | Conditional objection; plaintiff reserves the right to object to this exhibit at trial depending on the purpose for which Defendants seek to introduce it. |

This the 25th day of September, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

                                               */s/ Cooper Strickland*
                                               Cooper Strickland
                                               N.C. Bar No. 43242
                                               P.O. Box 92
                                               Lynn, NC 28750
                                               Tel. (828) 817-3703
                                               cooper.strickland@gmail.com

14

Case 1:20-cv-00066-WGY    Document 269    Filed 09/25/23    Page 14 of 14