# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

## ASHEVILLE DIVISION

| | | |
|---|---|---|
| **CARYN DEVINS STRICKLAND,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:20-cv-00066-WGY** |
| | ) | |
| **UNITED STATES,** *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION FOR PROTECTIVE ORDER

Plaintiff Caryn Devins Strickland, by and through undersigned counsel, respectfully renews her Motion for a Protective Order from Defendants' request to reopen her deposition. *See* ECF No. 227; Fed. R. Civ. P. 30(a)(2)(ii) (stating that a party "must obtain leave of court" to take a deposition if "the deponent has already been deposed in the case"). Defendants have noticed Plaintiff's deposition for October 12, 2023. *See* Ex. A. This Court must grant a protective order because Defendants' requested discovery is not relevant to any issue in this litigation, as confirmed by their failure to raise it in the parties' joint pretrial filing. *See* ECF No. 259, at 99. Moreover, in denying Plaintiff's prior motion for a protective order, the Court denied her a meaningful opportunity to be heard and failed to apply controlling rules of civil procedure, which has resulted in severe prejudice to Plaintiff's rights. Plaintiff respectfully requests that the Court rule on this motion in advance of the October 12, 2023 deposition date and set an expedited briefing schedule as necessary, similar to the Court's prior ruling on Defendants' motion for a protective order. *See* ECF No. 193 (protective order motion); Entry Order Dated April 5, 2023 (setting expedited briefing schedule).

1

## BACKGROUND

### A.     Defendants' Unfounded Allegations Against Plaintiff

On April 25, 2023, Defendants took Plaintiff's deposition.  During the deposition, Defendants' counsel raised a line of questioning that was not related to any claim or defense in this litigation and had never previously been raised during discovery.  Defendants' counsel did not directly state the purpose of this line of questioning during the deposition, but the clear implication of the questioning was that Defendants were making accusations against Plaintiff.

On May 1, 2023, the parties filed a joint motion to extend discovery "for the sole purpose of resolving an outstanding privilege issue that arose during Plaintiff's deposition."  ECF No. 208, at 1.  Specifically, the parties requested that the discovery period be extended for the purpose of allowing Plaintiff to decide whether to assert any privileges in response to Defendants' line of questioning.  If Plaintiff's assertions of privilege were overruled, then Defendants would seek to reopen her deposition to answer certain specific questions she did not answer during the deposition pending a privilege determination.  *Id.* at 2–3.

On May 8, 2023, in accordance with the schedule agreed to by the parties, Plaintiff's counsel served Defendants' counsel with a letter asserting privileges over the issues implicated by Defendants' line of questioning during the deposition.

On May 15, 2023, Defendants filed their "Motion to Strike Privilege Assertion and to Compel Deposition Testimony" ("Motion to Strike").  ECF No. 212.  Because Defendants' Motion to Strike concerned a claim of privilege that is subject to sealing pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), Defendants' filing on the public docket was heavily redacted.[1]

---

[1]  Because Defendants' allegations implicate privileged matters, this filing describes Defendants' misrepresentations in general terms without discussing the substance of the privileged testimony.  Entry Order Dated May 19, 2023 (ordering sealing of filing related to

2

*See id.* Rule 26(b)(5)(B) specifically states that when "information produced in discovery is subject to a claim of privilege," a party "may promptly present the information to the court under seal for a determination of the claim." Defendants thus separately filed a consent motion to file the unredacted version of their Motion to Strike under seal. *See* ECF No. 213. This Court granted Defendants' motion to seal on May 19, 2023. *See* Entry Order Dated May 19, 2023. That same day, Defendants filed their unredacted Motion to Strike under seal. *See* ECF No. 219.

In their Motion to Strike, Defendants argued that Plaintiff's testimony was not privileged and that it was "highly relevant" because ███████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████ ECF No. 219, at 8; *see also* ECF No. 245, at 13 n. 4 (reasserting argument that "Plaintiff is ineligible for reinstatement and front pay" because of alleged conduct referenced in Motion to Strike). Defendants' motion thus confirmed that Defendants were making allegations against Plaintiff.

On May 30, 2023, Plaintiff filed her redacted "Response to Defendants' Motion to Strike Privilege Assertion and Compel Deposition Testimony" ("Response"). ECF No. 226. Contemporaneously with filing her redacted Response, Plaintiff's counsel served the unredacted version of her Response on Defendants' counsel by email. Plaintiff's Response explained that Defendants' Motion to Strike was based on misrepresentations of law. *See id.* Specifically, in alleging ████████, Defendants failed to disclose ████████████████████

---

privilege challenge); *see, e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, No. C-09-05535 EDL, 2011 U.S. Dist. LEXIS 30872, at *2 (N.D. Cal. Mar. 11, 2011) (discussing privilege assertions related to documents submitted for *in camera* review). Defendants' allegations are addressed in detail in Plaintiff's "Response to Defendants' 'Motion to Strike Privilege Assertion and to Compel Deposition,'" which is currently filed in redacted form on the public docket and attached as Exhibit B. ECF No. 226. This Court previously denied Plaintiff's motion to file her Response under seal without explanation. *See* ECF No. 238.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████, which Defendants also failed to disclose. *Id.* at 8. ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

Defendants' questioning also makes clear that ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ This issue provides a separate basis to conclude that Defendants'

implication of ████████ is facially implausible and frivolous.

Defendants' allegation of ████████████ is similarly baseless. In making this

allegation, ████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████ which Defendants failed to disclose to this Court. ████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ Likewise, Defendants failed to disclose ████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████. In failing to disclose the ██████████████████████ to the Court, Defendants

failed to disclose additional adverse controlling authority from the relevant jurisdiction.

In addition to filing her Response, Plaintiff filed a Motion for a Protective Order from

this ███████████████████████████████████ *Id.* at 23–25; *see* ECF No. 227.

Plaintiff explained that █████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████ In fact,

one of Plaintiff's attorneys had been admitted *pro hac vice* only *four days* prior to moving to

withdraw, which underscores that there was no preexisting conflict that could have led to the

withdrawal. *See* Entry Order Dated April 25, 2023; *see generally* N.C. R. Prof. Cond. 1.16 cmt.

1 ("A lawyer should not accept representation in a matter unless it can be performed . . . without

improper conflict of interest and to completion."). ██████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████

5

**B.    This Court's Denial of an Opportunity to be Heard and Refusal to Apply Controlling Rules of Civil Procedure**

Like Defendants, Plaintiff filed a redacted version of her Response on the public docket. *Id.* And like Defendants, Plaintiff moved, unopposed, to file the unredacted version of her Response under seal, which she was entitled to do under the controlling rule of civil procedure that governs privilege challenges. ECF No. 228; *see* Fed. R. Civ. P. 26(b)(5)(B).

Unlike Defendants, however, Plaintiff was not allowed to present her arguments under seal to the Court. On June 1, 2023, this Court denied Plaintiff leave to file her Response under seal. ECF No. 238. The Court did not explain its decision or distinguish Rule 26(b)(5)(B), which explicitly provided Plaintiff a right to file her Response under seal, and which Defendants benefited from when they were allowed to file their Motion to Strike under seal. As a result, the Court reviewed only Defendants' Motion to Strike raising unfounded allegations, and not Plaintiff's Response thoroughly rebutting those allegations, before ruling on Defendants' motion. The Court thus denied Plaintiff any opportunity to be meaningfully heard before issuing a ruling that adversely affected her rights.

That same day, on June 1, 2023, the Court granted Defendants' Motion to Strike in part and denied it in part. ECF No. 233. Without reviewing any of Plaintiff's arguments, the Court rejected her privilege claims with the exception of one. ECF No. 233, at 2. The Court allowed Plaintiff's deposition to be "reopened for a period not to exceed two hours," which was twice as much time as the one-hour deposition that Defendants requested. *Id.*; ECF No. 208, at 3. The Court stated that Defendants could ask "appropriate follow-up questions . . . as may be devoted to this particular topic" and serve "requests for production," which Defendants did not request. ECF No. 233, at 2; ECF No. 208, at 2–3. The Court summarily denied Plaintiff's Motion for a Protective Order, again, without reviewing any of her arguments. ECF No. 237.

6

The Court's failure to consider Plaintiff's arguments prevented Plaintiff from being heard and affected the resolution of her legal team's motion to withdraw. On May 15, 2023, the same day that Defendants filed their Motion to Strike, Plaintiff filed a response to her legal team's motion to withdraw explaining that "[b]ecause of pending issues in this litigation raised by Defendants that have not yet been resolved, Plaintiff currently lacks information that is needed to provide an informed response to Counsels' motion." ECF No. 215. Thus, "[g]iven the severe prejudice to Plaintiff that would result from Counsels' withdrawal, Plaintiff respectfully requests that Counsels' motion be held in abeyance to allow Plaintiff to evaluate the ongoing developments that may affect their motion and to provide a more informed position to the Court," with her remaining counsel "represent[ing] her" in the interim. *Id.* By "ongoing developments," Plaintiff was referring to Defendants' Motion to Strike, to which Plaintiff intended to respond under seal, as permitted by Rule 26(b)(5)(B), and demonstrate that their allegations were meritless. Plaintiff "request[ed] the opportunity" to be heard and "provide a further update to the Court as soon as reasonably possible." *Id.* at 2.

On May 23, 2023, one day after the motion to withdraw was fully briefed, this Court granted the motion in a text-only entry order. Entry Order Dated May 23, 2023. The Court's order stated that "[s]ufficient time ha[d] elapsed for the plaintiff to object to the motion to withdraw and only a request for delay ha[d] been received by the Court." *Id.* The Court did not allow Plaintiff additional time to be heard on issues that affected her position on the motion to withdraw, as she had requested, or determine whether there was good cause for the withdrawal of Plaintiff's legal team so close to the trial date, given the severe prejudice to Plaintiff that would result from the withdrawal. *See Wallace v. City of Hampton*, No. 2:15-cv-126, 2017 U.S. Dist. LEXIS 228032, at *14 (E.D. Va. July 20, 2017) ("When an attorney voluntarily moves to

7

withdraw, 'it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause.'" (citation omitted)); *see also Patterson v. Henderson*, No. 1:19cv204, 2023 U.S. Dist. LEXIS 6338, at *8 (M.D.N.C. Jan. 13, 2023) ("It is well established that 'withdrawal of counsel becomes more problematic nearer to the trial date.'" (citation omitted)); *Vachula v. GE Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000) ("Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion.").  The Court also did not apply the requirement of the local rules that counsel show "good cause for the withdrawal."  WDNC Local Rule 83.1(f) ("Absent the client's consent, withdrawal may be obtained by filing a motion to withdraw, *showing good cause for the withdrawal*." (emphasis added)); *Champboat Series, LLC v. In2focus Films, Inc.*, No. 3:09-CV-183-RJC-DCK, 2009 U.S. Dist. LEXIS 143071, at *3 (W.D.N.C. Nov. 16, 2009) (an "unspecified 'conflict'" is insufficient to comply with local rule); *Spann v. N.C. Dep't of Pub. Safety*, No. 1:17 cv 104, 2017 U.S. Dist. LEXIS 200732, at *5 (W.D.N.C. Dec. 6, 2017) ("Plaintiff's Counsel's Motion to Withdraw is five sentences.  It contains no showing of good cause as to why she should be allowed to withdraw.").  This Court was obligated to make a finding of good cause before granting the motion to withdraw.  *See* Fed. R. Civ. P. 83; *Jackson v. Beard*, 828 F.2d 1077, 1078 (4th Cir. 1987) ("[Local rules] have the force and effect of law, and are binding upon the parties and the court which promulgated them . . . ." (quotation omitted)).

Even as Defendants continued to pursue Plaintiff's deposition, they did not attempt to raise this issue as an affirmative defense in their Answer or the parties' joint pretrial statement. *See* ECF No. 259, at 99 (stating that there are no "requested amendments to the pleadings"). Defendants have therefore not made any substantive attempt to justify the arguments they raised in their Motion to Strike and, to the contrary, have waived any affirmative defenses.  *See id.*

8

## LEGAL STANDARD

Fed. R. Civ. P. 26(c) permits "for good cause" the making of any order which justice requires to protect against "annoyance, embarrassment, oppression, or undue burden or expense." Under Fed. R. Civ. P. 26(b), a court "*must* limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery" is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1)–(2) (emphasis added).

## ARGUMENT

**I.     The Information Sought in Plaintiff's Reopened Deposition is Not Relevant to Any Claim or Defense in this Litigation.**

**A.     Defendants have not raised any affirmative defense based on this issue.**

Under Rule 30(a)(2)(ii), leave to reopen a deposition should be granted only if the deposition meets the requirements of Rules 26(b)(1) and (2). Those rules, in turn, limit discovery to matters that are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "On a motion or on its own, the court *must* limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii) (emphasis added). The purpose of this provision is "to encourage judges to be more aggressive in identifying and discouraging discovery overuse" and "to enable the court to keep tighter rein on the extent of discovery." *Koch v. Koch Indus.*, 203 F.3d 1202, 1238 (10th Cir. 2000) (citation omitted). Moreover, courts have held that seeking discovery regarding "nebulous allegations" with no relevance to a claim or defense is "attenuated, at best, and an abuse of discovery, at worst." *Albert S. Smyth Co., Inc. v. Motes*, No. CCB-17-677, 2019 U.S. Dist. LEXIS 234378, at *12 (D. Md. May 9, 2019); *Koch*, 203 F.3d at 1238 (affirming rejection of party's discovery request based on "nebulous allegations, in the hope of finding particular evidence of wrongdoing" because "the district court appropriately recognized that the

9

likely benefit of this fishing expedition was speculative at best"). Thus, "Rule 26(b)(1) places limits on such discovery methods." *Albert S. Smyth Co.*, 2019 U.S. Dist. LEXIS 234378, at *12.

Now that the Court has held the final pretrial conference, it is indisputable that Defendants' proposed discovery is "outside the scope permitted by Rule 26(b)(1)" because it is not relevant to any claim or defense that has been asserted in this litigation. Fed. R. Civ. P. 26(b)(1). Therefore, this Court "*must* limit" discovery as required under the plain text of Rule 26(b)(2). Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). Under Rule 26(b)(2), this Court has no discretion to allow Defendants to pursue irrelevant discovery. *See, e.g.*, *Bridges v. Murray*, No. 1:08-CV-13-MU, 2009 WL 1405519, at *2 (W.D.N.C. May 18, 2009) (quashing subpoena related to "potential claims" and noting that the discovery rules have been substantially narrowed to "focus[] discovery on the actual claims and defenses at issue in the case"); *Buchanan v. Cochran*, No. 2:09CV19-RJC, 2011 WL 810037, at *5 (W.D.N.C. Mar. 2, 2011) (quashing subpoena for information that is "irrelevant to the claims or defenses that are now before the Court"); *accord Jones-El v. Godert*, No. 2:18 CV 65 JMB, 2021 WL 633760, at *4 (E.D. Mo. Feb. 18, 2021) ("[A]s with other affirmative defenses, failure to plead mitigation of damages as an affirmative defense results in a waiver of that defense and its exclusion from the case . . . .").

Defendants' stated basis for reopening Plaintiff's deposition pertains to an affirmative defense that they did not raise in their initial Answer, their First Amended Answer, or the parties' joint final pretrial filing. *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party *must* affirmatively state any . . . affirmative defense . . . ." (emphasis added)). In fact, Defendants have not asserted *any* affirmative defenses. *See* Entry Order Dated September 21, 2022 (order granting Plaintiff's motion to strike Defendants' affirmative defenses); ECF No. 206 (order denying motion to assert affirmative defense of failure to mitigate losses); ECF No. 210

10

(Defendants' First Amended Answer with no affirmative defenses); ECF No. 259, at 99 (Parties' Joint Pretrial Statement) ("Any requested amendments to the pleadings. None."). Defendants' asserted basis for reopening Plaintiff's deposition is therefore irrelevant to any claim or defense in this litigation, which is confirmed by the parties' recent joint pretrial filing raising *no* affirmative defenses related to this issue. *See* ECF No. 259, at 99 (stating that there are no "requested amendments to the pleadings").

Moreover, Defendants were aware of this potential affirmative defense at the time of the final pretrial conference on July 27, 2023—nearly two-and-a-half months after they moved to reopen Plaintiff's deposition on May 15, 2023, *see* ECF No. 212, and more than two months after the Court's order allowing the reopened deposition on June 1, 2023, *see* ECF No. 233. Because this issue was within Defendants' knowledge at the time of the pretrial conference, Defendants cannot raise an affirmative defense based on this issue in a subsequent belated attempt to modify the pretrial order. *See McLean Contracting Co. v. Waterman S.S. Corp.*, 277 F.3d 477, 480 (4th Cir. 2002) ("Failure to identify a legal issue worthy of trial in the pretrial conference or pretrial order waives the party's right to have that issue tried."); *Koch*, 203 F.3d at 1217 ("If the evidence or issue was within the knowledge of the party seeking modification [of the pretrial order] at the time of the [pretrial conference] . . . then it may not be allowed." (quoting 6A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1527, at 287–89 (1990)); *see also Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) (defense in answer waived when it was omitted from pretrial order); *Eagle v. AT&T Corp.*, 769 F.2d 541, 548 (9th Cir. 1985) (claims raised in pleadings but omitted from final order are precluded); *Apple, Inc. v. Samsung Elecs. Co.*, 67 F. Supp. 3d 1100, 1116 (N.D. Cal. 2014) ("Because Samsung did not include these defenses in the joint pretrial statement, which the

parties stated specified the 'issues of fact and law remaining to be litigated,' . . . Samsung abandoned those defenses and they were eliminated from the case.").

This Court stated during the final pretrial conference that "[t]he whole idea, the whole genius of the Rules of Civil Procedure is to narrow proceedings, not expand them, and having been given ample time and warning, we now know the parameters of how we're going to do this work." ECF No. 262, at 26. As the Court explained, at this stage, the proceedings are supposed to be "narrow[ed]," not "expand[ed]," so that the parties will have "ample time and warning" about the issues to be tried. *Id.* Allowing Defendants to pursue discovery about a potential affirmative defense that they did not even raise in the parties' joint pretrial filing would contravene the Court's mandate and severely prejudice Plaintiff.

### B. Defendants were required to raise this issue as an affirmative defense.

Defendants cannot plausibly contend that this issue is not an affirmative defense that must be raised in their pleadings. *See* Fed. R. Civ. P. 8(c). Defendants' stated basis for reopening Plaintiff's deposition is that it is relevant to "the argument that Plaintiff is ineligible for reinstatement and front pay." ECF No. 245, at 13 n.4 (citing ECF No. 233); *see also* ECF No. 219, at 8. This type of defense, involving ineligibility for reinstatement due to alleged misconduct, is known as an after-acquired evidence defense. *See Rinaldi v. CCX, Inc.*, No. 3:05-cv-108-RJC, 2009 U.S. Dist. LEXIS 16101, at *22 (W.D.N.C. Feb. 18, 2009). As courts within this Circuit and across the country have held, this type of defense is an affirmative defense that the defendant must plead and prove by a preponderance of the evidence. *See McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 360–63 (1995) (holding that employer "must . . . establish" after-acquired evidence defense and analogizing to affirmative defense of "unclean hands"); *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1238–40 (4th Cir. 1995) (employer must

"prove" and "meet[] th[e] burden" to show after-acquired evidence defense); *Nzabandora v. Univ. of Health Sys.*, Civil Action No. 3:17cv00003, 2017 U.S. Dist. LEXIS 155217, at *4 (W.D. Va. Sep. 22, 2017) ("Defendants seek leave to amend to assert an affirmative defense based on after-acquired evidence of wrongdoing."); *Pennell v. Vacation Reservation Ctr.*, LLC, No. 4:11cv53, 2011 U.S. Dist. LEXIS 150763, at *2 (E.D. Va. Sep. 19, 2011) (addressing defendants' motion seeking the "addition of a new Affirmative Defense . . . asserting an after-acquired evidence defense"); *accord Bello v. United Pan Am Fin. Corp.*, No. 19-9118 (CPO/MJS), 2022 U.S. Dist. LEXIS 214449, at *18 (D.N.J. Nov. 29, 2022) ("'After-acquired evidence' is an affirmative defense."); *Murphy v. Trader Joe's*, No. 16-cv-02222-SI, 2017 U.S. Dist. LEXIS 7754, at *8 (N.D. Cal. Jan. 19, 2017) ("[A]fter-acquired evidence, like failure to mitigate, is nonetheless considered an affirmative defense." (citing *Pulliam v. Tallapoosa Cnty. Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999) ("[T]he doctrine of after-acquired evidence . . . is an affirmative defense that an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order.")); *EEOC v. BOK Fin. Corp.*, No. CIV 11-1132 RB/LAM, 2014 U.S. Dist. LEXIS 188612, at *5 (D.N.M. Jan. 30, 2014) (after-acquired evidence was "an affirmative defense" that was untimely and thus waived); *Miranda v. Deloitte LLP*, 962 F. Supp. 2d 379, 386 & n.5 (D.P.R. 2013) (addressing issues related to amended answer invoking "an 'after-acquired evidence' defense" as an "affirmative defense"); *Stubbs v. Regents of the Univ. of Cal.*, 2007 U.S. Dist. LEXIS 40506, at *21 (E.D. Cal. May 24, 2007) ("Even assuming, arguendo, that the alleged application fraud rose to such a level, after-acquired evidence is an affirmative defense that must be pled in the answer. Otherwise, it is waived. . . . Here, the defendant waived the defense by failing to pled [sic] it in its answer"); *Santos v. Boeing Co.*, No. 02 C 9310, 2004 U.S. Dist. LEXIS 17666, at *22 (N.D. Ill. Sep. 1, 2004) ("We need not address

13

Boeing's arguments regarding the after-acquired evidence doctrine, because . . . the doctrine is an affirmative defense and Boeing failed to plead the defense in its answer to the second amended complaint."); *Red Deer v. Cherokee Cty.*, 183 F.R.D. 642, 653 (N.D. Iowa 1999) ("Treating the 'after-acquired evidence' defense as an affirmative one that must be pleaded and proved also is consonant with the purposes of Rule 8(c), because it is a defense for which the need for notice to avoid surprise and undue prejudice to the plaintiff is particularly apparent.").

To prove an affirmative defense based on after-acquired evidence, it is not enough for an employer merely to allege that the plaintiff engaged in misconduct. Rather, the employer must "prove that [the plaintiff's] ostensible 'wrongdoing was of such severity that [she] in fact would have been terminated on those grounds alone if [the employer] had known of' her alleged misdeeds, and that it was unaware of her conduct." *Russell*, 65 F.3d at 1240 (quoting, in part, *McKennon*, 513 U.S. at 362–63). "In evaluating an after-acquired [evidence] defense, a court 'must look to the employer's actual employment practices and not merely the standards articulated in its employment manuals.'" *Pennell*, 2011 U.S. Dist. LEXIS 150763, at *7 (quoting *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 298 (4th Cir. 2009)). To "fairly contest" the defense, the plaintiff must have an opportunity "to conduct . . . discovery" on the defense. *Id.* And "[the defendant] must establish that [the employer's] practice has been to dismiss employees for similar [conduct]." *Davis v. Billington*, 51 F. Supp. 3d 97, 111 (D.D.C. 2014) (citation omitted). If the employer "cannot meet the stringent test set out in *McKennon* for application of the defense," the employee "is eligible for *the full panoply of remedies* available to victims of discrimination." *Russell*, 65 F.3d at 1240 (emphasis added); *see also Rinaldi,* 2009 U.S. Dist. LEXIS 16101, at *24 (where the employer "failed to prove its defense of after-acquired evidence," employee was "entitled" to full severance benefits).

The reasons for requiring employers to prove after-acquired evidence as an affirmative defense are at least two-fold. First, placing the burden of proof on the employer prevents the employer's abuse of the after-acquired evidence doctrine to avoid accountability for providing appropriate remedies for unlawful discrimination. As courts have explained, "employers often say they will discharge employees for certain misconduct while in practice they do not." *Miranda*, 962 F. Supp. 2d at 386 (quoting *Palmquist v. Shinseki*, 729 F. Supp. 2d 425, 429–30 (D. Me. 2010)). Therefore, "an employer must establish by a preponderance of the evidence 'not only that it *could* have fired an employee for the later-discovered misconduct, but that it *would* in fact have done so.'" *Id.* (quoting *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 759 (9th Cir. 1996) (emphasis in original)). This means that an employer cannot prevail "based only on bald assertions that an employee would have been discharged for the later-discovered misconduct." *Id.* (quoting *McDonnell*, 79 F.3d at 762); *see also Adams v. City of Gretna*, 2009 U.S. Dist. LEXIS 79014 at *21 (E.D. La. Sept. 2, 2009) ("An employer must demonstrate, by a preponderance of the evidence, that its actual employment practices would have led to the employee's termination, not simply that the employee's conduct was in contravention of the employer's stated policies.").

Second, requiring the employer to raise an affirmative defense in its pleadings prevents the unfair surprise that would result from asserting an affirmative defense for the first time on the doorstep of trial. Many courts have explained that raising an after-acquired evidence defense for the first time after discovery has closed would clearly be prejudicial and therefore is not allowed. *See, e.g.*, *BOK Fin. Corp.*, 2014 U.S. Dist. LEXIS 188612, at *5–6 ("Courts and counsel 'do not normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order, especially in such cursory form.' Such a practice deprives one's

adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice. This Court does not endorse such practices and will not permit litigation by ambush." (citation omitted)); *Pennell*, 2011 U.S. Dist. LEXIS 150763, at *11 (holding that a "late stage in the litigation, after the close of plaintiff's discovery and shortly before trial, this amendment would be clearly prejudicial to the plaintiff if allowed"); *Santos*, 2004 U.S. Dist. LEXIS 17666, at *22–23 (precluding assertion of after-acquired evidence defense after close of discovery and summary judgment briefing because "[i]t would be unfair to allow Boeing to thrust the defense into the action at this juncture, thereby depriving Santos of the ability to conduct discovery relating to the defense or address the merits of the defense in its brief"); *accord S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co.*, 353 F.3d 367, 373 (4th Cir. 2003) (failure to raise an affirmative defense prior to summary judgment will result in "waiver" if the "failure to plead resulted in unfair surprise or prejudice"); *Crown Castle Fiber, L.L.C. v. City of Pasadena*, No. 22-20454, 2023 U.S. App. LEXIS 20364, at *21–22 (5th Cir. Aug. 4, 2023) ("A failure timely to answer or raise an affirmative defense before springing it on plaintiffs at summary judgment almost always constitutes an 'unfair surprise.'").

Here, Defendants did not raise any affirmative defenses in their Answer, their First Amended Answer, or the parties' joint pretrial statement. *See* ECF No. 259. Thus, Defendants' request to reopen Plaintiff's deposition could only be relevant to an affirmative defense raised for the first time *during the trial*, without any prior notice to Plaintiff. This severely prejudicial conduct is not allowed under the governing rules of civil procedure and circuit precedent.

### C. Defendants have deprived Plaintiff of any reasonable notice of the basis for an affirmative defense.

Not only did Defendants fail to raise any affirmative defenses in the joint pretrial statement, but they failed to plead any such defenses with specificity. Defendants have therefore

16

deprived Plaintiff of any reasonable notice of the basis for their request to reopen her deposition. *See Staton v. N. State Acceptance, LLC*, No. 1:13-CV-277, 2013 U.S. Dist. LEXIS 105599, at *6 (M.D.N.C. July 29, 2013) (purpose of pleading requirements is to eliminate "burdensome discovery" on meritless or "irrelevant" affirmative defenses (citation omitted)).

As discussed in Plaintiff's prior Motion to Strike Defendants' affirmative defenses, "the majority of district courts" in this Circuit "have concluded that the particularity and plausibility standard from *Iqbal/Twombly* does apply to the pleading of affirmative defenses." *See* ECF No. 133-1 (quoting *Staton*, 2013 U.S. Dist. LEXIS 105599, at *6). In granting the Motion to Strike in its entirety, this Court implicitly adopted the *Iqbal/Twombly* standard. Entry Order Dated September 21, 2022 (order granting Plaintiff's motion to strike Defendants' affirmative defenses). Therefore, the *Iqbal/Twombly* standard is the law of the case. *United States v. Moussaoui*, 483 F.3d 220, 232 (4th Cir. 2007) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (citation omitted)). The purpose of this pleading standard is "to ensure that the opposing party receives fair notice of the nature of a claim or defense." *Barry v. EMC Mortg.*, Civil Action No. DKC 10-3120, 2011 U.S. Dist. LEXIS 104265, at *10 (D. Md. Sep. 15, 2011). And the requirement of specificity in pleading affirmative defenses holds even greater force at this stage of the proceeding, on the eve of trial, where failure to provide adequate notice would be severely prejudicial to the plaintiff. *See BOK Fin. Corp.*, 2014 U.S. Dist. LEXIS 188612, at *5 (when a defense is raised for the first time in a pretrial order, "the party seeking to add a claim or defense should do so with specificity and clarity so as to minimize the ill effects of that practice . . . and provide the trial court with a fair opportunity to consider whether to approve or deny what is obviously an attempt to amend the pleadings at a rather late date" (citation omitted)).

17

The notice problem is particularly apparent regarding Defendants' request to reopen Plaintiff's deposition because Defendants' assertion that Plaintiff is ineligible for reinstatement or front pay is based on allegations that are unfounded. *See* ECF No. 219. As Plaintiff explained in her Response, Defendants misconstrued precedent and failed to disclose controlling adverse authority. *See* ECF No. 226. Moreover, this Court denied Plaintiff leave to file her Response under seal and did not review her arguments before ruling against her, in part, and reopening her deposition. *See* ECF No. 238. The fact that the Court did not even allow Plaintiff to substantively respond to Defendants' motion before ruling against her compounds the notice problem, because it appears that the Court may have accepted Defendants' arguments at face value without determining whether they had any basis. Because Defendants' arguments are, in fact, meritless, Plaintiff does not have notice of any plausible affirmative defense to which the deposition could relate. Allowing a reopened deposition therefore would only serve as a "fishing expedition" into "nebulous allegations," *Koch*, 203 F.3d at 1238, and is "attenuated, at best, and an abuse of discovery, at worst," *Albert S. Smyth Co.*, 2019 U.S. Dist. LEXIS 234378.

## II.      In Denying Plaintiff's Prior Motion for a Protective Order, this Court Violated Due Process Principles by Denying Her a Meaningful Opportunity to be Heard.

This Court must also reconsider its prior denial of Plaintiff's Motion for a Protective Order because, in denying her motion, the Court denied Plaintiff a meaningful opportunity to be heard and refused to apply controlling rules of civil procedure before ruling adversely to her interests. The Court's denial of an opportunity to be heard violates principles of due process and has severely prejudiced Plaintiff's rights in this litigation. Moreover, it is part of a troubling pattern where the Court has suspended rules of procedure with the effect of denying Plaintiff's right to be heard.

**A.** **This Court contravened principles of due process when it refused to consider Plaintiff's arguments and relied only on information from Defendants before ruling against Plaintiff.**

It is a basic principle that due process requires an opportunity to be heard. "[T]he established rule that the opportunity to present a case and to be heard is fundamental to the validity of proceedings by administrative tribunals as well as by courts." *Green Spring Dairy, Inc. v. Commissioner*, 208 F.2d 471, 475 (4th Cir. 1953). The right to be heard encompasses not only the "right to due notice of the claims of the opposing parties," but also "an opportunity to be heard in a fair and open hearing." *Id.* Thus, the party must have the opportunity to "present objections," *NLRB v. Bata Shoe Co.*, 377 F.2d 821, 834 (4th Cir. 1967), and "contest" the opposing party's claims, *Morgan v. United States*, 304 U.S. 1, 25–26 (1938).

The Supreme Court's decision in *Morgan* is seminal in this regard. In *Morgan*, the Supreme Court held that a quasi-judicial proceeding was fundamentally unfair when the Secretary of Agriculture, as the decisionmaker, ruled against the plaintiffs without "having read or considered the briefs which the plaintiffs submitted," and based only on information "he derived from consultation with employees of the Department." *Morgan v. United States*, 298 U.S. 468, 478 (1936). While the Court found it unnecessary to reach the due process issue because a fair hearing was required by statute, the Court clarified in a later decision in the same case that these principles are "fundamental requirements of fairness which are of the essence of due process in a proceeding of a judicial nature." *Morgan v. United States*, 304 U.S. 1, 19 (1938). Accordingly, if a judge adopted one party's proposals "without affording an opportunity to his opponent to know their contents and present objections, there would be no hesitation in setting aside the report or decree as having been made without a fair hearing." *Id.* at 20. "That is more than an irregularity in practice; it is a vital defect." *Id.* at 22.

19

Here, as in *Morgan*, this Court contravened principles of due process when it denied Plaintiff's Motion for a Protective Order without even considering her arguments, and based only on information provided by Defendants. The Court's failure to consider Plaintiff's arguments and briefing violates requirements of fundamental fairness and is a "vital defect." *Morgan*, 304 U.S. at 22. That is especially true because Defendants' motion raised unfounded allegations that have substantially affected Plaintiff's rights in this proceeding. *See* Restatement 3d of the Law Governing Lawyers, § 106 (prohibiting counsel from raising "charges of wrongdoing made recklessly or knowing them to be without foundation"); N.C. R. Prof. Cond. 3.5, cmt. 10 ("[T]he prohibition against conduct intended to disrupt a tribunal applies to conduct that does not serve a legitimate goal of advocacy or a requirement of a procedural rule and includes . . . unfounded personal accusations . . . ."); *see also* N.C. R. Prof. Cond. 8.4, cmt. 5 (explaining that this conduct "tends to impede opposing counsel's ability to represent his or her client effectively" and may "directly interfere with the truth-finding function"). Before Defendants were allowed to reopen Plaintiff's deposition to pursue these allegations, Plaintiff was entitled, at the very least, to be heard on whether these allegations had any plausible merit.

The Court's denial of this opportunity evinces not only a failure to respect Plaintiff's right to be heard but also a concerning bias in favor of Defendants, who were afforded favorable treatment that is unfounded in the law. After all, both Plaintiff and Defendants were equally entitled to present their arguments regarding the privilege challenge under seal pursuant to Rule 26(b)(5)(B). Plaintiff's entitlement to present her privilege assertions under seal is protected by the federal rules of civil procedure, which "are designed to further the due process of law that the Constitution guarantees." *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council Balt.*, 721 F.3d 264, 290 (4th Cir. 2013) (quoting *Nelson v. Adams USA, Inc.*, 529 U.S.

460, 465 (2000)). The Fourth Circuit has warned courts not to be "dismissive" of the rules of civil procedure because they set forth "fundamental procedures to which all civil litigants are entitled." *Id.*; *see also In re Guthrie*, 733 F.2d 634, 637 (4th Cir. 1984) ("The Federal Rules of Civil Procedure govern procedure in all civil suits in the United States district courts unless otherwise specified, Fed. R. Civ. P. 1, and these Rules have the effect of law through the power delegated by Congress to the Supreme Court in the Rules Enabling Act of 1934, 28 U.S.C. § 2072."). The Court disregarded these principles when, without explanation, it afforded Defendants the protection of Rule 26(b)(5)(B) while denying Plaintiff that same protection.

**B.** **The Court's denial of Plaintiff's motion without even considering her arguments is part of a troubling pattern of denying her right to be heard.**

The Court's failure to comply with Rule 26(b)(5)(B) is part of a troubling pattern where the Court has suspended rules of procedure with the effect of preventing Plaintiff from being heard. Indeed, the detrimental effect of the Court's failure to comply with Rule 26(b)(5)(B) is compounded by the fact that previously, the Court *sua sponte* suspended this District's local rule regarding sealed materials. *See* ECF No. 203, at 2. As a result, Plaintiff has been prevented from filing relevant documents with the Court.

On April 14, 2023, Plaintiff submitted evidence, including information regarding other EDR complaints involving the Federal Defender Office, with her response to Defendants' motion for a protective order from Chief Judge Gregory's deposition. *See* ECF No. 199. She submitted the materials under seal because Defendants had marked them as confidential and opposed their unsealing. *See* ECF No. 201. Local Rule 6.1 states that a "party seeking to file material under seal may submit an unredacted version of the material under seal for review by the Court along with the motion to seal." WDNC Local Rule 6.1(d). In compliance with Rule 6.1, Plaintiff filed the unredacted version of her response and accompanying exhibits under seal.

This Court responded to Plaintiff's submissions by *sua sponte* suspending Local Rule 6.1 and refusing to consider the materials Plaintiff submitted under seal in compliance with Rule 6.1. ECF No. 203. The Court stated that it had "consulted only the redacted filings before it in arriving at its conclusion," and that any documents "purportedly under seal . . . are to be returned to the sender." *Id.* at 2. The Court further stated: "**Nothing** is to be filed in court under seal unless and until this Court upon motion expressly so orders." *Id.* (emphasis in original). The Court thus *sua sponte* suspended Rule 6.1, which expressly allows a party to submit materials under seal for the Court's review pending a sealing determination, and barred the parties from submitting any sealed materials without prior court approval.

This Court lacks authority to suspend this District's local rules, including Rule 6.1's procedure expressly allowing a party to file materials under seal pending the Court's sealing determination. *See* Fed. R. Civ. P. 83(b) ("A judge may regulate practice in any manner *consistent* with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." (emphasis added)); *Jackson*, 828 F.2d at 1078 (stating that local rules "have the force and effect of law" (quotation omitted)); WDNC Local Rule 1.1 ("The Local Civil Rules which follow are intended to provide case participants with procedures that supplement the Federal Rules of Civil Procedure. They are not intended to bind any judicial officer to any particular course of action or result. Each judicial officer retains the discretion to apply the Local Civil Rules in a manner consistent with the demands of the case."); WDNC Order Adopting Rules of Practice and Procedure (Nov. 7, 2018) ("These rules shall apply to all **pending** cases unless the Court finds that their application in a specific case would result in injustice or hardship. . . . These local rules supplement the Federal Rules of Civil Procedure as necessary in all civil suits in the United States District Courts for the Western District of North

Carolina." (emphasis in original)).  As a result of the Court's *sua sponte* order suspending the local sealing rule, Plaintiff was barred from filing an unredacted copy of her Response to Defendants' Motion to Strike under seal without prior court approval.  This Court then denied approval to file Plaintiff's Response under seal without explanation, and without reviewing Plaintiff's filing as contemplated by the local rule.  *See* ECF No. 238.  In failing to consider Plaintiff's arguments in her Response, this Court disregarded not only Federal Rule Civil Procedure 26(b)(5)(B), but also Local Rule 6.1, both of which entitled Plaintiff to submit her filing under seal.  The effect of the Court's disregard of these rules was to deny Plaintiff her due process right to be heard.  *See Greater Balt. Ctr. for Pregnancy Concerns, Inc.*, 721 F.3d at 290 (rules of civil procedure implicate the "due process of law that the Constitution guarantees" (citation omitted)).

The Court's denial of Plaintiff's right to be heard has severely prejudiced Plaintiff and affected her substantial rights in this proceeding.  Defendants' conduct in making unfounded allegations against Plaintiff has undermined the fundamental fairness of this proceeding.  By denying Plaintiff a right to be heard on the allegations, in contravention of rules of procedure, this Court violated due process principles and reinforced the severely prejudicial consequences of Defendants' conduct.  These severe consequences cannot be fully rectified at this stage of the litigation, but at a minimum, this Court must reconsider its prior denial of Plaintiff's Motion for a Protective Order.

## CONCLUSION

Rule 26(b)(2) and principles of due process compel this Court to grant Plaintiff a protective order from Defendants' request to reopen her deposition.

This the 27th day of September, 2023.

23

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September, 2023, I will electronically file the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

/s/ Cooper Strickland
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com