# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### ASHEVILLE DIVISION

CARYN DEVINS STRICKLAND, )
)
*Plaintiff*, )
)
v. ) Civil No. 1:20-cv-00066-WGY
)
UNITED STATES, *et al.*, )
)
*Defendants*. )

### PLAINTIFF'S RESPONSE TO DEFENDANTS' "MOTION TO STRIKE PRIVILEGE ASSERTION AND TO COMPEL DEPOSITION TESTIMONY"

Defendants' motion ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████ Moreover, Plaintiff's testimony on

this topic is privileged on several grounds. But this Court does not need to reach the merits of

1

this issue, because Defendants' failure to exercise due diligence in raising it justifies denying

their motion. For these reasons and others discussed below, this Court should deny Defendants'

motion, ████████████████████████████████████████████████████████████

████████████████████████████████████████████ The Court should

also grant Plaintiff a protective order ████████████████████████████████

## ARGUMENT

### I. Defendants' motion should be denied for failure to exercise due diligence during discovery.

This Court should deny Defendants' motion because they failed to exercise due diligence

regarding this subject matter during the preceding eight months of discovery. Courts have

"substantial discretion in managing discovery," including the timing of motions to compel. *Reed*

*v. Beverly Hills Porsche*, No. 6:17-CV-59, 2018 WL 10396251, at *1 (W.D. Va. Jan. 12, 2018),

*objections overruled*, No. 6:17-CV-00059, 2018 WL 10396252 (W.D. Va. Jan. 26, 2018). This

discretion includes denying a motion filed at the "final hour" due to the party's "lack of due

diligence . . . before the discovery deadline." *See Blankenship v. Fox News Network, LLC*, No.

2:19-CV-00236, 2021 WL 2065411, at *4 (S.D.W. Va. May 18, 2021), *aff'd*, No. 2:19-CV-

00236, 2021 WL 3264273 (S.D.W. Va. July 30, 2021). When ongoing discovery may affect

summary judgment motions, there is "even less reason to permit the parties to continue discovery

efforts past the deadline beyond what is absolutely necessary." *Blankenship*, 2021 WL 3264273,

at *7 n.6. That is especially true when the parties had an "adequate opportunity to perform all

the discovery [they] needed" during the discovery period. *Reed*, 2018 WL 10396251, at *1.

Defendants' motion must be considered in the context of amendments to the discovery

deadlines in this case relative to the deadlines for dispositive motions and trial. Originally, the

parties agreed that all non-expert discovery would conclude by March 1, 2023 to prepare for the

June 1, 2023 summary judgment deadline.  *See* ECF No. 132.  The parties later proposed to extend non-expert discovery to May 1, 2023, and the Court allowed the extension on the condition that expert discovery would not interfere with the September 2023 trial date.  *See* ECF No. 187.  The Court has repeatedly stated that it will not delay the September 2023 trial date. *See* ECF No. 185, at 1 (September 2023 is "the date [the parties] all agree the case will be trial ready"); ECF No. 104, at 13 (it is the Court's practice not to move trial dates).  The Court has also stated that given the trial date of September 2023, the "latest date for filing dispositive motions" is June 1, 2023 because of the Court's practice of considering those motions seriously before trial.  *See* Status Conf. Tr. July 14, 2022, at 10, ECF No. 129; *see also* ECF No. 104 at 13.

When Defendants raised an issue in discovery for the first time during a deposition on April 25, 2023, just six days before discovery closed on May 1, 2023, they acted with a "lack of due diligence . . . before the discovery deadline."  *Blankenship*, 2021 WL 2065411, at *4.  ██████

████████████████████████████████████████████████████████████████

███████████████████████████████████ which resulted in the parties' joint motion, Plaintiff did not waive any objection based on Defendants' failure to exercise due diligence in pursuing this subject matter during the prior eight months of discovery.  *See* ECF 208, at 1 (requesting brief extension of discovery deadline for the "*sole purpose* of resolving an outstanding privilege issue that arose during Plaintiff's deposition" (emphasis added)).

Significantly, the topic of the testimony at the April 25, 2023 deposition had never previously been raised in any request for production, interrogatory, or other discovery request since discovery opened on August 10, 2022.  *See* ECF No. 132; *see Hill Holiday Connors Cosmopulos, Inc. v. Greenfield*, No. C/A 608CV-03980-GRA, 2010 WL 547179, at *4 (D.S.C. Feb. 9, 2010) (party must serve discovery request at least 30 days before completion of discovery

deadline).  Moreover, Defendants waited to schedule Plaintiff's deposition until April 25, 2023,

just six days before the extended discovery period expired on May 1, 2023.  After having ample

time for discovery and waiting to schedule Plaintiff's deposition until mere days before

discovery expired, and by failing to raise the issue at all during the previous eight months of

discovery, Defendants failed to act with due diligence.  *Cf. Mellanson v. Variety Wholesalers,*

*Inc.*, No. 2:07CV272, 2008 WL 11512376, at *2 (E.D. Va. Jan. 31, 2008) (denying continuance

for further discovery because "Defendants had ample time for discovery had they been more

aggressive in seeking Plaintiff's compliance with discovery requests").  That is especially so

because there is no reasonable means to resolve Defendants' motion to compel, and reopen

discovery if necessary, before the summary judgment motions deadline of June 1, 2023, which is

two days from now.  *See* ECF No. 208, at 2 (representing that joint motion "will not affect any

other existing deadlines"); *but see id.* at 3 (referencing purpose "of including information from

that deposition" in dispositive motions).



5



Thus, this Court should deny their motion based on their failure to act with due diligence during discovery.

## II. The information sought is not relevant to any claim or defense in this case.

A motion to compel should be denied where the information sought is "irrelevant."

*Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 245 (E.D.N.C. 2010). ██

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

██  █████████████████████████████████

     █████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████ ████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

---

█ ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████



Case 1:20-cv-00066-WGY   Document 272-3   Filed 09/27/23   Page 9 of 27



Case 1:20-cv-00066-WGY   Document 272-3   Filed 09/27/23   Page 10 of 27





Case 1:20-cv-00066-WGY   Document 272-3   Filed 09/27/23   Page 12 of 27



[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

Accordingly, this Court should deny Defendants' motion to compel because it seeks information that is irrelevant to any claim or defense, [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] Plaintiff requests that the Court also grant Plaintiff a protective order [REDACTED]

## III. Plaintiff's testimony is privileged on several grounds.

Defendants' attempts to rebut Plaintiff's assertions of privilege are unpersuasive. [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

13













Case 1:20-cv-00066-WGY   Document 272-3   Filed 09/27/23   Page 20 of 27

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

## IV.   Plaintiff did not waive the privilege.

Plaintiff did not waive her assertion of privilege ████████████████████████

████████████████████████. Defendants do not address the various protections that apply

in this situation, including Fed. R. Civ. P. 26(b)(5), Fed. R. Evid. 502(a)–(b), (d), and the Parties'

Stipulated Clawback Agreement (ECF No. 184). Specifically, when information produced in

discovery is subject to a claim of privilege, Fed. R. Civ. P. 26 provides a procedure for the

producing party to assert a claim of privilege after production:

> [T]he party making the claim [of privilege] may notify any party
> that received the information of the claim and the basis for it. After
> being notified, a party must promptly return, sequester, or destroy
> the specified information and any copies it has; must not use or
> disclose the information until the claim is resolved; must take
> reasonable steps to retrieve the information if the party disclosed it
> before being notified; and may promptly present the information to
> the court under seal for a determination of the claim.

Fed. R. Civ. P. 26(b)(5)(B). Moreover, under Fed. R. Evid. 502(b), "inadvertent disclosure of

protected communications or information in connection with a federal proceeding or to a federal

office or agency does not constitute a waiver if the holder took reasonable steps to prevent

disclosure and also promptly took reasonable steps to rectify the error." Committee Note, Fed.

20

R. Evid. 502(b).  In this inquiry, courts consider factors such as the "reasonableness of precautions taken, the time taken to rectify the error, the scope of discovery, the extent of disclosure and the overriding issue of fairness."  *Id.*

For example, in *Datel Holdings Ltd. v. Microsoft Corp.*, the district court held that privilege was not waived over documents and related testimony at a deposition where the party initially "did not appreciate the true nature" of the documents during the testimony, but then "interrupted the deposition to put its privilege assertion on the record" after closer review of the documents.  No. C-09-05535 EDL, 2011 U.S. Dist. LEXIS 30872, at *14 (N.D. Cal. Mar. 11, 2011).  Within a few days, the party identified other documents affected by the privilege error and promptly asserted the protections of Fed. R. Civ. P. 26(b)(5)(B).  The district court held that "[t]hese steps constitute a prompt and immediate response to the inadvertent production" and that the inadvertent disclosure did not waive privilege.  *Id.*  Moreover, the court rejected the notion that the deposition testimony regarding the documents constituted waiver.  *Id.*  The court explained that cases so holding predated the modern rules, which protect against inadvertent disclosure when a party takes "reasonable steps to rectify the error in disclosure."  *Id.* at *15.

Similarly, here, █████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████ Plaintiff and her counsel have been careful to avoid disclosing privileged information in this litigation, and there has never been any indication that they have not followed diligent practices to screen for privileged information.  *See United States EEOC v. George Wash. Univ.*, 502 F. Supp. 3d 62, 82 (D.D.C. 2020) (explaining that party's use of "reasonable precautions against disclosure of privileged documents" weighs against finding of waiver).  Moreover, Plaintiff took immediate steps to rectify the disclosure,

21

including by asserting privilege during the deposition and following up promptly with written notifications pursuant to Fed. R. Civ. P. 26(b)(5)(B). *See* Ex. C (emails dated April 30 and May 1, 2023); ECF No. 219-2 (May 8, 2023 clawback notice). By contrast, in the cases Defendants cite, there is no indication that the party who waived privilege ever claimed inadvertent disclosure or pursued the procedures available under the rules. *See* ECF No. 219, at 6–7 (citing *Donaggio v. Arlington Cty.*, 880 F. Supp. 446, 451 n.5 (E.D. Va. 1995), and *Liang v. AWG Remarketing, Inc.*, 2015 U.S. Dist. LEXIS 168139, at *17 (S.D. Ohio Dec. 16, 2015)). Indeed, Defendants' own conduct in this case provides relevant context regarding the diligence inquiry, as Defendants invoked the parties' clawback agreement to assert attorney client privilege over a document *more than three months* after they first produced it in discovery. *See* Ex. D.

Alternatively, even if this Court were to find waiver over the answers provided at the deposition, *see* ECF No. 219-1, at 5, that would not waive privilege regarding other unanswered questions on the same subject, *see id.* at 6–9. "[A] voluntary disclosure . . . generally results in a waiver only of the communication or information disclosed; a subject matter waiver (of either privilege or work product) is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." Committee Note, Fed. R. Evid. 502(a); *cf. JJK Mineral Co., LLC v. Swiger*, 292 F.R.D. 323, 329 (N.D.W. Va. 2013) (subject matter waiver will be found when "the party uses the attorney-client privilege as both a sword and a shield"). Here, there is no indication that Plaintiff has provided a "selective and misleading presentation of evidence" to Defendants' disadvantage. ███████████

███████████████████████████████████████

███████████ Applying privilege will not prejudice Defendants in any way.

**V.** **This Court should grant a protective order** ███████████████████
████████████████████.

Fed. R. Civ. P. 26(c) permits "for good cause" shown the making of any order which

justice requires to protect against "annoyance, embarrassment, oppression, or undue burden or

expense." The district court has "broad discretion" to decide "when a protective order is

appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S.

20, 36 (1984). █████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

Such good cause is present here, where the line of questioning is irrelevant to any claim

or defense in this litigation ████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

23



24



Accordingly, Plaintiff has shown good cause for a protective order under Fed. R. Civ. P. 26(c).

## CONCLUSION

The Court should deny Defendants' motion, ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████ and grant Plaintiff a protective order.

This the 30th day of May, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

25

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of May, 2023, I will electronically file the foregoing with

the Clerk of Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

26