IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) |
| Defendants. | ) |

## RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST AND OTHER PRETRIAL STATEMENT SUBMISSIONS

On September 25, 2023, Plaintiff filed her purported Objections to Defendants' Exhibit List and Other Pretrial Statement Submissions ("Objections"). ECF No. 269. Plaintiff's Objections, however, are not in compliance with the Court's Order issued at the July 27, 2023 final pretrial conference. At that conference, the Court explained that the parties have "more work to do as to the exhibits," and directed the parties to first confer about the exhibits and then present the Court with a single exhibit list indicating which exhibits have objections and which do not. Tr. of Final Pretrial (July 27, 2023) at 10:25, 12:7-25; *see also* July 27, 2023 Minute Order ("Counsel are instructed to meet and confer to create a single exhibit list with agreed to exhibits given numbers and any objected to exhibits given letters (A-Z, AA, AB, AC etc.).").

Notwithstanding the Court's instructions, Plaintiff proceeded to file a multitude of objections to almost every one of Defendants' proposed exhibits, without first attempting to confer with Defendants. *See* Objections, Ex. A.[1] Plaintiff included numerous objections that could easily have

---

[1] Plaintiff claims to have filed her objections pursuant to, among other authorities, Federal Rule of Civil Procedure 26(a)(3). But the deadline for objections set by that Rule does not apply where, as here, "the court sets a different time." Fed. R. Civ. P. 26(a)(3)(B); *see also* Tr. of Final Pretrial (July 27,

1

been resolved through a meet and confer. *See, e.g., id.*, Ex. A at Entry 58 (objecting that an exhibit includes an unredacted home address). Plaintiff also inexplicably objected to Defendants' use at trial of *her own exhibits*. *See id.* at 11 (Plaintiff "has set forth objections to Defendants' potential use of her designated exhibits"); Ex. B (listing such objections). Defendants will follow the Court's instructions by attempting to confer with Plaintiff's counsel about the parties' exhibits, with the goal of filing a list of exhibits, along with any objections, before trial. To the extent the Court may prefer a different procedure for exhibit objections at this juncture and due to Plaintiff's filing, Defendants respectfully seek clarification.

Plaintiff also has not conferred with Defendants regarding deposition designations, as the Court at the pretrial conference contemplated the parties would do. Tr. of Final Pretrial (July 27, 2023) at 10:5-11:4, 22:8-18. Nevertheless, Defendants will attempt to meet and confer with Plaintiff about deposition designations as well. Defendants have no concerns about Plaintiff using appropriate portions of fact witness deposition transcripts during the trial, as it may streamline the presentation of evidence. Defendants note, however, that they plan to call (for live testimony) several of the fact witnesses whose transcripts Plaintiff has designated, and Defendants reserve the right to call these witnesses to testify live at trial, even if Plaintiff chooses to rely solely on their deposition transcripts for her own case in chief. Defendants further note that witnesses who will appear at trial are not "unavailable" for purposes of Rule 32(a), and therefore their depositions may only be admitted by agreement of the parties, as the Court explained at the final pretrial conference. *Id.* at 22:6-23:7.

Finally, Defendants do object to the admission of any portion of the depositions of Plaintiff's proffered experts, Dr. Gary Albrecht and Ms. Vida Thomas.[2] Plaintiff is prohibited from introducing

---

2023), at 12:9-11 (ordering the parties to confer and provide an exhibit list "sometime before trial" and explaining that "it need not be done until we're right up against the trial").

[2] Plaintiff served those deposition designations on Defendants on August 28, 2023, during the stay of this matter that expired on September 16, 2023.

her own experts' out-of-court statements at trial. *See* Fed. R. Ev. 801(c); Fed. R. Civ. P. 32(a); *see also Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536-37 (2d Cir. 1972) (requiring that party seeking to use out-of-state expert's deposition testimony "attempt to secure the voluntary attendance of a witness who lives beyond the subpoena power of the court" and that the party must further show that "not only that the witness is unavailable, but that no other expert of similar qualifications is available or that the unavailable expert has some unique testimony to contribute."). Defendants reserve the right to file motions *in limine* further explaining the basis on which these expert designations should be excluded.[3]

Dated: September 29, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*

---

[3] In her Objections, Plaintiff also raises various arguments relating to Defendants' proposed trial witnesses. Those arguments generally rehash points already raised by Plaintiff and are meritless for reasons previously explained. *See* Tr. of Final Pretrial (July 27, 2023) at 8:14-19 ("[S]o long as [witnesses are] here in this final pretrial conference memorandum I'm not going to say it's a surprise witness or anything"); ECF No. 259 at 102-105.

3

Case 1:20-cv-00066-WGY   Document 274   Filed 09/29/23   Page 3 of 3