IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,          )
                                  )
    Plaintiff,                    )
                                  )
v.                                )
                                  )
UNITED STATES OF AMERICA, et al., )
                                  )
    Defendants.                   )

## RESPONSE TO PLAINTIFF'S MOTIONS TO SEAL

After redacting numerous pages from her Renewed Motion for Protective Order and Motion for Sanctions and Disqualification of Defendants' Counsel, Plaintiff now seeks to file unredacted versions under seal, vaguely asserting that the withheld information is "privileged." ECF Nos. 271, 273 ("Pl.'s Mot.").[1] But the Court has already determined that no privilege applies to the information she seeks to withhold. *See* June 1, 2023 Order ("Order"), ECF No. 233. The Court recognized this ruling when, after issuing its June 1 Order, it denied both Plaintiff's request to seal material concerning the same subject matter at issue here and her request for a protective order. *See* ECF No. 238 (denying Plaintiff's Motion to Seal her Response in Opposition to Defendants' Motion to Strike Privilege Assertion and to Compel Plaintiff's Deposition Testimony); ECF No. 237 (denying Plaintiff's Motion For A Protective Order). Further, Plaintiff does not meet the requirements of Local Rule 6.1(c), nor does she even attempt to identify *which* privilege she is now re-asserting to prevent this information from being disclosed to the public. "The public's right of access to judicial records and documents

---

[1] Plaintiffs' motion to seal her Motion for Sanctions and Disqualification of Defendants' Counsel, ECF No. 271, and her motion to seal her Renewed Motion for Protective Order, ECF No. 273, are identical in substance. This response addresses both motions, which Defendants will collectively refer to as "Pl.'s Mot." for citation purposes.

1

may be abrogated only in unusual circumstances," *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 182 (4th Cir. 1988), and Plaintiff has fallen far short of establishing such circumstances here. Accordingly, the Court should deny her motions to seal.

Plaintiff appears to argue that the Court previously held that the material at issue is privileged. *See* Pl.'s Mot. at 1-2. This is incorrect. On June 1, 2023, the Court held any assertion of the "work-product doctrine, spousal privilege, or litigation privilege is misplaced in these premises and is overruled and stricken." Order at 1-2. The Court further held that the attorney client privilege was waived as to "the recordings about which the inquiry was being made" during Plaintiff's deposition, *id.* at 2—the same topic that is at issue in Plaintiff's Renewed Motion for a Protective Order and Motion for Disqualification and Sanctions. The Court held that Plaintiff may assert the Fifth Amendment during "any further discovery or trial proceedings," including in response to "particular questions" during her re-opened deposition, but that she cannot assert it in a blanket fashion. *Id.* at 2. The Fifth Amendment therefore has no application to testimony she previously gave during her deposition without invoking the privilege. *See Garner v. United States*, 424 U.S. 648, 653 (1976) ("[A] witness who reveal[s] information instead of claiming the privilege los[es] the benefit of the privilege."); *see also Mitchell v. United States*, 526 U.S. 314, 321 (1999) ("The privilege is waived for the matters to which the witness testifies[.]"); *Guardipee v. Raj Transp., Inc.*, 2022 WL 2532493, at *3-4 (M.D.N.C. May 3, 2022) (holding that the plaintiff had waived the Fifth Amendment privilege over a given subject matter after testifying previously on the topic).

Plaintiff also relies on the Court's May 19, 2023 ruling granting a consent motion to seal Defendants' Motion to Strike Privilege Assertion and to Compel Plaintiff's Deposition Testimony to support sealing here. *See* Pl.'s Mot. at 2. But on that date, Plaintiff's privilege assertions had not yet been adjudicated. On June 1, after the Court rejected these privilege assertions, *see* Order at 1-2, it subsequently denied Plaintiff's request for a protective order from "disclosure of the subject matter
2

asserted" in Defendants' motion to strike, *see* ECF Nos. 227, 237, and Plaintiff's request to seal her response to Defendants' motion, *see* ECF No. 238, acknowledging that this information was not privileged. Given that Plaintiff now seeks to seal largely the same information, the Court should likewise deny these motions.[2]

Further, Plaintiff's motions to seal do not comply with the requirements of Local Rule 6.1(c). This Rule provides that a motion to seal must set forth: "(1) A non-confidential description of the material sought to be sealed; (2) A statement indicating why sealing is necessary and why there are no alternatives to filing under seal; (3) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material under seal and how the matter is to be handled upon unsealing; and (4) Supporting statutes, case law, or other authority." LCvR 6.1(c). Plaintiff's motions do not contain these requirements.[3]

In light of both this and the Court's prior rulings, Plaintiff has no basis on which she can assert that the information at issue is privileged and thus should be filed under seal. The motions to seal should be denied.

Dated: September 29, 2023     Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

---

[2] Because the parties have already briefed whether this information is privileged, *see* ECF Nos. 212, 226, and because the Court held it is not, *see* Order, Defendants do not believe it is necessary to file a challenge to Plaintiff's designation of this information as confidential pursuant to the parties' Stipulated Protective Order. *See* ECF No. 181 at 9-10.

[3] To the extent that Plaintiff relies on Defendants' representations in their May 15, 2023 consent motion to seal, Defendants were clear that they "dispute[d] that the information [was] privileged" and that the information "should not be publicly disclosure until the Court has resolved the dispute and determined whether the information is or is not privileged." ECF No. 213 at 3-4. Now that the Court has determined that the information is not privileged, the grounds for sealing asserted in that prior motion do not apply.

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

*/s/ Madeline M. McMahon*
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20001
Tel.: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*