# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) |
| Defendants. | ) ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR A PROTECTIVE ORDER

Although styled as a "Renewed Motion for a Protective Order," what Plaintiff *actually* seeks is for this Court to "reconsider its prior denial of Plaintiff's Motion for a Protective Order." *See* ECF No. 272-1, at 18, 23. Plaintiff's request is baseless—under the standards applicable to motions for reconsideration, there is no reason for this Court to second-guess its prior decision. ECF No. 237. That decision was correct, and Plaintiff has failed to identify any error in the Court's analysis that would justify a contrary conclusion.

## BACKGROUND

Defendants' counsel deposed Plaintiff in this matter on April 25, 2023. During that deposition, Defendants' counsel asked Plaintiff whether she or her attorneys had engaged in certain conduct. ECF No. 219-1, Ex. A at 134:4-6. Plaintiff answered several additional questions on that topic. *Id.* at 134:7-20. Later in the deposition, after Plaintiff and her counsel consulted about this topic, Plaintiff's counsel asserted an unspecified "privilege" and noted the "need to do additional research to determine the privilege and the scope of the privilege." *Id.* at 167:12-15. Defendants' counsel then asked additional questions regarding the conduct. *Id.* at 168:17-169:12. Plaintiff's counsel objected to those questions

1

on unspecified privilege grounds and instructed Plaintiff not to answer until the privilege determination, including the scope of the privilege, could be made. *Id.*

On May 15, 2023, Defendants filed a motion seeking to strike Plaintiff's privilege assertions and to compel her testimony. *See* ECF No. 212. The motion was redacted to respect Plaintiff's assertions of privilege over the redacted material, as these issues had not yet been adjudicated. Plaintiff opposed the motion on three main grounds, arguing that: (1) Defendants should have taken Plaintiff's deposition sooner; (2) the testimony was not relevant to the litigation; and (3) the subject matter was privileged. *See generally* ECF No. 226. Plaintiff also filed a one-page motion for a protective order seeking to prohibit the re-opening of her deposition, but the motion cited no case law and merely incorporated by reference her opposition to Defendants' motion to strike. *See* ECF No. 227. On June 1, 2023, the Court granted Defendants' motion in part. *See* ECF No. 233. That same day, the Court denied Plaintiff's motion for a protective order. *See* ECF No. 237.

Shortly thereafter, Defendants attempted to schedule Plaintiff's deposition for July 2023, but had to reschedule several times to accommodate the trial schedule of the counsel Plaintiff hired specifically to represent her during the re-opened deposition. Ultimately, the deposition was scheduled for August 9, 2023, but was then rescheduled after the Court entered a stay of the case so that the parties could pursue mediation and settlement negotiations. The stay ended on September 16, 2023, and Defendants promptly rescheduled Plaintiff's deposition for a final time for October 12, 2023, after again accommodating the schedule of Plaintiff's counsel.

Four months after her original motion for a protective order was denied, Plaintiff now seeks for this Court to reconsider its June 1, 2023 order, ECF No. 237. For the reasons set forth below, the Court should once again deny her request for a protective order.

# LEGAL STANDARD[1]

"The Federal Rules of Civil Procedure do not specifically contain a 'motion for reconsideration.'" *Wiseman v. First Citizens Bank & Trust Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003). "Such motions, however, are allowed in certain, limited circumstances." *Id.* at 509. "It is improper to file a motion for reconsideration simply to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "A motion for reconsideration would be appropriate where:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ... [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare."

*Wiseman*, 215 F.R.D. at 509 (quoting *Above the Belt, Inc.,* 99 F.R.D. at 101).

# ARGUMENT

Plaintiff has failed to establish, as she must, that the Court made any of the "rare" errors needed to justify reconsideration of a prior motion. *See Wiseman*, 215 F.R.D. at 509. Her motion for reconsideration should therefore be denied.

### I. Plaintiff's relevance argument provides no legal basis for this Court to reconsider its prior decision.

Plaintiff's first argument in support of her request for a protective order is that the testimony Defendants seek to obtain at Plaintiff's re-opened deposition is not relevant to any claim or defense in this litigation. ECF No. 272-1 at 9-17. Plaintiff's mere rehashing of her prior arguments is insufficient to establish that this Court should reconsider its prior decision.

---

[1] Although Plaintiff accurately quotes from Federal Rule of Civil Procedure 26, she fails to address the governing legal standard for motions for reconsideration, which applies here given that the Court has already denied her prior motion for a protective order on this very topic. *See* ECF No. 272-1 at 9 (discussing only the legal standard under Rule 26).

3

Plaintiff made this exact same argument back in May, although she chose to redact much of it from the docketed filing opposing Defendants' motion. *See* ECF No. 226. In any event, her argument is as wrong now as it was then. As Defendants previously explained, this line of inquiry is highly relevant because *if* Plaintiff engaged in any potential violation of law or unethical conduct, even if that conduct falls short of violating her particular bar's rules of professional responsibility, that conduct may preclude her reinstatement at the Federal Defender's Office for the Western District of North Carolina ("FDO"), given the high standards required for such government service. *See* ECF No. 219 at 8-9. Plaintiff repeatedly claims that the conduct she testified about at her deposition does not establish that she violated the law or engaged in unethical conduct. But the precise contours of that conduct are currently known only to Plaintiff—not to Defendants or this Court. That is why Defendants seek to depose Plaintiff—under oath—to ascertain the underlying facts and assess for themselves (and, if appropriate, to allow this Court to assess) whether there was any violation of law, rules of professional conduct, or general ethical obligations.

More to the point, Plaintiff has not met the high burden needed to show that this is one of the "rare" circumstances in which the Court should reconsider its prior decision. *Frankum v. Boston Scientific Corp.*, 2015 WL 3514327, at *2 (W.D.N.C. 2015). For example, Plaintiff has not shown that the Court has "patently misunderstood" her, "or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Carlson v. Boston Scientific Corp.*, 2015 WL 5732107, at *1 (W.D.N.C. 2015) (quoting *N. Carolina ex rel. Cooper v. Tennessee Valley Auth.*, 2008 WL 2115159, at *2 (W.D.N.C. May 16, 2008)), *aff'd Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (affirming district court and applying the law-in-the-case standard to warrant reconsideration: "a court may revise an interlocutory order under the same circumstances it may depart from the law of the case: (1) 'a subsequent trial produc[ing]

substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'") (citing *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)).

Put differently, Plaintiff's "[m]ere disagreement" with the Court's determination that this deposition testimony is relevant to this litigation "is insufficient to support a motion for reconsideration[.]" *Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 820 (E.D. Va. 2019) (internal quotation marks and citations omitted); *see also id.* at 822 (denying motion for reconsideration that was "merely an attempt to reassert arguments previously before the Court and disagree with the Court's ruling in this matter"). Plaintiff here makes no showing, and certainly has failed to meet her burden to establish, that the Court committed "clear error causing manifest injustice," *Carlson*, 856 F.3d at 326, or "patently misunderstood" her position, or that the Court made any of the other sort of "rare" errors that would warrant reconsideration, *Wiseman*, 215 F.R.D. at 509. Accordingly, her motion for reconsideration should be denied.

## II. Plaintiff's argument that the Court denied her an opportunity to be heard and violated the rules of civil procedure is baseless.

Next, Plaintiff presumes that, simply because the Court allowed Defendants to file their motion to strike and compel Plaintiff's deposition testimony under seal but denied Plaintiff's motion to seal her opposition to Defendants' motion, it ruled "without even considering her arguments, and based only on information provided by Defendants." *See* ECF No. 272-1 at 20. Plaintiff's speculation about the Court's decision-making process is unfounded. The denial of Plaintiff's motion to seal her opposition alone does not show that the Court did not appropriately consider these issues or review the relevant briefing, nor does it show that the Court failed to consider her unredacted motion for a protective order, ECF No. 227.

In addition to Plaintiff's redacted opposition to Defendants' motion, the Court also had Plaintiff's May 8, 2023 letter providing her privilege assertions, *see* ECF No. 219-2, Plaintiff's on-the-record deposition testimony, *see* ECF No. 219-1, Plaintiff's motion for a protective order, *see* ECF No.

5

227, and her own motion to seal, ECF No. 228. This case is a far cry from *Morgan v. United States*, on which Plaintiff's Motion heavily relies, in which the Secretary of Agriculture ruled against the plaintiffs without "having read or considered the briefs which the plaintiffs submitted," and based only on information "he derived from consultation with employees of the Department." *See* 298 U.S. 468, 478 (1936). The Court here had ample briefing from *both* parties, and Plaintiff had her opportunity to be heard through the numerous motions and briefs she has filed. *See, e.g.*, ECF Nos. 226-228.

Moreover, while Plaintiff complains that the denial of her motion to seal was unfair, *see* ECF No. 272-1 at 20-22, as Defendants previously explained, filing under seal was *only* necessary to protect against disclosure of information over which Plaintiff herself had asserted privilege "until the Court has resolved the dispute and determined whether the information is or is not privileged." *See* ECF No. 213 at 3-4. Plaintiff failed to provide any additional case law for sealing information concerning the conduct she testified about at her deposition and instead relied on Defendants' reasoning. ECF No. 228 at 1 (asking for her own motion to seal to be granted "for the same reasons" set forth in Defendants' motion, ECF No. 213). Indeed, she failed to independently raise in her own motion either the Federal Rule or Local Rule she now claims barred the Court from denying her request to seal, despite presumably being amply aware of both Rules as a North Carolina barred attorney at the time of filing. *See id.* Regardless, it is unclear how Plaintiff's dissatisfaction with the Court's prior ruling on her motion to seal would justify this Court reconsidering its denial of her request for a protective order. Plaintiff "may not use [her] motion for reconsideration to get a proverbial 'second bite at the apple[]'" by raising new issues at this late date. *See CMDS Residential, LLC v. Mayor & City Council of Balt.*, 2022 WL 3447898, at *1 (D. Md. Aug. 17, 2022) (quoting *Broadvox-CLEC, LLC v. AT&T Corp.*, 98 F. Supp. 3d 839, 850 (D. Md. 2015) (citations omitted) (rejecting attempt to raise new arguments in motion for reconsideration that could have been raised in the party's original motion). After the Court determined the information at issue was not privileged, the Court reasonably denied Plaintiff's

6

overbroad request to seal the entire subject matter, and Plaintiff has not met her burden to show that the Court should reconsider its prior decision here. *See CMDS Residential*, 2022 WL 3447898, at *1.

In sum, Plaintiff's baseless conjecture about the Court's decision-making process falls short of meeting her burden to show that the Court's decision was made "outside the adversarial issues presented to the Court by the parties." *Carlson*, 2015 WL 5732107 at *1 (internal quotation marks and citations omitted). Because Plaintiff has not set forth any basis under the applicable standard to warrant reconsideration of its prior denial of Plaintiff's motion for a protective order, her motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff has not demonstrated that this is one of the rare instances where a motion for reconsideration should be granted. The Court rightly denied Plaintiff's prior motion for a protective order in the first instance, and there is no basis to overturn that decision now.

Dated: September 30, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel
MADELINE MCMAHON
*/s/ Danielle Young*
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*