IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**PLANTIFF'S NOTICE OF INTENT TO FILE A REPLY TO DEFENDANTS'
"RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS AND
OTHER PRETRIAL STATEMENT SUBMISSIONS"**

On September 29, 2023, well after any objections to the parties' exhibits and deposition designations were due on September 25, 2023, Defendants filed a purported "response" to Plaintiff's objections claiming that the 14-day deadline for serving objections to pretrial submissions that is set forth in Federal Rule Civil Procedure 26(a)(3) somehow does not apply in this case. ECF No. 274. Notably, Defendants did not specify any "different time" that this Court ordered for serving objections, because this Court in fact did not order a "different time." When this Court intends to order a different time than the default 14-day rule set in Rule 26(a)(3), it does so clearly and in writing, and with notice to all parties, as indicated in the following example:

> (11) a list of the proposed exhibits (photographs, documents, instruments, and all other objects) in numerical order. Those exhibits to be introduced without objection shall be identified by a single sequence of numbers and those items to which a party reserves the right to object shall be identified by a single sequence of capital letters in the following form: A-Z,AA-AZ,BA-BZ,etc, regardless of which party is offering the exhibit.

> This material shall be filed electronically with a courtesy copy to the deputy clerk, no later than the first Monday of the month preceding the trial month. A party who intends to object to any proposed exhibit or witness shall give written notice to all parties setting forth the basis for the objection and file said notice, electronically, with the clerk on or before the date of the final pretrial conference. October 29, 2019 .

1

*See United States v. Myrlene Charles*, ECF No. 40, No. 1:18-cv-11535-WGY.

In this example, the Court ordered that the list of proposed exhibits be filed "no later than the first Monday of the month preceding the trial month" and that any objections be filed "on or before the date of the final pretrial conference." *Id.* There is no comparable language in this Court's order following the final pretrial conference of July 27, 2023. *Compare* Entry Order Dated September 19, 2023 ("Counsel are instructed to meet and confer to create a single exhibit list with agreed to exhibits given numbers and any objected to exhibits given letters (A-Z, AA, AB, AC etc.)"), *with Charles* Order ("[Numbered and lettered list of exhibits] shall be filed electronically with a courtesy copy to the deputy clerk, no later than the first Monday of the month preceding the trial month."). More specifically, in this case, the Court clearly choose not to set a different deadline for serving objections, including the possible option that "[a] party who intends to object to any proposed exhibit or witness shall give written notice to all parties setting forth the basis for the objection and file said notice, electronically, with the clerk on or before the date of the final pretrial conference" specified in the order. *See Charles* order. Indeed, after the final pretrial conference occurred and the stay for mediation was lifted, on September 19, 2023, the Court specifically entered, in writing, a pretrial order confirming that there was no other deadline for serving objections. *See* Entry Order Dated September 19, 2023.

Absent an order from the Court setting a different time for serving objections, the federal rules are crystal clear: "[I]f a party properly makes his or her Fed. R. Civ. P. 26(a)(3) pretrial disclosures of documents and exhibits, then the other side has fourteen days in which to file objections. Failure to do so waives all objections other than under Rules 402 or 403, unless the court excuses the waiver for good cause. This means that if the opposing party does not raise authenticity objections within the fourteen days, they are waived." *Lorraine v. Markel Am. Ins.*

*Co.*, 241 F.R.D. 534, 553 (D. Md. 2007). If Defendants were uncertain about the deadline contained in the Federal Rules of Civil Procedure, they could have sought clarification *before* the deadline passed. And if Defendants' "response" is an attempt at seeking a "redo" of this requirement and setting a new deadline that was not contained in this Court's prior pretrial order—and which has already passed—then it is blatantly improper without a motion containing a showing of "manifest injustice." *See* Fed. R. Civ. P. 16(e).

Contrary to Defendants' assertions, Plaintiff is prepared to meet and confer "to create a single exhibit list with agreed to exhibits given numbers and any objected to exhibits given letters (A-Z, AA, AB, AC etc.)," as this Court ordered during the pretrial conference. Entry Order Dated September 19, 2023. But the parties cannot meet and confer to create a single exhibit list, and resolve objections where possible, without knowing which exhibits are "objected to" as contemplated by Rule 26(a)(3)'s requirement that the parties serve and file objections within 14 days. The same principle applies to deposition designations. *Id.* The Court did not suspend either of these requirements contained in the Federal Rules of Civil Procedure. Indeed, Defendants' apparent belief that they can serve objections any time "before trial," ECF No. 274, at 2, would undermine the rule's purpose to "significantly expedite the presentation of evidence at trial," Fed. R. Civ. P. 26, Advisory Comm. Notes (1993). Rather, it would make trial preparation unmanageable, as it would be impossible to prepare for the presentation of evidence and prepare motions *in limine* without knowing the other party's objections, if any.

Pursuant to this District's local rules, Plaintiff intends to file a reply to Defendants' "Response" addressing their unfounded assertions more comprehensively. Between September 28 and 29, 2023, Defendants submitted three separate filings signed by three different attorneys, all of which warrant a substantive response. ECF Nos. 274, 275, 276. Without the assistance of

3

Case 1:20-cv-00066-WGY   Document 277   Filed 10/02/23   Page 3 of 5

Plaintiff's legal team, her remaining counsel are working as expeditiously as possible to respond to Defendants' filings. In any event, this Court has sufficient information to reject Defendants' assertion that they were not required to serve objections within the 14-day deadline set forth in Rule 26(a)(3), because the Court plainly did not order a different time, as explained above.

This the 2nd day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

                                                 */s/ Cooper Strickland*
                                                 Cooper Strickland
                                                 N.C. Bar No. 43242
                                                 P.O. Box 92
                                                 Lynn, NC 28750
                                                 Tel. (828) 817-3703
                                                 cooper.strickland@gmail.com

5

Case 1:20-cv-00066-WGY   Document 277   Filed 10/02/23   Page 5 of 5