IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## PLAINTIFF'S NOTICE OF INTENT TO FILE A REPLY TO DEFENDANT'S "RESPONSE TO PLAINTIFF'S MOTIONS TO SEAL"

Defendants have filed a response to Plaintiff's Motions to Seal claiming that "th[is] Court has already determined that no privilege applies to the information she seeks to withhold." ECF No. 275, at 1. Defendants blatantly misquote this Court's order and omit the portions which directly contradict their arguments, and in doing so, seemingly double down on the type of quotation altering and misrepresentations that led to the motion for sanctions in the first place. This Court's order of June 1, 2023 states: "The Fifth Amendment *privilege has not been waived* and may be asserted during any further discovery or trial proceedings." ECF No. 233, at 2 (emphasis added). In discussing this Court's order, Defendants selectively quote this sentence by omitting the words recognizing that (1) the Fifth Amendment privilege is, indeed, a "privilege," and (2) that the Fifth Amendment privilege "*has not been waived*" in this litigation. *See* ECF No. 275, at 2 (discussing the "Fifth Amendment" while omitting the word "privilege" and omitting the words "has not been waived" when quoting the Court's order). Defendants' arguments that this Court "determined that no privilege applies" and that the Fifth Amendment privilege has been "waived" are directly contrary to this Court's prior order.

1

Defendants' misrepresentations render their argument against sealing meritless. It is a basic principle that privileged materials are subject to sealing, because otherwise, the privilege would not be protected. *See, e.g.*, *Wilcox v. Bibin*, 2:15-CV-00261-EJL-REB, 2016 U.S. Dist. LEXIS 23349, 2016 WL 740396, at *3 (D. Idaho Feb. 24, 2016) ("When privileged materials must be filed in a case, and the privilege has not been waived, courts generally find compelling reasons to overcome the strong presumption in favor of public access exist sufficient to warrant sealing those materials." (citations omitted)); *Parsons v. Andrews*, No. 5:13-CT-3125-FL, 2019 U.S. Dist. LEXIS 53532, at *13 (E.D.N.C. Mar. 29, 2019) (denying motion to unseal "privileged attorney-client communications" and warning parties that moving to unseal could waive privilege). That is why the sealing procedure in Federal Rule Civil Procedure 26(b)(5)(B) exists. Moreover, the Motion to Strike to which Plaintiff's motions refer was ordered sealed and remains sealed, confirming that the material cannot be discussed in a public filing. *See* ECF No. 219.

Pursuant to this District's local rules, Plaintiff intends to file a reply to Defendants' "Response" addressing their unfounded assertions more comprehensively. Between September 28 and 29, 2023, Defendants submitted three separate filings signed by three different attorneys, all of which warrant a substantive response. ECF Nos. 274, 275, 276. Without the assistance of Plaintiff's legal team, her remaining counsel are working as expeditiously as possible to respond to Defendants' filings. In any event, in light of Defendants' concession that the conduct that they alleged in their Motion to Strike "falls short of violating [Plaintiff's] particular bar's rules of professional responsibility" (as well as the national ethical standard), ECF No. 276, at 4, and therefore cannot possibly be in "violation of law" either, this Court has sufficient information to conclude that Defendants engaged in sanctionable conduct by misrepresenting the governing law

and failing disclose controlling adverse authority, regardless of how it rules on the motions to seal.

This the 2nd day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com