IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| UNITED STATES, *et al.*, | ) |
| Defendants. | ) |

**PLANTIFF'S NOTICE OF INTENT TO FILE A REPLY TO DEFENDANTS' "OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR A PROTECTIVE ORDER"**

In their Response opposing Plaintiff's Renewed Motion for a Protective Order, Defendants effectively concede that they have no plausible basis, in law or fact, for the allegations they made in their Motion to Strike: "As Defendants previously explained, this line of inquiry is highly relevant because if Plaintiff engaged in any potential violation of law or unethical conduct, *even if that conduct falls short of violating her particular bar's rules of professional responsibility*, that conduct may preclude her reinstatement at the Federal Defender's Office for the Western District of North Carolina ("FDO"), given the high standards required for such government service." ECF No. 276, at 4 (emphasis added). Defendants concede that the alleged conduct "falls short of violating [Plaintiff's] particular bar's rules of professional responsibility," (as well as the national ethical standard), as they must, based on controlling adverse authority that they failed to disclose to this Court. *Id.* Defendants specifically represented to this Court and opposing counsel that this alleged conduct is unethical for an attorney. *See, e.g.*, ECF No. 219, at 8–9. This representation was false and misleading, as Defendants now must concede.

1

Moreover, if this conduct does not violate the rules of professional conduct, then it defies belief to imagine how it could be in "violation of law" or "unethical." Even as Defendants attempt to posit some sort of hypothetical violation (*i.e.*, "*if* Plaintiff engaged in any potential violation of law or unethical conduct"), notably, they have asserted no plausible theory of what the violation could be, regardless of the purported "contours" of the alleged conduct. ECF No. 276, at 4. Basic ethical standards prohibiting reckless and unfounded allegations against an opposing party, as well as rules of procedure and conduct prohibiting frivolous contentions made without reasonable inquiry, prohibit this type of groundless and misleading speculation with no plausible basis in law or fact (and without disclosing controlling adverse authority that fatally undermines the allegations). *See* ECF No. 270-1, at 13–19.

Defendants' conduct raises continuing concerns about their failure to comply with the duty of candor to this Court. Indeed, it appears that Defendants' strategy in responding to Plaintiff's motions is to invite this Court to deny her motion to seal without reviewing her filings, again, so that Defendants' misrepresentations to this Court and opposing counsel can escape further scrutiny. In particular, Defendants' contention that there is no need "to second-guess" the Court's prior decision—which was based on Defendants' own misrepresentations to the Court— is unethical, as it plainly violates the duty to correct prior misrepresentations made to the Court. ECF No. 276, at 1. Defendants' attempt to evade scrutiny of their conduct based on perceived hyper-technicalities (motion to "renew" versus "reconsider") is baseless and concerning. The misrepresentations of law that Defendant have already conceded—including their failure to disclose applicable rules of professional conduct confirming the exact opposite of what they have alleged, that in fact, this conduct does *not* violate the rules of professional conduct—are equally troubling as their baseless implication that the alleged conduct involves a "potential violation of

2

Case 1:20-cv-00066-WGY    Document 279    Filed 10/02/23    Page 2 of 4

law," which is contradicted by controlling precedents from the relevant jurisdictions that Defendants are still failing to disclose to this Court.

Pursuant to this District's local rules, Plaintiff intends to file a reply to Defendants' "Response" addressing their unfounded assertions more comprehensively. Between September 28 and 29, 2023, Defendants submitted three separate filings signed by three different attorneys, all of which warrant a substantive response. ECF Nos. 274, 275, 276. Without the assistance of Plaintiff's legal team, her remaining counsel are working as expeditiously as possible to respond to Defendants' filings. In any event, in light of Defendants' concession that the conduct that they alleged in their Motion to Strike "falls short of violating [Plaintiff's] particular bar's rules of professional responsibility," ECF No. 276, at 4, and their failure to provide any plausible basis to explain how it could otherwise be "unethical" or in "violation of law," this Court has sufficient information to deny Defendants' request to reopen Plaintiff's deposition and grant her a protective order in accordance with Fed. R. Civ. P. 26(b)(1)–(2), (precluding discovery that is not "relevant to any party's claim or defense"), and Fed. R. Civ. P. 26(c) (permitting protective order "for good cause" to protect against "annoyance, embarrassment, oppression, or undue burden or expense").

This the 2nd day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

                                             */s/ Cooper Strickland*
                                             Cooper Strickland
                                             N.C. Bar No. 43242
                                           P.O. Box 92
                                           Lynn, NC 28750
                                           Tel. (828) 817-3703
                                           cooper.strickland@gmail.com