# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### ASHEVILLE DIVISION

| | | |
|---|---|---|
| CARYN DEVINS STRICKLAND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **Civil No. 1:20-cv-00066-WGY** |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFF'S NOTICE OF OBJECTION TO *SUA SPONTE* TRANSFER OF TRIAL LOCATION TO CHARLOTTE DIVISION

During the final pretrial conference on July 27, 2023, this Court notified the parties that a five-day trial will be held in this case. *See* Entry Order Dated September 19, 2023. The Court also notified the parties, for the first time, that it may hold the trial in the Charlotte Division of the Western District of North Carolina, notwithstanding the fact that this suit is pending in the Asheville Division, Plaintiff's choice of forum. *See* ECF No. 1.

More specifically, the Court stated:

> I know [Plaintiff would] prefer to do this in Asheville [sic]. We are going to go wherever the Western District of North Carolina tells us to go, that is to say it looks like we're going to be in Charlotte. . . . [I]t looks like you're going to be in a courtroom in Charlotte. . . . They have a very heavy criminal workload, I understand from the clerks there, and, um, again this is an important case, important to the litigants and beyond the litigants, but it is a civil case and the criminal cases comes [sic] first.

ECF No. 262, at 24.

This statement was made near the conclusion of the final pretrial conference and in the context of a discussion regarding deposition designations. Recognizing that this case was filed in the Asheville Division, the following exchange occurred:

1

Mr. Strickland: As far as deposition designations though, will Ashville [sic] control? Because that's the division that controls where the –

The Court: What do you mean "Will Ashville [sic] control?"

Mr. Strickland: It's the location of the courthouse for the 100-mile rule.

The Court: I don't know the answer to that question, that's something that can be researched.

Mr. Strickland: Well we've been relying on this case would be tried in Ashville [sic].

The Court: Well it was filed in the Ashville [sic] division.

ECF No. 262, at 24–25.

At the time of the final pretrial conference, no motion was pending before the Court requesting to hold the trial in the Charlotte Division. Further, the Court did not request the parties' consent before *sua sponte* announcing that the trial location could be changed. Because any *sua sponte* change of trial location to the Charlotte Division would be contrary to statute, Plaintiff hereby provides notice of her objection. *See* 28 U.S.C. § 1404(b).

A plaintiff is entitled to choose the venue in which to bring suit so long as the requirements of 28 U.S.C. § 1391 are met. *See Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009) (discussing "the general rule of deference to the plaintiff's chosen forum" and "[t]he historical tradition that the plaintiff is the master of the forum and is empowered to choose the court system and venue in which litigation will proceed" (citation omitted)). Here, Plaintiff filed suit in the Asheville Division of the Western District of North Carolina. ECF No. 1. Plaintiff's choice of venue has never been challenged by Defendants. To the contrary, Defendants reaffirmed in the parties' joint pretrial memorandum, filed in this Court on July 25,

2

2023, that "Defendants' witnesses and counsel are fully prepared to appear in person in the Asheville Division of the Western District of North Carolina."  ECF No. 259, at 103.

A court's authority to change the location of a trial or hearing is governed by 28 U.S.C. § 1404.  A review of that statute reveals that none of its provisions authorize a *sua sponte* change of trial location to the Charlotte Division, instead of the Asheville Division where the suit was filed and remains pending.  ECF No. 1.

First, the Court has not ordered a transfer of venue under 28 U.S.C. § 1404(a), nor have any of the parties requested such a transfer.  Put simply, this case remains pending in the Asheville Division.  Even if the Court's statements could be construed as a transfer in venue, the Court did not provide Plaintiff with any notice or opportunity to be heard before potentially authorizing a *sua sponte* transfer.  *Sweigert v. Goodman*, No. C/A: 2:18-1633-RMG-BM, 2018 U.S. Dist. LEXIS 159237, at *7–8 (D.S.C. Aug. 29, 2018) ("[b]ecause the Court has raised the issue of transfer of venue *sua sponte*, before transferring the case the Plaintiff must be given an opportunity to be heard" and "have had the opportunity to brief the issue").  Nor did the Court analyze the required factors under Section 1404(a), including Plaintiff's strong interest in maintaining her choice of forum.  *See Jth Tax, Inc. v. Callahan*, No. 2:12cv691, 2013 U.S. Dist. LEXIS 84684, at *8 (E.D. Va. June 5, 2013) (discussing 1404(a) factors, including "(1) the plaintiff's initial choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice" and explaining that among these factors, "a plaintiff's choice of venue is given substantial weight as '[i]t is well settled that a court should rarely disturb a plaintiff's choice of forum unless the balance of hardships clearly favor transfer . . . .'").  A *sua sponte* transfer without prior notice would be especially prejudicial because the last-minute change to a division where Plaintiff does not live, which would require nearly four hours

3

of commuting each day of trial, would cause substantial hardship.  Further, the Court's order potentially undermines the choices Plaintiff made about witnesses and presentation of evidence, which were based on the reasonable assumption that the trial would be held in the Asheville Division, where she filed suit.  *See, e.g.*, ECF No. 262, at 24 (Plaintiff's counsel's statements regarding the fact that Plaintiff made her deposition designations based on the assumption that the case would be tried in Asheville).[1]  The fact that the Court did not announce this *sua sponte* potential change until after the parties filed their pretrial memorandum and finalized their witness lists further heightens the prejudice to Plaintiff.  By contrast, Defendants and their witnesses would not be inconvenienced by maintaining the Asheville forum, and, in fact, have stated that they "are fully prepared to appear in person" in Asheville.  ECF No. 259, at 103.

Second, Section 1404(b) allows "any action, suit or proceeding of a civil nature or any motion or hearing thereof" to be transferred to another division in the same district "[u]pon motion, consent or stipulation of all parties."  28 U.S.C. § 1404(b).  This provision also does not authorize a *sua sponte* transfer of trial location.  The statutory language is clear that, unlike Section 1404(a), the Court has no authority to invoke this provision *sua sponte*.  *See Lead Indus. Ass'n v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (explaining that § 1404(b) "contains the

---

[1] Defendants did not object to any of Plaintiff's deposition designations within the time allowed under Fed. R. Civ. P. 26(a)(3)(B), which states that "any objections to the use under Rule 32(a) of a deposition designated by another party" must be made "[w]ithin 14 days" after the party's pretrial disclosures.  Following the conclusion of the stay on September 19, 2023, any objections to deposition designations were due on September 25, 2023.  *See* ECF No. 269 (notice of Plaintiff's objections); *see also* ECF No. 261 (order granting stay for mediation and stating that "all existing deadlines . . . will resume with the same amount of time that was pending on today's date" after the stay concludes).  Because Defendants did not serve any objections by that date, Plaintiff's deposition designations are admitted without objection.  ECF No. 259, at 116.  Nonetheless, Plaintiff anticipates that Defendants may attempt to raise untimely objections or otherwise improperly reset deadlines provided in court orders and rules.  *See* ECF No. 274, at 2–3.  Entertaining their untimely requests would be severely prejudicial to Plaintiff.

4

provision that transfer may be ordered '(u)pon motion, consent or stipulation of all parties,'"

unlike Section 1404(a), which "contains no such limitation"); *I-T-E Circuit Breaker Co. v.

Becker*, 343 F.2d 361, 363 (8th Cir. 1965) (discussing "limiting language" of Section 1404(b), in

contrast with the power to *sua sponte* transfer venue under Section 1404(a)).  Rather, a transfer

under this section can be made only "[u]pon motion, consent or stipulation of all parties."  28

U.S.C. § 1404(b).  Here, no motion for a transfer of the trial location was made, and there would

be no basis for such a motion given that Defendants have already confirmed they are prepared to

appear in Asheville.  Moreover, Plaintiff does not consent to a transfer.  Because there is no

motion, consent, or stipulation of all parties, transfer cannot be ordered under Section 1404(b).

Finally, the remaining provisions of Section 1404 do not apply.  Section 1404(c)

authorizes a district court to order a civil action "to be tried at any place within the division in

which it is pending," but the Charlotte courthouse is not within the Asheville Division, where

this suit is pending.  And Section 1404(d) applies to transfers to the districts of Guam, the

Northern Mariana Islands, and the Virgin Islands, which are not implicated here.

In short, no statutory provision authorizes a *sua sponte* transfer of the trial location to the

Charlotte Division.  Plaintiff hereby objects to any potential transfer.

This the 2nd day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

6