# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### ASHEVILLE DIVISION

| | | |
|---|---|---|
| CARYN DEVINS STRICKLAND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **Civil No. 1:20-cv-00066-WGY** |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLANTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' "MOTION TO SET TRIAL DATE"

Plaintiff hereby opposes Defendants' "Motion to Set Trial Date." ECF No. 265. There is no need to "set" a trial date in this matter because this Court's order of August 10, 2023 already set a trial start date. This Court's order states that Plaintiff's claims "will promptly be addressed as soon as possible." Entry Order of August 10, 2023. And it specifies the following: "Should this case not resolve through mediation, [the deliberate indifference] issue and the due process claims will be promptly addressed as soon as possible following notification that mediation has been unsuccessful or the expiration of 45 days from September 5, 2023 *whichever shall first occur.*" *Id.* (emphasis added). The Court was notified that mediation was unsuccessful on September 18, 2023. *See* ECF Nos. 265, 266. Therefore, this Court's order sets an outer limit of October 20, 2023, which is 45 days from September 5, 2023, as the start of trial for this case.

Further, the parties jointly agreed, and this Court ordered, that "all existing deadlines" would be stayed for 45 days for mediation, and, if mediation were unsuccessful, "after 45 days, will resume with the same amount of time that was pending" on August 2, 2023, the day the stay was entered. ECF No. 261. On August 2, 2023, there were 29 days remaining in the reopened

1

discovery period set by this Court on June 1, 2023. ECF No. 233, at 3 (stating that "[t]he discovery authorized herein and earlier from Chief Judge Gregory shall be completed by August 31, 2023"). The Court's June 1, 2023 order further stated that "[t]he pendency of such discovery shall not be raised by any party as a ground for delay in . . . scheduling the trial." *Id.* Thus, the remaining discovery period of 29 days—after the stay lifted on September 19, 2023—is set to expire on October 17, 2023.[1] Accordingly, because any further discovery "shall not be raised . . . as a ground for delay," *id.*, the trial in this case must begin between October 18, 2023—after the reopened discovery period expires—and October 20, 2023, the outer date for trial stated in this Court's August 10, 2023 order. Plaintiff is preparing for trial accordingly.

The plain text of this Court's orders must be given full meaning and effect. Defendants' proposal in their motion to "set" a trial date *after* October 20, 2023 is inconsistent with this Court's orders. ECF No. 265, at 1. Indeed, against the backdrop of this Court's August 10, 2023 order, Defendants' motion to "set" a trial date is actually a motion to extend the trial date that this Court previously ordered. Plaintiff opposes Defendants' attempt at delay.

This case has been pending for more than three years, since March 2020, and for more than a year since the case was remanded from the Fourth Circuit on June 21, 2022. Plaintiff's motion for a preliminary injunction has been pending for well over a full year, since July 27, 2022. ECF No. 125. On October 18, 2022, the Fourth Circuit ordered that this Court must rule "prompt[ly]" on Plaintiff's motion for a preliminary injunction. ECF No. 156. Indeed, a trial

---

[1] The order entering the stay was issued on August 2, 2023. ECF No. 261. Under Rule 6, because the 45th day of the stay fell on a Saturday, the last day of the stay was Monday, September 18, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that in computing time, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Thus, the first day after the 45-day stay lifted was Tuesday, September 19, 2023. *See id.*

date of October 18, 2023 would be exactly one *full year* since the Fourth Circuit issued its order

anticipating a "prompt" ruling from this Court. *Id.* Defendants' request for delay is inconsistent

with the statutory mandate that "the Court *shall expedite* the consideration of . . . any action for

temporary or preliminary injunctive relief," 28 U.S.C. § 1657(a) (emphasis added), and the

corresponding federal rule that "[t]he court *must* give priority to actions entitled to priority by a

federal statute," Fed. R. Civ. P. 40 ((emphasis added)). Any further delay would also be

inconsistent with the Fourth Circuit's ruling ordering a "prompt" ruling on the preliminary

injunction, ECF No. 156, and this Court's order stating that Plaintiff's claims "will be promptly

addressed as soon as possible," Entry Order Dated August 10, 2023.

       This the 2nd day of October, 2023.

                              Respectfully Submitted,

                              */s/ Cooper Strickland*

                              Cooper Strickland
                              P.O. Box 92
                              Lynn, NC 28750
                              Tel. (828) 817-3703
                              cooper.strickland@gmail.com

                              *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2023, I will electronically file the foregoing with

the Clerk of Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

/s/ Cooper Strickland
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

4