# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S THIRD SET OF DOCUMENT REQUESTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by through undersigned counsel, hereby respond to Plaintiff's Third Set of Document Requests:

Defendants' objections and responses are based on information known to Defendants at this time and are made without prejudice to additional objections should Defendants subsequently identify additional grounds for objection. The information submitted herewith is being provided in accordance with the Federal Rules of Civil Procedure, which generally permit the discovery of matters not privileged that are relevant to the claims or defenses in this civil action, and that is proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1). Accordingly, Defendants do not, by providing such information, waive any objection to its admissibility on the grounds of relevance, proportionality, accessibility, materiality, or any other appropriate ground. Defendants reserve the right to supplement or revise any of these specific objections and responses.

## OBJECTIONS AS TO DEFINITIONS AND INSTRUCTIONS, AND OTHER OBJECTIONS THAT APPLY TO ALL DOCUMENT REQUESTS

1.     The following General Objections apply to and are incorporated in each individual response.

1

paragraphs of the complaint. As written, this request could be read to require Defendants to conduct hundreds of separate searches regarding specific allegations, not all of which are likely to shed light on Plaintiff's extant claims. To the extent that Plaintiff does not intend for Defendants to address every paragraph identified separately, the request is vague in that Defendants have no way to determine what Plaintiff is actually seeking.

Defendants further object to this request as repetitive to the extent it seeks documents also responsive to Plaintiff's fifty-nine other requests for production.

Subject to and without waiving the foregoing objections, Defendants will produce non-privileged documents or the non-privileged portions of documents responsive to this request identified after a reasonable search for documents.

**Document Request No. 3**: All text messages, emails, or other communications, including, but not limited to, those on work and personal devices, concerning the specific allegations contained in the civil complaint.

**Objections and Response to Document Request No. 3**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this request as overbroad, and not proportional to the needs of the case because it asks for all communications "concerning" allegations made in over 500 separate paragraphs of the complaint, some of which are not pertinent to Plaintiff's legal claims. As written, this request could be read to require Defendants to conduct hundreds of separate searches regarding specific allegations, not all of which are likely to shed light on Plaintiff's claims. To the extent that Plaintiff does not intend for Defendants to address every paragraph identified separately, the request is vague in that Defendants have no way to determine what Plaintiff is actually seeking.

5

Defendants further object to this request as repetitive to the extent it seeks documents also responsive to Plaintiff's fifty-nine other requests for production, including, in particular, Document Request No. 2.

Defendants further object to Plaintiff's request for communications on "personal devices" because Defendants do not have actual possession, custody, or control of these devices, or the legal right to obtain documents on demand from these devices.

Defendants object to this request in its entirety.

**Document Request No. 4**: Documents concerning the joint Chapter IX and X investigation related to Plaintiff's EDR complaint, including, but not limited to, all versions of draft or final reports, investigation notes, recommendations, witness statements, oaths administered, or evidentiary materials.

**Objections and Response to Document Request No. 4**:

Defendants object to this request to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, Defendants object to the request for "all versions of draft" documents to the extent that those drafts are pre-decisional and deliberative, and thus covered by the deliberative process privilege.

Defendants further object to this request to the extent it seeks confidential information protected from disclosure in the absence of a protective order.

Subject to and without waiving the foregoing objections, Defendants will produce non-privileged documents or the non-privileged portions of documents responsive to this request identified after a reasonable search for documents. If any non-privileged and responsive documents contain confidential information that can be produced pursuant to a protective order, Defendants will produce those documents after the entry of a protective order.

6

whether the witness and the plaintiff were treated in a similar manner, and whether the witness and the plaintiff were otherwise similarly situated"). Moreover, Defendants did not, as you assert, "put at issue whether the FDO was a toxic working environment." Letter at 2. As support, you cite one of Defendants' document requests, but that request sought documents related to *Plaintiff's* allegation that the FDO had a "toxic workplace culture of discrimination, harassment, and retaliation." Nor is there any inconsistency between the witness declarations you cite and the fact that FDO employees have at times made unsupported allegations of wrongdoing. Also, the Federal Rules do not authorize discovery into a potential witness's alleged "history of misconduct." Letter at 2.

## Document Request No. 22

Defendants have already produced documents in response to document request number 22, seeking documents "concerning the Federal Defender's request for reappointment and the Fourth Circuit's processing of his request," and we respectfully disagree that any additional documents must be produced. In particular, we disagree with your assertion that "Plaintiff is entitled to all documents relevant to Mr. Martinez's performance as Federal Defender." Letter at 4. This case concerns Plaintiff's claims that she was denied due process and equal protection in connection with her EDR complaint while employed at the FDO. Mr. Martinez's performance as Federal Defender has nothing at all to do with those claims. Also, your speculation that Defendants are withholding comments that may have been submitted anonymously is unsupported and incorrect. Finally, to the extent Plaintiff is seeking internal judiciary reports regarding Mr. Martinez's request for reappointment, such reports are not relevant and are protected from disclosure by the deliberative process privilege because they are predecisional and integral to the Court's decisionmaking process.

## Document Request No. 3

Defendants appropriately objected to request number three on multiple grounds, including because it is overbroad, not proportional to the needs of the case, and repetitive. Your letter states that Defendants should produce "text messages from FDO employees' devices that are relevant to the allegations in this litigation." Letter at 5. As an initial matter, we disagree with your position that Defendants have possession, custody, or control of information contained on federal employee personal devices. *See, e.g., Krishnan v. Cambia Health Sols., Inc.*, 2021 U.S. Dist. LEXIS 137876, at *3-6 (W.D. Wash. July 23, 2021) (finding that information contained on employees' personal devices was not within the possession, custody, or control of the employer even though the plaintiff "provided evidence of text messages between his supervisor . . . and several employees discussing work-related material on their personal devices"); *see also Teague v. Omni Hotels Mgmt. Corp.*, 2020 U.S. Dist. LEXIS 223745, at *9 (W.D. Tex. Aug. 26, 2020) ("[A]n at-will employer generally does not have a right to possess text messages stored on its employees' personal cell phones that is equal to or superior to the rights of the employees who own and have physical possession of the devices.").

In any event, as I explained previously, "despite the lack of an obligation to do so, Defendants have inquired with federal employee custodians about responsive information on their personal devices, and Defendants intend to produce responsive information from that inquiry." Dec. 21, 2022 Ltr. From Joshua Kolsky to Philip Andonian. More specifically, counsel for

Defendants inquired of each of the current federal employee custodians about whether any responsive information is contained on personal devices. Those inquiries resulted in the identification of several responsive text messages, and the non-privileged portions of those text messages have been produced. Defendants are not aware of any additional responsive information contained on personal devices that has not been produced.

**Email Attachment**

You have requested Defendants produce the document with the filename "Team Leader Meeting Minutes_07.20.18.docx," referenced on Bates No. US000027902. Defendants agree to produce all non-privileged portions of that document.

**Document Request No. 23**

Plaintiff has not shown that documents "concerning appellate work measurement data for attorneys employed by the FDO" are relevant to any claim or defense in this case. Letter at 6 (parentheticals omitted). Your letter cites two documents in an attempt to demonstrate relevance, but neither shows that appellate work measurement data is relevant here. Your letter first cites a document that you assert shows Mr. Martinez told Plaintiff she could not do appellate work exclusively "because there was not enough appellate work to support her position." *Id.* But that is not an accurate description of the document. In the document, Mr. Martinez wrote, "If I were to allow you to only work on appeals, it would leave me with only one Research & Writing Specialist to support nine trial attorneys." Bates No. US00001785.

You also state that "the record confirms that Josh Carpenter and JP Davis discussed Plaintiff's position after Plaintiff reported her concerns about Mr. Davis to Mr. Martinez." Letter at 6 (citing Bates No. US00002796). But that does not show that appellate work measurement data is relevant to any claim or defense in this case.

**Document Requests Nos. 24 and 34**

Regarding request number 24, Defendants have already produced numerous FDO or judiciary policies on non-discrimination and related topics, including but not limited to the FDO Employee Handbook (US00003754), the FDO Personnel Policies and Procedures Manual (US00006672), Volume 12, Chapter 2 of the Guide to Judiciary Policy (US00007370), the Fourth Circuit's EDR Plan (US00003551), the EDR Bench Book for Judges (US00003847), and various training materials on preventing workplace harassment (US00006878, US00006996, US00007105, US00007159, US00007211, US00007250, US00007295, and US00007346). It is unclear what additional documents Plaintiff expects Defendants to produce or why such documents would be discoverable.

As to request number 34, Defendants objected on various grounds including that the request "seeks documents not relevant to Plaintiff's claims in requesting workplace misconduct training and EDR-specific training for individuals not involved in resolving Plaintiff's EDR dispute." RFP Objections at 25. Accordingly, Defendants appropriately agreed to produce only non-privileged portions of documents concerning EDR training provided to Chief Judge Gregory,