IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

### PLANTIFF'S MOTION IN LIMINE TO PRECLUDE ALL WITNESSES NOT DISCLOSED IN DISCOVERY AND TO STRIKE UNDISCLOSED WITNESSES FROM DEFENDANTS' TRIAL WITNESS LIST

Plaintiff Caryn Devins Strickland, by and through undersigned counsel, respectfully moves to preclude Defendants from presenting any witnesses at trial who they did not disclose in their initial disclosures or in response to Plaintiff's discovery requests. Defendants' failure to disclose witnesses was not substantially justified or harmless. By failing to disclose witnesses, Defendants deprived Plaintiff of any adequate notice of who—among the many judiciary officials who could have been potential witnesses in this case—they intended to call at trial. Defendants' nondisclosure violates Rules 26(a) and (e). Under Rule 37(c), Defendants are subject to the "automatic" and "self-executing" sanction that bars them from presenting undisclosed witnesses at trial. In support of this motion, Plaintiff incorporates by reference her objections to Defendants' witness list, filed on September 25, 2023.[1] ECF No. 269. Prior to

---

[1] Plaintiff also incorporates by reference her objection that Defendants failed to disclose which witnesses they intend to call at trial and which witnesses they "may call," in violation of Rule 26(a)(3)(A)(i). ECF No. 269, at 3. Defendants' failure to properly disclose their trial witnesses in the parties' joint pretrial statement compounds the prejudice caused by their failure to disclose witnesses during discovery.

1

filing this motion, Plaintiff requested Defendants' position as required by Local Rule 7.1.  Defendants oppose this motion.

## LEGAL STANDARD

"Pursuant to Rule 26(a)(1)(A), a party, without awaiting a discovery request, must provide 'the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims and defenses.'" *Benavidez v. Burger Bros. Rest. Grp., Inc.*, No. CV 17-200 (DRH) (AKT), 2019 U.S. Dist. LEXIS 56579, at *14–15 (E.D.N.Y. Mar. 29, 2019).  Further, Rule 26(e) requires a party to "supplement or correct its disclosure or response" to a discovery request "in a timely manner" if the disclosure or response is "incomplete." Fed. R. Civ. P. 26(e).  The purpose of these rules "is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs.*, 763 F.3d 385, 396 (4th Cir. 2014); *Benavidez*, 2019 U.S. Dist. LEXIS 56579, at *15 ("The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." (citation omitted)). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(e).

## ARGUMENT

**I.  Defendants Are Barred from Presenting Witnesses They Failed to Disclose in Their Initial Disclosures and Discovery Responses.**

Plaintiff objects to Defendants' witness list for failure to comply with disclosure requirements in discovery under Fed. R. Civ. P. 26(a) and (e).

*First,* some of the witnesses listed on Defendants' trial list were not disclosed in their initial disclosures, including, but not limited to, Ed Smith and Erin Taylor.  Ex. A.  This non-

disclosure plainly violates Rule 26(a).  *See Benavidez*, 2019 U.S. Dist. LEXIS 56579, at *17 ("The case law makes clear that, even if Plaintiffs were aware that these individuals existed, that awareness did not absolve Defendants of their Rule 26(a)(1)(A) disclosure obligation."). Further, Erin Taylor was not disclosed in response to Plaintiff's interrogatory requesting that Defendants identify "persons with knowledge or information relating to the allegations in the civil complaint" until April 17, 2023, only two weeks before discovery closed.  Ex. B.  Many courts have recognized that "the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)." *Benavidez*, 2019 U.S. Dist. LEXIS 56579, at *16 (citations omitted).  Defendants' inclusion of these witnesses on their trial witness list despite their failure to comply with discovery rules is unjustifiable, given that they were well-aware of these witnesses during discovery and there was no excuse for not including them in their discovery responses.  *See Edwards v. City of N.Y.*, No. 08-CV-2199 (FB) (JO), 2009 U.S. Dist. LEXIS 61797, at *6–9 (E.D.N.Y. July 20, 2009) (precluding witnesses that a party did not disclose on initial disclosures and failed to disclose until late in discovery).

    *Second*, Defendants failed to disclose *any* witnesses in response to Plaintiff's interrogatory requesting that Defendants "[i]dentify all persons whom Defendants intend to call as witnesses at trial." Ex. C.  The Fourth Circuit has held that failing to disclose trial witnesses in response to a properly served interrogatory during discovery is sanctionable, even when requiring a response early in discovery initially would be premature.  *See Belk v. Charlotte-Mecklenburg Bd. Of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (upholding sanctions where party failed to "supplement" response to interrogatory requesting trial witnesses "when such information bec[ame] known").  Further, relying on other deadlines, such as court orders or rules, does not supersede a party's obligation to respond to a properly served interrogatory and is

3

not an "excuse for its untimely disclosure of fact witnesses." *Id.* at 348. Because Defendants unjustifiably refused to disclose any witnesses in response to Plaintiff's interrogatory requesting trial witnesses, they should be barred from presenting any witnesses at trial.

In their response to Plaintiff's interrogatory, Defendants claimed that disclosure of trial witnesses would be "premature" while discovery was "ongoing." *Id.* Defendants further represented that they would disclose "information required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the applicable local rules." *Id.* Those rules plainly require that Defendants provide information in response to Plaintiff's interrogatory. *See* Fed. R. Civ. P. 33(b)(1)(A) (stating that "interrogatories *must* be answered by the party to whom they are directed" (emphasis added)); Fed. R. Civ. P. 26(e) (establishing a duty to "supplement or correct" a discovery disclosure or response). The existence of other court rules is not "an excuse for . . . untimely disclosure" in response to a properly served interrogatory. *Belk*, 269 F.3d at 348. And even if an initial response would be "premature," that does not "excuse" a party's failure to supplement the response when the information became known. *Id.* Here, there was no court rule or order that would excuse Defendants' failure to respond to Plaintiff's properly served interrogatory, particularly since Defendants themselves served a nearly identical interrogatory on Plaintiff requesting her trial witnesses. *See* ECF No. 211. Ignoring Plaintiff's interrogatory by characterizing it as "premature," without supplementing the interrogatory during discovery when information became available, is not an option allowed under the applicable precedents or rules. *See Lotz v. Steak N Shake, Inc.*, Civil Action No. 5:19-277-DCR, 2021 U.S. Dist. LEXIS 104356, at *6 (E.D. Ky. June 3, 2021) ("A party's failure to fully investigate its case is not an acceptable excuse for failure to comply with the rule.").

Defendants' failure to timely disclose their witnesses during discovery is highly prejudicial. Given the large number of witnesses identified by Defendants—and their failure to identify which witnesses they will present at trial and which they "may" call—Plaintiff does not have any reasonable notice of the witnesses Defendants will call at trial. Indeed, Defendants identified 22 potential witnesses in response to Plaintiff's interrogatory requesting all "persons with knowledge or information relating to the allegations in the civil complaint," which underscores the prejudice and lack of notice to Plaintiff regarding Defendants' witnesses. Ex. B. The mere fact that Plaintiff was "aware that these individuals existed" does not excuse Defendants' failure to comply with disclosure requirements or lessen the unfair surprise to Plaintiff. *Benavidez*, 2019 U.S. Dist. LEXIS 56579, at *17.

Indeed, it is particularly absurd for Defendants to contend that Plaintiff would not be unfairly surprised by Defendants' belated disclosure of witnesses when their excuse for failing to respond to her interrogatory during discovery was that doing so would be "premature" and that it is "too soon for any determinations about witnesses to be called at trial." Ex. C. If providing a timely response to Plaintiff's interrogatory was "premature" because it was "too soon" for Defendants to make determinations about their trial witnesses, then Plaintiff could not reasonably be expected to make predictions about trial witnesses whom Defendants themselves could not determine. By failing to respond to Plaintiff's interrogatory without any justification, Defendants forfeited their right to present witnesses they failed to disclose during discovery. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . . .").

**II. Defendants' Conduct Establishes the Law of the Case and Mandates that Non-Disclosed Witnesses be Precluded from Trial.**

The conclusion that Defendants are barred from presenting witnesses they failed to disclose in discovery is bolstered by Defendants' objections to Plaintiff's trial witnesses, which were timely disclosed during discovery as required by the rules.

On May 5, 2023, after discovery had closed, Defendants moved to exclude witnesses that Plaintiff had properly disclosed *during the discovery period* in response to their interrogatory requesting her trial witnesses. ECF No. 211. These witnesses were disclosed not only in Plaintiff's interrogatory response, but also in her initial disclosures served in May 2020. *See* ECF No. 220, at 2. Even though Plaintiff complied with all applicable disclosure requirements, Defendants objected and requested that the Court exclude the witnesses or, in the alternative, extend discovery to allow their depositions. This Court granted the motion in part on June 1, 2023, by allowing Defendants' alternative request to depose the witnesses. ECF No. 233, at 1.

This Court must apply the same rule to Defendants that it applied to Plaintiff because it is the law of the case. *See United States v. Moussaoui*, 483 F.3d 220, 232 (4th Cir. 2007) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (citation omitted)). Further, under principles of judicial estoppel, Defendants must be held to the same standard that they advocated to this Court in their filings and benefitted from in obtaining a favorable ruling. *See* ECF No. 211; *see generally Lamonds v. GMC*, 34 F. Supp. 2d 391, 395 (W.D. Va. 1999) ("The Fourth Circuit has clearly held that the doctrine of judicial estoppel bars parties from prevailing as a result of inconsistent positions and representations made in a proceeding during the course of the same litigation." (citing *Zurich Insurance Co.*, 667 F.2d at 1166 (4th Cir. 1982); *United States v. 198.73 Acres of Land*, 800 F.2d 434, 436 (4th Cir. 1986); *Federal Deposition Insurance Corp. v. Jones*, 846 F.2d

6

221, 234 (4th Cir. 1988)). That standard requires sanctions for the non-disclosure of witnesses in response to an interrogatory requiring disclosure of trial witnesses, which is the remedy Defendants themselves advocated to this Court. *See* ECF No. 211, at 1 ("More than six months earlier, Defendants had served an interrogatory asking Plaintiff to identify the witnesses she expected to call at trial, yet Plaintiff waited until the final hours of the discovery period to supplement her interrogatory response with these witnesses. The Federal Rules do not permit such gamesmanship. The Court should exclude the testimony of these belatedly disclosed witnesses from summary judgment and trial."). To conclude otherwise would require granting Defendants preferential treatment and allowing them to "capitalize on [their] noncompliance" with obligations under Rule 26. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 279 (4th Cir. 2005). Because Defendants failed to disclose any trial witnesses in response to Plaintiff's interrogatory, they should be barred from presenting any witnesses at trial.

As explained in greater detail in Section IV, it would be impracticable and prejudicial to grant the alternative of allowing depositions prior to trial. At this late date, and given the large number of potential witnesses on Defendants' trial list, the prejudice to Plaintiff cannot be cured, especially because Defendants still have not even disclosed which witnesses they will present and which they "may call." *Cf. Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996) (explaining that a "continuance would have resulted only in additional delay and would have unnecessarily increased the expense of defending the lawsuit," and "a continuance does not, in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders'" (citation omitted)). Moreover, as explained in other filings, Plaintiff lacks the resources of her prior legal team and the litigation funding to depose witnesses, unless the Court were to order Defendants to pay for the depositions. *See* ECF No. 270-1, at 21; ECF No.

7

215, at 1–2; *see also Benavidez*, 2019 U.S. Dist. LEXIS 56579, at *24 (ordering that the costs of depositions of the defendants' undisclosed witnesses "shall be borne by the Defendants"). In any event, given that discovery has long since closed, the witnesses should be excluded in their entirety.

**III.     The Sanction for Defendants' Failure to Comply with Disclosure Requirements is "Automatic" and "Self-Executing."**

In the parties' joint pretrial statement, Defendants suggested that Plaintiff was obligated to file a "motion to compel" to cure Defendants' failure to name their trial witnesses in response to Plaintiff's properly served interrogatory. ECF No. 259, at 103–04. This assertion gets the burden precisely backwards. "The burden is on the party facing sanctions to prove that its failure to comply with Rule 26(a) was 'substantially justified or harmless.'" *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013). While a party "may move to compel" disclosures or discovery responses, nothing in the rules requires the party to do so. Fed. R. Civ. P. 37(a)(3)(B); *see also Samsung Elecs. Co. v. NVIDIA Corp.*, 314 F.R.D. 190, 198 (E.D. Va. 2016) (citing cases for the proposition that "one party's failure to file a motion to compel did not waive the nondisclosing party's obligation to disclose"). Instead, Rule 37 specifically places the burden on the party responsible for responses and disclosures to "provide information or identify a witness" as required by Rule 26(a), and to "supplement an earlier response" as required by Rule 26(e). Fed. R. Civ. P. 37(c)(1).

"The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs.*, 763 F.3d 385, 396 (4th Cir. 2014). Therefore, "[u]nder Rule 26(e), a party who has made a Rule 26(a) disclosure or responded to discovery must provide timely supplementation 'if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or

8

corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *Id.* (quoting Fed. R. Civ. P. 26(e)(1)(A)). "Pursuant to Federal Rule of Civil Procedure 37, a party who fails to comply with the disclosure requirements of Rule 26(a) or the supplementation requirement of Rule 26(e) 'is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Id.* (quoting Fed. R. Civ. P. 37(c)(1)). As the commentary to Rule 37 explains, "[t]his automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion." Fed. R. Civ. P. 37(c), Advisory Comm. Notes (1993). Indeed, this sanction is both "automatic" and "self-executing." *Id.*

Accordingly, it was not Plaintiff's obligation to file a motion to compel to force Defendants to comply with the discovery rules because those rules place an "automatic" and "self-executing" sanction for failure to comply. *See Citibank (S.D.), N.A. v. Savage (In re Savage)*, 303 B.R. 766, 773 (Bankr. D. Md. 2003) ("Those unanswered interrogatories that sought the [defendant's] identification of witnesses . . . resulted in the [defendant] being precluded from . . . calling any witness other than himself to testify on his behalf"). To conclude otherwise would allow a party to "capitalize on his noncompliance with the court's rules." *Saudi*, 427 F.3d at 279. When Defendants failed to name any trial witnesses in response to Plaintiff's interrogatory—in contrast to Plaintiff, who provided a list of trial witnesses during discovery, which she later supplemented pursuant to Rule 26(e)—they subjected themselves to the "automatic" and "self-executing" sanction that all witnesses who they failed to disclose during discovery would be excluded at trial. *See* Fed. R. Civ. P. 37(c).

9

**IV.     No Lesser Sanction than Exclusion Would be Appropriate.**

In determining sanctions under Rule 37(c), the Court considers "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The burden of establishing these factors lies with the nondisclosing party. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

In this case, all of these factors favor exclusion of the late-disclosed witnesses. First, there was no reasonable justification for Defendants not to disclose witnesses in their initial disclosures or in response to Plaintiff's interrogatory requesting disclosure of Defendants' trial witnesses. The fact that Defendants served an interrogatory on Plaintiff requesting disclosure of her trial witnesses, to which she timely responded during discovery, demonstrates that Defendants were aware that such an interrogatory was fair game and proper. Indeed, Defendants themselves enforced this timeliness standard by moving for sanctions against Plaintiff when she disclosed that she may call certain trial witnesses on the last day of discovery, in response to Defendants' disclosure of relevant evidence late in the discovery period. *See* ECF No. 220, at 1 (explaining that Defendants had not disclosed crucial discovery that affected Plaintiff's decision whether to list the individuals as potential trial witnesses until April 19, 2023). Under these circumstances, it would be fundamentally unfair, and result in a double standard, to allow Defendants to present witnesses at trial who they did not disclose in their discovery responses.

In addressing a similar situation, the Court in *Benavidez* reasoned as follows:

> Defendants were unequivocally aware that the undisclosed witnesses had discoverable information on which Defendants plan

10

> to rely at trial. The Court finds inexplicable the omission of the non-party witnesses from Defendants' response to Plaintiffs' first interrogatory which clearly asked the Defendants to identify their trial witnesses. There was no trickery or confusion in the wording of that interrogatory. The irony is not lost on the Court that Defendants rely emphatically on their interrogatory responses to support their motion, and yet the most relevant interrogatory response does not support Defendants' arguments.

*Benavidez*, 2019 U.S. Dist. LEXIS 56579, at *22. The Court should apply the same reasoning here.

Second, Plaintiff would be prejudiced by the nondisclosure. The Fourth Circuit has held that "presentation of such a lengthy witness list on the eve of trial" to the plaintiffs "was prejudicial." *Belk*, 269 F.3d at 348. That is because the plaintiffs "would have had no opportunity to depose the witnesses, much less properly prepare for trial." *Id.* Here, Plaintiff was able to depose some of individuals whom Defendants ultimately listed as trial witnesses in the joint pretrial memorandum filed on July 25, 2023, but she could not possibly depose all of the 22 individuals they named as having information relevant to the case because of limitations imposed by the rules of civil procedure and the parties' "Revised Joint Statement and Proposed Case Management Schedule." *See* Fed. R. Civ. P. 30(2)(A); *see also* ECF No. 132, at 8 ("The parties agree that each side should be allowed to take 10 depositions."). Moreover, Plaintiff had no reason to suspect that certain individuals, such as Erin Taylor, would be listed as witnesses, given that she was not named in Defendants' initial disclosures and was never disclosed as an individual with relevant information until late in discovery. Had Defendants properly disclosed their trial witnesses during discovery, Plaintiff could have made strategic decisions regarding how to prioritize depositions and discovery requests accordingly, including whether to depose Mr. John Parke ("JP") Davis, Mr. Joshua ("Josh") Carpenter, Mr. William ("Bill") Moormann, and Ms. Erin Taylor. *See* ECF No. 259, at 107–08 (identifying non-party witnesses who were

11

not disclosed as trial witnesses until July 25, 2023 and who were not previously deposed). Indeed, Defendants' failure to disclose trial witnesses is especially prejudicial in combination with their failure to disclose their factual and affirmative defenses during discovery, including reliance on an after-acquired evidence defense that they still have not asserted in their pleadings. *See* ECF No. 282 (motion to preclude after-acquired evidence defense). Had Defendants disclosed the bases for their defenses during discovery, Plaintiff would have sought additional depositions and discovery, including regarding FDO employees whom she did not depose, to rebut the defense. *See id.* Further, Defendants' late disclosure of trial witnesses has prejudiced Plaintiff's ability to "properly prepare for trial." *Belk*, 269 F.3d at 348. Defendants did not disclose any trial witnesses to Plaintiff before naming 13 individuals in the parties' joint pretrial submission. ECF No. 259, at 107. Even now, Defendants have not disclosed which witnesses they will present and which witnesses they "may call." *See id.* The late disclosure of such a large witness list self-evidently prejudices Plaintiff's ability to prepare for trial.

Third, Plaintiff will not be able to cure the surprise, particularly since there is a pattern "of improper conduct" of non-disclosure in discovery. *Belk*, 269 F.3d at 348. Indeed, this case involves a clear pattern of non-disclosure in violation of the rules. As discussed above, Defendants failed to disclose the bases for their defense in their Answer or in discovery, even in response to Plaintiff's specific discovery requests for this information. Similarly, as described in Plaintiff's Motion in Limine to Exclude Defendants' Expert Testimony, *see* ECF No. 285, Defendants failed to disclose hundreds of pages of required expert disclosures—including the facts and data considered by the experts, the communications with their experts regarding the bases for their opinion, and information regarding compensation of the experts—until September 27, 2023. This late disclosure of expert materials came nearly four months after the expert

12

disclosure deadline of June 1, 2023, ECF No. 287, and two months after any supplementation of expert disclosures was due as part of the parties' pretrial disclosures, *see* Fed. R. Civ. P. 26(e)(2) ("Any additions or changes to [the expert disclosures] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."). Further, Plaintiff served an interrogatory specifically requesting this information, including, for example, "all documents which the expert reviewed to form opinions," on March 31, 2023. Defendants failed to provide the materials in response to Plaintiff's interrogatory, even though they served an identical interrogatory on Plaintiff and threatened to file a motion to compel if she did not provide her front pay expert's materials by May 19, 2023, which was before the expert disclosure deadline of June 1, 2023. *See* Email Dated May 17, 2023 ("We think Defendants are clearly entitled to receive responsive documents and that there is no legitimate basis for Plaintiff to delay production."). Defendants' late disclosures almost exclusively contain material that they possessed prior to the June 1, 2023 expert disclosure deadline, with the exception of certain information, like invoices submitted in September 2023. There is no justification for Defendants not to timely disclose this material, particularly when they demanded the same disclosures from Plaintiff under threat of a motion to compel.

Defendants' pattern of failing to disclose required information in discovery is severely prejudicial because it prevents Plaintiff from adequately preparing for trial. The plain text of Rules 26 and 34 requires disclosure of these materials. There is no justification for Defendants' failure to disclose the materials, particularly since they recognized the importance of those materials in demanding them from Plaintiff. *See* ECF No. 211 (Defendants' motion to sanctions to exclude Plaintiff's trial witnesses); Email Dated May 17, 2023 (Defendants' demand for Plaintiff's expert materials). As the Fourth Circuit has explained, the "importance of the

evidence" "must be viewed from the perspective of both parties." *S. States Rack & Fixture*, 318 F.3d at 598 (citation omitted). The fact that witnesses or testimony might be important to a party's case "also points out why it should have been disclosed in a timely manner" to the opposing party. *Id.* Defendants' conduct is part of a pattern of failing to comply with discovery rules and enforcing a double standard on Plaintiff that they refuse to comply with themselves, including, but not limited to, the above examples. Deterrence of this conduct is necessary to "prevent[] surprise and prejudice" to Plaintiff, *S. States Rack & Fixture*, 318 F.3d at 596, and is "essential to a proper management of this case," *Belk*, 269 F.3d at 348.

Finally, less drastic sanctions than exclusion would not be effective. Specifically, "granting a continuance to accommodate" Defendants' belated disclosure of witnesses "would . . . significantly disrupt[] the trial." *S. States Rack & Fixture*, 318 F.3d at 598. This case involves a consolidated trial on Plaintiff's preliminary injunction motion, which has been pending for well over a year, since July 27, 2022. ECF No. 125. In October 2022, the Fourth Circuit ordered that this Court must rule "prompt[ly]" on Plaintiff's motion for a preliminary injunction. ECF No. 156; 28 U.S.C. § 1657 ("[E]ach court of the United States shall determine the order in which civil actions are heard and determined, *except that the court shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief.*" (emphasis added)); Fed. R. Civ. P. 40 ("Each court must provide by rule for scheduling trials. *The court must give priority to actions entitled to priority by a federal statute.*" (emphasis added)). On August 10, 2023, this Court entered an order stating that Plaintiff's "will promptly be addressed as soon as possible." Entry Order of August 10, 2023. Specifically, the Court stated: "Should this case not resolve through mediation, [the deliberate indifference] issue and the due process claims will be promptly addressed as soon as possible following notification that mediation has been

14

unsuccessful or the expiration of 45 days from September 5, 2023 *whichever shall first occur.*" *Id.* (emphasis added). The Court was notified that mediation was unsuccessful on September 18, 2023. *See* ECF Nos. 265, 266. Therefore, this Court's order sets an outer limit of October 20, 2023, which is 45 days from September 5, 2023, as the start of trial for this case.

Given the imminency of the trial date and the need to decide this case expeditiously, it would be infeasible and severely prejudicial to order further discovery as an alternative sanction for Defendants' non-disclosure of witnesses. *See Barrett*, 95 F.3d at 381 (rejecting a continuance that "would have resulted only in additional delay" in the lawsuit); *cf. Benavidez*, 2019 U.S. Dist. LEXIS 56579, at *23 (allowing "a very limited" reopening of discovery because "a trial date has not been set and the prejudice to the Plaintiffs can be offset to a degree here"). As this Court has stated, any further delay would be severely prejudicial to the "private interest" of Plaintiff, whose lost earnings "are going to be affected by the time we take to adjudicate" this case, and the "appropriate public interest in resolving this matter." ECF No. 267, at 12.

## CONCLUSION

This Court should exclude all witnesses who Defendants failed to disclose in discovery. The Court should also strike Defendants' undisclosed witnesses from their pretrial submission.

This the 2nd day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

15

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
