IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

### PLANTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS' EXPERT WITNESSES AND TO STRIKE DEFENDANTS' EXPERT WITNESSES FROM DEFENDANTS' TRIAL WITNESS LIST

Plaintiff Caryn Devins Strickland, by and through undersigned counsel, respectfully moves to preclude Defendants' expert witness testimony and reports from trial and to strike the experts from Defendants' witness list. This motion is made on two separate grounds.

*First*, Defendants' experts must be precluded to the extent that their testimony and expert reports relate to an affirmative defense of failure to mitigate, which has been stricken from this case. *See* Entry Order Dated September 21, 2022 (order striking all affirmative defenses); ECF No. 206 (order denying affirmative defense of failure to mitigate). Any expert testimony regarding an affirmative defense that has been stricken necessarily would be irrelevant to any claim or defense in this litigation.

*Second*, Defendants experts should be precluded because Defendants failed to make required disclosures in discovery—including communications with the experts regarding the bases for their opinion and the documents the experts relied on—until September 27, 2023, nearly four months after the expert disclosures deadline of June 1, 2023, and two months after any supplementation of expert disclosures was due on July 25, 2023, when the parties' pretrial

1

disclosures were made. See ECF No. 259. Defendants' failure to provide the required expert disclosures is not substantially justified or harmless. Defendants oppose this motion.

**I.     Defendants' Experts Must be Precluded to the Extent that Their Testimony Relates to an Affirmative Defense of Failure to Mitigate, which is Not Part of This Case.**

   **A.     Expert Testimony Must be Relevant to be Admissible.**

"[T]o be admissible, expert testimony must be both relevant and reliable." *Garlinger v. Hardee's Food Sys.,* 16 F. App'x 232, 235 (4th Cir. 2001) (unpub.). "The relevance inquiry assures that the expert's proposed testimony will 'assist the trier of fact to understand the evidence or to determine a fact in issue' as required by Fed. R. Evid. 702." *Id.* (quoting *Daubert v. Merrell Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993)). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* (quoting *Daubert*, 509 U.S. at 591). For this reason, courts exclude expert testimony that does not relate to issues in the case. *See id.*

   **B.     Defendants' Expert Testimony Related to "Earnings Capacity" is an Improper Attempt to Reassert an Affirmative Defense that was Stricken.**

This Court granted Plaintiff's motion to strike all of Defendants' affirmative defenses and denied Defendants' motion for leave to amend their Answer to assert an affirmative defense of failure to mitigate. *See* Entry Order Dated September 21, 2022 (order striking Defendants' affirmative defenses); ECF No. 206 (order denying motion to assert affirmative defense of failure to mitigate losses); ECF No. 210 (Defendants' First Amended Answer with no affirmative defenses); ECF No. 259, at 99 (Parties' Joint Pretrial Statement) ("Any requested amendments to the pleadings. None."). Defendants are therefore barred from presenting any evidence relating to an affirmative defense that they did not raise in their pleadings. *See Jones-El v. Godert*, No. 2:18 CV 65 JMB, 2021 WL 633760, at *2 (E.D. Mo. Feb. 18, 2021) ("[A]s with other affirmative

defenses, failure to plead mitigation of damages as an affirmative defense results in a waiver of that defense and its exclusion from the case . . . .").

Even though failure to mitigate losses is not an affirmative defense in this case, Defendants disclosed an expert report from Dr. Robert W. Jackson, who is described as an expert "in the field of vocational rehabilitation," regarding what he describes as Plaintiff's "[e]arning capacity." *See* Ex. A. There can be no dispute that Dr. Jackson's expert report relates exclusively to an affirmative defense of failure to mitigate, as its stated conclusion is that "it appears [Plaintiff] is not willing to attempt to mitigate her claimed damages." *Id.* This asserted opinion is irrelevant to any claim or defense in this case. Allowing its admission would be severely prejudicial, in part, because Plaintiff relied on this Court's rulings and did not conduct discovery on this defense, as she has explained in prior filings in this Court:

> Plaintiff has not performed an exhaustive search for documents relevant to mitigation efforts, nor has she served comprehensive mitigation-related discovery requests on Defendants, including attempts to secure other judiciary employment. Such discovery could be revealing as to whether Defendants retaliated against Plaintiff, or otherwise damaged her reputation, by treating her with hostility when she applied for other judiciary employment. *See* Ex. B (emphasis added) (email from Frank Johns, the Clerk of Court for the WDNC, stating, "YEA! **That is one more off the chess board!**" in reference to Plaintiff withdrawing her application to be a pro se law clerk and response from Heather Beam, the EDR Investigator, stating, "**Yep — I think she would have been a true pain in the you know what :)**".

ECF No. 204, at 4–5. It would be severely prejudicial to allow Defendants to belatedly assert an affirmative defense during trial after that defense was stricken as "untimely" during discovery. *See* ECF No. 206 (order denying motion to amend "as untimely").

In any event, Dr. Jackson's report is also unreliable and unhelpful in illuminating the issues before this Court because it misapplies the law regarding the duty to mitigate. The basic

3

conclusion of Dr. Jackson's report appears to be that because Plaintiff has excellent credentials, law school graduates from her university make high salaries, and the national employment rate is low, Plaintiff could relocate or change fields to make more money, including by working at "big law firms in major cities." *Id.* Because Plaintiff continues to work in indigent criminal defense, the same field she was working in during her employment at the FDO, and because she is unwilling to relocate from her home to a "major cit[y]," the report concludes that "she is not willing to attempt to mitigate her claimed damages." *Id.* The report's assumptions about the duty to mitigate contravene established precedent that the mitigation inquiry must account for the plaintiff's "economic and personal circumstances." *U.S. Equal Employment Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d 131, 149 (4th Cir. 2017). To show a failure to mitigate, an employer must prove "there were substantially equivalent jobs available in the relevant geographic area." *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 15 (1st Cir. 1999). Moreover, the mitigation inquiry focuses on a plaintiff's "next best employment" comparable to the employment that was lost, not whether the plaintiff could have pursued employment in a more lucrative field. *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1231 (7th Cir. 1995).

Dr. Jackson's report misapplies these standards and fundamentally misunderstands the nature of indigent criminal defense work, which is compensated at the same rate by the state regardless of whether the individual is in a rural or urban area. Further, his report fails to account for the unique hurdles that Plaintiff faces in pursuing comparable employment. As explained in Plaintiff's prior filing:

> Defendants have not articulated what employment they believe Plaintiff should have pursued in her chosen field that would offer compensation comparable to what she would have received at the Federal Public Defender office. Indigent criminal defense is a highly specialized workforce for individuals, like Plaintiff, who demonstrate a commitment to this type of work. Outside of the

4

> Federal Public Defender office, there are no comparably compensated opportunities in this field. State public defenders are not highly compensated, and North Carolina, like many states, relies heavily on court-appointed attorneys to represent indigent criminal defendants. *See* Off. of Indigent Def. Servs., N.C. Gen. Assembly, Ann. Rep. of the Comm. on Indigent Def. Servs., July 1, 2020 – June 30, 2021 (2022), https://webservices.ncleg.gov/ViewDocSiteFile/24319. Thus, it is not unusual for attorneys, like Plaintiff, to make a career consisting of court-appointed indigent criminal defense work.
>
> Defendants previously asserted that Plaintiff could pursue "certain private sector lawyer jobs," which they did not identify. ECF No. 176, at 5. But there is no "private sector" work in the indigent criminal defense field, by definition, because such work requires an appointment by the court. Moreover, Plaintiff would have significant difficulty practicing in federal court in North Carolina. The ethics department of the North Carolina Bar has advised that because she brought a legal complaint against the Fourth Circuit as her former employer, she cannot appear before the Fourth Circuit unless "all the parties and the court" — including the U.S. Attorney's Office and Defendant the Fourth Circuit — consent. Ex. C. Defendants' assertion, that Plaintiff's continued efforts to pursue comparable work in her chosen field based on the opportunities available to her is a "failure to mitigate," is unreasonable and fails on its face.

ECF No. 204, at 5–6. In short, Dr. Jackson's report and testimony relate exclusively to a defense of failure to mitigate that is not part of this case and misapplies relevant legal standards in any event. Therefore, Dr. Jackson should be excluded and stricken from Defendants' witness list.

Additionally, Defendants disclosed a report from Dr. Paul F. White, which relies, in part, on Dr. Jackson's report and incorporates his report as the basis for Dr. White's opinion. Specifically, Dr. White criticizes Plaintiff's front pay expert's report for failing "to consider mitigating earnings capacity," based on "the vocational report of Robert W. Jackson as an evaluation of potential mitigating earnings by Plaintiff." ECF No. 250-1, at 5–6 (Ex. B). But this criticism is misplaced, because the affirmative defense of failure to mitigate was not properly raised by Defendants and was therefore stricken from this case. Therefore, Plaintiff's

5

front pay expert did not need to consider potential mitigating earnings in calculating a front pay award. In any event, Dr. White's characterization of Plaintiff's continued attempts to pursue work in her chosen field as "a personal choice to become a self-employed contract attorney" and his apparent conclusion that her salary should be compared to "the median starting salary for Duke Law graduates," regardless of her chosen field of practice, demonstrates a misapplication of settled legal principles similar to Dr. Jackson's report. To the extent that Dr. White's report and testimony relate to an affirmative defense of failure to mitigate, which was stricken from this case, it should be precluded from trial. Dr. White's testimony should be limited to the front pay calculation issue that is properly before the Court.

**II.     Defendants' Experts Should be Excluded Based on their Failure to Disclose Required Expert Materials in Discovery.**

    **A.     Courts are particularly stringent in excluding experts whose materials were not properly disclosed under Rule 26.**

Federal Rule Civil Procedure 26 "imposes specific requirements for the disclosure of expert testimony during the discovery period." *Carr v. Deeds*, 453 F.3d 593, 601 (4th Cir. 2006). When a party "is retained or specially employed to provide expert testimony in the case," the disclosure of the witness's identity "must 'be accompanied by a written report prepared and signed by the witness,'" which includes, *inter alia*, "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions;" and "the compensation to be paid for the study and testimony." *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(B). These required disclosures "must be supplemented when required under Rule 26(e)(1)." *Id.* Further, "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

6

Case 1:20-cv-00066-WGY   Document 285   Filed 10/02/23   Page 6 of 12

In addition, "Federal Rule of Civil Procedure 34 requires production of documents within thirty days after service of a request for production and requires the parties to timely supplement incomplete responses." *Zurich Am. Ins. Co. v. Hardin*, No. 8:14-cv-775-T-23AAS, 2020 U.S. Dist. LEXIS 41206, at *6 (M.D. Fla. Mar. 10, 2020). This disclosure requirement includes document requests related to expert discovery. *See id.*

As the Fourth Circuit has explained:

> Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case. For this reason, "[w]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)".

*Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278–79 (4th Cir. 2005) (citation omitted).

### B. Defendants failed to disclose required expert materials in discovery without any justification, and their belated disclosures are not harmless.

According to the parties' agreed-upon revised discovery schedule and the order of this Court dated February 23, 2023, the deadline for expert disclosures in this case was June 1, 2023. ECF No. 187 ("[E]xpert disclosures, if any, are to be made by June 1, 2023."). Further, this Court's order made clear that any expert discovery should not "delay the September 2023 trial readiness date." *Id.* In compliance with this schedule, Plaintiff timely disclosed her front pay expert's report on March 15, 2023, and her workplace investigations expert's report on June 1, 2023. *See* ECF No. 248-1, at 19, 24 (expert reports). Plaintiff also timely disclosed the accompanying disclosures that were required by Rule 26(a), as well as the documents requested by Defendants in their requests for production. Further, Plaintiff supplemented her disclosures as required by Rule 26(e). Plaintiff provided all relevant disclosures, including a revised report from her front pay expert, by the time the parties' final pretrial disclosures under Rule 26(a)(3)

7

were due. *See* Fed. R. Civ. P. 26(e)(2); *see also* ECF No. 259, at 4 ("Pursuant to Fed. R. Civ. P. 26(e), Plaintiff timely disclosed a corrected report from Dr. Albrecht and further disclosures following his deposition, and has included his corrected report in her list of trial exhibits.").

In contrast to Plaintiff, Defendants did not timely provide expert disclosures. On September 27, 2023, Defendants disclosed to Plaintiff hundreds of pages of required expert disclosures, for the first time, including all communications with their experts regarding the bases for their opinions, the documents relied upon by their experts in forming their opinions, and information regarding payment of Defendants' experts. *See* Ex. C (letter regarding expert discovery disclosures). It is indisputable that these materials were required to be disclosed. *See, e.g.*, *Pertile v. GM, Ltd. Liab. Co.*, Civil Action No. 15-cv-0518-WJM-NYW, 2017 U.S. Dist. LEXIS 141088, at *23 (D. Colo. Aug. 31, 2017) ("[T]he drafters of Rule 26(a)(2) wanted to give the parties in litigation the ability to see everything the expert saw when he or she was in the process of formulating an opinion. Only then can the parties be confident that they have everything they need to cross-examine the expert effectively." (citation omitted)). This late disclosure of expert materials came nearly *four months* after the expert disclosure deadline of June 1, 2023, ECF No. 287, and two months after any supplementation of expert disclosures was due as part of the parties' pretrial disclosures, *see* Fed. R. Civ. P. 26(e)(2) ("Any additions or changes to [the expert disclosures] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."). Defendants' late disclosures almost exclusively contain material that they possessed prior to the June 1, 2023 expert disclosure deadline, with the exception of certain information, like invoices submitted in September 2023. There is no justification for Defendants not to timely disclose this material in compliance with Rule 26.

8

Case 1:20-cv-00066-WGY   Document 285   Filed 10/02/23   Page 8 of 12

Moreover, Plaintiff served an interrogatory specifically requesting the information required by Rule 26, and broader disclosures, on March 31, 2023:

> Document Request No. 81: Documents concerning any expert witness whom Defendants expect to call at any hearing or trial in this matter, including, but not limited to, the following:
>
> (a) all written reports,
> (b) all documents which the expert reviewed to form any opinions,
> (c) the most recent resume or curriculum vitae of the expert,
> (d) any list of cases in which the expert has testified as an expert at trial or deposition,
> (e) any communication between Plaintiff or representatives for Plaintiff and the expert (other than communications protected from disclosure by Federal Rule of Civil Procedure 26(b)(4)(c)),
> (f) the current fee schedule for the expert, and
> (g) any bills or invoices generated by the expert in performing expert witness services for Plaintiff in this case.

Ex. D.[1] Defendants failed to provide the materials in response to Plaintiff's interrogatory until September 27, 2023, more than five months after the responses were due on May 1, 2023, pursuant to Rule 34. *See Zurich Am. Ins. Co.*, 2020 U.S. Dist. LEXIS 41206, at *6 (excluding expert disclosures based on belated responses to Rule 34 requests).

Defendants were fully aware of their obligation to disclose this information in discovery. In fact, Defendants served an identical interrogatory on Plaintiff and threatened to file a motion to compel if she did not provide her front pay expert's materials by May 19, 2023, before the expert disclosure deadline of June 1, 2023. *See* Ex. E (Email Dated May 17, 2023) ("We think Defendants are clearly entitled to receive responsive documents and that there is no legitimate basis for Plaintiff to delay production."). There is no justification for Defendants not to timely

---

[1] Plaintiff's document request inadvertently refers to "Plaintiff" instead of Defendant in the body of the request, but it is clear from context that the request is for "any expert witness whom *Defendants* expect to call at any hearing or trial in this matter." *Id.* (emphasis added).

9

disclose the same material, particularly when they demanded the same disclosures from Plaintiff under threat of a motion to compel.

Defendants' failure to disclose these materials was not substantially justified or harmless, as required to avoid sanctions under Fed. R. Civ. P. 37(c). Indeed, Defendants' failure to disclose the materials cannot be considered harmless, since Defendants themselves recognized the importance of these materials in demanding them from Plaintiff. Further, without timely disclosure of the materials, Plaintiff lacks reasonable notice of the bases for the experts' opinions as needed to prepare for trial. With respect to Dr. Jackson, in particular, Plaintiff would have no way of knowing what materials he relied on for his opinions based on the descriptions in his expert report, which vaguely refers to documents such as "E-mails from Strickland," "Personnel Records," and "Pay Records," without identifying these records. Ex. A. Defendants' failure to provide these materials provides an additional basis to strike Dr. Jackson's report and exclude him as a witness, at a minimum.

Moreover, Defendants' failure to disclose required expert information in discovery is part of a clear pattern of non-disclosure in violation of the rules. As discussed in Plaintiff's Motion in Limine to Preclude All Witnesses Not Disclosed in Discovery, *see* ECF No. 284, Defendants failed to timely disclose their trial witnesses in discovery, and they still have not disclosed which of their 13 trial witnesses will be presented at trial and which are "may call" witnesses, in violation of Rule 26. Additionally, as discussed in Plaintiff's Motion in Limine to Preclude Any After-Acquired Evidence Defense, *see* ECF No. 282, Defendants failed to plead an after-acquired evidence defense as affirmative defense in their pleadings or disclose information related to the defense in discovery, resulting in severe prejudice to Plaintiff. Collectively, Defendants' failure to disclose required information in discovery has severely prejudiced

Plaintiff's ability to prepare for trial and is evidence of sandbagging and litigation by ambush. The purpose of the disclosure requirements of the discovery rules "is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs.*, 763 F.3d 385, 396 (4th Cir. 2014). Defendants' pattern of evading the rules is not justified or harmless.

## CONCLUSION

This Court should exclude Defendants' expert witnesses and strike them from Defendants' witness list. At a minimum, the Court should preclude Dr. Jackson as an expert because his report and testimony relate to an affirmative defense of failure to mitigate losses, and the Court should preclude Dr. White's testimony to the extent that it relates to a stricken affirmative defense of failure to mitigate.

This the 2nd day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
