IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil No. 1:20-cv-00066-WGY |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**PLANTIFF'S REPLY IN SUPPORT OF MOTIONS TO SEAL (ECF Nos. 271, 273)**

Along with her motions for a protective order and sanctions, Plaintiff moved to seal information contained in her motions that this Court previously ordered to be sealed and determined was privileged. *See* Entry Order May 19, 2023 ("ORDER granting 213 Consent MOTION to Seal Document. Text of Order: Motion allowed. So Ordered."); ECF No. 233, at 2. After Defendants opposed her motions to seal, Plaintiff filed notice of her intent to file a reply in support of her motions to seal, as authorized by the local rules. ECF No. 278; *see* LCvR 7.1(e) ("A reply to the response to a motion, if any, must be filed within seven (7) days of the date on which the response is served. A reply brief should be limited to a discussion of matters newly raised in the response. If the party making the motion does not wish to file a reply brief, the party must promptly inform the Court and opposing counsel in a filed notice."). Per Local Rule 7.1(e), Plaintiff's reply is due on October 6, 2023, the date of this filing.

On October 4, 2023, before Plaintiff had an opportunity to file her reply, the Court denied her motion to seal on the basis that the motion "does not comport with Local Rule 6.1(c)." ECF No. 286, at 2. On the same date, the Court denied Plaintiff's renewed motion for a protective order without reviewing the material contained in her filing that she had requested to file in

1

redacted form and under seal, similar to the Court's prior ruling denying Plaintiff's motion for a protective order without reviewing her arguments. *See* ECF No. 286 (denying redacted motion because "[t]he grounds raised are obscure at best"); ECF No. 237 (summarily denying Plaintiff's motion for a protective order without reviewing her arguments); ECF No. 238 (summarily denying Plaintiff's unopposed motion to seal material in connection with protective order). Previously, in granting Defendants' motion to seal in conjunction with the same material, the Court did allow Defendants to file materials under seal. ECF No. 219. The Court reviewed Defendants' arguments, but not Plaintiff's arguments, prior to ruling adversely to Plaintiff on her motion for a protective order.

Plaintiff's motion to seal comports with Local Rule 6.1. To begin with, Rule 6.1(c) does not even apply because the basis for the sealing pertains to prior orders issued by this Court ordering information to be filed under seal and ruling that the information is privileged. *See* Entry Order May 19, 2023; ECF No. 233, at 2. In this situation, sealing is governed by Local Rule 6.1(g), which governs "filings subsequent to entry of an order sealing documents." That rule states: "After entry of an order permitting a filing under seal, materials filed pursuant to that order must be filed with a non-confidential description of the materials filed." Plaintiff followed this requirement, and indeed went above and beyond it, by filing a new motion to seal with a non-confidential description of the materials filed. *See* ECF No. 282. Specifically, Plaintiff explained that "the memorandum of law references privileged information, which this Court previously ordered to be filed under seal." *Id.* at 1 (citing ECF No. 233). Plaintiff further explained the procedural history of the motion leading to the Court's order granting the privilege assertion, with specific citations to the record. *Id.* at 1–2. Even though Plaintiff likely did not need to file a new motion to seal, given the Court's prior orders, doing so was prudent because

this Court previously stated that "**[N]othing** is to be filed in court under seal unless and until this Court upon motion expressly so orders." ECF No. 203, at 2; *see id.* (requiring materials filed under seal pursuant to Local Rule 6.1(d) to be "returned to the sender").

Even if Local Rule 6.1(c) applied, Plaintiff also met the requirements of that rule. A motion to seal should be granted when "[i]t appears that the requirements of LCvR 6.1(c)(1) through (4) have been adequately met." *Honeywell Int'l Inc. v. Opto Elecs. Co., Ltd.*, No. 3:21-CV-506-KDB-DCK, 2023 U.S. Dist. LEXIS 85596, at *3 (W.D.N.C. May 16, 2023). That is the case here. As explained in Plaintiff's motion to seal, the material redacted from her motion and requested to be filed under seal pertains to information this Court previously ordered to be filed under seal and held was privileged. Moreover, Plaintiff incorporated by reference the analysis from Defendants' arguments in support of sealing the same material and quoted the following:

> As explained in Defendants' motion to seal, Rule 26(b)(5)(B) provides that "[i]f information produced in discovery is subject to a claim of privilege," a party "may promptly present the information to the court under seal for a determination of the claim." *Id.* at 4. The rule thus "expressly permit[s] a party who has received information that is subject to a claim of privilege 'to present the information to the court under seal for a determination of the claim.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(5)(B) (emphasis added)).

ECF No. 271 (quoting ECF No. 213). As Defendants recognized in their own motion to seal, which this Court granted, "[f]iling the Motion under seal is necessary to protect against disclosure of the information over which Plaintiff has asserted privilege." ECF No. 213, at 3. Further, "[t]here is no alternative to filing the Motion under seal because the Court cannot rule on the privilege assertion without seeing the unredacted copy of the Motion." *Id.* at 3–4. Finally, Defendants stated that "[i]f the Court denies the Motion and upholds Plaintiff's privilege assertion in full, Defendants propose that the Motion remain permanently sealed." *Id.* at 4.

In its order of June 1, 2023, this Court denied Defendants' motion to strike privilege assertion, in part, and concluded that "[t]he Fifth Amendment privilege has not been waived and may be asserted during any further discovery or trial proceedings." ECF No. 233, at 2. The Court also rejected Defendants' request to unseal their motion to strike privilege assertion, which remains under seal. *See* ECF No. 219. Thus, it is clear, at a minimum, that the Court upheld the assertion of the Fifth Amendment privilege in full and ordered the related materials to be sealed.

Under these circumstances, the requirements of Local Rule 6.1(c) are "adequately met." *Honeywell Int'l*, 2023 U.S. Dist. LEXIS 85596, at *3. First, a non-confidential description of the material sought to be sealed—*i.e.*, material that this Court has previously determined was privileged and ordered to be filed under seal—was provided in Plaintiff's motion. LCvR 6.1(c)(1). Second, sealing is necessary to avoid disclosure of privileged information, as Defendants themselves recognized in their motion to seal. LCvR 6.1(c)(2). Third, there is no need for a statement indicating how long the party seeks to have the material maintained under seal because permanent sealing is requested. LCvR 6.1(c)(3). Defendants themselves stated that the material should "remain permanently sealed" if Plaintiff's privilege assertion is upheld. ECF No. 213, at 4. Many courts have recognized that a non-waived privilege is a valid basis to seal information because sealing is necessary to protect the privilege. *See, e.g., Wilcox v. Bibin*, 2:15-CV-00261-EJL-REB, 2016 U.S. Dist. LEXIS 23349, 2016 WL 740396, at *3 (D. Idaho Feb. 24, 2016) ("When privileged materials must be filed in a case, and the privilege has not been waived, courts generally find compelling reasons to overcome the strong presumption in favor of public access exist sufficient to warrant sealing those materials." (citations omitted)); *Parsons v. Andrews*, No. 5:13-CT-3125-FL, 2019 U.S. Dist. LEXIS 53532, at *13 (E.D.N.C. Mar. 29, 2019) (denying motion to unseal "privileged attorney-client communications" and warning parties that

4

moving to unseal could waive privilege). That is equally true when the privilege involves a party's use of the procedures in Rule 26(b)(5)(B) to protect from inadvertent disclosures of privileged information. *See, e.g.*, *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, No. 6:19-cv-1908-Orl-78EJK, 2020 U.S. Dist. LEXIS 182700, at *11 (M.D. Fla. Oct. 2, 2020) (imposing sanctions where party "affirmatively utilize[d]" documents that were subject to Rule 26(b)(5)(B) "to further the ends of their litigation strategy"). Rule 26(b)(5)(B) and the many cases applying it, along with the Court's prior orders granting the privilege assertion and ordering the material to be sealed, constitute "[s]upporting statutes, case law, or other authority" in support of the motion to seal. LCvR 6.1(c)(4).

The Court's order denying Plaintiff's motions to seal places her in a catch-22. If Plaintiff had *not* requested to file the information under seal, she would have risked being held in contempt of court for publicly revealing information that this Court had ordered sealed. *See, e.g.*, *In re Civil Contempt by Doe*, No. 12-mc-0557 (BMC), 2016 U.S. Dist. LEXIS 80882, at *11 (E.D.N.Y. June 20, 2016) (contempt proceeding related to "dissemination of sealed documents"). Further, she would have risked waiver of privileged information, including the very privilege assertion that this Court upheld in concluding that the Fifth Amendment privilege was not waived pursuant to Fed. R. Civ. P. 26(b)(5)(B). ECF No. 233, at 2. Under these circumstances, because the Court denied Plaintiff's motion to seal, Plaintiff cannot file the materials with the Court, compounding the associated denial of her right to be meaningfully heard. *See* ECF No. 272-1, at 18–23.

This the 6th day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
