IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**PLANTIFF'S REPLY TO DEFENDANTS' "RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS AND OTHER PRETRIAL STATEMENT SUBMISSIONS"**

On September 29, 2023, well after any objections to the parties' exhibits and deposition designations were due on September 25, 2023, Defendants filed a purported "response" to Plaintiff's objections claiming that the 14-day deadline for serving objections to pretrial submissions that is set forth in Federal Rule Civil Procedure 26(a)(3) somehow does not apply in this case. ECF No. 274. Notably, Defendants did not specify any "different time" that this Court ordered for serving objections, because this Court in fact did not order a "different time." When this Court intends to order a different time than the default 14-day rule set in Rule 26(a)(3), it does so clearly and in writing, as indicated in the following example:

> (11) a list of the proposed exhibits (photographs, documents, instruments, and all other objects) in numerical order. Those exhibits to be introduced without objection shall be identified by a single sequence of numbers and those items to which a party reserves the right to object shall be identified by a single sequence of capital letters in the following form: A-Z,AA-AZ,BA-BZ,etc, regardless of which party is offering the exhibit.
>
> This material shall be filed electronically with a courtesy copy to the deputy clerk, no later than the first Monday of the month preceding the trial month. A party who intends to object to any proposed exhibit or witness shall give written notice to all parties setting forth the basis for the objection and file said notice, electronically, with the clerk on or before the date of the final pretrial conference. October 29, 2019 .

United States v. Myrlene Charles, ECF No. 40, No. 1:18-cv-11535-WGY ("Charles Order").

1

In this example, the Court ordered that the list of proposed exhibits be filed "no later than the first Monday of the month preceding the trial month" and that any objections be filed "on or before the date of the final pretrial conference." *Id.* There is no comparable language in this Court's order following the final pretrial conference of July 27, 2023. *Compare* Entry Order Dated September 19, 2023 ("Counsel are instructed to meet and confer to create a single exhibit list with agreed to exhibits given numbers and any objected to exhibits given letters (A-Z, AA, AB, AC etc.)"), *with* Charles Order ("[Numbered and lettered list of exhibits] shall be filed electronically with a courtesy copy to the deputy clerk, no later than the first Monday of the month preceding the trial month."). More specifically, in this case, the Court clearly chose not to set a different deadline for serving objections, including the possible option that "[a] party who intends to object to any proposed exhibit or witness shall give written notice to all parties setting forth the basis for the objection and file said notice, electronically, with the clerk on or before the date of the final pretrial conference" specified in the order. *See* Charles Order. Indeed, after the final pretrial conference occurred and the stay for mediation was lifted, on September 19, 2023, the Court specifically entered, in writing, a pretrial order confirming that there was no other deadline for serving objections. *See* Entry Order Dated September 19, 2023.

Absent an order from the Court setting a different time for serving objections, the federal rules are crystal clear: "[I]f a party properly makes his or her Fed. R. Civ. P. 26(a)(3) pretrial disclosures of documents and exhibits, then the other side has fourteen days in which to file objections. Failure to do so waives all objections other than under Rules 402 or 403, unless the court excuses the waiver for good cause. This means that if the opposing party does not raise authenticity objections within the fourteen days, they are waived." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 553 (D. Md. 2007). If Defendants were uncertain about the deadline

contained in the Federal Rules of Civil Procedure, they could have sought clarification before the deadline passed. And if Defendants' "response" is an attempt at seeking a "redo" of this requirement and setting a new deadline that was not contained in this Court's prior pretrial order—and which has already passed—then it is blatantly improper without a motion containing a showing of "manifest injustice." *See* Fed. R. Civ. P. 16(e).

This Court stated numerous times prior to the July 27, 2023 final pretrial conference that the conference was the "final pretrial conference." *See, e.g.*, Minute Entry Order Dated July 25, 2023 ("A final pretrial conference is set for July 27, 2023. A joint pretrial memorandum is due prior to the final pretrial conference."). Pursuant to the Court's order, the parties submitted a "joint pretrial filing" containing the elements of the final pretrial order on July 25, 2023. ECF No. 259. Specifically, the parties' joint pretrial filing contained their respective witness lists, including witnesses to be presented by deposition, and exhibit lists—*i.e.*, the pretrial disclosures required by Federal Rule Civil Procedure 26(a)(3)(A). *See id.* (requiring disclosure of "the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises," the "designation of those witnesses who testimony the party expects to present by deposition," and "an identification of each document or other exhibit . . . separately identifying those items the party expects to offer and those it may offer if the need arises"). Rule 26 further states that "[w]ithin 14 days after" the disclosures are made, a "party may serve and promptly file a list of objections" to the opposing party's deposition designations and *any* objection to the admission of a party's exhibits. Fed. R. Civ. P. 26(a)(3)(B). Any objection "not so made . . . is waived unless excused by the court for good cause." *Id.*

There is nothing ambiguous about the Court's order setting the final pretrial conference, its order requiring a joint pretrial memorandum, or the subsequent requirements triggered under Rule 26(a)(3) by the Court's orders. Indeed, this Court stated during the final pretrial conference that "[t]he whole idea, the whole genius of the Rules of Civil Procedure is to narrow proceedings, not expand them, and having been given ample time and warning, we now know the parameters of how we're going to do this work." ECF No. 262, at 26. As the Court explained, at this stage, the proceedings are supposed to be "narrow[ed]," not "expand[ed]," so that the parties will have "ample time and warning" about the issues to be tried. *Id.* Based on the Court's statements, it was abundantly clear that any pretrial disclosures not made in the joint pretrial memorandum would be waived, and that those pretrial disclosures were, in fact, the pretrial disclosures contemplated by Rule 26(a)(3), thus triggering the 14-day deadline to serve objections to any exhibits or deposition designations.

As Moore's Federal Practice explains: "Final pretrial conferences can present parties with great opportunities and dangers, in part because the judge may make decisions of considerable consequence at these conferences, and in part because these decisions may be modified only to prevent manifest injustice. So the prospect is one of big decisions that are difficult to undo." 3 Moore's Federal Practice – Civil § 16.72 (citation omitted). The treatise further goes on to state the consequences of "undisclosed documents and depositions, and waiver of unlisted objections":

> Another, somewhat less obvious set of risks arises in connection with the final pretrial disclosure obligations that are imposed by Rule 26(a)(3). Any document or deposition testimony that a party has failed to identify in its final pretrial disclosures, pursuant to Rule 26(a)(3), is presumptively excluded from evidence at trial under Rule 37(c)(1). Further, a party may be deemed to have waived any objection (other than under Federal Rules of Evidence 402 or 403)

4

that it does not list within 14 days of an opponent's final pretrial
disclosure of documents and deposition transcripts.

*Id.* (citations omitted).

The rules are equally clear that once a final pretrial order is issued, as it was in this case, the order can be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). This standard is "much stricter" than the standards for amending a pleading earlier in the litigation pursuant to Rules 15 and 16. *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1102 (10th Cir. 2019). The pretrial order is intended to "control the subsequent course of the action." Fed. R. Civ. P. 16(e). "An appellate court should not lightly relieve a litigant from the condign consequences of its failure to list a theory of defense at that critical stage of the proceedings." *Correa v. Hosp. S.F.*, 69 F.3d 1184, 1195 (1st Cir. 1995). Thus, "issues not included in the final pretrial order are generally waived." *Id.* (citing *Ramirez Pomales v. Becton Dickinson Co.*, 839 F.2d 1, 3 (1st Cir. 1988)). "If pretrial orders are to achieve their intended purpose, 'courts and litigants must ordinarily take them seriously.'" *Id.* (citation omitted).

As stated in the Advisory Committee Notes on the 1983 Amendments to Rule 16:

> Counsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue for the court, the right to have the issue tried is waived. Although an order specifying the issues is intended to be binding, it may be amended at trial to avoid manifest injustice. *See* Rule 16(e). However, the rule's effectiveness depends on the court employing its discretion sparingly.

Further, as with Rule 16's requirement of "good cause" to modify a pleading after the deadline set in the scheduling order has passed, a pretrial order (and the deadlines therein) cannot be modified when there is no motion from the party seeking the modification, let alone a showing of "good cause" to amend the Court's prior orders. "[T]he touchstone of 'good cause' under Rule 16(b) is diligence." *Marcum v. Zimmer*, 163 F.R.D. 250, 255 (S.D. W. Va. 1995). A party's

5

failure to act with diligence cannot constitute good cause. *See id.* Specifically, "[t]o show good cause, the moving party must 'show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension.'" *Mitchell v. Trend Setting Designs, Inc.*, No. 1:08cv554, 2009 U.S. Dist. LEXIS 106086, at *8 (W.D.N.C. Oct. 29, 2009) (citation omitted).

For this reason, the Fourth Circuit, consistent with many other courts, has held that where a party had knowledge of an issue at the time of the pretrial conference and failed to identify it in the pretrial order, the party "waives the party's right to have that issue tried." *McLean Contracting Co. v. Waterman S.S. Corp.*, 277 F.3d 477, 480 (4th Cir. 2002); *Koch v. Koch Indus.*, 203 F.3d 1202, 1217 (10th Cir. 2000) ("If the evidence or issue was within the knowledge of the party seeking modification [of the pretrial order] at the time of the [pretrial conference] . . . then it may not be allowed." (quoting 6A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1527, at 287–89 (1990)). The same principle applies to exhibits, witnesses, and deposition designations. *See McBroom v. Ethicon, Inc.*, 341 F.R.D. 40, 44 (D. Ariz. 2022) ("Parties should have similar incentives for creating final pretrial orders [as Rule 16 scheduling orders.] They should recognize that they must diligently prepare for trial and identify all exhibits and witnesses needed for their case."). And this principle also applies to the serving of objections during the time frame required by the rules and court orders. *See Lexington Ins. Co. v. Cooke's Seafood*, 835 F.2d 1364, 1368 (11th Cir. 1988) (holding that it was "well within the trial court's authority to require that objections made be in writing" within the time frame required by the pretrial order); *Lorraine*, 241 F.R.D. at 553 (failure to file objections "waives all objections other than under Rules 402 or 403").

6

Moreover, a court's failure to enforce a final pretrial order is severely prejudicial to the opposing party who relied on the order and complied with deadlines and obligations. As explained by the Ninth Circuit:

> Unless pretrial orders are honored and enforced, the objectives of the pretrial conference to simplify issues and avoid unnecessary proof by obtaining admissions of fact will be jeopardized if not entirely nullified. Accordingly, a party need offer no proof at trial as to matters agreed to in the order, nor may a party offer evidence or advance theories at the trial which are not included in the order or which contradict its terms. Disregard of these principles would bring back the days of trial by ambush and discourage timely preparation by the parties for trial.

*United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981) (footnotes omitted). Conversely, as explained by a district court in emphasizing the importance of diligence, "placing meaningful trial-preparation responsibilities on litigants is not unfair:"

> By the time the court enters the final pretrial order, the parties should have fully informed views about their respective cases. Accordingly, there should be few occasions where the final pretrial order needs to be amended. Moreover, the value of the final pretrial order would be lost if judges did not hold the lawyers to them thereafter. Rule 16(e) memorializes these concerns by providing that the final pretrial order may be modified "only to prevent manifest injustice."

*McBroom v. Ethicon, Inc.*, 341 F.R.D. 40, 43-44 (D. Ariz. 2022) (quoting 1 S. Gensler & L. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary, Rule 16 at 502 (2021) (footnotes omitted)). Thus, Rule 16 should be construed to "reenforce the responsibility of the moving party to have prepared its case for trial." *Id.*

In this case, the Court has scheduled a "further final pretrial conference" for November 16, 2023. ECF No. 288. Because the Court has already held the final pretrial conference in this case and the parties have filed their joint pretrial memorandum naming the exhibits, witnesses,

depositions, and issues for trial, the Court cannot modify the final pretrial order absent a motion containing a showing of "manifest injustice." Fed. R. Civ. P. 16(e).

This the 6th day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

                                        */s/ Cooper Strickland*
                                          Cooper Strickland
                                          N.C. Bar No. 43242
                                          P.O. Box 92
                                          Lynn, NC 28750
                                          Tel. (828) 817-3703
                                          cooper.strickland@gmail.com