IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## PLAINTIFF'S REPLY IN SUPPORT OF HER RENEWED MOTION FOR A PROTECTIVE ORDER

On October 2, 2023, Defendants filed a response to Plaintiff's renewed motion for a protective order, which concedes that the conduct that they alleged in their Motion to Strike does *not* violate the rules of professional responsibility. ECF No. 276, at 4 (conceding that the alleged conduct "falls short of violating [Plaintiff's] particular bar's rules of professional responsibility"). Defendants' concession is directly contrary to their prior representations to this Court and opposing counsel. When Defendants represented to this Court that this alleged conduct was unethical, they failed to disclose to the Court directly controlling adverse authority explicitly stating that such conduct is *not* a violation of the rules of professional responsibility. Nor is it a violation of national ethical standards. Given that this alleged conduct does not even violate the applicable rules of professional responsibility, there is no plausible basis to allege that it is a "potential violation of law" or "unethical." Defendants have provided no plausible legal or factual basis for their allegations.

1

On October 4, 2023, before Plaintiff had an opportunity to file her reply in support of her renewed motion for a protective order as authorized by the Local Rules, *see* LCvR 7.1, this Court denied Plaintiff's motion for a protective order, stating that "[t]he grounds raised are obscure at best." ECF No. 286, at 1. While the Court denied Plaintiff's renewed motion for a protective order on the basis that the grounds for it were "obscure," the Court also denied Plaintiff's motion to submit supporting materials—materials which this Court previously ordered to be sealed and ruled were privileged—under seal. *See* ECF No. 287 (denying motion to seal). In short, the Court did not even review Plaintiff's unredacted filing before concluding that the grounds for her motion were "obscure."

The Court's failure to consider Plaintiff's arguments before ruling against her does not absolve Defendants of their duty of candor. Quite the opposite: it reinforces Defendants' duty to correct their prior misrepresentations of law, to disclose controlling adverse authority, and to ensure that the Court and opposing counsel are not misled by their failure to disclose material law and facts that they are ethically required to disclose.

This the 10th day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

                                             */s/ Cooper Strickland*
                                             Cooper Strickland
                                             N.C. Bar No. 43242
                                             P.O. Box 92
                                             Lynn, NC 28750
                                             Tel. (828) 817-3703
                                             cooper.strickland@gmail.com