IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
|       *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
|       *Defendants*. | ) |

**PLAINTIFF'S MOTION TO SEAL**

Pursuant to Local Rule 6.1, Plaintiff respectfully requests to file a redacted version of her Memorandum of Law in Support of Motion for Reconsideration on the public docket and to file the unredacted version under seal. Plaintiff's memorandum of law is filed at ECF No. 292-1.

The material redacted from Plaintiff's public filing refers to Exhibit P to Plaintiff's summary judgment motion. ECF No. 248-16. Plaintiff previously filed an unopposed motion to seal Exhibit P, which set forth the following grounds for sealing:

> Plaintiff moves to seal Exhibit P filed with her renewed motion for summary judgment, and to file a redacted version of Exhibit P as well as redacted portions of her memorandum in support of summary judgment that references Exhibit P. The basis for sealing is that Exhibit P contains sensitive personnel information pertaining to non-parties in which they have a legitimate privacy interest. *See Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *9 (E.D.N.C. Dec. 11, 2014) (recognizing "the privacy interests in a non-party's personnel file"). Courts within the Fourth Circuit have allowed the sealing of this type of private personnel information at the summary judgment stage. *See id.* Moreover, the individuals referenced in Exhibit P have not waived their right to confidentiality in their personnel information. Thus, sealing of the information is appropriate at this stage of litigation.

1

ECF No. 244, at 1–2.  Plaintiff's prior filing demonstrates that the requirements of Local Rule 6.1 are met.  First, the motion provides a non-confidential description of the material sought to be sealed, which includes confidential personnel information pertaining to third parties in which they have a legitimate privacy interest.  Second, sealing is necessary to protect the privacy interests of the non-parties in their confidential information; if the information is filed publicly, then the privacy interests of those individuals will be compromised.  Third, sealing is sought at the summary judgment stage, which is recognized as appropriate by courts within the Fourth Circuit for this type of material.  *See, e.g.*, *Robinson v. Bowser*, No. 1:12CV301, 2013 U.S. Dist. LEXIS 101194, at *10 (M.D.N.C. July 19, 2013) (allowing party to file "redacted portions" of summary judgment memorandum that "concern sensitive personnel information regarding a non-party DSS employee" because "[s]aid information appears to represent the sort that courts recognize as raising privacy concerns").  Fourth, the supporting authority for the sealing, including citations to supporting precedent, was set forth in Plaintiff's prior motion to seal Exhibit P.  ECF No. 244, at 1–2.

As of the date of this filing, this Court has not ruled on Plaintiff's motion to seal Exhibit P, which was filed on June 1, 2023 with her summary judgment motion.  On July 25, 2023, this Court ruled on the parties' cross-motions for summary judgment without reviewing Exhibit P, which the Court has not allowed to be filed under seal temporarily pending a decision on the motion to seal.  *See* ECF No. 203, at 2 (suspending Local Rule 6.1(d), which allows filing of an unredacted copy under seal, and instructing that "**[n]othing** is to be filed in court under seal unless and until this Court upon motion expressly so orders").  However, this Court did grant Plaintiff's motion to seal Exhibit II to her summary judgment opposition, which, as Plaintiff

explained, "is related to the documents that are contained in Exhibit P to Plaintiff's motion for summary judgment, ECF No. 248-16, and should be sealed for the same reasons." ECF No. 251, at 1; Entry Order Dated June 21, 2023 ("TEXT-ONLY ORDER granting 251 Consent MOTION to seal."). The fact that this Court has already allowed Plaintiff to file under seal materials related to Exhibit P, for the same reasons articulated in her motion to seal, further supports the conclusion that sealing of these materials at this stage of litigation is proper.

Prior to filing this motion, Plaintiff's counsel conferred with Defendants' counsel as required by Local Rule 7.1. Defendants stated the following: "Defendants cannot provide a position on Plaintiff's motion to seal because they have not had the opportunity to review that filing or the specific information sought to be sealed. Defendants note, however, that they have no objection to filing under seal the names of EDR complainants who are not parties to this case or other protected EDR information."

This the 10th day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

/s/ Cooper Strickland
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com