IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND, )
)
    Plaintiff, )
)
v. )
)
UNITED STATES OF AMERICA, *et al.*, )
)
    Defendants. )

## OPPOSITION TO MOTION FOR SANCTIONS AND DISQUALIFICATION OF DEFENDANTS' COUNSEL

Defendants and their counsel take seriously any allegations of misconduct or otherwise inappropriate behavior. Plaintiff's sanctions Motion, however, is without precedent or merit. And the accusations contained therein are just the latest in a series of baseless charges Plaintiff has made during this litigation.[1] Defendants and their counsel reject, in the strongest terms, Plaintiff's accusations that Defendants' and their counsel committed professional misconduct.

The core of Plaintiff's argument is that Defendants "made unfounded allegations" against her in their Motion to Strike Privilege Assertion and to Compel Deposition Testimony, ECF No. 219. *See* Mem. of Law in Supp. of Mot. for Sanctions and Disqualification of Defs' Counsel at 1 ("Motion"), ECF No. 270-1. But rather than making any allegation against Plaintiff, Defendants' motion instead quoted Plaintiff's testimony from her deposition and explained the potential relevance of the further discovery Defendants were seeking on that topic. Indeed, Plaintiff had ███████████

---

[1] As one of many examples, Plaintiff's counsel previously made an *ad hominem* attack against a federal circuit judge, suggesting that he had decided a case in a particular way to influence the outcome of this lawsuit. *See* Mem. & Order at 33 n.8, ECF No. 102. Also, Plaintiff argued on appeal that a reasonable observer could conclude this Court had "manipulated proceedings" and was "biased." Pl.-Appellant's Reply in Supp. of Her Mot. to Vacate or Disqualify, Strickland v. U.S., No. 21-1346, Dkt. No. 126 (4th Cir. Feb. 23, 2022).

1

███████████████████████████████████████████████ but then refused to answer several questions seeking details about ██████████.

Having obtained testimony relating to ████████████████████████ Defendants reasonably (and pursuant to the parties' agreement) asked the Court for permission to re-open Plaintiff's deposition to investigate the ████████████. Defendants did so in an understated manner, redacting much of the contents of their motion to avoid publicly revealing the nature of Plaintiff's testimony. Defendants' motion did not accuse Plaintiff of ████████████████ ████████████. Plaintiff rests the bulk of her argument on a single sentence in Defendants' motion saying, ███████████████████████████████████

████████████████████████████████████████

████████ Motion at 4 (quoting ECF No. 219, at 8) (emphasis added). Far from an accusation, Defendants were properly explaining why additional inquiry into the facts surrounding █████ potentially could be relevant to the case. That is not only not sanctionable, but it is entirely appropriate given the equitable nature of the remedy Plaintiff seeks in this litigation. Moreover, the Court has already recognized the relevance of the discovery Defendants have sought by granting Defendants' request to re-open Plaintiff's deposition on the topic of ██████████, and twice denying Plaintiff's motions for protective orders to block that re-opening. The Court's agreement with Defendants' arguments, on two separate occasions, highlights that a finding of misconduct (let alone bad faith) cannot exist on this record.

Defendants acknowledge and regret that Defendants' filing contained a quotation that was inadvertently attributed to an opinion in which only part of the quotation appeared. Aside from that single inadvertent, essentially typographical error, however, Plaintiff's Motion fails to identify any mistake, error, or inaccuracy—let alone the type of deliberate, bad faith misconduct that would be necessary to justify sanctions under the Court's inherent powers.

2

Ultimately, what Plaintiff asserts as the basis for her sanctions request is nothing more than the norm in litigation, namely the fact that the parties have different perspectives on whether certain discovery is necessary. If this type of disagreement could be grounds for sanctions, then almost every civil lawsuit would lead to sanctions against one side or the other. In short, Plaintiff has advanced no viable basis for sanctioning Defendants or their counsel. For these reasons and the reasons discussed below, the Court should deny Plaintiff's Motion.

## FACTUAL BACKGROUND

Document discovery in this case revealed that Plaintiff made dozens of secret recordings of her colleagues at the Federal Defender's Office ("FDO") and officials at the Fourth Circuit Court of Appeals (including a Federal Judge) while she was an FDO employee. Exs. A, B. Defendants' counsel deposed Plaintiff in this matter on April 25, 2023. During that deposition, Defendants' counsel asked Plaintiff about those recordings. ECF No. 219-1, Ex. A at 131:18-133:17. Defendants' counsel then asked Plaintiff ███████████████████████████████████████████████████████

███████████████████████████████████, and Plaintiff testified as follows:

Q. ███████████████████████████████████████████
███████████████████████
█████
████████████████████████
███████████████████████████
████████████████████████████
███████████████
███████████████████████████████████
█████
████████████████████
████████████████████████████
████████████████

3

███████████████████████████████████████
█████████████████████

*Id.* at 134:4-20.

Later in the deposition, Defendants' counsel asked Plaintiff additional questions on this topic. *Id.* at 166:24-167:1. ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████

███████████████████████████████████████
███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████
█

Defendants' counsel then asked additional questions regarding ███████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

On May 1, 2023, pursuant to the parties' agreement at the deposition, the parties jointly moved for a limited extension of the discovery period to resolve the outstanding privilege issue. ECF No. 208. The parties requested that Plaintiff be given until May 8, 2023 to determine whether to assert privilege, what privilege to assert, and the scope of the privilege, and that Defendants have until May 15, 2023, to challenge any privilege assertion made by Plaintiff with respect to this issue. *Id.* at 3. The

4

parties further proposed that if no privilege assertion was made, or if the Court granted Defendants' challenge to any privilege assertion made with respect to this issue, that Plaintiff's deposition be reopened for a time period not to exceed one hour for the limited purpose of obtaining answers to questions on this topic; or, in the alternative, that Plaintiff be ordered to respond under oath to written questions with respect to this matter. *Id.* The Court granted the parties' motion on May 5, 2023. ECF No. 209.

On May 8, 2023, Plaintiff's counsel sent a letter to Defendants' counsel asserting various privileges over Plaintiff's testimony on this issue, including ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. ECF No. 219-2. Defendants then filed a motion seeking to strike Plaintiff's privilege assertions and compel her testimony on May 15, 2023. ECF No. 219. That motion included the following passage explaining the potential relevance of the sought-after discovery:

> The testimony is not privileged, and it is highly relevant to the litigation because it relates to 

*Id.* at 8-9. The full quotation at the end of that passage was inadvertently attributed to the ▇▇▇▇ decision, even though only the last sentence appeared in ▇▇▇▇▇, and the full quotation appeared in a later district court decision, which itself quoted ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Defendants' motion to strike—including the bulk of the passage quoted above—was redacted to respect Plaintiff's assertions of privilege over the redacted material, because these issues had not yet been adjudicated. ECF No. 212.

Plaintiff opposed Defendants' motion on three grounds, arguing that: (1) Defendants should have taken Plaintiff's deposition sooner; (2) the testimony was not relevant to the litigation; and (3)

5

the subject matter was privileged. ECF No. 226. Plaintiff also filed a one-page motion for a protective order seeking to prohibit the re-opening of her deposition. ECF No. 227.

On June 1, 2023, the Court granted Defendants' motion in part, allowing the re-opening of Plaintiff's deposition for two hours, and directing Plaintiff to answer the questions previously posed, and any appropriate follow-ups, in the absence of particularized objections. ECF No. 233. The Court ruled that any assertion of the work-product doctrine, spousal privilege, or litigation privilege "is misplaced in these premises and overruled and stricken." *Id.* at 1-2. The Court further ruled that the attorney-client privilege was waived. *Id.* at 2. The Court also ruled that the "Fifth Amendment privilege has not been waived and may be asserted during any further discovery or trial proceedings." *Id.* That same day, the Court denied Plaintiff's motion for a protective order and denied Plaintiff's motion to seal her opposition brief. *See* ECF Nos. 237, 238.

Shortly thereafter, Defendants attempted to schedule Plaintiff's deposition for July 2023, but had to reschedule several times to accommodate the trial schedule of the special counsel Plaintiff hired to represent her during the re-opened deposition. Ultimately, the deposition was scheduled for August 9, 2023, but was then put on hold after the Court entered a stay of the case so the parties could pursue mediation and settlement negotiations. The stay ended on September 16, 2023, and Defendants promptly rescheduled Plaintiff's deposition for a final time for October 12, 2023, after again accommodating the schedule of Plaintiff's special counsel.

On September 27, 2023, Plaintiff filed a Renewed Motion for Protective Order, again seeking to block her re-opened deposition. ECF No. 272. In that motion, Plaintiff argued that Defendants made unfounded allegations against Plaintiff, *id.* at 2-4; that the requested discovery was irrelevant, *id.* at 9-12; and that the Court erred in granting Defendants' prior motion without reviewing Plaintiff's unredacted opposition, *id.* at 19-23. The Court denied that motion on October 4, 2023, describing "[t]he grounds raised" as "obscure at best." ECF No. 286. In addition to challenging the Court's

6

prior discovery ruling, however, also on September 27, Plaintiff filed a Motion for Sanctions and Disqualification of Defendants' Counsel, ECF No. 270. For the reasons set forth below, the Court should deny Plaintiff's sanctions motion as well.[2]

## **LEGAL STANDARD**

Plaintiff's Motion requests the Court to impose sanctions under the Court's inherent authority. Mot. at 11. Courts "have inherent discretion to impose sanctions, which are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Carefirst of Md., Inc. v. First Care, P.C.*, 422 F. Supp. 2d 592, 597 (E.D. Va. 2006) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). "Because the inherent power is not regulated by Congress or the people and is particularly subject to abuse, it must be exercised with the greatest restraint and caution, and then only to the extent necessary." *United States v. Shaffer Equipment Co.*, 11 F.3d 450, 461-62 (4th Cir. 1993).

"Because the underlying rationale of inherent power sanctions is punitive, 'a finding of bad faith is sine qua non to the imposition of inherent power sanctions.'" *Obifuele v. 1300, LLC*, No. 04-3839, 2006 U.S. Dist. LEXIS 60043, at *27-30 (D. Md. Aug. 23, 2006) (quoting Joseph, Sanctions: the Federal Law of Litigation Abuse § 27(A)). "In the Fourth Circuit, bad faith includes willful conduct, where the party clearly should have understood his duty to the court but nonetheless deliberately

---

[2] Plaintiff's Motion was filed in redacted form, and Plaintiff separately moved to file an unredacted copy under seal. *See* ECF No. 271. The Court denied the motion to seal on October 4, 2023. ECF No. 286. Plaintiff has not filed an unredacted version of her Motion on the docket. Accordingly, this Opposition responds to the unredacted version that Plaintiff's counsel provided to Defendants' counsel by email. Also, Defendants are filing this Opposition with redactions because Plaintiff still maintains that portions of her deposition testimony referenced herein are privileged and confidential. Defendants disagree, and they have initiated the process under the Court's January 20, 2023 Protective Order to challenge Plaintiff's confidentiality designation. *See* ECF No. 183, at 9-10. That process requires a one-week meet and confer period. *Id.* Defendants intend to promptly file a written notice challenging the confidentiality designation if Plaintiff does not withdraw that designation, and Defendants will likewise seek to file an unredacted copy of this Opposition.

7

disregarded it." *Sines v. Kessler*, 343 F.R.D. 311, 318 (W.D. Va. 2022) (internal quotations omitted); *see also In re Crescent City Estates, LLC*, 588 F.3d 822, 830 (4th Cir. 2009) ("The standard for imposing sanctions on legal judgment is high, usually requiring vexatiousness, malfeasance, bad faith, or the like."). "There must be 'clear evidence' that the challenged actions are without color and [are taken] for reasons of harassment or delay or for other improper purposes." *Weinberger v. Kendrick*, 698 F.2d 61, 80 (2d Cir. 1982) (citation omitted). As a result, if a court finds "that fraud has been practiced upon it, or that a very temple of justice has been defiled, it may assess attorney's fees against the responsible party." *Chambers v. NASCO Inc.*, 501 U.S. 32, 46 (1991) (citation omitted). "A court must . . . exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Id.* at 50.

## ARGUMENT

### I. Plaintiff's Motion for Sanctions Cannot Be Reconciled with this Court Twice Authorizing Defendants' Requested Discovery

Plaintiff's Motion suffers from a number of major factual and legal flaws, which are discussed in detail below. But at a fundamental level, Plaintiff's Motion should be denied because the Motion's premise—that Defendants' request to re-open her deposition was both factually and legally unfounded—is inconsistent with this Court's prior rulings *authorizing* Defendants' requested discovery, both by granting Defendants' initial request, *see* ECF No. 233, and by later denying Plaintiffs' attempt to foreclose that discovery through a renewed motion for a protective order, *see* ECF No. 286.

Plaintiff cannot maintain that Defendants' arguments were "frivolous," "baseless," or contrary to "adverse controlling authorities," Mot. at 14, 15, 18, given that the Court has now twice accepted Defendants' arguments and authorized the supposedly irrelevant discovery. An argument is frivolous when "viewed objectively, [it] clearly had no reasonable chance of success." *United States ex rel. Ubl v. IIF Data Sols.*, 650 F.3d 445, 458 (4th Cir. 2011). By definition, then, an argument that did in fact succeed—twice—cannot be considered frivolous. Whatever Plaintiff might think about the

8

correctness of the Court's discovery rulings, neither Defendants nor their counsel should be sanctioned for pursuing a course of discovery that the Court has twice authorized.

Plaintiff's Motion discounts this Court's ruling authorizing the requested discovery, essentially on the theory that Defendants' opening motion misled the Court into granting the discovery. Specifically, although Plaintiff's opposition "addressed in detail" the defects in Defendants' motion, Mot. at 3 n.1, the Court never became aware of those problems because, in Plaintiff's view, the Court improperly denied Plaintiff the opportunity to file an unredacted opposition under seal, *see id.* at 7-11. If a party believes that a court has failed to fully consider its arguments, however, the proper course is to file a motion for reconsideration—not to seek sanctions against the opposing party and their counsel. Indeed, Plaintiff did effectively file a motion for reconsideration when she again sought a protective order against the authorized discovery, arguing that "Defendants misconstrued precedent and failed to disclose controlling adverse authority," which this Court allegedly failed to appreciate because it "denied Plaintiff leave to file her Response under seal and did not review her arguments before ruling against her[.]" ECF No. 272 at 18. But again, the Court rejected Plaintiff's request, and upheld the authorized discovery. *See* ECF No. 286. As noted above, Plaintiff's disagreement with the Court's discovery rulings is not a cognizable basis for seeking sanctions against Defendants and their counsel.

## II. None of the Conduct Recounted in Plaintiffs' Motion Was Improper, Let Alone Sanctionable

Plaintiff's Motion fails for numerous additional reasons as well. In particular, none of the conduct recounted in the Motion was improper, let alone indicative of the type of bad faith necessary for the imposition of sanctions.

a. **Defendants Did Not Accuse Plaintiff of** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Plaintiff asks the Court to sanction "Defendants and their counsel" for allegedly making "unfounded allegations against Plaintiff." Mot. at 1. The statement that Plaintiff insists Defendants should be sanctioned for is as follows: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 4 (quoting ECF No. 219, at 8). But that statement contains no accusation. Rather, it is expressly conditional. *Id.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (emphasis added). It is not a "personal accusation," Mot. at 14, for a party to note the potential relevance of a possible set of facts.

Plaintiff argues that there was no plausible basis to even suggest that ▮▮▮▮▮▮ might have ▮▮▮▮▮▮▮▮, Mot. at 4, but the plausible basis is clear—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ plainly provided a sufficient basis for Defendants to seek further discovery precisely to understand the factual details and circumstances of ▮▮▮▮▮▮▮▮. It is not a sanctionable statement for Defendants to identify what they do not know, to say they want to probe those factual details further, and to highlight *potential* consequences depending on whether the facts were to reveal any ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, particularly considering the equitable nature of the remedy Plaintiff is seeking in this case.

Indeed, Plaintiff's assertion that there is no "plausible basis" to argue that her ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Mot. at 4, is curious because Plaintiff asserted ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████ Accordingly, Plaintiff's ████████████████████████ is itself an at least implicit recognition that Defendants had a valid basis for noting the possibility that ████████████████ ████████████.

Moreover, Plaintiff's Motion posits in a conclusory manner that her description of ██ ██████—which has not yet been tested through discovery—is necessarily accurate. In particular, Plaintiff asserts that ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████. *Id.* at 4. But none of those facts have been developed through the adversarial discovery process, and Plaintiff has never stated under oath ████████████████████████████████. On the contrary, at her deposition, Plaintiff declined to answer several questions about such details ████████████, ECF No. 219-1, Ex. A at 168:17-169:12, and she has consistently resisted further discovery on this topic, including by filing and then re-filing motions for protective orders aimed at blocking the re-opening of her deposition, ECF Nos. 227, 272. There is nothing sanctionable about Defendants seeking further discovery regarding the particular factual circumstances surrounding the ████████████████████, particularly given Plaintiff's implicit admission that certain factual details (such as ████████████████████) would be relevant to the analysis.

Likewise, Plaintiff simply assumes that the ████████████████████████████████ are the only applicable ████████████, Mot. at 6, but that too is a question that could depend on further factual development, including by identifying ████████████████████████████████████ ████████████████████████████████. The whole purpose of the discovery that Defendants have sought on this topic is to learn the factual details that will allow Defendants to determine for

11

themselves whether, in their view, ███████████████████████████████████—all of which highlights how the initial motion, seeking only to probe these facts, by definition did not contain any baseless personal accusations.[3]

In short, the premise of Plaintiff's Motion is that Defendants must accept Plaintiff's self-serving description of ███████, and that Defendants should be sanctioned for having sought discovery to explore the facts for themselves. But Defendants are not required to take Plaintiff at her word on this, or any other, subject. Rather, Defendants are permitted—and potentially even obligated, given their counsel's responsibility to pursue all potentially meritorious defenses—to take discovery to uncover the relevant facts—as the Court has already acknowledged by allowing Defendants to re-open Plaintiff's deposition to question her about this issue and twice denying Plaintiff's motions for protective orders. ECF No. 233, at 1-2; ECF No. 237; ECF Nos. 286. Plaintiff's position is inconsistent with the very purpose of discovery, which is, in part, to test the opposing party's factual assertions. If a litigant could avoid discovery simply by claiming in a legal brief that their version of events was accurate, discovery would rarely, if ever, occur. And if a litigant could be sanctioned merely

---

[3] Even if discovery confirms that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

12

for seeking court authorization to conduct discovery on a particular issue where the parties disagree over whether such discovery is necessary, sanctions would be the norm in litigation.

Finally, it should not be overlooked that Plaintiff *agreed* that Defendants could challenge her privilege assertion and move to re-open her deposition. *See* ECF No. 219-1, Ex. A at 167:21-168:6 (agreement during deposition); ECF No. 208, at 2-3 (parties' joint motion proposing schedule for Defendants to file a challenge any privilege assertion on this issue and to re-open Plaintiff's deposition). Plaintiff presumably understood that Defendants' motion would explain the potential relevance of the sought-after testimony. And Plaintiff never suggested in formulating these agreements that seeking such testimony was inherently problematic or deserving of sanctions. Having made these agreements, Plaintiff should not be heard to claim it is sanctionable that Defendants' motion did exactly what the parties contemplated it would.

### b. Defendants Did Not Misrepresent Legal Authority or Mislead the Court or Opposing Counsel

Next, Plaintiff argues that sanctions are appropriate because Defendants may have intentionally misled the Court "by misattributing a quotation in a citing parenthetical" and by failing to disclose "adverse controlling authority." Mot. at 16. The facts, however, do not support Plaintiff's sanctions request.

As noted above, Defendants' Motion to Strike contained the following citation:



And as noted, although ▮▮▮▮ contains the second sentence in the parenthetical, the full quotation is from a different district court decision, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮ cites and quotes from ▮▮▮▮ and when the undersigned counsel copied the ▮▮▮ quote into Defendants' brief, the ▮▮▮▮ case was inadvertently cited

13

instead of ▒▒. A correct citation would have cited ▒▒ and indicated that ▒▒ was quoting in part ▒▒, but Defendants inadvertently cited only ▒▒. Defendants and their counsel regret this error and any confusion it may have caused. But this error was essentially typographical in nature and was wholly inadvertent.

Moreover, it is difficult to see how the partially incorrect citation could have had any material impact on the Court's consideration of this case. Both ▒▒ and ▒▒ are non-precedential out-of-circuit district court decisions, so Defendants did not gain any advantage by citing only ▒▒. Also, both decisions contain similar rulings, are based on similar reasoning, and use similar (and, in some parts, identical) language. The ▒▒ court ruled that an ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ The court reasoned in part:

[redacted block quote]

Similarly, ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒. Relying on ▒▒, the ▒▒ court reasoned as follows:

[redacted block quote]

14

███████████████████████████████████████████████

███████████████████

Plaintiff likens this situation to *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346 (Fed. Cir. 2003), but that case involved an attorney who "doctored quotations" and thereby "gave a false and misleading impression" of the law. *Id.* at 1356; *see also id.* (conduct involved "cropping of quotations to alter their meaning"). Nothing of that sort occurred here. Both ██████ and ████ are in accord with one another and there is no suggestion that Defendants' accidental miscitation altered the meaning of either decision. And as discussed above, sanctions under a court's inherent power may be issued only if the court finds bad faith, which is wholly absent here. *Obifuele*, 2006 U.S. Dist. LEXIS 60043, *27-30; *see also Sears v. Mooney*, 2019 U.S. Dist. LEXIS 18961, at *7 (M.D. Pa. Feb. 6, 2019) (denying sanctions motion because the challenged inaccuracies were "minor, inadvertent, and immaterial"); *Thibodeau v. ADT Sec. Servs.*, 2018 U.S. Dist. LEXIS 94622, at *9 (S.D. Cal. June 4, 2018) (an "inadvertent mistake . . . is not behavior rising to the level of sanctions").

Plaintiff also accuses Defendants of violating Rule 3.3(a)(2) of the North Carolina Rules of Professional Conduct by allegedly failing to disclose "adverse controlling authorities." Mot. at 18. Primarily, Plaintiff relies on a ████████████████████████ as a purportedly undisclosed authority. *Id.* at 16. That █████████ concluded that a ████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████[4] Even assuming the █████████ constitutes "authority" subject to Rule 3.3(a)(2), it is not controlling. █████████████ are not binding on courts, ████

---

4 ████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████ ████████

15

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████

More to the point, the ████████████ does not foreclose a potential finding that ████

████████████. Notwithstanding the ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ Moreover, the ████ decision specifically addressed the

██████████████ and still concluded that ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████.

As discussed above, additional discovery is necessary to ascertain all relevant facts, including which ████████████ apply to the conduct at issue, and then determine whether ████████████ ██████████████████████████████████████. None of Plaintiff's cited authorities is "controlling" on the question, particularly in the absence of establishing the relevant facts through discovery.

### c. Plaintiff's Reliance on Unrelated Conduct is Both Irrelevant and Lacking in Merit

Plaintiff's Motion lastly asserts that Defendants have shown a "pattern of recklessly making unfounded allegations in their filings." Mot. at 22. However, none of Plaintiff's accusations withstands scrutiny.

16

Plaintiff falsely claims that Defendants alleged she had disregarded the sanctity of the attorney-client relationship "by engaging in protected activity during the EDR proceeding and in this lawsuit." *Id.* Defendants said no such thing. On the contrary, the filing cited by Plaintiff does not fault Plaintiff for "engaging in protected activity," but rather calls into question her secretly recording FDO meetings that included discussions of privileged client information and then retaining those recordings, and work emails containing privileged client communications, after she left federal employment. ECF No. 245, at 12-13.

Next, Plaintiff contends that the Federal Records Act does not apply to the privileged materials she retained because they allegedly are "client case files." Mot. at 22. But at least some, if not all, of the materials she retained, such as recordings of staff meetings, do not qualify as client case files.[5] Also, Defendants did not suggest Plaintiff violated the Privacy Act, Mot. at 22, but instead referenced that law in a parenthetical because it was mentioned in the cited document, ECF No. 245 at 12 n.3. Plaintiff is correct that the Privacy Act does not apply to the Judiciary, but the Judiciary has similar protections over records containing sensitive personal information.

Plaintiff also contends that Defendants "failed to disclose controlling adverse authority from the judiciary that prevents office confidentiality policies from being misused to retaliate against employees who engage in protected activity." Mot. at 22. The policy documents that she cites, however, are not even relevant to the issues, much less "controlling authority." Plaintiff is suggesting that she was allowed to retain privileged client information after her federal employment for use in this litigation, but she has already explained that the client information contained in the secret

---

[5] The document Plaintiff cites explains that "[c]lient case files are the client's property" and that the "case file belongs to the client and is held in trust by the attorney." *See* Guide to Judiciary Policy, Vol. 10, Ch. 6, Appx. 6C, available at https://www.uscourts.gov/sites/default/files/vol10-ch06-appx6c.pdf. If Plaintiff is suggesting that she retained client case files that belong to the client, that could raise additional concerns.

17

recordings of internal FDO operations is not relevant to this case. Ex. A at 4 n.3 (Plaintiff's privilege log stating that "Plaintiff withheld approximately 22 recordings that have no relevance to this litigation and that are protected by WP and AC privileges"); Ex. B. Thus, none of these other statements indicates any wrongdoing by Defendants, much less any misconduct that could support entry of potential sanctions.

### III. There Is No Basis for Any Sanction Against Defendants or Their Counsel

As a sanction, Plaintiff asks the Court to enter default judgment in her favor or, alternatively, to "consider appropriate evidentiary sanctions[.]" Mot. at 24. She also requests that Defendants be ordered to "compensate Plaintiff for expenses resulting from the loss of litigation funding," for which she blames Defendants. *Id.* In Plaintiff's view, Defendants are responsible for the withdrawal of her legal team and the loss of litigation funding because Defendants asked questions at her deposition that led her to ███████████████████████ and then, by agreement with those same counsel, sought further discovery on that topic. *Id.* at 21.

Defendants and their counsel have straightforwardly litigated this case while seeking to protect their clients' interests, as professional advocates do. Defendants have not sought to interfere with Plaintiff's representation or legal team in any way. To the extent that facts uncovered during discovery have led to certain tensions between Plaintiff and her legal team, that is not the fault of Defendants but rather is a consequence of the underlying facts themselves. Whatever consequences those facts may have for Plaintiff, that is no justification for accusing Defendants of wrongdoing simply for discovering that ████████████████ and diligently seeking to uncover all the relevant surrounding circumstances.

Finally, as with her other arguments, Plaintiff's request that Defendants' counsel be disqualified is meritless. Mot. at 24-25. Defendants' counsel have not engaged in any professional misconduct. Also, there is no bar to DOJ representing the FDO in this case (an issue Plaintiff

18

belatedly raises even though she has known of DOJ's representation for the past three and a half years). On the contrary, federal law reserves to the "officers of the Department of Justice" "the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested," except as otherwise authorized by law. 28 U.S.C. § 516; *see also* 28 U.S.C. § 519. The policy document cited by Plaintiff, Mot. at 25, is from 1982, and no longer reflects current Judiciary policy. Also, Defendants did not disclose "FDO client personal information in their pretrial filings." Mot. at 25. Nothing prohibited Defendants from referencing the name of an FDO client in a filing, particularly given that the FDO's representation of the client is a matter of public record. Plaintiff cites a provision of the FDO's EDR Plan to argue that the client names should have been redacted, *id.*, but that provision merely provides that an EDR complainant should redact certain information relating to clients from an EDR complaint. *See* ECF No. 250-3, Ex. V at 9.

In short, there is no basis for any type of sanction whatsoever—both because Defendants and their counsel have not engaged in any misconduct at all, and because any theoretical errors that Plaintiff has identified do not, and could not, rise to the level of deliberate bad faith warranting sanctions under the Court's inherent power.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion.

Dated: October 11, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel

19

MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*