IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPPOSITION TO MOTION IN LIMINE TO PRECLUDE ALL WITNESSES NOT DISCLOSED IN DISCOVERY AND TO STRIKE UNDISCLOSED WITNESSES FROM DEFENDANTS' TRIAL WITNESS LIST

Plaintiff has moved to "preclude Defendants from presenting any witnesses at trial who they did not disclose in their initial disclosures or in response to Plaintiff's discovery requests." Pl.'s Mot. in Limine to Preclude All Witnesses at 1, ECF No. 284 ("Mot."). As Defendants have already explained previously, however, each of Defendants' trial witnesses was disclosed to Plaintiff during discovery. *See* Joint Pretrial Filing at 103-05, ECF No. 259. Accordingly, Plaintiff's Motion should be denied.

## ARGUMENT

Defendants listed 13 trial witnesses in the parties' Joint Pretrial Filing. ECF No. 259 at 107-08. Plaintiff asks the Court to prevent Defendants from calling any of those witnesses at trial because, she claims, Defendants did not disclose witnesses during discovery. Plaintiff has made that allegation before, and it is demonstrably incorrect. In particular, Plaintiff raised the same argument in the parties' Joint Pretrial Filing, *see id.* at 102, and yet the Court explained at the final pretrial conference that "so long as they're here in this final pretrial conference memorandum I'm not going to say it's a surprise witness or anything," July 27, 2023 Tr. of Final Pretrial at 8:14-17, ECF No. 262.

1

Despite the Court's ruling, Plaintiff raised the argument again in her Objections to Defendants' Exhibit List and Other Pretrial Statement Submissions. ECF No. 269 at 3-8. Now, Plaintiff argues for the third time that Defendants supposedly failed to disclose their witnesses during discovery. Plaintiff's argument is still without merit. Defendants below list each of their trial witnesses from the Joint Pretrial Filing and explain precisely when each was disclosed to Plaintiff.

>**Anthony Martinez**: Plaintiff named former Federal Defender Martinez as a defendant in this case.[1] Defendants disclosed Mr. Martinez on August 19, 2022 in Defendants' initial disclosures. Mot., Ex. A at 3, ECF No. 284-1. Defendants also disclosed Mr. Martinez on December 21, 2022 in response to Plaintiff's Interrogatory One, which requested Defendants to identify the "persons with knowledge or information relating to the allegations in the civil complaint[.]" Ex. A at 3 (Obj. & Resp. to Pl's Third Set of Interrog.). Plaintiff deposed Mr. Martinez on April 28, 2023.
>
>**JP Davis**: Defendants disclosed Assistant Federal Public Defender JP Davis on August 19, 2022 in Defendants' initial disclosures. Mot., Ex. A at 2, ECF No. 284-1. Defendants also disclosed Mr. Davis on December 21, 2022 in response to Plaintiff's Interrogatory One. Ex. A at 4.
>
>**Joshua Carpenter**: Defendants disclosed Assistant Federal Public Defender Joshua Carpenter August 19, 2022 in Defendants' initial disclosures. Mot., Ex. A at 2, ECF No. 284-1. Defendants also disclosed Mr. Carpenter on December 21, 2022 in response to Plaintiff's Interrogatory One. Ex. A at 4.
>
>**Heather Beam**: Defendants disclosed Human Resources Manager Heather Beam on August 19, 2022 in Defendants' initial disclosures. Mot., Ex. A at 1, ECF No. 284-1. Defendants also disclosed Ms. Beam on December 21, 2022 in response to Plaintiff's Interrogatory One. Ex. A at 4. Plaintiff deposed Ms. Beam on April 14, 2023.
>
>**Edward Smith**: Defendants disclosed Chief Circuit Mediator Edward Smith on December 21, 2022 in response to Plaintiff's Interrogatory One. Ex. A at 4. Plaintiff deposed Mr. Smith on April 20, 2023.
>
>**James Ishida**: Plaintiff named Circuit Executive James Ishida as a defendant in this case. Defendants disclosed Mr. Ishida on August 19, 2022 in Defendants' initial disclosures. Mot., Ex. A at 2, ECF No. 284-1. Defendants also disclosed Mr. Ishida on December 21, 2022 in response to Plaintiff's Interrogatory One. Ex. A at 4. Plaintiff deposed Mr. Ishida on April 13, 2023.

---

[1] By operation of Rule 25(d), current federal defender John Baker was substituted for Mr. Martinez after Mr. Martinez left the Federal Defender's Office.

**Honorable Roger Gregory**: Plaintiff named the Honorable Roger Gregory as a defendant in this case.[2] Defendants disclosed Judge Gregory on December 21, 2022 in response to Plaintiff's Interrogatory One. Ex. A at 4. Plaintiff deposed Judge Gregory on May 16, 2023.

**Jill Langley**: Defendants disclosed Director of Workplace Relations Jill Langley on December 21, 2022 in response to Plaintiff's Interrogatory One. Ex. A at 4. Plaintiff deposed Ms. Langley on April 27, 2023.

**William Moormann**: Defendants disclosed Administrative Officer William Moormann on August 19, 2022 in Defendants' initial disclosures. Mot., Ex. A at 3, ECF No. 284-1. Defendants also disclosed Mr. Moormann on December 21, 2022 in response to Plaintiff's Interrogatory One. Ex. A at 4.

**Erin Taylor**: Defendants disclosed Assistant Federal Public Defender Erin Taylor on April 17, 2023 in Defendants' supplemental response to Plaintiff's Interrogatory One. Mot., Ex. B at 4, ECF No. 284-2.

**Caryn Strickland**: Ms. Strickland is the Plaintiff in this matter.

**Robert Jackson (Expert)**: Defendants disclosed expert witness Robert Jackson on June 1, 2023. Ex. B.

**Paul White (Expert)**: Defendants disclosed expert witness Paul White on June 1, 2023. Ex. C.

Accordingly, the record is absolutely clear that Defendants disclosed each of their trial witnesses to Plaintiff during discovery. Plaintiff's arguments to the contrary do not withstand even the briefest scrutiny. First, Plaintiff argues that Defendants did not identify Edward Smith or Erin Taylor in Defendants' initial disclosures, which she claims "plainly violates Rule 26(a)." Mot. at 3. When Defendants served their initial disclosures they did not intend to rely on the testimony of Mr. Smith or Ms. Taylor. *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 618 (D. Nev. April 17, 2020) (In their initial disclosures, "[p]arties are not required to disclose all witnesses with potentially relevant information, but rather only those witnesses on which they may rely."). Nevertheless, during the discovery period, Defendants identified Mr. Smith and Ms. Taylor as persons with knowledge about

---

[2] By operation of Rule 25(d), Chief Judge Albert Diaz was substituted for Judge Gregory when Chief Judge Diaz became the Chief Judge.

Plaintiff's allegations, in response to Plaintiff's Interrogatory One.  *See* Ex. A at 4 (Smith); Mot., Ex. B at 4, ECF No. 284-2 (Taylor).  "The rules expressly contemplate that [notice of a witness] need not necessarily be provided through a formal initial disclosure or a formal supplement thereto." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. at 618.  "A formal disclosure is unnecessary when," as here, "the information has 'otherwise been made known to the other parties during the discovery process.'" *Id.* (quoting Fed. R. Civ. P. 26(e)(1)(A)).  Although Plaintiff complains that Ms. Taylor was identified two weeks before the end of the discovery period, Mot. at 3, Plaintiff never requested to depose Ms. Taylor.  As for Mr. Smith, Plaintiff did depose him, and therefore cannot possibly claim any prejudice based on his absence from Defendants' initial disclosures.

Next, Plaintiff argues that Defendants "failed to disclose *any* witnesses in response to Plaintiff's interrogatory requesting that Defendants '[i]dentify all persons whom Defendants intend to call as witnesses at trial.'" *Id.* at 3 (quoting Mot., Ex. C, ECF No. 284-3).  But Defendants objected to that interrogatory as premature, Mot., Ex. C at 8, ECF No. 284-3, and Plaintiff never challenged that objection.  In any event, that interrogatory is not pertinent to the instant motion.  The relevant point is that Defendants complied with their disclosure obligations by identifying witnesses in Defendants' initial disclosures and/or in response to Plaintiff's Interrogatory One.  Plaintiff's belief that Defendants also should have identified their witnesses in response to another interrogatory does not change the fact that Defendants have met their disclosure obligations.

Plaintiff notes that Defendants previously moved to exclude four witnesses that Plaintiff identified as potential trial witnesses in a supplemental interrogatory response on the last day of the discovery period, but which had been listed in Plaintiff's initial disclosures.  Mot. at 6.  But that situation is distinguishable.  Plaintiff had identified an extremely large number of witnesses—52—in her initial disclosures.  Given the very large number of witnesses, Defendants served an interrogatory asking Plaintiff to identify the witnesses she expected to call at trial, so that Defendants would know

4

which witnesses to depose. Plaintiff *did not object* to the interrogatory as premature, and instead provided a substantive response, and then later supplemented that response in the final hours of the discovery period. *See* ECF No. 211.[3]

Finally, Plaintiff argues that Defendants did not indicate which witnesses they "intend" to call at trial and which they "may call." Mot. at 1 n.1. In the Joint Pretrial Filing, however, Defendants expressly stated that they "may call the following witnesses[.]" ECF No. 259 at 107. Furthermore, Defendants' disclosures are consistent with what Defendants understand to be the Court's standard pretrial order. *See, e.g.*, Procedural Or. Re: Final Pretrial Conf./Trial at 2, *United States v. Charles*, No. 18-cv-11535-WGY, ECF No. 40 (D. Mass. Oct. 16, 2019); *see also* Tr. of July 10, 2023 Summ. J. Hearing, at 31:21-23 ("I have my own order and you should consult my order because I will want to go over each one of those things."), ECF No. 268.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion.

Dated: October 16, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch

---

[3] In contrast to the 52 witnesses disclosed by Plaintiff in her initial disclosures, Defendants identified only nine witnesses in their initial disclosures, so it was unnecessary for Defendants to indicate during discovery which of those witnesses Defendants expected to call at trial.

U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*