IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through undersigned counsel, hereby responds to Plaintiff's Third Set of Interrogatories:

Defendants' objections and responses are based on information known to Defendants at this time and are made without prejudice to additional objections should Defendants subsequently identify additional grounds for objection. The information submitted herewith is being provided in accordance with the Federal Rules of Civil Procedure, which generally permit the discovery of matters not privileged that are relevant to the claims or defenses in this civil action, and that is proportional to the reasonable needs of this case. Fed. R. Civ. P. 26(b)(1). Accordingly, Defendants do not, by providing such information, waive any objection to its admissibility on the grounds of relevant, proportionality, accessibility, materiality, or any other appropriate ground. Defendants reserve the right to supplement or revise any of these specific objections and responses.

**OBJECTIONS AS TO DEFINITIONS AND INSTRUCTIONS, AND OTHER OBJECTIONS THAT APPLY TO ALL INTERROGATORIES**

1.  The following General Objections apply to and are incorporated in each individual response.

2. Defendants object to the definitions in Plaintiff's interrogatories to the extent that the definitions conflict with or purport to expand upon Defendants' obligations under the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Western District of North Carolina.

3. Defendants object to the interrogatories to the extent that they seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the law enforcement privilege, or any other applicable privilege or protection.

4. Defendants object to the interrogatories to the extent that they are overly broad or attempt to impose obligations that are unduly burdensome, expensive, or oppressive.

5. Defendants object to the interrogatories to the extent that they are vague and ambiguous.

6. Defendants object to the definition of "concern or concerning (or relate or relating)" as "in addition to their usual and customary meanings, referring to, pertaining to, addressing, discussing, describing, regarding, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed." Defendants will construe the terms "concern or concerning (or relate or relating)" with their customary and usual meanings.

7. Defendants object to Definition 7 to the extent that it seeks individuals' contact information and/or confidential information. To the extent that an individual is identified herein, Plaintiff may contact that individual through undersigned counsel or, if no longer employed by the Government, seek their contact information from undersigned counsel as needed.

8. Defendants object to Definition 8 to the extent it seeks information not required under the Federal Rules of Civil Procedure and/or inconsistent with how the documents are kept in the usual course of business.

9. Defendants object to Instruction 1 as overly broad, unduly burdensome, and because it seeks information not relevant to any claim or defense. Unless otherwise stated, Defendants will limit their responses to information available from July 21, 2017 through September 9, 2019.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1**: Identify all persons with knowledge or information relating to the allegations in the civil complaint, including any related denials or defenses asserted in any answer to the civil complaint.

**Objections and Response to Interrogatory No. 1**:

Defendants object to this interrogatory to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this interrogatory as overly burdensome and disproportionate to the needs of the case. The complaint in this case consists of 505 paragraphs of allegations, many of which are not pertinent to Plaintiff's claims. To answer this interrogatory would require Defendants to identify persons with knowledge regarding any of those 505 paragraphs. Defendants further object to the extent this interrogatory purports to require Defendants to identify every person with knowledge or information, now matter how minor or immaterial, relating to the allegations in the complaint.

Subject to and without waiving the foregoing objections, the following persons have material knowledge or information relating to the allegations of sexual harassment, discrimination, and/or retaliation in the civil complaint:

- Anthony ("Tony") Martinez
  Former Federal Defender

Federal Public Defender, Western District of North Carolina

- John Parke ("JP") Davis
  Assistant Federal Defender
  Federal Public Defender, Western District of North Carolina

- Peter Adolf
  Assistant Federal Defender
  Federal Public Defender, Western District of North Carolina

- Joshua B. Carpenter
  Appellate Chief
  Federal Public Defender, Western District of North Carolina

- William ("Bill") Moorman
  Administrative Officer
  Federal Public Defender, Western District of North Carolina

- Heather Beam
  Human Resources Manager
  United States District Court & Probation
  Western District of North Carolina

- Edward ("Ed") Smith
  Chief Circuit Mediator
  U.S. Court of Appeals for the Fourth Circuit

- James Ishida
  Circuit Executive
  U.S. Court of Appeals for the Fourth Circuit

- The Honorable Roger L. Gregory
  Chief Judge
  U.S. Court of Appeals for the Fourth Circuit

- Jill Langley
  Director of Workplace Relations
  U.S. Courts of Appeals for the Eighth and Tenth Circuits

- Nancy Dunham
  Former Fair Employment Practices Officer
  Administrative Office of the U.S. Courts

- Lee Ann Bennett
  Deputy Director
  Administrative Office of the U.S. Courts

- Shirley Sohrn
  Former Assistant General Counsel
  Administrative Office of the U.S. Courts

- William Meyers
  General Counsel
  Administrative Office of the U.S. Courts

- Cait Clarke
  Former Chief, Defender Services Office
  Administrative Office of the U.S. Courts

- Sheryl Walter
  Former General Counsel
  Administrative Office of the U.S. Courts

- Amaal Scroggins
  Attorney Advisor, Office of Fair Employment Practices
  Administrative Office of the U.S. Courts

- Brittley Odom
  Former Acting Chief, Staffing Services Branch
  Court Human Resources Division
  Administrative Office of the U.S. Courts

- Valerie Farr
  HR Specialist
  Staffing Services Branch
  Administrative Office of the U.S. Courts

- Laura Minor
  Former Associate Director of the Department of Program Services
  Administrative Office of the U.S. Courts

- Kim Llewellyn
  Assistant Circuit Executive for Human Resources
  U.S. Court of Appeals for the Fourth Circuit

Defendants have compiled this list after reasonable inquiry with witnesses identified in Plaintiff's Complaint, but reserve the right to supplement this response with additional information learned in the course of discovery.

5

**Interrogatory No. 9**: Identify all persons, including any Article III judicial officers, involved in the sealing of this entire case on March 4, 2020 and provide a summary of their involvement, including identifying any supporting documents. *See* Entry Order Dated Mar. 4, 2020.

**Objections and Response to Interrogatory No. 9**:

Defendants object to this interrogatory to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

Defendants further object to this interrogatory because it seeks information regarding "the sealing of this entire case," which is not relevant to any claim or defense in this matter.

Subject to and without waiving the forgoing objections, Defendants were not involved in the decision to seal this case and lack information to further respond to this interrogatory.

Dated: December 21, 2022

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

 */s/ Rachael L. Westmoreland*
JOSHUA M. KOLSKY
RACHAEL L. WESTMORELAND (GA Bar No. 539498)
MADELINE M. McMAHON
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-1280
E-mail: rachael.westmoreland@usdoj.gov

*Counsel for Defendants*