# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) |
| Defendants. | ) |

## DEFENDANTS' NOTICE OF CHALLENGE TO CONFIDENTIALITY DESIGNATION AND MOTION FOR LEAVE TO FILE UNREDACTED VERSIONS OF ECF NOS. 294 and 295

Pursuant to paragraphs D(1)-(6) of the Court's Stipulated Protective Order Regarding Confidential Information ("Protective Order"), ECF No. 183, Defendants respectfully submit this Notice of Challenge to Confidentiality Designation and Motion for Leave to File Unredacted Versions of ECF Nos. 294 and 295.

The Court's Protective Order allows the parties to designate certain information produced in discovery as confidential and establishes a procedure for challenging such designations. Specifically, the "Challenging Party shall initiate" such a challenge "by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge." ECF No. 283 at D(2). If the parties cannot reach a resolution after a seven-day meet and confer period, "the Challenging Party shall file with the Court its written notice of the challenged designations." *Id.* at D(5).

On October 10, 2023, Defendants served on Plaintiff a notice challenging certain of Plaintiff's confidentiality designations relating to her deposition testimony. That Notice is attached hereto as Exhibit A, and Plaintiff's confidentiality designations are attached as Exhibit B. Defendants hereby challenge the confidentiality designations at pages 134:4–20 and 166:24–169:20 of Plaintiff's

1

deposition testimony. The testimony at those pages has previously been submitted to the Court under seal. *See* ECF No. 219-1. Plaintiff has not withdrawn the designations in response to Defendants' Notice.[1] For the reasons explained in Defendants' Notice, the testimony at issue is not confidential. *See generally* Ex. A. Accordingly, the Court should strike Plaintiff's confidentiality designations at pages 134:4–20 and 166:24–169:20.

Through this filing, Defendants also respectfully seek leave to file an unredacted copy of Defendants' Opposition to Motion for Sanctions and Disqualification of Defendants' Counsel, ECF No. 294. On October 11, 2023, Defendants filed a redacted version of that opposition because it discusses Plaintiff's deposition testimony that she has designated as confidential and that she maintains is privileged, notwithstanding the Court's ruling to the contrary. *See id.* at 7 n.2. Accordingly, if the Court strikes Plaintiff's confidentiality designations, it should likewise authorize Defendants to file an unredacted copy of their opposition so that the Court will have access to the full and complete opposition brief. Moreover, as Plaintiff's Motion for Sanctions publicly made serious accusations against Defendants and their counsel that are without merit, Defendants should be allowed to file publicly an unredacted version of their opposition, so that all the relevant facts can be disclosed to the public.

Defendants likewise seek leave to file an unredacted copy of Defendants' Opposition to Plaintiff's Motion in Limine to Exclude Any After-Acquired Evidence Defense, ECF No. 295. Defendants filed a redacted version of that opposition because it discusses the same deposition testimony referenced above that Plaintiff continues to maintain is confidential and privileged. *See id.* at 10 n.4. Thus, if the Court strikes Plaintiff's confidentiality designations, Defendants should be

---

[1] Defendants' counsel offered to meet and confer with Plaintiff's counsel on October 10 and again on October 16. Plaintiff's counsel responded on the afternoon of October 17 (the day Defendants had informed Plaintiff they would file their Notice). Plaintiff's counsel's response suggests the parties are unable to resolve their disagreement on this issue.

2

Case 1:20-cv-00066-WGY    Document 299    Filed 10/17/23    Page 2 of 4

permitted to file an unredacted copy of that opposition as well so that the Court and the public will have access to the full and complete opposition brief.

For these reasons and those explained in Defendants' Notice, the Court should strike Plaintiff's confidentiality designations at pages 134:4–20 and 166:24–169:20 of Plaintiff's deposition transcript and grant leave for Defendants to file unredacted versions of their Opposition to Motion for Sanctions and Disqualification of Defendants' Counsel, ECF No. 294, and their Opposition to Plaintiff's Motion in Limine to Exclude Any After-Acquired Evidence Defense, ECF No. 295.

Defendants' counsel conferred with Plaintiff's counsel about the relief requested herein, and Plaintiff's counsel requested Defendants include the following positions in this filing:

*Notice of Confidentiality Challenge:*

Pursuant to paragraphs D(3) and (5) of the parties' Protective Order, Plaintiff opposes Defendants' Notice and maintains the designation of confidential information referenced by Defendants in this filing and will file a response setting forth the basis for the confidentiality designations within the time frame provided by the local rules. *See* ECF No. 183; LCvR 7.1(e) (providing 14 days to file a response). Plaintiff has a profound interest in the rights which are implicated by this filing, in part, because the information Defendants improperly seek to disclose jeopardizes a privilege assertion previously upheld by this Court, the basis of which has remained under seal pursuant to Rule 26(b)(5)(B) for approximately five months, without prior challenge by Defendants. Under these circumstances, Plaintiff is entitled to an opportunity to be heard through a timely filed response. If the Court were to grant Defendants' request to unseal the information, however, Plaintiff requests that the Court stay its decision pending an opportunity to challenge the decision through an interlocutory appeal.

*Request for Leave to File:*

Absent an opportunity to review Defendants' proposed filing, Plaintiff opposes Defendants' motion to file unredacted copies of ECF Nos. 294 and 295 on the public docket and intends to file a response within the time frame provided by the local rules. *See* LCvR 7.1(e) (providing 14 days to file a response). These filings contain redacted information subject to a sealing order, which is confirmed by the fact that Defendants did not contemporaneously seek leave to file these redacted filings. *See* Entry Order Dated May 19, 2023; *see also* ECF 289, at 5; ECF No. 203, at 2 ("[N]othing is to be filed in court under seal unless and until this Court upon motion expressly so orders."). Moreover, pursuant to paragraphs D(3) and (5) of the parties' Protective Order, Plaintiff maintains the confidentiality designation of this information and will file a response to Defendants' Notice of Confidentiality Challenge setting forth the basis for the confidentiality designations within the time frame provided by the local rules. *See*

3

ECF No. 183; LCvR 7.1(e) (providing 14 days to file a response). Pursuant to paragraph D(6) of the parties' Protective Order, Plaintiff's designation of confidential information is maintained until the Court rules that such information should not be treated as Confidential Information. *See* ECF No. 183. Plaintiff has a profound interest in the rights which are implicated by this filing, in part, because the information Defendants improperly seek to disclose jeopardizes a privilege assertion previously upheld by this Court, the basis of which has remained under seal pursuant to Rule 26(b)(5)(B) for approximately five months, without prior challenge by Defendants. Under these circumstances, Plaintiff is entitled to an opportunity to be heard through a timely filed response. If the Court were to grant Defendants' request to unseal the information, however, Plaintiff requests that the Court stay its decision pending an opportunity to challenge the decision through an interlocutory appeal.

Dated: October 17, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*