# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS' NOTICE OF CHALLENGE TO CONFIDENTIALITY DESIGNATION

On May 30, 2023, Plaintiff designated certain portions of her April 25, 2023 deposition transcript as confidential under the Court's Stipulated Protective Order Regarding Confidential Information, ECF No. 183.  Pursuant to paragraphs D(1)-(6) of the Protective Order, Defendants hereby challenge Plaintiff's designations at pages 134:4–20 and 166:24–169:20.

The basis for Defendants' challenge is that the designated testimony does not meet the definition of Confidential Information under the Protective Order.  The Protected Order defines Confidential Information as follows:

> "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information is confidential, non-public information that is protected from disclosure by statute, regulation, or policy of the Judicial Conference of the United States, Administrative Office of the U.S. Courts, Federal Defender's Office for the Western District of North Carolina, or Fourth Circuit, including information that: (a) is personal, financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2.; (b) is information otherwise protected from disclosure by the November 2018 and/or January 2013 Consolidated Equal Employment Opportunity and Employment Dispute Resolution Plans of the U.S. Court of Appeals for the Fourth Circuit; (c) is information otherwise protected from disclosure by the Guide to Judiciary Policy, Ch. 4—Disclosure of HR Information; or (d) is information otherwise protected from disclosure by paragraphs 5.16–5.19 of the Employee Handbook of the Federal Public Defender's Office for the Western District of North Carolina.

1

ECF No. 183, at A(2).

Plaintiff's designated testimony is not "confidential, non-public information that is protected from disclosure by statute, regulation, or policy of the Judicial Conference of the United States, Administrative Office of the U.S. Courts, Federal Defender's Office for the Western District of North Carolina, or Fourth Circuit[.]" *Id.* Plaintiff has asserted that the testimony is privileged, *see* ECF No. 226, but the Court has already determined that no privilege applies to that testimony. On June 1, 2023, the Court ruled, first, that any assertion of the "work-product doctrine, spousal privilege, or litigation privilege is misplaced in these premises and is overruled and stricken." *See* June 1, 2023 Order ("Order"), ECF No. 233, at 1-2. The Court further held that the attorney–client privilege was waived as to "the recordings about which the inquiry was being made" during Plaintiff's deposition. *Id.* at 2. The Court also held that Plaintiff may assert the Fifth Amendment during "any *further* discovery or trial proceedings," including in response to "particular questions" during her re-opened deposition, but that she cannot assert it in a blanket fashion. *Id.* at 2 (emphasis added). The Fifth Amendment therefore has no application to testimony Plaintiff previously gave during her deposition without invoking the privilege. *See Garner v. United States*, 424 U.S. 648, 653 (1976) ("[A] witness who reveal[s] information instead of claiming the privilege los[es] the benefit of the privilege."); *see also Mitchell v. United States*, 526 U.S. 314, 321 (1999) ("The privilege is waived for the matters to which the witness testifies[.]"); *Guardipee v. Raj Transp., Inc.*, 2022 WL 2532493, at *3-4 (M.D.N.C. May 3, 2022) (holding that the plaintiff had waived the Fifth Amendment privilege over a given subject matter after testifying previously on the topic).

That Plaintiff's testimony is not privileged is confirmed by the Court's rulings denying Plaintiff's requests to seal filings describing that deposition testimony. After issuing its June 1 Order, the Court denied Plaintiff's request to seal material concerning the same subject matter at issue here. *See* ECF No. 238 (denying Plaintiff's Motion to Seal her Response in Opposition to Defendants'

2

Motion to Strike Privilege Assertion and to Compel Plaintiff's Deposition Testimony). Similarly, the Court also recently denied Plaintiff's motions to seal unredacted versions of her Motion for Sanctions and Disqualification of Defendants' Counsel (ECF No. 271) and her Renewed Motion for Protective Order (ECF No. 273), both of which asserted that sealing was necessary to protect against disclosure of Plaintiff's supposedly privileged deposition testimony. *See* Oct. 1, 2023 Order, ECF No. 286, at 2.

Pursuant to paragraph D(3) of the January 20, 2023 Protective Order, Defendants request that Plaintiff lift the confidentiality designations challenged herein. Defendants' counsel are available to discuss this matter. If Plaintiff does not agree to lift the designations, Defendants intend to file this Notice with the Court pursuant to paragraph D(5) of the January 20, 2023 Protective Order on October 17, 2023.

Dated: October 10, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*