IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | | |
|---|---|---|
| CARYN DEVINS STRICKLAND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil No. 1:20-cv-00066-WGY |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MOTION TO STRIKE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND DISQUALIFICATION OF DEFENDANTS' COUNSEL**

When Defendants filed their response to Plaintiff's Motion for Sanctions and Disqualification of Defendants' Counsel, they redacted portions of their filing without seeking court permission, in violation of the local rules and this Court's prior order regarding sealing. Defendants also failed to serve a copy of their unredacted filing on Plaintiff within the filing deadline, in violation of the Federal Rules of Civil Procedure. Defendants' counsels' correspondence with Plaintiff's counsel reveals that they purposefully did not serve their unredacted filing on Plaintiff, with the likely motivation of concealing the information in their redacted filing from her to gain an unfair advantage in this litigation. This conduct is unethical and further supports Plaintiff's motion for sanctions. Defendants' response should be stricken based on their failure to comply with the Court's rules.

Local Rule 6.1 requires a party to seek court permission for any "request to seal, *or otherwise restrict public access to*, any materials filed with the Court." LCvR 6.1(a) (emphasis added). As the plain text of the rule makes clear, the rule applies to the redaction of information from public filings. *Cf. Co. Doe v. Pub. Citizen*, 749 F.3d 246, 255, 267 (4th Cir. 2014)

1

(applying legal standards regarding sealing to district court's "redactions to its memorandum opinion" on summary judgment). In addition, "Rule 5(a) of the Federal Rules of Civil Procedure requires that all documents filed with the Court be served on all parties." *Thorne v. Steubenville Police Officer*, 463 F. Supp. 2d 760, 770 (S.D. Ohio 2006), *rev'd in part on other grounds*, *Thorne v. Lelles*, 243 F. App'x 157, 157 (6th Cir. 2007). That obligation includes service of documents that are not filed on the public docket, like conventionally filed exhibits. *See id.*; *see also* W.D.N.C. Administrative Procedures Governing Filing and Service by Electronic Means V.I. (Dec. 1, 2022) ("Exhibits submitted conventionally shall be served on other parties as if not subject to these procedures.").

Defendants previously followed these rules in this litigation. For example, when Defendants filed their Motion to Strike Privilege Assertion and to Compel Deposition Testimony ("Motion to Strike"), they filed a redacted version of their motion on the public docket and requested court permission to file the unredacted version under seal. ECF No. 213. Contemporaneously with filing their redacted Motion to Strike, Defendants' counsel served the unredacted version of the Motion to Strike on Plaintiff's counsel by email. Ex. A. Thereafter, the Court granted Defendants' motion to seal. *See* Entry Order Dated May 19, 2023.

By contrast, when Defendants filed their response to Plaintiff's motion for sanctions, they did not request court permission to file a redacted version of their motion on the public docket[1] or to file an unredacted version under seal. ECF No. 294, at 7 n.2. Nor did they serve an unredacted copy of their response on Plaintiff. *Cf. id.* (noting that Plaintiff had served an

---

[1] Defendants could have requested to file their redacted filing pursuant to the Court's prior sealing order regarding this same subject matter, *see* Entry Order Dated May 19, 2023, but this would be in conflict with their purported basis for "Defendants' Notice of Challenge to Confidentiality Designation and Motion for Leave to File Unredacted Versions of ECF Nos. 294 and 295," *see* ECF No. 299.

2

unredacted copy of her motion for sanctions on Defendants, *which enabled them to respond to her motion*). Instead, Defendants stated an intent to initiate a "confidentiality designation" challenge process regarding *the same exact deposition testimony* that they already challenged in their Motion to Strike, which was filed five months ago, on May 15, 2023. *See* ECF Nos. 212, 219. Defendants' privilege challenge was granted in part and denied in part on June 1, 2023, when the Court upheld Plaintiff's assertion of privilege. *See* ECF No. 233. Instead of complying with the Court's ruling that resolved the privilege challenge, or timely challenging or seeking to clarify the Court's ruling, Defendants chose to pretend that the Court's ruling does not exist and to re-raise the same privilege challenge again as if it was never previously litigated. At the same time, Defendants claimed that they want "all the relevant facts [to] be disclosed to the public," even though their approach conveniently resulted in delayed disclosure of their unredacted filing to both Plaintiff and the Court. ECF No. 299, at 2.

Defendants' counsels' correspondence with Plaintiff's counsel reveals a likely motivation for raising a roundabout and nonsensical "confidentiality designation" challenge instead of complying with local and federal rules regarding sealing and service of filings. ECF No. 294, at 7 n.2. Specifically, Defendants were deliberately concealing the unredacted information in their response in an attempt to gain an unfair advantage in this litigation and to avoid having to timely disclose the weaknesses of their response, which effectively concedes they have no basis for the allegations they made in their Motion to Strike, to Plaintiff and this Court.

Defendants filed their redacted response at 9:30 p.m. on the evening of Wednesday, October 11, 2023. The ECF notice for Defendants' filing clearly states: "Replies due by 10/18/2023." Docket Text, ECF No. 294. Defendants were thus well-aware that the filing of their response triggered the 7-day deadline for filing a reply contained in Local Rule 7.1. And

more immediately, Defendants were aware that Plaintiff's re-opened deposition, which pertains to the same subject matter raised in the motion for sanctions, was scheduled for 9 a.m. on Thursday, October 12, 2023. *See* ECF No. 272-2 (deposition notice). Defendants were thus aware that, beyond being required by the federal rules governing service of filings, it would be important in the interests of transparency and fairness to an opposing party to timely serve Plaintiff with their unredacted filing due to impending deadlines. *See* Fed. R. Civ. P. 5(a)(1)(D) (stating that papers related to "a written motion" "must be served on every party"); N.C. R. Prof. Cond. 3.4(d)(3) (stating that "[a] lawyer shall not . . . fail to disclose evidence or information that the lawyer knew, or reasonably should have known, was subject to disclosure under applicable law, rules of procedure or evidence, or court opinions"). Serving only a redacted copy through ECF does not comply with the obligation to serve the filing on Plaintiff, who, as a party to the litigation, plainly is entitled to receive service of the unredacted filing. *See* Fed. R. Civ. P. 5(b)(2)(E) (service is not effective "if the sender learns that [the filing] did not reach the person to be served"); *see also Thorne*, 463 F. Supp. 2d at 770 (where plaintiffs were granted leave to file exhibits conventionally but failed to serve the exhibits on defendants pursuant to Fed. R. Civ. P. 5(a), plaintiffs could not "rely on any information" in the exhibits at summary judgment). After all, the purpose of redaction is to protect information from disclosure *to the public*, not the Court or the opposing party. LCvR 6.1; *see Co. Doe*, 749 F.3d at 255.

       Defendants failed to serve Plaintiff with an unredacted copy of their response to the motion for sanctions within the filing deadline of October 11, 2023. The next morning, three hours before Plaintiff's deposition, Plaintiff's counsel emailed all four of Defendants' counsel of record and stated: "I was not served with an unredacted copy of ECF 294 on the filing deadline yesterday. Please serve an unredacted copy immediately." Ex. B. All four of Defendants'

counsel of record ignored Plaintiff's counsel's email and did not respond before the deposition. As a result, Plaintiff and her counsel were unable to review Defendants' unredacted response to the motion for sanctions before her deposition took place.

Hours after the deposition was completed, Defendants' lead trial counsel emailed Plaintiff's counsel and stated: "We did not provide an unredacted copy of Defendants' opposition because we have not yet filed, or requested to file, an unredacted copy with the Court." Ex. B. Defendants' counsel further claimed that "there is no rule that would entitle Plaintiff to receive an unredacted copy at this time." *Id.* Defendants' counsel attached the unredacted copy of the response to the email based on what he characterized as "a professional courtesy." *Id.* Defendants' counsel's email thus confirms that Defendants intentionally failed to serve Plaintiff with an unredacted copy of their response within the filing deadline, intentionally ignored Plaintiff's counsel's email requesting service of an unredacted copy of the filing hours before the deposition, and intentionally sandbagged Plaintiff by concealing the information in their unredacted response before taking her re-opened deposition. Further, based on Defendants' reasoning that Plaintiff was not "entitle[d]" to receive Defendants' unredacted filing, it is likely that Defendants never even intended to serve Plaintiff with an unredacted copy of their response if her counsel had not objected to their conduct, thus thwarting her ability to file a reply within the 7-day deadline required by the local rules. *See* LCvR 7.1(e).

Defendants' conduct warrants the striking of their response to the motion for sanctions. Defendants' violation of local and federal rules belies their assertion that they are "straightforwardly litigat[ing] this case" as "professional advocates." ECF No. 294, at 18. Their assertion that Plaintiff was not "entitle[d]" to receive service of their unredacted filing is preposterous and violates their basic duty of fairness and candor to an opposing party and her

5

Case 1:20-cv-00066-WGY    Document 301    Filed 10/18/23    Page 5 of 8

counsel. *See* N.C. R. Prof. Cond. 3.4(d)(3). After all, Plaintiff could not prepare a reply in support of her motion for sanctions if Defendants refused even to provide her with their unredacted response, which prevented her from reviewing their arguments.

Defendants' conduct also undermines their assertion that they did not commit sanctionable conduct in their Motion to Strike and is evidence that they have chosen not to comply with the duty of candor. Indeed, if Defendants were truly confident in the strength of their arguments in response to the motion for sanctions, then it is difficult to see why they would need to engage in such underhanded tactics as refusing to timely provide Plaintiff, or this Court, a copy of their unredacted filing. If Defendants had timely served Plaintiff with their unredacted filing, that filing would have revealed their concession that they had no evidentiary or legal basis for the allegations they made in their Motion to Strike, that they had severely overstated their arguments in favor of reopening Plaintiff's deposition by misrepresenting the law and failing to disclose adverse authorities, and that they were abusing the discovery process for an improper purpose. Defendants' procedural contortions to avoid disclosure of these concessions to Plaintiff and the Court further confirms that her motion for sanctions has merit.

## CONCLUSION

Because Defendants willfully violated local and federal rules regarding sealing and service of filings, resulting in prejudice to Plaintiff, this Court should strike their response to the motion for sanctions. Prior to filing this motion, Plaintiff's counsel conferred with Defendants' counsel as required by Local Rule 7.1. Defendants oppose the motion.

This the 18th day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com