IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO SEAL

Today, Plaintiff filed her Reply in Support of Motion for Sanctions and Disqualification of Defendants' Counsel. ECF No. 302. Plaintiff's reply does not contain any redactions or request to seal any information. Plaintiff does request to provide unredacted copies under seal of Exhibits B and C to her reply, which contain her previously filed response to Defendants' Motion to Strike (ECF No. 226), and her memorandum of law in support of her motion for sanctions and disqualification of Defendants' counsel (ECF No. 270-1). Plaintiff acknowledges that this Court denied her prior motion to seal this material because the motion "does not comport with Local Rule 6.1(c)." ECF No. 286. Because the Court has taken the motion for sanctions under advisement, and because that motion refers to material that remains under seal, Plaintiff interprets the Court's order as denying her motion to seal without prejudice. Plaintiff files this motion for the purpose of ensuring compliance with Local Rule 6.1(c).

Under Local Rule 6.1(c), a motion to seal must forth:

(1) A non-confidential description of the material sought to be sealed;

(2) A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;

1

(3) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and

(4) Supporting statutes, case law, or other authority. To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

LCvR 6.1(c).

Plaintiff's motion meets these requirements. *First*, the redactions in Exhibits B and C reference information that this Court previously determined was privileged and ordered to be filed under seal. *See* ECF No. 233, at 2 (upholding assertion of Fifth Amendment privilege); *See* Entry Order May 19, 2023 ("ORDER granting 213 Consent MOTION to Seal Document. Text of Order: Motion allowed. So Ordered."). Specifically, on May 15, 2023, Defendants filed a motion challenging an assertion of privilege that Plaintiff raised regarding testimony she provided at her deposition. ECF No. 219. The deposition testimony that Plaintiff provided was quoted in full in Defendants' motion. *See id.* Federal Rule Civil Procedure 26(b)(5)(B) specifically provides protections for "information produced in discovery" that "is subject to a claim of privilege." Plaintiff relied on this rule in asserting privilege over the testimony she provided as well as future questions regarding the same topic. *See id.*

As Defendants recognized in their own motion to seal this information, which this Court granted, "[f]iling the Motion under seal is necessary to protect against disclosure of the information over which Plaintiff has asserted privilege." ECF No. 213, at 3. Further, "[t]here is no alternative to filing the Motion under seal because the Court cannot rule on the privilege assertion without seeing the unredacted copy of the Motion." *Id.* at 3–4. Finally, Defendants

2

stated that "[i]f the Court denies the Motion and upholds Plaintiff's privilege assertion in full, Defendants propose that the Motion remain permanently sealed." *Id.* at 4.

In its order of June 1, 2023, this Court denied Defendants' motion to strike privilege assertion, in part, and concluded that "[t]he Fifth Amendment privilege has not been waived and may be asserted during any further discovery or trial proceedings." ECF No. 233, at 2. The Court also rejected Defendants' request to unseal their motion to strike privilege assertion, which remains under seal. *See* ECF No. 219. Thus, it is clear, at a minimum, that the Court upheld the assertion of the Fifth Amendment privilege in full and ordered the related materials to be sealed. *Cf. Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1087 (5th Cir. 1979) (explaining that Rule 26 protections apply to "the privilege against self-incrimination").

*Second*, sealing is necessary to maintain the privilege recognized in the Court's order and pursuant to Rule 26(b)(5)(B), which applies to privileged information that is produced in discovery. *See* ECF No. 233, at 2. Moreover, because the Exhibits discuss information that is currently under seal, sealing is necessary to prevent dissemination of sealed materials. *See, e.g.*, *In re Civil Contempt by Doe*, No. 12-mc-0557 (BMC), 2016 U.S. Dist. LEXIS 80882, at *11 (E.D.N.Y. June 20, 2016) (contempt proceeding related to "dissemination of sealed documents").

*Third*, there is no need for a statement indicating how long the party seeks to have the material maintained under seal because permanent sealing is requested. LCvR 6.1(c)(3). Defendants themselves stated that the material should "remain permanently sealed" if Plaintiff's privilege assertion is upheld. ECF No. 213, at 4. Many courts have recognized that a non-waived privilege is a valid basis to seal information because sealing is necessary to protect the privilege. *See, e.g., Wilcox v. Bibin*, 2:15-CV-00261-EJL-REB, 2016 U.S. Dist. LEXIS 23349, 2016 WL 740396, at *3 (D. Idaho Feb. 24, 2016) ("When privileged materials must be filed in a

3

case, and the privilege has not been waived, courts generally find compelling reasons to overcome the strong presumption in favor of public access exist sufficient to warrant sealing those materials." (citations omitted)); *Parsons v. Andrews*, No. 5:13-CT-3125-FL, 2019 U.S. Dist. LEXIS 53532, at *13 (E.D.N.C. Mar. 29, 2019) (denying motion to unseal "privileged attorney-client communications" and warning parties that moving to unseal could waive privilege). That is equally true when the privilege involves a party's use of the procedures in Rule 26(b)(5)(B) to protect from inadvertent disclosures of privileged information. *See, e.g.*, *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, No. 6:19-cv-1908-Orl-78EJK, 2020 U.S. Dist. LEXIS 182700, at *11 (M.D. Fla. Oct. 2, 2020) (imposing sanctions where party "affirmatively utilize[d]" documents that were subject to Rule 26(b)(5)(B) "to further the ends of their litigation strategy").

*Fourth*, Federal Rule of Civil Procedure 26(b)(5)(B) and the many cases applying it, along with the Court's prior orders granting the privilege assertion and ordering the material to be sealed, constitute "[s]upporting statutes, case law, or other authority" in support of the motion to seal. LCvR 6.1(c)(4). Those authorities are discussed in detail above.

For these reasons, Plaintiff respectfully requests to file Exhibits B and C to her reply under seal. Prior to filing this motion, Plaintiff's counsel conferred with Defendants' counsel as required by Local Rule 7.1. Defendants' counsel stated as follows: "Defendants oppose Plaintiff's Motion to Seal because the Court has already denied Plaintiff's prior motion to seal the very same material. *See* ECF No. 286 at 2."

This the 18th day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

    */s/ Cooper Strickland*
    Cooper Strickland
    N.C. Bar No. 43242
    P.O. Box 92
    Lynn, NC 28750
    Tel. (828) 817-3703
    cooper.strickland@gmail.com