IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff's Motion for Reconsideration of the Court's ruling on summary judgment rehashes arguments already considered and rejected by this Court. ECF No. 292 ("Pl.'s Mot."). She asserts that the Court failed to consider evidence essential to her motion for summary judgment and no disputes of material facts remain, such that it should have granted summary judgment in her favor. But because Plaintiff fails to identify any error justifying reversal of the Court's decision—and instead merely relitigates issues already correctly decided—she has not met the "high bar" necessary for reconsideration. *See Bezek v. First Nat'l Bank of Pa.*, No. SAG-17-2902, 2023 WL 2571508, at *2 (D. Md. Mar. 20, 2023). Plaintiff's motion should be denied.

## BACKGROUND

On June 1, 2023, the parties both filed motions for summary judgment. ECF Nos. 245, 248. On July 10, 2023, at a hearing on the parties' motions, the Court granted Plaintiff's motion to the extent that Defendants' undisputed facts were "established for trial," *see* ECF No. 258 at 2, and denied the remainder of her motion, *see* July 10, 2023 Tr. at 30:16-17 ("[T]he motion is denied as to [Plaintiff's] various theories."). The Court also denied Defendants' motion in part, and took the fourth element that Plaintiff must prove for her equal protection claim—that Defendants acted with "discriminatory intent"— under advisement. ECF No. 258 at 3.

1

On July 25, 2023, the Court issued its Memorandum and Order, granting in part Defendants' motion. *Id.* at 3. The Court concluded there were genuine issues of material fact about whether the former Federal Defender, Anthony Martinez, had acted with discriminatory intent, but that Plaintiff had "failed to meet her burden at summary judgment" as to the other Defendants because she did not provide any plausible evidence of their discriminatory intent. *Id.*; *see also* Aug. 10, 2023 Minute Order ("As there remain genuine issues of material fact on this multifaceted issue[,] summary judgment was denied."). The Court thus granted summary judgment "with respect to all Defendants EXCEPT Anthony Martinez" on Plaintiff's equal protection claim. ECF No. 258 at 3.

Plaintiff now seeks for the Court to reconsider its decision. *See* Pl.'s Mot. For the reasons set forth below, the Court should deny her request.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not specifically contain a motion for reconsideration." *Wiseman v. First Citizens Bank & Tr. Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003) (internal quotation marks and citation omitted). Nevertheless, under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Motions for reconsideration of partial summary judgment orders are not subject to the "strict standards" applicable to reconsideration of a final judgment.[1] *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). But such motions are typically granted only in "limited circumstances" where:

> "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

---

[1] Federal Rule of Civil Procedure 59 controls the process by which a final judgment is amended. *See* Fed. R. Civ. P. 59(e); *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Because no final judgment has been entered, Plaintiff's invocation of Rule 59 is misplaced. *See* Pl.'s Mot. at 2; Fed. R. Civ. P. 59(e).

2

reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]."

*Wiseman*, 215 F.R.D. at 509 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)); *see also Galeas v. FNU Walrath*, No. 3:11-cv-163, 2012 WL 664927, at *1 (W.D.N.C. Feb. 29, 2012) ("Though motions for reconsideration of interlocutory orders are subject to a lower standard, they are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice.") (collecting cases)). Under this framework, "[i]t is improper to file a motion for reconsideration simply to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Wiseman*, 215 F.R.D. at 509 (quoting *Above the Belt, Inc.*, 99 F.R.D. at 101). Ultimately, the decision to reconsider an order is left to the "broad discretion" of the court, *American Canoe Ass'n*, 326 F.3d at 515, but the types of errors justifying a motion for reconsideration "rarely arise," *Wiseman*, 215 F.R.D. at 509 (quoting *Above the Belt, Inc.,* 99 F.R.D. at 101).

## ARGUMENT

Plaintiff makes three arguments in support of her reconsideration motion: (1) the Court failed to consider her "MeToo" evidence, (2) Judge Gregory's letter of counseling necessitated summary judgment in her favor, and (3) the Court disregarded Defendants' judicial admissions. None of these assertions demonstrate that the Court made the type of "rare[]" error necessary to justify reconsideration of a prior decision. *See Wiseman*, 215 F.R.D. at 509 (quoting *Above the Belt, Inc.,* 99 F.R.D. at 101). Her motion for reconsideration should therefore be denied.

### I.  "MeToo" Evidence.

Plaintiff argues that the Court's purported failure to consider her "MeToo" evidence of other EDR complaints justifies reconsideration of its summary judgment rulings. She claims that, because the Court did not issue an order granting her motion to seal, ECF No. 244, the Court never accessed

3

relevant evidence and thereby violated her due process rights.[2] Pl.'s Mot. at 3. Her argument fails for three reasons.

*First*, as to Martinez's alleged discriminatory intent, the Court was not obligated to review Plaintiff's "MeToo" evidence. The Court already has determined that the record contains sufficient evidence to create a genuine dispute of fact as to whether Martinez violated Plaintiff's equal protection rights, including whether Martinez acted with discriminatory intent, Aug. 10, 2023 Minute Order ("As there remain genuine issues of material fact on this multifaceted issue[,] summary judgment was denied."), and thus, Plaintiff's speculation about the Court's decision-making process is unwarranted. When a genuine dispute of material fact on a key issue of law exists, a court cannot award summary judgment. *Aleman v. City of Charlotte*, 80 F.4th 264, 283 (4th Cir. 2023) ("Summary judgment is appropriate only 'if the movant shows that there is no genuine dispute as to any material fact . . . .'") (quoting Fed. R. Civ. P. 56(a)). After reaching this conclusion and explaining its rationale, the Court was not obligated to look through cumulative evidence which could not be dispositive of Martinez's intent. *See Aleman*, 80 F.4th at 284 (underscoring that a court may not "weigh the evidence" while evaluating a motion for summary judgment).

*Second*, Plaintiff previously failed to meaningfully argue that the "MeToo" evidence demonstrated the other Defendants' discriminatory intent in her summary judgment filings and now raises this argument for the first time. Pl.'s Mot. at 4; *see also* ECF No. 248 at 19-20. In her summary

---

[2] Plaintiff also asserts that the Court suspended Western District of North Carolina Civil Rule ("Local Rule") 6.1 *sua sponte*, which it lacked authority to do. Pl.'s Mot. at 14. She relies upon an Order denying her motion to partially unseal, in which the Court stated that "**Nothing** is to be filed in court under seal unless and until this Court upon motion expressly so orders." ECF No. 203 at 2. Rather than suspend Local Rule 6.1, however, this language simply mirrors the language of the Local Rule. *See* Local Rule 6.1(b) ("No materials may be filed under seal except by Court order . . . ."). Moreover, Plaintiff argues the Court altered Local Rule 6.1(d) by preventing her from filing sealed materials along with a motion to seal, *see* Pl.'s Mot. at 14, but Local Rule 1.1 notes that the Rules "are not intended to bind any judicial officer to any particular course of action" and the judge "retains the discretion to apply the Local Civil Rules in a manner consistent with the demands of the case." Local Rule 1.1.

4

judgment filings, she referenced this "MeToo" evidence on only a few occasions and did not attempt to explain how it related to the intent of these supervisory officials. *See* ECF No. 248 at 2, 9, 20. Plaintiff now seeks to augment her prior argument by highlighting additional case law, *compare* ECF No. 248 at 19-20, *with* Pl.'s Mot. at 3-4, and by quoting extensively from the other EDR complaints, *see* Pl.'s Mot. at 5-13, but a motion for reconsideration is not an opportunity for a second bite at the apple. *See Raycap Asset Holdings Ltd. v. Gora LLC*, No. 3:20-cv-00363, 2023 WL 2089415, at *1 (W.D.N.C. Feb. 17, 2023) (asserting that motions for reconsideration do not "provide a party the chance to craft new or improved legal positions" or "highlight previously-available facts" (internal quotation marks and citation omitted)); *Evans v. Trinity Indus., Inc.*, 148 F. Supp. 3d 542, 546 (E.D. Va. 2015) (a motion for reconsideration fails where a litigant "merely attempt[s] to put a finer point on [their] old arguments and dicker about matters decided adversely to them" (internal quotation marks and citation omitted)).

And *third*, because Plaintiff's "MeToo" argument is unsupported by caselaw, reconsideration would be futile. The Fourth Circuit has held that a "pattern" of violations *could* be "relevant evidence to proving deliberate indifference" in a Rehabilitation Act case. *Basta v. Novant Health Inc.*, 56 F.4th 307, 317 (4th Cir. 2022). But as Defendants previously explained, *see* ECF No. 249 at 21, allegations of occasional incidents of harassment do not provide such relevant evidence. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("*longstanding, pervasive, [and] well-documented*" rights violations can be circumstantial evidence that defendants "had been exposed to information concerning the risk and thus must have known about it") (emphasis added and citation omitted)). Further, as Defendants highlighted, Plaintiff's evidence includes only two grievances which pre-date Plaintiff's report, both of which contain dissimilar allegations, and do not indicate a pattern of similar complaints. *See* ECF No. 249 at 21 (explaining that the two pre-existing grievances relate to "[w]histleblower retaliation," and "[d]iscrimination on the basis of age, race/national origin, and gender" (citation omitted)); *Basta*, 56

5

F.4th at 317; *see also Calobrisi v. Booz Allen Hamilton, Inc.*, 660 F. App'x 207, 209-10 (4th Cir. 2016) (remanding for the district court to consider whether the plaintiff's other employee evidence was admissible because such evidence is "neither *per se* admissible nor *per se* inadmissible" and instead its admissibility depends on factors such as "how closely related the evidence is to the plaintiff's circumstances and theory of the case") (quoting *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 381 (2008)). Moreover, Plaintiff relies on statements from an unrelated EDR complaint filed nearly a year after she left the FDO, which contains dissimilar allegations that Defendants have repeatedly disputed as inaccurate. *See* ECF No. 249 at 22; *Fry v. Rand Constr. Corp.*, No 1:17-cv-0878, 2018 WL 10435251, at *2 (E.D. Va. Apr. 20, 2018) (excluding "MeToo" evidence where the circumstances of the other employee's termination were "markedly different" than the plaintiff's and the merits of the other employee's termination claim were "less than clear"). Accordingly, even if the Court were to undertake another review of this evidence, it would not warrant a reversal of the Court's correctly decided summary judgment rulings.[3]

## II. Judge Gregory's Counseling Letter.

Next, reiterating arguments from her motion for summary judgment, Plaintiff claims that the Court clearly erred in denying her motion on her equal protection claims because Judge Gregory's

---

[3] Additionally, Plaintiff's "MeToo" evidence consists of EDR complaints filed by other employees. *See* Pl.'s Mot. at 8-13. Plaintiff does not intend to call these individuals at trial, *see* ECF No. 259 at 106 (failing to list these individuals in Plaintiff's "may call" witness list), and seeks to offer this evidence as proof of a "pattern of conduct," Pl.'s Mot. at 5. Thus, her "MeToo" evidence entails out-of-court statements offered for their truth. This evidence is hearsay, which is inadmissible at trial, *see* Fed R. Evid. 801(c) (defining hearsay as a statement that "the declarant does not make while testifying at the current trial" which the "party offers in evidence to prove the truth of the matter asserted in the statement"), and could not be considered in support of Plaintiff's motion for summary judgment, *Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991) ("[H]earsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment."); *see also Richardson v. Wilson*, 404 F. Supp. 2d 887, 892 (W.D.N.C. 2005) (rejecting the use of hearsay statements at summary judgment where Plaintiff failed to obtain deposition or an affidavit from the witness).

letter of counseling to Martinez was undisputed. This argument does not meet the high standard for reconsideration. *See Galeas*, 2012 WL 664927, at *1.

Plaintiff begins by asserting that the Court considered only whether to grant Defendants' motion for summary judgment and failed to consider whether to grant her motion for summary judgment. *See* Pl.'s Mot. at 18 ("[I]t appears that the Court did not consider whether to grant Plaintiff summary judgment based on the 'undisputed' facts."). But the Court directly addressed—and denied—Plaintiff's motion after extensive summary judgment briefing and oral argument. July 10, 2023 Tr. at 30:16-17 ("[T]he motion is denied as to your various theories."). The Court explained that, given the limitations of Rule 56, it had to act upon the parties' motions "separately after drawing all reasonable inferences against the moving party." *Id.* at 25:3-6. In its written decision, the Court also acknowledged that, if proven at trial, Plaintiff's allegations could establish a "plausible conclusion" of Martinez's gender-based discriminatory intent, but also noted that they did not mandate that conclusion. *See* ECF No. 258 at 7 (explaining that the Court was not making findings at the summary judgment stage). Plaintiff's argument is thus misplaced.

Plaintiff also contends that, with respect to the contents of the letter of counseling, no reasonable factfinder could find in Defendants' favor. Pl.'s Mot. at 20-21. But, again, Plaintiff raised this argument in her motion for summary judgment, *compare* ECF No. 248 at 18-21 (citing the letter as evidence in her motion for summary judgment), *with* Pl.'s Mot. at 21-22 (asserting on reconsideration that the letter necessitates summary judgment), and the Court rejected it. Plaintiff has not shown that the Court "patently misunderstood [her]," *see Wiseman*, 215 F.R.D. at 509 (quoting *Above the Belt, Inc.,* 99 F.R.D. at 101), nor has she identified new evidence, a change of law, a clear error, or manifest injustice, *see Galeas*, 2012 WL 664927, at *1. Rather, she merely reargues a matter only because it was decided adversely to her. *See Raycap Asset Holdings Ltd.*, 2023 WL 2089415, at *1 (noting that a motion for reconsideration is "inappropriate where it merely reiterates previous arguments" (internal quotation marks and citation omitted)); *Wiseman*, 215 F.R.D. at 509 ("It is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had

7

already thought through—rightly or wrongly." (citation omitted)). As such, her motion is "improper" and should be denied. *See Wiseman*, 215 F.R.D. at 509.

Further, as Defendants previously argued, the letter of counseling does not amount to a showing of discriminatory intent, *see* ECF No. 249 at 16-17, nor has Plaintiff met any of the other three elements of her equal protection claim as to Martinez, *see Strickland v. United States*, 32 F.4th 311, 359 (4th Cir. 2022) (explaining that to prevail on her equal protection claim, Plaintiff must show (1) she "was subjected to sexual harassment by another employee or supervisor"; (2) she "alerted supervisory officials and/or officials responsible for overseeing the court's EDR plan about the sexual harassment"; (3) "the supervisory officials and/or officials responsible for overseeing the court's EDR plan responded to the allegations with deliberate indifference"; and (4) any deliberate indifference "was motivated by a discriminatory intent."). Plaintiff now asserts that Defendants did not introduce evidence to undermine the reliability of this letter, but that is beside the point. Defendants already explained that the statements in the letter relate neither to the timing or effectiveness of the action taken in response to her allegations nor the type of review or remedies available under the EDR Plan. *See* ECF No. 249 at 17. Further, the letter recognized that no retaliation occurred and that "discipline was not appropriate." ECF No. 254 at 7 (citation omitted). And contrary to Plaintiff's insistence, Defendants never admitted that disciplinary action was taken. *Id.* (asserting that "the Circuit Executive mistakenly characterized the counseling as disciplinary action" in an email but that "mischaracterization certainly does not support any conclusion that a finding of wrongful conduct was made"). Rather, Martinez counseled the First Assistant on his use of email in the workplace. *Id.* Accordingly, the letter does not establish that Martinez acted at any point with discriminatory intent.

### III. Judicial Admissions.

Finally, Plaintiff claims that the Court clearly erred in failing to consider the impact of Defendants' judicial admissions, which she asserts necessitate summary judgment in her favor. Pl.'s Mot. at 22. Again, her argument does not satisfy the high standard justifying reconsideration. Plaintiff already asserted that Defendants' judicial admissions warranted summary judgment, emphasizing her

8

position during oral argument. *See* July 10, 2023 Tr. at 16:13-18 ("[R]eally this is an extraordinary case in the sense that you can truly decide this case based on admissions, purely admissions, and the answer and admissions in the documents from the EDR proceeding itself. Any other disputes in our view are immaterial."). And Defendants disputed that the judicial admissions came close to satisfying the legal elements that Plaintiff must prove to succeed on her due process and equal protection claims. *See, e.g., id.* at 17:6-11; ECF No. 249 at 2-22. In fact, Plaintiff seemingly acknowledges that her motion is an attempt to have the Court to revisit her prior arguments. *See* Pl.'s Mot. at 24 ("*As explained in Plaintiff's summary judgment reply*, any dispute regarding the Judicial Integrity Officer's statements is immaterial because other undisputed facts support her due process claim." (emphasis added)). But the Court has already considered those arguments and correctly rejected them. *See* July 10, 2023 Tr. at 25:11-26:1 (explaining that even with these "admissions" by Defendants, Plaintiff failed to meet her burden at summary judgment). Because this is not a proper basis for a motion for reconsideration, Plaintiff's motion should be denied. *Wiseman*, 215 F.R.D. at 509 (stating that a motion for reconsideration is not proper where a party seeks for the Court to review its reasoning).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration.

Dated: October 23, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

/s/ Dorothy Canevari
DOROTHY CANEVARI
(NY Bar No. 5989694)
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11507
Washington, DC 20001
Tel.: (202) 616-8040
Email: dorothy.m.canevari@usdoj.gov

*Counsel for Defendants*