# EXHIBIT C

12. No objection, or lack thereof, constitutes an admission as to the existence or nonexistence of documents or information by Plaintiff.

13. Plaintiff's General Objections are applicable to, and included in, each of the Specific Objections set forth below.

14. The exact wording of any objections or answers provided may be that of Plaintiff's counsel and does not necessarily purport to be that of Plaintiff.

## OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 20:**

Identify any audio recordings in your possession that document conversations or events alleged in the Complaint, or that document conversations with any person who was employed by the Federal Judiciary (including but not limited to the Federal Defender's Office for the Western District of North Carolina, the Administrative Office of the United States Courts, and the Fourth Circuit Court of Appeals) at the time the recording was made. For each recording identified, list the date of the recording, the parties to the conversation, and the method by which the conversation was recorded.

**OBJECTIONS AND ANSWER:**

Plaintiff restates and incorporates her general objections. Plaintiff objects to this interrogatory to the extent that it requests information subject to any privilege or restriction on the release of information, including the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege.

Plaintiff further objects that the request for a list of "audio recordings in [her] possession . . . that document conversations with any person who was employed by the Federal Judiciary (including but not limited to the Federal Defender's Office for the Western District of North Carolina, the Administrative Office of the United States Courts, and the Fourth Circuit Court of

5

Appeals) at the time the recording was made" is unduly broad, burdensome, and not proportional to the needs of the case. Moreover, such recordings may pertain to privileged client matters and internal FDO matters that have no relation to this action. Plaintiff was employed by the judiciary for several years and many of her conversations before, during, and after the events alleged in the complaint are wholly irrelevant to the allegations therein and beyond the scope of even the broadest construction of relevance. Fed. R. Civ. P. 26(b)(1).

Plaintiff further objects that requiring her to "list the date of the recording, the parties to the conversation, and the method by which the conversation was recorded" is unduly burdensome and not proportional to the needs of the case. The original file names and contents of the recordings speak for themselves.

Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Plaintiff refers to her responses to Defendants' Requests for Production. Plaintiff reserves her right to supplement her answer if any further information or documents are found that are responsive to this request.

**INTERROGATORY NO. 21:**

For each audio recording identified in response to Interrogatory 20, describe the extent to which the recording has been edited or otherwise altered from its original form.

**OBJECTIONS AND ANSWER:**

Plaintiff restates and incorporates her general objections. Subject to and without waiving the foregoing objections, Plaintiff responds to the interrogatory as follows:

To the extent recordings are subject to redaction, including for the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege, the length of any redaction is self-evident from the recording. Plaintiff will provide a privilege log in accordance with the

requirements of Fed. R. Civ. P. 26(b)(5), after completing a review of responsive documents for privilege.

Respectfully submitted, this 20th day of January, 2023.

*/s/ Olivia Warren*
Olivia Warren
N.C. Bar No. 54525
Thomas, Ferguson & Beskind, L.L.P.
119 East Main Street
Durham, NC 27701
Tel: (919) 682-5648
Email: warren@tfblawyers.com

Philip Andonian
D.C. Bar No. 490792
CALEB ANDONIAN PLLC
1100 H Street, N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
Email: phil@calebandonian.com

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## VERIFICATION

I hereby declare, under penalty of perjury, that the factual information contained in the forgoing answers of Defendants' Second Set of Interrogatories is true and correct based on my personal knowledge, information and belief, or on information and documents gathered by, or presently available to, me.


Dated: January 20, 2023					Signed: /s/ Caryn Strickland
											Caryn Strickland