# EXHIBIT D



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

---

Rachael Westmoreland  
Trial Attorney

Tel.: (202) 514-1280  
E-mail: rachael.westmoreland@usdoj.gov

February 14, 2023

Via electronic mail

Philip Andonian  
1100 H Street, N.W., Suite 315  
Washington, D.C. 20005

Re: *Strickland v. United States*, No. 20-66 (W.D.N.C.)

Dear Mr. Andonian:

I write regarding Plaintiff's Objections and Answers to Defendants' Second Set of Interrogatories and Plaintiff's Objections and Responses to Defendants' Second Set of Requests for Production. We are hoping to resolve Plaintiff's inadequate responses to Defendants' discovery requests quickly and ask that Plaintiff respond promptly to our concerns.

First, Plaintiff objected to Interrogatory No. 20 as "unduly broad, burdensome, and not proportional to the needs of this case" because "Plaintiff was employed by the judiciary for several years and many of her conversations before, during, and after the events alleged in the complaint are wholly irrelevant to the allegations therein and beyond the scope of even the broadest construction of relevance." In this request, however, Defendants are not asking for an accounting of every conversation Plaintiff had while employed by the Federal Defenders Office ("FDO") or U.S. Courts. Rather, Defendants are asking for a list of the "audio recordings" of those conversations related to Plaintiff's claims in this case. Defendants do not believe that the burden of providing a simple list of the recordings, as requested by Defendants, is outweighed by the importance of these recordings to this case. *See* Fed. R. Civ. P. 26(b).

"Relevance, on its own, does not impose a high bar." *See United States ex rel. Hayes v. Charlotte Mecklenburg Hosp. Auth.*, No. 3:16-cv-00750-GCM, 2021 WL 665109 at *2 (W.D.N.C. Feb. 19, 2021) (citation omitted). Plaintiff has put her secret recordings of conversations with witnesses to this case at issue by raising them in opposition to Defendants' Motion to Amend, *see* ECF No. 170. Defendants are entitled to know, at a minimum, how many of these recordings exist and who participated in each recorded conversation. To the extent Plaintiff is relying on the supposed burden of listing her secret recordings as an objection to Defendants' request, Plaintiff has not come close to meeting the required standard for asserting a burden objection. Because "Plaintiff[] h[as] not described with any specificity the burden—in terms of hours or expense"—that responding to Defendants interrogatory would place on her, it is impossible to "evaluate the proportionality of the burden imposed" by Defendants' request.

1

*Mason v. Health Mgmt. Associates, LLC*, No. 3:10-cv-00472, 2023 WL 362512 at *3 (W.D.N.C. Jan. 23, 2023).

Plaintiff also says that the audio recordings she possesses "may pertain to privileged client matters and internal FDO matters that have no relation to this action." Plaintiff offers no explanation, however, for why she would have such privileged recordings within her possession after she left her employment with the FDO. Without further explanation, Plaintiff's objection on this ground is simply not plausible. The objection also fails to explain why simply listing those recordings would jeopardize any privileges or pose a burden to Plaintiff.

Second, Plaintiff objects to Defendants request in Interrogatory No. 20 as "unduly burdensome and not proportional to the needs of the case" because Defendants asked Plaintiff to list "the date of the recording, the parties to the conversation, and the method by which the conversation was recorded." Plaintiff says that the "original file names and contents of the recordings speak for themselves," but Defendants have no way to conclusively determine the identities of the individuals who are speaking during the nearly 20 hours of recordings that they have received from Plaintiff. The audio quality is poor, and there are numerous voices in many of the recordings. Defendants also have been unable to decipher the meaning of the file names and to identify the date that a relevant conversation occurred. Fed. R. Civ. P. 26(b) explicitly considers "the parties' relative access to relevant information" in determining the proper scope of discovery. As the individual who recorded the conversations, Plaintiff clearly has sole access to the relevant information sought by Defendants. Plaintiff has also not explained how it would be burdensome to provide this basic information for each recording taken by Plaintiff. To date, Plaintiff has produced only 13 recordings. The minimal burden for Plaintiff to provide basic identifying information about these recordings is outweighed by the relevance of the information to the case, as Plaintiff already has quoted extensively from these recordings in her Complaint and relied on them in briefs filed with the Court.

Plaintiff's reference to her response to Defendants' Requests for Production is not helpful, because Plaintiff also objected to Defendants' Document Request No. 24 seeking "all audio recordings identified in response to Interrogatory 20." While Plaintiff says that she will conduct a reasonable search for documents responsive to this document request, Defendants are unclear on what that entails, particularly in light of her failure to respond substantively to Interrogatory No. 20, as detailed above. To the extent that Plaintiff is referring to prior requests for production, those requests were not coextensive with the information sought in Interrogatory No. 20 and Document Request No. 24, and do not excuse Plaintiff's failure to provide the information requested.

Finally, although Plaintiff does not provide specific objections in response to Interrogatory No. 21, she fails to respond to the Interrogatory. Defendants asked: "For each audio recording identified in response to Interrogatory 20, describe the extent to which the recording has been edited or otherwise altered from its original form." Plaintiff's response does not include a statement as to whether any recordings have been edited or altered. She simply states that "the length of any redaction is self-evident from the recording." While that may be true, Defendants have yet to receive a response to the question of whether the recordings have been altered other than to redact privilege.

2

Defendants ask that Plaintiff promptly provide a list of responsive audio recordings in her possession along with the other identifying information requested by Defendants and also provide a complete response to Interrogatory 21. If Plaintiff is unwilling to do so, Defendants reserve the right to seek further relief.

As always, we are available to meet and confer regarding Plaintiff's responses, if that would be helpful.

Sincerely,

/s/

Rachael L. Westmoreland

CC: All counsel of record

3

Case 1:20-cv-00066-WGY   Document 309-4   Filed 10/23/23   Page 4 of 4