# EXHIBIT F



April 7, 2023

119 East Main Street
Durham, North Carolina 27701
Telephone (919) 682-5648
Facsimile (919) 688-7251
E-mail tfb@tfblawyers.com
www.tfblawyers.com

WILLIAM J. THOMAS, II
JAY H. FERGUSON
EMILIA I. BESKIND
Also Licensed in D.C.
KELLIE D. MANNETTE
OLIVIA A. WARREN

Joshua M. Kolsky
Rachel Westmoreland
Madeline McMahon
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

*Via Electronic Transmission*:
joshua.kolsky@usdoj.gov
rachael.westmoreland@usdoj.gov
madeline.m.mcmahon@usdoj.gov

RE: *Strickland v. United States* (1:20-cv-00066-WGY)

Dear Mr. Kolsky, Ms. Westmoreland, and Ms. McMahon:

    We are writing to follow up on our March 31, 2023 conference call, during which we stated that we would discuss your questions regarding discovery with Plaintiff. Below are our responses from that inquiry.

    *Defendants' Doc. Request No. 8:* Defendants requested "[a]ll documents referring to, describing, or otherwise reflecting economic injuries for which Plaintiff seeks damages in the instant action, including but not limited to documents relating to mitigation and attempts to pursue other employment opportunities." In response, Plaintiff explained that the Fourth Circuit upheld the dismissal of her claims for damages, and that failure to mitigate damages was not properly raised in Defendants' Answer and is not part of this case. Plaintiff's Response to Def.'s RFP No. 8. Nevertheless, because Plaintiff is seeking equitable relief for her lost future earnings (front pay), she provided IRS wage and income transcripts for all years from 2014 to present. Plaintiff also provided all pay vouchers she has received since beginning her current employment and will continue to do so on a rolling basis, including as an attachment to the email relaying this letter.

    Plaintiff has produced responsive documents representing her income for nearly the past ten years. As Plaintiff previously stated, other documents showing her finances would be redundant and violate her

privacy. *See, e.g.*, Plaintiff's Response to Def's. RFP No. 14. Because Plaintiff files jointly with her spouse, her tax returns would disclose private financial information that is irrelevant to this litigation, without disclosing any relevant information not contained in the documents already produced. Moreover, her IRS Wage and Income Transcripts contain data reported on a variety of different information returns, such as Forms W-2, Form 1099 series, and Form 5498 series, and is therefore likely more comprehensive than an individual tax return. In any event, Plaintiff does not have any other income, including income from a business or a trust, that has not been disclosed. In sum, Plaintiff is not withholding any documents that are responsive and provide relevant information not already provided in the documents she has produced.

*Defendant's Doc. Request No. 11:* Defendants requested that Plaintiff state whether she is "withholding any documents responsive" to Defendants' RFP No. 11, which requests "[a]ll documents referring to, describing, or otherwise reflecting Plaintiff's attempts to mitigate any injuries (economic, physical, emotional, or otherwise) for which Plaintiff seeks damages in the instant action, including without limitation documents concerning Plaintiff's efforts to obtain other employment." As Plaintiff previously explained, Defendants are not entitled to know whether any documents have been withheld that might be relevant to an affirmative defense that is not part of this case. Ltr. from Cooper Strickland Dated Mar. 3, 2023, at 1–2.

Moreover, because the defense of failure to mitigate is not part of this case, Plaintiff has not performed an exhaustive search for documents relevant to mitigation efforts, nor has she served comprehensive discovery requests on Defendants relating to mitigation, including attempts to secure other judiciary employment. Such discovery could be revealing as to whether Defendants retaliated against Plaintiff, or otherwise damaged her reputation, by treating her with hostility when she applied for other judiciary employment. *See, e.g.*, Bates No. US4025 (email from Frank Johns, the Clerk of Court for the WDNC, stating "YEA! That is one more off the chess board!" in reference to Plaintiff withdrawing her application to be a *pro se* law clerk, and response from Heather Beam, the EDR Investigator, stating "Yep – I think she would have been a true pain in the you know what :)"). Though such discovery would likely be enlightening, it would be unreasonable and unduly burdensome to expect Plaintiff to expend time and resources obtaining discovery on an affirmative defense that was not properly raised and is not part of the case. Plaintiff's prior response to Request No. 11 simply indicates that she has gone above and beyond to disclose information in the interest of transparency.

*Defendant's Interrogatory Nos. 8 and 9*: Defendants requested that Plaintiff "revise her response" to interrogatory numbers 8 and 9 and "describe all acts of harassment, retaliation, or deliberate indifference," apparently finding her verified 85-page complaint and other filings insufficient to understand the basis for the allegations. As Plaintiff has stated, she will expand on her interrogatory responses with information learned in discovery, but she is not required to do so at this time. Ltr from Cooper Strickland Dated Mar. 3, 2023, at 2. The Federal Rules of Civil Procedure do not require responses to contention interrogatories before the end of the discovery period. *Dalmatia Imp. Grp., Inc. v. Foodmatch, Inc.*, No. CV 16-2767, 2016 WL 5721161, at *1 (E.D. Pa. Oct. 3, 2016). As one court explained:

> There is considerable support for deferring contention interrogatories until the end of the discovery period. This is because to force a party to respond at this stage in the litigation would require the party to articulate theories of its case not yet fully developed. It may inappropriately lock a party into positions before the party has discovered the relevant evidence to support or defeat a particular contention. Moreover, because parties have an obligation to supplement interrogatories in a timely manner when new information becomes available under Federal Rule of Civil Procedure 26(e), requiring responses to contention interrogatories prior to the conclusion of discovery is likely to require repeated supplementation of responses. Efficiency prescribes that the parties should not be obliged to answer contention

> interrogatories repeatedly. For these reasons, the party serving contention interrogatories bears the burden of proving how an earlier response assists the goals of discovery by showing that early answers will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56.

*Id.* (citations, quotation marks, and alterations omitted); *see also Feinberg v. T. Rowe Price Grp., Inc.*, No. 17-CV-00427-JKB, 2019 WL 6497959, at *5 (D. Md. Dec. 3, 2019) (noting that "many courts disfavor 'early' contention interrogatories, and postpone the responding party's answers until at or near the close of discovery" unless "a requesting party shows sufficient justification for an earlier response"). Defendants have failed to meet their burden of showing how requiring an early response to contention interrogatories assists the goals of discovery, particularly given the accelerated discovery schedule in this case. *See Dalmatia Imp. Grp.*, 2016 WL 5721161, at *2. While Defendants have requested that responses be provided before deposing Plaintiff, they have "shown no reason why [they] cannot take discovery in the ordinary course by asking deponents about facts and documents relevant to the contentions" in the case. *Id.*

Rather, the fact that the parties have not yet begun depositions demonstrates that substantial discovery remains. *See Global Locating Sys., LLC v. Shadowtrack 247, LLC*, No. 1:19-cv-00225-MR, 2020 WL 3432714 at *2 (W.D.N.C. June 23, 2020) ("Courts generally disfavor contention interrogatories before substantial discovery has taken place." (internal quotation marks and citation omitted)); *see also Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998) (stating that "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically, at the end of the discovery period"). Plaintiff contends that a major reason substantial discovery remains is Defendants' delay in producing many hundreds of pages of non-confidential documents until after the Court entered a Protective Order. Defendants failed to timely move for a protective order on or before their production deadline. Even though Defendants had no basis to withhold documents, having failed to timely move for a protective order, and even though Plaintiff offered to stipulate to keep *all* documents confidential in any event to prevent any delays, Defendants did not produce *any* confidential documents until January 27, 2023. Since then, Defendants have produced more than 7,000 pages of documents–many of which are not confidential. This delayed production, despite Defendants' ample resources and lack of any legitimate basis to withhold document production, has created a severe time crunch and prejudiced Plaintiff, who must review Defendants' production, prepare for depositions, and challenge their withholding of discovery simultaneously. This ongoing discovery process obviously bears on the facts that Plaintiff will ultimately present in support of her claims at trial. Defendants cannot now benefit from the delay by insisting on responses to contention interrogatories at this time.

Moreover, Defendants have not provided a substantive response to Plaintiff's Interrogatory No. 3, which is a contention interrogatory requesting that Defendants provide the factual basis for any defenses to Plaintiff's due process and equal protection claims asserted in the complaint. Unlike Plaintiff, Defendants have not represented that they will provide a response to the interrogatory at the proper time. *See* Def's Response to Interrogatory No. 3. Our position is that not providing a response would be in violation of the Rules. Defendants objected that responding to the interrogatory would be "overly burdensome and disproportionate to the needs of the case," but it is no more burdensome for Defendants to provide the factual basis for their defenses to Plaintiff's constitutional claims than it is for Plaintiff to provide the factual basis for those claims. And such information is much more important to Plaintiff, who does not have a detailed 85-page document that outlines the factual basis of any defense. To resolve this dispute in the interests of fairness, we suggest that both parties agree on a reasonable date on which to mutually exchange their responses to all contention interrogatories. We are happy to meet and confer again as needed.

*Interrogatory No. 20*: Defendants requested that Plaintiff provide information regarding each recording produced in discovery, including the date of the recording, the parties to the conversation, and the method by which the conversation was recorded. Plaintiff has already provided this information for many of the recordings as part of her privilege log, served on March 25, 2023. With this letter, Plaintiff has produced a chart with the remaining recordings not captured by her privilege log.

Defendants requested a similar chart for the recordings that Plaintiff did not produce because they do not contain any information relevant to this litigation. In her review, Plaintiff discovered one additional recording that she had inadvertently overlooked and has included that in the log as well. Although Plaintiff is not required to create a privilege log for information that is not relevant to any claim or defense, she has added information regarding those recordings in the spirit of cooperation and transparency.

Respectfully,

/s/ Olivia Warren
Olivia Warren

/s/ Jeannie Suk Gersen
Jeannie Suk Gersen

*Counsel for Plaintiff*

**Strickland v. United States, No. 20-cv-66**

**Plaintiff's RECORDINGS Privilege Log**

|   | Date Range (on or about) | Doc. Type | Sender(s)/Recipient(s) | Category Description | Privilege Justification | Docs. Withheld/Redactions |
|---|---|---|---|---|---|---|
| 1 | August 9, 2018[1] | Audio Recording | Tony Martinez/Caryn Strickland | n/a | n/a | n/a |
| 2 | February 26, 2019 | Audio Recording | Ed Smith/Caryn Strickland/Cooper Strickland | n/a | n/a | n/a |
| 3 | February 12, 2019 | Audio Recording | Ed Smith/Caryn Strickland | n/a | n/a | n/a |
| 4 | March 8, 2019 | Audio Recording | Relevant Speakers: Ed Smith/Caryn Strickland/Cooper Strickland/Judge Floyd | n/a | n/a | n/a |
| 5 | February 7, 2019 | Audio Recording | Ed Smith/Caryn Strickland/Cooper Strickland | n/a | n/a | n/a |
| 6 | November 27, 2018 | Audio Recording | James Ishida/Caryn Strickland/Cooper Strickland | n/a | n/a | n/a |

---

[1] This recording was provided to Heather Beam as part of the EDR investigation. Mr. Martinez's statements that were captured on the recording were part of the basis for subsequent disciplinary action against him. *See* Bates Nos. US1244, 1312.

With one exception noted below, all recordings were taken by audio recorder. As noted in Plaintiff's prior correspondence, the name of each file is preserved according to the original format provided by the device, with the exception of any relevant identifiers of "redacted" or "confidential" provided by Plaintiff. Each file name contains the date of and time of the recording as created by the device (for example, "181005_1434" represents October 5, 2018, at 2:34 p.m.).

| 7 | May 7, 2019 | Audio Recording | James Ishida/Caryn Strickland/Kim Llewelyn | n/a | n/a | n/a |
|---|---|---|---|---|---|---|
| 8 | January 17, 2019 | Audio Recording | James Ishida/Caryn Strickland/Kim Llewelyn/Cooper Strickland | n/a | n/a | n/a |
| 9 | January 9, 2019 | Audio Recording | James Ishida/Caryn Strickland/Kim Llewelyn/Cooper Strickland | n/a | n/a | n/a |
| 10 | September 5, 2018 | Audio Recording | James Ishida/Caryn Strickland | n/a | n/a | n/a |
| 11 | September 18, 2018 | Audio Recording | James Ishida/Caryn Strickland/Cooper Strickland | n/a | n/a | n/a |
| 12 | November 8, 2018 | Audio Recording | Kelly Johnson/Caryn Strickland | FDO client identifying info, FDO work product information and internal discussion of FDO cases[2] | AC privilege WP privilege Relevancy | Recording withheld |

---

[2] Because the redactions of FDO related information concern many different clients, proceedings, and case assignments, a categorical description of the basis for redaction is provided throughout this document. Counsel are available to meet and confer regarding any specific questions pertaining to the redactions.

Page 3
Strickland v. United States, No. 20-cv-66

| | | | | | | |
|---|---|---|---|---|---|---|
| 13 | September 13, 2018 | Audio Recording | Amaal Scroggins/Caryn Strickland | n/a | n/a | n/a |
| 14 | August 21, 2018 | Audio Recording | Josh Carpenter/Caryn Strickland | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 15 | September 6, 2018 | Audio Recording | Ivette Arroyo-Becker/Caryn Strickland | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 16 | March 11, 2019 | Audio Recording | Tony Martinez/Caryn Strickland | n/a | n/a | n/a |
| 17 | September 7, 2018 | Audio Recording | FDO All Staff Meeting: Relevant Speaker Tony Martinez | n/a | n/a | n/a |
| 18 | August 23, 2018 | Audio Recording | Phil Likins/Caryn Strickland | n/a | n/a | n/a |
| 19 | September 14, 2018 | Audio Recording | Josh Carpenter/Caryn Strickland | n/a | n/a | n/a |
| 20 | March 11, 2018 | Audio Recording | Bill Moormann/Caryn Strickland | n/a | n/a | n/a |

Page 4
Strickland v. United States, No. 20-cv-66

| 21 | August 30, 2018 | I Phone | Brian Wise/Caryn Strickland | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Irrelevant portion of recording withheld |
|---|---|---|---|---|---|---|
| 22 | March 8, 2019 | Audio Recording | FDO All staff meeting | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 23 | February 8, 2019 | Audio Recording | FDO All staff meeting | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 24 | October 5, 2018 | Audio Recording | FDO All staff meeting | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 25 | August 27, 2018 | Audio Recording | Kelly Johnson/Caryn Strickland | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |

Page 5
Strickland v. United States, No. 20-cv-66

Page 5
Strickland v. United States, No. 20-cv-66

| | | | | | | |
|---|---|---|---|---|---|---|
| 26 | January 23, 2019 | Audio Recording | Kelly Johnson/Caryn Strickland | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 27 | December 4, 2018 | Audio Recording | Kelly Johnson/Caryn Strickland | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 28 | October 30, 2018 | Audio Recording | Josh Carpenter/Caryn Strickland | n/a | Relevancy (vm asking to call back) | Recording withheld |
| 29 | August 21, 2018 | Audio Recording | Josh Carpenter/Caryn Strickland | n/a | Relevancy (vm asking to call back) | Recording withheld |
| 30 | February 26, 2019 | Audio Recording | Josh Carpenter/Caryn Strickland | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 31 | October 4, 2019 | Audio Recording | Josh Carpenter/Caryn Strickland | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |

| 32 | January 11, 2019 | Audio Recording | FDO "Appellate Team" Meeting | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
|---|---|---|---|---|---|---|
| 33 | October 29, 2018 | Audio Recording | Jared Martin/Caryn Strickland | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 34 | February 6, 2019 | Audio Recording | FDO Meeting (Trial Case) | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 35 | December 21, 2018 | Audio Recording | FDO "Appellate Team" Meeting | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 36 | October 5, 2018 | Audio Recording | FDO "Appellate Team" Meeting | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |

| | | | | | | |
|---|---|---|---|---|---|---|
| 37 | February 8, 2019 | Audio Recording | FDO Meeting (Trial Case) | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 38 | January 25, 2019 | Audio Recording | FDO All staff meeting | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 39 | October 1, 2018 | Audio Recording | FDO "Appellate Team" Meeting | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 40 | October 12, 2018 | Audio Recording | Josh Carpenter/Caryn Strickland | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |
| 41 | October 19, 2018 | Audio Recording | FDO All staff meeting | FDO client identifying info, FDO work product information and internal discussion of FDO cases | AC privilege WP privilege Relevancy | Recording withheld |