## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| In re CARYN DEVINS STRICKLAND, Petitioner. | ) ) ) ) ) ) ) | No. 2023-_____ [No. 1:20-cv-00066] |

## PETITION FOR A WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703

*Counsel for Petitioner*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................iii

INTRODUCTION ............................................................... 1

STATEMENT OF FACTS ................................................ 2

    A.    This Court Holds that Plaintiff's Constitutional Claims Against Judiciary Officials Survived Dismissal ........... 2

    B.    Plaintiff Moves for a PI Because Any Potential Recovery is Limited to Prospective Equitable Relief..... 3

    C.    The District Court Forces Plaintiff to Go to Trial in "a Week, Two Weeks," Without Discovery, or Else Forgo Her Right to a PI. ........................................................... 3

    D.    After Plaintiff Appeals the District Court's PI Refusal, the District Court and Defendants Inaccurately Represent that the District Court Desires a "Prompt Evidentiary Hearing." ........................................................... 4

    E.    Following Dismissal of Plaintiff's Appeal on the Basis that the Court "Desires" a "Prompt Evidentiary Hearing," the District Court Denies Plaintiff a Prompt Evidentiary Hearing ........................................................... 6

    F.    The District Court Again Confirms its Unlawful Hobson's Choice ........................................................... 8

    G.    Since the District Court's Denial of a Prompt Evidentiary Hearing, Plaintiff's PI Motion Has Only Been Subject to Further Unjustified Delay ................................................ 9

REASONS WHY THE WRIT SHOULD ISSUE ............................. 14

I.    Plaintiff Has A Clear And Indisputable Right To Relief........ 17

i

A.     The District Court's "Substantial Delay" in Acting on a Matter of Statutory Priority Warrants the Remedy of Mandamus ....................................................................... 17

B.     This Court's Prior Decision that the District Court Would Rule "Promptly" on the PI Motion Further Warrants Relief. ........................................................... 21

II.    No Other Adequate Remedy Is Available ............................... 22

III.   Issuance Of The Writ Would Be Appropriate ......................... 23

CONCLUSION ................................................................................. 31

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

ADDENDUM

ii

# TABLE OF AUTHORITIES

**Cases**                                                   **Page(s)**

*Abbott v. Perez,*
138 S. Ct. 2305 (2018) ................................................................. 4

*Cheney v. United States Dist. Court,*
542 U.S. 367 (2004) ............................................................... 22, 23

*Co. Doe v. Pub. Citizen,*
749 F.3d 246 (4th Cir. 2014) .............................................................. 28

*Gellman v. Maryland,*
538 F.2d 603 (4th Cir. 1976) ......................................................... 5, 24

*Henry v. Greenville Airport Comm'n,*
284 F.2d 631 (4th Cir. 1960) ............................................................. 25

*In re Adams,*
No. 14-11102-F, 2014 U.S. App. LEXIS 14513 (11th Cir. July 16, 2014) ...... 21

*In re Hicks,*
118 F. App'x 778 (4th Cir. 2005) ........................................................ 17, 18

*In re Hicks,*
279 F. App'x 236 (4th Cir. 2008) (unpub. per curiam) ........................... *passim*

*In re Murphy-Brown, LLC,*
907 F.3d 788 (4th Cir. 2018) ......................................................... 24, 30

*Jackson v. Beard,*
828 F.2d 1077 (4th Cir. 1987) ............................................................. 11

*Kerr v. United States Dist. Court,*
426 U.S. 394 (1976) ....................................................................... 17

*League of Women Voters of N.C. v. North Carolina,*
769 F.3d 224 (4th Cir. 2014) ............................................................. 25

*Madden v. Myers,*
102 F.3d 74 (3d Cir. 1996) ............................................... 16, 17, 21, 22

iii

*Mountain Valley Pipeline, LLC v. 6.56 Acres of Land,*
915 F.3d 197 (4th Cir. 2019) ................................................................. 3

*Nwaubani v. Grossman,*
806 F.3d 677 (1st Cir. 2015) ..................................................... *passim*

*Office of Consumers' Counsel, State of Ohio v. F.E.R.C.,*
826 F.2d 1136 (D.C. Cir. 1987) ......................................................... 21

*Rosario-Urdaz v. Rivera-Hernandez,*
350 F.3d 219 (1st Cir. 2003) ...................................................... 3, 30

*Sprague v. Ticonic Nat'l Bank,*
307 U.S. 161 (1939) ............................................................................ 21

*Strickland v. United States,*
32 F.4th 311 (4th Cir. 2022) ............................................................... 2

*United States v. Bell,*
5 F.3d 64 (4th Cir. 1993) ................................................................... 21

*Univ. of Tex. v. Camenisch,*
451 U.S. 390 (1981) ........................................................................... 27

## Statutes and Rules

28 U.S.C. § 1657 .......................................................... *passim*

Fed. R. Civ. P. 29 .................................................................. 9

Fed. R. Civ. P. 40 ................................................................ 15

Fed. R. Civ. P. 65 .......................................................... *passim*

Fed. R. Evid. 803 ................................................................ 10

Fourth Cir. Loc. R. 12 ....................................................... 16

## INTRODUCTION

Plaintiff returns to this Court with a discrete request: enforce the Court's decision from over a year ago stating that the district court would rule "promp[tly]" on her motion for preliminary injunction ("PI"). No. 22-1963, Doc. 42, at 4.

Plaintiff's PI motion was filed on July 27, 2022. ECF No. 125. On October 18, 2022, this Court dismissed Plaintiff's appeal challenging the district court's refusal to rule on her PI motion before a "consolidated" trial, which was previously scheduled for nearly a full year later, in September 2023. Relying on the assurances of the district court and Defendants that Plaintiff's motion would be ruled on promptly, this Court stated that "the district court has not yet ruled" on the PI motion and "'desires a prompt evidentiary hearing.'" No. 22-1963, Doc. 42, at 4 (quoting ECF No. 150, at 1). A "prompt evidentiary hearing" never occurred. To the contrary, the record conclusively establishes that Plaintiff was denied any consideration for a PI, a right to which she was entitled by law. And now, there is yet further delay. The district court has tentatively scheduled a trial in December 2023—a full *year and a half* after the PI motion was filed—but it has since indicated that this trial date may also be delayed.

This Court must intervene. Condoning this conduct would risk setting a precedent that anytime a district court disfavors a particular plaintiff's PI motion, the court can simply "consolidate" the proceedings and delay the trial, thereby

1

denying the plaintiff any meaningful appellate review. That result would have negative repercussions far beyond this case and risks destabilizing the jurisprudence of this Circuit. Because the district court has violated Plaintiff's clear and indisputable right to expedited treatment of her PI motion, *see* 28 U.S.C. § 1657(a), and no other adequate remedy is available, Plaintiff has established she is entitled to the writ of mandamus.

## STATEMENT OF FACTS

**A.     This Court Holds that Plaintiff's Constitutional Claims Against Judiciary Officials Survived Dismissal.**

This case involves claims of equal protection and due process violations against officials of the federal judiciary. On April 26, 2022, this Court reversed the district court's dismissal of Plaintiff's complaint. The Court held, for the first time, that a federal judiciary employee may pursue litigation in federal court to remedy judiciary officials' deliberate indifference to sexual harassment and implementation of a fundamentally unfair process for resolving workplace discrimination claims. *Strickland v. United States*, 32 F.4th 311, 321 (4th Cir. 2022). The Court limited Plaintiff's recovery to prospective equitable relief, including front pay in lieu of reinstatement, and held that she may not recover back pay. *Id.* at 366, 369–71.

2

**B.     Plaintiff Moves for a PI Because Any Potential Recovery is Limited to Prospective Equitable Relief.**

Following remand, Plaintiff moved for a PI on July 27, 2022.  ECF No. 125.

Plaintiff's motion explained that because she may only recover prospective

equitable relief, and back pay is unavailable, she will suffer irreparable harm

absent a PI.  ECF No. 125-1, at 1, 17.  Precedent from this Circuit and others

establishes that "unrecoverable" monetary losses of this type qualify as

"irreparable injury justifying preliminary relief."  *Mountain Valley Pipeline, LLC*

*v. 6.56 Acres of Land*, 915 F.3d 197, 218 (4th Cir. 2019); *see also Rosario-Urdaz*

*v. Rivera-Hernandez*, 350 F.3d 219, 222 (1st Cir. 2003) (stating that it is "nose-on-

the-face plain" that the unavailability of back pay is "irreparable harm").

**C.     The District Court Forces Plaintiff to Go to Trial in "a Week, Two Weeks," Without Discovery, or Else Forgo Her Right to a PI.**

On September 8, 2022, the district court held a hearing on the PI motion.

The district court stated that it would "collapse" consideration of the PI motion

with trial on the merits.  *See* Entry Order Dated September 15, 2022.  The district

court stated that Plaintiff must proceed to a "trial on the merits" within "a week,

two weeks," without any discovery, or else forgo her right to a PI until the trial

previously scheduled for September 2023.  ECF No. 149, at 4, 7.  The district court

stated that "[i]f you want to wait till September [2023], then I will wait, and that's

when I will determine the matter, but that's not indefinite."  *Id.* at 9.  The district

3

court judge previously has been admonished for engaging in precisely this conduct, which violates Rule 65(a) and imposes an "unfair[]" and "inappropriate[]" "Hobson's Choice" on the plaintiff, by his home circuit. *Nwaubani v. Grossman*, 806 F.3d 677, 680 n.7 (1st Cir. 2015). Confirming the unfairness and inappropriateness of this procedure, when Plaintiff objected that she needed discovery before trial, the district court dismissed these concerns by stating that "[t]here isn't a constitutional right to discovery." ECF No. 149, at 8.

**D.    After Plaintiff Appeals the District Court's PI Refusal, the District Court and Defendants Inaccurately Represent that the District Court Desires a "Prompt Evidentiary Hearing."**

Plaintiff appealed the district court's order refusing her PI on the basis that "consolidating" a PI motion with a trial scheduled a full year later, in September 2023, was a refusal of the PI. *See* ECF No. 143 (notice of appeal from the "court's refusal to grant and/or denial of her motion for preliminary injunction"). Plaintiff's appeal was grounded in Supreme Court precedent stating that district courts are "not allowed . . . to shield [their] orders from appellate review" regarding PI motions and imposing a "practical effect" inquiry that "prevents such manipulation." *Abbott v. Perez*, 138 S. Ct. 2305, 2320 (2018) (citation omitted). It was also grounded in Fourth Circuit precedent stating that ordering a consolidated trial without any discovery "comes perilously close to a violation of due process." *Gellman v. Maryland*, 538 F.2d 603, 606 (4th Cir. 1976); *see also Nwaubani*, 806

4

F.3d at 680 n.7 (recognizing that the procedure ordered by the district court "unfairly" and "inappropriately" imposes a "Hobson's choice").

A week after Plaintiff's notice of appeal was filed, on September 22, 2022, the district court issued an order stating that the court "desires a prompt evidentiary hearing" on "plaintiff's motion for immediate equitable relief." ECF No. 150, at 1. Seizing on this language, Defendants represented to this Court that dismissal of Plaintiff's appeal was warranted because the district court did not refuse the PI, but merely did not wish to rule on the PI "without the benefit of an evidentiary hearing." No. 22-1963, Doc. 19, at 12. Defendants also represented that the district court was "open to revisiting the issue" of a consolidated trial, *id.* at 1, and had "offered to discuss the timing of a pre-trial evidentiary hearing," Doc. 37, at 1. Defendants characterized the district court's September 22, 2022 order as stating that the court had "reiterated its 'desire' to hold a 'prompt evidentiary hearing' on Strickland's motion *prior to trial.*" *Id.* (emphasis added).

On October 18, 2022, relying on the district court's order and Defendants' representations, this Court granted Defendants' motion to dismiss Plaintiff's appeal. The Court's reasons for dismissing the appeal were as follows:

> [A] review of the district court record reveals that the district court has not yet ruled on Strickland's motion for preliminary injunction. More specifically, the record indicates that the district court declined Strickland's request to rule on her preliminary injunction motion solely on the basis of affidavits, and instead "desires a prompt

5

evidentiary hearing" in order to resolve the motion for preliminary injunction. ECF No. 150 at 1. To the extent that Strickland contends the district court's refusal to grant her motion for preliminary injunction solely on the basis of submitted affidavits "in effect" constitutes a denial of her motion, we disagree. As the defendants point out, the district court has stated that it was not prepared to issue such a ruling without the benefit of a more fully developed evidentiary record, but that it is open to further discussing the matter with the parties. Notably, the Federal Rules of Civil Procedure do not require a district court to forego an evidentiary hearing before ruling on the merits of a motion for preliminary injunction. Further, Rule 65(a)(2) expressly authorizes a district court, as occurred here, to "advance the trial on the merits and consolidate it with the hearing" on the motion for preliminary injunction. Fed. R. Civ. P. 65(a)(2).

No. 22-1963, Doc. 42, at 4.

### E.  Following Dismissal of Plaintiff's Appeal on the Basis that the Court "Desires" a "Prompt Evidentiary Hearing," the District Court Denies Plaintiff a Prompt Evidentiary Hearing.

On October 21, 2022, based on Defendants' representations that the district court desired a "'prompt evidentiary hearing'" on the PI motion "prior to trial," Doc. 37, at 1 (quoting ECF No. 150, at 1), Plaintiff filed a "motion for prompt evidentiary hearing" on the PI motion.  ECF No. 157.  Contradicting what they represented to this Court, Defendants opposed Plaintiff's motion and argued that the district court "has already appropriately consolidated" the PI with "trial on the merits" and had, therefore, not authorized a prompt evidentiary hearing on the PI motion.  ECF No. 158, at 1.

6

On October 31, 2022, the district court orally denied Plaintiff's motion for a prompt evidentiary hearing.  The district court stated that a prompt evidentiary hearing was "not going to happen" because it was not going to hear evidence "twice."  ECF No. 171, at 32, 36.  The district court explained that "of course you have the right" to an evidentiary hearing, "but if I did that, then you're onto the Court of Appeals."  *Id.* at 36.  The district court stated that it would not be "helpful" if Plaintiff exercised her right to an evidentiary hearing and a subsequent appeal.  *Id.* at 29.  The court stated: "I think the Fourth Circuit understands exactly what I'm trying in fairness to do here."  *Id.* at 28.

The district court reiterated that Plaintiff must proceed to trial in November or December 2022 without discovery, which still had not meaningfully taken place, or else she would be required to forgo a ruling on her PI motion.  *Id.* at 39.  When Plaintiff again objected that she needed discovery before trial, the district court stated that "[s]ubpoenas work" and "this idea that we're going to have a round of depositions . . . there is no requirement for that due process or otherwise."  *Id.* at 39, 31.  Following the hearing, in accordance with the district court's order requiring the parties to submit a consolidated trial date, the parties jointly notified the court that a September 2023 trial date was necessary to ensure that they could "adequately conduct discovery and prepare for trial."  ECF No. 160, at 1.

7

Plaintiff notified this Court through a petition for rehearing that the district court had denied a "prompt evidentiary hearing" and there was no possibility of a ruling on her PI motion before September 2023, more than a full year after the PI motion was filed.  No. 22-1963, Doc. 44.  This Court denied Plaintiff's petition for rehearing on December 16, 2022.  Doc. 49.

**F.    The District Court Again Confirms its Unlawful Hobson's Choice.**

On January 26, 2023, the district court entered a written order "formally" denying Plaintiff's motion for prompt evidentiary hearing.  ECF No. 185, at 1 ("Upon reflection, the Court realizes that it has not formally ruled on the Plaintiff's 'Motion For Prompt Evidentiary Hearing.'").  The district court's order "outline[s] its insistence upon a full trial" rather than deciding the PI motion promptly as required by statutes and procedural rules.  *Id.* at 2.  The district court's order "reiterates that it is the parties, not the Court, who insist that they need until September 2023 to be ready for trial," and contends that the court's actions were "expressly confirmed . . . by the Fourth Circuit."  *Id.* at 2–3.

As crucial context for this order, the district court had delayed acting on the parties' motion for a protective order for months and did not enter it until January 20, 2023, a mere six days before its January 26, 2023 order "insist[ing] upon a full trial."  *See* ECF No. 183.  The district court was thus well-aware at the time of its January 26, 2023 order that no meaningful discovery had yet taken place, because

8

Defendants refused to provide discovery until the protective order was formally entered.[1]  *See, e.g.*, ECF No. 176, at 6 n.4 (stating in December 2022 filing that "Defendants have . . . explained to Plaintiff that they cannot produce confidential documents until the Court enters the parties' proposed protective order").  The district court's order again confirmed that it had imposed an "unfair[]" and "inappropriate[]" "Hobson's Choice," and that it believed it had the express approval of this Court to do so.  *Nwaubani*, <u>806 F.3d at 680</u> n.7.

### G. Since the District Court's Denial of a Prompt Evidentiary Hearing, Plaintiff's PI Motion Has Only Been Subject to Further Unjustified Delay.

Since the district court's formal denial of a prompt evidentiary hearing, there has been no action on Plaintiff's PI motion since January 26, 2023.  That is true even though discovery has since closed and the record has been "fully developed" through briefing on summary judgment, allaying this Court's stated concerns about a premature ruling on the PI motion.  No. 22-1963, Doc. 42, at 4.

---

[1] Defendants refused to provide "confidential" discovery, including the EDR investigation report and records of disciplinary action, even though they did not timely move for a protective order as required by the rules of civil procedure, and Plaintiff had even offered to stipulate to maintain confidentiality of *all* discovery until the protective order was entered to prevent any delay.  *See* <u>Fed. R. Civ. P. 29</u> (allowing "stipulations about discovery procedure").  Further, four months earlier, in September 2022, Plaintiff had requested that the district court require disclosure of the EDR investigation report and records of disciplinary action, but the district court denied Plaintiff's request without explanation.  ECF No. 151.

9

On June 1, 2023, the parties cross-moved for summary judgment. ECF Nos. 245, 248. On June 21, 2023, the district court offered the parties the option to proceed on a case-stated basis because "we've moved beyond allegations to actual evidence" and "the facts are not in dispute." ECF No. 267, at 4–5. The court stated that "there is both a private interest here on the part of Ms. Strickland, as she wants to win this case, and . . . if we get to damages, *her damages are going to be affected by the time that we take to adjudicate it*." *Id.* at 12 (emphasis added). However, the parties could not reach agreement to proceed on a case-stated basis.

On July 10, 2023, the district court held a hearing on the parties' cross-motions for summary judgment. On July 25, 2023, the district court entered an opinion on summary judgment which summarized the "undisputed evidence" the court had before it regarding the deliberate indifference of Federal Defender Anthony Martinez to his First Assistant's *quid pro quo* sexual harassment. ECF No. 258, at 5–7. Among this evidence, the district court explained that the Fourth Circuit's Chief Judge had issued a "letter of reprimand" against Defender Martinez as a result of the wrongful conduct investigation into Plaintiff's allegations under Chapter IX of the EDR Plan. *Id.* at 6. As the district court explained, "[t]he factual findings in this letter constitute an unimpeached public record pursuant to Fed. R. Evid. 803(8)(A)(iii)." *Id.* The court concluded that "[t]he underlying facts" supporting Plaintiff's discrimination claim "appear to be undisputed." *Id.* at 7.

10

On July 27, 2023, the district court held the final pretrial conference. *See* Entry Order Dated September 19, 2023. The district court set the case for a five-day bench trial, consisting of half-days of four hours each—that is, a total of two-and-a-half days of trial time. ECF No. 262, at 13. The district court scheduled the trial to commence on September 5, 2023. The court stated, however, that if the parties wished to pursue mediation, it would only allow them to do so if the case were taken off the trial calendar. *Id.* at 16.

Plaintiff had requested mediation nearly a full year earlier in the parties' Certificate of Initial Attorney's Conference, filed on August 15, 2022. ECF No. 132, at 8; *see also* ECF No. 34, at 6 (reflecting parties' earlier agreement that mediation should be "conducted no later than the close of non-expert discovery"). Plaintiff was entitled to mediation under the district's local rules. WDNC LCvR 16.2(a) ("All parties to a civil action must attend a mediated settlement conference, unless otherwise ordered by the Court."). Under the local rules, the district court was required to "select the ADR method and schedule the deadline for its completion after considering counsel's responses in the Certificate of Initial Attorney's Conference." LCvR 16.3(a). The district court failed to comply with this requirement. *See Jackson v. Beard*, 828 F.2d 1077, 1078 (4th Cir. 1987) (local rules "have the force and effect of law, and are binding upon the parties and the court" (quotation omitted)). Instead, the district court only raised the possibility of

11

mediation for the first time during the final pretrial conference nearly a year later, when it stated that mediation would not be ordered without delaying the trial.

Plaintiff's counsel objected "because of the preliminary injunction that has been pending for so long and it's just — this is a rock and a hard place." ECF No. 262, at 16. However, because Plaintiff prudently wished to see if the case could be resolved through mediation, an opportunity she had never been provided, the parties agreed to a temporary stay to pursue mediation. ECF No. 261.

On August 10, 2023, after mediation was scheduled, the district court issued the following order: "Should this case not resolve through mediation, th[e] [deliberate indifference] issue and the due process claims *will promptly be addressed as soon as possible* following notification that mediation has been unsuccessful or the expiration of 45 days from September 5, 2023 *whichever shall first occur*." Entry Order Dated August 10, 2023 (emphasis added). Based on this order, Plaintiff reasonably believed that if mediation were unsuccessful, the district court intended to "promptly" address her claims "as soon as possible," but no later than "45 days from September 5, 2023." *Id.*

Following the mediator's notification on September 19, 2023 that mediation was not successful,[2] Plaintiff notified the court that she was prepared for a prompt

---

[2] Mediation was scheduled for August 17, 2023, and the mediator's report was due 7 days later. *See* LCvR 16.3(c). If this requirement had been followed, mediation would not have delayed a September 5 trial date.

trial date before October 20, 2023 (that is, 45 days from September 5, 2023) in accordance with the court's August 10, 2023 order. ECF No. 281. In response to Plaintiff's filing, and in stark contrast to its repeated prior statements recognizing the importance of deciding this case promptly, the district court criticized Plaintiff for "tak[ing] umbrage that the Court is not available to try the case just as soon as it was informed mediation had failed." ECF No. 286, at 1 n.2. The district court stated that "[o]ther cases (criminal and civil) are eager and ready for trial and have been previously scheduled in the interim." *Id.* The district court's statements starkly contrast with its prior recognition that "this is not a case where . . . we're concerned with a lengthy civil docket or the like, I'm specially assigned, so I've got duties, with all reasonable speed, to address this case." ECF No. 104, at 10. After repeatedly telling the parties it that would provide a trial "just as soon as they are ready to go," the court insisted on delay once Plaintiff requested a prompt trial consistent with its August 10 order. ECF No. 185, at 4.

On October 4, 2023, the district court tentatively scheduled the trial for "Monday, December 11, 2023 or *on the next trial day* following the conclusion of the case then on trial." *Id.* at 1 (emphasis added). The court scheduled a "further final pretrial conference" for November 16, 2023. ECF No. 288. On October 19, 2023, however, the district court issued a revised order resetting the case "for the week of December 11 for trial *or as soon thereafter as the Court's docket will*

13

*permit."* ECF No. 304 (emphasis added). The court's order stated, "The Court will schedule a further pre-trial conference," indicating that the previously scheduled "further final preconference" of November 16, 2023 may not occur. *Id.*

Between the date of this filing on October 30, 2023 and the tentative trial date on the week of December 11, 2023, the district court has scheduled (1) a four-week antitrust trial, which has been rescheduled twice since the court's October 4, 2023 order, and (2) seven criminal trials, including four criminal trials scheduled for the week of December 11 alone. Based on the district court's schedule, it appears unlikely that this case will even proceed to trial before the end of the year. That is more than a year and a half after Plaintiff's PI motion was filed in July 2022, and more than a year since this Court dismissed her PI appeal because the district court intended to hold "a prompt evidentiary hearing." No. 22-1963, Doc. 42, at 4 (quoting ECF No. 150, at 1).

## REASONS WHY THE WRIT SHOULD ISSUE

The district court made a choice to "consolidate" Plaintiff's PI motion with a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2), over Plaintiff's objection. Because the district court made that choice, the court was required to "advance" the trial date. *Id.* The district court failed to do so. Instead, the trial has been delayed, in violation of statutes and rules requiring Plaintiff's case to be treated with priority. *See* 28 U.S.C. § 1657(a) ("[T]he Court *shall expedite* the

14

consideration of . . . any action for temporary or preliminary injunctive relief."
(emphasis added)); Fed. R. Civ. P. 40 ("[T]he court *must* give priority to actions
entitled to priority by a federal statute.") (emphasis added)).  Moreover, Plaintiff
has exhausted all alternative options to challenge the court's refusal to rule on her
PI motion, including appealing the refusal and petitioning for rehearing.  Because
the district court has continued to delay, Plaintiff has no other adequate remedy.

To ensure a "prompt evidentiary hearing" on Plaintiff's PI motion, as
required by law and this Court's prior decision from more than a year ago, this
Court should order the district court to "advance" the trial as required by Rule
65(a)(2), or, at a minimum, to not defer the trial date already set.  This Court also
should ensure that the district court issues a prompt final judgment.  That result
accords with cases from this Circuit involving "substantial delay."  *In re Hicks*,
279 F. App'x 236, 236 (4th Cir. 2008) (unpub. per curiam) (granting writ and
ordering district court "to act" on the pending matter "within sixty days").

Plaintiff anticipates that Respondents may contend that issuance of the writ
would be premature because the district court could still hold the tentative
December 11 trial as scheduled.  But this possibility does not mean that the petition
should be dismissed.  The district court stated that it "desire[d]" a "prompt
evidentiary hearing" on Plaintiff's motion in September 2022 in order to secure
dismissal of Plaintiff's PI appeal, but that "prompt evidentiary hearing" never

15

occurred. ECF No. 150, at 1. Similarly, the district court stated in its August 10, 2023 order that Plaintiff's claims would "promptly be addressed" if mediation were unsuccessful, but no later than October 20, 2023. After being notified that mediation was unsuccessful, however, the district court delayed the trial date until December 2023 and has signaled that there may be yet further delay. Entry Order Dated August 10, 2023.

If this Court were to decide to give the district court another opportunity to rule promptly on Plaintiff's PI motion, the Court has options short of granting a writ of mandamus to ensure that a prompt ruling is made. For example, the Court could hold this petition in abeyance until the district court rules promptly on Plaintiff's PI motion. *See* Fourth Cir. Loc. R. 12(d) ("[T]he Court may, either on its own motion or upon request, place a case in abeyance pending disposition of matters . . . which may affect the ultimate resolution of an appeal."). Alternatively, this Court could deny the petition "without prejudice" to the filing of a new petition for writ of mandamus if the district court does not enter a final judgment within sixty days. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). That is the course taken by the Third Circuit (with then-Circuit Judge Hon. Samuel A. Alito, Jr. on the panel) in *Madden v. Myers*. In that case, the district court had delayed eight months (far less than the delay at issue here) in ruling on a petition for habeas corpus relief. *Id.* The Court stated that "[a]lthough this delay is of concern, it does

not yet rise to the level of a denial of due process," and the Court was "confident that the district court will issue its decision quickly." *Id.* Likewise, here, if this Court is "confident that the district court will issue its decision quickly," it could deny the petition without prejudice to the filing of a new petition if the district court does not enter judgment within sixty days. *Id.*

## I.    Plaintiff Has A Clear And Indisputable Right To Relief.

### A.    The District Court's "Substantial Delay" in Acting on a Matter of Statutory Priority Warrants the Remedy of Mandamus.

The Fourth Circuit has recognized that when a district court acts with "substantial delay" in addressing a case that is entitled to statutory priority, mandamus relief is appropriate. *Hicks*, 279 F. App'x at 236; *see also In re Hicks*, 118 F. App'x 778, 778 (4th Cir. 2005). Mandamus "has traditionally been used . . . to compel [a court] to exercise its authority when it is its duty to do so." *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976) (citation omitted). Thus, "[m]andamus petitions provide an avenue for dealing with the situation . . . where cases have been unduly delayed in the district court." *Madden*, 102 F.3d at 78. An appellate court may issue a writ of mandamus based on a court's "undue delay," or, "without actually issuing a writ, may order a district court not to defer adjudicating a case." *Id.* at 79.

This case is similar to *Hicks* in establishing a clear and indisputable right to relief. In *Hicks*, the petitioner filed a motion under Fed. R. Civ. P. 60(b) in his

17

civil habeas case, which was fully briefed by August 2, 2006.  *Hicks*, 279 F. App'x at 236.  In May 2008, a year and a half later, the Fourth Circuit granted mandamus in favor of the petitioner because the district court still had not yet ruled on the Rule 60(b) motion, which was entitled to statutory priority.  *Id.*  The Fourth Circuit explained that "Hicks has established a clear and indisputable right to expeditious treatment of his Rule 60(b) motion, and no other adequate remedy is available." *Id.*  Thus, "he has shown his entitlement to the writ of mandamus."  *Id.*  The Fourth Circuit ordered the district court to rule on the motion "within sixty days of the date of this opinion."  *Id.*

Here, as in *Hicks*, Plaintiff's case must be expedited and given priority, because federal statutes and procedural rules specifically command that result.  *Cf. Hicks*, 118 F. App'x at 778 ("Pursuant to 28 U.S.C. § 1657(a) (2000), the district court must give priority to habeas corpus cases over other civil cases.").  The district court's failure to rule on the PI motion since it was filed on July 27, 2022 does not comply with these federal statutes and rules.  Nor does the fact that the district court ordered a "consolidated trial" on the PI motion change this result.  Under Rule 65, a district court "may *advance* the trial on the merits and consolidate it with the hearing" on a PI motion.  Fed. R. Civ. P. 65(a)(2) (emphasis added).  Permitting the court to "advance" the trial plainly does not allow the court to delay the trial for months or years—as this Court previously recognized in

18

stating that the district court intended to hold a "prompt evidentiary hearing," which could include "advanc[ing]" the trial date.  No. 22-1963, Doc. 42, at 4. Indeed, the advisory committee notes to Rule 65 specifically state that "[t]he fact that the proceedings have been consolidated *should cause no delay* in the disposition of the application for the preliminary injunction, . . . [in fact,] to consolidate the proceedings *will tend to expedite* the final disposition of the action."  <u>Fed. R. Civ. P. 65(a)(2)</u>, Advisory Comm. Notes (emphasis added).

Based on the district court's orders, it appears that the district court may believe that because Plaintiff exercised a right to mediation to which she is entitled under this district's local rules, her case is no longer entitled to priority and a ruling can be delayed indefinitely.  ECF No. 286, at 1 n.2.  That is not the case.

Rather, the district court's actions reflect its continued use of unfair tactics to force Plaintiff to proceed to trial or else forgo rights to which she is entitled by law. After imposing the unfair and inappropriate Hobson's choice of forcing Plaintiff to proceed to trial without discovery, or else forgo a PI, the district court presented Plaintiff with a similar Hobson's choice between proceeding to trial or exercising her right to mediation, which the court was required to order a year earlier under the local rules.  LCvR 16.3(a) ("The presiding . . . judicial officer will, in the Scheduling Order or ADR Order issued shortly thereafter [the Initial Attorney's Conference], select the ADR method and schedule the deadline for its

19

completion."). The district court's continued use of unfair and coercive Hobson's choices—conduct for which this district court judge previously has been admonished—does not obviate Plaintiff's right to a prompt ruling on the PI. *See Nwaubani*, 806 F.3d at 680 n.7 ("[W]e are troubled that the district court, in consolidating the preliminary injunction hearing with a trial on the merits may have unfairly put Nwaubani (over his objection) in a position where he was forced to forego a ruling on his interlocutory request for injunctive relief in order to conduct adequate discovery to prepare for a trial on the merits.").

In any event, the district court itself recognized its continued duty to expedite treatment of Plaintiff's PI motion when it issued an order on August 10, 2023 stating that her claims "*will promptly be addressed as soon as possible* following notification that mediation has been unsuccessful." Entry Order Dated August 10, 2023 (emphasis added). Plaintiff reasonably relied on the district court's representation that her claims "will promptly be addressed" and planned for a prompt trial date by October 20, 2023 in accordance with the district court's order. But after Plaintiff notified the district court of her readiness for a prompt trial, the district court further delayed trial in violation of Rule 65(a), which requires the trial court to "advance"—not delay—the trial date.

20

**B.    This Court's Prior Decision that the District Court Would Rule "Promptly" on the PI Motion Further Warrants Relief.**

Courts routinely grant mandamus relief when a district court fails to comply with the mandate of the Court of Appeals.  *See, e.g.*, *Madden*, 102 F.3d at 78 ("[M]andamus is the appropriate remedy when the district court ignores this Court's mandate."); *In re Adams*, No. 14-11102-F, 2014 U.S. App. LEXIS 14513, at *3–4 (11th Cir. July 16, 2014) ("A party always has recourse to the court to seek enforcement of its mandate." (quoting *Office of Consumers' Counsel, State of Ohio v. F.E.R.C.*, 826 F.2d 1136, 1140 (D.C. Cir. 1987)).

This Court's decision of October 18, 2022 stating that "the district court has not yet ruled on Strickland's motion for preliminary injunction" and "'desires a prompt evidentiary hearing' in order to resolve the motion for preliminary injunction" further counsels in favor of mandamus.  No. 22-1963, Doc. 42, at 4 (quoting ECF No. 150, at 1).  "Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'"  *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)).  As a "specific application of the law of the case doctrine," the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court."  *Id.* (citation omitted).

This Court "expressly or impliedly decided" that the district court was to rule promptly on the PI motion in its decision of October 18, 2022.  *Id.*  After all,

21

this Court presumably would not have dismissed Plaintiff's appeal on the basis that the district court "has not yet ruled on Strickland's motion for preliminary injunction" and "'desires a prompt evidentiary hearing' in order to resolve the motion for preliminary injunction" if it did not anticipate that the district court would rule promptly on the PI motion. No. 22-1963, Doc. 42, at 4 (quoting ECF No. 150, at 1). The Court's ruling anticipated, if not outright ordered, a prompt ruling on the PI motion as required by law. Because the district court has not promptly ruled on the PI motion as this Court stated it would, "mandamus is the appropriate remedy." *Madden*, 102 F.3d at 78.

## II.    No Other Adequate Remedy Is Available.

The second mandamus factor, that no other adequate remedy is available, is also met. The purpose of this factor is "to ensure that the writ will not be used as a substitute for the regular appeals process." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81 (2004). The Fourth Circuit has recognized that this factor is met when a district court acts with "substantial delay" in ruling on a matter that is entitled to statutory priority. *Hicks*, 279 F. App'x at 236. When a court declines to rule promptly on a matter that is entitled to statutory priority, then "no other adequate remedy is available" except for a writ of mandamus. *Id.*

In this case, Plaintiff is not attempting to use mandamus as a substitute for the regular appeals process. To the contrary, Plaintiff exhausted all possible

22

options for appealing the district court's refusal to promptly rule on the PI motion, but her appeal was dismissed and her petition for rehearing was denied. Plaintiff could not, in good faith, return to this Court for a third time to raise the same arguments that the Court had denied, absent further delay of a trial.

But now, the trial has been delayed months beyond the original September 2023 trial date and it appears possible that this case may not even proceed to trial before the end of the year. Contrary to Rule 65(a)'s requirement that the court "advance" the trial date, Plaintiff's case is tentatively scheduled for trial only after a four-week antitrust trial and seven criminal trials, resulting in potentially substantial delay. This "substantial delay" plainly violates Rule 65(a), which requires the court to "advance" the trial, and 28 U.S.C. § 1657(a), which requires the court to "expedite the consideration" of a PI motion. *Hicks*, 279 F. App'x at 236. Indeed, the fact that Plaintiff has been forced to wait for a ruling on her PI motion for nearly a year and a half since the motion was filed in July 2022 self-evidently demonstrates that she has no other adequate remedy.

## III.    Issuance Of The Writ Would Be Appropriate.

Finally, issuance of "the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381. In fact, if this Court were to *not* take appropriate steps to ensure a prompt ruling on the PI motion, it would send an unmistakable message of approval of the district court's delay. That result would severely prejudice the

23

rights of other litigants in this Circuit who rely on the statutory right to expedited treatment of a PI motion. It would also risk setting a double standard where employees of the federal judiciary who bring constitutional claims against judiciary officials are unjustly denied basic procedural rights to which other civil litigants are entitled, without an opportunity for appellate review of a PI ruling or the availability of back pay.

The Fourth Circuit has recognized that issuance of a writ of mandamus is "appropriate" when a district court's erroneous actions could undermine the rights of other litigants who "may be involved in future legal proceedings." *In re Murphy-Brown, LLC*, 907 F.3d 788, 801–02 (4th Cir. 2018). That is especially true when the district court's orders involve infringements on constitutional rights that result in "irreparable" injury. *Id.* at 801 (citation omitted).

The district court's refusal to promptly rule on Plaintiff's PI motion violates longstanding principles governing preliminary relief. The Fourth Circuit has long recognized that "[a] litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial." *Gellman*, 538 F.2d at 604 (citation omitted). Moreover, ordering a consolidated trial without "permitting any discovery . . . comes perilously close to a violation of due process." *Id.* at 606. The district court's abuse of Rule 65(a)'s consolidation

24

procedure, and its constructive denial of a PI motion through continued delay, is blatantly unlawful.

Indeed, the undisputed evidence in favor of Plaintiff's claims, which have been developed through the summary judgment stage, demonstrates the profound unfairness of the district court's approach.  A plaintiff seeking a PI "need not show a certainty of success," and "undisputed evidence" favoring the plaintiff's claims will justify a PI.  *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 246–47 (4th Cir. 2014) (citation omitted); *Henry v. Greenville Airport Comm'n*, 284 F.2d 631, 633 (4th Cir. 1960) ("The District Court has no discretion to deny relief by preliminary injunction to a person who clearly establishes by undisputed evidence that he is being denied a constitutional right.").

The district court itself recognized that "[t]he underlying facts" favoring Plaintiff's equal protection claim against the Defender "appear to be undisputed," including through a "letter of reprimand" issued by the Fourth Circuit's Chief Judge for the Defender's wrongful conduct.  ECF No. 258, at 6–7.  The Chief Judge's letter of reprimand reads as a roadmap of the Defender's deliberate indifference as articulated by this Court, *see Strickland*, 32 F.4th at 359–60:

- "Marriage Metaphor": "After attempting to resolve several disagreements between Ms. Strickland and Mr. Davis, you had used an ill-advised metaphor, comparing the relationship between Ms. Strickland and Mr. Davis as a 'marriage,' with the parties needing to 'compromise' and 'meet in the middle.' Ms. Strickland said that she was 'shocked' and 'offended' at the

25

reference, believing that it was inappropriate to describe any professional relationship between a male supervisor and female subordinate as a 'marriage.' The metaphor was especially inappropriate given the context that Ms. Strickland had raised concerns with Mr. Davis's behavior towards her."

- "No Physical Touching": "Ms. Strickland denied that Mr. Davis had touched her inappropriately, but she repeated that Mr. Davis made her feel uncomfortable and threatened. Investigator Beam found that you had said, 'at least you weren't touched,' or words to that effect. The investigator concluded that your remarks were callous, minimizing, insensitive, and contributed to the distress that Ms. Strickland felt."

- "Disapproval of Seeking Outside Advice": "Ms. Strickland had also sought advice and guidance from the Fair Employment Opportunity Office at the Administrative Office of the U.S. Courts on her civil rights as a judiciary employee. The investigator found that you had 'called out' Ms. Strickland for seeking legal advice from that office, which further eroded trust between you and Ms. Strickland and exacerbated the deteriorating situation in your office."

- "Shifting Responsibility": "Finally, the investigator noted that you had said you were being blamed for matters that you had nothing to do with. Ms. Strickland reported that she felt 'offended' by your protest, which she perceived as disapproving her right to seek outside advice and counsel from the AO Fair Employment Opportunity Office. This, the investigator concluded, contributed to your mishandling of the matter."

ECF No. 248-1, at 18–19; Add. 34–41.

The district court even informed the parties—contrary to its prior insistence on requiring "live witnesses" rather than "affidavits," ECF No. 185, at 2–3—that it was able to decide liability on a case-stated basis because "the facts are not in

26

dispute," ECF No. 267, at 4–5.  If "an unimpeached public record" from the Fourth

Circuit's Chief Judge containing "undisputed" findings of unlawful sex

discrimination is not sufficient to prove a likelihood of success on the merits and

thus justify a PI, it is hard to imagine what would be sufficient.  ECF No. 258, at 6.

Indeed, it is inherently contradictory to contend that the record is sufficiently

developed to rule *on the merits* of the case at summary judgment, but that a ruling

on the PI motion—which requires a lesser showing—would be premature.  *Cf.*

*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (stating that a party "is not

required to prove his case in full at a preliminary-injunction hearing," and "it is

generally inappropriate for a federal court at the preliminary-injunction stage to

give a final judgment on the merits").

The substantial delay in ruling on Plaintiff's case, in violation of governing

rules and statutes, also risks setting a double standard where judiciary employees

bringing constitutional claims are unjustly denied procedural rights that are

afforded to other civil litigants.  This disparate treatment creates an intolerable

appearance of partiality and undermines the rule of law.

In fact, this is not the first time that Plaintiff has been forced to resort to the

remedy of mandamus to enforce her basic procedural rights in this litigation.  From

the outset, Plaintiff's *entire* case was sealed *sua sponte* without any explanation.  A

public docket entry stating only that the case was "sealed at direction of Clerk

27

pending assignment of judge" did not identify a judicial officer who sealed the case or state any reasons for the blanket sealing.  Entry Order Dated Mar. 4, 2020.  Indeed, *Plaintiff's own counsel* could not even access the docket as a result of the blanket sealing.  *See* Entry Order Dated Mar. 6, 2020.  The blanket sealing of Plaintiff's entire case, without an order by a judicial officer, notice to the public, or explanation of the sealing, violated the First Amendment.  *See Co. Doe v. Pub. Citizen*, 749 F.3d 246, 266–67 (4th Cir. 2014).  The case was unsealed, again without explanation, only after Plaintiff filed a petition for a writ of mandamus in the Fourth Circuit.  *See* ECF Nos. 6, 9.

When Plaintiff attempted to obtain an explanation for the blanket sealing of her entire case, which remains unresolved to this day, Defendants asserted that the Clerk of Court likely "took the action that would be most protective of Plaintiff's asserted rights," and accused Plaintiff of engaging in "speculation and perception of conspiracies where none exist."  ECF No. 195, at 4 (quoting ECF No. 174, at 4).  Subsequent discovery from Defendants revealed, however, that the district's Clerk of Court, Mr. Frank Johns, was directly involved in the facts of this case to an extent previously unknown to Plaintiff.

Following Plaintiff's EDR proceeding, Mr. Johns had exchanged emails with Plaintiff's EDR Investigator (his subordinate), Ms. Heather Beam, mocking and disparaging Plaintiff after she applied for other employment in the District

Court for the Western District of North Carolina. *Id.* at 5 (citing email from Mr. Johns stating, **"YEA! That is one more off the chess board!"** in reference to Plaintiff withdrawing her application to be a *pro se* law clerk, and response from Ms. Beam stating, **"Yep - I think she would have been a true pain in the you know what :)"** (emphasis added)). These emails demonstrate that Mr. Johns and Ms. Beam engaged in the sort of hostile and retaliatory behavior in relation to job prospects that the judiciary has identified as a serious barrier to reporting workplace misconduct. Mr. Johns and Ms. Beam also likely violated Plaintiff's confidentiality rights under the EDR Plan. Far from being "speculation and perception of conspiracies," ECF No. 174, at 4, this evidence raises a well-grounded, and highly troubling, perception in a reasonable person that Mr. Johns may have participated in unlawfully sealing this case because he was biased against Plaintiff, having been personally involved in the allegations at issue in her lawsuit, and in order to protect himself, his co-workers, or subordinates from embarrassment. The district court's failure to docket a judicial sealing order or state any reasons for the sealing raises further reasonable questions as to whether the judicial officer who authorized the sealing may have acquiesced in or shared an unlawful motivation. Had Plaintiff not used the remedy of mandamus to challenge the sealing, it is possible that this information may have never become public, and her case could still be under seal. Yet, Plaintiff's motion to unseal all orders and

29

directions to seal this case and provide a public explanation for the blanket sealing

has been pending for more than six months without a ruling.  ECF No. 195.

This proceeding involves other severe procedural irregularities that result in

"irreparable" injury.  *Murphy-Brown, LLC*, 907 F.3d at 802.  That is because even

if these errors can be remedied through a subsequent appeal, the delay required to

address them will cause "irreparable" harm that cannot be remedied due to the

unavailability of back pay.  *Id.*  Thus, the irreparable harm caused by the district

court's refusal to rule on the PI motion may be compounded by the delay involved

in a subsequent appeal.

It is "nose-on-the-face plain" that the loss of wages while a plaintiff "is

contesting her ouster" constitutes "irreparable harm."  *Rosario-Urdaz*, 350 F.3d at

222.  "Where a plaintiff stands to suffer a substantial injury that cannot adequately

be compensated by an end-of-case award of money damages, irreparable harm

exists."  *Id.*  Thus, each day, month, and year that passes without injunctive relief

results in ongoing lost earnings that Plaintiff may never recover.  Indeed, the very

fact that the district court and Defendants have engaged in delay tactics for a year

and a half to avoid the possibility of an order of lost earnings highlights the

injustice of the judicial exceptionalism created by the judiciary's exemption from

Title VII and other civil rights laws.  These delay tactics, including Defendants'

representations that the district court was "open" to a "pre-trial evidentiary

hearing" on the PI motion, only to take the opposite position as soon as the appeal was dismissed, would not be possible in cases involving employees who are covered by civil rights statutes. *See supra*, at 5–6. That is because those employees have access to the remedy of back pay before final judgment.

It has been nearly five years since Plaintiff was constructively discharged due to a fundamentally unfair and discriminatory EDR process. It has been over a year since this Court anticipated a "prompt" ruling on her PI motion. Plaintiff should not have to wait months or years more for a resolution of her case. This Court should enforce Plaintiff's procedural rights under governing statutes and rules because that is what the law requires.

## CONCLUSION

For all the above reasons, this Court should take the necessary steps to ensure a prompt resolution of this case.

This the 30th day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Petitioner*

31

## CERTIFICATE OF SERVICE

I, Cooper Strickland, hereby certify that on this 30th day of October, 2023, I electronically filed the foregoing with the Clerk of Court by using the appellate CM/ECF system.  Service on counsel for all parties in the district court will be accomplished by notice filed through the district court's CM/ECF system attaching a copy of this filing, as well as by email to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

/s/ Cooper Strickland
Cooper Strickland

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitations of Fed. R. App. P. 21(d)(1) because it contains less than 7,785 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).  This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) & (6) because it has been prepared in a 14-point, proportionally spaced typeface.

/s/ Cooper Strickland
Cooper Strickland