IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR RECONSIDERATION**

Plaintiff rests on her memorandum of law in support of her motion for reconsideration, except to offer the following specific points in response to Defendants' arguments:

**I.   This Court's Failure to Review MeToo Evidence that Plaintiff Attempted to Submit with her Motion for Summary Judgment is a Valid Basis for Reconsideration.**

When this Court granted summary judgment in favor of the Chief Judge and Circuit Executive on Plaintiff's equal protection claim, it refused even to allow Plaintiff to file, let alone reviewed or considered, Plaintiff's MeToo evidence regarding other discrimination complaints against the FDO. Failing to allow Plaintiff to present evidence in support of her claims is a due process violation of the most basic sort. Because of the Chief Judge and Circuit Executive's role in ensuring appropriate investigation of and action on EDR complaints arising within the Circuit, the MeToo evidence is plainly relevant to the deliberate indifference claim on which the Court granted summary judgment. This Court should grant the motion to reconsider and correct this error before trial. Otherwise, the Court's error in failing to consider this evidence may only be remedied in a subsequent appeal.

1

Regardless of the standard that applies to Plaintiff's motion for reconsideration, she has met the high bar required to show that the Court's ruling was clearly erroneous and manifestly unjust. After all, it is clearly erroneous, and manifestly unjust, for a court to refuse to consider evidence that a party attempted to submit in favor of her claims before ruling against that party. "The fundamental requisite of due process of law is the opportunity to be heard," and due process requires "an effective opportunity" for the party to "present[] his own arguments and evidence." *Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970) (citation omitted). The district court's summary judgment opinion ruling that the Chief Judge and Circuit Executive lacked "discriminatory intent" as a matter of law, without even considering evidence that is directly relevant to "discriminatory intent," violates these principles.

Defendants' main contention in response to Plaintiff's motion is that she purportedly "rehashes arguments already considered and rejected by this Court." ECF No. 307, at 1. But the point of Plaintiff's motion was that the Court refused to consider the MeToo evidence at all, because it did not rule on the motion to seal and did not review the evidence before ruling on summary judgment.[1] Necessarily, Plaintiff's motion does not "rehash" arguments already "considered" based on evidence the Court refused to consider.

Defendants' attempt to refute the importance of the MeToo evidence the Court refused to consider is also meritless. The evidence is relevant to the deliberate indifference claim on which the Court granted summary judgment in favor of the Chief Judge and Circuit Executive.

---

[1] Defendants contend that this Court had authority to suspend Local Rule 6.1(d) because the Court retains discretion to apply the Local Rules in a manner consistent with the demands of the case. ECF No. 307, at 4 n.2. But it is not consistent with the requirements of the local rules, the demands of the case, or basic due process principles to refuse to allow a party to present evidence in support of her claims before ruling against that party.

2

Moreover, Plaintiff specifically raised this issue in her summary judgment motion. Plaintiff explained that "Defendants' failure to act on Plaintiff's complaint was part of a pattern of failing to take sexual harassment complaints seriously" and that Fourth Circuit officials were "concerned" about a "pattern" of complaints from the FDO office. ECF No. 248-1, at 20. Details regarding this pattern of complaints were redacted from the motion and from the accompanying Exhibit P, which the Court did not even review before ruling on summary judgment. *See id.* This "pattern" of complaints that were concerning to judiciary officials is evidence of deliberate indifference, as discussed in Plaintiff's motion. *Id.*

Defendants contend that the EDR complaints relate to "allegations of occasional incidents of harassment" and "do not indicate a pattern of similar complaints." ECF No. 307, at 5. But this Court cannot accept Defendants' characterizations of the evidence without even reviewing Plaintiff's arguments or the underlying evidence. That would plainly violate Plaintiff's basic due process right to be heard. *See Morgan v. United States*, 298 U.S. 468, 478 (1936) (it is a violation of due process for the decisionmaker to rule against the plaintiff without "having read or considered the briefs which the plaintiffs submitted," and based only on information it "derived from consultation with employees of the [government]").

Similarly, Defendants' argument that the EDR complaints are "hearsay" is misplaced. This Court cannot consider whether the EDR complaints are "hearsay," or whether any exceptions to the hearsay rule apply, without even reviewing that evidence. Thus, Defendants' "hearsay" argument is beside the point, which is that the Court cannot fairly rule on a claim at summary judgment without reviewing the party's evidence supporting the claim. Moreover, Defendants did not raise any hearsay objections in response to Plaintiff's summary judgment

3

motion and have therefore waived any objection based on hearsay. Defendants openly discussed the other EDR complaints in their summary judgment filings and contested Plaintiff's arguments regarding the relevancy of the evidence. *See, e.g.*, ECF No. 249, at 22 ("In any event, Plaintiff's reliance on the Defender's alleged use of crude language regarding women and members of the LGBTQIA+ community and the First Assistant's alleged use of sexual hand gestures is inapposite here."). Defendants also did not object to admission of the EDR complaints as trial exhibits, which confirms they have waived any hearsay objection. *See* ECF No. 290 (explaining that Defendants waived objections to Plaintiff's trial exhibits because they did not serve and file objections pursuant to the 14-day deadline set forth in Fed. R. Civ. P. 26(a)(3)).

Regardless, the EDR complaints are not inadmissible hearsay. First, the complaints are admissions by a party opponent because they were made by Defendants' employees acting within the scope of their employment. "Federal Rule of Evidence 801(d)(2)(D) excludes from the hearsay rule 'a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.'" *Geleta v. Gray*, 645 F.3d 408, 415 (D.C. Cir. 2011). That includes statements by employees related to adverse employment actions or other acts of discrimination by the employer, which "concern[] a matter within the scope of their employment." *Id.* Second, the complaints are admissible for non-hearsay purposes. For example, the complaints demonstrate that Defendants had a pattern of failing to take appropriate action on complaints, regardless of the truth of the underlying allegations. As already noted, a "pattern" of violations is "relevant evidence to proving deliberate indifference." *Basta v. Novant Health Inc.*, 56 F.4th 307, 317 (4th Cir. 2022). When an employer "claim[s] that it maintained effective . . . policies prohibiting racial and sexual

4

harassment," the employee is "entitled to present evidence showing that [the employer] had consistently failed to prevent illegal conduct and to correct it promptly." *Madison v. IBP, Inc.*, 257 F.3d 780, 793–94 (8th Cir. 2001). The employer's duty to take reasonable steps to prevent harassment and stop it from recurring exists regardless of the truth of the matter asserted in the underlying complaints. *See id.* at 796 (explaining relevancy of evidence that the plaintiff "and other employees complained to management on many occasions that their civil rights were being violated, but management did not take reasonable care to investigate or stop such behavior"). Here, the Chief Judge and Circuit Executive had a duty to take appropriate action on other complaints, including conducting an appropriate investigation, under the applicable EDR Plan. EDR Plan Ch. IX. The EDR complaints provide evidence that these officials were on "actual notice" of a pattern of complaints but failed to take them seriously in context of their roles as the officials in charge of investigating and adjudicating these complaints. *Basta*, 56 F.4th at 317.

## II. Defendants' Misrepresentations of the EDR Disciplinary Records Provide Further Basis for Reconsideration.

Attempting to diminish the significance of the undisputed findings of wrongful conduct against the Defender in the Chief Judge's letter of reprimand, Defendants assert that "Defendants never admitted that disciplinary action was taken" and characterize the letter of reprimand as stating that "discipline was not appropriate." ECF No. 307, at 8 (quoting ECF No. 254, at 7). These assertions rely on blatant misrepresentations of the evidentiary record.

Defendants do not actually quote from the Circuit Executive's March 25, 2019 Memorandum to the Chief Judge or the Chief Judge's May 28, 2019 Letter of Reprimand, even though these documents were attached as an exhibit to Plaintiff's motion for reconsideration. ECF No. 292-2. These documents directly contradict Defendants' representations that

5

disciplinary action was not taken. First, the Circuit Executive's memorandum to the Chief Judge states that "[t]he investigation report recommends that ***disciplinary action be taken*** against the accused employee – Federal Public Defender First Assistant J.P. Davis – as well as the unit executive, Anthony Martinez." *Id.* at 3 (emphasis added). Second, the letter of reprimand from the Chief Judge confirms that "***discipline***" for "***wrongful conduct***" was imposed. *Id.* at 8 (emphasis added).

    The following is a relevant passage from the letter of reprimand:

> [T]he investigator did record the numerous missteps that you committed, which contributed to Ms. Strickland's perception of mistreatment and retaliation by you. These missteps appeared to have exacerbated the underlying situation, and they broke trust between you and Ms. Strickland. This was not helpful. But the investigator observed that most of your "decisions . . . were made at the end of a day where [you had] attended meetings all day and was tired." She found that your actions were not motivated by malice or ill-will, but rather were the result of poor judgment caused by fatigue.
>
> Taking all of this into account, the investigator concluded that harsher discipline was not appropriate; instead, she recommended that you should be "counseled or train[ed] on judgement and decisiveness," in addition to be[ing] "counseled and trained on how to handle workplace conduct complaints."
>
> Under Chapter IX of the Plan, "[e]mployees found by the Chief Judge and/or unit executive to have engaged in wrongful conduct, as defined in this Plan, may be subject to disciplinary action." After careful consideration of the investigator's report, supporting attachments, and documents filed in this case – and noting the mitigating circumstances – Chief Judge Gregory has decided to adopt the recommendations contained in the report.

*Id.* The letter of reprimand thus expressly confirms that "disciplinary action" was taken for "wrongful conduct" under Chapter IX of the EDR Plan. The letter even quotes the definition of "wrongful conduct" provided in the Plan, which includes "[d]iscrimination against employees

6

based on . . . sex (including pregnancy and sexual harassment)," as the basis for the letter of reprimand. *Id.* n. 4. These statements confirm that the letter of reprimand, as an unimpeached public record, made findings of unlawful sex discrimination in violation of the EDR Plan.

Instead of quoting from these evidentiary materials, Defendants' response quotes their own reply brief in support of their summary judgment motion. ECF No. 307, at 8 (quoting ECF No. 254, at 7). However, that reply brief blatantly misquotes the record. Specifically, the reply brief claims that the letter of reprimand "stated that 'discipline was not appropriate,'" but it crops the cited quotation by leaving out the word "*harsher*" in the phrase "**harsher discipline**." *See id.* In short, the letter of reprimand states that "the investigator concluded that **harsher discipline** was not appropriate," thus confirming that "discipline" was imposed. ECF No. 292-2, at 8 (emphasis added). But Defendants left out the word "harsher" to create the misleading impression that the letter stated that "discipline was not appropriate." *Id.* Similarly, Defendants made the unsupported assertion that "'the Circuit Executive mistakenly characterized the counseling as disciplinary action' in an email," ECF No. 307, at 8 (quoting ECF No. 254, at 8), even though that assertion is directly contradicted by the Circuit Executive's own statement to the Chief Judge that "[t]he investigation report recommends that ***disciplinary action be taken***," ECF No. 292-2, at 3. Defendants' misrepresentations provide another basis for reconsideration because their mischaracterizations of the record are not evidence and cannot be considered on summary judgment. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

## CONCLUSION

This Court should grant the motion for reconsideration.

This the 30th day of October, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of October, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

    Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

    */s/ Cooper Strickland*
    Cooper Strickland
    N.C. Bar No. 43242
    P.O. Box 92
    Lynn, NC 28750
    Tel. (828) 817-3703
    cooper.strickland@gmail.com