IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPPOSITION TO MOTION TO STRIKE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND DISQUALIFICATION OF DEFENDANTS' COUNSEL**

Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Motion for Sanctions and Disqualification of Defendants' Counsel ("Motion") is just the latest in a series of meritless filings by Plaintiff in this case. The crux of Plaintiff's Motion is that Defendants supposedly failed to timely serve her with a document that was filed with the Court. But the document in question—an unredacted version of Defendants' opposition to Plaintiffs sanctions motion—*was never filed*. In short, Plaintiff insists she had a right to receive a copy of a document that was not before the Court, and which existed only on Defendants' own private computer systems. Plaintiff is plainly wrong. In any event, once she requested the document, Defendants sent it to her promptly as a professional courtesy. Because there is no basis for striking Defendants' opposition, Plaintiff's Motion should be denied.

**FACTUAL BACKGROUND**

Defendants' counsel first deposed Plaintiff in this matter on April 25, 2023. On May 8, 2023, Plaintiff's counsel sent a letter to Defendants' counsel asserting various privileges over portions of Plaintiff's deposition testimony. ECF No. 219-2. Defendants filed a motion to strike those privilege assertions and to re-open Plaintiff's deposition. ECF No. 219. On June 1, 2023, the Court granted Defendants' motion in part, allowing the re-opening of Plaintiff's deposition for two hours, and

1

directing Plaintiff to answer the questions previously posed, and any appropriate follow-ups, in the absence of particularized objections. ECF No. 233. The Court ruled that any assertion of the work-product doctrine, spousal privilege, or litigation privilege "is misplaced in these premises and overruled and stricken." *Id.* at 1-2. The Court further ruled that the attorney-client privilege was waived. *Id.* at 2. The Court also ruled that the "Fifth Amendment privilege has not been waived and may be asserted during any *further* discovery or trial proceedings." *Id.* (emphasis added).[1]

On September 27, 2023, Plaintiff filed a Motion for Sanctions and Disqualification of Defendants' Counsel. ECF No. 270. That motion was heavily redacted. *See id.* At the same time, Plaintiff moved for leave to file an unredacted version of the sanctions motion under seal, ECF No. 271, and Plaintiff's counsel emailed a copy of the unredacted sanctions motion that she sought to file under seal to Defendants' counsel. In her motion for leave, Plaintiff argued that the unredacted sanctions motion "references privileged information," and she cited prior filings relating to her deposition testimony. *Id.* at 1.

The Court denied Plaintiff's motion to file the unredacted sanctions motion under seal. ECF No. 286, at 2. Given that order, Defendants' counsel asked Plaintiff's counsel when Plaintiff would file an unredacted version of the sanctions motion on the public docket. Ex. A. Plaintiff's counsel's provided a cryptic response, *see id.*, and Plaintiff never filed an unredacted version of her sanctions motion.

Defendants filed their opposition to Plaintiff's sanctions motion ("Sanctions Opposition") on October 11, 2023. ECF No. 294. Because Plaintiff's counsel had emailed an unredacted copy of the sanctions motion to Defendants' counsel, the Sanctions Opposition responded to the arguments in that unredacted version rather than the heavily redacted version that Plaintiff had filed. Even though

---

[1] Plaintiff incorrectly claims that "the Court upheld Plaintiff's assertion of privilege." Mot. at 3.

2

Defendants do not believe that Plaintiff has a valid basis for maintaining her redactions, Defendants took care to redact from their Sanctions Opposition all references to Plaintiff's deposition testimony that Plaintiff had designated as confidential and all references to other information that had been redacted in Plaintiff's sanctions motion, and Defendants filed that redacted version of their Sanctions Opposition. Defendants did not seek leave to file an unredacted version of their Sanctions Opposition under seal, for two reasons. First, the Court had instructed the parties that "[t]he parties' protective order as to confidentiality is not to be cited as a ground for sealing." Order, ECF No. 203, at 2. Second, the Court had already rightly denied multiple motions by Plaintiff to file information relating to her deposition testimony under seal. *See* ECF Nos. 238, 286.

Instead, Defendants explained in their Sanctions Opposition that they had initiated the process under the Court's January 20, 2023 Protective Order to challenge Plaintiff's confidentiality designation, and that they intended to "promptly file a written notice challenging the confidentiality designation if Plaintiff does not withdraw that designation[.]" ECF No. 294, at 7 n.2. Defendants also explained that they would seek leave to file an unredacted copy of their Sanctions Opposition on the public docket. *Id.*[2]

Defendants served the document that they filed—the redacted Sanctions Opposition—on Plaintiff through ECF. Defendants did not, at that time, serve an unredacted version on Plaintiff because that version was not before the Court. Defendants had neither filed, nor requested to file, the unredacted version. The next morning, Plaintiff's counsel insisted that Defendants provide an unredacted version. Mot., Ex. B, at 1, ECF No. 301-2. Defendants responded within hours, providing an unredacted version as a professional courtesy. *Id.*

---

[2] Defendants filed their challenge to Plaintiff's confidentiality designation and their motion for leave to file an unredacted copy of their Sanctions Opposition on October 17, 2023. ECF No. 299.

On October 18, 2023, Plaintiff filed her Motion to Strike Defendants' Response to Plaintiff's Motion for Sanctions and Disqualification of Defendants' Counsel. For the reasons explained below, the Court should deny that Motion.

**ARGUMENT**

Plaintiff argues that the Court should strike Defendants' Sanctions Opposition because Defendants allegedly violated court rules and allegedly engaged in unethical conduct. Mot. at 1. Plaintiff's accusations are untrue, and her Motion misapplies the rules she cites.

Plaintiff first claims that Defendants violated Local Rule 6.1, which relates to sealed filings. Specifically, Plaintiff argues that Defendants violated the following language from that Rule: "This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision-making." Local Rule 6.1(a); *see also* Mot. at 1. Plaintiff appears to believe that the Rule obligated Defendants to seek leave of court before redacting information in their Sanctions Opposition. But that is not what the Rule says. On the contrary, the Rule governs requests to restrict public access to materials that are "filed with the Court or used in connection with judicial decision-making." Local Rule 6.1(a). Defendants have not requested to restrict public access to any such materials. Regarding Defendants' Sanctions Opposition, the public has precisely the same information as does the Court. In other words, Local Rule 6.1 addresses situations in which a party seeks to restrict public access to information that has been or will be filed with the Court—it has nothing to do with situations, like here, in which the information at issue was not filed with the Court in the first place. As noted, Defendants recently moved for leave to file an unredacted copy of their Sanctions Opposition—Defendants are seeking to provide *more* information to the public, not less.[3]

---

[3] If the Rule were to operate as Plaintiff suggests, that would mean Plaintiff violated the Rule by filing a redacted version of her sanctions motion without obtaining leave of Court, or when she filed

4

Plaintiff also argues that Defendants violated Federal Rule of Civil Procedure 5(a), which requires litigants to serve copies of documents that have been filed with the Court. Mot. at 2. But Defendants fully complied with Rule 5(a) because they served, through ECF, precisely the document that they filed with the Court—*i.e.,* the redacted Sanctions Opposition. Nothing in Rule 5(a), or any other rule, requires a party to serve a *different* version of a filed document—a version that has never itself been filed.

Plaintiff notes that Defendants previously served her with an unredacted copy of another filing—Defendants' Motion to Strike Privilege Assertion and to Compel Deposition Testimony ("Motion to Strike"). Mot. at 2. But Defendants served an unredacted copy of the Motion to Strike because they had moved for leave to file that document under seal. *See id.* (noting that Defendants "requested court permission to file the unredacted version under seal" and "served the unredacted version of the Motion to Strike on Plaintiff's counsel by email"). Having moved for leave to file the unredacted Motion to Strike under seal, it was of course appropriate to provide to Plaintiff the document that was the subject of that motion to seal. In contrast, that course was not required in this instance as Defendants have never sought to file an unredacted copy of their Sanctions Opposition under seal.

Notably, Defendants *did* provide an unredacted copy of the Sanctions Opposition, the day after the redacted version was filed, and within hours of Plaintiff demanding a copy. Mot., Ex. B, at 1, ECF No. 301-2. Defendants explained that they did so only as a professional courtesy, because nothing in the rules mandates that Plaintiff receive a copy of a document that had not been filed, and was not requested to be filed, with the Court. *Id.* Plaintiff's speculation that Defendants intentionally delayed providing her with the document to somehow influence her re-opened deposition is not only

---

numerous other redacted documents, without obtaining leave of Court, during the course of this litigation.

5

untrue, it is also nonsensical because nothing in the Sanctions Opposition could or should have impacted how Plaintiff would respond to factual questions at her deposition. Mot. at 4-5.

Next, Plaintiff's Motion repeatedly suggests that Defendants acted improperly by redacting their Sanctions Opposition and by not seeking to file an unredacted version of it under seal. Plaintiff is wrong on both points. To be clear, Defendants would have much preferred to file an unredacted copy of their Sanctions Opposition instead of a redacted version. Indeed, as noted, Defendants recently moved for leave to file an unredacted copy (a motion Plaintiff has indicated she will oppose). ECF No. 299. The reason that Defendants had to redact their Sanctions Opposition is that it referred to information Plaintiff continues to insist is privileged and confidential under the Court's January 20, 2023 Protective Order, despite the Court's rulings denying her motions to seal her deposition testimony. *See* ECF Nos. 238, 286. That Protective Order prohibits the parties from publicly filing information that has been designated as confidential. *See* Stip. Protective Or. Re: Confidential Information, ECF No. 183 at E(5). Thus, Defendants redacted the information about Plaintiff's deposition testimony, not to "delay[] disclosure of their unredacted filing to both Plaintiff and the Court," Mot. at 3, but rather to comply with the Court's Protective Order. Again, Defendants believe this information should be made public; it is Plaintiff who seeks to avoid public disclosure of her testimony.

Similarly, the reason Defendants did not seek to file the unredacted Sanctions Opposition under seal is because the Court had instructed the parties that "[t]he parties' protective order as to confidentiality is not to be cited as a ground for sealing," Order, ECF No. 203, at 2, and the Court had already denied multiple motions by Plaintiff to file information relating to her deposition testimony under seal. *See* ECF Nos. 238, 286. Given these circumstances, in which Defendants were prohibited from filing an unredacted copy publicly and were likewise prohibited from filing an unredacted copy under seal, the only option was to file a redacted version on the public docket while

6

explaining that Defendants would later seek to file an unredacted version publicly if the Court were to strike Plaintiff's confidentiality designation, pursuant to the terms of the Protective Order.

Finally, Defendants are perplexed by Plaintiff's assertion that Defendants have refused to timely provide an unredacted copy of the Sanctions Opposition to the Court. Mot. at 6. As explained, Defendants have filed as much information as they can given the constraints imposed by Plaintiff's unwarranted designation of her deposition testimony as confidential, and Defendants are challenging that designation so that they can file a full and complete copy of their opposition as soon as possible. In contrast, Plaintiff *has never filed an unredacted copy of her sanctions motion with the Court* and has not indicated any plans to do so. If Plaintiff believes the underlying facts should become public, she can and should immediately withdraw her confidentiality designation—which is the only thing preventing Defendants from disclosing her deposition testimony to the public.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion.

Dated: October 31, 2023     Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
DOROTHY CANEVARI
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11526
Washington, DC 20001
Tel.: (202) 305-7664

Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*