IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SEAL, ECF NO. 303

Plaintiff refuses to accept that the Court already denied her motions to seal unredacted copies of two of her previously filed briefs: (1) her May 30, 2023 Response to Defendants' Motion to Strike Privilege Assertion and to Compel Deposition Testimony, *see* June 1, 2023 Order, ECF No. 238, and (2) her September 27, 2023 Motion for Sanctions and Disqualification of Defendants' Counsel, *see* October 4, 2023 Order, ECF Nos. 286, 287. She again moves to seal these very same briefs, this time attaching them as Exhibits B and C to her Reply in Support of her Motion for Sanctions and Disqualification of Defendants' Counsel ("Reply"). *See* Mot. to Seal, ECF No. 303. But Plaintiff never once cites to either of these "exhibits" throughout her Reply, and merely asserts in a concluding footnote that they are "necessary" to understand her arguments. Reply at 21 n.4, ECF No. 302. She also acknowledges that she does not seek to seal any material contained in her Reply brief, only requesting to seal the two "exhibits." *See* Mot. to Seal at 1. The Court should reject Plaintiff's attempt to circumvent its prior orders denying her motions to seal these two briefs.

To the extent Plaintiff requests that the Court reconsider its denials of her motions to seal, she does not come close to meeting the high standard justifying reconsideration of a prior order. *See Wiseman v. First Citizens Bank & Trust Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003) (motions for reconsideration are only granted in "limited circumstances" where "the Court has patently

1

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred].""). The Court should reaffirm its prior rulings and deny Plaintiff's request for reconsideration of her motions to seal.[1]

Dated: October 31, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

*/s/ Madeline M. McMahon*
MADELINE MCMAHON (D.C. Bar No. 1720813)
DANIELLE YOUNG
DOROTHY CANEVARI
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20001
Tel.: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*

---

[1] Defendants recognize that in her motion to seal, Plaintiff reiterates her arguments that a belated assertion of the Fifth Amendment prevents the public disclosure of certain on-the-record testimony from her April 25, 2023 deposition. As Defendants have explained, the Court has already rejected Plaintiff's privilege assertions over this testimony, *see* June 1, 2023 Order, ECF No. 233, and Plaintiff cannot use the Fifth Amendment to retroactively take back statements she voluntarily made. *See* Defs.' Resp. to Pl.'s Mots. to Seal, ECF No. 275; Defs.' Notice of Challenge to Confidentiality Designation and Mot. for Leave to File Unredacted Versions of ECF Nos. 294 and 295, ECF No. 299. Because the issue of whether Plaintiff has a basis to withhold this material from public disclosure is squarely presented to the Court in Defendants' Notice of Challenge to Confidentiality Designation, ECF No. 299, Defendants respectfully refer to the Court to that Notice.