IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS'** *MOTION IN LIMINE* **TO EXCLUDE PLAINTIFF'S "ME TOO" EVIDENCE**

In this case, Plaintiff continues to rely upon unproven allegations from four other employees' Employment Dispute Resolution ("EDR") filings to suggest that former Federal Defender Anthony Martinez engaged in a "pattern" of discriminatory conduct. *See e.g.*, Pl.'s Mem. of L. in Supp. of her Renewed Mot. for Summ. J., ECF No. 248 at 20; Mot. for Reconsideration, ECF No. 292 at 4, 6. But these individuals—whose allegations include age discrimination and whistleblower retaliation, *see* ECF No. 292 at 5-6—have never provided sworn testimony in this case. Nor did Plaintiff list these individuals in her witness list for trial and, thus, she is precluded from calling them to testify at trial. *See* Jt. Pretrial Filing, ECF No. 259 at 106 (these four employees not listed on Plaintiff's "may call" witness list in the parties' pretrial filing); July 27, 2023 Hr'g Tr. at 21:22-21:23 (the Court stating that "[n]o one will call anyone that's not named in this joint pretrial filing."). Further, these allegations are wholly irrelevant to her case and constitute inadmissible hearsay. For these reasons, the Court should exclude this evidence from trial.[1]

---

[1] Pursuant to Local Civil Rule 7.1(b), Defendants conferred with Plaintiff about her position on this motion. Plaintiff's counsel asked for the following response to be included in this motion: "Plaintiff opposes Defendants' motion in limine to exclude Plaintiff's 'Me Too' evidence and intends to file a response pursuant to W.D.N.C. LCvR 7.1(e)."

1

## BACKGROUND

On March 30, 2023, in response to Plaintiff's third set of interrogatories, Defendants provided Plaintiff with the names of four employees who used the Fourth Circuit's EDR process for claims of retaliation, harassment, or discrimination while Martinez served as the Federal Defender for the Western District of North Carolina. ECF No. 248-16 at 3-4. On the last day of fact discovery, May 1, 2023, Plaintiff identified these individuals as additional trial witnesses. Mot. to Exclude Belatedly Disclosed Witnesses or, in the Alternative, to Permit Defs. to Take Their Deps., ECF No. 211 at 2. Defendants moved to exclude such belatedly disclosed witnesses, or in the alternative, for the opportunity to take their depositions. *See id.* Although noting that their testimony "seem[ed] somewhat peripheral," the Court granted Defendants' motion in part to allow the government to take their depositions. Order, ECF No. 233. But in the witness list she included in the parties' joint pretrial filing, Plaintiff did not list these individuals as witnesses that she may call at trial, ECF No. 259 at 106, and at the pretrial conference, the Court ordered that "[n]o one will call anyone that's not named in this joint pretrial filing," July 27, 2023 Hr'g Tr. at 21:22-21:23.

Even though these other employees will not testify at trial, Plaintiff listed documents relating to their EDR filings in her exhibit list. *See* ECF No. 259 at 106, Ex. 52. She also continues to rely on their EDR filings in her motions. In her summary judgment motion, for example, Plaintiff cited to these individuals' EDR claims for the proposition that Defendants engaged in a "pattern" of conduct. ECF No. 248 at 19-20. In her motion for reconsideration of her summary judgment motion, she again relied on these claims, asserting that "evidence of other complaints . . . is directly relevant to the issue of discriminatory intent." ECF No. 292 at 4. She also reasserted that a "pattern of violations" was relevant to proving Martinez's deliberate indifference. *Id.* at 4-5. For the reasons set forth below, any evidence relating to the four employees' EDR claims should be excluded at trial.

## LEGAL STANDARD

Trial courts have broad discretion to rule on the admissibility of evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). The Federal Rules of Evidence allow for the admission of only "relevant evidence," or evidence that "has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401, 402. But even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Further, evidence of "any other crime, wrong, or act" cannot be used to demonstrate "a person's character in order to show that on a particular occasion the person acted in accordance with the character," although it may be offered to prove "motive, opportunity, [or] intent." Fed R. Evid. 404(b)(1), (2).

Additionally, hearsay evidence is generally inadmissible. Fed. R. Evid. 802. "Hearsay" is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c); *see also United States v. Shaw*, 69 F.3d 1249, 1253 (4th Cir. 1995) ("Federal Rule of Evidence 802 prohibits generally the admission of out-of-court statements offered to prove the truth of the matters asserted."). There are enumerated exceptions to the rule against hearsay, some that apply "regardless of whether the declarant is available as a witness," Fed. R. Evid. 803, and several that apply only when the declarant is unavailable, Fed. R. Evid. 804. Or, if a hearsay statement is safeguarded by "sufficient guarantees of trustworthiness," it may be admitted under the residual hearsay exception. Fed. R. Evid. 807.

**ARGUMENT**

Evidence relating to the EDR filings of other employees should be excluded from trial for two main reasons. *First*, this so-called "Me Too" evidence[2] is neither admissible under Rule 404(b)(1) to show Martinez's character, nor is it relevant to Martinez's intent under Rule 404(b)(2) because the other employees' claims are not closely related to either Plaintiff's EDR claims or the facts at issue in this case. And even if this evidence had any relevance, its probative value would be outweighed by the risk of wasting time at trial. *Second*, the EDR complaints are out-of-court statements offered for the truth of the matters asserted, and are thus impermissible hearsay. For these reasons, the Court should preclude Plaintiff from offering this evidence at trial.

**I.  Plaintiff's Evidence is Inadmissible Because it is Unrelated and Risks Wasting Time.**

Plaintiff seeks to admit an exhibit containing various EDR filings from four individuals:



claimed ▆ but ▆ case ▆ ECF No. 248-16 at 3-4.[3] ▆ . *Id.* at 3, 12-13. Specifically, ▆ *Id.* at 12-43. ▆ alleged that ▆

---

[2] Evidence relating to the alleged discrimination of employees other than the plaintiff is often referred to as "Me Too" evidence.

[3] This cite is to Exhibit P of Plaintiff's Motion for Summary Judgment. This exhibit was filed in a redacted form, and Plaintiff separately moved to file an unredacted copy under seal. *See, e.g.*, ECF No. 244 at 1; ECF No. 293. Because these motions are still under the Court's consideration, Plaintiff has not yet filed an unredacted version of this exhibit on the docket. But Plaintiff has shared with Defendants' counsel an unredacted version of this exhibit, which is the version Defendants are citing.

*Id.* at 44-52. ▌ also ▌ *Id.* And ▌ claimed ▌▌▌▌▌ *Id.* at 55-74. The exhibit includes documents from each of these individuals' EDR files, such as ▌▌▌ *id.* at 6-11; ▌▌▌▌▌ *id.* at 12-43; ▌▌▌▌, *id.* at 44-52; and ▌▌▌ the ▌▌▌ and the ▌▌▌ *id.* at 55-74. None of these documents should be admitted at trial.

At the outset, Plaintiff cannot use these documents to suggest that Martinez retaliated against her in accordance with his alleged character. Such a use would violate Rule 404(b)(1). *See* Fed. R. Evid. 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Thus, evidence of other instances in which Martinez allegedly retaliated or discriminated is not admissible to demonstrate that he also retaliated or discriminated against Plaintiff here. The Court should therefore prohibit Plaintiff from making such an improper suggestion at trial. *See Biers v. Cline*, 724 F. App'x 189, 191 (4th Cir. 2018) (unpublished) (upholding the district court's exclusion of evidence claimed to show prior retaliatory conduct because it could not be introduced to demonstrate the defendant's propensity to retaliate and was not sufficiently relevant to his retaliatory intent).

Even if Plaintiff wanted to introduce this "Me Too" evidence for a permissible purpose, like proving intent, *see* Fed. R. Evid. 404(b)(2), such evidence would still be inadmissible as it is irrelevant to proving that Martinez was deliberately indifferent to Plaintiff because of her gender. Evidence of other employees' complaints "is neither *per se* admissible nor *per se* inadmissible." *Sprint*, 552 U.S. at 381. Instead, the relevance of "Me Too" evidence in proving the intent of a defendant is "based . . . on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Id.* at 388. Courts in this district have also considered whether the alleged behavior

5

"is close in time to the events at issue in the case, whether the same decisionmakers were involved, whether the witness and the plaintiff were treated in a similar manner, and whether the witness and the plaintiff were otherwise similarly situated." *Calobrisi v. Booz Allen Hamilton, Inc.*, 660 F. App'x 207, 209-10 (4th Cir. 2016) (unpublished) (quoting *Griffin v. Finkbeiner*, 689 F.3d 584, 599 (6th Cir. 2012)).

Here, the facts of the other EDR matters are not "closely related . . . to the plaintiff's circumstances and theory of the case" and should thus be excluded. *Sprint*, 552 U.S. at 387-88; *see also Calobrisi*, 660 F. App'x at 209-10 (noting that one consideration for the admissibility of "Me Too" evidence is whether "the witness and the plaintiff were treated in a similar manner"). ▮ alleged that, despite ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ because of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ ECF No. 248-16 at 7-8. ▮▮▮▮▮▮▮▮ asserted that ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 15, 31-34, 39. ▮▮▮▮▮▮ alleged that ▮ was treated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 52. And ▮ claimed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 60.

These grievances do not reflect Plaintiff's circumstances and theory of her case. For starters, unlike Plaintiff's case, none of the other claims are based on sexual harassment—much less Defendants' response to allegations of sexual harassment. *See* ECF No. 248-16. Although some of these filings broadly allege instances of discrimination or retaliation, "Me Too" evidence is not admissible merely because claims have similar labels or "backdrop[s]." *See Fry v. Rand Constr. Corp.*, No 1:17-cv-0878, 2018 WL 10435251, at *2 (E.D. Va. Apr. 20, 2018), *aff'd*, 964 F.3d 239 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2595 (2021); *see also Gomez v. Haystax Tech., Inc.*, No. 1:16-cv-1433, 2017 WL 11506331, at *8 (E.D. Va. Oct. 17, 2017) (concluding that although the plaintiff and another employee

6

were both "terminated following a surgery," the differences in their circumstances—including their differing FMLA leave eligibility and extension requests—made the "Me Too" evidence irrelevant). In *Fry v. Rand Construction Corporation*, for example, the court excluded "Me Too" evidence despite acknowledging that the plaintiff and the other employee were both terminated "against the backdrop of medical conditions." 2018 WL 10435251, at *2. Here, Plaintiff has not pointed to any shared "backdrop" among her and the other employees whose EDR claims she seeks to introduce, nor can she. Indeed, each of these complaints occurred under specific factual circumstances not presented here: ███████████████ ECF No. 248-16 at 7-8, a ███████████████ ███████████████, *id.* at 32-33, ███████████████ ███████ *id.* at 52, and a ███████████████ *id.* at 56. This evidence thus has no bearing on whether Martinez allegedly acted with deliberate indifference to Plaintiff because of her gender.

Further, the allegations contained in ████████'s complaint are not "close in time to the events at issue in the case." *Calobrisi*, 660 F. App'x at 209. Plaintiff's allegations involve conduct that occurred from May 2018 to March 2019. Compl., ECF No. 1 at 14-76. The allegations raised by ████████, meanwhile, occurred years later. ECF No. 248-16 at 52 (alleging retaliatory acts █████). The events are not "close in time," and this further underscores their irrelevance. *See Gomez*, 2017 WL 11506331, at *8 (concluding that "Me Too" evidence was irrelevant and that the other employee "was terminated a year after plaintiff, and thus it cannot be said the events were in close proximity to each other"); *see also Fry*, 2018 WL 10435251, at *2. Because these claims are not sufficiently related either in substance or in time, they are irrelevant, and should be excluded. *See* Fed. R. Evid. 401, 402.

And even assuming that any of Plaintiff's "Me Too" evidence is "closely related' to her claim, *see Sprint*, 552 U.S. at 387-88, it should still be excluded under Rule 403 because any probative value is substantially outweighed by the risk of wasting time at trial. *See* Fed. R. Evid. 403. None of the EDR

7

matters on which Plaintiff relies ███████████████████████████████████████████.
*See generally* ECF No. 248-16. To the contrary, one of the complaints cited by Plaintiff ██████
████████████████████████████████ *Id.* at 63-64 (concluding the ████████████
████████████████████████████████████); *see also id.* at 66 (████████████
████████████). And the three other grievances Plaintiff references █████████████
███████████████████████████████ Thus, the information contained in these EDR files
amount to unproven allegations—which Defendants have vigorously disputed. *See* ECF No. 245-2
¶54; ECF No. 245-3 ¶¶8-9; ECF No. 245-3 ¶124.

Moreover, Plaintiff claims that Defendants failed to take these unrelated complaints "seriously." ECF No. 317 at 4-5. But the materials in Plaintiff's exhibit—including ████████████
████████████████████████████—actually demonstrate that Defendants took appropriate action on these disparate grievances. *See e.g.*, ECF No. 248-16 at 37, 53, 63, 71-72. Accordingly, the "less than clear merit[]" of these unproven allegations would undermine any probative value that they have, and permitting Plaintiff to introduce this evidence risks creating a "trial within a trial" to determine whether these employees were subject to unlawful discrimination and whether Defendants took appropriate action on these unrelated grievances. *Fry*, 2018 WL 10435251, at *1-2; *Sutphin v. Ethicon, Inc.*, No. 2:14-cv-01379, 2020 WL 5079170, at *6 (S.D. W. Va. Aug. 27, 2020) ("Evidence of other lawsuits and the factual allegations therein is inadmissible under Rule 403."). To avoid wasting time on issues tangential to the parties' core claims and defenses, the Court should exclude this evidence under Rule 403. *Fry*, 2018 WL 10435251, at *1-2.

## II. Plaintiff's Evidence is Inadmissible Because it is Hearsay.

Plaintiff's "Me Too" evidence should be excluded for an additional independent reason: it is inadmissible hearsay. It is undisputed that these EDR filings contain out-of-court statements from other employees. And because Plaintiff likely would use these documents to show that Martinez

8

engaged in a "pattern" of conduct, *see* ECF No. 292 at 4-6, she would be relying on these out-of-court statements to demonstrate that Martinez committed certain other acts. This amounts to inadmissible hearsay. *Cf. In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, Nos. 2:12–MD–02327, 2:12–cv–4301, 2014 WL 505234, at *6 (S.D. W. Va. Feb. 5, 2014) ("[E]vidence of lawsuits is generally considered inadmissible hearsay."); *United States v. May*, 87 F. App'x 867, 868 (4th Cir. 2004) (per curiam) (concluding that a district court did not abuse its discretion "when it excluded as hearsay evidence of lawsuits" filed by the defendant). In fact, Plaintiff herself recognizes that these grievances contain hearsay statements. *See* ECF No. 269-2 at 4, Row 52 (conditionally asserting hearsay objections to Defendants' potential use of Plaintiff's exhibit). Accordingly, Plaintiff should not be permitted to admit these out-of-court statements at trial.[4]

Nonetheless, Plaintiff claims that the EDR filings are admissible nonhearsay because they are statements of an opposing party. *See* ECF No. 317 at 4. Under Rule 801(d)(2)(D), a statement "offered against an opposing party" that "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay. Fed. R. Evid. 801(d)(2)(D). Plaintiff appears to argue that the four employees bringing EDR claims adverse to Defendants were nevertheless Defendants' agents, so *any* statements they made—including in their EDR filings—were statements that should be attributed to Defendants for purposes of Rule 801(d)(2)(D). In order for this Rule to apply, the agent "need not have authority to make the statement at issue," but the "subject of the statement must relate to the employee's area of authority." *United States v. Brothers Constr. Co.*, 219 F.3d 300, 311 (4th Cir. 2000). Complaints of bias or discrimination do not fall into a declarant's "area of authority" unless the employee has the power to make employment decisions. *See Precision*

---

[4] Additionally, Plaintiff observed that some of these EDR filings mention ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF 292 at 6-7. To the extent that she seeks to offer this evidence as proof that she was subjected to sexual harassment, this would also amount to inadmissible hearsay and should be excluded for such purpose.

*Piping & Instruments, Inc. v. DuPont de Nemours & Co.*, 951 F.2d 613, 619-20 (4th Cir. 1991) (concluding that a statement of the defendant's employee about the decision to end business with a contractor because of the contractor's involvement with a labor union was hearsay as the declarant had no "specific authority to hire and fire workers"). Further, the record must contain "independent evidence establishing the existence of the agency." *United States v. Portsmouth Paving Corp.*, 694 F.2d 312, 321 (4th Cir. 1982); *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1566 (11th Cir. 1991) ("Merely showing that a statement was made by one who is identified generally as an agent or employee of the party, without some further proof as to . . . the scope of his employment" is not sufficient (citation omitted)).

Plaintiff cannot make such a showing. Before all else, both ▇▇ and ▇▇▇▇ [5] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, ECF No. 248-16 at 48, 55-57, and thus, were neither Defendants' agents nor employees at the time of their declarations. *See* Fed. R. Evid. 801(d)(2)(D). Although ▇▇ and ▇▇▇▇▇▇ were employed by the Federal Public Defender for the Western District of North Carolina, Plaintiff has not shown the subject of their EDR filings related to their "area of authority" as employees. *See Brothers Constr. Co.*, 219 F.3d at 311. Nor could she. The statements of a defendant's employees are admissible under Rule 801(d)(2)(D) only where the statements have a sufficient nexus to the employees' duties. *See Portsmouth Paving*, 694 F.2d at 321-22 (concluding that statements by a secretary regarding what her boss informed her were admissible under Rule 801(d)(2)(D) because "her job entailed relaying messages from [her boss] to business callers"); *Sutton v. Roth, L.L.C.*, 361 F. App'x 543, 548 (4th Cir. 2010) (holding that the statement of a McDonald's restaurant employee on the standard of care for serving a fried chicken sandwich was admissible under Rule 801(d)(2)(D) where the employee was wearing a McDonald's uniform and the

---

[5] Although ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, ECF No. 248-16 at 44-46, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, *see id.* at 48-52.

declaration was made after the employee filled a patron's order and responded to questions about the franchise). And complaints of discrimination are not within the scope of employment of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Plaintiff concedes are ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." ECF No. 292 at 7-8; *see Mansell v. Toys R Us, Inc.*, 673 F. Supp. 2d 407, 418-19 (D. Md. 2009) (concluding the defendant's employees' statements that management would fire the plaintiff for discriminatory reasons were hearsay because the employees were without "decision-making power," and thus, their statements about management's "possible bias were not within the scope of their employment"); *see also Vincent v. MedStar S. Md. Hosp. Ctr.*, No. TDC-16-1438, 2017 WL 3668756, at *8 (D. Md. Aug. 22, 2017) (concluding that an employee's statement that a supervisor made a racist comment was hearsay because the declarant "was not part of management such that her statements could be attributed to the company"). Because Plaintiff has not shown that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇'s statements were made during the course of their employment and related to their area of authority as employees, she cannot admit these statements as nonhearsay under Rule 801(d)(2)(D).

Plaintiff also contends these documents are admissible as nonhearsay because "the complaints demonstrate that Defendants had a pattern of failing to take appropriate action on complaints." ECF No. 317 at 4-5. But this argument misses the mark. The four EDR complaints cannot, in and of themselves, establish a pattern of deliberate indifference unless the Court accepts the truth of the underlying matters asserted in the EDR complaints that Defendants engaged in unlawful discrimination.[6] In other words, Plaintiff is merely repackaging her argument on why the Court should accept the EDR filings for the truth of their allegations. This violates the rule against hearsay, and the filings should not be offered for this purpose at trial. *See* Fed. R. Evid. 802.

---

[6] And again, this exhibit contains filings—including ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—that demonstrate that Defendants took appropriate action on these disparate grievances. *See e.g.*, ECF No. 248-16 at 37, 53, 63, 71-72.

11

In sum, Plaintiff chose not to call these individuals to testify at trial. Having made that decision, she may not introduce their testimony through hearsay documents and thereby evade cross-examination of these witnesses. The Court should exclude this evidence from trial.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion in Limine.

Dated: November 9, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

*/s/ Dorothy Canevari*
DOROTHY CANEVARI
(NY Bar No. 5989694)
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11507
Washington, DC 20001
Tel.: (202) 616-8040
Email: dorothy.m.canevari@usdoj.gov

*Counsel for Defendants*