IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## **PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 12(c), Plaintiff respectfully moves for judgment on the pleadings with respect to any affirmative defenses in this case. Defendants' pleadings do not raise any affirmative defenses. Moreover, Defendants have expressly disavowed that they are raising any affirmative defenses in this litigation, including the affirmative defenses of failure to mitigate and after-acquired evidence. Even if Defendants had raised any affirmative defenses in their pleadings, they have failed to plead sufficient facts to meet the *Iqbal/Twombly* standard for the pleading of affirmative defenses. Accordingly, Plaintiff is entitled to judgment before trial on the pleadings with respect to any affirmative defenses in this litigation. *See Washington v. Fed. Bureau of Prisons*, Civil Action No. 5:16-3913-BHH, 2022 U.S. Dist. LEXIS 154996, at *6 (D.S.C. Aug. 25, 2022) ("[A] Rule 12(c) motion *must* be heard and decided before trial unless the court orders a deferral until trial." (emphasis in original) (quoting Fed. R. Civ. P. 12(i)).

Prior to filing this motion, Plaintiff requested Defendants' position as required by Local Rule 7.1. Defendants stated that they oppose this motion.

1

I.      **Judgment on the Pleadings is Warranted for Affirmative Defenses that Defendants Failed to Plead, and Instead Have Expressly Disavowed.**

"Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings '[a]fter the pleadings are closed—but early enough not to delay trial.'" *TRB Mellichamp LLC v. Concrete Supply Co., LLC*, Civil Action No. 2:20-4413-RMG, 2021 U.S. Dist. LEXIS 150987, at *5 (D.S.C. Aug. 11, 2021) (quoting Fed. R. Civ. P. 12(c)). "The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." *Id.* (quoting *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014)). "Thus, in considering a Rule 12(c) motion, 'all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." *Id.* (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1368 (3d ed. 2011)).

In *TRB Mellichamp LLC v. Concrete Supply Co.*, for example, the district court evaluated whether the following facts pleaded in the defendant's Amended Counterclaim and Amended Answer were sufficient to plead the affirmative defense of unclean hands:

> In its Amended Answer, Concrete pleads new facts and raises, *inter alia*, the affirmative defense of unclean hands. (Dkt. No. 24 at 5-6); *see Aaron v. Mahl*, 381 S.C. 585, 594, 674 S.E.2d 482, 487 (2009) ("The doctrine of unclean hands 'precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant.'") (citing *Ingram v. Kasey's Assocs.*, 340 S.C. 98, 107 n.2, 531 S.E.2d 287 (2000)). In opposing Plaintiff's motion, Concrete argues:

> TRB engaged in the following unfair and otherwise inequitable conduct in an attempt to leverage CSC [*i.e.* Concrete] into doing a deal better than what was called for by the PSA: (1) closing and locking the gate across Mellichamp Road on December 12, 2019, without notice and, thereby, denying CSC access to CSC's Property via Mellichamp Road; and (2) declaring CSC in default for the first time on December 20, 2019, after the parties had worked together for months to subdivide CSC's Property and barely more than a

2

> week after CSC confirmed that it was prepared to sign an agreement with Dorchester County, to have the subdivision map recorded, and to then proceed forward with closing. ECF No. 24, Am. Countercl. ¶ 40; ECF No. 24 at 5-6, First Aff. Def. Such conduct by TRB was not in good faith, impaired CSC's right to receive the benefits of the PSA, and otherwise prejudiced CSC by taking away CSC's only feasible means for accessing CSC's Property and completing construction of CSC's concrete plant.

*Id.* at *6–8. Based on the defendant's "well-pled factual allegations" in its Amended Answer, the district court concluded that granting judgment on the pleadings under Rule 12(c) would be unwarranted. *Id.* at 8–9.

In contrast to *TRB Mellichamp*, judgment on the pleadings in this case is warranted because Defendants have neither pleaded any affirmative defenses nor alleged sufficient facts that could plausibly support those defenses. *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any . . . affirmative defense . . . ." (emphasis added)).

Indeed, Defendants have not asserted *any* affirmative defenses. *See* Entry Order Dated September 21, 2022 (order striking Defendants' affirmative defenses); ECF No. 206 (order denying motion to assert affirmative defense of failure to mitigate losses); ECF No. 210 (Defendants' First Amended Answer with no affirmative defenses); ECF No. 259, at 99 (Parties' Joint Pretrial Statement) ("<u>Any requested amendments to the pleadings.</u> None."). Defendants have also unequivocally stated to this Court that they have waived all affirmative defenses in this litigation, including an after-acquired evidence defense: "Defendants are not raising an after-acquired evidence affirmative defense." ECF No. 295, at 1; ECF No. 297, at 5 (acknowledging that "Defendants' answer does not include the affirmative defense of failure to mitigate"). And, as of November 16, 2023, the date of the parties' "Further Final Pretrial Conference," Defendants have not pleaded any affirmative defenses. *See* ECF No. 288.

3

In this context, the rules of civil procedure are clear that once a final pretrial order is issued, as it was in this case, the order can be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *see also* 3 Moore's Federal Practice – Civil § 16.72 ("Final pretrial conferences can present parties with great opportunities and dangers, in part because the judge may make decisions of considerable consequence at these conferences, and in part because these decisions may be modified only to prevent manifest injustice. So the prospect is one of big decisions that are difficult to undo." (citations omitted)). In addition to failing to raise any affirmative defenses, Defendants have also failed to move to amend the pretrial order or make the requisite showing of "manifest injustice." If Defendants' intent is to sandbag Plaintiff at trial by asserting affirmative defenses that they have not pled and expressly disavowed pre-trial, then that approach is clearly foreclosed by the rules of civil procedure and basic principles of due process.

As the Fourth Circuit has explained: "Our litigation system typically operates on a raise-or-waive model: if a litigant fails to raise a claim in a complaint, or a defense in an answer, or to preserve an objection at trial, they are generally out of luck. This model forces efficiency and discourages sandbagging." *Wood v. Crane Co.*, 764 F.3d 316, 326 (4th Cir. 2014). Further, this Court lacks authority to consider *sua sponte* affirmative defenses that Defendants are not raising, and instead have expressly disavowed. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) ("Federal Rule 8(c) does not permit [the] court to consider affirmative defenses *sua sponte*." (citation omitted)). It is thus conclusively established both that Defendants have intentionally relinquished and abandoned any right to raise affirmative defenses in this litigation, and that the Court may not consider *sua sponte* any such affirmative defenses that Defendants

4

Case 1:20-cv-00066-WGY   Document 341   Filed 11/21/23   Page 4 of 8

have relinquished and disavowed.  *See Wood*, 764 F.3d at 326 n.9 ("[W]aiver is the intentional relinquishment or abandonment of a known right.").

In addition to failing to plead any affirmative defenses, Defendants failed to plead with particularity any facts that would plausibly support such defenses.  As discussed in Plaintiff's prior Motion to Strike Defendants' affirmative defenses, "the majority of district courts" in this Circuit "have concluded that the particularity and plausibility standard from *Iqbal/Twombly* does apply to the pleading of affirmative defenses." *See* ECF No. 133-1 (quoting *Staton v. N. State Acceptance, LLC*, No. 1:13-CV-277, 2013 U.S. Dist. LEXIS 105599, at *6 (M.D.N.C. July 29, 2013)).  In granting the Motion to Strike in its entirety, this Court implicitly adopted the *Iqbal/Twombly* standard.  Entry Order Dated September 21, 2022 (order granting Plaintiff's motion to strike Defendants' affirmative defenses).  Therefore, the *Iqbal/Twombly* standard is the law of the case.  *United States v. Moussaoui*, 483 F.3d 220, 232 (4th Cir. 2007) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (citation omitted)).  The purpose of this pleading standard is "to ensure that the opposing party receives fair notice of the nature of a claim or defense."  *Barry v. EMC Mortgage*, No. CIV.A. DKC 10-3120, 2011 WL 4352104, at *3–4 (D. Md. Sept. 15, 2011) (citation omitted).  And the requirement of specificity in pleading affirmative defenses holds even greater force at this stage of the proceeding, on the eve of trial, where failure to provide adequate notice would be severely prejudicial to the plaintiff.  *See EEOC v. BOK Fin. Corp.*, No. CIV 11-1132 RB/LAM, 2014 U.S. Dist. LEXIS 188612, at *5 (D.N.M. Jan. 30, 2014) (when a defense is raised for the first time in a pretrial order, 'the party seeking to add a claim or defense should do so with specificity and clarity so as to minimize the ill effects of that practice . . . and

provide the trial court with a fair opportunity to consider whether to approve or deny what is obviously an attempt to amend the pleadings at a rather late date'" (citation omitted)).

By failing to properly plead any affirmative defenses, whether intentionally or inadvertently, Defendants deprived Plaintiff of notice and an opportunity to test the plausibility of the asserted defense. *See, e.g.*, *Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 337 (D. Md. 2012) (affirmative defenses that fail as a matter of law should be stricken "with prejudice"); *Openshaw v. Cohen, Klingenstein & Marks, Inc.*, 320 F. Supp. 2d 357, 364 (D. Md. 2004) ("An affirmative defense will be stricken 'if it is impossible for the defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint.'" (citation omitted)). Accordingly, Plaintiff is entitled to judgment on the pleadings prior to trial on any affirmative defenses.

This motion meets Rule 12(c)'s requirement that the motion be filed "early enough not to delay trial." Fed. R. Civ. P. 12(c). In fact, contrary to delaying the trial, granting judgment on the pleadings will streamline the trial by eliminating the presentation of evidence pertaining to affirmative defenses that were waived. This Court stated during the final pretrial conference that "[t]he whole idea, the whole genius of the Rules of Civil Procedure is to narrow proceedings, not expand them, and having been given ample time and warning, we now know the parameters of how we're going to do this work." ECF No. 262, at 26. As the Court explained, at this stage, the proceedings are supposed to be "narrow[ed]," not "expand[ed]," so that the parties will have "ample time and warning" about the issues to be tried. *Id.* Eliminating the presentation of evidence on affirmative defenses that Defendants failed to plead, and instead expressly

disavowed, is consistent with the Court's stated objectives during the final pretrial conference and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(c), 12(c), 12(i).

## CONCLUSION

This Court should grant Plaintiff judgment on the pleadings with respect to any affirmative defenses because Defendants failed to plead, and instead expressly disavowed, all affirmative defenses in this litigation.

This the 21st day of November, 2023.

    Respectfully Submitted,

    */s/ Cooper Strickland*

    Cooper Strickland
    P.O. Box 92
    Lynn, NC 28750
    Tel. (828) 817-3703
    cooper.strickland@gmail.com

    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

/s/ Cooper Strickland
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com