IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | | |
|---|---|---|
| CARYN DEVINS STRICKLAND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil No. 1:20-cv-00066-WGY |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF AFFIRMATIVE DEFENSES THAT DEFENDANTS HAVE WAIVED AND EXPRESSLY DISAVOWED**

Pursuant to Fed. R. Civ. P. 12(c), Plaintiff has moved for judgment on the pleadings with respect to any affirmative defenses in this case. ECF No. 341. Contemporaneously with her motion for judgment on the pleadings, Plaintiff now moves *in limine* to preclude Defendants from presenting evidence of any affirmative defenses at trial. Defendants' pleadings do not raise any affirmative defenses. Moreover, Defendants have expressly disavowed that they are raising any affirmative defenses in this litigation, including the affirmative defenses of failure to mitigate and after-acquired evidence. Defendants should be precluded from presenting evidence at trial regarding affirmative defenses they have waived and expressly disavowed.

Prior to filing this motion, Plaintiff requested Defendants' position as required by Local Rule 7.1. Defendants stated that they oppose this motion.

**I.  Defendants Should be Precluded from Presenting Evidence of Affirmative Defenses they Failed to Plead and Instead Have Expressly Disavowed.**

Defendants have stated in their filings that they may seek to introduce evidence at trial regarding affirmative defenses that they failed to raise in their pleadings, and have instead

1

intentionally waived and disavowed. *See, e.g.*, ECF No. 295, at 1 (explaining that "Defendants are not raising an after-acquired evidence affirmative defense," but nonetheless are seeking to introduce after-acquired evidence "to determine whether it would be equitable to award Plaintiff front pay in lieu of reinstatement"); ECF No. 297, at 2 (explaining that "Defendants' answer does not plead the affirmative defense of failure to mitigate," but nonetheless are seeking to introduce evidence on "whether Plaintiff would be able to offset any loss earnings," *i.e.*, mitigate her losses, in determining "the equitable remedy of front pay"). Defendants' approach is prohibited by Fed. R. Civ. P. 8(c), which specifically states that "[i]n responding to a pleading, a party must affirmatively state any . . . affirmative defense . . . ." Defendants should therefore be precluded from introducing at trial any evidence regarding affirmative defenses they failed to plead, intentionally relinquished, and expressly disavowed.

### A. Defendants have waived and disavowed all affirmative defenses in this litigation.

Now that the Court has held the final pretrial conference and a further pretrial conference, it is indisputable that Defendants cannot raise any affirmative defenses at trial because they did not assert any affirmative defense in their responsive pleadings. *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party *must* affirmatively state any . . . affirmative defense . . . ." (emphasis added)). Indeed, Defendants have not asserted *any* affirmative defenses. *See* Entry Order Dated September 21, 2022 (order striking Defendants' affirmative defenses); ECF No. 206 (order denying motion to assert affirmative defense of failure to mitigate losses); ECF No. 210 (Defendants' First Amended Answer with no affirmative defenses); ECF No. 259, at 99 (Parties' Joint Pretrial Statement) ("<u>Any requested amendments to the pleadings.</u> None."). Defendants have also unequivocally stated to this Court that they have waived all affirmative defenses in this

litigation. *See* ECF No. 295, at 1("Defendants are not raising an after-acquired evidence affirmative defense."); ECF No. 297, at 5 (acknowledging that "Defendants' answer does not include the affirmative defense of failure to mitigate"). And, as of November 16, 2023, the date of the parties' "Further Final Pretrial Conference," Defendants have not pleaded any affirmative defenses. *See* ECF No. 288.

In this context, the rules of civil procedure are clear that once a final pretrial order is issued, as it was in this case, the order can be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *see also* 3 Moore's Federal Practice – Civil § 16.72 ("Final pretrial conferences can present parties with great opportunities and dangers, in part because the judge may make decisions of considerable consequence at these conferences, and in part because these decisions may be modified only to prevent manifest injustice. So the prospect is one of big decisions that are difficult to undo." (citations omitted)). In addition to failing to raise any affirmative defenses, Defendants have also failed to move to amend the pretrial order or make the requisite showing of "manifest injustice." If Defendants' intent is to sandbag Plaintiff at trial by asserting affirmative defenses that they have not pled and expressly disavowed pre-trial, then that approach is clearly foreclosed by the rules of civil procedure and basic principles of due process.

As the Fourth Circuit has explained: "Our litigation system typically operates on a raise-or-waive model: if a litigant fails to raise a claim in a complaint, or a defense in an answer, or to preserve an objection at trial, they are generally out of luck. This model forces efficiency and discourages sandbagging." *Wood v. Crane Co.*, 764 F.3d 316, 326 (4th Cir. 2014). Further, this Court lacks authority to consider *sua sponte* affirmative defenses that Defendants are not raising, and instead have expressly disavowed. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir.

3

2006) ("Federal Rule 8(c) does not permit [the] court to consider affirmative defenses *sua sponte*." (citation omitted)). It is thus conclusively established both that Defendants have intentionally relinquished and abandoned any right to raise affirmative defenses in this litigation, and that the Court may not consider *sua sponte* any such affirmative defenses that Defendants have relinquished and disavowed. *See Wood*, 764 F.3d at 326 n.9 ("[W]aiver is the intentional relinquishment or abandonment of a known right.").

In addition to failing to plead any affirmative defenses, Defendants failed to plead with particularity any facts that would plausibly support such defenses. As discussed in Plaintiff's prior Motion to Strike Defendants' affirmative defenses, "the majority of district courts" in this Circuit "have concluded that the particularity and plausibility standard from *Iqbal/Twombly* does apply to the pleading of affirmative defenses." *See* ECF No. 133-1 (quoting *Staton v. N. State Acceptance, LLC*, No. 1:13-CV-277, 2013 U.S. Dist. LEXIS 105599, at *6 (M.D.N.C. July 29, 2013)). In granting the Motion to Strike in its entirety, this Court implicitly adopted the *Iqbal/Twombly* standard. Entry Order Dated September 21, 2022 (order granting Plaintiff's motion to strike Defendants' affirmative defenses). Therefore, the *Iqbal/Twombly* standard is the law of the case. *United States v. Moussaoui*, 483 F.3d 220, 232 (4th Cir. 2007) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (citation omitted)). The purpose of this pleading standard is "to ensure that the opposing party receives fair notice of the nature of a claim or defense." *Barry v. EMC Mortgage*, No. CIV.A. DKC 10-3120, 2011 WL 4352104, at *3–4 (D. Md. Sept. 15, 2011) (citation omitted). And the requirement of specificity in pleading affirmative defenses holds even greater force at this stage of the proceeding, on the eve of trial, where failure to provide

4

adequate notice would be severely prejudicial to the plaintiff. *See EEOC v. BOK Fin. Corp.*, No. CIV 11-1132 RB/LAM, 2014 U.S. Dist. LEXIS 188612, at *5 (D.N.M. Jan. 30, 2014) (when a defense is raised for the first time in a pretrial order, 'the party seeking to add a claim or defense should do so with specificity and clarity so as to minimize the ill effects of that practice . . . and provide the trial court with a fair opportunity to consider whether to approve or deny what is obviously an attempt to amend the pleadings at a rather late date'" (citation omitted)).

By failing to properly plead any affirmative defenses, whether intentionally or inadvertently, Defendants deprived Plaintiff of notice and an opportunity to test the plausibility of the asserted defense. *See, e.g.*, *Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 337 (D. Md. 2012) (affirmative defenses that fail as a matter of law should be stricken "with prejudice"); *Openshaw v. Cohen, Klingenstein & Marks, Inc.*, 320 F. Supp. 2d 357, 364 (D. Md. 2004) ("An affirmative defense will be stricken 'if it is impossible for the defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint.'" (citation omitted)). Accordingly, Defendants should be precluded from presenting evidence regarding affirmative defenses they failed to raise in their pleadings. Precluding such evidence will streamline the trial by eliminating the presentation of evidence pertaining to affirmative defenses that were intentionally waived. This Court stated during the final pretrial conference that "[t]he whole idea, the whole genius of the Rules of Civil Procedure is to narrow proceedings, not expand them, and having been given ample time and warning, we now know the parameters of how we're going to do this work." ECF No. 262, at 26. As the Court explained, at this stage, the proceedings are supposed to be "narrow[ed]," not "expand[ed]," so that the parties will have "ample time and warning" about the issues to be tried. *Id.* Eliminating

the presentation of evidence on affirmative defenses that Defendants failed to plead, and instead expressly disavowed, is consistent with the Court's stated objectives during the final pretrial conference and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(c), 12(c), 12(i).

**B.     Defendants were required to plead affirmative defenses in this litigation.**

Defendants have asserted in their filings that they were not required to plead any affirmative defenses in this litigation because this case involves "equitable" claims. *See, e.g.*, ECF No. 295, at 1, 3; ECF No. 297, at 2, 3. Unsurprisingly, Defendants cite no precedent in support of this novel contention, because none exists. To the contrary, the Fourth Circuit has repeatedly recognized that under Federal Rule of Civil Procedure 8(c), the defendant bears the burden of proving an affirmative defense to an equitable claim. *See, e.g.*, *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990) (recognizing "affirmative defens[e]" of laches to equitable claim, which "imposes on the defendant the ultimate burden" of proof); *WorldCom, Inc. v. Boyne*, 68 F. App'x 447, 451 (4th Cir. 2003) (discussing elements that "a defendant raising an unclean hands defense must demonstrate"); *Diamonds Direct USA, Inc. v. BFJ Holdings, Inc.*, Civil Action No. 3:12CV303-HEH, 2012 U.S. Dist. LEXIS 161316, at *14 n.5 (E.D. Va. Nov. 9, 2012) ("[T]he affirmative defense raised here is one of general unclean hands, which is an equitable defense requiring the invoking party to demonstrate its own good faith."). The same is true of equitable claims arising under the Constitution. *See, e.g., Curtin v. Va. State Bd. of Elections*, 463 F. Supp. 3d 653, 659 (E.D. Va. 2020) (considering "[a]n affirmative defense to claims for equitable relief" in case involving constitutional claims). In short, there is no exception to Rule 8(c)'s pleading requirement of affirmative defenses for equitable claims.

### 1. After-acquired evidence

Rule 8(c)'s pleading requirement undoubtedly applies to an after-acquired evidence defense, which is merely a variation of the affirmative defense of unclean hands. *See McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 360–63 (1995) (holding that employer "must . . . establish" after-acquired evidence defense and analogizing to affirmative defense of "unclean hands"). That affirmative defense "must be timely plead[ed] or it too is waived." *Farhad Dastranj v. Mehdi Dehghan*, Civil Action No. PX 15-2436, 2017 U.S. Dist. LEXIS 131879, at *19-20 (D. Md. Aug. 17, 2017) (citation omitted). As courts within this Circuit and across the country have held, after-acquired evidence is an affirmative defense that the defendant must plead and prove by a preponderance of the evidence. *See, e.g.*, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1238–40 (4th Cir. 1995) (employer must "prove" and "meet[] th[e] burden" to show after-acquired evidence defense); *Nzabandora v. Univ. of Va. Health Sys.*, Civil Action No. 3:17cv00003, 2017 U.S. Dist. LEXIS 155217, at *4 (W.D. Va. Sep. 22, 2017) ("Defendants seek leave to amend to assert an affirmative defense based on after-acquired evidence of wrongdoing."); *Pennell v. Vacation Reservation Ctr., LLC*, No. 4:11cv53, 2011 U.S. Dist. LEXIS 150763, at *2 (E.D. Va. Sep. 19, 2011) (addressing defendants' motion seeking the "addition of a new Affirmative Defense . . . asserting an after-acquired evidence defense"); *accord Bello v. United Pan Am Fin. Corp.*, No. 19-9118 (CPO/MJS), 2022 U.S. Dist. LEXIS 214449, at *18 (D.N.J. Nov. 29, 2022) ("'After-acquired evidence' is an affirmative defense."); *Murphy v. Trader Joe's*, No. 16-cv-02222-SI, 2017 U.S. Dist. LEXIS 7754, at *8 (N.D. Cal. Jan. 19, 2017) ("[A]fter-acquired evidence, like failure to mitigate, is nonetheless considered an affirmative defense." (citing *Pulliam v. Tallapoosa Cnty. Jail*, 185 F.3d 1182, 1185 (11th Cir.

1999) ("[T]he doctrine of after-acquired evidence . . . is an affirmative defense that an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order.")); *EEOC v. BOK Fin. Corp.*, No. CIV 11-1132 RB/LAM, 2014 U.S. Dist. LEXIS 188612, at *5 (D.N.M. Jan. 30, 2014) (after-acquired evidence was "an affirmative defense" that was untimely and thus waived); *Miranda v. Deloitte LLP*, 962 F. Supp. 2d 379, 386 & n.5 (D.P.R. 2013) (addressing amended answer invoking "an 'after-acquired evidence' defense" as an "affirmative defense"); *Stubbs v. Regents of the Univ. of Cal.*, 2007 U.S. Dist. LEXIS 40506, at *21 (E.D. Cal. May 24, 2007) ("Even assuming, arguendo, that the alleged application fraud rose to such a level, after-acquired evidence is an affirmative defense that must be pled in the answer. Otherwise, it is waived. . . . Here, the defendant waived the defense by failing to pled [sic] it in its answer"); *Santos v. Boeing Co.*, No. 02 C 9310, 2004 U.S. Dist. LEXIS 17666, at *22 (N.D. Ill. Sep. 1, 2004) ("We need not address Boeing's arguments regarding the after-acquired evidence doctrine, because . . . the doctrine is an affirmative defense and Boeing failed to plead the defense in its answer to the second amended complaint."); *Red Deer v. Cherokee Cty.*, 183 F.R.D. 642, 653 (N.D. Iowa 1999) ("Treating the 'after-acquired evidence' defense as an affirmative one that must be pleaded and proved also is consonant with the purposes of Rule 8(c), because it is a defense for which the need for notice to avoid surprise and undue prejudice to the plaintiff is particularly apparent.").

Defendants' own filings demonstrate that any after-acquired evidence defense in this case was waived and that allowing such defense to be raised for the first time at trial would result in the type of sandbagging that is severely prejudicial and thus uniformly condemned by courts. Indeed, Plaintiff previously filed a motion *in limine* to preclude *any* after-acquired evidence

8

defense, in part, because Defendants had not raised any after-acquired evidence defense in their pleadings or discovery as required by the rules of civil procedure. *See* ECF No. 282 ("PLANTIFF'S MOTION IN LIMINE TO PRECLUDE *ANY* AFTER-ACQUIRED EVIDENCE DEFENSE." (emphasis added)). To the extent Plaintiff could discern the basis for a potential after-acquired evidence defense based on Defendants' motion for summary judgment, in which Defendants untimely argued for the first time, that Plaintiff's "conduct" was a bar to front pay, Plaintiff's motion also explained why their argument was meritless. *Id.* Even though Plaintiff's motion clearly addressed *all* bases for an after-acquired evidence defense because Defendants failed to raise *any* such affirmative defense in their pleadings, Defendants stated in their response that "Defendants . . . do not read Plaintiff's present motion as seeking to exclude introduction" of evidence from her re-opened deposition. ECF No. 295, at 9. Defendants stated that they "will accordingly address any motion in limine seeking to exclude this newly obtained evidence at the appropriate juncture." *Id.* at 10.

  Defendants' response confirms that they likely intend to sandbag Plaintiff with defenses they have never raised in their pleadings, let alone articulated any plausible factual basis for the defense. Defendants' severely prejudicial approach necessitates additional, repetitive motions practice to meet the unfair moving target they have constructed, which Defendants themselves have required. Defendants' conduct is plainly not allowed under the rules of civil procedure, which places the burden on the *defendant* to raise affirmative defenses in their pleadings, not on the *plaintiff* to file motions *in limine* to preclude hypothetical affirmative defenses, based on guesswork and speculation, that the defendant failed to raise and instead expressly disavowed, yet apparently still intend to present at trial without providing any prior notice to the plaintiff.

9

Case 1:20-cv-00066-WGY   Document 342   Filed 11/21/23   Page 9 of 18

*Compare* ECF No. 295, at 1 ("Defendants are not raising an after-acquired evidence affirmative defense."), *with id.* at 9 ("Plaintiff's recently re-opened deposition provides an additional basis to bar or limit any award of front pay here."). Moreover, the Court orally took Plaintiff's prior motion *in limine* regarding after-acquired evidence under advisement at the parties' further pretrial conference on November 16, 2023. The Court's order continues the uncertainty regarding whether Defendants will unfairly be allowed to pursue affirmative defenses at trial that they never raised in their pleadings. Accordingly, this motion is intended to address subsequent developments since Plaintiff's prior motion, including Defendants' assertion that she must file yet additional motions *in limine* to address defenses they have never raised.

Defendants plainly failed to meet the requirements of Rule 8(c) to assert an after-acquired evidence defense. Plaintiff lacks any reasonable notice of what the basis would be for this defense because Defendants have never pleaded the defense or provided any articulable basis why the alleged facts are relevant, for any purpose, to any claim or defense in this litigation. *Staton v. N. State Acceptance, LLC*, No. 1:13-CV-277, 2013 U.S. Dist. LEXIS 105599, at *6 (M.D.N.C. July 29, 2013) (explaining that "the particularity and plausibility standard from *Iqbal/Twombly* does apply to the pleading of affirmative defenses"). Defendants' conclusory assertions that Plaintiff's re-opened deposition is a "bar" to front pay are specious, given that Defendants themselves were forced to admit in their response to Plaintiff's motion for sanctions that "Defendants Did Not Accuse Plaintiff" of wrongdoing based on her deposition testimony. ECF No. 294, at 10. To the contrary, Defendants asserted that they merely sought "to identify what they do not know," to "probe th[e] factual details further," and were "seeking only to probe

10

th[e] facts." *Id.* at 10, 12. During the briefing on Defendants' confidentiality challenge, Defendants reaffirmed that they did not "accus[e] her of wrongdoing." ECF No. 327, at 5.

These statements necessarily concede that Defendants lack any particularized evidence of wrongdoing based on Plaintiff's deposition testimony and that any allegations they could make are based on unsupported speculation. Such conclusory and speculative allegations are insufficient, as a matter of law, to assert an affirmative defense. *Staton*, 2013 U.S. Dist. LEXIS 105599, at *7 ("Rule 8 requires defenses to be stated in 'short and plain' terms, a standard which requires 'more than conclusions'"). Moreover, Defendants' representations regarding these issues—in particular, that they did *not* make any allegations of wrongdoing—culminated in the Court's oral denial of Plaintiff's sanctions motion at the further pretrial conference on November 16, 2023. According to the law of the case doctrine and judicial estoppel, Defendants must be held to the arguments that they advocated to this Court and benefitted from in obtaining a favorable ruling. *See Lamonds v. GMC*, 34 F. Supp. 2d 391, 395 (W.D. Va. 1999) ("The Fourth Circuit has clearly held that the doctrine of judicial estoppel bars parties from prevailing as a result of inconsistent positions and representations made in a proceeding during the course of the same litigation." (citing *Zurich Insurance Co.*, 667 F.2d at 1166 (4th Cir. 1982)).

Additionally, even if any allegations Defendants could raise based on the re-opened deposition constituted wrongdoing, it is questionable whether alleged post-termination conduct that is unrelated to the employee's relationship with the employer can even support an after-acquired evidence defense. *Jones v. Nissan N. Am., Inc.*, 438 F. App'x 388, 406 (6th Cir. 2011) (explaining that while courts have split on the issue, some "courts have concluded that, because *McKennon* was premised on an employee-employer relationship, any misconduct occurring

11

outside that relationship falls outside of the reach of the rule"); *Oster v. Huntington Bancshares Inc.*, No. 2:15-cv-2746, 2017 U.S. Dist. LEXIS 76651, at *72 (S.D. Ohio May 19, 2017) ("Imagine the perverse incentives created if employers were rewarded for rummaging around an ex-employee's life following his or her termination, all in the name of creating some post-hoc rationale for that very termination."). The decisions concluding that conduct outside of the employer-employee relationship is not subject to the defense are more persuasive, particularly in light of the facts of this case. Indeed, the "perverse incentives" created by Defendants' improper and abusive questioning on this topic, which has failed to yield any particularized evidence of wrongdoing, are on full display. The attenuated nature of Defendants' allegations further weighs against any relevancy of this defense, even if they had properly raised it.

Accordingly, even if Defendants had not waived this defense, which they clearly did when they failed to raise it in their pleadings and unequivocally stated that "Defendants are not raising an after-acquired evidence affirmative defense," ECF No. 295, at 1, Defendants have failed to provide any basis to conclude that the evidence is relevant to any claim or defense in this litigation. Thus, the evidence should be excluded. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Because Defendants have not provided any basis to conclude the evidence is relevant, yet have repeatedly stated that they intend to use the evidence at trial, Plaintiff is left in the untenable and severely prejudicial position of moving *in limine* to preclude evidence for which Defendants have never provided any plausible explanation of relevancy.

### 2. Failure to mitigate

Similarly, Defendants should not be allowed to assert a defense of failure to mitigate that was previously denied as untimely. *See* ECF No. 206 (denying Defendants' motion to amend

12

Case 1:20-cv-00066-WGY   Document 342   Filed 11/21/23   Page 12 of 18

answer to assert a defense of failure to mitigate). It is black letter law that "the defense of a wilful loss of earnings . . . is an affirmative defense and it is the employer's responsibility to carry that burden." *Lundy Packing Co. v. NLRB*, 856 F.2d 627, 629 (4th Cir. 1988); *see also Cavalier Hotel Corporation*, 48 F.3d 1343, 1358 (4th Cir. 1995) ("defendant [must] come[] forward with evidence that the plaintiff did not exert reasonable efforts to mitigate her damages"). In accordance with this principle, courts recognize that "'the defendants bear the burden of proof' in demonstrating [a] plaintiff's failure to mitigate." *Westmoreland v. TWC Admin. LLC*, No. 5:16-cv-24, 2018 U.S. Dist. LEXIS 68882, at *14 (W.D.N.C. Apr. 24, 2018) (quoting *Wagner v. Dillard Dept. Stores, Inc.*, 17 Fed. Appx. 141, 153 (4th Cir. 2001)). This principle does not infringe on the Court's discretion to award equitable remedies, as Defendants contend, contrary to binding precedent from the Fourth Circuit. *See id.* Rather, this principle simply recognizes which party has "the burden of proof" in pleading and proving affirmative defenses to equitable relief. *Id.*

As Plaintiff has previously explained, allowing the admission of evidence on a defense of failure to mitigate that Defendants failed to timely assert in their pleadings would be severely prejudicial, in part, because Plaintiff relied on this Court's rulings and did not conduct discovery on this defense, as she has explained in prior filings in this Court:

> Plaintiff has not performed an exhaustive search for documents relevant to mitigation efforts, nor has she served comprehensive mitigation-related discovery requests on Defendants, including attempts to secure other judiciary employment. Such discovery could be revealing as to whether Defendants retaliated against Plaintiff, or otherwise damaged her reputation, by treating her with hostility when she applied for other judiciary employment. See Ex. B (emphasis added) (email from Frank Johns, the Clerk of Court for the WDNC, stating, "**YEA! That is one more off the chess board!**" in reference to Plaintiff withdrawing her application to be a pro se

13

> law clerk and response from Heather Beam, the EDR Investigator, stating, "**Yep — I think she would have been a true pain in the you know what :)**".

ECF No. 204, at 4–5; ECF No. 285, at 3. It would be severely prejudicial to allow Defendants to belatedly assert an affirmative defense during trial after that defense was stricken as "untimely" during discovery. *See* ECF No. 206 (order denying motion to amend "as untimely").

During the further pretrial conference of November 16, 2023, the Court orally stated that it would take under advisement Plaintiff's motion to preclude Defendants' expert testimony, which asserted that they should be precluded from presenting expert testimony on an untimely defense of failure to mitigate. *See* ECF No. 285, at 2 (asserting that "Defendants' Experts Must be Precluded to the Extent that Their Testimony Relates to an Affirmative Defense of Failure of Mitigate"). However, the Court also stated that it would not strike any experts, even though it had taken the motion under advisement. The Court's ruling continues the uncertainty regarding whether the Court will allow Defendants to present affirmative defenses at trial that were waived and denied as untimely. Plaintiff thus files this motion to preserve her objection.

### 3. Other affirmative defenses that Defendants failed to raise in their pleadings

Because Defendants have repeatedly sandbagged Plaintiff with facts, witnesses, and defenses without raising them during discovery or in their pleadings as required by the Federal Rules of Civil Procedure, Plaintiff lacks reasonable notice of any other affirmative defenses they may seek to raise for the first time at trial without providing any prior notice. Indeed, Defendants have undertaken the new and extremely bold gambit of contending that they are not obligated to raise affirmative defenses at all prior to trial because the Court can consider any affirmative defenses they failed to plead or prove as a "relevant factor" in fashioning equitable

14

relief.  *See* ECF No. 295, at 3.  Accordingly, Plaintiff files this motion to assert her objection to any other affirmative defenses that Defendants may raise without complying with the Federal Rules of Civil Procedure, resulting in severe prejudice to Plaintiff.

### C.  Defendants' assertion that affirmative defenses are an "equitable factor" is incorrect.

Resisting basic principles regarding affirmative defenses, Defendants cast aside the numerous precedents cited in Plaintiff's prior motions *in limine* by claiming that those precedents involve "statutory" rather than "equitable" claims.  ECF No. 295, at 3 (claiming that, even though "Defendants did not plead an after-acquired evidence defense," "the Court can and should consider Plaintiff's conduct in determining whether it would be equitable to award any front pay in lieu of reinstatement, and if so, in determining how much front pay to award her"); ECF No. 297, at 2–3 (claiming that, even though "Defendants' answer does not plead the affirmative defense of failure to mitigate," the Court should "use its discretion to determine whether and how much front pay . . . would be equitable" based on mitigation).

Defendants' argument misunderstands what an equitable claim is.  The term "equitable" means that the claim is decided by a court rather than a jury.  *See Rinaldi v. CCX, Inc.*, No. 3:05-cv-108-RJC, 2009 U.S. Dist. LEXIS 16101, at *1 n.1 (W.D.N.C. Feb. 18, 2009) ("ERISA actions are equitable in nature and are for the Court to decide rather than the jury."); *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991) (front pay claims are "for the court sitting in equity to consider and not the jury"); *see generally Pollard v. E. I. du Pont de Nemours & Co.*, 532 U.S. 843, 849 (2001) (front pay awards are "equitable relief" not subject to Title VII's statutory cap on compensatory damages).  An equitable claim can be statutory, as the concepts are not mutually exclusive.  *See id.*  Indeed, Defendants' argument is nonsensical because

15

equitable defenses like after-acquired evidence regarding front pay, unclean hands, and failure to mitigate only apply in the context of equitable claims. *See, e.g., White*, 909 F.2d at 102 (laches "is relevant only where the claims presented may be characterized as equitable, rather than legal"). Accordingly, the distinction that Defendants attempt to draw between "statutory" and "equitable" claims in obviating their pleading requirements is incorrect.

Indeed, front pay is an equitable claim regardless of whether it arises under a statute or the Constitution, as the Fourth Circuit expressly recognized in the prior appeal in this case. Relying explicitly on Title VII cases, the Fourth Circuit held that Plaintiff's request for front pay was not barred by sovereign immunity because "[t]his remedy has been deemed by federal courts to constitute an equitable remedy." *Strickland v. United States*, 32 F.4th 311, 366 (4th Cir. 2022) (citing, *e.g., Pollard v. E.I. du Pont de Nemours*, 532 U.S. 843 (2001) (holding, in a Title VII case, that front pay constituted equitable relief and not an element of compensatory damages); *Monohon v. BNSF Rwy. Co.*, 17 F.4th 773, 784 (8th Cir. 2021); *Hunter v. Town of Mocksville*, 897 F.3d 538, 562 (4th Cir. 2018) (holding that, although reinstatement of a wrongfully discharged employee is preferable, "in appropriate circumstances a district court may award front pay in lieu of reinstatement"). The Fourth Circuit's recognition that analogous Title VII decisions provide guiding precedent regarding front pay is the law of the case, which this Court is bound to follow under the mandate rule. *See Moussaoui*, 483 F.3d at 232.

In short, Defendants "made a strategic decision not to assert" any affirmative defenses in this litigation. *Wood*, 764 F.3d at 326. Instead, they chose to argue, erroneously, that this Court may consider their failed affirmative defenses as "factors" relevant to front pay. Having had their affirmative defenses rejected as improperly pleaded and meritless, Defendants conveniently

16

now contend that any time a claim is "equitable" in nature, the defendant is automatically absolved of their burden to plead and prove affirmative defenses. Defendants' argument is meritless and should be rejected.

## CONCLUSION

This Court should grant Plaintiff's motion to preclude evidence regarding any affirmative defenses because Defendants failed to plead, and instead expressly disavowed, all affirmative defenses in this litigation.

This the 21st day of November, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of November, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

    Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

                                                */s/ Cooper Strickland*
                                                Cooper Strickland
                                                N.C. Bar No. 43242
                                                P.O. Box 92
                                                Lynn, NC 28750
                                                Tel. (828) 817-3703
                                                cooper.strickland@gmail.com

18

Case 1:20-cv-00066-WGY   Document 342   Filed 11/21/23   Page 18 of 18