IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |

**PLAINTIFF'S MOTION TO SEAL ECF NO. 344 AND RESPONSE TO DEFENDANTS'
MOTION TO SEAL (ECF NO. 331)**

Pursuant to Local Rule 6.1, Plaintiff respectfully requests to file a redacted version of her Response to Defendants' Motion in Limine to Exclude Plaintiff's "Me Too" evidence on the public docket, including the exhibit to her motion, and to file the unredacted version of her response and the accompanying exhibit under seal. Plaintiff's response and accompanying exhibit are filed at ECF 344. In addition, Plaintiff hereby responds to Defendants' motion to seal, ECF No. 331, as set forth below.

**I.  Motion to Seal**

The material redacted from Plaintiff's public filing refers to Exhibit P to Plaintiff's summary judgment motion. ECF No. 248-16. Plaintiff previously filed an unopposed motion to seal Exhibit P, which set forth the following grounds for sealing:

> Plaintiff moves to seal Exhibit P filed with her renewed motion for summary judgment, and to file a redacted version of Exhibit P as well as redacted portions of her memorandum in support of summary judgment that references Exhibit P. The basis for sealing is that Exhibit P contains sensitive personnel information pertaining to non-parties in which they have a legitimate privacy interest. *See*

1

> *Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *9 (E.D.N.C. Dec. 11, 2014) (recognizing "the privacy interests in a non-party's personnel file"). Courts within the Fourth Circuit have allowed the sealing of this type of private personnel information at the summary judgment stage. *See id.* Moreover, the individuals referenced in Exhibit P have not waived their right to confidentiality in their personnel information. Thus, sealing of the information is appropriate at this stage of litigation.

ECF No. 244, at 1–2. Plaintiff's prior filing demonstrates that the requirements of Local Rule 6.1 are met. First, the motion provides a non-confidential description of the material sought to be sealed, which includes confidential personnel information pertaining to third parties in which they have a legitimate privacy interest. Second, sealing is necessary to protect the privacy interests of the non-parties in their confidential information; if the information is filed publicly, then the privacy interests of those individuals will be compromised. Third, sealing is sought prior to trial, which is recognized as appropriate by courts within the Fourth Circuit for this type of material. *See, e.g.*, *Robinson v. Bowser*, No. 1:12CV301, 2013 U.S. Dist. LEXIS 101194, at *10 (M.D.N.C. July 19, 2013) (allowing party to file "redacted portions" of summary judgment memorandum that "concern sensitive personnel information regarding a non-party DSS employee" because "[s]aid information appears to represent the sort that courts recognize as raising privacy concerns"). Fourth, the supporting authority for the sealing, including citations to supporting precedent, was set forth in Plaintiff's prior motion to seal Exhibit P. ECF No. 244, at 1–2.

As of the date of this filing, this Court has not ruled on Plaintiff's motion to seal Exhibit P, which was filed on June 1, 2023 with her summary judgment motion. On July 25, 2023, this Court ruled on the parties' cross-motions for summary judgment without reviewing Exhibit P, which the Court has not allowed to be filed under seal temporarily pending a decision on the

2

Case 1:20-cv-00066-WGY    Document 345    Filed 11/24/23    Page 2 of 6

motion to seal.  *See* ECF No. 203, at 2 (suspending Local Rule 6.1(d), which allows filing of an unredacted copy under seal, and instructing that "**[n]othing** is to be filed in court under seal unless and until this Court upon motion expressly so orders").  However, this Court did grant Plaintiff's motion to seal Exhibit II to her summary judgment opposition, which, as Plaintiff explained, "is related to the documents that are contained in Exhibit P to Plaintiff's motion for summary judgment, ECF No. 248-16, and should be sealed for the same reasons." ECF No. 251, at 1; Entry Order Dated June 21, 2023 ("TEXT-ONLY ORDER granting 251 Consent MOTION to seal.").  The fact that this Court has already allowed Plaintiff to file under seal materials related to Exhibit P, for the same reasons articulated in her motion to seal, further supports the conclusion that sealing of these materials at this stage of litigation is proper.[1]

At the further pretrial conference on November 16, 2023, this Court denied Defendants' motion *in limine* and stated that it accepted that the MeToo evidence is, in fact, relevant MeToo evidence that it will not exclude pre-trial.  Accordingly, Plaintiff will demonstrate the relevancy of the MeToo evidence at trial.  Nonetheless, if the Court reaches the merits of Defendants' hearsay objections, even though they are untimely, Plaintiff must be able to file an unredacted version of her response to Defendants' motion in order for the Court to be able to evaluate her arguments.  *Cf.* ECF No. 213, at 4 (Defendants' statement that "[t]here is no alternative to filing the Motion under seal because the Court cannot rule on the privilege assertion without seeing the unredacted copy of the Motion," which was followed by the Court's order granting their motion to seal at Entry Order Dated May 19, 2023).  Moreover, Plaintiff intends to use the MeToo

---

[1] Additionally, Plaintiff incorporates by reference Defendants' arguments in support of their motion to seal analogous material discussing the privacy interests of the other EDR complainants.  *See* ECF No. 331.

3

evidence at trial, both in her case in chief and in cross examination of Defendants' witnesses. Plaintiff accordingly requests guidance from the Court as to whether it intends to require public disclosure of the MeToo evidence or whether it will take other measures to protect the MeToo complainants' privacy interests.

Prior to filing this motion, Plaintiff's counsel conferred with Defendants' counsel as required by Local Rule 7.1. Defendants stated the following: "Defendants cannot provide a position on Plaintiff's motion to seal because they have not had the opportunity to review that filing or the specific information sought to be sealed. Defendants note, however, that they have no objection to filing under seal the names of EDR complainants who are not parties to this case or other protected EDR information."

## II. Response to Defendants' Motion to Seal (ECF No. 331)

Defendants moved to seal their unredacted motion *in limine* to exclude Plaintiff's MeToo evidence. Plaintiff opposed Defendants' motion to seal because Defendants' motion *in limine* selectively quoted the MeToo evidence without including the actual underlying materials as part of their motion to seal. This approach deprives the Court of the opportunity to evaluate their arguments in context of the actual materials Defendants cited. Plaintiff reiterates the position she provided in response to Defendants' motion to seal as follows:

> Plaintiff opposes Defendants' motion to seal. Defendants' motion in limine selectively quotes Plaintiff's Exhibit P to her motion for summary judgment, which is currently filed in redacted form at ECF No. 248-16. Defendants, however, have not included the underlying documents in Exhibit P that they are quoting and paraphrasing as an exhibit to their motion in limine and Plaintiff's understanding is that Exhibit P is not subject to Defendants' sealing request. Plaintiff's unopposed motions to seal Exhibit P are pending with this Court. *See* ECF Nos. 244, 247 (pending unopposed motions to seal ECF Nos. 244-16, 248-16). Without an unredacted copy of Exhibit P filed under seal, the Court will not be able to independently evaluate Defendants' arguments without relying exclusively on their

4

selective quotations and paraphrasing of the underlying EDR documents. Accordingly, this Court should deny Defendants' motion to seal unless the Court also grants Plaintiff's unopposed motions to seal Exhibit P and related unredacted filings. Plaintiff notes, however, that she generally has no objection to filing under seal the names of EDR complainants who are not parties to this case or other protected EDR information and has requested to seal similar information. *See, e.g.*, ECF Nos. 310, 293, 283, 244 (pending motions). Plaintiff intends to file a response pursuant to W.D.N.C. LCvR 7.1(e) to more fully set forth her opposition to Defendants' motion to seal.

ECF No. 331, at 1.

Plaintiff reiterates that while she generally has no objection to protecting the privacy interests of non-parties to this case, particularly in light of the risk of retaliation discussed in her response to Defendants' motion *in limine*, her opposition to Defendants' motion to seal is based on the fact that Defendants should not be allowed to selectively quote evidence, *or rely on over a dozen pinpoint citations to a fully redacted filing*, without the actual underlying evidence being considered by the Court. Moreover, the MeToo evidence is plainly relevant to and admissible in this litigation, and Plaintiff must be permitted to present the evidence at trial. Accordingly, Plaintiff requests a ruling from the Court that accommodates these interests.

This the 24th day of November, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

    Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

                                           */s/ Cooper Strickland*
                                           Cooper Strickland
                                           N.C. Bar No. 43242
                                           P.O. Box 92
                                           Lynn, NC 28750
                                           Tel. (828) 817-3703
                                           cooper.strickland@gmail.com