IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

### PLANTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S DEPOSITION DESIGNATION OF LOST EARNINGS EXPERT GARY ALBRECHT

Defendants have filed a motion *in limine* objecting to Plaintiff's timely designation of deposition testimony from lost earnings expert Dr. Gary Albrecht. ECF No. 334. Defendants' motion *in limine* is untimely and should be stricken without consideration of its merits. Under Federal Rule of Civil Procedure 26(a)(3)(B), any objections to Plaintiff's deposition designations and exhibits were due "[w]ithin 14 days after they [were] made" in the joint pretrial memorandum filed on July 25, 2023. In the joint pretrial memorandum, Plaintiff designated Dr. Albrecht as a witness whose testimony she intends to present by deposition and listed his expert report as a trial exhibit. ECF No. 259, at 113, 116. Defendants' motion *in limine* was filed nearly eight weeks after the deadline for raising objections had passed, and Defendants did not serve and file any objections within the deadline required by Rule 26(a)(3)(B).[1] Defendants also

---

[1] On November 14, 2023, fifty days after the deadline for objections had passed on September 25, 2023, Defendants untimely emailed a list of objections to Plaintiff's counsel. Defendants provided no explanation for their extreme delay in serving objections, which has severely prejudiced Plaintiff because she was already finalizing her trial preparation based on the pretrial disclosures provided in the parties' joint pretrial memorandum. *See* ECF No. 259.

1

have not provided any showing of good cause for their untimely motion. Defendants' challenges on Rule 702 and hearsay grounds are therefore waived. Defendants' motion *in limine* should be stricken as untimely. Defendants oppose this motion.

I. **Defendants Failed to Timely Object to Plaintiff's Designation of Dr. Albrecht's Deposition and are thus Precluded from Moving to Exclude his Testimony.**

In this case, the parties' final pretrial conference was held on July 27, 2023. *See* Entry Order Dated September 19, 2023. Prior to the final pretrial conference, the parties were ordered to submit a joint pretrial memorandum containing the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3). Minute Entry Order Dated July 25, 2023 ("A final pretrial conference is set for July 27, 2023. *A joint pretrial memorandum is due prior to the final pretrial conference.*" (emphasis added)). This Court told the parties at the July 10, 2023 summary judgment hearing that "looking ahead for the final pretrial conference . . . as to the depositions, . . . I want it made clear what exactly I should read." ECF No. 268, at 29. During the final pretrial conference, the Court reiterated that it is "very much open" to reading deposition testimony and that the Court is "eager to have you agree to deposition excerpts" with the parties' "agreement." ECF No. 262, at 6, 7. The Court also stated that it was "open, by agreement, to your resting on the expert's reports and not calling the witnesses live." *Id.* at 20.

In response to a clarifying question from Plaintiff's counsel regarding deposition designations pursuant to Fed. R. Civ. P. 32(a), the Court confirmed that the Rules of Civil Procedure and Evidence would be followed regarding these issues. *See id.* at 22–23. After a further request for clarification following a reference to the possibility that the Court may move the trial location *sua sponte*, the Court acknowledged that Plaintiff's counsel's concerns regarding Rule 32(a) deposition designations may be premature if Defendants did not make "*any objection[s]*" to Plaintiff's deposition designations. *Compare id.* at 25 (emphasis added), *with*

Entry Order Dated September 19, 2023 ("The Court will, with the agreement of the parties take experts by expert deposition without live testimony."). Based on the Court's statements, the parties were on notice of the requirement to designate in the joint final pretrial order "those witnesses whose testimony the party expects to present by deposition" as required by Fed. R. Civ. P. 26(a)(3)(A)(ii). In addition, the parties were also on notice of the obligation to timely object to any deposition designations or expert reports identified as trial exhibits, as required by Fed. R. Civ. P. 26(a)(3)(B), or else the Court would accept the deposition designations and reports based on the parties' agreement.

The parties submitted the joint final pretrial memorandum on July 25, 2023. ECF No. 259. Pursuant to the requirements of Rule 26(a)(3)(A)(ii) and as ordered by the Court, Plaintiff timely disclosed her designation of Dr. Gary Albrecht as one of "those witnesses whose testimony [she] expects to present by deposition." ECF No. 259, at 116. Plaintiff also listed Dr. Gary Albrecht's expert report and his updated July 2023 expert report as a trial exhibit. *Id.* at 114–15. Dr. Albrecht's deposition was taken by Defendants' counsel, at Defendants' request, for more than three hours in Winston-Salem, North Carolina on July 17, 2023. Once the transcript for Dr. Albrecht's deposition was completed by the court reporter, Plaintiff's counsel notified Defendants' counsel of her intent to introduce the entire transcript, including all of the testimony taken by Defendants' counsel. *See* ECF No. 338-1. Notably, Defendants' examination of Dr. Albrecht comprises approximately 90 pages of the 118-page transcript. Defendants admitted Dr. Albrecht's expert report into evidence during the deposition and it is an exhibit to the deposition transcript, in addition to being listed as a trial exhibit in the joint pretrial memorandum. Defendants also admitted the State of North Carolina Office of Indigent Defense Services March 2019 Private Appointed Counsel (PAC) Effective Pay Rate Study. Following

the deposition, Plaintiff timely disclosed an updated report from Dr. Albrecht that reflected his sworn deposition testimony.  *See* ECF No. 259, at 115 (listing July 2023 expert report as a trial exhibit).

Following the pretrial conference, on August 2, 2023, the Court entered a temporary 45-day stay of the proceeding so that the parties could pursue mediation.  ECF No. 261.  The Court's order states that "all existing deadlines are stayed forty-five (45) days and, after 45 days, will resume with the same amount of time that was pending on today's date."  *Id.*  Thus, the stay did not alter any deadlines except to stay them for 45 days.  *Id.*  Confirming that the Court did not alter the deadline for serving objections in Rule 26(a)(3), on September 19, 2023, the day after the stay ended, the Court entered a Minute Order memorializing its orders from the final pretrial conference, without setting any different deadline for serving objections.  Minute Entry Order Dated September 19, 2023 ("The Court will, with the agreement of the parties take experts by expert deposition without live testimony.").

More than seven weeks after the deadline to serve objections passed on September 25, 2023, without having served and promptly filing objections as required by Rule 26(a), Defendants now move to exclude Dr. Albrecht's deposition testimony and report.  Plaintiff disclosed Dr. Albrecht's complete report and Rule 26 disclosures on March 15, 2023, several months before the expert disclosures due date of June 1, 2023.  *See* ECF No. 187.  Plaintiff also provided discovery in response to Defendants' production requests in May 2023, before expert disclosures were due.  *See* ECF No. 285, at 9 (explaining that Defendants threatened to file a motion to compel if Plaintiff did not provide her front pay expert materials by May 19, 2023, even though Defendants did not provide the same requested production to Plaintiff).  Plaintiff's disclosures went above and beyond what the rules required.  Defendants cannot claim any unfair

4

surprise or prejudice by Plaintiff's reliance on Dr. Albrecht's report and deposition testimony, which, again, was taken by Defendants themselves.

Defendants' motion *in limine* should be stricken and disregarded because Defendants failed to object to Plaintiff's deposition designation and disclosure of the expert report as a trial exhibit within the deadline provided by the Federal Rules of Civil Procedure. "Federal Rule of Civil Procedure 26(a) establishes the disclosures that parties must make prior to trial and the timeline for those disclosures." *Benjamin v. Sparks*, 986 F.3d 332, 341 (4th Cir. 2021). Rule 26(a)(3) plainly states that "[w]ithin 14 days after [a party's pretrial disclosures] are made," a party may serve *and* promptly file "any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii)." Fed. R. Civ. P. 26(a)(3)(B). "An objection not so made . . . is waived unless excused by the court for good cause." *Id.* Defendants failed to object to the deposition designation of Dr. Albrecht, as well as Plaintiff's trial exhibit, within this deadline, and they have failed to show any good cause for the delay.

Courts strongly disapprove of untimely motions *in limine* challenging expert testimony that were filed "without any explanation or showing of good cause for the untimeliness" and will strike such untimely motions. *Rybas v. Riverview Hotel Corp.*, Civil Action No. ELH-12-3103, 2015 U.S. Dist. LEXIS 176294, at *14 (D. Md. Jan. 15, 2015). Defendants object to Dr. Albrecht's testimony on grounds of (1) Rule 702 and (2) hearsay. ECF No. 323, at 1–2. Both grounds are expressly precluded under Fed. R. Civ. P. 26(a)(3) because they are waived. *See* Fed. R. Civ. P. 26(a)(3)(B) (stating that any objection "except for one under Federal Rule of Evidence 402 or 403" is waived if not made within 14-day deadline); *see also Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 553 (D. Md. 2007) ("[I]f a party properly makes his or her Fed. R. Civ. P. 26(a)(3) pretrial disclosures of documents and exhibits, then the other side has

5

fourteen days in which to file objections. Failure to do so waives all objections other than under Rules 402 or 403 . . . ."); *Phillips v. Morbark, Inc.*, 519 F. Supp. 2d 591, 596 (D.S.C. 2007) (holding that party waived objection to exhibit based on its "[f]ailure to raise a timely objection under Fed. R. Civ. P. 26(a)(3)"); *Great Plains Oilfield Rental v. Aerotek, Inc.*, No. CIV-15-928-F, 2016 U.S. Dist. LEXIS 202281, at *4 (W.D. Okla. Oct. 14, 2016) (holding that "the hearsay objections are waived" where "[t]he record shows no objections were filed . . . [to the other party's] final exhibit list"); *Balfour Beatty Rail v. Kan. City S. Ry. Co.*, 173 F. Supp. 3d 363, 383 (N.D. Tex. 2016) ("BBRI's April 26, 2013 hearsay objections are, therefore, untimely and waived under Federal Rule of Civil Procedure 26(a)(3)(B), unless it can show that good cause exists for its failure to object to the exhibits before trial.").

Moreover, Defendants' untimely motion *in limine* is especially prejudicial because their "contentions require an appropriate time for briefing" and "time for the Court to issue a considered ruling," which "could readily affect the ability of the Court to proceed to trial." *Rybas*, 2015 U.S. Dist. LEXIS 176294, at *15. As the Court explained in *Rybas*, "[t]he untimely *Daubert* Motions filed here place the Court in an untenable position of having to await briefing, conduct a hearing after briefing, and immediately resolve seemingly thorny issues that go to the heart of plaintiffs' liability claim, without regard to the press of other matters on the court's docket." *Id.*; *see also Alfred v. Caterpillar, Inc.*, 262 F.3d 1083, 1087 (10th Cir. 2003) (explaining that "because *Daubert* generally contemplates a 'gatekeeping' function, not a 'gotcha' function," untimely *Daubert* motions should be considered "only in rare circumstances"). Likewise, this Court recognizes that "*Daubert* motions ought to be resolved *before the close of discovery* so a different expert may be substituted if necessary." Judge William G. Young, USDC Judicial Forum Survey, *available at*

https://www.mad.uscourts.gov/boston/young.htm (emphasis added). Defendants' "11th hour" attempt to exclude their own deposition testimony of Dr. Albrecht, without any showing of good cause, necessitates striking of their motion *in limine*. *Rybas*, 2015 U.S. Dist. LEXIS 176294, at *15.

**II.     Defendants' Contention that the 14-Day Deadline Set Forth in Rule 26(a)(3) for Serving Objections to Pretrial Submissions Does Not Apply Here is Meritless.**

Seeking to avoid the consequences of their failure to comply with binding court orders and clear deadlines set forth in the federal rules of civil procedure, Plaintiff anticipates that Defendants may contend that the 14-day deadline for objecting to pretrial submissions does not apply in this case. In response, Plaintiff incorporates and reiterates the arguments set forth in her reply to Defendants' "Response to Plaintiff's Objections to Defendants' Exhibits and Other Pretrial Statement Submissions," which Defendants filed after Plaintiff timely served her objections as required by the rules of civil procedure. *See* ECF No. 290. Those arguments are as follows:

On September 29, 2023, well after any objections to the parties' exhibits and deposition designations were due on September 25, 2023, Defendants filed a purported "response" to Plaintiff's objections claiming that the 14-day deadline for serving objections to pretrial submissions that is set forth in Federal Rule Civil Procedure 26(a)(3) somehow does not apply in this case. ECF No. 274. Notably, Defendants did not specify any "different time" that this Court ordered for serving objections, because this Court in fact did not order a "different time." When this Court intends to order a different time than the default 14-day rule set in Rule 26(a)(3), it does so clearly and in writing, as indicated in the following example:

> (11) a list of the proposed exhibits (photographs, documents, instruments, and all other objects) in numerical order. Those exhibits to be introduced without objection shall be identified by a single sequence of numbers and those items to which a party reserves the right to object shall be identified by a single sequence of capital letters in the following form: A-Z, AA-AZ, BA-BZ, etc, regardless of which party is offering the exhibit.
>
> This material shall be filed electronically with a courtesy copy to the deputy clerk, no later than the first Monday of the month preceding the trial month. A party who intends to object to any proposed exhibit or witness shall give written notice to all parties setting forth the basis for the objection and file said notice, electronically, with the clerk on or before the date of the final pretrial conference. October 29, 2019 .

*United States v. Myrlene Charles*, ECF No. 40, No. 1:18-cv-11535-WGY ("*Charles* Order"). Defendants were well-aware of this Court's practice of ordering a different time in writing because Defendants' counsel sent Plaintiff's counsel the *Charles* Order for the parties to use as a template for the parties' joint final pretrial order in this case.

In *Charles*, the Court ordered that the list of proposed exhibits be filed "no later than the first Monday of the month preceding the trial month" and that any objections be filed "on or before the date of the final pretrial conference." *Id.* There is no comparable language in this Court's order following the final pretrial conference of July 27, 2023. *Compare* Entry Order Dated September 19, 2023 (stating only that "Counsel are instructed to meet and confer to create a single exhibit list with agreed to exhibits given numbers and any objected to exhibits given letters (A-Z, AA, AB, AC etc.)"), *with Charles* Order (referencing the same and stating "[numbered and lettered list of exhibits] shall be filed electronically with a courtesy copy to the deputy clerk, no later than the first Monday of the month preceding the trial month. *A party who intends to object to any proposed exhibit or witness shall give written notice to all parties setting forth the basis for the objection and file said notice, electronically, with the clerk on or before the date of the final pretrial conference.*" (emphasis added)). More specifically, in this case, the Court clearly choose not to set a different deadline for serving objections, including the possible option that "[a] party who intends to object to any proposed exhibit or witness shall give written

8

notice to all parties setting forth the basis for the objection and file said notice, electronically, with the clerk on or before the date of the final pretrial conference" specified in the order. *See Charles* Order. Indeed, after the final pretrial conference occurred and the stay for mediation was lifted, on September 19, 2023, the Court specifically entered, in writing, a pretrial order confirming that there was no other deadline for serving objections. *See* Entry Order Dated September 19, 2023.

Absent an order from the Court setting a different time for serving objections, the federal rules are crystal clear: "[I]f a party properly makes his or her Fed. R. Civ. P. 26(a)(3) pretrial disclosures of documents and exhibits, then the other side has fourteen days in which to file objections. Failure to do so waives all objections other than under Rules 402 or 403, unless the court excuses the waiver for good cause. This means that if the opposing party does not raise authenticity objections within the fourteen days, they are waived." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 553 (D. Md. 2007). If Defendants were uncertain about the deadline contained in the Federal Rules of Civil Procedure, they could have sought clarification before the deadline passed. And if Defendants' "response" and subsequent untimely motions practice is an attempt at seeking a "redo" of this requirement and setting a new deadline that was not contained in this Court's prior pretrial order—and which has already passed—then it is blatantly improper without a motion containing a showing of "manifest injustice." *See* Fed. R. Civ. P. 16(e); WDNC LCvR 7.1(a) ("[A]ll motions must be written and filed as provided by LCvR 5.2.1 and must state with particularity the grounds for the motion and the relief or order sought.").

This Court stated numerous times prior to the July 27, 2023 final pretrial conference that the conference was the "final pretrial conference." *See, e.g.*, Minute Entry Order Dated July 25, 2023 ("A final pretrial conference is set for July 27, 2023. A joint pretrial memorandum is due

9

prior to the final pretrial conference."). Pursuant to the Court's order, the parties submitted a "joint pretrial filing" containing the elements of the final pretrial order on July 25, 2023. ECF No. 259. Specifically, the parties' joint pretrial filing contained their respective witness lists, including witnesses to be presented by deposition, and exhibit lists—*i.e.*, the pretrial disclosures required by Federal Rule Civil Procedure 26(a)(3)(A). *See id.* (requiring disclosure of "the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises," the "designation of those witnesses who testimony the party expects to present by deposition," and "an identification of each document or other exhibit . . . separately identifying those items the party expects to offer and those it may offer if the need arises"). Rule 26 further states that "[w]ithin 14 days after" the disclosures are made, a "party may serve and promptly file a list of objections" to the opposing party's deposition designations and *any* objection to the admission of a party's exhibits. Fed. R. Civ. P. 26(a)(3)(B). Any objection "not so made . . . is waived unless excused by the court for good cause." *Id.*

There is nothing ambiguous about the Court's order setting the final pretrial conference, its order requiring a joint pretrial memorandum, or the subsequent requirements triggered under Rule 26(a)(3) by the Court's orders. Indeed, this Court stated during the final pretrial conference that "[t]he whole idea, the whole genius of the Rules of Civil Procedure is to narrow proceedings, not expand them, and having been given ample time and warning, we now know the parameters of how we're going to do this work." ECF No. 262, at 26. As the Court explained, at this stage, the proceedings are supposed to be "narrow[ed]," not "expand[ed]," so that the parties will have "ample time and warning" about the issues to be tried. *Id.* Based on the Court's statements, it was abundantly clear that any pretrial disclosures not made in the joint

10

pretrial memorandum would be waived, and that those pretrial disclosures were, in fact, the pretrial disclosures contemplated by Rule 26(a)(3), thus triggering the 14-day deadline to serve objections to any exhibits or deposition designations. *See* ECF No. 262, at 25 (stating that Plaintiff's stated concerns regarding her deposition designations set forth in the parties' joint pretrial memorandum may be premature if Defendants do not make "any objection[s]" to Plaintiff's deposition designations).

As Moore's Federal Practice explains: "Final pretrial conferences can present parties with great opportunities and dangers, in part because the judge may make decisions of considerable consequence at these conferences, and in part because these decisions may be modified only to prevent manifest injustice. So the prospect is one of big decisions that are difficult to undo." 3 Moore's Federal Practice – Civil § 16.72 (citation omitted). The treatise further goes on to state the consequences of "undisclosed documents and depositions, and waiver of unlisted objections":

> Another, somewhat less obvious set of risks arises in connection with the final pretrial disclosure obligations that are imposed by Rule 26(a)(3). Any document or deposition testimony that a party has failed to identify in its final pretrial disclosures, pursuant to Rule 26(a)(3), is presumptively excluded from evidence at trial under Rule 37(c)(1). Further, a party may be deemed to have waived any objection (other than under Federal Rules of Evidence 402 or 403) that it does not list within 14 days of an opponent's final pretrial disclosure of documents and deposition transcripts.

*Id.* (citations omitted).

The rules are equally clear that once a final pretrial order is issued, as it was in this case, the order can be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). This standard is "much stricter" than the standards for amending a pleading earlier in the litigation pursuant to Rules 15 and 16. *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1102 (10th Cir.

11

2019). The pretrial order is intended to "control the subsequent course of the action." Fed. R. Civ. P. 16(e). "An appellate court should not lightly relieve a litigant from the condign consequences of its failure to list a theory of defense at that critical stage of the proceedings." *Correa v. Hosp. S.F.*, 69 F.3d 1184, 1195 (1st Cir. 1995). Thus, "issues not included in the final pretrial order are generally waived." *Id.* (citing *Ramirez Pomales v. Becton Dickinson Co.*, 839 F.2d 1, 3 (1st Cir. 1988)). "If pretrial orders are to achieve their intended purpose, 'courts and litigants must ordinarily take them seriously.'" *Id.* (citation omitted).

As stated in the Advisory Committee Notes on the 1983 Amendments to Rule 16:

> Counsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue for the court, the right to have the issue tried is waived. Although an order specifying the issues is intended to be binding, it may be amended at trial to avoid manifest injustice. *See* Rule 16(e). However, the rule's effectiveness depends on the court employing its discretion sparingly.

Further, as with Rule 16's requirement of "good cause" to modify a pleading after the deadline set in the scheduling order has passed, a pretrial order (and the deadlines therein) cannot be modified when there is no motion from the party seeking the modification, let alone a showing of "good cause" to amend the Court's prior orders. "[T]he touchstone of 'good cause' under Rule 16(b) is diligence." *Marcum v. Zimmer*, 163 F.R.D. 250, 255 (S.D. W. Va. 1995). A party's failure to act with diligence cannot constitute good cause. *See id.* Specifically, "[t]o show good cause, the moving party must 'show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension.'" *Mitchell v. Trend Setting Designs, Inc.*, No. 1:08cv554, 2009 U.S. Dist. LEXIS 106086, at *8 (W.D.N.C. Oct. 29, 2009) (citation omitted).

For this reason, the Fourth Circuit, consistent with many other courts, has held that where a party had knowledge of an issue at the time of the pretrial conference and failed to identify it in

12

the pretrial order, the party "waives the party's right to have that issue tried." *McLean Contracting Co. v. Waterman S.S. Corp.*, 277 F.3d 477, 480 (4th Cir. 2002); *Koch v. Koch Indus.*, 203 F.3d 1202, 1217 (10th Cir. 2000) ("If the evidence or issue was within the knowledge of the party seeking modification [of the pretrial order] at the time of the [pretrial conference] . . . then it may not be allowed." (quoting 6A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1527, at 287–89 (1990)). The same principle applies to exhibits, witnesses, and deposition designations. *See McBroom v. Ethicon, Inc.*, 341 F.R.D. 40, 44 (D. Ariz. 2022) ("Parties should have similar incentives for creating final pretrial orders [as Rule 16 scheduling orders.] They should recognize that they must diligently prepare for trial and identify all exhibits and witnesses needed for their case."). And this principle also applies to the serving of objections during the time frame required by the rules and court orders. *See Lexington Ins. Co. v. Cooke's Seafood*, 835 F.2d 1364, 1368 (11th Cir. 1988) (holding that it was "well within the trial court's authority to require that objections made be in writing" within the time frame required by the pretrial order); *Lorraine*, 241 F.R.D. at 553 (failure to file objections "waives all objections other than under Rules 402 or 403").

Moreover, a court's failure to enforce a final pretrial order is severely prejudicial to the opposing party who relied on the order and complied with deadlines and obligations. As explained by the Ninth Circuit:

> Unless pretrial orders are honored and enforced, the objectives of the pretrial conference to simplify issues and avoid unnecessary proof by obtaining admissions of fact will be jeopardized if not entirely nullified. Accordingly, a party need offer no proof at trial as to matters agreed to in the order, nor may a party offer evidence or advance theories at the trial which are not included in the order or which contradict its terms. Disregard of these principles would bring back the days of trial by ambush and discourage timely preparation by the parties for trial.

13

*United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981) (footnotes omitted). Conversely, as explained by a district court in emphasizing the importance of diligence, "placing meaningful trial-preparation responsibilities on litigants is not unfair:"

> By the time the court enters the final pretrial order, the parties should have fully informed views about their respective cases. Accordingly, there should be few occasions where the final pretrial order needs to be amended. Moreover, the value of the final pretrial order would be lost if judges did not hold the lawyers to them thereafter. Rule 16(e) memorializes these concerns by providing that the final pretrial order may be modified "only to prevent manifest injustice."

*McBroom v. Ethicon, Inc.*, 341 F.R.D. 40, 43-44 (D. Ariz. 2022) (quoting 1 S. Gensler & L. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary, Rule 16 at 502 (2021) (footnotes omitted)). Thus, Rule 16 should be construed to "reenforce the responsibility of the moving party to have prepared its case for trial." *Id.*

In this case, the Court confirmed at the "further final pretrial conference" on November 16, 2023 that the only remaining task for the parties is the administrative task of labeling and filing exhibits according to the Court's orders. *See* ECF No. 262, at 12 (requesting that the parties label exhibits with objections with "letters" as "A to Z, then AA, AB, AC, AD," and exhibits without objections with numbers," a task that "need not be done until we're right up against trial"). The Court did not set a different time for serving objections other than the deadline that applies under Rule 26(a)(3). Moreover, the Court cannot modify the final pretrial order absent a motion containing a showing of "manifest injustice." Fed. R. Civ. P. 16(e). Because Defendants did not comply with Rule 26(a)(3), any untimely objections they raise to Plaintiff's exhibits and deposition designations should be overruled.

## CONCLUSION

Defendant's motion *in limine* should be stricken as untimely.

This the 29th day of November, 2023.

    Respectfully Submitted,

    */s/ Cooper Strickland*

    Cooper Strickland
    P.O. Box 92
    Lynn, NC 28750
    Tel. (828) 817-3703
    cooper.strickland@gmail.com

    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
