IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR *MOTION IN LIMINE* TO EXCLUDE PLAINTIFF'S ME TOO EVIDENCE**

On November 16, 2023, at the parties' further final pretrial conference, the Court orally denied Defendants' Motion in Limine to Exclude Plaintiff's Me Too Evidence, ECF No. 330. The Court concluded it would evaluate the admissibility and relevancy of this Me Too evidence at trial. Nevertheless, Plaintiff filed a response to this motion on November 24, 2023. Pl.'s Resp. to Defs.' Mot. in Limine ("Pl.'s Opp'n"), ECF No. 344 at 1. Plaintiff's opposition acknowledges that "the Court denied Defendants' motion *in limine* and ruled that it will evaluate the relevancy of the MeToo evidence at trial." *Id.* at 1. It later argues that the Court denied Defendants' motion "on the basis that the evidence is relevant." *Id.* at 14-15, *see also id.* at 16 ("This Court has already recognized that the MeToo evidence is probative of the issues in this case by denying the *motion in limine* on relevancy grounds."). Defendants file this reply to clarify the record, and to aid the Court in evaluating these arguments at trial.

1

# ARGUMENT

## I. Defendants' Motion Is Timely Because It Complies With the Court's Orders.

Plaintiff first asserts that Defendants failed to timely object to Plaintiff's Me Too evidence. Pl.'s Opp'n at 1-2. Not so. At the July 27, 2023 Final Pretrial Conference, the Court ordered that the "deadline for pretrial motions, such as motions in limine," was "up until the eve of trial." Final Pretrial Hr'g Tr. at 20:21-24; *see also* July 27, 2023 Min. Order ("Any motions in limine may be filed up until the Friday prior to trial"). Defendants filed their motion in limine to exclude Plaintiff's Me Too evidence on November 9—well before the eve of trial, scheduled for December 11. Defendants' motion is therefore timely.

Plaintiff further contends that any objections to her exhibits were due within fourteen days from the joint pretrial memorandum filed on July 25, 2023 to accord with Federal Rule of Civil Procedure 26(a)(3)(B). But the deadline for objections set by that Rule does not apply where, as here, "the court sets a different time." Fed. R. Civ. P. 26(a)(3)(B); *see also* Final Pretrial Hr'g Tr. at 12:9-11 (ordering the parties to confer and provide an exhibit list with objections "sometime before trial" and explaining that "it need not be done until we're right up against the trial"). The suggestion that Defendants have waived their objections is without merit.

Plaintiff has separately filed a motion to strike Defendants' motion in limine, claiming the motion is untimely. Pl.'s Mot. to Strike at 1, ECF No. 343. Defendants plan to file a separate opposition to Plaintiff's motion to strike recounting the reasons why the Court should reject Plaintiff's arguments.

## II. Plaintiff's Evidence is Hearsay.

Plaintiff next argues that her Me Too evidence falls under various hearsay exceptions or constitutes nonhearsay. Specifically, she contends that the EDR files of other employees are admissions of party opponents, are offered for a nonhearsay purpose of notice, will be used for the

2

nonhearsay purpose of impeachment by contradiction, are business records or public records, and fall under the residual hearsay exception. Each of Plaintiff's arguments is without merit.

### A. The Allegations Made in EDR Documents Are Not Admissions by a Party Opponent.

Rule 801(d)(2)(D) provides that a statement "offered against an opposing party" that "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay. Fed. R. Evid. 801(d)(2)(D). Although the agent "need not have authority to make the statement at issue," the "subject of the statement must relate to the employee's area of authority" for Rule 801(d)(2)(D) to apply. *United States v. Brothers Constr. Co.*, 219 F.3d 300, 311 (4th Cir. 2000). Because of this, when it comes to statements regarding bias or discrimination, an employee must have the power to make decisions regarding others' employment for such statements to become admissions of a party opponent. *See Precision Piping & Instruments, Inc. v. Du Pont de Nemours & Co.*, 951 F.2d 613, 619-20 (4th Cir. 1991).

Plaintiff does not contest that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Because these individuals were neither employees nor could they then be Defendants' agents when they made the statements contained in the documents Plaintiff seeks to admit, their statements do not come within Rule 801(d)(2)(D). Accordingly, these documents are hearsay, and should be excluded as such. *See* ECF No. 248-16 at 47-52, 55-62, 67-71, 73-74; Fed. R. Evid. 802.

Although ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ statements occurred while they were employed at the Federal Defender's Office ("FDO") for the Western District of North Carolina, the statements in their EDR complaints are not admissible under Rule 801(d)(2)(D) because they do not relate to their "area of authority" as employees. *See Brothers Constr. Co.*, 219 F.3d at 311. A case Plaintiff cites, *Cole v. Tennessee Watercraft, Inc.*, No. 3:06-CV-381, 2008 U.S. Dist. LEXIS 54231, at *16 (E.D. Tenn. July 15, 2008), illustrates the point that not every employee is necessarily acting within an "area

3

of authority" when reporting instances of harassment. There, the court considered whether a statement made by one of the defendant's employees, a manager, about sexual harassment fell into the Rule 801(d)(2)(D) exception. *Id.* The court noted that the sexual harassment policy at issue provided, "[s]hould any supervisor or manager be advised or learn of a violation of this policy, he/she should immediately report the matter to the Human Resources Manager or the Plant Manager, who will arrange for a prompt and thorough investigation." *Id.* Because of this provision, the court concluded that "harassment related-matters" were "within the scope of employment for Defendant's *managers*, like [the declarant]." *Id.* (emphasis added). Thus, the manager's statement about harassment to a witness was admissible as a statement of a party opponent. *Id.*

Like the anti-harassment plan in *Cole*, the EDR plan here similarly requires that harassment be reported to management officials. Specifically, the EDR plan states that "employees" will "report wrongful conduct to the Court's EDR Coordinator, the Chief Judge, unit executive, human resources manager, or their supervisor as soon as possible." Chapter IX of the EDR Plan, ECF No. 248-3, at 11; *see also* Chapter X of the EDR Plan, *id.*, at 7 ("[A]n employee (to the extent feasible) is encouraged to bring his or her concerns to his or her *supervisor* or *unit executive*[.]" (emphasis added)). As such, statements made about EDR matters may be within the "scope of authority" of management officials. *See generally id.*; *Cole*, 2008 U.S. Dist. LEXIS 54231, at *16. But EDR matters are not within the "scope of authority" of every employee merely because employees are encouraged to use the dispute resolution process.[1] *See Mansell v. Toys R Us, Inc.*, 673 F. Supp. 2d 407, 418-19 (D. Md. 2009). Because

---

[1] Plaintiff cites to cases concluding that reporting sexual harassment is part of an employee's duties. *See* Pl.'s Opp'n at 3 (citing *Brown v. United States*, 933 F. Supp. 2d 780, 785 (E.D. Va. 2013); *Grantham v. Durant*, 471 F. Supp. 2d 1069, 1075 (D. Nev. 2006)). These cases, however, do not address whether a statement was within an employee's "area of authority" for hearsay purposes. *Brown* considered whether a report of sexual harassment was a part of an employee's duties under Virginia law to determine immunity under the Westfall Act. 933 F. Supp. 2d at 784-85. Similarly, *Grantham* considered whether an employee's statement regarding sexual harassment was within the employee's scope of

4

███████████████████████████████ were not managers, their statements do not relate to their "area of authority," and their EDR documents are not admissible under Rule 801(d)(2)(D).

Plaintiff next argues that Defendants urge a "categorical rule that an employee must be in management for the exception to be invoked." Pl.'s Opp'n at 4. Defendants, however, acknowledged that employees in non-management positions may bind a defendant to an admission under Rule 801(d)(2)(D). *See* Defs.' Mot. in Limine, ECF No. 330 at 10. Nevertheless, a statement still must relate to the employee's "area of authority" to be admissible under Rule 801(d)(2)(D). Because complaints of bias or discrimination do not fall within an employee's "area of authority" unless they have the authority to make decisions regarding others' employment, these statements are typically only admitted when they are made by a manager. *See e.g.*, *Mansell*, 673 F. Supp. 2d at 418-19; *Vincent v. MedStar S. Md. Hosp. Ctr.*, No. TDC-16-1438, 2017 WL 3668756, at *8 (D. Md. Aug. 22, 2017).[2] ███████████ ███████████████ did not have such authority, and thus, their EDR documents are not admissible under Rule 801(d)(2)(D).

### B. The Me Too Evidence Does Not Show a Pattern of Complaints.

Plaintiff next claims that the other employees' EDR files are admissible for the nonhearsay purpose of showing that Defendants were on notice of a similar pattern of complaints and failed to take appropriate action upon them. Pl.'s Opp'n at 8-9. This argument fails for two reasons.

---

employment under Nevada law to determine whether the Federal Torts Claims Act applied. 471 F. Supp. 2d at 1075. These cases are thus inapposite to the ultimate question here—whether the subject of the statement "relate[d] to the employee's area of authority" under Rule 801(d)(2)(D). *See Brothers Constr. Co.*, 219 F.3d at 311.

[2] Plaintiff also relies on *Vaughan v. Boeing Co.*, 229 F. Supp. 3d 339, 348 (E.D. Pa. 2017), where the court admitted the plaintiff's testimony that two employees "openly talked about taking unauthorized overtime without facing discipline" under Rule 801(d)(2)(D). That case is inapt because it involved employees' statements regarding their own actions, *see id.* at 348 n.7, not an employee who is alleging that the employer should be liable for the discriminatory actions of another employee, as the case is here.

5

*First*, Plaintiff's "notice" argument is an end-run around the hearsay prohibition. She argues that she is "entitled to present evidence showing that [the employer] had consistently failed to prevent illegal conduct and to correct it promptly." Pl.'s Opp'n at 8 (quoting *Madison v. IBP, Inc.*, 257 F.3d 780, 793-94 (8th Cir. 2001), *judgment vacated by* 536 U.S. 919 (2002)). Even accepting Plaintiff's legal proposition for argument's sake, her assertion that she would use the other employee's EDR documents to demonstrate "illegal conduct" underscores her intent to admit them for the truth of the allegations contained therein. Plaintiff claims that Defendants had a duty to take appropriate action on the complaints regardless of their truth, but the EDR documents could not establish a pattern of deliberate indifference unless the Court admits the complaints for their truth that Defendants engaged in unlawful discrimination. Because admission of these documents violates the rule against hearsay, the EDR documents should not be offered for this purpose at trial. *See* Fed. R. Evid. 802.

*Second*, the EDR documents are irrelevant to Plaintiff's case. Plaintiff claims that Defendants' "notice" of "similar complaints" is relevant to whether Defendants "should have anticipated further discriminatory conduct" or failed to curtail "continued harassment." Pl.'s Opp'n at 9. But as Defendants previously argued, the other EDR matters are dissimilar from Plaintiff's claim—both in substance and in timing—and each request or complaint occurred under unique and specific factual circumstances. *See* Defs.' Mot. in Limine, ECF No. 330 at 4-8 (exploring the differences in timing and substance of the four other EDR matters). Thus, Defendants' "notice" of the other EDR matters is not probative of whether there is a chain of "continued harassment."[3]

---

[3] Although Plaintiff claims the Court denied Defendants' motion on relevancy grounds, *see, e.g.*, Pl.'s Opp'n at 14-15, the Court made no finding of relevance. As Defendants previously explained, the Court asserted that it would judge the relevancy at trial. Moreover, Plaintiff claims that she seeks to admit these documents to show Defendants' alleged failure to take appropriate action on EDR complaints, but her exhibit includes documents—███████████████████████ ███████████████████████████—which demonstrate that Defendants took appropriate action on these disparate grievances. *See, e.g.*, ECF No. 248-16 at 37, 53, 63, 71-72. It is thus unclear which element of Plaintiff's claim this evidence could even support.

6

Because this evidence is hearsay and irrelevant, it should be excluded from trial. *See* Fed. R. Evid. 402, 802.

### C. The EDR Documents Cannot Be Used for Impeachment.

Next, Plaintiff contends that the other employees' EDR documents are admissible to impeach Defendant Anthony Martinez, and defense witnesses J.P. Davis and William Moorman. A witness may be impeached by material extrinsic evidence which contradicts their testimony. *United States v. English*, 520 F. App'x 208, 209 (4th Cir. 2013) (per curiam). "District courts should, however, exclude extrinsic evidence which seeks to impeach by contradiction when the fact that the evidence supports or undermines is collateral or irrelevant to the material issues in the case." *United States v. Grover*, 85 F.3d 617 (Table), 1996 WL 226262, at *5 (4th Cir. 1996) (unpublished).

The EDR documents of other employees that Plaintiff seeks to use to impeach Martinez, Davis, and Moorman are tantamount to extrinsic evidence which is collateral to the ultimate issues in this case. *See id.* Plaintiff suggests that she will introduce the EDR documents to impeach Martinez, Davis, and Moorman on the basis that they submitted declarations about their own knowledge of other instances gender-based discrimination or sexual harassment occurring in the FDO. Pl.'s Opp'n at 10. But whether these individuals were aware of other allegations of discrimination has nothing to do with the elements Plaintiff must demonstrate at trial. To prove her equal protection claim, Plaintiff must show (1) she "was subjected to sexual harassment by another employee or supervisor"; (2) she "alerted supervisory officials and/or officials responsible for overseeing the court's EDR plan about the sexual harassment"; (3) "the supervisory officials and/or officials responsible for overseeing the court's EDR plan responded to the allegations with deliberate indifference"; and (4) any deliberate indifference "was motivated by a discriminatory intent." *Strickland v. United States*, 32 F.4th 311, 359 (4th Cir. 2022). And to prevail on her due process claim, she must demonstrate that she was "led to believe that the [Martinez] would be the final decisionmaker in her case." *Id.* at 356. As such, whether

Martinez, Davis, or Moorman were aware of other reports of misconduct is irrelevant to what the Fourth Circuit has required Plaintiff to prove.[4] And, as Defendants previously argued, the EDR documents themselves are irrelevant to Plaintiff's case.[5] Defendants' Mot. in Limine, ECF No. 330, at 4-8. Even assuming that Martinez, Davis, or Moorman testify to the facts mentioned in their declarations, it would be improper to try and impeach them about other EDR documents because such testimony would be relating to an issue collateral to Plaintiff's case. The court should thus exclude this evidence. *See Grover*, 85 F.3d 617 (Table), 1996 WL 226262, at *5.

### D. The EDR Documents Are Neither Business Records Nor Unimpeached Public Records.

Plaintiff next claims that the EDR documents are either business records or public records, and are thus admissible under Federal Rule of Evidence 803(6) or 803(8)(A)(iii). These documents do not meet the strictures of either exception.

Under Rule 803(6), a "record of an act, event, condition, opinion, or diagnosis" is admissible if (1) "the record was made at or near the time by — or from information transmitted by — someone with knowledge;" (2) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;" (3) "making the record was a regular practice of that activity;" (4) "all these conditions are shown by the testimony of the custodian or another qualified witness" or is self-authenticating, and (5) "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6). These records are presumed trustworthy because "businesses depend on such records to conduct their own affairs" and "routine and habitual patterns of creation lend [to their] reliability." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204-05 (4th

---

[4] Moreover, these declarations were not marked as trial exhibits by either party. *See* Joint Pretrial Filing, ECF No. 259 at 111-117; ECF No. 259-1 at 1-14.

[5] Again, although Plaintiff claims the Court denied Defendants' motion because it found these allegations relevant, *see, e.g.*, Pl.'s Opp'n at 14-15, the Court made no such finding.

Cir. 2000). Records from an outside source do not fall under Rule 803(6). *United States v. Nicholson*, 924 F.2d 1053 (Table), 1991 WL 13932, at *6 (4th Cir. 1991) (per curiam) (unpublished) ("Th[e] exception . . . would not cover the information . . . supplied by an outsider to the business, who was not in the regular course of business of providing such[.]").

The EDR documents Plaintiff seeks to introduce are not the sort of routine business records which fall under Rule 803(6). The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which were received and filed by the Fourth Circuit, were not created in the course of the Fourth Circuit's regularly conducted business activity. *See Hall v. Gestamp W. Va., LLC*, No. 2:20-cv-00146, 2021 WL 1240635, at *10 (S.D. W. Va. Apr. 2, 2021) (holding that complaints received and filed by a state court's clerk did not fall under Rule 803(6) because the complainants did not create the complaints in the course of the court clerk's regularly conducted activities). Although, as Plaintiff notes, the Fifth Circuit has recognized an investigator's "systematic notes" may fall into the business records exception, *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 481 n.7 (5th Cir. 2002), none of the documents in Plaintiff's Me Too evidence contain an investigator's notes. *See generally* ECF No. 248-16. And even if ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* at 36-38, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* at 53-54, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are considered records made in the regular course of business, Plaintiff cannot establish this fact by the "testimony of the custodian or another qualified witness[.]" *See* Fed. R. Evid. 803(6)(d); Joint Pretrial Filing, ECF No. 259 at 106 (failing to list an appropriate custodian for these documents on Plaintiff's "may call" witness list in the parties' pretrial filing). Alternatively, Plaintiff has not produced a certificate demonstrating that these documents meet the requirements of Rule 803(6)(A)-(C). Because Plaintiff's Me Too evidence was not created in the regular course of business, nor can it be shown to meet the requirements of Rule 803(6), it cannot be admitted under the business record exception.

9

Nor are the documents public records under Rule 803(8)(A)(iii). Under this Rule, a record of a public office is not hearsay if it sets out "factual findings from a legally authorized investigation[.]" Fed. R. Evid. 803(8)(A)(iii). Yet the majority of the EDR documents Plaintiff seeks to introduce contain nothing more than mere allegations, not factual findings from an authorized EDR investigation.[6] As such, the EDR documents are not admissible as public records.

### E. The Me Too Evidence Does Not Fall Under the Residual Hearsay Exception.

Finally, Plaintiff contends that, if the EDR documents are not admissible under any of the previous hearsay exceptions, they are admissible under Rule 807's residual hearsay exception. The EDR documents do not meet Rule 807's high bar. Rule 807 is "a narrow exception" to the rule against hearsay that "should be utilized only after much consideration and examination." *United States v. Dunford*, 148 F.3d 385, 392, 394 (4th Cir. 1998) (internal quotation marks omitted).[7] Before statements may be admitted under the residual hearsay clause, a court must find:

> (1) the hearsay has circumstantial guarantees of trustworthiness equivalent to those of the recognized exceptions, (2) it is offered as evidence of a material fact, (3) it is more probative than any other evidence that the proponent can reasonably obtain, and (4) admitting it will best serve the purposes of the Federal Rules of Evidence and the interests of justice.

---

[6] The ███████████████████████████████████████ mentions the conclusion of a legally authorized investigation, but not the specific factual findings. ECF No. 248-16 at 63-65.

[7] Plaintiff claims that the Fourth Circuit does not narrowly construe the residual hearsay exception, citing *United States v. Clarke*, 2 F.3d 81, 83 (4th Cir. 1993). Pl.'s Opp'n at 16. Not quite. The Fourth Circuit has rejected a narrow reading of an element of the rule, not the entire rule. *Clarke*, 2 F.3d at 83 ("Appellant's view of 'not specifically covered' would effectively render [the residual hearsay exception] a nullity. The plain meaning, and the purpose, of [the residual hearsay exception] do not permit such a narrow reading. We believe that 'specifically covered' means exactly what it says: if a statement does not meet all of the requirements for admissibility under one of the prior exceptions, then it is not 'specifically covered.'" (quoting *United States v. Fernandez*, 892 F.2d 976, 981 (11th Cir. 1989)). The Fourth Circuit has reaffirmed that the residual hearsay exception (as a whole) is subject to a narrow reading in subsequent opinions. *See, e.g.*, *Dunford*, 148 F.3d at 394 ("The residual hearsay exception . . . is a narrow exception that should not be construed broadly."); *United States v. DeLeon*, 678 F.3d 317, 326-27 (4th Cir. 2012) ("We have emphasized that the residual hearsay exception is a narrow exception that should not be construed broadly." (internal quotation marks and citation omitted)), *vacated on other grounds by* 570 U.S. 913 (2013).

*United States v. Cunningham*, 761 F. App'x 203, 206 (4th Cir. 2019) (citing Fed. R. Evid. 807(a)).

Plaintiff claims that the EDR documents have a sufficient guarantee of trustworthiness. But these documents contain unsworn allegations, none of which have resulted in any finding of discrimination, harassment, or retaliation, *see generally* ECF No. 248-16, and some of ███████ ███████, *id.* at 63-64 ███████ ███████ *see also id.* at 66 ███████ ███████. Plaintiff nevertheless claims that these statements are trustworthy because they were made against the employees' interests—suggesting that an employee's choice to invoke rights under the EDR plan could subject them to retaliation. Pl.'s Opp'n at 16-17. But a speculative fear of retaliation does not make unsworn allegations trustworthy. And such a suggestion does not dispel the conclusion that certain allegations ███████ ECF No. 248-16 at 63-64, 66. Because these allegations are not surrounded by sufficient guarantees of trustworthiness, they should not be admitted under the residual hearsay exception. *See* Fed. R. Evid. 807(a).

Plaintiff next asserts that the EDR documents are supported by corroborating evidence because the allegations are similar to one another, and to Plaintiff's case. Pl.'s Opp'n at 17. As highlighted in Defendants' opening brief, however, these EDR matters are unrelated to Plaintiff's circumstances and theory of her case, and each complaint occurred under unique factual circumstances. *See* Defendants' Mot. in Limine, ECF No. 330, at 6-7. Plaintiff also claims that these statements are corroborated and trustworthy because Martinez was not reappointed as the Federal Defender. Pl.'s Opp'n at 17. But the mere fact that Martinez was not reappointed does not suggest that the allegations in these EDR documents are true.

Plaintiff finally argues that the EDR documents are more probative "than any other evidence that the proponent can obtain through reasonable efforts[,]" Fed. R. Evid. 807(a)(2), because "[r]equiring the MeToo complainants to testify live against Defendants would likely expose them to

11

retaliation and reprisal for their testimony." Pl.'s Opp'n at 17. She asserts that the fear of retaliation is not theoretical because Defendants have disputed allegations within these complaints. *Id.* at 18. But Defendants' dispute of certain facts does not suggest that the named parties would engage in prohibited retaliation. Such a suggestion is purely speculation and should not satisfy the requirements of Rule 807. *Cf. United States v. Carlson*, 547 F.2d 1346, 1352-53 (8th Cir. 1976) (affirming the district court's admission of a declarant's prior grand jury testimony under the residual hearsay exception only where the declarant refused to testify and there was "evidence which was highly suggestive of threats and intimidating overtures directed toward" the declarant from the defendant, not mere speculation). Plaintiff asserts—without any evidence—that these witnesses fear of retaliation because some of the named Defendants are "neutral adjudicators in the EDR process" and certain allegations are disputed. Pl.'s Opp'n at 23. But these are each closed, resolved EDR matters, which resulted in no finding of wrongdoing by Defendants. And in any event, Plaintiff has provided no evidence or support for her claims that these witnesses refuse to testify because of any feared retaliation.

Ultimately, Plaintiff chose not to call these individuals to testify at trial. She now cannot escape that choice by claiming, on behalf of others and with no factual support, a speculative and unfounded fear of retaliation. The EDR files should not be admitted under Rule 807.

## CONCLUSION

For the foregoing reasons, the Court should exclude Plaintiff's Me Too Evidence at trial.

Dated: December 1, 2023

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

12

*/s/ Dorothy Canevari*
DOROTHY CANEVARI
(NY Bar No. 5989694)
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20001
Tel.: (202) 616-8040
Email: dorothy.m.canevari@usdoj.gov

*Counsel for Defendants*