IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,       )
                               )
    Plaintiff,                 )
                               )
v.                             )
                               )
UNITED STATES OF AMERICA, et al., )
                               )
    Defendants.                )

## MOTION TO SEAL

Defendants respectfully move pursuant to Western District of North Carolina Local Civil Rule 6.1 and Federal Rule of Civil Procedure 26(b)(5)(B) to file under seal an unredacted copy of their Reply in Support of Defendants' *Motion in Limine* to Exclude Plaintiff's "Me Too" Evidence. A redacted version of that reply memorandum was filed today at ECF No. 351. Defendants' counsel asked Plaintiff's counsel for Plaintiff's position on this motion. Plaintiff's counsel responded:

> Plaintiff cannot provide a position on Defendants' motion to seal because she has not had the opportunity to review that filing or the specific information sought to be sealed. After an opportunity to review the filing, she will file a response pursuant to W.D.N.C. LCvR 7.1(e). Plaintiff notes, however, that she has no objection to filing under seal the names of EDR complainants who are not parties to this case or other protected EDR information and has requested to seal similar information. *See, e.g.*, ECF Nos. 310, 293, 283, 244 (pending motions).

For motions to seal, the Fourth Circuit requires the Court to (1) determine the source of the public right of access to the documents to be sealed; (2) give the public notice of a request to seal and a reasonable opportunity to challenge it and consider less drastic alternatives to sealing; and (3) provide specific reasons and factual findings supporting its decision to seal the documents. *See, e.g., Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 179-80 (4th Cir. 1988). In order to seal a document in this District, Local Rule 6.1(c) provides that a motion to seal must set forth:

(1) A non-confidential description of the material sought to be sealed;

1

(2) A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;

(3) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material under seal and how the matter is to be handled upon unsealing; and

(4) Supporting statutes, case law, or other authority.

W.D.N.C. LCvR 6.1(c).

In this matter, each of Local Civil Rule 6.1(c)'s four requirements support sealing Defendants' Motion:

### (1) Non-Confidential Description of the Material Sought to be Sealed

The material sought to be sealed is an unredacted copy of a reply memorandum. The only materials redacted in Defendants' reply are certain references and quotes from an exhibit discussing the claims of non-parties that were filed under the Fourth Circuit's Employment Dispute Resolution ("EDR") plan. This exhibit contains confidential complaints, settlement agreements, and other personnel-related information that is ordinarily subject to protection from disclosure.[1] *See Robinson v. Bowser*, No. 12-CV-301, 2013 WL 3791770, at *4 (M.D.N.C. July 19, 2013) (redacting the "sensitive personal material" of "innocent" third-parties); *Johnson v. Baltimore City Police Dep't*, No. ELH–12–2519, 2013 WL 497868, at *3 (D. Md. Feb. 7, 2017) (redacting non-party comparators' personnel records).

### (2) Why Sealing is Necessary

Sealing is necessary to protect against the disclosure of information of non-parties that is designated as confidential under the EDR plan. *See* Fourth Circuit EDR Plan § V(B)(1) (2020) ("All individuals involved in the processes under this Plan must protect the confidentiality of the allegations

---

[1] Plaintiff previously moved to seal this same exhibit. *See, e.g.*, ECF No. 244 at 1; ECF No. 293. These motions are presently under the Court's consideration.

2

of wrongful conduct.").[2] There is no alternative to filing the quotes and references to this exhibit under seal, but the majority of the memorandum itself will remain accessible to the public, thereby appropriately balancing the need for public access to information about this case without compromising the confidentiality of the EDR process or disclosing other private personnel information.

**(3) Permanent Sealing is Requested**

Defendants request that the redacted materials be sealed permanently because the EDR Plan's confidentiality provision does not contain a time limitation.

**(4) Supporting Statutes, Case Law, or Other Authority**

This Motion to Seal is based on the Fourth Circuit EDR Plan, which states in part:

Confidentiality. All individuals involved in the processes under this Plan must protect the confidentiality of the allegations of wrongful conduct. Information will be shared only to the extent necessary and only with those whose involvement is necessary to address the situation in accord with this Plan. An assurance of confidentiality must yield when there is reliable information of wrongful conduct that threatens the safety or security of any person or that is serious or egregious such that it threatens the integrity of the Judiciary; however such shall be only in accord with the provisions of this Plan or with the express authorization of the Chief Judge. The Office of the Circuit Mediator and the Office of the Circuit Director of Workplace Relations may share information on EDR matters with each other and with the Chief Judge.

Confidentiality obligations of this Plan and in the Code of Conduct for Judicial Employees concerning use or disclosure of confidential information received in the course of official duties do not prevent nor should they discourage Employees from reporting or disclosing wrongful conduct, including sexual, racial, or other forms of discriminatory harassment by a Judge, supervisor, or other person in accord with this Plan.

Supervisors, Unit Executives, and Judges must take appropriate action when they learn of reliable information of wrongful conduct, such as sexual, racial, or other discriminatory harassment, which may include informing the Chief Judge. In addition, if an investigation, hearing, or other process under this Plan involves confidential client information or information that is otherwise protected from disclosure by attorney-client, work-product, or other privilege, individuals involved in the processes under

---

[2] *See* https://www.ca4.uscourts.gov/docs/pdfs/fourthcircuitfinaledrplanwithorder2020.pdf?sfvrsn=ac2fba09_2.

this Plan must take appropriate action to protect and maintain the privilege and confidentiality afforded to that information.

Fourth Circuit EDR Plan § V(B)(1) (2020); *see also Robinson*, 2013 WL 3791770, at *4; *Johnson*, 2013 WL 497868, at *3.

## **CONCLUSION**

For the foregoing reasons, the Court should permit Defendants to file an unredacted copy of their Reply in Support of Defendants' *Motion in Limine* to Exclude Plaintiff's "Me Too" Evidence under seal.

Dated: December 1, 2023     Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

*/s/ Dorothy Canevari*
DOROTHY CANEVARI
(NY Bar No. 5989694)
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11507
Washington, DC 20001
Tel.: (202) 616-8040
Email: dorothy.m.canevari@usdoj.gov

*Counsel for Defendants*