**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT VIDA THOMAS**

In their motion in limine to exclude the testimony of Vida Thomas, Plaintiff's purported expert on human resources, Defendants explained that prevailing caselaw prevents Plaintiff from relying on Ms. Thomas's out-of-court deposition testimony at trial without calling her as a live witness. *See* Defs.' Mot. in Limine to Exclude the Testimony of Pl.'s Expert Vida Thomas ("Defs.' Mot. in Limine") at 12-15, ECF No. 323. Simultaneously with her brief in opposition to that motion in limine, Plaintiff filed a separate 14-page brief styled as a "motion to strike," claiming that Defendants' motion in limine is untimely. Pl.'s Mot. to Strike Defs.' Mot. in Limine ("Pl.'s Mot."), ECF No. 338. This argument has no merit, and Plaintiff's request to strike Defendants' motion in limine should be summarily denied.

At the July 27, 2023 Final Pretrial Conference, this Court ordered that the "deadline for pretrial motions, such as motions in limine," was "up until the eve of trial." Tr. of Final Pretrial (July 27, 2023) at 20:21-24; *see also* July 27, 2023 Minute Order ("Any motions in limine may be filed up until the Friday prior to trial."). Trial is set to begin on December 11. Defendants filed their motion in limine

1

to exclude Ms. Thomas' testimony on November 6, 2023. The motion in limine was therefore filed well within the timeframe specified by the Court.

Plaintiff also disregards the Court's clear instructions that the parties must *agree* to designate deposition testimony for it to be submitted to the Court. In fact, at the July 27, 2023 Final Pretrial Conference, Plaintiff's counsel confirmed the requirement of agreement with this Court:

> MR. STRICKLAND: Yes. I want to touch on, um, you said we could submit expert reports by agreement. Can we do, um, expert deposition designations?
>
> THE COURT: Exactly, again by agreement.
>
> MR. STRICKLAND: Oh, so the designations require agreement as well?
>
> THE COURT: Yes, because the normal rule, you see, is that witnesses testify live. So unless you agree, the witness has to be produced and testify under oath. But here I am telling you that if you'll agree, I am more than amenable, in fact I am eager to have you agree to deposition excerpts.

*See* Tr. of Final Pretrial (July 27, 2023) at 22:2-13. The Court had previously stated its requirement that the parties *agree* to admit deposition testimony. *See* Hr'g Tr. (July 10, 2023) at 29:16-18 (the Court explaining that it will "read depositions" "to the extent that [the parties] can agree" on it); July 27, 2023 Minute Order ("The Court will, with the agreement of the parties take experts by expert deposition without live testimony."). Defendants have not agreed, and do not now agree, to designate Ms. Thomas's deposition testimony. And because her deposition testimony is hearsay and does not fall under Rule 32(a)(4), it should be excluded. *See* Defs.' Mot. in Limine at 12-15.

Nonetheless, Plaintiff maintains that Defendants failed to timely object to Plaintiff's designation of Ms. Thomas's deposition. Plaintiff claims that the "deadline to serve objections passed on September 25." Pl.'s Mot. at 4. But it is entirely unclear how Plaintiff has arrived at the conclusion that September 25 was the deadline for objections to Ms. Thomas's deposition designation. Plaintiff seems to think her representation in the parties' July 25, 2023 Joint Pretrial Statement that she intended to designate Ms. Thomas's deposition testimony amounted to a designation, *id.* at 1, but this makes

no sense. Ms. Thomas's deposition did not even occur until July 26—*after* the date of Plaintiff's purported designation—and the transcript from the deposition was not issued until weeks later. Plaintiff then claims that: "on September 19, 2023, the day after the stay ended, the Court entered a Minute Order memorializing its orders from the final pretrial conference, without setting any different deadline for serving objections." *Id.* at 4. Plaintiff is mistaken in several respects. The stay began on August 2 and lasted for 45 days, ending on September 16, not September 18. *See* August 2, 2023 Order, ECF No. 261. Further, Plaintiff appears to be quoting from a Minute Order dated July 27, 2023 that references the pretrial hearing that occurred on that date.[1] The Court did not issue a minute order dated September 19, let alone one that set any deadlines in light of the expiration of the stay. Plaintiff therefore has no basis for her assertion that the deadline to object occurred on September 25.

Plaintiff did send Defendants a proposed designation of Ms. Thomas's deposition testimony on August 28, 2023, *see* Pl.'s Mot. Ex. A, ECF No. 338-1—apparently recognizing that her statement in the July 25 Pretrial Statement was not, in fact, a designation. The date of this proposed designation fell within the 45-day stay, which as noted, ended on September 16. Less than 14 days after the stay expired, on September 29, 2023, Defendants gave Plaintiff formal notice that they objected to the designation of Ms. Thomas's deposition testimony. ECF No. 274 at 2-3. Accordingly, even if the 14-day deadline for objections in Federal Rule 26(a)(3)(B) applied, Defendants still noted their objections within that timeframe.

Moreover, Plaintiff has suffered no prejudice whatsoever. Defendants filed their motion in limine on November 6, five weeks before the start of trial. *See* Defs.' Mot. in Limine. Plaintiff filed a lengthy response to that motion. And Plaintiff still has ample time to arrange for Ms. Thomas to testify live at trial.

---

[1] The Minute Order in question is correctly dated July 27, 2023 on the Court's Docket, but it appears that it was not entered until September 19, 2023.

3

This Court should reject Plaintiff's latest attempt to distract from the merits of this case by incorrectly claiming that Defendants have not followed the deadlines set by this Court. Plaintiff's motion to strike should be denied.

Dated: December 1, 2023

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

*/s/ Madeline M. McMahon*
MADELINE MCMAHON (DC Bar 1720813)
DANIELLE YOUNG
DOROTHY CANEVARI
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20001
Tel.: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*