IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS' NOTICE OF FILING TRIAL MATERIALS

Pursuant to the Court's instructions at the July 27, 2023 final pretrial conference and the November 16, 2023 further final pretrial conference, as well as the Court's July 27, 2023 Minute Order, Defendants respectfully submit the attached trial exhibit list. *See* Attachment A. Exhibits one through seven on the list have no objections from either party. Exhibits A through CY are Plaintiff's exhibits with objections. Several of those exhibits do not have any objections by Defendants, but Plaintiff has listed objections to almost all of her own exhibits. Exhibits CZ through HP are Defendants' exhibits with objections. Defendants have sent physical copies of the numbered exhibits and Exhibits CZ through HP, along with transcripts of audio recordings to use as aids during trial, for delivery to the Court today.[1]

Despite Defendants' sincere efforts to confer with Plaintiff and submit a single exhibit list on behalf of the parties jointly, Defendants understand that Plaintiff intends to file a separate exhibit list. Plaintiff's counsel has stated that "the parties likely have fundamental disagreements regarding how to prepare the exhibit list," and has insisted that Defendants have waived all objections to Plaintiff's

---

[1] For those exhibits to which Defendants do not otherwise object in Attachment A, Defendants reserve the right to object at an appropriate time on hearsay grounds under FRE 802 to any attempt to use the document to prove the truth of the matter asserted.

1

exhibits. Defendants have previously explained why Plaintiff's waiver argument is incorrect. *See* ECF No. 274. To summarize, Defendants sought to meet and confer with Plaintiff about the parties' exhibits, as the Court instructed the parties to do, Tr. of Final Pretrial (July 27, 2023) at 10:25, 12:7-25; *see also* July 27, 2023 Minute Order, in an attempt to narrow or eliminate the parties' disagreements regarding those exhibits and to agree on mutual exhibits wherever possible. Defendants' counsel contacted Plaintiff's counsel on October 24, 2023, and proposed a call to discuss exhibits, factual stipulations, and deposition designations. Attachment B at 4. Plaintiff's counsel, however, was unwilling to confer before the further final pretrial conference scheduled for November 16. *Id.* at 3. On October 27, Defendants' counsel again reiterated the importance of meeting and conferring on these issues prior to the pretrial conference, so that the parties would have ample time to work together to narrow their disagreements. *Id.* at 2-3. Plaintiff's counsel finally agreed to participate in a telephone conference on November 22. *Id.* at 1. Unfortunately, that conference was unproductive, with Plaintiff's counsel reiterating his view that Defendants had waived objections to Plaintiff's exhibits and suggesting that the parties submit separate exhibit lists to the Court.[2]

Lastly, as noted, Defendants attempted to confer with Plaintiff regarding deposition designations. However, the parties did not reach any agreement as to those designations. Accordingly, Defendants respectfully submit the attached objections to Plaintiff's deposition designations and

---

[2] At 7:24 pm on the date of filing (December 1), Plaintiff's counsel unexpectedly sent an email to Defendants' counsel that attached Plaintiff's draft exhibit lists. The email stated, among other things, that Plaintiff's counsel would "continue to consider withdrawing objections to Defendants' exhibits," that he would "send [Defendants' counsel] the updated files" at some unspecified point in the future, and that he was "still amenable to working out the parties' disagreements and filing a single list[.]" Plaintiff's draft exhibit lists reflect Plaintiff's mistaken view that Defendants have waived all objections to her exhibits, as she appears to have listed all of her exhibits as numbered exhibits to which there are no objections. Plaintiff's counsel's email is contrary to his previous statements indicating that it would be necessary for the parties to file separate exhibit lists. Moreover, Defendants' understanding is that the exhibit lists are due today, so there is insufficient time for the parties to confer, particularly given that Plaintiff's counsel's email indicates that he is continuing to revise Plaintiff's exhibit lists.

2

Defendants' counter-designations. *See* Attachment C. Prior to trial, Defendants will send paper copies of the portions of transcripts that Defendants have counter-designated, unless the Court advises Defendants to follow a different procedure.

Dated: December 1, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
DOROTHY CANEVARI
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW,
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*