IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil No. 1:20-cv-00066-WGY |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## PLANTIFF'S EXHIBIT LIST

Plaintiff hereby files her exhibit list in this matter. In an apparent attempt to cover up the fact that their objections to exhibits, objections to depositions, and deposition designations are two-and-a-half months late, after the deadline set by Fed. R. Civ. 26(a)(3) passed following the final pretrial conference on July 27, 2023, *see* ECF No. 259 (final pretrial memorandum), Defendants have filed their own exhibit list at 9:57 p.m. on a Friday evening without any notice to Plaintiff. Despite their efforts to portray themselves as "conferring" with Plaintiff, Defendants never even provided Plaintiff their exhibit list or other pretrial disclosures to review before filing the document publicly with the Court on December 1, 2023.

Plaintiff reasonably believed, based on Defendants' own repeated representations in this matter both to her counsel and this Court, that the parties intended to confer regarding an exhibit list and to provide a joint filing to the Court with two separate proposals, if necessary, prior to trial. While both parties have provided the Court with a courtesy copy of their exhibits by December 1, 2023, as ordered by the Court during the pretrial conference on November 16, 2023, Defendants' counsel and Plaintiff's counsel never discussed the deadline for publicly filing a final exhibit list as December 1, 2023. In fact, *Defendants' counsel represented in a public*

1

*filing in this Court on the date of this filing, December 1, 2023, that a final exhibit list "need not be done until we're right up against the trial,"* which was consistent with this Court's statements during the final pretrial conference during this matter. ECF No. 351, at 2 (quoting Final Pretrial Hr'g Tr. at 12:9-11). Both during the final pretrial conference and in its written order, the Court "instructed [counsel] to meet and confer to create a single exhibit list with agreed to exhibits given numbers and any objected to exhibits given letters (A-Z, AA, AB, AC etc.)." Entry Order Dated September 19, 2023. Plaintiff's understanding, which was communicated to Defendants' counsel based on Defendants' own filings in this matter, in addition to the Court's orders, was "that other than the actual trial date there is no deadline to complete this task because the Court stated that we have to 'sit down together sometime before trial, I don't care when you do it, and it need not be done until we're right up against trial.'" ECF No. 262, at 12; *see also* ECF No. 274 [Defendants' Response to Plaintiff's Objections to Defendants' Exhibit List and Other Pretrial Statement Submissions], at 1–2 n.1." Email from Plaintiff's Counsel to Defendants' Counsel Dated October 26, 2023.

That understanding is also consistent with Plaintiff's counsel's email exchanges with Defendants' counsel, in which they never mentioned filing an exhibit list on December 1, 2023. Plaintiff's counsel communicated to Defendants' counsel multiple times, including during a telephone conference on November 21, 2023 and in a follow up email, that it was his understanding that the parties would submit a *joint* filing with separate proposals, as they had routinely done in the past in proposed scheduling orders. *See, e.g.*, ECF No. 34 (joint proposed case management schedule); ECF No. 132 (joint proposed case management schedule); ECF No. 259 (joint pretrial memorandum). Defendants' counsel never disputed that understanding or represented that they would file a separate exhibit list with the Court. To the contrary, they

affirmed Plaintiff's counsel's understanding that the parties would file a joint filing with separate exhibit lists, if necessary, as stated in the following emails:

Email from Defendants' Counsel Nov. 27th 1:41 p.m.:

> Finally, as you know, we sought to meet and confer with you about how to handle mutual exhibits that both parties identified for trial, but for which Plaintiff has raised conditional objections to Defendants' use of the exhibits. We understand that Plaintiff has refused to drop her objections to these mutual exhibits. Accordingly, in light of our understanding of Judge Young's instructions about the two categories of exhibits—exhibits without objections that are in evidence and exhibits with objections that are not in evidence—Defendants believe there are only 7 exhibits identified without objection for trial that can be designated as mutual exhibits in evidence. As we discussed on the phone and have explained in recent filings, we do not agree that Defendants have waived all objections to Plaintiff's exhibits. We will prepare an exhibit list in accordance with our understanding of Judge Young's instructions.

Response from Plaintiff's Counsel Dated Nov. 28th 5:18 p.m.:

> I continue to disagree with your representations regarding the conferral process and Defendants' purported assertion of objections, in part, because we conferred by phone on November 22 regarding issues you first raised on November 14 in a 40-page document. No similar time constraints were imposed on Defendants because Plaintiff timely served and filed her objections more than two months ago. ***As I stated during our call and based on our conversation, I anticipate that the parties likely have fundamental disagreements regarding how to prepare the exhibit list, similar to several prior instances where the parties have had to submit a joint filing to the Court.*** Like you, I will also prepare an exhibit list in accordance with my understanding of Judge Young's instructions.

Email from Defendants' Counsel Dated Nov. 29th 10:50 a.m.:

> Finally, you said that, "As I stated during our call and based on our conversation, I anticipate that the parties likely have fundamental disagreements regarding how to prepare the exhibit list, similar to several prior instances where the parties have had to submit a joint filing to the Court." ***Defendants are still amenable to working out the parties' disagreements and filing a single list,*** but understand Plaintiff's position that the parties cannot agree to one list and, accordingly, will prepare a separate list.

3

Response from Plaintiff's Counsel Dec. 1st 7:20 p.m.:

> I am following up on our email exchange from earlier this week regarding trial exhibits and witnesses. First, I have attached Plaintiff's draft exhibit lists. While I am still making some edits, I finalized this exhibit list based on my understanding of the status of the parties' respective objections pursuant to Fed. R. Civ. P. 26(a)(3). You will notice that I have highlighted the exhibit file names for the "Lettered" exhibit list because I have not had an opportunity to integrate Defendants' most recent changes at this time. I will also continue to consider withdrawing objections to Defendants' exhibits as I complete this project. Once completed, I will send you the updated files. ***Like you, I am still amenable to working out the parties' disagreements and filing a single list, but I will also review your list once provided. Again, I am amenable to working this issue out, but understand we may have a joint filing with separate proposals like several instances in the past.***

(Emphasis added). In short, nowhere in this email chain is a discussion about the parties' submitting exhibit lists in separate filings with the Court, as that would be inconsistent with both the Court's instructions and the parties' prior practice where there are disagreements in the parties' positions. *See, e.g.*, Status Conf. Tr. July 14, 2022, at 9–10 (with respect to revised case management schedule, "you are to agree on everything on which you can agree. You need not agree as to everything. But on the same documents, if there is a plaintiff's position and a defendants' position, you will set forth those separate provisions").

Plaintiff is disappointed that, in an attempt to cover up their own errors in this litigation rather than comply with court orders and rules of civil procedure—including the basic procedures set forth in Rule 26—Defendants have chosen to sandbag Plaintiff, once again. Defendants apparently hope to convince this Court to overlook their missed deadlines and endorse an alternative narrative, unsupported by facts, that somehow Plaintiff did not "confer" with them when she timely provided her exhibit list, deposition designations, and objections in compliance with the rules, which Defendants did not. Despite Defendants' transparent attempt

4

to re-do deadlines they missed without even seeking Court permission, let alone demonstrate good cause or manifest injustice, Plaintiff is prepared to file her exhibit list.

Plaintiff reserves the right to file a motion to strike Defendants' untimely disclosures, which have severely prejudiced her because she was already finalizing her trial preparation based on the deadlines provided by Federal Rule of Civil Procedure 26(a)(3).

This the 1st day of December, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

>*/s/ Cooper Strickland*
>Cooper Strickland
>N.C. Bar No. 43242
>P.O. Box 92
>Lynn, NC 28750
>Tel. (828) 817-3703
>cooper.strickland@gmail.com