IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

### PLANTIFF'S MOTION TO ADMIT EVIDENCE PURSUANT TO RULE 106

Federal Rule of Evidence 106 provides that, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106.  The purpose of the rule is to avoid "the misleading impression created by taking matters out of context." *Id.* (Adv. Comm. Notes to Fed. R. Evid. 106).  Additionally, the rule is concerned with "the inadequacy of repair work when delayed to a point later in the trial." *Id.*

In her objections to Defendants' exhibits, which were timely filed on September 25, 2023 pursuant to Fed. R. Civ. P. 26(a)(3), Plaintiff stated, *inter alia*, that "[m]any of Defendants' exhibits are incomplete, selective, and misleading because of their failure to include the full document, text message or email chain, exhibits, or similar portions of documents." ECF No. 269, at 10.  Plaintiff maintains her objections to two exhibits that are incomplete and misleading due to Defendants' failure to include the full document.  The portions of the documents that Defendants omitted are attached as exhibits to this motion.

1

First, Defendants' Exhibit 126 is one page out of a text message chain between Erin Taylor and J.P. Davis with Bates number US00006380.[1]  *See* ECF No. 259-1 (Defendants' exhibit list); ECF No. 355-2, Ex. CT (Plaintiff's Lettered Exhibit List).  However, Defendants did not include the rest of the text message chain, which goes on for several more pages.  Conspicuously, Defendants omitted the text message where J.P. Davis stated about Plaintiff that "***She needs to get slapped,***" similar to his other prior text messages stating that Plaintiff needs to get "***smacked a bunch.***"  Mr. Davis's repeated threats of physical violence against Plaintiff to another supervisor are obviously relevant to the claims in this case, and it would be unfair and misleading to exclude them.  Therefore, the entire text message chain should be admitted.

Second, Plaintiff objected to Defendants' Exhibit 21, which includes emails between Plaintiff and Fair Employment Officer Nancy Dunham, at Bates number US00001074–78, because Defendants did not include other emails in the same email chain as part of the exhibit.  *See* ECF No. 259-1 (Defendants' exhibit list); ECF No. 355-2, Ex. S (Plaintiff's Lettered Exhibit List).  The emails provide important context that must be provided under Rule 106.  Specifically, Plaintiff anticipates that Defendants may use this email chain to attempt to show that Plaintiff did

---

[1] Defendants did not provide Bates numbers or dates for the exhibits in their exhibit list that they publicly filed on December 1, 2023.  ECF No. 354-1.  Instead, they provided only extremely vague descriptions of exhibits such as "Texts between J.P Davis and Erin Taylor."  As a result, it is impossible to precisely identify the exhibits to which Defendants are referring based on their public exhibit list, thus forcing Plaintiff to cross-reference multiple documents in an attempt to identify their exhibits.  Moreover, Defendants have made many changes to their exhibit list since the parties' joint pretrial memorandum filed on July 25, 2023.  *See* ECF No. 259.  In fact, the publicly filed version of the exhibit list on December 1, 2023 is the third iteration of Defendants' exhibit list that Plaintiff has seen.  There is no basis for Defendants not to provide basic identifying details of their exhibits, such as Bates numbers or dates.  Defendants' exhibit list is confusing, prejudicial, and unhelpful to the parties or a factfinder.  For this reason, Plaintiff refers to the exhibit numbers Defendants provided in the joint pretrial memorandum because they more completely and accurately reflect their exhibits.  *See* ECF No. 259-1; ECF No. 355-2 (Plaintiff's lettered exhibits, which includes Defendants' Bates numbers).

2

Case 1:20-cv-00066-WGY    Document 357    Filed 12/04/23    Page 2 of 5

not view the First Assistant's *quid pro quo* "Mas Dinero" email as a *quid pro quo* based on her description of the email (despite the fact that she was reporting *quid pro quo* sexual harassment in her emails to the FEOO).  However, in another email in the same chain, at Bates number US00001065–66, Plaintiff included the *quid pro quo* email with the subject "Quid pro quo email."  To avoid an incomplete and misleading impression, the entire email chain should be admitted as an exhibit.

Prior to filing this motion, Plaintiff requested that Defendants agree to admit the full documents as exhibits without the need for court intervention, and otherwise, requested Defendants' position on this motion.  Defendants responded as follows:

"Defendants oppose Plaintiff's motion.  Plaintiff's request under Federal Rule of Evidence 106 is premature.  That Rule provides: "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time."  If and when Defendants' Exhibits 21 and/or 126 are admitted into evidence, Defendants would not oppose appropriate statements being admitted under FRE 106."

Based on Defendants' response, it appears that Defendants may withdraw and/or not seek to admit Exhibits 126 and 21 into evidence.  Accordingly, if Defendants do not intend to admit the exhibits into evidence, then Plaintiff respectfully requests to admit the full exhibits, with the context provided above, in her own case in chief.  Plaintiff's request to admit Exhibits 126 and 21 as exhibits is also addressed in her "Motion to Admit Defendants' Belatedly Withdrawn Exhibits," which is being filed contemporaneously with this motion.

This the 4th day of December, 2023.

Respectfully Submitted,

/s/ *Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

>*/s/ Cooper Strickland*
>Cooper Strickland
>N.C. Bar No. 43242
>P.O. Box 92
>Lynn, NC 28750
>Tel. (828) 817-3703
>cooper.strickland@gmail.com