IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:20-cv-00066-WGY |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PLANTIFF'S MOTION TO ADMIT DEFENDANTS' BELATEDLY WITHDRAWN EXHIBITS

On July 25, 2023, in their joint pretrial memorandum, the parties each filed an exhibit list with their trial exhibits for this proceeding. *See* ECF No. 259, at 111–15 (Plaintiff's exhibit list); *id.* at ECF No. 259-1 (Defendants' exhibit list). On December 1, 2023, Defendants publicly filed an amended exhibit list with the Court in which they formally withdrew certain exhibits that were listed in their July 25, 2023 exhibit list.[1] ECF No. 354-1. By this time, given the imminent trial start date of December 11, 2023 and the Court's repeated instructions to file proposed findings and conclusions of law as soon as possible because the Court will not wait to render a decision, Plaintiff had already substantially prepared her trial presentation materials in reliance on Defendants' exhibit list provided in the joint pretrial memorandum. *See* ECF No. 262 at 19 (stating that factual findings and conclusions of law "may be filed [after final closing arguments], but you should understand that I intend no delay while we wait for a transcript . . .

---

[1] On November 14, 2023, Defendants' counsel emailed Plaintiff's counsel a letter with a second exhibit list, which differs in material respects from the revised exhibit list they publicly filed on December 1, 2023. This emailed exhibit list failed to provide formal notice of Defendants' exhibits as a pretrial disclosure, as Defendants did not serve "and promptly file" the document as required by Fed. R. Civ. P. 26(a)(3)(A), (B).

1

we're going to get busy deciding this case"). As part of her trial presentation, Plaintiff intends to rely on certain documents provided in Defendants' exhibit list.

Accordingly, Plaintiff moves to admit the following exhibits, which were identified by Defendants as part of their exhibit list and only publicly withdrawn in a filed notice on December 1, 2023:

(1) Defendants' Exhibit 52 (US2809-2812) [Email from Joshua Carpenter to Anthony Martinez Dated July 24, 2018]

(2) Defendants' Exhibit 56 (US2844-2849) [Email from J.P. Davis to Anthony Martinez Dated August 20, 2018]

(3) Defendants' Exhibit 103 (US6839-6843) [Anthony Martinez's handwritten notes Dated August 9, 2018 to May 8, 2019]

(4) Defendants' Exhibit 128 (US4715) [Email from Josh Carpenter to Anthony Martinez, J.P. Davis, William Moormann, Peter Adolf, Erin Taylor, and Holly Dixon].
*See* ECF No. 259-1 (Defendants' exhibit list).

In addition, as discussed in Plaintiff's contemporaneously filed Motion to Admit Evidence Pursuant to Rule 106, Plaintiff is seeking to admit the full context of Defendants' Exhibit 126 (Bates number US6380) and Exhibit 21 (Bates number US1074–78). Based on Defendants' response to Plaintiff's motion, it appears that Defendants may withdraw and/or not seek to admit Exhibits 126 and 21 into evidence. Accordingly, if Defendants do not intend to admit the exhibits into evidence, then Plaintiff respectfully requests to admit the full exhibits, with the context provided above, in her own case in chief.

Rule 37 does not apply to these withdrawn exhibits because they are not "nondisclosed" within the meaning of that rule, since they were previously disclosed by Defendants themselves

2

on their July 25, 2023 exhibit list. *See* Fed. R. Civ. P. 37(c) (applying to a party's "[f]ailure to disclose" information as described in the rule). However, even if Rule 37 applies, the exhibits should not be excluded because Defendants cannot demonstrate any prejudice or unfair surprise. *See Firehouse Rest. Grp. Inc. v. Scurmont LLC*, No. 4:09-cv-00618-RBH, 2011 U.S. Dist. LEXIS 89727, at *6 (D.S.C. Aug. 11, 2011) ("[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." (quoting *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003)). Defendants identified these documents as trial exhibits before belatedly withdrawing them, so they had notice of the exhibits and their relevancy to the case. Moreover, Plaintiff's reliance on the exhibits is substantially justified because Defendants themselves identified them as exhibits in July 2023 and did not publicly withdraw them until nearly six months later, in December 2023, on the eve of trial. Thus, to the extent Rule 37 can even be applied here, any alleged nondisclosure would be harmless and substantially justified.

Prior to filing this motion, Plaintiff requested that Defendants agree to admit the withdrawn exhibits without the need for court intervention, and otherwise, requested Defendants' position on this motion. Defendants responded as follows:

"Defendants oppose Plaintiff's motion. Plaintiff did not include Defendants' Exhibits 52, 56, 103, or 128 in her exhibit list. In fact, Plaintiff objected to each of those exhibits when they were on Defendants' exhibit list. See ECF No. 269-1. Nothing in the Federal Rules permits Plaintiff to introduce documents that she did not include in her exhibit list and that she in fact objected to."

In response to Defendants' position, Plaintiff notes that in fact, the federal rules do allow any party to use another party's exhibits admitted at trial. Indeed, during the further pretrial

3

conference and in their filing dated December 1, 2023, Defendants' counsel specifically asked the Court about Defendants' use of Plaintiff's exhibits. Moreover, Defendants have not objected to any of these exhibits, and Plaintiff did not "object" to these exhibits as Defendants suggest. Rather, Plaintiff preserved her right under Rule 26 to make a *potential* objection at trial on the grounds listed. *See* Fed. R. Civ. P. 26, Advisory Comm. Notes ("The listing of a potential objection does not constitute the making of that objection or require the court to rule on the objection; rather, it preserves the right of the party to make the objection when and as appropriate during trial."). Plaintiff also specifically stated that her objections were "conditional" depending on the use of the evidence at trial. *See* ECF No. 269-1 (listing Plaintiff's conditional objections to Defendants' objections). In any event, Plaintiff hereby withdraws her conditional objections to the above-referenced exhibits. Because there are no objections, the exhibits should be admitted.

This the 4th day of December, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

    Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

                                                            */s/ Cooper Strickland*
                                                             Cooper Strickland
                                                             N.C. Bar No. 43242
                                                             P.O. Box 92
                                                             Lynn, NC 28750
                                                             Tel. (828) 817-3703
                                                            cooper.strickland@gmail.com