IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' CONSOLIDATED RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 341) AND MOTION IN LIMINE (ECF NO. 342)**

There is no dispute that Defendants' Amended Answer does not contain any affirmative defenses. Where the parties disagree, however, is whether the Court may examine certain evidence when exercising its "wide discretionary authority in formulating remedies for constitutional violations." *See Smith v. Bounds*, 813 F.2d 1299, 1301 (4th Cir. 1987), *on reh'g*, 841 F.2d 77 (4th Cir. 1988). This issue has already been extensively briefed by both parties. *See* Defs.' Mot. for Summ. J. ("Defs.' MSJ"), ECF No. 245 at 12-13; Defs.' Reply in Supp. of Their Mot. for Summ. J. ("Defs.' Reply"), ECF No. 254 at 23; Joint Pretrial Filing, ECF No. 259 at 99; Defs.' Resp. in Opp'n to Pl.'s *Mot. in Limine* to Exclude Any After-Acquired Evid. Defense ("Defs.' Resp."), ECF No. 295; Defs.' Resp. in Opp'n to Pl.'s Mot. in Limine to Preclude Defs.' Expert Witnesses ("Defs.' Opp'n"), ECF No. 297 at 2. Plaintiff has reiterated many of her same arguments in two recently filed motions. First, Plaintiff has filed a motion *in limine* in which she once again asks the Court to prevent Defendants from presenting evidence supporting the failure to mitigate or the after-acquired evidence defenses.[1]

---

[1] For example, Plaintiff acknowledges that her arguments relating to Defendants' experts have already been taken under advisement by the Court, but she "files this motion to preserve her objection"

1

*See* Pl.'s Motion *in Limine* to Preclude Evid. of Affirmative Defenses That Defs. Have Waived and Expressly Disavowed ("Pl.'s MIL"), ECF No. 342. In this motion, Plaintiff also contends that the content of her reopened deposition cannot be considered by the Court and should be excluded. *Id.* at 9-12. Yet as Defendants have stated, the Court may consider Plaintiff's conduct in fashioning any award of front pain in lieu of reinstatement, and the topics addressed during Plaintiff's reopened deposition are plainly relevant to whether Plaintiff would be eligible for reinstatement at the FDO. Second, Plaintiff has filed a motion for judgment on the pleadings on defenses which the parties agree are not at issue in this case. *See* Pl.'s Mot. for J. on the Pleadings ("Pl.'s MJP"), ECF No. 341. Because neither motion has merit, the Court should deny these motions.

## BACKGROUND

At the end of the discovery period, Plaintiff acknowledged that she made over a dozen secret recordings of her colleagues at the Federal Defender's Office for the Western District of North Carolina ("FDO") and of officials at the Fourth Circuit Court of Appeals, including a federal judge.[2] She acknowledged that she retained those recordings as well as materials containing privileged client information without authorization to do so. *See* ECF No. 254-2, ECF No. 245-25, Ex. A. Then, during her April 25, 2023 deposition, Plaintiff ███████████████████████████████ ███████████████████████████████[3] *See* ECF No. 336. Acknowledging the relevance of this information, the Court ordered that Defendants could reopen Plaintiff's deposition to ask additional

---

because "[t]he Court's ruling continues the uncertainty regarding whether the Court will allow Defendants to present affirmative defenses at trial that were waived and denied as untimely." Pl.'s MIL at 14.

[2] *See* ECF No. 254-2 at 4, Row 4.

[3] Defendants are filing this Consolidated Opposition with redactions because Plaintiff still maintains that aspects of her deposition testimony referenced herein are privileged and confidential. Defendants do not believe there is a basis to seal this information and have challenged Plaintiff's confidentiality designations to her deposition testimony and reopened deposition testimony. *See* ECF Nos. 299, 324. If the Court agrees that Plaintiff's testimony is not confidential, Defendants will request leave to file an unredacted copy of this Consolidated Opposition.

2

questions about it. *See* Order, ECF No. 233 at 2. At that reopened deposition on October 12, 2023, Plaintiff ████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████ *See* ECF No. 336.

Additionally, despite graduating with honors from Duke University School of Law and clerking for multiple federal judges, Plaintiff argues that she will never find employment comparable to her former position at the FDO. Defs.' Opp'n at 1. To help aid the Court in determining an equitable front pay award, should the Court decide such an award is appropriate, Defendants retained experts to assess Plaintiff's employability and earnings capacity. *Id.* at 4-5.

Plaintiff's argument that this evidence cannot be presented at trial is just the latest iteration of a dispute that has been presented and litigated before this Court for over six months. On June 1, 2023, for example, the parties filed motions for summary judgment. ECF Nos. 245, 248. In moving for summary judgment, Defendants argued that Plaintiff has no available remedy, contending (*inter alia*) that front pay in lieu of reinstatement was inequitable because Plaintiff retained "over a dozen secret recordings of colleagues while at the FDO" which contained privileged information. Defs.' MSJ at 12-14. Plaintiff opposed, asserting Defendants failed to plead the elements of the after-acquired evidence defense. Pl.'s Opp'n to Defs.' Mot. for Summ. J., ECF No. 250 at 10-11. And Defendants' reply explained that Defendants were not invoking the after-acquired evidence defense, but rather, arguing "it would not be equitable to award [front pay in lieu of reinstatement] because Plaintiff's own course of conduct was inconsistent with the obligations of an FDO employee." Defs.' Reply at 23.

Then, on July 25, 2023, the parties submitted a Joint Pretrial Filing, which provided a summary of the issues of law and fact for trial. *See* Joint Pretrial Filing, ECF No. 259, at 1. Within that document, Defendants listed as an issue of law, "[w]hether Ms. Strickland's conduct renders an award of reinstatement or front pay in lieu of reinstatement inequitable." *Id.* at 99.

3

Afterwards, on October 2, 2023, Plaintiff filed a motion *in limine* to preclude any after-acquired evidence defense at trial. Pl.'s Mot. *in Limine* to Preclude Any After-Acquired Evid. Defense ("Pl.'s MIL to Preclude"), ECF No. 282, at 1. She asserted that Defendants failed to plead the after-acquired evidence defense, and even if the Court considered that defense, she maintained that it could not succeed. *Id.* Defendants' response reiterated that Defendants were not raising the after-acquired evidence defense, but instead that the "Court can and should factor in Plaintiff's conduct when exercising its discretion to determine whether it would be equitable to award Plaintiff front pay in lieu of reinstatement, including the amount of front pay Plaintiff has requested." Defs.' Resp. at 1. Defendants maintained that Plaintiff's conduct was a relevant consideration for the Court because Plaintiff has alleged constitutional violations, and any relief must be equitable in nature. *Id.* at 3-5. And Defendants reasserted that Plaintiff's retention of privileged client information after she left the FDO should be a factor in any award of front pay as a matter of equity. *Id.* at 5-9. Defendants also noted that Plaintiff's motion did not address, or seek to exclude, the subject of Plaintiff's reopened deposition. *Id.* at 9. Nevertheless, Defendants argued that the subject of this deposition would provide an additional basis to bar or limit front pay, and that Defendants would address any contrary arguments if and when Plaintiff raised them in a subsequent motion *in limine*. *Id.* at 9-10. Ultimately, at the November 16, 2023 further final pretrial conference, the Court took this motion under advisement.

Similarly, on October 2, 2023, Plaintiff filed a Motion *in Limine* to Preclude Defendants' Expert Witnesses and To Strike Defendants' Expert Witnesses from Defendants' Trial Witness List. ECF No. 285 at 1. There, Plaintiff argued that Defendants' experts should be precluded because Defendants had not pled the affirmative defense of failure to mitigate. *See id.* at 2-6. Defendants' opposition echoed their previous response that the remedy that Plaintiff seeks is equitable in nature, and the testimony of Defendants' experts would aid the Court in analyzing relevant equitable factors,

4

including "whether Plaintiff can find comparable employment, how long it would take for Plaintiff to do so, and whether Plaintiff would be able to offset any loss of earnings in the future." Defs.' Opp'n at 2, *see also id.* at 3-8. At the November 16, 2023 further final pretrial conference, the Court also took this motion under advisement, although the Court stated that it would not strike any witnesses.

Finally, on November 21, 2023, Plaintiff filed the present motion *in limine* and motion for judgment on the pleadings. Pl.'s MJP at 1; Pl.'s MIL at 1. For the reasons set forth below, the Court should reject her requests.

## ARGUMENT

The Court should deny Plaintiff's Motion *in Limine*, ECF No. 342, and Motion for Judgment on the Pleadings, ECF No. 341. Plaintiff fails to demonstrate that evidence of her conduct is inadmissible. Evidentiary decisions are left to the district court's "broad discretion," *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012), but a "motion *in limine* to exclude evidence should be granted only when the evidence is clearly inadmissible on all potential grounds," *Silicon Knights, Inc. v. Epic Games, Inc.*, 2011 WL 5439156, at *1 (E.D.N.C. Nov. 8, 2011). Evidence about Plaintiff's ability to find other future employment in which she earns equal to or more than what she earned at the FDO is relevant to any calculation of her lost earnings. And Plaintiff's course of conduct is relevant to determining her employability and, more specifically, in assessing the cause of her lost earnings. *See Hunter v. Town of Mocksville*, 897 F.3d 538, 563 (4th Cir. 2018) (noting that a court may consider the "likelihood that plaintiff's employment would have continued absent the discrimination" in fashioning an award of front pay). Regardless of whether Defendants' Amended Answer contains affirmative defenses, the Court may consider Plaintiff's conduct in exercising its "wide discretionary authority in formulating remedies for constitutional violations," if it becomes necessary. *See Smith*, 813 F.2d at 1301. Because such evidence is not "clearly inadmissible on all potential grounds," the Court

5

should deny Plaintiff's motion. *See Silicon Knights, Inc.*, 2011 WL 5439156, at *1.

Plaintiff's motion for judgment on the pleadings also does not hold water. Defendants' Amended Answer does not contain any affirmative defenses. As such, the Court cannot conclude that such non-existent defenses fail to provide a basis for relief. *See United States v. Google, LLC*, ---F. Supp. 3d ---, No. 1:23-cv-108, 2023 WL 6119965, at *3 (E.D. Va. Sept. 18, 2023) (noting that a court can award a judgment on the pleadings "only when the pleadings, construing the facts in the light most favorable to the non-moving party . . . fail to state any cognizable claim for relief"). For these reasons, which are set forth in greater detail below, Plaintiff's motions should be denied.

I. **The Court Should Deny Plaintiff's Motion *in Limine* Because Plaintiff's Conduct is a Relevant Factor in the Court's Exercise of Discretion in Fashioning Equitable Remedies.**

Plaintiff's Motion *in Limine* presents a litany of arguments, none of which have merit. First, she asserts that Defendants have failed to plead affirmative defenses, and the Court may not amend its pretrial order to allow Defendants to bring such defenses. Pl.'s MIL at 1-4. Second, she argues that Defendants failed to plead "with particularity" facts to support these defenses and laments that she has not had the opportunity to "test the plausibility of the asserted defense." *Id.* at 4-5. Third, she contends that Defendants were required to plead affirmative defenses in the litigation, including the after-acquired evidence defense, the defense of failure to mitigate, and "any other affirmative defenses [Defendants] may seek to raise." *Id.* at 6-14. In these arguments, she specifically asserts that the subject of her reopened deposition cannot be considered. *Id.* at 9-11. And fourth, she asserts that the term equitable means only "that the claim is decided by a court rather than a jury" and that the Court cannot consider Plaintiff's conduct unless it is through affirmative defenses. *Id.* at 15-17.

Most of Plaintiff's arguments are inappropriate because they were already raised in previous motions *in limine* which the Court has taken under advisement. Defendants incorporate by reference

6

their previous arguments relating to the issues raised again in the current motion, [4] and in addition offer three points in opposition: (1) the Court has the authority and discretion to consider Plaintiff's conduct, (2) the subject of Plaintiff's reopened deposition is relevant for the Court to consider, and (3) Defendants have no intent to "sandbag" Plaintiff at trial.

### A. The Court has "broad discretion" to fashion remedies for constitutional violations and may consider Plaintiff's conduct.

Defendants' Amended Answer does not contain affirmative defenses. Nevertheless, Plaintiff contends that the Court cannot consider any evidence that *could* support an affirmative defense. *See* Pl.'s MIL at 15-17. She argues that an equitable claim is one that "is decided by a court rather than a jury," *id.* at 15, and she asserts "the distinction that Defendants attempt to draw between 'statutory' and 'equitable' claims . . . is incorrect." *Id.* at 16. These arguments do not pass muster.

Equity is the "body of principles constituting what is fair and right[.]" *Equity*, Black's L. Dictionary (11th ed. 2019); *see also Equitable*, Black's L. Dictionary (11th ed. 2019) (defining equitable as "[j]ust; consistent with the principles of justice and right"); *Suit In Equity*, The L. Dictionary, *available at* https://perma.cc/2GV5-6VFM ("[A] lawsuit that will be determined according to the judgement of the court as to what is fair and equitable."). A court sitting in equity is afforded "discretion, restraint and balance . . . in considering the variations of application" of equitable relief. *Duke v. Uniroyal Inc*, 928 F.2d 1413, 1424 (4th Cir. 1991). This considerable discretion underscores that equitable claims are not—as Plaintiff suggests—merely claims that are "decided by a court rather than a jury." Pl.'s MIL at 15. Rather, if Plaintiff proves her case, the Court can (and should) use its discretion to consider Plaintiff's conduct in fashioning an award that is "fair and right" under the circumstances. *See Equity*,

---

[4] *See* Defs.' Mot. for Summ. J., ECF No. 245; Defs.' Reply in Supp. of Their Mot. for Summ. J., ECF No. 254; Joint Pretrial Filing, ECF No. 259; Defs.' Resp. in Opp'n to Pl.'s *Mot. in Limine* to Exclude Any After-Acquired Evid. Defense, ECF No. 295; Defs.' Resp. in Opp'n to Pl.'s Mot. *in Limine* to Preclude Defs.' Expert Witnesses, ECF No. 297.

Black's L. Dictionary (11th ed. 2019); *Smith*, 813 F.2d at 1301. This is particularly appropriate here where Plaintiff's own course of conduct may be a cause of her lost earnings.

Plaintiff also contends that "front pay is an equitable claim regardless of whether it arises under a statute or the Constitution," and thus, Defendants were required to plead affirmative defenses for the Court to consider her conduct. Pl.'s MIL at 16. But whether a claim arises under statute or the Constitution, the presence or absence of affirmative defenses does not limit the Court's considerable discretion to in determining the scope of appropriate equitable relief. Indeed, without discussing affirmative defenses, the Fourth Circuit recognized that a district court, in its discretion, "must consider a host of factors" when evaluating whether "front pay is to be made available to a plaintiff under the ADEA." *Duke*, 928 F.2d at 1424. In fact, even for a statutory claim, the Court acknowledged that there is an "infinite variety of factual circumstances" that may be considered in an award of front pay. *Id.* This "infinite variety of factual circumstances" need not be affirmatively pled. *See id.* (failing to discuss a pleading requirement). This is even more pronounced in the context of constitutional claims, where the Fourth Circuit has held that district courts have substantial discretion to determine the scope of appropriate relief for constitutional violations. *Smith*, 813 F.2d at 1301 (finding no abuse of discretion in the district court's order requiring North Carolina to establish a legal assistance program after concluding that the state was not meeting is constitutional obligation of providing incarcerated persons access to the courts). As Defendants previously argued, cases involving statutory claims are inapt because, in those cases, damages are often available as a matter of course and affirmative defenses act as an absolute bar to such relief. Defs.' Resp. at 4-5. But even in cases involving statutory claims, the Fourth Circuit has emphasized the importance of considering a wide variety of factors in "shaping the appropriate remedy." *Duke*, 928 F.2d at 1424.

In essence, by offering evidence of Plaintiff's own conduct, Defendants will illustrate a complete picture of this case. Admitting such evidence enables the Court to exercise its "discretion,

restraint and balance," *id.*, to fashion any front pay award, which is fair, just, and right, *see Equity*, Black's L. Dictionary (11th ed. 2019); *Equitable*, Black's L. Dictionary (11th Ed. 2019). The Court should reject Plaintiff's attempts to tell an incomplete story.

 **B. The subject of Plaintiff's recently reopened deposition is a consideration relevant to any award of front pay.**

 In light of these principles, the Court may clearly consider the subject of Plaintiff's reopened deposition. Plaintiff contends that, because Defendants acknowledged that they did not "accuse" Plaintiff of wrongdoing, they "lack any particularized evidence of wrongdoing based on Plaintiff's deposition testimony and that any allegations they could make are based on unsupported speculation." Pl.'s MIL at 10-11. She also asserts that this conduct is "unrelated to the employee's relationship with the employer" and may not be used to support the after-acquired evidence defense. *Id.* at 11-12. Neither argument warrants the relief that Plaintiff seeks.

 The question of whether Defendants have "accused" Plaintiff of wrongdoing (which the record reflects they clearly have not) is wholly irrelevant to the issue of whether the Court should consider her conduct in fashioning any award of equitable relief. Plaintiff overlooks ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* ECF No. 219-1, Ex. A at 134:4-6. In asking follow-up questions, Defendants did not "accuse" Plaintiff of wrongdoing, but rather, asked for factual details relating to Plaintiff's ▓▓▓▓▓▓▓▓▓ Plaintiff now asserts that Defendants' evidence of her actions rests upon unsupported speculation. But her argument ignores ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

 Confusingly, Plaintiff also argues the law of the case doctrine bars Defendants from introducing evidence regarding Plaintiff's reopened deposition because the Court denied Plaintiff's

9

Motion for Sanctions. Pl.'s MIL at 11. But the Court's conclusion that Defendants' counsel did not engage in sanctionable conduct does not absolve Plaintiff of the consequences of ▮▮▮▮▮▮▮ Plaintiff asserts that "[a]ccording to the law of the case doctrine and judicial estoppel, Defendants must be held to the arguments that they advocated to this Court and benefitted from in obtaining a favorable ruling." *Id.* Even if the Court found that Defendants' counsel did not *accuse* Plaintiff of engaging in wrongdoing in denying her motion for sanctions, that finding would not mandate the conclusion that Plaintiff never *engaged* in misconduct.[5] And regardless of whether such conduct amounts to "wrongdoing," the Court may still consider the subject of and testimony in Plaintiff's reopened deposition in exercising its broad discretion to fashion any remedies. *See Smith*, 813 F.2d at 1301. As just one example, Plaintiff's conduct is plainly relevant to her future employability and her claim of lost earnings.

Plaintiff also asserts that "it is questionable" whether conduct that occurred after she voluntarily left the FDO may support the after-acquired evidence defense. Pl.'s MIL at 11-12. Because Defendants are not asserting the after-acquired evidence defense, her argument is of no moment. Rather, Plaintiff's pre- and post-employment conduct is among the "infinite variety of factual circumstances" that the Court may consider in fashioning equitable remedies. *See Duke*, 928 F.2d at 1424. Plaintiff's arguments fail to demonstrate that evidence of her reopened deposition cannot be considered by the Court for any purpose, and as such, the Court should deny her motion. *Silicon Knights, Inc.*, 2011 WL 5439156, at *1

---

[5] And in any event, the Supreme Court has recognized that the law of the case doctrine "simply expresses common judicial practice," but "does not limit the courts' power." *Castro v. United States*, 540 U.S. 375, 384 (2003) (internal quotation marks and citation omitted).

### C. Defendants do not intend to "sandbag" Plaintiff at trial.

Plaintiff's motion also reflects a fear that Defendants intend to "sandbag" her by belatedly asserting affirmative defenses at trial. Pl.'s MIL at 3, 8, 9, 14. This fear is misplaced. Defendants are not attempting to "sandbag" Plaintiff, and Plaintiff has adequate notice that Defendants will not be asserting any affirmative defenses at trial. Defs.' Reply at 29 (asserting that Defendants were not seeking to satisfy the elements of the after-acquired evidence defense); Defs.' Resp. at 1 ("Defendants are not raising an after-acquired evidence affirmative defense"); Defs.' Opp'n at 3 (explaining that Defendants' experts were not offering testimony in support of the affirmative defense of failure to mitigate).

If necessary, however, Defendants will seek to submit evidence relevant to this Court's determination of any front pay award owed to Plaintiff. This is a position Defendants have repeatedly made clear. Because a district court's authority to award and fashion equitable relief is "necessarily broad," *Porter v. Clarke*, 923 F.3d 348, 364 (4th Cir. 2019), *as amended* (May 6, 2019) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)), the Court can—and should—consider Plaintiff's conduct in fashioning any award of front pay in lieu of reinstatement. Such relevant evidence includes Plaintiff's retention of over a dozen of secret recordings of her co-workers and privileged client information, her ability to find comparable employment and offset any loss of earnings, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In seeking to admit evidence of Plaintiff's behavior, Defendants are not surprising or "sandbagging" her. In fact, Plaintiff is perfectly aware of her own conduct. And, as reflected in the flurry of motions relating to this issue, Plaintiff has been on notice of the contour of Defendants' arguments for over six months. *See* Defs.' MSJ at 12-13 ("Because Plaintiff is ineligible for reinstatement due to her own conduct, it would be inequitable to award her front pay here."); Defs.' Reply at 23 (arguing that "it would not be equitable to award such relief here because Plaintiff's own course of conduct was inconsistent with the

11

obligations of an FDO employee"); Joint Pretrial Filing, ECF No. 259 at 99 (listing as an issue of law '[w]hether Ms. Strickland's conduct renders an award of reinstatement or front pay in lieu of reinstatement inequitable"); Defs.' Resp. at 1("[T]he Court can and should factor in Plaintiff's conduct when exercising its discretion to determine whether it would be equitable to award Plaintiff front pay in lieu of reinstatement, including the amount of front pay Plaintiff has requested"); *id.* at 2- 13; Defs.' Opp'n at 2 (asserting that "equitable relief requires that the Court weigh a number of factors, including whether Plaintiff can find comparable employment, how long it would take for Plaintiff to do so, and whether Plaintiff would be able to offset any loss of earnings in the future"). In sum, none of Plaintiff's arguments establish that this evidence is "clearly inadmissible on all potential grounds." *Silicon Knights, Inc.*, 2011 WL 5439156, at *1. Her motion *in limine* should be denied.

## II. Plaintiff's Motion for Judgment on the Pleadings is Inappropriate Because Defendants' Amended Answer Does Not Contain Any Affirmative Defenses.

Plaintiff has separately moved for judgment on the pleadings with respect to any affirmative defenses. Such a motion is inappropriate given the posture of this case. Federal Rule of Civil Procedure 12(c) provides, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court may grant a motion for judgment on the pleadings "only when the pleadings, construing the facts in the light most favorable to the non-moving party, (1) fail to state any cognizable claim for relief; and (2) the matter can be decided as a matter of law." *Google, LLC*, ---F. Supp. 3d ---, 2023 WL 6119965, at *3 (citing *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 329 (4th Cir. 1997)).

The parties agree that Defendants' Amended Answer does not contain any affirmative defenses. As there are no defenses pled, the Court cannot conclude that these non-existent defenses fail to provide a basis for relief.[6] *See Google, LLC*, 2023 WL 6119965, at *3 (observing that a motion for judgment on the pleadings can only be granted where "the pleadings . . . fail to state any cognizable

---

[6] Defendants are not aware of any case, nor has Plaintiff cited any, in which a court has awarded judgment for non-pled defenses.

12

claim for relief"). A motion for judgment on the pleadings is an inappropriate vehicle for defenses that are neither pleaded nor at issue in this case, and accordingly, Plaintiff's motion should be denied.

Plaintiff also claims that, even if Defendants had raised affirmative defenses, Plaintiff would nevertheless be entitled to judgment on the pleadings because Defendants "have failed to plead sufficient facts to meet the *Iqbal/Twombly* standard for the pleading of affirmative defenses." Pl.'s MJP at 1, 5; *see also* Pl.'s MIL at 4-5. She asserts that the Court has "implicitly adopted the *Iqbal/Twombly* standard" for affirmative defenses (an open question in this Circuit),[7] and that Defendants have not pled "with particularity any facts that would plausibly support such defenses." Pls.' MJP at 5; *see also* Pl.'s MIL at 4-5. The Court need not delve into these arguments. Because Defendants' Amended Answer does not contain affirmative defenses, it is immaterial what pleading standard applies, and whether that pleading standard was met.

Finally, Plaintiff again frets that "Defendants' intent is to sandbag Plaintiff at trial by asserting affirmative defenses that they have not pled and expressly disavowed pre-trial[.]" Pls.' MJP at 4. As explained, *see supra* pp. 11-12, Defendants have no intent to "sandbag" Plaintiff at trial. Rather, Defendants will introduce evidence that the Court may consider in exercising its discretion to fashion any award of front pay in lieu of reinstatement. This is a position Defendants have consistently taken for six months and for which Plaintiff has been on notice. *See* Defs.' MSJ at 12-13; Defs.' Reply at 23; Joint Pretrial Filing, ECF No. 259 at 99; Defs.' Resp. at 1-13; Defs.' Opp'n at 2. Plaintiff's argument does not present any basis for the Court to award a judgment on the pleadings for non-pled defenses.

At bottom, Defendants' Amended Answer does not contain any affirmative defenses. As such, the Court cannot grant a judgment on the pleadings for any such defenses. Plaintiff's motion should be denied.

---

[7] *Compare Twitty v. United Collection Bureau, Inc.*, No. 0:23-4559-SAL-SVH, 2023 WL 8242430, at (D.S.C. Nov. 28, 2023) ("The undersigned finds . . . that affirmative defenses are not subject to the pleading standard announced in *Twombly* and *Iqbal*."); *with Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 336 (D. Md. 2012) (concluding that "affirmative defenses are subject to the pleading requirements articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

13

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Judgment on The Pleadings, ECF No. 341 and her Motion *in Limine* to Preclude Evidence of Affirmative Defenses, ECF No. 342.

Dated: December 5, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

*/s/ Dorothy Canevari*
DOROTHY CANEVARI
(NY Bar No. 5989694)
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11507
Washington, DC 20001
Tel.: (202) 616-8040
Email: dorothy.m.canevari@usdoj.gov

*Counsel for Defendants*