IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S "MOTION TO SEAL ECF NO. 344 AND RESPONSE TO DEFENDANTS' MOTION TO SEAL (ECF NO. 331)," ECF NO. 345**

On November 24, 2023, Plaintiff filed a consolidated Motion to Seal and Response to Defendants' Motion to Seal an unredacted copy of their motion *in limine* (ECF No. 331). Pl.'s Mot. to Seal ECF No. 344 & Resp. to Defs.' Mot. to Seal (ECF No. 331) ("Pl.'s Mot."), ECF No. 345, at 1. As to Plaintiff's Motion to Seal ECF No. 344, Defendants understand that the information Plaintiff seeks to file under seal relates to Employment Dispute Resolution ("EDR") claims brought by individuals other than Plaintiff. Defendants do not oppose Plaintiff's Motion to Seal.[1]

As to Plaintiff's response to Defendants' motion to seal (ECF No. 331), Plaintiff states that she does not oppose sealing information relating to the EDR claims of other employees,[2] but opposes

---

[1] In this motion, Plaintiff incorrectly states that the Court accepted her exhibit containing the EDR claims of other employees as "relevant MeToo evidence that it will not exclude pre-trial." Pl.'s Mot. at 3 ("[T]his Court denied Defendants' motion *in limine* and stated that it accepted that the MeToo evidence is, in fact, relevant MeToo evidence that it will not exclude pre-trial. Accordingly, Plaintiff will demonstrate the relevancy of the MeToo evidence at trial."). The Court did not hold this—it concluded that *if* Plaintiff proffered Me Too evidence at trial, the Court would then determine whether the complainant was similarly situated to Plaintiff.

[2] Plaintiff also contends that she does not object to the sealing of this information because the other complainants risk retaliation. Pl.'s Mot. at 5. As Defendants explained in their Reply in Support if Their Motion *in Limine*, such a claim is baseless. ECF No. 351 at 11-12.

1

Defendants' decision not to include an entire copy of her Me Too evidence as an exhibit to Defendants' motion *in limine*. *Id.* at 4-5. Defendants did not include a copy of Plaintiff's entire exhibit because it is listed on the docket and Plaintiff has already filed an unopposed motion to seal it. *See e.g.*, Pl.'s Mot. to Seal, ECF No. 244, at 1. If the Court is inclined to evaluate Plaintiff's Me Too evidence by allowing her to file an unredacted copy of her exhibit under seal, the Court should similarly grant Defendants' request to file an unredacted copy of their motion *in limine* under seal.

Dated: December 5, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

*/s/ Dorothy Canevari*
DOROTHY CANEVARI
(NY Bar No. 5989694)
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11507
Washington, DC 20001
Tel.: (202) 616-8040
Email: dorothy.m.canevari@usdoj.gov

*Counsel for Defendants*