# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT DR. GARY ALBRECHT AND IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

# INTRODUCTION

Dr. Gary Albrecht is an economist whom Plaintiff has retained to support her request for front pay damages—totaling over $3 million—through the date of her predicted life expectancy. As Defendants explained in their motion in limine, *see* Defs.' Mot. *in Limine* to Exclude the Testimony of Pl.'s Expert Dr. Gary Albrecht, ECF No. 334 ("Defs.' Mot."), Plaintiff seeks to have Dr. Albrecht avoid the rigors of in-person cross examination by designating his deposition testimony, accompanying exhibits, and prior declarations. But as this Court has correctly suggested, these materials should be excluded because they are hearsay. Plaintiff may not claim that her own expert witness is "unavailable" under Rule 32(a)(4)(B) or Federal Rule of Evidence 804 simply because she has chosen an expert who lives more than 100 miles away from the courthouse. Nothing in Plaintiff's opposition should persuade this Court to reach a different result. Accordingly, the Court should exclude these materials as inadmissible hearsay.[1] Further, the Court should deny Plaintiff's motion to strike Defendants' motion in limine, which was timely filed.

# ARGUMENT

**I.  Dr. Albrecht's Deposition Testimony, Accompanying Exhibits, and Prior Declarations Are Not Admissible Under Federal Rule of Civil Procedure 32(a)(4)(B) or Federal Rule of Evidence 804.**

Plaintiff does not meaningfully dispute that Dr. Albrecht's deposition testimony, accompanying exhibits, and prior declarations are hearsay that do not fall within any exception, including those in Federal Rule of Evidence 804. *See* Pl.'s Resp. in Opp'n to Defs.' Motion in Limine to Preclude Pl.'s Dep. Designations of Lost Earnings Expert Gary Albrecht at 2-7, ECF No. 350 ("Pl.'s Opp'n"). And as the Court indicated at the November 16, 2023 further pretrial conference, typically such out-of-court statements are not admissible in lieu of live testimony. Nonetheless,

---

[1] This reply does not address Part I of Defendants' *motion in limine*, which addressed the speculative nature of Dr. Albrecht's opinion, because Defendants' understanding is that the Court denied that part of the motion at the pretrial conference.

1

Plaintiff contends that she is entitled to designate Dr. Albrecht's deposition transcript because he is "unavailable" under Rule 32(a)(4)(B). Plaintiff does not contest that she has not made any effort to secure Dr. Albrecht's presence at trial—indeed, she contends that she is not required to make any such effort. In Plaintiff's view, Dr. Albrecht is "unavailable" for the sole reason that he resides outside the Court's 100-mile subpoena power. Not so.

Courts have repeatedly held that, "given the proponent's latitude in selecting experts and the rules' general preference for live testimony, judges have discretion to exclude depositions of expert witnesses where the party proponent has selected a distant expert and has not made reasonable efforts to assure the expert's presence at trial." *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, 2000 WL 135129, at *3 (D. Del. Jan. 13, 2000); *see also id.* at *3 n.26 (collecting cases). Plaintiff incorrectly asserts that Defendants have not cited a single case where the court excluded the deposition testimony of an expert whose deposition was taken by the opposing party. Defendants identified numerous cases holding as much. *See, e.g.*, *Id.* at *4; *In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colo., on Nov. 15, 1987*, 720 F. Supp. 1493, 1502 (D. Colo. 1989); *Caron v. Gen. Motors Corp.*, 37 Mass. App. Ct. 744, 747 (1994) (applying Massachusetts Rule of Civil Procedure 32(a)(3)(B), which is nearly identical to Federal Rule 32(a)(4)(B)). These cases clearly establish that, "given the latitude of choice in selecting experts and the general preference of the rules for testimony by live witnesses rather than depositions," the Court has the "discretion to exclude the deposition of an expert witness where the judge is not satisfied that the party proponent has made a reasonable effort to secure the expert's presence at the trial." *Caron*, 37 Mass. App. Ct. at 750.

Plaintiff merely cites to a single magistrate judge decision, *Nichols v. American Risk Management*, 2000 WL 97282, (S.D.N.Y. Jan. 28, 2000), to support her theory that her own chosen expert is "unavailable" simply because she does not want to call the expert as a witness at trial and because the expert resides more than 100 miles away. But *Nichols* involved a far different situation. There, the

2

plaintiff sought to offer the deposition testimony of an expert who had been retained by co-defendants who settled with the plaintiff and were no longer parties in the case. *Id.* at *1. The Court acknowledged that "[t]he particular situation here—a party wishing to use a settling opposing party's expert's deposition against the remaining opposing party—is sui generis," and accordingly, "the Court's Opinion should not be read for the proposition that use of an expert's deposition testimony will be permitted at trial in every case where an expert deponent is unavailable." *Id.* at *2. By contrast, Plaintiff seeks to avoid calling her *own* expert at trial and to deny Defendants the opportunity to cross-examine him live. Plaintiff also relies on *Savoie v. Lafourche Boat Rentals, Inc.*, in which the Fifth Circuit held that the trial court did not improperly admit the deposition testimony of an expert witness when the parties stipulated that the deponent was out of the country. 627 F.2d 722, 724 (5th Cir. 1980). Here, though, not only have the parties not agreed to a stipulation regarding Dr. Albrecht's availability, but Plaintiff has made no showing that Dr. Albrecht is out of the country and would not be available to testify if asked by Plaintiff.

Although Plaintiff tries to distinguish *Carter-Wallace, Inc. v. Otte,* 474 F.2d 529 (2d Cir. 1972), on the basis that it involved deposition testimony from a separate action, the same principles discussed by the Second Circuit in that case apply equally here. The Second Circuit explained that, "unlike the typical witness whose involvement with the case may depend on the fortuity of his observing a particular event and whose presence at trial is often involuntary, a party ordinarily has the opportunity to choose the expert witness whose testimony he desires and invariably arranges for his presence privately, by mutual agreement, and for a fee." *Id.* at 536. Plaintiff claims that she has not "procured the unavailability" of Dr. Albrecht because she has not taken active steps to prevent him from testifying live. Pl.'s Opp'n at 5-6. But *Carter-Wallace* considered and rejected a similar argument:

> Although a requirement of an attempt to secure the voluntary attendance of a witness who lives beyond the subpoena power of the court is not ordinarily imposed before prior testimony can be used in civil litigation . . . we think that such a requirement is

3

> particularly appropriate when dealing with the testimony of expert witnesses whose earlier attendance is almost invariably secured by such voluntary arrangements.

474 F.2d at 536 (citations omitted). These same considerations apply to scenarios in which a plaintiff seeks to introduce the deposition testimony of an expert witness that she hired, even if that deposition testimony occurred in the same case. *See Caron*, 37 Mass. App. Ct. at 750-51 (applying *Carter-Wallace*). Further, Plaintiff primarily relies on *Kyeame v. Buchheit* to establish that she has not "procured" the unavailability of Dr. Albrecht, but *Kyeame* is distinguishable. *Kyeame* involved a witness who was "not only an expert witness, but also a fact witness." 2011 WL 4949220, at *2 (M.D. Pa. Oct. 18, 2011). Indeed, *Kyeame* relied on *Carter-Wallace* in reasoning that, because the witness was "more akin to a 'witness whose involvement with the case may depend on the fortuity of his observing a particular event' than the expert witness who 'has no knowledge of the facts of the case,'" it would not "impose the requirement that Plaintiff seek to secure the attendance of a witness who is beyond the subpoena power of the Court." *Id.* (citing *Carter-Wallace*, 474 F.2d at 536). Dr. Albrecht is not a fact witness—Plaintiff seeks to introduce him as an expert witness, and as such, it is appropriate to for Plaintiff to secure his attendance at trial. Like the court did in *Kyeame*, this Court should follow *Carter-Wallace* and prevent Plaintiff from relying solely on Dr. Albrecht's deposition testimony without calling him at trial.

Plaintiff next insists that Dr. Albrecht's deposition transcript should be admitted in lieu of live testimony because Defendants took Dr. Albrecht's deposition, but it is unclear how Defendants' deposition of an adverse witness has anything to do with whether that witness is "unavailable" under Rule 32(a)(4)(B). To the contrary, Defendants took Dr. Albrecht's deposition precisely *because* Plaintiff named him as an expert witness, further highlighting the fact that Plaintiff voluntarily selected Dr. Albrecht as an expert and "arrange[d] for his presence privately, by mutual agreement, and for a fee." *Carter-Wallace*, 474 F.2d at 536. Plaintiff also contends that, because Defendants deposed Dr. Albrecht and asked him fact-gathering questions, they have had sufficient opportunity to cross-examine him.

4

Pl.'s Opp'n at 4, 6-7. But a deposition is not the same thing as a cross-examination at trial, and Plaintiff continues to overlook the well-established principle that the "general preference of the federal rules, as expressed in F[ed]. R. Civ. P. 43(a), is for oral testimony so that there will be an opportunity for live cross-examination and observation of the demeanor of the witness." *Carter-Wallace*, 474 F.2d at 536.[2]

Plaintiff also complains that she should not be obligated to call Dr. Albrecht live because she "did not personally hire her experts for this litigation; rather, her prior trial counsel did, with the benefit of a litigation grant to which Plaintiff no longer has access." Pl.'s Opp'n at 6. As Defendants pointed out, regardless of who initially hired Dr. Albrecht, Plaintiff has claimed and seeks to continue to claim the benefit of Dr. Albrecht's expert testimony in this case. *See* Defs.' Mot. at 14. If Plaintiff no longer wishes to rely on Dr. Albrecht as an expert, she is free to withdraw her expert designation. Defendants should not be prevented from conducting an in-court cross examination of Dr. Albrecht simply because Plaintiff has lost her litigation grant in a case she has voluntarily continued to pursue.

Finally, Plaintiff contends that because Defendants were at one point willing to negotiate the admission of remedies experts' reports by agreement of the parties, this establishes that the Court "does not need plenary live testimony from expert witnesses to evaluate their conclusions in a bench trial." Pl.'s Opp'n at 7. While it is true that a Court may evaluate expert opinions without live testimony, it does not change the fact that under the Federal Rules, the Court may only do so with agreement of the parties or if a hearsay exception applies. As explained above, neither apply here. The Court should

---

[2] Plaintiff cites to *Fletcher v. Tomlinson*, 895 F.3d 1010 (8th Cir. 2018) to suggest that Defendants have had the opportunity to cross-examine Dr. Albrecht, but that case is inapposite. In *Fletcher*, the court had concluded that the expert was unavailable because he had obligations concerning his medical practices during the time of trial. Plaintiff has made no similar showing here.

5

thus exclude the admission of Dr. Albrecht's deposition testimony, accompanying exhibits, and prior declarations as inadmissible hearsay.[3]

## II. Defendants' Motion in Limine Is Timely.

Plaintiff has separately filed a motion to strike Defendants' motion in limine, claiming that Defendants' motion is untimely because it was not filed by September 25, 2023. Pl.'s Mot. to Strike Defs.' Mot. in Limine to Preclude Pl.'s Dep. Designation of Lost Earnings Expert Gary Albrecht at 4, ECF No. 349 ("Pl.'s Mot."). This argument has no merit, and Plaintiff's request to strike Defendants' motion in limine should be summarily denied.

At the July 27, 2023 Final Pretrial Conference, this Court ordered that the "deadline for pretrial motions, such as motions in limine[,]" was "up until the eve of trial." Tr. of Final Pretrial (July 27, 2023) at 20:21-24, ECF No. 262 ("Final Pretrial Tr."); *see also* July 27, 2023 Minute Order ("Any motions in limine may be filed up until the Friday prior to trial."). Trial is set to begin on December 11. Defendants filed their motion in limine to exclude Dr. Albrecht's testimony on November 15, 2023. The motion in limine was therefore filed well within the timeframe specified by the Court.

Plaintiff also disregards the Court's clear instructions that the parties must *agree* to designate deposition testimony for it to be submitted to the Court. In fact, at the July 27, 2023 Final Pretrial Conference, Plaintiff's counsel confirmed the requirement of agreement with this Court:

> MR. STRICKLAND: Yes. I want to touch on, um, you said we could submit expert reports by agreement. Can we do, um, expert deposition designations?
>
> THE COURT: Exactly, again by agreement.
>
> MR. STRICKLAND: Oh, so the designations require agreement as well?
>
> THE COURT: Yes, because the normal rule, you see, is that witnesses testify live. So unless you agree, the witness has to be produced and testify under oath. But here I am telling you

---

[3] Plaintiff does not appear to contest that Dr. Albrecht's prior declarations and the exhibits accompanying his deposition transcript are inadmissible hearsay. Thus, even if the Court were to admit the deposition testimony of Dr. Albrecht, the accompanying exhibits and his prior declarations are not admissible. *See* Defs.' Mot. at 15-19.

6

that if you'll agree, I am more than amenable, in fact I am eager to have you agree to deposition excerpts.

*See* Final Pretrial Tr. at 22:2-13. The Court had previously stated its requirement that the parties *agree* to admit deposition testimony. *See* Hr'g Tr. (July 10, 2023) at 29:16-18 (the Court explaining that it will "read depositions," "to the extent that [the parties] can agree" on it); July 27, 2023 Minute Order ("The Court will, with the agreement of the parties take experts by expert deposition without live testimony."). Defendants have not agreed, and do not now agree, to designate Dr. Albrecht's deposition testimony. And because his deposition testimony is hearsay and does not fall under Rule 32(a)(4), it should be excluded. *See* Defs.' Mot. at 15-19.

Nonetheless, Plaintiff maintains that Defendants failed to timely object to Plaintiff's designation of Dr. Albrecht's deposition. Plaintiff claims that the "deadline to serve objections passed on September 25." Pl.'s Mot. at 4. But it is unclear from Plaintiff's motion how she arrived at the conclusion that September 25 was the deadline for objections to Dr. Albrecht's deposition designation.

Plaintiff contends that her representation in the parties' July 25, 2023 Joint Pretrial Statement that she intended to designate Dr. Albrecht's deposition testimony amounted to a designation, *see id.* at 1, but this makes no sense because she did not designate any specific testimony at that time for Defendants to object to or make counter designations. In fact, at that point, Dr. Albrecht's deposition transcript had not even yet been completed by the court reporter, so it is unclear how Plaintiff could designate portions of a transcript that was not yet in existence. Plaintiff then claims that: "on September 19, 2023, the day after the stay ended, the Court entered a Minute Order memorializing its orders from the final pretrial conference, without setting any different deadline for serving objections." *Id.* at 4. Plaintiff is mistaken. Plaintiff appears to be quoting from a Minute Order dated

7

July 27, 2023 that references the pretrial hearing that occurred on that date.[4] The Court did not issue a minute order dated September 19, let alone one that set any deadlines in light of the expiration of the stay. This minute order thus does not provide any basis for Plaintiff's assertion that the deadline to object was September 25.

Although Plaintiff fails to mention it in her motion to strike, *see generally* Pl.'s Mot., ECF No. 349, Plaintiff did send Defendants a proposed designation of Dr. Albrecht's deposition testimony on August 28, 2023, *see* Ex. A at 1, ECF No. 338-1[5]—perhaps recognizing that her statement in the July 25 Pretrial Statement was not, in fact, a designation. The date of this proposed designation fell within the 45-day stay, which Plaintiff contends ended on September 18. Less than 14 days after the stay expired, on September 29, 2023, Defendants gave Plaintiff formal notice that they objected to the designation of Dr. Albrecht's deposition testimony. Resp. to Pl.'s Obj. to Defs.' Ex. List & Other Pretrial Statement Submissions 2-3, ECF No. 274. Accordingly, even if the 14-day deadline for objections in Federal Rule 26(a)(3)(B) applied, Defendants in fact noted their objections within that timeframe.

Moreover, Plaintiff has suffered no prejudice whatsoever. Defendants filed their motion in limine on November 15, well before the start of trial. *See* Defs.' Mot. Plaintiff filed a response to that motion and a separate motion to strike Defendants' motion. *See* ECF Nos. 349-50. And Plaintiff still has time to arrange for Dr. Albrecht to testify live at trial.

---

[4] The Minute Order in question is correctly dated July 27, 2023 on the Court's Docket, but it appears that it was not entered until September 19, 2023.
[5] Plaintiff included a copy of this designation in her motion to strike Defendants' motion in limine to exclude Ms. Thomas's expert testimony, but curiously failed to include a copy of this designation in her motion to strike Defendants' motion in limine to exclude Dr. Albrecht's expert testimony.

8

This Court should reject Plaintiff's latest attempt to distract from the merits of this case by incorrectly claiming that Defendants have not followed the deadlines set by this Court. Plaintiff's motion to strike should be denied.

## CONCLUSION

For the foregoing reasons, the Court should exclude Dr. Albrecht's deposition testimony, accompanying exhibits, and prior declarations as inadmissible hearsay and deny Plaintiff's motion to strike Defendants' motion in limine.

Dated: December 6, 2023

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

*/s/ Danielle Young*
DANIELLE YOUNG (TX Bar 24098649)
MADELINE MCMAHON
DOROTHY CANEVARI
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20001
Tel.: (202) 616-2035
Email: Danielle.young2@usdoj.gov

*Counsel for Defendants*