IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil No. 1:20-cv-00066-WGY |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## PLAINTIFF'S MOTION TO ADMIT HER TRIAL EXHIBITS AND DEPOSITION DESIGNATIONS AND TO ADOPT PLAINTIFF'S EXHIBIT LIST

Plaintiff respectfully moves to admit her trial exhibits and deposition designations and for the Court to adopt her exhibit list, filed at ECF No. 355-1 (numbered exhibits), 355-2 (lettered exhibits). Admitting Plaintiff's exhibits prior to trial would streamline this proceeding and serve the interests of judicial efficiency. In addition, this Court should adopt Plaintiff's exhibit list because Defendants did not timely object to Plaintiff's exhibits, and Plaintiff's exhibit list therefore accurately reflects the status of the parties' objections under Rule 26. Moreover, Defendants' exhibit list fails to include basic details regarding their exhibits, including dates or Bates numbers, and is confusing, prejudicial, and unhelpful to the parties or a factfinder.[1]

Prior to filing this motion, Plaintiff requested Defendants' position as required by Local Rule 7.1. Defendants stated that they oppose this motion.

---

[1] With this filing, Plaintiff has provided an updated exhibit list, which includes six exhibits that she is requesting to admit because the exhibits were either withdrawn by Defendants or did not include relevant context pursuant to Rule 106. *See* ECF Nos. 357, 358. Plaintiff has also mailed physical copies of these proposed exhibits to chambers. Apart from this update, the exhibit list is identical to her prior exhibit list. *See* ECF No. 355.

1

## LEGAL STANDARD

Federal Rule Civil Procedure 26 provides that any objections to a party's pretrial disclosures, including exhibits and deposition designations, may be served and promptly filed "within 14 days," or else are waived absent a showing of good cause. Fed. R. Civ. P. 26(a)(3)(B). The purpose of this requirement is to "significantly expedite the presentation of evidence at trial, as well as eliminate the need to have available witnesses to provide 'foundation' testimony for most items of documentary evidence." Fed. R. Civ. P. 26 Advisory Comm. Notes. Likewise, leading treatises recognize that "[r]eceiving exhibits into the record during the final pretrial conference can also save time by avoiding the need for formal offers at trial." 32 Moore's Federal Practice – Civil 11.6.

## ARGUMENT

**I.  Defendants have waived any objections to Plaintiff's exhibits and deposition designations, which should therefore be admitted without objection.**

This Court should admit Plaintiff's exhibits and deposition designations because Defendants failed timely to object to Plaintiff's designation of her exhibit and deposition designations in the parties' joint pretrial memorandum. ECF No. 259, at 109–116. Plaintiff has filed a motion to strike Defendants' untimely objections, which were filed months after the applicable deadline. *See* ECF No. 354. Plaintiff's motion explains in detail why Defendants' untimely objections must be stricken because Defendants failed to comply with the deadlines in Rule 26 or provide a showing of good cause for their failure to comply. ECF No. 361.

Additionally, Plaintiff's exhibit list filed on December 1, 2023 reflects that she has withdrawn all conditional objections to Defendants' use of her exhibits at trial. *See* ECF No. 355-1. Plaintiff objects that she should not be required to withdraw her conditional objections if Defendants use her exhibits for purposes not allowed by the Rules of Evidence. *Cf.* Fed. R. Civ.

2

P. 26, Advisory Comm. Notes ("The listing of a potential objection does not constitute the making of that objection or require the court to rule on the objection; rather, it preserves the right of the party to make the objection when and as appropriate during trial."). Nevertheless, to facilitate the admission of Plaintiff's exhibits, she has withdrawn her conditional objections. Because there are no valid objections to Plaintiff's exhibits or deposition designations from either party, the exhibits and designations should be admitted for substantive purposes at trial.

**II.     Even if Defendants' untimely objections are considered, they should not preclude admission of Plaintiff's exhibits.**

As Defendants have stated, evidence should be excluded prior to trial "only when the evidence is clearly inadmissible on all potential grounds." *Silicon Knights, Inc. v. Epic Games, Inc.*, 2011 WL 5439156, at *1 (E.D.N.C. Nov. 8, 2011). Here, even if Defendants' untimely objections are considered, those objections are lacking in merit.

   **A.     Many of Plaintiff's documentary exhibits, and all of her deposition designations, have no objections from either party.**

To begin with, it is worth underscoring that Plaintiff's case-in-chief primarily relies on a small number of documents which do not have objections from either party. Accordingly, these exhibits should be admitted. These exhibits include the following:

- Defendants' First Amended Answer (ECF No. 210)

- Plaintiff's Official EDR Grievance and Cover Email (ECF No. 248-2, Bates No. US500–07)

- Plaintiff's EDR Disqualification Request and Cover Email (ECF No. 248-2, Bates No. US597–98)

- Plaintiff's EDR Mediation Supplement and Exhibits (ECF No. 248-2, Bates No. US64–109)

- Final EDR Report and Exhibits of Investigator/Counselor and Cover Email (ECF No. 248-5, Bates No. US2293, 1244–1311)

- January 2019 Heather Beam (EDR Investigator/Counselor) Disqualification Email (ECF No. 248-14, Bates No. US1382–83)[2]

- EDR Coordinator Disciplinary Action Letter (Memorandum to Chief Judge) (ECF No. 248-5, Bates No. 7561–62)

- Final EDR Counseling Letter (Letter of Reprimand) (ECF No. 254-4, Bates No. US4264–67)

- March 2019 Heather Beam "True Pain" Email (ECF No. 248-15, Bates No. US4025–26)[3]

*See* ECF No. 354-1, ECF No. 355-1.

Moreover, Defendants have not objected to any of Plaintiff's deposition designations for her witnesses pursuant to Rule 32, including (1) Anthony Martinez, (2) Jill Langley, (3) Hon. Roger Gregory, (4) Ed Smith, (5) Nancy Dunham, (6), Heather Beam, and (7) James Ishida. ECF No. 259, at 116; ECF No. 354-3, at 2 (stating that Defendants "conditionally object to Plaintiff's designation of the deposition testimony" only if Plaintiff "calls any of these witnesses for her case in chief"). Accordingly, Plaintiff offers for this Court's consideration the testimony of seven witnesses in her case-in-chief, which should be admitted. These depositions were taken by Plaintiff's prior trial counsel, including Professor Jeannie Suk Gersen, Professor Jacob Gersen, and attorney Olivia Warren, and are more comprehensive and probative than any testimony Plaintiff and her remaining counsel could offer live following their withdrawal.

---

[2] Defendants objected only on the grounds of relevancy. The exhibit is relevant to Plaintiff's due process claim because it pertains to the fairness of her EDR proceeding, as recognized by this Court during the further final pretrial conference on November 16, 2023.

[3] Defendants objected only on the grounds of relevancy. The exhibit is relevant because it shows that the Investigator was biased against Plaintiff, having stated that she would be a "true pain in the you know what 😊" to the district's Clerk of Court, Frank Johns. The email also shows that Ms. Beam and Mr. Johns engaged in retaliatory conduct towards Plaintiff in relation to her job prospects and likely also violated her confidentiality rights under the EDR Plan.

4

Additionally, Plaintiff offers testimony from two expert witnesses, Ms. Vida G. Thomas (workplace investigations) and Dr. Gary Albrecht (lost earnings). Plaintiff has addressed Defendants' untimely objections to her expert testimony in other filings. *See* ECF Nos. 361, 355, 349, 350, 339, 338.

This Court has stated that "if [Plaintiff's] case is entirely a documents case, that's fine," and that "I'm not requiring you to put on witnesses if you have other evidentiary matters." ECF No. 262, at 9, 14. For example, referring to the Chief Judge's Letter of Reprimand taking disciplinary action against the Federal Defender for wrongful conduct, this Court stated: "I, for instance that letter, I've already expressed myself, the factual findings anyway seem to be evidence in this case. As we sit now, that evidence seem to me to be unimpeached." *Id.* at 9. The Court reiterated during the further pretrial conference of November 16, 2023 that this Letter of Reprimand is admissible evidence, as both admissions by a party opponent and as an unimpeached public record. *See also* ECF No. 258, at 5–7 (summary judgment opinion). The documents produced by Defendants and the extensive witness testimony that Plaintiff will present demonstrate that the Chief Judge's Letter of Reprimand is not only unimpeached, but unimpeachable, given the unrefuted evidence of the Defender's discriminatory intent, including in his deposition testimony. The evidence that Plaintiff's due process rights were violated is similarly unimpeached, given that the Defender was allowed to participate as a decisionmaker— including in deciding how to discipline the First Assistant accused of sexual harassment—even though the EDR Investigator found that the Defender had engaged in conduct warranting disciplinary action and was so biased against Plaintiff that he would do "more damage" to the process if allowed to participate. *See* January 2019 Heather Beam (EDR Investigator/Counselor) Disqualification Email (ECF No. 248-14).

B.    **Plaintiff's responses to categories of objections**

Defendants make several broad categories of objections which are addressed below:

- Relevancy objections under Rules 401–03: Plaintiff will demonstrate the relevancy of the proffered evidence in the trial proceeding.

- Incompleteness objection under Rule 106: Defendants have objected to various exhibits as "incomplete" but have not identified what documents or portions of the documents they contend should be admitted to show completeness. If Defendants were to provide a specific basis for their objection, Plaintiff would consider appending the documents or portions of documents they identified.

- Objections to deposition designations "as an exhibit": For Plaintiff's deposition designations, Defendants state that "Defendants object to the improper usage of this deposition transcript as an exhibit." This objection contains no citation to the rules of evidence or the local rules. Under Local Rule 79.1, deposition transcripts are treated as exhibits. *See* LCvR 79.1(e) ("Depositions read into the Court record are considered exhibits . . . . Depositions admitted into evidence but not read into the record shall be retained in the Clerk of Court's custody and disposed of as authorized in Section (d)."). Regardless, any error in labeling Plaintiff's deposition transcripts would be harmless since the parties and the Court are on notice of Plaintiff's deposition designations.

- Objections to Plaintiff's use of Defendants' transcripts created from audio recordings: For Plaintiff's use of audio recording transcripts, Defendants state: "Defendants also object under FRE 1002 to the use of the transcript as a trial exhibit because it is not an original recording. Defendants procured the transcript as a litigation aid for an audio recording produced by Plaintiff." For this objection, Defendants cite the best evidence

6

rule, which states that "[a]n original writing, recording, or photograph is required in order to prove its content." Fed. R. Evid. 1002. The best evidence rule does not apply because Plaintiff is not relying on the recording itself as an exhibit, but rather the transcript created by Defendants, which has independent evidentiary value. In creating the transcripts and admitting in their First Amended Answer that the recordings are authentic, Defendants have provided the necessary foundation to admit the substance of the transcripts without the need for further witness testimony, which was presumably done, in part, for judicial efficiency. In fact, on November 30, 2023, Defendants' counsel delivered to the Court some of their "transcripts to serve as aids for the Court's review of the recordings." Moreover, Defendants relied on the transcripts in their summary judgment motion, which demonstrates they are admissible. *See, e.g.*, ECF No. 245, at 15–16 (citing "Conversation" transcripts); *cf.* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").

- Objections as "untimely": Defendants objected to certain exhibits as "untimely." Some of these exhibits were previously produced in discovery or provided in court filings, as Plaintiff has explained to Defendants. Others are subject to judicial notice and/or are documents created by Defendants. It is unclear why Defendants did not produce the documents in discovery, but in any event, Defendants would not be prejudiced by use of a document they created.

    C.  **Plaintiff's response to objections to particular exhibits**

Plaintiff also hereby responds to Defendants' objections to particular exhibits as follows. This response is not intended to serve as a comprehensive rebuttal of Defendants' objections, in

part, because Plaintiff was not provided with formal notice of those objections until 10 p.m. on December 1, 2023. ECF No. 354. Plaintiff also is not addressing objections that are addressed in her responses to Defendants' untimely motions *in limine*. *See* ECF Nos. 350, 344, 339. Plaintiff requests the opportunity to provide a further response and/or briefing as appropriate regarding any of Defendants' objections before any ruling by the Court.

- Draft EDR Counseling Letter (ECF No. 248-5): Defendants object on hearsay grounds (FRE 802). Response: Admission by a party opponent, public records, business records.

- August 2018 James Ishida AO Interference Email (ECF No. 248-14): Defendants object on hearsay grounds (802), lacks personal knowledge (602). Response: admissions by a party opponent, business records. In addition, nonhearsay because the statements are not being offered for their truth, but rather to show that the Defender fabricated an allegation about Plaintiff and thereby improperly influenced Fourth Circuit officials (that the FEOO was "interfering" on Plaintiff's behalf because she was Plaintiff's "friend"). The Rule 602 objection lacks merit because the purpose of offering the exhibit is not that the Circuit Executive had personal knowledge of the truth of the matter, but that he relayed these allegations to the Chief Judge without conducting due diligence to determine whether they had merit.

- Heather Beam Investigation Notes (ECF No. 248-14): Defendants object on hearsay grounds (802). Response: admissions by a party opponent, business records, public records. In addition, nonhearsay because the statements are being offered to show that Defendants had notice of the allegations and the results of the investigation.

- December 2018 Significant Events Log (ECF No. 284-14): Defendants object on grounds of lacks personal knowledge (602), hearsay (802). Response: admissions by a party

opponent, business records, public records. It is unclear what the basis is for a Rule 602 objection, but the notes from this meeting demonstrate that the Defender had personal knowledge that the First Assistant was attempting to improperly influence the EDR investigation because the Defender was personally contacted by the Circuit Executive about the First Assistant's repeated contacts with himself and the EDR Investigator, which resulted in the Defender threatening to fire the First Assistant if he did not stop.

- Emails between Caryn Strickland (Plaintiff) and Nancy Dunham (AO FEOO) (ECF No. 248-15): Defendants object on hearsay grounds (802). Response: Nonhearsay because it is not offered for the truth of the matter asserted, but rather to show Plaintiff's reporting of harassment to the FEOO as well as her contemporaneous understanding/state of mind that she had been placed even more closely under her harasser's supervision after reporting the harassment, as demonstrated by the office chart. The office chart is also admissible as a business record/admission by a party opponent.

- Lessons from a Circuit Mediator Slideshow (ECF No. 255-10): Defendants object on grounds of lacks personal knowledge (602). Response: The exhibit is being offered to show that the Mediator has personal knowledge of the EDR process because he gave a training presentation regarding the EDR process to the Fourth Circuit.

- Ethics advice provided by NC Bar restricting Plaintiff's ability to practice in federal court within the Fourth Circuit (ECF No. 204-3). Defendants object on hearsay grounds (802). Response: business records, public records. Email is self-authenticating because it contains the signature and email address of a public official. Also, the exhibit is nonhearsay because it is being offered to show that Plaintiff's decisions regarding her

9

legal practice are reasonable. This exhibit is being offered if the Court considers Defendants' defense of failure to mitigate, which was denied as untimely. ECF No. 206.

- <u>Objections to exhibits offered during expert depositions</u>: To the extent that Defendants have untimely objected to Plaintiff's use of exhibits they admitted at the experts' depositions, their objection should be overruled. Plaintiff provided timely notice of her intent to present these experts by deposition, and she also went above and beyond what the rules require by providing specific notice to Defendants that she intended to rely on the entire transcripts and the exhibits introduced at the experts' depositions, as soon as the transcripts for their depositions were made available. *See* ECF No. 339-1. Moreover, Rule 32(a) provides that "all or part of a deposition may be used against a party" for any "purpose allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(1)–(2). The purpose of the rule is to "ma[ke] clear that the rules of evidence are to be applied to depositions offered at trial as though the deponent were then present and testifying at trial." Fed. R. Civ. P. 32 Advisory Comm. Notes. Since Defendants themselves admitted the exhibits at the experts' depositions, they cannot claim to be surprised by Plaintiff's use of exhibits that the experts discussed at the deposition as if they were testifying live. Finally, the exhibits are independently admissible. First, the expert reports are admissible as illustrating the experts' testimony because the experts testified and were subjected to cross-examination on their reports. *Cf. Tokio Marine & Fire Ins. Co. v. Norfolk & W. Ry.*, No. 98-1050, No. 98-1077, 1999 U.S. App. LEXIS 476, at *10 (4th Cir. Jan. 14, 1999) (unpub. table decision) ("Reports stating an expert opinion 'are not admissible without the preparer being present in court to testify as to his qualifications as an expert and to be cross-examined on the substance.'" (quoting *Forward Communications Corp.*

*v. United States*, 608 F.2d 485, 511 (Ct. Cl. 1979)). And the exhibits, including Plaintiff's tax documents, pay stubs, and a public report, are admissible under the public records and business records exceptions to the hearsay rule.

In addition, Defendants have made various line objections to Plaintiff's deposition designations. Aside from relevancy objections that will be addressed through Plaintiff's use of the evidence, Defendants' primary objections are based on hearsay (802) and lacks personal knowledge (602). Plaintiff reserves the right to respond in greater detail to these objections, as necessary. As a general matter, however, out-of-court statements offered to demonstrate notice to an employer or to provide context for the actions/inactions the employer took are not hearsay. Likewise, Plaintiff does not intend to offer testimony regarding topics on which the relevant declarants lack personal knowledge and reserves the right to respond to "personal knowledge" objections based on the purpose for which the evidence is offered.

### III. Plaintiff's exhibit list should be adopted because it is more accurate and comprehensive than Defendants' exhibit list.

Plaintiff's exhibit list should also be adopted by this Court for practical reasons. Specifically, Defendants did not provide Bates numbers or dates for the exhibits in their exhibit list that they publicly filed on December 1, 2023. ECF No. 354-1. Instead, they provided only extremely vague descriptions of exhibits such as "Texts between J.P Davis and Erin Taylor." As a result, it is impossible to precisely identify the exhibits to which Defendants are referring based on their public exhibit list, thus requiring the parties and Court to cross-reference multiple documents in an attempt to identify their exhibits. Moreover, Defendants have made many changes to their exhibit list since the parties' joint pretrial memorandum filed on July 25, 2023. *See* ECF No. 259. In fact, the publicly filed version of the exhibit list on December 1, 2023 is the third iteration of Defendants' exhibit list that Plaintiff has seen. There is no basis for

Defendants not to provide basic identifying details of their exhibits, such as Bates numbers or dates. Defendants' exhibit list is confusing, prejudicial, and unhelpful to the parties or a factfinder. By contrast, both the parties' joint pretrial memorandum and Plaintiff's exhibit list provide identifying Bates numbers and dates for Defendants' exhibits. Thus, for this additional reason, Plaintiff's exhibit list should be adopted because it more completely and accurately reflects the parties' exhibits. *See* ECF No. 259-1; ECF No. 355-2 (Plaintiff's lettered exhibits, which includes Defendants' Bates numbers); *see also* Ex. A.

## CONCLUSION

For these reasons, this Court should admit Plaintiff's exhibits and deposition designations into evidence and adopt her exhibit list.

This the 7th day of December, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
