IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO AMEND RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION NO. 20

Pursuant to Federal Rule 36(b), Defendants submit this motion to amend their response to Plaintiff's Request for Admission No. 20. On May 1, 2023, Defendants served on Plaintiff their responses and objections to Plaintiff's Third Requests For Admission. In response to Request No. 20, Defendants stated: "Subject to and without waiving the foregoing objections, Defendants admit that the EDR Coordinator delivered the Federal Defender a letter of counseling dated May 28, 2019, signed by Chief Judge Gregory, based on facts uncovered during the investigation, but deny the remaining allegation." Defendants' response inadvertently made an error in stating that the letter of counseling was signed by then-Chief Judge Gregory. As is evident from the letter, *see* Ex. 1, it was actually signed by James Ishida. Defendants regret this error.

Defendants hereby seek to amend their response to Plaintiff's Request for Admission No. 20 as follows:

> Subject to and without waiving the foregoing objections, Defendants admit that the EDR Coordinator delivered the Federal Defender a letter of counseling dated May 28, 2019, signed by James Ishida and copying Chief Judge Gregory, based on facts uncovered during the investigation, but deny the remaining allegations.

Defendants have also attached to this motion a version of their Objections and Responses to Plaintiff's Third Set of Requests for Admission incorporating this amendment. Ex. 2.

1

Pursuant to Rule 36(b), "[s]ubject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Here, Defendants' proposed amendment would promote the presentation of the merits of the action because it would conform Defendants' response to the undisputed evidence and thereby avoid confusion. There is no question that the letter was signed by Mr. Ishida, not then-Chief Judge Gregory. Moreover, Plaintiff would suffer no prejudice from the amendment. Plaintiff has been in possession of the letter for months, so she has been on notice that the letter was signed by Mr. Ishida. Plaintiff has included Defendants' response in Plaintiff's trial exhibits, but Defendants would not object to Plaintiff substituting Defendants' amended response as a trial exhibit.

Pursuant to Local Rule 7.1(b), Defendants conferred with Plaintiff about her position on this motion. Plaintiff requested that Defendants represent her position as follows: "Plaintiff cannot provide a position on Defendants' motion because she has not had the opportunity to review that filing. After an opportunity to review the filing, she will determine whether to file a response pursuant to W.D.N.C. LCvR 7.1(e)."

| | |
|---|---|
| Dated: December 8, 2023 | Respectfully submitted, |

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

*/s/ Madeline M. McMahon*
MADELINE MCMAHON
DANIELLE YOUNG
DOROTHY CANEVARI
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division

1100 L Street, NW
Washington, DC 20001
Tel.: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*