IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil No. 1:20-cv-00066-WGY |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

### PLANTIFF'S JOINT REPLY IN SUPPORT OF HER MOTIONS TO PRECLUDE EVIDENCE OF AFFIRMATIVE DEFENSES THAT DEFENDANTS HAVE EXPRESSLY DISAVOWED AND FOR JUDGMENT ON THE PLEADINGS

In their response to Plaintiff's Motion for Judgment on the Pleadings (ECF No. 341) and her Motion to Preclude Evidence of Affirmative Defenses that Defendants have Expressly Disavowed (ECF No. 342), Defendants again unequivocally and expressly disavowed that they are raising *any* affirmative defenses in this litigation: "***[t]here is no dispute that Defendants' Amended Answer does not contain any affirmative defenses.***" ECF No. 359, at 1 (emphasis added); *id.* at 7 ("Defendants' Amended Answer does not contain affirmative defenses."); *id.* at 12 ("The parties agree that Defendants' Amended Answer does not contain any affirmative defenses."). That should end the inquiry. Any evidence of affirmative defenses that Defendants have waived and expressly disavowed is irrelevant and should not be admitted at trial.

Defendants' response also admits that they have not met, and cannot meet, the standards for pleading and proving these affirmative defenses, but contend their failure to do so is "immaterial" because the Court can simply consider affirmative defenses they failed to plead or prove as a "factor" in awarding equitable relief. *See, e.g.*, *id.* at 9 ("[R]egardless of whether such conduct amounts to 'wrongdoing,' the Court may still consider the subject of and testimony in

1

Plaintiff's reopened deposition in exercising its broad discretion to fashion any remedies."); *id.* at 13 ("Because Defendants' Amended Answer does not contain affirmative defenses, it is immaterial what pleading standard applies, and whether that pleading standard was met."). This argument is nothing short of breathtaking. If Defendants' argument were correct, then every defendant-employer who failed to plead or prove an affirmative defense would simply be able to repackage their failed affirmative defense as an "equitable" consideration, thereby defeating the notice and discovery requirements under the Federal Rules of Civil Procedure. Defendants' argument fails under binding Fourth Circuit precedent, which states the opposite of the result for which they are advocating. *See, e.g.*, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1241 (4th Cir. 1995) ("[I]f [the employer] cannot meet the stringent test set out in *McKennon* for application of the [after-acquired evidence] defense, [the plaintiff] *is eligible for the full panoply of remedies available to victims of discrimination.*" (emphasis added)); *Lundy Packing Co. v. NLRB*, 856 F.2d 627, 629 (4th Cir. 1988) ("[T]he defense of a wilful loss of earnings . . . is an affirmative defense and it is the employer's responsibility to carry that burden.").

      Moreover, the result Defendants are advocating for is not only legally incorrect, but also fundamentally unjust. Defendants ask this Court to find Plaintiff's conduct "inequitable" without providing any supporting authority, while ignoring the evidence of their own conduct, which is plainly inequitable under rules and precedents. *See Diamonds Direct USA, Inc. v. BFJ Holdings, Inc.*, Civil Action No. 3:12CV303-HEH, 2012 U.S. Dist. LEXIS 161316, at *14 n.5 (E.D. Va. Nov. 9, 2012) ("[T]he affirmative defense raised here is one of general unclean hands, which is an equitable defense requiring the invoking party to demonstrate its own good faith."). For example, Defendants repeatedly make accusations against Plaintiff relating to privileged information, without citing any supporting legal authority, and while ignoring that in contrast to

2

Plaintiff, who has scrupulously protected all client information, her harasser, the First Assistant, disclosed thousands of pages of FDO client privileged information outside of the office, which were then disclosed to the Department of Justice during this litigation. *See* ECF No. 282, at 5 (letter from DOJ counsel explaining that DOJ had received a document that "is 2,172 pages long and contains numerous case-related emails, and therefore would require extensive redactions . . . before it could be produced in this litigation"); *id.* at 6 (email from First Assistant to EDR Investigator, an employee of the District's probation office, stating "**CAUTION: INCLUDES NUMEROUS CASE RELATED EMAILS**" when disclosing thousands of pages of unredacted, privileged client information). Defendants have never offered any substantive response regarding their own conduct, which conclusively demonstrates that their allegations against Plaintiff are opportunistic and meritless. *See generally* Hearing on Federal Judicial Branch, Subcomm. on Courts, Civil Liberties, and Administration of Justice, House Jud. Comm. 758 (Apr. 25, 1985), available at https://tinyurl.com/4y2r3r5v (The Judicial Conference has recognized that "[n]o request for representation of a federal public defender . . . shall normally be submitted to the Department of Justice, in view of the Department's prosecutorial role and its consequent apparent disqualification to represent a public defender against whom it prosecutes criminal cases.").

Similarly, while Defendants have continued to pursue nebulous, undefined allegations based on Plaintiff's re-opened deposition, they notably have not provided any substantive basis to allege any wrongdoing, including in their latest filing. *See* ECF No. 359 (citing no authority for their Orwellian contention that "[e]ven if the Court found that Defendants' counsel did not *accuse* Plaintiff of engaging in wrongdoing in denying her motion for sanctions, that finding would not mandate the conclusion that Plaintiff never *engaged* in misconduct"). That is because

no such basis exists, which Defendants were forced to concede in their response to Plaintiff's motion for sanctions.[1] Defendants' invitation to this Court to "consider" their undefined allegations, "regardless of whether such conduct amounts to 'wrongdoing,'" *id.*, contravenes binding rules and precedent, including the most basic principles of due process. *See, e.g.*, Fed. R. Civ. P. 83(b) ("No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.").

In short, Defendants' allegations are patently meritless, irrelevant, and prejudicial. As such, they are inadmissible and should be excluded.

This the 8th day of December, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

---

[1] This Court orally denied Plaintiff's motion for sanctions during the further pretrial conference on November 16, 2023. The Court did not provide any reasoning in support of its decision or review the unredacted materials that Plaintiff had moved to file under seal in support of her motion before issuing its ruling. *See* ECF No. 270 (redacted filings); ECF No. 302, at 21 n.4. As of the date of this filing, the Court has not reduced its order denying sanctions to writing.

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

    Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

                                                 */s/ Cooper Strickland*
                                                  Cooper Strickland
                                                  N.C. Bar No. 43242
                                                  P.O. Box 92
                                                  Lynn, NC 28750
                                                  Tel. (828) 817-3703
                                                  cooper.strickland@gmail.com