IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
|       *Plaintiff*, | ) |
| | ) |
| v. | )   Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
|       *Defendants*. | ) |

## PLANTIFF'S JOINT REPLY IN SUPPORT OF HER MOTIONS TO STRIKE DEFENDANTS' UNTIMELY MOTIONS IN LIMINE

Plaintiff hereby offers the following points to Defendants' responses to her motions to strike their untimely motions *in limine* challenging the testimony of her expert witnesses, Vida Thomas and Dr. Gary Albrecht, and her MeToo evidence. *See* ECF Nos. 338, 343, 349 (Plaintiff's motions to strike); ECF No. 353, 363, 367 (Defendants' responses).

In her motions to strike Defendants' untimely motions *in limine*, Plaintiff offered fourteen pages of briefing with extensive citations to federal rules, court precedents, and the leading treatises on civil procedure regarding the requirement to make timely objections to a parties' pretrial disclosures, including deposition designations, or else waive the party's objections. ECF No. 338, 343, 349. In stark contrast to Plaintiff's scrupulous documentation of the authority for her position, Defendants have cited no authority, except for their own vague, subjective, and self-serving "interpretation" of statements this Court made in court transcripts, which do not support their position in any event. Defendants' failure to provide any legal authority for their position speaks volumes about the lack of any basis for their argument. Defendants' specific responses to Plaintiff's arguments are also lacking in merit.

1

First, Defendants contend that so long as they filed a motion *in limine* within the deadline, which in this case is December 8, 2023, the business day before trial, their objection to the testimony of Ms. Thomas and Dr. Albrecht is timely. *See* Entry Order Dated September 19, 2023 ("Any motions in limine may be filed up until the Friday prior to trial."). That argument is incorrect because it ignores that under Federal Rule of Civil Procedure 26, an objection to a deposition designation or exhibit must be made within 14 days of a pretrial disclosure. *See* Fed. R. Civ. P. 26(a)(3)(B). A party's failure to timely object is a basis for striking an untimely motion *in limine*. *See, e.g.*, *Rybas v. Riverview Hotel Corp.*, Civil Action No. ELH-12-3103, 2015 U.S. Dist. LEXIS 176294, at *14 (D. Md. Jan. 15, 2015) (striking untimely motion *in limine* challenging expert testimony that was filed "without any explanation or showing of good cause for the untimeliness"); *see generally* Judge William G. Young, USDC Judicial Forum Survey, *available at* https://www.mad.uscourts.gov/boston/young.htm ("*Daubert* motions *ought to be resolved before the close of discovery* so a different expert may be substituted if necessary." (emphasis added)).

Second, Defendants contend that this Court required the parties to "agree" to designate deposition testimony, and thus implicitly assert that "agreeing" to designate deposition testimony is different from not objecting to the use of that testimony. This distinction has no basis either in the Court's instructions, which explicitly recognized that "[t]here may not be any objection" to the deposition testimony, ECF No. 262, at 25, or Rule 26(a)(3)(B), which requires an objection to be timely made to a deposition designation or else it is waived.

Third, Defendants contend that it is "unclear" how the deadline for objecting to deposition designations was September 25, 2023, which was 14 days after the parties' final pretrial memorandum was submitted on July 25, 2023 (accounting for the 45-day stay of

2

Case 1:20-cv-00066-WGY    Document 369    Filed 12/08/23    Page 2 of 5

First, Defendants contend that so long as they filed a motion *in limine* within the deadline, which in this case is December 8, 2023, the business day before trial, their objection to the testimony of Ms. Thomas and Dr. Albrecht is timely. *See* Entry Order Dated September 19, 2023 ("Any motions in limine may be filed up until the Friday prior to trial."). That argument is incorrect because it ignores that under Federal Rule of Civil Procedure 26, an objection to a deposition designation or exhibit must be made within 14 days of a pretrial disclosure. *See* Fed. R. Civ. P. 26(a)(3)(B). A party's failure to timely object is a basis for striking an untimely motion *in limine*. *See, e.g.*, *Rybas v. Riverview Hotel Corp.*, Civil Action No. ELH-12-3103, 2015 U.S. Dist. LEXIS 176294, at *14 (D. Md. Jan. 15, 2015) (striking untimely motion *in limine* challenging expert testimony that was filed "without any explanation or showing of good cause for the untimeliness"); *see generally* Judge William G. Young, USDC Judicial Forum Survey, *available at* https://www.mad.uscourts.gov/boston/young.htm ("*Daubert* motions *ought to be resolved before the close of discovery* so a different expert may be substituted if necessary." (emphasis added)).

Second, Defendants contend that this Court required the parties to "agree" to designate deposition testimony, and thus implicitly assert that "agreeing" to designate deposition testimony is different from not objecting to the use of that testimony. This distinction has no basis either in the Court's instructions, which explicitly recognized that "[t]here may not be any objection" to the deposition testimony, ECF No. 262, at 25, or Rule 26(a)(3)(B), which requires an objection to be timely made to a deposition designation or else it is waived.

Third, Defendants contend that it is "unclear" how the deadline for objecting to deposition designations was September 25, 2023, which was 14 days after the parties' final pretrial memorandum was submitted on July 25, 2023 (accounting for the 45-day stay of

2

Case 1:20-cv-00066-WGY    Document 369    Filed 12/08/23    Page 2 of 5

deadlines for mediation).[1] Defendants appear to misunderstand Rule 26, which requires the party to provide "the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition." Fed. R. Civ. P. 26(a)(3)(A)(iii). Because the depositions of Ms. Thomas and Dr. Albrecht were taken stenographically, Plaintiff was not required under Rule 26 to designate "the pertinent parts of the deposition" in the parties' joint pretrial memorandum. *Id.* Nonetheless, Plaintiff went above and beyond what the rules require by designating the entire transcripts for both Ms. Thomas and Dr. Albrecht as soon as they were available.[2] *See* ECF No. 338-1. Because Defendants had notice in the parties' joint pretrial memorandum that Plaintiff intended to present the testimony of Ms. Thomas and Dr. Albrecht by deposition, in compliance with Rule 26(a)(3)(A)(ii), Defendants were required to raise their hearsay objection to Plaintiff's use of the depositions within 14 days, which they failed to do. *See* ECF No. 259, at 116.

Fourth, Defendants contend that "Plaintiff has suffered no prejudice whatsoever" due to their untimely motions *in limine*. The standard is not whether Plaintiff has suffered prejudice, but whether Defendants have demonstrated "good cause" for their untimely objections—a

---

[1] The order entering the stay was issued on August 2, 2023. ECF No. 261. Under Rule 6, because the 45th day of the stay fell on a Saturday, the last day of the stay was Monday, September 18, 2023. See Fed. R. Civ. P. 6(a)(1)(C) (stating that in computing time, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Thus, the first day after the 45-day stay lifted was Tuesday, September 19, 2023. *See id.*

[2] As the commentary to Rule 26 explains, "[t]his rule requires that copies of the transcript of a nonstenographic deposition be provided to other parties in advance of trial for verification, an obvious concern since counsel often utilize their own personnel to prepare transcripts from audio or video tapes. By order or local rule, the court may require that parties designate the particular portions of stenographic depositions to be used at trial." Rule 26, Advisory Comm. Notes. Because the transcripts were taken stenographically, there is no concern about the need for verification of the transcripts. Additionally, there was no court order or local rule requiring the parties to designate particular portions of stenographic depositions to be used at trial.

3

showing they have not even attempted to make. Fed. R. Civ. P. 26(a)(3)(B). In any event, Plaintiff has been severely prejudiced by Defendants' untimely objections, as she has explained in detail in other filings. *See, e.g.*, ECF Nos. 362, 361, 349, 338.

Finally, with respect to the MeToo evidence, Defendants contend that Plaintiff's motion to strike is moot because the Court already denied their motion *in limine* in its entirety, which would necessarily include their hearsay objection. ECF No. 367, at 1. Plaintiff accepts Defendants' concession that the motion *in limine* was denied, but nonetheless preserves her objection based on timeliness. *Cf. Lamonds v. GMC*, 34 F. Supp. 2d 391, 395 (W.D. Va. 1999) ("The Fourth Circuit has clearly held that the doctrine of judicial estoppel bars parties from prevailing as a result of inconsistent positions and representations made in a proceeding during the course of the same litigation." (citing *Zurich Insurance Co.*, 667 F.2d at 1166 (4th Cir. 1982)). If this Court denies Plaintiff's motion to strike based on Defendants' mootness argument, Defendants should be precluded from re-raising the objections contained in their motion *in limine*. *See id.*

This the 8th day of December, 2023.

                                                          Respectfully Submitted,

                                                          */s/ Cooper Strickland*

                                                          Cooper Strickland
                                                          P.O. Box 92
                                                          Lynn, NC 28750
                                                          Tel. (828) 817-3703
                                                          cooper.strickland@gmail.com

                                                          *Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

    Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

                                              */s/ Cooper Strickland*
                                                Cooper Strickland
                                                N.C. Bar No. 43242
                                                P.O. Box 92
                                                Lynn, NC 28750
                                                Tel. (828) 817-3703
                                                cooper.strickland@gmail.com