IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:20-cv-00066-WGY |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PLANTIFF'S MOTION TO CLOSE THE COURTROOM FOR PLAINTIFF'S TESTIMONY DUE TO DEFENDANTS' SEALING OF HER DEPOSITION TRANSCRIPTS

Plaintiff respectfully moves to close the courtroom for her testimony. Defendants have filed Plaintiff's entire deposition transcript from April 25, 2023, as well as her reopened deposition testimony from October 12, 2023, under seal pursuant to the order of this Court. *See* ECF No. 336 (sealed document), 337 (notice of sealed filing). Accordingly, the parties cannot publicly discuss any of the matters referenced in either deposition pursuant to the Court's sealing order, which was entered because the material is privileged and subject to sealing to protect Plaintiff's constitutionally protected liberty and privacy interests. As this Court acknowledged at the furth pretrial conference on November 16, 2023, Plaintiff has a right of interlocutory appeal over any order unsealing these materials. Defendants' have also recognized this right in their filings as discussed herein.

Moreover, Defendants' counsel has informed Plaintiff's counsel that the required protocol for addressing materials that are confidential or subject to sealing is to close the courtroom to protect that information from public disclosure, which they intend to assert for Plaintiff's MeToo evidence. Ex. A (December 8, 2023 email from Defendants' counsel).

1

Specifically, Defendants stated that because they have designated the information as confidential, the parties should jointly request that "if these exhibits are admitted into evidence, they be filed under seal, and that the courtroom be sealed for any testimony or discussion of those exhibits that would reveal the confidential information therein." Ex. A. Here, the transcripts of Plaintiff's deposition testimony are not only designated confidential, but also have been filed under seal pursuant to Court order. *See* ECF No. 336 (sealed document), 337 (notice of sealed filing). Accordingly, the protocol identified by Defendants' counsel must be followed with respect to Plaintiff's testimony.

Prior to filing this motion, Plaintiff's counsel requested Defendants' position as required by Local Rule 7.1. Defendants did not provide a position by the time of this filing. However, Plaintiff understands her request to be consistent with the protocol that Defendants' counsel has identified for sealed and confidential information.

## BACKGROUND

During Plaintiff's April 25, 2023 deposition, Defendants' counsel engaged in a line of questioning, the clear implication of which was that they were making accusations against Plaintiff. Four days later, Plaintiff's entire legal team, except for her current counsel, moved to withdraw *en masse* from this case. ECF No. 207.

Following the withdrawal of Plaintiff's legal team, Defendants and their counsel began raising wide-ranging accusations against Plaintiff that affect essentially every aspect of this case. *See, e.g.*, ECF No. 219 (sealed motion to strike privilege assertion); ECF No. 245, at 12–13, *id.* n.4 (alleging that Plaintiff violated, *inter alia*, the "Privacy Act," the "Federal Records Act," and "reserv[ing] the right" to make other unspecified accusations against her based on her deposition testimony (citing ECF No. 233)). Because Defendants did not raise any of these allegations as

2

factual or affirmative defenses in their Answer or during discovery, Plaintiff lacked prior notice as required by the rules of civil procedure and was unable to conduct any discovery regarding the basis for Defendants' allegations against her.

On June 1, 2023, this Court ruled that Plaintiff may assert the Fifth Amendment privilege in response to Defendants' questioning during her reopened deposition, confirming that she has a reasonable fear of prosecution based on Defendants' accusations against her. *See* ECF No. 233, at 2 ("The Fifth Amendment privilege has not been waived and may be asserted during any further discovery or trial proceedings."). Indeed, a reasonable person would believe that Defendants would not raise these types of insinuations of wrongdoing without having thoroughly researched the bases for doing so and ensured that there was a good faith basis for making the allegations, particularly given the identities of Defendants and their counsel in this case. *See* Fed. R. Civ. P. 11(b); Restatement 3d of the Law Governing Lawyers, § 106 ("Restatement") (prohibiting "charges of wrongdoing made recklessly or knowing them to be without foundation"); N.C. R. Prof. Cond. 3.5 cmt. 10 ("[G]roundless personal accusations made in documents filed with the tribunal are also prohibited by this Rule.").

Defendants have repeatedly affirmed that they are not raising any affirmative defenses in this proceeding, including an after-acquired evidence defense. In fact, in a filing submitted on December 5, 2023, less than a week before the start of trial on December 11, 2023, Defendants confirmed again that "***[t]here is no dispute that Defendants' Amended Answer does not contain any affirmative defenses.***" ECF No. 359, at 1 (emphasis added); *id.* at 7 ("Defendants' Amended Answer does not contain affirmative defenses."); *id.* at 12 ("The parties agree that Defendants' Amended Answer does not contain any affirmative defenses."). Defendants have not offered any other valid evidentiary purpose for raising these numerous, repeated accusations

3

against Plaintiff, since it is conclusively established that they have not asserted any affirmative defenses. Moreover, even though Plaintiff was not afforded the basic procedural rights that are provided to all parties in civil litigation—including notice of the allegations in Defendants' pleadings and the opportunity to conduct discovery—she, nonetheless, was able to show based on the information available to her that these accusations are patently meritless, as explained in her prior filings. *See* ECF No. 270, 294, 302, 342, 309, 282; *see also* ECF No. 250, at 5–11.

After being confronted with a motion for sanctions for their conduct, since it is unethical and contrary to the rules of civil procedure to recklessly make allegations against another party or her counsel that are lacking in foundation, resulting in prejudice to the party's ability to present her case, Defendants retreated from their position that they were making accusations.[1] *See* ECF No. 270, 294, 302. Instead, Defendants now assert that they were only asking "follow-up questions" and "for factual details." ECF No. 359, at 9.

Even still, Defendants continue to request that the Court consider Plaintiff's "conduct in fashioning any award of equitable relief." *Id.* Defendants have not identified any objective basis as to why Plaintiff's alleged "conduct" is relevant, since, after all, Defendants "did not 'accuse' Plaintiff of wrongdoing." *Id.*; *cf.* Fed. R. Civ. P. 83(b) ("No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement."). Despite Defendants' hairsplitting regarding the difference between "asking questions" and making accusations, a reasonable person in Plaintiff's position would believe that

---

[1] This Court orally denied Plaintiff's motion for sanctions during the further pretrial conference on November 16, 2023. The Court did not provide any reasoning in support of its decision or review the unredacted materials that Plaintiff had moved to file under seal in support of her motion before issuing its ruling. *See* ECF No. 270 (redacted filings); ECF No. 302, at 21 n.4. As of the date of this filing, the Court has not reduced its order denying sanctions to writing.

4

Defendants were, in fact, making accusations. Faced with wide-ranging accusations by officials of the federal government, which this Court has confirmed give rise to a reasonable fear of prosecution, Defendants have succeeded in intimidating Plaintiff from testifying in this case.

Seemingly unsatisfied with this result, Defendants have gone further and subpoenaed Plaintiff as an adverse witness to testify on their behalf at trial. Defendants also have filed "confidentiality challenges" to Plaintiff's designation of certain topics discussed at her deposition and re-opened deposition as confidential pursuant to the parties' protective order. ECF No. 299, 324. Defendants have provided notice to Plaintiff in writing that they intend to discuss these materials publicly at trial, even though the materials were filed under seal pursuant to Court order, and Defendants have not moved to unseal these materials. *See* ECF No. 219; Entry Order Dated May 19, 2023 ("TEXT-ONLY ORDER granting 213 Consent MOTION to Seal Document. Text of Order: Motion allowed. So Ordered."); ECF Nos. 336, 337. Nor did Defendants designate Plaintiff's deposition testimony pursuant to Rule 26(a)(3).

During the further pretrial conference on November 16, 2023, the Court ordered the materials subject to Defendants' "confidentiality challenge" to be sealed and granted Plaintiff's oral motion to seal the materials pursuant to Local Rule 7.1. The Court also recognized that Plaintiff has a right to appeal, on an interlocutory basis, any order unsealing the materials. On November 17, 2023, pursuant to the Court's sealing order, Defendants filed Plaintiff's entire deposition transcript from her April 25, 2023 deposition and the transcript from her re-opened deposition on October 12, 2023 under seal. ECF No. 336, ECF No. 337. Those transcripts remain under seal as of the date of this filing. Accordingly, the parties cannot publicly discuss any of the material in those transcripts without violating the Court's sealing order.

**LEGAL STANDARD**

The Supreme Court has "made clear that the right to an open trial may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information." *Waller v. Georgia*, 467 U.S. 39, 45 (1984). Moreover, once harmful information is disclosed by government officials in violation of an individual's protected liberty interest, "no relief will be able to undo past harm but it may [only] prevent future harm." *In re Smith*, 656 F.2d 1101, 1105 (5th Cir. 1981).

Additionally, the Fourth Circuit has held that "both sealing and unsealing orders are appealable collateral orders." *United States v. Doe*, 962 F.3d 139, 143 (4th Cir. 2020). That is because "unsealing a document cannot be undone, for '[s]ecrecy is a one-way street' and '[o]nce information is published, it cannot be made secret again.'" *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 449 (5th Cir. 2019) (quoting *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008)). "This problem has led other circuits to conclude that sealing and unsealing orders are effectively unreviewable on appeal from a final judgment." *Id.*

**ARGUMENT**

Defendants have sealed the entirety of Plaintiff's April 25, 2023 and October 12, 2023 depositions in this case, pursuant to the Court's sealing order at the November 16, 2023 pretrial conference. *See* ECF Nos. 336, 337; *see also* Entry Order Dated May 19, 2023 (earlier sealing order). Thus, neither Plaintiff nor Defendants can discuss the materials in Plaintiff's depositions, which affect essentially this entire case, without violating the Court's sealing orders. Defendants' counsel has stated the protocol that is required in this situation: "the courtroom

[must] be sealed for any testimony or discussion of those exhibits that would reveal the confidential information therein." Ex. A.

By requiring Defendants to file Plaintiff's deposition transcripts under seal, this Court confirmed that Plaintiff has asserted a valid, constitutionally protected liberty interest in the materials, which she has a right to assert through an interlocutory appeal before any material in the transcripts may be publicly disclosed. *See Doe*, 962 F.3d at 143 ("[B]oth sealing and unsealing orders are appealable collateral orders."). Accordingly, there is no alternative to closing the courtroom during Plaintiff's testimony to protect her right to an interlocutory appeal.

I. **Closing the courtroom is necessary to protect sealed information.**

Plaintiff's *entire* deposition testimony from April 25, 2023, and her re-opened deposition testimony from October 12, 2023, have been filed under seal by Defendants pursuant to Court order. *See* ECF Nos. 336, 337. Because Plaintiff's entire deposition testimony has been sealed, Plaintiff cannot discuss—nor can Defendants question her about—materials in either of those depositions without violating the Court's sealing order.

In their "Notice of Under Seal Filing" dated November 17, 2023, Defendants stated that "[p]ursuant to the Court's instructions at the November 16, 2023 pretrial conference, Defendants provide notice that they today filed, under seal, transcripts of Plaintiff's April 25, 2023 and October 12, 2023 depositions in this matter." ECF No. 337. During the November 16, 2023 pretrial conference, the Court ordered the filing of this material under seal and also granted Plaintiff's unopposed oral motion to seal the material pursuant to Local Rule 7.1. *See* LCvR 7.1(a) ("Unless made during a hearing or trial, all motions must be written and filed as provided by LCvR 5.2.1." (emphasis added)); *see also* ECF No. 327, at 6–7 (Defendants' filing stating that "if the Court were to allow Defendants promptly to file unredacted copies of their sanctions

7

opposition and their motion *in limine* opposition under seal, Defendants would not oppose a stay pending appeal of an order separately authorizing Defendants to file those unredacted documents on the public docket"). During the hearing, the Court acknowledged that Plaintiff would have a right to an interlocutory appeal over any order unsealing the information and that it had notice of Plaintiff's request to stay any such order, if issued. Because this material has been sealed pursuant to the Court's order, and the Court has not ordered the material unsealed prior to trial or afforded Plaintiff her right to an interlocutory appeal, the material cannot be publicly discussed at trial without violating the Court's sealing order. *Cf. In re Civil Contempt by Doe*, No. 12-mc-0557 (BMC), 2016 U.S. Dist. LEXIS 80882, at *11 (E.D.N.Y. June 20, 2016) (contempt proceeding related to "dissemination of sealed documents").

This Court acknowledged during the pretrial conference on November 16, 2023 that because the information that Defendants are requesting to file publicly is currently under seal, Plaintiff has a right to an interlocutory appeal of any order that would subsequently unseal that information. *See* ECF No. 219; Entry Order Dated May 19, 2023 ("Consent MOTION to Seal Document. Text of Order: Motion allowed. So Ordered."); ECF No. 337 (Defendants' "Notice of Under Seal Filing"). The Fourth Circuit has explicitly held that "both sealing and unsealing orders are appealable collateral orders." *Doe*, 962 F.3d at 143. Therefore, if the Court were to grant Defendants' request to discuss the materials publicly, any such order should be stayed pursuant to Plaintiff's unopposed oral motion at the parties' further pretrial conference, so that she may pursue an interlocutory appeal. Because pursuing an interlocutory appeal at this point would not be feasible, the courtroom must be closed to protect the sealed information from public disclosure.

II. **There is no alternative to closing the courtroom that would protect Plaintiff's constitutionally protected privacy and liberty interests.**

8

Allowing Defendants to publicly discuss sealed materials not only would violate the Court's sealing order, thereby depriving Plaintiff of her right to an interlocutory appeal, but also expose Plaintiff to infringements of her constitutionally protected liberty interests. The Fourth Circuit has recognized that "a subpoena may impose a burden by invading privacy or confidentiality interests." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). In this case, Plaintiff has asserted a fundamental liberty interest in her right to be free from being "public[ly] brand[ed]" with unfounded allegations. *Pub. Interest Legal Found., Inc. v. N.C. State Bd. of Elections*, 996 F.3d 257, 267 (4th Cir. 2021) (citation omitted).

In her prior briefing on this issue, Plaintiff described the liberty interest at stake here:

> Courts have recognized the "strong interest" individuals have in being protected from "public brand[ing]" with unfounded allegations by government officials. *Pub. Interest Legal Found.*, 996 F.3d at 267. Indeed, one of the purposes of grand jury secrecy is to ensure that "persons who are accused but exonerated by the grand jury will not be held up to public ridicule." *Id.* (citation omitted); *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979). Unwarranted public disclosure of allegations may "subject [these individuals] to potential embarrassment or harassment," and "could have long-standing personal and professional repercussions." *Pub. Interest Legal Found.*, 996 F.3d at 268. Moreover, "[i]t would be unrealistic to deny" that such accusations, "even if unfounded," may "impinge upon employment opportunities." *United States v. Briggs*, 514 F.2d 794, 798 (5th Cir. 1975).
>
> For these reasons, courts strenuously protect individuals' liberty and privacy interests to be free from such public branding. Courts recognize a due process violation where government officials have branded an individual with stigmatizing allegations for the purpose of interfering with the individual's employment opportunities. *See Bd. of Regents v. Roth*, 408 U.S. 564, 573, (1972) (recognizing possibility of due process claim if the State, "in declining to rehire the respondent," made a "charge against him that might seriously damage his standing and associations in his community"); *Briggs*, 514 F.2d at 797 (recognizing that "injury to [] good names and reputations and impairment of [] ability to obtain employment" were

9

"substantial and legally cognizable interests entitled to constitutional protection against official governmental action"); *Masvidal v. United States DOJ*, 716 F. Supp. 2d 1207, 1211–13 (S.D. Fla. 2010) (holding that plaintiff adequately "alleged that his reputation was damaged in conjunction with the DOJ's interference with his private employment" sufficient to survive dismissal). This principle holds when unfounded allegations are made during litigation. *Masvidal*, 716 F. Supp. 2d at 1213. In fact, "due process claims based upon slanderous in-court statements [by DOJ officials]" have been "permitted with no suggestion that the conduct could be shielded by a 'defamation privilege.'" *Id.* (citing supporting authorities).

Here, the express purpose of Defendants' unfounded accusations is to interfere with Plaintiff's prospective federal employment opportunities. *See, e.g.*, ECF No. 295, at 9 (stating that Plaintiff's deposition provides a "basis to bar or limit any award of front pay"). Contrary to Defendants' assertions that they are not retaliating against Plaintiff or engaging in public branding because "a legal argument in a brief is plainly not the same thing as a retaliatory employer action," precedent does not support this cynical and carte blanche approach to government officials' conduct in litigation. ECF No. 295, at 8. As government officials, Defendants and their counsel must be held to the higher constitutional standards imposed by virtue of the duties of their public office.

Defendants' argument that they are seeking to disclose only "Plaintiff's statements," rather than making accusations, confirms the cynicism in their approach and slices the argument much too thinly. ECF No. 327, at 5. The purpose of disclosing this information publicly, as Defendants themselves have repeatedly stated, is to contend that Plaintiff is ineligible for reinstatement or front pay because of purported misconduct. *See* ECF No. 219; ECF No. 327, at 5 (reaffirming arguments in ECF No. 219). Obviously, then, public disclosure of this information necessarily means that Defendants are alleging the information implicates Plaintiff in wrongdoing, because otherwise it would be entirely irrelevant to the litigation. In short, the only reason why the information would be disclosed publicly is for the purpose of making an accusation of wrongdoing against Plaintiff. Defendants, however, have already conceded no legitimate basis for such an accusation exists. *See, e.g.*, ECF No. 294, at 12; ECF No. 327, at 5. Thus, the only possible purpose for disclosing the information is to embarrass and intimidate Plaintiff with false and misleading insinuations of wrongdoing, in attempt to attack Plaintiff and likely also to deter

> others who would raise similar allegations from coming forward. This conduct is blatantly unconstitutional and unethical.

ECF No. 340, at 19–21. In ordering the materials sealed and granting Plaintiff's oral motion to seal the materials, this Court recognized that Plaintiff has sufficiently stated a constitutionally protected liberty interest, such that she should have a right to appeal any unsealing order before the material is publicly disclosed. Moreover, in sealing Plaintiff's *entire* deposition transcript, Defendants have confirmed that her entire deposition testimony relates to their reasons for filing the materials under seal—*i.e.*, their assertions of wrongdoing. As such, requiring Plaintiff to testify publicly without affording an opportunity to fully adjudicate these interests would jeopardize her constitutionally protected liberty interests.

Accordingly, this Court should order closure of the courtroom during Plaintiff's testimony. Since the Court has already ordered the sealing of Plaintiff's deposition transcripts, closing the courtroom is a necessary step to ensure that the material ordered to be sealed remains protected. *See Waller*, 467 U.S. at 45 ("[T]he Court has made clear that the right to an open trial may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information."). Indeed, there is no alternative means to protect the sealed information from becoming public. Protecting this testimony from public disclosure would be particularly important because the subject matter of the sealing involves liberty and privacy interests that would be irredeemably compromised if the information were publicly disclosed. *See In re Smith*, 656 F.2d at 1105 (explaining that once harmful information is disclosed in violation of an individual's liberty interest, "no relief will be able to undo past harm" but can only "prevent future harm").

Moreover, Defendants themselves have already stated that the courtroom must be closed regarding discussion of exhibits that they have merely designated *as confidential* under the

11

Case 1:20-cv-00066-WGY   Document 374   Filed 12/11/23   Page 11 of 13

Parties' Protective Order that have *not been filed under seal*. Ex. A. Here, the materials at issue *have been filed under seal* pursuant to Court order. ECF Nos. 336, 337. Thus, the courtroom must be sealed during testimony regarding these materials.

## CONCLUSION

This Court should order the courtroom to be closed during Plaintiff's testimony to protect sealed information.

This the 11th day of December, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
