# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## JOINT NOTICE OF FILING TRIAL MATERIALS

Pursuant to the Court's instructions at the first day of trial on December 11, 2023, the parties respectfully submit the attached trial exhibit list. *See* Attachment A. As identified in the first column labeled "Trial Ex.," exhibits 1 through 45 and exhibits 135 through 141 have no objection from either party. For the exhibits with no objections, Defendants note that although they do not have objections to the documents themselves, they do not necessarily agree to Plaintiff's wording used in the "Description of the Exhibit." Additionally, exhibits 142 through 157 were admitted into evidence during the first day of trial.

To make it easier for the Court to reference the courtesy paper copies previously provided, the second column contains Defendants' original labeling system as identified in ECF No. 354. Similarly, the third column contains Plaintiff's original labeling system as identified in ECF No. 375 and in the courtesy paper copies sent to the Court.

With respect to the deposition designations of the fact witnesses made by Plaintiff, those depositions have been labeled with letters because Defendants have made counter-designations and objections to specific portions of testimony. Defendants agree to the identification of deposition

designations of the fact witnesses as exhibits, subject to the specific objections and counter-designations noted by Defendants in ECF No. 354-3.

The Court has ruled that Defendants have not waived their objections to Plaintiff's exhibits. Both parties made a number of completeness objections to the opposing party's exhibits under Federal Rule of Evidence 106 and note that each party will seek to provide the Court with completed versions of such objected-to exhibits by the end of trial. Consistent with counsel's statements at trial and in prior filings with the Court, Plaintiff respectfully notes her objection to the Court's ruling that Defendants did not waive objections to her exhibits for purposes of preserving the objection for appeal.

Additionally, for those exhibits to which the parties do not otherwise object in Attachment A, the parties reserve the right to object at an appropriate time on hearsay grounds under FRE 802 to any attempt to use the documents or recordings to prove the truth of the matter asserted.

Finally, the parties note that certain exhibits contain the wrong date. To avoid confusion at trial, the parties have agreed to the following stipulation:

> The parties note that some emails contained in the exhibit list may incorrectly list June 12, 2019 as the date the email was sent. The parties jointly stipulate that the June 12, 2019 date is a result of Defendants' transition to a new email system and does not reflect the date the email was sent.

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

/s/ Danielle Young
DANIELLE YOUNG (TX Bar. No 24098649)

/s/ Cooper Strickland

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

DOROTHY CANEVARI
MADELINE MCMAHON
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW, Room 11507
Washington, DC 20001
Tel.: (202) 616-8040
Email: Danielle.young2@usdoj.gov

*Counsel for Defendants*