IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR TEN HOURS OF EVIDENCE

At the conclusion of the trial day on December 14, 2023, the Court stated that Defendants had used one day, three hours, and 15 minutes of trial time (which Defendants understand to equal six hours and 45 minutes) and had only one hour and forty-five minutes of trial time remaining, inclusive of closing arguments. Because this statement does not comport with Defendants' understanding of the trial time remaining, and for the reasons outlined below, Defendants respectfully request that the Court allow Defendants at minimum ten hours of witness testimony to ensure an adequate presentation of the evidence. Defendants' counsel conferred with Plaintiff's counsel about this motion. Plaintiff's counsel stated that Plaintiff opposes the motion.

## BACKGROUND

On July 25, 2023, in the parties' Joint Pretrial Filing, Defendants stated that this case would require five days, or thirty-five hours, of trial time to account for the complexity of the case. *See* Joint Pretrial Filing, ECF No. 259 at 105. Defendants identified 13 trial witnesses and almost 150 exhibits. *Id.* at 107-08; ECF No. 259-1. The Court did not adopt Defendants' proposal but instead set the trial for five half-days of trial time. July 27, 2023 Tr. at 13:13-14 (discussing a trial "going 9:00 till 1:00 for 5 days"). The Court affirmed that "9:00 till 1:00 are for evidence," *id.* at 13:24, and that once the "defense has presented all its evidence, then we'll have another stage for argument.," *id.* at 14:13-15.

The Court did not mention that a thirty-minute recess would be included in the time for evidence. *See generally id.* Because of these statements, Defendants believed that there would be twenty hours of trial time, ten hours per side, exclusive of opening statements or closing arguments.

At the Further Final Pretrial Conference, Defendants renewed their request for a full thirty-five-hours of trial time.[1] The Court denied Defendants' request, concluding that 9:00 a.m. to 1:00 p.m. would be sufficient. Thus, it was Defendants understanding that they would have ten hours to present evidence at trial and they relied on that understanding in preparing their trial presentation.

Throughout the first week of trial, the Court has recessed for thirty-minutes each day. Then, on December 14, 2023, the Court stated that Defendants had only one hour and forty-five minutes of trial time remaining, inclusive of closing arguments. Based upon Defendants' calculations, this suggests that the Court is only permitting Defendants 8.5 hours of trial time, including time for opening and closing arguments in addition to evidence, and has counted the Court's questioning of witnesses against Defendants.[2] As such, Defendants respectfully request a complete ten hours of time to present evidence.

## ARGUMENT

Defendants respectfully request that the Court allow Defendants ten hours to present evidence, in accordance with the Court's earlier directions. *See* July 27, 2023 Tr. At 13:24 ("9:00 till 1:00 are for evidence"). Based upon the Court's statements, Defendants have structured their case to include ten hours of evidence through live witness testimony. Not only is the Court restricting Defendants to 8.5 hours of trial time—inclusive of opening statements and closing arguments—to

---

[1] Defendants requested a transcript of this pretrial conference on November 17, Defendants have yet to receive a copy. As such, Defendants are unable to cite to a transcript, and are relying upon their notes.
[2] If the Court is counting only 3.5 hours of trial time per day, 5 trial days with 3.5 hours per day, divided evenly between the parties would equate to 8.75 hours per side, not 8.5 hours.

account for the Court's thirty-minute recesses without adequate notice, but based upon Defendants' calculations, it seems that the Court's questions posed to Defendants' witnesses, including the Court's call of Plaintiff to the stand—is counted against Defendants' time.

Defendants have already narrowed their presentation significantly to fit within the allotted ten hours. In doing so, they already have had to forgo presenting important testimony and documentary evidence. Defendants have even chosen not to call certain witnesses only because of the time constraints. Further limiting the time available to Defendants, particularly at this late stage of the trial, would prejudice Defendants and prevent them from presenting important evidence. Accordingly, Defendants respectfully request ten-hours to ensure adequate time to present a fuller depiction of this case.

To be sure, Defendants are not asking for this trial to be extended beyond Tuesday, December 19. Defendants are merely requesting permission to fully maximize the time they understood was allotted, and to be able to present a full case.

As the Court is no doubt aware, this is an extremely important case to both sides, and it presents novel claims of constitutional law. Defendants are mindful of the Court's interest in conducting an efficient trial, but the trial should not be condensed to such a degree as to restrict Defendants from presenting significant, relevant evidence that will assist the Court in resolving this matter.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' request for a full ten hours to present evidence.

Dated: December 15, 2023                                        Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
DOROTHY CANEVARI
MADELINE MCMAHON
DANIELLE YOUNG
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*