# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### ASHEVILLE DIVISION

| | | |
|---|---|---|
| CARYN DEVINS STRICKLAND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **Civil No. 1:20-cv-00066-WGY** |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## NOTICE OF PLAINTIFF'S UPDATED LIST OF TRIAL EXHIBITS SUBJECT TO HER MOTION TO ADMIT TRIAL EXHIBITS AND DEPOSITION DESIGNATIONS

On December 7, 2023, Plaintiff moved to admit her trial exhibits and deposition designations. *See* ECF No. 364. This Court stated during trial that it would allow Plaintiff to argue her motion for admission of exhibits prior to closing arguments. To streamline the proceeding and serve the interests of judicial efficiency, Plaintiff provides the following updated list of exhibits subject to her pending motion to admit exhibits, based on the exhibits and deposition designations admitted at trial, along with Defendants' stated objections and Plaintiff's responses.[1] *See* ECF No. 376-1 (updated exhibit list). All citations below are to the parties' updated exhibit list, filed at ECF No. 376-1, unless otherwise stated.

### A.  Deposition Designations

Defendants have not objected to Plaintiff's deposition designations for her fact witnesses, including (1) Anthony Martinez, (2) Jill Langley, (3) Hon. Roger Gregory, (4) Ed Smith, (5) Nancy Dunham, (6), Heather Beam, and (7) James Ishida. *See* Pl's Ex. 16–22. Defendants

---

[1] Plaintiff also moved for the Court to adopt her exhibit list. Because the parties have filed an amended exhibit list, that portion of her motion is moot (subject to Plaintiff's preservation of her objections for appeal).

1

stated, "Defendants agree to the identification of deposition designations as exhibits subject to the specific objections and counter-designations noted by Defendants in ECF No. 354-3." *Id.* Accordingly, Plaintiff's deposition designations should be part of the trial record.[2]

**B.    Trial Exhibits**

The outstanding exhibits for which Plaintiff is seeking admission are grouped by witness below, unless otherwise stated, and are not subject to any authenticity or foundation objections:

**James Ishida**

- Pl. Ex. 30 (AO Interference Email): Defendants object on grounds of relevancy (402), lacks personal knowledge (602).  Response: The statements are relevant because they are being offered to show that the Defender fabricated an allegation about Plaintiff and thereby improperly influenced Fourth Circuit officials (*i.e.*, that the FEOO was "interfering" on Plaintiff's behalf because she was Plaintiff's "friend").  The Rule 602 objection lacks merit because the purpose of offering the exhibit is not that the Circuit Executive had personal knowledge of the truth of the matter, but that he relayed these allegations without conducting due diligence to determine whether they had merit.

- Pl. Exs. 40, 86, 87 (Emails between Caryn Strickland and James Ishida): Defendants object on Rule 106 grounds.  Response: If Defendants identify documents that should be included on Rule 106 grounds, Plaintiff will consider appending the documents or portions of documents they identified.

- Pl. Ex. 43 (Emails Between Caryn Strickland and James Ishida): Defendants object on relevancy (402) grounds.  Response: This document is an email dated June 4, 2019 from Mr.

---

[2] During trial, the Court agreed to accept Plaintiff's deposition designation for her front pay expert, Gary Albrecht.  Plaintiff's motion to admit the deposition designation for her workplace investigations expert, Vida G. Thomas, remains pending.  *See* ECF No. 362.

Ishida stating that "disciplinary action was taken last week as a result of your report of wrongful conduct." The email is relevant to show that disciplinary action was taken as a result of Plaintiff's report of wrongful conduct.

- Pl. Ex. 75 (190109_1116), Pl. Ex. 81 (180918_0845), Pl. Ex. 90 (181127_1711), Pl. Ex. 100 (190507_1621): Defendants object on Rule 106 grounds. Response: If Defendants identify documents that should be included on Rule 106 grounds, Plaintiff will consider appending the documents or portions of documents they identified. In addition, Defendants object to the use of the transcript instead of the original audio recording. Response: Plaintiff does not object to the admission of the original audio recording with the use of the transcript as an aid to the Court in reviewing the recording. If that is the solution the Court would prefer, Plaintiff will submit the audio recordings as exhibits. Until Plaintiff receives further guidance from the Court, she has continued to refer to the audio recordings using her internal exhibits in the proposed findings of fact and conclusion of law.

- Pl. Ex. 85 (Emails Between James Ishida and Caryn Strickland): Defendants object on relevancy grounds (402). Response: The emails are relevant because they show when Mr. Ishida and Plaintiff spoke in May 2019 about the ongoing wrongful conduct proceeding.

  **Heather Beam**

- Pl. Ex. 31 (Heather Beam EDR investigation notes): Defendants object on hearsay grounds (802). Response: Admissions by a party opponent, business records, public records. In addition, the investigation notes were admitted as an exhibit during Ms. Beam's deposition, which is being offered pursuant to Fed. R. Civ. P. 32.

- Pl. Ex. 48 (March 2019 Heather Beam "True Pain" Email): Defendants object on relevancy grounds (402). Response: The email is relevant to show the Investigator's bias against

3

Plaintiff and retaliatory action by the Investigator and the Clerk of Court in relation to Plaintiff's job prospects.

- Pl. Ex. 82 (181005_1434), Pl. Ex. 83 (181109_1540): Defendants object on Rule 106 grounds. Response: If Defendants identify documents that should be included on Rule 106 grounds, Plaintiff will consider appending the documents or portions of documents they identified. In addition, Defendants object to the use of the transcript instead of the original audio recording. Response: Plaintiff does not object to the admission of the original audio recording with the use of the transcript as an aid to the Court in reviewing the recording. If that is the solution the Court would prefer, Plaintiff will submit the audio recordings as exhibits. Until Plaintiff receives further guidance from the Court, she has continued to refer to the audio recordings using her internal exhibits in the proposed findings of fact and conclusion of law.

### J.P. Davis

- Pl. Ex. 32, 33, 35, 36 (Emails between JP Davis and Heather Beam): Defendants object on relevancy grounds (402). Response: The emails are relevant to show that the EDR investigator allowed J.P. Davis to repeatedly contact her during the investigation, thereby allowing him to influence her. In addition, the emails contain admissions that the FDO did nothing between the conversion from a community defender organization to a federal defender organization to train FDO employees on harassment or make them aware of EEO/EDR policies.

### Anthony Martinez

- Pl. Ex. 38 (December 2018 Significant Event Log): Defendants object on grounds of lacks personal knowledge (602), hearsay (802). Response: Admissions by a party opponent,

4

business records, public records. Defender Martinez has knowledge of the events in his own significant events log, even if the log was drafted by his administrative assistant on his behalf.

- Pl. Ex. 53: August 2018 Backdated AO Form 51: Defendants object on grounds of relevancy (402). Response: The document is relevant because it shows that the conversion from R&W to AFD was backdated to August 20, 2018, the day before Plaintiff became eligible for a promotion on August 21, 2018. In addition, the document shows that the Defender requested to eliminate Plaintiff's locality pay.

- Pl. Ex. 58 (FDO EDR Complaints), Pl. Ex. 70 (EDR Complaint attachment): Defendants object on the grounds stated in their motion in limine. ECF No. 330. Plaintiff's response is filed at ECF No. 344. In addition, Plaintiff intends for her discussion of the EDR complaints in her proposed findings of fact and conclusions of law to serve as a written offer of proof.

  **Bill Moormann**

- Pl. Ex. 101 (Emails Between William Moormann and AO HR officials): Defendants object on relevancy grounds (402). Response: The emails demonstrate that the FDO provided a nearly $15,000 raise to Jared Martin, the FDO's other research and writing attorney, "in less than the standard 52 weeks" on March 25, 2019, less than two weeks after Plaintiff forcibly resigned from the FDO. The email states that the "the usual Grade and Step pay changes did not occur" due to the reclassification. This exhibit further undermines Defendants' assertion that Plaintiff was not eligible for a grade-level promotion in August 2018 and demonstrates that she was treated differently than a similarly situated male attorney.

**Other**

- Pl. Ex. 55 Federal Judicial Center "Preventing Workplace Harassment for Court Staff":
  Defendants object on grounds of Rule 106, relevance (402).  Response: If Defendants
  identify documents that should be included on Rule 106 grounds, Plaintiff will consider
  appending the documents or portions of documents they identified.  The exhibit is relevant
  because it shows that the EDR Investigator did not follow the judiciary's standards for
  identifying quid pro quo sexual harassment.

- Pl. Ex. 56 (Emails between Caryn Strickland and Nancy Dunham): Defendants object on
  grounds of relevance (402), hearsay (802).  Response: The document is an email from
  Plaintiff to the Fair Employment Opportunity Officer containing the office charts for the
  FDO.  The office charts are admissions by a party opponent, business records, public records.
  The exhibit is being offered to show that Plaintiff was placed back under the First Assistant's
  supervision on his trial team after the Defender was on notice of her complaints in July 2018.
  In addition, even after the Defender removed Plaintiff from the First Assistant's trial team, he
  issued a new office chart that still listed Plaintiff as reporting directly to the First Assistant.
  Defendants questioned Plaintiff about other emails between Plaintiff and the FEOO, and this
  email chain is necessary to provide further relevant context.  Because the emails are not
  being offered to prove the truth of the matter asserted regarding any conversations between
  Plaintiff and the FEOO, Plaintiff requests an opportunity to submit office charts that
  Defendants produced in discovery as a substitute for this exhibit if the hearsay objection is
  sustained.

- Pl. Ex. 57: Excerpts of Audio Recordings: Defendants object on Rule 106 grounds.

  Response: If Defendants identify documents that should be included on Rule 106 grounds, Plaintiff will consider appending the documents or portions of documents they identified.

- Pl. Ex. 69: 2019 EDR Interpretive Guide and Handbook: Defendants object on relevancy grounds (402). Response: The document is relevant to show the judiciary's standards regarding impartial and prompt investigations, including disqualification of an accused unit executive.

- Pl. Ex. 76: Lessons from a Circuit Mediator Slideshow: Defendants object on grounds of relevance (402), lacks personal knowledge (602). Response: This document is relevant to show the Mediator's expertise in the EDR process when he made statements to Plaintiff that resulted in her believing there would be no meaningful remedies and leading to her involuntary resignation. The Mediator has personal knowledge of this exhibit because this was a powerpoint presentation he gave.

- Pl. Ex. 104: AOWeb and UVM Articles regarding Caryn Strickland's "dream job" as a federal defender: Defendants object that these articles were not disclosed in discovery and on hearsay grounds (Rule 802). Response: The UVM article was disclosed in Plaintiff's initial disclosures served on May 25, 2020. The AOWeb article was created by Defendants, and it is unclear why Defendants did not produce it in discovery. Further, both articles are subject to judicial notice. The hearsay objection lacks merit because the articles contain statements that fall within the state of mind and present sense impression exceptions to the hearsay rule.

  This the 18th day of December, 2023.

  Respectfully Submitted,

7

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of December, 2023, I will electronically file the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

     Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

     Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

     Danielle Young at Danielle.young2@usdoj.gov

     Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

                            */s/ Cooper Strickland*
                            Cooper Strickland
                            N.C. Bar No. 43242
                            P.O. Box 92
                            Lynn, NC 28750
                            Tel. (828) 817-3703
                            cooper.strickland@gmail.com