# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

On the morning of the first day of trial, December 11, 2023, Plaintiff filed a sealed 450-page Proposed Findings of Fact and Conclusions of Law. *See* ECF No. 371. At the time Plaintiff filed this document, the parties had agreed that only seven joint exhibits should be admitted into evidence, and the Court had not yet made rulings on any other exhibits. Nor had any witnesses testified at trial. Because Plaintiff's sealed filing cites documents outside of the trial record and misleadingly references objected-to lettered exhibits as numbered trial exhibits, it is improper and likely to cause confusion. Plaintiff's Proposed Findings of Fact and Conclusions of Law should be stricken for at least two separate reasons.

*First,* Plaintiff's filing relies upon documents beyond the scope of the trial record. For example, in both her findings of fact and conclusions of law, Plaintiff relies on several declarations that were neither offered as exhibits nor properly admitted as evidence in this case. *See, e.g.,* ECF No. 371 at 18-19 ¶ 22b, 36-37 ¶27a, 38 ¶28a, 52 ¶38d, 55 ¶44c, 70 ¶67e, 82-83 ¶76a, 117 ¶102c, 118-20 ¶102d, 127-28 ¶¶107a-107b, 289 ¶278c, 293-94 ¶282b, 395, 401. Additionally, Plaintiff cites to numbered exhibits as if they were admitted at trial when, in fact, many of these exhibits were not admitted into evidence, and in some cases were specifically excluded by the court. *See, e.g., id.* at 18 ¶22a, 19-20 ¶22c, 20-21

1

¶22d, 22-28 ¶¶22f-22g, 29-32 ¶22h, 33-34 ¶23d, 35 ¶ 26b, 43-44 ¶29e (citing an exhibit marked as BB for identification as Trial Exhibit 58 although the Court excluded this document from evidence); *id.* at 55-56 ¶44d, 227 ¶ 235d, 383 (citing an exhibit marked as AY for identification as Trial Exhibit 55 although the Court excluded this document from evidence); *id.* at 43 ¶29c, 46-47 ¶33c (citing an exhibit marked as BN for identification as Trial Exhibit 70). Such reliance on evidence outside of the record is improper. *See Pound v. Airosol Co., Inc.,* No. 02-2632, 2009 WL 10689043, at *1 (D. Kan. Jan. 13, 2009) (concluding that, "with regard to [proposed] findings of facts, a citation to evidence not in the record is improper"); *Ex rel. Wallmow v. Oneida Cnty.*, No. 22-cv-241, 2023 WL 3535575, at *1 (W.D. Wis. May 18, 2023), *appeal filed*, No. 23-2141 (7th Cir. 2023) (disregarding "[s]everal of plaintiff's proposed findings of fact [that are] supported with citations to evidence that is not part of the record"); *Plumley v. Coiner*, 361 F. Supp. 1117, 1118 (S.D.W. Va. 1973) (issuing findings of fact based on "the testimony adduced at [an evidentiary] hearing, the pleadings and exhibits made a part of the record"). The Court should thus strike this filing.

*Second*, Plaintiff impermissibly filed her Proposed Findings of Fact and Conclusions of Law under seal. The Court expressly ordered that "[n]othing is to be filed in court under seal unless and until this Court upon motion expressly so orders." Apr. 19, 2023 Order, ECF No. 203. Plaintiff did not file any motion to seal this document. Moreover, on the first and last days of trial, the Court reiterated that it had not previously sealed any trial exhibits and would be deciding this case on only evidence contained in the public record. Because Plaintiff improperly filed this document under seal, the Court should strike her filing.

For these reasons, the Court should strike Plaintiff's Proposed Findings of Fact and Conclusions of Law.[1]

Dated: December 21, 2023            Respectfully submitted,

                                           BRIAN M. BOYNTON
                                           Principal Deputy Assistant Attorney General

                                           CARLOTTA P. WELLS
                                           Assistant Branch Director

                                           JOSHUA KOLSKY
                                           Senior Trial Counsel

                                           */s/ Dorothy Canevari*
                                           DOROTHY CANEVARI
                                           (NY Bar No. 5989694)
                                           MADELINE MCMAHON
                                           DANIELLE YOUNG
                                           Trial Attorneys, Federal Programs Branch
                                           U.S. Department of Justice, Civil Division
                                           1100 L Street, NW, Room 11507
                                           Washington, DC 20001
                                           Tel.: (202) 616-8040
                                           Email: dorothy.m.canevari@usdoj.gov

                                           *Counsel for Defendants*

---

[1] Defendants' counsel asked Plaintiff's counsel for Plaintiff's position on this motion. Plaintiff opposes this motion.