# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ADMIT HER TRIAL EXHIBITS AND DEPOSITION DESIGNATIONS

Before the Court is Plaintiff's motion to admit all of her exhibits and deposition designations, ECF No. 364,[1] and a supplemental "Notice," ECF No. 378, in which she renews her request to admit nearly 30 of these exhibits and details her responses to Defendants' objections. Subject to the objections and counter-designations set forth in ECF No. 354-3, Defendants do not oppose the admission of Plaintiff's deposition designations of fact witnesses.[2] As to the additional exhibits Plaintiff seeks to admit, the evidentiary phase of the trial in this case ended and the Court closed the evidentiary record. For this reason and the others outlined below, the Court should exclude Plaintiff's additional exhibits.

*First*, on December 19, 2023, the Court ordered that the evidentiary portion of the case had concluded and that the evidentiary record was closed.[3] During the trial, which took place from December 11 to December 19, 2023, the parties presented their evidence, including live witness

---

[1] During trial, the Court resolved many of these issues contained in Plaintiff's December 7 motion to admit her exhibits, so Plaintiff appears to have only included the remaining issues in her Notice. Defendants respond to those arguments here.

[2] On December 1, 2023, Defendants sent paper copies of the portions of transcripts that Defendants have counter-designated to the Court.

[3] The Court indicated it will hold closing arguments on January 4, 2024.

1

testimony. Plaintiff chose not to call any witnesses during her case-in-chief, and instead, admitted several objected-to exhibits through cross examination. At the close of Defendants' case, the Court asked Plaintiff if she planned to put on any rebuttal evidence. She indicated that she did not. Plaintiff had the opportunity during the evidentiary phase of trial to properly introduce the exhibits that she now to seek to admit in her Notice, and she chose not to. Because the Court has closed the evidentiary record in this case, any attempt to admit any additional exhibits into evidence is moot.

*Second*, Plaintiff has not established any foundation for the majority of the exhibits she identifies in her Notice because she did not introduce them through live witness testimony. Without such testimony, there is no evidentiary basis for admission of documents at trial. "Before any item of documentary evidence is admitted, of course, the proponent of that document or recording must lay an adequate foundation for that evidence's admission." *United States v. Willie*, 308 F. Supp. 2d 724, 725 (E.D. Va. 2004) (citing *United States v. Wilson*, 115 F.3d 1185, 1188-89 (4th Cir. 1997)). Despite grouping the exhibits in her Notice "by witness," Plaintiff did not even attempt to introduce the majority of these exhibits during her examinations of witnesses, nor did she call witnesses herself during the trial. While Plaintiff may contend that Defendants did not raise authenticity objections to her exhibits in advance of trial, as the Court recognized on December 19, authenticity objections are distinct from foundation objections and Defendants are entitled to raise the latter. Moreover, Defendants were not aware until trial that Plaintiff was not planning to establish a foundation for many of her exhibits through live witness testimony, particularly since she listed several witnesses in the parties' joint pretrial statement that she planned to call for this purpose, ECF No. 259 at 106.

Despite this attempt to move exhibits into evidence without any foundation, it is clear that Plaintiff understands the necessity of laying a foundation through witness testimony since she *did* introduce several of the exhibits listed in her Notice during cross examination. Those exhibits are now in evidence. For example, during her cross examination of William Moormann, Plaintiff laid a

2

foundation for Exhibit CQ through Moormann's testimony and the Court admitted it into evidence as Trial Exhibit 187. And during her cross examination of Anthony Martinez, Plaintiff laid a foundation for Exhibits AX and AI, and the Court admitted them into evidence as Trial Exhibits 174 and 175, respectively. But for the remainder of the lettered exhibits in her Notice,[4] Plaintiff has not established the predicates necessary to admit these exhibits into evidence. Accordingly, they should be excluded. *See United States v. Bacas*, 662 F. Supp. 2d 481, 487 (E.D. Va. 2009) (excluding exhibits "because the [proponent] failed to lay a proper foundation" for their admission).

*Third*, if the Court does entertain Plaintiff's arguments about why the remainder of her exhibits should be admitted, they should either be completed under Federal Rule of Evidence ("FRE") 106, or for those exhibits with other objections, excluded altogether.

As to the exhibits with only FRE 106 objections, three of these exhibits are incomplete email chains. The rest involve clips from six audio recordings. Several of Plaintiff's exhibits involve clips from the same audio recordings. Attached to this filing is a chart that sets forth the exhibits that correspond with each audio recording, as well as the documents that Defendants contend are incomplete. *See* Attachment 1.[5] To permit the Court to review the complete documents and recordings, Defendants plan to send a flash drive with three folders to the Court: one folder entitled "Plaintiff's Completed Documents" that contains the completed documents, one folder entitled "Plaintiff's Completed Audio Files" that contains the full audio recordings, and one folder entitled "Transcripts for Audio Files" that contains transcripts of the recordings.

---

[4] At the trial on December 19, 2023, the Court held that Exhibits AY and BB were not admissible.
[5] In her Notice, Plaintiff refers to her exhibits with numbers, even though they are not in evidence. Because these exhibits are not in evidence, under the Court's exhibit labeling system, they should be lettered, not numbered. However, in the attached charts, Defendants include both Defendants' lettering and Plaintiff's internal numbering for ease of reference.

As to the exhibits for which Defendant has asserted other objections,[6] for the Court's convenience Defendants have attached a separate chart noting Plaintiff's response to Defendants' objections that she included in her Notice and Defendants' explanation about why these exhibits should not be admitted. *See* Attachment 2. Accordingly, even if the Court were to reopen the evidentiary record and find that Plaintiff may introduce exhibits into evidence without establishing the proper foundation, the exhibits should nevertheless be excluded for the reasons stated in that chart.

In sum, while Defendants do not oppose including the deposition designations in evidence (subject to Defendants' objections and counter-designations), the Court should exclude the additional exhibits Plaintiff seeks to admit.

Dated: December 22, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

*/s/ Madeline M. McMahon*
MADELINE MCMAHON
DANIELLE YOUNG
DOROTHY CANEVARI
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20001
Tel.: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*

---

[6] Defendants' objections in the attached chart (Attachment 2) were timely made before trial, and they are noted in the exhibit lists filed previously with the Court. *See* ECF Nos. 354-1, 376-1. Defendants have withdrawn their objection to Exhibit AB.