# Attachment 2

**JOINT EXHIBIT LIST**

| Trial Ex. | *Internal Numbering (D) as of 12/1/2023 (ECF No. 354)* | *Internal Numbering (P) as of 12/11/2023 (ECF No. 375)* | Description of Exhibit | Defendants' Objections (ECF Nos. 354, 376) | Plaintiff's Response (ECF No. 378) | Defendants' Response |
|---|---|---|---|---|---|---|
| AA | | 30 | August 2018 James Ishida (Circuit Executive/ EDR Coordinator) AO Interference Email (ECF No. 248-14, US2558-2561) | Relevance (FRE 401, 402, 403); Lacks Personal Knowledge (FRE 602) | The statements are relevant because they are being offered to show that the Defender fabricated an allegation about Plaintiff and thereby improperly influenced Fourth Circuit officials (i.e., that the FEOO was "interfering" on Plaintiff's behalf because she was Plaintiff's "friend"). The Rule 602 objection lacks merit because the purpose of offering the exhibit is not that the Circuit Executive had personal knowledge of the truth of the matter, but that he relayed these allegations without conducting due diligence to determine whether they had merit. | In this email, Mr. Ishida recounts a statement he heard from Mr. Martinez, who in turn recounted a statement he heard from Ms. Beam. The exhibit lacks foundation under Rule 602 because Mr. Ishida has no personal knowledge of the statements set forth in this email. He is merely repeating a comment he heard from Mr. Martinez, who also lacks personal knowledge of the events described. The only individual with personal knowledge is Ms. Beam, who did not testify at trial. Further, the email is irrelevant under Rule 402, because whether Ms. Beam thought that someone at the AO had told her to tell Mr. Martinez to give Plaintiff what she wanted is not relevant to either the equal protection claim or the due process claim. Finally, for similar reasons, the statements contained in the email are unreliable and their probative value is far outweighed by their potential for confusion, so they should be excluded under Rule 403. And if the Court does admit this exhibit, Defendants reserve the right to introduce a rebuttal exhibit, which is a subsequent email from Mr. Ishida demonstrating that this email reflects a misunderstanding. |
| AB | | 31 | Heather Beam (EDR Investigator/Counselor) Investigation Notes (ECF No. 248-14, US5947-5951) | | | Defendants withdraw any objections to this exhibit. |
| AC | | 32 | Emails between Heather Beam (EDR Investigator/Counselor) and J.P. Davis (First Assistant) (ECF No. 248-14, US1357-1360) | Relevance (FRE 401, 402, 403) | The emails are relevant to show that the EDR investigator allowed J.P. Davis to repeatedly contact her during the investigation, thereby allowing him to influence her. In addition, the emails contain admissions that the FDO did nothing between the conversion from a community defender organization to a federal defender organization to train FDO employees on harassment or make them aware of EEO/EDR policies. | This email chain, in which Mr. Davis contacts the investigator, Ms. Beam, to ask for generic updates about the status of the investigation, has no relevance to whether the investigation was unduly influenced. Mr. Davis knew he was a subject of the investigation who would be interviewed by Ms. Beam, and his emails about the status of the investigation have no probative value. Further, the adequacy of the investigation has no relevance to to either (1) whether Mr. Martinez was deliberately indifferent to Plaintiff's reports of sexual harassment (her equal protection claim) or (2) whether Plaintiff was led to believe Mr. Martinez would be the final decisionmaker on her EDR claims (her due process claim). Finally, contrary to Plaintiff's contention, this email chain contains no information about how the FDO trained its employees when it coverted from a CDO, nor is that even relevant to either of Plaintiff's claims. |

**JOINT EXHIBIT LIST**

| Trial Ex. | *Internal Numbering (D) as of 12/1/2023* (ECF No. 354) | *Internal Numbering (P) as of 12/11/2023* (ECF No. 375) | Description of Exhibit | Defendants' Objections (ECF Nos. 354, 376) | Plaintiff's Response (ECF No. 378) | Defendants' Response |
|---|---|---|---|---|---|---|
| AD | | 33 | Emails between Heather Beam (EDR Investigator/Counselor) and J.P. Davis (First Assistant) (ECF No. 248-14, US1353-1354) | Relevance (FRE 401, 402, 403) | The emails are relevant to show that the EDR investigator allowed J.P. Davis to repeatedly contact her during the investigation, thereby allowing him to influence her. In addition, the emails contain admissions that the FDO did nothing between the conversion from a community defender organization to a federal defender organization to train FDO employees on harassment or make them aware of EEO/EDR policies. | This email chain, in which Mr. Davis discusses scheduling his interview with the investigator, Ms. Beam, has no relevance to whether the investigation was unduly influenced. Mr. Davis was a subject of the investigation, and administrative emails discussing timing and setting up his interview have no probative value. Further, the adequacy of the investigation has no relevance to to either (1) whether Mr. Martinez was deliberately indifferent to Plaintiff's reports of sexual harassment (her equal protection claim) or (2) whether Plaintiff was led to believe Mr. Martinez would be the final decisionmaker on her EDR claims (her due process claim). Finally, contrary to Plaintiff's contention, this email chain contains no information about how the FDO trained its employees when it coverted from a CDO, nor is that even relevant to either of Plaintiff's claims. |
| AF | | 35 | Emails between Heather Beam (EDR Investigator/Counselor) and J.P. Davis (First Assistant) (ECF No. 248-14, US1343-1347) | Relevance (FRE 401, 402, 403) | The emails are relevant to show that the EDR investigator allowed J.P. Davis to repeatedly contact her during the investigation, thereby allowing him to influence her. In addition, the emails contain admissions that the FDO did nothing between the conversion from a community defender organization to a federal defender organization to train FDO employees on harassment or make them aware of EEO/EDR policies. | This email chain, in which Mr. Davis follows up on his interview by Ms. Beam with additional information and asks about the timing of her report, has no relevance to whether the investigation was unduly influenced. Mr. Davis was a subject of the investigation who was interviewed by Ms. Beam, and his follow up emails providing her with additional factual information have no probative value. Further, the adequacy of the investigation has no relevance to to either (1) whether Mr. Martinez was deliberately indifferent to Plaintiff's reports of sexual harassment (her equal protection claim) or (2) whether Plaintiff was led to believe Mr. Martinez would be the final decisionmaker on her EDR claims (her due process claim). Finally, information about how the FDO trained its employees when it coverted from a CDO has no relevance to either of Plaintiff's claims. |
| AG | | 36 | Emails between Heather Beam (EDR Investigator/Counselor), J.P. Davis (First Assistant), and Anthony Martinez (ECF No. 248-14; Bates No. US2822–23, 2820) | Relevance (FRE 401, 402, 403) | The emails are relevant to show that the EDR investigator allowed J.P. Davis to repeatedly contact her during the investigation, thereby allowing him to influence her. In addition, the emails contain admissions that the FDO did nothing between the conversion from a community defender organization to a federal defender organization to train FDO employees on harassment or make them aware of EEO/EDR policies. | This exhibit reflects two email chains: in one, Ms. Beam simply updates Mr. Davis about the timing of her investigation and when to expect the final report, and in the other, Ms. Beam states that she has sent a copy of her report to Mr. Ishida. These email chains are primarily administrative, and neither has any relevance to whether the investigation was unduly influenced. Further, the adequacy of the investigation has no relevance to to either (1) whether Mr. Martinez was deliberately indifferent to Plaintiff's reports of sexual harassment (her equal protection claim) or (2) whether Plaintiff was led to believe Mr. Martinez would be the final decisionmaker on her EDR claims (her due process claim). Finally, contrary to Plaintiff's contention, this email chain contains no information about how the FDO trained its employees when it coverted from a CDO, nor is that even relevant to either of Plaintiff's claims. |

**JOINT EXHIBIT LIST**

| Trial Ex. | Internal Numbering (D) as of 12/1/2023 (ECF No. 354) | Internal Numbering (P) as of 12/11/2023 (ECF No. 375) | Description of Exhibit | Defendants' Objections (ECF Nos. 354, 376) | Plaintiff's Response (ECF No. 378) | Defendants' Response |
|---|---|---|---|---|---|---|
| AN | 43 | | Emails between Caryn Strickland (Plaintiff) and James Ishida (Circuit Executive/ EDR Coordinator) (ECF No. 248-14, 248-15, US4714) | Relevance (FRE 401, 402, 403) | This document is an email dated June 4, 2019 from Mr. Ishida stating that "disciplinary action was taken last week as a result of your report of wrongful conduct." The email is relevant to show that disciplinary action was taken as a result of Plaintiff's report of wrongful conduct. | This is an administrative email sent after Plaintiff left the FDO updating her on the status of what happened as a result of the investigation. Mr. Ishida testified at trial that the letter of counseling to Mr. Martinez and the counseling for Mr. Davis were not "disciplinary action" and in any event, the letter of counseling received by Mr. Martinez speaks for itself. This administrative email therefore has no relevance to either (1) whether Mr. Martinez was deliberately indifferent to Plaintiff's reports of sexual harassment (her equal protection claim) or (2) whether Plaintiff was led to believe Mr. Martinez would be the final decisionmaker on her EDR claims (her due process claim). |
| AS | 48 | | March 2019 Heather Beam (EDR Investigator/Counselor) "True Pain" Email (ECF No. 248-15, US4025-4026) | Relevance (FRE 401, 402, 403) | The email is relevant to show the Investigator's bias against Plaintiff and retaliatory action by the Investigator and the Clerk of Court in relation to Plaintiff's job prospects. | This email is hearsay because it is an out-of-court statement introduced for the truth of the matter asserted. It is not a statement of a party opponent (FRE 801(d)(2)(D)) because Ms. Beam is not acting in her capacity as EDR investigator in this email (and therefore she is neither ~~as~~ Defendants' agent nor their employee acting in the scope of her employment as EDR investigator). She is responding in her role working as an HR specialist for the district court in the WDNC, a separate court unit from the FDO. It is also irrelevant to the events at issue in this case because the investigation had concluded months before Ms. Beam sent this email. Further, the adequacy of the investigation has no relevance to either (1) whether Mr. Martinez was deliberately indifferent to Plaintiff's reports of sexual harassment (her equal protection claim) or (2) whether Plaintiff was led to believe Mr. Martinez would be the final decisionmaker on her EDR claims (her due process claim). |

**JOINT EXHIBIT LIST**

| Trial Ex. | *Internal Numbering (D) as of 12/1/2023 (ECF No. 354)* | *Internal Numbering (P) as of 12/11/2023 (ECF No. 375)* | Description of Exhibit | Defendants' Objections (ECF Nos. 354, 376) | Plaintiff's Response (ECF No. 378) | Defendants' Response |
|---|---|---|---|---|---|---|
| AZ | | 56 | Emails between Caryn Strickland (Plaintiff) and Nancy Dunham (AO FEOO) (ECF No. 248-15, US1056-1059) | Relevance (FRE 401, 402, 403); Hearsay (FRE 802); | The document is an email from Plaintiff to the Fair Employment Opportunity Officer containing the office charts for the FDO. The office charts are admissions by a party opponent, business records, public records. The exhibit is being offered to show that Plaintiff was placed back under the First Assistant's supervision on his trial team after the Defender was on notice of her complaints in July 2018. In addition, even after the Defender removed Plaintiff from the First Assistant's trial team, he issued a new office chart that still listed Plaintiff as reporting directly to the First Assistant. Defendants questioned Plaintiff about other emails between Plaintiff and the FEOO, and this email chain is necessary to provide further relevant context. Because the emails are not being offered to prove the truth of the matter asserted regarding any conversations between Plaintiff and the FEOO, Plaintiff requests an opportunity to submit office charts that Defendants produced in discovery as a substitute for this exhibit if the hearsay objection is sustained. | While Mr. Martinez removed Plaintiff from supporting Mr. Davis's trial team on July 24, 2018 (not at Plaintiff's request, but at his own initiative), it is undisputed that Plaintiff was not removed from Mr. Davis's line of supervision until August 10, 2018. Accordingly, these office charts have no probative value. Moreover, Plaintiff has not identified any additional context that these emails are necessary to show. Her correspondence with the FEOO has no relevance to either (1) whether Mr. Martinez was deliberately indifferent to Plaintiff's reports of sexual harassment (her equal protection claim) or (2) whether Plaintiff was led to believe Mr. Martinez would be the final decisionmaker on her EDR claims (her due process claim). |
| BM | | 69 | 2019 Employment Dispute Resolution Interpretative Guide & Handbook (ECF No. 250-13) | Relevance (FRE 401, 402, 403) | The document is relevant to show the judiciary's standards regarding impartial and prompt investigations, including disqualification of an accused unit executive. | This EDR Guide is not relevant because it was issued on January 1, 2020, which post-dates the events in this case (Plaintiff left the FDO in March 2019). It did not apply to any of the conduct at issue in the case. It therefore has no relevance to whether Mr. Martinez was deliberately indifferent in his response to Plaintiff's report of sexual harassment. As to Plaintiff's due process claim, an EDR Guide that Plaintiff did not see during the events at issue (nor did it even exist at that time) is not relevant to whether Mr. Martinez would be the final decisionmaker on her claims. |
| BN | | 70 | **SEALED (ECF No. 253)** Other EDR Complaint Investigation Report Attachment (ECF No. 250-16, US7497-7500) | Relevance (FRE 401, 402, 403); Hearsay (FRE 802). Defendants have filed a motion in limine, ECF No. 330, that sets forth a fulsome discussion of these objections. | Plaintiff's response is filed at ECF No. 344. In addition, Plaintiff intends for her discussion of the EDR complaints in her proposed findings of fact and conclusions of law to serve as a written offer of proof. | This document is hearsay, as it is an out-of-court statement introduced for the truth of the matter asserted. Moreover, this exhibit comes from another individual's EDR complaint, and the Court already excluded other EDR complaints (Exhibit BB). Finally, the exhibit lacks foundation because it is not clear who wrote this document. |
| BT | | 76 | Lessons From a Circuit Mediator Slideshow (ECF No. 255-10, US3580-3602) | Relevance (FRE 401, 402, 403); Lacks Personal Knowledge (FRE 602) | This document is relevant to show the Mediator's expertise in the EDR process when he made statements to Plaintiff that resulted in her believing there would be no meaningful remedies and leading to her involuntary resignation. The Mediator has personal knowledge of this exhibit because this was a powerpoint presentation he gave. | For her due process claim, Plaintiff argues that, in statements made during her mediation, Mediator Ed Smith led her to believe that Mr. Martinez would be the final decisionmaker on her EDR claims. This document post-dates Plaintiff's mediation and is therefore irrelevant to how Plaintiff understood Smith's statements made during the mediation. |

**JOINT EXHIBIT LIST**

| Trial Ex. | *Internal Numbering (D) as of 12/1/2023 (ECF No. 354)* | *Internal Numbering (P) as of 12/11/2023 (ECF No. 375)* | Description of Exhibit | Defendants' Objections (ECF Nos. 354, 376) | Plaintiff's Response (ECF No. 378) | Defendants' Response |
|---|---|---|---|---|---|---|
| | CC | 85 | Emails between James Ishida (Circuit Executive/ EDR Coordinator) and Caryn Strickland (Plaintiff) (US0476) | Relevance (FRE 401, 402, 403) | The emails are relevant because they show when Mr. Ishida and Plaintiff spoke in May 2019 about the ongoing wrongful conduct proceeding. | An update from Mr. Ishida about whether the Chapter IX wrongful conduct claim is still open has no relevance to whether Mr. Martinez was deliberately indifferent to Plaintiff's reports of sexual harassment, and thus no relevance to her equal protection claim. As to Plaintiff's due process claim, the date on which Mr. Ishida and Plaintiff spoke about the status of the Chapter IX wrongful conduct claim is not relevant to whether Plaintiff was led to believe Mr. Martinez would be the final decisionmaker on her claims. |
| | CT | 104 | AOWeb and UVM Articles regarding Caryn Devins Strickland's "dream job" as a federal public defender | Untimely; Defendants object that Plaintiff did not identify this exhibit by Bates number or otherwise by the deadline to disclose trial exhibits, and that it was not produced in discovery. *See* FRCP 26(e). Hearsay (FRE 802). | The UVM article was disclosed in Plaintiff's initial disclosures served on May 25, 2020. The AOWeb article was created by Defendants, and it is unclear why Defendants did not produce it in discovery. Further, both articles are subject to judicial notice. The hearsay objection lacks merit because the articles contain statements that fall within the state of mind and present sense impression exceptions to the hearsay rule. | Both documents are hearsay because they are out-of-court statements introduced for the truth of the matter asserted, and not to show Plaintiff's state of mind. These documents were not disclosed in discovery and are therefore should not be in evidence. *See* FRCP 26(e), 37(c). Further, these articles have no relevance to the events at issue in this case, which began after Ms. Strickland began at the FDO in August 2017, so judicial notice would be unnecessary. |