# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ORAL MOTION TO STRIKE TESTIMONY REGARDING CONTINUING RESOLUTION AND LOCALITY PAY "POLICY"**

During the final days of trial on December 18 and December 19, 2023, Mr. William Moormann, the Administrative Officer for the Federal Defender's Office for the Western District of North Carolina ("FDO"), testified in Court. Plaintiff seeks to strike two portions of Mr. Moormann's testimony: (1) any reference to the continuing resolution that was in effect during the events at issue in the case, and (2) any reference to a "policy" regarding how locality pay was reported on an employee's Standard Form 50 ("SF-50"). In support of her motion, Plaintiff claims Defendants had an obligation to provide her this information in advance of trial in response to Plaintiff's Interrogatory No. 3. Not so. Defendants raised appropriate and timely objections to that interrogatory during the discovery period, and Plaintiff failed to move to compel. She also elected not to depose Mr. Moormann, despite the fact that Defendants identified Mr. Moormann during discovery and relied on his declaration at summary judgment. In fact, Defendants disclosed Mr. Moormann as a witness who may have knowledge about the events in this case in response to Plaintiff's Interrogatory No. 1, *see* Ex. A at 4, in their initial disclosures, *see* Ex. B at 3, in the parties' joint pre-trial filing, *see* ECF No. 259 at 108, and they also relied on his declaration during summary judgment briefing, *see* ECF No. 245-2.

1

More specifically, at trial, Mr. Moormann discussed his involvement in converting the FDO's two Research and Writing Specialists ("R&W"), Mr. Jared Martin and Plaintiff, to Assistant Federal Public Defenders ("AFPD") in August 2018. *See* Moormann Testimony, Trial Days 4-5. Mr. Moormann explained that the conversions were intended to be revenue neutral and were not made for any discriminatory reason. *See id.* He further elaborated that one reason no pay raises could occur was that the FDO was operating under a continuing resolution budget. *See id.* The continuing resolution budget was in effect from the end of the fiscal year until December when there was a government-wide shutdown that lasted until late January.[1] *See id.* Such testimony is consistent with paragraph 24 of Mr. Moorman's September 2020 declaration (ECF No. 245-2), in which he discussed a vacancy announcement for a new R&W position posted in the summer of 2018. In this declaration, portions of which Plaintiff showed to Mr. Moorman during his trial testimony, he observed that the FDO was affected by "prior Sequestration and uncertain budgets." ECF No. 245-2, ¶ 24. Thus, Plaintiff reasonably was on notice that budget-related issues affected staffing decisions of the FDO during the time of her conversion from a R&W attorney to an AFD. Mr. Moormann also testified

---

[1] During his testimony, Mr. Moormann discussed the 2018 continuing resolution as one reason why the reclassification of R&W attorneys to AFPDs had to be budget neutral. Defendants' counsel has since learned that the 2018 continuing resolution ended on March 23, 2018. *See* P.L. 115-123. Nevertheless, Mr. Moormann's testimony is consistent with the fact that there were significant budget concerns, several continuing resolutions, and a lengthy government shutdown during the relevant time period Plaintiff was at the FDO, and is also consistent with his prior declaration about "prior Sequestration and uncertain budgets" in effect around the time of her conversion to AFPD. ECF No. 245-2, ¶ 24; *see also* P.L. 115-120 (continuing resolution from January 22–February 8, 2018); P.L. 115-123 (continuing resolution from February 9–March 23, 2018); P.L.115-245 (continuing resolution October 1–December 7, 2018); P.L. 115-298 (continuing resolution December 7–December 21, 2018); P.L. 116-5 (continuing resolution from January 25, 2019–February 15, 2019). The Government was partially shutdown for thirty-four days during this time period. *See, e.g.*, Duration and Number of Continuing Resolutions and Lapses in Appropriations 9, Fiscal Years 2010-2022, GAO, *available at* https://www.gao.gov/products/gao-22-104701.

that Plaintiff's pay was never reduced while she was at the FDO and that she never lost locality pay, explaining that for AFPDs, unlike R&Ws, the locality pay was reflected as a lump sum included with the base pay in box 20C on the employee's SF-50, rather than as two separate amounts. Although Plaintiff claims Defendants should have identified this "policy," there is no written policy that requires this; it is simply how, during the relevant time period, the human resources systems and procedures operated. In any event, the Defendants also produced information indicating how the salary charts operated for AFPDs. *See, e.g.*, Tr. Ex. 5 at 69 (Bates 1311) (explaining in the notes under the salary chart that, once a location is selected, the chart updates to include the applicable locality pay with the base pay).

More to the point, however, there is no basis to strike Mr. Moormann's testimony regarding any continuing resolution or the alleged locality pay "policy." Plaintiff claims that these portions of Mr. Moormann's testimony should be stricken because Defendants were required to disclose them in response to her Interrogatory No. 3, which broadly asked Defendants to: "State the basis for any denial of any allegation contained in the civil complaint or the assertion of any defenses, including any affirmative or factual basis, that Defendants have raised or intend to raise in response to the civil complaint." *See* Ex. A (Defendants' Objections and Responses to Plaintiff's Third Set of Interrogatories). But Defendants objected to this interrogatory, among other reasons, as "overly burdensome and disproportionate to the needs of the case[,]" noting that "Plaintiff's complaint contains 505 paragraphs and totals 85 pages" and that "Plaintiff [] made no effort to specify the information, if any, she is really interested in or is likely to be of benefit to her in this litigation, instead fishing for information related to hundreds of allegations."[2] *Id.* at 7. Subject to these objections,

---

[2] Notably, Plaintiff has not identified which "denial of any allegation contained in the civil complaint" this information allegedly pertains to. For instance, the complaint does not contain any allegations regarding whether there was any continuing resolution during Plaintiff's tenure at the FDO as an AFPD. Although the complaint contains some allegations relating to Plaintiff's reclassification,

3

Defendants provided additional information about their failure to mitigate and judicial immunity defenses only. Plaintiff never served a narrowed version of the interrogatory, and she never filed a motion to compel (perhaps because she recognized the reasonableness of Defendants' objections), which would have been the appropriate means to require that the opposing party produce this information. *See* Fed. R. Civ. P. 37(a). Fact discovery in this matter closed on May 1, 2023. *See* Revised Discovery Schedule, ECF No. 187 at 1. It is thus far too late for Plaintiff to raise objections that Defendants' interrogatory response is inadequate. Additionally, as explained above, Plaintiff chose not to depose Mr. Moormann despite the fact Defendants timely and repeatedly disclosed him as a potential witness in its written discovery responses and filings. *See* Ex. A at 4; Ex. B at 3; ECF No. 259 at 108; ECF No. 245-2. It would be inappropriate for the Court to exclude any portion of Mr. Moormann's testimony on this basis, and Plaintiff has identified no case holding that such a remedy is warranted where a witness is timely disclosed, a party raised proper objections to a written discovery request, and the requesting party failed to move to compel.

For these reasons, Plaintiff's motion to strike portions of Mr. Moormann's testimony should be denied because the Defendants met their discovery obligations by raising proper objections and producing relevant information during discovery.

                                                    Respectfully submitted,

                                                    BRIAN BOYNTON
                                                    Principal Deputy Assistant Attorney General

                                                    CARLOTTA P. WELLS
                                                    Assistant Branch Director

                                                    JOSHUA KOLSKY

---

Defendants *admitted* in their amended answer that Plaintiff was not eligible for an increase in salary at the time of the conversion. *See* ECF No. 210 ¶ 242.

Senior Trial Counsel

*/s/ Danielle Young*
DANIELLE YOUNG (TX Bar. No 24098649)
DOROTHY CANEVARI
MADELINE MCMAHON
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division