IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**PLANTIFF'S REPLY IN SUPPORT OF MOTION TO ADMIT TRIAL EXHIBITS AND DEPOSITION DESIGNATIONS**

Plaintiff hereby submits this reply in support of her motion to admit trial exhibits and deposition designations. Plaintiff has no objection to the admission of Defendants' proposed Rule 106 materials so long as the portions of the documents that Plaintiff has identified are admitted. Defendants' objections should be overruled in all other respects, as set forth below.

**I.  Defendants' arguments that Plaintiff's motion to admit exhibits is untimely or otherwise improper are contrary to the record and the rules of evidence.**

Defendants' response contends that Plaintiff's motion to admit exhibits, which she timely filed prior to trial and repeatedly raised during the trial, should no longer be considered because (1) the evidence is "closed" in this case and (2) Plaintiff purportedly did not lay a "foundation" for these exhibits, even though Defendants raised no foundational objections prior to trial. Both arguments are lacking in merit.

**A.  The procedural history of this case demonstrates that Plaintiff's motion to admit exhibits is timely and that Defendants' objection that her exhibits lack "foundation" is invalid and opportunistic.**

Defendants' belated attempt to prevent admission of Plaintiff's exhibits on so-called "foundational grounds" is invalid and opportunistic, as demonstrated by the procedural history of

1

this case.  For nearly six months, Defendants were fully on notice that Plaintiff intended to rely on the proffered documents as exhibits.  Defendants presumably did not object to the exhibits on foundational or authenticity grounds for strategic reasons, because they did not want to subject Defendants' agents and employees to being examined at trial solely for the purpose of admitting documents that no one can reasonably contest are authentic and what they purport be (particularly since Defendants themselves produced the vast majority of these documents in discovery).  Now that the trial is over, it appears that Defendants seek to opportunistically change course and raise objections post-trial that have no good faith basis solely for the purpose of preventing admission of Plaintiff's trial exhibits.  Allowing them to do so would be contrary to the rules of procedure and evidence, as well as fundamentally unfair and prejudicial.

On December 7, 2023, prior to the start of trial on December 11, 2023, Plaintiff moved to admit her exhibits and deposition designations into the trial record.  ECF No. 364.  Her motion explained, in relevant part, that the Federal Rules of Civil Procedure allow the admission of exhibits prior to trial, and without a formal offer of proof, when there are no foundational objections raised by the opposing party prior to trial.  *See* Fed. R. Civ. P. 26 (explaining that the purpose of the requirement to timely raise objections is to "significantly expedite the presentation of evidence at trial, as well as eliminate the need to have available witnesses to provide 'foundation' testimony for most items of documentary evidence"); *see also Gomez v. Rivera Rodriguez*, 344 F.3d 103, 117 (1st Cir. 2003) ("[A] proper foundation requires the proponent to adduce 'evidence sufficient to support a finding' that the evidence is what the proponent claims it to be." (citation and quotation marks omitted)).  Moreover, to the extent that the Court considered Defendants' untimely objections on other grounds, those objections were meritless, as explained in Plaintiff's motion.  ECF No. 364, at 3–10.

Plaintiff's motion to admit her exhibits should have been unsurprising to Defendants. Plaintiff has consistently stated since the parties filed their joint pretrial memorandum on July 25, 2023 that her case in chief is based on Defendants' own judicial and evidentiary admissions in this case, including the documents they produced in discovery. ECF No. 259, at 106. And in the parties' joint pretrial memorandum, Plaintiff specifically stated that she did not intend to call any witnesses "unless needed for purposes of admitting exhibits into the trial record":

> **Plaintiff**: Plaintiff will not call any witnesses unless needed for purposes of admitting exhibits into the trial record, as discussed above. *But see* Cmt. Fed. R. Civ. P. 26(a)(3) (purpose of pretrial disclosures is, in part, to "eliminate the need to have available witnesses to provide 'foundation' testimony for most items of documentary evidence"). The following witnesses are "may call" witnesses for this purpose:
>
> James Ishida, 1100 E. Main St., Ste. 501, Richmond, VA 23219
>
> J.P. Davis, 129 West Trade St., Suite 300, Charlotte, NC 28202
>
> Bill Moormann, 129 West Trade St., Suite 300, Charlotte, NC 28202
>
> Heather Beam, 401 West Trade St. Charlotte, NC 28202
>
> Hon. Roger Gregory, 1100 E. Main St., Ste. 501, Richmond, VA 23219
>
> Ed Smith, current address unknown
>
> If Plaintiff's deposition designations are challenged, Plaintiff also hereby designates each of the individuals in her deposition designations as "may call" witnesses.

ECF No. 259, at 106. During the final pretrial conference, Plaintiff reiterated this point in unambiguous terms, stating the following:

> The only witnesses that we have put on our witness list to call live are witnesses that would be needed for foundational testimony for the admission of exhibits, if defendant objects, but we don't feel that that should be necessary because all of the exhibits that we're introducing came from defendants in discovery and we don't foresee

3

> any kind of dispute that the foundational requirements have been met.

ECF No. 262, at 11–12. This Court agreed, stating, "Okay, I don't either really." *Id.* at 12. Further, the Court stated during the final pretrial conference that "if [Plaintiff's] case is entirely a documents case, that's fine," and that "I'm not requiring you to put on witnesses if you have other evidentiary matters." *Id.* at 9, 14. And Defendants themselves confirmed this point as well, when they stated in their pretrial filing that they "conditionally object" to Plaintiff's designation of the deposition testimony of Anthony Martinez, James Ishida, Ed Smith, Heather Beam, Nancy Dunham, and Judge Gregory. ECF No. 354-3. In "conditionally" objecting to Plaintiff's deposition designations, Defendants explained that "Plaintiff indicated in the parties' joint pre-trial filing that she would only call these witnesses if their deposition designations were challenged or for the specific purpose of admitting exhibits." *Id.* Further, Defendants stated that "[i]f Plaintiff changes course and calls any of these witnesses for her case in chief, Defendants object to the deposition designations in full." *Id.* Defendants' conditional objection thus acknowledges that Plaintiff did not intend to call these individuals as witnesses unless the foundational requirements for her exhibits were challenged. *Id.*

Following the filing of the parties' joint pretrial memorandum, Defendants did not raise any timely objections to Plaintiff's exhibits—an issue which Plaintiff has, respectfully, preserved for appeal, in part, because Defendants' failure to timely raise their objections has prejudiced her in preparing to present her case at trial.[1] *See* ECF No. 376 (preserving Plaintiff's objection to the

---

[1] Because Defendants did not timely raise objections as required by Rule 26(a)(3), their untimely objections have created a moving target that has made it impossible for Plaintiff to adapt her trial presentation in order to respond to their objections. Moreover, because Defendants failed to timely raise their objections, Plaintiff was entitled to assume that Defendants' untimely objections were not valid, since the rules clearly state that any untimely objections (aside from relevancy under Rules 402 and 403) are waived. *See* Fed. R. Civ. P.

4

Court's ruling for appeal). Even when Defendants did belatedly file their objections for the first time on December 1, 2023, they did not raise *any* foundational objections to Plaintiff's trial exhibits. ECF No. 354-1 (raising no foundational objections). The fact that Defendants did not raise any foundational objections to Plaintiff's exhibits is not surprising because most of her exhibits were produced by Defendants themselves, and so there would be no good faith basis to raise foundational or authenticity objections. Defendants also did not raise any foundational objections to Plaintiff's exhibits in the parties' Notice of Filing Trial Materials that was filed during the trial, on December 12, 2023. ECF No. 376-1.

Unexpectedly, however, *after* the trial had concluded, Defendants stated in a filing on December 22, 2023 that now that the trial was over, and Plaintiff would not be able to put on any witnesses to lay a foundation for documents that Defendants produced, that Defendants do, in fact, wish to raise foundational objections to Plaintiff's exhibits. *See* ECF No. 382, at 2 (stating, for the first time, that Defendants are "entitled" to raise foundational objections even though they did not raise any foundational objections pre-trial). Defendants still, however, have not identified any specific exhibits to which they wish to raise foundational objections. Defendants also raised other new objections for the first time—including, for example, a hearsay objection regarding Heather Beam's "True Pain" email—that they did not raise prior to trial. *See* ECF No. 382-2. Because Defendants' continued attempts to raise untimely objections—including post-trial—are contrary to the rules of civil procedure and severely prejudicial to Plaintiff, their objections to her exhibits should be overruled.

---

26(a)(3)(B) ("An objection not [made within 14 days of the parties' pretrial disclosures]—except for one under Federal Rule of Evidence 402 or 403—*is waived unless excused by the court for good cause*."). Plaintiff was not informed until *during the trial*, when it was too late to modify her presentation of evidence, that the Court would deem Defendants' objections not waived without making a finding of good cause.

5

Defendants' arguments also misstate the record in material respects, as shown by the discussion above. Defendants contend that the evidentiary record is "closed" and so Plaintiff should be prevented from presenting her exhibits. ECF No. 382, at 1–2. But Defendants ignore the fact that Plaintiff moved to admit her exhibits *before* the trial commenced. ECF No. 364; *see also* ECF No. 378 (supplemental notice). Plaintiff repeatedly raised her motion to admit exhibits during the trial, and the Court stated that it would allow her to be heard on her motion *prior* to closing arguments. During the trial, Plaintiff also filed a supplemental notice updating the outstanding exhibit list pending admission. ECF No. 378. In short, Plaintiff properly and timely preserved her motion to admit her trial exhibits.

Defendants also argue that Plaintiff's exhibits are lacking in foundation because she did not introduce them through live witness testimony. ECF No. 282, at 2. But Defendants never objected to these exhibits prior to trial on foundational grounds. And the purpose of Rule 26(a)(3)'s requirement to timely disclose objections is to put the other party on notice of the need to present live witnesses to admit exhibits at trial. If a party does not timely raise objections based on foundation or authenticity, which Defendants did not do here, then those objections are waived. As the commentary to Rule 26 explains:

> Upon receipt of these final pretrial disclosures, other parties have 14 days (unless a different time is specified by the court) to disclose any objections they wish to preserve to the usability of the deposition testimony or to the admissibility of the documentary evidence (other than under rules 402 and 403 of the Federal Rules of Evidence). Similar provisions have become commonplace either in pretrial orders or by local rules, and significantly expedite the presentation of evidence at trial, as well as eliminate the need to have available witnesses to provide "foundation" testimony for most items of documentary evidence.

Fed. R. Civ. P. 26 Advisory Comm. Notes.[2]  Notably, with only two exceptions, *all* of the lettered exhibits for which Plaintiff seeks admission are documents that were produced by Defendants, which are stamped with Defendants' Bates numbers in discovery, for which there is no good faith basis to contend that the documents are not what they purport to be or that the individuals identified in the documents lack personal knowledge of those documents.  ECF No. 382-2.  Defendants also did not raise any such objections to *any* of Plaintiff's exhibits, including the exhibits that were produced by Plaintiff in discovery.  *See* ECF Nos. 382-1, 382-2.  Moreover, in stating that Defendants "were not aware until trial that Plaintiff was not planning to establish a foundation for many of her exhibits" because "she listed several witnesses in the parties' joint pretrial statement that she planned to call for this purpose," Defendants misstate the record, including their own prior representations.  ECF No. 382, at 2.  Plaintiff never stated that she "planned to call" *any* witnesses at trial.  Rather, as stated in the joint pretrial memorandum and during the final pretrial conference, Plaintiff listed certain "may call" witnesses if Defendants objected on foundational or authenticity grounds to any of her trial exhibits.  ECF No. 259, at 106; ECF No. 262, at 11–12.  In turn, in "conditionally" objecting to Plaintiff's deposition designations, Defendants acknowledged that "Plaintiff indicated in the parties' joint pre-trial filing that she would only call these witnesses if their deposition designations were challenged or for the specific purpose of admitting exhibits."  ECF No. 354-3.

With the exception of her expert witnesses, Plaintiff's "may call" witnesses are either named defendants or agents/employees of named defendants, including James Ishida, Heather

---

[2] Defendants do not engage with the requirements of Federal Rule Civil Procedure 26 and instead rely on criminal cases where there was a timely objection to the use of documentary evidence, and the use of such evidence could implicate the defendant's Sixth Amendment Confrontation Clause rights.  *See* ECF No 382, at 2, 3.

Beam, Hon. Roger Gregory, Bill Moormann, J.P. Davis, and Ed Smith. ECF No. 259, at 106. By not objecting to Plaintiff's exhibits or deposition designations on foundational grounds, Defendants received the benefit of the bargain because Plaintiff did not have to use trial time and resources calling Defendants or their agents/employees to establish the foundation for admission of documents that Defendants themselves created and/or produced, and Defendants did not have to subject their agents/employees to being examined at trial for that purpose. Additionally, Defendants did not have to use any of their allocated trial time to cross-examine Plaintiff's witnesses. *See* ECF No. 377 (Defendants' motion requesting additional trial time after the conclusion of the first week of trial). Now that the trial is over, Defendants cannot be heard to complain that this procedure was somehow unfair or that Plaintiff should have been required to call witnesses to establish a foundation for exhibits to which they did not object on foundational or authenticity grounds, and for which no good faith basis for any such objection exists.

> **B. Defendants' belated foundational objection to Exhibit AY—a sexual harassment training provided by the Federal Judicial Center to judiciary employees—demonstrates the lack of good faith in their foundational objections, and this Court should reconsider its ruling sustaining their meritless objection.**

Defendants' belated foundational objection to Exhibit AY, which they only raised for the first time at trial, demonstrates the lack of merit or good faith in their purported foundational objections. In fact, there is no good faith basis to object to Exhibit AY on foundational grounds, and this Court should allow Exhibit AY to be admitted into evidence.

Exhibit AY is a training provided by the Federal Judicial Center on sexual harassment for judiciary employees. Defendants produced this FJC training in discovery in response to Plaintiff's discovery request for documents regarding sexual harassment training for judiciary employees. Thus, there can be no reasonable basis to contend that the document is not, in fact, a

8

sexual harassment training provided by the Federal Judicial Center to judiciary employees unless Defendants intend to argue that they did not comply in good faith with their discovery obligations. The purpose of offering this document into evidence, as explained in Plaintiff's proposed findings of fact and conclusions of law, is to show that EDR Investigator Heather Beam's findings diminishing the seriousness of the First Assistant's *quid pro quo* "Mas Dinero" email do not comport with the standards in the federal judiciary's own sexual harassment training provided to judiciary employees. *See, e.g.*, Plaintiff's Proposed Findings of Fact and Conclusions of Law (ECF No. 370), ¶¶ 44d, 235d; *see also id.* at 383.

Prior to trial, the only objections that Defendants raised to the FJC training as an exhibit were on incompleteness and relevancy grounds. ECF No. 376-1. In her motion to admit exhibits and follow-up notice, Plaintiff addressed those objections. *See, e.g.*, ECF No. 378, at 6. Yet, when former Judicial Integrity Officer Jill Langley testified, surprisingly, at trial that she was not familiar with the Federal Judicial Center's training on sexual harassment for judiciary employees, Defendants also objected on foundational grounds—even though the issue of whether Ms. Langley is personally familiar with the FJC's training has no relevance to the purpose for which the exhibit was being admitted, nor did Defendants ever previously object to the exhibit on foundational or authenticity grounds. As an official government document that was produced by Defendants and represented to be the Federal Judicial Center's training on sexual harassment for judiciary employees, the document is plainly admissible.[3]

---

[3] The Federal Judicial Center's training on sexual harassment for judiciary employees is also subject to judicial notice.

## II. Defendants' specific objections to Plaintiff's exhibits should be overruled.

With respect to Defendants' objections to specific exhibits, Plaintiff relies on the arguments raised in her motion to admit exhibits, ECF No. 364, and her notice of updated list of trial exhibits, No. 378, except to address the following points.

First, many of Defendants' objections are on "relevancy" grounds and are therefore addressed in her proposed findings of fact and conclusions of law. But generally speaking, "[r]elevance is typically a low bar to the admissibility of evidence." *Jones v. Ford Motor Co.*, 204 F. App'x 280, 283 (4th Cir. 2006) (unpublished). The fact that many of Plaintiff's exhibits are damaging to Defendants' case is not a basis to exclude them on the grounds of relevancy, which is a general point this Court repeatedly made during trial.

For the Court's convenience, the following is a list of citations to Plaintiff's proposed findings and conclusions of law (ECF No. 370) where the relevancy of her exhibits is addressed:

- Exhibit AA/30: ¶¶ 99a, 99e, 99h, 234f; *see also id.* at 416, 435–36.
- Exhibits AC–AG/32–36: ¶¶ 158a, 158b, 158c, 158f, 158g, 234f; *see also id.* at 417.
- Exhibit AN/43: ¶¶ 310–11.
- Exhibit AZ/56: ¶¶ 76a–76b.
- Exhibit BM/69: ¶¶ 107c, 132a, 242c, 274b, 282b, 312b.
- Exhibit BN/70: ¶¶ 29c, 33c.
- Exhibit BT/76: ¶¶ 257g.
- Exhibit CC/85: ¶¶ 298–99.

- Exhibit CT/104: *Id.* at 323, 324.[4]

Second, Plaintiff provides the following specific responses to certain objections raised by Defendants:

- Exhibit AA/30: With respect to the "AO Interference Email," the issue of relevancy is not primarily what Heather Beam believed or conveyed about the investigation, but rather the fact that Defender Anthony Martinez told the EDR Coordinator, James Ishida, that FEOO Nancy Dunham was interfering with the EDR investigation on behalf of Plaintiff because she was Plaintiff's "friend." In fact, Ms. Dunham had never previously met Plaintiff and was not providing any special treatment to her, as she testified in her deposition. In raising this patently false allegation, which Mr. Ishida then relayed to Chief Judge Roger Gregory without conducting any due diligence, Mr. Martinez impugned the integrity of both the FEOO and Plaintiff to these Fourth Circuit officials and thereby undermined the fairness and integrity of the EDR process. Moreover, Mr. Ishida testified regarding this email during his deposition, and his testimony is clearly relevant to the fairness of the investigation.
- Exhibits AC–AG/32–36: Contrary to Defendants' attempts to characterize First Assistant J.P. Davis's emails to EDR Investigator Heather Beam as benign, the emails demonstrate a troubling pattern whereby Mr. Davis repeatedly contacted Ms. Beam during the investigation in an attempt to inappropriately influence her. Plaintiff's workplace investigations expert, Vida G. Thomas, found that the

---

[4] These exhibits are not hearsay because they fall within exceptions to the hearsay rule identified in Plaintiff's motion. Plaintiff also notes that her sworn trial testimony is consistent with the statements in these exhibits.

11

emails between Mr. Davis and Ms. Beam did not comport with standard accepted practices for conducting workplace investigations. Moreover, Mr. Davis's contacts with Ms. Beam and Mr. Ishida led Mr. Martinez to threaten to immediately fire Mr. Davis if he did not stop contacting them, as Mr. Martinez testified at trial.

- Exhibit AS/41: Defendants raise only a conclusory relevancy objection to Ms. Beam's "True Pain" email, which should be rejected. After the presentation of evidence at trial had concluded, Defendants also raised a hearsay objection for the first time. Defendants' hearsay objection should be rejected as untimely, but it is also meritless because the email is clearly an admission by a party opponent, as Ms. Beam was acting as an agent and employee of Defendants. Indeed, the only basis for Ms. Beam to complain that Plaintiff was a "true pain in the you know what" was her knowledge of the EDR investigation. Additionally, the email is not being offered for the truth of the matter asserted (*i.e.*, that Plaintiff was a "true pain in the you know what"), but rather to show the bias and hostility that Ms. Beam and the Clerk of Court, Frank Johns, demonstrated towards Plaintiff. Finally, Ms. Beam testified during her deposition that she sent the "True Pain" email, and the email was admitted as an exhibit during her deposition. If the Court sustains Defendants' untimely hearsay objection, Plaintiff requests the opportunity to amend Ms. Beam's deposition designation to include her testimony regarding the "True Pain" email.

- Exhibit BN/70: This exhibit is not hearsay because it contains Mr. Martinez's instructions to Plaintiff regarding the Dixon case.[5]  *See* ECF No. 253, at 23; ECF No. 370, ¶¶ 29c, 33c (explaining significance of this exhibit).  Those instructions are not hearsay, and they also fall within the exceptions for admissions by a party opponent, business records, and public records.  Although this document does come from another employee's EDR complaint file, it is not part of Exhibit BB and Plaintiff's use of the document is unrelated to the allegations in any other employee's EDR complaint.  Defendants also raised a foundational objection to this exhibit for the first time following the trial.  That objection should be overruled as untimely, and also because it is irrelevant whether Mr. Martinez or one of his employees wrote the notes contained in this document.

## CONCLUSION

Plaintiff does not object to Defendants' proposed Rule 106 materials so long as the portions of the exhibits she identified are admitted.  Otherwise, Defendants' objections should be overruled.

This the 29th day of December, 2023.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

---

[5] The Court granted Plaintiff's consent motion to seal this document on June 21, 2023.  Entry Order Dated June 21, 2023.

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
