IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION REGARDING THE ADMISSION OF TRIAL EXHIBITS

Plaintiff respectfully requests clarification and/or reconsideration regarding the admission of trial exhibits on three discrete points: (1) whether the Court will grant her motion to admit exhibits and/or accept her proposed findings as a written offer of proof pursuant to Fed. R. Evid. 103, (2) whether the Court will reconsider its ruling sustaining Defendants' objection to Exhibit AY on foundational grounds, and (3) whether Plaintiff's references to Exhibit BB in her proposed findings should be filed publicly or under seal.

First, Plaintiff respectfully requests a ruling on whether the Court will admit her remaining trial exhibits so that Plaintiff can update her Proposed Findings of Fact and Conclusions of Law with any outstanding admitted exhibit numbers.[1] If the Court excludes any of Plaintiff's proffered exhibits, Plaintiff respectfully requests that her Proposed Findings of Fact and Conclusions of Law serve as a written offer of proof to preserve her objection to the exclusion of her proffered exhibits. *See* Fed. R. Evid. 103. This Court ruled during the trial that

---

[1] Plaintiff has filed an Amended Proposed Findings of Fact and Conclusions of Law with updated exhibit numbers based on the Court's rulings thus far. ECF No. 387.

1

it would allow Plaintiff's proposed findings to serve as a written offer of proof with respect to Exhibit BB, which pertains to other complaints of harassment, discrimination, and retaliation against the FDO, and the same procedure should apply to any other excluded exhibits.

Additionally, Plaintiff notes that many of her proffered exhibits were admitted during the depositions of Defendants' agents/employees and a foundation laid for the admission of those exhibits during the depositions. If the Court excludes any of Plaintiff's proffered exhibits, Plaintiff requests the opportunity to amend her deposition designations accordingly.

Second, Plaintiff respectfully requests that this Court reconsider its ruling at trial excluding Exhibit AY. Exhibit AY is a sexual harassment training provided by the Federal Judicial Center to judiciary employees, which Defendants produced in response to Plaintiff's discovery requests for the judiciary's training materials on sexual harassment provided to judiciary employees. The purpose of offering this document into evidence, as explained in Plaintiff's proposed findings of fact, is to show that EDR Investigator Heather Beam's findings diminishing the seriousness of the First Assistant's *quid pro quo* "Mas Dinero" email do not comport with the standards in the federal judiciary's own sexual harassment training provided to judiciary employees. *See, e.g.*, Plaintiff's Proposed Findings of Fact and Conclusions of Law (ECF Nos. 370, 387), ¶¶ 44d, 235d; *see also id.* at 383. Prior to trial, the only objections Defendants raised to this exhibit were on relevancy and completeness grounds. ECF No. 376-1. During the trial, Defendants also raised a foundational objection when former Judicial Integrity Officer Jill Langley testified that she was unfamiliar with the FJC's training on sexual harassment provided to judiciary employees. This Court sustained their foundational objection.

Plaintiff respectfully requests that the Court reconsider its ruling sustaining the objection because there is no valid basis to object to the admission of Exhibit AY on foundational grounds.

Specifically, there is no good faith basis for Defendants to contend that Exhibit AY is not actually a sexual harassment training provided by the FJC to judiciary employees, and Ms. Langley's personal familiarity with this training is neither relevant to the purpose for which the exhibit would be admitted nor necessary to establish a foundational basis for its admission. Moreover, because Plaintiff did not have any notice of a foundational objection prior to trial, she was unable to take steps to respond to any such objection, including conferring with Defendants regarding what witness(es) would be necessary to authenticate the exhibit and lay a foundation for its admission. Any such witness(es) would inevitably be agent(s)/employee(s) of Defendants, who produced the exhibit in discovery in the first place, which further highlights the lack of a valid foundational objection to the admission of this exhibit.[2]

Third, Plaintiff requests that the Court provide guidance on whether Plaintiff's references to Exhibit BB in her proposed findings of fact should be filed publicly or under seal. Currently, Plaintiff has redacted references to Exhibit BB in her proposed findings of fact pending further guidance from the Court on whether the exhibit should be sealed or filed publicly. *See* ECF No. 372, at 1 (explaining that "Plaintiff has redacted this information from ECF No. 370 pending further instruction from this Court regarding whether Tr. Ex. 58 [Exhibit BB] should be filed under seal or publicly"). This Court ruled during the trial that it would allow Plaintiff's proposed findings to serve as an offer of proof pursuant to Fed. R. Evid. 103 with respect to Exhibit BB. The Court also indicated during trial that it would treat this exhibit as under seal for purposes of determining whether this exhibit should be admitted or excluded. Plaintiff therefore respectfully

---

[2] Plaintiff also described her reasons for requesting reconsideration of the Court's exclusion of this exhibit in her Reply in Support of her Motion to Admit Exhibits and Deposition Designations. ECF No. 384, at 8–9.

3

requests the Court's guidance on this issue to ensure that her objections to the admission of Exhibit BB are part of the record for purposes of appeal.[3]

Prior to filing this motion, Plaintiff requested Defendants' position as required by Local Rule 7.1. Defendants oppose the motion for clarification and/or reconsideration.

This the 3rd day of January, 2024.

                                           Respectfully Submitted,

                                           */s/ Cooper Strickland*

                                             Cooper Strickland
                                             P.O. Box 92
                                             Lynn, NC 28750
                                             Tel. (828) 817-3703
                                             cooper.strickland@gmail.com

                                             *Counsel for Plaintiff*

---

[3] With this request, Plaintiff does not intend to make any representation that a formal offer of proof is necessary to preserve her objections for appeal. However, to avoid any potential questions about the preservation of her objections for appeal, she has taken all possible steps to ensure that a formal offer of proof is part of the trial record.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
