IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This Court should deny Defendants' Motion to Strike Plaintiff's Proposed Findings of Fact and Conclusions of Law. Defendants offer two reasons why Plaintiff's proposed findings should be stricken, both of which lack merit.

First, Defendants contend that Plaintiff's filing relies upon documents beyond the scope of the trial record. Defendants point to two categories of documents they find objectionable, but their arguments as to both categories fail. *See* ECF No. 381, at 1–2.

Defendants first contend that it was improper for Plaintiff to rely on declarations that were filed by Defendants in this proceeding. But it is well-established that court records filed in the instant action are subject to judicial notice without the need to prove authenticity so long as the documents are otherwise admissible. *See Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1116 (C.D. Cal. 2010) (taking judicial notice of a filed declaration and explaining that "a court 'may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the Pacer system via the internet.'" (citations omitted)); *see also Caicedo-Ortiz v. Brown*, Civil Action No. 3:23-CV-9 (GROH), 2023 U.S.

1

Dist. LEXIS 127058, at *1 n.2 (N.D.W. Va. May 16, 2023) (taking judicial notice of court records "available on PACER") (citing *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'"). Here, the declarations are admissible under the exception to the hearsay rule for admissions by a party opponent, as all of the declarations upon which Plaintiff relied were signed by named defendants, their agents, or their employees. Moreover, under Federal Rule Evidence 201(c), "[t]he court may take judicial notice at any stage of the proceeding." Defendants cannot reasonably contend they were prejudiced or unfairly surprised by Plaintiff's use of declarations that Defendants themselves filed in this proceeding. And even if Plaintiff's use of the declarations was error, any such error was harmless because the declarants also testified at trial regarding the matters discussed in their declarations.

Next, Defendants contend that Plaintiff relied on exhibits that have not been admitted, citing specifically to exhibits marked as BB (Tr. Ex. 58) and AY (Tr. Ex. 55). As an initial matter, Plaintiff has filed an Amended Proposed Findings of Fact and Conclusions of Law contemporaneously with this response, which updates the exhibit numbers for her cited exhibits based on the Court's rulings thus far at trial. ECF No. 387. Accordingly, Defendants' motion to strike should be denied as moot to the extent that it challenges Plaintiff's use of exhibit numbers that have since been updated based on the Court's rulings at trial. Plaintiff further notes that her motion to admit exhibits and deposition designations, which was timely filed before the start of trial, remains pending before the Court. *See* ECF No. 364. The Court stated during trial that it would allow Plaintiff to be heard regarding this motion prior to closing arguments.

With respect to Exhibit BB, Plaintiff specifically requested that her Proposed Findings of Fact and Conclusions of Law serve as a written offer of proof to preserve her use of the evidence, as well as her objection to the evidence being excluded, pursuant to Federal Rule of Evidence 103. During the trial, this Court stated that Plaintiff would be allowed to use her proposed findings as a written offer of proof. *See* Fed. R. Evid. 103(a)(2) ("A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and . . . if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context."). Moreover, Plaintiff's proposed findings state that "if this Court excludes any of Plaintiff's exhibits or deposition designations, Plaintiff hereby provides notice that this document is intended to serve as a written offer of proof pursuant to Fed. R. Evid. 103." ECF No. 370, at 373; ECF No. 387, at 398 n.59. Allowing the document to serve as a written offer of proof is particularly important given Plaintiff's pending motion requesting that her remaining exhibits be admitted.[1] *See* ECF No. 384, at 4 n.1 (explaining that Defendants did not timely raise objections to Plaintiff's exhibits as required by Fed. R. Civ. P. 26(a)(3) and that Plaintiff was not informed until during the trial, when it was too late to modify her presentation of evidence, that the Court would deem Defendants' untimely objections not waived without making a finding of good cause).

With respect to Exhibit AY, Plaintiff notes that she has requested the Court to reconsider its ruling excluding this document, which is a training on sexual harassment provided by the Federal Judicial Center to judiciary employees. Defendants' foundational objection to that

---

[1] Plaintiff does not intend to make any representation that a formal offer of proof is necessary to preserve her objections for appeal. However, to avoid any potential questions about the preservation of her objections for appeal, she has taken all possible steps to ensure that a formal offer of proof is part of the trial record.

exhibit is both untimely and lacking in merit. *Id.* at 8–9 (explaining that there is no reasonable basis for Defendants to contend that this document is not, in fact, a sexual harassment training provided by the FJC to judiciary employees unless Defendants intend to argue that they did not comply in good faith with their discovery obligations).

Second, Defendants contend that "Plaintiff impermissibly filed her Proposed Findings of Fact and Conclusions of Law under seal." ECF No. 381, at 2. But Plaintiff did not impermissibly file her proposed findings under seal, as demonstrated by the fact that the document is publicly available. *See* ECF No. 370. Instead, as explained in her "Notice of Sealed Filing," Plaintiff filed a version of her proposed findings under seal that contained material that was previously ordered sealed by this Court. *See* ECF No. 372. Thus, this Court had already provided permission to file those materials under seal. By filing her "Notice of Sealed Filing" with a specific description of the sealed materials, Plaintiff complied with the local rules regarding the Court's prior sealing orders. *See* LCvR 6.1(g) ("After entry of an order permitting a filing under seal, materials filed pursuant to that order must be filed with a non-confidential description of the materials filed.").

With respect to Exhibit BB, Plaintiff also redacted references to those materials in her public filing because this Court has not stated whether the materials should be filed under seal or on the public docket. *See* ECF No. 372, at 1 (explaining that "Plaintiff has redacted this information from ECF No. 370 pending further instruction from this Court regarding whether Tr. Ex. 58 [Exhibit BB] should be filed under seal or publicly"). Plaintiff respectfully requests clarification regarding whether references to this exhibit should be filed publicly or under seal so that she can file this information in her proposed findings and conclusions of law to preserve her objections for appeal as part of her written offer of proof. *See* Fed. R. Evid. 103.

For these reasons, Defendants' motion should be denied.

This the 3rd day of January, 2024.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Danielle Young at Danielle.young2@usdoj.gov

    Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

                                                   */s/ Cooper Strickland*
                                                       Cooper Strickland
                                                       N.C. Bar No. 43242
                                                       P.O. Box 92
                                                       Lynn, NC 28750
                                                       Tel. (828) 817-3703
                                                       cooper.strickland@gmail.com