# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### ASHEVILLE DIVISION

| | | |
|---|---|---|
| CARYN DEVINS STRICKLAND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil No. 1:20-cv-00066-WGY |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFF'S NOTICE OF RESPONSE TO DEFENDANTS' OBJECTIONS TO HER DEPOSITION DESIGNATIONS (ECF No. 354-3)

Plaintiff hereby files the following response to Defendants' objections to her deposition designations. ECF No. 354-3. As an initial matter, Plaintiff reiterates her objection to Defendants' filing on timeliness grounds, to preserve her objection for appeal. With respect to Defendants' particular objections, Plaintiff responds as follows.

1.   Anthony Martinez

Relevancy Objections

Defendants raise relevancy objections, which are addressed in Plaintiff's Proposed Findings of Fact and Conclusions of Law (ECF Nos. 370, 387). For the Court's convenience, Plaintiff provides the following citations to her proposed findings regarding each objection:

    40-49: ¶ 72f

    114:5-119:25: ¶¶ 38d, 158e, 312d

    125:1-127:15: ¶¶ 28b, 158e

    244:1-245:25: ¶ 278d

2.      James Ishida

<u>Relevancy Objections</u>

Defendants raise relevancy objections, which are addressed in Plaintiff's Proposed Findings of Fact and Conclusions of Law (ECF Nos. 370, 387).  For the Court's convenience, Plaintiff provides the following citations to her proposed findings of fact regarding Defendants' relevancy objections:

226:3-228:25: ¶ 22e

3.      Jill Langley

<u>Relevancy Objections</u>

Defendants raise relevancy objections, which are addressed in Plaintiff's Proposed Findings of Fact and Conclusions of Law (ECF Nos. 370, 387).  For the Court's convenience, Plaintiff provides the following citations to her proposed findings regarding each objection:

1:1-47:20: ¶¶ 242b, 278c, 312b

49:8-63:12: ¶¶ 72f, 278c, 312b

63:12-64:4: ¶¶ 72f, 278c

98:12-103:15: ¶ 48c

118:1-120:19: ¶ 48c

139:13-144:19: ¶ 274b

<u>Other Objections</u>

Plaintiff hereby provides the following responses to other objections:

*63:12–64:4 – FRE 602*

The FRE 602 objection should be overruled for two reasons.  First, Defendants did not object on this basis during the deposition, and so the objection is waived.  *See* Fed. R. Civ. P.

32(d)(3)(B) (objections to "the form of a question or answer" are waived if not raised during the deposition). Second, Plaintiff is unclear what the basis is for Defendants' objection on FRE 602 grounds. This challenged section of testimony includes questions about whether the Judicial Integrity Officer believes it is important for EDR investigators and mediators to be trained, which she answered in the affirmative. Based on her experience as Judicial Integrity Officer, the JIO has adequate personal knowledge to answer those questions. The JIO also testified that she had no personal knowledge of whether the EDR Investigator and Mediator were trained in this case, but Plaintiff is not contending that she did have such personal knowledge. The testimony should not be excluded on Rule 602 grounds.

*118:1–120:19 – FRE 602*

Plaintiff is unclear what the basis is for Defendants' objection on FRE 602 grounds. This challenged section of testimony includes questions about who the Judicial Integrity Officer thinks is responsible for resolving the problem when there's harassment, and whether requesting a workplace free of harassment and advancement based on merit provides a clear statement of requested remedies. The JIO answered, in essence, that those requests are not really remedies because they are part of the equal opportunity obligations for the judiciary. Based on her experience and job duties, the JIO has the necessary personal knowledge to provide this testimony, and her testimony is not speculative.

4. Ed Smith

Relevancy Objections

Defendants raise relevancy objections, which are addressed in Plaintiff's Proposed Findings of Fact and Conclusions of Law (ECF Nos. 370, 387). For the Court's convenience, Plaintiff provides the following citations to her proposed findings regarding each objection:

3

13-19: ¶¶ 166, 257d, 257h

67:12-69:26: ¶ 257a

94:12-24: ¶ 72f

<u>Objections to Counter-designations</u>

Plaintiff provides the following objections to Defendants' counter-designations:

*23:1-25:3*

If the Court accepts Defendants' counter-designation, it should also consider lines 25:4–6 for the sake of completeness.

5.     Heather Beam

<u>Relevancy Objections</u>

Defendants raise relevancy objections, which are addressed in Plaintiff's Proposed Findings of Fact and Conclusions of Law (ECF Nos. 370, 387).  For the Court's convenience, Plaintiff provides the following citations to her proposed findings regarding each objection:

40-43: ¶¶ 72f, 99f, 151b, 151c, 151d

58:20-59:2: ¶ 28b

79:1-81:4: ¶ 158c

81:5-11: ¶ 158c

81:12-82:25: ¶ 158c

88:2-24: ¶ 158g

100:1-19: ¶¶ 33a, 33b

100:23-101:8: ¶¶ 33a, 33b

101:9-20: ¶¶ 33a, 33b

101:21-35: ¶¶ 33a, 33b

104:24-112:7: ¶ 228f

113:9-115:16: ¶ 228b

115:17-116:1: ¶ 228b

116:2-25: ¶ 228b

117:1-118:16: ¶¶ 168a, 228b

121:6-124:25: ¶¶ 44d, 235d

147:1-5: ¶ 235f

148:22-149:2: ¶ 235f

149:3-7: ¶ 235f

149:8-20: ¶ 235f

150:18-23: ¶ 235f

151:5-153:4: ¶ 235f

154:5-155:9: ¶ 167c

155:10-15: ¶ 167c

155:16-22: ¶ 167c

155:23-157:13: ¶ 167c

157:18-24: ¶ 167c

158:21-159:1: ¶ 226a

159:3-5: ¶ 226a

159:6-9: ¶ 226a

159:9-161:1: ¶¶ 226a, 228b

161:2-161:6: ¶¶ 228b

161:7-21: ¶ 228b

161:22-24: ¶ 228b

161:25-163:17: ¶ 228b

163:18-164:13: ¶ 228b

164:14-166:11: ¶¶ 228b, 228d

166:15-167:13: ¶ 228d

167:20-24: ¶ 228d

168:22-173:16: ¶ 228e

174:9-175:24: ¶¶ 189b, 228c

176:10-177:8: ¶¶ 156a, 228c

177:18-182:23: ¶ 156a

<u>Other Objections</u>

Plaintiff hereby provides the following responses to other objections:

*81:5-11 – FRE 602*

Plaintiff is unclear what the basis is for Defendants' objection on FRE 602 grounds.  The challenged section of testimony includes the question, "Can witnesses influence each other's stories by talking about facts?"  Ms. Beam (the EDR Investigator) answered, "I have not had experience with that."  Accordingly, there is no basis to object on the basis of speculation or lacking personal knowledge because Ms. Beam answered based on her personal experience. Moreover, the relevancy of this testimony is in the fact that Ms. Beam was not aware of, and apparently had never been trained in, the principle that accused managers should not be allowed to discuss the allegations with each other because of the risk that they could influence each other's stories and undermine the fairness of an investigation.  Defendants own proposed conclusions of law highlight the significance of this testimony in falsely asserting that "[t]he

6

record also contains no evidence that Mr. Martinez coordinated his testimony with Mr. Davis." *See* ECF No. 385 at 61. There is no basis to exclude the testimony on Rule 602 grounds.

*100:20-22 – FRE 802*

This challenged section of testimony is the Investigator's recollection of what the First Assistant told her regarding his statements that he admitted to being very upset and controlling. The First Assistant's statements are admissions by a party opponent, as the First Assistant was an employee of Defendants when he made these statements to the EDR Investigator.

*101:9-20 – Misleading*

This challenged section of testimony relates to the date that the First Assistant sent the "Mas Dinero" *quid pro quo* email. Defendants presumably object because the question to Ms. Beam included the phrase "quid pro quo" email. The objection should be overruled because the question did not mislead or confuse Ms. Beam, who correctly testified that the email was sent on May 18, 2018.

*115:17-116:1 – FRE 802, 602*

In this challenged section of testimony, Ms. Beam is asked whether she saw the exchange of text messages where First Assistant JP Davis stated, "She may just need to get smacked a bunch, tho." She answers that she does not recall. The objections should be overruled because Defendants did not timely object during the deposition. *See* Fed. R. Civ. P. 32(d)(3)(B) (objections to "the form of a question or answer" are waived if not raised during the deposition). In addition, these objections are moot because the "smack around" text messages were admitted as trial exhibits.

*116:2-25 – FRE 602*

This challenged testimony is a continuation of the questioning about whether Ms. Beam, as an HR professional, would be concerned if she saw that an employee said that another employee "may just need to get smacked a bunch, tho." The Rule 602 objection should be overruled because Ms. Beam had the requisite personal knowledge, based on her experience and job duties as an HR professional, to testify that "that's not the right language to be using when talking about an employee," as she answered during the deposition.

*147:6-148:21 – FRE 802*

This challenged section of testimony is Ms. Beam's recollection of what the Federal Defender told her regarding the fact that Plaintiff did not express interest in Asheville during her Skype interview and did not request a long-term transfer to Asheville. The Defender's statements are admissions by a party opponent, as the Defender was an employee of Defendants when he made these statements to the EDR Investigator. Moreover, these statements are admissible for nonhearsay purposes because they demonstrate that the disparaging conclusions in Ms. Beam's report about Plaintiff's alleged exploitation of her supervisors' poor judgment to secure a transfer were not supported by the evidence uncovered during her investigation.

*149:21-150:17 – FRE 802*

This challenged section of testimony is a continuation of the questioning about Plaintiff's alleged exploitation of her supervisors' poor judgment for a transfer to Asheville, which Ms. Beam admitted was not supported by any evidence except the First Assistant's own self-serving statements that Plaintiff had requested a transfer to Asheville. In fact, Ms. Beam did not recall any other witnesses, including the Defender or the Appellate Chief, stating that Plaintiff had ever requested a transfer prior to the *quid pro quo* "Mas Dinero" email on May 18, 2018. The

8

statements of the Federal Defender and the Appellate Chief are admissions by a party opponent, as those individuals were employed by Defendants when they made these statements to the EDR Investigator. Moreover, these statements are admissible for nonhearsay purposes because they demonstrate that the disparaging conclusions in Ms. Beam's report about Plaintiff were not supported by the evidence uncovered during her investigation.

*154:5-155-9 – FRE 802*

This challenged section of testimony involves the Investigator's recollection that the First Assistant told her "he would like it documented that Caryn was found to be making this up." The First Assistant's statements are admissions by a party opponent, as the First Assistant was an employee of Defendants when he made these statements to the EDR Investigator. Moreover, his statements are admissible for the nonhearsay purpose of demonstrating that Ms. Beam allowed him to improperly influence her investigation.

*155:16-22 – FRE 802*

In this challenged section of testimony, Ms. Beam testifies that Plaintiff was having a hard time coming up with specific requests for remedies, and that while Ms. Beam could think of specific remedies to create an environment free from harassment, she did not make any suggestions to Plaintiff. The Rule 802 objection should be overruled. The testimony is not being offered for the truth of the matter asserted but rather to show the deficiencies in Ms. Beam's investigation and the differential treatment she provided to Mr. Davis and Plaintiff.

*157:18-24 – FRE 802*

In this challenged section of testimony, Ms. Beam testifies that Mr. Ishida asked her to write an addendum to her investigation report. The challenged testimony is not hearsay because it involves Mr. Ishida's instructions to Ms. Beam, and because Mr. Ishida's statements are

9

admissions by a party opponent, since Mr. Ishida is a named defendant and was an employee of defendants when he made these statements.

*158:21-159:1 – FRE 802*

This challenged testimony is a continuation of Ms. Beam's testimony about Mr. Ishida's instructions regarding the addendum to her investigation report. This challenged testimony is not hearsay for the reasons discussed above.

*159:6-9 – FRE 802*

This challenged testimony is a continuation of Ms. Beam's testimony about Mr. Ishida's instructions regarding the addendum to her investigation report. This challenged testimony is not hearsay for the reasons discussed above.

*161:2-161:6 – FRE 802*

This challenged testimony is regarding the fact that when Plaintiff and Ms. Beam discussed confidentiality in the EDR investigation, Plaintiff did not give Ms. Beam permission to discuss her case with Appellate Chief Josh Carpenter. Whether Plaintiff gave permission is a verbal act that is not hearsay.

*161:22-24 – FRE 802*

This challenged testimony relates to Plaintiff's allegations that her job duties were different from other people's. This testimony is not hearsay because it is not being offered for the truth of the matter asserted, but rather to show that Ms. Beam did not properly investigate Plaintiff's allegations.

*163:18-164:13 – FRE 802*

This challenged testimony relates to text messages between Mr. Davis and Mr. Martinez regarding their "bet" as to whether Plaintiff would apply for an AFD position. The hearsay

10

objection is moot because this text message exchange has been admitted into evidence, and in any event, the text messages are not hearsay because they are statements by a party opponent.

*167:17-19 – FRE 602*

This challenged testimony regards whether Bill Moormann was the requestor on the August 28, 2018 request for personnel action. The objection is moot because this form was admitted into evidence at trial and Mr. Moormann testified that he was the requestor.

*167:25-168:21 – FRE 602*

This challenged testimony is a continuation of questioning regarding the August 28, 2018 request for personnel action, which requested to eliminate Plaintiff's locality pay. Ms. Beam testified that she reviewed this document, and so any Rule 602 objection should be overruled.

*173:17-174:8 – FRE 802*

This challenged testimony involves Appellate Chief Josh Carpenter's statements that are quoted from the EDR investigation report. The hearsay objection should be overruled because the investigation report was admitted into evidence, and Mr. Carpenter's statements are admissions by a party opponent.

*175:25-176:9 – FRE 802*

This challenged testimony is a continuation of questioning regarding Appellate Chief Josh Carpenter's statements that are quoted from the EDR investigation report. The hearsay objection should be overruled because the investigation report was admitted into evidence, and Mr. Carpenter's statements are admissions by a party opponent.

*177:9-17 – FRE 802*

To the extent that this challenged testimony involves Ms. Beam's discussion of her investigation notes, Defendants have withdrawn any objection to that exhibit. *See* ECF No. 382-2, at 2. Thus, any hearsay objection is moot.

6.     Nancy Dunham

Objections to Defendants' Own Deposition Questions

Defendants raise various objections to testimony in the first 115 pages of the transcript, which consists of their own deposition examination of Ms. Dunham by Defendants' counsel, Madeline McMahon. Any objections to testimony elicited by Defendants' counsel are invited error and should be overruled.

Relevancy Objections

Defendants raise relevancy objections, which are addressed in Plaintiff's Proposed Findings of Fact and Conclusions of Law (ECF Nos. 370, 387). For the Court's convenience, Plaintiff provides the following citations to her proposed findings regarding each objection:

123:23-125:15: ¶¶ 99g, 99i

125:16-25: ¶¶ 99g, 99i

126:1-11: ¶ 99i

126:12-127:2: ¶ 99i

127:3-19: ¶ 99i

127:20-130:7: ¶ 99i

130:8-131:8: ¶ 99i

131:9-132:2: ¶ 99i

132:3-15: ¶ 99i

12

132:16-133:23: ¶ 99i

134:7-136:25: ¶¶ 85a, 85e

137:21-142:19: ¶¶ 26c, 26d

142:20-143:16: ¶ 228f

143:17-149:7: ¶¶ 26c, 107a, 228f

149:8-159:2: ¶¶ 26c, 107a

164:4-166:24: ¶ 72e

166:25-167:19: ¶ 72e

167:20-168:18: ¶ 103c

168:19-170:5: ¶ 103c

170:13-172:23: ¶ 85b

172:24-173:10: ¶ 85b

173:11-187:8: ¶ 85b

188:20-192:1: ¶ 99g

192:2-19: ¶ 99g

192:20-193:22: ¶ 99g

193:23-194:9: ¶ 99g

194:10-24: ¶ 99g

194:25-195:21: ¶ 99g

<u>Other Objections</u>

Plaintiff hereby provides the following responses to other objections:

*126:12-127:2 – FRE 602, 702*

This challenge relates to Ms. Dunham's testimony, as the FEOO, about why someone would misrepresent communications from her office. Ms. Dunham has personal knowledge about this topic based on her decades of experience working in this field and knowing that "one of the ways that someone can try to interfere with my office's function is to call one of my supervisors." Moreover, Ms. Dunham was testifying based on her personal knowledge and not as an expert.

*127:3-19 – FRE 602*

This challenged testimony is a continuation of testimony regarding the Federal Defender's false allegations to the Circuit Executive, which were relayed to the Chief Judge, that the FEOO had tried to obstruct an ongoing Fourth Circuit EDR investigation on behalf of Plaintiff, her alleged "friend." Ms. Dunham testified based on her personal knowledge that these allegations were patently false, and her testimony to this effect is admissible.

*130:8-131:8 – FRE 602*

This challenged testimony is a continuation of testimony regarding the Federal Defender's false allegations to the Circuit Executive, which were relayed to the Chief Judge, that the FEOO had tried to obstruct an ongoing Fourth Circuit EDR investigation on behalf of Plaintiff, her alleged "friend." Ms. Dunham testified based on her personal knowledge of the EDR process that these false allegations raised reasonable concerns that having these falsehoods presented to the Circuit Executive and Chief Judge could interfere with decisions they made in the future, and her testimony to this effect is admissible.

14

*131:9-132:2 – FRE 602, 702*

This challenged testimony is a continuation of testimony regarding the Federal Defender's false allegations to the Circuit Executive, which were relayed to the Chief Judge, that the FEOO had tried to obstruct an ongoing Fourth Circuit EDR investigation on behalf of Plaintiff, her alleged "friend." Ms. Dunham testified based on her personal knowledge of the EDR process that these false allegations raised reasonable concerns that having these falsehoods presented to the Circuit Executive and Chief Judge could undermine the legitimacy and credibility of herself and the complainant, and her testimony clearly is admissible.

*132:3-15 – FRE 602*

This challenged testimony is a continuation of testimony regarding the Federal Defender's false allegations to the Circuit Executive, which were relayed to the Chief Judge, that the FEOO had tried to obstruct an ongoing Fourth Circuit EDR investigation on behalf of Plaintiff, her alleged "friend." Ms. Dunham testified based on her personal knowledge of the EDR process that these false allegations raised reasonable concerns that having these falsehoods presented to the Circuit Executive and Chief Judge could undermine the legitimacy and credibility of herself and the complainant, and her testimony clearly is admissible.

*142:20-143:16 – FRE 602, 802*

This challenged testimony is regarding the FEOO's understanding of how Plaintiff interpreted the First Assistant's "Mas Dinero" testimony, and in particular, why Plaintiff labeled it a "quid pro quo email" in the subject line of the email that she sent the FEOO. As an initial matter, the email with the subject line "quid pro quo email" is admissible under Rule 106 because Defendants introduced other email exchanges from this time period and misleadingly suggested that Plaintiff did not believe the "Mas Dinero" email was a *quid pro quo*. Ms.

Dunham's understanding that Plaintiff believed the email was a *quid pro quo* is not hearsay because it falls within the statement of mind exception and also because these statements informed Ms. Dunham's actions with regard to how she responded to the complaint, regardless of the truth of the matter asserted.

*143:17-149:7 – FRE 602*

This challenged testimony is regarding the FEOO's understanding of how Plaintiff interpreted the First Assistant's "Mas Dinero" testimony, and in particular, why Plaintiff labeled it a "quid pro quo email" in the subject line of the email that she sent the FEOO, as well as the FEOO's understanding of other inappropriate communications from the First Assistant. As the judiciary's Fair Employment Opportunity Officer with decades of experience in employment law, Ms. Dunham has the necessary personal knowledge to provide this testimony.

*166:25-167:19 – FRE 802*

This challenged testimony is regarding the FEOO's recollection of Plaintiff's statements that the First Assistant was inappropriately angry when she told him that eventually she wanted to work out of the Asheville office, and had become very angry and lashed out at her on several occasions. This testimony is not hearsay because it is not being offered for the truth of the matter asserted, but rather to relay Plaintiff's allegations as they were told to the FEOO and explain why the FEOO believed that simply transferring offices to Asheville would not be a sufficient solution if the First Assistant was still in control and overseeing her.

*167:20-168:18 – FRE 602*

This challenged testimony is a continuation of the FEOO's testimony that transferring offices was not sufficient to solve the problem if the First Assistant was still in control, because the employee/employer relationship needed to be broken with someone else in control. The

16

FEOO's testimony is based on her knowledge of Plaintiff's allegations and decades of experience in employment law, and is therefore based on her personal knowledge.

*168:19-170:5 – FRE 802*

The FEOO's testimony about what she remembered telling Plaintiff is not hearsay, but rather is a discussion of having her recollection refreshed by Plaintiff's notes introduced during the deposition. Further, Defendants waived any objection to this testimony because Defendants' counsel introduced Plaintiff's notes during the deposition and elicited the FEOO's testimony about what she remembered based on those notes.

*172:24-173:10 – FRE 602*

This challenged testimony involves the statements of the Chief of Defender Services, Cait Clarke, that she had been retaliated against by officials in the FDO for the Western District of North Carolina and had warned the FEOO to "watch your back" in dealing with that office. The FEOO testified that her knowledge of these statements came from Ms. Clarke's interactions with that office over the years.

*192:2-19 – FRE 602, 802*

This testimony involves the FEOO's recollection of conversations between her deputy, Amaal Scroggins, and Heather Beam. The testimony is not hearsay because it is admissions by a party opponent, as both Ms. Scroggins and Ms. Beam were employees/agents of Defendants. Further, Ms. Dunham was testifying based on her personal knowledge of what Ms. Scroggins conveyed to her about this conversation.

*193:23-194:9 – FRE 602, 802*

This testimony involves the FEOO's recollection of conversations between her deputy, Amaal Scroggins, and Heather Beam. The testimony is not hearsay because it is admissions by a

17

party opponent, as both Ms. Scroggins and Ms. Beam were employees/agents of Defendants. Further, Ms. Dunham was testifying based on her personal knowledge of what Ms. Scroggins conveyed to her about this conversation. Moreover, Ms. Dunham testified that she did not threaten Ms. Beam or give her any directives, and these verbal acts are not hearsay.

*194:10-24 – FRE 602*

This testimony is a continuation of the FEOO's testimony regarding her conversation with Ms. Scroggins and Ms. Beam about the EDR investigation. The FEOO testified regarding her perception that there was nothing threatening about the call, that she did not give any directives to Ms. Beam, and that there was nothing out of the ordinary about the call. The FEOO has personal knowledge of her own perception of the conversation.

7. Roger Gregory

<u>Relevancy Objections</u>

Defendants raise relevancy objections, which are addressed in Plaintiff's Proposed Findings of Fact and Conclusions of Law (ECF Nos. 370, 387). For the Court's convenience, Plaintiff provides the following citations to her proposed findings of fact regarding Defendants' relevancy objections:

29:24-32:14: ¶ 235i

34:6-34:10: ¶ 235i

38:5-39:4: ¶ 237b

<u>Other Objections</u>

Plaintiff hereby provides the following responses to other objections:

*29:24-32:14 – FRE 602, 802, lacks foundation*

Defendants' objections should be overruled for two reasons. First, Defendants did not object on form or foundational grounds during the deposition, and so the objection is waived. *See* Fed. R. Civ. P. 32(d)(3)(B) (objections to "the form of a question or answer" are waived if not raised during the deposition).

Second, the objections should be overruled because the email discussed in this portion of the deposition—Ms. Beam's January 13, 2019 email recommending disqualification of the Federal Defender—was admitted as an exhibit at trial. Plaintiff's counsel was entitled to ask Chief Judge Gregory during his deposition whether he was familiar with this email and whether he considered it in denying Plaintiff's request to disqualify the Defender.

*33:9-11 – FRE 602*

This challenged testimony is a question regarding whether the Chief Judge had any reason to know why Mr. Ishida would have asked Ms. Beam for her opinion whether the Defender should be disqualified; the Chief Judge answered that he did not. As this question does not call for speculation or information outside of the Chief Judge's personal knowledge, the objection should be overruled.

*34:6-34:10 – FRE 602*

This testimony is regarding whether the Chief Judge received Plaintiff's mediation supplement. Because the Chief Judge did testify that he received the mediation supplement, the Rule 602 objection should be overruled.

This the 3rd day of January, 2024.

19

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

21