IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION REGARDING THE ADMISSION OF TRIAL EXHIBITS (ECF NO. 386)**

Seeking to relitigate issues that arose at trial and on which this Court has already ruled, Plaintiff recently filed a Motion for Clarification and/or Reconsideration. ECF No. 386 ("Pl.'s Mot.")). She asserts that the Court should: (1) issue a ruling on whether the Court will admit additional exhibits that Plaintiff failed to introduce at trial and (2) reconsider its ruling sustaining Defendants' objection to Exhibit AY.[1] Plaintiff's motion should be denied.

As to Plaintiff's request for a "ruling on whether the Court will admit her remaining trial exhibits," Pl.'s Mot. at 1, Plaintiff previously filed a motion to admit those exhibits. *See* Motion to Admit Exhibits (ECF Nos. 364, 378). As Defendants explained in response to that motion, the Court

---

[1] Plaintiff also seeks clarification on whether her references to Exhibit BB, which this Court correctly excluded from evidence at trial (*see* Trial. Test. Day 3), should be filed publicly or under seal in her trial brief. Pl.'s Mot. at 3-4. Because Exhibit BB was not admitted into evidence and contains sensitive confidential information about nonparty EDR complaints, the exhibit should be filed under seal (if at all), to protect the confidentiality and privacy interests of these nonparties, which are assured under the EDR Plan. *See, e.g.*, Fourth Circuit EDR Plan § V(B)(1) (2020). Further, although Defendants hereby provide notice that they do not intend to file a reply in support of their motion to strike Plaintiff's trial brief (ECF No. 381), Defendants note that, because both versions of Plaintiff's trial brief contain cites to documents that have not been admitted into evidence, both briefs (ECF Nos. 371, 388) should be stricken for the reasons set forth in that motion.

1

ordered the evidentiary portion of this case closed as of the last day of trial on December 19, 2023, so Plaintiff's motion to admit those exhibits is moot and should be denied. *See* Defs.' Resp. to Pl.'s Mot. to Admit Her Tr. Ex. & Dep. Designations, ECF No. 382.

As to Plaintiff's request to reconsider the Court's ruling regarding Exhibit AY, it is well established in this jurisdiction that "[i]t is improper to file a motion for reconsideration simply to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Wiseman v. First Citizens Bank & Tr. Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration is appropriate only where:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ... [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*Id.* (quoting *Above the Belt, Inc.*, 99 F.R.D. at 101).

Here, Plaintiff has not met the high burden needed to show that this is one of the "rare" circumstances in which the Court should reconsider its prior decision. *Frankum v. Boston Scientific Corp.*, 2015 WL 3514327, at *2 (W.D.N.C. 2015). She has not shown that the Court has "patently misunderstood" her, "or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Carlson v. Boston Scientific Corp.*, 2015 WL 5732107, at *1 (W.D.N.C. 2015) (quoting *N. Carolina* ex rel. *Cooper v. Tennessee Valley Auth.*, 2008 WL 2115159, at *2 (W.D.N.C. May 16, 2008)), *aff'd sub nom., Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (affirming the district court and applying the law-in-the-case standard to warrant reconsideration: "a court may revise an interlocutory order under the same circumstances it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence;' (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'") (citing *Am. Canoe Ass'n,*

*Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)). To the contrary, the Court heard ample argument from the parties on this issue during these proceedings and Plaintiff has failed to meet her burden to show any circumstances that would warrant reconsideration of the Court's prior decision.

For these reasons, Plaintiff's motion for clarification and/or reconsideration should be denied.

January 8, 2024

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

JOSHUA KOLSKY
Senior Trial Counsel

*/s/ Danielle Young*
DANIELLE YOUNG (TX Bar. No 24098649)
DOROTHY CANEVARI
MADELINE MCMAHON
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division