IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING GENDER BIAS IMPLICIT IN DEFENDANTS' "NOT A TEAM PLAYER" THEORY**

During closing arguments, this Court asked about authority for the principle that "imposter syndrome" predominantly affects women.[1] As context for this question, Defendants have consistently acknowledged that Plaintiff's work performance was excellent. *See* ECF No. 387, ¶¶ 27c, 29a, 63. Defender Martinez testified that Plaintiff's work performance was excellent, and she worked well with other attorneys in the office. Nonetheless, Defender Martinez was obviously hostile towards Plaintiff, which this Court repeatedly recognized during closing argument. Mr. Martinez testified that he believed that Plaintiff was "not a team player." He based this criticism not on any objective misconduct by Plaintiff, but rather on his perception of an email that she sent raising concerns about caseload and training before accepting new cases and a phone call where she asked for his encouragement the day before her first cross-examination. Mr. Martinez admitted that he was not aware that high-achieving female attorneys experience more self-doubt (*i.e.*, imposter syndrome) than male attorneys due to a history of

---

[1] Pursuant to Local Rule 7.1, this notice of supplemental authority is limited to two pages. Plaintiff requests the opportunity to submit further supplemental briefing on this issue if the Court would find such briefing to be useful.

1

sexism in the legal profession, which could be an alternative explanation for Plaintiff's communications besides simply not being "a team player."

The term "imposter phenomenon" was coined in a 1978 study by psychologists who stated that the phenomenon "appears to be particularly prevalent and intense among a select sample of high achieving women." Rose Clances & Suzanne Imes, *The Imposter Phenomenon in High Achieving Women: Dynamics and Therapeutic Intervention*, 15 PSYCHOTHERAPY THEORY, RESEARCH AND PRACTICE 3 (1978). Since then, many studies have confirmed that the "imposter phenomenon" predominantly affects high-achieving women. *See, e.g.*, Cheri Beranek, *Imposter Syndrome Predominately Affects Women – Here's How We Can Overcome it*, ENTREPRENEUR (June 14, 2023); Eduardo Infante and Emilia Bairamova, *Gender-Bias and Its Impact on the Perceived Professional Success of Exceptionally Talented Women: A Group Decision-Making Study*, US-16 CHINA FOREIGN LANGUAGE 1, 71 (2018) ("[G]ifted women, who live up to the stereotypical ideals associated with their gender, are underrated, discouraged from their vocations, and even misperceived as unapt."); Leslie P. Culver, *The Rise of Self Sidelining*, 39 WOMEN'S RTS. L. REP. 173, 175 (2018) ("While both men and women are susceptible to impostor feelings, research overwhelmingly indicates that the phenomenon is more limiting to women . . . ."); *cf.* Ruchika Tulshyan and Jodi-Ann Burey, *Stop Telling Women They Have Imposter Syndrome*, HARV. BUS. REV. (Feb. 11, 2021) (noting that the term "imposter syndrome" places the burden on women rather than the "historical and cultural contexts" in which it arises).

Likewise, Defender's complaint that Plaintiff was "not a team player" "echoe[s] the all too familiar complaints about assertive, strong women who speak up for themselves: 'difficult,' 'negative attitude, 'not a team player,' 'problematic,'" which are "oft employed rhetoric" used to mask "illegitimate motives." *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1072 (9th Cir. 2003).

This the 9th day of January, 2024.

                                                Respectfully Submitted,

                                                */s/ Cooper Strickland*

                                                Cooper Strickland
                                                P.O. Box 92
                                                Lynn, NC 28750
                                                Tel. (828) 817-3703
                                                cooper.strickland@gmail.com

                                                *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

/s/ Cooper Strickland
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com