IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil No. 1:20-cv-00066-WGY |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING EQUITABLE REMEDIES FOR DUE PROCESS VIOLATIONS

During closing arguments, the Court asked about authority for the principle that equitable remedies, including front pay, may be awarded for due process violations.[1] Plaintiff answered that front pay is an appropriate remedy when there was a constructive discharge in violation of an employee's due process rights. Plaintiff explained that she had cited authority to this effect in prior briefing. The authority to which she was referring is *Thorsen v. Cmty. Unit Sch. Dist. 300*, No. 3:20-cv-50132, 2021 U.S. Dist. LEXIS 85530, at *13 (N.D. Ill. May 5, 2021), which describes the types of involuntary resignations that can arise from due process violations. *See also Schneider v. Scottsdale Unified Sch. Dist. No. 48*, No. CV-21-01521-PHX-SPL, 2022 U.S. Dist. LEXIS 55590, at *24 (D. Ariz. Mar. 28, 2022) (plaintiff stated a due process claim because she pleaded facts demonstrating that "she was constructively discharged" and "she was denied due process procedures prior to her constructive discharge"); *Hall v. Rockingham Cty.*, No. 1:15CV938, 2016 U.S. Dist. LEXIS 132166, at *22-23 (M.D.N.C. Sep. 27, 2016) (concluding

---

[1] Pursuant to Local Rule 7.1, this notice of supplemental authority is limited to two pages. Plaintiff requests the opportunity to submit further supplemental briefing on this issue if the Court would find such briefing to be useful.

1

that "Plaintiff has alleged a facially plausible case for constructive discharge" in violation of her procedural due process rights). Every Court of Appeals to have addressed this issue, including the Fourth Circuit, has concluded that a claim of constructive discharge can be predicated on due process violations. *See Knappenberger v. City of Phx.*, 566 F.3d 936, 941 (9th Cir. 2009) ("The Third, Fourth, Eighth, Tenth and Eleventh Circuits have adopted a 'duress or coercion' theory under which 'a resignation may be found involuntary if, from the totality of the circumstances, it appears that the employer's conduct in requesting or obtaining the resignation effectively deprived the employee of free choice in the matter.'" (citing, *inter alia*, *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 173 (4th Cir. 1988)); *see also Spreen v. Brey*, 961 F.2d 109 (7th Cir. 1992). These cases are consistent with Supreme Court precedent explaining that the constructive discharge concept was originally developed by the National Labor Relations Board to address situations in which employers coerced employees to resign. *See Knappenberger*, 556 F.3d at 941 (citing *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004)).

The Fourth Circuit followed this established line of precedent when it held that Plaintiff stated a claim that she was constructively discharged in violation of her due process rights. *See Strickland v. United States*, 32 F.4th 311, 355 (4th Cir. 2022) ("Turning to Strickland's as-applied [due process] challenge, we conclude that it may proceed because the refusal to disqualify the FPD from the investigation and the alleged coercing of Strickland to end the investigation stated a plausible violation of her due process rights."). The Fourth Circuit also held that Plaintiff properly sought front pay as an "equitable remedy" for her claim that Defendants "willfully and knowingly deprived [her] of her property interests without due process of law in violation of the Fifth Amendment." *Id.* at 365.

This the 9th day of January, 2024.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

>*/s/ Cooper Strickland*
>Cooper Strickland
>N.C. Bar No. 43242
>P.O. Box 92
>Lynn, NC 28750
>Tel. (828) 817-3703
>cooper.strickland@gmail.com