IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR CLARIFICATION AND/OR RECONSIDERATION REGARDING TRIAL EXHIBITS

Defendants' response fails to address the issues that Plaintiff raised in her motion. Their lack of any substantive response to Plaintiff's arguments demonstrates why her motion should be granted as to all three requests: (1) that the Court admit her remaining trial exhibits, which have no valid objections, (2) that the Court admit Exhibit AY, a sexual harassment training by the Federal Judicial Center, into evidence, because Defendants have not offered any good faith basis to contest the foundational grounds for its admission, and (3) that the Court allow Exhibit BB, which contains other complaints of harassment, discrimination, and retaliation against the FDO, to be filed as part of the record to preserve Plaintiff's objections for appeal.

First, Defendants contend that the Court should deny Plaintiff's motion to admit trial exhibits—which was timely filed the week *before* the start of trial—simply because the Court did not formally enter a ruling on the motion during the trial. ECF No. 364 (motion to admit trial exhibits filed December 7, 2023). That happenstance of timing, however, has nothing to do with the timeliness of Plaintiff's motion or whether it was adequately preserved. Plaintiff's motion was preserved through her efforts to repeatedly raise her motion both before and during the trial,

1

as well as the Court's assurances that it would consider her motion during the trial. Notably, Defendants offer no substantive reason why the motion should not be granted. For example, they do not contend that any of their objections to Plaintiff's exhibits are valid. In fact, almost all of Defendants' objections are either on relevancy grounds, which is a low bar that is easily overcome as stated in Plaintiff's proposed findings of fact and conclusions of law, or "hearsay" grounds that are invalid because the documents are admissions by a party opponent. *See, e.g.*, ECF No. 384, at 10–13 (responding to specific objections).

Moreover, as Plaintiff has previously explained, almost all of the trial exhibits that are subject to her motion to admit were documents produced by Defendants in discovery, and there is no good faith basis to object on foundational or authenticity grounds.[1] ECF No. 384, at 2–8. Defendants presumably made a strategic choice not to object to documents they produced in discovery on foundational grounds (in addition to lacking any good faith basis to do so). Defendants benefitted from that strategic choice because Plaintiff did not need to call named Defendants (such as Chief Judge Gregory, Circuit Executive Ishida, or representatives of the Administrative Office of the U.S. Courts or the Federal Public Defender office), Defendants' agents, or Defendants' employees for the purpose of authenticating documents that Defendants themselves produced in discovery. Defendants failed to timely raise any authenticity or foundational objections, and their claim that they "are entitled to raise" foundational objections for the first time *after the trial had concluded*, ECF No. 383, at 2—to documents, again, that *Defendants themselves produced*—is invalid and opportunistic, ECF No. 384, at 1–5.

---

[1] Plaintiff reiterates her objection to the fact that Defendants failed to timely object to her exhibits as required by Fed. R. Civ. P. 26(a). Plaintiff was not given notice until *during the trial* that the Court would deem Defendants' untimely objections not waived without making any findings of good cause as required by Rule 26, which severely prejudiced her.

2

In fact, in a bench trial involving claims against government officials, where many exhibits in the trial are documents produced by the government itself, it is not unusual for the plaintiff to file a motion to admit exhibits that lack valid objections in the interest of conserving judicial resources and efficiency, as Plaintiff did here. *See, e.g.*, *State of New York, et al v. U.S. Dep't of Commerce*, No. 1:18-cv-02921-JMF, ECF No. 522 (Plaintiff State of New York's motion requesting admission of trial exhibits, including government documents and correspondence between government officials); ECF No. 533 (Defendants' opposition); ECF No. 564, at 88–96 (transcript of court's oral rulings on certain exhibits, while reserving judgment on others); ECF No. 538 (court's written ruling on motion to admit exhibits). Moreover, the Court may, in its discretion, reserve ruling on a motion to admit exhibits or deposition designations until it enters final judgment, similar to the Court's discretion to reserve ruling on a motion *in limine* until after it hears the evidence at trial. *See, e.g.*, ECF No. 564 (in bench trial, court's statement that it would resolve evidentiary objections as needed in connection with its ruling).

As the above analysis shows, Defendants' contention that the motion is now "moot" because the trial is over is lacking in merit. Plaintiff's motion is not moot because the issues raised by the motion are still live and remain unresolved. *Cf. Haw. Disc., LLC v. Teuila Haw., LLC*, No. 2:21-cv-02011-DCN, 2022 U.S. Dist. LEXIS 157189, at *11 (D.S.C. Aug. 30, 2022) (finding various disputes "moot" because they had been "resolved"). Moreover, as discussed above, the Court has discretion to defer ruling on evidentiary objections until it issues a final decision; deferring such decision does not render the issues "moot" any more than a decision to defer ruling on a motion *in limine* until after trial. *See, e.g.*, *Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co., N.A.*, 957 F. Supp. 2d 316, 340 (S.D.N.Y. 2013) ("Because this was a bench trial, the Court reserved decision on the motion until after trial."). In fact, if Defendants'

understanding of "mootness" were correct, then a district court could simply summarily deny motions *in limine* and evidentiary objections as "moot" by failing to rule on them at trial and then claiming the issue was "resolved" because the trial was over, without ever addressing the substance of the issues. That course would obviously be incorrect, as is Defendants' argument.

Second, Defendants contend that this Court should not "reconsider" its ruling excluding Exhibit AY, a sexual harassment training provided by the Federal Judicial Center, even though Defendants do not provide any basis for the erroneous foundational objection they raised at trial. By failing to defend their foundational objection, which they cannot defend in good faith, Defendants effectively concede that it was clear error not to admit the sexual harassment training as an exhibit at trial. Accordingly, the grounds for reconsideration are met.

Third, Defendants also effectively concede that Exhibit BB, which contains other complaints of harassment, discrimination, and retaliation against the FDO, must be part of the record for purposes of appeal, but they contend that the exhibit should be filed under seal. Plaintiff does not take a position on whether Exhibit BB should be filed publicly or under seal, except that she respectfully requests the Court's clarification so that references to this exhibit may be filed now for purposes of preserving the record on appeal, thus obviating the need to move to amend the record after a final judgment.

This the 16th day of January, 2024.

Respectfully Submitted,

*/s/ Cooper Strickland*
Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Danielle Young at Danielle.young2@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

> */s/ Cooper Strickland*
> Cooper Strickland
> N.C. Bar No. 43242
> P.O. Box 92
> Lynn, NC 28750
> Tel. (828) 817-3703
> cooper.strickland@gmail.com