1            UNITED STATES DISTRICT COURT

2         WESTERN DISTRICT OF NORTH CAROLINA (Asheville)

3                         No. 1:20-cv-00066-WGY

4

5    CARYN DEVINS STRICKLAND, formerly known as Jane Roe,
              Plaintiff

6

7    vs.

8

9    UNITED STATES OF AMERICA, et al,
              Defendants

10

11                        * * * * * * * * *

12

13

                    For Zoom Hearing Before:
14                  Judge William G. Young

15

                    Further Final Pretrial
16

17                  United States District Court
                    District of Massachusetts (Boston)
18                  One Courthouse Way
                    Boston, Massachusetts 02210
19                  Thursday, November 16, 2023

20

21                        * * * * * * * *

22

              REPORTER: RICHARD H. ROMANOW, RPR
23                  Official Court Reporter
                 United States District Court
24        One Courthouse Way, Room 5510, Boston, MA 02210
                    rhrbulldog@aol.com

25

```
 1                    A P P E A R A N C E S

 2

 3   CARYN STRICKLAND, ESQ.
     COOPER J. STRICKLAND, ESQ.
 4       P.O. Box 92
         Lynn, NC 28750
 5       (802) 318-0926
         Email: Caryn.devins@hotmail.com
 6       Pro Se Plaintiff

 7

 8   JOSHUA MICHAEL KOLSKY, ESQ.
     DANIELLE YOUNG, ESQ.
 9   MADELINE McMAHON, ESQ.
     DOROTHY CANEVARI, ESQ.
10       U.S. Department of Justice
         1100 L Street NW
11       Washington, DC 20005
         (202) 305-7664
12       Email: Joshua.kolsky@usdoj.gov
         For Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25
```

 1          P R O C E E D I N G S

 2          (Begins, 3:00 p.m.)

 3          THE CLERK:  Now hearing Civil Matter 20-00066,

 4     Strickland vs. United States of America, et al.

 5          THE COURT:  Good afternoon counsel.  This is a

 6     further pretrial conference held pursuant to Federal

 7     Rule of Civil Procedure 16.  This conference is open to

 8     the public.  Our host is Courtroom Deputy Clerk,

 9     Jennifer Gaudet.  The proceedings are taken down by our

10     Official Court Reporter, Rich Romanow.  They are open to

11     the public.  And if any members of the public are

12     present, I must remind you to keep your microphone muted

13     and that the rules of court remain in full force and

14     effect, that is to say there is no taping, streaming,

15     rebroadcast, screen shots, or other transcription of

16     these proceedings.

17          With that said, would counsel introduce

18     themselves, starting with the plaintiff.

19          MR. STRICKLAND:  Yes, good afternoon, your Honor,

20     Cooper Strickland for the plaintiff.

21          THE COURT:  Good afternoon.

22          MS. STRICKLAND:  And Caryn Strickland.  Thank you.

23          THE COURT:  Good afternoon to you both.

24          The defense?

25          MR. KOLSKY:  Good afternoon, your Honor, Joshua

 1    Kolsky for the defendants.

 2          MS. McMAHON:  Good afternoon, your Honor, Madeline

 3    McMahon for the defendants.

 4          MS. CANEVARI:  Dorothy Canevari, also for

 5    defendants.

 6          MS. YOUNG:  Danielle Young, also for the

 7    defendants.

 8          THE COURT:  Well good afternoon.

 9          What I want to do here is I'm going to start at

10    the end really and talk about the trial, and there is,

11    um, well you can be some help to me with respect to the

12    trial in one respect, and I'm going to tell you what I

13    need, and then there are a number of motions, some of

14    which I can address this afternoon, others I have taken

15    under advisement.  And once I've run through all those,

16    then I'm open for questions as to how these proceedings

17    will work.

18          So starting at the end, we're on for the 11th of

19    December, a Monday, under the earlier pretrial

20    conference we said this wouldn't last more than 5 days.

21    I'm not going to sit on the 12th of December.  So we'll

22    sit on the 11th, the 13th, the 14th, the 15th, and if

23    we're not done, we'll sit on the 18th of December.  The

24    one thing that I need is I need a joint exhibit list.

25          Now the plaintiffs have favored me with a fairly

1   thorough list of objections to a variety of exhibits

2   that they think the government -- I'm going to stop

3   talking about the "government" here, though frequently

4   that's the way I would do it, and I recognize the United

5   States has taken over the defense of this matter, but

6   I'm going to talk about the judiciary, and we all know

7   who we're talking about here given the nature of the

8   suit.

9        So the counsel for the judiciary and the

10  plaintiffs, what I want from you is a joint exhibit

11  list, and I want the plaintiff to list all the exhibits

12  that she hopes to put before the Court and the defense

13  to do likewise, and then I of course want copies of all

14  these exhibits well in advance of the 11th.  If there is

15  an objection, and as I say I've gone over the

16  plaintiff's objections, but if there's an objection on

17  this list, just give those exhibits letters, letters to

18  the Base 26.  So once you've done A to Z, then AA, AB,

19  AC, and the like, not AA, BB, CC.

20       You need not spell our your objections, we can

21  work that out at the time of trial, unless you object to

22  the authenticity of the document, that it's not a

23  genuine document, and in that case, um, just note

24  "Authenticity."  This is not to cost you more money, and

25  we'll try to keep that down, but I want a specific

1  exhibit list starting with -- certainly you agree on

2  some exhibits, that is you agree they're admissible, and

3  those exhibits should get numbers, not the "Plaintiff's

4  1" and the "Defendants's 1," just 1 through however many

5  numbers, and then we won't take any time at the time of

6  trial, we'll just understand that those exhibits are in

7  evidence, and I may, um, review them, look at them, rely

8  upon them in arriving at the Court's conclusions.

9       Now it seems to me, having said that, let me take

10  -- I had the Clerk print out a pending motions report,

11  and I'm going to go through that in reverse order having

12  reference to the substantive motions by the ECF number.

13  And I recognize that certain of these motions are not

14  yet ripe, but I think we can save some time by my

15  expressing my present view with respect to those

16  motions, because I think it will be helpful if you know

17  where I'm at.

18       So again, in reverse order, um, ECF Number 334 is

19  the Judiciary's motion in limine to exclude a proposed

20  expert, Gary Albrecht.  That motion is denied.

21  Mr. Albrecht may testify.  But in part I am -- again I

22  recognize it's not ripe, but I'm going to tell you I am

23  of a mind to deny the admission of the deposition

24  testimony and various documents, that's not the way to

25  proceed with respect to an expert.  I think Mr. Albrecht

can testify, um, and I will want to have his report in
hand when he testifies because I'm going to confine his
testimony to his report.  But, um, I -- I just cannot
see the basis for allowing the deposition testimony
report and the other things just to come in evidence
without any live testimony.  So that's my present
intention.  If the plaintiffs think that that's in
error, that can be briefed.

Then, um, again working backwards, there is the
Judiciary's motion in limine to exclude plaintiff's,
quote, "Me-too," closed quote, evidence.  That motion,
um, really I'm not going to treat that as a motion --
well you've made a motion in limine, so I guess the
proper thing to do is to deny that motion.  I don't,
um -- I'm not going to exclude that evidence pretrial.
I've read the materials that have been submitted.  But
it does seem to me that if there is appropriate "Me-too"
evidence, evidence -- and I make no ruling on that, then
such witnesses may be called, and I will see if they are
similarly situated and, um, sufficiently close in time
and the like.  So that's open to the plaintiff, um, if
those witnesses are actually going to be produced.

Now, um, there are various -- well I'll skip over
them.  Let me go back to the motion in limine to exclude
-- it's Number 323, the motion in limine to exclude the

1    expert, Ms. Thomas, filed by the Judiciary.

2         That's -- again the defense hasn't had -- or

3    rather the plaintiff hasn't had a chance to respond to

4    that motion, but let me state my reaction.  I again,

5    I've read at least what has been submitted, and it

6    doesn't seem to me that Ms. Thomas qualifies under 702,

7    but it would be an error for me to so rule today, and I

8    do not, but I advise that I don't know that there is

9    such definitive standards for Human Resources practices

10   that one can allow expert testimony on such matters.

11   And again, I'm pretty clear that we're not going to just

12   accept deposition testimony and reports and the like,

13   they're hearsay.  But I'm going to proceed subject of

14   course to the plaintiff's response here.  We'll let

15   Ms. Thomas, um, let Ms. Thomas be qualified in the

16   trial, but before we get any opinions from her, we'll

17   let the defense cross-examine as to the question of her

18   qualifications to actually testify.

19        Then, um, again skipping back, there is really --

20   and I say this advisedly, there is a well-crafted motion

21   for reconsideration of the Court's memorandum and order

22   denying the plaintiff's motion for summary judgment.  I

23   did want to, um -- I wanted to explain that.  There is

24   no need for the Judiciary to respond, motions for

25   reconsideration require no response, and the motion is

going to be denied.  The motion is denied.  But it's
appropriate that the Court explain its reasoning.  I've
already written an opinion denying the, um, or rather
granting in part and denying in part the motion for
summary judgment.  The motion for reconsideration is
based upon three types of evidence, and let me deal with
each one of them separately and then together.

The plaintiff claims that the liability case has
been made out by the pleadings of the Judiciary,
especially the admissions in the Judiciary's answer
here.  The plaintiff is correct that statements made in
an answer are judicial admissions, they establish the
point, but having gone over them all, I don't see that
makes out the plaintiff's case.  What the Judiciary
admits, and properly so, they admit that certain things
happened, that certain meetings were held, that certain
statements were made, all of those are established.
We're not going to waste any trial time on any of those
things.  But taking all of those things together, that
does not establish any of the remaining of plaintiff's
claims.

Then, added to that, the plaintiff, um, faults the
Court for not paying attention to the unredacted, um,
"Me-to" evidence.  Respectfully, the plaintiff is
correct, I looked at the redacted data, I'm always

concerned about making decisions on matters that are not

publicly available, and I had enough in the unredacted

data to understand that evidence. There is alleged

"Me-to" evidence. The evidence claims to be from people

similarly situated and in a timely and relevant

position. If such evidence exists, it will be admitted

at trial.

But the law is -- the law of summary judgment, as

explicated by the Supreme Court in **Reeves vs. Sanderson**

**Plumbing**, is that I am not to make any fact findings on

a motion for summary judgment and indeed I am to

disregard all evidence that a -- that the factfinder --

in this case I'm the factfinder, is free to disregard.

Now plaintiff makes the point, or at least claims, that

I can't disregard it because the Judiciary has not

expressly denied it. The plaintiff bears the burden of

proof here and under the summary judgment standard, I'm

supposed to, and I am, supposed to draw all reasonable

inferences contrary to the plaintiff's position. I have

done so. And so I deny it. That's not a final

adjudication, we're looking toward the trial now.

And then lastly, and, um, really perhaps most

important for the plaintiff's position, the plaintiff

points out various factual matters which, as near as I

can see, are generally undisputed and constitute

admissible evidence and, um, can, if I draw inferences
in favor of the plaintiff, um, result in a liability
finding at least on behalf of the plaintiff.  And I
advert specifically to the letter of reprimand for
Mr. Martinez.

That's, um, on two bases that letter is
admissible.  It's admissible as a report, a government
report under 8038, but under 8038 the conclusions would
not be admissible.  But of course that was rendered by
an employee of the Judiciary, and under 802(d)(ii)(D),
it's admissible as an admission.  It's not conclusive,
but it's certainly admissible as an admission.

Then there is the e-mail in which the
investigator, um, does draw the conclusion that
Mr. Martinez was biased.  Well that's evidence, indeed
it may well be powerful evidence, and again under
802(d)(ii)(D), that's an admission by the Judiciary.
The Judiciary is going to have to deal with that at
trial.  So both of those things, I think, get in
evidence.

But the bottom line is, um, that at the summary
judgment stage, recognizing that these two, and other
evidence, will be admitted, I am to draw all inferences
against the moving party, here the plaintiff.  I've done
that.  And having done that, I must deny, and I did deny

1    the motion for summary judgment in part, as you already

2    know, and I deny the motion for reconsideration.

3         I likewise, um, let's see here.  The, um -- again

4    working back from the motion for reconsideration, um,

5    ECF 285, the plaintiff's motion in limine, I'm not

6    striking any expert witnesses, but there is a motion to

7    exclude their testimony.  I'm not striking any trial

8    witnesses, but there's a motion in limine to exclude

9    their testimony.  Both those motions, 284 and 285, are

10   under advisement.

11        The motion in limine filed relative to

12   after-acquired evidence, 282, that's under advisement.

13   The motion for sanctions and to disqualify the

14   Judiciary's attorneys, Motion 270, that's denied.  The

15   motion is without merit.

16        Now it's that motion that has given rise to these,

17   um, notice to the challenge to the confidentiality

18   designation as to the plaintiff's reopened depositions.

19   The way we're going to -- it may be moot now, since I've

20   denied the motions for sanctions, but if it's not moot,

21   if there are data in there that the defense thinks they

22   can use in their case, the way we're going to handle

23   that is, um, I'll rule on ECF 299, the motion for leave

24   to file unredacted versions of Numbers 294 and 295.

25   Well you can file -- the way we'll deal with that is

1  file a deposition, file a deposition unredacted, I'll

2  review it, and see if, under appropriate claims of

3  privilege, any of it need be redacted.  And once I'm

4  armed with that, the -- should it come up during trial,

5  I'll be in a position properly to rule on it.

6      One last thing, um, circling back to the trial.

7  At our last hearing, Ms. Strickland said, um, in her

8  capacity as counsel, that it was not her intention to

9  take the stand, and I recall that I said, "Oh, well

10  that's all right," or words to that effect, and of

11  course that's accurate, it is all right, she doesn't

12  have to testify in a civil case.  And, um -- but I must

13  say to all the litigants, to counsel, um, that if she

14  doesn't take the stand, that does not foreclose the

15  defense from calling her as an adverse witness and it

16  does not suspend the rules of evidence.  It does not

17  make her hearsay statements -- even under oath it does

18  not make them admissible.  And so I simply advise

19  counsel of that, because I thought my answer that it was

20  all right, though accurate, did not give a full picture.

21  I have to follow the rules of evidence here and I'm

22  going to.

23      And, um, with all of these things said, I think

24  I'm about done.  So I am open not to argument, because

25  I've acted only on matters that I have carefully

reviewed, and I'm satisfied with the rulings that I've
made, but to answer questions. And I really -- I really
do want this to go smoothly, and so I'm open to your
questions.

Mr. Strickland, one thing you ask, and I'm afraid
I don't have an answer for you today, is where the trial
physically -- where the trial will take place? And
while I'm going to have to try it in a courtroom in the
Western District of North Carolina, it depends on what
courtrooms are available. And I understand that you
prefer it to be tried in the Asheville Division, is that
right?

MR. STRICKLAND: Yes, your Honor.

THE COURT: Okay. My Courtroom Deputy,
Ms. Gaudet, will be working on that and we'll advise
everyone well in advance of trial. But we will try to
accommodate that.

Any other questions?

MR. STRICKLAND: Yes, um, on that. If the Court
is going to move it to Charlotte, we would request
notice so that we can brief that issue. If the Court --

THE COURT: Yes, I just said that, we'll give you
as much advance notice as we can.

Any other questions?

MR. STRICKLAND: Yes.

1    Starting with your last ruling on a motion, 299,

2    you said that to file the deposition unredacted.  Is

3    that under seal?

4    THE COURT:  Um, yes, it may be filed with the

5    Court under seal so that I can make a preliminary

6    determination of such challenges as may come up.  Good

7    question.

8    Anything else?

9    MR. STRICKLAND:  And then, um, just to go ahead

10   and put it on the record, um, if you were to make a

11   determination that you wanted to unseal it after

12   reviewing it, we would ask that -- I would orally move

13   now, pursuant to Local Rule 7.1(a), that you stay that

14   decision pending an opportunity to seek interrogatory

15   appeal.

16   THE COURT:  Well I'm not going to rule on the

17   motion to stay, but you've advised me of that.

18   MR. STRICKLAND:  Yes.

19   THE COURT:  Thank you.  And I do acknowledge the

20   notice.

21   MR. STRICKLAND:  Okay.  And then I have another

22   question.

23   So we are definitively starting at 9:00 a.m. on

24   December 11th?

25   THE COURT:  (Laughs.)  I wish I could say "Yes."

1  So far as I can tell, the answer is "Yes."

2      MR. STRICKLAND:  Okay.  Because your public

3  calendar indicates that you have three criminal trials

4  starting on the 11th and you have a bench trial carrying

5  over from the week before.

6      THE COURT:  You're very good at following up

7  what's going to happen.  We're going to -- we, this

8  case, *Strickland vs. the United States,* is going to

9  start on the 11th insofar as I can make that happen.

10  Don't worry about what it now states.

11      All good questions.

12      Defense, any questions?

13      MR. KOLSKY:  Yes, your Honor, we do have a number

14  of questions and we're going to try to get through them

15  as quickly as possible.

16      THE COURT:  Sure.

17      MR. KOLSKY:  So first, the plaintiff has

18  designated deposition testimony for several witnesses

19  who we intend to call live, so we would appreciate the

20  Court's guidance as to how the Court would like us to

21  proceed for those witnesses.  In other words, if the

22  plaintiff presents deposition testimony during her case,

23  are we still permitted to call those witnesses live and

24  have them testify at trial?

25      THE COURT:  The answer is "Yes."

1    MR. KOLSKY:  And is it correct that we are not

2    limited in terms of the subject matters that they can

3    testify about?

4         THE COURT:  I can't see any reason to limit it.

5         MR. KOLSKY:  Very well.  Thank you.

6         If both parties plan to call a particular witness

7    to testify live, will that witness testify once or

8    twice?

9         THE COURT:  Well that's a good question and here's

10   how I handle it.

11        If you call an adverse witness -- if the plaintiff

12   calls an adverse witness, in other words if the

13   plaintiff calls an officer of the Judiciary, or an

14   employee of the Judiciary, plaintiff's counsel may take

15   that witness on cross-examination.  The way I work it is

16   that the cost for calling an adverse witness is that as

17   to those things that the plaintiff has inquired about,

18   you must take that witness on cross -- you may take that

19   witness on cross-examination as well, and you can't go

20   any further, you have to recall that witness as part of

21   your case.

22        I'm in the middle of a big antitrust case, which

23   the Department of Justice is handling, and in that case

24   the parties agreed, so that a witness would not have to

25   come back more than once, that even though it was an

adverse witness, there could be general cross -- general examination, but once you got beyond the scope of the examination by the party who called the witness, you would have to take the witness as on direct as though it was a usual nonparty witness. I would urge such agreement so that, um, a witness would not have to come back. But if you're not going to agree, I must follow the rules, or I will follow rules strictly, and then you'll have to bring a witness back. And the mirror image, if you were to call the plaintiff, or someone so clearly adverse that the rule for adverse witnesses apply, that's the rule I follow.

Does that answer your question?

MR. KOLSKY: Yes, your Honor. Thank you very much.

The next question. Is there a date by which the parties will know the order that witnesses will testify?

THE COURT: I don't usually, um -- again, by agreement, it would be very helpful if you could agree on that. I don't usually require that that be disclosed.

MR. KOLSKY: Thank you.

Now a few questions about exhibits. The plaintiff has produced, in discovery, several audio recordings that she made of various conversations. She intends to

introduce some of those recordings, and we intend to
introduce others, but the plaintiff has objected to the
recordings that we intend to introduce.  It would be
helpful if we could try to resolve those objections now
or at least get an understanding from the Court as to
whether the Court will expect us to play the entire
recording during the trial to admit them into evidence.
And I would just note that some of these recordings are,
you know, an hour, two hours long.

THE COURT:  This is a jury-waived proceeding.  The
question is only a question of admissibility.  I'm not
prepared -- though it's a good question, I'm not
prepared to entertain argument or make rulings on the
admissibility of any such recordings or excerpts of
recordings.  So what will happen is the plaintiff -- you
will either agree, and of course I hope you will agree,
and on your joint exhibit list you will agree that
recording such and such, and such and such, may be
played, and a copy will be delivered, in advance of
trial, to the Court.  It's like deposition testimony.
We're not going to read deposition testimony, but I'm
going to read it, if you designate it and it is
appropriate that such deposition testimony be before the
Court.

And so then at a time that is convenient to me,

1    I'm going to listen to these recordings. And if you

2    agree, I will listen to the recordings prior to the 11th

3    of December, so that we may all know that I've listened

4    to them, and, um, the live witnesses may be questioned

5    in regard to them. If we don't do that, what will

6    happen is I will make my rulings. If I exclude it, um,

7    then it will still have its letter for designation. If

8    I admit it, we will give it the next number. And we

9    will understand that I will have listened to it prior to

10   the next day's testimony.

11       Does that answer the question?

12       MR. KOLSKY: Well, yes. I'm just not sure if we

13   will -- if your Honor is expecting us to play the entire

14   recording?

15       THE COURT: I'm not expecting you to play

16   anything. I am saying that if you want to play

17   something and the evidence is that it is appropriately

18   part of the evidence, then I will say something like

19   that, "This tape recording may be admitted, it will now

20   be Exhibit 16," and then it is in evidence. And I will

21   have listened to it, not during trial time, I'm keeping

22   time, this case isn't going longer than 5 days, I will

23   listen to it on my own time. But when I come to write,

24   under Rule 52, my findings and rulings, anything I say

25   is admitted, I will have listened to it, and anything I

say is excluded, um, is excluded, I'm not going to rely

on it in any way.

Does that answer your question?

MR. KOLSKY:  Yes.  Thank you, your Honor.

THE COURT:  All right.

MR. KOLSKY:  A few more questions.

Will we be permitted to use the plaintiff's

exhibits that are in evidence that are not joint

exhibits?

THE COURT:  Well there aren't -- the answer is

"Yes."  But there aren't plaintiff's exhibits or

defendants' exhibits, there are -- some things are

either in evidence or not in evidence.  So get together

and give me a single list.  If you can agree, fine.  If

you can't, they have letters.  If they get numbers,

during the course of the trial, then both sides can use

them.  There's much to be gained by agreement here.

MR. KOLSKY:  Yeah, and related to that, your

Honor, there are certain exhibits that both parties have

listed on their exhibit list, but plaintiff is objecting

to, and so I'm not sure how we should include those

exhibits on the list?

THE COURT:  Well now I've entered the order about

the list that I want, so you have to have another

conference and you have to decide what is going to be

shown to me by agreement, and it gets a number. The
fact that it's by agreement, it's like I explain to
juries, that doesn't mean that they have to rely on it,
it just means I can look at it. Those things that one
side or the other says they object to, in the trial
you'll come up and you'll say -- or you'll have a
witness because you'll have to lay some sort of
foundation, and you'll say, "And I show you Exhibit C.
Do you recognize it? What is it?" And once we have the
foundation, you say, "I offer Exhibit C." They say
whatever they say and I admit it or exclude it. If I
admit it, it gets the next number, and then we have it.

     MR. KOLSKY: Your Honor --

     THE COURT: That's how I try a case. Does that
make sense?

     MR. KOLSKY: Yes, it does. Thank you.

     THE COURT: All right.

     MR. KOLSKY: By when would you like us to submit
copies of the exhibits to the Court?

     THE COURT: Say a week before, by the, um --
really by the -- well if we're going to start on the
11th, the week before is -- I'll say submit them by
Friday the 1st of December.

     MR. KOLSKY: And do you want us to submit to you
binders with paper copies of the exhibits or submit them

1  electronically, what is the Court's preference?

2      THE COURT: Um, well, um, the binders with paper

3  copies would be the best.

4      MR. KOLSKY: Okay. And for audio files, should we

5  submit a CD containing --

6      THE COURT: Exactly. Yes.

7      MR. KOLSKY: Okay.

8      Regarding the time for trial. If we call a

9  witness, I understand that the time for the direct

10 examination is counted against us. Is the time for the

11 cross-examination counted against the plaintiff?

12     THE COURT: Correct.

13     MR. KOLSKY: And is the revenue stage of the

14 trial, including experts to testify about, you know,

15 front pay, is that included in the time that each side

16 gets for trial or --

17     THE COURT: It is.

18     MR. KOLSKY: Okay. Particularly in light of that,

19 your Honor, we are concerned about the amount of time

20 available for trial. We had requested a week for trial

21 and we were asking for a full week, 5 full days, instead

22 of the 5 half days that have been reserved. So we would

23 respectfully renew that request for a full week at 35

24 hours of trial time.

25     THE COURT: No, it's denied. You'll find that, um

```
 1   -- you're calling this a "half day," you'll find 9:00
 2   till 1:00 with me is a lengthy period.
 3           MR. KOLSKY:  Understood.  Thank you, your Honor.
 4           And just two more questions.  Is it correct that
 5   we can submit our trial briefs after the trial?
 6           THE COURT:  Well you can, but, um, I'm not
 7   waiting.  The best time to resolve the case is
 8   immediately upon its submission to the Court when
 9   everything is as fresh as it can be.  So the sooner you
10   submit requests for rulings, requests for findings, the
11   trial brief, the better off we are.  The better off we
12   all are.  You can always amend them.
13           MR. KOLSKY:  Understood.  Thank you.
14           And the last question.  We do intend to designate
15   a party representative to attend the trial.  I just
16   wanted to make sure there are no concerns with that?
17           THE COURT:  I have none.
18           MR. KOLSKY:  Thank you.
19           THE COURT:  Do their questions raise any questions
20   with you, Mr. Strickland, or Ms. Strickland?
21           MR. STRICKLAND:  I do not want to beat a dead
22   horse, but it sounds like numbered exhibits are
23   essentially those that there are no authentification
24   issues with, the foundation issues, things like that,
25   not other types of objections?
```

1    THE COURT:  Like what?

2    MR. STRICKLAND:  Like a hearsay objection.

3    THE COURT:  Oh, no, if you have a hearsay

4    objection, then that should have a letter.

5    MR. STRICKLAND:  Okay.

6    THE COURT:  Nothing else?

7    (Silence.)

8    THE COURT:  All right, hearing nothing, I look

9    forward to seeing you on the 11th, unless the case were

10   otherwise to resolve.  If it does, a simple phone call

11   to Ms. Gaudet is all that's necessary.  We will let you

12   know the place of trial just as soon as we know.

13   All right, we'll recess.

14   (Ends, 3:15 p.m.)

15

16           C E R T I F I C A T E

17

18   I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

19   do hereby certify that the foregoing record is a true

20   and accurate transcription of my stenographic notes

21   before Judge William G. Young, on Thursday, November 16,

22   2023, to the best of my skill and ability.

23

24   /s/ Richard H. Romanow 03-21-24
     _____
25   RICHARD H. ROMANOW    Date