IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| **CARYN DEVINS STRICKLAND,** | ) |
| *Plaintiff*, | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| **UNITED STATES,** *et al.*, | ) |
| *Defendants*. | ) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1(j), Plaintiff Caryn Devins Strickland, through undersigned counsel, submits for this Court's review *Muldrow v. City of St. Louis*, No. 22-193, 2024 U.S. LEXIS 1816, at *13 (Apr. 17, 2024). In *Muldrow*, a Title VII case, the Supreme Court held that discriminatory treatment in terms or conditions of employment requires "differences in treatment that injure" employees or practices that "treat[ ] a person worse" because of sex or other protected trait. *Id.* (quoting *Bostock v. Clayton County*, 590 U.S. 644, 681 (2020)). The employee need not show, however, that the harm was "significant," and the Supreme Court specifically repudiated lower court precedents that "disregard various kinds of disadvantage," including Fourth Circuit precedent requiring a "significant detrimental effect." *Id.* at 15 (citing cases). Moreover, terms or conditions of employment are not defined "in the narrow contractual sense" and cover "more than the economic or tangible." *Id.* at 13 (quoting *Oncale v. Sundowner Offshore Services., Inc.*, 523 U.S. 75, 80 (1998)). Applying this standard, the Supreme Court held that the plaintiff's claim that she was involuntarily transferred and suffered harmful job effects, short of a diminution to her title, salary, or benefits, were enough to prove "she was left worse off several times over" for purposes of her gender discrimination claim. *Id.* at 20.

1

*Muldrow* supports Plaintiff's claims, as discussed in her Proposed Findings of Fact and Conclusions of Law, that she was subjected to adverse actions based on her gender. *See* ECF No. 387, at 412–415, 444–45. For example, like the plaintiff in *Muldrow*, who was involuntarily transferred, Plaintiff was given no option but to transfer to a telework position for nearly *seven months*. *See id.* at 466; *see Muldrow*, 2024 U.S. LEXIS 1816, at *28 n.1 (explaining that "a change in an employee's job location or job responsibilities readily qualifies" as an employment action). This Court has even described this "remote work business" as a "career-ending step," which not only clears the "relatively low bar" required to prove discriminatory harm, but also strongly supports Plaintiff's claim of constructive discharge. *Muldrow*, 2024 U.S. LEXIS 1816, at *29 (Kavanaugh, J., concurring); *see* ECF No. 268, at 18–19.

Similarly, Plaintiff was subjected to other adverse actions with both economic and noneconomic effects, including not even being considered for a grade-level promotion for which she was eligible and being taken off trial cases and demoted to "pure R&W." ECF No. 387, at 412–415, 444–45. Under *Muldrow*, these adverse actions—demotion of job duties, denial of promotion, and being ostracized on telework for seven months—made Plaintiff "worse off several times over." *Muldrow*, 2024 U.S. LEXIS 1816, at *20.

This the 18th day of April, 2024.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com