# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

## ASHEVILLE DIVISION

| | | |
|---|---|---|
| CARYN DEVINS STRICKLAND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil No. 1:20-cv-00066-WGY |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFF'S RENEWED MOTION TO CLARIFY WHETHER SHE SHOULD FILE EVIDENCE REGARDING OTHER EMPLOYEES' EDR COMPLAINTS ("ME TOO EVIDENCE") PUBLICLY OR UNDER SEAL

Plaintiff Caryn Devins Strickland, through undersigned counsel, respectfully renews her prior motion to clarify whether references to Exhibit BB in her proposed findings of fact should be filed publicly or under seal. Exhibit BB contains materials relating to other EDR complaints filed against the Federal Defender Office ("FDO") for the Western District of North Carolina. The information that has already been disclosed publicly about these complaints includes, *inter alia*, **allegations that Federal Defender Anthony Martinez used "crude language regarding women and members of the LGBTQIA+ community," including by referring to a female Assistant United States Attorney as a "fucking bitch," and that First Assistant JP Davis used "sexual hand gestures."** ECF No. 249, at 21–22; ECF No. 401, at 159.

On January 3, 2024, Plaintiff filed a motion requesting, *inter alia*, clarification on "whether Plaintiff's references to Exhibit BB in her proposed findings should be filed publicly or under seal." ECF No. 386, at 1. On March 21, 2024, the Court issued a ruling addressing other aspects of Plaintiff's motion, but the Court did not address Plaintiff's request to clarify whether

1

Case 1:20-cv-00066-WGY   Document 410   Filed 04/22/24   Page 1 of 4

Exhibit BB and related references in her proposed findings should be filed publicly or under seal. *See* ECF No. 404. As a result, Plaintiff has been prevented from filing her unredacted proposed findings for the Court's review. Plaintiff cannot file the EDR materials publicly without risking contempt of court because they have been marked confidential by Defendants. *See* ECF No. 183, at 12 ("Unless the Designating Party gives written permission, all Confidential Information that is filed with the Court must be filed under seal or *in camera* . . . ."); *see also* ECF No. 393, at 1 n.1 (Defendants' post-trial filing stating that "nonparty EDR complaints . . . should be filed under seal (if at all)"). Meanwhile, this Court has suspended the local rules regarding sealing and has ordered that "**Nothing** is to be filed in court under seal unless and until this Court upon motion expressly so orders." ECF No. 203, at 2. This situation has created a catch-22 for Plaintiff: she cannot file the MeToo evidence publicly because Defendants have marked it confidential, and she cannot file the MeToo evidence under seal because the Court has not given her permission to do so.

Although the Court excluded Exhibit BB from evidence, Plaintiff must be able to file these materials in the record so that the Fourth Circuit can review the MeToo evidence for itself and assess the Court's ruling on appeal. Moreover, during the trial, this Court stated that it would allow Exhibit BB (plaintiff's proffered exhibit with the MeToo evidence) to serve as a written proffer for purposes of appeal. ECF No. 403, at 73.

Separately, Plaintiff has served on Defendants a Notice of Challenge to Confidentiality Designation regarding Exhibit BB. If Defendants withdraw their confidentiality designation, then this motion will become moot, and Plaintiff will file the evidence publicly.

Prior to filing this motion, Plaintiff requested Defendants' position pursuant to Local Rule 7.1. Defendants requested that Plaintiff include the following position: "Defendants understand that Plaintiff seeks clarification on whether her references to Exhibit BB, which this Court correctly excluded from evidence at trial (*see* Trial. Test. Day 3), should be filed publicly or under seal in her trial brief. Because Exhibit BB was not admitted into evidence and contains sensitive confidential information about nonparty EDR complaints, references to the contents of the exhibit should be filed under seal (if at all), to protect the confidentiality and privacy interests of these nonparties, which are assured under the EDR Plan. *See, e.g.*, Fourth Circuit EDR Plan § V(B)(1) (2020)."

This the 22nd day of April, 2024.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of April, 2024, I will electronically file the foregoing with

the Clerk of Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov


*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com