IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 7.1(j), Plaintiff submits for this Court's review the recently released *Memorandum*, Complaint No. 05-19-90076 (5th Cir.). The Order finds that a federal judge's "disparaging remarks about female attorneys" were "improper" because they were "demeaning, inappropriate, and beneath the dignity of a federal judge." Order 1. The Order concluded the complaint without further action because the judge "has taken senior inactive status, relinquished all of his cases, and is no longer assigned new cases." *Id.* at 1–2.

Likewise, in this case, the Defender and the First Assistant made "disparaging remarks about female attorneys"—regarding both Plaintiff and others—that were "improper," "demeaning, inappropriate, and beneath the dignity of" their supervisory positions. *See, e.g.*, ECF Nos. 387, 415, at 2–3 (findings by the Fourth Circuit's Chief Judge that the First Assistant "proposed an unsavory quid pro quo" and the Defender responded to her complaints by (a) using an "inappropriate" and "ill-advised" metaphor comparing the First Assistant's relationship with Plaintiff to a "marriage" and ordering her to "compromise"; (b) "call[ing] out" Plaintiff for seeking "advice and guidance" on her legal rights; (c) making "callous," "minimizing," and "insensitive" remarks, including words to the effect that "at least you weren't touched"; and (d)

1

"shifting responsibility" by failing to accept blame); *id.* ¶ 28e (First Assistant's text messages stating that Plaintiff needed to "**get slapped**" and "**smacked a bunch**"); *see also id.* ¶¶ 22a, c ("Me Too" allegations in EDR complaint that Defender ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉"); *id.* ("Me Too" allegations that the First Assistant "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉"); ECF No. 401, at 159 (allegation that Defender referred to female AUSA as a "fucking bitch"); ECF No. 410 (explaining that other EDR complaints include allegations that Defender Martinez used "crude language regarding women and members of the LBGTQIA+ community," including by referring to a female Assistant United States Attorney as a "fucking bitch," and that First Assistant Davis used "sexual hand gestures").

These disparaging remarks are, if anything, even more egregious and blatant sexism than the "demeaning" and "inappropriate" remarks referred to in the Fifth Circuit's Order. *See United States v. Swenson*, 894 F.3d 677, 681 (5th Cir. 2018) ("It was lot simpler when you guys wore dark suits, white shirts and navy ties. . . . We didn't let girls do it in the old days."). As discussed in detail in Plaintiff's Proposed Findings and Conclusions of Law, this conduct supports a finding of intentional sex discrimination in violation of Plaintiff's equal protection rights. *See* ECF Nos. 387, 415, at 416–423, 430–445.

This the 10th day of July, 2024.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92

Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

/s/ *Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

# Judicial Council
# for the Fifth Circuit

Complaint Number: 05-19-90076

MEMORANDUM

Complainant, a governmental entity, alleges that the subject United States District Judge committed misconduct on two occasions with respect to an Assistant United States Attorney.

The judge dismissed a criminal case with prejudice for asserted discovery violations by the Assistant United States Attorney. During a hearing, the judge made disparaging remarks about female attorneys. On appeal, the Fifth Circuit reversed the dismissal, and observed in a footnote that the judge's remarks were demeaning, inappropriate, and beneath the dignity of a federal judge.

The Assistant United States Attorney then appeared before the judge in another criminal case. In two successive hearings, the judge "excused" the attorney from the courtroom, and he later told the United States Attorney that the Assistant United States Attorney was not welcome in his courtroom. When the defendant appealed her conviction, the government cross-appealed the judge's act of permanently barring the Assistant United States Attorney from his courtroom. The Fifth Circuit vacated the exclusion order, finding that the judge had abused his discretion.

I agree with the Fifth Circuit opinions finding that the judge's above-described conduct was improper. I note, however, that, in the interim, the judge has taken senior inactive status, relinquished all of his cases, and is no

1

longer assigned new cases. Given these circumstances, I find that action on the complaint is no longer necessary because of intervening events. 28 U.S.C. § 352(b)(2); Rule 11(a)(3), Rules for Judicial-Conduct and Judicial-Disability Proceedings.

An order concluding the complaint is entered simultaneously herewith.

Priscilla Richman
Chief United States Circuit Judge

June 12, 2024

2

Case 1:20-cv-00066-WGY   Document 418   Filed 07/10/24   Page 6 of 6