IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## PLAINTIFF'S COMBINED REPLY IN SUPPORT OF HER NOTICES OF SUPPLEMENTAL AUTHORITY (ECF No. 417, 418)

Defendants offer no substantive response to Plaintiff's notices of supplemental authority regarding recent judicial orders recognizing workplace misconduct. Defendants state that these orders do not "support Plaintiff's claims" because they "do not involve due process or equal protection claims." ECF No. 423, at 1. But they provide no basis to distinguish between the two contexts, particularly because the judiciary's workplace protections are designed to protect employees' constitutional right to be free from sexual harassment and sex discrimination.

Next, Defendants make a conclusory assertion that Plaintiff's notices "misstate the evidence." *Id.* at 2. Defendants do not provide any specific examples as to how that is the case.

Finally, Defendants contend that Plaintiff "should not have cited" materials "outside of the trial record." *Id.* Defendants provide two examples: (1) Exhibit BB, which contains evidence of other "Me Too" EDR complaints against the FDO, and (2) the testimony of Plaintiff's workplace investigations expert, Vida Thomas, who concluded that Defendants' response to her complaint "fell below well-accepted HR practices." *See* ECF No. 339-1, 2. Defendants are incorrect as to both examples.

1

As for the EDR complaints, this Court did exclude the evidence during trial, but nothing prevents the Court from reconsidering that ruling. *See Official Comm. of Unsecured Creditors v. Isr. Disc. Bank (In re Oak Rock Fin., LLC)*, 560 B.R. 635, 638 (Bankr. E.D.N.Y. 2016) (in a bench trial, "a trial judge may change a ruling on a motion in limine based on sound judicial discretion"). At the time the Court excluded Exhibit BB, the Court had not allowed Plaintiff to file either Exhibit BB or her unredacted memorandum explaining why it was admissible under seal. *See* ECF No. 344; *see United States v. Johnson*, 996 F.3d 200, 203 (4th Cir. 2021) (a "district court err[s] by relying on an incomplete evidentiary record"). The district court *still* has not allowed Plaintiff to file either of those unredacted documents under seal, and it only allowed her to file her unredacted proposed findings and conclusions of law on May 2, 2024. ECF No. 414, at 1. In that same order, the district court stated that its findings of fact and rulings of law "*will cover the matters*" raised by the MeToo evidence. *Id.* at 2 (emphasis added).

As for Ms. Thomas's expert testimony, this Court did *not* exclude her testimony, and a ruling remains pending. Defendants refer to statements the Court made during the November 16, 2023 further final pretrial conference regarding their motion *in limine* filed on November 6, 2023. *Id.* But the Court *specifically* stated that "*the plaintiff hasn't had a chance to respond to that motion*" and "*it would be an error for me to so rule today*." Tr. 11/16/23, ECF No. 405, at 8 (emphasis added). At trial, this Court admitted Plaintiff's front pay expert's deposition. Tr. 12/13/2024, ECF No. 400, at 111. Likewise, the Court should admit Plaintiff's workplace investigation expert's testimony for the reasons stated in her response to Defendants' motion *in limine*, which the Court had not had a chance to consider during the further final pretrial conference. *See* ECF No. 347. Additionally, Defendants did not timely object to Plaintiff's expert designations, which provides another basis to deny their motion. *See* ECF No. 338.

This the 19th day of July, 2024.

>Respectfully Submitted,
>
>*/s/ Cooper Strickland*
>
>Cooper Strickland
>P.O. Box 92
>Lynn, NC 28750
>Tel. (828) 817-3703
>cooper.strickland@gmail.com
>
>*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com
