IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants, again, offer no substantive response to Plaintiff's notice of supplemental authority regarding the judiciary's recent study of workplace conduct issues by the Federal Judicial Center, "the research and education agency of the judicial branch of the U.S. government." Federal Judicial Center, *available at* https://www.fjc.gov/. This study was "directed" by Congress under the Consolidated Appropriations Act of 2023. ECF No. 422 at 9 (Study iv). The study is relevant, among other reasons, because it confirms that even in 2024, the judiciary *still* does not require employees to complete annual sexual harassment training. *See id.* These findings accord with the evidence in this case, that the officials involved in Plaintiff's EDR proceeding had received no meaningful training. *Id.* The failure to train on a significant risk—workplace sexual harassment—supports a finding of deliberate indifference. *Id.*

Instead of refuting these facts, Defendants contend that the judicial branch's *own study* by its research and education agency recommending that the judiciary improve its systems for addressing workplace misconduct "*is not legal authority*." ECF No. 425, at 1 (emphasis added). This study was *congressionally mandated* (*i.e.*, passed by Congress and signed into law by the President) and is subject to judicial notice. *See United States v. Garcia*, No. 3:15-cr-00040-

1

MOC-DSC, 2015 U.S. Dist. LEXIS 156626, at *4 (W.D.N.C. Nov. 18, 2015) (government records are subject to judicial notice). It is astounding for Defendants to contend that this Court cannot even consider the findings of the judiciary's own congressionally mandated study, and indicates the low regard in which they apparently hold its findings.

Defendants also request that the Court "disregard" Plaintiff's prior replies correcting their misrepresentations of the record. For example, Defendants incorrectly asserted that the testimony of Vida G. Thomas, Plaintiff's workplace investigations expert—who concluded, consistent with the FJC study, that the Investigator's lack of training in conducting workplace investigations was contrary to "well-developed standards in the human resource field," ECF Nos. 378, 415, ¶ 151e—was "specifically excluded . . . from trial." ECF No. 423, at 2. Defendants misleadingly cited statements from this Court during a hearing that took place when Plaintiff *had not even had an opportunity to respond* to Defendants' motion *in limine*, without disclosing that the Court stated: "the plaintiff hasn't had a chance to respond to that motion" and "it would be an error for me to [exclude the evidence] today." Tr. 11/16/23, ECF No. 405, at 8.

Contrary to Defendants' assertions, nothing in Local Rule 7.1(j) prohibits a reply in support of a notice of supplemental authority. By contrast, the local rules affirmatively state when replies or surreplies are prohibited. *See, e.g.*, LCvR 7.1(e) (regarding motions, stating that "[s]urreplies are neither anticipated nor allowed by this Rule, but leave of Court may be sought to file a surreply when warranted"). Moreover, this Court "[t]ypically allow[s] reply briefs and/or surreply briefs," stating that "I welcome all the written help I can get." Judge William G. Young, U.S. District Court for the District of Massachusetts, Judicial Forum Survey, *available at* https://www.mad.uscourts.gov/boston/young.htm. Defendants' invitation for this Court to disregard appropriate briefing that corrects their misrepresentations should be declined.

This the 25th day of July, 2024.

                          Respectfully Submitted,

                          */s/ Cooper Strickland*

                          Cooper Strickland
                          P.O. Box 92
                          Lynn, NC 28750
                          Tel. (828) 817-3703
                          cooper.strickland@gmail.com

                          *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

>*/s/ Cooper Strickland*
>Cooper Strickland
>N.C. Bar No. 43242
>P.O. Box 92
>Lynn, NC 28750
>Tel. (828) 817-3703
>cooper.strickland@gmail.com