IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:20-cv-00066-WGY |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REQUEST JUDICIAL NOTICE AND LEAVE TO SUBMIT SUPPLEMENTAL BRIEFING REGARDING THE GOVERNMENT ACCOUNTABILITY OFFICE'S REPORT, "FEDERAL JUDICIARY: ADDITIONAL ACTIONS WOULD STRENGTHEN EFFORTS TO PREVENT AND ADDRESS WORKPLACE CONDUCT."**

Defendants speciously contend that the Government Accountability Office's report finding numerous deficient areas in the judiciary's response to sexual harassment "has no relevance" to this case. ECF No. 431. Defendants made the same argument regarding the study conducted by the Federal Judicial Center and National Academy of Public Administration, which made similar findings, and even claimed that the study was not "legal authority." ECF No. 425. That spurious contention was belied by the fact that the Court relied on the FJC study in its decision. *See* ECF No. 429, at 279 n.142 (describing the report as "thorough and balanced, albeit a bit self-congratulatory and protective of the judiciary's internal hierarchies," and stating that "its recommendations are eminently sensible"). Like the FJC study, the GAO study is relevant here. Indeed, the relevance of a congressionally mandated study finding continued systemic failures in the judiciary's handling of sexual harassment complaints—including its failure to align with recommended EEOC practices that apply to other federal employers—is self-evident.

1

More generally, now that the Court has entered judgment in this case, it is unclear how motions that remain pending before the Court post-judgment, or that may be filed in the future, will be decided. In its opinion, the Court states that "[t]he entry of judgment terminates my involvement in this case." ECF No. 429, at 283. The entry of judgment occurred on August 16, 2024, with entry of a document stating that "Judgment is hereby entered." ECF No. 432; *see* Fed. R. Civ. P. 58(a) (requiring "separate document" for judgment). Indeed, the Fourth Circuit dismissed as moot Plaintiff's mandamus petition—regarding a motion for preliminary injunction that was pending for *more than two years* before the Court ruled against Plaintiff—because the Court "issued its Findings of Fact, Rulings of Law, and Order for Judgment in this case." Case No. 24-1353, Doc. 28 (4th Cir.). Though judgment has been entered, the docket contains no indication that the case has been reassigned.

Recent events provide important context for the Court's statement that "[t]he entry of judgment terminates my involvement in this case." ECF No. 429, at 283. On July 30, 2024, just ten days before the Court issued its opinion, Defendants disclosed records showing that a named Defendant who was personally involved in the facts of this case—former AO Director James Duff—failed to recuse himself from the intercircuit-assignment process that resulted in the selection of the district judge for this case. *See* Case No. 24-1353, Docs. 25, 26 (4th Cir.) (Exhibit A). Defendants' belated disclosure, after several years of withholding the records from Plaintiff, contradicted their misleading representations during the prior appeal that the AO Director was "recused" and "support staff" selected the judge. *See* Doc. 26 at 4–6. Defendants only disclosed this information on the Fourth Circuit's docket after initially refusing Plaintiff's request to disclose the records, once again, and after Plaintiff's counsel requested Defendants' position on a motion to disclose to be filed in the district court.

Moreover, the intercircuit-assignment records provide further support for the troubling possibility that a judicial officer or court employee who was recused from this case ordered the sealing of Plaintiff's entire case *sua sponte*, unlawfully, after it was filed on March 3, 2020.  *See* ECF Nos. 168, 195 (Exhibit B).  The certificate of necessity identifying the district court judge, which Defendants previously refused to disclose, reveals that no judge was selected through the intercircuit-assignment process until March 18, 2020—the same day that Plaintiff filed a mandamus petition in the Fourth Circuit challenging the unlawful sealing, *see* ECF No. 6— weeks after the unexplained sealing occurred.  This evidence raises reasonable concerns that a judicial officer or employee unlawfully sealed this case to protect officials of the judiciary from embarrassment.  This perception of impropriety is heightened by the fact that the sealing remains unexplained to this day.

Defendants repeatedly refused to disclose the intercircuit-assignment records to Plaintiff, even though they were aware of these facts.  Instead, Defendants launched vitriolic personal attacks on Plaintiff and her counsel, accusing them of filing a "baseless" "barrage of motions" and creating "misguided theories and imagined conflicts of interest" as well as "speculation and perception of conspiracies where none exist."  ECF No. 174, at 3–4 (Exhibit B).

This Court denied Plaintiff's request for the intercircuit-assignment records, which effectively condoned Defendants' efforts to conceal relevant information.  ECF No. 191.  Further, this Court denied Plaintiff's motion to docket all orders and directions to seal this case as "moot" without explanation.  Entry Order Dated Mar. 20, 2024.  Defendants' belated disclosure of records demonstrates that this issue is not moot, as it continues to taint the integrity of this proceeding.  The Court's refusal to disclose the basis for the *sua sponte* sealing, which remains unresolved to this day, violates the Court's First Amendment and common law

3

obligations and heightens the appearance of impropriety.  See ECF No. 195, at 3 (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 268 (4th Cir. 2014)).

Based on the Court's statement that "[t]he entry of judgment terminates my involvement in this case," ECF No. 429, at 283, as well as relevant context for this statement based on Defendants' belated disclosures bearing on an appearance of impropriety, Plaintiff presumes that a different judge will preside over any post-judgment proceedings.  If this Court intends to continue presiding, Plaintiff requests notice and an opportunity to respond.

This the 21st day of August, 2024.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

    */s/ Cooper Strickland*

    Cooper Strickland
    N.C. Bar No. 43242
    P.O. Box 92
    Lynn, NC 28750
    Tel. (828) 817-3703
    cooper.strickland@gmail.com