# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| In re: CARYN DEVINS STRICKLAND,<br><br>Petitioner. | No. 24-1353 |

**DEFENDANTS' NOTICE IN FURTHER RESPONSE TO PLAINTIFF'S REQUEST FOR DISCLOSURE OF RECORDS**

On July 10, 2024, plaintiff-petitioner Caryn Strickland requested that defendants voluntarily disclose "all public records from the intercircuit-assignment process in this case." *See* Notice of Plaintiff's Request (July 10, 2024), ECF No. 19. On July 22, 2024, defendants notified plaintiff and this Court that the Judiciary was making a discretionary disclosure of certain documents pertaining to the panel assigned to this proceeding, even though these are not *public* records. *See* Defendants' Notice in Response to Plaintiff's Request (July 22, 2024), ECF No. 24.

With this filing, the Judiciary makes a discretionary disclosure of analogous documents pertaining to the assignment of a district judge to this litigation. Defendants reiterate, as they have explained in detail in response to plaintiff's previous similar requests, that there are no public records concerning the intercircuit assignment process, and the underlying documentation, like all

working papers of the Judicial Conference, is ordinarily not subject to disclosure. *See* Response to Motion to Disclose, No. 21-1346 (4th Cir. Jan. 26, 2022), ECF No. 108; *see also Strickland v. United States*, 32 F.4th 311, 341-42 (4th Cir. 2022) (summarizing this filing). Moreover, plaintiff's request for records related to the assignment of the district judge more than four years ago is untimely.

In the circumstances of this litigation, however, the Judiciary has previously made discretionary disclosures of several documents pertaining to the designation and assignment of the panel that handled an earlier appeal as well as, more recently, the panel that is assigned to this proceeding (and to any further appeals or mandamus actions arising out of the district court case). Those documents included the recommendation memoranda to the Chief Justice concerning the assignment of the judges who served on these panels, the certificates of necessity, and the cover letters accompanying the designation and assignment orders. *See* Exhibits A-C to Notice in Response to Plaintiff's Request; Exhibits A-C to Response to Motion to Disclose. The Judiciary is now making a further discretionary disclosure of the equivalent documents pertaining to the district judge assigned to this litigation (except the cover letter accompanying the designation and assignment order, which was publicly filed

by the district court on April 17, 2020, *see* ECF No. 28). Those documents are attached to this notice.[1]

          Respectfully submitted,

          SARAH CARROLL

          */s/ Kevin B. Soter*
          KEVIN B. SOTER
          (202) 305-1754
            Attorneys, Appellate Staff
            Civil Division
            U.S. Department of Justice
            950 Pennsylvania Ave. NW
            Room 7222
            Washington, D.C. 20530

JULY 2024

---

[1] The March 24, 2020, memorandum to the Chief Justice also concerned three case assignments in unrelated litigation. Because those assignments are not relevant here, they have been redacted in the attached version of the memorandum.

# EXHIBIT A



# ADMINISTRATIVE OFFICE OF THE
# UNITED STATES COURTS

JAMES C. DUFF
Director

WASHINGTON, D.C. 20544

March 24, 2020

## MEMORANDUM

To:  The Chief Justice

From:  James C. Duff  */s/ James C. Duff*

RE:  INTERCIRCUIT ASSIGNMENTS

Attached for your signature, if you approve, are intercircuit assignments as follows:



Honorable William G. Young
District of Massachusetts

to



Western District of North Carolina
1-20-cv-00066, Roe v. United States

to

to

to

The certificate of necessity and consent forms are attached. The Committee recommends your approval.

Attachments

cc:  Jeffrey P. Minear

# EXHIBIT B

AO 81
(Rev. 04/19)

# JUDICIAL CONFERENCE OF THE UNITED STATES
## COMMITTEE ON INTERCIRCUIT ASSIGNMENTS

### CERTIFICATE OF NECESSITY

Pursuant to 10 U.S.C. § 942(f) or 28 U.S.C. § 291(a), 292(d) or (e), 293(a), or 294(d), and the Guidelines for the Intercircuit Assignment of Article III Judges, I certify that a need exists for the designation and assignment of a United States judge from another circuit (or special court) to perform judicial duties in the following court:

United States District Court for the Western District of North Carolina

Name and Title of Judge to be assigned:

Honorable William G. Young

Judge, U.S. District Court for the District of Massachusetts

Period of assignment:

from

**OR**

Specific case(s): 1-20-cv-00066, Roe v. United States

This requested assignment is for the period or purpose stated, and for such time as needed in advance to prepare and to issue necessary orders, or thereafter as required to complete unfinished business. The judge selection was made by the Judicial Conference Committee on Intercircuit Assignments. The Chief Circuit Judge's signature attests to the need for an assignment and is not a request for assignment of a particular judge.

Signature of Chief Judge Roger L. Gregory

United States Court of Appeals for the Fourth Circuit

Name of Circuit (or special court)

Date: March 18, 2020

**Please submit the signed form to the Intercircuit Assignments Database System via your circuit representative at least one month or more in advance of the assignment.**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |
|---|---|
| In re CARYN DEVINS STRICKLAND, Petitioner. | ) ) ) ) ) ) ) |

No. 2024-1353

[No. 1:20-cv-00066]

**NOTICE REGARDING DEFENDANTS' DISCLOSURE OF INTERCIRCUIT-ASSIGNMENT RECORDS**

Plaintiff is evaluating Defendants' disclosure of intercircuit-assignment records for this mandamus proceeding, as well as the district court proceeding, which Defendants belatedly disclosed only after repeatedly refusing her requests for the records over the course of several years during this litigation.

Based on Plaintiff's initial review of the records, the evidence is clear that her due process rights were violated during this mandamus proceeding due to Defendants' unjustifiable delays and failures to disclose material information to Plaintiff and the public during the intercircuit-assignment process. *See* Docs. 20, 22. The records that Defendants disclosed confirm that *no quorum* of judges existed to decide Plaintiff's mandamus petition—a petition that was filed specifically to challenge *delay* in the district court proceeding—for *two-and-a-half months*. *See* Doc. 24. This delay of two-and-a-half months in assigning a quorum

1

of judges was attributable to delays in the intercircuit-assignment process, *which is controlled by Defendants*. *See id.*

This delay was not contemporaneously disclosed to Plaintiff or the public: unlike prior appeals in this case, no order was docketed notifying Plaintiff and the public that new judges were being selected through the intercircuit-assignment process. *See, e.g.*, Case No. 21-1346, Doc. 8. Equally concerning is Defendants' apparent justification for their failure to disclose this information to Plaintiff or the public based on their continued assertion that "there are no *public* records concerning the intercircuit assignment process." *See, e.g.*, Doc. 24, at 1 (emphasis in original). This information was relevant to the fairness of this proceeding, particularly given the information asymmetry that existed between Plaintiff and Defendants, who had unique access to the information because of the key roles they play in the intercircuit-assignment process. Regardless of whether the information meets the technical definition of "public" records, the fact that a new intercircuit assignment was occurring was required to be disclosed to Plaintiff and the public, as it had been in prior appeals, to maintain the appearance and fact of fairness and impartiality in this proceeding.

The undisclosed two-and-a-half-month delay in the intercircuit-assignment process *directly benefitted* Defendants' interest in not having the mandamus petition granted or even reviewed. During this period, Defendants not only

2

*selected* the judges for their own case, but effectively *acted* as the judges in their own case by ensuring that Plaintiff's mandamus petition could not be granted. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 880 (2009).

Defendants' conduct violated Plaintiff's right to a fair and impartial tribunal, as well as the requirement under the federal rules of appellate procedure that her mandamus "proceeding *must* be given preference over ordinary civil cases," which was plainly defied by the extraordinary delay of two-and-a-half months in processing the intercircuit assignments. Fed. R. App. P. 21(b)(6) (emphasis added). Because of Defendants' delay, the mandamus petition could not be timely considered because there was no opportunity even to order a response under the federal rules. *See* Fed. R. App. P. 21(b)(1) ("The court may deny the petition without an answer. Otherwise, it must order the respondent, if any, to answer within a fixed time."). Defendants' actions have thus ensured that Plaintiff's mandamus petition—regarding a *two-year* delay in ruling on a preliminary injunction—will not even be considered until nearly *four months* after it was filed. *See* Doc. 23.

In addition, Defendants' belated disclosure of district court records shows that their representations of fact during the prior appeal, in which this Court rejected Plaintiff's challenges to the intercircuit-assignment process, were incomplete and misleading. Contrary to Defendants' assertion that Plaintiff's

request for the records was not "timely," Doc. 25, Plaintiff requested disclosure of the records as soon as she learned that Defendants and their employees may have participated in selecting judges to hear their own case during the prior appeal. *See* Case No. 21-1346, Doc. 101-1, at 2 ("To dispel the appearance of unfairness, [Plaintiff] requests disclosure of all intercircuit-assignment records for this case, both in the district court and on appeal."); *see also id.* Doc. 117 at 6–11. Notably, this Court did not accept Defendants' assertion that Plaintiff had waived conflicts of interest in the district court proceeding and instead evaluated her arguments on the merits. *See Strickland v. United States*, 32 F.4th 311, 343–45 (4th Cir. 2022).

The district court records contained information relevant to the issues being litigated before this Court. This Court relied on Defendants' representations about the intercircuit-assignment process in its prior opinion, including as follows:

> Defendants outlined how the intercircuit assignment process played out in this appeal, noting generally the steps taken by the AO staff attorney in making the selections and *also noting that "[t]he Director of the AO—Judge Roslynn Mauskopf—recused herself from participating in the assignment process"* and that "Lee Ann Bennett, the Deputy Director of the AO, . . . signed the memorandum recommending that the Chief Justice approve the proposed assignments in this case." . . . [D]efendants argued that "the Constitution does not require that *all support staff* and every member of the entire Judicial Conference should have recused themselves from the intercircuit assignment process," and they argued that the participation of the AO staff attorney and the Deputy Director of the AO "d[id] not create the appearance of impropriety or conflict of interest."

4

*Strickland v. United States*, 32 F.4th 311, 342 (4th Cir. 2022) (emphasis added); *see also* ECF No. 191 (district court order denying Plaintiff's motion to disclose district court records because "the propriety of the assignment of judicial officers (district and circuit) to handle this case has been decided by the Fourth Circuit").

Defendants' representations were misleading, as the district court records show. At a minimum, Defendants failed to disclose that in the district court proceeding, former AO Director James Duff—who was personally involved in the facts of this case, in addition to being a named Defendant—did not recuse himself from the intercircuit-assignment process, unlike the prior appeal, where former AO Director Roslynn Mauskopf did recuse herself. *See* Doc. 25; *see also* ECF Nos. 387, 415 ¶ 85e (testimony of former Fair Employment Opportunity Officer Nancy Dunham that AO Director Duff had "reached out" about the matter).

Similarly, the current AO Director, Judge Robert Conrad, did not recuse himself from the intercircuit-assignment process despite being a named Defendant. *See* Doc. 24. AO Director Conrad is not only a named Defendant, but also a former district court judge from the Western District of North Carolina, who was serving during the events at issue in this lawsuit and recused himself when this lawsuit was filed. *See Strickland*, 32 F.4th at 340. Here again, this Court stressed the significance of this point when it noted that "after Strickland filed her complaint in the district court . . . all of the judges in the United States District

5

Court for the Western District of North Carolina recused themselves." *Id.* The record reveals no reason why Director Mauskopf recused herself, but Directors Duff and Conrad did not. What the record does show, however, is that Defendants' representation that "support staff" administered the intercircuit-assignment process was misleading.

While the AO Director's non-recusal is an example of a troubling irregularity in the intercircuit-assignment process, which was not publicly known at the time of the Court's prior opinion because Defendants selectively failed to disclose the district court records, Plaintiff does not intend to suggest it is the only example. Given the current posture of this mandamus proceeding, including Plaintiff's right to a prompt decision on her mandamus petition, which "must be given preference over ordinary civil cases," Fed. R. App. P. 21(b)(6), Plaintiff is continuing to evaluate the options for protecting her rights in light of Defendants' significantly delayed disclosures. Plaintiff reserves the right to respond further to the disclosures made in Defendants' notices at an appropriate time.

This the 1st day of August, 2024.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750

6

Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Petitioner*

7

# CERTIFICATE OF SERVICE

I, Cooper Strickland, hereby certify that on this 1st day of August, 2024, I will electronically file the foregoing with the Clerk of Court by using the appellate CM/ECF system, which will accomplish service on counsel for Respondent.

<u>/s/ Cooper Strickland</u>
Cooper Strickland

8