# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### ASHEVILLE DIVISION

| | | |
|---|---|---|
| **CARYN DEVINS STRICKLAND,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:20-cv-00066-WGY** |
| | ) | |
| **UNITED STATES,** *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MOTION TO DISCLOSE INTERCIRCUIT ASSIGNMENT RECORDS

Plaintiff Caryn Devins Strickland respectfully requests that this Court order disclosure of all intercircuit assignment records for the district court proceeding in this case, including the certificates of necessity. Previously, Defendants disclosed the intercircuit assignment records for the selection of the circuit judges only; they did not produce any records regarding the process whereby the district court judge was selected. *See* Doc. 108, No. 21-1346 (4th Cir.). Defendants also refused to provide the district court records in discovery and have objected to their disclosure.

The intercircuit assignment records bear on the fairness and integrity of this proceeding. At the outset, Strickland's entire case was sealed *sua sponte* before a judge was designated and assigned. *See* Entry Order Dated Mar. 4, 2020 ("Case sealed at direction of Clerk pending assignment of Judge."); *see also* Entry Order Dated Mar. 3, 2020 ("Case assigned to Unassigned Judge as of date of case

1

opening."). The sealing of her case creates an unfortunate appearance that the case was sealed by officials of the federal judiciary in order to protect Defendants, officials of the federal judiciary, from embarrassment. Because no other reason was given for the *sua sponte* action and none is plausibly apparent, the perception of impropriety is heightened by the fact that the sealing remains unexplained to this day. *See Doe v. Pub. Citizen*, 749 F.3d 246, 268 (4th Cir. 2014).

Defendants possess the district court records by virtue of their roles in the intercircuit assignment process, during which they selected the district court judge. The fact that Defendants possess this information, while Strickland and the public do not, creates a troubling appearance of withholding information that bears on the fairness of this proceeding. To dispel this appearance of impropriety, she requests immediate disclosure of the district court intercircuit assignment records. *See* 28 U.S.C. § 455(e) (requiring "full disclosure" of information bearing on impartiality of judicial proceeding).

Prior to filing this motion, Strickland requested that Defendants simply provide her the records as she requested, or alternatively, provide their position on this motion. Defendants stated: "We have conferred with our clients and they do not agree to produce the requested documents. We therefore maintain Defendants' objections to RFP No. 37, including that the requested documents are not relevant

to any claim or defense and that the issues relating to the district and circuit court assignment processes were resolved on appeal."

This the 2nd day of December, 2022.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Philip Andonian
D.C. Bar No. 490792
CALEB ANDONIAN PLLC
1100 H Street., N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
phil@calebandonian.com

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND, )
          )
       Plaintiff, )
          )
v. )
          )
UNITED STATES OF AMERICA, et al., )
          )
       Defendants. )

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION TO DISCLOSE INTERCIRCUIT ASSIGNMENT RECORDS

Plaintiff has filed a four-paragraph Motion seeking "disclosure of all intercircuit assignment records for the district court proceeding in this case, including the certificates of necessity." Mot. to Disclose Intercircuit Assignment Records ("Motion"), ECF No. 168, at 1. Plaintiff's Motion is meritless and should be denied. Plaintiff makes no serious attempt to explain why she believes she is entitled to the records she seeks. Nor does she contend that the records fall within the scope of civil discovery, which they clearly do not. And she fails to identify any authority that would require disclosure here. Because Plaintiff's request merely stems from her curiosity about the intercircuit assignment and is neither warranted nor related to the litigation, she is not entitled to the disclosure of the internal Judiciary records.

## ARGUMENT

Plaintiff fails to identify *any* authority that would require disclosure of the records sought. Federal Rule of Civil Procedure 26(b), which governs the scope of discovery in a civil matter such as this, permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b).

1

Here, Plaintiff does not even argue, much less demonstrate, that the documents she seeks are relevant to "any party's claim or defense" in this case. Nor could she. The documents relate to the process by which the Court was assigned to this matter in 2020 and have nothing at all to do with Plaintiff's claims, which arise from her employment at the Federal Defender's Office years earlier, or with Defendants' defenses to those claims.

Moreover, there is no public right of access to internal records of the Judiciary concerning administration of the courts. The Freedom of Information Act does not apply to the Judiciary, *see* 5 U.S.C. § 551(1), nor does any other statute require the disclosure of Judiciary records. And Plaintiff cites no other provision of law that would compel disclosure here.[1]

Plaintiff suggests that disclosure is required by 28 U.S.C. § 455(e), but nothing in that statute mandates disclosure of Judiciary records here. Rather, Section 455(e) concerns a situation in which a judge's "impartiality might reasonably be questioned," and the parties agree to waive the ground for disqualification. 28 U.S.C. § 455(e). In that situation, the "waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." *Id*. Such a situation has not occurred here. And contrary to Plaintiff's suggestion, Section 455(e) does not authorize discovery of Judiciary records based solely on a party's baseless allegation that the records "bear on the fairness and integrity of th[e] proceeding." Mot. at 1.

In any event, Plaintiff already tried – during her first appeal in this case – to demonstrate an appearance of impropriety, and the Fourth Circuit rejected Plaintiff's arguments. Plaintiff filed a barrage of motions in the Fourth Circuit aimed at casting doubt on the fairness of both the District

---

[1] 28 U.S.C. § 295 provides in relevant part that "[a]ll designations and assignments of justices and judges shall be filed with the clerks and entered on the minutes of the courts from and to which made." The Chief Justice's designation and assignment for this District Court proceeding was filed on the docket on April 17, 2020. *See* ECF No. 28.

Court and Circuit Court assignments in this litigation. Without evidence, Plaintiff falsely accused Defendants of attempting to influence the outcome of her case through the assignment process, and she baselessly claimed that "a reasonable observer could conclude that the District Court judge manipulated proceedings to protect Defendants from embarrassment or sanctions, and was actually biased in their favor." Pl-Appellant's Reply in Supp. of Her Mot. to Vacate or Disqualify, *Strickland v. U.S.*, No. 21-1346, Dkt. No. 126 (4th Cir. Feb. 23, 2022). Asserting that there were "blatant conflicts of interest" and a "severe appearance of impropriety," Plaintiff insisted that this Court's judgment be vacated or that the circuit panel be disqualified. Mot. to Vacate or Disqualify, *Strickland v. U.S.*, No. 21-1346, Dkt. No. 117 (4th Cir. Feb. 4, 2022).

The Fourth Circuit rejected each of Plaintiff's meritless arguments. The appellate panel was not "persuaded that the involvement of AO and Judicial Conference officials in the designation and assignment process resulted in the deprivation of Strickland's due process right to a fair tribunal, either in the district court or in this appeal." *Strickland v. U.S.*, 32 F.4th 311, 343 (4th Cir. 2022). Additionally, "the district judge and the panel members in this case each had an independent duty and responsibility to satisfy themselves that they were not required to recuse before they agreed to serve in this case." *Id*. at 345. The Fourth Circuit therefore denied Plaintiff's motion to vacate this Court's judgment or to disqualify the circuit panel. *Id*. at 345-47. Accordingly, the propriety of the District Court assignment process has already been litigated and resolved in Defendants' favor. Plaintiff offers no basis to revisit these issues again in this forum, much less any authority that would permit her to conduct discovery in support of her misguided theories and imagined conflicts of interest.

Finally, Plaintiff notes that this case was temporarily sealed shortly after it was filed, which Plaintiff believes "creates an unfortunate appearance that the case was sealed by officials of the

federal judiciary in order to protect Defendants, officials of the federal judiciary, from embarrassment." Mot. at 1-2. The docket states that the case was "sealed at the direction of Clerk pending assignment of Judge." *See* March 4, 2020 docket entry. Defendants are not privy to the Clerk's reason for sealing the case, but note that one day prior, Plaintiff had filed a motion seeking, among other things, to seal information. *See* Mot. to Proceed Under Pseudonym and to Seal Personally Identifying Information, ECF No. 2. That motion did not clearly explain the scope of the information Plaintiff wanted sealed. Therefore, it is entirely plausible that, faced with Plaintiff's confusing motion to seal, the Clerk took the action that would be most protective of Plaintiff's asserted rights and temporarily sealed the entire case until a District Court Judge could be assigned to rule on Plaintiff's motion. Plaintiff's assertion that the sealing of the case reflects a Judicial Branch effort to "protect Defendants . . . from embarrassment," Mot. at 2, is just an example of Plaintiff's speculation and perception of conspiracies where none exist.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Plaintiff's Motion.

Respectfully submitted,

BRIAN D. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA M. KOLSKY
RACHAEL L. WESTMORELAND
Trial Attorneys
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

4

*Counsel for Defendants*

Case 1:20-cv-00666-WGY Document 43-4 Filed 02/16/22 Page 10 of 22

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### ASHEVILLE DIVISION

|  |  |  |
|---|---|---|
| **CARYN DEVINS STRICKLAND,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:20-cv-00066-WGY** |
| | ) | |
| **UNITED STATES**, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO UNSEAL ALL ORDERS AND DIRECTIONS SEALING THIS CASE

On March 4, 2020, the day after Plaintiff filed her complaint in the district court, and before Plaintiff knew the identity of the judge assigned to the case, the entire case was sealed without any explanation. *See* ECF Nos. 168, 175. A public docket entry stating only that the case was "sealed at direction of Clerk pending assignment of judge" did not identify a judicial officer who sealed the case or state any reasons for the blanket sealing. Entry Order Dated Mar. 4, 2020. The Clerk lacks legal authority to seal a case on his own, which suggests that a judicial officer must have given authorization to seal without placing that sealing order on the public docket. *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) ("The decision to seal documents must be made after

independent review by a judicial officer."); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989) ("[T]he decision to seal the papers must be made by the judicial officer; he cannot abdicate this function."). After Plaintiff filed a petition for a writ of mandamus in the Fourth Circuit, the case was unsealed, again without explanation. *See* ECF Nos. 6, 9.

On December 2, 2022, Plaintiff moved this Court to disclose all intercircuit assignment records for the district court proceeding. ECF No. 168. Those records may shed light on the still-unexplained blanket sealing of her entire case, including whether the sealing was ordered by a judge of the Western District of North Carolina despite recusal for conflict of interest, *see* Docket Entry Dated March 3, 2020 (entered April 8, 2020) ("Case assigned to Unassigned Judge as of date of case opening. Awaiting designation of out of circuit judge to this case."). On March 23, 2023, this Court denied Plaintiff's motion. Entry Order Dated March 23, 2023. The Court's entry order stated: "While the propriety of the assignment of judicial officers (district and circuit) to handle this case has been decided by the Fourth Circuit, the propriety of any initial sealing orders has not." *Id.* The Court stated that Plaintiff may "renew her motion to compel discovery of any records within the Western District of North Carolina evidencing orders or directions to seal any portion of the case filings in this case" within 14 days of its order. *Id.*

2

Plaintiff respectfully moves this Court to publicly docket all past sealing orders or directions to seal, or any court records "evidencing orders or directions to seal any portion of the case filings," *id.*, pursuant to the Court's duties under the First Amendment, the common law, and Fourth Circuit precedent. *See In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("[I]f the district court decides to close a hearing or seal documents, it must state its reasons on the record, supported by specific findings." (citation omitted)); *Doe v. Pub. Citizen*, 749 F.3d 246, 268 (4th Cir. 2014) ("But there is a more repugnant aspect to depriving the public and press access to docket sheets: no one can challenge closure of a document or proceeding that is itself a secret.").

The Court is required to provide the public and the press access to the reasons for the March 2020 decision to seal the entire case, "supported by specific findings," on the record. *In re Washington Post Co.*, 807 F.2d at 391. Maintaining secrecy about a sealing order and its reasons is "repugnant" in that it disables parties from challenging decisions that may themselves violate the Constitution or reveal bias. *Doe*, 749 F.3d at 268. Compliance with legal requirements of public access to court records is especially important in this case because it is the rare lawsuit alleging that judiciary officials violated the Constitution, one that the Fourth Circuit unanimously held to survive dismissal. *Strickland v. United States*, 32 F.4th 311, 321 (4th Cir. 2022). Placing a sealing order on the public docket —

3

and enabling the parties and the public to know whether the decision was legally justified — is one such basic requirement of transparency that allows trust in the judiciary's ability to be impartial even in a case where judicial officers are defendants.

Moreover, discovery in this case has revealed that the Clerk of Court at whose "direction" the entire case was sealed, Entry Order Dated Mar. 4, 2020, Frank Johns, is not a neutral, detached observer who potentially directed sealing the case to protect Plaintiff, as Defendants previously contended. *See* ECF No. 174, at 4 (arguing that Clerk of Court likely "took the action that would be most protective of Plaintiff's asserted rights," and that Plaintiff's assertion that the sealing was done to prevent embarrassment "is just an example of Plaintiff's speculation and perception of conspiracies where none exist"). Before Plaintiff's EDR proceeding, Plaintiff was familiar with Mr. Johns because he was the Clerk of Court in the district where she practiced law as a federal public defender, and because he was a primary point of contact with the federal judges before whom she practiced. Additionally, Plaintiff had previously met Mr. Johns when she was a Supreme Court Fellow conducting research that she later presented to committees of the Judicial Conference of the United States. As the Clerk of Court and unit executive for the district's judges, Mr. Johns is an important person with whom

4

any attorney in the district would wish to maintain a respectful and cordial working relationship, as Plaintiff thought she had with Mr. Johns.

As discovery has revealed, following Plaintiff's EDR proceeding, Mr. Johns exchanged emails with Plaintiff's EDR Investigator, Heather Beam, mocking and disparaging Plaintiff after she applied for other employment in the District Court for the Western District of North Carolina. *See* Exhibit A (email from Mr. Johns stating, "**YEA! That is one more off the chess board!**" in reference to Plaintiff withdrawing her application to be a *pro se* law clerk, and response from Ms. Beam stating, "**Yep - I think she would have been a true pain in the you know what :)**" (emphasis added)).

These emails demonstrate that Mr. Johns and Ms. Beam engaged in the sort of hostile and retaliatory behavior in relation to job prospects that the judiciary's Workplace Conduct Working Group has identified as a serious barrier to reporting workplace misconduct, and that is prohibited by the judiciary's employee code of conduct. *See* Report of the Federal Judiciary Workplace Conduct Working Group to the Judicial Conference of the United States at 14 (June 1, 2018) ("Victims are hesitant to report harassment and other inappropriate behavior for a variety of reasons, including lack of confidence that they will be believed, fear that no action will be taken, and concerns that a complaint will subject them to retaliatory action or affect future job prospects."); Code of Conduct for Judicial Employees Canon

3(C)(1)–(2) ("A judicial employee should be patient, dignified, respectful, and courteous to all persons with whom the judicial employee deals in an official capacity," should not "retaliate against those who report misconduct," and "should diligently discharge the responsibilities of the office in a prompt, efficient, nondiscriminatory, fair, and professional manner").

Mr. Johns and Ms. Beam also likely violated Plaintiff's confidentiality rights under the EDR Plan, as it is difficult to see any "need-to-know" basis for the Clerk of Court to share his views that Plaintiff was "one more off the chess board!," or the EDR Investigator to share her views that Plaintiff was a "true pain in the you know what :)." Ex. A; *see* Fourth Circuit EDR Plan Ch. X, § 4 (2013) (protecting employee's right to confidentiality and stating that "information about allegations filed under this Plan shall be shared on a need-to-know basis"); Fourth Circuit EDR Plan § V(B)(1) (2020) ("All individuals involved in the processes under this Plan must protect the confidentiality of the allegations of wrongful conduct.").

Far from being "speculation and perception of conspiracies," ECF No. 174, at 4, this evidence raises a well-grounded, and highly troubling, perception in a reasonable person that Mr. Johns may have participated in unlawfully sealing this case because he was biased against Plaintiff, having been personally involved in the allegations at issue in her lawsuit, and in order to protect himself, his co-workers, or subordinates from embarrassment. The Court's failure to publicly

docket a judicial sealing order or state any reasons for the sealing raises further reasonable questions as to whether the judicial officer who authorized the sealing may have acquiesced in or shared an unlawful motivation. This troubling public perception underscores the need for transparency and compliance with established legal requirements regarding the sealing of court records in this case.

Prior to filing this motion, Plaintiff's counsel conferred with Defendants' counsel regarding their position on the motion, as required by Local Rule 7.1. Defendants take no position on Plaintiff's request to "publicly docket all past sealing orders or directions to seal," to the extent the Court is aware of such orders or directions, but Defendants oppose any interpretation of Plaintiff's request that would compel discovery of any records from Defendants in this case.

This the 6th day of April, 2023.

Respectfully Submitted,

*/s/ Jeannie Suk Gersen*

Jeannie Suk Gersen
Hauser Hall 510
1563 Massachusetts Ave.
Cambridge, MA 02138
617-496-5487
jsuk73@gmail.com

Olivia Warren
N.C. Bar No. 54525
Thomas, Ferguson & Beskind, LLP
119 East Main Street
Durham, North Carolina 27701

7

Tel: (919) 682-5648
E-mail: warren@tfblawyers.com

Philip Andonian
D.C. Bar No. 490792
Caleb Andonian PLLC
1100 H Street., N.W., Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
E-mail: phil@calebandonian.com

Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Rachael Westmoreland at Rachael.Westmoreland@usdoj.gov

Madeline McMahon at madeline.m.mcmahon@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

# EXHIBIT A

**From**: Heather Beam [heather_beam@ncwp.uscourts.gov]
**Sent**: 3/13/2019 10:55:00 AM
**To**: Frank Johns [frank_johns@ncwd.uscourts.gov]
**Subject**: Re: Fw: Pro Se Law Clerk Application

Yep - I think she would have been a true pain in the you know what. :)
Heather Beam
Human Resources
Western District of North Carolina
704-350-7601

▼ Frank Johns—03/13/2019 10:45:58 AM—YEA! That one is off the chess board! From: Heather Beam/NCWP/04/USCOURTS

From: Frank Johns/NCWD/04/USCOURTS
To: Heather Beam/NCWP/04/USCOURTS@USCOURTS
Date: 03/13/2019 10:45 AM
Subject: Re: Fw: Pro Se Law Clerk Application

## YEA! That one is off the chess board!



Clerk
USDC, Western District of North Carolina
Frank_Johns@ncwd.uscourts.gov
http://www.ncwd.uscourts.gov
704.350.7400

▼ Heather Beam—03/13/2019 10:41:58 AM—FYI Heather Beam

From: Heather Beam/NCWP/04/USCOURTS
To: Frank Johns/NCWD/04/USCOURTS@USCOURTS
Date: 03/13/2019 10:41 AM
Subject: Fw: Pro Se Law Clerk Application

FYI
Heather Beam
Human Resources
Western District of North Carolina
704-350-7601

----- Forwarded by Heather Beam/NCWP/04/USCOURTS on 03/13/2019 10:41 AM -----

From: Caryn Devins <caryn.devins@hotmail.com>
To: "███████@ncwd.uscourts.gov" <███████@ncwd.uscourts.gov>, "███████@ncwd.uscourts.gov" <███████@ncwd.uscourts.gov>,
"███████@ncwd.uscourts.gov" <███████@ncwd.uscourts.gov>
Cc: "Heather_Beam@ncwp.uscourts.gov" <Heather_Beam@ncwp.uscourts.gov>
Date: 03/13/2019 10:37 AM
Subject: Pro Se Law Clerk Application

US00004025

Dear Judge Cogburn, Judge Reidinger, and Judge Metcalf,

Thank you very much for considering my application for the pro se law clerk position and for inviting me for an interview. I wanted to let you know I have accepted a clerkship with Fourth Circuit Judge Henry Floyd, and so I am withdrawing my application.

I have greatly enjoyed working with you during my time at the Federal Defender Office. Judge Metcalf, I hope I have the privilege of meeting you in person sometime soon.

Thank you again for your time and consideration.

Best regards,

Caryn Devins Strickland

US00004026