**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

**ASHEVILLE DIVISION**

| | | |
|---|---|---|
| **CARYN DEVINS STRICKLAND,** | ) | |
| | ) | |
| ***Plaintiff*,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:20-cv-00066-WGY** |
| | ) | |
| **UNITED STATES, *et al.*,** | ) | |
| | ) | |
| ***Defendants*.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' "MOTION TO CORRECT TRIAL TRANSCRIPT"**

Plaintiff does not disagree with Defendants that there are numerous errors in the trial transcript from the bench trial in this case. As Defendants stated in their motion to correct the trial transcript, the court reporter was not present in the same location as any of the attorneys or witnesses during the trial, "which likely made it more difficult to accurately transcribe the proceedings." ECF No. 430, at 6 n.2. Plaintiff also agrees that the court reporter's absence likely undermined the quality of the transcript—the official record—of this proceeding.

Likewise, this Court was not present in person to hear the witnesses testify or observe their credibility and demeanor during the trial, even though issues of witness credibility were crucial to the Court's final decision ruling against Plaintiff on all claims, against all Defendants. *See, e.g.*, ECF No. 262, at 4 (statements by Court during final pretrial conference that "we're not going to try it without live witnesses" because "credibility is an issue"). During the trial, this Court even gave an interview to the media about this case in which the Court stated that it "doesn't ask lawyers for their consent to run a bench trial remotely." *See* Jacqueline Thomsen, Veteran Boston Judge Leads a North Carolina Trial From Afar, Bloomberg Law (Jan. 3, 2024)

(Exhibit A); *see also* ECF No. 262, at 24 (statements by Court during final pretrial conference that "I will be in a courtroom here in Boston," without giving the parties a choice whether to consent). The article describes "hiccups" and "imperfect[ions]" in the remote proceeding, including an instance where the presiding judge—the fact finder—was not visible to the parties for half an hour, as well as "frustration" expressed by the judge when delays in the audio recording led to miscommunications between the parties and judge. *Id.* In other words, in this case—the first case where claims of deliberate indifference to sexual harassment and fundamental unfairness in the judiciary's handling of workplace misconduct complaints have survived dismissal and summary judgment, let alone proceeded to trial—neither this Court nor its official court reporter were present in person for the trial because the Court decided to hold the trial remotely without providing the parties a choice whether to consent.

Plaintiff does disagree with Defendants, however, that filing declarations by self-interested parties eight months after trial to "correct" the transcript is the appropriate way to address this issue. "A transcript certified by a court reporter 'shall be deemed prima facie a correct statement of the testimony taken and the proceedings had.'" *United States v. Hill*, 859 F. App'x 652, 653 (4th Cir. 2003) (citing 28 U.S.C. § 753(b)). "A defendant's bald assertion of error is insufficient to overcome the statutory presumption that the transcript is correct." *Id.*

Here, Defendants request this Court to "correct" nearly two-dozen allegedly "clerical" errors, many of which contain substantive changes. As one example, Defendants request to change the phrase "if you don't think it's set" to "because you looked upset," which obviously are not even remotely similar. *See* ECF No. 430, at 5. Based on the current trial record, Plaintiff has no objective way of evaluating the accuracy of Defendants' requested changes.

As Defendants themselves contend, the transcription of these proceedings was made more "difficult" by the fact that the court reporter was not present, leading to numerous errors in the transcript. *Id.* at 6 n.2. Defendants' suggested procedure for addressing these errors invites a free-for-all process where parties seek to "correct" the transcript based on self-serving affidavits, with no guarantee of accuracy. That result would be fundamentally unfair and would undermine the integrity of a proceeding already tainted by the physical absence of crucial participants, including the presiding judge and court reporter. Accordingly, Defendants' motion is premature, at a minimum, *see, e.g.*, *id.* at 1 n.1, and should be denied.

This the 26th day of August, 2024.

        Respectfully Submitted,

        */s/ Cooper Strickland*

        Cooper Strickland
        P.O. Box 92
        Lynn, NC 28750
        Tel. (828) 817-3703
        cooper.strickland@gmail.com

        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com