# EXHIBIT A

US Law Week
Jan. 3, 2024, 4:45 AM EST

# Veteran Boston Judge Leads a North Carolina Trial From Afar

By Jacqueline Thomsen

- Ex-defender's trial argued in Asheville, displayed in Boston
- William Young is frequent visiting judge

For half an hour, no one in the federal courtroom in Asheville, North Carolina could see the judge presiding over the bench trial remotely from Boston—but they could hear him.

The voice of US Senior District Judge William Young boomed out, ruling on objections raised over witness testimony in a civil trial addressing judiciary officials' handling of misconduct claims by a former federal defender. The judge himself wasn't visible, giving the impression that an omniscient voice was in charge—until a clerk turned the TV screens back on.

Young, sitting in his courtroom on the fifth floor of the federal courthouse looking out over Boston Harbor, was presiding over the trial while the lawyers arguing in the case were more than 900 miles away, on a second-floor courtroom in Asheville, surrounded by the Blue Ridge Mountains.

Former assistant federal public defender Caryn Strickland sued the entire US Court of Appeals for the Fourth Circuit nearly three years ago, forcing all the judges in the circuit—including the Western District of North Carolina's Asheville division, where the suit was filed—to recuse themselves. Young is among the federal judges who have volunteered themselves to serve as visiting judges when such cases pop up and was assigned the case, according to court records.

Remote bench trials are nothing new for Young, 83. He has presided over similar proceedings throughout the country, something that became more normalized during the Covid-19 pandemic. But the Strickland trial, which stretched over five half-days in December and will wrap up with closing arguments on Thursday, was still a relatively rare occurrence for a federal courtroom and wasn't without its hiccups.

Easing 'Burdens'

In a Dec. 28 interview, Young said he began doing remote jury-waived trials "years ago," starting with one in Tempe, Arizona in a contract delay damages case.

The concept of visiting judges isn't new: The first Supreme Court justices used to "ride circuit," traveling the country to hear cases. And Young says he is simply doing what other judges have done in the past, and as he encourages other judges to do now, to help districts that are swamped with cases.

Young began to serve as a visiting judge after he worked on the budget committee for the Judicial Conference, he said, helping to create and defend the judiciary's annual appropriations request to Congress. "That really made you familiar with how uneven the burdens are as they fall on the courts," he said.

He said he will preside over trials when they are jury-waived, and otherwise take cases up until a final pre-trial hearing before handing them off to a local judge who can preside over a jury trial.

Young said that he doesn't ask lawyers for their consent to run a bench trial remotely, but that he's never had an attorney try to "opt out." And he said that even as a senior judge, he has no plans to stop his visiting judge duties on top of his responsibilities in Massachusetts.

He also said he volunteered to handle dispositive motions, like motions to dismiss or for summary judgment, for the Northern District of Oklahoma after the US Supreme Court's 2020 decision in *McGirt v. Oklahoma* flooded that court with new cases. He acted in those instances, he said, like a "super magistrate"—moving the litigation along even as an Oklahoma federal judge was assigned the case.

He also oversaw a wave of tobacco product liability litigation out of Florida, only traveling to the state twice in managing those. Young said he had to arrange for other federal judges to go to Florida and try cases there before the parties reached a settlement.

**'Such a Distance'**

The technology in remote proceedings remains imperfect. Along with the screens occasionally turning off in North Carolina, a second-long audio delay in the Asheville court between the judge speaking and the participants hearing him led to lawyers and witnesses believing they were speaking over Young. In turn, the judge sounded frustrated at times when lawyers began arguing over objections in the gap between him issuing his ruling and them actually hearing it.

Young also apologized after he occasionally asked the team of four Justice Department attorneys, three of them women, to identify themselves before speaking. "I do apologize that we're at such a distance that I have to ask," he said.

It was old hat for Young and his staff, including his courtroom deputy Jennifer Gaudet, whom the judge credits with managing logistics. But the remote trial took some getting used to for other parties involved.

Witnesses on the stand would sometimes turn to the screen where the Boston courtroom was displayed, seemingly because they wanted to address the judge even if he wasn't there.

In the Asheville courtroom, four DOJ lawyers were joined at counsel's table by Fourth Circuit executive James Ishida, who testified as a witness and observed the trial as party representative. A handful of other Justice Department staff were also in the court, joined by two lawyers with the Administrative Office of the US Courts, the federal judiciary's administrative arm and another party in the case.

The few observers in the Asheville courtroom included relatives of those involved in the case. More reporters were present in the Boston court, observing the trial from a screen and sometimes standing up and squinting to take a look at trial exhibits being displayed.

Portraits of former judges stared down at the Asheville court participants, while those in Boston can see paintings of boats by Young's father in the back of the courtroom.

The courthouses themselves couldn't be in more different areas: Asheville is full of locally owned businesses, while the Boston federal courthouse is in the trendy Seaport district, where new glass buildings host bars and restaurants full of work holiday parties in mid-December.

Young finished hearing evidence in the Strickland trial on Dec. 19, but the case will resume in both the Asheville and Boston courthouses for closing arguments. When a Justice Department lawyer asked whether the attorneys could appear remotely, Young denied the request.

"This is a public proceeding," Young said, that will be "in both of these public courtrooms."

To contact the reporter on this story: Jacqueline Thomsen at jthomsen@bloombergindustry.com

To contact the editors responsible for this story: Seth Stern at sstern@bloomberglaw.com; David Jolly at djolly@bloomberglaw.com

© 2024 Bloomberg Industry Group, Inc.   All Rights Reserved