IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND,  )
                          )
    Plaintiff,             )
                          )
v.                        )
                          )
UNITED STATES OF AMERICA, et al.,  )
                          )
    Defendants.            )

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO CORRECT TRIAL TRANSCRIPT

Plaintiff's Response to Defendants' motion makes explicit that she "does not disagree" that there are errors in the trial transcript. *See* Pl.'s Resp. to Defs.' Mot. to Correct Trial Tr. ("Resp."), ECF No. 435, at 1. Nevertheless, Plaintiff opposes Defendants' Motion to correct those errors. But none of Plaintiffs' arguments justify leaving the errors uncorrected.

First, Plaintiff observes that, under 28 U.S.C. § 753(b), a transcript certified by a court reporter "shall be deemed prima facie a correct statement of the testimony taken and the proceedings had." Resp. at 2 (quoting *United States v. Hill*, 859 F. App'x 652, 653 (4th Cir. 2003) (citing 28 U.S.C. § 753(b))). But a certified court transcript "is not deemed sacred" and an "inaccurate trial transcript may be corrected." *Baldeo v. United States*, 2018 U.S. Dist. LEXIS 30491, at *12 (S.D.N.Y. Feb. 26, 2018) (correcting trial transcript under Fed. R. Crim. P. 36 and observing that "28 U.S.C. § 753(b) clearly implies that a certified transcript is merely 'prima facie' correct").

Second, Plaintiff quotes *Hill*'s ruling that a "defendant's bald assertion of error is insufficient to overcome the statutory presumption that the transcript is correct." Resp. at 2. Here, however, Defendants are not relying on a "bald assertion of error," but rather declarations from the individuals who provided the testimony at issue and contextual clues in the transcripts themselves that support

those declarations.  *See* Mot., ECF No. 430.  Indeed, Defendants' showing goes *beyond* what is necessary to support the requested relief.  *See Baldeo*, 2018 U.S. Dist. LEXIS 30491, at *14-15 (explaining that a "motion to correct a trial transcript can be granted based on circumstantial evidence" and the movant "need not submit any sworn statements").

Third, Plaintiff claims that some proposed changes to the transcripts are "substantive."  Resp. at 2.  But "[a]n error that merely misstates what was actually done or decided is a clerical error and may generally be corrected pursuant to Rule 60(a)[.]"  *Baumhaft v. McGuffin*, 2007 U.S. Dist. LEXIS 70273, at *10 (D.S.C. Sept. 21, 2007).  That is precisely the nature of the transcription errors identified in Defendants' Motion.  Correcting errors to accurately reflect the trial testimony merely brings the transcript in line with the actual adjudication that occurred in this case; it does not alter or amend the substance of any testimony given.  *Cf. Rhodes v. Hartford Fire Ins. Co.*, 548 F. App'x 857, 860 (4th Cir. 2013) ("An amendment to a judgment affects the substantive rights of the parties if it expands the scope or modifies the content of the court's adjudication.") (quoting *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 199 (5th Cir. 2011)); *see also id.* (a court can use Rule 60(a) to correct errors involving "incorrect[] record[ings]" "even where doing so materially changes the parties' positions and leaves one party to the judgment in a less advantageous position") (quoting *Rivera*, 647 F.3d at 199).

Fourth, Plaintiff argues that Defendants' Motion is premature, presumably because Plaintiff has not yet noticed any appeal.  Resp. at 3.  But even in the absence of an appeal, it is important that the official court transcripts accurately reflect the proceeding, particularly given the significant public attention to this matter.

Lastly, Plaintiff's response includes various criticisms of the Court's decision to participate remotely during the trial.  Resp. at 1-3.  None of those criticisms (which are meritless) have any relevance to the question presented by Defendants' Motion—whether the Court should correct transcription errors so that the transcripts accurately reflect the proceedings.

## CONCLUSION

For the foregoing reasons, the Court should amend the trial transcripts as requested.

Dated: September 3, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Joshua Kolsky*
JOSHUA KOLSKY
Senior Trial Counsel
DOROTHY CANEVARI
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20001
Tel.: (202) 305-7664
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*

**CERTIFICATION PURSUANT TO JUNE 18, 2024 STANDING ORDER**

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, Fastcase, and Bloomberg.

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

/s/ Joshua M. Kolsky
Joshua M. Kolsky