IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| CARYN DEVINS STRICKLAND, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| UNITED STATES, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFF'S NOTICE OF CONTINUED OBJECTION TO INTERCIRCUIT-ASSIGNMENT PROCESS**

Plaintiff respectfully requests that this notice serve as her continued objection to the participation of Defendants in selecting particular judges to hear their own case through the intercircuit-assignment process. As Plaintiff previously explained in an August 21, 2024 filing, in its opinion, this Court stated that "[t]he entry of judgment terminates my involvement in this case." ECF No. 433, at 2 (quoting ECF No. 429, at 283). The entry of judgment occurred on August 16, 2024, with entry of a document stating that "Judgment is hereby entered." ECF No. 432; *see* Fed. R. Civ. P. 58(a) (requiring "separate document" for judgment). Plaintiff therefore presumes that a different judge will preside over any post-judgment proceedings. If this Court intends to continue presiding, Plaintiff requests notice and an opportunity to respond.

Recent events provide important context for the Court's statement that "[t]he entry of judgment terminates my involvement in this case." ECF No. 429, at 283. On July 30, 2024, just ten days before the Court issued its opinion, Defendants disclosed records showing that a named Defendant who was personally involved in the facts of this case—former AO Director James Duff—failed to recuse himself from the intercircuit-assignment process that resulted in the

1

selection of the district judge for this case. *See* Case No. 24-1353, Docs. 25, 26 (4th Cir.) (Exhibit A). Defendants' belated disclosure, after several years of withholding the records from Plaintiff, contradicted their misleading representations during the prior appeal that the AO Director was "recused" and "support staff" selected the judge. *See* Doc. 26 at 4–6. Defendants only disclosed this information on the Fourth Circuit's docket after initially refusing Plaintiff's request to disclose the records, once again, and after Plaintiff's counsel requested Defendants' position on a motion to disclose to be filed in the district court.

Moreover, the intercircuit-assignment records provide further support for the troubling possibility that a judicial officer or court employee who was recused from this case ordered the sealing of Plaintiff's entire case *sua sponte*, unlawfully, after it was filed on March 3, 2020. *See* ECF Nos. 168, 195 (Exhibit B). The certificate of necessity identifying the district court judge, which Defendants previously refused to disclose, reveals that no judge was selected through the intercircuit-assignment process until March 18, 2020—the same day that Plaintiff filed a mandamus petition in the Fourth Circuit challenging the unlawful sealing. *See* ECF No. 6. This evidence raises reasonable concerns that a judicial officer or employee unlawfully sealed this case to protect officials of the judiciary from embarrassment. This perception of impropriety is heightened by the fact that the sealing remains unexplained to this day.

Defendants repeatedly refused to disclose the intercircuit-assignment records to Plaintiff, even though they were aware of these facts. Instead, Defendants launched vitriolic personal attacks on Plaintiff and her counsel, accusing them of filing a "baseless" "barrage of motions" and creating "misguided theories and imagined conflicts of interest" as well as "speculation and perception of conspiracies where none exist." ECF No. 174, at 3–4 (Exhibit B).

This Court denied Plaintiff's request for the intercircuit-assignment records, which

2

Case 1:20-cv-00066-WGY   Document 438   Filed 09/04/24   Page 2 of 5

effectively condoned Defendants' efforts to conceal relevant information. ECF No. 191. Further, this Court denied Plaintiff's motion to docket all orders and directions to seal this case as "moot" without explanation. Entry Order Dated Mar. 20, 2024. Defendants' belated disclosure of records demonstrates that this issue is not moot, as it continues to taint the integrity of this proceeding. The Court's refusal to disclose the basis for the *sua sponte* sealing, which remains unresolved to this day, violates the Court's First Amendment and common law obligations and heightens the appearance of impropriety. *See* ECF No. 195, at 3 (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 268 (4th Cir. 2014)).

Based on the Court's statement that "[t]he entry of judgment terminates my involvement in this case," ECF No. 429, at 283, as well as relevant context for this statement based on Defendants' belated disclosures bearing on an appearance of impropriety, Plaintiff presumes that a different judge will preside over any post-judgment proceedings. If this Court intends to continue presiding, Plaintiff requests notice and an opportunity to respond. Plaintiff requests that this filing serve as her continuing objection to an intercircuit-assignment process where Defendants select particular judges to hear their own case through the intercircuit-assignment process.[1]

This the 4th day of September, 2024.

Respectfully Submitted,

*/s/ Cooper Strickland*

---

[1] Similarly, the current AO Director, Judge Robert Conrad, did not recuse himself from the intercircuit-assignment process for selecting judges to hear Plaintiff's mandamus petition, despite being a named defendant. AO Director Conrad is not only a named Defendant, but also a former district court judge from the Western District of North Carolina, who was serving during the events at issue in this lawsuit and recused himself when this lawsuit was filed. *See* Doc. 26, at 5–6 (Exhibit A). The record reveals no reason why Director Mauskopf recused herself, but Directors Duff and Conrad did not.

3

Case 1:20-cv-00066-WGY   Document 438   Filed 09/04/24   Page 3 of 5

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

    Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

    Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

                                                   */s/ Cooper Strickland*
                                                   Cooper Strickland
                                                   N.C. Bar No. 43242
                                                 P.O. Box 92
                                                 Lynn, NC 28750
                                                 Tel. (828) 817-3703
                                                 cooper.strickland@gmail.com