UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CARYN DEVINS STRICKLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No. 20-00066-WGY |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

YOUNG, D.J.[1]                    September 9, 2024

**ORDER**

On August 9, 2024, this Court entered its 285-page Findings of Fact and Conclusions of Law in the present case. Findings of Fact and Conclusions of Law ("FOFCOL"), ECF No. 429.

On September 4, 2024, Caryn Devins Strickland ("Strickland") filed a Motion for Reconsideration with respect to the Court's findings and conclusions, arguing that "the Court's opinion relies on clear factual errors and misapprehensions of law." Mot. Recons. 1, ECF No. 437; id., Pl.'s Mem. Law Supp. Mot. Recons. ("Mem."), ECF No. 437-1.

After reviewing Strickland's Motion for Reconsideration, the Court now addresses Strickland's argument with respect to

---

[1] Of the District of Massachusetts, sitting by designation.

1

the timing of her report of sexual harassment. Strickland argues that, in concluding Strickland did not report Davis's alleged sexual harassment until August, this Court made a determination "contrary to controlling Fourth Circuit precedent[,]" citing Doe v. Fairfax Cnty. Sch. Bd., 1 F.4th 257 (4th Cir. 2021). Mem. 21. This Court concluded that Strickland did not report her claim of sexual harassment to Martinez in early July and instead put Martinez on notice of her claim in August. FOFCOL 202-07.

Strickland misconstrues the Fourth Circuit's holding in Fairfax County School Board. The Fourth Circuit held "[the defendant's] receipt of a report that can objectively be taken to allege sexual harassment is sufficient to establish actual notice or knowledge under Title IX—regardless of whether [the defendant] subjectively understood the report to allege sexual harassment or whether they believed the alleged harassment actually occurred." Fairfax Cnty. Sch. Bd., 1 F.4th at 263. Directly prior to the portion of the Fourth Circuit's opinion cited by Strickland, the Fourth Circuit explained that the Supreme Court has stated, in another case, that "the defendant school district lacked actual notice because a complaint from parents of students other than the plaintiff regarding a teacher's inappropriate comments during class 'was plainly insufficient to alert the principal to the possibility that [the

2

teacher] was involved in a sexual relationship with [the plaintiff].'" Id. at 266 (citing Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 291 (1998)) (alterations in original). The Fourth Circuit then stated "[i]f actual notice means being 'alerted' to the 'possibility' of sexual harassment occurring, a report alleging such harassment surely is sufficient to establish it." Id.

This dicta by the Fourth Circuit ought not be construed to mean that allegations indicating a possibility of harassment are enough to put an employer on notice. The Fourth Circuit was simply recognizing that if the allegations are insufficient to even indicate a possibility of sexual harassment, those allegations are certainly insufficient to constitute actual notice of a plaintiff's claim of harassment. Instead, as per the Fourth Circuit's actual holding, the focus is whether "[the] report . . . can objectively be taken to allege sexual harassment." Id. at 263. Considering the information conveyed by Strickland to Martinez during their July meetings, her communications cannot be "objectively [] taken to allege sexual harassment." See id.; FOFCOL 202-07. Thus, Strickland's argument, and citation to Fairfax County School Board, does not change this Court's determination.

Strickland's remaining arguments are wholly without merit. This case has been fully and fairly tried to conclusion and the

3

Court's conclusions expressed as "reasoned choice candidly explained."[2] As Strickland is vouchsafed her full rights to appeal, further wrangling about peripheral matters in the District Court is not in the public interest as there are other equally important cases to try.

This Court **DENIES** Strickland's Motion for Reconsideration, ECF No. 437.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[3]

---

[2] "Judging is choice. Choice is power. Power is neither good nor evil except as it is allocated and used. Judging in a legal system is professional. Professionals, including judges, represent interests other than their own. One who accepts a professional role in a legal system accepts an obligation to confine the exercise of power within the limits of authority. For each professional role the limits of authority are defined by law. One cannot fully understand the conduct of a professional without fully understanding the defined professional role. The quality of judging in a legal system depends on commitment. It depends first on commitment to the aim of justice; second, it depends on commitment to professionalism. The declared beliefs of all professionals in the system, including advocates, counselors, and the academic critics, as well as the judges, affect the quality of judging in the system. Third, the quality of judging depends on commitment to method. Judicial choice at its best is reasoned choice candidly explained."
Hon. Robert E. Keeton, United States District Judge, District of Massachusetts, in Judging in the American Legal System (1990).

[3] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial

4

colleagues, state and federal, with whom I have had the privilege to serve over the past 46 years.