# Cooper Strickland

Attorney at Law
Post Office Box 92
Lynn, North Carolina 28750

November 5, 2024

[*Via Electronic Transmission*: Maria_Simeone@mad.uscourts.gov]

Ms. Maria Simeone
Courtroom Deputy Clerk
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

      RE: <u>Audio Recording Request for *In re Strickland*, No. 24-2056 (4th Cir.)</u>

Dear Ms. Simeone:

I am writing to request an audio recording for use in the above referenced appeal proceeding, which is currently pending in the Fourth Circuit Court of Appeals. I am contacting you because Ms. Tammy Hightower, Chief Deputy Clerk for the Western District of North Carolina has informed me that my request will be handled by the District of Massachusetts. The associated docket number for the district court proceeding in this case is 1:20-cv-00066-WGY (W.D.N.C.).

Plaintiff requests the recording of the non-caucus (*i.e.*, on-the-record) portions of the court-ordered Alternative Dispute Resolution Hearing ("ADR Hearing") held on August 17, 2023 before Magistrate Judge Marianne B. Bowler of the District of Massachusetts. *See* ECF No. 266 (mediation report). Plaintiff does *not* request the release of any off-the-record, individual caucuses during the mediation, which are confidential, nor does she consent to the release of any such confidential individual caucuses. *See* https://www.mad.uscourts.gov/resources/pdf/adr.pdf (discussing "confidentiality in ADR proceedings"). Recordings of on-the-record portions of ADR Hearings are made available in mediations conducted in the District of Massachusetts, as shown in other orders from that district. *See, e.g.*, *MacDonald v. WGBH Educ. Found.*, ECF No. 44, 1:18-cv-10773 (D. Mass.) (discussing procedure for ordering "a copy of th[e] Digital Recording" from ADR Hearing).

On August 6, 2024, I filed and served a request for the audio recording at issue. *See* ECF No. 428. You informed me by voicemail that a recording does exist and that it would be of the initial docket call and identification of counsel. In response, I emailed you and counsel for Defendants that

> [a]bsent an original record of the non-caucus positions of the court-ordered
> Alternative Dispute Hearing held on August 17, 2023 before Magistrate Judge

> Marianne B. Bowler, Plaintiff requests that you correct the report of mediation you signed on September 18, 2023 (ECF No. 266) to reflect that some parties were not present . . . . Additionally, please ensure that the order of mediation attached to this email is also filed in the docket.

The report of mediation was not corrected and you directed me to file a motion to address this issue. *See* Attached Report of Mediation. To date, I have also not received a copy of the audio recording associated with my August 6, 2024 audio recording order.

Following appeal, on October 30, 2024, I emailed you stating:

> Plaintiff intends to order a transcript of the audio recording for the non-caucus portions of the court ordered Alternative Dispute Resolution Hearing ("ADR Hearing"), including any on-the-record objections . . . , held on August 17, 2023 before Magistrate Judge Marianne B. Bowler of the District of Massachusetts. On the transcript order form, I must certify that I have contacted the court reporter coordinator and made satisfactory financial arrangements for payment of the transcript. Because this matter is now on appeal, I am requesting a written transcript, not an audio recording.
>
> Please let me know the estimated pages of the requested transcript and whether advanced payment is waived or a deposit is required. Please provide this information as soon as possible so that I may file the transcript order form.

Ms. Hightower and Defendants' trial counsel also received this email. You did not respond.

On November 1, 2024, I emailed you again stating:

> I am following up regarding my prior transcript request. Please provide the requested information (*i.e.*, estimated pages and advanced payment/deposit requirements) by the close of business today (November 1, 2024) so that I may file the transcript order with the District Court. It is important to complete this initial step so that I may include the filed transcript order with the docketing statement required by the Fourth Circuit.

Ms. Hightower and Defendants' trial and appellate counsel also received this email. You again did not respond.

On November 4, 2024, Ms. Hightower emailed stating: "Since the hearing before Magistrate Judge Marianne B. Bowler of the District of Massachusetts, the request to produce the transcript will be handled by the District of Massachusetts." You received this email as did all parties' trial and appellate counsel. You have also not responded to Ms. Hightower's email.

To date, I have not received any information regarding the estimated pages of the requested transcript and whether advanced payment is waived or a deposit is required.

This is required information to complete a transcript order form.  *See* Attached Transcript Order Form.  As a result, I am resubmitting my prior audio recording order based on an assumption that the deposit for the audio recording is not required.  *See* Attached Transcript Order (ECF No. 428);  *see also* Court Fees, *available at* https://www.ncwd.uscourts.gov/court-fees ("For reproduction of an audio recording of a court proceeding: $34.00 including the cost of materials.").  I am also including Judge Bowler's scheduling order that you emailed the parties because you did not "have access" to the docket for this proceeding.  *See* Attached Scheduling Order.

Respectfully,


/s/ Cooper Strickland
Cooper Strickland

Attachment:  Report of Mediation Dated September 18, 2023 (ECF No. 266); Fourth Circuit Transcript Order Form; Audio Recording Form (AO-436) (ECF No. 428); Scheduling Order Dated August 4, 2023

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Caryn Devins Strickland
　　　　　Plaintiff(s)

V.

United States of America
　　　　　Defendant(s)

CIVIL ACTION NO. 1:20-cv-00066-WGY

## REPORT RE: REFERENCE FOR ALTERNATIVE DISPUTE RESOLUTION

TO JUDGE Young

☐ The above entitled case was reported settled after referral to the ADR Program, but prior to ADR.

☑ On 8/17/23 I held the following ADR proceeding:

☐ SCREENING CONFERENCE　　☐ EARLY NEUTRAL EVALUATION
☑ MEDIATION　　☐ SUMMARY BENCH / JURY TRIAL
☐ MINI-TRIAL　　☐ SETTLEMENT CONFERENCE

All parties were represented by counsel [except _____]

The parties were ☐ /were not ☐ present in person or by authorized corporate officer [except _____].

The case was:

☐ Settled. Your clerk should enter a _____ day order of dismissal.

☐ There was progress. A further conference has been scheduled for _____ unless the case is reported settled prior to that date.

☑ Further efforts to settle this case at this time are, in my judgment, unlikely to be productive. This case should be restored to your trial list.

☐ Suggested strategy to facilitate settlement:

9/18/23
DATE

/s/ Maria Simeone
Deputy Clerk

(ADRReportforpdf.wpd - 4/12/2000)

# FOURTH CIRCUIT TRANSCRIPT ORDER FORM

Case Style  Strickland v. Moritz et al.
Dist. Ct. No.  1:20-cv-00066-WGY          District  Western District of North Carolina
Date Notice of Appeal filed        10/15/24       Court of Appeals No. 24-2056
Name of Court Reporter/Electronic Rec. (use separate form for each reporter)  Electronic Recording (Maria Simeone)
Address of Reporter  Maria_Simeone@mad.uscourts.gov; Tammy Hightower (tammy_hightower@ncwd,uscourts.gov)

Appellant must order any necessary transcript within 14 days of noting the appeal by completing a separate transcript order form for each reporter and a single order form for all electronic recordings requested, submitting the orders to the court reporters and the district court, and attaching copies to the docketing statement filed in the court of appeals.  The transcript order form should <u>not include</u> requests for transcripts that are on file or are on order.  The completed order form must show that necessary financial arrangements have been made.  In CJA cases, counsel must certify that AUTH-24 requests have been submitted through the **district court's eVoucher system** for approval by the district judge. Once the transcript has been prepared, counsel also submits the CJA-24 voucher for payment in the district eVoucher system. For assistance, see District eVoucher Contacts for Transcript Authorization and Payment.

In sentencing appeals, a transcript of the sentencing hearing must be ordered.  In <u>Anders</u> appeals, plea (or trial) and sentencing transcript must be ordered, along with any necessary hearing transcripts (e.g., suppression hearings). In multi-defendant cases involving CJA defendants, only one original trial transcript should be purchased from the court reporter on behalf of CJA defendants, and copies should thereafter be made at commercially competitive rates not to exceed $.15 per page.  Co-defendants may obtain paper or electronic copies of prepared transcript from the court reporter, co-counsel, or the district court.

If appellee finds other parts of the proceedings necessary, appellee must designate the additional parts within 14 days after service of the transcript order.  If appellant has not ordered the additional parts within 14 days, appellee may, within the following 14 days, order the additional parts or move in the district court for an order requiring appellant to do so.

Counsel must review transcript and notify the district court of any intention to direct redaction of personal data identifiers within 7 days of filing of the transcript, and thereafter submit a statement of redactions to the court reporter within 21 days of filing of the transcript, as required by the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files.  Counsel should obtain full-size transcript from the court reporter, since condensed transcript may not be used in the appendix.  Counsel should verify that the witness name and type of examination appear in the top margin of each page of testimony, as required for inclusion in the appendix on appeal.  Local Rule 30(b).

A. This constitutes an order of the transcript of the following proceedings.  Check appropriate box(es), provide date of hearing, and indicate total number of estimated pages.  Specific CJA authorization is required for opening and closing statements, voir dire, and instructions.

| PROCEEDING | HEARING DATE(S) |
|---|---|
| ☐ Voir Dire | |
| ☐ Opening Statement (Plaintiff) | |
| ☐ Opening Statement (Defendant) | |
| ☐ Closing Argument (Plaintiff) | |
| ☐ Closing Argument (Defendant) | |
| ☐ Opinion of Court | |
| ☐ Jury Instructions | |
| ☐ Sentencing | |
| ☐ Bail Hearing | |
| ☐ Pre-Trial Proceedings (specify) | |
| ☐ Testimony (specify) | |
| ☒ Other (specify) | Audio of ADR Hearing (Remote via Zoom) August 17, 2023 |

**TOTAL ESTIMATED PAGES**   n/a

B. ☐ Expedited transcript completion requested within ☐ 14 days ☐ 7 days ☐ 3 days.

C. I certify that I have contacted the court reporter (or court reporter coordinator if electronic recording) and satisfactory financial arrangements for payment of the transcript have been made as follows:
   ☐ Private funds.  (Deposit of $_____ enclosed with court reporter's copy.  Check No. _____.)
   ☐ CJA AUTH-24 request submitted in district eVoucher system.
   ☐ Government expense (civil case--IFP).  Motion for transcript at government expense is pending with district judge.
   ☒ Advance payment waived by court reporter.  Payment in full is due upon receipt of transcript.
   ☐ Federal Public Defender - no CJA 24 authorization necessary.
   ☐ United States appeal.

D. Transcript is requested in   ☐   paper format       ☐   electronic format

Signature  /s/ Cooper Strickland               Typed Name    Cooper Strickland
Address  P.O. Box 92, Lynn, NC 28750
Email  cooper.strickland@gmail.com           Telephone No.   (828) 817-3703
Date Sent to Reporter            11/05/24

11/25/2019 CAD

# Cooper Strickland

Attorney at Law
Post Office Box 92
Lynn, North Carolina 28750

August 6, 2024

[*Via Electronic Transmission*: tammy_hightower@ncwd.uscourts.gov]

Tammy Hightower
Court Reporter Coordinator
United States District Court
Western District of North Carolina
United States Courthouse
Charles R. Jonas Federal Building
401 West Trade Street, Room 1200
Charlotte, NC  28202

      RE:  <u>Audio Recording Request for *In re Strickland*, No. 24-1353 (4th Cir.)</u>

Dear Ms. Hightower:

I am writing to request an electronic audio recording.  I am contacting you because you are listed on the docket as the court reporter coordinator for the above referenced proceeding.  The associated docket number for the district court proceeding in this case is 1:20-cv-00066-WGY (W.D.N.C.).

Plaintiff requests the recording of the non-caucus (*i.e.*, on-the-record) portions of the court-ordered Alternative Dispute Resolution Hearing ("ADR Hearing") held on August 17, 2023 before Magistrate Judge Marianne B. Bowler of the District of Massachusetts.  *See* ECF No. 266 (mediation report).  **Plaintiff does *not* request the release of any off-the-record, individual caucuses during the mediation, which are confidential, nor does she consent to the release of any such confidential individual caucuses.**  *See* https://www.mad.uscourts.gov/resources/pdf/adr.pdf (discussing "confidentiality in ADR proceedings").  Recordings of on-the-record portions of ADR Hearings are made available in mediations conducted in the District of Massachusetts, as shown in other orders from that district.  *See, e.g.*, *MacDonald v. WGBH Educ. Found.*, ECF No. 44, 1:18-cv-10773 (D. Mass.) (discussing procedure for ordering "a copy of th[e] Digital Recording" from ADR Hearing).

Respectfully,


/s/ Cooper Strickland
Cooper Strickland

Attachment:  Audio Recording Form (AO-436)

| | | |
|---|---|---|
| AO 436 (Rev. 04/13) *Read Instructions.* | **ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS** **AUDIO RECORDING ORDER** | |

| 1. NAME Cooper Strickland | 2. PHONE NUMBER (828) 817-3703 | 3. EMAIL ADDRESS cooper.strickland@gmail.com |
|---|---|---|
| 4. MAILING ADDRESS PO Box 92 | 5. CITY Lynn | 6. STATE NC / 7. ZIP CODE 28750 |
| 8. CASE NUMBER 1:20-cv-00066-WGY | 9. CASE NAME Strickland v. U.S. | DATES OF PROCEEDINGS 10. FROM 8/17/2023 / 11. TO 8/17/2023 |
| 12. PRESIDING JUDGE Hon. Marianne B. Bowler | | LOCATION OF PROCEEDINGS 13. CITY Remote / 14. STATE n/a |

**15. ORDER FOR**

- ☐ APPEAL
- ☐ NON-APPEAL
- ☐ CRIMINAL
- ☒ CIVIL
- ☐ CRIMINAL JUSTICE ACT
- ☐ IN FORMA PAUPERIS
- ☐ BANKRUPTCY
- ☐ OTHER *(Specify)*

**16. AUDIO RECORDING REQUESTED** *(Specify portion(s) and date(s) of proceeding(s) for which duplicate recordings are requested.)*

| PORTION(S) | DATE(S) | PORTION(S) | DATE(S) |
|---|---|---|---|
| ☐ VOIR DIRE | | ☐ TESTIMONY *(Specify Witness)* | |
| ☐ OPENING STATEMENT (Plaintiff) | | | |
| ☐ OPENING STATEMENT (Defendant) | | | |
| ☐ CLOSING ARGUMENT (Plaintiff) | | ☐ PRE-TRIAL PROCEEDING *(Specify)* | |
| ☐ CLOSING ARGUMENT (Defendant) | | | |
| ☐ OPINION OF COURT | | | |
| ☐ JURY INSTRUCTIONS | | ☒ OTHER *(Specify)* ADR Hearing Remote via Zoom | 8/17/2023 |
| ☐ SENTENCING | | | |
| ☐ BAIL HEARING | | | |

**17. ORDER**

| | NO. OF COPIES REQUESTED | COSTS |
|---|---|---|
| ☐ DUPLICATE TAPE(S) FOR PLAYBACK ON A STANDARD CASSETTE RECORDER | | |
| ☐ RECORDABLE COMPACT DISC - CD | | |
| ☒ ELECTRONIC FILE *(via email, digital download, or other Judicial Conference Approved Media)* | 1 | 34.00 |
| | ESTIMATE TOTAL | 34.00 |

CERTIFICATION (18. & 19.) By signing below, I certify that I will pay all charges (deposit plus additional) upon completion of the order.

| 18. SIGNATURE /s/ Cooper Strickland | 19. DATE 8/6/2024 |
|---|---|

| PROCESSED BY | PHONE NUMBER |
|---|---|

| | DATE | BY | | |
|---|---|---|---|---|
| ORDER RECEIVED | | | DEPOSIT PAID | |
| DEPOSIT PAID | | | TOTAL CHARGES | 34.00 |
| TAPE / CD DUPLICATED *(if applicable)* | | | LESS DEPOSIT | 34.00 |
| ORDERING PARTY NOTIFIED TO PICK UP TAPE/CD *(if applicable)* | | | TOTAL REFUNDED | |
| PARTY RECEIVED AUDIO RECORDING | | | TOTAL DUE | 34.00 |

DISTRIBUTION: COURT COPY ORDER RECEIPT ORDER COPY



## 10:00AM 1:20-cv-00066-WGY Strickland v. United States of America et al - Mediation

**Maria Simeone** <Maria_Simeone@mad.uscourts.gov>     Fri, Aug 4, 2023 at 2:07 PM
To: "McMahon, Madeline M (CIV)" <Madeline.M.McMahon@usdoj.gov>, "caryn.devins@hotmail.com" <caryn.devins@hotmail.com>, "Kolsky, Joshua (CIV)" <Joshua.kolsky@usdoj.gov>, "Wolfson Young, Danielle (CIV)" <Danielle.Young2@usdoj.gov>, "cooper.strickland@gmail.com" <cooper.strickland@gmail.com>

The Alternative Dispute Resolution Hearing has been set for 8/17/23 10:00 AM in Remote Proceeding : Boston before Magistrate Judge Marianne B. Bowler.

TRIAL counsel and ALL NAMED PLAINTIFFS AND DEFENDANTS are ORDERED to be present and to have full settlement authority UNLESS EXCUSED BY THE COURT.

A brief mediation memorandum addressing both the merits of the case and the filing party's settlement position should be submitted to the court via email as an attachment to maria_simeone@mad.uscourts.gov by 12:00pm on August 16, 2023. The mediation memo should be marked "Confidential - Not for Docketing" and is not to be served upon opposing parties.

Counsel shall review the Zoom process and technical procedures with their clients and conduct a successful test run prior to the date of the mediation to ensure accessibility.

It shall be understood (a) that all parties and counsel will participate in this court-sponsored mediation in good faith and with the interest of settling the matter on mutually acceptable terms, (b) that the entire mediation process, including all communications during any in-person, video or audio part thereof, is confidential, (c) that all statements made during the course of mediation are privileged settlement discussions, made without prejudice to any party's legal position, and inadmissible for any purpose in any legal proceeding, (d) that no party, participant, or representative shall seek in any proceeding to hereafter compel the mediator to testify and/or produce any document with respect to the mediation, and (e) that all parties, counsel and other participants agree that, by participating in this court-sponsored mediation, they are bound by these conditions and shall keep confidential all communications exchanged during the mediation process.

Counsel are asked to accommodate this date. In the event that you believe the case is not ripe for mediation at this time, contact the Courtroom Deputy. But, if the date poses a serious conflict, please do NOT contact the Courtroom Deputy directly regarding mediation scheduling. Counsel are to confer with opposing counsel and FILE AN ASSENTED-TO MOTION TO CONTINUE the mediation, including therein several proposed dates for which all counsel and principals are available.<P>

The link is below.

**Maria Simeone is inviting you to a scheduled ZoomGov meeting.**

**Topic: 1:20-cv-00066-WGY Strickland v. United States of America et al - Mediation**

**Time: 10:00AM**