IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| CARYN DEVINS STRICKLAND, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 1:20-cv-00066-WGY |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## MOTION TO CORRECT MEDIATOR'S REPORT (ECF No. 266)

Pursuant to Federal Rule of Appellate Procedure 10(e), Plaintiff respectfully moves to correct the Mediator's Report, filed at ECF No. 266, to fill in the portion of the form disclosing which named parties were present and which named parties were not present during the August 17, 2023 mediation. This portion of the form is currently left blank. To resolve this issue informally without the need for motions practice, Plaintiff's counsel contacted the ADR Coordinator/Courtroom Deputy Clerk for the mediation with requested corrections. She instructed counsel to "file a motion in the N. Carolina case for the corrections requested below."

In addition, the docket does not currently reflect that a mediation even occurred on August 17, 2023, except in the post-mediation "Mediator's Report" filed on September 18, 2023. ECF No. 266. The docket should be corrected to include the Court's order the parties received by email scheduling the August 17, 2023 mediation, which states, in relevant part, "ALL NAMED PLAINTIFFS AND DEFENDANTS are ORDERED to be present and to have full settlement authority UNLESS EXCUSED BY THE COURT." *See* Ex. A (Court order).

1

## LEGAL STANDARD

Federal Rule of Appellate Procedure 10(e) provides that the record may be "corrected" when "anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2).

## ARGUMENT

I. **Omissions of material information regarding the August 17, 2023 mediation should be corrected for appeal.**

"[D]istrict courts have the general inherent power to require a party to have a representative wi[th] full settlement authority present—or at least reasonably and promptly accessible—at pretrial conferences. This applies to the government as well as private litigants." *Schwartzman, Inc. v. ACF Indus.*, 167 F.R.D. 694, 698 (D.N.M. 1996) (quoting *In re Stone*, 986 F.2d 898, 903 (5th Cir. 1993)).

"[C]ourts have noted the problem of government entities gaming the system and not sending appropriate authorities to settlement conferences." *Pucci v. 19th Dist. Court*, No. 07-10631, 2009 U.S. Dist. LEXIS 20390, at *19-20 (E.D. Mich. Mar. 6, 2009). Further, courts have sanctioned the government when Department of Justice counsel participated in mediation with "pre-approved limits" equivalent to "nuisance value," conduct which makes "a mockery" of "[t]he settlement process." *Schwartzman*, 167 F.R.D. at 696–97; *see also Dietzmann v. United States*, No. 3:09-CV-0019-RJB, 2010 U.S. Dist. LEXIS 133445, at *19 (D. Alaska Dec. 3, 2010) (rejecting DOJ's request to send unqualified representative and ordering that "[t]he individuals at the settlement conference must be authorized by the parties both to explore fully settlement options and to agree AT THAT TIME to any settlement terms acceptable to the parties"); *Burns v. United States*, Civil Action No. 3:99CV-727-C, 2003 U.S. Dist. LEXIS 13269, at *11-12, 92

2

A.F.T.R.2d (RIA) 2003-5557 (W.D. Ky. July 3, 2003) (rejecting government's argument that settlement agreement was not binding because DOJ's representative at the mediation lacked authority to settle, explaining that "[t]he court's settlement conference orders clearly required the presence of a representative of the United States who had full settlement authority with no need to 'call the home office' for permission to accept settlement terms").

Here, material information was omitted from the record regarding the parties' attendance at the August 17, 2023 mediation, which prevents a third party from evaluating whether the parties complied in good faith with court orders as necessary for mediation to provide a meaningful opportunity to settle this case without the need for further litigation.

*First*, material information was omitted from the Mediator's Report, which *left blank* the portion of the report indicating who attended (or did *not* attend) the August 17, 2023 mediation:

> The parties were ☐ /were not ☐ present in person or by authorized corporate officer [except _____].

ECF No. 266. The Mediator's Report should be corrected to fill in this portion and disclose which named parties were present or *not* present. *See* No. 24-2056, Doc. 7 (granting Defendants' motion to amend caption to name the official capacity defendants in this lawsuit).

*Second*, the Court's order requiring that "ALL NAMED PLAINTIFFS AND DEFENDANTS are ORDERED to be present and to have full settlement authority UNLESS EXCUSED BY THE COURT" was not publicly docketed. Ex. A. Prior to the mediation, Defendants' counsel represented to the Court and parties that "Defendants" would attend the mediation. Ex. B. Because the Court's order requiring the parties' attendance provided formal instructions that were required to be followed under the Court's inherent authority, it is material information that must be included in the public docket.

## II. Corrections to the record are necessary to provide context for Plaintiff's forthcoming motion for mediation on appeal.

In a filing before the Fourth Circuit, Plaintiff explained the significance of the omission from the Mediator's Report of which named parties did, and did *not*, attend the mediation, in context of her efforts over the course of years to resolve this case without further litigation:

> In 2020, *four years ago*, Plaintiff's counsel attempted to initiate mediation with Defendants, as required by this district's local rules. WDNC LCvR 16.2(a) ("All parties to a civil action must attend a mediated settlement conference, unless otherwise ordered by the Court."). The parties had agreed to mediation in the Certificate of Initial Attorneys' Conference. *See* ECF No. 34, at 6 ("Pursuant to Local 16.3, the parties agree that settlement may be enhanced by use of informal settlement discussions and a mediated settlement conference."). Mediation, however, did not occur. Tellingly, Defendants' counsel responded to Plaintiff's request, in part, that "requir[ing] Chief Judge Gregory, Mr. Ishida, Ms. Walter, and the Federal Defender, in particular, to suspend their schedules for a full day—if not days—would involve them taking their time away from their official duties and would impose a burden on the judicial system not only at the local level, but at the Fourth Circuit and national levels." Case No. 21-1346, Doc. No. 90-2, at 4.
>
> In August 2022, following this Court's reversal of the district court's dismissal order, Plaintiff again proposed that "settlement may be enhanced by use of informal settlement discussions and a mediated settlement conference." ECF No. 132, at 8. Plaintiff requested mediation "no later than the close of non-expert discovery." *Id.* Defendants, however, disagreed. Defendants demanded that Plaintiff make a settlement offer that they deemed "reasonable" as a precondition to mediation, while not making any offer themselves. ECF No. 132, at 9; *but see Schwartzman, Inc. v. ACF Indus.*, 167 F.R.D. 694, 699 (D.N.M. 1996) ("Were the purpose of a settlement conference merely to exchange offer and demand, there would be no need for any mediator.").
>
> Following the parties' statements regarding mediation, the district court did not "select the ADR method and schedule the deadline for its completion" as required by the local rules—in either 2020

4

*or* 2022. LCvR 16.3(a) ("The presiding . . . judicial officer will, in the Scheduling Order or an ADR Order issued shortly thereafter, select the ADR method and schedule the deadline for its completion after considering counsel's responses in the Certificate of Initial Attorney's Conference." (emphasis added)). Accordingly, opportunities to resolve this case before protracted discovery, motions practice, and trial were missed.

The district court did not raise the possibility of mediation until July 27, 2023, during the final pretrial conference, approximately one month before the September 2023 trial date. Plaintiff's remaining counsel—her spouse—even expressed concern about "the [preliminary injunction] that has been pending so long" as well as "the resistance to mediation up until this" and the fact that "we asked for it before, it's required under the local rules here, we didn't get it." ECF No. 262, at 16.

Plaintiff's concern that belated mediation was potentially a tactic for Defendants to delay the trial was well-founded. At the time of the final pretrial conference, Defendants had a pending motion to continue the trial date. ECF No. 252. For example, Defendants' lead counsel was "out on parental leave" and was not "scheduled to return to work until September 1 or later." *Id.* at 1. Though Defendants had been aware of the trial date since July 2022, they did not disclose this conflict until their motion to continue filed on June 16, 2023. *Id.* at 1.

Unfortunately, this Court cannot assure itself that Defendants complied in good faith with the rules governing mediation. The Mediator's Report *left blank* the portion of the report indicating who attended (or did *not* attend) the mediation:

The parties were ☐ /were not ☐ present in person or by authorized corporate officer [except _____].

ECF No. 266.

Before the mediation, the presiding Magistrate Judge, who served as mediator, had issued an order by email stating that "TRIAL counsel and ALL NAMED PLAINTIFFS AND DEFENDANTS are ORDERED to be present and to have full settlement authority UNLESS EXCUSED BY THE COURT." Courts may require "the participation of fully authorized representatives in

5

> mandatory settlement proceedings." *Schwartzman*, 167 F.R.D. at 699. This requirement "applies to the government as well as private litigants." *Id.* (citation omitted).

Case No. 24-1353, Doc. 17, at 8–11.

On appeal, Plaintiff intends to request an order for mediation under Federal Rule of Appellate Procedure 33 and Fourth Circuit Local Rule 33. *See* Fed. R. App. P. 33 ("The court may direct the attorneys — and, when appropriate, the parties — to participate in one or more conferences to address any matter that may aid in disposing of the proceedings, including simplifying the issues and discussing settlement."); Fourth Cir. Loc. R. 33 ("Counsel for a party may . . . request a conference if counsel believes it will be of assistance to the Court or the parties."). As justification for requesting mediation on appeal, it is necessary for the record to reflect the important context about whether Defendants complied with the Court's order that "ALL NAMED PLAINTIFFS AND DEFENDANTS are ORDERED to be present and to have full settlement authority UNLESS EXCUSED BY THE COURT." Case No. 24-1353, Doc. 17, at 8–11. This information is "material" and must be "corrected" under Fed. R. App. P. 10(e).

Defendants stated as follows: "Defendants oppose this motion because there is no legal basis to order the mediator to revise the mediator's report, but note that they do not intend to file a brief in opposition to this motion because their position is set forth herein."

This the 6th day of January, 2025.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750

Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2025, I will email the foregoing to the following:

Joshua M. Kolsky at Joshua.Kolsky@usdoj.gov

Madeline M. McMahon at madeline.m.mcmahon@usdoj.gov

Dorothy Canevari at Dorothy.m.canevari@usdoj.gov

*/s/ Cooper Strickland*
Cooper Strickland
N.C. Bar No. 43242
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

# EXHIBIT A



## 10:00AM 1:20-cv-00066-WGY Strickland v. United States of America et al - Mediation

| | |
|---|---|
| **Organizer** | Maria Simeone <Maria_Simeone@mad.uscourts.gov> |
| **Meeting time** | This event occurred 1 year ago (Thu 8/17/2023 10:00 AM - 3:00 PM) |
| **Location** | Remote Proceeding |
| **My response** | Not yet responded |
| **Required attendees** | Maria Simeone, McMahon, Madeline M (CIV), caryn.devins@hotmail.com, Kolsky, Joshua (CIV), Wolfson Young, Danielle (CIV), cooper.strickland@gmail.com |
| **Message sent** | Fri 8/4/2023 2:07 PM |

The Alternative Dispute Resolution Hearing has been set for 8/17/23 10:00 AM in Remote Proceeding : Boston before Magistrate Judge Marianne B. Bowler.

TRIAL counsel and ALL NAMED PLAINTIFFS AND DEFENDANTS are ORDERED to be present and to have full settlement authority UNLESS EXCUSED BY THE COURT.

A brief mediation memorandum addressing both the merits of the case and the filing party's settlement position should be submitted to the court via email as an attachment to maria_simeone@mad.uscourts.gov by 12:00pm on August 16, 2023. The mediation memo should be marked "Confidential - Not for Docketing" and is not to be served upon opposing parties.

Counsel shall review the Zoom process and technical procedures with their clients and conduct a successful test run prior to the date of the mediation to ensure accessibility.

It shall be understood (a) that all parties and counsel will participate in this court-sponsored mediation in good faith and with the interest of settling the matter on mutually acceptable terms, (b) that the entire mediation process, including all communications during any in-person, video or audio part thereof, is confidential, (c) that all statements made during the course of mediation are privileged settlement discussions, made without prejudice to any party's legal position, and inadmissible for any purpose in any legal proceeding, (d) that no party, participant, or representative shall seek in any proceeding to hereafter compel the mediator to testify and/or produce any document with respect to the mediation, and (e) that all parties, counsel and other participants agree that, by participating in this court-sponsored mediation, they are bound by these conditions and shall keep confidential all communications exchanged during the mediation process.

Counsel are asked to accommodate this date. In the event that you believe the case is not ripe for mediation at this time, contact the Courtroom Deputy. But, if the date poses a serious conflict, please do NOT contact the Courtroom Deputy directly regarding mediation scheduling. Counsel are to confer with opposing counsel and FILE AN ASSENTED-TO MOTION TO CONTINUE the mediation, including therein several proposed dates for which all counsel and principals are available.<P>

The link is below.

**Maria Simeone is inviting you to a scheduled ZoomGov meeting.**

**Topic: 1:20-cv-00066-WGY Strickland v. United States of America et al - Mediation**

**Time: 10:00AM**

**Join ZoomGov Meeting**

https://mad-uscourts.zoomgov.com/j/1611026278?pwd=alo3OGRUd1FEWnFjeE5Kd3Niazg3UT09

# EXHIBIT B



## RE: [EXTERNAL] Re: 20-00066-WGY Strickland v. United States of America et al

**From** Wolfson Young, Danielle (CIV) <Danielle.Young2@usdoj.gov>
**Date** Fri 8/4/2023 1:31 PM
**To** Cooper Strickland <cooper.strickland@gmail.com>; Maria Simeone <Maria_Simeone@mad.uscourts.gov>
**Cc** McMahon, Madeline M (CIV) <Madeline.M.McMahon@usdoj.gov>; caryn.devins@hotmail.com <caryn.devins@hotmail.com>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>

Good afternoon, Ms. Simeone,

Thank you for the quick reply. Due to vacation schedules, Defendants could attend on 8/17, but we would not be able to submit our mediation statement until 8/16. We apologize for the inconvenience.

Thanks,
Danielle

**Danielle Young**
Trial Attorney | U.S. Department of Justice
Civil Division | Federal Programs Branch
Direct Dial: (202) 616-2035
Danielle.Young2@usdoj.gov

---

**From:** Cooper Strickland <cooper.strickland@gmail.com>
**Sent:** Friday, August 04, 2023 12:52 PM
**To:** Maria Simeone <Maria_Simeone@mad.uscourts.gov>
**Cc:** McMahon, Madeline M (CIV) <Madeline.M.McMahon@usdoj.gov>; caryn.devins@hotmail.com; Wolfson Young, Danielle (CIV) <Danielle.Young2@usdoj.gov>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>
**Subject:** [EXTERNAL] Re: 20-00066-WGY Strickland v. United States of America et al

Dear Ms. Simeone,

Plaintiff is available on August 17th.

Thank You,

Cooper

On Fri, Aug 4, 2023 at 12:16 PM Maria Simeone <Maria_Simeone@mad.uscourts.gov> wrote:

> Thank you. Would you happen to be available on 8/17/23? She just had an opening. She's not available on the 9/6 or 9/7, I will have to check on the 13th.
>
> **From:** McMahon, Madeline M (CIV) <Madeline.M.McMahon@usdoj.gov>
> **Sent:** Friday, August 4, 2023 11:09 AM
> **To:** Maria Simeone <Maria_Simeone@mad.uscourts.gov>; caryn.devins@hotmail.com;

cooper.strickland@gmail.com; Wolfson Young, Danielle (CIV) <Danielle.Young2@usdoj.gov>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>
**Subject:** RE: 20-00066-WGY Strickland v. United States of America et al

**CAUTION - EXTERNAL:**

Ms. Simeone,

The parties have conferred and propose the following dates:

- September 6
- September 7
- September 13

Please let us know if any of those work.

Thank you very much,

Maddie McMahon
(202) 451-7722

**From:** Maria Simeone <Maria_Simeone@mad.uscourts.gov>
**Sent:** Thursday, August 3, 2023 11:10 AM
**To:** caryn.devins@hotmail.com; cooper.strickland@gmail.com; Wolfson Young, Danielle (CIV) <Danielle.Young2@usdoj.gov>; Kolsky, Joshua (CIV) <Joshua.kolsky@usdoj.gov>; McMahon, Madeline M (CIV) <Madeline.M.McMahon@usdoj.gov>; Westmoreland, Rachael (CIV) <Rachael.Westmoreland@usdoj.gov>
**Subject:** 20-00066-WGY Strickland v. United States of America et al

Hi, good morning, counsel.

I hope you all are well. I am reaching out to you from Magistrate Judge Bowlers session to arrange a mediation date. If you could confer amongst yourselves and come up with 3 dates convenient to all parties, and email them back to me, I can see if one works for the Judge.

Thank you.

*Maria Simeone*
ADR Coordinator
Courtroom Deputy Clerk
The Honorable Marianne B. Bowler
The Honorable Robert B. Collings

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.