IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NUMBER 1:20CV66

CARYN DEVINS STRICKLAND, )
)
    Plaintiff, )
)
v. )
)
UNITED STATES OF AMERICA, et al., )
)
    Defendants. )

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO UNSEAL PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Throughout this litigation, Plaintiff has unsuccessfully attempted to rely upon confidential, unproven allegations from four other employees' Employment Dispute Resolution ("EDR") filings. At trial, the Court excluded this evidence, which was contained in Exhibit BB, holding that the complaints were not relevant and amounted to inadmissible hearsay. ECF No. 429 at 222 n.117.

On April 25, 2024, after trial concluded but before the Court issued its Findings of Fact and Conclusions of Law, Plaintiff challenged Defendants' confidentiality designation of Exhibit BB. *See* ECF No. 412. The Court denied her request, holding that the motion was "woefully late" and taking into consideration the "[t]he privacy interests of all parties and non-parties[.]" ECF No. 414. The Court also instructed Plaintiff to file her Proposed Findings of Fact—which contains large excerpts from Exhibit BB—under seal. *See id.*

Now, Plaintiff seeks to relitigate the Court's prior ruling. She asks the Court to order the unsealing of her Proposed Findings of Fact and Conclusions of Law or redact only identifying information. Her motion should thus be construed as a motion for reconsideration. And because Plaintiff fails to identify any error justifying reversal of the Court's decision—and instead merely rehashes issues already decided—she has not met the "high bar" necessary for reconsideration. *See Bezek v. First Nat'l Bank of Pa.*, No. SAG-17-2902, 2023 WL 2571508, at *2 (D. Md. Mar. 20, 2023). Plaintiff's motion should also be denied for the additional reason that the privacy interest in

1

confidential complaints, settlement agreements, and other third-party personnel-related information outweighs the common law and First Amendment right of access to judicial documents.

## BACKGROUND

On March 30, 2023, in response to Plaintiff's third set of interrogatories, Defendants provided Plaintiff with the names of four employees who used the Fourth Circuit's EDR process for claims of retaliation, harassment, or discrimination while Defendant Anthony Martinez served as the Federal Defender for the Western District of North Carolina. ECF No. 248-16 at 3-4. Because the information involved sensitive personnel issues, among other things, Defendants marked this information as confidential. Plaintiff did not list these individuals as witnesses that she may call at trial, ECF No. 259 at 106, but listed documents relating to their EDR processes in her exhibit list, ECF No. 259 at 106, Ex. 52. Plaintiff later re-labeled this exhibit as Exhibit BB. *See, e.g.*, ECF No. 376-1 at 6.

On November 9, 2023, Defendants moved *in limine* to exclude this evidence. *See* ECF No. 330. Defendants filed a redacted brief in support of their motion, and moved to file an unredacted version under seal. *See* ECF Nos. 330, 331. Without ruling on the motions to seal, at its November 16, 2023 Further Final Pretrial Conference, the Court held that it was "not going to exclude that evidence pretrial," *id.*, and allowed Plaintiff to call the underlying complainants at trial. ECF No. 405 at 7:15 ("But it does seem to me that if there is appropriate "Me-too" evidence . . . such witnesses may be called, and I will see if they are similarly situated . . . . So that's open to the plaintiff, . . . if those witnesses are actually going to be produced."). Thereafter, Plaintiff filed a redacted opposition to Defendants' previously denied motion *in limine*, ECF No. 344, and moved to file under seal an unredacted copy of her opposition, ECF No. 345.

At trial, Plaintiff did not call the underlying complainants to testify. Instead, she sought to question Defendants' witnesses about these complaints. *See, e.g.*, ECF No. 402 at 27:8-9. After Defendants objected to such testimony, *see, e.g.*, ECF No. 401 at 124:25-125:4, Plaintiff made an offer

2

of proof regarding this evidence. ECF No. 401 at 156:13-157:11. During her proffer, Defendants objected to Plaintiff's public display of confidential excerpts from this exhibit, and the clerk instructed Plaintiff to take down her display. ECF No. 157:25-158 ("We are not in court right now, there's no need to display any evidence, we are simply making an offer of proof, as requested, with the Court Reporter.").

Plaintiff then offered Exhibit BB as rebuttal evidence. ECF No. 403 at 66:4-8. She acknowledged that such evidence should be filed under seal, and requested permission from the Court to file her findings of fact under seal. *Id.* at 66:25-67:2. Defendants responded by objecting to the admission of Exhibit BB on grounds of relevance and hearsay, but agreeing any reference to the exhibit should be filed under seal. *Id.* at 68:12-20. The Court excluded Exhibit BB from evidence. *Id.* at 68:21-22.

After trial, Plaintiff challenged Defendants' confidentiality designation related to Exhibit BB. ECF No. 412. She argued that prior partial disclosures of the exhibit justified striking its confidentiality designation. *Id.* at 2-7. She also filed a motion for clarification as to whether her references to Exhibit BB should be filed publicly or under seal. ECF No. 410 at 1. The Court denied her confidentiality challenge, concluding that the challenge was untimely, Plaintiff's offer of proof did not waive the designation, and that "[t]he privacy interests of all parties and non-parties remain the same." ECF No. 414. It then instructed Plaintiff to file her Proposed Findings of Fact under seal. *Id.*

Plaintiff now seeks for the Court to reconsider its decision. *See* Pl.'s Mot. For the reasons set forth below, the Court should deny her request.

**LEGAL STANDARD**

**1. Reconsideration Standard.** "The Federal Rules of Civil Procedure do not specifically contain a motion for reconsideration." *Wiseman v. First Citizens Bank & Tr. Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003) (internal quotation marks and citation omitted). Nevertheless, under Federal Rule

3

of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). But such motions are typically granted only in "limited circumstances" where:

> "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]."

*Wiseman*, 215 F.R.D. at 509 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)); *see also Galeas v. FNU Walrath*, No. 3:11-cv-163, 2012 WL 664927, at *1 (W.D.N.C. Feb. 29, 2012) ("Though motions for reconsideration of interlocutory orders are subject to a lower standard, they are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice.") (collecting cases)). Under this framework, "[i]t is improper to file a motion for reconsideration simply to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Wiseman*, 215 F.R.D. at 509 (quoting *Above the Belt, Inc.,* 99 F.R.D. at 101). Ultimately, the decision to reconsider an order is left to the "broad discretion" of the court, *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003), but the types of errors justifying a motion for reconsideration "rarely arise," *Wiseman*, 215 F.R.D. at 509 (quoting *Above the Belt, Inc.,* 99 F.R.D. at 101).

**2. Sealing Standard.** To seal information, the Fourth Circuit requires the Court to (1) determine the source of the public right of access to the documents to be sealed; (2) give the public notice of a request to seal and a reasonable opportunity to challenge it and consider less drastic alternatives to sealing; and (3) provide specific reasons and factual findings supporting its decision to seal the documents. *See, e.g., Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 179-80 (4th Cir. 1988).

4

In order to seal a document in this District, Local Rule 6.1(c) provides that a motion to seal must set forth:

> (1) A non-confidential description of the material sought to be sealed;
>
> (2) A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>
> (3) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material under seal and how the matter is to be handled upon unsealing; and
>
> (4) Supporting statutes, case law, or other authority.

W.D.N.C. LCvR 6.1(c).

## ARGUMENT

### I. Plaintiff's Motion Does Not Meet the High Bar Necessary for Reconsideration.

Plaintiff makes three arguments in support of her motion: (1) there is a right of public access to this evidence, (2) her prior partial disclosures weighs in favor of unsealing, and (3) transparency is crucial in a case challenging judicial misconduct. But in her past motion challenging the confidentiality designation of this material, Plaintiff made similar arguments. Pls.' Mot. at 3-7 (arguing that prior partial disclosure of the EDR complaints weighs in favor of striking their confidentiality designation); at 9-10 (asserting that the Court's approach to this exhibit suggests that the evidence be made a part of the public record). The Court previously rejected these arguments, holding that there were "no changed circumstances" justifying the public disclosure of such confidential, claims of non-parties that were filed under the Fourth Circuit's EDR plan. *See* ECF No. 414 at 1.

The Court should once again reject these same arguments, as now, too, there are no changed circumstances. Plaintiff does not point to any new evidence, intervening change in the law, or need to correct a manifest injustice. *Galeas*, 2012 WL 664927, at *1 (describing the "narrow circumstances" for which a motion for reconsideration may be granted). Instead, Plaintiff impermissibly attempts "to

put a finer point on [her] old arguments and dicker about matters decided adversely to [her]." *Evans v. Trinity Indus., Inc.*, 148 F. Supp. 3d 542, 546 (E.D. Va. 2015) (internal quotation marks and citation omitted). This is not proper for a motion for reconsideration. *Raycap Asset Holdings Ltd. v. Gora LLC*, No. 3:20-cv-00363, 2023 WL 2089415, at *1 (W.D.N.C. Feb. 17, 2023) (asserting that motions for reconsideration do not "provide a party the chance to craft new or improved legal positions" or "highlight previously-available facts" (internal quotation marks and citation omitted)).

Because Plaintiff merely asks the Court "to rethink what the Court had already thought through," her motion should be construed as a motion for reconsideration. Plaintiff's motion does not come close to meeting the high bar for reconsideration, and should be denied. *Wiseman*, 215 F.R.D. at 509.

## II. Plaintiff's Motion Is Untimely.

Plaintiff's motion should also be denied because it is untimely. Motions for reconsideration of interlocutory orders derive from Federal Rule of Civil Procedure 54(b), which "expressly provides a district court with discretion to revise interlocutory orders . . . *prior to final judgment*." *In Re Vulcan Construction Materials, LLC*, 433 F. Supp. 3d 816, 820 (E.D.V.A. 2019) (emphasis added) (quotation marks omitted); *see also* Fed. R. Civ. Pro. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time *before the entry of a judgment* . . . .") (emphasis added). Here, where final judgment has been entered, ECF No. 432, Plaintiffs' motion comes, again, "woefully late," *see* ECF No. 414.

## III. Alternatively, Sealing is Necessary to Protect Against the Disclosure of Non-Parties' Confidential EDR Claims.

Moreover, the Court should reject Plaintiff's request because each of Local Civil Rule 6.1(c)'s four requirements support sealing the information contained in Exhibit BB. The Court should

6

therefore continue to abide by its previous order requiring the Plaintiff to maintain this information under seal.

**(1) Non-Confidential Description of the Material Sought to be Sealed**

The sealed material at issue consists of certain references and quotes from Exhibit BB, which includes the claims of non-parties that were filed under the Fourth Circuit's EDR plan. This exhibit contains confidential complaints, settlement agreements, and other personnel-related information, the privacy of which is ordinarily found to outweigh the common law and First Amendment right of access to judicial documents. *See Robinson v. Bowser*, No. 12-CV-301, 2013 WL 3791770, at *4 (M.D.N.C. July 19, 2013) (concluding that the "sensitive personal material" of "innocent" third-parties "outweighs the First Amendment right of access"); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) ("Th[e common-law] presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access."); *Johnson v. Baltimore City Police Dep't*, No. ELH-12-2519, 2013 WL 497868, at *3 (D. Md. Feb. 7, 2017) (redacting non-party comparators' personnel records).

**(2) Why Sealing is Necessary**

Sealing is necessary to protect against the disclosure of information of non-parties that is designated as confidential under the EDR plan. *See* Fourth Circuit EDR Plan § V(B)(1) (2020) ("All individuals involved in the processes under this Plan must protect the confidentiality of the allegations of wrongful conduct."). While there is no sufficient alternative to filing the quotes and references to this confidential exhibit under seal, it is notable that the majority of Plaintiff's Proposed Findings of Fact and Conclusions of Law itself will remain accessible to the public. This approach appropriately

7

balances the need for public access to information about this case without compromising the confidentiality of the EDR process or disclosing other private personnel information.

**(3) Permanent Sealing is Requested**

The information contained in Exhibit BB must be sealed permanently because the EDR Plan's confidentiality provision does not contain a time limitation.

**(4) Supporting Statutes, Case Law, or Other Authority**

This Motion to Seal is based on the Fourth Circuit EDR Plan, which states in part:

> Confidentiality. All individuals involved in the processes under this Plan must protect the confidentiality of the allegations of wrongful conduct. Information will be shared only to the extent necessary and only with those whose involvement is necessary to address the situation in accord with this Plan. An assurance of confidentiality must yield when there is reliable information of wrongful conduct that threatens the safety or security of any person or that is serious or egregious such that it threatens the integrity of the Judiciary; however such shall be only in accord with the provisions of this Plan or with the express authorization of the Chief Judge. The Office of the Circuit Mediator and the Office of the Circuit Director of Workplace Relations may share information on EDR matters with each other and with the Chief Judge.
>
> Confidentiality obligations of this Plan and in the Code of Conduct for Judicial Employees concerning use or disclosure of confidential information received in the course of official duties do not prevent nor should they discourage Employees from reporting or disclosing wrongful conduct, including sexual, racial, or other forms of discriminatory harassment by a Judge, supervisor, or other person in accord with this Plan.
>
> Supervisors, Unit Executives, and Judges must take appropriate action when they learn of reliable information of wrongful conduct, such as sexual, racial, or other discriminatory harassment, which may include informing the Chief Judge. In addition, if an investigation, hearing, or other process under this Plan involves confidential client information or information that is otherwise protected from disclosure by attorney-client, work-product, or other privilege, individuals involved in the processes under this Plan must take appropriate action to protect and maintain the privilege and confidentiality afforded to that information.

Fourth Circuit EDR Plan § V(B)(1) (2020); *see also Robinson*, 2013 WL 3791770, at *4; *Johnson*, 2013 WL 497868, at *3.

8

Case 1:20-cv-00066-WGY    Document 450    Filed 01/21/25    Page 8 of 9

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion to Unseal.

Dated: January 21, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

EMILY NESTLER
Assistant Branch Director

*/s/ Dorothy Canevari*
DOROTHY CANEVARI
(NY Bar No. 5989694)
MADELINE MCMAHON
Trial Attorneys, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20001
Tel.: (202) 616-8040
Email: dorothy.m.canevari@usdoj.gov

*Counsel for Defendants*