FILED: December 18, 2025

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-2056
(1:20-cv-00066-WGY)
_____

CARYN DEVINS STRICKLAND

      Plaintiff - Appellant

v.

NANCY L. MORITZ, The Hon., in her official capacity as Chair of the Judicial Conference Committee on Judicial Resources; ROBERT J. CONRAD, JR., in his official capacity as Director of the Administrative Office of the United States Courts; ALBERT DIAZ, The Hon., in his official capacity as Chief Judge of the Fourth Circuit and as Chair of the Judicial Council of the Fourth Circuit; JAMES N. ISHIDA, in his official capacity as Circuit Executive of the Fourth Circuit and as Secretary of the Judicial Council of the Fourth Circuit; JOHN G. BAKER, in his official capacity as Federal Public Defender of the Federal Public Defender for the Western District of North Carolina

      Defendants - Appellees

_____

O R D E R
_____

The judges of the Fourth Circuit having recused themselves in this case, Chief Justice Roberts designated and assigned Eighth Circuit Judge Duane Benton, Sixth Circuit Senior Judge Ronald Lee Gilman, and Ninth Circuit Senior Judge Susan Graber to perform judicial duties in this case.

The designated panel issued a published opinion on August 15, 2025. Petitioner filed a timely petition for rehearing and rehearing en banc. Judge Benton, Senior Judge Gilman, and Senior Judge Graber have denied petitioner's petition for panel rehearing.

The court declines to take the unprecedented step of using 28 U.S.C. § 291 or 292 to seek a substitute en banc court for the purpose of considering appellant's petition for rehearing en banc. "[U]nder the wording of 28 U.S.C. § 46(c) and the Supreme Court's holding in *Moody v. Albemarle Paper Co.*, 417 U.S. 622, 94 S.Ct. 2513, 41 L.Ed.2d 358 (1974), only judges of the Circuit who are in regular active service may make the determination to rehear a case en banc." *United States v. Nixon*, 827 F.2d 1019, 1021 (5th Cir. 1987). Designation of a visiting judge for this purpose is "an inappropriate procedure, unrelated to providing a quorum for the en banc court of a circuit." *Comer v. Murphy Oil USA*, 607 F.3d 1049, 1054 (5th Cir. 2010).

Accordingly, the petition for en banc rehearing is denied due to the lack of a quorum for en banc review.

Entered at the direction of Judge Wilkinson.

For the Court

/s/ Nwamaka Anowi, Clerk
